DAVID B. GOLUBCHIK (SBN 185520)
JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244
Email:  DBG@LNBYB.COM; JYO@LNBYB.COM

Proposed Attorneys for Chapter 11 Debtor and
Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No.: 1:20-bk-11006-VK |
| LEV INVESTMENTS, LLC, | Chapter 11 |
| Debtor. | |
| _____ | Adv. No.: |
| FR LLC, | |
| Plaintiff, | **NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION PURSUANT TO RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** |
| v. | |
| LEV INVESTMENTS, LLC; DMITRI LUDKOVSKI; RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC., and DOES 1 through 100, inclusive, | [No Hearing Required] |
| Defendants. | |

1

**PLEASE TAKE NOTICE** that, pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and 28 U.S.C. § § 157(a), 157(b)(1) and (2), 1334 and 1452, Lev Investments, LLC, the Defendant in the state court action styled FR LLC v. Lev Investments, LLC, et al. filed in the Superior Court of the State of California for the County of Los Angeles, bearing Case No. 19STCV45132 (the "State Court Action") and the debtor and debtor-in-possession in the above-captioned Chapter 11 bankruptcy case ("Defendant"), hereby removes the State Court Action on the following grounds:

1.    On or about December 13, 2019, FR LLC ("Plaintiff") filed the State Court Action.  The State Court Action is based upon, among other alleged causes of action, conversion, unjust enrichment and quite title.

2.    On or about June 1, 2020, Defendant filed for voluntary bankruptcy protection under chapter 11 of title 11 of the United States Code, thereby commencing the above-captioned Chapter 11 bankruptcy case.

3.    The State Court Action is a civil action and is not a proceeding before the United States Tax Code or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power.

4.    The State Court Action is a "core proceeding" under 28 U.S.C. §§ 157(b)(2), including under subsection (A), (C) and (O).

5.    This Court has jurisdiction pursuant to 28 U.S.C. § 1334(b).

6.    Removal of the State Court Action is timely pursuant to Bankruptcy Rule 9027(a)(2).

7.    Attached as **Exhibit "1"** hereto are copies of the Complaint filed by Plaintiff to commence the State Court Action, the Notice of Pendency of Action (Lis Pendens) filed by Plaintiff in the State Court Action, and other pleadings filed in connection with the State Court Action..

**PLEASE TAKE FURTHER NOTICE** that removal of the State Court Action and all claims and causes of action therein was effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to Bankruptcy Rule 9027(c).  The State

1   Court Action is hereby removed to the United States Bankruptcy Court for the Central District

2   of California, San Fernando Valley Division (the "Bankruptcy Court"), and the parties to the

3   State Court Action shall proceed no further in State Court unless otherwise ordered.

4         **PLEASE TAKE FURTHER NOTICE** that, upon removal of the State Court Action,

5   Defendant consents to the entry of final orders or judgment by the Bankruptcy Court.

6   Dated: June 5, 2020              LEV INVESTMENTS, LLC

7

8

9                         By:_____

10                              DAVID B. GOLUBCHIK
                                 JULIET Y. OH

11                              LEVENE, NEALE, BENDER, YOO
                                  & BRILL L.L.P.

12                              Attorneys for Chapter 11 Debtor and
                                Debtor-in-Possession

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "1"

[State Court Action Pleadings]

Electronically FILED by Superior Court of California, County of Los Angeles on 12/16/2019 ... R. Carter, Executive Officer/Clerk of Court, by ... Alvarez, Deputy Clerk
19STCV45132

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Elizabeth Allen White

1  | Michael Shemtoub, Esq.     SBN: 253948
2  | LAW OFFICES OF MICHAEL SHEMTOUB
   | 4929 Wilshire Blvd., Suite 702
3  | Los Angeles, CA 90010
   | T: (310) 552-6959
4  | F: (323) 421-9397
5
   | Attorney for FR LLC
6
7
8                    SUPERIOR COURT FOR THE STATE OF CALIFORNIA
9
                          FOR THE COUNTY OF LOS ANGELES
10
11                            CENTRAL JUDICIAL DISTRICT

12 | FR LLC,                              )   Case No.:  19STCV45132
                                          )
13 |            Plaintiff,                )   COMPLAINT FOR:
                                          )
14 |     vs.                              )
                                          )   1.  CONVERSION
15 |                                      )   2.  NEGLIGENT BAILMENT
   | LEV INVESTMENTS, LLC; DMITRI         )   3.  UNJUST ENRICHMENT
16 | LUDKOVSKI; RUVIN FEYGENBERG;         )   4.  QUIET TITLE
   | MICHAEL LEIZEROVITZ; SENSIBLE        )
17 | CONSULTING AND MANAGEMENT, INC.      )   DEMAND IN EXCESS OF $25,000.00
18 | and DOES 1 through 100, inclusive,   )
                                          )   REQUEST FOR JURY TRIAL
19 |            Defendants.               )
                                          )
20

21        Plaintiff, FR LLC, hereinafter Plaintiff, files its Complaint herein against Defendants,

22 | Lev Investments, LLC; Dmitri Ludkovski; Ruvin Feygenberg; Michael Leizerovitz; Sensible

23 | Consulting and Management, Inc. and DOES 1 through 100, inclusive, hereinafter collectively

24 | Defendants, as follows:

25                                    **PARTIES**

26        1.    Plaintiff is a California limited liability company, and at all relevant times herein,

27 | doing business in the county of Los Angeles, state of California.

28

                                          1
                                      COMPLAINT

2.      Upon information and belief, Defendant, Lev Investments, LLC, hereinafter Lev, is a California limited liability company, and at all relevant times herein, doing business in the county of Los Angeles, state of California.

3.      Upon information and belief, Defendant, Dmitri Ludkovski, hereinafter Ludkovski, is an individual, and at all relevant times herein, the Manager and principal of Lev, doing business in the county of Los Angeles, state of California.

4.      Upon information and belief, Defendant, Ruvin Feygenberg, hereinafter Feygenberg, is an individual, and at all relevant times herein, residing and doing business in the county of Los Angeles, state of California.

5.      Upon information and belief, Defendant, Michael Leizerovitz, hereinafter Leizerovitz, is an individual, and at all relevant times herein, doing business in the county of Los Angeles, state of California.

6.      Upon information and belief, Defendant Sensible Consulting and Management, Inc., hereinafter Sensible Consulting, at all times relevant herein, a California corporation that is actively doing business in the county of Los Angeles, state of California.

7.      The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of the defendants named herein as DOE 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names, and Plaintiff will amend this Complaint to set forth their true names and capacities when the same are ascertained.

8.      Plaintiff is informed and believes and thereon alleges that Defendants DOE 1 through 100, inclusive, and each of them, claim some right, title, estate, lien or interest in the Property adverse to Plaintiff's ownership and that such claims constitute clouds on Plaintiff's title thereto.

9.      Plaintiff is informed and believes and thereon alleges that each fictitiously named Defendant is legally responsible in some manner for the events referred to and legally caused the damages to Plaintiff as alleged herein.

10.      Plaintiff is informed and believes and thereon alleges that each DOE Defendant claims some interest in the Property and is responsible in some manner for the occurrences herein alleged, and that Plaintiff hereby names each DOE Defendant as such that its interest, if any, shall be subject to the judgment rendered herein.

11.      Each reference in this Complaint to any defendant refers to all defendants sued under fictitious names.

12.      Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each of the defendants sued under fictitious names, was the agent or employee of each of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of this agency or employment.

## GENERAL ALLEGATIONS

### (Facts Common to All Causes of Action)

13.      Plaintiff incorporates by reference the allegations of paragraphs 1-12, *supra*, as though fully set forth herein.

14.      This lawsuit concerns the real property commonly known as 13854 Albers Street, Sherman Oaks, California 91401, hereinafter the Property, and legally known as:

> ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:
>
> THE NORTH 190 FEET OF THE EAST 99 FEET OF THE WEST 110 FEET OF LOT 103 TRACT NO. 1000, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 19 PAGES 1 TO 34, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Assessor's Parcel Number: 2247-013-001

15.      Plaintiff alleges that in late December 2018, Defendants, and each of them, approached Plaintiff's assignor for a loan of $119,000 to be secured with the Property. The loan was to be evidenced by a written Note and a Deed of Trust.

16.      Defendants, and each of them, promised that the terms of the loan were for half a year with interest of 10% per annum, interest in the amount of $992 due on the first of every

month beginning on February 1, 2019 and continuing to July 1, 2019, upon which time the principal and interest would be due in total to repay the loan in full.

17.    Defendants, and each of them, further promised that upon the sale of the Property to be no later than half a year from the date of the loan, Plaintiff would receive a proportional share of the profits from the Property minus the interest already paid.

18.    Based on these promises and representations, on or about December 28, 2018, Plaintiff's assignor wired $119,000 to escrow/title for the benefit of Defendants, and each of them.

19.    As of the time of this Complaint, Plaintiff's assignor still has not been provided, though he has requested, the Note and the first priority Deed of Trust evidencing the Loan and to date did not receive any interest payments or profits from the Property.

## FIRST CAUSE OF ACTION FOR CONVERSION

### (Against All Defendants)

20.    Plaintiff incorporates by reference the allegations of paragraphs 1-19, *supra*, as though fully set forth herein.

21.    At all times herein mentioned, and in particular on or about December 28, 2018, Plaintiff's assignor was, and still is, the owner and was, and still is, entitled to the possession of $119,000.

22.    On or about December 28, 2018, Defendants, and each of them, converted the same to their own use.

23.    Plaintiff demanded the immediate return of the above-mentioned property but Defendants, and each of them, failed and refused, and continue to fail and refuse, to return the property to Plaintiff.

24.    Between the time of conversion by the Defendants, and each of them, of the money and the Property mentioned above for their own exclusive use and the filing of this Action, Plaintiff expended time and expenses in pursuit of the converted money and the Property resulting in further damages to Plaintiff in a sum to be proven at trial.

25.     The acts of Defendants, and each of them, alleged above have been willful, malicious, and oppressive, and have been undertaken with the intent to defraud justifying, an award of exemplary and punitive damages.

26.     Wherefore, Plaintiff prays for judgment as said hereunder.

## SECOND CAUSE OF ACTION FOR NEGLIGENT BAILMENT

### (Against All Defendants)

27.     Plaintiff incorporates by reference the allegations of paragraphs 1-26, *supra*, as though fully set forth herein.

28.     Plaintiff's assignor is, and at all times herein mentioned was, the owner and entitled to the immediate and exclusive possession of the $119,000.

29.     On or about December 28, 2018, Plaintiff's assignor deposited with Defendants, and each of them, the aforementioned personal property by loaning it for a period of six months. At the end of that period, Defendants and each of them, failed to return the property to Plaintiff's assignor. Plaintiff's assignor then demanded that Defendants, and each of them, return the property to Plaintiff's assignor, but that demand was refused by Defendants, and each of them, and Defendants, and each of them, continue to withhold possession of the property.

30.     Wherefore, Plaintiff requests for judgment prayed for hereunder.

## THIRD CAUSE OF ACTION FOR UNJUST ENRICHMENT

### (Against All Defendants)

31.     Plaintiff incorporates by reference the allegations of paragraphs 1-30, *supra*, as though fully set forth herein.

32.     Defendants, and each of them, have at least $119,000 of Plaintiff assignor's money that they are otherwise not entitled to.

33.     Defendants, and each of them, are retaining the benefits of $119,000 unjustly and to Plaintiff's detriment.

34.     Defendants, and each of them, are unjustly retaining the benefit to Plaintiff's loss, by retaining Plaintiff assignor's money against fundamental principles of justice or equity and good conscience.

35.    Wherefore, Plaintiff prays for judgment against Defendants, and each of them, as more fully set forth below.

## FOURTH CAUSE OF ACTION FOR QUIET TITLE

(Against All Defendants)

36.    Plaintiff incorporates by reference the allegations of paragraphs 1-35, *supra*, as though fully set forth herein.

37.    The basis of Plaintiff's title to or interest in the Property is the conversion of Plaintiff's money for the purchase of the Property and its right to have been declared as the title holder of the Property.

38.    Plaintiff is informed and believes that Defendants, and each of them, claim an interest in the Property adverse to Plaintiff.

39.    Plaintiff is informed and believes and thereby alleges that Defendants, and each of them, claim an interest adverse to Plaintiff in the Property as the holders of deeds without showing of the Deed of Trust that was promised to Plaintiff's assignor. Some of the unknown defendants, as assignees and successors of Defendants, and each of them, claim interests in the Property adverse to Plaintiff's title.

40.    The adverse claims are all without any right whatever, and no such Defendants, and each of them, have any right, title, estate, lien, or interest whatever in the Property or any part of it.

41.    Plaintiff seeks to quiet title to the Property, against all adverse claims of all claimants, known and unknown, as of the date this Complaint was filed.

42.    An actual controversy exists between Plaintiff and Defendants, and each of them, regarding their respective rights and obligations regarding the Property and precisely the commitments of Defendants, and each of them, to have provided the promised Note and Deed of Trust and payments to Plaintiff's assignor for the entrustment of the money beginning on February 1, 2019.

43.    Plaintiff asserts that Plaintiff was to have been given a Note and Deed of Trust evidencing the entrustment of money and interest thereon.

44.     Defendants dispute the allegations mentioned earlier by their inaction and by failure to provide the Note and Deed of Trust and the monthly payments.

45.     Plaintiff desires a judicial determination of the rights and duties of each named party in respect to the Property and the ongoing dispute.

46.     A judicial determination is necessary and appropriate in order to establish the rights and duties of each party as to the Property.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a.  For compensatory damages in the sum of $119,000 and interest, and other damages in an amount to be determined by the Court;

b.  For the issuance of a writ of attachment against Defendants, and each of them, for the collection of damages in an amount to be determined by the Court;

c.  For accounting;

d.  For appointment of receiver;

e.  For specific performance;

f.  For injunctive relief;

g.  For restitution;

h.  For the value of the Property converted, but not less than $119,000;

i.  For interest at the legal rate on the foregoing sum pursuant to Civil Code § 3336, from and after December 28, 2018;

j.  For damages for the proximate and foreseeable loss resulting from conversion in the sum of to be proven at trial;

k.  For interest at the legal rate on the foregoing sum pursuant to Civil Code § 3287(a), from and after December 28, 2018;

l.  For damages for time and money properly expended in pursuit of the converted property in the sum to be proven at trial, but not less than $50,000;

m.  For punitive and exemplary damages, but not less than $300,000;

n.  For declaration of rights and duties of the parties as to the Property;

o.  For judgment to be made for sale of the Property according to law by a sheriff or marshal or other person appointed by this Court; that the sale proceeds be applied in payment of the amount due Plaintiff;

p.  For damages in the sum of $119,000, plus damages in such further sums as may be sustained and as are ascertainable before final judgment in this Action, but not less than $200,000;

q.  For prejudgment interest;

r.  For reasonable attorney's fees in an amount to be determined by the Court;

s.  For costs of suit incurred in this Action; and

t.  For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: December 12, 2019          LAW OFFICES OF MICHAEL SHEMTOUB

By _____

Michael Shemtoub, Esquire
Attorney for FR LLC

8

COMPLAINT

## VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF**  Los Angeles

I have read the foregoing  Complaint

and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner ☐ a _____ of _____ ,
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.
☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒ I am one of the attorneys for  FR L.L.C.
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on  12/13/2019  , at  Los Angeles  , California.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

M. Shemtoub, Esq.                                     _____
TYPE OR PRINT NAME                                         SIGNATURE

## PROOF OF SERVICE
1013a (3) CCP Revised 2004

**STATE OF CALIFORNIA, COUNTY OF** _____
I am employed in the county of _____ , State of California.
I am over the age of 18 and not a party to the within action; my business address is:

On _____ , I served the foregoing document described as

_____ in this action

on _____
☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**
☐ *I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.
☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____ , at _____ , California.
☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.
Executed on _____ , at _____ , California.
☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____            _____
TYPE OR PRINT NAME                                         SIGNATURE

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)

**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

NONJC-015 (Rev. 01/01/2011)            **VERIFICATION/PROOF OF SERVICE**

CEB® Essential Forms™
ceb.com

Electronically FILED by Superior Court of California, County of Los Angeles on 12/31/2019 10:56 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Ramirez, Deputy Clerk

Michael Shemtoub, Esq.      SBN: 253948
LAW OFFICES OF MICHAEL SHEMTOUB
4929 Wilshire Blvd., Suite 702
Los Angeles, CA 90010
T: (310) 552-6959
F: (323) 421-9397


Attorney for FR LLC


SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

CENTRAL JUDICIAL DISTRICT

| | |
|---|---|
| FR LLC, | Case No.: 19STCV45132 |
| Plaintiff, | |
| vs. | NOTICE OF PENDENCY OF ACTION (LIS PENDENS) |
| LEV INVESTMENTS, LLC; DMITRI LUDKOVSKI; RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC. and DOES 1 through 100, inclusive, | Place:      Dept. 48 Judge:      Elizabeth Allen White |
| Defendants. | Complaint Filed:    December 13, 2019 Trial Date:        Not Set |

NOTICE IS GIVEN that the above-captioned action was commenced on December 13, 2019, in the above-entitled court by FR LLC, Plaintiff, against Lev Investments, LLC; Dmitri Ludkovski; Ruvin Feygenberg; Michael Leizerovitz; Sensible Consulting and Management, Inc. and DOES 1 through 100, inclusive, Defendants; the action is now pending in the above court.

The above-captioned action alleges a real property claim affecting certain real property that is situated in Los Angeles County, State of California, and that is described as follows:

ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

THE NORTH 190 FEET OF THE EAST 99 FEET OF THE WEST 110 FEET OF LOT 103 TRACT NO. 1000, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 19 PAGES 1 TO 34, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Assessor's Parcel Number: 2247-013-001

Commonly known as 13854 Albers Street, Sherman Oaks, California 91401.

Respectfully submitted,

Dated: December 31, 2019         LAW OFFICES OF MICHAEL SHEMTOUB

By_____
        Michael Shemtoub, Esquire
        Attorney for FR LLC

NOTICE OF LIS PENDENS

POS-030

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Michael Shemtoub, Esq.      SBN 253948<br>LAW OFFICES OF MICHAEL SHEMTOUB<br>4929 Wilshire Blvd., Suite 702<br>Los Angeles, CA 90010<br><br>TELEPHONE NO.: (310) 552-6959      FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* FR LLC | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central Judicial District, Stanley Mosk Courthouse

PETITIONER/PLAINTIFF: FR LLC

RESPONDENT/DEFENDANT: LEV INVESTMENTS, LLC; DMITRI
LUDKOVSKI; RUVIN FEYGENBERG; et al.

| | |
|---|---|
| **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**<br>**CERTIFIED MAIL-RETURN RECEIPT** | CASE NUMBER:<br>19STCV45132 |

***(Do not use this Proof of Service to show service of a Summons and Complaint.)***

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   4929 Wilshire Blvd., Suite 702
   Los Angeles, CA 90010

3. On *(date):* 12/31/2019      I mailed from *(city and state):* Los Angeles, California
   the following **documents** *(specify):*
   NOTICE OF PENDENCY OF ACTION (LIS PENDENS)

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)*
   (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. ☑ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid certified mail return reciept.
   b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served: Alex Polovinchik
   b. **Address** of person served:
      Lev Investments, LLC
      8159 Santa Monica Blvd., Ste 200 Los Angeles, CA 90046
      7018-0040-0000-8781-4466

   ☑ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 31, 2019

Michael Shemtoub, Esq.
_____
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)

▶ *(signature)*
_____
(SIGNATURE OF PERSON COMPLETING THIS FORM)

Form Approved for Optional Use
Judicial Council of California
POS-030 [New January 1, 2005]

**PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1013, 1013a
www.courtinfo.ca.gov

POS-030(P)

| SHORT TITLE: FR LLC v. LEV INVESTMENTS, LLC | CASE NUMBER: 19STCV45132 |
|---|---|

## ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL (PERSONS SERVED)

*(This Attachment is for use with form POS-030)*

**NAME AND ADDRESS OF EACH PERSON SERVED BY MAIL:**

| Name of Person Served | Address *(number, street, city, and zip code)* |
|---|---|
| Dmitri Lioudkovski<br>Lev Investments, LLC | PO Box 16646<br>Beverly Hills, CA 90209   7018-0040-0000-8731-4497 |
| Dmitri Ludkovski | 423 N. Palm Dr., Unit 305 Beverly Hills, CA 90210<br>7018-0040-0000-8781-5005 |
| Ruvin Feygenberg | 17777 Ventura Blvd., Suite 220 Encino, CA 91316<br>7018-0040-0000-8781-4992 |
| Michael Leizerovitz | 15 Via Monarca St. Dana Point, CA 92629<br>7018-0040-0000-8781-4565 |
| Michael Leizerovitz Sensible Consulting and Management, Inc. | 15 Via Monarca St. Dana Point, CA 92629<br>  7018-0040-0000-8781-4985 |
| Alex Polovinchik<br>Lev Investments, LLC | 60 Via De La Paz, Suite E-1 Pacific Palisades, CA 90272<br>7018-0040-0000-8781-4466 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

Form Approved for Optional Use
Judicial Council of California
POS-030(P) [New January 1, 2005]

**ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL
Certified Mail (PERSONS SERVED)
(Proof of Service)**

Page __2__ of __2__

For your protection and privacy, please press the Clear This Form
button after you have printed the form.

Save This Form      Print This Form      Clear This Form

Electronically Received 05/15/2020 10:00 AM

Michael Shemtoub, Esq.        SBN: 253948
BEVERLY LAW
4929 Wilshire Blvd., Suite 702
Los Angeles, CA 90010
T: (310) 552-6959
F: (323) 421-9397

Attorney for FR LLC

**FILED**
Superior Court of California
County of Los Angeles

**05/15/2020**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ Deputy
              A. Mchitarian

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

CENTRAL JUDICIAL DISTRICT

| | |
|---|---|
| FR LLC,<br><br>              Plaintiff,<br><br>     vs.<br><br>LEV INVESTMENTS, LLC; DMITRI LUDKOVSKI; RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC. and DOES 1 through 100, inclusive,<br><br>              Defendants.<br> | Case No.: 19STCV45132<br><br>**EX PARTE APPLICATION FOR**<br><br>**1. ISSUING TEMPORARY RESTRAINING ORDER BARRING SALE OF PROPERTY THAT IS THE RES OF THIS ACTION; PENDING HEARING ON PRELIMINARY INJUNCTION MOTION TO BE SET BY THE COURT AS THERE IS NO RESERVATION PERMITTED TO BE MADE BY LITIGANTS**<br><br>**2.  MOTION TO SHORTEN TIME MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF MICHAEL SHEMTOUB, ESQ. EXHIBITS**<br><br>Date:        May 18, 2020<br>Time:        8:30 a.m.<br>Place:        Dept. 45<br>Judge:       Mel Red Recana, Presiding<br><br>Complaint Filed:     December 13, 2019<br>Trial Date:            Not Set |

EX-PARTE APPLICATION FOR TRO AND PRELIMINARY INJUNCTION ENJOINING
SALE OF PROPERTY (CURRENTLY SET FOR MAY 21, 2020)

PLEASE TAKE NOTICE that on May 18, 2020, at 8:30 a.m., in Department 45, of the above entitled court, located at 111 N Hill Street, Los Angeles, California, 90012, Plaintiff and FR LLC, (FR hereafter) hereby moves the Court for a Temporary Restraining Order enjoining the non-judicial foreclosure process started by Dmitri Ludkovski; Ruvin Feygenberg; Michael Leizerovitz; Sensible Consulting and Management, Inc. on January 22, 2020, (Notice of Default recorded) (see **Ex. A**) culminating with a planned sale of the Property (commonly known as 13854 Albers Street, Sherman Oaks, California 91401, Assessor's Parcel Number: 2247-013-001) to be conducted on May 21, 2020. See **Ex. B.**

There are 3 principal bases for enjoining the planned sale on May 21, 2020:

1. The Promissory Note Referenced in the Short Form Deed of Trust and Assignment of Rents filed on March 22, 2019, with the Los Angeles County Recorder as Instrument Number 2019-0258568 (**Ex. C**) in the amount of $1,257,675.00 is nonexistent.

2. FR has $119,000.00 invested in the Property and invested that sum with the intention of profiting as a result of the investment and the Defendants in this Action have not paid it the money that its due, much less come to an agreement about what FR (whose money is purchase money) should profit.

3. The COVID-19 pandemic and the ensuing Stay Sheltered in Place Orders (Government Orders) is deflating property values at public auctions as there are not many if any bidders at public auctions as a result of the Government orders implicating substantial and gordian knot implications of State Taking without due process of law[1]. Cal. Const., art. I, §§ 7, 15; U.S. Const., 14th Amend., § 1.

---

[1] One can easily compare the current government orders with a collusive bidding where a corrupted auction of property resulted in no bidders present as a corrupt auctioneer working with rogue  law enforcement officers, because the detention of possible bidders for property misusing the State police powers to artificially suppress the value of the property at a public auction.  To clarify, neither the plaintiff nor the undersigned is alleging that there are any rogue law enforcement officers etc. All that the plaintiff is alleging is that the government orders which create absence of bidders at auctions therefore lowering without just because the value of property.

EX-PARTE APPLICATION FOR TRO AND PRELIMINARY INJUNCTION ENJOINING
SALE OF PROPERTY (CURRENTLY SET FOR MAY 21, 2020)

FR requests that the Court issue a Temporary Restraining Order and set a date of Motion for Preliminary Injunction as FR is unable to set the date and ask that the Court advance it as is customary.

Notice of This Ex Parte was given on May 14, 2020, at 9:43 a.m. via email and facsimile and Dmitri Ludkovski; Ruvin Feygenberg; Michael Leizerovitz; Sensible Consulting and Management, Inc. and all others through their counsel of record has not stated if it is Opposed or not to the Application.

This Application will be further based on this notice, the memorandum of points and authorities attached hereto, the Declaration of Felix Bobritsky, Michael Shemtoub, Esq. and papers filed herein, and such other and further oral and documentary evidence as may be presented hereinafter.

Respectfully submitted,

Dated: May 14, 2020                                    BEVERLY LAW

By_____
                  Michael Shemtoub, Esquire
                  Attorney for FR LLC

EX-PARTE APPLICATION FOR TRO AND PRELIMINARY INJUNCTION ENJOINING
SALE OF PROPERTY (CURRENTLY SET FOR MAY 21, 2020)

## MEMORANDUM OF POINTS AND AUTHORITIES

## BACKGROUND OF PROPERTY AND ITS ACQUISITION

This Property is rich in history.  The Property was owned by disgraced Edgar Sargsyan (SBN 308998).  Mr. Sargsyan was the personal attorney for Lev Aslan Dermen, a petroleum magnate and reputed organized crime figure. Sargsyan oversaw Dermen's hard-money lending operation, SBK Holdings USA, but the two are now bitter enemies.

Sargsyan cooperated with federal authorities investigating Dermen's role in a $511-million tax credit fraud, according to court filings in Dermen's case. Convicted last month of 10 felony counts, Dermen faces what could amount to a life sentence. "We knew Edgar was committing fraud when we sued him," said Mark Geragos, Dermen's longtime attorney.

Dermen filed the suit in 2016, alleging Sargsyan stole tens of millions of dollars in property and a private jet. "This is just the final nail in the coffin." Dermen was close with two law enforcement officers: John Saro Balian, a detective for the Glendale Police Department, and Felix Cisneros Jr., a Homeland Security Investigations agent who worked undercover narcotics operations. Balian and Cisneros were convicted of public corruption offenses and sentenced to 21 and 12 months, respectively, in prison.

Mr. Sargsyan too was very well connected with law enforcement.  In a plea agreement filed in Los Angeles federal court on April 28, 2020, Sargsyan admitted to paying tens of thousands of dollars between 2015-2017 to a special agent with Homeland Security Investigations and a special agent with the Federal Bureau of Investigations.

Sargsyan paid the HSI agent at least $32,000 in checks and at least $45,000 in cash in return for assistance that included the HSI agent searching law enforcement databases to obtain information that he then passed to Sargsyan, according to the document.

According to court documents, the HSI agent also altered a United States Department of Homeland Security database to make it "more likely" that a client of Sargsyan's law firm, who was a foreign national, would be allowed to enter the country.

The plea agreement also stated that the HSI agent prepared a document on HSI letterhead in an unsuccessful attempt to have one of Sargsyan's relatives admitted into the U.S.

EX-PARTE APPLICATION FOR TRO AND PRELIMINARY INJUNCTION ENJOINING
SALE OF PROPERTY (CURRENTLY SET FOR MAY 21, 2020)

1

2      Sargsyan also admitted to paying the FBI agent monthly cash bribes of up to $10,000

3   starting in 2015 in exchange for "protection," which included running queries on law

4   enforcement databases and warning Sargsyan about people who were the targets of criminal

5   investigations, according to the plea agreement.

6      Federal prosecutors allege that the FBI agent, who worked at the San Francisco field

7   office, accepted the payments on trips to Southern California where he stayed at luxury hotel

8   rooms paid for by Sargsyan. The FBI agent also allegedly accepted from Sargsyan a $36,000

9   racing motorcycle as a "bonus" for running database checks on a particular person.

10      Sargsyan also admitted to giving the FBI agent a $30,000 cashier's check made to look

11   like it was a payment to the agent's business, court documents said.

12      Sargsyan also agreed to plead guilty to two counts of making false statements to federal

13   investigators and to participating in a conspiracy that defrauded financial institutions by

14   fraudulently obtaining credit cards in the names of non-nationals who had previously been in the

15   United States on J1 visitor visas.

16      Once the credit cards were issued by the financial institutions, Sargsyan and his co-

17   conspirator charged "purchases," including more than $941,000 that Sargsyan personally

18   charged at two businesses he controlled, Pillar Law Group and Regdalin Group, prosecutors

19   allege.

20      The conclusion to the fascinating and complex case of corruption and betrayal is the fact

21   that Plaintiff and Defendants, all being of Russian decent, were aware of the turmoil that

22   Sargsyan was enveloped in years before it percolated to the recent spat of indictments and

23   convictions.

24      The Plaintiff and the Defendants knew that Sargsyan's home, then located at 13854

25   Albers Street, Sherman Oaks, California 91401, was to be auctioned and calculated that no

26   "courthouse auction bidder" would know the true worth of the Property as the Property is

27   mismatched in the wrong location; stating differently, instead of being the runt of the

28

EX-PARTE APPLICATION FOR TRO AND PRELIMINARY INJUNCTION ENJOINING
SALE OF PROPERTY (CURRENTLY SET FOR MAY 21, 2020)

1  neighborhood, the property is the gem of the neighborhood due to all of the upgrades that

2  Sargsyan did to the Property.

3      Therefore, they all invested money in the Property and bought it at a foreclosure auction.

4      Greed is infectious and the three individuals started overreaching as soon as the auction

5  concluded resulting in infraction between the parties that remains outstanding.

## STATEMENT OF FACTS IN SUPPORT OF REQUEST FOR EXIGENT
## ISSUANCE OF A TEMPORARY RESTRAINING ORDER

8      Defendants, and each of them, purchased the Property on or about January 30, 2019

9  through a foreclosure sale. See **Exhibit D**, a true and correct copy of the Trustee's Deed upon

10  Sale, attached hereto and incorporated herein by reference.

11      Then Defendants, and each of them, split their ownership, whereby Defendants Lev

12  Investments, LLC and Dmitri Ludkovski, hereinafter collectively Lev, became sole owners of

13  the Property and Defendants Ruvin Feygenberg, Michael Leizerovitz, Sensible Consulting and

14  Management, Inc. became Lenders with a secured interest in the amount of $1,257,675 against

15  the Property in the form of a recorded Deed of Trust. See **Exhibit C**, a true and correct copy of

16  the recorded Deed of Trust, attached hereto and incorporated herein by reference.

17      The unfortunate issue for the Defendants is that the Security Instrument (the Deed of

18  Trust) evidences no debt; stated differently, there is no note.

19      Defendants Leizerovitz and Sensible recorded an unlawful, baseless Notice of Default on

20  January 22, 2020. See **Exhibit A**, a true and correct copy of the Notice of Default, attached

21  hereto and incorporated herein by reference. On or about April 21, 2020, Defendants set non-

22  judicial foreclosure sale for the Property on May 21, 2020.  See **Ex. B.**

23      This non-judicial foreclosure process is unlawful, false and improper.

24      Defendants present a fatally defective and worthless deed of trust to support an

25  impermissible foreclosure in order to take away the equity from the Property for themselves and

26  wipe out Plaintiff's possibility of recovery of its loan.

27

28

EX-PARTE APPLICATION FOR TRO AND PRELIMINARY INJUNCTION ENJOINING
SALE OF PROPERTY (CURRENTLY SET FOR MAY 21, 2020)

Defendants' Notice of Default has expired, the sale date is imminent on May 21, 2020.
Plaintiff is in danger of losing the Property to Defendants' foreclosure, which will cause Plaintiff
irreparable harm, if the Court does not stop the foreclosure.

Complicating matters is the fact that the Government Orders are complicating in the form
of suppressing worth of property at a nonjudicial foreclosure sales.  On March 16, 2020, the
Governor issued Executive Order N-28-20. See **Ex. F** This Order provides in relevant part that:
"The statutory cause of action for judicial foreclosure, Code of Civil Procedure § 725a et seq. []
and any other statutory cause of action that could be used to evict or otherwise eject the
residential or commercial tenant or occupant of residential real property after foreclosure
suspended[.]"

The suspension of §725a (Judicial Foreclosure Cause of Action) correlates to foreclosing
the possibility of a non-judicial foreclosures as well, when it comes to a stay or suspension of
either. *Royal Thrift & Loan Co. v. County Escrow, Inc.* (2004) 123 Cal.App.4th 24, 35-36
(discussed *infra* and application of Code of Civ Proc §916a to non-judicial foreclosures and
judicial foreclosures alike).

The suspension of the nonjudicial foreclosure process as well as the Government Orders
will result in a Government Taking without due process of law situation if the Property is
foreclosed on as the combination of the statutes will result in artificial suppression of the market
for homes.

This ex parte ensues.

## **LEGAL ARGUMENT**

## **IRREPARABLE HARM WILL BE INFLICTED ON FR IF THE PROPERTY IS SOLD AT A FORECLOSURE**

The harm in this case is not remediable though the issue is one of profit that ordinarily
would not militate in favor of issuance of a preliminary injunction or restraining order as the
harm could be remedied by money. That is because  real property is statutorily deemed "unique,"
so that injury or loss cannot be compensated in damages, and injunctive relief is therefore readily

EX-PARTE APPLICATION FOR TRO AND PRELIMINARY INJUNCTION ENJOINING
SALE OF PROPERTY (CURRENTLY SET FOR MAY 21, 2020)

granted. See Ca Civil §3387-damages presumed inadequate for breach of agreement to convey real property.  This is especially true in this case.

Notwithstanding the current pandemic, the house was purchased for song and a distress sale of it, without just cause, would result in two bandits profiting at the expense of a group investment.  The foreclosing entities are so bold as to press forth a claim of a right based on a Deed of Trust securing a Note in the amount of $1,257,675.00 when no such note exists.

The loss of the Property would be irremediable detrimental as neither of the two foreclosing parties, and especially Ruvin Feygenberg (whose name appears in the location on the Deed of Trust as who is requesting the recording of the deed of trust as well as the person who it should be sent to after recordation (See **Ex. A**)) do not pay judgments and convert assets to avoid creditors with impunity; as an example, the attachment judgment that is long overdue and has gone unpaid by Ruvin Feygenberg resulted in unjust encumbrances on the investment of FR. See **Ex. E.**

<u>**THIS COURT HAS JURISDICTION AND AUTHORITY TO HEAR THIS**</u>
<u>**APPLICATION ON AN EX PARTE BASIS**</u>

Courts have inherent equity, supervisory and administrative powers (*Bauguess v. Paine* (1978) 22 Cal.3d 626, 635, 150 Cal.Rptr. 461, 586 P.2d 942) as well as inherent power to control litigation before them. *Western Steel & Ship Repair, Inc. v. RMI, Inc.* (1986) 176 Cal.App.3d 1108, 1116-1117, 222 Cal.Rptr. 556. Inherent powers of the court are derived from the state Constitution and are not confined by or dependent on statute. *Walker v. Superior Court* (1991) 53 Cal.3d 257, 267, 279 Cal.Rptr. 576, 807 P.2d 418. California courts fashioned new forms of procedures when required to deal with the rights of the parties and to manage the caseload of the court. *James H. v. Superior Court* (1978) 77 Cal.App.3d 169, 175, 143 Cal.Rptr. 398. California Rule of Court, Rule 3.1200 allows a party to bring an ex parte application for an order, where an affirmative factual showing of irreparable harm is made. Every court has the inherent authority to effectuate justice and control the proceedings before it. *Cottle v. Superior Court* 3 Cal.App.4th 1367, 1378, 5 Cal.Rptr.2d 882, 887 (Cal.App. 2 Dist., 1992).

EX-PARTE APPLICATION FOR TRO AND PRELIMINARY INJUNCTION ENJOINING
SALE OF PROPERTY (CURRENTLY SET FOR MAY 21, 2020)

California courts have fashioned new forms of procedures when required to deal with the rights of the parties and to manage the caseload of the court. For example, in *James H. v. Superior Court* (1978) 77 Cal.App.3d 169, 175, 143 Cal.Rptr. 398, the Court of Appeal held that the juvenile court had the inherent power to hold a required competency hearing even though the juvenile court law failed to provide for such a proceeding. The court based its holding on the principle that: "Courts have the inherent power to create new forms of procedure in particular pending cases. 'The ... power arises from necessity where, in the absence of any previously established procedural rule, rights would be lost or the court would be unable to function.'" *Ibid.* See also, *Ellis v. Roshei Corp.* (1983) 143 Cal.App.3d 642, 648-649, 192 Cal.Rptr. 57 ["A trial court is empowered to exercise its supervisory power in such a manner as to provide for the orderly conduct of the court's business and to 'guard against inept procedures and unnecessary indulgences which would tend to hinder, hamper or delay the conduct and dispatch of it proceedings.'"]; *Adamson v. Superior Court* (1980) 113 Cal.App.3d 505, 509, 169 Cal.Rptr. 866 ["Courts are not powerless to formulate rules of procedure where justice demands it."]; *Santandrea v. Siltec Corp.* (1976) 56 Cal.App.3d 525, 529, 128 Cal.Rptr. 629 disapproved on another point in *Bauguess v. Paine, supra,* 22 Cal.3d 626, 639, fn. 8, 150 Cal.Rptr. 461, 586 P.2d 942 ["Every court has the inherent power to regulate the proceedings of matters before it and to effect an orderly disposition of the issues presented."]; *Mowrer v. Superior Court* (1969) 3 Cal.App.3d 223, 230, 83 Cal.Rptr. 125 ["A court has inherent power to exercise reasonable control over all proceedings connected with the litigation before it."].

As explained and demonstrated below, the Court must grant an injunction precluding a sale of the Property. There is no note that is secured by the Deed of Trust that the Defendants are foreclosing on the Property; furthermore, the Government Orders will constituted a taking as persons who would otherwise appear and bid at properties being sold at a court located actions will not be able to participate as the Governor has not declared that the Court located auction is one that is essential and has instead expressly precluded and suspended judicial foreclosure causes of action from proceeding.

## **AN INJUNCTION MUST BE GRANTED IN THIS CASE**

EX-PARTE APPLICATION FOR TRO AND PRELIMINARY INJUNCTION ENJOINING
SALE OF PROPERTY (CURRENTLY SET FOR MAY 21, 2020)

California Code of Civil Procedure (CCP) 526 states:

(a) An injunction may be granted in the following cases:
(1) When it appears by the complaint that the plaintiff is entitled to the relief demanded, and the relief, or any part thereof, consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually.
(2) When it appears by the complaint or affidavits that the commission or continuance of some act during the litigation would produce waste, or great or irreparable injury, to a party to the action.
(3) When it appears, during the litigation, that a party to the action is doing, or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the rights of another party to the action respecting the subject of the action, and tending to render the judgment ineffectual.
(4) When pecuniary compensation would not afford adequate relief.
(5) Where it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief.
(6) Where the restraint is necessary to prevent a multiplicity of judicial proceedings.
(7) Where the obligation arises from a trust.

In this case, subdivisions 1 through 5 all apply to this case: (1) it appears from the Complaint that Plaintiffs are entitled to the relief demanded, and the relief, or any part thereof, consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually; (2) it appears by the Complaint or affidavits that the commission or continuance of some act during the litigation would produce waste, or great or irreparable injury, to a party to the action; (3) it appears, during the litigation, that a party to the action is doing, or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the rights of another party to the action respecting the subject to the action, and tending to render the judgment ineffectual; (4) when pecuniary compensation would not afford adequate relief; (5) where it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief.

## THE DEED OF TRUST DOES NOT SECURE A PROMISSORY NOTE AND IT IS A FALSITY TO SO CLAIM.  THE NOTED TRUSTEE SALE IS A SHAM

A deed of trust standing alone is a nullity, and thus cannot provide authority for a lender to foreclose. Plaintiff relied on several sections of the Commercial Code pertaining to

10

negotiation, transfer, indorsement, and enforcement of negotiable instruments. See Comm.Code, §§ 3104, 3109, 3201– 3205, 3301, 9313.

A deed of trust secures a debt that is due.   In order to provide any effectiveness to a deed of trust and comply with the statute of frauds, the note evidencing the debt must be in writing and not a figment of an imagination as is the case here.  This is not a case where FR is contending that the foreclosing parties do not have possession of the note which is secured by the deed of trust.  This is a case where FR is contending that there is no note.  The deal terms have not been resolved yet among the purchasing parties of the property.  The token instrument that was provided to the foreclosing defendants is just that; a token instrument unworthy of enforcement.  *Secrest v. Security National Mortgage Loan Trust 2002-2*, 167 Cal.App.4th 544, 552 (Cal. Ct. App. 2008) ("A contract coming within the statute of frauds is invalid unless it is memorialized by a writing subscribed by the party to be charged or by the party's agent. (Civ. Code, § 1624.) Under Civil Code section 1624, the party to be charged means "`the party to be charged in court with the performance to the obligation, i.e., the defendant in the action brought to enforce the contract.'" ( *Ulloa v. McMillin Real Estate Mortgage, Inc.* (2007) 149 Cal.App.4th 333, 339 [ 57 Cal.Rptr.3d 1].)")

The foreclosing party will be unable to present any evidence of an note securing the deed of trust as no such instrument exists and if one is miraculously produced, it is one that has gone on agreed with by the Plaintiff.

The Court must order postponement of the sale until such time that the Court resolves the issues concerning title.  FR's money is purchase money.  FR did not obtain a loan and its part founder of the group; not a entity that can be ignored and its interests forgotten.

## THE GOVERNMENT ORDERS IN PLACE THAT HAVE SUSPENDED JUDICIAL FORECLOSURES ALSO IMPACT NONJUDICIAL FORECLOSURES AND ANY FORECLOSURE OCCURRING WITH THE STAY-AT-HOME ORDERS IN PLACE WILL AMOUNT TO A TAKING

On March 16, 2020, the Governor issued Executive Order N-28-20. See **Ex. F**

The analysis that applies to stays issued by operation of law (Code Civ. Proc. §916a) are equally effective when other laws impact the ability of parties to circumvent the laudable goals that the government has set forth.

In light of this record,  the key issue is whether the first appeal stayed foreclosure proceedings until January 11, 2002, due to the "automatic stay" rule. (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 275, pp. 318–319.) Under Code of Civil Procedure section 916, subdivision (a), "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order," unless the matter falls within enumerated exceptions. Accordingly, if the first appeal automatically stayed the foreclosure sale until the issuance of our remittitur, the trial court could have correctly determined that Royal Thrift postponed the sale only once before it occurred on January 31, 2002.

We begin by examining whether an automatic stay would bar the nonjudicial foreclosure sale at issue here. Generally, an automatic stay "prevents any further proceedings to enforce the judgment or order." (9 Witkin, Cal. Procedure, supra, Appeal, § 228, at p. 285.) However, our research has not disclosed any case addressing whether a stay of this kind applies to nonjudicial foreclosure proceedings, which ordinarily do not involve judicial intervention. (*Homestead Savings v. Darmiento* (1991) 230 Cal. App. 3d 424, 431–435 [281 Cal. Rptr. 367].)

We find guidance on this matter in *Stewart v. Whitmyre* (1961) 192 Cal. App. 2d 327 [13 Cal. Rptr. 235]. In Stewart, the underlying dispute concerned whether a contract permitted a party to move a building to a nearby lot that she owned. (Id. at pp. 328–329.) The judgment confirmed her title to the building but forbade her to move it to her lot, and the trial court ordered her to move the building elsewhere within 10 days. (Ibid.) She filed an appeal and an appeal bond, and after the 10-day period elapsed, the opposing parties destroyed the building. (Ibid.) The court in Stewart held that her filing of the bond triggered

EX-PARTE APPLICATION FOR TRO AND PRELIMINARY INJUNCTION ENJOINING
SALE OF PROPERTY (CURRENTLY SET FOR MAY 21, 2020)

a stay of all proceedings to enforce the judgment, and that she had a claim for the destruction of her building. (Id. at p. 330.)

Although Stewart concerns a stay arising from an appeal bond, rather than an automatic stay, it implies that ***any appellate stay bars action to enforce the judgment, including nonjudicial or private action. Automatic stays thus halt a nonjudicial foreclosure sale, which is a statutorily authorized adjudication of rights under a trust deed.*** *6 Angels, Inc. v. Stuart-Wright Mortgage, Inc.*, supra, 85 Cal.App.4th at pp. 1283–1284. *Royal Thrift & Loan Co. v. County Escrow, Inc.* (2004) 123 Cal.App.4th 24, 35-36 [20 Cal.Rptr.3d 37].)

Inasmuch as nonjudicial foreclosure is stayed the same as a judicial foreclosure pending appeal in light of the government order prohibiting judicial foreclosures from proceeding, the same is true of nonjudicial foreclosures. This situation is further amplified by the fact that in the current state conditions, no one is attending nonjudicial foreclosures to bid. If the Court were to allow the matter to proceed to a nonjudicial foreclosure, it would be endorsing a semi State taking as the court's instructing people to stay home and on the other hand permitting a situation where home prices are artificially suppressed by lack of attendance at court located foreclosures.

The Court must order that the nonjudicial foreclosure set for May 21, 2020, be postponed till the hearing on the motion for preliminary injunction.

## PLAINTIFFS HAVE A REASONABLE PROBABILITY OF SUCCESS ON THE MERITS IN THIS ACTION

The general purpose of such an injunction is the preservation of the status quo until a final determination of the merits of the action. *Stewart* v. *Superior Court* (1893) 100 Cal. 543, 545 [35 P. 156, 563]; *People* v. *Black's Food Store, supra*, 16 Cal.2d 59, 62. Thus, the court examines all of the material before it in order to consider "whether a greater injury will result to the defendant from granting the injunction than to the plaintiff from refusing it; . . ." *Santa Cruz Fair Bldg. Assn.* v. *Grant* (1894) 104 Cal. 306, 308 [37 P. 1034]; see *Hicks* v. *Compton* (1861) 18 Cal. 206, 210; *Porter* v. *Jennings* (1891) 89 Cal. 440, 443-445 [26 P. 965]; *Lagunitas Water Co.* v. *Marin County Water Co.* (1912) 163 Cal. 332, 336 [125 P. 351]; *Wilms* v.*Hand* (1951) 101 Cal.App.2d 811, 815-816 [226 P.2d 728]; see also 27 Cal.Jur.2d, pp. 111-113; 1 High, *op.*

13

*cit. supra*, § 4; 1 Joyce, *op. cit. supra*, § 109b. In making that determination the court will consider the probability of the plaintiff's ultimately prevailing in the case and, it has been said, will deny a preliminary injunction unless there is a reasonable probability that plaintiff will be successful in the assertion of his rights. See *Lagunitas Water Co.* v. *Marin County Water Co., supra*, 163 Cal. 332, 336-337; 1 Witkin, *op. cit. supra*, p. 867; 1 High, *op. cit. supra*, § 5; 1 Joyce, *op. cit. supra*, §§ 109-110; 1 Spelling, *op. cit. supra*, § 25; Rest. Torts, § 936, subd. (2). As was said in *Family Record Plan, Inc.* v. *Mitchell* (1959) 172 Cal.App.2d 235, 242 [342 P.2d 10], "In the last analysis the trial court must determine which party is the more likely to be injured by the exercise of its discretion [citation] and it must then be exercised in favor of that party [citation]." *Continental Baking Co. v. Katz* (1968) 68 Cal.2d 512, 528 [67 Cal.Rptr. 761, 439 P.2d 889].

The Court should grant the restraining order / preliminary injunction allowing Plaintiffs to get a judicial determination of who really owns what.

## **GREAT OR IRREPARABLE HARM TO PLAINTIFFS IS IMMINENT**

Defendants intend to sell, and unless restrained will sell or cause to be sold, the Property, all to Plaintiff's great and irreparable injury and loss, for which damages will not adequately compensate Plaintiff.

The Court should grant the restraining order / preliminary injunction allowing the parties to brief the issue and present evidence at a preliminary injunction hearing regarding who owes what to whom.  An injunction should issue stopping the trustee's sale from moving forward. The Court should not let the Property of Plaintiff be sold without first determining if Defendants are entitled to move forward. *Korean Philadelphia Presbyterian Church v. California Presbytery* (2000) 77 Cal.App.4th 1069, 1084, 92 Cal.Rptr.2d 275, 285.

EX-PARTE APPLICATION FOR TRO AND PRELIMINARY INJUNCTION ENJOINING
SALE OF PROPERTY (CURRENTLY SET FOR MAY 21, 2020)

1

## **CONCLUSION**

2      Plaintiffs respectfully pray that this Honorable Court grants this ex parte application for a

3  Temporary Restraining Order and Order to Show Cause why a Preliminary Injunction should not

4  be granted and grants such other and further relief as the Court considers proper.

5      The Court should enjoin the sale until such time that the Court is satisfied that the deed of

6  trust on which the foreclosures proceeding is evidenced by any legitimate indebtedness.  Until

7  such time, the defendants are conducting themselves not as lenders who have been deprived of

8  the collateral but rather as land bandits.

9

10                          Respectfully submitted,

10  Dated: May 15, 2020          BEVERLY LAW

11

12

13      By_____

14          Michael Shemtoub, Esquire
            Attorney for FR LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EX-PARTE APPLICATION FOR TRO AND PRELIMINARY INJUNCTION ENJOINING
SALE OF PROPERTY (CURRENTLY SET FOR MAY 21, 2020)

Electronically FILED by Superior Court of California, County of Los Angeles on 05/15/2020 11:41 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

Case 1:20-bk-11006-VK   Doc 9   Filed 06/05/20   Entered 06/05/20 18:05:21   Desc
Main Document      Page 33 of 126

1  Michael Shemtoub, Esq.      SBN: 253948
2  BEVERLY LAW
   4929 Wilshire Blvd., Suite 702
3  Los Angeles, CA 90010
   T: (310) 552-6959
4  F: (323) 421-9397

5  Attorney for FR LLC

6

7

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10                     CENTRAL JUDICIAL DISTRICT

11

12  FR LLC,                          )  Case No.: 19STCV45132
                                     )
13          Plaintiff,               )  **DECLARATION OF MICHAEL**
                                     )  **SHEMTOUB, ESQ. AND FELIX**
14       vs.                         )  **BOBRITSKY IN SUPPORT OF**
                                     )
15  LEV INVESTMENTS, LLC; DMITRI     )  **EX PARTE APPLICATION FOR**
16  LUDKOVSKI; RUVIN FEYGENBERG;     )  **1. ISSUING TEMPORARY**
    MICHAEL LEIZEROVITZ; SENSIBLE    )  **RESTRAINING ORDER BARRING SALE**
17  CONSULTING AND MANAGEMENT, INC.  )  **OF PROPERTY THAT IS THE RES OF**
    and DOES 1 through 100, inclusive, )  **THIS ACTION; PENDING HEARING ON**
18                                   )  **PRELIMINARY INJUNCTION MOTION**
19          Defendants.              )  **TO BE SET BY THE COURT AS THERE**
                                     )  **IS NO RESERVATION PERMITTED TO**
20                                   )  **BE MADE BY LITIGANTS**
                                     )
21                                   )
22                                   )  **2. MOTION TO SHORTEN TIME**
                                     )  **MEMORANDUM OF POINTS AND**
23                                   )  **AUTHORITIES, DECLARATION OF**
                                     )  **MICHAEL SHEMTOUB, ESQ. EXHIBITS**
24                                   )
                                     )  Date:        May 18, 2020
25                                   )  Time:        8:30 a.m.
                                     )  Place:       Dept. 45
26                                   )  Judge:       Mel Red Recana, Presiding
                                     )
27                                   )  Complaint Filed:    December 13, 2019
28  _____      )  Trial Date:         Not Set

                                    1

EX-PARTE APPLICATION FOR TRO AND PRELIMINARY INJUNCTION ENJOINING
SALE OF PROPERTY (CURRENTLY SET FOR MAY 21, 2020)

# DECLARATION

1

## **DECLARATION OF FELIX BOBRITSKY**

2

I, Felix Bobritsky, declare and state as follows:

3   1.   At all times, I was the Principal of FR, LLC. In that capacity, I have personal knowledge

4   of the facts contained herein, and if called as a witness, I could and would competently testify

5   thereto.

6   2.   I submit this declaration supporting this ex parte application for a temporary restraining

7   order and an order to show cause re preliminary injunction.

8   3.   FR, LLC (an LLC formed for the exclusive purpose of absorb the profits of the sale of the

9   13854 Albers Street, Sherman Oaks, California 91401, Assessor's Parcel Number: 2247-013-001

10  or to maintain it if the partners did not wish to sale) invested $119,000.00 in the purchase of the

11  Property.

12  4.   FR stands for "Fellow Russians".

13  5.   FR invested $119,000 in the Property.   Its ownership stake is not senior to or junior to

14  anybody else who invested purchase money in the Property.  The other four entities that put

15  money into the deal are Dmitri Ludkovski (who is the alter ego of Lev Investments; Ruvin

16  Feygenberg; Michael Leizerovitz (who is the alter ego of Sensible Consulting and Management,

17  Inc.).

18  6.   FR expected profits from this transaction are north of $350,000.00, even in the COVID-

19  19 climate.  Pictures of the Property are attached hereto as **Exhibit G**.  The Property is a mini-

20  mansion in Sherman Oaks.

21  7.   All of us, expected to make substantial money after we bought the Property at a non-

22  judicial foreclosure on January 30, 2019, for $2,150,000.00; the Property is worth at least $4M

23  (pre-COVID-19).

24  8.   The reason we knew that the Property was worth substantially more is that we knew the

25  prior owner, Edgar Sargsyan, and knew that he could not recover from what he was facing.

26  9.   We also knew the condition of the house as we had been in it before its purchase as

27  guests.

28

EX-PARTE APPLICATION FOR TRO AND PRELIMINARY INJUNCTION ENJOINING
SALE OF PROPERTY (CURRENTLY SET FOR MAY 21, 2020)

10.     After the sale consummated, the Property was titled in all the principals' names, but FR as FR simply wanted profits without the hassle of a 1031 exchange.

11.     The planned actions immediately header roadblock after the Property was obtained, and a trustee's deed upon sale was recorded.

12.     That is because unbeknownst to the rest of us, Ruvin Feygenberg, who is a man of substantial means, is also a man who regularly engages in conduct to defraud creditors.

13.     Stated differently, Ruvin Feygenberg had a judgment he had not paid for years owing to a Ming Zue and Ming Zue had recorded an abstract of judgment in the county recorder's office and when the Property was matched up with Mr. Feygenberg, the Property also became encumbered by the judgment that Mr. Feygenberg had been dodging.  See **Ex. E.**

14.     Mr. Feygenberg still didn't want to pay Ming Zue so the group fractured.

15.     The intended did not go as planned and the parties are still fractured.

16.     Ownership of the Property is theoretically in the name of Lev investments, but left investments is not the true owner of the Property because Lev Investments never procured all the purchase money.

17.     Without the court adjudicating who owes what to whom, there will never be true ownership of the Property.

18.     The Property is more than unique, and remarkable, and unparalleled in the neighborhood it is in.  Its distressed sale would cause irremediable speculation about what losses FR sustained.

19.     There is no note that the deed of trust is evidencing.  The plan fell apart before the Note could be drafted.

20.     Executed this 15th day of May, 2020 in Los Angeles, California.

        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                                        _____
                                                        Felix Bobritsky

EX-PARTE APPLICATION FOR TRO AND PRELIMINARY INJUNCTION ENJOINING
SALE OF PROPERTY (CURRENTLY SET FOR MAY 21, 2020)

# DECLARATION

## DECLARATION OF MICHAEL SHEMTOUB

I, Michael Shemtoub, declare and state as follows:

1.      I am an attorney at law, duly licensed to practice as such before all the Courts in the State of California and am the attorney for Plaintiff FR LLC in this action. In that capacity, I have personal knowledge of the facts contained herein and if called as a witness, I could and would competently testify thereto.

2.      I submit this declaration in support of this ex parte application for a temporary restraining order and an order to show cause re preliminary injunction.

3.      I gave notice by broadcast facsimile and email to the foregoing parties at 9:43 AM on May 14, 2020.

Debra Gomes, Trustee Sale Officer
Witkin & Associates, LLC
5805 Sepulveda Blvd., #670
Sherman Oaks, CA 91411
(818) 845-4000

Dmitri Lioudkovski, Manager
Lev Investments, LLC
423 N. Palm Dr., #305
Beverly Hills, CA 90210
(310) 913-6904
Ldi1202@gmail.com

Dmitri Lioudkovski
423 N. Palm Dr., #305
Beverly Hills, CA 90210
(310) 913-6904
Ldi1202@gmail.com

Ruvin Feygenberg
17777 Ventura Blvd., Ste 220
Encino, CA 91316
(818) 266-5556
drruvin@sbcglobal.net

Michael Leizerovitz
15 Via Monarca St.
Dana Point, CA 92629
(818) 793-1850
dentalsurgeryseminars@aol.com

4

EX-PARTE APPLICATION FOR TRO AND PRELIMINARY INJUNCTION ENJOINING
SALE OF PROPERTY (CURRENTLY SET FOR MAY 21, 2020)

Michael Leizerovitz, President
Sensible Consulting and Management, Inc.
15 Via Monarca St.
Dana Point, CA 92629
(818) 793-1850
dentalsurgeryseminars@aol.com

James R. Felton, Esq.
G&B Law, LLP
16000 Ventura Blvd., Ste 1000
Encino, CA 91436
(818) 382-6200
jfelton@gblawllp.com

John G. Burgee, Esq.
Burgee & Abramoff, PC
20501 Ventura Blvd., Ste 262
Woodland Hills, CA 91364
(818) 264-7575
jburgee@bandalaw.net

4.     I give notice in this manner so conformity with the emergency rules requiring electronic
service of documents be fulfilled on both the hard method (fax) and email to reach individuals
working at remote locations and not at their office.  I received confirmation back of "sent
successful" as to all the foregoing.

5.     I requested to be informed if there would be any opposition to the application and I have
heard none.

6.     I provide the attached documents to the Court based on my personal knowledge because
they were sent directly as I recorded a lis pendens on the Property when I sued in 2019.

7.     Defendants, and each of them, purchased the Property on or about January 30, 2019
through a foreclosure sale. See **Exhibit D**, a copy of the Trustee's Deed upon Sale, attached
hereto and incorporated herein by reference.

8.     Then Defendants, and each of them, split their ownership, whereby Defendants Lev
Investments, LLC and Dmitri Ludkovski, hereinafter collectively Lev, became sole owners of
the Property and Defendants Ruvin Feygenberg, Michael Leizerovitz, Sensible Consulting and
Management, Inc. became theoretical Lenders with a secured interest of $1,257,675 against the

5

Property in the form of a recorded Deed of Trust. See **Exhibit C**, a true and correct copy of the recorded Deed of Trust, attached hereto and incorporated herein by reference.

9.      The unfortunate issue for the Defendants is that the Security Instrument (the Deed of Trust) evidences no debt; stated differently, there is no note.

10.     Defendants Leizerovitz and Sensible recorded an unlawful, baseless Notice of Default on January 22, 2020. See **Exhibit A**, a true and correct copy of the Notice of Default, attached hereto and incorporated herein by reference. On or about April 21, 2020, Defendants set non-judicial foreclosure sale for the Property on May 21, 2020.  See **Ex. B.**

11.     On March 16, 2020, the Governor issued Executive Order N-28-20. See **Ex. F**

12.     The Executive Order extended to the end of June suspends Civ Code §725a from operation.

13.     Civ Code §725a is the statutory cause of action for a judicial foreclosure.

14.     The Executive Order also embraces all other "statutory rights" to foreclose.  Civil Code §2924 is the statutory method for non-judicial foreclosures.

15.     Plaintiff will suffer irreparable harm if the requested relief is not granted, in that the Property will be foreclosed on without a judicial determination of the actual amount owed.

16.     **Exigent circumstances** exist as Defendants' Notice of Default has expired, the sale date is imminent as the Notice of Sale is recorded to occur on May 21, 2020. Plaintiffs are in danger of losing the Property to Defendants' foreclosure, which will cause Plaintiffs irreparable harm, if the Court does not stop the foreclosure.

        Executed this 15th day of May, 2020 in Los Angeles, California.

        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____

Michael Shemtoub, Esq., Declarant

EX-PARTE APPLICATION FOR TRO AND PRELIMINARY INJUNCTION ENJOINING
SALE OF PROPERTY (CURRENTLY SET FOR MAY 21, 2020)

# EXHIBIT "A"

P.O. Box 23159
San Diego, CA 92193-3159

**IMPORTANT INFORMATION**
**ENCLOSED**



71 96900 2484 0618 2697 1

Mailed On:              4/21/2020
Mailing Number:         0003069-01
Reference Number:       20-0162          ClientID:  Witkin000260  CE

FR  LLC
c/o Law Offices of Michael Shemtoub
4929 Wilshire Blvd., Suite 702
Los Angeles, CA 90010

GenericAddressInsert.doc                                    Rev. 07/21/2010

RECORDING REQUESTED BY:
Witkin & Associates, LLC
AND WHEN RECORDED MAIL TO:
Witkin & Associates, LLC
5805 Sepulveda Blvd., Suite 670
Sherman Oaks, California 91411

SPACE ABOVE THIS LINE FOR RECORDER'S USE

TS No.: 20-0162    Loan No.: Lev Investments, LLC

## SUBSTITUTION OF TRUSTEE

**WHEREAS,** Lev Investments, LLC, a California limited liability company was the original Trustor, **Real Property Trustee, Inc.,** a Delaware Corporation was the original Trustee, and Ruvin Feygenberg, an individual, as to an undivided 50.00% interest, and Sensible Consulting and Management, Inc., a California corporation, as to an undivided 50.00% interest was the original Beneficiary under that certain Deed of Trust dated 01/31/2019 and recorded on 03/22/2019 as Instrument No. 20190258568, in book n/a, page n/a of Official Records of Los Angeles County, California. and

**WHEREAS,** the undersigned is the present Beneficiary under said Deed of Trust. and

**WHEREAS,** the undersigned substitutes a new Trustee under said Deed of Trust in place and instead of said original Trustee, or Successor Trustee, thereunder, in the manner in said Deed of Trust provided.

**NOW, THEREFORE,** the undersigned hereby substitutes Witkin & Associates, LLC, as Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

Dated: 04/02/2020

4/3/20

Sensible Consulting and Management, Inc.

Michael Leizerovitz, Manager

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of CALIFORNIA } ss.
County of ORANGE }

On 04/03/2020 before me, Lucas C. Romaniac Notary Personally appeared MICHAEL LEIZEROVITZ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____(Seal)

# DECLARATION OF MAILING
# OF SUBSTITUTION OF TRUSTEE BY CODE

---

TS No.: **20-0162**
Trustor: **Lev Investments, LLC, a California limited liability company**

**I, April Witkin, Trustee Officer**, declare: That I am an officer, agent or employee of
Witkin & Associates, LLC whose business address is:

> 5805 Sepulveda Blvd., Suite 670
> Sherman Oaks, California 91411

I am over the age of eighteen years; On **4/21/2020**, by Certified and First Class mail, enclosed in
a sealed envelope with postage fully prepaid. I, caused to be deposited in the United States Mail,
a copy of the attached Substitution of Trustee to the trustee of record under the Deed of Trust
described in said Substitution, and;

A copy of the attached Substitution has been mailed prior to the recording thereof, in the manner
provided in Section 2924b of the Civil Code of the State of California to all persons to whom a
copy of the Notice of Default would be required to be mailed by the provisions of said section.

I certify (or declare) under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

Date: **4/21/2020**

April Witkin, Trustee Officer

P.O. Box 23159
San Diego, CA 92193-3159

**IMPORTANT INFORMATION
ENCLOSED**



(11) 969 0024 8975 9199 5

Mailed On:           4/21/2020
Mailing Number:      0003069-01
Reference Number:    20-0162          ClientID:  Witkin000260  FC

FR  LLC
c/o Law Offices of Michael Shemtoub
4929 Wilshire Blvd., Suite 702
Los Angeles, CA 90010

RECORDING REQUESTED BY
Witkin & Associates, LLC
AND WHEN RECORDED MAIL TO:
Witkin & Associates, LLC
5805 Sepulveda Blvd., Suite 670
Sherman Oaks, California 91411

TS No.: **20-0162**    Loan No.: Lev Investments, LLC

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SUBSTITUTION OF TRUSTEE

**WHEREAS, Lev Investments, LLC, a California limited liability company** was the original Trustor. **Real Property Trustee, Inc., a Delaware Corporation** was the original Trustee, and **Ruvin Feygenberg, an individual, as to an undivided 50.00% interest, and Sensible Consulting and Management, Inc., a California corporation, as to an undivided 50.00% interest** was the original Beneficiary under that certain Deed of Trust dated **01/31/2019** and recorded on **03/22/2019** as Instrument No. **20190258568**, in book n/a, page n/a of Official Records of Los Angeles County, California, and

**WHEREAS,** the undersigned is the present Beneficiary under said Deed of Trust, and

**WHEREAS,** the undersigned substitutes a new Trustee under said Deed of Trust in place and instead of said original Trustee, or Successor Trustee, thereunder, in the manner in said Deed of Trust provided.

**NOW, THEREFORE,** the undersigned hereby substitutes Witkin & Associates, LLC, as Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

Dated: ~~04/02/2020~~

4/3/20

Sensible Consulting and Management, Inc.

_____
Michael Leizerovitz, Manager

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of CALIFORNIA } ss.
County of SANTA BARBARA }

On 04/03/2020 before me, LUCAS C. ROMANIAC NOTARY personally appeared MICHAEL LEIZEROVITE _____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ _____(Seal)



# DECLARATION OF MAILING
# OF SUBSTITUTION OF TRUSTEE BY CODE

TS No.: **20-0162**
Trustor: **Lev Investments, LLC, a California limited liability company**

**I, April Witkin, Trustee Officer**, declare: That I am an officer, agent or employee of
Witkin & Associates, LLC whose business address is:

> 5805 Sepulveda Blvd., Suite 670
> Sherman Oaks, California 91411

I am over the age of eighteen years; On **4/21/2020**, by Certified and First Class mail, enclosed in
a sealed envelope with postage fully prepaid. I, caused to be deposited in the United States Mail,
a copy of the attached Substitution of Trustee to the trustee of record under the Deed of Trust
described in said Substitution, and;

A copy of the attached Substitution has been mailed prior to the recording thereof, in the manner
provided in Section 2924b of the Civil Code of the State of California to all persons to whom a
copy of the Notice of Default would be required to be mailed by the provisions of said section.

I certify (or declare) under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

Date: **4/21/2020**

April Witkin, Trustee Officer

# EXHIBIT "B"

**This page is part of your document - DO NOT DISCARD**



# 20200449835



**Pages:
0004**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**04/23/20 AT 08:00AM**

| | |
|---|---|
| FEES: | 33.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 108.00 |



**L E A D S H E E T**



202004230290041

00018168839



010700279

**SEQ:
02**

**SECURE - 8:00AM**







**THIS FORM IS NOT TO BE DUPLICATED**

E08_200423_7000056

RECORDING REQUESTED BY
Witkin & Associates, LLC
AND WHEN RECORDED MAIL TO:
Witkin & Associates, LLC
5805 Sepulveda Blvd., Suite 670
Sherman Oaks, California 91411

---

T.S. No.: 20-0162                     Other: 1437560CAD                     SPACE ABOVE THIS LINE FOR RECORDER'S USE
Loan No.: Lev Investments, LLC
                                                                           APN: 2247-013-001

## NOTICE OF TRUSTEE'S SALE UNDER DEED OF TRUST

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 01/31/2019. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

NOTICE is hereby given that **Witkin & Associates, LLC**, as trustee, or successor trustee, or substituted trustee, or as agent for the trustee, pursuant to the Deed of Trust executed by **Lev Investments, LLC, a California limited liability company** recorded **03/22/2019** as Instrument No. 20190258568 in book n.a., page n.a. of Official Records in the office of the County Recorder of Los Angeles County, California, and pursuant to the Notice of Default and Election to Sell thereunder recorded 01/22/2020 in Book n.a., Page n.a., as Instrument No. 20200084451 of said Official Records, **WILL SELL** on 05/21/2020 at 10:00 AM **Behind the fountain located in Civic Center Plaza, 400 Civic Center Plaza, Pomona, CA 91766.** AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH (payable at the time of sale in lawful money of the United States), all right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County and State hereinafter described: **As more fully described on said Deed of Trust.**

The property address and other common designation, if any, of the real property described above is purported to be: **13854 Albers Street, Sherman Oaks, CA 91401**

The undersigned Trustee disclaims any liability for any incorrectness of the property address and other common designation, if any, shown herein.

The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is: **$1,511,546.34***

*The actual opening bid may be more or less than this estimate (NOTE: If there is any type of pre-payment premium or other fee or charge that, under the terms of the secured obligation, becomes due on the date of sale, said fee or charges IS included in the above estimate).

NOTICE OF TRUSTEE'S SALE UNDER DEED OF TRUST

T.S. No.: 20-0162          Other: 1437560CAD
Loan No.: Lev Investments, LLC  APN: 2247-013-001

In addition to cash, the Trustee will accept a cashier's check drawn on a state or national bank, a check drawn by a state or federal credit union or a check drawn by a state or federal savings and loan association, savings association or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state. In the event other than cash is accepted, the Trustee may withhold the issuance of the Trustee's Deed until funds become available to the payee or endorsee as a matter of right.

Said sale will be made, but without covenant or warranty, express or implied regarding title, possession or encumbrances, to satisfy the indebtedness secured by said Deed of Trust including advances authorized thereunder and also including, without way of limitation, the unpaid principal balance of the Note secured by said Deed of Trust together with interest thereon as provided in said Note, plus the fees, charges and expenses of the trustee and the trusts created by said Deed of Trust.

THIS PROPERTY IS BEING SOLD IN AN "AS-IS" CONDITION.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call 916-939-0772 or visit this Internet Web site WWW.NATIONWIDEPOSTING.COM, using the file number assigned to this case 20-0162. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

FOR SALES INFORMATION AND STATUS 24 HOURS A DAY, SEVEN DAYS A WEEK, GO TO: WWW.NATIONWIDEPOSTING.COM OR CALL 916-939-0772.

## ADDITIONAL INFORMATION, DISCLOSURES AND CONDITIONS OF SALE:

(1) At the time of sale, the opening bid by the beneficiary may not represent a full credit bid. The beneficiary reserves the night, during the auction, to increase its credit bid incrementally up to a full credit bid. The beneficiary may also bid over and above its credit bid with cash, cashier's checks or cash equivalents.

(2) The Trustee's Deed Upon Sale (TDUS) will not be issued to the successful bidder until the bidder's payment has been deposited in the trustee's bank and cleared (all holds released). The bidder may have to take additional actions as required by trustee's bank in order to facilitate the deposit and clearance of bidder's funds.

(3) If, prior to the issuance of the TDUS, the trustee shall become aware of any deficiency in the foreclosure process, or if the trustee becomes aware of any bankruptcy or other legal issue affecting the validity of the foreclosure process, or if the trustee becomes aware of any bankruptcy or other legal issue affecting the



NOTICE OF TRUSTEE'S SALE UNDER DEED OF TRUST

T.S. No.: 20-0162    Other: 1437560CAD

Loan No.: **Lev Investments, LLC  APN: 2247-013-001**

validity of the foreclosure sale, then, after consultation with its attorneys, the trustee, in its sole discretion, may decline to issue the TDUS and return the bidder's funds, without interest. If, subsequent to the issuances of the TDUS, the trustee shall become aware of any deficiency in the foreclosure process, or if the trustee becomes aware of any bankruptcy or other legal issue affecting the validity of the foreclosure sale, then, after consultation with its attorneys, the trustee, in its sole discretion, may rescind the TDUS pursuant to Civil Code Section 1058.5(b) and return the bidder's funds, without interest.

(4)  When conducted, the foreclosure sale is not final until the auctioneer states "sold". Any time prior thereto, the sale may be canceled or postponed at the discretion of the trustee or the beneficiary. A bid by the beneficiary may not result in a sale of the property. All bids placed by the auctioneer are on behalf of the seller/beneficiary.

THIS COMMUNICATION MAY BE CONSIDERED AS BEING FROM A DEBT COLLECTOR. IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY, YOU MAY HAVE BEEN RELEASED FROM PERSONAL LIABILITY FOR THIS DEBT IN WHICH CASE THIS NOTICE IS INTENDED TO EXERCISE THE SECURED PARTY'S RIGHTS AGAINST THE REAL PROPERTY ONLY.

Date: 04/20/2020

**Witkin & Associates, LLC**
**5805 Sepulveda Blvd., Suite 670**
**Sherman Oaks, California 91411**
**Phone: (818) 845-4000**

BY: _____

April Witkin
Trustee Officer

# EXHIBIT "C"



**This page is part of your document - DO NOT DISCARD**

## 20190258568





**Pages:**
**0004**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**03/22/19 AT 02:38PM**

| | |
|---|---|
| FEES: | 53.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 150.00 |
| PAID: | 203.00 |



**L E A D S H E E T**



201903220930027

00016397731



009707986

**SEQ:**
**02**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

E528330

RECORDING REQUESTED BY:
**Ruvin Feygenberg and**
**Sensible Consulting and Management, Inc.**

WHEN RECORDED MAIL TO:

Ruvin Feygenberg
17777 Ventura Blvd.
Encino, CA 91316



03/22/2019

*20190258568*

ORDER NO.                                    SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

APN: 2247-013-001

**This Deed of Trust**, made this, between Lev Investments, LLC, a California limited liability company, herein called **TRUSTOR**, whose address is PO Box 16646, Beverly Hills, CA 90209,

**Real Property Trustee, Inc.,** a Delaware Corporation, herein called **TRUSTEE**, and

Ruvin Feygenberg, an individual, as to an undivided 50.00% interest, and Sensible Consulting and Management, Inc., a California corporation, as to an undivided 50.00% interest, herein called **BENEFICIARY**,

Witnesseth:  That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE,** that property in Los Angeles County, California, described as:

**For complete legal description, see exhibit "A" attached hereto.**

TOGETHER  WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

**For the Purpose of Securing:**  1.  Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $1,257,675.00 executed by Trustor in favor of Beneficiary by order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**  By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded under date,  in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glen | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1481 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego | Series 2, Book 1961, Page 183887 | | | | |

FOR SIGNATURE(S) SEE SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.

## SHORT FORM DEED OF TRUST SIGNATURE(S) PAGE

ORDER NO.

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

Lev Investments, LLC

X _____          Date: 01/31/19

Dmitri Lioudkovski, Manager

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA

COUNTY OF    LOS ANGELES

On January 31, 2019 before me, Brandon Alexander Guerrero _____, a Notary Public, personally appeared Dmitri Lioudkovski _____
_____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

BRANDON ALEXANDER GUERRERO
Notary Public – California
Los Angeles County
Commission # 2221730
My Comm. Expires Nov 12, 2021

Signature _____

(Seal)

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

# EXHIBIT "A"

All that certain real property situated in the County of Los Angeles, State of California, described as follows:

THE NORTH 190 FEET OF THE EAST 99 FEET OF THE WEST 110 FEET OF LOT 103 TRACT NO. 1000, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 19 PAGES 1 TO 34, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

ASSESSOR'S PARCEL NUMBER: 2247-013-001

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

ORDER NO.

The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1)   To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violations of law to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.

(2)   To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary.  The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor.  Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3)   To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suite brought by Beneficiary to foreclose this Deed.

(4)   To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior of superior hereto, all costs, fees and expenses of this Trust.
Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5)   To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6)   That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and  shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7)   That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his rights either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8)   That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may reconvey any part of said property, consent to the making of any map or plot thereof, join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9)   That upon written request of Beneficiary state that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder.  The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.  The grantee in such reconveyance may be described as "The person or persons legally entitled thereto".  Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10)   That as additional security, Trustor hereby give to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable.  Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees.  Upon any indebtedness secured hereby, and in such order as Beneficiary may determine.  The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11)   That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder.  Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property which notice Trustee shall cause to be filed for record.  Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.
After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale.  Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied.  The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof.  Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.
After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

(12)   Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties.  Said instrument must contain the name of the original Trustor.  Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13)   That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns.  The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby whether or not named as Beneficiary herein in this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14)   That Trustee accepts this Trust when this Deed, duly executed and acknowledged and is made a public record as provided by law.  Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary of Trustee shall be a party unless brought by Trustee.

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

# SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS
## DO NOT RECORD

ORDER NO.

## REQUEST FOR FULL RECONVEYANCE

To be used only when note has been paid:

To, Trustee

Dated _____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

_____

_____

By _____

By _____

**MAIL RECONVEYANCE TO:**

_____

_____

_____

_____

**ALL SIGNATURES TO THIS DOCUMENT MUST BE NOTARIZED**

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

# EXHIBIT "D"



**This page is part of your document - DO NOT DISCARD**

# 20190099571





**Pages:**
**0003**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**02/01/19 AT 08:00AM**

| | |
|---|---|
| FEES: | 23.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 98.00 |



**L E A D S H E E T**



**201902010230085**

**00016228014**



**009608547**

**SEQ:**
**01**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

E08_190201_6110052

E493367

RECORDING REQUESTED BY
LAWYERS TITLE

RECORDING REQUESTED BY:
**California TD Specialists**

AND WHEN RECORDED TO:
AND MAIL TAX STATEMENT TO:
**LEV INVESTMENTS, LLC, ET AL**
**P.O. BOX 16646**
**BEVERLY HILLS, CA 90209**
**Forward Tax Statements to**
**the address given above**

SPACE ABOVE LINE FOR RECORDER'S USE

TS #: 83173                                    Order #: 05936537
Loan #: 399135126

# TRUSTEE'S DEED UPON SALE

A.P.N.: 2247-013-001                    Transfer Tax: **$0.00**
THIS TRANSACTION IS EXEMPT FROM THE REQUIREMENTS OF THE REVENUE AND TAXATION CODE,
SECTION 480.3
The Grantee Herein **was** the Foreclosing Beneficiary.
The Amount of the Unpaid Debt was **$2,302,132.67**
The Amount Paid by the Grantee was **$2,150,000.00**                    **ACCOMMODATION**
Said Property is in the City of **LOS ANGELES**, County of Los Angeles

**CALIFORNIA TD SPECIALISTS**, as Trustee, (whereas so designated in the Deed of Trust hereunder more
particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to

**Lev Investments, LLC, a California limited liability company, as to an undivided 50.00%**
**Interest, Ruvin Feygenberg, an individual, as to an undivided 25.00% interest and Michael**
**Leizerovitz, an individual, as to an undivided 25.00% interest.**

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed
to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of **Los**
**Angeles**, State of California, described as follows:

**THE NORTH 190 FEET OF THE EAST 99 FEET OF THE WEST 110 FEET OF LOT 103 TRACT NO. 1000, IN THE CITY OF LOS**
**ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 19 PAGES 1 TO 34,**
**INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **MANUK**
**ABOYAN, AN INDIVIDUAL** as Trustor, dated **10/24/2016** of the Official Records in the office of the Recorder of
**Los Angeles**, California under the authority and powers vested in the Trustee designated in the Deed of Trust or as
the duly appointed Trustee, default having occurred under the Deed of Trust pursuant to the Notice of Default and
Election to Sell under the Deed of Trust recorded on 11/17/2016, instrument number **20161352625**, Book N/A, Page
N/A of official records. Trustee having complied with all applicable statutory requirements of the State of
California and performed all duties required by the Deed of Trust including sending a Notice of Default and Election
to Sell within ten days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified
mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

Forward Tax Statements to the address given above





83173                    TS-TDUS                    Trustee's Deed Upon Sale (CA)                    131003

# TRUSTEE'S DEED UPON SALE

TS #: **83173**
Loan #: **399135126**
Order #: **05936537**

All requirements per California Statutes regarding the mailing, personal delivery and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with.  Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on **1/30/2019**.  Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being **$2,150,000.00**, in lawful money of the United States, in pro per, receipt thereof is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust.

In witness thereof, **CALIFORNIA TD SPECIALISTS**, as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation-by-laws.

Date: **1/30/2019**

CALIFORNIA TD SPECIALISTS, AS TRUSTEE

By: _____
Patricio S. Ince', Vice President

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF California
COUNTY OF Orange

On 1/30/2019 before me, Teri Snyder Notary Public Personally appeared, Patricio S. Ince', Vice President  who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary Public                                                     (Seal)

TERI SNYDER
COMM. # 2185804
NOTARY PUBLIC • CALIFORNIA
ORANGE COUNTY
Comm. Exp. APRIL 4, 2021

# EXHIBIT "E"



**This page is part of your document - DO NOT DISCARD**



# 20130597359



**Pages:**
**0004**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**04/22/13 AT 12:11PM**

| | | |
|---|---|---|
| FEES: | | 35.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| PAID: | | 35.00 |



**L E A D S H E E T**

201304220760110

00007551515

004791120

**SEQ:**
**01**

**DAR - Mail (Hard Copy)**

**THIS FORM IS NOT TO BE DUPLICATED**

E489071

RECORDING REQUESTED BY

WHEN RECORDED MAIL TO

✓ NAME   M. DAVID DeSANTIS

✓ MAILING  1330 Broadway, SUITE
1032

✓ CITY, STATE ZIP CODE
OAKLAND, CA  94612

04/22/2013

*20130597359*

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

## TITLE(S)

#35

✓   ABSTRACT  OF  JUDGMENT

*3*

EJ-001

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, address, State Bar number, and telephone number):
Recording requested by and return to          510-465-5212
M. David DeSantis (132629)
Gianunzio & DeSantis LLP
130 Broadway
Suite 1032
Oakland, CA 94612

[✓] ATTORNEY FOR    [✓] JUDGMENT CREDITOR    [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
STREET ADDRESS:  400 McAllister Street
MAILING ADDRESS
CITY AND ZIP CODE  San Francisco, CA 94102
BRANCH NAME:  Civil

FOR RECORDER'S USE ONLY

PLAINTIFF:  Ming Zhu, LLC

DEFENDANT:  San Francisco Medical Imaging, Inc., et al.

CASE NUMBER:
CGC-11-516808

FOR COURT USE ONLY

| ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS | [ ] Amended |
|---|---|

1. The [✓] judgment creditor [ ] assignee of record applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address

   ```
   RUVIN FEYGENBERG
   18044 VALLEY VISTA BLVD.
   ENCINO, CA 91316
   ```

   b. Driver's license no. [last 4 digits] and state: xxxx9366 CA    [ ] Unknown
   c. Social security no. [last 4 digits]:  xxx-xx-5670    [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address):  Veriza Doe, Sub
      17779 Ventura Blvd., Encino, CA 91316

2. [✓] Information on additional judgment debtors is shown on page 2.

3. Judgment creditor (name and address):
   Ming Zhu, LLC, c/o M. David DeSantis, Esq.
   1330 Broadway, Ste. 1032, Oakland, CA 94612

Date: March 6, 2013
M. David DeSantis
         (TYPE OR PRINT NAME)

4. [ ] Information on additional judgment creditors is shown on page 2.

5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

         (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $ 169,885.38

7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on (date):  March 4, 2013
   b. Renewal entered on (date):

9. [ ] This judgment is an installment judgment.

10. [ ] An [ ] execution lien [ ] attachment lien is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of (name and address):

11. A stay of enforcement has
    a. [✓] not been ordered by the court.
    b. [ ] been ordered by the court effective until (date):

12. a. [✓] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

[SEAL: SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO]

CLERK OF THE COURT

This abstract issued on (date):
MAR 1 4 2013

Clerk, by  RAYMOND WONG    , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev January 1, 2008]

ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS

Page 1 of 2
Code of Civil Procedure, §§ 488.480, 674, 700.190

| PLAINTIFF: Ming Zhu, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT: San Francisco Medical Imaging, Inc., et al. | CGC-11-516808 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*          14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.          Name and last known address

San Francisco Medical Imaging, Inc.
815 Hyde Street, Suite 100
San Francisco, CA 94109

Driver's license no  [last 4 digits]
and state:                                     ☑ Unknown

Social security no. [last 4 digits]:           ☑ Unknown

Summons was personally served at or mailed to *(address):*

Max Frid, Agent
8159 Santa Monica Blvd., Suite 200
West Hollywood, CA 90046

17.          Name and last known address

Driver's license no. [last 4 digits]
and state:                                     ☐ Unknown

Social security no. [last 4 digits]:           ☐ Unknown

Summons was personally served at or mailed to *(address):*

18.          Name and last known address

Driver's license no. [last 4 digits]
and state:                                     ☐ Unknown

Social security no. [last 4 digits]:           ☐ Unknown

Summons was personally served at or mailed to *(address):*

19.          Name and last known address

Driver's license no. [last 4 digits]
and state:                                     ☐ Unknown

Social security no. [last 4 digits]:           ☐ Unknown

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

EJ-001 [Rev January 1, 2008]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 2 of 2

# EXHIBIT "F"

## EXECUTIVE DEPARTMENT
## STATE OF CALIFORNIA

### EXECUTIVE ORDER N-28-20

**WHEREAS** on March 4, 2020, I proclaimed a State of Emergency to exist in California as a result of the threat of COVID-19; and

**WHEREAS** despite sustained efforts, the virus remains a threat, and further efforts to control the spread of the virus to reduce and minimize the risk of infection and otherwise mitigate the effects of COVID-19 are needed; and

**WHEREAS** the economic impacts of COVID-19 have been significant, and could threaten to undermine Californians' housing security and the stability of California businesses; and

**WHEREAS** many Californians are experiencing substantial losses of income as a result of business closures, the loss of hours or wages, or layoffs related to COVID-19, hindering their ability to keep up with their rents, mortgages, and utility bills; and

**WHEREAS** Californians who are most vulnerable to COVID-19, those 65 years and older, and those with underlying health issues, are advised to self-quarantine, self-isolate, or otherwise remain in their homes to reduce the transmission of COVID-19; and

**WHEREAS** because homelessness can exacerbate vulnerability to COVID-19, California must take measures to preserve and increase housing security for Californians to protect public health; and

**WHEREAS** local jurisdictions, based on their particular needs, may therefore determine that additional measures to promote housing security and stability are necessary to protect public health or to mitigate the economic impacts of COVID-19; and

**WHEREAS** local jurisdictions may also determine, based on their particular needs, that promoting stability amongst commercial tenancies is also conducive to public health, such as by allowing commercial establishments to decide whether and how to remain open based on public health concerns rather than economic pressures, or to mitigate the economic impacts of COVID-19; and

**WHEREAS** in addition to these public health benefits, state and local policies to promote social distancing, self-quarantine, and self-isolation require that people be able to access basic utilities—including water, gas, electricity, and telecommunications—at their homes, so that Californians can work from home, receive public health information, and otherwise adhere to policies of social distancing, self-quarantine, and self-isolation, if needed; and

WHEREAS many utility providers, public and private, covering electricity, gas, water, and sewer, have voluntarily announced moratoriums on service disconnections and late fees for non-payment in response to COVID-19; and

WHEREAS many telecommunication companies, including internet and cell phone providers, have voluntarily announced moratoriums on service disconnections and late fees for non-payment in response to COVID-19;

NOW, THEREFORE, I, GAVIN NEWSOM, Governor of the State of California, in accordance with the authority vested in me by the State Constitution and statutes of the State of California, and in particular, Government Code sections 8567 and 8571, do hereby issue the following order to become effective immediately:

IT IS HEREBY ORDERED THAT:

1) The time limitation set forth in Penal Code section 396, subdivision (f), concerning protections against residential eviction, is hereby waived.  Those protections shall be in effect through May 31, 2020.

2) Any provision of state law that would preempt or otherwise restrict a local government's exercise of its police power to impose substantive limitations on residential or commercial evictions as described in subparagraphs (i) and (ii) below—including, but not limited to, any such provision of Civil Code sections 1940 et seq. or 1954.25 et seq.—is hereby suspended to the extent that it would preempt or otherwise restrict such exercise.  This paragraph 2 shall only apply to the imposition of limitations on evictions when:

   (i)   The basis for the eviction is nonpayment of rent, or a foreclosure, arising out of a substantial decrease in household or business income (including, but not limited to, a substantial decrease in household income caused by layoffs or a reduction in the number of compensable hours of work, or a substantial decrease in business income caused by a reduction in opening hours or consumer demand), or substantial out-of-pocket medical expenses; and

   (ii)  The decrease in household or business income or the out-of-pocket medical expenses described in subparagraph (i) was caused by the COVID-19 pandemic, or by any local, state, or federal government response to COVID-19, and is documented.

The statutory cause of action for judicial foreclosure, Code of Civil Procedure section 725a et seq.; the statutory cause of action for unlawful detainer, Code of Civil Procedure section 1161 et seq., and any other statutory cause of action that could be used to evict or otherwise eject a residential or commercial tenant or occupant of residential real property after foreclosure is suspended only as applied to any tenancy, or residential real property and any

occupation thereof, to which a local government has imposed a limitation on eviction pursuant to this paragraph 2, and only to the extent of the limitation imposed by the local government.

Nothing in this Order shall relieve a tenant of the obligation to pay rent, nor restrict a landlord's ability to recover rent due.

The protections in this paragraph 2 shall be in effect through May 31, 2020, unless extended.

3) All public housing authorities are requested to extend deadlines for housing assistance recipients or applicants to deliver records or documents related to their eligibility for programs, to the extent that those deadlines are within the discretion of the housing authority.

4) The Department of Business Oversight, in consultation with the Business, Consumer Services, and Housing Agency, shall engage with financial institutions to identify tools to be used to afford Californians relief from the threat of residential foreclosure and displacement, and to otherwise promote housing security and stability during this state of emergency, in furtherance of the objectives of this Order.

5) Financial institutions holding home or commercial mortgages, including banks, credit unions, government-sponsored enterprises, and institutional investors, are requested to implement an immediate moratorium on foreclosures and related evictions when the foreclosure or foreclosure-related eviction arises out of a substantial decrease in household or business income, or substantial out-of-pocket medical expenses, which were caused by the COVID-19 pandemic, or by any local, state, or federal government response to COVID-19.

6) The California Public Utilities Commission is requested to monitor measures undertaken by public and private utility providers to implement customer service protections for critical utilities, including but not limited to electric, gas, water, internet, landline telephone, and cell phone service, in response to COVID-19, and on a weekly basis publicly report these measures.

Nothing in this Order shall be construed to invalidate any limitation on eviction enacted by a local jurisdiction between March 4, 2020 and this date.

Nothing in this Order shall in any way restrict state or local authority to order any quarantine, isolation, or other public health measure that may compel an individual to remain physically present in a particular residential real property.

This Order is not intended to, and does not, create any rights or benefits, substantive or procedural, enforceable at law or in equity, against the State of California, its agencies, departments, entities, officers, employees, or any other person.

**I FURTHER DIRECT** that as soon as hereafter possible, this proclamation be filed in the Office of the Secretary of State and that widespread publicity and notice be given of this Order.

**IN WITNESS WHEREOF** I have hereunto set my hand and caused the Great Seal of the State of California to be affixed this 16th day of March 2020.

_____
GAVIN NEWSOM
Governor of California

ATTEST:

_____
ALEX PADILLA
Secretary of State

# EXHIBIT "G"





































































































# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 1

**19STCV45132**                                                                  May 18, 2020
**FR LLC vs LEV INVESTMENTS, LLC, et al.**                                         8:30 AM

Judge: Honorable Samantha Jessner          CSR: None
Judicial Assistant: N DiGiambattista       ERM: None
Courtroom Assistant: None                  Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Thomas L. Reynolds (x)

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** EX PARTE APPLICATION OF PLAINTIFF, FR LLC, FOR
TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE
PRELIMINARY INJUNCTION

Matter comes on for hearing in Department One. There is no appearance by defendant.
.
The ex parte application is denied. Plaintiff provides no evidence of the parties' agreement and if
plaintiff is a beneficial owner of the property, he has an adequate remedy at law.
.
Counsel for plaintiff is to give notice.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION PURSUANT TO RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 5, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Katherine Bunker    kate.bunker@usdoj.gov**
- **John Burgee    jburgee@bandalaw.net**
- **Caroline Renee Djang (TR)    caroline.djang@bbklaw.com**
- **David B Golubchik    dbg@lnbyb.com, stephanie@lnbyb.com**
- **Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com**
- **United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov**

**2.    SERVED BY UNITED STATES MAIL**: On **June 5, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Michael Shemtoub, Esq.
Law Offices of Michael Shemtoub
4929 Wilshire Blvd., Suite 702
Los Angeles, CA 90010

☐ *Service information continued on attached page*

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 5, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

***Served by Attorney Service***
Hon. Victoria S. Kaufman
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 354 / Courtroom 301
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 5, 2020 | Stephanie Reichert | */s/ Stephanie Reichert* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                              **F 9013-3.1.PROOF.SERVICE**