| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Thomas D. Sands, Esq.<br>THE SANDS LAW GROUP, APLC<br>205 S Broadway, Ste 903<br>Los Angeles, CA 90012<br>T: (213) 788-4412<br>F: (888) 623-8382 | |
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for:*  The Sands Law Group, APLC | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| In re:<br><br>LEV INVESTMENTS, LLC | CASE NO.: 1:20-bk-11006-VK<br><br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF MOTION FOR:**<br><br>MOTION TO CONVERT CASE TO A CHAPTER 11 AND APPOINTMENT OF A CHAPTER 11 TRUSTEE<br><br><br><br>*(Specify name of Motion)* |
| Debtor(s). | DATE: 07/16/2020<br>TIME:  1:30 pm<br>COURTROOM: 301<br>PLACE: 21041 Burbank Blvd.<br>            Woodland Hills, CA 91367 |

1. TO (*specify name*):  THE HONORABLE COURT, DEBTOR, ITS COUNSEL OF RECORD AND ALL INTERESTED

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date:  06/16/2020

THE SANDS LAW GROUP, APLC
Printed name of law firm

Signature

THOMAS D. SANDS, ESQ.
Printed name of attorney

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                          Page 2                          **F 9013-1.1.HEARING.NOTICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
205 S Broadway, Ste 903
Los Angeles, CA 90012

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION FOR** (*specify name of motion*)
 MOTION TO CONVERT CASE TO A CHAPTER 11 AND APPOINTMENT OF A CHAPTER 11 TRUSTEE; and
 MOTION TO CONVERT CASE TO A CHAPTER 11 AND APPOINTMENT OF A CHAPTER 11 TRUSTEE
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 06/17/2020   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 06/17/2020   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 06/17/2020   , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Victoria S. Kaufman, Judge, US Bankruptcy Court   via Express Mail

21041 Burbank Blvd., Suite 354

Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 06/17/2020 | Thomas D. Sands, Esq. | *Tom Hunt* (signature) |
| Date | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                              Page 3                              **F 9013-1.1.HEARING.NOTICE**

Via Notice of Electronic Filing (NEF):

- **Katherine Bunker**    kate.bunker@usdoj.gov
- **John Burgee**    jburgee@bandalaw.net
- **Caroline Renee Djang (TR)**    caroline.djang@bbklaw.com, C190@ecfcbis.com; sansanee.wells@bbklaw.com; wilma.escalante@bbklaw.com
- **David B Golubchik**    dbg@lnbyb.com, stephanie@lnbyb.com
- **Juliet Y Oh**    jyo@lnbrb.com, jyo@lnbrb.com
- **Thomas D Sands**    thomas@thesandslawgroup.com, thomas@thesandslawgroup.com
- **David A Tilem**    davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com; joanfidelson@tilemlaw.com; JoanFidelson@ecf.inforuptcy.com; DianaChau@tilemlaw.com
- **United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov

Label Matrix for local noticing
0973-1
Case 1:20-bk-11006-VK
Central District of California
San Fernando Valley
Tue Jun 16 14:06:24 PDT 2020

Employment Development Dept
Bankruptcy Group MIC 92E
P. O. Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
Bankruptcy Section MS: A-340
P. O. Box 2952
Sacramento, CA 95812-2952

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

(p)LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

Lev Investments, LLC
13854 Albers Street
Sherman Oaks, CA 91401-5811

(p)OFFICE OF  FINANCE   CITY OF LOS ANGELES
200 N SPRING ST RM 101 CITY HALL
LOS ANGELES CA 90012-3224

Securities & Exchange Commission
444 South Flower St., Suite 900
Los Angeles, CA 90071-2934

San Fernando Valley Division
21041 Burbank Blvd,
Woodland Hills, CA 91367-6606

FR, LLC
c/o Michael Shemtoub, Esq.
4929 Wilshire Blvd., suite 702
Los Angeles, CA 90010-3824

Franchise Tax Board
Special Procedures
POB 2952
Sacramento, CA 95812-2952

G&B Law, LLP
Attn:  James R. Felton
16000 Ventura Blvd., suite 1000
Encino, CA 91436-2762

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Jeff Nodd, Esq.
15250 Ventura Blvd
Encino, CA 91403-3201

LDI Ventures, LLC
423 N Palm dr
Beverly Hills, CA 90210-3974

Landmark Land, LLC
Attn Alex Polovinchik
860 Via De La Paz, suite E-1
Pacific Palisades, CA 90272-3668

Michael Leizerovitz
15 Via Monarca St.
Dana Point, CA 92629-4082

Michael Masinovsky
21810 Eaton Place
Cupertino, CA 95014-1182

Ming Zhou
Thomas Krantz, Esq.
2082 Michelson Drive, Suite 212
Irvine, CA 92612-1213

(p)REAL PROPERTY TRUSTEE  INC
ATTN MIKE KEMEL
PO BOX 17064
BEVERLY HILLS CA 90209-3064

Sensible Consulting & Mgmt Inc
c/o John Burgee Esq.
20501 Ventura Boulevard, Suite 262
Woodland Hills, CA 91364-6410

Thomas Sands, Esq.
The Sands Law Group, APLC
205 South Broadway, Suite 903
Los Angeles, CA 90012-3618

U.S. Trustee  San Fernando  Valley
915 Wilshire Blvd.
Suite 1850
Los Angeles, CA 90017-3560

United States Trustee (SV)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Caroline Renee Djang (TR)
18101 Von Karman Ave., Suite 1000
Irvine, CA 92612-0164

David B Golubchik
Levene Neale Bender Yoo & Brill LLP
10250 Constellation Blvd Ste 1700
Los Angeles, CA 90067-6253

Juliet Y Oh
10250 Constellation Blvd Ste 1700
Los Angeles, CA 90067-6253

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

L.A. County Tax Collector
Bankruptcy Unit
P.O. Box 54110
Los Angeles, CA 90051-0110

Los Angeles City Clerk
P.O. Box 53200
Los Angeles, CA 90053-0200

Internal Revenue Service
Insolvency I Stop 5022
300 N. Los Angeles St., #4062
Los Angeles, CA 90012-9903

(d)Los Angeles County Tax Collector
P.O. Box 54018
Los Angeles, CA 90054-0018

Real Property Trustee, Inc.
P.O. Box 17064
Beverly Hills, CA 90209

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

End of Label Matrix
Mailable recipients    26
Bypassed recipients     1
Total                  27

Thomas D. Sands, Esq. SBN 279020
THE SANDS LAW GROUP, APLC
205 S Broadway, Ste 903
Los Angeles, California 90012
Telephone:      (213) 788-4412
Facsimile:      (888) 623-8382

Attorney for The Sands Law Group, APLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | ) Case No.: 1:20-bk-11006-VK |
| | ) |
| LEV INVESTMENTS, LLC, | ) Chapter 11, Subchapter V |
| | ) |
| Debtor. | ) MOTION TO CONVERT CASE TO CHAPTER 11 |
| | ) AND APPOINT A CHAPTER 11 TRUSTEE |
| | ) |
| | ) Date:         July 16, 2020 |
| | ) Time:         1:30 p.m. |
| | ) Location:     Courtroom 301 |
| | )               21041 Burbank Blvd. |
| | )               Woodland Hills, CA 91367 |
| | ) |

TO THE HONORABLE COURT VICTORIA S. KAUFMAN, UNITED STATES
BANKRUPTCY COURT JUDGE, DEBTOR, ITS COUNSEL OF RECORD, AND ALL
INTERESTED PARTIES:

Creditor The Sands Law Group, APLC, hereinafter Creditor or Sands, submits its Motion
to Convert Case to Chapter 11 and Appoint a Chapter 11 Trustee.

## <u>TABLE OF CONTENTS</u>

**MEMORANDUM OF POINTS AND AUTHORITIES**................................................1

**I.    INTRODUCTION**...............................................................................1

**II.    STATEMENT OF FACTS**..................................................................1

**III.    STATEMENT OF FACTS WHY THE SANDS LAW GROUP HAS FILED
THE MOTION** ......................................................................................6

**IV.    ARGUMENT**...................................................................................8

**V.    THE CASE MUST BE CONVERTED TO A CHAPTER 11 BANKRUPTCY
AND A CHAPTER 11 BANKRUPTCY TRUSTEE APPOINTED**............................8

**VI.    THE CASE MUST BE CONVERTED TO A CHAPTER 11 AND A
CHAPTER 11 TRUSTEE APPOINTED AS THE DEBTOR AND LIOUDKOVSKI
NEVER PROVIDED THE SCHEDULES THAT ARE REQUIRED OF THEM
AND THE SCHEDULES PROVIDED ARE INFESTED WITH FRAUDULENT
REPRESENTATIONS AND OMISSIONS** ...................................................9

**VII.    DEBTOR DOES NOT QUALIFY FOR SUBCHAPTER V AS A MATTER
OF LAW**.............................................................................................12

**VIII.    THE DEBTOR MUST BE CONVERTED TO A CHAPTER 11 AND A
CHAPTER 11 TRUSTEE APPOINTED** ......................................................12

**IX.    CONCLUSION** ..............................................................................14

1

**X.      DECLARATION OF THOMAS D SANDS, ESQUIRE....................................18**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO CONVERT CASE TO CHAPTER 11 AND APPOINTMENT OF A CHAPTER 11 TRUSTEE

# TABLE OF AUTHORITIES

**Federal Court Opinions**

*In re Ag Serv. Ctrs* (Bankr.W.D. Mo. 1999) 239 B.R. 545 ............................................ 12

*In re D.H. Overmyer Telecasting Co.* (Bankr.N.D. Ohio 1982) 23 B.R. 823 .................. 9

*In re Deena Packaging Industries, Inc.* (Bankr.S.D.N.Y. 1983) 29 B.R. 705 ............... 14

*In re Eurospark Indus.* (Bankr.E.D.N.Y. 2010) 424 B.R. 621 ....................................... 13

*In re Ionosphere Clubs, Inc.* (Bankr.S.D.N.Y. 1990) 113 B.R. 164 .............................. 13

*In re Marvel Entertainment Group* (3d Cir. 1998) 140 F.3d 463 .................................. 13

*In re Sillerman* (Bankr.S.D.N.Y. 2019) 605 B.R. 631 ............................................ *passim*

*In re v.* (Bankr.E.D.N.Y. 1989) 99 B.R. 518 ......................................................... *passim*

*Jack v. Trans World Airlines* (N.D.Cal. 1994) 854 F.Supp. 654 ................................... 11

*United States v. Nouira* (E.D.N.Y. Aug. 21, 2006), No. 06-CR-135 (JBW), 2006 WL 2417245 .............................................................................................................. 11

**California State Opinions**

*Siegal v. Superior Court* (1968) 68 Cal.2d 97 ............................................................. 22

*Siegal v. Superior Court of Los Angeles County* (1968) 68 Cal.2d 97 ........................... 5

**California State Statutes**

Civ. Code, section 1632 ........................................................................................ *passim*

Code Civ. Proc., section 308 ........................................................................ 9

Code Civ. Proc., section 341 ...................................................................... 10

Code Civ. Proc., section 363(c)(1) ............................................................. 15

Code Civ. Proc., section 363(c)(2) ............................................................. 10

Code Civ. Proc., section 364(a) .................................................................. 15

Code Civ. Proc., section 704(a)(8) ............................................................. 15

Code Civ. Proc., section 1104(a)(1) ........................................................... 12

Code Civ. Proc., section 1116 ...................................................................... 9

Code Civ. Proc., section 1116(1) .................................................................. 9

Code Civ. Proc., section 2017.310 ...................................................... *passim*

Code Civ. Proc., sections 1106(a)(1), subd. (a)(2) ................................... 15

**United States Code**

11 U.S.C. section 1112 ............................................................................... 15

11 U.S.C. section 1182(a) .......................................................................... 12

28 U.S.C. section 1746 .............................................................................. 10

**Rules**

California Rules of Court, rule 3.650 .................................................. *passim*

Fed. Rules of Evid., rule 604 ............................................................... *passim*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Fed. Rules of Evid., rule 901 ............................................................................ 11

Fed. Rules of Evid., rule 901(a) ...................................................................... 11

MOTION TO CONVERT CASE TO CHAPTER 11 AND APPOINTMENT OF A CHAPTER 11 TRUSTEE

<div align="center">

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

</div>

The nexus for this Motion is that the Debtor-in-Possession (DIP), Dmitri Lioudkovski, the Debtor's Manager, (Lioudkovski hereafter) has committed every sin that 11[1] USC. § 1185 expressly proscribes, "including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor, either before or after the date of commencement of the case."

<div align="center">

## II.    STATEMENT OF FACTS

</div>

Lioudkovski immigrated to the United States in the early-1990s and is a Russian citizen. He obtained his social security number in 1992. He is known by and has operated with no less than 8 AKAs. Lioudkovski sought refuge in the United States because he has defrauded many in Russia, resulting in him being shot 6 times but still surviving–a modern Rasputin.

On April 11, 2014, Lioudkovski formed LDI. Ventures, LLC, and is its sole member. See **Exhibit A**, a true and correct copy, attached, and incorporated herein by reference.

On January 20, 2015, Lioudkovski created Lev Investments, LLC and is its sole member, although on paper, it is his wife, who is a Russian national and has no legal status in the United States. See **Exhibit B**, a true and correct copy, attached, and incorporated herein by reference.

Lioudkovski acting as the DIP executed the "**List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders**" and therein stated that LDI. Ventures is owed $2,800,000 from Lev Investments, LLC, (the Debtor) and executed the Official Form 204. See **Exhibit C**, a true and correct copy, attached and incorporated herein by reference.

The address provided for LDI. Ventures LLC is 423 N. Palm Dr., Beverly Hills, CA 90210 which is the home address of Lioudkovski. See **Exhibit C**, a true and correct copy, attached and incorporated herein by reference.

Also appearing on the "**List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders**" is Landmark Land LLC. The claim is for $50,000, and Landmark Land's interest is

---

[1] All further references are to this Code unless expressly stated.

MOTION TO CONVERT CASE TO CHAPTER 11 AND APPOINTMENT OF A CHAPTER 11 TRUSTEE

directed to Mr. Alex Polovinhik. See **Exhibit C**, a true and correct copy, attached, and incorporated herein by reference. Mr. Alex Polovinhik is the accountant for Lioudkovski and his entities.

Landmark Land LLC was created in 2019 and has as its sole member Nataliya Privalikhina and its Chief Executive Officer Mr. Nikita Lyudkovskiy (who is the son of Lioudkovski) (the alteration of the spelling of the name frustrates fact-finding, and the names are pronounced the same). Both Nataliya Privalikhina and Mr. Nikita Lyudkovskiy, reside at 423 N. Palm Dr., Beverly Hills, CA 90210, with Lioudkovski. See **Exhibit D**, a true and correct copy, attached, and incorporated herein by reference.

The representation made in the Schedules being false on their face (with a little research) are false as both Debtor and Lioudkovski, as Lyudkovskiy is an insider under § 101(31)(A), (B).

"Nataliya Privalikhina" probably does not exist. A deep search of her was conducted utilizing the latest and the most in-depth investigative tools (i.e., the same databases used by law enforcement) and the most readily available ones (i.e., google) and the net results in both areas were "zero results found."

The prophylactic utilized for the brazen deception reveals itself on Official Form 202, which is the "Declaration under Penalty of Perjury for Non-Individual Debtors," where the box used to indicate that the Official Form 204 is true and correct is left unchecked.[2] See **Exhibit E**, a true and correct copy, attached and incorporated herein by reference; ergo the document was filed, but filed in a manner that can be artfully distanced from if an inquiry occurs. Official Form 204 is simply an artifice of brazen deceit.

Every part of the schedules is but a spoke in a wheel of deceit and deception. Part 4 of Official Form 206 A/B asks: "Does the debtor own any investments?" To which Lioudkovski responds no. See **Exhibit F**, a true and correct copy, attached, and incorporated herein by reference. Lioudkovski must have forgotten that on November 8, 2019, he obtained a Trustee's Deed Upon Sale for a substantially sized parcel of land located in the County of Riverside and which can be identified by County of

---

[2] As will be discussed in detail further in the brief, the entirety of the schedules along with this bankruptcy, is a compilation of fraud and deceit.

MOTION TO CONVERT CASE TO CHAPTER 11 AND APPOINTMENT OF A CHAPTER 11 TRUSTEE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Riverside Assessor's Parcel Number: 697-330-002-4. See **Exhibit G**, a true and correct copy, attached and incorporated herein by reference.

The Riverside County Assessor last valued this land on October 17, 2014, for $11,425,000.00. See **Exhibit H**, a true and correct copy, attached, and incorporated herein by reference.

The Debtor's Schedules further reveal that they are incurably infected by fraud when on Part 9 of Official Form 206 A/B, which requires the disclosure of: "does the debtor own or lease any real property?" (see **Exhibit F**, part 9) to which Lioudkovski on behalf of the Debtor states "Yes" and then the Form requires to "Fill in the information below" (see **Exhibit F**, part 9). Thus, Paragraph 55 of Official Form 206 A/B requires to fill in: "Any building, other improved real estates, or land which the debtor owns or in which the debtor has an interest [:] **Description and location of property** Include street address or other descriptions such as Assessor's Parcel Number (APN), and type of property (for example acreage, factory, warehouse, apartment or office building, if available."

In Paragraph 55.1 of Official Form 206 A/B the schedules provide for the filing in of the information Paragraph 55 requires and to which Lioudkovski states only: "Single-family residence located at 13854 Albers Street, Sherman Oaks, CA 91401, Fee simple, [Net book value of debtor's interest (where available)]: $3,300,000.00; [Valuation method used for current value]: no response is provided by Lioudkovski; [Current value of debtor's interest], $3,300,000.00. See **Exhibit F**, a true and correct copy, attached hereto, and incorporated herein by reference. Nothing is said about any other real property.

Schedule A/B at question 58 requires the disclosure of: "Has any of the property listed in part 9 been appraised by professional within the last year?" See **Exhibit F**, a true and correct copy, attached, and incorporated herein by reference. The Debtor and Lioudkovski wanting to demonstrate to this Court that there is utter transparency and that they follow the letter of the law fail to disclose that an "appraisal by a professional" was done on May 5, 2019. See **Exhibit I**, a true and correct copy, attached and incorporated herein by reference. It is evident that the Debtor and Lioudkovski are the consummate honest debtor for which Congress created the bankruptcy courts to provide relief to when they demonstrate that since the appraisal was done 390 days before the bankruptcy was filed on June 1,

2020, rather than 365 days before, that they did not disclose the fact on the Schedules. Life would be so much easier if all Debtors came to the Court with the virtuousness of the Debtor and Lioudkovski.

Part 11 of Schedule A/B asks the Debtor to disclose: "Does the debtor own any other assets that have not yet been reported on this form? Include all interest in expiratory contracts and unexpired leases not previously reported on this form." See **Exhibit F**, a true and correct copy, attached, and incorporated herein by reference. Lioudkovski responds on behalf of the Debtor "Yes" and then accuses third parties of fraud and deceit. Lioudkovski forgets that it is he who has been shot 6 times and it is he who has sought refuge in the United States because his frauds have put his life in danger in Russia.

Nowhere in the Schedules does Lioudkovski disclose that he is being sued along with the Debtor in Riverside Superior Court case number PSC2000222 by Plaintiff Coachella Vineyard Luxury RV Park LLC seeking damages against them in excess of $5,000,000. See **Exhibit J**, a true and correct copy, attached, and incorporated herein by reference.

Nowhere on his schedules does Debtor or Lioudkovski disclose that he is being sued by Ruvin Feygenberg, Michael Leizerovitz and Sensible Consulting and Management, Inc. for causes of action of Breach of Contract, Breach of Fiduciary Duty, Concealment, Indemnity, Declaratory Relief, Quiet Title, Cancellation of Instruments, Wrongful Foreclosure, and Declaratory and Injunctive Relief, in Los Angeles Superior Court case number 19VECV00878, seeking $2,500,000.00 in damages against them. See **Exhibit K**, a true and correct copy attached and incorporated herein by reference.

Nowhere on its schedules does Debtor or Lioudkovski disclose that they are being sued in County of Riverside, Riverside Superior Court number RIC1905065 by GA&TV Inc. and Coachella Vineyard Luxury RV LLC in a verified complaint for $3,100,000.00, under causes of action of Breach of Contract, Specific Performance, Breach of Warranty, Fraud and Concealment, Negligent Misrepresentation, Quiet Title, Cancellation of Instrument, Declaratory and Injunctive Relief, and this suit has been pending since October 4, 2019. See **Exhibit L**, a true and correct copy, attached, and incorporated herein by reference.

Debtor and Lioudkovski's liability cannot be contested when in RIC1905065, the state court has found:

Defendants illegally foreclosed on the property because the trustee's sale 'shall be conducted no sooner than on the seventh day after the earlier of (1) dismissal of the action or (2) expiration or termination of the injunction... that required postponement of the sale... unless the injunction... or subsequent order expressly directs the conduct of the sale within that seven-day period.' The time to seek such a subsequent order was after the hearing on the preliminary injunction, but before the sale.

This premature sale was Defendant's mistake, not the court's. A nunc pro tune proceeding serves to correct a court's clerical mistakes, not to make retroactive substantive changes to its prior orders. (*Siegal v. Superior Court* (1968) 68 Cal.2d 97, 101.)

See **Exhibit M**, a true and correct copy attached, and incorporated herein by reference.

Bankruptcy has not proved to be any sanctuary for Lioudkovski or the Debtor.  Lioudkovski along with his alter ego LDI Ventures LLC, are being sued by Nazareth Kechejian, in the United States Bankruptcy Court, Central the District of California, San Fernando Valley division, an adversary proceeding No. 1:18-ap-01101-MT for violation of California Usury Laws, Violation of California High-Cost Mortgage Law, Violations of Truth in Lending Act, Violations of Homeowners Protection Act, Violation of California Civil Code 1632 for Unconscious Ability in the Contracting, Intentional Misrepresentation, Fraud, Unfair Business Practices and for Declaratory Relief.  See **Ex W**, attached hereto.

The Debtor has not listed these actions on the schedules because if it did, the Debtor would not be qualified to proceed with a Subchapter V which requires that a debtor must not have more than "aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount, not more than $7,500,000." § 1182(1)(A).

The Debtor and Lioudkovski are internally corrupt, and that is why instead of complying with their duty to report the bankruptcy filing to the State Courts under California Rules of Court, Rule 3.650, "immediately" as the Rule requires, they have not given the State Courts any notice and forced the duty of notification of the State Courts on to their opponents. See **Exhibit N**, a true and correct copy, attached and incorporated herein by reference.

But they do makeup in waste what they do not accomplish with diligence. On October 24, 2019, Debtor and Lioudkovski were sued for Financial Abuse of an Elder, Conversion, and Declaratory Relief, by Mariya Ayzenberg in Los Angeles Superior Court case number 19STCV38222. See **Exhibit O**, a true and correct copy, attached and incorporated herein by reference.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The waste comes in the form of removing to this Court, case No. 19STCV38222 that was settled by Debtor and Lioudkovski on December 4, 2019, and has long ago been dismissed. See **Exhibit P**, a true and correct copy, attached, and incorporated herein by reference.

A settlement agreement settling elder abuse case cannot be concealed under the mandates of the California Legislature as codified in Code of Civil Procedure § 2017.310. The removed action bears the United States Bankruptcy Court case number 1:20-ap-01062-VK.

The Debtor and Lioudkovski are also sued by FR, LLC which alleges Conversion, Negligent Bailment, Unjust Enrichment, and Quiet Title, Los Angeles Superior Court Case Number 19STCV45132, wherein they along with their then partners Ruvin Feygenberg, Michael Leizerovitz and Sensible Consulting a Management, are sued for $119,000.00.[3] See **Exhibit Q**, a true and correct copy, attached, and incorporated herein by reference. The removed action bears the United States Bankruptcy Court case number 1:20-ap-01060-VK.

## III.    STATEMENT OF FACTS WHY THE SANDS LAW GROUP HAS FILED THE MOTION

Los Angeles Superior Court case number 19VECV00878 was filed by The Sands Law Group, APLC on behalf of the Debtor against their then partners Ruvin Feygenberg, Michael Leizerovitz and Sensible Consulting a Management, alleging causes of action for Breach of Implied Covenant against Encumbrances, Quiet Title, Usury and Declaratory Relief on June 19, 2019. See **Exhibit R**, a true and correct copy, attached, and incorporated herein by reference.

The premise of the case was simple enough. Ruvin Feygenberg had failed to pay a judgment owed to Ming Zhu, LLC and when the property on Albers Street was purchased in the name of the partners which included Ruvin Feygenberg, the abstract of judgment recorded by Ming Zhu attached to the property as an encumbrance. The lawsuit was a means to force Ruvin Feygenberg to pay the judgment he owed Ming Zhu and to clear title.

---

[3] The Debtor will have a doozy of a time dealing with FR as FR is being represented by a brass knuckled litigator, who like this Court does not countenance fraud by fiduciaries.

MOTION TO CONVERT CASE TO CHAPTER 11 AND APPOINTMENT OF A CHAPTER 11 TRUSTEE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The undersigned was hired by Debtor and Lioudkovski to represent the Debtor by way of referral of Lioudkovski's counsel, who knew the undersigned.

Outside of paying the costs associated with filing of the Complaint, the Debtor and Lioudkovski did not pay The Sands Law Group fees owed it. The Sands Law Group filed Claim No. 2 in this case (after Claim 1 filed by the Franchise Tax Board).

In October 2019, it was learned that Debtor and Lioudkovski had been sued in the Riverside Superior Court Case No. RIC1905065.

Mr. Sands contacted Lioudkovski and represented that it would be a waste if some other law firm represented Debtor and Lioudkovski as the matters were pending between the same parties regarding different properties and also requested that Debtor and Lioudkovski pay what they owed The Sands Law Group ("Sands" hereafter).

Lioudkovski sent a message that Sands prepare a retainer agreement containing its proposal. Sands took the time and Mr. Sands did as requested. See **Exhibit S**, a true and correct copy, attached and incorporated herein by reference.

After emailing the retainer agreement to Lioudkovski, Lioudkovski responded that he did not read English and asked that Mr. Sands prepare a retainer agreement in Russian. Mr. Sands at great expense cause to be prepared a Russian translation of the retainer agreement for Lioudkovski. See **Exhibit T**, a true and correct copy, attached, and incorporated herein by reference.

After being emailed the Russian translated retainer agreement, Lioudkovski responded that he did not read Russian either and asked for someone to call him who spoke Russian.

After obtaining a Russian translator at great expense to facilitate a telephone call, Lioudkovski answered the telephone and then hung up on Mr. Sands and the translator.

Mr. Sands was never paid for the representation he provided Lioudkovski and the Debtor in 19VECV00878, and Lioudkovski never executed the substitution of attorney form provided him forcing Mr. Sands to move to be relieved as counsel and Judge Huey Cotton granting the Motion on November 22, 2019. See **Exhibit U**, a true and correct copy, attached and incorporated herein by reference.

MOTION TO CONVERT CASE TO CHAPTER 11 AND APPOINTMENT OF A CHAPTER 11 TRUSTEE

Mr. Sands then learned of this bankruptcy and immediately filed a proof of claim with the Court. See **Exhibit V**, a true and correct copy, attached, and incorporated herein by reference.

Mr. Sands then reviewed the schedules provided by the Debtor and executed under penalty of perjury by its sole real member Lioudkovski.

That is when the insult was added to injury. Nowhere in the Schedules is there a stick of a declaration from a certified court translator who will attest to the fact that none of the schedules signed by the Lioudkovski were translated properly for him to execute and thus subjecting him to imprisonment when they are proven false.

Lioudkovski has stated that he does not speak, understand, read, or write English. He has also confirmed that he does not read Russian.

The schedules are therefore only unsworn pages of a fairy tale that the Debtor and Lioudkovski will distance themselves from as soon as they realize that their fraud has real consequences attached to it including the fact that because of the deception and the lies that the current schedules all contain, that they will face imprisonment.

## IV.    <u>ARGUMENT</u>

### V.    <u>THE CASE MUST BE CONVERTED TO A CHAPTER 11 BANKRUPTCY AND A CHAPTER 11 BANKRUPTCY TRUSTEE APPOINTED</u>

§ 1185(a) provides: "On request of a party in interest, and after notice and a hearing, the court shall order that the debtor shall not be a debtor-in-possession for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor, either before or after the date of commencement of the case, or for failure to perform the obligations of the debtor under a plan confirmed under this Subchapter."

The Debtor has engaged in fraud, dishonesty, committed gross management, and demonstrated that he is incompetent to tell the truth. The omissions in the current schedules that have been referenced above are but a sliver of the dishonesty that their schedules are all infected by.

Listing LDI Ventures and Landmark Land, which are entities controlled by Lioudkovski and which operate from the same residential address as Lioudkovski lives, reveal the badges of fraud common to those who lack the more fiber to ever be a viable DIP.  The audacity to list as two of its 20

largest creditors, two companies created by Lioudkovski or at his request that operate out of his two bedroom condominium and then state they are not "insiders," is not only galling, it is reckless, offensive and disturbing.

Listing the two entities as part of the 20 largest creditors dilutes the recovery of the honest creditors owed money like the undersigned. *In re D.H. Overmyer Telecasting Co., Inc.*, 23 B.R. 823, 917 (Bankr. N.D. Ohio 1982) ("The transfer of funds or of assets by a debtor for inadequate or nonexistent consideration is a "badge of fraud" which raises a presumption that the debtor acted with actual fraudulent intent. In *Scola v. Morgan*, 66 A.D.2d 228, 412 N YS.2d 893 (1979), a transfer of all an individual's significant assets to a corporation controlled by his wife, which had no assets before the transfer, was fraudulent as to his creditors where there was no consideration for the transfer. *See also Squire v. Raymond,* 34 Abs. 79, 35 N.E.2d 976 (Ohio App., 1941).")  There is no difference between transferring and suppression of assets or cloaking the assets that must lead to the conclusion this Debtor controlled by Lioudkovski is a Debtor unworthy of the relief that the bankruptcy courts provide the honest debtor who made errors.

Lioudkovski must be relieved of his duty to act as it did, and the case converted from a Subchapter V to a Chapter 11 and a Chapter 11 Trustee appointed.

## VI.    THE CASE MUST BE CONVERTED TO A CHAPTER 11 AND A CHAPTER 11 TRUSTEE APPOINTED AS THE DEBTOR AND LIOUDKOVSKI NEVER PROVIDED THE SCHEDULES THAT ARE REQUIRED OF THEM AND THE SCHEDULES PROVIDED ARE INFESTED WITH FRAUDULENT REPRESENTATIONS AND OMISSIONS

§ 1187(a) requires that: "Upon electing to be a debtor under this Subchapter, the debtor shall file the documents required by subparagraphs (A) and (B) of section 1116(1) of this title."

§ 1187(b) requires that: "A debtor, in addition to the duties provided in this title and as otherwise required by law, shall comply with the requirements of section 308 and paragraphs (2), (3), (4), (5), (6), and (7) of section 1116 of this title."

§ 1116 requires the following disclosures, none of which have been made.
(1) append to the voluntary petition or, in an involuntary case, file not later than 7 days after the date of the order for relief—
(A) its most recent balance sheet, statement of operations, cash-flow statement, and Federal income tax return; or

(B) a statement made under penalty of perjury that no balance sheet, statement of operations, or cash-flow statement has been prepared and no Federal tax return has been filed;

(2) attend, through its senior management personnel and counsel, meetings scheduled by the court or the United States trustee, including initial debtor interviews, scheduling conferences, and meetings of creditors convened under section 341 unless the court, after notice and a hearing, waives that requirement upon a finding of extraordinary and compelling circumstances;

(3) timely file all schedules and statements of financial affairs, unless the court, after notice and a hearing, grants an extension, which shall not extend such time period to a date later than 30 days after the date of the order for relief, absent extraordinary and compelling circumstances;

(4) file all post-petition financial and other reports required by the Federal Rules of Bankruptcy Procedure or by local rule of the district court;

(5) subject to section 363(c)(2), maintain insurance customary and appropriate to the industry;

(6) (A)timely file tax returns and other required government filings; and

(B)subject to section 363(c)(2), timely pay all taxes entitled to administrative expense priority except those being contested by appropriate proceedings being diligently prosecuted; and

(7) allow the United States trustee, or a designated representative of the United States trustee, to inspect the debtor's business premises, books, and records at reasonable times, after reasonable prior written notice, unless notice is waived by the debtor.

Debtor violates § 1116(1)(A) and (B), further fails to disclose the Riverside property and comply with § 1116(5). Debtor fails to pay its taxes timely, as already proved by Claim 1 from the Franchise Tax Board in violation of 1116(6). Not a single section of the duties of a DIP which are akin to that of a trustee, did the Debtor comply. Lioudkovski does not write or read English, and therefore, his attestation under penalty of perjury, which is unaccompanied by a verification made by a court approve translator, is worthless and anything verified is inadmissible as if it did not exist.

Fed Rules of Evidence, Rule 604 is laser-focused and prohibits the chicanery employed by the Debtor and Lioudkovski pretending they are executing documents under penalty of perjury as they are required to. § 1116(B) expressly requires that statements made in the schedules or the lack of them must be made under the penalty of perjury.

28 USC. § 1746 provides:

§ 1746. Unsworn declarations under penalty of perjury

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other

than a deposition or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

\* \* \* \* \* \*

(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

(Signature) ".

*Trapaga v. Central States Joint Board Local 10,* No. 05 C 5742, at \*4 n. 3 (N.D. Ill. Mar. 30, 2007).

When the person attesting accuracy of the document under penalty of perjury under the laws of the United States does not read or write English, he or she must attach a translator's certificate with the translated document that he has been read and understands the document and is aware that he is executing it under penalty of perjury with the consequences that he faces because of dishonesty, as a condition of admission of the documents; without the certification required by FRE 604 and FRE 901, whatever the person signed is made entirely inadmissible for any purpose. *Trapaga v. Central States Joint Board* Local 10, No. 05 C 5742, at \*11-12 (N.D. Ill. March 30, 2007) ("Documentary evidence is admissible if authenticated 'by evidence sufficient to support a finding that the matter in question is what its proponent claims.' FRE 901(a). Written translations are subject to this authentication requirement. *United States v. Nouira*, No. 06-CR-135 (JBW), 2006 WL 2417245, at \*2 (E.D.N.Y. August 21, 2006) (Weinstein, J.); see FRE 604 ('[a]n interpreter is subject to the provisions of [the Federal Rules of Evidence] relating to qualification as an expert and the administration of an oath or affirmation to make a true translation.'). Therefore, '[w]itness testimony translated from a foreign language must be properly authenticated, and any interpretation must be shown to be an accurate translation done by a competent translator.' *Jack v. Trans World Airlines, Inc.,* 854 F. Supp. 654, 659 (N.D. Cal. 1994) (citing FED. R. EVID. 604 901).")

The lack of compliance with the requirement that true and verified schedules be provided alongside filing the petition has been cast aside and disobeyed. Lioudkovski believed himself to be above the law, and that got him shot 6 times in Russia. Now Lioudkovski must suffer consequences of attempting to deceive the judiciary in the United States.

MOTION TO CONVERT CASE TO CHAPTER 11 AND APPOINTMENT OF A CHAPTER 11 TRUSTEE

Noncompliance with the Bankruptcy Code is conduct that clearly constitutes cause under section 1104(a)(1). *In re V. Savino Oil & Heating Co., Inc*., 99 B.R. 518, 527 (Bankr. E.D.N.Y. 1989) (debtor's noncompliance with section 363(b) constituted cause under 1104(a)(1)); *In re AG Serv. Centers, L.C.,* 239 B.R. 545, 550 (Bankr. W.D. Mo. 1999) (cause found where debtor retained a professional despite never having received authority to do so under section 327(a)). *In re Sillerman* (Bankr.S.D.N.Y. 2019) 605 B.R. 631, 642.

## VII.   <u>DEBTOR DOES NOT QUALIFY FOR SUBCHAPTER V AS A MATTER OF LAW</u>

The Coronavirus Aid, Relief, and Economic Security Act (CARES) Act raised the $2,725,625.00 debt limit of Subchapter V to $7,500,000.00 for a single year. The debt ceiling of $2,725,625.00 will reappear. The debt limit was increased but not without conditions.

The increase in the debt limit because of congressional foresight that the COVID-19 pandemic will cause a substantial number of honest businesses to fold. The world, as it was known before, will not be again till a cure for COVID-19 is found. There will be no theaters, no barbershops, no dine-in restaurants, no gyms, etc. as social distancing, which requires the reduction of capacity of each facility, is slashed from its customary capacity to a 1/4. Many businesses cannot sustain operations when they can only cater to one-fourth of the patrons they provided to before.   It is for these types of businesses that the debt ceiling was raised. That is the reason why as a condition of raising the debt limit, Congress mandates that "not less than 50 percent of which arose from the commercial or business activities of the debtor." 11 USC. § 1182(a).

Lioudkovski highlights some lawsuits and causes of action he may have against others. He does not reveal  that he is facing substantial damages amounting to more than $7,500,000.00 in the lawsuits facing him.

The Debtor is a tool of fraud for Lioudkovski, and neither Lioudkovski, nor his alter ego companies, including the Debtor qualify for Subchapter V treatment.

The Debtor legally does not qualify for Subchapter V.

## VIII.   <u>THE DEBTOR MUST BE CONVERTED TO A CHAPTER 11 AND A CHAPTER 11 TRUSTEE APPOINTED</u>

1

2

3    The Debtor / Lioudkovski have demonstrated that they have no compunction, no reservation,

and lack the moral compass required that a DIP must possess to qualify the office of a DIP who must

act as a fiduciary to the creditors of the Estate.

4

5    Lioudkovski admits and cannot contest that he does not read or write English and yet he has

executed documents under penalty of perjury as if he was signing greeting cards at Christmas time. A

6    person that does not question what he is signing or why he is doing something rather than something

7    else, but just does so he could profit is not one who possesses the qualifications of a debtor-in-

possession. A trustee can be appointed based solely on the creditor's lack of confidence in the Debtor's

8    ability to effectively administer the Estate. *In re Eurospark Indus., Inc.*, 424 B.R. 621 at 630 (Bankr.

9    E.D.N.Y. 2010) (a "lack of creditor confidence" found where the creditors with the greatest economic

10   interest supported the motion to appoint a trustee); *In re Marvel Entm't Group, Inc*., 140 F.3d 463, 474

11   (3d Cir. 1998) (animosity between the creditors and the debtor necessitated the appointment of a

12   trustee); *In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 170 (Bankr. S.D.N.Y. 1990) (Lifland, CJ) (Since

13   the unsecured creditors are willing to risk the costs, uncertainties and dislocations, occasioned by the

14   appointment of a trustee, the Court will exercise its equitable powers to order that appointment.")

15

16   A Trustee will step into the shoes of the DIP and will immediately take control of the Estate and

17   the Debtor's affairs, putting in place an impartial fiduciary capable of preserving estate assets and

18   maximizing recovery for creditors. The benefit of such independent investigation and the related

protection and safeguarding of estate assets facilitated by the appointment of a trustee will far outweigh

19   the costs to the Estate associated with such an appointment. *In re Sillerman* (Bankr.S.D.N.Y. 2019) 605

20   B.R. 631, 655.).

21

22   The conduct of Lioudkovski defies logic as no sane creditor will nor should trust Lioudkovski

23   with fiduciary obligations when he does not speak read or write English (and therefore cannot

24   communicate with any creditor) or any person other than Russians.  How can Lioudkovski believe that

25   any creditor will permit him to be their fiduciary when Lioudkovski has falsely listed his son and some

26   unknown third party as the largest creditors of the Estate; listing them both as non-insiders when

27   clearly, they are.

28

The schedules themselves reveal that "Nataliya Privalikhina" (if this person even exists) and Mr. Nikita Lyudkovskiy, reside at 423 N. Palm Dr., Beverly Hills, CA 90210, with Lioudkovski. See **Exhibit D**, a true and correct copy, attached, and incorporated herein by reference.

A need for a trustee is real and undeniable. *In re Caroline Desert Disco*, 5 B.R. 536 (Bankr. C.D. Cal. 1980) (where the debtor violated local rules; much less with the controlling statutes and Federal Rules of Evidence (FRE) as Lioudkovski has. Mismanagement alone warrants the appointment of a trustee; whether it occurred pre- or post-petition is irrelevant for the analysis. *In re McCorhill Publishing, Inc.,* 73 B.R. 1013, (court found that the debtor's mismanagement had conflicting interests in affiliated companies and that they had engaged in self-serving transactions which benefited the affiliated companies and their own interests as Lioudkovski has here).

The Court must convert this case to a Chapter 11 and appoint an impartial Chapter 11 Trustee.

## IX.    <u>CONCLUSION</u>

The Court must convert this case to a Chapter 11 and appoint an impartial Chapter 11 Trustee. Once a court finds that "cause" exists, a trustee shall be appointed; there is no discretion to deny relief. See *Savino Oil*, 99 BR at 525; *In re Deena Packaging Indus. Inc.*, 29 B.R. 705, 706 (BR S.D.N.Y. 1983).

Lioudkovski prepared schedules without even complying with the most elementary rules that govern the duty to know what the person is actually signing.  A person who signs documents without knowing what the documents say is a person who doesn't care what the documents say because he is going to do whatever he wants to do anyways regardless of the representations and the duties that public policy impose upon him.

Lioudkovski intentionally did not attest to the accuracy of the schedules to provide himself an escape hatch once his fraud was laid bare for the Court. Unfortunately for Lioudkovski and fortunately for the creditors, the scam of Lioudkovski and his reputation precedes him. The simplest of scrutiny by a person who knows that Lioudkovski does not read or write English is enough to hone in on missing elements. By further delving into the schedules and scrutinizing them against publicly available information leads to the undeniable conclusion that Lioudkovski has attempted to gain by dishonesty, which he cannot honestly.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The case must be converted to a Chapter 11 and a Chapter 11 Trustee appointed. "11 USC. §§ 1112. § 1112 was not excluded from Subchapter V; therefore, dismissal is not automatic, and the case may still be converted for cause." ¶ 20, A Primer on the Small Business Reorganization Act of 2019, Eduard V. Rodriquez, United States Bankruptcy Court Judge, Southern District of Texas, McAllen Division.

What occurs after a DIP is removed per § 1185 is readily black letter law. The debtor ceases to be a debtor-in-possession and the Standing Trustee (Ms. Djong) must perform the duties specified in section 704(a)(8) (filing reporting if the business of the debtor is to be operated) and sections 1106(a)(1), (a)(2) and (a)(6), including operating the business of the debtor.  See § 1183(b)(5).

The Small Business Reorganization Act (SBRA) amends section 363(c)(1) to authorize the Standing Trustee in Small Business Cases to enter into ordinary course transactions and use estate property in the ordinary course without notice or hearing.  § 364(a) has also been amended to authorize the Standing Trustee in a Small Business Case to obtain ordinary course unsecured credit or to incur ordinary course unsecured debt as an administrative expense.  However, the Court must convert this case to a regular Chapter 11; this case is not amenable to Subchapter V treatment because the debts and the litigation that Debtor and Lioudkovski are involved in will never percolate to filing a rational plan within 90-days of the filing date as Subchapter five requires.  § 1189. The Debtor has stolen money from people to purchase the properties, and though the night is still somewhat relatively calm, the storm is fast approaching.

Lioudkovski can never demonstrate that he is the source of the funds for the substantial real estate purchases he has engaged in.  Lioudkovski does not have a job and has never had one in the United States, and Lioudkovski is no Mr. Hewlett or Mr. Packard or Mr. Gates or Mr. Woznick or Mr. Jobs to have created anything from which he has money.  Mr. Lioudkovski did not get shot 6 times because he was a good Samaritan.

Mr. Lioudkovski is the most unfit person to act as a DIP as an order to reclaim the substantial preferences he has suppressed and shielded away are preferences made to his own family and friends, and specifically his son whom to like his father is unemployed; but is fortunate enough to drive a 2020 BMW.

1

2    The son of Mr. Lioudkovski has high scholastic aspirations.  That is why at age 26, he has given

3  serious thought and conferred much about applying for and hopes to be graced with admission to Santa

4  Monica Junior College.  Only if the undersigned could have had ambitions such as the junior

5  Lioudkovski does.  The undersigned would then be assured of a prosperous future that only Uber

6  Technologies and Lyft could provide as a driver.

7      Lioudkovski has made substantial preferential payments to those closest to him, including his

8  son, and he will never sue his son to recover the money and pay the creditors will remain unpaid.

9      Lioudkovski should be grateful that the moving creditor is not moving to convert him to a

10  Chapter 7 but wishes to allow Lioudkovski to return to the Estate what he has wrongfully and

11  preferentially given his son and other insiders.

12      Lioudkovski should also learn how to be humble.  It is painful to read that Lioudkovski can

13  have $50,000 wired into the accounts of the Debtor's counsel as a retainer when he did not pay the

14  undersigned a fraction of the money that the undersigned well deserves for all the effort expended for

15  Mr. Lioudkovski based on credit and a promise.  Mr. Lioudkovski does not care for appearances.  He

16  does not care that a man's award is a man's bond, as is apparent by the fact that he signed multiple

17  documents under penalty of perjury full of lies and omissions.  Mr. Lioudkovski likewise signs and

18  says things that profit him with no care regarding the accuracy of the information he is transmitting

19  because he feels unbound by the oath.  The idiom of  "a man's word is a man's bond" has no

20  application to Mr. Lioudkovski.  Mr. Lioudkovski does not consider his word, his signature, his

21  Declaration under penalty of perjury, his acts in derogation of public policy, to be worthy of

22  consideration and observance when it comes to him profiting at another's expense.  Mr. Lioudkovski

23  has made an art of self-preservation and would owe millions of dollars if he ever disclosed the amount

24  of unjust enrichment that is the frank basis of his employment.  Mr. Lioudkovski is unfit to act as a

25  DIP.  Mr. Lioudkovski is not on the same page as one would need to be to serve as a DIP; Mr.

26  Lioudkovski is not even in the same library.

27      Lioudkovski must learn that America is a forgiving country but forgiving only to those who

28  show contrition.  Lioudkovski must also learn that America and the American Bankruptcy system is not

a tool to dodge one's obligations but a chance for honesty and an opportunity to right the wrongs of the

MOTION TO CONVERT CASE TO CHAPTER 11 AND APPOINTMENT OF A CHAPTER 11 TRUSTEE

past. Lioudkovski must also learn that American jurisprudence has no tolerance for dishonesty and those who are dishonest will be most severely dealt with.

Respectfully submitted,

DATED: June 16, 2020                **THE SANDS LAW GROUP**

By: _____
            Thomas Sands, Esq.
            Attorney for Creditor The Sands Law Group,
            APLC

# DECLARATION

## X.    DECLARATION OF THOMAS D SANDS, ESQUIRE

I, Thomas D Sands, Esq., declare:

1.    I am an attorney at law duly licensed to practice before all of the courts in the State of California and a member of the State Bar of California in-good-standing. I have personally spent countless hours going through the cases that Debtor and Lioudkovski are currently facing, and my knowledge is based on my personal research and studies and of my own and if stated on information and belief, I will declare that to be so, and I do believe that the information I have is true and correct. If called on to do so, I could and would testify to the same.

2.    Every attachment referenced in the Objection (Exhibit A-W) are true and correct copies of the originals and are incorporated into my Declaration by way of that reference as if stated herein in full.

3.    Lioudkovski immigrated to the United States in the early-1990s and is a Russian citizen. He obtained his social security number in 1992. He is known by and has operated with no less than 8 AKAs. Lioudkovski sought refuge in the United States because he has defrauded many in Russia, resulting in him being shot 6 times.

4.    On April 11, 2014, Lioudkovski formed LDI. Ventures, LLC, and is its sole member. See **Exhibit A**, a true and correct copy, attached, and incorporated herein by reference.

5.    On January 20, 2015, Lioudkovski created Lev Investments, LLC and is its sole member, although on paper, it is his wife, who is a Russian national and has no legal status in the United States. See **Exhibit B**, a true and correct copy, attached, and incorporated herein by reference.

6.    Lioudkovski acting as the DIP executed the "**List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders**" and therein stated that LDI. Ventures is owed $2,800,000 from Lev Investments, LLC, (the Debtor) and executed the Official Form 204. See **Exhibit C**, a true and correct copy, attached and incorporated herein by reference.

7.    The address provided for LDI. Ventures LLC is 423 N. Palm Dr., Beverly Hills, CA 90210 which is the home address of Lioudkovski. See **Exhibit C**, a true and correct copy, attached and

incorporated herein by reference.

8.    Also appearing on the "**List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders"** is Landmark Land LLC. The claim is for $50,000, and Landmark Land's interest is directed to Mr. Alex Polovinhik. See **Exhibit C**, a true and correct copy, attached, and incorporated herein by reference. Mr. Alex Polovinhik is the accountant for Lioudkovski and his entities.

9.    Landmark Land LLC was created in 2019 and has as its sole member Nataliya Privalikhina and its Chief Executive Officer Mr. Nikita Lyudkovskiy (who is the son of Lioudkovski) (the alteration of the spelling of the name frustrates fact-finding, and the names are pronounced the same). Both Nataliya Privalikhina and Mr. Nikita Lyudkovskiy, reside at 423 N. Palm Dr., Beverly Hills, CA 90210, with Lioudkovski. See **Exhibit D**, a true and correct copy, attached, and incorporated herein by reference.

10.    The representation made in the Schedules being false on their face (with a little research) are false as both Debtor and Lioudkovski, as Lyudkovskiy is an insider under § 101(31)(A), (B).

11.    "Nataliya Privalikhina" probably does not exist. A deep search of her was conducted utilizing the latest and the most in-depth investigative tools (i.e., the same databases used by law enforcement) and the most readily available ones (i.e., google) and the net results in both areas were "zero results found."

12.    The prophylactic utilized for the brazen deception reveals itself on Official Form 202, which is the "Declaration under Penalty of Perjury for Non-Individual Debtors," where the box used to indicate that the Official Form 204 is true and correct is left unchecked.[4] See **Exhibit E**, a true and correct copy, attached and incorporated herein by reference; ergo the document was filed, but filed in a manner that can be artfully distanced from if an inquiry occurs. Official Form 204 is simply an artifice of brazen deceit.

---

[4] As will be discussed in detail further in the brief, the entirety of the schedules along with this bankruptcy, is a compilation of fraud and deceit.

MOTION TO CONVERT CASE TO CHAPTER 11 AND APPOINTMENT OF A CHAPTER 11 TRUSTEE

13.    Every part of the schedules is but a spoke in a wheel of deceit and deception. Part 4 of Official Form 206 A/B asks: "Does the debtor own any investments?" To which Lioudkovski responds no. See **Exhibit F**, a true and correct copy, attached, and incorporated herein by reference. Lioudkovski must have forgotten that on November 8, 2019, he obtained a Trustee's Deed Upon Sale for a substantially sized parcel of land located in the County of Riverside and which can be identified by County of Riverside Assessor's Parcel Number: 697-330-002-4. See **Exhibit G**, a true and correct copy, attached and incorporated herein by reference.

14.    The Riverside County Assessor last valued this land on October 17, 2014, for $11,425,000.00. See **Exhibit H**, a true and correct copy, attached, and incorporated herein by reference.

15.    The Debtor's Schedules further reveal that they are incurably infected by fraud when on Part 9 of Official Form 206 A/B, which requires the disclosure of: "does the debtor own or lease any real property?" (see **Exhibit F**, part 9) to which Lioudkovski on behalf of the Debtor states "Yes" and then the Form requires to "Fill in the information below" (see **Exhibit F**, part 9). Thus, Paragraph 55 of Official Form 206 A/B requires to fill in: "Any building, other improved real estates, or land which the debtor owns or in which the debtor has an interest [:] **Description and location of property** Include street address or other descriptions such as Assessor's Parcel Number (APN), and type of property (for example acreage, factory, warehouse, apartment or office building, if available."

16.    In Paragraph 55.1 of Official Form 206 A/B the schedules provide for the filing in of the information Paragraph 55 requires and to which Lioudkovski states only: "Single-family residence located at 13854 Albers Street, Sherman Oaks, CA 91401, Fee simple, [Net book value of debtor's interest (where available)]: $3,300,000.00; [Valuation method used for current value]: no response is provided by Lioudkovski; [Current value of debtor's interest], $3,300,000.00. See **Exhibit F**, a true and correct copy, attached hereto, and incorporated herein by reference. Nothing is said about any other real property.

17.    Schedule A/B at question 58 requires the disclosure of: "Has any of the property listed in part 9 been appraised by professional within the last year?" See **Exhibit F**, a true and correct copy,

attached, and incorporated herein by reference. The Debtor and Lioudkovski wanting to demonstrate to this Court that there is utter transparency and that they follow the letter of the law fail to disclose that an "appraisal by a professional" was done on May 5, 2019. See **Exhibit I**, a true and correct copy, attached and incorporated herein by reference. It is evident that the Debtor and Lioudkovski are the consummate honest debtor for which Congress created the bankruptcy courts to provide relief to when they demonstrate that since the appraisal was done 390 days before the bankruptcy was filed on June 1, 2020, rather than 365 days before, that they did not disclose the fact on the Schedules. Life would be so much easier if all Debtors came to the Court with the virtuousness of the Debtor and Lioudkovski.

18.     Part 11 of Schedule A/B asks the Debtor to disclose: "Does the debtor own any other assets that have not yet been reported on this form? Include all interest in expiratory contracts and unexpired leases not previously reported on this form." See **Exhibit F**, a true and correct copy, attached, and incorporated herein by reference. Lioudkovski responds on behalf of the Debtor "Yes" and then accuses third parties of fraud and deceit.

19.     Nowhere in the Schedules does Lioudkovski disclose that he is being sued along with the Debtor in Riverside Superior Court case number PSC2000222 by Plaintiff Coachella Vineyard Luxury RV Park LLC seeking damages against them in excess of $5,000,000. See **Exhibit J**, a true and correct copy, attached, and incorporated herein by reference.

20.     Nowhere on his schedules does Debtor or Lioudkovski disclose that he is being sued by Ruvin Feygenberg, Michael Leizerovitz and Sensible Consulting and Management, Inc. for causes of action of Breach of Contract, Breach of Fiduciary Duty, Concealment, Indemnity, Declaratory Relief, Quiet Title, Cancellation of Instruments, Wrongful Foreclosure, and Declaratory and Injunctive Relief, in Los Angeles Superior Court case number 19VECV00878, seeking $2,500,000.00 in damages against them. See **Exhibit K**, a true and correct copy attached and incorporated herein by reference.

21.     Nowhere on its schedules does Debtor or Lioudkovski disclose that they are being sued in County of Riverside, Riverside Superior Court number RIC1905065 by GA&TV Inc. and Coachella Vineyard Luxury RV LLC in a verified complaint for $3,100,000.00, under causes of action of Breach

1
2
3
4
5

of Contract, Specific Performance, Breach of Warranty, Fraud and Concealment, Negligent

Misrepresentation, Quiet Title, Cancellation of Instrument, Declaratory and Injunctive Relief, and this

suit has been pending since October 4, 2019. See **Exhibit L**, a true and correct copy, attached, and

incorporated herein by reference.

6
7
8
9
10
11
12
13

22.    Debtor and Lioudkovski's liability cannot be contested when in RIC1905065, the state

court has found:

> Defendants illegally foreclosed on the property because the trustee's sale 'shall be
> conducted no sooner than on the seventh day after the earlier of (1) dismissal of the
> action or (2) expiration or termination of the injunction... that required postponement of
> the sale... unless the injunction... or subsequent order expressly directs the conduct of
> the sale within that seven-day period.' The time to seek such a subsequent order was
> after the hearing on the preliminary injunction, but before the sale.
> This premature sale was Defendant's mistake, not the court's. A nunc pro tune
> proceeding serves to correct a court's clerical mistakes, not to make retroactive
> substantive changes to its prior orders. (*Siegal v. Superior Court* (1968) 68 Cal.2d 97,
> 101.)
> See **Exhibit M**, a true and correct copy attached, and incorporated herein by reference.

14
15
16
17
18
19
20
21
22

23.    Bankruptcy has not proved to be any sanctuary for Lioudkovski or the Debtor.

Lioudkovski along with his alter ego LDI Ventures LLC, are being sued by Nazareth Kechejian, in the

United States Bankruptcy Court, Central the District of California, San Fernando Valley division, an

adversary proceeding No. 1:18-ap-01101-MT for violation of California Usury Laws, Violation of

California High-Cost Mortgage Law, Violations of Truth in Lending Act, Violations of Homeowners

Protection Act, Violation of California Civil Code 1632 for Unconscious Ability in the Contracting,

Intentional Misrepresentation, Fraud, Unfair Business Practices and for Declaratory Relief.  See **Ex W**,

attached hereto.

23
24
25
26

24.    The Debtor has not listed these actions on the schedules because if it did, the Debtor

would not be qualified to proceed with a Subchapter V which requires that a debtor must not have more

than "aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the

petition or the date of the order for relief in an amount, not more than $7,500,000." § 1182(1)(A).

27
28

25.    The Debtor and Lioudkovski are internally corrupt, failed to comply with California

Rules of Court, Rule 3.650, to "immediately" report any BK filing as the Rule requires. Neither has

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

given the State Courts any notice and forced the duty of notification of the State Courts on to their opponents. See **Exhibit N**, a true and correct copy, attached and incorporated herein by reference.

26.    On October 24, 2019, Debtor and Lioudkovski were sued for Financial Abuse of an Elder, Conversion, and Declaratory Relief, by Mariya Ayzenberg in Los Angeles Superior Court case number 19STCV38222. See **Exhibit O**, a true and correct copy, attached and incorporated herein by reference.

27.    The waste comes in the form of removing to this Court, case No. 19STCV38222 that was settled by Debtor and Lioudkovski on December 4, 2019, and has long ago been dismissed. See **Exhibit P**, a true and correct copy, attached, and incorporated herein by reference.

28.    A settlement agreement settling elder abuse case cannot be concealed under the mandates of the California Legislature as codified in Code of Civil Procedure § 2017.310. The removed action bears the United States Bankruptcy Court case number 1:20-ap-01062-VK.

29.    The Debtor and Lioudkovski are also sued by FR, LLC which alleges Conversion, Negligent Bailment, Unjust Enrichment, and Quiet Title, Los Angeles Superior Court Case Number 19STCV45132, wherein they along with their then partners Ruvin Feygenberg, Michael Leizerovitz and Sensible Consulting a Management, are sued for $119,000.00.[5] See **Exhibit Q**, a true and correct copy, attached, and incorporated herein by reference. The removed action bears the United States Bankruptcy Court case number 1:20-ap-01060-VK.

30.    Los Angeles Superior Court case number 19VECV00878 was filed by me on behalf of the Debtor against their then partners Ruvin Feygenberg, Michael Leizerovitz and Sensible Consulting a Management, alleging causes of action for Breach of Implied Covenant against Encumbrances, Quiet Title, Usury and Declaratory Relief on June 19, 2019. See **Exhibit R**, a true and correct copy, attached, and incorporated herein by reference.

31.    The premise of the case is simple. Ruvin Feygenberg had failed to pay a judgment owed

---

[5] The Debtor will have a doozy of a time dealing with FR as FR is being represented by a brass knuckled litigator, who like this Court does not countenance fraud by fiduciaries.

to Ming Zhu, LLC and when the property on Albers Street was purchased in the name of the partners which included Ruvin Feygenberg, the abstract of judgment recorded by Ming Zhu attached to the property as an encumbrance. The lawsuit was a means to force Ruvin Feygenberg to pay the judgment he owed Ming Zhu and to clear title.

32.    The undersigned was hired by Debtor and Lioudkovski to represent the Debtor by way of referral of Lioudkovski's counsel, who knew the undersigned.

33.    Outside of paying the costs associated with filing of the Complaint, the Debtor and Lioudkovski did not pay me the fees that I am owed. The Sands Law Group filed Claim No. 2 in this case (after Claim 1 filed by the Franchise Tax Board).

34.    In October 2019, it was learned that Debtor and Lioudkovski had been sued in the Riverside Superior Court Case No. RIC1905065.

35.    I contacted Lioudkovski and represented that it would be a waste if some other law firm represented Debtor and Lioudkovski as the matters were pending between the same parties regarding different properties and also requested that Debtor and Lioudkovski pay what they owed The Sands Law Group ("Sands" hereafter).

36.    Lioudkovski sent a message for me prepare a retainer agreement containing its proposal

37.    I took the time prepared the retainer as requested. See **Exhibit S**, a true and correct copy, attached and incorporated herein by reference.

38.    After emailing the retainer agreement to Lioudkovski, Lioudkovski responded that he did not read English and asked that I  prepare a retainer agreement in Russian.

39.    At great expense to me, I  prepared a Russian translation of the retainer agreement for Lioudkovski. See **Exhibit T**, a true and correct copy, attached, and incorporated herein by reference.

40.    After being emailed the Russian translated retainer agreement, Lioudkovski responded that he did not read Russian either and asked for someone to call him who spoke Russian.

41.    After I obtained a Russian translator at great expense to facilitate a telephone call, Lioudkovski answered the telephone and then hung up on me and the translator.

42.     I was never paid for the representation I provided Lioudkovski and the Debtor in 19VECV00878, and Lioudkovski never executed the substitution of attorney form provided him forcing me forcing me to move to be relieved as counsel. Judge Huey Cotton granted the Motion on November 22, 2019. See **Exhibit U**, a true and correct copy, attached and incorporated herein by reference.

43.     I then learned of this bankruptcy and immediately filed a proof of claim with the Court. See **Exhibit V**, a true and correct copy, attached, and incorporated herein by reference.

44.     I then reviewed the schedules provided by the Debtor and executed under penalty of perjury by its sole real member Lioudkovski.

45.     That is when the insult was added to injury. Nowhere in the Schedules is there a stick of a declaration from a certified court translator who will attest to the fact that none of the schedules signed by the Lioudkovski were translated properly for him to execute and thus subjecting him to imprisonment when they are proven false.

46.     Lioudkovski has clearly stated to me that he does not speak, understand, read, or write English. He has also said that he does not read or write Russian.

47.     The schedules are therefore only unsworn pages of a fairy tale that the Debtor and Lioudkovski will distance themselves from as soon as they realize that their fraud has real consequences attached to it including the fact that because of the deception and the lies that the current schedules all contain, that they will face imprisonment.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the State of California and the United States.

Executed on June 17, 2020, at Los Angeles, California.

Dated: June 17, 2020

By: _____

Thomas D. Sands, Esq.

# EXHIBIT "A"

| LLC-1. | **Articles of Organization**<br>**of a Limited Liability Company (LLC)** |
|---|---|

To form a limited liability company in California, you can fill out this form, and submit for filing along with:

- A **$70** filing fee.
- A separate, non-refundable **$15** service fee also must be included, if you **drop off** the completed form.

***Important!*** LLCs in California may have to pay a minimum $800 yearly tax to the California Franchise Tax Board. For more information, go to https://www.ftb.ca.gov.

LLCs may not provide "professional services," as defined by California Corporations Code sections 13401(a) and 13401.3.

Note: *Before submitting the completed form*, you should consult with a private attorney for advice about your specific business needs.

**201410410506**

**FILED**
Secretary of State
State of California

APR 11 2014

This Space For Office Use Only

**For questions about this form, go to** *www.sos.ca.gov/business/be/filing-tips.htm.*

**LLC Name** (List the proposed LLC name exactly as it is to appear on the records of the California Secretary of State.)

① Ldi Ventures LLC

*Proposed LLC Name* — The name **must** include: LLC, L.L.C., Limited Liability Company, Limited Liability Co., Ltd. Liability Co. or Ltd. Liability Company; and **may not** include: bank, trust, trustee, incorporated, inc., corporation, or corp., insurer, or insurance company. For general entity name requirements and restrictions, go to www.sos.ca.gov/business/be/name-availability.htm.

**Purpose**

② The purpose of the limited liability company is to engage in any lawful act or activity for which a limited liability company may be organized under the California Revised Uniform Limited Liability Company Act.

**LLC Addresses**

③ a. 423 North Palm Drive, Apt. 305 | Beverly Hills | CA | 90210
*Initial Street Address of Designated Office in CA - Do not list a P.O. Box* | *City (no abbreviations)* | *State* | *Zip*

   b. _____
*Initial Mailing Address of LLC, if different from 3a* | *City (no abbreviations)* | *State* | *Zip*

**Service of Process** (List a California resident or a California registered corporate agent that agrees to be your initial agent to accept service of process in case your LLC is sued. You may list any adult who lives in California. You may **not** list an LLC as the agent. **Do not** list an address if the agent is a California registered corporate agent as the address for service of process is already on file.)

④ a. Irina Nikitchenko
*Agent's Name*

   b. 3913 Caminito Del Mar Cove | San Diego | CA | 92130
*Agent's Street Address (if agent is not a corporation) - Do not list a P.O. Box* | *City (no abbreviations)* | *State* | *Zip*

**Management** (Check only one.)

⑤ The LLC will be managed by:

[✔] One Manager   [ ] More Than One Manager   [ ] All Limited Liability Company Member(s)

This form must be signed by each organizer. If you need more space, attach extra pages that are 1-sided and on standard letter-sized paper (8 1/2" x 11"). All attachments are made part of these articles of organization.

▶ _____ | Dmitri Lioudkovski
*Organizer Sign here* | *Print your name here*

| Make check/money order payable to: **Secretary of State** | **By Mail** | **Drop-Off** |
|---|---|---|
| Upon filing, we will return one (1) uncertified copy of your filed document for free, and will certify the copy upon request and payment of a $5 certification fee. | Secretary of State<br>Business Entities, P.O. Box 944228<br>Sacramento, CA 94244-2280 | Secretary of State<br>1500 11th Street., 3rd Floor<br>Sacramento, CA 95814 |

Corporations Code §§ 17701.04, 17701.08, 17701.13, 17702.01, Revenue and Taxation Code § 17941
LLC-1 (REV 01/2014)

2014 California Secretary of State
www.sos.ca.gov/business/be

# EXHIBIT "B"

**LLC-1** Articles of Organization
of a Limited Liability Company (LLC)

To form a limited liability company in California, you can fill out this form, and submit for filing along with:

– A **$70 filing fee.**
– A separate, non-refundable **$15 service fee** also must be included, if you **drop off** the completed form.

**Important!** LLCs in California may have to pay a minimum $800 yearly tax to the California Franchise Tax Board. For more information, go to https://www.ftb.ca.gov.

LLCs may not provide "professional services," as defined by California Corporations Code sections 13401(a) and 13401.3.

Note: *Before submitting the completed form,* you should consult with a private attorney for advice about your specific business needs.

**201502210681**

FILED
Secretary of State
State of California

**JAN 2 0 2015**



This Space For Office Use Only

**For questions about this form, go to** *www.sos.ca.gov/business/be/filing-tips.htm.*

**LLC Name** (List the proposed LLC name exactly as it is to appear on the records of the California Secretary of State.)

① Lev Investments, LLC
   *Proposed LLC Name*

The name **must** include: LLC, L.L.C., Limited Liability Company, Limited Liability Co., Ltd. Liability Co. or Ltd. Liability Company; and **may not** include: bank, trust, trustee, incorporated, inc., corporation, or corp., insurer, or insurance company. For general entity name requirements and restrictions, go to www.sos.ca.gov/business/be/name-availability.htm.

**Purpose**

② The purpose of the limited liability company is to engage in any lawful act or activity for which a limited liability company may be organized under the California Revised Uniform Limited Liability Company Act.

**LLC Addresses**

③ a. 423 N. Palm Street, Suite 305, Beverly Hills    **CA** 90210
   *Initial Street Address of Designated Office in CA - Do not list a P.O. Box*   City (no abbreviations)   State   Zip

   b. _____
   *Initial Mailing Address of LLC, if different from 3a*   City (no abbreviations)   State   Zip

**Service of Process** (List a California resident or a California registered corporate agent that agrees to be your initial agent to accept service of process in case your LLC is sued. You may list any adult who lives in California. You may **not** list an LLC as the agent. **Do not** list an address if the agent is a California registered corporate agent as the address for service of process is already on file.)

④ a. Dmitri Lioudkovski
   *Agent's Name*

   b. 423 N. Palm Street, Suite 305, Beverly Hills    **CA** 90210
   *Agent's Street Address (if agent is not a corporation) - Do not list a P.O. Box*   City (no abbreviations)   State   Zip

**Management** (Check only one.)

⑤ The LLC will be managed by:

   [✓] One Manager    [ ] More Than One Manager    [ ] All Limited Liability Company Member(s)

This form must be signed by each organizer. If you need more space, attach extra pages that are 1-sided and on standard letter-sized paper (8 1/2" x 11"). All attachments are made part of these articles of organization.

*Organizer – Sign here*

Dmitri Lioudkovski
*Print your name here*

Make check/money order payable to: **Secretary of State**
Upon filing, we will return one (1) uncertified copy of your filed document for free, and will certify the copy upon request and payment of a $5 certification fee.

**By Mail**
Secretary of State
Business Entities, P.O. Box 944228
Sacramento, CA 94244-2280

**Drop-Off**
Secretary of State
1500 11th Street., 3rd Floor
Sacramento, CA 95814

Corporations Code §§ 17701.04, 17701.08, 17701.13, 17702.01, Revenue and Taxation Code § 17941
LLC-1 (REV 01/2014)

2014 California Secretary of State
www.sos.ca.gov/business/be

# EXHIBIT "C"

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Lev Investments, LLC** |
| United States Bankruptcy Court for the: | **CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO** |
| Case number (if known): | _____ |

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **LDI Ventures, LLC 423 N Palm dr Beverly Hills, CA 90210** | | **investor loans** | | | | **$2,800,000.00** |
| Michael Masinovsky 21810 Eaton Place Cupertino, CA 95014 | | investor loans (subject to offset/reduction) | Unliquidated Subject to Setoff | | | $228,860.00 |
| **Landmark Land, LLC Attn Alex Polovinchik 860 Via De La Paz, suite E-1 Pacific Palisades, CA 90272** | | **Obligation due to terminated escrow** | **Unliquidated** | | | **$50,000.00** |
| **G&B Law, LLP** Attn: James R. Felton 16000 Ventura Blvd., suite 1000 Encino, CA 91436 | | legal fees | | | | $0.00 |
| Jeff Nodd, Esq. 15250 Ventura Blvd Encino, CA 91436 | | legal fees (contingency case) | Unliquidated | | | $0.00 |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                  Best Case Bankruptcy

# EXHIBIT "D"

**Secretary of State
Statement of Information**
(Limited Liability Company)

LLC-12

19-D57988

**FILED**

In the office of the Secretary of State
of the State of California

SEP 19, 2019

**This Space For Office Use Only**

**IMPORTANT — Read instructions before completing this form.**

**Filing Fee – $20.00**

**Copy Fees –** First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

| 1. Limited Liability Company Name (Enter the exact name of the LLC. If you registered in California using an alternate name, see instructions.) |
|---|
| LANDMARK LAND, LLC |

| 2. 12-Digit Secretary of State File Number | 3. State, Foreign Country or Place of Organization (only if formed outside of California) |
|---|---|
| 201914010210 | DELAWARE |

**4. Business Addresses**

| a. Street Address of Principal Office - Do not list a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 423 N PALM DR, #305 | BEVERLY HILLS | CA | 90210 |
| b. Mailing Address of LLC, **if different than item 4a** | City (no abbreviations) | State | Zip Code |
| 423 N PALM DR, #305 | BEVERLY HILLS | CA | 90210 |
| c. Street Address of **California** Office, if Item 4a is not in California - Do not list a P.O. Box | City (no abbreviations) | State | Zip Code |
| 423 N PALM DR, #305 | BEVERLY HILLS | CA | 90210 |

**5. Manager(s) or Member(s)**

If no **managers** have been appointed or elected, provide the name and address of each **member**. At least one name **and** address must be listed. If the manager/member is an individual, complete Items 5a and 5c (leave Item 5b blank). If the manager/member is an entity, complete Items 5b and 5c (leave Item 5a blank). Note: The LLC cannot serve as its own manager or member. If the LLC has additional managers/members, enter the name(s) and addresses on Form LLC-12A (see instructions).

| a. First Name, if an individual - Do not complete Item 5b | Middle Name | Last Name | Suffix |
|---|---|---|---|
| NIKITA | | LYUDKOVSKIY | |

| b. Entity Name - Do not complete Item 5a |
|---|
| |

| c. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 423 N PALM DR, #305 | BEVERLY HILLS | CA | 90210 |

**6. Service of Process** (Must provide either Individual OR Corporation.)

**INDIVIDUAL** – Complete Items 6a and 6b only. Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is **not** a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| ALEX | | POLOVINCHIK | |

| b. Street Address (if agent is **not** a corporation) - **Do not enter a P.O. Box** | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 860 Via De La Paz, Suite E-1 | Pacific Palisade | CA | 90272 |

**CORPORATION** – Complete Item 6c only. Only include the name of the registered agent Corporation.

| c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b |
|---|
| |

**7. Type of Business**

| a. Describe the type of business or services of the Limited Liability Company |
|---|
| REAL ESTATE INVESTMENTS |

**8. Chief Executive Officer, if elected or appointed**

| a. First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |

| b. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | | |

**9. The Information contained herein, including any attachments, is true and correct.**

| 09/19/2019 | NIKITA LYUDKOVSKIY | MANAGER | |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

**Return Address (Optional)** (For communication from the Secretary of State related to this document, or if purchasing a copy of the filed document enter the name of a person or company and the mailing address. This information will become public when filed. SEE INSTRUCTIONS BEFORE COMPLETING.)

Name:

Company:

Address:

City/State/Zip:

LLC-12 (REV 01/2017)                    Page 1 of 1                    2017 California Secretary of State
www.sos.ca.gov/business/be

# EXHIBIT "E"

Fill in this information to identify the case:

Debtor name   **Lev Investments, LLC**

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors
12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1619, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **June  1, 2020**     X _____
                                     Signature of individual signing on behalf of debtor

                                     **Dmitri Lioudkovski**
                                     Printed name

                                     **Manager**
                                     Position or relationship to debtor

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

# EXHIBIT "F"

Debtor  **Lev Investments, LLC**                                      Case number *(if known)*
Name

| 11a. 90 days old or less: | 0.00 | - | 0.00 | = .... | **Unknown** |
| | face amount | | doubtful or uncollectible accounts | | |

| 11a. 90 days old or less: | 2,570,000.00 | - | 0.00 | = .... | **$2,570,000.00** |
| | face amount | | doubtful or uncollectible accounts | | |

12. **Total of Part 3.**
Current value on lines 11a + 11b = line 12.  Copy the total to line 82.                **$2,570,000.00**

**Part 4:    Investments**

13. **Does the debtor own any investments?**
■ No.  Go to Part 5.
☐ Yes Fill in the information below.

**Part 5:    Inventory, excluding agriculture assets**

18. **Does the debtor own any inventory (excluding agriculture assets)?**
■ No.  Go to Part 6.
☐ Yes Fill in the information below.

**Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**
■ No.  Go to Part 7.
☐ Yes Fill in the information below.

**Part 7:    Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**
■ No.  Go to Part 8.
☐ Yes Fill in the information below.

**Part 8:    Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**
■ No.  Go to Part 9.
☐ Yes Fill in the information below.

**Part 9:    Real property**

54. **Does the debtor own or lease any real property?**
☐ No.  Go to Part 10.
■ Yes Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |

Debtor **Lev Investments, LLC**
Name

Case number *(If known)* _____

| acreage, factory, warehouse, apartment or office building, if available. | | | | |
|---|---|---|---|---|
| 55.1. **Single Family residence located at 13854 Albers Street, Sherman Oaks, CA 91401** | **Fee simple** | **$3,300,000.00** | | **$3,300,000.00** |

56     **Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

| | **$3,300,000.00** |
|---|---|

57.     **Is a depreciation schedule available for any of the property listed in Part 9?**
■ No
☐ Yes

58.     **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☒ No
☐ Yes

| Part 10: | Intangibles and intellectual property |
|---|---|

59. **Does the debtor have any interests in intangibles or intellectual property?**

☒ No.  Go to Part 11.
☐ Yes Fill in the information below.

| Part 11: | All other assets |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.
☒ Yes Fill in the information below.

| | Current value of debtor's interest |
|---|---|

71.     **Notes receivable**
Description (include name of obligor)

72.     **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

73.     **Interests in insurance policies or annuities**

74.     **Causes of action against third parties (whether or not a lawsuit has been filed)**
**Claims and causes of action agains Sensible Consulting & Management, Inc. re: usury, fraud and related claims** | **Unknown**
Nature of claim
Amount requested | **$0.00**

**Claims against former counsel re: professional negligence** | **Unknown**
Nature of claim
Amount requested | **$0.00**

Debtor    **Lev Investments, LLC**                                  Case number *(If known)* _____
        Name

**Clasim against FR, LLC and co-conspirators related to
fraud, including, without limittion, hijacking of Debtor's
real property**                                                                    Unknown
Nature of claim                                    _____
Amount requested                                    $0.00

**Claims against Real Property Trustee, Inc., re wrongful
foreclosure advise re: Coachella property**                        Unknown
Nature of claim                                    _____
Amount requested                                    $0.00

**Claims against insurance company for damage and bad
faith coverage related to Sherman Oaks residence and
insruance denial of coveage**                                        Unknown
Nature of claim                                    _____
Amount requested                                    $0.00

75.    **Other contingent and unliquidated claims or causes of action of
every nature, including counterclaims of the debtor and rights to
set off claims**

76.    **Trusts, equitable or future interests in property**

77.    **Other property of any kind not already listed** *Examples:* Season tickets,
country club membership

78.    **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.                        $0.00

79.    **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
■ No
☐ Yes

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

Debtor    **Lev Investments, LLC**                                     Case number *(If known)* _____
        Name

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $49,550.48 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $2,570,000.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*.......................................................> | | $3,300,000.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $2,619,550.48 | + 91b.  $3,300,000.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $5,919,550.48 |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                              Best Case Bankruptcy

# EXHIBIT "G"

DOC #/2019-0463223
11/08/2019 03:46 PM Fees: $102.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: TAMMIE #535

RECORDING REQUESTED BY:
**Real Property Trustee, Inc.**
~~First American Mortgage Solutions~~
AND WHEN RECORDED TO:
**LEV INVESTMENTS, LLC**
**PO Box 16646**
**Beverly Hills, CA 90209**

**Forward Tax Statements to**
**the address given above**

___

TS #: **19-00051**                          Order #: **8755522**
Loan #: **7272018**                          APN: **697-330-002-4**

SPACE ABOVE LINE FOR RECORDER'S USE

# TRUSTEE'S DEED UPON SALE

A.P.N.: **697-330-002-4**                          Transfer Tax: **$0.00**
THIS TRANSACTION IS EXEMPT FROM THE REQUIREMENTS OF THE REVENUE AND TAXATION CODE,
SECTION 480.3
The Grantee Herein **was** the Foreclosing Beneficiary.
The Amount of the Unpaid Debt was **$2,570,949.36**
The Amount Paid by the Grantee was **$2,500,000.00**
Said Property is in the City of **Coachella**, County of **Riverside**

FATICO submits this document for
recordation as a courtesy for physical
convenience only. FATICO has not
examined this document for its validity,
sufficiency, or effect, if any, upon title to
the real property described herein.

**Real Property Trustee, Inc.,** as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly
described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to

**Lev Investments, LLC, a California limited liability company**

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed
to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of **Riverside**,
State of California, described as follows:

**LOT 71 OF TRACT 30117-1, IN THE CITY OF COACHELLA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN
BY MAP ON FILE IN BOOK 331, PAGES 71 AND 78, INCLUSIVE OF MAPS IN THE OFFICE OF THE COUNTY RECORDER OF
SAID COUNTY. EXCEPTING THEREFROM 50% INTEREST IN AND TO AL OIL, GAS AND OTHER HYDROCARBON
SUBSTANCES IN AND UNDER SAID LAND AS RESERVED BY CANAL WATER LANDOWNERS, A CALIFORNIA
CORPORATION IN DEED RECORDED MAY 27, 1954 IN BOOK 1592, PAGE 201 OF OFFICIAL RECORDS. EXCEPT
THEREFROM THAT PORTION WHICH FALL WITHIN THE BOUNDARIES OF TRACT 32860-1, AS SHOWN ON THE
SUBDIVISION MAP FILED ON MAY 2, 2006 IN BOOK 401 OF MAPS, PAGES 79 TO 88 INCLUSIVE IN THE OFFICE OF THE
RIVERSIDE COUNTY RECORDER.**

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by
**COACHELLA VINEYARD LUXURY RV PARK LLC, A CALIFORNIA LIMITED LIABILITY
COMPANY** as Trustor, dated **7/31/2018** of the Official Records in the office of the Recorder of **Riverside**,
California under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly
appointed Trustee, default having occurred under the Deed of Trust pursuant to the Notice of Default and Election
to Sell under the Deed of Trust recorded on **8/7/2018**, instrument number **2018-0317977**, Book **xxx**, Page **xxx** of
official records. Trustee having complied with all applicable statutory requirements of the State of California and
performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within
ten days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage
pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

# TRUSTEE'S DEED UPON SALE

TS #: **19-00051**
Loan #: 7272018
Order #: 8755522

All requirements per California Statutes regarding the mailing, personal delivery and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with. Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on **11/7/2019**. Grantee, being the highest bidder at said sale became the purchaser of said property and (a) paid therefore to said Trustee the amount bid, being **$2,500,000.00**, in lawful money of the United States, or (b) made a credit bid as the beneficiary of the above-described Deed of Trust.

In witness thereof, **Real Property Trustee, Inc.**, as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws.

Date: **11/7/2019**

                                    **Real Property Trustee, Inc.**

                        By:  _____
                                    **Mike Kemel, Trustee Sale Officer**

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California            } ss.
County of Los Angeles          }

On NOVEMBER 07, 2019 before me, PETER PARK NOTARY PUBLIC
personally appeared MIKE KEMEL _____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

PETER PARK
Notary Public - California
Los Angeles County
Commission # 2252131
My Comm. Expires Aug 2, 2022

# EXHIBIT "H"



# Assessor - County Clerk - Recorder
Riverside County, CA

Register    Login

HOME    PROPERTY SEARCH    E-FORMS    CONTACT US    ACR HOME

BACK    VIEW TAX INFO    VIEW SIMILAR SALES    VALUE HISTORY    PROPERTY REPORT

## General Information

| | |
|---|---|
| **Property Address** | - No Situs - |
| **Assessment No. (PIN)** | 697330002 |
| **APN (GeoCode)** | 697330002 |
| **Property Type** | Vacant Commercial Land |
| **TAG** | 012-002 COACHELLA |
| **Acreage** | 29.41 |
| **Doing Business As** | |
| **Legal Description** | |
| 29.41 ACRES M/L IN POR LOT 71 MB 311/071 TR 29491 Lot 71 SubdivisionName TR 29491 Acres 029.41 M/L LotType Lot RecMapType Map Book MapPlatB 311 MapPlatP 071 PortionLot Portion | |



## Transfer History

| Date | Document # | Sale Price |
|---|---|---|
| 11/8/2019 | 2019-0463223 | $0 |
| 12/13/2016 | 2016-0554311 | $0 |
| 9/1/2016 | 2016-9034333-RM | $0 |
| 10/17/2014 | 2014-0394950 | $11,425,000 |
| 4/21/2010 | 2010-0183252 | $0 |
| 10/17/2007 | 2007-0642267 | $0 |
| 5/2/2006 | 2006-0319062-S | $0 |
| 5/2/2006 | 2006-0319062-S | $0 |

## Buildings

Buildings does not exist for this account.

Features does not exist for this account.

## Land

| Primary Use | Land Type | Acres | Eff. Frontage | Eff. Depth |
|---|---|---|---|---|
| Commercial | LandLine 01 / 697330002 / Commercial | 29.41 | 0.00 | 0.00 |

Land Use Detail does not exist for this account.

Copyright 2020 by Aumentum Technologies

Terms Of Use   Privacy Statement   CR3

# EXHIBIT "I"

# APPRAISAL OF REAL PROPERTY



## LOCATED AT

13854 Albers St
Sherman Oaks, CA 91401
Tract # 1000 N 190 Ft Of E 99 Ft Of W 110 Ft Of Lot 103

## FOR

Private Party
13854 Albers St
Sherman Oaks, CA  91401

## AS OF

05/05/2019

## BY

David Bereznick
DLB Associates Appraisers
16934 Los Alimos St
Granada Hills, CA 91344
(818) 427-9947
davwan1@earthlink.net

DLB & Associates Real Estate Appraisers

| | Main File No. 13854AS(05-19) | Page # 2 of 23 |
| --- | --- | --- |

**SINGLE FAMILY COMPARABLE RENT SCHEDULE**    File # 13854AS(05-19)

This form is intended to provide the appraiser with a familiar format to estimate the market rent of the subject property. Adjustments should be made only for items of significant difference between the comparables and the subject property.

| ITEM | SUBJECT | COMPARABLE NO. 1 | | COMPARABLE NO. 2 | | COMPARABLE NO. 3 | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Address | 13854 Albers St Sherman Oaks, CA 91401 | 14319 Greenleaf St Sherman Oaks, CA 91423 | | 14527 Valley Vista Blvd Sherman Oaks, CA 91403 | | 12657 Kling St Studio City, CA 91604 | |
| Proximity to Subject | | 1.62 miles SW | | 1.78 miles SW | | 1.79 miles SE | |
| Date Lease Begins | N/A | N/A | | N/A | | N/A | |
| Date Lease Expires | N/A | N/A | | N/A | | N/A | |
| Monthly Rental | If Currently Rented: $ 5,000 | $ 18,000 | | $ 18,500 | | $ 15,300 | |
| Less: Utilities | $ 0 | $ 0 | | $ 500 | | $ 0 | |
| Furniture | 0 | 0 | | 500 | | 0 | |
| Adjusted Monthly Rent | $ 5,000 | $ 18,000 | | $ 18,000 | | $ 15,300 | |
| Data Source | Private Party Inspection | Parcel Quest MLS#18-387920 | | Parcel Quest MLS#18-316526 | | Parcel Quest MLS#SR18252274 | |
| RENT ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +( –)$ Adjust. | DESCRIPTION | +( –)$ Adjust. | DESCRIPTION | +( –)$ Adjust. |
| Rent Concessions | | None Known | | None Known | | None Known | |
| Location/View | Residential | Residential | | Residential | | Residential | |
| Design and Appeal | Contemporary | Contemporary | | Contemporary | | Contemporary | |
| Age/Condition | 66/Very Good | 5/Very Good | -500 | 71/Very Good | | 60/Very Good | |
| Above Grade Room Count | Total 11 Bdrms 5 Baths 5.1 | Total 12 Bdrms 6 Baths 6.1 | -200 | Total 10 Bdrms 4 Baths 4.1 | +100 | Total 11 Bdrms 5 Baths 5.1 | +50 |
| Gross Living Area | 6,544 Sq. Ft. | 5,863 Sq. Ft. | +500 | 5,000 Sq. Ft. | +750 | 6,000 Sq. Ft. | +250 |
| Other (e.g., basement, etc.) | Pool & Spa | Pool & Spa | | Pool Guest House | -500 | Pool & Spa | |
| Other: | Pool Cabana | None | +100 | Studio Unit | -250 | None | +100 |
| Net Adj. (total) | | ☐ + ☒ – $ -100 | | ☒ + ☐ – $ 100 | | ☐ + ☒ – $ 400 | |
| Indicated Monthly Market Rent | | $ 17,900 | | $ 18,100 | | $ 15,700 | |

Comments on market data, including the range of rents for single family properties, an estimate of vacancy for single family rental properties, the general trend of rents and vacancy, and support for the above adjustments. (Rent concessions should be adjusted to the market, not to the subject property.) Subject is situated in an area which is predominantly owner occupied. The rental comparables provided herein are the best available at this time. All are situated within the subjects marketing area would appeal to the same user group. The rental comparables range from $2.55 per SF to $3.70 per SF. Rental data was obtained from the Multiple Listing Service and is deemed accurate & reliable.Major Adjustment Values:$50 per year effective age; $100 each for bedroom & bathroom; $50 (100 sf difference increment); $500 for guest house; Studio Unit $250; $100 for pool cabana;.The subject price per SF is $0.76. No adjustments made for GLA if under 100 sf difference to subject. The subject appears rebuilt from the studs up in 2007 as reflected in the permits on the LADBS web site. Comp 1 is a newer home, comps 2 & 3 are similar to the subject as having been rebuilt from the studs up. When appraising rental property it is not uncommon to expand normal time and or distance parameters.

Final Reconciliation of Market Rent: After adjusting for differences, the indicated monthly rent for the subject ranges from $15,700 to $18,100. The estimated fair market rent for the subject property is $18,000.The subject appears rented well below fair market value. The rental comp photo's are from the MLS the appraiser did not drive the comps.

esign.alamode.com/verify    Serial:DECBBEF2

I (WE) ESTIMATE THE MONTHLY MARKET RENT OF THE SUBJECT AS OF    05/05/2019    TO BE $    18,000

| Appraiser(s) | SIGNATURE *David L Bereznick* | | Review Appraiser (if applicable) | SIGNATURE |
| --- | --- | --- | --- | --- |
| | NAME David Bereznick | | | NAME |
| | Certified | | | |
| Date Property Inspected 05/05/2019 | Report Signed 05/06/2019 | | Date Property Inspected | Report Signed |
| License or Certification # AR029302 | | State CA | License or Certification # | State |
| Expiration Date of License or Certification 08/20/2020 | | | Expiration Date of License or Certification | |
| | | | Review Appraiser ☐ Did ☐ Did Not Inspect Subject Property | |

Freddie Mac Form 1000 (8/88)                                                                 Fannie Mae Form 1007 (8/88)

Form 1007 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

*David L Bereznick*
Serial# DECBBEF2
esign.alamode.com/verify

Subject Photo Page

| Borrower | N/A | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Property Address | 13854 Albers St | | | | | | | |
| City | Sherman Oaks | County | Los Angeles | | State | CA | Zip Code | 91401 |
| Lender/Client | Private Party | | | | | | | |



**Subject Front**

13854 Albers St
Sales Price
Gross Living Area    6,544
Total Rooms    11
Total Bedrooms    5
Total Bathrooms    5.1
Location    Residential
View
Site    18800 sf
Quality
Age    66/Very Good



**Subject Rear**



**Left**



Serial# DECBBEF2
esign.alamode.com/verify

Main File No. 13854AS(05-05-19) | Page # 4 of 23

**Subject Photo Page**

| Borrower | N/A |
| Property Address | 13854 Albers St |
| City | Sherman Oaks | County | Los Angeles | State | CA | Zip Code | 91401 |
| Lender/Client | Private Party |



**Right**

| 13854 Albers St | |
| Sales Price | |
| Gross Living Area | 6,544 |
| Total Rooms | 11 |
| Total Bedrooms | 5 |
| Total Bathrooms | 5.1 |
| Location | Residential |
| View | |
| Site | 18800 sf |
| Quality | |
| Age | 66/Very Good |



**Foyer**



**Dining**



Serial# DECBBEF2
esign.alamode.com/verify

Main File No. 13854AS(05-05-19) | Page # 5 of 23

**Subject Photo Page**

| | |
|---|---|
| Borrower | N/A |
| Property Address | 13854 Albers St |
| City | Sherman Oaks | County | Los Angeles | State | CA | Zip Code | 91401 |
| Lender/Client | Private Party |



**Office**

13854 Albers St
Sales Price
Gross Living Area     6,544
Total Rooms           11
Total Bedrooms        5
Total Bathrooms       5.1
Location              Residential
View
Site                  18800 sf
Quality
Age                   66/Very Good

**Bath**



**Bedroom**





Serial# DECBBEF2
esign.alamode.com/verify

**Subject Photo Page**

Main File No. 13854AS(05-05-19)    Page # 6 of 23

| Borrower | N/A |
|---|---|
| Property Address | 13854 Albers St |
| City | Sherman Oaks |
| County | Los Angeles |
| State | CA |
| Zip Code | 91401 |
| Lender/Client | Private Party |



**Living**

13854 Albers St
Sales Price
Gross Living Area        6,544
Total Rooms              11
Total Bedrooms           5
Total Bathrooms          5.1
Location                 Residential
View
Site                     18800 sf
Quality
Age                      66/Very Good



**Half Bath**



**Media Room**



Serial# DECBBEF2
esign.alamode.com/verify

Form PIC3X5.SR - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

Main File No. 13854AS(05-05-19) | Page # 7 of 23

**Subject Photo Page**

| | |
|---|---|
| Borrower | N/A |
| Property Address | 13854 Albers St |
| City | Sherman Oaks |
| County | Los Angeles |
| State | CA |
| Zip Code | 91401 |
| Lender/Client | Private Party |



### Kitchen

| | |
|---|---|
| 13854 Albers St | |
| Sales Price | |
| Gross Living Area | 6,544 |
| Total Rooms | 11 |
| Total Bedrooms | 5 |
| Total Bathrooms | 5.1 |
| Location | Residential |
| View | |
| Site | 18800 sf |
| Quality | |
| Age | 66/Very Good |



### Kitchen



### Kitchen


Serial# DECBBEF2
esign.alamode.com/verify

Main File No. 13854AS(05-05-19)    Page # 8 of 23

**Subject Photo Page**

| | |
|---|---|
| Borrower | N/A |
| Property Address | 13854 Albers St |
| City | Sherman Oaks |
| County | Los Angeles |
| State | CA |
| Zip Code | 91401 |
| Lender/Client | Private Party |



**Kitchen**

| | |
|---|---|
| | 13854 Albers St |
| Sales Price | |
| Gross Living Area | 6,544 |
| Total Rooms | 11 |
| Total Bedrooms | 5 |
| Total Bathrooms | 5.1 |
| Location | Residential |
| View | |
| Site | 18800 sf |
| Quality | |
| Age | 66/Very Good |



**Breakfast Area**



**Sitting Area**



| Borrower | N/A |
| Property Address | 13854 Albers St |
| City | Sherman Oaks | County | Los Angeles | State | CA | Zip Code | 91401 |
| Lender/Client | Private Party |



**Bedroom**

13854 Albers St
Sales Price
Gross Living Area      6,544
Total Rooms            11
Total Bedrooms         5
Total Bathrooms        5.1
Location               Residential
View
Site                   18800 sf
Quality
Age                    66/Very Good



**Bath**



**Bedroom**



Main File No. 13854AS(05-05-19)    Page # 10 of 23

| | |
|---|---|
| Borrower | N/A |
| Property Address | 13854 Albers St |
| City | Sherman Oaks | County | Los Angeles | State | CA | Zip Code | 91401 |
| Lender/Client | Private Party |



**Bath**

13854 Albers St
Sales Price
Gross Living Area    6,544
Total Rooms    11
Total Bedrooms    5
Total Bathrooms    5.1
Location    Residential
View
Site    18800 sf
Quality
Age    66/Very Good



**Bed**



**Bath**



Serial# DECBBEF2
esign.alamode.com/verify

**Subject Photo Page**

| | |
|---|---|
| Borrower | N/A |
| Property Address | 13854 Albers St |
| City | Sherman Oaks |
| County | Los Angeles |
| State | CA |
| Zip Code | 91401 |
| Lender/Client | Private Party |



**Master Bed**

| | |
|---|---|
| | 13854 Albers St |
| Sales Price | |
| Gross Living Area | 6,544 |
| Total Rooms | 11 |
| Total Bedrooms | 5 |
| Total Bathrooms | 5.1 |
| Location | Residential |
| View | |
| Site | 18800 sf |
| Quality | |
| Age | 66/Very Good |



**Master Bath**



**Master Closet**



Serial# DECBBEF2
esign.alamode.com/verify

Form PIC3X5.SR - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

Subject Photo Page

| Borrower | N/A |
|---|---|
| Property Address | 13854 Albers St |
| City | Sherman Oaks | County | Los Angeles | State | CA | Zip Code | 91401 |
| Lender/Client | Private Party |

**Laundry**



13854 Albers St
Sales Price
Gross Living Area    6,544
Total Rooms    11
Total Bedrooms    5
Total Bathrooms    5.1
Location    Residential
View
Site    18800 sf
Quality
Age    66/Very Good

**Landing**



**Foyer Lighting**





David L Borzynski
esign.alamode.com/verify
Serial# DECBBEF2

Form PIC3X5.SR - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

Main File No. 13854AS(05-05-19) | Page # 13 of 23

**Subject Photo Page**

| Borrower | N/A | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 13854 Albers St | | | | | | |
| City | Sherman Oaks | County | Los Angeles | | State | CA | Zip Code 91401 |
| Lender/Client | Private Party | | | | | | |



**Water Heater**

13854 Albers St
Sales Price
Gross Living Area      6,544
Total Rooms              11
Total Bedrooms         5
Total Bathrooms        5.1
Location                    Residential
View
Site                          18800 sf
Quality
Age                          66/Very Good



**AC**



**Pool**



Serial# DECBBEF2
esign.alamode.com/verify

Form PIC3X5.SR - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

**Subject Photo Page**

| Borrower | N/A |
|---|---|
| Property Address | 13854 Albers St |
| City | Sherman Oaks |
| County | Los Angeles |
| State | CA |
| Zip Code | 91401 |
| Lender/Client | Private Party |



**Pool Cabana**

| | |
|---|---|
| 13854 Albers St | |
| Sales Price | |
| Gross Living Area | 6,544 |
| Total Rooms | 11 |
| Total Bedrooms | 5 |
| Total Bathrooms | 5.1 |
| Location | Residential |
| View | |
| Site | 18800 sf |
| Quality | |
| Age | 66/Very Good |



**Pool Rec Rm**



**Pool Bath**



David L Bergnick
Serial# DECBBEF2
esign.alamode.com/verify

Subject Photo Page

Main File No. 13854AS(05-05-19)    Page # 15 of 23

| Borrower | N/A |
| Property Address | 13854 Albers St |
| City | Sherman Oaks | County | Los Angeles | State | CA | Zip Code | 91401 |
| Lender/Client | Private Party |



**Pool Rec Rm**

13854 Albers St
Sales Price
Gross Living Area    6,544
Total Rooms    11
Total Bedrooms    5
Total Bathrooms    5.1
Location    Residential
View
Site    18800 sf
Quality
Age    66/Very Good



**Pond in Front**



Serial# DECBBEF2
esign.alamode.com/verify

Main File No. 13854AS(05-05-19) | Page # 16 of 23

### Rental Photograph Addendum

| Borrower | N/A | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 13854 Albers St | | | | | | |
| City | Sherman Oaks | County | Los Angeles | State | CA | Zip Code | 91401 |
| Lender/Client | Private Party | | | | | | |



14319 Greenleaf St



14527 Valley Vista Blvd



12657 Kling St



Serial# DECBBEF2
esign.alamode.com/verify

**Building Sketch (Page - 1)**

| Main File No. 13854AS(05-05-19) | Page # 17 of 23 |
| --- | --- |

| Borrower | N/A | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Property Address | 13854 Albers St | | | | | | |
| City | Sherman Oaks | County | Los Angeles | State | CA | Zip Code | 91401 |
| Lender/Client | Private Party | | | | | | |



TOTAL Sketch by a la mode, inc.

Form SKT.BLDSKI - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

Serial# DECBBEF2
esign.alamode.com/verify

**Building Sketch (Page 2)**

| | |
|---|---|
| Borrower | N/A |
| Property Address | 13854 Albers St |
| City | Sherman Oaks | County | Los Angeles | State | CA | Zip Code | 91401 |
| Lender/Client | Private Party |

TOTAL Sketch by a la mode, inc.

## Area Calculations Summary

| Living Area | | Calculation Details |
|---|---|---|
| First Floor | 3569 Sq ft | 0.5 × 3 × 2=     3 |
| | | 0.5 × 2 × 3=     3 |
| | | 8 × 2     =     16 |
| | | 14 × 12     =     168 |
| | | 52 × 34     =     1768 |
| | | 39 × 37     =     1443 |
| | | 6 × 4     =     24 |
| | | 6 × 24     =     144 |
| Second Floor | 2975 Sq ft | 14 × 26     =     364 |
| | | 31 × 24     =     744 |
| | | 8 × 15     =     120 |
| | | 8 × 5     =     40 |
| | | 48 × 20     =     960 |
| | | 11 × 4     =     44 |
| | | 13 × 19     =     247 |
| | | 14 × 31     =     434 |
| | | 8 × 2     =     16 |
| | | 0.5 × 3 × 2=     3 |
| | | 0.5 × 2 × 3=     3 |
| **Total Living Area (Rounded):** | **6544 Sq ft** | |

| Non-living Area | | |
|---|---|---|
| Concrete Patio | 238 Sq ft | 17 × 14     =     238 |
| Pool Cabana | 392 Sq ft | 14 × 28     =     392 |
| 2 Car Carport | 308 Sq ft | 22 × 14     =     308 |
| 1 Car Carport | 242 Sq ft | 22 × 11     =     242 |

*David L Borgpnick*

Serial# DECBBEF2
esign.alamode.com/verify

Main File No. 13854AS(05-05-19)   Page # 19 of 23

**Location Map**

| Borrower | N/A | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 13854 Albers St | | | | | | |
| City | Sherman Oaks | County | Los Angeles | State | CA | Zip Code | 91401 |
| Lender/Client | Private Party | | | | | | |



Serial# DECBBEF2
esign.alamode.com/verify

Main File No. 13854AS(05-05-19)    Page # 20 of 23

Plat Map

| Borrower | N/A | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Property Address | 13854 Albers St | | | | | | | |
| City | Sherman Oaks | County | Los Angeles | State | CA | Zip Code | 91401 |
| Lender/Client | Private Party | | | | | | | |



Serial# DECBBEF2
esign.alamode.com/verify

Main File No. 13854AS(05-05-19) | Page # 21 of 23

**Subject Aerial**

| Borrower | N/A | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Property Address | 13854 Albers St | | | | | | | |
| City | Sherman Oaks | County | Los Angeles | | State | CA | Zip Code | 91401 |
| Lender/Client | Private Party | | | | | | | |



Serial# DECBBEF2
esign.alamode.com/verify

**Appraisers License**

Main File No. 138545/8(05-05-19) | Page # 22 of 23

| | |
|---|---|
| Borrower | N/A |
| Property Address | 13854 Albers St |
| City | Sherman Oaks |
| County | Los Angeles |
| State | CA |
| Zip Code | 91401 |
| Lender/Client | Private Party |



Business, Consumer Services & Housing Agency

# BUREAU OF REAL ESTATE APPRAISERS
# REAL ESTATE APPRAISER LICENSE

## David L. Bereznick

has successfully met the requirements for a license as a residential real estate appraiser in the State of California and is, therefore, entitled to use the title:

"Certified Residential Real Estate Appraiser"

This license has been issued in accordance with the provisions of the Real Estate Appraisers' Licensing and Certification Law.

BREA APPRAISER IDENTIFICATION NUMBER:    AR 029302

Effective Date:    August 21, 2018
Date Expires:    August 20, 2020

Jim Martin, Bureau Chief, BREA

3041874

THIS DOCUMENT CONTAINS A TRUE WATERMARK - HOLD UP TO LIGHT TO SEE "CHAIN LINK"

Form SGNLGH - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

Serial# DECBBEF2
esign.alamode.com/verify

| Borrower | N/A |
| --- | --- |
| Property Address | 13854 Albers St |
| City | Sherman Oaks | County | Los Angeles | State | CA | Zip Code | 91401 |
| Lender/Client | Private Party |



**General Star National Insurance Company**
P.O. Box 10360   (Attn: GSN)
**Stamford, Connecticut 06904**

### REAL ESTATE APPRAISERS ERRORS & OMISSIONS INSURANCE POLICY

### DECLARATIONS PAGE

This is a claims made and reported policy. Please read this policy and all endorsements and attachments carefully.

Policy Number: NJA347216A                     Renewal of Number: NJA347216

1. **NAMED INSURED:** David Bereznick
   **STREET ADDRESS:** 16934 Los Alimos St, Granada Hills, CA 91344

2. **POLICY PERIOD:** Inception Date: 01/18/2019          Expiration Date: 01/18/2020
   Effective 12:01 a.m. Standard Time at the address of the Named Insured.

3. **LIMITS OF LIABILITY:**
   Each **Claim**: $1,000,000.00
   Aggregate: $1,000,000.00
   **Claim Expenses** have a separate Limit of Liability:
   Each Claim: $1,000,000.00
   Aggregate: $1,000,000.00

4. **DEDUCTIBLE:**     Each Claim: $0   Aggregate: $0

5. **RETROACTIVE DATE:** 01/18/2018
   If a date is indicated, this policy will not provide coverage for any **Claim** arising out of any act, error,
   omission or personal injury which occurred before such date.

6. **ANNUAL PREMIUM:**          $697.00

7. **ENDORSEMENTS:**
   This policy is made and accepted subject to the printed policy form together with the following form(s) or
   endorsement(s).

   AP 10 0001 06 11,   SGN 90 0001 07 10,   AP 00 0001 06 11,      AP 04 0001 06 11,      AP 21 0002
   06 11,   AP 27 0004 06 11,   AP 01 0004CA 06 11,
8. **PRODUCER NAME:** Norman-Spencer Agency, Inc.
   **STREET ADDRESS:** 8075 Washington Village Drive Dayton, OH 45458

                                                           _____
                                                           Authorized Representative

Producer Code:  26480                    Class Code: 73128
Date:   12/04/2018

AP 10 0001 06 11        © Copyright 2011, General Star Management Company, Stamford, CT        Page 1 of 1

Serial# DECBBEF2
esign.alamode.com/verify

# EXHIBIT "J"

1  JOHN G. BURGEE, ESQ. (State Bar No. 132129)
   jburgee@bandalaw.net
2  BURGEE & ABRAMOFF P.C.
   20501 Ventura Boulevard, Suite 262
3  Woodland Hills, California  91364
   (818) 264-7575
4
   Attorneys for Plaintiffs GA&TV, INC. and
5  COACHELLA VINEYARD LUXURY RV PARK, LLC

**FILED**
Superior Court of California
County of Riverside

**1/8/2020**
**M. Allen**

**Electronically Filed**

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF RIVERSIDE

10                    PALM SPRINGS COURTHOUSE

11

12  COACHELLA VINEYARD LUXURY RV )       CASE NO.  **PSC2000222**
    PARK, LLC,                    )
13                                )       VERIFIED COMPLAINT FOR DAMAGES
                  Plaintiff,      )       AND EQUITABLE RELIEF:
14                                )
         vs.                      )       1. QUIET TITLE
15                                )       2. CANCELLATION OF INSTRUMENTS
    LEV INVESTMENTS, LLC, DMITRI  )       3. WRONGFUL FORECLOSURE
16  LIOUDKOVSKI, REAL PROPERTY    )       4. SLANDER OF TITLE
    TRUSTEE, INC., and DOES 1 to 20, )    5. DECLARATORY AND INJUNCTIVE
17                                )          RELIEF
                  Defendants.     )
18                                )
                                  )
19  _____)

20      Plaintiff COACHELLA VINEYARD LUXURY RV PARK, LLC alleges as follows:

21                              **PARTIES**

22      1.    Plaintiff COACHELLA VINEYARD LUXURY RV PARK, LLC ("RV") is, and

23  was at all times material hereto, a limited liability company organized and existing under the

24  laws of the State of California.

25      2.    Defendants LEV INVESTMENTS, LLC ("LEV") is, and was at all times material

26  hereto, a limited liability company organized and existing under the laws of the State of

27  California.

28  //

                                    1
                              COMPLAINT

3.      Defendant DMITRI LIOUDKOVSKI is an individual who conducts business in Southern California and the County of Riverside. LIOUDKOVSKI is the sole manager and principal of LEV.

4.      Defendant REAL PROPERTY TRUSTEE, INC. (the "TRUSTEE") is, and was at all times material hereto, a Delaware corporation doing business in the County of Riverside. Mike Kemel, not currently a party to this action, is the principal of the TRUSTEE.

5.      The names and capacities, whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 20, inclusive, are unknown to Plaintiffs, who therefore sue such Defendants by such fictitious names. Plaintiffs will amend this Complaint when the true names and capacities of such Defendants have been ascertained. Plaintiffs further allege that each such Defendant is responsible in some manner for the actions alleged herein and further for the damages suffered by Plaintiffs.

6.      At all times herein relevant and in doing the acts alleged herein, each Defendant was the agent, servant, partner, employer, employee or alter ego of each and every other Defendant and the acts of each Defendant were within the course and scope of said agency, service, partnership and/or employment or as the principal or alter ego of each other Defendant. Furthermore, Plaintiffs are informed and believe and thereon allege that all Defendants have acted in conspiracy with each other in engaging in the acts and conduct set forth in the causes of action herein, pursuant to a common plan, and each Defendant has participated in, aided and/or abetted such plan knowing or consciously disregarding the harm that would ensue to Plaintiffs.

7.      Plaintiffs are informed and believe and thereon allege that there exists, and at all times relevant herein there existed, a unity of interest and ownership between Defendants LIOUDKOVSKI, LEV and DOES 1 to 10 (collectively the "LEV PARTIES"), such that any individuality and separateness between these parties has ceased. Additionally, Plaintiffs are informed and believe and thereon allege that LEV and DOES 1 to 5 are undercapitalized, failed to observe corporate formalities, are mere shell entities, and/or are instrumentalities of LIOUDKOVSKI and DOES 6 to 10. Plaintiffs therefore are informed and believe and thereon allege that the LEV PARTIES are the alter egos of each other and it would be unjust not to hold

2

COMPLAINT

1     each of these parties liable for the claims against any of the other parties alleged herein.

2     <div align="center">**BACKGROUND**</div>

3         8.      RV owned and is the true owner of real property in Coachella, California which

4     is vacant land that is being developed as a luxury RV Park (the "RV Property") . The RV

5     Property is legally described as follows:

6         LOT 71 OF TRACT 30117-1, IN THE CITY OF COACHELLA, COUNTY OF
RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN

7         BOOK 331, PAGES 71 AND 78, INCLUSIVE OF MAPS IN THE OFFICE OF
THE COUNTY RECORDER OF SAID COUNTY.

8

9         EXCEPTING THEREFROM 50% INTEREST IN AND TO ALL OIL, GAS
AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER SAID
LAND AS RESERVED BY CANAL WATER LANDOWNERS, A

10         CALIFORNIA CORPORATION IN DEED RECORDED MAY 27, 1954 IN
BOOK 1592, PAGE 201 OF OFFICIAL RECORDS.

11

12         EXCEPT THEREFROM THAT PORTION WHICH FALL WITHIN THE
BOUNDARIES OF TRACT 328610-1, AS SHOWN ON THE SUBDIVISION
MAP FILED ON MAY 2,2006 IN BOOK 401 OF MAPS, PAGES 79 TO 88

13         INCLUSIVE IN THE OFFICE OF THE RIVERSIDE COUNTY RECORDER.

14         9.      On or about July 31, 2018, LEV made a loan to RV purporting to be in the

15     principal amount of $2,000,000 (the "RV Loan"). The RV Loan was secured by a first-position

16     Deed of Trust on the RV Property (the "RV Deed of Trust") which was recorded on August 7,

17     2018.

18         10.     On June 17, 2019, LEV declared the RV Deed of Trust to be in default. The

19     Notice of Default was prepared by TRUSTEE as the successor Trustee for the RV Deed of Trust

20     and recorded on June 19, 2019. A true and correct copy of the Notice of Default is attached

21     hereto as Exhibit A. The Notice of Default declared that the amount due on the RV Loan was

22     $2,450,244.27. (See Exhibit A.) As confirmed by a Payoff Statement dated August 11, 2019,

23     this amount was based upon a claim that the principal balance of loan was $2,300,000. A true

24     and correct copy of this Payoff Statement which was also prepared by TRUSTEE is attached

25     hereto as Exhibit B. Consequently, it was evident that LEV's foreclosure was based not only

26     upon an alleged default that included the purported $2,000,000 original principal amount of the

27     RV Loan, but also included a $300,000 extension of the security interest in the RV Property that

28     was pledged in connection with the guaranty of a loan on a different property (the "Extension").

<div align="center">3</div>

1    The problem with this was that LEV had breached and never made the loan on the other property

2    so that the $300,000 Extension was wholly without consideration and void. The asserted amount

3    of the default and the payoff demanded by LEV was therefore excessive and unsupported and

4    disputed by RV.

5         11.    LEV recorded a Notice of Sale in connection with its foreclosure on the RV

6    Property on September 19, 2019. A true and correct copy of the Notice of Sale which was

7    prepared by TRUSTEE is attached hereto as Exhibit C. The sale was set for October 15, 2018.

8         12.    RV demanded that LEV reduce the payoff demand in connection with its

9    foreclosure of the RV Property to remove the $300,000 related to the Extension among other

10   things. In response, LEV provided an updated Payoff Statement showing a "Courtesy Credit" of

11   $336,300 representing the $300,000 Extension plus interest thereon. A true and correct copy of

12   the updated Payoff Statement prepared by TRUSTEE is attached hereto as Exhibit D. The

13   reduction of the demand was not at all a "Courtesy Credit" since there was absolutely no basis

14   for LEV to include the $300,000 Extension or interest thereon in any payoff demand related to

15   the foreclosure. In any case, LEV's payoff demand with the "Courtesy Credit" expired on

16   October 10, 2019.

17        13.    Plaintiff continued to dispute the amount demanded by LEV and brought a legal

18   action in this Court seeking a restraining order and preliminary injunction to prevent LEV from

19   completing the foreclosure with the excessive payoff demand (*GA&TV Inc. v. Lev Investments,*

20   *LLC*, Case Number RIC 1905065). The Court granted the restraining order on October 10, 2019.

21   By stipulation of the parties, the hearing on the preliminary injunction was heard on November 6,

22   2019. Although the Court agreed that the "Courtesy Credit" was appropriate to remove amounts

23   that had been improperly included in the initial payoff demand, the Court denied the preliminary

24   injunction. Nonetheless, the Court specifically stated that the foreclosure sale would need to be

25   for the "reduced sum reflecting the $336,300 'Courtesy Credit' in the Second Payoff Statement."

26   A true and correct copy of the Court's minute order is attached hereto as Exhibit E.

27        14.    The expiration of the temporary retraining order and the Court's denial of the

28   preliminary injunction was on November 6, 2019. Civil Code 2924g(d) imposes an automatic

4

COMPLAINT

1   seven day stay upon a foreclosure sale after the expiration of a temporary retraining order and

2   denial of a preliminary injunction, unless there is an express court order waiving the provisions

3   of that statute.  Here, there was no waiver of the stay by the Court.  Hence, pursuant to Civil

4   Code 2924g(d), the earliest date that LEV could proceed with its foreclosure sale of the RV

5   Property was November 13, 2019.  However, on November 12, 2019, when RV inquired about

6   the foreclosure sale, it was informed that LEV conducted the foreclosure on November 7, 2019.

7   This is confirmed by the Trustee's Deed for the foreclosure sale, a true and correct copy of which

8   is attached hereto as Exhibit F.  The sale was therefore in violation of Civil Code 2924g(d).

9       15.     Furthermore, the Trustee's Deed indicates that the foreclosure proceeded based

10  upon an unpaid debt of $2,570,949.36 and that the amount paid by LEV as a credit bid was

11  $2,500,000.00.  **This is directly in violation of this Court's Order.**  The Second Payoff

12  Statement dated September 24, 2019 referenced in the Court' Minute Order showed a total

13  amount due of $2,323,695.54 based upon the "Courtesy Credit."  There is thus no question that

14  the TRUSTEE's foreclosure sale of the RV Property was not based upon this amount and did not

15  include reduced amount required by the Court.  Moreover, **LEV could not have submitted a**

16  **credit bid for $2,500,000 since that is more than the Court determined was owed on the**

17  **loan.**  The TRUSTEE's sale of the RV Property was therefore in violation of law and void.

18      16.     When RV learned of the unlawful foreclosure sale of the RV Property, it

19  demanded that Defendants set aside the sale and remove the cloud on title to the property.

20  Despite such demand and the clear violation of law, Defendants have failed to cancel the

21  Trustee's Deed or confirm RV's title to the Property.

22                          **FIRST CAUSE OF ACTION**

23                      (For Quiet Title against the LEV PARTIES)

24      17.     Plaintiff incorporates here by reference all of the allegations set forth in

25  paragraphs 1 through 16, inclusive, of this Complaint.

26      18.     Since the TRUSTEE's foreclosure sale was in violation of law and void based

27  upon the failure of consideration, the foreclosure was ineffective to divest RV of title to the RV

28  Property.  RV is therefore the true owner of the property.

19.    Defendants claim and assert that LEV is the owner of the RV Property pursuant to the improper and unlawful foreclosure sale. Defendants' claim of title to the RV Property is adverse to the title claimed by Plaintiff.

20.    Plaintiff seeks to quiet title as of November 7, 2019 (the date of the unlawful foreclosure) as to its title to the RV Property in fee simple free and clear of any liens Defendants cause to become attached to the property since that date.

21.    Plaintiff has and will sustain incidental damages from cloud on title created by Defendants. Plaintiff's incidental damages are expected to exceed $100,000, subject to proof at the time of trial.

## SECOND CAUSE OF ACTION

### (For Cancellation of Instruments against all Defendants)

22.    Plaintiff incorporates here by reference all of the allegations set forth in paragraphs 1 through 16, inclusive, of this Complaint.

23.    The TRUSTEE's foreclosure sale of the RV Property was in violation of law and void based upon the failure of consideration. The TRUSTEE therefore did not have legal authority to execute the Trustee's Deed purported conveying title to the RV Property to LEV and the Trustee's Deed is a void instrument.

24.    Plaintiff has and will sustain serious injury and pecuniary loss based upon LEV's claims of title to the RV Property pursuant to the invalid Trustee's Deed. Among other things, Plaintiff's development of the property is being delayed and Plaintiff has and is losing funding opportunities that would provide financing for the development of the property. The Court should therefore declare that the Trustee's Deed is canceled and of no force and effect.

25.    Plaintiff has and will sustain incidental damages based upon the cloud on title created by the Trustee's Deed. Plaintiff's incidental damages are expected to exceed $100,000, subject to proof at the time of trial.

//

//

//

6

**THIRD CAUSE OF ACTION**

(For Wrongful Foreclosure Against All Defendants)

26.    Plaintiff incorporates here by reference all of the allegations set forth in paragraphs 1 through 16, inclusive, of this Complaint.

27.    As describe herein, Defendants caused an illegal foreclosure sale of the RV Property pursuant to the power of foreclosure provided in the RV Deed of Trust. The foreclosure was in violation of Civil Code 2924g(d) and this Court's specific order. The sale and the resulting Trustee's Deed are therefore void.

28.    RV filed its early lawsuit against LEV, in part due to disputes regarding the payoff due to LEV and setoffs that RV has against LEV. Nonetheless, RV was making arrangements to be able to tender payoff to LEV at or before the foreclosure sale. However, RV was preempting from its efforts to obtain refinancing to payoff LEV by Defendants' action in surreptitiously proceeding with the trustee's sale before it was legal to do so.

29.    RV has been substantially damaged based upon the loss of the RV Property. RV was in the process of developing the property as a luxury RV park. RV had not only substantial equity in the property, but also prospective profits relating to the development of the property. RV estimates that its damages from the loss of the RV Property are in excess of $5,000,000.

30.    Even if the Court restores RV's title to the property, RV has and will sustain incidental damages which are expected to exceed $100,000, subject to proof at the time of trial.

**FOURTH CAUSE OF ACTION**

(For Slander of Title against All Defendants)

31.    Plaintiff incorporates here by reference all of the allegations set forth in paragraphs 1 through 16, inclusive, of this complaint.

32.    The TRUSTEE's foreclosure sale of the RV Property was in violation of law and void based upon the failure of consideration. The TRUSTEE therefore did not have legal authority to execute the Trustee's Deed purported conveying title to the RV Property to LEV and the Trustee's Deed is a void instrument. Nonetheless, Defendants have recorded the Trustee's Deed creating a cloud on RV's true ownership of the property.

7

COMPLAINT

33.   The Trustee's Deed that purports to vest title in the RV Property in LEV is a false and slanderous document.  Defendants knew and certainly should have known that it was unlawful to conduct the foreclosure sale in violation of Civil Code 2924g(d) and were on notice of the Court's Minute Order mandating that the sale occur at the amount stated in the Second Payoff Demand.  Nonetheless, Defendants wilfully and in wanton disregard of this Court's Order purported to hold the sale and record the unlawful Trustee's Deed.

34.   The Trustee's Deed impugns and slanders RV's title to the Property as it is a false document and disparages RV's title to the Property and impairs RV's ability to exercise the rights of ownership thereof.  RV has therefore been damaged by the slanderous Trustee's Deed as RV has spent years developing the RV Property.  By virtue of the slanderous Trustee's Deed, RV's development of the property is being delayed and Plaintiff has and is losing funding opportunities that would provide financing for the development of the property.   RV has therefore sustained damages which are expected to exceed $100,000, subject to proof at the time of trial.

**FIFTH CAUSE OF ACTION**

(For Declaratory and Injunctive Relief against All Defendants)

35.   Plaintiff incorporates here by reference all of the allegations set forth in paragraphs 1 through 29, inclusive, of this complaint.

36.   A current dispute exists between the parties as to the invalidity of LEV's foreclosure on the RV Property and the ownership of the property.  RV contends that Defendants' non-judicial foreclosure sale of the RV Property is void and that it is the true owner of the property.  Defendants deny and dispute RV's contentions.  RV therefore seeks a judicial determination of this controversy which is necessary and appropriate to determine ownership of the RV Property and prevent Defendants from stealing RV's equity therein through an invalid and void foreclosure.

37.   Plaintiff is informed and believes and thereon alleges that Defendants plan to encumber, hypothecate, transfer, and/or sell the RV Property.  Such action will potentially prevent RV from obtaining the relief sought through this action and cause irreparable damage to

8

COMPLAINT

1  RV. RV has spent years developing the RV Property and has substantial equity in the property.

2  RV was ready, willing and able to refinance the RV property to payoff LEV's loan, but has been

3  prevented from doing so based upon Defendants' actions. The Court should therefore issue a

4  temporary restraining order and preliminary injunction enjoining Defendants from encumbering,

5  hypothecating, transferring, and/or selling the RV Property during the pendency of this action as

6  well as a permanent injunction once the parties' rights are determined by the Court.

7  <div align="center">**PRAYER**</div>

8      WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as

9  follows:

10  **ON THE FIRST CAUSE OF ACTION:**

11      1.    For a judgment quieting Plaintiff's title in fee simple to the RV Property free and

12  clear of any liens created by Defendants since November 7, 2019;

13      2.    For incidental damages of $100,000 subject to proof at the time of trial;

14  **ON THE SECOND CAUSE OF ACTION:**

15      3.    For cancellation of the Trustee's Deed purporting to convey title to the RV

16  Property to LEV;

17      4.    For incidental damages of $100,000 subject to proof at the time of trial;

18  **ON THE THIRD CAUSE OF ACTION:**

19      5.    For compensatory damages of $5,000,000.00, according to proof;

20  **ON THE FOURTH CAUSE OF ACTION:**

21      6.    For compensatory damages of $100,000.00, according to proof;

22  **ON THE FIFTH CAUSE OF ACTION:**

23      7.    For a permanent injunction enjoining Defendants from encumbering,

24  hypothecating, transferring, and/or selling the RV Property;

25      8.    For a temporary restraining order and preliminary injunction enjoining Defendants

26  from encumbering, hypothecating, transferring, and/or selling the RV Property during the

27  pendency of this action;

28  //

<div align="center">9</div>

<div align="center">COMPLAINT</div>

1  **ON ALL CAUSES OF ACTION:**

2      9.    For prejudgment interest pursuant to <u>Civil Code</u> Sections 3287 and/or 3288;

3      10.    For costs of suit including attorney's fees as provided in the RV Loan and RV

4  Deed of Trust; and

5      11.    For such further relief as the Court deems just and proper.

6

7  DATED: December 20, 2019        BURGEE & ABRAMOFF P.C.

8

9          By:   /s/ John G. Burgee
        JOHN G. BURGEE

10          Attorneys for Plaintiff COACHELLA VINEYARD
        LUXURY RV PARK, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div align="center">10

COMPLAINT</div>

1

**VERIFICATION**

2

STATE OF CALIFORNIA
3    COUNTY OF LOS ANGELES

4        I have read the foregoing COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
and know its contents.
5

        I am the Manager of Plaintiff COACHELLA VINEYARD LUXURY RV PARK, LLC in
6    this action.  The matters stated in the foregoing document are true of my own knowledge except
as to those matters which are stated on information and belief, and as to those matters, I believe
7    them to be true.

8        I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.
9

10        Executed on December 20, 2019, at Woodland Hills, California

11

12                                By:_____
                                    Abraham Gottlieb
13                                Manager of COACHELLA VINEYARD LUXURY RV
                                PARK, LLC
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

Exhibit A

**DOC # 2019-0220468**
06/19/2019 09:01 AM Fees: $105.00
Page 1 of 3
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

RECORDING REQUESTED BY:
First American Title Insurance Company

\*\*This document was electronically submitted
to the County of Riverside for recording\*\*
Receipted by: MARY #420

WHEN RECORDED MAIL TO:
**Real Property Trustee, Inc.**
**P. O. Box 17064**
**Beverly Hills, California 90209**

SPACE ABOVE THIS LINE FOR RECORDER'S USE

T.S. No.: 19-00051        Title Order: 8755522        Loan No.: 7272018        APN: 697-330-002-4

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO ABOVE IS NOT ATTACHED TO THE
RECORDED COPY OF THIS DOCUMENT, BUT ONLY TO THE COPIES PROVIDED OT THE TRUSTOR.

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE
BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY
COURT ACTION,** and you may have the legal right to bring your account in good standing
by paying all of your past due payments plus permitted costs and expenses within the time
permitted by law for reinstatement of your account, which is normally five business days prior to
the date set for the sale of your property. No sale date may be set until approximately 90 days
from the date this notice of default may be recorded (which date of recordation appears on this
notice).

This amount is **$2,450,224.27** as of **6/17/2019**, and will increase until your account becomes
current. While your property is in foreclosure, you still must pay other obligations (such as
insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make
future payments on the loan, pay taxes on the property, provide insurance on the property, or pay
other obligations as required in the note and deed of trust or mortgage, the beneficiary or
mortgagee may insist that you do so in order to reinstate your account in good standing. In
addition, the beneficiary or mortgagee may require as a condition of reinstatement that you
provide reliable written evidence that you paid all senior liens, property taxes, and hazard
insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of
the entire amount you must pay. You may not have to pay the entire unpaid portion of your
account, even though full payment was demanded, but you must pay all amounts in default at the
time payment is made. However, you and your beneficiary or mortgagee may mutually agree in
writing prior to the time the notice of sale is posted (which may not be earlier than three months
after this notice of default is recorded) to, among other things. (1) provide additional time in
which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of
payments in order to cure your default; or both (1) and (2).

TS No.: 19-00051          Loan No.: 7272018

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

<div align="center">

**LEV INVESTMENTS, LLC**
c/o Real Property Trustee, Inc.
P. O. Box 17064
Beverly Hills, California 90209
Phone: 877-770-2132

</div>

**If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.**

## Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN: That **Real Property Trustee, Inc.** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated **7/31/2018**, executed by **COACHELLA VINEYARD LUXURY RV PARK LLC, A CALIFORNIA LIMITED LIABILITY COMPANY.**, as Trustor, to secure certain obligations in favor of **LEV INVESTMENTS, LLC**, as beneficiary, recorded 8/7/2018, as Instrument No. **2018-0317977**, in Book xxx, Page xxx,  of Official Records in the Office of the Recorder of **Riverside** County, California describing land therein as: LOT 71 OF TRACT 30117-1, IN THE CITY OF COACHELLA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 331, PAGES 71 AND 78, INCLUSIVE OF MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. EXCEPTING THEREFROM 50% INTEREST IN AND TO AL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER SAID LAND AS RESERVED BY CANAL WATER LANDOWNERS, A CALIFORNIA CORPORATION IN DEED RECORDED MAY 27, 1954 IN BOOK 1592, PAGE 201 OF OFFICIAL RECORDS. EXCEPT THEREFROM THAT PORTION WHICH FALL WITHIN THE BOUNDARIES OF TRACT 32860-1, AS SHOWN ON THE SUBDIVISION MAP FILED ON MAY 2, 2006 IN BOOK 401 OF MAPS, PAGES 79 TO 88 INCLUSIVE IN THE OFFICE OF THE RIVERSIDE COUNTY RECORDER.

Including one **NOTE(S) FOR THE ORIGINAL** sum of $2,000,000.00, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the Beneficiary; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

**Installment of Principal and Interest on a senior lien plus impounds and/or advances which became due on 4/10/2019 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable. Advances to senior liens, legal fees, insurance, taxes plus interest and delinquent taxes and/or insurance premiums to be advanced by the Beneficiary after the recording of the notice of default. As a condition of reinstatement, all senior liens, property taxes and fire insurance premiums must not be delinquent and must have a current paid status.**

DOC #2019-0220468  Page 3 of 3

TS No.: 19-00051        Loan No.: 7272018

### NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**Nothing herein shall be construed as a waiver of any additional fees or defaults owing the Beneficiary under the Deed of Trust pursuant to the terms of the loan documents or of the right to demand payment of recurring and senior obligations as they may come due.**

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

**The beneficiary or its agent has declared that this loan is exempt from the provisions of Civil Code §§ 2923.5 or 2923.55.**

**The mortgage servicer/lender has supplied reliable and competent evidence to substantiate the borrower's default and its right to foreclose.**

Dated: 6/17/2019

Real Property Trustee, Inc.

By: _____

Mike Kemel, Trustee Sale Officer

The above-named trustee may be acting as a debt collector attempting to collect a debt. Any information obtained may be used for that purpose.

To the extent your original obligation was discharged or is subject to an automatic stay of bankruptcy under Title 11 of the United State Code, this notice is for compliance and/or information purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. However, a secured party retains rights under its security instrument, including the right to foreclose its lien.



Exhibit B

**Real Property Trustee, Inc.**
**P. O. Box 17064**
**Beverly Hills, California 90209**
**Phone: 877-770-2132**

8/11/2019

John G. Burgee, Esq.
Burgee & Abramoff
20501 Ventura Blvd., Suite 262
Woodland Hills, CA 91364

## PAYOFF STATEMENT

TS#:      19-00051              Loan#:   7272018
Property Address:       APN: 697-330-002-4

### NOTICE
### THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION
### OBTAINED WILL BE USED FOR THAT PURPOSE.

The amount to pay off the above referenced loan as of **9/10/2019** is as follows:

| | |
|---|---:|
| **Unpaid Principal Balance:** | $2,300,000.00 |
| **Accrued Interest from 4/1/2019** | $230,511.11 |
| **Accrued Late Charges:** | $20,533.35 |

**Advances, Default, Costs and Expenses**

| Description | Amount | From | Thru | Interest Rate | Recurring Costs | Total |
|---|---|---|---|---|---|---:|
| Tax Advance | $9,443.90 | 6/3/2019 | | 22% | 1 | $10,026.80 |
| Attorney Fees | $21,000.00 | 6/10/2019 | | 0% | 1 | $21,000.00 |
| Total Advances, Default, Costs and Expenses: | | | | | | $31,026.80 |
| Total Foreclosure Fees and Costs: | | | | | | $14,790.30 |

| | |
|---|---:|
| **Payoff Amount as of 9/10/2019** | $2,596,861.56 |

**Daily interest is in the amount of $1,405.56.**

Please submit your **certified funds** payable to Real Property Trustee, Inc. Be advised that the above amount is accurate only through the date cited herein and will increase thereafter. Funds must be received in our office **on or before 9/10/2019**, or this quote will be null and void.

**Please be advised that this figure is subject to change due to escrow disbursements and advances. Please contact this office to verify that these figures have not changed.**

Thank you,

_____
Mike Kemel, Trustee Sale Officer

cc: LEV INVESTMENTS, LLC

IMPORTANT NOTICE: IF YOU OR YOUR ACCOUNT ARE SUBJECT TO PENDING BANKRUPTCY PROCEEDINGS, OR IF YOU RECEIVED A BANKRUPTCY DISCHARGE ON THIS DEBT, THIS STATEMENT IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT. IF YOU ARE NOT IN BANKRUPTCY OR DISCHARGED OF THIS DEBT, BE ADVISED THAT REAL PROPERTY TRUSTEE, INC. IS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Exhibit C

**DOC # 2019-0369650**
09/19/2019 04:53 PM Fees: $105.00
Page 1 of 3
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

RECORDING REQUESTED BY
**First American Title Insurance Company**

AND WHEN RECORDED MAIL TO:
**Real Property Trustee, Inc.**
**P. O. Box 17064**
**Beverly Hills, California 90209**

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: SOPHIA #466

SPACE ABOVE THIS LINE FOR RECORDER'S USE

T.S. No.: 19-00051         Title Order: 8755522         Loan No.: 7272018         APN: 697-330-002-4

## NOTICE OF TRUSTEE'S SALE

ATTENTION RECORDER: THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY IS ONLY APPLICABLE
TO NOTICE(S) MAILED TO THE TRUSTOR.

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

[PURSUANT TO CIVIL CODE 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO ABOVE IS NOT ATTACHED TO THE
RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.]

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 7/31/2018. UNLESS YOU
TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC
SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING
AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

On 10/15/2019 at 9:00 AM, **Real Property Trustee, Inc.,** as duly appointed or substituted Trustee, at the request of
Beneficiary Lev Investments, LLC, P. O. Box 16646, Beverly Hills, California 90209, under that certain Deed of
Trust executed by **COACHELLA VINEYARD LUXURY RV PARK LLC, A CALIFORNIA LIMITED
LIABILITY COMPANY.,** as Trustor, to secure obligations in favor of LEV INVESTMENTS, LLC, as
Beneficiary, recorded on 8/7/2018 as Instrument No. 2018-0317977 in book xxx, page xxx  of Official Records of
the office of the County Recorder of Riverside County, California, **WILL SELL AT PUBLIC AUCTION TO
THE HIGHEST BIDDER FOR CASH** (payable at time of sale in lawful money of the United States, by cash, a
cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn
by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102
of the Financial Code and authorized to do business in this state), **At the front entrance of the former Corona
Police Department at 849 W. Sixth St., Corona, CA,** all right, title, and interest conveyed to and now held by it
under and pursuant to said Deed of Trust in and to the following described real property situated in the aforesaid
County and State, to wit: [LEGAL DESCRIPTION] LOT 71 OF TRACT 30117-1, IN THE CITY OF
COACHELLA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN
BOOK 331, PAGES 71 AND 78, INCLUSIVE OF MAPS IN THE OFFICE OF THE COUNTY RECORDER
OF SAID COUNTY. EXCEPTING THEREFROM 50% INTEREST IN AND TO AL OIL, GAS AND
OTHER HYDROCARBON SUBSTANCES IN AND UNDER SAID LAND AS RESERVED BY CANAL
WATER LANDOWNERS, A CALIFORNIA CORPORATION IN DEED RECORDED MAY 27, 1954 IN
BOOK 1592, PAGE 201 OF OFFICIAL RECORDS. EXCEPT THEREFROM THAT PORTION WHICH
FALL WITHIN THE BOUNDARIES OF TRACT 32860-1, AS SHOWN ON THE SUBDIVISION MAP
FILED ON MAY 2, 2006 IN BOOK 401 OF MAPS, PAGES 79 TO 88 INCLUSIVE IN THE OFFICE OF
THE RIVERSIDE COUNTY RECORDER. The property heretofore described is being sold "as is." The street

address and other common designation, if any, of the real property described herein is purported to be: VACANT LAND: Directions to said land may be obtained by submitting a written request submitted to the beneficiary within ten (10) days from the first publication of this notice to: Lev Investments, LLC, P. O. Box 16646, Beverly Hills, California 90209. A.P.N.: 697-330-002-4. The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown herein.

Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in the note(s), advances, if any, under the terms of the Deed of Trust, estimated fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust, to wit: $2,645,244.34 estimated, accrued interest and additional advances, fees, charges and expenses, if any, will increase this figure prior to sale.

The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned Trustee, or predecessor Trustee, has caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located and more than three months have elapsed since such recordation.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (916) 939-0772 or visit this Internet Web site www.nationwideposting.com, using the file number assigned to this case 19-00051. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

PLEASE TAKE NOTICE THAT if the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be return of monies paid to the Trustee, and the successful bidder shall have no further recourse. Further, if the foreclosure sale is set aside for any reason, the purchaser at the sale shall be entitled only to a return of the deposit paid and shall have no further recourse or remedy against the Mortgagor, Mortgagee, or Trustee herein.

If you have previously been discharged in bankruptcy, you may have been release of personal liability for this loan in which case this notice is intended to exercise the note holder's rights against the real property only.

As required by law, you are notified that a negative credit reporting may be submitted to a credit report agency if you fail to fulfill the terms of your credit obligation.

For Trustee's Sale dates, bid and postponement information, please call (916) 939-0772 or visit www.nationwideposting.com.

For any other inquiries, including litigation or bankruptcy matters, please call or fax to (877) 770-2132.

Date: 9/18/2019                                Real Property Trustee, Inc.

Mike Kemel, Trustee Sale Officer
Real Property Trustee, Inc.
9107 Wilshire Blvd., Suite 450
Beverly Hills, CA 90210

Exhibit D

**Real Property Trustee, Inc.**
**P. O. Box 17064**
**Beverly Hills, California 90209**
**Phone: 877-770-2132**

9/24/2019

John G. Burgee, Esq.
Burgee & Abramoff
20501 Ventura Blvd., Ste 262
Woodland Hills, CA 91364

## PAYOFF STATEMENT

TS#:        19-00051        Loan#:    7272018
Property Address:        APN: 697-330-002-4

### NOTICE
### THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION
### OBTAINED WILL BE USED FOR THAT PURPOSE.

The amount to pay off the above referenced loan as of **10/10/2019** is as follows:

| | |
|---|---:|
| Unpaid Principal Balance: | $2,300,000.00 |
| Accrued Interest from 4/1/2019 | $272,677.78 |
| Accrued Late Charges: | $24,750.02 |

**Advances, Default, Costs and Expenses**

| Description | Amount | From | Thru | Interest Rate | Recurring Costs | Total |
|---|---|---|---|---|---|---|
| Courtesy Credit | ($336,300.00) | 9/24/2019 | | 0% | 1 | ($336,300.00) |
| Tax Advance | $9,443.90 | 6/3/2019 | | 22% | 1 | $10,199.94 |
| Attorney Fees | $21,000.00 | 6/10/2019 | | 0% | 1 | $21,000.00 |
| Attorney Fees | $5,000.00 | 9/24/2019 | | 0% | 1 | $5,000.00 |
| Total Advances, Default, Costs and Expenses: | | | | | | ($300,100.06) |
| Total Foreclosure Fees and Costs: | | | | | | $26,367.80 |

| | |
|---|---:|
| **Payoff Amount as of 10/10/2019** | $2,323,695.54 |

**Daily interest is in the amount of $1,386.30.**

Please submit your **certified funds** payable to Real Property Trustee, Inc. Be advised that the above amount is accurate only through the date cited herein and will increase thereafter. Funds must be received in our office **on or before 10/10/2019**, or this quote will be null and void.

**Please be advised that this figure is subject to change due to escrow disbursements and advances. Please contact this office to verify that these figures have not changed.**

Thank you,

_____
Mike Kemel, Trustee Sale Officer

cc: LEV INVESTMENTS, LLC

IMPORTANT NOTICE: IF YOU OR YOUR ACCOUNT ARE SUBJECT TO PENDING BANKRUPTCY PROCEEDINGS, OR IF YOU RECEIVED A BANKRUPTCY DISCHARGE ON THIS DEBT, THIS STATEMENT IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT. IF YOU ARE NOT IN BANKRUPTCY OR DISCHARGED OF THIS DEBT, BE ADVISED THAT REAL PROPERTY TRUSTEE, INC. IS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT, ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

# Exhibit E

# RIVERSIDE SUPERIOR COURT

## PUBLIC ACCESS

## Minute Order

| Case Name: GA&TV INC VS LEV INVESTMENTS LLC | |
|---|---|
| Riverside Civil | Other Real Property-Over $25,000 (Riverside) |
| Case Number: RIC1905065 | File Date: 10/4/2019 |
| Action Date: 11/6/2019 | Action Time: 8:30 AM | Department: 10 |
| Action Description: Hearing on Preliminary Injunction | |

Honorable Judge L. Jackson Lucky IV , Presiding

Clerk: J. Alvarez

Court Reporter: A. Thrasher

No appearance made by either party.

At 9:27, the following proceedings were held:

After issuance of tentative ruling all parties waived oral argument.

Court makes the following orders:

Tentative Ruling shall become the Ruling of the Court.

Request for preliminary injunction is denied.

A preliminary injunction must not issue unless it is reasonably probable that the moving party will

prevail on the merits. (San Francisco Newspaper Printing Co., Inc. vs. Superior Court (Miller)

(1985) 170 Cal. App. 3d 438, 442). Here, Plaintiffs argue that Defendant failed to fully

fund a $2,000,000 loan, and withheld over $265,000. Defendant submits copies of a Wells

Fargo Bank Wire Transfer and Account Statement, which reflects that Defendant LEV Investments

wired $2,000,000 to North American Title Company on July 9, 2018. This evidence belies Plaintiff's

claim that Defendant failed to fund the full $2 million loan.

-

As a practical matter, there may have been some discrepancies as to how the $2 million was

disbursed or allocated, either by North American Title Company, or Prime Capital Group. However,

absent any admissible evidence that controverts the wire transfer records, it appears that

Defendants have the right to foreclose on the RV property for a reduced sum reflecting the

$336,300 "Courtesy Credit" in the Second Payoff Statement.

-

The evidence establishes that Plaintiff RV defaulted on its obligations, and that the terms

of the Deed of Trust entitle Defendant to proceed with the foreclosure.

| Riverside Civil | Other Real Property-Over $25,000 (Riverside) |
|---|---|
| **Case Number:** RIC1905065 | **File Date:** 10/4/2019 |

| **Action Date:** 11/6/2019 | **Action Time:** 8:30 AM | **Department:** 10 |
|---|---|---|

**Action Description:** Hearing on Preliminary Injunction

Notice to be given by defendant.

Hearing held: Pre-disposition hearing.

Minute entry completed.

Exhibit F

**DOC # 2019-0463223**
11/08/2019 03:46 PM Fees: $102.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

RECORDING REQUESTED BY:
**Real Property Trustee, Inc.**
First American Mortgage Solutions
AND WHEN RECORDED TO:
**LEV INVESTMENTS, LLC**
**PO Box 16646**
**Beverly Hills, CA 90209**

**This document was electronically submitted to the County of Riverside for recording**
Receipted by: TAMMIE #535

Forward Tax Statements to
the address given above

SPACE ABOVE LINE FOR RECORDER'S USE

TS #: 19-00051                                    Order #: 8755522
Loan #: 7272018                                   APN: 697-330-002-4

## TRUSTEE'S DEED UPON SALE

A.P.N.: 697-330-002-4                             Transfer Tax: $0.00
THIS TRANSACTION IS EXEMPT FROM THE REQUIREMENTS OF THE REVENUE AND TAXATION CODE,
SECTION 480.3
The Grantee Herein was the Foreclosing Beneficiary.
The Amount of the Unpaid Debt was $2,570,949.36
The Amount Paid by the Grantee was $2,500,000.00
Said Property is in the City of **Coachella**, County of **Riverside**

FATICO submits this document for recordation as a courtesy for physical convenience only. FATICO has not examined this document for its validity, sufficiency, or effect, if any, upon title to the real property described herein.

Real Property Trustee, Inc., as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly
described or as duly appointed Trustee) does hereby GRANT and CONVEY to

## Lev Investments, LLC, a California limited liability company

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed
to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of Riverside,
State of California, described as follows:

LOT 71 OF TRACT 30117-1, IN THE CITY OF COACHELLA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN
BY MAP ON FILE IN BOOK 331, PAGES 71 AND 78, INCLUSIVE OF MAPS IN THE OFFICE OF THE COUNTY RECORDER OF
SAID COUNTY. EXCEPTING THEREFROM 50% INTEREST IN AND TO AL OIL, GAS AND OTHER HYDROCARBON
SUBSTANCES IN AND UNDER SAID LAND AS RESERVED BY CANAL WATER LANDOWNERS, A CALIFORNIA
CORPORATION IN DEED RECORDED MAY 27, 1954 IN BOOK 1592, PAGE 201 OF OFFICIAL RECORDS. EXCEPT
THEREFROM THAT PORTION WHICH FALL WITHIN THE BOUNDARIES OF TRACT 32860-1, AS SHOWN ON THE
SUBDIVISION MAP FILED ON MAY 2, 2006 IN BOOK 401 OF MAPS, PAGES 79 TO 88 INCLUSIVE IN THE OFFICE OF THE
RIVERSIDE COUNTY RECORDER.

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by
**COACHELLA VINEYARD LUXURY RV PARK LLC, A CALIFORNIA LIMITED LIABILITY**
**COMPANY** as Trustor, dated 7/31/2018 of the Official Records in the office of the Recorder of Riverside,
California under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly
appointed Trustee, default having occurred under the Deed of Trust pursuant to the Notice of Default and Election to
Sell under the Deed of Trust recorded on 8/7/2018, instrument number 2018-0317977, Book xxx, Page xxx of
official records. Trustee having complied with all applicable statutory requirements of the State of California and
performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within
ten days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage
pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

# TRUSTEE'S DEED UPON SALE

TS #: 19-00051
Loan #: 7272018
Order #: 8755522

All requirements per California Statutes regarding the mailing, personal delivery and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with. Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on 11/7/2019. Grantee, being the highest bidder at said sale became the purchaser of said property and (a) paid therefore to said Trustee the amount bid, being $2,500,000.00, in lawful money of the United States, or (b) made a credit bid as the beneficiary of the above-described Deed of Trust.

In witness thereof, **Real Property Trustee, Inc.**, as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws.

Date: 11/7/2019

Real Property Trustee, Inc.

By: _____

Mike Kemel, Trustee Sale Officer

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California          } ss.
County of Los Angeles      }

On NOVEMBER 07, 2019 before me, PETER PARK (NOTARY PUBLIC) personally appeared MIKE KEMEL who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

PETER PARK
Notary Public - California
Los Angeles County
Commission # 2252131
My Comm. Expires Aug 2, 2022

# EXHIBIT "K"

Electronically FILED by Superior Court of California, County of Los Angeles on 08/13/2019 08:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Boyadzhyan,Deputy Clerk

1    **JOHN G. BURGEE, ESQ. (State Bar No. 132129)**
     **BURGEE & ABRAMOFF, P.C.**
2    20501 Ventura Boulevard, Suite 262
     Woodland Hills, California  91364
3    Tel: (818) 264-7575
     Fax: (818) 264-7576
4
     Attorneys for Defendants RUVIN FEYGENBERG,
5    MICHAEL LEIZEROVITZ and SENSIBLE
     CONSULTING AND MANAGEMENT, INC.
6

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF LOS ANGELES

10                            NORTHWEST DISTRICT

11

12   LEV INVESTMENTS, LLC,                   )   CASE NO. 19VECV00878
                                             )
13                  Plaintiff,               )   CROSS-COMPLAINT OF RUVIN
                                             )   FEYGENBERG, MICHAEL LEIZEROVITZ
14         v.                                )   AND SENSIBLE CONSULTING AND
                                             )   MANAGEMENT, INC. FOR DAMAGES AND
15   RUVIN FEYGENBERG, et al.,               )   EQUITABLE RELIEF:
                                             )
16                  Defendants.              )   1. BREACH OF CONTRACT
     _____)   2. BREACH OF FIDUCIARY DUTY
17                                           )   3. CONCEALMENT
     RUVIN FEYGENBERG, MICHAEL               )   4. INDEMNITY
18   LEIZEROVITZ, and SENSIBLE               )   5. DECLARATORY RELIEF
     CONSULTING AND MANAGEMENT,              )   6. QUIET TITLE
19   INC.                                    )   7. CANCELLATION OF INSTRUMENTS
                                             )   8. WRONGFUL FORECLOSURE
20                  Cross-Complainants,      )   9. DECLARATORY AND INJUNCTIVE
                                             )       RELIEF
21         v.                                )
                                             )
22   LEV INVESTMENTS, LLC, DMITRI            )
     LIOUDKOVSKI (aka Dmitri Ludkovski),     )
23   YEVGENIYA LISITSA (aka Y. GINA          )
     LISITSA), LISITSA LAW, INC., REAL       )
24   PROPERTY TRUSTEE, INC., MIKE            )
     KEMEL, and ROES 1 to 50,                )
25                                           )
                    Cross-Defendants.        )
26   _____)

27         Cross-Complainants RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ, and SENSIBLE

28   CONSULTING AND MANAGEMENT, INC. allege:

                                        1
     _____
                             CROSS-COMPLAINT

**PARTIES**

1.     Cross-Complainants RUVIN FEYGENBERG and MICHAEL LEIZEROVITZ are individuals who reside in the State of California.

2.     Cross-Complainant SENSIBLE CONSULTING AND MANAGEMENT, INC. ("SENSIBLE") is, and was at all times material hereto, a corporation organized and existing under the laws of the State of California.

3.     Cross-Defendants DMITRI LIOUDKOVSKI (also known as Dmitri Ludkovski), YEVGENIYA LISITSA (also known as Y. GINA LISITSA), and MIKE KEMEL are individuals who conducts business in Southern California and the County of Los Angeles.  Cross-Defendants are informed and believe and thereon allege that LIOUSKOVSKI, LISITSA and KEMEL also maintain residences in the County of Los Angeles, State of California.

4.     Cross-Defendant LEV INVESTMENTS, LLC ("LEV") is, and was at all times material hereto, a limited liability company organized and existing under the laws of the State of California.  LIOUDKOVSKI is the sole manager and principal of LEV.

5.     Cross-Defendant LISITSA LAW, INC. is and was at times material hereto, a corporation organized and existing under the laws of the State of California, with its principal place of business in Beverly Hills, California.  Cross-Complainants are informed and believe and thereon allege that LISITSA is and was a shareholder, director and/or officer of LISITSA LAW, INC., and that LISITSA LAW, INC. is LISITSA's law corporation.  (LISITSA and LISITSA LAW, INC. are collectively referred to herein as the "LISITSA PARTIES.")

6.     Cross-Defendant REAL PROPERTY TRUSTEE, INC. (the "TRUSTEE") is, and was at all times material hereto, a Delaware corporation doing business in the County of Los Angeles, and it is currently qualified to do business in the State of California.  Cross-Complainants are informed and believe and thereon allege that KEMEL is the sole officer, director and principal of RPT.

7.     The names and capacities, whether individual, corporate, associate or otherwise, of Cross-Defendants named herein as ROES 1 to 50, inclusive, are unknown to Cross-Complainants, who therefore sue such Cross-Defendants by such fictitious names.  Cross-Complainants will amend

2

1    this Cross-Complaint when the true names and capacities of such Cross-Defendants have been

2    ascertained.  Cross-Complainants further allege that each such Cross-Defendant is responsible in

3    some manner for the actions alleged herein and further for the damages suffered by Cross-

4    Complainants.

5        8.    Cross-Complainants are informed and believe and thereon allege that there exists,

6    and at all times relevant herein there existed, a unity of interest and ownership between Cross-

7    Defendants LIOUDKOVSKI, LEV and ROES 1 to 10 (collectively the "LEV PARTIES"), such that

8    any individuality and separateness between these parties has ceased.  Additionally, Cross-

9    Complainants are informed and believe and thereon allege that LEV and ROES 1 to 5 are

10    undercapitalized, failed to observe corporate formalities, are mere shell entities, and/or are

11    instrumentalities of LIOUDKOVSKI and ROES 6 to 10.  Cross-Complainants therefore are

12    informed and believe and thereon allege that the LEV PARTIES are the alter egos of each other and

13    it would be unjust not to hold each of these parties liable for the claims against any of the other

14    parties alleged herein.

15        9.    Cross-Complainants are informed and believe and thereon allege that there exists,

16    and at all times relevant herein there existed, a unity of interest and ownership between Cross-

17    Defendants KEMEL, RPT and ROES 11 to 20 (collectively the "RPT PARTIES"), such that any

18    individuality and separateness between these parties has ceased.  Additionally, Cross-Complainants

19    are informed and believe and thereon allege that RPT and ROES 11 to 15 are undercapitalized,

20    failed to observe corporate formalities, are mere shell entities, and/or are instrumentalities of

21    KEMEL and ROES 16 to 20.  Cross-Complainants therefore are informed and believe and thereon

22    allege that the RPT PARTIES are the alter egos of each other and it would be unjust not to hold

23    each of these parties liable for the claims against any of the other parties alleged herein.

24                            **GENERAL ALLEGATIONS**

25        10.    In or about December 2018, FEYGENBERG and LEIZEROVITZ entered into a

26    business transaction with LEV for LEV's acquisition of a real property located in Sherman Oaks,

27    California consisting of a single-family dwelling (the "Property").  The parties' plan was to purchase

28    a defaulted Promissory Note secured by a first position Deed of Trust for the Property which was in

3

1   the process of being foreclosed, and to complete the non-judicial foreclosure in order for LEV to

2   obtain title to the Property. FEYGENBERG's and LEIZEROVITZ's role in the transaction was

3   principally to act as lenders who were initially secured by having an interest in the purchased Note

4   and after foreclosure, were to be secured by a first-position lien against the Property. Pursuant the

5   principal written agreement among the parties for this venture, which was prepared by LISITSA (the

6   "CONTRACT"), LEV was supposed to contribute $1,022,500 to the purchase of the Note and Deed

7   of Trust. The LISITSA PARTIES acted as counsel for all parties to the CONTRACT.

8          11.     Unbeknownst to FEYGENBERG and LEIZEROVITZ, LIOUDKOVSKI was making

9   secret deals with others to obtain the funds LEV needed to contribute to the purchase of the Note

10   and Deed of Trust (the "Secret Loans"). LIOUDKOVSKI purported to make these deals on behalf

11   of LEV, FEYGENBERG and LEIZEROVITZ, even though FEYGENBERG and LEIZEROVITZ

12   never gave LIOUDKOVSKI authority to do so and were unaware of the deals he was making.

13   Cross-Complainants are informed and believe and thereon allege that in order to obtain funds from

14   third parties, LIOUDKOVSKI promised them first-position liens on the Property. LIOUDKOVSKI

15   obtained an unknown amount of funds from the third parties in this manner. Cross-Complainants

16   are informed and believe and thereon allege that one of the third parties that provided funds to LEV

17   based upon LIOUDKOVSKI's promise of a first-position lien against the Property was a relative of

18   LISITSA and that the LISITSA PARTIES were aware of these Secret Loans obtained by

19   LIOUDKOVSKI for LEV.

20          12.     LEV, FEYGENBERG and LEIZEROVITZ acquired the defaulted Promissory Note

21   on or about December 31, 2018. During the next month, the owner of the Property engaged in legal

22   actions in both the Superior Court and the Bankruptcy Court to try to derail the foreclosure.

23   LISITSA represented Lev, FEYGENBERG and LEIZEROVITZ as counsel of record in these legal

24   proceedings . Since they were principally acting as lenders, FEYGENBERG and LEIZEROVITZ

25   never agreed, expected or were told that they would be responsible for any attorneys fees or legal

26   costs incurred in order to proceed with the foreclosure. Nonetheless, they were charged in excess of

27   $24,000 for their share of Defendants' attorneys fees for these court proceedings. FEYGENBERG

28   and LEIZEROVITZ  reluctantly accepted that they were being charged for the LISITSA PARTIES'

4

1  attorneys fees based upon the understanding and expectation that, as lenders, they would ultimately

2  be reimbursed for costs and expenses related to their loan when the loan was paid-off.

3        13.    The foreclosure sale of the Property occurred on January 30, 2019.  Although the

4  Property was sold based upon a credit bid of the amount due on the Promissory Note, the sale did

5  not proceed as agreed by FEYGENBERG, LEIZEROVITZ and LEV.  Despite the agreement that

6  only LEV would take title to the Property and that FEYGENBERG and LEIZEROVITZ would be

7  provided with a first-position Deed of Trust as soon as the foreclosure occurred, the Trustee

8  conducting the foreclosure sale under the direction and supervision of the LEV PARTIES and

9  LISITSA, issued a Trustee's Deed naming LEV,  FEYGENBERG and LEIZEROVITZ jointly as

10  owners of the Property.  Realizing this mistake, LISITSA prepared a Grant Deed to divest

11  FEYGENBERG and LEIZEROVITZ of ownership of the Property and a Deed of Trust to secure

12  FEYGENBERG's and LEIZEROVITZ's loan as a lien against the Property.   (LEIZEROVITZ

13  assigned his loan to SENSIBLE, his business entity, which became a beneficiary of the Deed of

14  Trust with FEYGENBERG which the Deed of Trust was prepared by LISITSA.)  These documents

15  were executed on January 31, 2019, just one day after the Trustee's sale.  However, the LISITSA

16  PARTIES, who had possession of these instruments, acting at the direction and in concert with the

17  LEV Parties, did not record them until March 22, 2019, after many demands from Cross-

18  Complainants for copies of the recorded documents.

19        14.    In early March 2019, before the Grant Deed and Deed of Trust were recorded to try

20  to conform to the parties' agreement, LEV acting through the LISITSA PARTIES asked Cross-

21  Complainants to provide a pay-off demand for their loan in connection with an escrow for a

22  purported sale of the Property.  In connection with that transaction, Cross-Complainants were told

23  that there was a "problem" with the title to the Property.  That "problem" turned out to be a

24  judgment lien against FEYGENBERG for an old lawsuit that FEYGENBERG believed had been

25  settled and dismissed.  Unbeknownst to FEYGENBERG, the claims against him were not dismissed

26  and a judgment was entered against him for $169,855.38.  This "problem" would have never arisen

27  if the foreclosure on the Property had been handled as agreed where FEYGENBERG would never

28  have been named as a title holder of the Property.  Based upon this "problem", LEV, through its

1  agents, has demanded that SENSIBLE, which had become the sole holder of the loan initially made

2  by FEYGENBERG and LEIZEROVITZ, agree to a payoff of the loan that is reduced by the amount

3  of the judgment.  When SENSIBLE refused to do so, LEV brought this  action against Cross-

4  Complainants seeking compensation not only for the judgment, but also other for other undisclosed

5  liens against the Property that they supposedly caused.  These claims are based in part upon the

6  execution of a Grant Deed by LEIZEROVITZ and FEYGENBERG to convey the interest that they

7  improperly had in the Property to LEV.

8        15.    In October 2019, Cross-Complainants first learned about the Secret Loans when they

9  received notice of a lawsuit brought by Mariya Ayzenberg. Ms. Ayzenberg alleged that she made a

10  $300,000 loan to LEV and Cross-Defendants, and that her loan was supposed to be secured by a

11  Deed of Trust for the Property.  She recorded a Notice of Pendency of Action against the Property

12  clouding title.  Prior to this time, Cross-Complainants had no idea that Ms. Ayzenberg had

13  purportedly loaned any money to LEV related to the acquisition of the Property.

14        16.    In December 2019, Cross-Complainants learned about another Secret Loan when

15  they received notice of another lawsuit brought against LEV and them, alleging that they borrowed

16  $119,000 from an undisclosed principal for the acquisition of the Property. (The lawsuit was

17  brought by FR LLC as an assignee of the Secret Loan.)  The plaintiff alleged that the loan was

18  supposed to be secured by a first position Deed of Trust for the Property and, according to the court

19  docket, the plaintiff recorded a Notice of Pending Action.  Prior to this time, Cross-Complainants

20  was not aware of this purported loan to LEV related to the acquisition of the Property.

21                              **FIRST CAUSE OF ACTION**

22          (By All Cross-Complainants for Breach of Contract against the LEV PARTIES)

23        17.    Cross-Complainants incorporate here by reference all of the allegations set forth in

24  paragraphs 1 through 16, inclusive, of this Cross-Complaint.

25        18.    The CONTRACT is a written contract between the parties.  (Due to a confidentiality

26  provision in the CONTRACT, Cross-Complainants are not attaching the documents as an exhibit,

27  but have pled the essential relevant terms.)  SENSIBLE is a successor-in-interest to the benefits of

28  LEIZEROVITZ and FEYGENBERG under the CONTRACT.

CROSS-COMPLAINT

19.      Cross-Complainants performed and were ready, willing and able to perform all obligations required of them pursuant to the CONTRACT except as have been waived, excused or rendered impossible by Cross-Defendants and their conduct.

20.      Cross-Defendants breached the contract by (a) failing to contribute $1,022,500 of their own funds (not borrowed funds) to the acquisition of the Property, (b) not causing the Trustee's foreclosure sale of the Property to be conducted as agreed where title to the Property was vested solely in LEV and Cross-Complainants being provided immediately with a first position Deed of Trust; and ( c) based upon promises made in connection with obtaining the Secret Loans, potentially giving third parties lien rights in the Property superior to those of Cross-Defendants.

21.      Based upon Cross-Defendants' breach of contract, Cross-Complainants have sustained damages in terms of the judgment against FEYGENBERG that has now become a lien against the Property and the claims, clouds on title, and prospective defense costs and liability with respect to the Secret Loans.  Cross-Complainants believes that their damages may exceed $600,000, subject to proof at the time of trial.

**SECOND CAUSE OF ACTION**

(By all Cross-Complaints for Breach of Fiduciary Duty

Against the LEV PARTIES, the LISITSA PARTIES and ROES 21 to 30)

22.      Cross-Complainants incorporate here by reference all of the allegations set forth in paragraphs 1 through 16, inclusive, of this Cross-Complaint.

23.      The LEV PARTIES were Cross-Complainants' business partners in connection with the transaction memorialized by the CONTRACT.  Further, the LISITSA PARTIES acted a counsel for Cross-Complainants.  Consequently, Cross-Defendants and each of them owed a fiduciary duty of care to Cross-Complainants.

24.      Defendants breached their fiduciary duty to Cross-Complainants by, among other things, arranging and obtaining the Secret Loans, failing to disclose the Secret Loans to Cross-Complainants, and conducting the foreclosure sale of the Property so as to convey title, in part, to FEYGENBERG and LEIZEROVITZ.

//

7

25. As the result of Cross-Defendants' breach of fiduciary duty, Cross-Complainants have sustained damages which are believed to be in excess of $600,000.

26. Cross-Defendants' breach of fiduciary duty was committed with fraud and malice as those terms are defined in Civil Code Section 3294. Cross-Defendants knew that the Secret Loans were contrary to promises and representations made to Cross-Complainants as well as the CONTRACT, and that Cross-Complainants would sustain harm by virtue of the Secret Loans. Further, Cross-Defendants had a duty to disclose the Secret Loans to Cross-Complainants but failed to do so. Cross-Complainants are therefore entitled to an award of exemplary damages against Cross-Defendants in an amount deemed appropriate by the trier of fact.

_____**THIRD CAUSE OF ACTION**

(By All Cross-Complainants for Concealment Against

the LEV PARTIES, the LISITSA PARTIES and ROES 21 to 30)

27. Cross-Complainants incorporate here by reference all of the allegations set forth in paragraphs 1 through 16, inclusive, of this Cross-Complaint.

28. By The LEV PARTIES were Cross-Complainants' business partners in connection with the transaction memorialized by the CONTRACT. Further, the LISITSA PARTIES acted a counsel for Cross-Complainants. By virtue of these relationships, Cross-Defendants and each of them had a duty to disclose the Secret Loans to Cross-Complainants. However, Cross-Defendants failed to disclose the Secret Loans to Cross-Complainants, purposefully concealing their existence, in order to deceive Cross-Complainants so that they would not know that these loans existed.

29. Based upon Cross-Defendants' concealment of the Secret Loans, Cross-Complainants were unaware of those Loans and the promises that the LEV PARTIES made to third parties, supposedly on Cross-Complainants' behalf. Cross-Complainants would not have proceeded with the business transaction with LEV had they known of the Secret Loans.

30. Cross-Complainants have been damaged by Cross-Defendants' deceit in terms of the claims made by third parties that loaned LEV money pursuant to the Secret Loans which include their placing clouds on title, and prospective defense costs and liability. Cross-Complainants believes that their damages may exceed $300,000, subject to proof at the time of trial.

8

31.     Cross-Defendants' concealment of the Secret Loans was fraudulent and committed with malice as those terms are defined in Civil Code Section 3294. Cross-Defendants knew that the Secret Loans were contrary to promises and representations made to Cross-Complainants as well as the CONTRACT, and that Cross-Complainants would sustain harm by virtue of the Secret Loans. Further, Cross-Defendants had a duty to disclose the Secret Loans to Cross-Complainants but failed to do so. Cross-Complainants are therefore entitled to an award of exemplary damages against Cross-Defendants in an amount deemed appropriate by the trier of fact.

**FOURTH CAUSE OF ACTION**

(By All Cross-Complainants for Indemnity Against

the LEV PARTIES, the LISITSA PARTIES and ROES 21 to 30)

32.     Cross-Complainants incorporate here by reference all of the allegations set forth in paragraphs 1 through 16, inclusive, of this Cross-Complaint.

33.     The third parties who made Secret Loans to LEV have brought lawsuits against Cross-Complainants for the breach of such loans. Cross-Complainants have been named as defendants in these actions based upon the unauthorized and fraudulent representations and promises by Cross-Defendants that they were acting on behalf of Cross-Complainants. The claims against Cross-Complainants in these actions are thus wholly based upon the misconduct of Cross-Defendants. Cross-Complainants are therefore entitled to indemnity from Cross-Defendants for any cost and expense in opposing the lawsuits based upon the Secret Loans as well as for any settlement or judgment with respect to those claims that detrimentally impact Cross-Complainants.

**FIFTH CAUSE OF ACTION**

(By All Cross-Complainants for Declaratory Relief Against

the LEV PARTIES, the LISITSA PARTIES and ROES 21 to 30)

34.     Cross-Complainants incorporate here by reference all of the allegations set forth in paragraphs 1 through 16, inclusive, of this Cross-Complaint.

35.     An actual controversy exists among the parties concerning their respective rights and interests in connection with respect to the satisfaction of the judgment against FEYGENBERG and the responsibility for the Secret Loans. Cross-Complainants contend and Cross-Defendants dispute

9

1   that: (a) Cross-Complainants have no responsibility to satisfy the judgment against FEYGENBERG;

2   (b) SENSIBLE is entitled to payment of all principal, interest and any other fees and charges on the

3   loan it holds that is secured by the Property without setoff for the judgment against FEYGENBERG;

4   (c) Cross-Defendants are solely responsible for any and all costs and liabilities arising from the

5   Secret Loans; and (d) Cross-Complainants are entitled to indemnity from Cross-Defendants for the

6   claims asserted by the third parties based upon the Secret Loans, including the attorneys fees and

7   costs incurred by Cross-Complainants in defending any action related thereto.  Consequently, a

8   judicial determination of the rights and interest of the parties with respect to these matters is

9   necessary and appropriate.

10                          **GENERAL ALLEGATIONS**

11      **AS TO ADDITIONAL CLAIMS AGAINST CROSS-DEFENDANTS BY LEIZEROVITZ**

12          36.     Coachella Vineyard Luxury RV Park, LLC ("RV") owned a real property in

13   Coachella, California which is vacant land that is being developed as a luxury RV park (the "RV

14   Property") .  The RV Property is legally described as follows:

15          LOT 71 OF TRACT 30117-1, IN THE CITY OF COACHELLA, COUNTY OF
            RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN
16          BOOK 331, PAGES 71 AND 78, INCLUSIVE OF MAPS IN THE OFFICE OF THE
            COUNTY RECORDER OF SAID COUNTY.
17
            EXCEPTING THEREFROM 50% INTEREST IN AND TO ALL OIL, GAS AND
18          OTHER HYDROCARBON SUBSTANCES IN AND UNDER SAID LAND AS
            RESERVED BY CANAL WATER LANDOWNERS, A CALIFORNIA
19          CORPORATION IN DEED RECORDED MAY 27, 1954 IN BOOK 1592, PAGE
            201 OF OFFICIAL RECORDS.
20
            EXCEPT THEREFROM THAT PORTION WHICH FALL WITHIN THE
21          BOUNDARIES OF TRACT 328610-1, AS SHOWN ON THE SUBDIVISION MAP
            FILED ON MAY 2,2006 IN BOOK 401 OF MAPS, PAGES 79 TO 88 INCLUSIVE
22          IN THE OFFICE OF THE RIVERSIDE COUNTY RECORDER.

23          APN: 601-620-012-0.

24          37.     Prior to July 2018, LEIZEROVITZ held certain Deeds of Trust securing loans he had

25   made to RV and affiliated entities.  Pursuant to an agreement with RV and others, LEIZEROVITZ

26   agreed to release his Deeds of Trust on the RV Property to allow RV to obtain new financing for the

27   development of that property.  The new financing including a loan made by LEV on or about July

28   31, 2018, purporting to be in the principal amount of $2,000,000 (the "LEV Loan").  The LEV Loan

                                      10

1  was secured by a first-position Deed of Trust on the RV Property (the "LEV Deed of Trust") which

2  was recorded on August 7, 2018.

3      38.    In consideration for releasing his Deeds of Trust against the RV Property,

4  LEIZEROVITZ received, among other things, an unsecured Promissory Note from RV in the

5  amount of $400,000 (the "Unsecured Note") and a Promissory Note (the "Secured Note") which

6  was secured by a Deed of Trust against the RV Property in the amount of $500,000 (the "RV Deed

7  of Trust").

8      39.    In February 2019, RV agreed that the Unsecured Note would be secured by the RV

9  Deed of Trust as an extension of credit.  Additionally, LEIZEROVITZ agreed to provide RV with a

10  further loan of $50,000 as an extension of the loan secured by the RV Deed of Trust.  The total

11  amount secured by the RV Deed of Trust was therefore $950,000.  The RV Deed of Trust was

12  recorded on February 7, 2019 and constituted a third-position lien on the RV Property.

13     40.    On June 17, 2019, LEV declared the LEV Loan to be in default.  The Notice of

14  Default was prepared by the RPT PARTIES as the successor Trustee for the LEV Deed of Trust and

15  recorded on June 19, 2019.  The Notice of Default declared that the amount due on the LEV Loan

16  was $2,450,244.27.  The asserted amount of the default was disputed by RV.

17     41.    LEV recorded a Notice of Sale in connection with its foreclosure on the RV Property

18  on September 19, 2019.  The sale was set for October 15, 2018.

19     42.    Although LEV ultimately reduced its payoff demand for its loan, RV continued to

20  dispute the amount demanded by LEV and brought a legal action in the Riverside Superior Court

21  seeking a restraining order and preliminary injunction to prevent LEV from completing the

22  foreclosure with the excessive payoff demand (*GA&TV Inc. v. Lev Investments, LLC*, Case Number

23  RIC 1905065) (the "Riverside Acton").  The Riverside Court granted the restraining order on

24  October 10, 2019.  By stipulation of the parties, the hearing on the preliminary injunction was heard

25  on November 6, 2019.  Although the Riverside Court agreed that the Notice of Default and the

26  original demand by LEV was excessive, the Court denied the preliminary injunction sought by RV.

27  Nonetheless, the Riverside Court specifically stated that the foreclosure sale would need to be based

28  upon LEV's reduced demand.

CROSS-COMPLAINT

43.    The expiration of the temporary retraining order and the Court's denial of the preliminary injunction was on November 6, 2019.  Civil Code 2924g(d) imposes an automatic seven day stay upon a foreclosure sale after the expiration of a temporary retraining order and denial of a preliminary injunction, unless there is an express court order waiving the provisions of that statute.  Here, there was no waiver of the stay by the Court.  Hence, pursuant to Civil Code 2924g(d), the earliest date that LEV could proceed with its foreclosure sale of the RV Property was November 13, 2019.

44.    LEIZEROVITZ was following LEV's foreclosure and the Riverside Action as a junior lien holder.  LEIZEROVITZ was interested in the foreclosure and in possibly acquiring the RV Property at the foreclosure sale in order to protect his financial interest in the property by virtue of the RV Deed of Trust.  However, on or about November 12, 2019, LEIZEROVITZ learned that the RPT PARTIES conducted the foreclosure for LEV on November 7, 2019.  The sale was therefore in violation of Civil Code 2924g(d) and LEIZEROVITZ was denied the opportunity to attend the foreclosure and prospectively purchase the RV Property.

45.    Furthermore, the Trustee's Deed from LEV's foreclosure on the RV Property indicates that the foreclosure proceeded based upon an unpaid debt of $2,570,949.36 and that the amount paid by LEV as a credit bid was $2,500,000.00.  This amount appears to be in excess of the amount that the Riverside Court ruled was appropriate so that the foreclosure was in violation of this Court's Order.  In this regard, it is questionable that LEV could have submitted a credit bid for $2,500,000 since that appears to be more than the Riverside Court determined was owed on the loan.

46.    Cross-Complainants are informed and believe and thereon allege that RV demanded that the improper foreclosure sale of the RV Property be set aside.  However, Cross-Defendants have failed to cancel the Trustee's Deed or confirm RV's title to the Property which would restore the RV Deed of Trust and LEIZEROVITZ's secured interest in the property.  As a result, LEIZEROVITZ has lost his security interest in the RV Property which devalues his loans to RV and denies him the opportunity to foreclose on the RV Property if the loans are not repaid.

//

12

1

**SIXTH CAUSE OF ACTION**

2

(By LEIZEROVITZ for Quiet Title against the LEV PARTIES)

3      47.     Cross-Complainants incorporate here by reference all of the allegations set forth in

4   paragraphs 1 through 9, and 36 through 46, inclusive, of this Cross-Complaint.

5      48.     The foreclosure sale of the RV Property was in violation of law and void based upon

6   the failure of consideration.  The foreclosure was thus ineffective to divest RV of title to the RV

7   Property and extinguish the RV Deed of Trust.

8      49.     Cross-Defendants claim and assert that LEV is the owner of the RV Property and that

9   the RV Deed of Trust was extinguished pursuant to the improper and unlawful foreclosure sale.

10   Cross-Defendants' claim of title to the RV Property is adverse to the claim of LEIZEROVITZ that

11   the RV Deed of Trust remains a valid encumbrance of title to the property.

12      50.     LEIZEROVITZ seeks to quiet title as of November 7, 2019 (the date of the unlawful

13   foreclosure) as to the RV Deed of Trust as a valid and existing encumbrance of title to the RV

14   Property free and clear of any liens Cross-Defendants caused to become attached to the property

15   since that date.

16      51.     LEIZEROVITZ has and will sustain incidental damages, subject to proof at the time

17   of trial.

18

**SEVENTH CAUSE OF ACTION**

19

(By LEIZEROVITZ for Cancellation of Instruments

20

against the LEV PARTIES, the RPT PARTIES and ROES 31 to 40)

21      52.     Cross-Complainants incorporate here by reference all of the allegations set forth in

22   paragraphs 1 through 9, and 36 through 46, inclusive, of this Cross-Complaint.

23      53.     The RPT PARTIES' foreclosure sale of the RV Property was in violation of law and

24   void based upon the failure of consideration.  The RPT PARTIES therefore did not have legal

25   authority to execute the Trustee's Deed purported conveying title to the RV Property to LEV and the

26   Trustee's Deed is a void instrument.

27      54.     LEIZEROVITZ has and will sustain serious injury and pecuniary loss based upon

28   LEV's claims of title to the RV Property pursuant to the invalid Trustee's Deed.  Among other

13

**CROSS-COMPLAINT**

1   things, LEIZEROVITZ has lost security for loans totaling $950,000 in principal.  The Court should

2   therefore declare that the Trustee's Deed is canceled and of no force and effect.

3       55.    LEIZEROVITZ has and will sustain incidental damages, subject to proof at the time

4   of trial.

5   **EIGHTH CAUSE OF ACTION**

6   (By LEIZEROVITZ for Wrongful Foreclosure

7   against the LEV PARTIES, the RPT PARTIES and ROES 31 to 40)

8       56.    Cross-Complainants incorporate here by reference all of the allegations set forth in

9   paragraphs 1 through 9, and 36 through 46, inclusive, of this Cross-Complaint.

10      57.    As describe herein, Cross-Defendants caused an illegal foreclosure sale of the RV

11  Property.  The foreclosure was in violation of Civil Code 2924g(d) and this Court's specific order.

12  The sale and the resulting Trustee's Deed are therefore void.

13      58.    LEIZEROVITZ was following LEV's foreclosure and the Riverside Action as a

14  junior lien holder.  LEIZEROVITZ was interested in possibly acquiring the RV Property at the

15  foreclosure sale in order to protect his financial interest in the property by virtue of the RV Deed of

16  Trust.  However, LEIZEROVITZ was preempting from monitoring the foreclosure and

17  prospectively acquiring the RV Property by Cross-Defendants' action in surreptitiously proceeding

18  with the trustee's sale before it was legal to do so.

19      59.    LEIZEROVITZ has been substantially damaged based upon the loss of the RV

20  Property as security for his loans.  Without the RV Property as security, LEIZEROVITZ expects to

21  have difficulty in obtaining repayment and his damages could be in excess of $1,000,000.

22      60.    Even if the Court restores RV's title to the property and LEIZEROVITZ's Deed of

23  Trust, LEIZEROVITZ has and will sustain incidental damages, subject to proof at the time of trial.

24  **NINTH CAUSE OF ACTION**

25  (By LEIZEROVITZ for Declaratory and Injunctive Relief

26  against the LEV PARTIES, the RPT PARTIES and ROES 31 to 40)

27      61.    Cross-Complainants incorporate here by reference all of the allegations set forth in

28  paragraphs 1 through 9, and 36 through 46, inclusive, of this Cross-Complaint.

CROSS-COMPLAINT

62.     A current dispute exists between the parties as to the invalidity of LEV's foreclosure on the RV Property and whether LEIZEROVITZ's Deed of Trust was extinguished. LEIZEROVITZ contends that Cross-Defendants' non-judicial foreclosure sale of the RV Property is void and that the RV Deed of Trust remains a valid encumbrance of the RV Property.  Cross-Defendants deny and dispute these contentions.  LEIZEROVITZ therefore seeks a judicial determination of this controversy which is necessary and appropriate to determine ownership of the RV Property and prevent Cross-Defendants from depriving LEIZEROVITZ of security for his loans to RV and its affiliates.

63.     LEIZEROVITZ is informed and believes and thereon alleges that Cross-Defendants plan to encumber, hypothecate, transfer, and/or sell the RV Property.  Such action will potentially prevent LEIZEROVITZ from obtaining the relief sought through this action and cause irreparable damage to LEIZEROVITZ.  LEIZEROVITZ is owed over $1,000,000 that is supposed to be secured by the RV Property.  The Court should therefore issue a temporary restraining order and preliminary injunction enjoining Cross-Defendants from encumbering, hypothecating, transferring, and/or selling the RV Property during the pendency of this action as well as a permanent injunction once the parties' rights are determined by the Court.

**PRAYER**

WHEREFORE, Cross-Complainants pray for judgment against Cross-Defendants, and each of them, as follows:

**ON THE FIRST CAUSE OF ACTION:**

1.     For compensatory damages of $600,000.00, according to proof;

**ON THE SECOND CAUSE OF ACTION:**

2.     For compensatory damages of $600,000.00, according to proof;

3.     For punitive damages;

**ON THE THIRD CAUSE OF ACTION:**

4.     For compensatory damages of $300,000.00, according to proof;

5.     For punitive damages;

//

15

**ON THE FOURTH OF ACTION:**

6.    For an order that Cross-Defendants indemnify Cross-Complainants for any cost and expense in opposing the lawsuits based upon the Secret Loans as well as for any settlement or judgment with respect to those claims that detrimentally impact Cross-Complainants;

**ON THE FIFTH CAUSE OF ACTION:**

7.    For a judicial determination and declaration that: (a) Cross-Complainants have no responsibility to satisfy the judgment against FEYGENBERG; (b) SENSIBLE is entitled to payment of all principal, interest and any other fees and charges on the loan it holds that is secured by the Property without setoff for the judgment against FEYGENBERG; (c) Cross-Defendants are solely responsible for any and all costs and liabilities arising from the Secret Loans; and (d) Cross-Complainants are entitled to indemnity from Cross-Defendants for the claims asserted by the third parties based upon the Secret Loans, including the attorneys fees and costs incurred by Cross-Complainants in defending any action related thereto;

**ON THE SIXTH CAUSE OF ACTION:**

8.    For a judgment quieting LEIZEROVITZ'S Deed of Trust to the RV Property senior to any liens created by LEV since November 7, 2019;

9.    For incidental damages subject to proof at the time of trial;

**ON THE SEVENTH CAUSE OF ACTION:**

10.    For cancellation of the Trustee's Deed purporting to convey title to the RV Property to LEV;

11.    For incidental damages subject to proof at the time of trial;

**ON THE EIGHTH CAUSE OF ACTION:**

12.    For compensatory damages of $1,000,000.00, according to proof;

**ON THE NINTH CAUSE OF ACTION:**

13.    For a permanent injunction enjoining Cross-Defendants from encumbering, hypothecating, transferring, and/or selling the RV Property;

14.    For a temporary restraining order and preliminary injunction enjoining Cross-Defendants from encumbering, hypothecating, transferring, and/or selling the RV Property during

16

1 | the pendency of this action;

2 | **ON ALL CAUSES OF ACTION:**

3 |     15.    For prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288;

4 |     16.    For costs of suit; and

5 |     17.    For such further relief as the Court deems just and proper.

6 |

7 | DATED: March 20, 2020.            BURGEE & ABRAMOFF P.C.

8 |

9 |                     By:_____/s/ John G. Burgee_____
                           JOHN G. BURGEE

10 |                     Attorneys for Defendants and Cross-Complainants
                    RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ
                    and SENSIBLE CONSULTING AND

11 |                     MANAGEMENT, INC.

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

CROSS-COMPLAINT

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 20501 Ventura Boulevard, Woodland Hills, California 91364.

     On March 20, 2020, I served the foregoing document described as: CROSS-COMPLAINT OF RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ AND SENSIBLE CONSULTING AND MANAGEMENT, INC. FOR DAMAGES AND EQUITABLE RELIEF on the interested parties in this action:

/X/    by placing /_/ the original /X/ a true copy thereof enclosed in sealed envelopes addressed as follows:

James R. Felton, Esq.
G&B Law, LLP
16000 Ventura Blvd., Suite 1000
Encino, California 91436-2730
E:  jfelton@gblawllp.com
Fax:  818-986-6534

[X]    BY MAIL

    [X]    As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **(BY PERSONAL SERVICE) I delivered such envelope by hand to the office/home of the addressee.

    Executed March 20, 2020, at Woodland Hills, California.

/X/    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

| John Burgee | /s/ John G. Burgee |
|---|---|
| Type or Print Name | Signature |

CROSS-COMPLAINT

# EXHIBIT "L"

1    JOHN G. BURGEE, ESQ. (State Bar No. 132129)
    jburgee@bandalaw.net
2    BURGEE & ABRAMOFF P.C.
    20501 Ventura Boulevard, Suite 262
3    Woodland Hills, California 91364
    (818) 264-7575
4

    Attorneys for Plaintiffs GA&TV, INC. and
5    COACHELLA VINEYARD LUXURY RV PARK, LLC

**FILED**
Superior Court of California
County of Riverside
**10/4/2019**
**P. Hills**
Electronically Filed

6

7

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                FOR THE COUNTY OF RIVERSIDE

10                  HISTORIC COURTHOUSE

11

12

| | |
|---|---|
| 13   GA&TV INC. and COACHELLA VINEYARD LUXURY RV, LLC, | CASE NO. **RIC1905065** |
| 14          Plaintiff, | VERIFIED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF: |
| 15      vs. | 1. BREACH OF CONTRACT |
| 16   LEV INVESTMENTS, LLC, LDI VENTURES LLC, DMITRI LIOUDKOVSKI, REAL PROPERTY TRUSTEE, INC., and DOES 1 to 20, | 2. SPECIFIC PERFORMANCE |
| | 3. BREACH OF WARRANTY [CC § 1113] |
| 17 | 4. FRAUD AND CONCEALMENT |
| | 5. NEGLIGENT MISREPRESENTATION |
| 18 | 6. QUIET TITLE |
| | 7. CANCELLATION OF INSTRUMENTS |
| 19         Defendants. | 8. DECLARATORY AND INJUNCTIVE RELIEF |

20

21      Plaintiffs GA&TV INC. and COACHELLA VINEYARD LUXURY RV, LLC allege as

22 follows:

23                             **PARTIES**

24      1.     Plaintiff GA&TV INC. ("GA&TV") is, and was at all times material hereto, a

25 corporation organized and existing under the laws of the State of California.

26      2.     Plaintiff COACHELLA VINEYARD LUXURY RV, LLC ("RV") is, and was at

27 all times material hereto, a limited liability company organized and existing under the laws of the

28 State of California.

3.     Defendants LEV INVESTMENTS, LLC ("LEV") and LDI VENTURES LLC ("LDI") are, and were at all times material hereto, limited liability companies organized and existing under the laws of the State of California.

4.     Defendant DMITRI LIOUDKOVSKI is an individual who conducts business in Southern California and the County of Riverside. LIOUDKOVSKI is the principal of LEV and LDI which therefore have common ownership and/or management.

5.     Defendant REAL PROPERTY TRUSTEE, INC. (the "TRUSTEE") is, and was at all times material hereto, a corporation organized and existing under the laws of the State of California doing business in the County of Riverside.

6.     The names and capacities, whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 20, inclusive, are unknown to Plaintiffs, who therefore sue such Defendants by such fictitious names. Plaintiffs will amend this Complaint when the true names and capacities of such Defendants have been ascertained. Plaintiffs further allege that each such Defendant is responsible in some manner for the actions alleged herein and further for the damages suffered by Plaintiffs.

7.     At all times herein relevant and in doing the acts alleged herein, each Defendant was the agent, servant, partner, employer, employee or alter ego of each and every other Defendant and the acts of each Defendant were within the course and scope of said agency, service, partnership and/or employment or as the principal or alter ego of each other Defendant. Furthermore, Plaintiffs are informed and believe and thereon allege that all Defendants have acted in conspiracy with each other in engaging in the acts and conduct set forth in the causes of action herein, pursuant to a common plan, and each Defendant has participated in, aided and/or abetted such plan knowing or consciously disregarding the harm that would ensue to Plaintiffs.

8.     Plaintiffs are informed and believe and thereon allege that there exists, and at all times relevant herein there existed, a unity of interest and ownership between Defendants LIOUDKOVSKI, LEV, LDI and DOES 1 to 10 (collectively the "LEV PARTIES"), such that any individuality and separateness between these parties has ceased. Additionally, Plaintiffs are informed and believe and thereon allege that LEV, LDI and DOES 1 to 5 are undercapitalized,

2

COMPLAINT

1    failed to observe corporate formalities, are mere shell entities, and/or are instrumentalities of

2    LIOUDKOVSKI, and DOES 6 to 10. Plaintiffs therefore are informed and believe and thereon

3    allege that the LEV PARTIES are the alter egos of each other and it would be unjust not to hold

4    each of these parties liable for the claims against any of the other parties alleged herein.

5                                  **BACKGROUND**

6         9.     This action involves real property in the City of Lake Elsinore, County of

7    Riverside which is in the process of being developed as a multi-unit commercial building (the

8    "LE Property"). The LE Property is described as follows:

9            THOSE CERTAIN PORTIONS OF BLOCK 2 OF HEALDS FIRST ADDITION
TO ELSINORE AND THAT CERTAIN PORTION OF HAMPTON ROAD (50
10           FEET WIDE) (ABANDONED) AS SHOWN BY MAP ON FILE IN BOOK 4,
PAGE 205 OF MAPS, OF SAN DIEGO COUNTY RECORDS IN SECTION 9,
11           TOWNSHIP 6 SOUTH, RANGE 4 WEST DESCRIBED AS FOLLOWS:

12           LOT 5; THE NORTHERLY 6 FEET OF LOT 4; THE NORTHERLY 56 FEET
OF LOT 7 AND THE NORTHERLY 56 FEET OF THE WESTERLY 26 FEET
13           OF LOT 9, BLOCK 2 OF SAID HEALDS FIRST ADDITION TO ELSINORE;
ALONG WITH THE WESTERLY 226 FEET OF THE SOUTHERLY 41 FEET
14           OF BARTCH STREET (60 FEET WIDE) (ABANDONED) AS SHOWN ON
SAID HEALDS FIRST ADDITION TO ELSINORE.
15

16         10.     LDI's participation in events giving rise to this action are founded in a loan that

17    LDI had purportedly made to the prior owner of the LE Property. LDI's loan was secured by a

18    second position Deed of Trust for the LE Property LDI.. At the beginning of 2019, LDI declared

19    this loan to be in default. A true and correct copy of LDI's Notice of Default is attached hereto

20    as Exhibit A. LDI proceed with a non-judicial foreclosure of the Property, setting a trustee's sale

21    of the Property for early May. A true and correct copy of the Notice of Sale for the non-judicial

22    foreclosure is attached hereto as Exhibit B. The sale was continued from the initial date stated in

23    the Notice to May 21, 2019.

24         11.     Shortly before the foreclosure sale, LDI conveyed its Deed of Trust for the LE

25    Property to LEV and LA HOLDING, LLC (a company that was formed in May and is currently

26    in bankruptcy). Plaintiffs are informed and believe and thereon allege that all three of these

27    entities are related and/or affiliated and alter egos of each other. Consequently, the foreclose sale

28    commenced by LDI was conducted by LEV and LA HOLDING which acquired title to the LE

1  Property through the foreclosure as the "Foreclosing Beneficiary" of the Deed of Trust. The

2  Assignment of the Deed of Trust from LDI to LEV and LA HOLDING and the Trustee's Deed

3  conveying title to the property to these entities were recorded as successive instruments with the

4  Riverside County Recorder on May 22, 2019. True and correct copies of the Assignment and the

5  Trustee's Deed are attached hereto as Exhibits C and D, respectively.

6       12.    Around the time of the foreclosure, GA&TV made a deal with LDI to acquire the

7  LE Property after (and assuming) it obtained title through the foreclosure it was conducting. The

8  agreement between LDI and GA&TV was memorialized by a Sale Agreement dated May 29,

9  2019 (by which time the foreclosure sale had occurred). A true and correct copy of the executed

10  Sale Agreement is attached hereto as Exhibit E. GA&TV believed that LDI was the owner of the

11  property since it was the entity that had filed the Notice of Default and Notice of Sale for the

12  property. GA&TV was unaware of the last minute assignment of the Deed of Trust on the

13  property to LEV and LA HOLDING and LDI did not inform GA&TV that LDI was not the title-

14  holder of the LE Property. To the contrary, the Sale Agreement, wherein LDI agrees to sell the

15  LE Property to GA&TV, contained the following covenants:

16           (a) Seller will diligently proceed with the Foreclosure.

17           (b) Seller will make its best efforts to acquire the Property at the

18       Foreclosure through credit bidding.

19           (c) Neither Seller nor any owner, member, manager, officer or any

20       affiliate, wholly or partially owned or managed entity of Seller or any owner,

21       member, manager, or officer of Seller, will seek to frustrate this Agreement by

22       seeking, to acquire or acquiring the property through the Foreclosure.

23           (d) Seller shall promptly notify Buyer of any change in any condition with

24       respect to the Property or of any event or circumstance which makes any

25       representation or warranty of Seller to Buyer under this Agreement materially

26       untrue or misleading, and of any covenant of Seller under this Agreemernt which

27       Seller will be incapable of performing.

28  (Exhibit E, paragraph 13.)

4

COMPLAINT

1    13.    The Sale Agreement was structured so that GA&TV's consideration for the

2  purchase of the LE Property consisted of a Promissory Note in favor of LEV, an affiliate of LDI,

3  in the amount of $300,000.  Furthermore, the Promissory Note was guarantied by RV and the

4  guaranty was to be secured by real property in Coachella owned by RV (the "RV Property")

5  through an extension of an existing loan secured by a first-position Deed of Trust that LEV held

6  against RV's property (the "RV Deed of Trust").  The RV Property is legally described as

7  follows:

8       LOT 71 OF TRACT 30117-1, IN THE CITY OF COACHELLA, COUNTY OF
        RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN
9       BOOK 331, PAGES 71 AND 78, INCLUSIVE OF MAPS IN THE OFFICE OF
        THE COUNTY RECORDER OF SAID COUNTY.

10
        EXCEPTING THEREFROM 50% INTEREST IN AND TO ALL OIL, GAS
11      AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER SAID
        LAND AS RESERVED BY CANAL WATER LANDOWNERS, A
12      CALIFORNIA CORPORATION IN DEED RECORDED MAY 27, 1954 IN
        BOOK 1592, PAGE 201 OF OFFICIAL RECORDS.

13
        EXCEPT THEREFROM THAT PORTION WHICH FALL WITHIN THE
14      BOUNDARIES OF TRACT 328610-1, AS SHOWN ON THE SUBDIVISION
        MAP FILED ON MAY 2,2006 IN BOOK 401 OF MAPS, PAGES 79 TO 88
15      INCLUSIVE IN THE OFFICE OF THE RIVERSIDE COUNTY RECORDER.

16  True and correct copies of the Promissory Note executed by GA&TV (the "LEV Note") and the

17  Unconditional Guaranty of Payment and Performance executed by RV (the "RV Guaranty") are

18  attached hereto as Exhibits F and G respectively.

19    14.    Upon the execution and delivery of the Sale Agreement, the LEV Note and the

20  RV Guaranty to Defendants, Defendants provided GA&TV with a Grant Deed executed by

21  LIOUDKOVSKI on behalf of LDI purporting to convey title to the LE Property to GA&TV in

22  conformance with the terms of the Sale Agreement (the "LE Grant Deed").  A true and correct

23  copy of the Grant Deed which was recorded by GA&TV with the Riverside County Recorder, is

24  attached hereto as Exhibit H.

25    15.    Believing that it was the owner of the LE Property, GA&TV prepared to go

26  forward with completing the development of the Property so that it could be sold or rented to

27  commercial tenants.  Among other things, GA&TV arranged contractors and sought financing.

28  However, in the process of trying to get financing, GA&TV learned that LDI had not been the

5

1   owner of the LE Property when it executed the LE Grant Deed so that such deed was invalide

2   and ineffective to vest title to the Property in GA&TV. As a result GA&TV could not obtain

3   financing or complete the development since it was not the record owner of the LE Property.

4         16.    When GA&TV found out that the LE Grant Deed was invalid in July 2019, it

5   demanded that Defendants replace the LE Grant Deed with a grant deed by LEV and LA

6   HOLDING that would convey title to the LE Property to GA&TV. Although Defendants

7   originally agreed to replace the LE Grant Deed with a deed signed by LEV and LA HOLDING,

8   Defendants claimed that LIOUDKOVSKI was abroad and unavailable to sign the deed until he

9   returned several weeks later. During the weeks of delay in the execution of a new deed, GA&TV

10   lost approximately $15,000 in contractor deposits and the permit for the completion of the

11   development expired which would require a payment of approximately $18,000 to renew. In

12   addition, no one was paying interest on the loan that was secured by a first-position Deed of

13   Trust on the LE Property (the "First Position LE Loan"), which was therefore accruing at the rate

14   of approximately $10,000 per month. Time was also of the essence since the First Position LE

15   Loan was in default and the lender (the "First Position LE Lender") had initiated a non-judicial

16   foreclosure of the LE Property.

17         17.    In the meantime, LEV declared the RV Deed of Trust to be in default. A true and

18   correct copy of the Notice of Default which was recorded on June 19, 2019, is attached hereto as

19   Exhibit I. As confirmed by a Payoff Statement dated August 11, 2019, LEV's Notice of Default

20   and foreclosure on the RV Property was based upon an alleged default that included the

21   $2,000,000 original principal amount of LEV's loan to RV as well as the $300,000 extension

22   pledged as security for the RV Guaranty. A true and correct copy of this Payoff Demand is

23   attached hereto as Exhibit J.

24         18.    The amount demanded by LEV to payoff its loan secured by the RV Deed of Trust

25   was excessive and unsupported. RV never received the full value of the loan – the loan was

26   never fully funded in the amount of $2,000,000. Moreover, the LEV Note was not due or in

27   default so that no demand on the guaranty was appropriate, and there was a total failure of

28   consideration with respect to the LEV Note because the LE Grant Deed was invalid.

COMPLAINT

1    19.    When LIOUDKOVSKI finally returned to California in September 2019, he
2   refused to execute a new deed on behalf of LEV and LA HOLDING to convey title to the LE
3   Property to GA&TV.  LDI was therefore in breach of the Sale Agreement and GA&TV obtained
4   none of the promised consideration for the LEV Note.  LIOUDKOVSKI's refusal to replace the
5   LE Grant Deed was effectively a repudiation of the Sale Agreement.  Nonetheless, the parties
6   attempted to resolve the outstanding issues related to the LE Property and the RV Property.
7   However, the plan the parties discussed was contingent on convincing the First Position LE
8   Lender, to delay and postpone its foreclosure sale of the LE Property.  While the parties sought to
9   obtain the lender's cooperation, LEV continued with the process of foreclosing on the RV
10  Property based upon the default which included the full amount of LEV's loan secured by the RV
11  Property plus the $300,000 guaranty of the LEV Note, recording a Notice of Sale on September
12  19, 2019.  A true and correct copy of the Notice of Sale is attached hereto as Exhibit K.

13    20.    When First Position LE Lender did not promptly agree to continue its foreclosure
14  of the LE Property, LA HOLDING commenced a Chapter 7 bankruptcy proceeding on
15  September 20, 2019.  This bankruptcy filing automatically stayed the First Position LE Lender's
16  foreclosure under bankruptcy law.

17    21.    The bankruptcy filing also precluded LA HOLDING from transferring its interest
18  in the LE Property to GA&TV to replace the LE Grant Deed.  Defendants are therefore unable to
19  cure this breach of the Sale Agreement.  In light of the bankruptcy, Plaintiffs made a further
20  demand to LEV to reduce the payoff demand in connection with its foreclosure of the RV
21  Property to remove the $300,000 of principal related to the LEV Note and RV Guaranty.  In
22  response, LEV provided an updated Payoff Demand showing a reduction of the amount due of
23  $300,000 plus interest thereon as a "Courtesy Discount".  A true and correct copy of the updated
24  Payoff Demand is attached hereto as Exhibit L.  As set forth hereinabove, the reduction of the
25  demand was not at all a "Courtesy Discount" since there was absolutely no basis for LEV to
26  include a $300,000 addition to principal or interest thereon any demand related to the
27  foreclosure.  In any case, the amount demanded by LEV is still excessive since the loan was
28  never fully funded.

7

COMPLAINT

1    22.    LEV's loan to RV served two purposes: to pay off prior financing and to provide

2    money for development of the RV Property. The total proceeds of LEV's funds were not

3    provided to RV since funds allocated to pay for construction costs were held by LEV's agent

4    which made payments to construction contractors directly. There is currently an outstanding

5    unfunded balance of the loan of approximately $200,000. LEV's Payoff Demand for the full

6    amount of the loan therefore demands repayment of money RV never received. Except for

7    LEV's excessive Payoff Demand, RV would be able to refinance the RV Property with a loan at

8    a lower interest rate and payoff LEV's loan.

9                          **FIRST CAUSE OF ACTION**

10                  (By GA&TV for Breach of Contract against the LEV PARTIES)

11    23.    Plaintiffs incorporate here by reference all of the allegations set forth in

12    paragraphs 1 through 22, inclusive, of this complaint.

13    24.    The Sale Agreement is a written contract between the parties.

14    25.    GA&TV performed and was ready, willing and able to perform all obligations

15    required of it pursuant to the Sale Agreement except as have been waived, excused or rendered

16    impossible by Defendants and their conduct.

17    26.    Defendants breached the contract by violating an number of the covenants of the

18    contract as described herein and ultimately failing to convey the LE Property to GA&TV.

19    Although GA&TV demanded that Defendants cure this breach of contract, Defendants have

20    failed and refused to do so.

21    27.    Based upon Defendants' breach of contract, GA&TV's damages include the loss

22    of contractor deposits, the loss of permit fees and the loss of the business opportunity of

23    completing the development of the RV Property and being able to exploit it through either

24    renting the completed units or selling the Property. GA&TV believes that its damages may

25    exceed $500,000, subject to proof at the time of trial.

26    //

27    //

28    //

8

1                      **SECOND CAUSE OF ACTION**

2             (By GA&TV for Specific Performance Against the LEV PARTIES)

3      28.    Plaintiffs incorporate here by reference all of the allegations set forth in

4 paragraphs 1 through 22, inclusive, of this complaint.

5      29.    Pursuant to the Sale Agreement, Defendants specifically agreed to transfer title to

6 the LE Property to GA&TV. Nonetheless, Defendants have failed to provide GA&TV with an

7 appropriate Grant Deed to vest GA& TV with title to the Property in breach of the Sale

8 Agreement.

9      30.    By virtue of the fact that Defendants were acting in conspiracy with each other

10 and that the Defendants are the alter egos of each other, LDI's execution of the Sale Agreement

11 and LE Grant Deed should be found to be binding and enforceable against all of the LEV

12 PARTIES.

13      31.    GA&TV performed and was ready, willing and able to perform all obligations

14 required of it pursuant to the Sale Agreement except as have been waived, excused or rendered

15 impossible by Defendants and their conduct. GA&TV's performance of the Sale Agreement

16 provided adequate consideration for the acquisition of the LE Property based upon the $300,000

17 LEV Note which was supported by the RV Guaranty.

18      32.    Monetary damages are difficult to calculate and inadequate for GA&TV's loss of

19 the business opportunity for completing the development and exploiting the LE Property. In this

20 regard, the LE Property was unique in that it was substantially, but not fully developed real

21 property where GA&TV had a pre-existing business relationship with the First Position LE

22 Lender and is affiliated with the builder that performed substantial work completed on the

23 property. GA&TV therefore seeks an order and judgment from this Court compelling Defendants

24 to specifically perform their contractual agreement to transfer title to the LE Property to GA&TV

25 pursuant to the Sale Agreement.

26      33.    Even if the Court orders specific performance of the Sale Agreement, GA&TV

27 has and will sustain incidental damages from the delay in obtaining title to the LE Property.

28 These damages include the loss of contractor deposits, the loss of permit fees and interest,

1   penalties and fees accruing on the first-position loan which is not being paid by Defendants.

2   GA&TV's incidental damages are expected to exceed $150,000, subject to proof at the time of

3   trial.

4   **THIRD CAUSE OF ACTION**

5   (By GA&TV for Breach of Warranty [CC § 1113] Against the LEV PARTIES)

6   34.    Plaintiff incorporates here by reference all of the allegations set forth in

7   paragraphs 1 through 22, inclusive, of this complaint.

8   35.    By the execution of LE Grant Deed, Defendants implicitly convenanted that the

9   party executing the Deed owed the LE Property and had not transferred any interest in the LE

10   Property to any other person.  Defendants breached this implied convenant in that LDI did not

11   hold title to the LE Property at the time it executed the LE Grant Deed.

12   36.    By virtue of Defendants breach of the implied covenant of ownership, GA&TV's

13   damages include the loss of contractor deposits, the loss of permit fees and the loss of the

14   business opportunity of completing the development of the RV Property and being able to exploit

15   it through either renting the completed units or selling the Property.  GA&TV believes that its

16   damages may exceed $500,000, subject to proof at the time of trial.

17   **FOURTH CAUSE OF ACTION**

18   (By Plaintiffs for Fraud and Concealment Against the LEV PARTIES)

19   37.    Plaintiff incorporates here by reference all of the allegations set forth in

20   paragraphs 1 through 22, inclusive, of this complaint.

21   38.    In the Sale Agreement executed by LIOUDKOVSKI for LDI, the LEV PARTIES

22   expressly and implicitly represented to GA&TV that it was conducting the foreclosure sale of the

23   LE Property, it would seek to acquire title to the LE Property at the foreclosure sale, it would like

24   allow a related or affiliated entity acquire title to the LE Property, it would be and was the owner

25   of the LE Property, and it would convey title to the LE Property to GA&TV through the LE

26   Grant Deed.  Further, by LIOUDKOVSKI's execution of the LE Grant Deed for LDI, the LEV

27   PARTIES expressly and implicitly represented to GA&TV that LDI was the owner of the LE

28   Property and that the LE Grant Deed was conveying title for that property to GA&TV.

10

COMPLAINT

39.    LIOUDKOVSKI executed the Assignment of LDI's Deed of Trust for the LE Property to LEV and LA HOLDING and therefore clearly knew that LDI did not own the LE Property and that the aforesaid representations were all false at the time he signed the Sale Agreement and LE Grant Deed for LDI. Inasmuch as Defendants failed and refused to replace the LE Grant Deed with a deed that did convey title to the LE Property to GA&TV, Plaintiff is informed and believes and thereon alleges that Defendants intended to defraud GA&TV through the execution of the Sale Agreement and LE Grant Deed that were inaccurate, false and invalid. Defendants had a duty to correct these documents before they were executed and their failure to do so constitutes actual concealment of material facts.

40.    Plaintiffs were unaware that LDI was not the owner of the LE Property and relied upon Defendants' misrepresentations in executing the Sale Agreement, the LEV Note and the RV Guaranty. Plaintiffs would not have executed any of these documents if they had known that title to the LE Property was not validly being transferred to GA&TV.

41.    Plaintiffs have been damaged by Defendants' fraud in that GA&TV made contractor deposits, paid permit fees and the loss of the business opportunity of completing the development of the RV Property and being able to exploit it through either renting the completed units or selling the Property, and RV's Property is subject to foreclose based upon an invalid indebtedness. Plaintiffs believe that GA&TV's damages may exceed $500,000 and RV's damages may exceed $400,000, subject to proof at the time of trial.

42.    Defendants' acts were fraudulent; Plaintiffs are entitled to recover exemplary damages against Defendants and each of them.

**FIFTH CAUSE OF ACTION**

(By Plaintiffs for Negligent Misrepresentation Against the LEV PARTIES)

43.    Plaintiff incorporates here by reference all of the allegations set forth in paragraphs 1 through 22, inclusive, of this complaint.

44.    In the Sale Agreement executed by LIOUDKOVSKI for LDI, the LEV PARTIES expressly and implicitly represented to GA&TV that it was conducting the foreclosure sale of the LE Property, it would seek to acquire title to the LE Property at the foreclosure sale, it would like

11

COMPLAINT

1  allow a related or affiliated entity acquire title to the LE Property, it would be and was the owner

2  of the LE Property, and it would convey title to the LE Property to GA&TV through the LE

3  Grant Deed. Further, by LIOUDKOVSKI's execution of the LE Grant Deed for LDI, the LEV

4  PARTIES expressly and implicitly represented to GA&TV that LDI was the owner of the LE

5  Property and that the LE Grant Deed was conveying title for that property to GA&TV.

6       45.    If it is determined that Defendants' representations were not fraudulent,

7  Defendants knew or should have known that LDI did not own the LE Property and that the

8  aforesaid representations were all false at the time LIOUDKOVSKI signed the Sale Agreement

9  and LE Grant Deed for LDI,. In this regard, Defendants had a duty to correct these documents

10  before they were executed. Defendants failed to do so and recklessly or carelessly made the

11  aforesaid misrepresentations in the documents. Defendants' execution of the documents that

12  were inaccurate and invalid therefore constituted negligence and a breach of a duty of care owed

13  to Plaintiffs.

14       46.    Plaintiffs were unaware that LDI was not the owner of the LE Property and relied

15  upon Defendants' misrepresentations in executing the Sale Agreement, the LEV Note and the

16  RV Guaranty. Plaintiffs would not have executed any of these documents if they had known that

17  title to the LE Property was not validly being transferred to GA&TV.

18       47.    Plaintiffs have been damaged by Defendants' negligent misrepresentations in that

19  GA&TV made contractor deposits, paid permit fees and the loss of the business opportunity of

20  completing the development of the RV Property and being able to exploit it through either

21  renting the completed units or selling the Property, and RV's Property is subject to foreclose

22  based upon an invalid indebtedness. Plaintiffs believe that GA&TV's damages may exceed

23  $500,000 and RV's damages may exceed $400,000, subject to proof at the time of trial.

24                      **SIXTH CAUSE OF ACTION**

25               (By GA&TV for Quiet Title against the LEV PARTIES)

26       48.    Plaintiff incorporates here by reference all of the allegations set forth in

27  paragraphs 1 through 20, inclusive, of this complaint.

28  //

COMPLAINT

1   49.  Pursuant to the Sale Agreement, Defendants were obligated to provide GA&TV

2 with title in fee simple to the LE Property.  Defendants purposed to do so by executing and

3 delivering the LE Grant Deed to GA&TV.

4   50.  By virtue of the fact that Defendants were acting in conspiracy with each other

5 and that the Defendants are the alter egos of each other, LDI's execution of the Sale Agreement

6 and LE Grant Deed should be found to be binding and enforceable against all Defendants.  The

7 LE Grant Deed should therefore be held to grant GA&TV fee simple title to the LE Property.

8   51.  Defendants claim and assert that the owner of the LE Property are LEV and LA

9 HOLDINGS.  Defendants' claim of title to the LE Property is adverse to the title claimed by

10 GA&TV.

11   52.  GA&TV seeks to quiet title as of June 10, 2019 (the date the LE Grant Deed was

12 executed) as to its title to the LE Property in fee simple free and clear of any claim or interest by

13 Defendants.

14   53.  GA&TV has and will sustain incidental damages from the delay in obtaining title

15 to the LE Property.  These damages include the loss of contractor deposits, the loss of permit fees

16 and interest, penalties and fees accruing on the first-position loan which is not being paid by

17 Defendants.  GA&TV's incidental damages are expected to exceed $150,000, subject to proof at

18 the time of trial.

19          **SEVENTH CAUSE OF ACTION**

20       (By Plaintiffs for Cancellation of Instruments against all Defendants)

21   54.  Plaintiffs incorporate here by reference all of the allegations set forth in

22 paragraphs 1 through 22, inclusive, of this complaint.

23   55.  Until and unless GA&TV acquires title to the LE Property from Defendants, there

24 is a total failure of the consideration provided by Defendants in connection with the Sale

25 Agreement and for the ancillary instruments executed by Plaintiff in support of that transaction.

26 These instruments include the LEV Note and the RV Guaranty.  The Court should therefore

27 declare that these instruments are canceled and of no force and effect if the LE Property is not

28 conveyed to GA&TV.

1    56.    Defendants are proceeding with a non-judicial foreclosure sale of the RV Property

2 based upon an erroneous and excessive claim as to the amount due. As stated, Defendants'

3 Notice of Default (Exhibit I) and the initial Payoff Demand (Exhibit J) both included (a) the full

4 amount of LEV's loan which was not fully funded and (b) the $300,000 security for the RV

5 Guaranty as well as interest thereon, none of which was due. Although Defendants subsequently

6 provided an amended Payoff Demand (Exhibit L) purporting to give a "Courtesy Discount" to

7 remove the improper demand for payment of the RV Guaranty (and interest thereon), that

8 amended Payoff Demand expires on October 10, 2019, before the date set for the foreclosure

9 sale. The foreclosure sale is therefore still proceeding with the inclusion of the improper demand

10 on the RV Guaranty. The Notice of Default is therefore invalid in substantially overstating the

11 amount due on the loan and should be declared invalid and cancelled by the Court. In connection

12 therefore, the Court should permanently enjoin a non-judicial foreclosure sale of the RV Property

13 based upon the invalid Notice of Default.

14    57.    Defendants threaten and intend to proceed with the non-judicial foreclosure sale

15 of the RV Property on October 15, 2019 pursuant to the Notice of Sale (Exhibit K). Such a sale

16 will potentially prevent RV from obtaining the relief sought through this action and cause

17 irreparable damage to RV. RV has spent years developing the RV Property and has substantial

18 equity in the property. RV was ready, willing and able to refinance the RV property to payoff

19 LEV's loan, but has been prevented from doing so based upon Defendants' excessive payoff

20 demands. The Court should therefore issue a temporary restraining order and preliminary

21 injunction enjoining Defendants from proceeding with a non-judicial foreclosure sale of the RV

22 Property during the pendency of this action.

23                          **EIGHTH CAUSE OF ACTION**

24            (By RV for Declaratory and Injunctive Relief against All Defendants)

25    58.    Plaintiff incorporates here by reference all of the allegations set forth in

26 paragraphs 1 through 22, inclusive, of this complaint.

27    59.    A current dispute exists as to the amount due on LEV's first position loan which

28 is the basis for the foreclosure.

1              a.      RV contends that Defendants non-judicial foreclosure sale of the RV

2 Property is based upon an erroneous and excessive claim as to the amount due. As stated,

3 Defendants' Notice of Default (Exhibit I) and the initial Payoff Demand (Exhibit J) both

4 included (a) the full amount of LEV's loan which was not fully funded and (b) the $300,000

5 security for the RV Guaranty as well as interest thereon, none of which was due. Although

6 Defendants subsequently provided an amended Payoff Demand (Exhibit K) purporting to give a

7 "Courtesy Discount" to remove the improper demand for payment of the RV Guaranty (and

8 interest thereon), that amended Payoff Demand expires on October 10, 2019, before the date set

9 for the foreclosure sale. The foreclosure sale is therefore still proceeding with the inclusion of

10 the improper demand on the RV Guaranty.

11              b.      RV further contends that Defendants have no right under the law or

12 pursuant to the RV Deed of Trust to foreclose on the RV Property for an amount greater than is

13 owed on the loan. As stated above, Defendants' foreclosure on the RV Property is based upon an

14 erroneous and excessive claim as to the amount due.

15              c.      RV also contends that it is entitled to a payoff demand from Defendants

16 that reflects the correct amount due on LEV's loan. A payoff demand in the correct amount

17 would allow RV to refinance the RV property to payoff LEV's loan,

18     60.      Defendants deny and dispute RV's contention. RV therefore seeks a judicial

19 determination of this controversy which is necessary and appropriate to protect RV's interest in

20 its property and prevent Defendants from stealing RV's equity therein through an invalid

21 foreclosure premised upon an improper payoff demand.

22     61.      Defendants threaten and intend to proceed with the non-judicial foreclosure sale

23 of the RV Property on October 15, 2019 pursuant to the Notice of Sale (Exhibit K). Such a sale

24 will potentially prevent RV from obtaining the relief sought through this action and cause

25 irreparable damage to RV. RV has spent years developing the RV Property and has substantial

26 equity in the property. RV was ready, willing and able to refinance the RV property to payoff

27 LEV's loan, but has been prevented from doing so based upon Defendants' excessive payoff

28 demands. The Court should therefore issue a temporary restraining order and preliminary

COMPLAINT

1    injunction enjoining Defendants from proceeding with a non-judicial foreclosure sale of the RV

2    Property during the pendency of this action as well as a permanent injunction once the parties'

3    rights are determined by the Court.

4                                                    **PRAYER**

5          WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as

6    follows:

7    **ON THE FIRST CAUSE OF ACTION:**

8          1.     For compensatory damages of $500,000 subject to proof at the time of trial;

9    **ON THE SECOND CAUSE OF ACTION:**

10         2.     For specific performance of the Sale Agreement compelling Defendants to

11   transfer title to the LE Property to GA&TV;

12         3.     For incidental damages of $150,000 subject to proof at the time of trial;

13   **ON THE THIRD CAUSE OF ACTION:**

14         4.     For compensatory damages of $500,000.00, according to proof;

15   **ON THE FOURTH CAUSE OF ACTION:**

16         5.     For compensatory damages of $900,000.00, according to proof;

17         6.     For punitive damages;

18   **ON THE FIFTH CAUSE OF ACTION:**

19         8.     For compensatory damages of $900,000.00, according to proof;

20   **ON THE SIXTH CAUSE OF ACTION:**

21         9.     For a judgment quieting GA&TV's title in fee simple to the LE Property free and

22   clear of any claim by Defendants;

23         10.    For incidental damages of $150,000 subject to proof at the time of trial;

24   **ON THE SEVENTH CAUSE OF ACTION:**

25         11.    For cancellation of the LEV Note and GA Guaranty;

26         12.    For cancellation of the Notice of Default;

27         13.    For a permanent injunction enjoining Defendants from proceeding with a non-

28   judicial foreclosure sale of the RV Property based upon the Notice of Default;

1    14.    For a temporary restraining order and preliminary injunction enjoining Defendants

2    from proceeding with a non-judicial foreclosure sale of the RV Property during the pendency of

3    this action;

4    **ON THE EIGHTH CAUSE OF ACTION:**

5    15.    For judicial determination of the rights and interest of the parties hereto with

6    respect to the amount due on LEV's loan, the viability of LEV's foreclosure on the RV Property

7    and RV's entitlement to a payoff demand in the correct amount so that it can refinancing the

8    property and payoff LEV's loan;

9    16.    For a permanent injunction enforcing the parties' rights as determined by the

10   Court;

11   17.    For a temporary restraining order and preliminary injunction and permanent

12   injunction enjoining Defendants from proceeding with a non-judicial foreclosure sale of the RV

13   Property during the pendency of this action;

14   **ON ALL CAUSES OF ACTION:**

15   18.    For prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288;

16   19.    For costs of suit; and

17   20.    For such further relief as the Court deems just and proper.

18

19   DATED: September 30, 2019                BURGEE & ABRAMOFF P.C.

20

21                                           By:____/s/ John G. Burgee_____
                                                  JOHN G. BURGEE
22                                           Attorneys for Plaintiffs GA&TV INC. and
                                             COACHELLA VINEYARD LUXURY RV PARK,
23                                           LLC

24

25

26

27

28

17

COMPLAINT

1

## **VERIFICATION**

2

STATE OF CALIFORNIA
3  COUNTY OF LOS ANGELES

4     I have read the foregoing COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
and know its contents.

5
      I am an officer of Plaintiff GA&TV INC. and the Manager of Plaintiff COACHELLA
6  VINEYARD LUXURY RV PARK, LLC in this action. The matters stated in the foregoing
document are true of my own knowledge except as to those matters which are stated on
7  information and belief, and as to those matters, I believe them to be true.

8     I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.
9
      Executed on August 16, 2019, at Woodland Hills, California
10

11

12

13                                      By:
                                            Abraham Gottlieb
14                                          Chief Executive Officer of GA&TV INC. and Manager of
                                            COACHELLA VINEYARD LUXURY RV PARK, LLC
15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

COMPLAINT

Exhibit A

DOC # 2019-0016993
01/16/2019 10:51 AM Fees: $105.00
Page 1 of 3
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

RECORDING REQUESTED BY:
**First American Title Insurance Company**

WHEN RECORDED MAIL TO:
**Real Property Trustee, Inc.**
**P. O. Box 17064**
**Beverly Hills, California 90209**

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: TONI #508

---

SPACE ABOVE THIS LINE FOR RECORDER'S USE

T.S. No.: **19-00035**        Title Order: **8749323**        Loan No.: **PCGI17353**        APN: **363-162-027-8**

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要

참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO ABOVE IS NOT ATTACHED TO THE
RECORDED COPY OF THIS DOCUMENT, BUT ONLY TO THE COPIES PROVIDED OT THE TRUSTOR.

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE
BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY
COURT ACTION,** and you may have the legal right to bring your account in good standing
by paying all of your past due payments plus permitted costs and expenses within the time
permitted by law for reinstatement of your account, which is normally five business days prior to
the date set for the sale of your property. No sale date may be set until approximately 90 days
from the date this notice of default may be recorded (which date of recordation appears on this
notice).

This amount is **$270,576.00** as of **1/14/2019**, and will increase until your account becomes
current. While your property is in foreclosure, you still must pay other obligations (such as
insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make
future payments on the loan, pay taxes on the property, provide insurance on the property, or pay
other obligations as required in the note and deed of trust or mortgage, the beneficiary or
mortgagee may insist that you do so in order to reinstate your account in good standing. In
addition, the beneficiary or mortgagee may require as a condition of reinstatement that you
provide reliable written evidence that you paid all senior liens, property taxes, and hazard
insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of
the entire amount you must pay. You may not have to pay the entire unpaid portion of your
account, even though full payment was demanded, but you must pay all amounts in default at the
time payment is made. However, you and your beneficiary or mortgagee may mutually agree in
writing prior to the time the notice of sale is posted (which may not be earlier than three months
after this notice of default is recorded) to, among other things, (1) provide additional time in
which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of
payments in order to cure your default; or both (1) and (2).

TS No.: **19-00035**        Loan No.: **PCGI17353**

### NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

<div align="center">

**LDI VENTURES LLC**
**c/o Real Property Trustee, Inc.**
**P. O. Box 17064**
**Beverly Hills, California 90209**
**Phone: 877-770-2132**

</div>

**If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.**

## Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN: That **Real Property Trustee, Inc.** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated **5/23/2018**, executed by **LAKE ELSINORE DIAMOND ROAD, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY**, as Trustor, to secure certain obligations in favor of **LDI VENTURES, LLC**, as beneficiary, recorded **6/25/2018**, as Instrument No. **2018-0255467**, in Book **xxx**, Page **xxx**, of Official Records in the Office of the Recorder of **Riverside** County, California describing land therein as: THOSE CERTAIN PORTION OF BLOCK 2 OF HEALDS FIRST ADDITION TO ELSINORE AND THAT CERTAIN PORTION OF HAMPTON ROAD (50 FEET WIDE) (ABANDONED) AS SHOWN BY MAP ON FILE IN BOOK 4, PAGE(S) 205 OF MAPS OF SAN DIEGO COUNTY RECORDS IN SECTION 9, TOWNSHIP 6 SOUTH, RANGE 4 WEST DESCRIBED AS FOLLOWS:
LOT 5; THE NORTHERLY 6 FEET OF LOT 4; THE NORTHERLY 56 FEET OF LOT 7 AND THE NORTHERLY 56 FEET OF THE WESTERLY 26 FEET OF LOT 9, BLOCK 2 OF SAID HEALDS FIRST ADDITION TO ELSINORE; ALONG WITH THE WESTERLY 226 FEET OF THE SOUTHERLY 41 FEET OF BARTCH STREET (60 FEET WIDE) (ABANDONED) AS SHOWN ON SAID HEALDS FIRST ADDITION TO ELSINORE.

Including one **NOTE(S) FOR THE ORIGINAL** sum of **$250,000.00**, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the Beneficiary; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:
**Payment has not been made of the remaining principal balance which was all due and payable on 12/1/2018, with subsequently accrued interest, late charges, lender default processing and collection fees and foreclosure fees and costs, any legal fees or advances that have become due herein. Advances to senior liens, legal fees, insurance, taxes plus interest and delinquent taxes and/or insurance premiums to be advanced by the Beneficiary after the recording of the notice of default.**

Nothing herein shall be construed as a waiver of any additional fees or defaults owing the Beneficiary under the Deed of Trust pursuant to the terms of the loan documents or of the right to demand payment of recurring and senior obligations as they may come due.

or of the right to demand payment of recurring and senior obligations as they may come due.

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

**The beneficiary or its agent has declared that this loan is exempt from the provisions of Civil Code §§ 2923.5 or 2923.55.**

**The mortgage servicer/lender has supplied reliable and competent evidence to substantiate the borrower's default and its right to foreclose.**

**Dated: 1/14/2019**

Real Property Trustee, Inc.

By: _____

Mike Kemel, Trustee Sale Officer

The above-named trustee may be acting as a debt collector attempting to collect a debt. Any information obtained may be used for that purpose.

To the extent your original obligation was discharged or is subject to an automatic stay of bankruptcy under Title 11 of the United State Code, this notice is for compliance and/or information purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. However, a secured party retains rights under its security instrument, including the right to foreclose its lien.



Exhibit B

RECORDING REQUESTED BY
**First American Title Insurance Company**

AND WHEN RECORDED MAIL TO:
**Real Property Trustee, Inc.**
**P. O. Box 17064**
**Beverly Hills, California 90209**

SPACE ABOVE THIS LINE FOR RECORDER'S USE.

T.S. No.: **19-00035**          Title Order: **8749323**          Loan No.: **PCGI17353**          APN: **363-162-027-8**

## NOTICE OF TRUSTEE'S SALE

ATTENTION RECORDER: THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY IS ONLY APPLICABLE TO NOTICE(S) MAILED TO THE TRUSTOR.

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注:本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

[PURSUANT TO CIVIL CODE 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO ABOVE IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.]

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 5/23/2018. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

On **5/9/2019** at **9:00 AM**, **Real Property Trustee, Inc.**, as duly appointed or substituted Trustee, at the request of Beneficiary LDI VENTURES, LLC, P. O. Box 16646, Beverly Hills, CA 90209, under that certain Deed of Trust executed by **LAKE ELSINORE DIAMOND ROAD, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY**, as Trustor, to secure obligations in favor of LDI VENTURES, LLC, as Beneficiary, recorded on **6/25/2018** as Instrument No. **2018-0255467** in book xxx, page xxx of Official Records of the office of the County Recorder of **Riverside** County, California, **WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH** (payable at time of sale in lawful money of the United States, by cash, a cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state), **At the front entrance of the former Corona Police Department at 849 W. Sixth St., Corona, CA**, all right, title, and interest conveyed to and now held by it under and pursuant to said Deed of Trust in and to the following described real property situated in the aforesaid County and State, to wit: [LEGAL DESCRIPTION] **THOSE CERTAIN PORTION OF BLOCK 2 OF HEALDS FIRST ADDITION TO ELSINORE AND THAT CERTAIN PORTION OF HAMPTON ROAD (50 FEET WIDE) (ABANDONED) AS SHOWN BY MAP ON FILE IN BOOK 4, PAGE(S) 205 OF MAPS OF SAN DIEGO COUNTY RECORDS IN SECTION 9, TOWNSHIP 6 SOUTH, RANGE 4 WEST DESCRIBED AS FOLLOWS: LOT 5; THE NORTHERLY 6 FEET OF LOT 4; THE NORTHERLY 56 FEET OF LOT 7 AND THE NORTHERLY 56 FEET OF THE WESTERLY 26 FEET OF LOT 9, BLOCK 2 OF SAID HEALDS FIRST ADDITION TO ELSINORE; ALONG WITH THE WESTERLY 226 FEET OF THE SOUTHERLY 41 FEET OF BARTCH STREET (60 FEET WIDE) (ABANDONED) AS SHOWN ON SAID HEALDS FIRST ADDITION TO ELSINORE.** The property heretofore described is being sold "as is." The street address and other common designation, if any, of the real property described herein is purported to be: **VACANT LAND: Directions to said land may be obtained pursuant to a written request submitted to the beneficiary within ten (10) days from the first publication of this notice.** A.P.N.: **363-162-027-8.** The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown herein.



Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in the note(s), advances, if any, under the terms of the Deed of Trust, estimated fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust, to wit: **$321,249.86 estimated**, accrued interest and additional advances, fees, charges and expenses, if any, will increase this figure prior to sale.

The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned Trustee, or predecessor Trustee, has caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located and more than three months have elapsed since such recordation.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call **(916) 939-0772** or visit this Internet Web site **www.nationwideposting.com**, using the file number assigned to this case **19-00035**. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

PLEASE TAKE NOTICE THAT if the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be return of monies paid to the Trustee, and the successful bidder shall have no further recourse. Further, if the foreclosure sale is set aside for any reason, the purchaser at the sale shall be entitled only to a return of the deposit paid and shall have no further recourse or remedy against the Mortgagor, Mortgagee, or Trustee herein.

If you have previously been discharged in bankruptcy, you may have been release of personal liability for this loan in which case this notice is intended to exercise the note holder's rights against the real property only.

As required by law, you are notified that a negative credit reporting may be submitted to a credit report agency if you fail to fulfill the terms of your credit obligation.

For Trustee's Sale dates, bid and postponement information, please call (916) 939-0772 or visit www.nationwideposting.com.

For any other inquiries, including litigation or bankruptcy matters, please call or fax to (877) 770-2132.

Date: 4/12/2019                    **Real Property Trustee, Inc.**

**Mike Kemel, Trustee Sale Officer**

Exhibit C

**DOC # 2019-0180483**
05/22/2019 02:10 PM Fees: $99.00
Page 1 of 1
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

RECORDING REQUESTED BY
**Real Property Trustee, Inc.**

AND WHEN RECORDED MAIL TO

Real Property Trustee, Inc.
PO Box 17064
Beverly Hills, CA 90209

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: MARIA VICTORIA #411

## ASSIGNMENT OF DEED OF TRUST

| T.S. No.: 19-0003S | Title Order No.: 8749323 | APN: 363-162-027-8 |
|---|---|---|

**FOR VALUE RECEIVED**, the undersigned hereby grants, assigns and transfers to Lev Investments, LLC, as to an undivided 90.00% interest, and LA Holding, LLC, as to an undivided 10.00%, all beneficial interest under that certain Deed of Trust dated May 23, 2018 executed by Abraham Gottlieb, managing member, of **Lake Elsinore Diamond Road, LLC**, a California limited liability company, Trustor, **North American Title Company**, Trustee, **LDI Ventures, LLC**, Beneficiary/Lender, and recorded as Instrument No. **2018-0255467** on **June 25, 2018**, in book xxx, page xxx, of Official Records in the County Recorder's office of Riverside County, California, AS DESCRIBED IN SAID DEED OF TRUST.

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

LDI VENTURES, LLC

Date: _05/10/19_

_[signature]_

Dmitry Lioudkovski, Manager

A notary public or other officer completing this
certificate verifies only the identity of the
individual who signed the document to which this
certificate is attached and not the truthfulness,
accuracy, or validity of that document.

State of California
County of Los Angeles

On _5/10/19_ before me _Carlos Mauricio Lemus Notary Public_, (here insert name and title of the officer), personally appeared _Dmitri Lioudkovski_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

Signature _____ (Seal)

CARLOS MAURICIO LEMUS
Notary Public – California
Los Angeles County
Commission # 2220642
My Comm. Expires Nov 4, 2021

Exhibit D

**DOC # 2019-0180484**
05/22/2019 02:10 PM Fees: $102.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

\*\*This document was electronically submitted
to the County of Riverside for recording\*\*
Receipted by: MARIA VICTORIA #411

RECORDING REQUESTED BY:
**Real Property Trustee, Inc.**

AND WHEN RECORDED TO:
**Lev Investments, LLC**
**PO Box 16646**
**Beverly Hills, CA 90209**

**Forward Tax Statements to**
**the address given above**

SPACE ABOVE LINE FOR RECORDER'S USE

TS #: **19-00035**                     Order #: **8749323**
Loan #: **PCGI17353**                  APN: **363-162-027-8**

## TRUSTEE'S DEED UPON SALE

A.P.N.: **363-162-027-8**                     Transfer Tax: **$0.00**
THIS TRANSACTION IS EXEMPT FROM THE REQUIREMENTS OF THE REVENUE AND TAXATION CODE,
SECTION 480.3
The Grantee Herein was the Foreclosing Beneficiary.
The Amount of the Unpaid Debt was **$325,431.00**
The Amount Paid by the Grantee was **$277,000.00**
Said Property is in the City of **Lake Elsinore**, County of **Riverside**

**Real Property Trustee, Inc.**, as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly
described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to

**Lev Investments, LLC, as to an undivided 90.00% interest, and LA Holding, LLC, as to an
undivided 10.00% interest**

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed
to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of **Riverside**,
State of California, described as follows:

THOSE CERTAIN PORTION OF BLOCK 2 OF HEALDS FIRST ADDITION TO ELSINORE AND THAT CERTAIN PORTION OF
HAMPTON ROAD (50 FEET WIDE) (ABANDONED) AS SHOWN BY MAP ON FILE IN BOOK 4, PAGE(S) 205 OF MAPS OF SAN
DIEGO COUNTY RECORDS IN SECTION 9, TOWNSHIP 6 SOUTH, RANGE 4 WEST DESCRIBED AS FOLLOWS:
LOT 5; THE NORTHERLY 6 FEET OF LOT 4; THE NORTHERLY 56 FEET OF LOT 7 AND THE NORTHERLY 56 FEET OF
THE WESTERLY 26 FEET OF LOT 9, BLOCK 2 OF SAID HEALDS FIRST ADDITION TO ELSINORE; ALONG WITH THE
WESTERLY 226 FEET OF THE SOUTHERLY 41 FEET OF BARTCH STREET (60 FEET WIDE) (ABANDONED) AS SHOWN ON
SAID HEALDS FIRST ADDITION TO ELSINORE.

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **LAKE
ELSINORE DIAMOND ROAD, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY** as Trustor, dated
**5/23/2018** of the Official Records in the office of the Recorder of **Riverside**, California under the authority and
powers vested in the Trustee designated in the Deed of Trust or as the duly appointed Trustee, default having
occurred under the Deed of Trust pursuant to the Notice of Default and Election to Sell under the Deed of Trust
recorded on **6/25/2018**, instrument number **2018-0255467**, Book xxx, Page xxx  of official records. Trustee having
complied with all applicable statutory requirements of the State of California and performed all duties required by
the Deed of Trust including sending a Notice of Default and Election to Sell within ten days after its recording and a
Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to
notice in compliance with California Civil Code 2924b.

## TRUSTEE'S DEED UPON SALE

TS #: **19-00035**
Loan #: **PCGI17353**
Order #: **8749323**

All requirements per California Statutes regarding the mailing, personal delivery and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with. Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on **5/21/2019**. Grantee, being the highest bidder at said sale became the purchaser of said property and (a) paid therefore to said Trustee the amount bid, being **$277,000.00**, in lawful money of the United States, or (b) made a credit bid as the beneficiary of the above-described Deed of Trust.

In witness thereof, **Real Property Trustee, Inc.**, as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws.

Date: **5/21/2019**

FATICO submits this document for
recordation as a courtesy for physical
convenience only. FATICO has not
examined this document for its validity,
sufficiency, or effect, if any, upon title to
the real property described herein.

Real Property Trustee, Inc.

By:

**Mike Kemel, Trustee Sale Officer**

A notary public or other officer completing this
certificate verifies only the identity of the
individual who signed the document to which this
certificate is attached and not the truthfulness,
accuracy, or validity of that document.

State of California
County of Los Angeles

On _MAY 21, 2019_, before me _Anik DRMANDJIAN, NOTARY Public_ (here insert name and title of the officer), personally appeared _MIKE KEMEL_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under **PENALTY OF PERJURY** under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _Anik Drmandjian_ (Seal)

ANIK DRMANDJIAN
Notary Public - California
Los Angeles County
Commission # 2269920
My Comm. Expires Dec 31, 2022

Exhibit E

# SALE AGREEMENT

This SALE AGREEMENT ("Agreement") is made and entered into as of May 29, 2019 (the "Effective Date"), by and between GA&TV, Inc. ("Buyer"), and LDI Ventures, LLC ("Seller") with respect to the real property located in Lake Elsinore, California as more particularly described on Exhibit "A" attached hereto (the "Property").

In consideration of the mutual covenants and agreements herein contained and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Seller and Buyer agree as follows:

1.    Purchase and Sale.  Seller hereby agrees to sell the Property to Buyer, and Buyer hereby agrees to purchase the Property from Seller, upon the terms and conditions herein set forth.

2.    Purchase Price.  The purchase price ("Purchase Price") for the Property shall be Three Hundred Thousand Dollars ($300,000.00).

3.    Payment of Purchase Price.  Buyer will provide an unsecured Promissory Note for Purchase Price which will be guaranteed by Coachella Vineyard Luxury RV Park LLC, a California limited liability company ("Guarantor"), and the Guaranty will be secured as an extension of Guarantor's Deed of Trust for the real property located in Coachella, County of Riverside, State of California, described in Exhibit "B".

4.    Close of Escrow.  For purposes of this Agreement, the "Close of Escrow" shall be the date that a Grant Deed (the "Deed"), conveying the Property to Buyer, is recorded in the Official Records of Riverside County, California (the "Official Records").  Unless extended in writing by Buyer and Seller, and provided that all conditions precedent set forth herein have been satisfied in full or waived in writing, the Close of Escrow shall be scheduled to occur seven days after the completion of the Foreclosure (the "Closing Date").  Seller shall deliver possession of the Property to Buyer upon the Close of Escrow.

5.    Condition of Title.  It shall be a condition to the Close of Escrow for Buyer's benefit that title to the Property be conveyed to Buyer by Seller by the Deed, subject only to a Deed of Trust dated May 23, 2018 executed by Lake Elsinore Diamond Road LLC, to North American Title Company, Trustee, and recorded as Instrument Number 2018-0255465, on June 25, 2018, of the Official Records in the County Records Office of Riverside County, State of California (the "Senior Deed of Trust").

6    Title Policy.  Buyer shall have the option to purchase title insurance in connection with the purchase of the Property at its own expense.

7    Conditions Precedent to Closing.

(a)  Representations, Warranties and Covenants of Seller.  Seller shall have duly performed each and every covenant and agreement to be performed by Seller pursuant to this Agreement and Seller's representations, warranties and covenants set forth herein shall be true and correct as of the Close of Escrow.

Page **1** of 5

Init.: _DL_    _AV_

(b) <u>No Material Changes</u>. As of the Close of Escrow, there shall have been no changes in the physical condition of the Property from and after the Effective Date.

(c) <u>Deposits</u>. Seller shall have made all deposits with Escrow Holder required of Seller pursuant to the provisions of this Agreement.

(d) <u>Title Insurance.</u> If Buyer has elected to purchase title insurance, that the title company is prepared to issuance a title policy upon Closing.

8. <u>Deposits by Seller</u>. Except as otherwise expressly provided in this Agreement, at least one (1) business day prior to the Closing Date, Seller shall deposit or cause to be deposited with Escrow Holder the following documents and instruments:

(a) <u>Deed</u>. The Deed conveying the Property to Buyer, duly executed as appropriate by Seller, acknowledged and in recordable form;

(b) <u>Transferor's Certification of Non-Foreign Status</u>. The Transferor's Certification of Non-Foreign Status duly executed by Seller and prepared by Buyer's counsel (the "FIRPTA Certificate"); and

(c) <u>Other Instruments</u>. Such other reasonable instruments and documents necessary to complete the transaction contemplated by this Agreement.

9. <u>Deposits by Buyer</u>. Buyer shall deposit or cause to be deposited with Escrow Holder the Purchase Price as stated designated in Paragraph 3 above. In addition, Buyer shall deposit with Escrow Holder the following documents and instruments:

(a) <u>Unsecured Promissory Note.</u> The unsecured Promissory Note described in Paragraph 3(b).

(b) <u>Guaranty.</u> The guaranty by Guarantor described in Paragraph 3(b).

(c) <u>Other Instruments</u>. Such other reasonable instruments and documents necessary to complete the transaction contemplated by this Agreement.

10. <u>Costs and Expenses</u>. Seller and Buyer shall equally pay all Escrow fees of Escrow Holder. Buyer shall pay all documentary transfer taxes payable in connection with this transaction and the recordation of the Deed, etc., and Buyer shall pay for all recording charges.

11. <u>Prorations</u>. As part of the consideration for the purchase of the Property, Buyer shall be responsible for all property taxes and utilities for the Property from the date of the Seller's acquisition of the Property which will not be prorated between the parties.

12. <u>Disbursements and Other Actions by Escrow Holder</u>. Upon the Close of Escrow, Escrow Holder shall promptly undertake all of the following in the following manner:

(a) <u>Recording</u>. Cause the Deed to be recorded in the Official Records;

Init.: _DC_ _AP_

(b)    Funds. Concurrent with the recording of the Deed, disburse from funds deposited by Buyer the payment of all items (including, without limitation, the Purchase Price) chargeable to the account of Buyer pursuant hereto in payment of such costs, and return the balance of such funds, if any, to Buyer;

(c)    Documents to Buyer. Deliver to Buyer originals of the FIRPTA Certificate;

(d)    Documents to Seller. Deliver to Seller originals of the Promissory Note and Guaranty; and

(e)    Title Policy. Direct the Title Company to issue the Title Policy to Buyer if Buyer has elected to purchase title insurance.

13.    Covenants of Seller. Seller hereby covenants with Buyer as follows:

(a) Seller will diligently proceed with the Foreclosure.

(b) Seller will make its best efforts to acquire the Property at the Foreclosure through credit bidding.

(c) Neither Seller nor any owner, member, manager, officer or any affiliate, wholly or partially owned or managed entity of Seller or any owner, member, manager, or officer of Seller, will seek to frustrate this Agreement by seeking to acquire or acquiring the Property through the Foreclosure.

(d) Seller shall promptly notify Buyer of any change in any condition with respect to the Property or of any event or circumstance which makes any representation or warranty of Seller to Buyer under this Agreement materially untrue or misleading, and of any covenant of Seller under this Agreement which Seller will be incapable of performing.

(e) Seller will maintain the Property in its current condition and prevent and new lien or encumbrance from attaching to the Property.

(f) Seller will maintain property insurance on the Property for the full replacement value of the structure and liability insurance with a minimum limit of $1,000,000. Buyer will reimburse Seller for the payment of insurance premiums upon Closing.

14.    Damage or Condemnation Prior to Closing. In the event that prior to the Close of Escrow, the Property, or any portion thereof, is destroyed or materially damaged, Buyer shall have the right, exercisable by giving written notice to Seller either (i) to terminate this Agreement and neither party hereto shall have any further rights or obligations hereunder, or (ii) to accept the Property in its then-current condition and to proceed with the consummation of the transaction contemplated by this Agreement, without any reduction in the Purchase Price, and to receive an assignment and assumption of all of Seller's rights to any insurance proceeds payable by reason of such damage or destruction. If Buyer elects to proceed under clause (ii) above, Seller shall not compromise, settle or adjust any claims to such proceeds without Buyer's prior

Page 3 of 5

Init.: _DC_  _Alb_

written consent, which consent shall not be unreasonably withheld or delayed.

15.    <u>Buyer Failure to Perform.</u>  If Buyer fails to perform any obligation required by this Agreement, Seller may either (a) waive the non-performance, or (b) terminate this agreement in which case neither party hereto shall have any further rights or obligations hereunder.

16.    <u>Brokers</u>.  The parties each represent to each other that no commission is due to any finder or broker in connection with this transaction.

17.    <u>Miscellaneous.</u>

(a)    <u>Survival of Covenants</u>.  The covenants, representations and warranties of both Buyer and Seller set forth in this Agreement shall survive the Close of Escrow and the recordation of the Deed.

(b)    <u>Required Actions of Buyer and Seller</u>.  Buyer and Seller agree to execute such other reasonable instruments and documents and to diligently undertake such other reasonable actions as may be reasonably required in order to consummate the purchase and sale herein contemplated and shall use their reasonable efforts to accomplish the Close of Escrow in accordance with the provisions hereof.

(c)    <u>Counterparts</u>.  This Agreement may be executed in multiple counterparts (including via facsimile or telecopier transmission, which shall be conclusively deemed an original signature or signatures when attached hereto), each of which shall be deemed an original, but all of which, together, shall constitute but one in the same instrument.

(d)    <u>Captions</u>.  Any captions to, or headings of, the paragraphs or subparagraphs of this Agreement are solely for the convenience of the parties hereto, are not a part of this Agreement, and shall not be used for the interpretation or determination of the validity of this Agreement or any provision hereof.

(e)    <u>Exhibits</u>.  The Exhibits attached hereto are hereby incorporated herein by this reference for all purposes.

(f)    <u>Amendment to this Agreement</u>.  The terms of this Agreement may not be modified or amended, except by an instrument in writing executed by each of the parties hereto.

(g)    <u>Applicable Law</u>.  This Agreement shall be construed and enforced in accordance with the laws of the State of California.

(h)    <u>Entire Agreement</u>.  This Agreement supersedes any prior agreements, negotiations and communications, oral or written, and contains the entire agreement between Buyer and Seller as to the subject matter hereof.

(i)    <u>Successors and Assigns</u>.  This Agreement shall be binding upon and shall inure to the benefit of the successors and assigns of the parties hereto.

Init.: _DC_  _AA_

       (j)    Construction. The parties hereto hereby acknowledge and agree that (i) each party hereto is of equal bargaining strength, (ii) each such party has actively participated in the drafting, preparation and negotiation of this Agreement, (iii) each such party has consulted with such party's own, independent counsel, and such other professional advisors as such party has deemed appropriate, relative to any and all matters contemplated under this Agreement, (iv) each such party and such party's counsel and advisors have reviewed this Agreement, (v) each such party has agreed to enter into this Agreement following such review and the rendering of such advice, and (vi) any rule of construction to the effect that ambiguities are to be resolved against the drafting parties shall not apply in the interpretation of this Agreement, or any portions hereof, or any amendments hereto.

       IN WITNESS WHEREOF, Seller and Buyer executed this Agreement as of the day and year first written above.

"Buyer":             GA&TV, Inc.

 

"Seller":            LDI Ventures, LLC

Page **5** of **5**

Init.: _DC_ _____

EXHIBIT "A"

Legal Description of Lake Elsinore Property

THE REAL PROPERTY IN THE CITY OF LAKE ELSINORE, IN THE COUNTY OF RIVERSIDE,
STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

THOSE CERTAIN PORTIONS OF BLOCK 2 OF HEALDS FIRST ADDITION TO ELSINORE AND
THAT CERTAIN PORTION OF HAMPTON ROAD (50 FEET WIDE) (ABANDONED) AS SHOWN BY
MAP ON FILE IN BOOK 4, PAGE 205 OF MAPS, OF SAN DIEGO COUNTY RECORDS IN
SECTION 9, TOWNSHIP 6 SOUTH, RANGE 4 WEST DESCRIBED AS FOLLOWS:

LOT 5; THE NORTHERLY 6 FEET OF LOT 4; THE NORTHERLY 56 FEET OF LOT 7 AND THE
NORTHERLY 56 FEET OF THE WESTERLY 26 FEET OF LOT 9, BLOCK 2 OF SAID HEALDS
FIRST ADDITION TO ELSINORE; ALONG WITH THE WESTERLY 226 FEET OF THE SOUTHERLY
41 FEET OF BARTCH STREET (60 FEET WIDE) (ABANDONED) AS SHOWN ON SAID HEALDS
FIRST ADDITION TO ELSINORE.

APN: 363-162-027-8

Exhibit B  Exhibit B

**LEGAL DESCRIPTION**

Real property in the City of Coachella, County of Riverside, State of California, described as follows:

LOT 71 OF TRACT 30117-1, IN THE CITY OF COACHELLA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 331, PAGES 71 AND 78, INCLUSIVE OF MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THEREFROM 50% INTEREST IN AND TO AL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER SAID LAND AS RESERVED BY CANAL WATER LANDOWNERS, A CALIFORNIA CORPORATION IN DEED RECORDED MAY 27, 1954 IN BOOK 1592, PAGE 201 OF OFFICIAL RECORDS.

EXCEPT THEREFROM THAT PORTION WHICH FALL WITHIN THE BOUNDARIES OF TRACT 32860-1, AS SHOWN ON THE SUBDIVISION MAP FILED ON MAY 2, 2006 IN BOOK 401 OF MAPS, PAGES 79 TO 88 INCLUSIVE IN THE OFFICE OF THE RIVERSIDE COUNTY RECORDER.

APN: **697-330-002-4**

Exhibit F

## PROMISSORY NOTE

$300,000.00                                                          Los Angeles, California
                                                                    May 29, 2019

IN CONSIDERATION FOR value received from the Holder, the undersigned, GA&TV, Inc., a
California corporation ("Maker"), promises to pay to Lev Investments, LLC ("Holder"), or order, at
9107 Wilshire Boulevard, Suite 450, Beverly Hills, California 90210, or at such other place as Holder
may from time to time designate by written notice to Maker, the principal sum of $300,000.00
("Principal").

Upon any default in this Note or the Guaranty for this Note or the Deed of Trust related to the
Guaranty, including the failure to repay the Note by the Due Date defined below, the Note shall be
immediately due and payable. Maker's payment and Holder's acceptance of any payment after an
event of default shall not be a waiver of the default or Holder's right to pursue any and all legal
remedies, including those provided by the Guaranty or related Deed of Trust. Holder shall be entitled
to recover all attorneys fees incurred in connection with any enforcement or collection of this Note.

This Note is being made in connection with Maker's acquisition of the real property described
in Exhibit "A" (the "Property"). Repayment of all principal as well as any interest that has accrued
thereon will be due upon the earlier of (1) any refinancing of the Property, (2) the closing of the sale or
any transfer of ownership of the Property by Maker, or (3) the date of any sale or refinancing of the
property securing performance of the Guaranty for this Note (the "Due Date"). Maker may prepay all
or any portion of the Principal prior to the Due Date without penalty. If any provision hereof shall be
found invalid or unenforceable by any court or other competent authority, the remaining provisions
hereof shall continue in force and shall be interpreted or modified so as to conform to law and
accomplish the original intent of the parties hereto to the maximum extent possible.

Executed as of the date set forth above.

GA&TV, Inc.,
a California corporation

By:_____
        Abraham Gottlieb, President

# EXHIBIT A

### Lake Elsinore Property

PARCEL L OF CERTIFICATE OF COMPLIANCE RECORDED JULY 28, 1980 AS INSTRUMENT NO. 135636 OF OFFICIAL RECORDS. FURTHER DESCRIBED AS FOLLOWS:

THOSE CERTAIN PORTIONS OF BLOCK 2 OF HEALDS FIRST ADDITION TO ELSINORE AND THAT CERTAIN PORTION OF HAMPTON ROAD (50 FEET WIDE) (ABANDONED) AS SHOWN BY MAP ON FILE IN BOOK 4, PAGE 205 OF MAPS, OF SAN DIEGO COUNTY RECORDS IN SECTION 9, TOWNSHIP 6 SOUTH, RANGE 4 WEST DESCRIBED AS FOLLOWS:

LOT 5; THE NORTHERLY 6 FEET OF LOT 4; THE NORTHERLY 56 FEET OF LOT 7 AND THE NORTHERLY 56 FEET OF THE WESTERLY 26 FEET OF LOT 9, BLOCK 2 OF SAID HEALDS FIRST ADDITION TO ELSINORE; ALONG WITH THE WESTERLY 226 FEET OF THE SOUTHERLY 41 FEET OF BARTCH STREET (60 FEET WIDE) (ABANDONED) AS SHOWN ON SAID HEALDS FIRST ADDITION TO ELSINORE.

APN: 363-162-027-8

Exhibit G

## UNCONDITIONAL GUARANTY OF PAYMENT AND PERFORMANCE

May 29, 2019

For valuable consideration, the receipt of which is hereby acknowledged, **Coachella Vineyard Luxury RV Park LLC, a California limited liability company** ("Guarantor") unconditionally, absolutely and irrevocably guarantees and promises to pay to **Lev Investments, LLC** ("Lender"), or order, any and all amounts, costs, fees, expenses and charges of any kind or type whatsoever, which may or at any time be due to Lender by **GA&TV, Inc., a California corporation** ("Borrower") pursuant to the Promissory Note of May 29, 2019, with a current balance of $300,000.00 (the "Note"), and full performance of all obligations of Borrower pursuant to the Note. This Guaranty is as an extension of the loan facility secured by Deed of Trust for the real property in the City of Coachella, County of Riverside, State of California described in Exhibit A recorded as Instrument Number 2018-0317977, on August 7, 2018, of the Official Records in the County Records Office of Riverside County, State of California,. (The Note, this Guaranty and the Deed of Trust are collectively referred to as the "Loan Documents".)

This is an absolute and unconditional guaranty of payment and performance and not of collection. The Guarantor unconditionally and irrevocably: (a) waives any requirement that Lender first make demand upon, or seek to enforce or exhaust remedies against, Borrower or any other person or entity (including any other Guarantor) or any of the collateral or property of Borrower or such other person or entity before demanding payment from, or seeking to enforce this Guaranty against such Guarantor; (b) waives and agrees not to assert any and all rights, benefits and defenses which might otherwise be available under the provisions of applicable law that might operate to limit Guarantor's liability under, or the enforcement of, this Guaranty; (c) agrees that this Guaranty shall remain in full effect without regard to, and shall not be affected or impaired by, any invalidity, irregularity or unenforceability in whole or in part of any of the Loan Documents, or any limitation of the liability of Borrower or Guarantor thereunder, or any limitation on the method or terms of payment thereunder which may now or hereafter be caused or imposed in any manner whatsoever; (d) waives any right to participate in any security now or hereafter held by Lender or in any claim or remedy of Lender or any other person against Borrower; and (e) waives diligence, presentment, protest, demand for performance, notice of nonperformance, notice of intent to accelerate, notice of acceleration, notice of protest, notice of dishonor, notice of execution of any Loan Documents, notice of extension, renewal, alteration or amendment, notice of acceptance of this Guaranty, notice of defaults under any of the Loan Documents and all other notices whatsoever. This Guaranty is a continuing guaranty, and the obligations, undertakings and conditions to be performed or observed by Guarantor under this Guaranty shall not be affected or impaired by reason of the happening from time to time of the following with respect to the Loan Documents, all without notice to, or the further consent of, any Guarantor: (i) the waiver by Lender of the observance or performance by Borrower, Guarantor of any of the obligations, undertakings, conditions or other provisions contained in any of the Loan Documents, except to the extent of such waiver; (ii) the extension, in whole or in part, of the time for payment of any amount owing or payable under the Loan Documents; (iii) the modification or amendment (whether material or otherwise) of any of the obligations of Borrower under, or any other provisions of, any of the Loan Documents, except to the extent of such modification or amendment; (iv) the taking or the omission of any of the actions referred to in any of the Loan Documents (including, without limitation, the giving of any consent referred to therein); (v) any failure, omission, delay or lack on the part of Lender to enforce, assert or exercise any provision of the Loan Documents, including any right, power or remedy conferred on Lender in any of the Loan Documents or any action on the part of Lender granting indulgence or extension in any form; (vi) the assignment to or assumption by any third party of any or all of the rights or obligations of Borrower under all or any of the Loan Documents; (vii) the release or discharge of Borrower from the performance or observance of any obligation, undertaking or condition to be performed by Borrower under any of the Loan Documents by operation of law, including any rejection or disaffirmance of any of the Loan Documents in any bankruptcy or similar proceedings; (viii) the receipt and acceptance by Lender or any other person or entity of notes, checks or other instruments for the payment of money and extensions and renewals thereof; (ix) any action, inaction or election of remedies by Lender which results in any impairment or destruction of any subrogation rights of Guarantor, or any rights of Guarantor to proceed against any other person or entity for reimbursement; and (x) any setoff, defense, counterclaim, abatement, recoupment, reduction, change in law or any other event or circumstance which

1

might otherwise constitute a legal or equitable discharge or defense of a guarantor, indemnitor or surety under the laws of the State of California.

This Guaranty shall continue in full force and effect until all of the obligations under the Loan Documents are duly, finally and permanently paid, performed and discharged and are not subject to any right of reborrowing or extension by Borrower. The obligations under the Loan Documents shall not be considered fully paid, performed and discharged unless and until all payments by Borrower to Lender are no longer subject to any right on the part of any person whomsoever, including but not limited to Borrower, Borrower as a debtor-in-possession or any trustee in bankruptcy, to disgorge such payments or seek to recoup the amount of such payments or any part thereof. This Guaranty shall remain in full force and effect and continue to be effective in the event that (i) any petition is filed by or against Borrower or Guarantor for liquidation or reorganization, including, without limitation, under Title 11 of the United States Code, 11 U.S.C. Sec. 101 *et seq.* (the "Code"), (ii) Borrower or Guarantor becomes insolvent or makes an assignment for the benefit of creditors or (iii) a receiver or trustee is appointed for all or any significant part of Borrower's or Guarantor's assets. This Guaranty shall continue to be effective or be reinstated, as applicable, if at any time payment and performance of the obligations under the Loan Documents, or any part thereof, is, pursuant to applicable law, rescinded or reduced in amount, or must otherwise be restored or returned by Lender, whether as a "voidable preference", "fraudulent conveyance" or otherwise, all as though such payment or performance had not been made. In the event that any payment of the obligations under the Loan Documents, or any part thereof, is rescinded, reduced, restored or returned, the obligations under the Loan Documents shall be reinstated and deemed reduced only by such amount paid to Lender and not so rescinded, reduced, restored or returned.

In addition to the amounts guaranteed under this Guaranty, Guarantor agree to pay (i) all of Lender's attorneys' fees and other costs and expenses which may be incurred by Lender in the enforcement of this Guaranty and (ii) interest (including post petition interest to the extent a petition is filed by or against Borrower under the Code) at the Default Rate (as defined in the respective Promissory Notes) on any Obligations not paid when due. Guarantor hereby agrees to indemnify and hold harmless Lender for, from and against any loss, cause of action, claim, cost, expense or fee, including but not limited to attorney's fees and court costs, suffered or occasioned by the failure of Borrower to satisfy its obligations under the Loan Documents. The agreement to indemnify Lender contained in this paragraph shall be enforceable notwithstanding the invalidity or unenforceability of the Loan Documents or any of them or the invalidity or unenforceability of any other paragraph contained in this Guaranty. All moneys available to Lender for application in payment or reduction of the liabilities of Borrower under the Loan Documents may be applied by Lender to the payment or reduction of such liabilities of Borrower, in such manner, in such amounts and at such time or times as Lender may elect.

All of Lender's rights and remedies under the Loan Documents and this Guaranty are intended to be distinct, separate and cumulative and no such right and remedy is intended to be in exclusion of or a waiver of any of the others. If under applicable law, Lender proceeds to realize benefits under any Loan Document granting Lender a lien upon any collateral pledged under such Document, either by judicial foreclosure or by non-judicial sale or enforcement, Lender may, at is sole option, determine which of such remedies or rights it may pursue without affecting any of such rights and remedies under this Guaranty. If, in the exercise of any of its rights and remedies, Lender shall forfeit any of its rights or remedies, including its right to enter a deficiency judgment against Borrower or any pledgor, whether because of any applicable laws pertaining to "election of remedies" or the like, Guarantor hereby consent to such action by Lender and waive any claim based upon such action. Any election of remedies which results in the denial or impairment of the right of Lender to seek a deficiency judgment against Borrower or any pledgor shall not impair more than one Guarantor's obligation to pay the full amount of the obligations under the Loan Documents. The amount of the successful bid at any non-judicial foreclosure sale shall be conclusively deemed to be the fair market value of the collateral and the difference between such bid amount and the remaining balance of the obligations due under the Loan Documents shall be conclusively deemed to be the amount guaranteed under this Guaranty, notwithstanding that any present or future law or court decision or ruling may have the effect of reducing the amount of any deficiency claim to which Lender might otherwise be entitled but for such bidding at any such sale.

2

This Guaranty is solely for the benefit of Lender, its successors and assigns and is not intended to nor shall it be deemed to be for the benefit of any third party, including, without limitation, Borrower. This Guaranty and all obligations of Guarantor hereunder shall be binding upon the successors and assigns of each Guarantor (including, a debtor-in-possession on behalf of such Guarantor) and shall, together with the rights and remedies of Lender, hereunder, inure to the benefit of Lender, all future holders of any instrument evidencing any of the Obligations and its successor and assigns.  Guarantor may not assign, sell, hypothecate or otherwise transfer any interest in or obligations under this Guaranty. If any provision of this Guaranty is unenforceable, the enforceability of the other provisions shall not be affected and they shall remain in full force and effect.  Guarantor agrees to take such action and to sign such other documents as may be appropriate to carry out the intent of this Guaranty. This Guaranty may be executed in one or more counterparts, each of which shall be deemed an original.

This Guaranty shall be construed according to the law of the State of California (the "State").  By execution hereof, the undersigned specifically consents to this choice of law designation and consents that all actions or proceedings arising directly, indirectly or otherwise in connection with, out of, related to, or from this Guaranty or the Notes shall be litigated only in the courts located in the State, and the undersigned (i) consents and submits to the in personam jurisdiction of any state or federal court located within the State, (ii) waives any right to transfer or change the venue of litigation brought against the undersigned, and (iii) agrees to service of process, to the extent permitted by law, by mail.

IN WITNESS WHEREOF, the undersigned Guarantor have executed this Guaranty effective as of the date first set forth above.

GUARANTOR:

**Coachella Vineyard Luxury RV Park LLC, a
California limited liability company**

By:_____
      **Abraham Gottlieb**



## LEGAL DESCRIPTION

Real property in the City of Coachella, County of Riverside, State of California, described as follows:

LOT 71 OF TRACT 30117-1, IN THE CITY OF COACHELLA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 331, PAGES 71 AND 78, INCLUSIVE OF MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THEREFROM 50% INTEREST IN AND TO AL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER SAID LAND AS RESERVED BY CANAL WATER LANDOWNERS, A CALIFORNIA CORPORATION IN DEED RECORDED MAY 27, 1954 IN BOOK 1592, PAGE 201 OF OFFICIAL RECORDS.

EXCEPT THEREFROM THAT PORTION WHICH FALL WITHIN THE BOUNDARIES OF TRACT 32860-1, AS SHOWN ON THE SUBDIVISION MAP FILED ON MAY 2, 2006 IN BOOK 401 OF MAPS, PAGES 79 TO 88 INCLUSIVE IN THE OFFICE OF THE RIVERSIDE COUNTY RECORDER.

APN: **697-330-002-4**

Page 3

Order No. 91402-1580320-18

Exhibit H

RECORDING REQUESTED BY:

GA&TV, Inc.

**AND WHEN RECORDED MAIL TO:**

GA&TV, Inc.
18325 Domino Street
Tarzana, CA 91335

**2019-0211268**

06/12/2019 01:17 PM Fee: $ 105.00
Page 1 of 3
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

DOCUMENTARY TRANSFER TAX $ ___0.00___

**A.P.N.** 363-162-027-8

**GRANT DEED**

COMPUTED ON FULL VALUE OF PROPERTY CONVEYED
OR COMPUTED OF FULL VALUE LESS LIENS AND
ENCUMBRANCES REMAINING AT TIME OF SALE.

SIGNATURE OF DECLARANT OR AGENT DETERMINING TAX FIRM NAME

( )   This transfer is exempt from the documentary transfer tax
( )   Computed on the full consideration or value of property conveyed
( x ) Computed on the full consideration or value less liens or encumbrances remaining at time of sale
( )   Other:

**THE UNDERSIGNED GRANTOR(S) DECLARE(S)**

**FOR A VALUABLE CONSIDERATION**, receipt of which is hereby acknowledged,

LDI Ventures, LLC, a California limited liability company

hereby **GRANT(S)** to

GA&TV, Inc., a California corporation

the real property in the City of Lake Elsinore, County of Riverside, State of California, described as:

THOSE CERTAIN PORTIONS OF BLOCK 2 OF HEALDS FIRST ADDITION TO ELSINORE AND THAT CERTAIN
PORTION OF HAMPTON ROAD (50 FEET WIDE) (ABANDONED) AS SHOWN BY MAP ON FILE IN BOOK 4,
PAGE 205 OF MAPS, OF SAN DIEGO COUNTY RECORDS IN SECTION 9, TOWNSHIP 6 SOUTH, RANGE 4
WEST DESCRIBED AS FOLLOWS:

LOT 5; THE NORTHERLY 6 FEET OF LOT 4; THE NORTHERLY 56 FEET OF LOT 7 AND THE NORTHERLY
56 FEET OF THE WESTERLY 26 FEET OF LOT 9, BLOCK 2 OF SAID HEALDS FIRST ADDITION TO
ELSINORE; ALONG WITH THE WESTERLY 226 FEET OF THE SOUTHERLY 41 FEET OF BARTCH STREET
(60 FEET WIDE) (ABANDONED) AS SHOWN ON SAID HEALDS FIRST ADDITION TO ELSINORE.

DATED: _06/10/19_

**Mail Tax Statements to:**

GA&TV, Inc.
18325 Domino Street
Tarzana, CA 91335

**GRANTOR'S SIGNATURE**

LDI Ventures, LLC, a California limited liability company

By: _____
Dmitri Lioudkousky

Case 1:20-bk-11006-VK   Doc 18   Filed 06/17/20   Entered 06/17/20 12:53:35   Desc
Branch :WDS   User :AHAN          Main Document          Page 182 of 352 Title Officer : DF   Order : 1270905CAD

DOC #2019-0211268 Page 2 of 3

**CALIFORNIA ACKNOWLEDGMENT**                                    CIVIL CODE § 1189

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Los Angeles

On 06/11/2019 _____ before me, Tiffany Newton, Notary Public

Date                                  Here Insert Name and Title of the Officer

personally appeared Dimitri Liquel Kousky

Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

> TIFFANY NEWTON
> Notary Public - California
> Los Angeles County
> Commission # 2280687
> My Comm. Expires Mar 12, 2023

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

Place Notary Seal and/or Stamp Above                 Signature of Notary Public

──────────────────── OPTIONAL ────────────────────

Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____          Signer's Name: _____

☐ Corporate Officer – Title(s): _____          ☐ Corporate Officer – Title(s): _____
☐ Partner – ☐ Limited ☐ General                    ☐ Partner – ☐ Limited ☐ General
☐ Individual          ☐ Attorney in Fact            ☐ Individual          ☐ Attorney in Fact
☐ Trustee          ☐ Guardian or Conservator        ☐ Trustee          ☐ Guardian or Conservator
☐ Other: _____                                 ☐ Other: _____
Signer is Representing: _____                   Signer is Representing: _____

©2018 National Notary Association

DOC #2019-0211268  Page 3 of 3



**PETER ALDANA**
**COUNTY OF RIVERSIDE**
**ASSESSOR-COUNTY CLERK-RECORDER**

Recorder
P.O. Box 751
Riverside, CA 92502-0751
(951) 486-7000

www.riversideacr.com

## **CERTIFICATION**

Pursuant to the provisions of Government Code 27361.7, I certify under the penalty of perjury
that the following is a true copy of illegible wording found in the attached document:

(Print or type the page number(s) and wording below):

Documentary transfer tax $ 0.00

- Computed on full value of property conveyed

- or computed of full value less liens and
encumbrances remaining at time of sale

Signiture of declaration or agent determining tax firm name

Date:                    8/12/2019

Signature:

Print Name:              ARNOM GOTTLIED

ACR 601 (Rev. 09/2005)          Available in Alternate Formats

Exhibit I

06/19/2019 09:01 AM Fees: $105.00
Page 1 of 3
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

RECORDING REQUESTED BY:
First American Title Insurance Company

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: MARY #420

WHEN RECORDED MAIL TO:
Real Property Trustee, Inc.
P. O. Box 17064
Beverly Hills, California 90209

SPACE ABOVE THIS LINE FOR RECORDER'S USE

T.S. No.: **19-00051**    Title Order: **8755522**    Loan No.: **7272018**    APN: **697-330-002-4**

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO ABOVE IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT, BUT ONLY TO THE COPIES PROVIDED OT THE TRUSTOR.

### IMPORTANT NOTICE
**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$2,450,224.27** as of **6/17/2019**, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things. (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

TS No.: **19-00051**        Loan No.: **7272018**

### NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

<div align="center">

**LEV INVESTMENTS, LLC**
**c/o Real Property Trustee, Inc.**
**P. O. Box 17064**
**Beverly Hills, California 90209**
**Phone: 877-770-2132**

</div>

**If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.**

## Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN: That **Real Property Trustee, Inc.** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated **7/31/2018**, executed by **COACHELLA VINEYARD LUXURY RV PARK LLC, A CALIFORNIA LIMITED LIABILITY COMPANY.**, as Trustor, to secure certain obligations in favor of **LEV INVESTMENTS, LLC**, as beneficiary, recorded **8/7/2018**, as Instrument No. **2018-0317977**, in Book **xxx**, Page **xxx**,   of Official Records in the Office of the Recorder of **Riverside** County, California describing land therein as: LOT 71 OF TRACT 30117-1, IN THE CITY OF COACHELLA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 331, PAGES 71 AND 78, INCLUSIVE OF MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. EXCEPTING THEREFROM 50% INTEREST IN AND TO AL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER SAID LAND AS RESERVED BY CANAL WATER LANDOWNERS, A CALIFORNIA CORPORATION IN DEED RECORDED MAY 27, 1954 IN BOOK 1592, PAGE 201 OF OFFICIAL RECORDS. EXCEPT THEREFROM THAT PORTION WHICH FALL WITHIN THE BOUNDARIES OF TRACT 32860-1, AS SHOWN ON THE SUBDIVISION MAP FILED ON MAY 2, 2006 IN BOOK 401 OF MAPS, PAGES 79 TO 88 INCLUSIVE IN THE OFFICE OF THE RIVERSIDE COUNTY RECORDER.

Including one **NOTE(S) FOR THE ORIGINAL** sum of **$2,000,000.00**, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the Beneficiary; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:
   **Installment of Principal and Interest on a senior lien plus impounds and/or advances which became due on 4/10/2019 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable. Advances to senior liens, legal fees, insurance, taxes plus interest and delinquent taxes and/or insurance premiums to be advanced by the Beneficiary after the recording of the notice of default. As a condition of reinstatement, all senior liens, property taxes and fire insurance premiums must not be delinquent and must have a current paid status.**

TS No.: 19-00051      Loan No.: 7272018

### NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**Nothing herein shall be construed as a waiver of any additional fees or defaults owing the Beneficiary under the Deed of Trust pursuant to the terms of the loan documents or of the right to demand payment of recurring and senior obligations as they may come due.**

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

**The beneficiary or its agent has declared that this loan is exempt from the provisions of Civil Code §§ 2923.5 or 2923.55.**

**The mortgage servicer/lender has supplied reliable and competent evidence to substantiate the borrower's default and its right to foreclose.**

Dated: 6/17/2019

Real Property Trustee, Inc.

By: _____
Mike Kemel, Trustee Sale Officer

The above-named trustee may be acting as a debt collector attempting to collect a debt. Any information obtained may be used for that purpose.

To the extent your original obligation was discharged or is subject to an automatic stay of bankruptcy under Title 11 of the United State Code, this notice is for compliance and/or information purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. However, a secured party retains rights under its security instrument, including the right to foreclose its lien.

Exhibit J

**Real Property Trustee, Inc.**
**P. O. Box 17064**
**Beverly Hills, California 90209**
**Phone: 877-770-2132**

8/11/2019

John G. Burgee, Esq.
Burgee & Abramoff
20501 Ventura Blvd., Suite 262
Woodland Hills, CA 91364

## PAYOFF STATEMENT

TS#:        19-00051              Loan#:    7272018
Property Address:        APN: 697-330-002-4

### NOTICE
### THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION
### OBTAINED WILL BE USED FOR THAT PURPOSE.

The amount to pay off the above referenced loan as of **9/10/2019** is as follows:

| | |
|---|---:|
| **Unpaid Principal Balance:** | **$2,300,000.00** |
| **Accrued Interest from 4/1/2019** | **$230,511.11** |
| **Accrued Late Charges:** | **$20,533.35** |

**Advances, Default, Costs and Expenses**

| Description | Amount | From | Thru | Interest Rate | Recurring Costs | Total |
|---|---|---|---|---|---|---|
| Tax Advance | $9,443.90 | 6/3/2019 | | 22% | 1 | $10,026.80 |
| Attorney Fees | $21,000.00 | 6/10/2019 | | 0% | 1 | $21,000.00 |
| **Total Advances, Default, Costs and Expenses:** | | | | | | **$31,026.80** |
| **Total Foreclosure Fees and Costs:** | | | | | | **$14,790.30** |

| | |
|---|---:|
| **Payoff Amount as of 9/10/2019** | **$2,596,861.56** |

**Daily interest is in the amount of $1,405.56.**

Please submit your **certified funds** payable to Real Property Trustee, Inc. Be advised that the above amount is accurate only through the date cited herein and will increase thereafter. Funds must be received in our office **on or before 9/10/2019**, or this quote will be null and void.

**Please be advised that this figure is subject to change due to escrow disbursements and advances. Please contact this office to verify that these figures have not changed.**

Thank you,

_____
Mike Kemel, Trustee Sale Officer

cc: LEV INVESTMENTS, LLC

IMPORTANT NOTICE: IF YOU OR YOUR ACCOUNT ARE SUBJECT TO PENDING BANKRUPTCY PROCEEDINGS, OR IF YOU RECEIVED A BANKRUPTCY DISCHARGE ON THIS DEBT, THIS STATEMENT IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT. IF YOU ARE NOT IN BANKRUPTCY OR DISCHARGED OF THIS DEBT, BE ADVISED THAT REAL PROPERTY TRUSTEE, INC. IS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT, ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Exhibit K

DOC # 2019-0369650
09/19/2019 04:53 PM Fees: $105.00
Page 1 of 3
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

RECORDING REQUESTED BY
**First American Title Insurance Company**

AND WHEN RECORDED MAIL TO:
**Real Property Trustee, Inc.**
**P. O. Box 17064**
**Beverly Hills, California 90209**

**This document was electronically submitted
to the County of Riverside for recording**
Receipted ito by: SOPHIA #466

---

SPACE ABOVE THIS LINE FOR RECORDER'S USE

T.S. No.: **19-00051**        Title Order: **8755522**        Loan No.: **7272018**        APN: **697-330-002-4**

# NOTICE OF TRUSTEE'S SALE

<u>ATTENTION RECORDER</u>: THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY IS ONLY APPLICABLE TO NOTICE(S) MAILED TO THE TRUSTOR.

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

[PURSUANT TO CIVIL CODE 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO ABOVE IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.]

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 7/31/2018. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

On **10/15/2019** at **9:00 AM, Real Property Trustee, Inc.,** as duly appointed or substituted Trustee, at the request of Beneficiary Lev Investments, LLC, P. O. Box 16646, Beverly Hills, California 90209, under that certain Deed of Trust executed by **COACHELLA VINEYARD LUXURY RV PARK LLC, A CALIFORNIA LIMITED LIABILITY COMPANY.,** as Trustor, to secure obligations in favor of **LEV INVESTMENTS, LLC,** as Beneficiary, recorded on 8/7/2018 as Instrument No. 2018-0317977 in book xxx, page xxx  of Official Records of the office of the County Recorder of Riverside County, California, **WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH** (payable at time of sale in lawful money of the United States, by cash, a cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state), **At the front entrance of the former Corona Police Department at 849 W. Sixth St., Corona, CA,** all right, title, and interest conveyed to and now held by it under and pursuant to said Deed of Trust in and to the following described real property situated in the aforesaid County and State, to wit: **[LEGAL DESCRIPTION] LOT 71 OF TRACT 30117-1, IN THE CITY OF COACHELLA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 331, PAGES 71 AND 78, INCLUSIVE OF MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. EXCEPTING THEREFROM 50% INTEREST IN AND TO AL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER SAID LAND AS RESERVED BY CANAL WATER LANDOWNERS, A CALIFORNIA CORPORATION IN DEED RECORDED MAY 27, 1954 IN BOOK 1592, PAGE 201 OF OFFICIAL RECORDS. EXCEPT THEREFROM THAT PORTION WHICH FALL WITHIN THE BOUNDARIES OF TRACT 32860-1, AS SHOWN ON THE SUBDIVISION MAP FILED ON MAY 2, 2006 IN BOOK 401 OF MAPS, PAGES 79 TO 88 INCLUSIVE IN THE OFFICE OF THE RIVERSIDE COUNTY RECORDER.** The property heretofore described is being sold "as is." The street

address and other common designation, if any, of the real property described herein is purported to be: **VACANT
LAND: Directions to said land may be obtained by submitting a written request submitted to the beneficiary
within ten (10) days from the first publication of this notice to: Lev Investments, LLC, P. O. Box 16646,
Beverly Hills, California 90209.** A.P.N.: **697-330-002-4.** The undersigned Trustee disclaims any liability for any
incorrectness of the street address or other common designation, if any, shown herein.

Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or
encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest
thereon, as provided in the note(s), advances, if any, under the terms of the Deed of Trust, estimated fees, charges
and expenses of the Trustee and of the trusts created by said Deed of Trust, to wit: **$2,645,244.34 estimated,**
accrued interest and additional advances, fees, charges and expenses, if any, will increase this figure prior to sale.

The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration
of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned Trustee, or
predecessor Trustee, has caused said Notice of Default and Election to Sell to be recorded in the county where the
real property is located and more than three months have elapsed since such recordation.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand
that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself.
Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the
property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest
bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off,
before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size
of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance
company, either of which may charge you a fee for this information. If you consult either of these resources, you
should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times
by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law
requires that information about trustee sale postponements be made available to you and to the public, as a courtesy
to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable,
the rescheduled time and date for the sale of this property, you may call **(916) 939-0772** or visit this Internet Web
site **www.nationwideposting.com,** using the file number assigned to this case **19-00051.** Information about
postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately
be reflected in the telephone information or on the Internet Web site. The best way to verify postponement
information is to attend the scheduled sale.

PLEASE TAKE NOTICE THAT if the Trustee is unable to convey title for any reason, the successful bidder's sole
and exclusive remedy shall be return of monies paid to the Trustee, and the successful bidder shall have no further
recourse. Further, if the foreclosure sale is set aside for any reason, the purchaser at the sale shall be entitled only to
a return of the deposit paid and shall have no further recourse or remedy against the Mortgagor, Mortgagee, or
Trustee herein.

If you have previously been discharged in bankruptcy, you may have been release of personal liability for this loan
in which case this notice is intended to exercise the note holder's rights against the real property only.

As required by law, you are notified that a negative credit reporting may be submitted to a credit report agency if
you fail to fulfill the terms of your credit obligation.

For Trustee's Sale dates, bid and postponement information, please call (916) 939-0772 or visit
www.nationwideposting.com.

For any other inquiries, including litigation or bankruptcy matters, please call or fax to (877) 770-2132.

Date: 9/18/2019

Real Property Trustee, Inc.

Mike Kemel, Trustee Sale Officer
Real Property Trustee, Inc.
9107 Wilshire Blvd., Suite 450
Beverly Hills, CA 90210



Exhibit L

**Real Property Trustee, Inc.**
**P. O. Box 17064**
**Beverly Hills, California 90209**
**Phone: 877-770-2132**

9/24/2019

John G. Burgee, Esq.
Burgee & Abramoff
20501 Ventura Blvd., Ste 262
Woodland Hills, CA 91364

# PAYOFF STATEMENT

TS#:        19-00051            Loan#:    7272018
Property Address:        APN: 697-330-002-4

## NOTICE
### THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION
### OBTAINED WILL BE USED FOR THAT PURPOSE.

The amount to pay off the above referenced loan as of **10/10/2019** is as follows:

| | |
|---|---:|
| **Unpaid Principal Balance:** | **$2,300,000.00** |
| **Accrued Interest from 4/1/2019** | **$272,677.78** |
| **Accrued Late Charges:** | **$24,750.02** |

**Advances, Default, Costs and Expenses**

| Description | Amount | From | Thru | Interest Rate | Recurring Costs | Total |
|---|---:|---|---|---|---|---:|
| Courtesy Credit | ($336,300.00) | 9/24/2019 | | 0% | l | ($336,300.00) |
| Tax Advance | $9,443.90 | 6/3/2019 | | 22% | l | $10,199.94 |
| Attorney Fees | $21,000.00 | 6/10/2019 | | 0% | l | $21,000.00 |
| Attorney Fees | $5,000.00 | 9/24/2019 | | 0% | l | $5,000.00 |
| **Total Advances, Default, Costs and Expenses:** | | | | | | **($300,100.06)** |
| **Total Foreclosure Fees and Costs:** | | | | | | **$26,367.80** |

| | |
|---|---:|
| **Payoff Amount as of 10/10/2019** | **$2,323,695.54** |

**Daily interest is in the amount of $1,386.30.**

Please submit your **certified funds** payable to Real Property Trustee, Inc. Be advised that the above amount is accurate only through the date cited herein and will increase thereafter. Funds must be received in our office **on or before 10/10/2019**, or this quote will be null and void.

**Please be advised that this figure is subject to change due to escrow disbursements and advances. Please contact this office to verify that these figures have not changed.**

Thank you,

_____
Mike Kemel, Trustee Sale Officer

cc: LEV INVESTMENTS, LLC

IMPORTANT NOTICE: IF YOU OR YOUR ACCOUNT ARE SUBJECT TO PENDING BANKRUPTCY PROCEEDINGS, OR IF YOU RECEIVED A BANKRUPTCY DISCHARGE ON THIS DEBT, THIS STATEMENT IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT. IF YOU ARE NOT IN BANKRUPTCY OR DISCHARGED OF THIS DEBT, BE ADVISED THAT REAL PROPERTY TRUSTEE, INC. IS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT, ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

# EXHIBIT "M"

2.

| RIC1905065 | GA&TV INC VS LEV INVESTMENTS LLC | MOTION TO/FOR CONFIRM TRUSTEES SALE NUNC PRO TUNC TO NOVEMBER 6, 2019 BY LEV INVESTMENTS LLC, LDI VENTURES LLC, DMITRI LIOUDKOVSKI |
|---|---|---|

**Ruling:**

Motion denied.

Defendants illegally foreclosed on the property because the trustee's sale "shall be conducted no sooner than on the seventh day after the earlier of (1) dismissal of the action or (2) expiration or termination of the injunction … that required postponement of the sale … unless the injunction … or subsequent order expressly directs the conduct of the sale within that seven-day period." The time to seek such a subsequent order was after the hearing on the preliminary injunction, but before the sale.

This premature sale was Defendant's mistake, not the court's. A nunc pro tunc proceeding serves to correct a court's clerical mistakes, not to make retroactive substantive changes to its prior orders. (*Siegal v. Superior Court* (1968) 68 Cal.2d 97, 101.)

# EXHIBIT "N"

CM-180

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Michael Shemtoub    253948<br> Law Offices of Michael Shemtoub<br> 4929 Wilshire Boulevard, Suite 702<br> Los Angeles, CA 90010<br>TELEPHONE NO.: (310) 552-6921    FAX NO. *(Optional):* (206) 309-0945<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(name):* Real Property Trustee, Inc.  Mike Kemel | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 6230 Sylmar Ave
MAILING ADDRESS:
CITY AND ZIP CODE: Van Nuys, CA 91401
BRANCH NAME: North

PLAINTIFF/PETITIONER:  LEV INVESTMENTS LLC

DEFENDANT/RESPONDENT: Ruvin Feygenberg,  Michael Leizerovitz
Ming Zhu, LLC; and cross-actions

| | |
|---|---|
| **NOTICE OF STAY OF PROCEEDINGS** | CASE NUMBER:<br>19VECV00878 (related to 20STCV03696<br>JUDGE:  Theresa M. Traber, Presiding<br>DEPT.: U |

**To the court and to all parties:**

1. Declarant *(name):* Michael Shemtoub

   a. [X] is  [ ] the party    [X] not the attorney for the party who requested or caused the stay.

   b. [ ] is  [ ] the plaintiff or petitioner    [ ] the attorney for the plaintiff or petitioner. The party who requested the stay has not appeared in this case or is not subject to the jurisdiction of this court.

2. This case is stayed as follows:

   a. [ ] With regard to all parties.

   b. [X] With regard to the following parties *(specify by name and party designation):*
      LEV INVESTMENTS LLC (as a Cross-Defendant)

3. Reason for the stay:

   a. [X] Automatic stay caused by a filing in another court. *(Attach a copy of the Notice of Commencement of Case, the bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number, debtor, and petitioners.)*

   b. [ ] Order of a federal court or of a higher California court. *(Attach a copy of the court order.)*

   c. [ ] Contractual arbitration under Code of Civil Procedure section 1281.4. *(Attach a copy of the order directing arbitration.)*

   d. [ ] Arbitration of attorney fees and costs under Business and Professions Code section 6201. *(Attach a copy of the client's request for arbitration showing filing and service.)*

   e. [ ] Other:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 6-12-2020

Michael Shemtoub, Esq.
_____
(TYPE OR PRINT NAME OF DECLARANT)        ▶    _____
                                                (SIGNATURE)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
CM-180 [Rev. January 1, 2007]

**NOTICE OF STAY OF PROCEEDINGS**

Cal. Rules of Court, rule 3.650
www.courtinfo.ca.gov

CEB® ceb.com  Essential Forms®

LEV INVESTMENTS, LLC

| Fill in this information to identify your case: |
| --- |

United States Bankruptcy Court for the:

CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO

Case number *(if known)* _____    Chapter    **11**

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
| --- | --- | --- | --- |
| 1. | **Debtor's name** | **Lev Investments, LLC** | |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **47-3833674** | |
| 4. | **Debtor's address** | **Principal place of business**<br><br>**PO Box 16646**<br>**Beverly Hills, CA 90209**<br>Number, Street, City, State & ZIP Code<br><br>**Los Angeles**<br>County | **Mailing address, if different from principal place of business**<br><br><br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br>**13854 Albers Street Sherman Oaks, CA 91401**<br>Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | | |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ | |

Debtor    **Lev Investments, LLC**                                                      Case number (*if known*) _____
          Name

---

**7.**  **Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

____

---

**8.**  **Under which chapter of the Bankruptcy Code is the debtor filing?**    *Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

■ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.**  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.

☐ Yes.

If more than 2 cases, attach a separate list.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

---

**10.**  **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No

☐ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | _____ | | | Relationship | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |

---

Official Form 201                    **Voluntary Petition for Non-Individuals Filing for Bankruptcy**                    page 2

| Debtor | Lev Investments, LLC | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

**11. Why is the case filed in this district?**

Check all that apply:

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**■ Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor  **Lev Investments, LLC**
        Name

Case number (*if known*)

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **June 1, 2020**
               MM / DD / YYYY

X _____
Signature of authorized representative of debtor

**Dmitri Lioudkovski**
Printed name

Title  **Manager**

**18. Signature of attorney**

X _____
Signature of attorney for debtor

Date **June 1, 2020**
     MM / DD / YYYY

**David B. Golubchik 185520**
Printed name

**Levene, Neale, Bender, Yoo & Brill L.L.P.**
Firm name

**10250 Constellation Blvd., Suite 1700**
**Los Angeles, CA 90067**
Number, Street, City, State & ZIP Code

Contact phone  **(310) 229-1234**    Email address

**185520 CA**
Bar number and State

# 2018 TAX RETURN

Client Copy

**Client:**              P2727

**Prepared for:**        LEV INVESTMENTS LLC
                         423 N PALM ST, APT 305
                         BEVERLY HILLS, CA  90210
                         310-913-6904

**Prepared by:**         Alex Polovinchik, CPA
                         POLOVINCHIK, FRID & NOVAK, LLP
                         860 VIA DE LA PAZ, SUITE E-1
                         PACIFIC PALISADES, CA  90272
                         (323) 654-3500

**Date:**                May 15, 2020

**Comments:**

**Route to:**    _____    _____    _____    _____

**2018 Partnership Return**
prepared for:

**LEV INVESTMENTS LLC**
423 N PALM ST, APT 305
BEVERLY HILLS, CA 90210

**POLOVINCHIK, FRID & NOVAK, LLP**
860 VIA DE LA PAZ, SUITE E-1
PACIFIC PALISADES, CA 90272

**POLOVINCHIK, FRID & NOVAK, LLP**

860 VIA DE LA PAZ, SUITE E-1
PACIFIC PALISADES, CA 90272
(323) 654-3500

Client P2727
May 15, 2020

**LEV INVESTMENTS LLC**
423 N PALM ST, APT 305
BEVERLY HILLS, CA 90210
310-913-6904

---

### FEDERAL FORMS

| | |
|---|---|
| Form 1065 | **2018 U.S. Return of Partnership Income** |
| Schedule B-1 | **Information on Partners Owning 50% or More** |
| Schedule K-1 | **Partner's Share of Income, Deductions, Credits** |
| Form 8879-PE | **IRS e-file Signature Authorization** |

---

### CALIFORNIA FORMS

| | |
|---|---|
| Form 568 | **2018 California LLC Return of Income** |
| Form 3522 | **Limited Liability Company Tax Voucher** |
| Form 8453-LLC | **Declaration for Electronic Filing** |

---

### FEE SUMMARY

**Preparation Fee**

| **2018** | **Federal Income Tax Summary** | | **Page 1** |

**LEV INVESTMENTS LLC**                47-3833674

| | 2018 | 2017 | Diff |
|---|---|---|---|
| **TRADE OR BUSINESS INCOME** | | | |
| Gross receipts less returns | 212,141 | 33,542 | 178,599 |
| Gross profit | 212,141 | 33,542 | 178,599 |
| Total income (loss) | 212,141 | 33,542 | 178,599 |
| **TRADE OR BUSINESS DEDUCTIONS** | | | |
| Total deductions | 0 | 0 | 0 |
| **SCHEDULE K - INCOME** | | | |
| Ordinary business income (loss) | 212,141 | 33,542 | 178,599 |
| **SCHEDULE K - OTHER** | | | |
| Other items reported separately | 212,141 | 0 | 212,141 |
| **SCHEDULE L - BALANCE SHEET** | | | |
| Beginning Assets | 0 | 0 | 0 |
| Beginning Liabilities and Capital | 33,542 | 0 | 33,542 |
| Ending Assets | 0 | 0 | 0 |
| Ending Liabilities and Capital | 245,683 | 33,542 | 212,141 |

| 2018 | **Federal Balance Sheet Summary** | Page 1 |

**LEV INVESTMENTS LLC**                                                    47-3833674

**ENDING ASSETS**
    Total Assets.............................................................

**ENDING LIABILITIES & CAPITAL**
    Partners' capital accounts.......................................                    245,683

    Total Liabilities and Capital....................................                    245,683

# 2018       California Income Tax Summary       Page 1

### LEV INVESTMENTS LLC       47-3833674

|  | 2018 | 2017 | Diff |
|---|---|---|---|
| **TRADE OR BUSINESS INCOME** |  |  |  |
| Gross receipts less returns.................... | 212,141 | 33,542 | 178,599 |
| Gross Profit.......................................... | 212,141 | 33,542 | 178,599 |
| Total income (loss)................................ | 212,141 | 33,542 | 178,599 |
| **TRADE OR BUSINESS DEDUCTIONS** |  |  |  |
| Total deductions.................................... | 0 | 0 | 0 |
| **INCOME** |  |  |  |
| Ordinary income (loss)........................... | 212,141 | 33,542 | 178,599 |

| 2018 | General Information | Page 1 |
|------|---------------------|--------|

**LEV INVESTMENTS LLC**                                      47-3833674

**Forms needed for this return**

```
Federal:    1065, Sch B-1, Sch K-1, 8879-PE
California: 568, 3522, 8453-LLC
```

**Carryovers to 2019**

None

**Voucher at bottom of page.**

---

Form FTB 3522

**IF AMOUNT OF PAYMENT IS ZERO, DO NOT MAIL THIS VOUCHER.**

---

**WHERE TO FILE:** Using black or blue ink, make a check or money order payable to the 'Franchise Tax Board.' Write the California SOS file number, FEIN, and '2019 FTB 3522' on the check or money order. Detach the payment voucher from the bottom of the page. Enclose, but **do not** staple, your payment with the voucher and mail to:

**FRANCHISE TAX BOARD
PO BOX 942857
SACRAMENTO CA  94257-0531**

Make all checks or money orders payable in U.S. dollars and drawn against a U.S. financial institution.

---

**WHEN TO FILE:** **Fiscal Year — File and Pay by the 15th day of the 4th month after the beginning of the taxable year.
Calendar Year — File and Pay by April 15, 2019.**

When the due date falls on a weekend or holiday, the deadline to file and pay without penalty is extended to the next business day.

---

**ONLINE SERVICES:** Make a payment online using Web Pay for Businesses. LLCs can make an immediate payment or schedule payments up to a year in advance. For more information, go to **ftb.ca.gov/pay.**

---

_ _ _ _ _ _ _ DETACH HERE _ _ _ _ _ _ _ IF NO PAYMENT IS DUE, DO NOT MAIL THIS VOUCHER _ _ _ _ _ _ _ DETACH HERE _ _ _ _ _ _ _

| TAXABLE YEAR | | CALIFORNIA FORM |
|---|---|---|
| **2019  LLC Tax Voucher** | | **3522** |

201502210681  LEVI  47-3833674    310-913-6904        19      FORM   0
TYB  01-01-2019   TYE  12-31-2019
LEV INVESTMENTS LLC

423 N PALM ST APT 305
BEVERLY HILLS      CA  90210

Amount of Payment          800.

CALA0501L 11/27/18          059      6111196            FTB 3522  2018

Form **8879-PE**

**IRS e-file Signature Authorization for Form 1065**

OMB No. 1545-0123

▶ Return completed Form 8879-PE to your ERO. (Don't send to the IRS.)

▶ Go to *www.irs.gov/Form8879PE* for the latest information.

**2018**

Department of the Treasury
Internal Revenue Service

For calendar year 2018, or tax year beginning _____ , 2018, and ending _____ , _____ .

| Name of partnership | Employer identification number |
|---|---|
| LEV INVESTMENTS LLC | 47-3833674 |

| Part I | Tax Return Information (Whole dollars only) | | |
|---|---|---|---|
| 1 | Gross receipts or sales less returns and allowances (Form 1065, line 1c) | 1 | 212,141. |
| 2 | Gross profit (Form 1065, line 3) | 2 | 212,141. |
| 3 | Ordinary business income (loss) (Form 1065, line 22) | 3 | 212,141. |
| 4 | Net rental real estate income (loss) (Form 1065, Schedule K, line 2) | 4 | |
| 5 | Other net rental income (loss) (Form 1065, Schedule K, line 3c) | 5 | |

| Part II | Declaration and Signature Authorization of Partner or Member (Be sure to get a copy of the partnership's return) |
|---|---|

Under penalties of perjury, I declare that I am a partner or member of the above partnership and that I have examined a copy of the partnership's 2018 electronic return of partnership income and accompanying schedules and statements and to the best of my knowledge and belief, it is true, correct, and complete. I further declare that the amounts in Part I above are the amounts shown on the copy of the partnership's electronic return of partnership income. I consent to allow my electronic return originator (ERO), transmitter, or intermediate service provider to send the partnership's return to the IRS and to receive from the IRS (a) an acknowledgement of receipt or reason for rejection of the transmission and (b) the reason for any delay in processing the return. I have selected a personal identification number (PIN) as my signature for the partnership's electronic return of partnership income.

**Partner or Member's PIN: check one box only**

[X] I authorize  POLOVINCHIK, FRID & NOVAK, LL  to enter my PIN  62727  as my signature on the
ERO firm name                                                                    Don't enter all zeros
partnership's 2018 electronically filed return of partnership income.

[ ] As a partner or member of the partnership, I will enter my PIN as my signature on the partnership's 2018 electronically filed return of partnership income.

Partner or member's signature ▶ _____

Title ▶ PARTNER                                                                    Date ▶ _____

| Part III | Certification and Authentication |
|---|---|

**ERO's EFIN/PIN.** Enter your six-digit EFIN followed by your five-digit self-selected PIN.  96817019648
Don't enter all zeros

I certify that the above numeric entry is my PIN, which is my signature on the 2018 electronically filed return of partnership income for the partnership indicated above. I confirm that I am submitting this return in accordance with the requirements of **Pub. 3112**, IRS *e-file* Application and Participation, and **Pub. 4163**, Modernized e-File (MeF) Information for Authorized IRS *e-file* Providers for Business Returns.

ERO's signature ▶ Alex Polovinchik, CPA                              Date ▶ _____

**ERO Must Retain This Form — See Instructions**
**Don't Submit This Form to the IRS Unless Requested To Do So**

**BAA  For Paperwork Reduction Act Notice, see instructions.**                              Form **8879-PE** (2018)

PTPA0901L  08/08/18

| Form **1065** | | **U.S. Return of Partnership Income** | | OMB No. 1545-0123 | |
|---|---|---|---|---|---|
| | | For calendar year 2018, or tax year beginning _____, 2018,<br>ending _____, 20 ___ | | **2018** | |
| Department of the Treasury<br>Internal Revenue Service | | ► Go to *www.irs.gov/Form1065* for instructions and the latest information. | | | |

| **A** Principal business activity | | **Type<br>or<br>Print** | LEV INVESTMENTS LLC<br>423 N PALM ST, APT 305<br>BEVERLY HILLS, CA 90210 | **D** Employer identification no. |
|---|---|---|---|---|
| INVESTMENT | | | | 47-3833674 |
| **B** Principal product or service | | | | **E** Date business started |
| REAL ESTATE | | | | 5/04/2015 |
| **C** Business code number | | | | **F** Total assets (see instructions) |
| 531210 | | | | $                    0. |

**G** Check applicable boxes: **(1)** ☐ Initial return **(2)** ☐ Final return **(3)** ☐ Name change **(4)** ☐ Address change **(5)** ☐ Amended return

**H** Check accounting method: **(1)** ☒ Cash **(2)** ☐ Accrual **(3)** ☐ Other (specify) ►

**I** Number of Schedules K-1. Attach one for each person who was a partner at any time during the tax year. ► 1

**J** Check if Schedules C and M-3 are attached ........................................................................ ► ☐

**Caution:** Include **only** trade or business income and expenses on lines 1a through 22 below. See the instructions for more information.

| | | | | | | |
|---|---|---|---|---|---|---|
| I N C O M E | **1 a** Gross receipts or sales ............................... | | **1a** | 212,141. | | |
| | **b** Returns and allowances .............................. | | **1b** | | | |
| | **c** Balance. Subtract line 1b from line 1a .................................................. | | | | **1c** | 212,141. |
| | **2** Cost of goods sold (attach Form 1125-A) ............................................. | | | | **2** | |
| | **3** Gross profit. Subtract line 2 from line 1c ............................................. | | | | **3** | 212,141. |
| | **4** Ordinary income (loss) from other partnerships, estates, and trusts<br>(attach statement) ..................................................................... | | | | **4** | |
| | **5** Net farm profit (loss) (attach Schedule F (Form 1040)) .............................. | | | | **5** | |
| | **6** Net gain (loss) from Form 4797, Part II, line 17 (attach Form 4797) ................. | | | | **6** | |
| | **7** Other income (loss)<br>(attach statement) ..................................................................... | | | | **7** | |
| | **8** **Total income (loss).** Combine lines 3 through 7 .................................... | | | | **8** | 212,141. |
| D E D U C T I O N S (SEE INSTRS FOR LIMITATIONS) | **9** Salaries and wages (other than to partners) (less employment credits) ............. | | | | **9** | |
| | **10** Guaranteed payments to partners ................................................... | | | | **10** | |
| | **11** Repairs and maintenance ............................................................. | | | | **11** | |
| | **12** Bad debts ............................................................................. | | | | **12** | |
| | **13** Rent .................................................................................. | | | | **13** | |
| | **14** Taxes and licenses ................................................................... | | | | **14** | |
| | **15** Interest (see instructions) ............................................................ | | | | **15** | |
| | **16a** Depreciation (if required, attach Form 4562) ........... | | **16a** | | | |
| | **b** Less depreciation reported on Form 1125-A and elsewhere on return ... | | **16b** | | **16c** | |
| | **17** Depletion **(Do not deduct oil and gas depletion.)** ................................ | | | | **17** | |
| | **18** Retirement plans, etc. ................................................................ | | | | **18** | |
| | **19** Employee benefit programs .......................................................... | | | | **19** | |
| | **20** Other deductions (att stmt) .......................................................... | | | | **20** | |
| | **21** **Total deductions.** Add the amounts shown in the far right column for lines 9 through 20 ............. | | | | **21** | |
| | **22** **Ordinary business income (loss).** Subtract line 21 from line 8 .................... | | | | **22** | 212,141. |
| T A X A N D P A Y M E N T | **23** Interest due under the look-back method — completed long-term contracts (attach Form 8697) ...... | | | | **23** | |
| | **24** Interest due under the look-back method — income forecast method (attach Form 8866) ............. | | | | **24** | |
| | **25** BBA AAR imputed underpayment (see instructions) ................................ | | | | **25** | |
| | **26** Other taxes due (see instructions) .................................................. | | | | **26** | |
| | **27** **Total balance due.** Add lines 23 through 26 ...................................... | | | | **27** | |
| | **28** Payment (see instructions) ........................................................... | | | | **28** | |
| | **29** **Amount owed.** If line 28 is smaller than line 27, enter amount owed .............. | | | | **29** | |
| | **30** **Overpayment.** If line 28 is larger than line 27, enter overpayment ............... | | | | **30** | |

| **Sign<br>Here** | Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than partner or limited liability company member) is based on all information of which preparer has any knowledge. | | |
|---|---|---|---|
| | | | May the IRS discuss this return with the preparer shown below? See instructions. ☒ Yes ☐ No |
| | ► Signature of partner or limited liability company member         Date | | |

| **Paid<br>Preparer<br>Use Only** | Print/Type preparer's name | Preparer's signature | Date | Check ☐ if<br>self-employed | PTIN |
|---|---|---|---|---|---|
| | Alex Polovinchik, CPA | Alex Polovinchik, CPA | | | P01303287 |
| | Firm's name ► POLOVINCHIK, FRID & NOVAK, LLP | | | Firm's EIN ► 83-2249543 | |
| | Firm's address ► 860 VIA DE LA PAZ, SUITE E-1<br>PACIFIC PALISADES, CA 90272 | | | Phone no. (323) 654-3500 | |

**BAA  For Paperwork Reduction Act Notice, see separate instructions.**                                    PTPA0105L 09/10/18                    Form **1065** (2018)

Form 1065 (2018) LEV INVESTMENTS LLC                                        47-3833674              Page **2**

## Schedule B   Other Information

|  |  | Yes | No |
|---|---|---|---|
| **1** | What type of entity is filing this return? Check the applicable box: |  |  |

**a** ☐ Domestic general partnership   **b** ☐ Domestic limited partnership
**c** ☒ Domestic limited liability company   **d** ☐ Domestic limited liability partnership
**e** ☐ Foreign partnership   **f** ☐ Other ▸

**2** At the end of the tax year:

**a** Did any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax-exempt organization, or any foreign government own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership? For rules of constructive ownership, see instructions. If "Yes," attach Schedule B-1, Information on Partners Owning 50% or More of the Partnership . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    | | X

**b** Did any individual or estate own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership? For rules of constructive ownership, see instructions. If "Yes," attach Schedule B-1, Information on Partners Owning 50% or More of the Partnership . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   | X |

**3** At the end of the tax year, did the partnership:

**a** Own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of stock entitled to vote of any foreign or domestic corporation? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (iv) below. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   | | X

| (i) Name of Corporation | (ii) Employer Identification Number (if any) | (iii) Country of Incorporation | (iv) Percentage Owned in Voting Stock |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**b** Own directly an interest of 20% or more, or own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a trust? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (v) below.   | | X

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

| | | Yes | No |
|---|---|---|---|
| **4** | Does the partnership satisfy **all four** of the following conditions? | | |

**a** The partnership's total receipts for the tax year were less than $250,000.

**b** The partnership's total assets at the end of the tax year were less than $1 million.

**c** Schedules K-1 are filed with the return and furnished to the partners on or before the due date (including extensions) for the partnership return.

**d** The partnership is not filing and is not required to file Schedule M-3. . . . . . . . . . . . . . . . . . . . . . . . . . . .   | | X

If "Yes," the partnership is not required to complete Schedules L, M-1, and M-2; item F on page 1 of Form 1065; or item L on Schedule K-1.

**5** Is this partnership a publicly traded partnership as defined in section 469(k)(2)?. . . . . . . . . . . . . . . . . . . . . .   | | X

**6** During the tax year, did the partnership have any debt that was canceled, was forgiven, or had the terms modified so as to reduce the principal amount of the debt?. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   | | X

**7** Has this partnership filed, or is it required to file, Form 8918, Material Advisor Disclosure Statement, to provide information on any reportable transaction?. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   | | X

**8** At any time during calendar year 2018, did the partnership have an interest in or a signature or other authority over a financial account in a foreign country (such as a bank account, securities account, or other financial account)? See the instructions for exceptions and filing requirements for FinCEN Form 114, Report of Foreign Bank and Financial Accounts (FBAR). If "Yes," enter the name of the foreign country. ▸   | | X

**9** At any time during the tax year, did the partnership receive a distribution from, or was it the grantor of, or transferor to, a foreign trust? If "Yes," the partnership may have to file Form 3520, Annual Return To Report Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts. See instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   | | X

**10a** Is the partnership making, or had it previously made (and not revoked), a section 754 election?. . . . . . . . . . . . . . . . .   | | X
See instructions for details regarding a section 754 election.

**b** Did the partnership make for this tax year an optional basis adjustment under section 743(b) or 734(b)? If "Yes," attach a statement showing the computation and allocation of the basis adjustment. See instructions . . . . . . . . . . . . . . . . . . . .   | | X

**BAA**                          PTPA0112L 09/04/18                          Form **1065** (2018)

Form 1065 (2018)   LEV INVESTMENTS LLC                                          47-3833674                    Page **3**

| | | Yes | No |
|---|---|---|---|
| **Schedule B** | **Other Information** (continued) | | |

|  |  | Yes | No |
|---|---|---|---|
| | **c** Is the partnership required to adjust the basis of partnership assets under section 743(b) or 734(b) because of a substantial built-in loss (as defined under section 743(d)) or substantial basis reduction (as defined under section 734(d))? If "Yes," attach a statement showing the computation and allocation of the basis adjustment. See instructions | | X |
| **11** | Check this box if, during the current or prior tax year, the partnership distributed any property received in a like-kind exchange or contributed such property to another entity (other than disregarded entities wholly owned by the partnership throughout the tax year) ▶ ☐ | | |
| **12** | At any time during the tax year, did the partnership distribute to any partner a tenancy-in-common or other undivided interest in partnership property?. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| **13** | If the partnership is required to file Form 8858, Information Return of U.S. Persons With Respect To Foreign Disregarded Entities (FDEs) and Foreign Branches (FBs), enter the number of Forms 8858 attached. See instructions ▶ | | |
| **14** | Does the partnership have any foreign partners? If "Yes," enter the number of Forms 8805, Foreign Partner's Information Statement of Section 1446 Withholding Tax, filed for this partnership. ▶ | | X |
| **15** | Enter the number of Forms 8865, Return of U.S. Persons With Respect to Certain Foreign Partnerships, attached to this return. ▶ | | |
| **16a** | Did you make any payments in 2018 that would require you to file Form(s) 1099? See instructions. . . . . . . . . . . . . . . . . . . . . | X | |
| **b** | If "Yes," did you or will you file required Form(s) 1099?. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | X | |
| **17** | Enter the number of Form(s) 5471, Information Return of U.S. Persons With Respect To Certain Foreign Corporations, attached to this return. ▶ | | |
| **18** | Enter the number of partners that are foreign governments under section 892. ▶ 0 | | |
| **19** | During the partnership's tax year, did the partnership make any payments that would require it to file Form 1042 and 1042-S under chapter 3 (sections 1441 through 1464) or chapter 4 (sections 1471 through 1474)?. . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| **20** | Was the partnership a specified domestic entity required to file Form 8938 for the tax year? See the Instructions for Form 8938 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| **21** | Is the partnership a section 721(c) partnership, as defined in Treasury Regulations section 1.721(c)-1T(b)(14)?. . . . . . . . . . . . . . | | X |
| **22** | During the tax year, did the partnership pay or accrue any interest or royalty for which the deduction is not allowed under section 267A? See instructions. If "Yes," enter the total amount of the disallowed deductions. ▶ $ | | |
| **23** | Did the partnership have an election under section 163(j) for any real property trade or business or any farming business in effect during the tax year? See instructions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| **24** | Does the partnership satisfy one of the following conditions and the partnership does not own a pass-through entity with current year, or prior year, carryover excess business interest expense? See instructions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | X | |
| **a** | The partnership's aggregate average annual gross receipts (determined under section 448(c)) for the 3 tax years preceding the current tax year do not exceed $25 million, and the partnership is not a tax shelter, or | | |
| **b** | The partnership only has business interest expense from (1) an electing real property trade or business, (2) an electing farming business, or (3) certain utility businesses under section 163(j)(7). | | |
| | If "No," complete and attach Form 8990. | | |
| **25** | Is the partnership electing out of the centralized partnership audit regime under section 6221(b)? See instructions. | | X |
| | If "Yes," the partnership must complete Schedule B-2 (Form 1065). Enter the total from Schedule B-2, Part III, line 3.▶ | | |
| | If "No," complete Designation of Partnership Representative below. | | |

**Designation of Partnership Representative** (see instructions)
Enter below the information for the partnership representative (PR) for the tax year covered by this return.

| Name of PR | EKATERINA LYUDKOVSKAYA | U.S. taxpayer identification number of PR ▶ | Foreign US |
|---|---|---|---|
| U.S. address of PR ▶ | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | U.S. phone number of PR | ▓▓▓▓▓▓▓ |
| If the PR is an entity, name of the designated individual for the PR ▶ | | U.S. taxpayer identification number of the designated individual ▶ | |
| U.S. address of designated individual ▶ | | U.S. phone number of designated individual ▶ | |

| **26** | Is the partnership attaching Form 8996 to certify as a Qualified Opportunity Fund?. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| | If "Yes," enter the amount from Form 8996, line 13. ▶ $ | | |

Form 1065 (2018)    LEV INVESTMENTS LLC    47-3833674    Page **4**

| Schedule K | Partners' Distributive Share Items | | Total amount |
|---|---|---|---|

<table>
<tr><td rowspan="13"><b>Income (Loss)</b></td><td>1</td><td colspan="2">Ordinary business income (loss) (page 1, line 22)</td><td>1</td><td>212,141.</td></tr>
<tr><td>2</td><td colspan="2">Net rental real estate income (loss) (attach Form 8825)</td><td>2</td><td></td></tr>
<tr><td>3a</td><td>Other gross rental income (loss)</td><td>3a</td><td></td><td></td></tr>
<tr><td>b</td><td>Expenses from other rental activities (attach stmt)</td><td>3b</td><td></td><td></td></tr>
<tr><td>c</td><td colspan="2">Other net rental income (loss). Subtract line 3b from line 3a</td><td>3c</td><td></td></tr>
<tr><td>4</td><td colspan="2">Guaranteed payments</td><td>4</td><td></td></tr>
<tr><td>5</td><td colspan="2">Interest income</td><td>5</td><td></td></tr>
<tr><td>6</td><td>Dividends and dividend equivalents:</td><td>Ordinary dividends</td><td>6a</td><td></td></tr>
<tr><td></td><td>b</td><td>Qualified dividends</td><td>6b</td><td></td></tr>
<tr><td></td><td>c</td><td>Dividend equivalents</td><td>6c</td><td></td></tr>
<tr><td>7</td><td colspan="2">Royalties</td><td>7</td><td></td></tr>
<tr><td>8</td><td colspan="2">Net short-term capital gain (loss) (attach Schedule D (Form 1065))</td><td>8</td><td></td></tr>
<tr><td>9a</td><td colspan="2">Net long-term capital gain (loss) (attach Schedule D (Form 1065))</td><td>9a</td><td></td></tr>
<tr><td></td><td>b</td><td>Collectibles (28%) gain (loss)</td><td>9b</td><td></td></tr>
<tr><td></td><td>c</td><td>Unrecaptured section 1250 gain (attach statement)</td><td>9c</td><td></td></tr>
<tr><td></td><td>10</td><td colspan="2">Net section 1231 gain (loss) (attach Form 4797)</td><td>10</td><td></td></tr>
<tr><td></td><td>11</td><td colspan="2">Other income (loss) (see instructions)    Type ▶</td><td>11</td><td></td></tr>
</table>

| Deduc-tions | 12 | Section 179 deduction (attach Form 4562) | | 12 | |
|---|---|---|---|---|---|
| | 13a | Contributions | | 13a | |
| | b | Investment interest expense | | 13b | |
| | c | Section 59(e)(2) expenditures: **(1)** Type ▶_____ **(2)** Amount ▶ | | 13c(2) | |
| | d | Other deductions (see instructions)  Type ▶ | | 13d | |

| Self-Employ-ment | 14a | Net earnings (loss) from self-employment | 14a | |
|---|---|---|---|---|
| | b | Gross farming or fishing income | 14b | |
| | c | Gross nonfarm income | 14c | |

| Credits | 15a | Low-income housing credit (section 42(j)(5)) | 15a | |
|---|---|---|---|---|
| | b | Low-income housing credit (other) | 15b | |
| | c | Qualified rehabilitation expenditures (rental real estate) (attach Form 3468, if applicable) | 15c | |
| | d | Other rental real estate credits (see instructions)  Type ▶ | 15d | |
| | e | Other rental credits (see instructions)  Type ▶ | 15e | |
| | f | Other credits (see instructions)  Type ▶ | 15f | |

| Foreign Trans-actions | 16a | Name of country or U.S. possession ▶ _____ | | |
|---|---|---|---|---|
| | b | Gross income from all sources | 16b | |
| | c | Gross income sourced at partner level | 16c | |
| | | Foreign gross income sourced at partnership level | | |
| | d | Section 951A category ▶_____ e Foreign branch category ▶_____ | 16e | |
| | f | Passive category ▶_____ g General category ▶_____ h Other (att. stmt.) ▶ | 16h | |
| | | Deductions allocated and apportioned at partner level | | |
| | i | Interest expense ▶_____ j Other ▶ | 16j | |
| | | Deductions allocated and apportioned at partnership level to foreign source income | | |
| | k | Section 951A category ▶_____ l Foreign branch category ▶_____ | 16l | |
| | m | Passive category ▶_____ n General category ▶_____ o Other (att. stmt.) ▶ | 16o | |
| | p | Total foreign taxes (check one): ▶ Paid ☐  Accrued ☐ | 16p | |
| | q | Reduction in taxes available for credit (attach statement) | 16q | |
| | r | Other foreign tax information (attach statement) | | |

| Alternative Minimum Tax (AMT) Items | 17a | Post-1986 depreciation adjustment | 17a | |
|---|---|---|---|---|
| | b | Adjusted gain or loss | 17b | |
| | c | Depletion (other than oil and gas) | 17c | |
| | d | Oil, gas, and geothermal properties — gross income | 17d | |
| | e | Oil, gas, and geothermal properties — deductions | 17e | |
| | f | Other AMT items (attach stmt) | 17f | |

| Other Infor-mation | 18a | Tax-exempt interest income | 18a | |
|---|---|---|---|---|
| | b | Other tax-exempt income | 18b | |
| | c | Nondeductible expenses | 18c | |
| | 19a | Distributions of cash and marketable securities | 19a | |
| | b | Distributions of other property | 19b | |
| | 20a | Investment income | 20a | |
| | b | Investment expenses | 20b | |
| | c | Other items and amounts (attach stmt)    See Statement 1 | | |

BAA    PTPA0134L  09/04/18    Form **1065** (2018)

Form 1065 (2018)  LEV INVESTMENTS LLC                                    47-3833674                        Page **5**

## Analysis of Net Income (Loss)

| | | |
|---|---|---|
| **1** Net income (loss). Combine Schedule K, lines 1 through 11. From the result, subtract the sum of Schedule K, lines 12 through 13d, and 16p | **1** | 212,141. |

| 2 | Analysis by partner type: | (i) Corporate | (ii) Individual (active) | (iii) Individual (passive) | (iv) Partnership | (v) Exempt Organization | (vi) Nominee/Other |
|---|---|---|---|---|---|---|---|
| **a** | General partners | | | | | | |
| **b** | Limited partners | | 212,141. | | | | |

## Schedule L — Balance Sheets per Books

| | Assets | Beginning of tax year (a) | (b) | End of tax year (c) | (d) |
|---|---|---|---|---|---|
| **1** | Cash | | | | |
| **2a** | Trade notes and accounts receivable | | | | |
| **b** | Less allowance for bad debts | | | | |
| **3** | Inventories | | | | |
| **4** | U.S. government obligations | | | | |
| **5** | Tax-exempt securities | | | | |
| **6** | Other current assets (attach stmt) | | | | |
| **7a** | Loans to partners (or persons related to partners) | | | | |
| **b** | Mortgage and real estate loans | | | | |
| **8** | Other investments (attach stmt) | | | | |
| **9a** | Buildings and other depreciable assets | | | | |
| **b** | Less accumulated depreciation | | | | |
| **10a** | Depletable assets | | | | |
| **b** | Less accumulated depletion | | | | |
| **11** | Land (net of any amortization) | | | | |
| **12a** | Intangible assets (amortizable only) | | | | |
| **b** | Less accumulated amortization | | | | |
| **13** | Other assets (attach stmt) | | | | |
| **14** | Total assets | | | | 0. |
| | **Liabilities and Capital** | | | | |
| **15** | Accounts payable | | | | |
| **16** | Mortgages, notes, bonds payable in less than 1 year | | | | |
| **17** | Other current liabilities (attach stmt) | | | | |
| **18** | All nonrecourse loans | | | | |
| **19a** | Loans from partners (or persons related to partners) | | | | |
| **b** | Mortgages, notes, bonds payable in 1 year or more | | | | |
| **20** | Other liabilities (attach stmt) | | | | |
| **21** | Partners' capital accounts | | 33,542. | | 245,683. |
| **22** | Total liabilities and capital | | 33,542. | | 245,683. |

## Schedule M-1 — Reconciliation of Income (Loss) per Books With Income (Loss) per Return

**Note:** The partnership may be required to file Schedule M-3. See instructions.

| | | | | | |
|---|---|---|---|---|---|
| **1** | Net income (loss) per books | 212,141. | **6** | Income recorded on books this year not included on Schedule K, lines 1 through 11 (itemize): | |
| **2** | Income included on Schedule K, lines 1, 2, 3c, 5, 6a, 7, 8, 9a, 10, and 11, not recorded on books this year (itemize): | | **a** | Tax-exempt interest .. $ _____ | |
| | | | **7** | Deductions included on Schedule K, lines 1 through 13d and 16p, not charged against book income this year (itemize): | |
| **3** | Guaranteed payments (other than health insurance) | | **a** | Depreciation ...... $ _____ | |
| **4** | Expenses recorded on books this year not included on Schedule K, lines 1 through 13d, and 16p (itemize): | | | | |
| **a** | Depreciation ...... $ _____ | | | | |
| **b** | Travel and entertainment ...... $ _____ | | **8** | Add lines 6 and 7 | |
| | | | **9** | Income (loss) (Analysis of Net Income (Loss), line 1). Subtract line 8 from line 5 | 212,141. |
| **5** | Add lines 1 through 4 | 212,141. | | | |

## Schedule M-2 — Analysis of Partners' Capital Accounts

| | | | | | |
|---|---|---|---|---|---|
| **1** | Balance at beginning of year | 33,542. | **6** | Distributions: **a** Cash | |
| **2** | Capital contributed: **a** Cash | | | **b** Property | |
| | **b** Property | | **7** | Other decreases (itemize): | |
| **3** | Net income (loss) per books | 212,141. | | | |
| **4** | Other increases (itemize): | | **8** | Add lines 6 and 7 | |
| **5** | Add lines 1 through 4 | 245,683. | **9** | Balance at end of year. Subtract line 8 from line 5 | 245,683. |

**BAA**                          PTPA0134L 09/04/18                          Form **1065** (2018)

**SCHEDULE B-1**
**(Form 1065)**
(Rev. September 2017)
Department of the Treasury
Internal Revenue Service

**Information on Partners Owning 50% or
More of the Partnership**
► **Attach to Form 1065.**
► **Go to www.irs.gov/Form1065 for the latest information.**

OMB No. 1545-0123

| Name of partnership | Employer identification number (EIN) |
|---|---|
| LEV INVESTMENTS LLC | 47-3833674 |

**Part I** **Entities Owning 50% or More of the Partnership** (Form 1065, Schedule B, Question 3a)

Complete columns (i) through (v) below for any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, tax-exempt organization, or any foreign government that owns, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership (see instructions).

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**Part II** **Individuals or Estates Owning 50% or More of the Partnership** (Form 1065, Schedule B, Question 3b)

Complete columns (i) through (iv) below for any individual or estate that owns, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership (see instructions).

| (i) Name of Individual or Estate | (ii) Identifying Number (if any) | (iii) Country of Citizenship (see instructions) | (iv) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|
| EKATERINA LYUDKOVSKAYA | Foreign US | United States | 100.000 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**BAA For Paperwork Reduction Act Notice, see the Instructions for Form 1065.**

Schedule **B-1** (Form 1065) (Rev. 9-2017)

PTPA1301L  08/09/17

651118

## Schedule K-1
### (Form 1065)

Department of the Treasury
Internal Revenue Service

**2018**

For calendar year 2018, or tax year

□ Final K-1    □ Amended K-1

OMB No. 1545-0123

beginning ___/___/ 2018    ending ___/___/___

## Partner's Share of Income, Deductions, Credits, etc.

► See separate instructions.

| Part I | Information About the Partnership |

**A** Partnership's employer identification number
47-3833674

**B** Partnership's name, address, city, state, and ZIP code

LEV INVESTMENTS LLC
423 N PALM ST, APT 305
BEVERLY HILLS, CA 90210

**C** IRS Center where partnership filed return
e-file

**D** □ Check if this is a publicly traded partnership (PTP)

| Part II | Information About the Partner |

**E** Partner's identifying number
Foreign US

**F** Partner's name, address, city, state, and ZIP code

EKATERINA LYUDKOVSKAYA

**G** □ General partner or LLC member-manager    ☒ Limited partner or other LLC member

**H** ☒ Domestic partner    □ Foreign partner

**I1** What type of entity is this partner?    Individual

**I2** If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here □

**J** Partner's share of profit, loss, and capital (see instructions):

| | Beginning | Ending |
|---|---|---|
| Profit | 100 % | 100 % |
| Loss | 100 % | 100 % |
| Capital | 100 % | 100 % |

**K** Partner's share of liabilities:

| | Beginning | Ending |
|---|---|---|
| Nonrecourse | $ | $ |
| Qualified nonrecourse financing | $ | $ |
| Recourse | $ | $ |

**L** Partner's capital account analysis:

| | |
|---|---|
| Beginning capital account | $ 33,542. |
| Capital contributed during the year | $ |
| Current year increase (decrease) | $ 212,141. |
| Withdrawals & distributions | $ |
| Ending capital account | $ 245,683. |

☒ Tax basis    □ GAAP    □ Section 704(b) book
□ Other (explain)

**M** Did the partner contribute property with a built-in gain or loss?
□ Yes    ☒ No
If "Yes," attach statement (see instructions)

| Part III | Partner's Share of Current Year Income, Deductions, Credits, and Other Items |

| 1 | Ordinary business income (loss) | 15 | Credits |
| | 212,141. | | |
| 2 | Net rental real estate income (loss) | | |
| 3 | Other net rental income (loss) | 16 | Foreign transactions |
| 4 | Guaranteed payments | | |
| 5 | Interest income | | |
| 6a | Ordinary dividends | | |
| 6b | Qualified dividends | | |
| 6c | Dividend equivalents | | |
| 7 | Royalties | | |
| 8 | Net short-term capital gain (loss) | 17 | Alternative minimum tax (AMT) items |
| 9a | Net long-term capital gain (loss) | | |
| 9b | Collectibles (28%) gain (loss) | | |
| 9c | Unrecaptured section 1250 gain | 18 | Tax-exempt income and nondeductible expenses |
| 10 | Net section 1231 gain (loss) | | |
| 11 | Other income (loss) | | |
| | | 19 | Distributions |
| 12 | Section 179 deduction | | |
| 13 | Other deductions | 20 | Other information |
| | | Z | 212,141. |
| 14 | Self-employment earnings (loss) | | |

*See attached statement for additional information.

For IRS Use Only

**BAA  For Paperwork Reduction Act Notice, see Instructions for Form 1065.**    Schedule K-1 (Form 1065) 2018

Partner 1

PTPA0312L  08/31/18

Schedule K-1 (Form 1065) 2018      LEV INVESTMENTS LLC      47-3833674      Page **2**

This list identifies the codes used on Schedule K-1 for all partners and provides summarized reporting information for partners who file Form 1040. For detailed reporting and filing information, see the separate Partner's Instructions for Schedule K-1 and the instructions for your income tax return.

| | | |
|---|---|---|
| **1** | **Ordinary business income (loss).** Determine whether the income (loss) is passive or nonpassive and enter on your return as follows. | |
| | | *Report on* |
| | Passive loss | See the Partner's Instructions |
| | Passive income | Schedule E, line 28, column (h) |
| | Nonpassive loss | See the Partner's Instructions |
| | Nonpassive income | Schedule E, line 28, column (k) |
| **2** | **Net rental real estate income (loss)** | See the Partner's Instructions |
| **3** | **Other net rental income (loss)** | |
| | Net income | Schedule E, line 28, column (h) |
| | Net loss | See the Partner's Instructions |
| **4** | **Guaranteed payments** | Schedule E, line 28, column (k) |
| **5** | **Interest income** | Form 1040, line 2b |
| **6 a** | **Ordinary dividends** | Form 1040, line 3b |
| **6 b** | **Qualified dividends** | Form 1040, line 3a |
| **6 c** | **Dividend equivalents** | See the Partner's Instructions |
| **7** | **Royalties** | Schedule E, line 4 |
| **8** | **Net short-term capital gain (loss)** | Schedule D, line 5 |
| **9 a** | **Net long-term capital gain (loss)** | Schedule D, line 12 |
| **9 b** | **Collectibles (28%) gain (loss)** | 28% Rate Gain Worksheet, line 4 (Schedule D Instructions) |
| **9 c** | **Unrecaptured section 1250 gain** | See the Partner's Instructions |
| **10** | **Net section 1231 gain (loss)** | See the Partner's Instructions |
| **11** | **Other income (loss)** | |
| | **Code** | |
| | **A** Other portfolio income (loss) | See the Partner's Instructions |
| | **B** Involuntary conversions | See the Partner's Instructions |
| | **C** Sec. 1256 contracts & straddles | Form 6781, line 1 |
| | **D** Mining exploration costs recapture | See Pub. 535 |
| | **E** Cancellation of debt | Schedule 1 (Form 1040), line 21 or Form 982 |
| | **F** Section 951A income | |
| | **G** Section 965(a) inclusion | |
| | **H** Subpart F income other than sections 951A and 965 inclusion | See the Partner's Instructions |
| | **I** Other income (loss) | |
| **12** | **Section 179 deduction** | See the Partner's Instructions |
| **13** | **Other deductions** | |
| | **A** Cash contributions (60%) | |
| | **B** Cash contributions (30%) | |
| | **C** Noncash contributions (50%) | |
| | **D** Noncash contributions (30%) | See the Partner's Instructions |
| | **E** Capital gain property to a 50% organization (30%) | |
| | **F** Capital gain property (20%) | |
| | **G** Contributions (100%) | |
| | **H** Investment interest expense | Form 4952, line 1 |
| | **I** Deductions — royalty income | Schedule E, line 19 |
| | **J** Section 59(e)(2) expenditures | See the Partner's Instructions |
| | **K** Excess business interest expense | See the Partner's Instructions |
| | **L** Deductions — portfolio (other) | Schedule A, line 16 |
| | **M** Amounts paid for medical insurance | Schedule A, line 1 or Schedule 1 (Form 1040), line 29 |
| | **N** Educational assistance benefits | See the Partner's Instructions |
| | **O** Dependent care benefits | Form 2441, line 12 |
| | **P** Preproductive period expenses | See the Partner's Instructions |
| | **Q** Commercial revitalization deduction from rental real estate activities | See Form 8582 Instructions |
| | **R** Pensions and IRAs | See the Partner's Instructions |
| | **S** Reforestation expense deduction | See the Partner's Instructions |
| | **T** through **V** | Reserved for future use |
| | **W** Other deductions | See the Partner's Instructions |
| | **X** Section 965(c) deduction | See the Partner's Instructions |
| **14** | **Self-employment earnings (loss)** | |
| | **Note.** If you have a section 179 deduction or any partner-level deductions, see the Partner's Instructions before completing Schedule SE. | |
| | **A** Net earnings (loss) from self-employment | Schedule SE, Section A or B |
| | **B** Gross farming or fishing income | See the Partner's Instructions |
| | **C** Gross non-farm income | See the Partner's Instructions |
| **15** | **Credits** | |
| | **A** Low-income housing credit (section 42(j)(5)) from pre-2008 buildings | |
| | **B** Low-income housing credit (other) from pre-2008 buildings | |
| | **C** Low-income housing credit (section 42(j)(5)) from post-2007 buildings | See the Partner's Instructions |
| | **D** Low-income housing credit (other) from post-2007 buildings | |
| | **E** Qualified rehabilitation expenditures (rental real estate) | |
| | **F** Other rental real estate credits | |
| | **G** Other rental credits | |
| | **H** Undistributed capital gains credit | Schedule 5 (Form 1040), line 74, box a |
| | **I** Biofuel producer credit | |

| | | |
|---|---|---|
| | **Code** | *Report on* |
| | **J** Work opportunity credit | |
| | **K** Disabled access credit | |
| | **L** Empowerment zone employment credit | |
| | **M** Credit for increasing research activities | See the Partner's Instructions |
| | **N** Credit for employer social security and Medicare taxes | |
| | **O** Backup withholding | |
| | **P** Other credits | |
| **16** | **Foreign transactions** | |
| | **A** Name of country or U.S. possession | |
| | **B** Gross income from all sources | Form 1116, Part I |
| | **C** Gross income sourced at partner level | |
| | *Foreign gross income sourced at partnership level* | |
| | **D** Section 951A category | |
| | **E** Foreign branch category | |
| | **F** Passive category | Form 1116, Part I |
| | **G** General category | |
| | **H** Other | |
| | *Deductions allocated and apportioned at partner level* | |
| | **I** Interest expense | Form 1116, Part I |
| | **J** Other | Form 1116, Part I |
| | *Deductions allocated and apportioned at partnership level to foreign source income* | |
| | **K** Section 951A category | |
| | **L** Foreign branch category | |
| | **M** Passive category | Form 1116, Part I |
| | **N** General category | |
| | **O** Other | |
| | *Other information* | |
| | **P** Total foreign taxes paid | Form 1116, Part II |
| | **Q** Total foreign taxes accrued | Form 1116, Part II |
| | **R** Reduction in taxes available for credit | Form 1116, line 12 |
| | **S** Foreign trading gross receipts | Form 8873 |
| | **T** Extraterritorial income exclusion | Form 8873 |
| | **U** Section 951A(c)(1)(A) tested income | |
| | **V** Tested foreign income tax | See the Partner's Instructions |
| | **W** Section 965 information | |
| | **X** Other foreign transactions | |
| **17** | **Alternative minimum tax (AMT) items** | |
| | **A** Post-1986 depreciation adjustment | |
| | **B** Adjusted gain or loss | See the Partner's Instructions and the Instructions for Form 6251 |
| | **C** Depletion (other than oil & gas) | |
| | **D** Oil, gas, & geothermal — gross income | |
| | **E** Oil, gas, & geothermal — deductions | |
| | **F** Other AMT items | |
| **18** | **Tax-exempt income and nondeductible expenses** | |
| | **A** Tax-exempt interest income | Form 1040, line 2a |
| | **B** Other tax-exempt income | See the Partner's Instructions |
| | **C** Nondeductible expenses | See the Partner's Instructions |
| **19** | **Distributions** | |
| | **A** Cash and marketable securities | |
| | **B** Distribution subject to section 737 | See the Partner's Instructions |
| | **C** Other property | |
| **20** | **Other information** | |
| | **A** Investment income | Form 4952, line 4a |
| | **B** Investment expenses | Form 4952, line 5 |
| | **C** Fuel tax credit information | Form 4136 |
| | **D** Qualified rehabilitation expenditures (other than rental real estate) | See the Partner's Instructions |
| | **E** Basis of energy property | See the Partner's Instructions |
| | **F** Recapture of low-income housing credit (section 42(j)(5)) | Form 8611, line 8 |
| | **G** Recapture of low-income housing credit (other) | Form 8611, line 8 |
| | **H** Recapture of investment credit | See Form 4255 |
| | **I** Recapture of other credits | See the Partner's Instructions |
| | **J** Look-back interest — completed long-term contracts | See Form 8697 |
| | **K** Look-back interest — income forecast method | See Form 8866 |
| | **L** Dispositions of property with section 179 deductions | |
| | **M** Recapture of section 179 deduction | |
| | **N** Interest expense for corporate partners | |
| | **O** through **Y** | |
| | **Z** Section 199A income | |
| | **AA** Section 199A W-2 wages | |
| | **AB** Section 199A unadjusted basis | See the Partner's Instructions |
| | **AC** Section 199A REIT dividends | |
| | **AD** Section 199A PTP income | |
| | **AE** Excess taxable income | |
| | **AF** Excess business interest income | |
| | **AG** Gross receipts for section 59A(e) | |
| | **AH** Other information | |

Partner 1:  EKATERINA LYUDKOVSKAYA    Foreign US      PTPA0312L  12/11/18    **Schedule K-1 (Form 1065) 2018**

| 2018 | **Federal Statements** | Page 1 |
|------|------------------------|--------|

<div align="center">**LEV INVESTMENTS LLC**</div>

47-3833674

**Statement 1**
**Form 1065, Schedule K, Line 20c**
**Other Reportable Items**

```
Section 199A Qualified Business Income................................................ $    212,141.
```

**DO NOT MAIL THIS FORM TO FTB**

Date Accepted _____

| TAXABLE YEAR | California e-file Return Authorization for | FORM |
|---|---|---|
| 2018 | Limited Liability Companies | 8453-LLC |

| Limited liability company name | Identifying number |
|---|---|
| LEV INVESTMENTS LLC | 47-3833674 |

## Part I   Tax Return Information (whole dollars only)

| | | | |
|---|---|---|---|
| 1 | Total income (Form 568, Schedule B, Line 12 or Form 568, Line 1 for Single Member LLCs) | 1 | 212,141. |
| 2 | Ordinary income (Form 568, Schedule B, line 23 or Form 568, Line 1 for Single Member LLCs) | 2 | 212,141. |
| 3 | Tax and fee due (Form 568, line 14) | 3 | |
| 4 | Overpayment (Form 568, line 15) | 4 | |
| 5 | Total amount due (Form 568, line 19) | 5 | |

## Part II   Settle Your Account Electronically for Taxable Year 2018.

6 ☐ Electronic funds withdrawal  **6a** Amount _____  **6b** Withdrawal date (mm/dd/yyyy) _____

## Part III   Make Annual Tax or Estimated Fee Payment for Taxable Year 2019   This is NOT an installment payment for the current amount the LLC owes.

| | Annual Tax Payment | Estimated Fee Payment | |
|---|---|---|---|
| 7 Amount | | | |
| 8 Withdrawal date | | | |

## Part IV   Banking Information (Have you verified the LLC's banking information?)

| | | |
|---|---|---|
| 9 Routing number | | |
| 10 Account number | | 11 Type of account: ☐ Checking  ☐ Savings |

## Part V   Declaration of Authorized Member or Manager

I authorize the limited liability company account to be settled as designated in Parts II, III, and IV. If I check Box 6, I authorize an electronic funds withdrawal for the amount listed on line 6a and for the 2019 annual tax or estimated fee payment amount listed on line 7 from the bank account specified in Part IV.

Under penalties of perjury, I declare that I am an authorized member or manager of the above limited liability company and that the information I provided to my electronic return originator (ERO), transmitter, or intermediate service provider and the amounts in Part I above agree with the amounts on the corresponding lines of the limited liability company's 2018 California income tax return. To the best of my knowledge and belief, the limited liability company's return is true, correct, and complete. If the limited liability company is filing a balance due return, I understand that if the Franchise Tax Board (FTB) does not receive full and timely payment of the limited liability company's tax liability, the limited liability company will remain liable for the tax liability and all applicable interest and penalties. I authorize the limited liability company return and accompanying schedules and statements to be transmitted to the FTB by my ERO, transmitter, or intermediate service provider. **If the processing of the limited liability company's return or refund is delayed, I authorize the FTB to disclose to my ERO or intermediate service provider the reason(s) for the delay or the date when the refund was sent.**

**Sign Here**  ▶ _____  ▶ **PARTNER**
Signature of authorized member or manager   Date   Title

## Part VI   Declaration of Electronic Return Originator (ERO) and Paid Preparer. See instructions.

I declare that I have reviewed the above limited liability company's return and that the entries on form FTB 8453-LLC are complete and correct to the best of my knowledge. (If I am only an intermediate service provider, I understand that I am not responsible for reviewing the limited liability company's return. I declare, however, that form FTB 8453-LLC accurately reflects the data on the return.) I have obtained the signature from the limited liability company authorized member or manager on form FTB 8453-LLC before transmitting this return to the FTB; I have provided the limited liability company authorized member or manager with a copy of all forms and information that I will file with the FTB, and I have followed all other requirements described in FTB Pub. 1345, 2018 Handbook for Authorized e-file Providers. I will keep form FTB 8453-LLC on file for **four** years from the due date of the return or **four** years from the date the limited liability company return is filed, whichever is later, and I will make a copy available to the FTB upon request. If I am also the paid preparer, under penalties of perjury, I declare that I have examined the above limited liability company's return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. I make this declaration based on all information of which I have knowledge.

| | | Date | Check if also paid preparer | Check if self-employed | ERO's PTIN |
|---|---|---|---|---|---|
| **ERO Must Sign** | ERO's signature  ALEX POLOVINCHIK, CPA | | ☒ | ☐ | P01303287 |
| | Firm's name (or yours if self-employed) and address  POLOVINCHIK, FRID & NOVAK, LLP | | | FEIN | 83-2249543 |
| | 860 VIA DE LA PAZ, SUITE E-1 | | | | |
| | PACIFIC PALISADES, CA | | | | ZIP code 90272 |

Under penalties of perjury, I declare that I have examined the above limited liability company's return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. I make this declaration based on all information of which I have knowledge.

| | | Date | Check if self-employed | Paid preparer's PTIN |
|---|---|---|---|---|
| **Paid Preparer Must Sign** | Paid preparer's signature  ▶ | | ☐ | |
| | Firm's name (or yours if self-employed) and address | | FEIN | |
| | | | ZIP code | |

**For Privacy Notice, get FTB 1131 ENG/SP.**     CAPA7401L  01/04/19     FTB 8453-LLC 2018

Case 1:20-bk-11006-VK    Doc 18    Filed 06/01/20    Entered 06/01/20 14:43:35    Desc
Main Document    Page 223 of 352

TAXABLE YEAR

**2018** **Limited Liability Company Return of Income**

CALIFORNIA FORM

**568**

RP

```
201502210681  LEVI  47-3833674                    18   PBA   531210
TYB  01-01-2018  TYE  12-31-2018
LEV INVESTMENTS LLC

423 N PALM ST APT 305
BEVERLY HILLS      CA  90210


ACCTMETHOD 1  05-04-2015  ASSETS              0.
INITIAL 0  FINAL 0  AMENDED 0  PROTECTIVE 0
```

**J (1)** During this taxable year, did another person or legal entity acquire control or majority ownership (more than a 50% interest) of this LLC or any legal entity in which the LLC holds a controlling or majority interest that owned California real property (i.e., land, buildings), leased such property for a term of 35 years or more, or leased such property from a government agency for any term?...................................................................... ● ☐ Yes ☒ No

**(2)** During this taxable year, did this LLC acquire control or majority ownership (more than a 50% interest) in another legal entity that owned California real property (i.e., land, buildings), leased such property for a term of 35 years or more, or leased such property from a government agency for any term?........................................ ● ☐ Yes ☒ No

**(3)** During this taxable year, has more than 50% of the LLC's ownership interests cumulatively transferred in one or more transactions after an interest in California real property (i.e., land, buildings) was transferred to it that was excluded from property tax reassessment under Revenue and Taxation Code Section 62(a)(2) and it was not reported on a previous year's tax return?...................................................................... ● ☐ Yes ☒ No

**(Yes requires filing of statement, penalties may apply — see instructions.)**

Complete Schedule IW, LLC Income Worksheet (on Side 7) first to determine line 1.

| | | | Whole dollars only |
|---|---|---|---|
| **1** | Total income from Schedule IW, Limited Liability Company Income Worksheet. See instructions ................... ● | **1** | 212,141. |
| **2** | Limited Liability Company fee. See instructions............................................. ● | **2** | |
| **3** | 2018 annual Limited Liability Company tax. See instructions................................. ● | **3** | 800. |
| **4** | Nonconsenting nonresident members' tax liability from Schedule T (Side 4) .................... ● | **4** | |
| **5** | Partnership level tax. See instructions...................................................... ● | **5** | |
| **6** | **Total tax and fee.** Add line 2, line 3, line 4, and line 5.................................... ● | **6** | 800. |
| **7** | Amount paid with form FTB 3537 and 2018 form FTB 3522 and form FTB 3536................ ● | **7** | 800. |
| **8** | Overpayment from prior year allowed as a credit........................................... ● | **8** | |
| **9** | Withholding (Form 592-B and/or 593) ..................................................... ● | **9** | |
| **10** | **Total payments.** Add line 7, line 8, and line 9............................................ ● | **10** | 800. |
| **11** | **Use tax. This is not a total line.** See instructions....................................... ● | **11** | |
| **12** | Payments balance. If line 10 is more than line 11, subtract line 11 from line 10................ ● | **12** | 800. |
| **13** | **Use tax balance.** If line 11 is more than line 10, subtract line 10 from line 11 .................. ● | **13** | |

**Enclose, but do not staple, any payment.**

LEV INVESTMENTS LLC                                                                47-3833674

| | | Whole dollars only |
|---|---|---|
| **14** **Tax and fee due.** If line 6 is more than line 12, subtract line 12 from line 6 . . . . . . . . . . . . . . . . . . . ● | **14** | |
| **15** **Overpayment.** If line 12 is more than line 6, subtract line 6 from line 12. . . . . . . . . . . . . . . . . . ● | **15** | |
| **16** Amount of line 15 to be credited to 2019 tax or fee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● | **16** | |
| **17** **Refund.** If the total of line 16 is less than line 15, subtract the total from line 15 . . . . . . . . ● **17** | | |
| **18** Penalties and interest. See instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● | **18** | |
| **19** **Total amount due.** Add line 13, line 14, line 16, and line 18, then subtract line 15 from the result . . . . . . . . . . . ● **19** | | |

**K** Enter the maximum number of members in the LLC at any time during the year. For multiple member LLCs, attach a California Schedule K-1 (568) for each of these members . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ●  **1**

**L** Is this LLC an investment partnership? See General Information O . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ●  ☐ Yes  ☒ No

**M (1)** Is this LLC apportioning or allocating income to California using Schedule R? . . . . . . . . . . . . . . . . . . . . . . . . . ●  ☐ Yes  ☒ No

**(2)** If "No," was this LLC registered in California without earning any income sourced in this state during the taxable year? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ◉  ☐ Yes  ☒ No

**N** Was there a distribution of property or a transfer (for example, by sale or death) of an LLC interest during the taxable year? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ●  ☐ Yes  ☒ No

**P (1)** Does the LLC have any foreign (non-U.S.) nonresident members? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ●  ☐ Yes  ☒ No

**(2)** Does the LLC have any domestic (non-foreign) nonresident members? . . . . . . . . . . . . . . . . . . . . . . . . . . ●  ☐ Yes  ☒ No

**(3)** Were Form 592, Form 592-A, Form 592-B, and Form 592-F filed for these members? . . . . . . . . . . . . . . . . . . . . ●  ☐ Yes  ☒ No

**Q** Are any members in this LLC also LLCs or partnerships? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ●  ☐ Yes  ☒ No

**R** Is this LLC under audit by the IRS or has it been audited in a prior year? . . . . . . . . . . . . . . . . . . . . . . . . . . ●  ☐ Yes  ☒ No

**S** Is this LLC a member or partner in another multiple member LLC or partnership? . . . . . . . . . . . . . . . . . . ●  ☐ Yes  ☒ No
If "Yes," complete Schedule EO, Part I.

**T** Is this LLC a publicly traded partnership as defined in IRC Section 469(k)(2)? . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes  ☒ No

**U (1)** Is this LLC a business entity disregarded for tax purposes? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ●  ☒ Yes  ☐ No

**(2)** If "Yes," see instructions and complete Side 1, Side 2, Side 3, Schedule B, Side 5, and Side 7, if applicable. Are there credits or credit carryovers attributable to the disregarded entity? . . . . . . . . . . . . . . . . . . . . ●  ☐ Yes  ☒ No

**(3)** If "Yes" to U(1), does the disregarded entity have total income derived from or attributable to California that is less than the LLC's total income from all sources? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes  ☒ No

**V** Has the LLC included a Reportable Transaction, or Listed Transaction within this return? (See instructions for definitions). If "Yes," complete and attach federal Form 8886 for each transaction . . . . . . . . . . . . . ●  ☐ Yes  ☒ No

**W** Did this LLC file the Federal Schedule M-3 (federal Form 1065)? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ●  ☐ Yes  ☒ No

**X** Is this LLC a direct owner of an entity that filed a federal Schedule M-3? . . . . . . . . . . . . . . . . . . . . . . . . . . ●  ☐ Yes  ☒ No

**Y** Does the LLC have a beneficial interest in a trust or is it a grantor of a Trust? . . . . . . . . . . . . . . . . . . . . . . . ●  ☐ Yes  ☒ No
If "Yes," attach schedule of trusts and federal identification numbers.

**Z** Does this LLC own an interest in a business entity disregarded for tax purposes? . . . . . . . . . . . . . . . . . . ◉  ☐ Yes  ☒ No
If "Yes," complete Schedule EO, Part II.

*(continued on Side 3)*

LEV INVESTMENTS LLC                                                                    47-3833674

**(continued from Side 2)**

**AA**    Is any member of the LLC related (as defined in IRC Section 267(c)(4)) to any other member of the LLC? . . . . . . . . . .  ●  ☐ Yes ☒ No

**BB**    Is any member of the LLC a trust for the benefit of any person related (as defined in IRC Section 267(c)(4)) to any
other member? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ●  ☐ Yes ☒ No

**CC (1)**  Is the LLC deferring any income from the disposition of assets? (see instructions). . . . . . . . . . . . . . . . . . . . . . . . . .  ●  ☐ Yes ☒ No

**(2)**  If "Yes," enter the year of asset disposition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ●  [        ]

**DD**    Is the LLC reporting previously deferred Income from:

(see instructions) . . . . . . . . . . ●  ☐ Installment Sale    ●  ☐ IRC §1031    ●  ☐ IRC §1033    ●  ☐ Other

**EE**    "Doing business as" name. See instructions: . . . . . . ●  _____

**FF (1)**  Has this LLC operated as another entity type such as a Corporation, S Corporation, General Partnership,
Limited Partnership, or Sole Proprietorship in the previous five (5) years? . . . . . . . . . . . . . . . . . . . . . . . . . .  ●  ☐ Yes ☒ No

**(2)**  If "Yes," provide prior FEIN(s) if different, business name(s), and entity type(s) for prior returns
filed with the FTB and/or IRS (see instructions): _____

**GG(1)**  Has this LLC previously operated outside California? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ●  ☐ Yes ☒ No

**(2)**  Is this the first year of doing business in California? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ●  ☐ Yes ☒ No

| **Single Member LLC Information and Consent** — Complete only if the LLC is disregarded. | ● Federal TIN/SSN |
| --- | --- |
|  | FOREIGN US |
| Sole Owner's name (as shown on owner's return) | FEIN/CA Corp no./CA SOS File no. |
| ● EKATERINA LYUDKOVSKAYA | 201502210681 |

Street Address, City, State, and ZIP Code

● What type of entity is the ultimate owner of this SMLLC? See instructions. Check only one box:

☒ **(1)** Individual    ☐ **(2)** C Corporation    ☐ **(3)** Pass-Through (S corporation, partnership, LLC classified as a partnership)

☐ **(4)** Estate/Trust    ☐ **(5)** Exempt Organization

Member's Consent Statement: I consent to the jurisdiction of the State of California to tax my LLC income and agree to file returns and pay tax
as may be required by the Franchise Tax Board.

Signature ▶                                        Date  4/15/19  Title  PARTNER

| **Sign Here** | To learn about your privacy rights, how we may use your information, and the consequences for not providing the requested information, go to ftb.ca.gov/forms and search for 1131. To request this notice by mail, call 800.852.5711. |  |  |  |
| --- | --- | --- | --- | --- |
|  | Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge. |  |  |  |
|  | Signature of authorized member or manager ▶ |  | Date | Telephone ● 310-913-6904 |
|  | Authorized member or manager's email address (optional) |  |  |  |

| **Paid Preparer's Use Only** | Paid preparer's signature | ALEX POLOVINCHIK, CPA | Date | Check if self-employed ☐ | PTIN ● P01303287 |
| --- | --- | --- | --- | --- | --- |
|  | Firm's name (or yours, if self-employed) and address | POLOVINCHIK, FRID & NOVAK, LLP | | | Firm's FEIN ● 83-2249543 |
|  |  | 860 VIA DE LA PAZ, SUITE E-1 | | | Telephone |
|  |  | PACIFIC PALISADES, CA 90272 | | | ● (323) 654-3500 |

| May the FTB discuss this return with the preparer shown above (see instructions)? . . . . . . . . . . . . . . . ● | ☒ Yes ☐ No |
| --- | --- |

CALA0112L  12/28/18                059          3673184                              Form 568  2018  Side 3

LEV INVESTMENTS LLC                                                                47-3833674

## Schedule IW    Limited Liability Company (LLC) Income Worksheet

Enter your California income amounts on the worksheet. All amounts entered must be assigned for California law differences. **Use only amounts that are from sources derived from or attributable to California when completing lines 1-17 of this worksheet.** If your business is both within and outside of California, see Schedule IW instructions to assign the correct amounts to California. If the LLC is wholly within California, the total income amount is assigned to California and is entered beginning with line 1a. If the single member LLC (SMLLC) does not meet the 3 million criteria for filing Schedule B (568) and Schedule K (568), the SMLLC is still required to complete Schedule IW. Disregarded entities that do not meet the filing requirements to complete Schedule B or Schedule K should prepare Schedule IW by entering the California amounts attributable to the disregarded entity from the member's federal Schedule B, C, D, E, F (Form 1040), or additional schedules associated with other activities. **Do not enter amounts on this worksheet that have already been reported by another LLC to determine its fee.**

**See instructions on page 13 and page 14 of the Form 568 Booklet for more information on how to complete Schedule IW.**

| | | | |
|---|---|---|---|
| 1 | a | Total California income from Form 568, Schedule B, line 3. See instructions..... ● 1a | 212,141. |
| | b | Enter the California cost of goods sold from Form 568, Schedule B, line 2 and from federal Schedule F (Form 1040) (plus California adjustments) associated with the receipts assigned to California on lines 1a and 4...................... ● 1b | |
| 2 | a | If the answer to Question U(1) on Form 568 Side 2, is "Yes", include the gross income of this disregarded entity that is not included in lines 1 and 8 through 16........................................................ ● 2a | |
| | b | Enter the cost of goods sold of disregarded entities associated with the receipts assigned to California on line 2a ................................................ ● 2b | |
| 3 | a | LLC's distributive share of ordinary income from pass-through entities......... ● 3a | |
| | b | Enter the LLC's distributive share of cost of goods sold from other pass-through entities associated with the receipt assigned to California on line 3a (see Schedule K-1s (565), Table 3, line 1a). ● 3b | |
| | c | Enter the LLC's distributive share of deductions from other pass-through entities associated with the receipt assigned to California on line 3a (see Schedule K-1s (565), Table 3, line 1b)............. ● 3c | |
| 4 | | Add gross farm income from federal Schedule F (Form 1040). Use California amounts................................................. ● 4 | |
| 5 | | Enter the total of other income (not loss) from Form 568, Schedule B, line 10...... ● 5 | |
| 6 | | Enter the total gains (not losses) from Form 568, Schedule B, line 8.............. ● 6 | |
| 7 | | **Add line 1a through line 6**..................................................... ● 7 | 212,141. |
| 8 | | **California rental real estate** | |
| | a | Enter the total gross rents from federal Form 8825, line 18a................... ● 8a | |
| | b | Enter the total gross rents from all Schedule K-1s (565), Table 3, line 2........ ● 8b | |
| | c | Add line 8a and line 8b........................................................ ● 8c | 0. |
| 9 | | **Other California rentals.** | |
| | a | Enter the amount from Schedule K (568), line 3a .......................... ● 9a | |
| | b | Enter the amount from all Schedule K-1s (565), Table 3, line 3 ............ ● 9b | |
| | c | Add lines 9a and 9b.......................................................... ● 9c | 0. |
| 10 | | **California interest.** Enter the amount from Form 568, Schedule K, line 5 ......... ● 10 | |
| 11 | | **California dividends.** Enter the amount from Form 568, Schedule K, line 6........... ● 11 | |
| 12 | | **California royalties.** Enter the amount from Form 568, Schedule K, line 7................ ● 12 | |
| 13 | | **California capital gains.** Enter the capital gains (not losses) included in the amounts from Form 568, Schedule K, lines 8 and 9. ● 13 | |
| 14 | | **California 1231 gains.** Enter the amount of total gains (not losses) from Form 568, Schedule K, line 10a...... ● 14 | |
| 15 | | **Other California portfolio income (not loss).** Enter the amount from Form 568, Schedule K, line 11a......... ● 15 | |
| 16 | | **Other California income (not loss) not included in line 5.** Enter the amount from Form 568, Schedule K, line 11b.............................................................. ● 16 | |
| 17 | | **Total California income.** Add lines 7, 8c, 9c, 10, 11, 12, 13, 14, 15, and 16. Line 17 may not be a negative number. Enter here and on Form 568, Side 1, line 1. If less than zero enter -0-................................. ● 17 | 212,141. |

LEV INVESTMENTS LLC
423 N PALM ST, APT 305
BEVERLY HILLS, CA 90210
310-913-6904

May 15, 2020

EKATERINA LYUDKOVSKAYA

RE:
LEV INVESTMENTS LLC
47-3833674
Schedule K-1 from Partnership's 2018 Return of Income

Dear EKATERINA LYUDKOVSKAYA:

Enclosed is your 2018 Schedule K-1 (Form 1065) Partner's Share of Income, Deductions,
Credits, Etc. from LEV INVESTMENTS LLC.  This information reflects the amounts you need
to complete your income tax return.  The amounts shown are your distributive share of
partnership tax items to be reported on your tax return, and may not correspond to actual
distributions you have received during the year. This information is included in the Partnership's
2018 Federal Return of Partnership Income that was filed with the Internal Revenue Service.

If you have any questions concerning this information, please contact us immediately.

Sincerely,

LEV INVESTMENTS LLC

Enclosure(s)

651118

**Schedule K-1**
**(Form 1065)**

Department of the Treasury
Internal Revenue Service

**2018**

For calendar year 2018, or tax year

| Final K-1 | Amended K-1 |

OMB No. 1545-0123

| Part III | Partner's Share of Current Year Income, Deductions, Credits, and Other Items |

beginning  /  / 2018    ending  /  /

## Partner's Share of Income, Deductions, Credits, etc.      ► See separate instructions.

| Part I | Information About the Partnership |

**A** Partnership's employer identification number
47-3833674

**B** Partnership's name, address, city, state, and ZIP code

LEV INVESTMENTS LLC
423 N PALM ST, APT 305
BEVERLY HILLS, CA 90210

**C** IRS Center where partnership filed return
e-file

**D** ☐ Check if this is a publicly traded partnership (PTP)

| Part II | Information About the Partner |

**E** Partner's identifying number
Foreign US

**F** Partner's name, address, city, state, and ZIP code

EKATERINA LYUDKOVSKAYA

**G** ☐ General partner or LLC member-manager   ☒ Limited partner or other LLC member

**H** ☒ Domestic partner   ☐ Foreign partner

**I1** What type of entity is this partner?   Individual

**I2** If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here ☐

**J** Partner's share of profit, loss, and capital (see instructions):

|  | Beginning | Ending |
|---|---|---|
| Profit | 100 % | 100 % |
| Loss | 100 % | 100 % |
| Capital | 100 % | 100 % |

**K** Partner's share of liabilities:

|  | Beginning | Ending |
|---|---|---|
| Nonrecourse | $ | $ |
| Qualified nonrecourse financing | $ | $ |
| Recourse | $ | $ |

**L** Partner's capital account analysis:

| Beginning capital account | $ | 33,542. |
| Capital contributed during the year | $ | |
| Current year increase (decrease) | $ | 212,141. |
| Withdrawals & distributions | $ | |
| Ending capital account | $ | 245,683. |

☒ Tax basis   ☐ GAAP   ☐ Section 704(b) book
☐ Other (explain)

**M** Did the partner contribute property with a built-in gain or loss?
☐ Yes   ☒ No
If "Yes," attach statement (see instructions)

| 1 | Ordinary business income (loss) | 212,141. | 15 | Credits |
| 2 | Net rental real estate income (loss) | | | |
| 3 | Other net rental income (loss) | | 16 | Foreign transactions |
| 4 | Guaranteed payments | | | |
| 5 | Interest income | | | |
| 6a | Ordinary dividends | | | |
| 6b | Qualified dividends | | | |
| 6c | Dividend equivalents | | | |
| 7 | Royalties | | | |
| 8 | Net short-term capital gain (loss) | | 17 | Alternative minimum tax (AMT) items |
| 9a | Net long-term capital gain (loss) | | | |
| 9b | Collectibles (28%) gain (loss) | | | |
| 9c | Unrecaptured section 1250 gain | | 18 | Tax-exempt income and nondeductible expenses |
| 10 | Net section 1231 gain (loss) | | | |
| 11 | Other income (loss) | | | |
| | | | 19 | Distributions |
| 12 | Section 179 deduction | | | |
| 13 | Other deductions | | 20 | Other information |
| | | | Z | 212,141. |
| 14 | Self-employment earnings (loss) | | | |

*See attached statement for additional information.

For IRS Use Only

**BAA  For Paperwork Reduction Act Notice, see Instructions for Form 1065.**

Schedule K-1 (Form 1065) 2018

PTPA0312L  08/31/18

Schedule K-1 (Form 1065) 2018    LEV INVESTMENTS LLC    47-3833674    Page **2**

This list identifies the codes used on Schedule K-1 for all partners and provides summarized reporting information for partners who file Form 1040. For detailed reporting and filing information, see the separate Partner's Instructions for Schedule K-1 and the instructions for your income tax return.

**1  Ordinary business income (loss).** Determine whether the income (loss) is passive or nonpassive and enter on your return as follows.

| | *Report on* |
|---|---|
| Passive loss | See the Partner's Instructions |
| Passive income | Schedule E, line 28, column (h) |
| Nonpassive loss | See the Partner's Instructions |
| Nonpassive income | Schedule E, line 28, column (k) |

**2  Net rental real estate income (loss)** — See the Partner's Instructions

**3  Other net rental income (loss)**

| Net income | Schedule E, line 28, column (h) |
|---|---|
| Net loss | See the Partner's Instructions |

**4  Guaranteed payments** — Schedule E, line 28, column (k)
**5  Interest income** — Form 1040, line 2b
**6 a  Ordinary dividends** — Form 1040, line 3b
**6 b  Qualified dividends** — Form 1040, line 3a
**6 c  Dividend equivalents** — See the Partner's Instructions
**7  Royalties** — Schedule E, line 4
**8  Net short-term capital gain (loss)** — Schedule D, line 5
**9 a  Net long-term capital gain (loss)** — Schedule D, line 12
**9 b  Collectibles (28%) gain (loss)** — 28% Rate Gain Worksheet, line 4 (Schedule D Instructions)
**9 c  Unrecaptured section 1250 gain** — See the Partner's Instructions
**10  Net section 1231 gain (loss)** — See the Partner's Instructions
**11  Other income (loss)**

**Code**

| A | Other portfolio income (loss) | See the Partner's Instructions |
|---|---|---|
| B | Involuntary conversions | See the Partner's Instructions |
| C | Sec. 1256 contracts & straddles | Form 6781, line 1 |
| D | Mining exploration costs recapture | See Pub. 535 |
| E | Cancellation of debt | Schedule 1 (Form 1040), line 21 or Form 982 |
| F | Section 951A income | |
| G | Section 965(a) inclusion | |
| H | Subpart F income other than sections 951A and 965 inclusion | See the Partner's Instructions |
| I | Other income (loss) | |

**12  Section 179 deduction** — See the Partner's Instructions
**13  Other deductions**

| A | Cash contributions (60%) | |
|---|---|---|
| B | Cash contributions (30%) | |
| C | Noncash contributions (50%) | See the Partner's |
| D | Noncash contributions (30%) | Instructions |
| E | Capital gain property to a 50% organization (30%) | |
| F | Capital gain property (20%) | |
| G | Contributions (100%) | |
| H | Investment interest expense | Form 4952, line 1 |
| I | Deductions — royalty income | Schedule E, line 19 |
| J | Section 59(e)(2) expenditures | See the Partner's Instructions |
| K | Excess business interest expense | See the Partner's Instructions |
| L | Deductions — portfolio (other) | Schedule A, line 16 |
| M | Amounts paid for medical insurance | Schedule A, line 1 or Schedule 1 (Form 1040), line 29 |
| N | Educational assistance benefits | See the Partner's Instructions |
| O | Dependent care benefits | Form 2441, line 12 |
| P | Preproductive period expenses | See the Partner's Instructions |
| Q | Commercial revitalization deduction from rental real estate activities | See Form 8582 Instructions |
| R | Pensions and IRAs | See the Partner's Instructions |
| S | Reforestation expense deduction | See the Partner's Instructions |
| T | through **V** | Reserved for future use |
| W | Other deductions | See the Partner's Instructions |
| X | Section 965(c) deduction | See the Partner's Instructions |

**14  Self-employment earnings (loss)**

**Note.** If you have a section 179 deduction or any partner-level deductions, see the Partner's Instructions before completing Schedule SE.

| A | Net earnings (loss) from self-employment | Schedule SE, Section A or B |
|---|---|---|
| B | Gross farming or fishing income | See the Partner's Instructions |
| C | Gross non-farm income | See the Partner's Instructions |

**15  Credits**

| A | Low-income housing credit (section 42(j)(5)) from pre-2008 buildings | |
|---|---|---|
| B | Low-income housing credit (other) from pre-2008 buildings | |
| C | Low-income housing credit (section 42(j)(5)) from post-2007 buildings | |
| D | Low-income housing credit (other) from post-2007 buildings | See the Partner's Instructions |
| E | Qualified rehabilitation expenditures (rental real estate) | |
| F | Other rental real estate credits | |
| G | Other rental credits | |
| H | Undistributed capital gains credit | Schedule 5 (Form 1040), line 74, box a |
| I | Biofuel producer credit | See the Partner's Instructions |

**Code**

| J | Work opportunity credit | |
|---|---|---|
| K | Disabled access credit | |
| L | Empowerment zone employment credit | |
| M | Credit for increasing research activities | See the Partner's Instructions |
| N | Credit for employer social security and Medicare taxes | |
| O | Backup withholding | |
| P | Other credits | |

**16  Foreign transactions**

| A | Name of country or U.S. possession | |
|---|---|---|
| B | Gross income from all sources | Form 1116, Part I |
| C | Gross income sourced at partner level | |

*Foreign gross income sourced at partnership level*

| D | Section 951A category | |
|---|---|---|
| E | Foreign branch category | |
| F | Passive category | Form 1116, Part I |
| G | General category | |
| H | Other | |

*Deductions allocated and apportioned at partner level*

| I | Interest expense | Form 1116, Part I |
|---|---|---|
| J | Other | Form 1116, Part I |

*Deductions allocated and apportioned at partnership level to foreign source income*

| K | Section 951A category | |
|---|---|---|
| L | Foreign branch category | |
| M | Passive category | Form 1116, Part I |
| N | General category | |
| O | Other | |

*Other information*

| P | Total foreign taxes paid | Form 1116, Part II |
|---|---|---|
| Q | Total foreign taxes accrued | Form 1116, Part II |
| R | Reduction in taxes available for credit | Form 1116, line 12 |
| S | Foreign trading gross receipts | Form 8873 |
| T | Extraterritorial income exclusion | Form 8873 |
| U | Section 951A(c)(1)(A) tested income | |
| V | Tested foreign income tax | |
| W | Section 965 information | See the Partner's Instructions |
| X | Other foreign transactions | |

**17  Alternative minimum tax (AMT) items**

| A | Post-1986 depreciation adjustment | |
|---|---|---|
| B | Adjusted gain or loss | See the Partner's |
| C | Depletion (other than oil & gas) | Instructions and |
| D | Oil, gas, & geothermal — gross income | the Instructions for |
| E | Oil, gas, & geothermal — deductions | Form 6251 |
| F | Other AMT items | |

**18  Tax-exempt income and nondeductible expenses**

| A | Tax-exempt interest income | Form 1040, line 2a |
|---|---|---|
| B | Other tax-exempt income | See the Partner's Instructions |
| C | Nondeductible expenses | See the Partner's Instructions |

**19  Distributions**

| A | Cash and marketable securities | |
|---|---|---|
| B | Distribution subject to section 737 | See the Partner's Instructions |
| C | Other property | |

**20  Other information**

| A | Investment income | Form 4952, line 4a |
|---|---|---|
| B | Investment expenses | Form 4952, line 5 |
| C | Fuel tax credit information | Form 4136 |
| D | Qualified rehabilitation expenditures (other than rental real estate) | See the Partner's Instructions |
| E | Basis of energy property | See the Partner's Instructions |
| F | Recapture of low-income housing credit (section 42(j)(5)) | Form 8611, line 8 |
| G | Recapture of low-income housing credit (other) | Form 8611, line 8 |
| H | Recapture of investment credit | See Form 4255 |
| I | Recapture of other credits | See the Partner's Instructions |
| J | Look-back interest — completed long-term contracts | See Form 8697 |
| K | Look-back interest — income forecast method | See Form 8866 |
| L | Dispositions of property with section 179 deductions | |
| M | Recapture of section 179 deduction | |
| N | Interest expense for corporate partners | |
| O | through **Y** | |
| Z | Section 199A income | |
| AA | Section 199A W-2 wages | |
| AB | Section 199A unadjusted basis | See the Partner's |
| AC | Section 199A REIT dividends | Instructions |
| AD | Section 199A PTP income | |
| AE | Excess taxable income | |
| AF | Excess business interest income | |
| AG | Gross receipts for section 59A(e) | |
| AH | Other information | |

Partner 1:  EKATERINA LYUDKOVSKAYA    Foreign US    PTPA0312L  12/11/18    **Schedule K-1 (Form 1065) 2018**

**RESOLUTIONS OF LEV INVESTMENTS, LLC**
**AUTHORIZING FILING OF PETITION UNDER**
**CHAPTER 11 OF THE BANKRUPTCY CODE**

I, Dmitri Lyuidkovskiy, hereby certify as follows:

I am the sole Manager of Lev Investments, LLC (the "Company") with power to eenter into and execute this resolution. Based on recent developments with respect to the Company, the following resolutions were duly enacted, and the same remain in full force and effect, without modification, as of the date hereof:

> **RESOLVED**, that Dmitri Lyuidkovskiy ("DL") is hereby authorized to determine, based upon current and subsequent events and advice of counsel, whether it is desirable and in the best interests of the Company, its creditors, and other interested parties, that the Company file a Petition under the provisions of Chapter 11 of Title 11, United States Code (the "Bankruptcy Code");

> **FURTHER RESOLVED**, that DL is hereby authorized and directed on behalf of and in the name of the Company to execute a Chapter 11 bankruptcy petition and all related documents and papers on behalf of the Company in order to enable the Company to commence a Chapter 11 bankruptcy case;

> **FURTHER RESOLVED**, that DL is hereby authorized and directed on behalf of and in the name of the Company to execute and file and to cause counsel for the Company to prepare with the assistance of the Company as appropriate all petitions, schedules, lists and other papers, documents and pleadings in connection with the Company's bankruptcy case, and to take any and all action which DL deems necessary and proper in connection with the Company's bankruptcy case;

> **FURTHER RESOLVED**, that the Company hereby retains the law offices of Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB") as bankruptcy counsel for the Company for purposes of, among other things, representing the Company in its Chapter 11 case; and

> **FURTHER RESOLVED**, that DL is hereby authorized and directed on behalf of and in the name of the Company to execute a pre-petition retainer agreement, and is hereby authorized and directed on behalf of and in the name of the Company to execute the Company's employment application of LNBYB as bankruptcy counsel to the Company in the Company's Chapter 11 bankruptcy case.

Dated: June 1, 2020

LEV INVESTMENTS, LLC

Dmitri Lyuidkovskiy, Its Manager

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | **Lev Investments, LLC** |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **June 1, 2020**        X _____
                                          Signature of individual signing on behalf of debtor

                                          **Dmitri Lioudkovski**
                                          Printed name

                                          **Manager**
                                          Position or relationship to debtor

Official Form 202              **Declaration Under Penalty of Perjury for Non-Individual Debtors**

| Fill in this information to identify the case: |
| Debtor name | **Lev Investments, LLC** |
| United States Bankruptcy Court for the: | **CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO** |
| Case number (if known): | _____ |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **LDI Ventures, LLC 423 N Palm dr Beverly Hills, CA 90210** | | investor loans | | | | **$2,800,000.00** |
| **Michael Masinovsky 21810 Eaton Place Cupertino, CA 95014** | | investor loans (subject to offset/reduction) | **Unliquidated Subject to Setoff** | | | **$228,860.00** |
| **Landmark Land, LLC Attn Alex Polovinchik 860 Via De La Paz, suite E-1 Pacific Palisades, CA 90272** | | Obligation due to terminated escrow | **Unliquidated** | | | **$50,000.00** |
| **G&B Law, LLP Attn:  James R. Felton 16000 Ventura Blvd., suite 1000 Encino, CA 91436** | | legal fees | | | | **$0.00** |
| **Jeff Nodd, Esq. 15250 Ventura Blvd Encino, CA 91436** | | legal fees (contingency case) | **Unliquidated** | | | **$0.00** |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

# United States Bankruptcy Court
## Central District of California - San Fernando

In re   **Lev Investments, LLC**                                     Case No.
                                        Debtor(s)                    Chapter   **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **EKATERINA LYUDKOVSKAYA**<br>**Oktyabrdkiy per.5, unit 1**<br>**Moscow, Russia  12701** | **Member** | **100%** | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Manager** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date   **June 1, 2020**                              Signature

                                                **Dmitri Lioudkovski**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

## STATEMENT OF RELATED CASES
### INFORMATION REQUIRED BY LBR 1015-2
### UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1. A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

2. (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

3. (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

4. (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at **Sherman Oaks**                    , California.

Date:     **June  1, 2020**

**Dmitri Lioudkovski**
Signature of Debtor 1


Signature of Debtor 2

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2018                    Page 1          **F 1015-2.1.STMT.RELATED.CASES**

**Fill in this information to identify the case:**

Debtor name    **Lev Investments, LLC**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO

Case number (if known)    _____

☐ Check if this is an
   amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                                    12/15

---

**Part 1:    Summary of Assets**

1.  **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

    1a. **Real property:**
        Copy line 88 from *Schedule A/B*...........................................................    $        **3,300,000.00**

    1b. **Total personal property:**
        Copy line 91A from *Schedule A/B*........................................................    $        **2,619,550.48**

    1c. **Total of all property:**
        Copy line 92 from *Schedule A/B*..........................................................    $        **5,919,550.48**

---

**Part 2:    Summary of Liabilities**

2.  **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*..................    $        **1,065,675.00**

3.  **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
        Copy the total claims from Part 1 from line 5a of *Schedule E/F*.............................    $        **0.00**

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
        Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*...............    +$        **3,078,860.00**

4.  Total liabilities .................................................................................
    Lines 2 + 3a + 3b                                                          $        **4,144,535.00**

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name     **Lev Investments, LLC**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest.
Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties
which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts
or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write
the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an
additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach supporting schedules, such as a fixed asset
schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the
debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

☐ No.  Go to Part 2.
☑ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|

3.     **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | **Checking account at Wells Fargo** | **Checking** | **9089** | **$28,412.16** |
| 3.2. | **Checking account at Wells Fargo Bank** | **Checking** | **8367** | **$21,138.32** |

4.     **Other cash equivalents** *(Identify all)*

5.     **Total of Part 1.**                                                                                  $49,550.48
         Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and Prepayments |
|---|---|

6. **Does the debtor have any deposits or prepayments?**

☑ No.  Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
|---|---|

10. **Does the debtor have any accounts receivable?**

☐ No.  Go to Part 4.
☑ Yes Fill in the information below.

11.     **Accounts receivable**

---

Official Form 206A/B                        Schedule A/B Assets - Real and Personal Property                        page 1

| Debtor | **Lev Investments, LLC** | Case number *(If known)* |
|---|---|---|
| | Name | |

| 11a. 90 days old or less: | **0.00** | - | **0.00** | = .... | **Unknown** |
|---|---|---|---|---|---|
| | face amount | | doubtful or uncollectible accounts | | |

| 11a. 90 days old or less: | **2,570,000.00** | - | **0.00** | = .... | **$2,570,000.00** |
|---|---|---|---|---|---|
| | face amount | | doubtful or uncollectible accounts | | |

**12.**  **Total of Part 3.**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

| | |
|---|---|
| | **$2,570,000.00** |

| Part 4: | **Investments** |
|---|---|

**13. Does the debtor own any investments?**

■ No. Go to Part 5.
☐ Yes Fill in the information below.

| Part 5: | **Inventory, excluding agriculture assets** |
|---|---|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No. Go to Part 6.
☐ Yes Fill in the information below.

| Part 6: | **Farming and fishing-related assets (other than titled motor vehicles and land)** |
|---|---|

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No. Go to Part 7.
☐ Yes Fill in the information below.

| Part 7: | **Office furniture, fixtures, and equipment; and collectibles** |
|---|---|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No. Go to Part 8.
☐ Yes Fill in the information below.

| Part 8: | **Machinery, equipment, and vehicles** |
|---|---|

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No. Go to Part 9.
☐ Yes Fill in the information below.

| Part 9: | **Real property** |
|---|---|

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.
■ Yes Fill in the information below.

**55.**   **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor    **Lev Investments, LLC**
Name

Case number *(If known)* _____

| | | | | |
|---|---|---|---|---|
| acreage, factory, warehouse, apartment or office building, if available. | | | | |
| 55.1.  **Single Family residence located at 13854 Albers Street, Sherman Oaks, CA 91401** | **Fee simple** | **$3,300,000.00** | | **$3,300,000.00** |

56.  **Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
Copy the total to line 88.

| |
|---|
| **$3,300,000.00** |

57.  **Is a depreciation schedule available for any of the property listed in Part 9?**
■ No
☐ Yes

58.  **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
■ No
☐ Yes

| Part 10: | Intangibles and intellectual property |
|---|---|

59. **Does the debtor have any interests in intangibles or intellectual property?**

■ No.  Go to Part 11.
☐ Yes Fill in the information below.

| Part 11: | All other assets |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.
■ Yes Fill in the information below.

| | Current value of debtor's interest |
|---|---|

71.  **Notes receivable**
Description (include name of obligor)

72.  **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

73.  **Interests in insurance policies or annuities**

74.  **Causes of action against third parties (whether or not a lawsuit has been filed)**

| **Claims and causes of action agains Sensible Consulting & Management, Inc. re: usury, fraud and related claims** | **Unknown** |
|---|---|
| Nature of claim | |
| Amount requested  **$0.00** | |

| **Claims against former counsel re: professional negligence** | **Unknown** |
|---|---|
| Nature of claim | |
| Amount requested  **$0.00** | |

| Debtor | **Lev Investments, LLC** | Case number *(If known)* |
|---|---|---|
| | Name | |

**Clasim against FR, LLC and co-conspirators related to fraud, including, without limittion, hijacking of Debtor's real property**                                                    Unknown
Nature of claim
Amount requested                                        $0.00

**Claims against Real Property Trustee, Inc., re wrongful foreclosure advise re: Coachella property**                                                    Unknown
Nature of claim
Amount requested                                        $0.00

**Claims against insurance company for damage and bad faith coverage related to Sherman Oaks residence and insruance denial of coveage**                                                    Unknown
Nature of claim
Amount requested                                        $0.00

75.  **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76.  **Trusts, equitable or future interests in property**

77.  **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

78.  **Total of Part 11.**                                                                                           $0.00
     Add lines 71 through 77. Copy the total to line 90.

79.  **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
     ■ No
     ☐ Yes

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                              Best Case Bankruptcy

| Debtor | **Lev Investments, LLC** | | Case number *(If known)* | |
|---|---|---|---|---|
| | Name | | | |

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $49,550.48 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $2,570,000.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*................................................................> | | $3,300,000.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $2,619,550.48 | + 91b. $3,300,000.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $5,919,550.48 |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Lev Investments, LLC** |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO |
| Case number (if known) | |

☐ Check if this is an
amended filing

## Official Form 206D
# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

### Part 1:    List Creditors Who Have Secured Claims

| 2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. | Column A **Amount of claim** Do not deduct the value of collateral. | Column B **Value of collateral that supports this claim** |
|---|---|---|

**2.1** | **Los Angeles County Tax Collector**
Creditor's Name

**P.O. Box 54018
Los Angeles, CA
90054-0018**
Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**

**Last 4 digits of account number**

**Describe debtor's property that is subject to a lien**
**Single Family residence located at 13854
Albers Street, Sherman Oaks, CA 91401**

**Describe the lien**
**statutory property tax**
**Is the creditor an insider or related party?**
■ No
☐ Yes
**Is anyone else liable on this claim?**
■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

| $18,000.00 | $3,300,000.00 |
|---|---|

**Do multiple creditors have an
interest in the same property?**
☐ No
■ Yes. Specify each creditor,
including this creditor and its relative
priority.
**1. Los Angeles County Tax
Collector
2. Sensible Consulting &
Mgmt Inc
3. Ming Zhou**

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

---

**2.2** | **Ming Zhou**
Creditor's Name

**Thomas Krantz, Esq.
2082 Michelson Drive, Suite
212
Irvine, CA 92612**
Creditor's mailing address

Creditor's email address, if known

**Describe debtor's property that is subject to a lien**
**Single Family residence located at 13854
Albers Street, Sherman Oaks, CA 91401**

**Describe the lien**
**investor/creditor  obligation (not debtor
obligation)**
**Is the creditor an insider or related party?**
■ No
☐ Yes
**Is anyone else liable on this claim?**

| $0.00 | $3,300,000.00 |
|---|---|

---

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Debtor | Lev Investments, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

Date debt was incurred

■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

Last 4 digits of account number

**Do multiple creditors have an interest in the same property?**

☐ No

■ Yes. Specify each creditor, including this creditor and its relative priority.

**Specified on line 2.1**

**As of the petition filing date, the claim is:**
Check all that apply

■ Contingent

■ Unliquidated

■ Disputed

---

| 2.3 | **Sensible Consulting & Mgmt Inc** | Describe debtor's property that is subject to a lien | $1,047,675.00 | $3,300,000.00 |
|---|---|---|---|---|

Creditor's Name

**c/o John Burgee Esq.
20501 Ventura Boulevard,
Suite 262
Woodland Hills, CA 91364**

Creditor's mailing address

**Describe debtor's property that is subject to a lien**
**Single Family residence located at 13854 Albers Street, Sherman Oaks, CA 91401**

**Describe the lien**
**investor lien**

**Is the creditor an insider or related party?**
☐ No
■ Yes

**Is anyone else liable on this claim?**
■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

Creditor's email address, if known

Date debt was incurred

Last 4 digits of account number

**Do multiple creditors have an interest in the same property?**
☐ No
■ Yes. Specify each creditor, including this creditor and its relative priority.
**Specified on line 2.1**

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
■ Unliquidated
■ Disputed

---

| 3. | Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any. | $1,065,675.00 |
|---|---|---|

---

**Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **Michael Leizerovitz
15 Via Monarca St.
Dana Point, CA 92629** | Line    **2.3** | |

---

**Fill in this information to identify the case:**

Debtor name **Lev Investments, LLC**

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO

Case number (if known)

☐ Check if this is an
amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                                12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☐ No. Go to Part 2.

■ Yes. Go to line 2.

2.  **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors
with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|
| 2.1 | Priority creditor's name and mailing address | $0.00 | $0.00 |

Priority creditor's name and mailing address
**Franchise Tax Board**
**Special Procedures**
**POB 2952**
**Sacramento, CA 95812**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**notice**

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

| 2.2 | Priority creditor's name and mailing address | $0.00 | $0.00 |
|---|---|---|---|

Priority creditor's name and mailing address
**Internal Revenue Service**
**Insolvency I Stop 5022**
**300 N. Los Angeles St., #4062**
**Los Angeles, CA 90012-9903**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**notice**

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3.  **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
out and attach the Additional Page of Part 2.

Amount of claim

| Debtor | **Lev Investments, LLC** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| 3.1 | **Nonpriority creditor's name and mailing address**<br>**FR, LLC**<br>**c/o Michael Shemtoub, Esq.**<br>**4929 Wilshire Blvd., suite 702**<br>**Los Angeles, CA 90010**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>■ Unliquidated<br>■ Disputed<br><br>Basis for the claim:  Fraudulent lawsuit and lis pendens - listed for notice purposes<br><br>Is the claim subject to offset? ■ No  ☐ Yes | $0.00 |
|---|---|---|

| 3.2 | **Nonpriority creditor's name and mailing address**<br>**G&B Law, LLP**<br>**Attn:  James R. Felton**<br>**16000 Ventura Blvd., suite 1000**<br>**Encino, CA 91436**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:  legal fees<br><br>Is the claim subject to offset? ■ No  ☐ Yes | Unknown |

| 3.3 | **Nonpriority creditor's name and mailing address**<br>**Jeff Nodd, Esq.**<br>**15250 Ventura Blvd**<br>**Encino, CA 91436**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>■ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:  legal fees (contingency case)<br><br>Is the claim subject to offset? ■ No  ☐ Yes | Unknown |

| 3.4 | **Nonpriority creditor's name and mailing address**<br>**Landmark Land, LLC**<br>**Attn Alex Polovinchik**<br>**860 Via De La Paz, suite E-1**<br>**Pacific Palisades, CA 90272**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>■ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:  Obligation due to terminated escrow<br><br>Is the claim subject to offset? ■ No  ☐ Yes | $50,000.00 |

| 3.5 | **Nonpriority creditor's name and mailing address**<br>**LDI Ventures, LLC**<br>**423 N Palm dr**<br>**Beverly Hills, CA 90210**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:  investor loans<br><br>Is the claim subject to offset? ■ No  ☐ Yes | $2,800,000.00 |

| 3.6 | **Nonpriority creditor's name and mailing address**<br>**Michael Masinovsky**<br>**21810 Eaton Place**<br>**Cupertino, CA 95014**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>■ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:  investor loans (subject to offset/reduction)<br><br>Is the claim subject to offset? ☐ No  ■ Yes | $228,860.00 |

| 3.7 | **Nonpriority creditor's name and mailing address**<br>**Real Property Trustee, Inc.**<br>**P.O. Box 17064**<br>**Beverly Hills, CA 90209**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>■ Disputed<br><br>Basis for the claim:  notice only<br><br>Is the claim subject to offset? ☐ No  ■ Yes | $0.00 |

**Part 3:**   List Others to Be Notified About Unsecured Claims

| Debtor | **Lev Investments, LLC** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| | | |

| **Part 4:** | **Total Amounts of the Priority and Nonpriority Unsecured Claims** |
|---|---|

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ 0.00 |
| **5b. Total claims from Part 2** | 5b. + | $ 3,078,860.00 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 3,078,860.00 |

**Fill in this information to identify the case:**

Debtor name    **Lev Investments, LLC**

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO

Case number (if known)

☐ Check if this is an
amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**
   ■ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.
   ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal    Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.1** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| **2.2** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| **2.3** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| **2.4** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name    **Lev Investments, LLC**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO

Case number (if known)    _____

☐ Check if this is an
amended filing

## Official Form 206H
## Schedule H: Your Codebtors                                                    12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the
Additional Page to this page.

**1. Do you have any codebtors?**

☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of
creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule
on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|

| | Name | Mailing Address | Name | Check all schedules that apply: |
|---|---|---|---|---|
| 2.1 | _____ | Street _____ / _____ / City  State  Zip Code | _____ | ☐ D ☐ E/F ☐ G |
| 2.2 | _____ | Street _____ / _____ / City  State  Zip Code | _____ | ☐ D ☐ E/F ☐ G |
| 2.3 | _____ | Street _____ / _____ / City  State  Zip Code | _____ | ☐ D ☐ E/F ☐ G |
| 2.4 | _____ | Street _____ / _____ / City  State  Zip Code | _____ | ☐ D ☐ E/F ☐ G |

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

**David B. Golubchik 185520**
**10250 Constellation Blvd., Suite 1700**
**Los Angeles, CA 90067**
**(310) 229-1234**
California State Bar Number: 185520 CA

FOR COURT USE ONLY

☐   *Debtor(s) appearing without an attorney*

■   *Attorney for Debtor*

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO

| In re: | |
|---|---|
| **Lev Investments, LLC** | CASE NO.: <br> CHAPTER: 11 |
| | **VERIFICATION OF MASTER MAILING LIST OF CREDITORS** <br><br> **[LBR 1007-1(a)]** |
| Debtor(s). | |

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of __2__ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date:   **June 1, 2020**
_____
Signature of Debtor 1

Date: _____
Signature of Debtor 2 (joint debtor) ) (if applicable)

Date:   **June 1, 2020**
_____
   /s/ David B. Golubchik
Signature of Attorney for Debtor (if applicable)

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                                                                                    **F 1007-1.MAILING.LIST.VERIFICATION**

Lev Investments, LLC
PO Box 16646
Beverly Hills, CA 90209


David B. Golubchik
Levene, Neale, Bender, Yoo & Brill L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067


U.S. Trustee  San Fernando  Valley
915 Wilshire Blvd.
Suite 1850
Los Angeles, CA 90017


FR, LLC
c/o Michael Shemtoub, Esq.
4929 Wilshire Blvd., suite 702
Los Angeles, CA 90010


Franchise Tax Board
Special Procedures
POB 2952
Sacramento, CA 95812


G&B Law, LLP
Attn: James R. Felton
16000 Ventura Blvd., suite 1000
Encino, CA 91436


Internal Revenue Service
Insolvency I Stop 5022
300 N. Los Angeles St., #4062
Los Angeles, CA 90012-9903


Jeff Nodd, Esq.
15250 Ventura Blvd
Encino, CA 91436

Landmark Land, LLC
Attn Alex Polovinchik
860 Via De La Paz, suite E-1
Pacific Palisades, CA 90272


LDI Ventures, LLC
423 N Palm dr
Beverly Hills, CA 90210


Los Angeles County Tax Collector
P.O. Box 54018
Los Angeles, CA 90054-0018


Michael Leizerovitz
15 Via Monarca St.
Dana Point, CA 92629


Michael Masinovsky
21810 Eaton Place
Cupertino, CA 95014


Ming Zhou
Thomas Krantz, Esq.
2082 Michelson Drive, Suite 212
Irvine, CA 92612


Real Property Trustee, Inc.
P.O. Box 17064
Beverly Hills, CA 90209


Sensible Consulting & Mgmt Inc
c/o John Burgee Esq.
20501 Ventura Boulevard, Suite 262
Woodland Hills, CA 91364

<table>
<tr><td>

Attorney or Party Name, Address, Telephone & FAX Nos., and State Bar No. & Email Address<br>
**David B. Golubchik 185520**<br>
**10250 Constellation Blvd., Suite 1700**<br>
**Los Angeles, CA 90067**<br>
**(310) 229-1234**<br>
California State Bar Number: **185520 CA**

</td><td>

FOR COURT USE ONLY

</td></tr>
</table>

■ *Attorney for:*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:

**Lev Investments, LLC**

Debtor(s),

Plaintiff(s),

Defendant(s).

CASE NO.:
ADVERSARY NO.:
CHAPTER:  **11**

# CORPORATE OWNERSHIP STATEMENT PURSUANT TO  FRBP 1007(a)(1) and 7007.1, and LBR 1007-4

[No hearing]

*Pursuant to FRBP 1007(a)(1) and 7007.1, and LBR 1007-4, any corporation, other than a governmental unit, that is a debtor in a voluntary case or a party to an adversary proceeding or a contested matter shall file this Statement identifying all its parent corporations and listing any publicly held company, other than a governmental unit, that directly or indirectly own 10% or more of any class of the corporation's equity interest, or state that there are no entities to report. This Corporate Ownership Statement must be filed with the initial pleading filed by a corporate entity in a case or adversary proceeding. A supplemental statement must promptly be filed upon any change in circumstances that renders this Corporate Ownership Statement inaccurate.*

I,   **David B. Golubchik 185520**  , the undersigned in the above-captioned case, hereby declare
*(Print Name of Attorney or Declarant)*
under penalty of perjury under the laws of the United States of America that the following is true and correct:

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012  **F 1007-4.CORP.OWNERSHIP.STMT**

**[Check the appropriate boxes and, if applicable, provide the required information.]**

1.    I have personal knowledge of the matters set forth in this Statement because:

☐ I am the president or other officer or an authorized agent of the Debtor corporation

☐ I am a party to an adversary proceeding

☐ I am a party to a contested matter

☒ I am the attorney for the Debtor corporation

2.a.    ☐ The following entities, other than the debtor or a governmental unit, directly or indirectly own 10% or more of any class of the corporation's(s') equity interests:

*[For additional names, attach an addendum to this form.]*

b.    ☒ There are no entities that directly or indirectly own 10% or more of any class of the corporation's equity interest.

| | |
|---|---|
| **June  1, 2020** | By:  **/s/ David B. Golubchik** |
| Date | Signature of Debtor, or attorney for Debtor |
| | |
| | Name:    **David B. Golubchik 185520** |
| | Printed name of Debtor, or attorney for Debtor |

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                                          **F 1007-4.CORP.OWNERSHIP.STMT**

# EXHIBIT "O"

Electronically FILED by Superior Court of California, County of Los Angeles on 10/24/2019 06:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Ruth Ann Kwan

**LAW OFFICES OF HOWARD A. KAPP**

3731 WILSHIRE BLVD., SUITE 514
LOS ANGELES, CALIFORNIA 90010

STATE BAR NO. 86207

TELEPHONE (213) 927-8000
EMAIL hkapp@kapplaw.com

Attorney for Mariya Ayzenberg

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES,

### CENTRAL JUDICIAL DISTRICT

| | |
|---|---|
| MARIYA AYZENBERG, | Case No.: 19STCV38222 |
| Plaintiff, | COMPLAINT FOR: |
| vs. | |
| LEV INVESTMENTS, LLC; DMITRI LUDKOVSKI; RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC. and DOES 1 through 30, inclusive, | 1. FINANCIAL ABUSE OF ELDER<br>2. CONVERSION<br>3. DECLARATORY RELIEF |
| Defendants. | DEMAND IN EXCESS OF $25,000.00 |

Plaintiff, Mariya Ayzenberg, hereinafter Plaintiff, files her Complaint herein against Defendants, Lev Investments, LLC; Dmitri Ludkovski; Ruvin Feygenberg; Michael Leizerovitz; Sensible Consulting and Management, Inc. and DOES 1 through 30, inclusive, hereinafter collectively Defendants, as follows:

## GENERAL ALLEGATIONS

### (Facts Common to All Causes of Action)

1.     The Plaintiff resides in California and at all times relevant to this Action was 65 or more years of age.

2.     Upon information and belief, Defendant, Lev Investments, LLC, hereinafter Lev, is a limited-liability company, and at all relevant times herein, doing business in the County of Los Angeles, State of California.

3.     Based on information and belief, it is hereby alleged that Lev Investments, LLC is the alter-ego of Defendant Dmitri Ludkovsk. Inequities will result if the Court were not to pierce the corporate veil of Lev Investments and apply all liability of Lev Investments. Lev Investments never kept with corporate formalities of a legitimate corporation and has at all times been a work of fiction meant to work inequity on all those that transacted with it and its alter-ego Ludkovski.

4.     Upon information and belief, Defendant, Dmitri Ludkovski, hereinafter Ludkovski, is an individual, and at all relevant times herein, the Manager and principal of Lev, doing business in the County of Los Angeles, state of California.

5.     Upon information and belief, Defendant, Ruvin Feygenberg, hereinafter Feygenberg, is an individual, and at all relevant times herein, residing and doing business in the County of Los Angeles, state of California.

6.     Upon information and belief, Defendant, Michael Leizerovitz, hereinafter Leizerovitz, is an individual, and at all relevant times herein, doing business in the County of Los Angeles, state of California.

7.     Upon information and belief, Defendant Sensible Consulting and Management, Inc., hereinafter Sensible Consulting, at all times relevant herein, a California corporation that is actively doing business in the County of Los Angeles, state of California.

8.    The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of the Defendants named herein as DOE 1 through 30, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will amend this Complaint to set forth their true names and capacities when the same are ascertained.

9.    Plaintiff is informed and believes and thereon alleges that Defendants DOE 1 through 30, inclusive, and each of them, claim some right, title, estate, lien, or interest in the Property adverse to Plaintiff's ownership and that such claims constitute clouds on Plaintiff's title thereto.

10.    Plaintiff is informed and believes and thereon alleges that each fictitiously named Defendant is legally responsible in some manner for the events referred to and legally caused the damages to the Plaintiff as alleged herein.

11.    Plaintiff is informed and believes and thereon alleges that each DOE Defendant claims some interest in the Property and is responsible in some manner for the occurrences herein alleged, and that Plaintiff hereby names each DOE Defendant as such that its interest, if any, shall be subject to the judgment rendered herein.

12.    Each reference in this Complaint to any Defendant refers to all Defendants sued under fictitious names.

13.    Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each of the Defendants sued under fictitious names, was the agent or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of this agency or employment and each Defendant aided and abetted and later ratified the conduct of the other.

14.    This lawsuit concerns the real Property commonly known as 13854 Albers Street, Sherman Oaks, California 91401, hereinafter the Property, and legally known as:

ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

THE NORTH 190 FEET OF THE EAST 99 FEET OF THE WEST 110 FEET OF LOT 103 TRACT NO. 1000, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 19 PAGES 1 TO 34, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Assessor's Parcel Number: 2247-013-001

15.    The Plaintiff alleges that in late December 2018, Defendants, and each of them, approached the Plaintiff for a loan for $300,000 to be secured with the Property. The loan was to be evidenced by a written Note and a Deed of Trust.

16.    Defendants, and each of them, promised that the terms of the loan were for half a year with interest of 10% per annum, interest in the amount of $2,500 due on the first of every month beginning on February 1, 2019 and continuing to July 1, 2019, upon which time the principal and interest would be due in total to repay the loan in full.

17.    Defendants, and each of them, further promised that upon the sale of the Property to be no later than half a year from the date of the loan, Plaintiff would receive a proportional share of the profits from the Property minus the interest already paid.

18.    Based on these promises and representations, on or about December 28, 2018, Plaintiff wired $300,000 to escrow for the benefit of Defendants, and each of them.

19.    Lawyers Title Company (LTC) closed/consummated the Property's acquisition on December 31, 2018.

20.    As of the time of this Complaint, Plaintiff still has not been provided, though she has requested, the Note and the First Priority Deed of Trust evidencing

the Loan and to date did not receive any interest payments or profits from the Property.

## FIRST CAUSE OF ACTION FOR FINANCIAL ABUSE OF ELDER

(Against All Defendants, except Does 1-10, 21-30)

21.    Plaintiff incorporates by reference the allegations of paragraphs 1-19, *supra*, as though fully set forth herein.

22.    The basis for the Financial Abuse of an Elder Cause of Action is that money of a protected elder was obtained for "wrongful use" (i.e., not used for the purpose represented) and "intent to defraud" theory because not all facts that should have been disclosed by the Defendants were revealed and the circumstances that were told by the Defendants were inaccurate and false.

23.    On or about December 26, 2018, at Tarzana, California, Defendants Lev Investments, LLC, Dmitri Ludkovski, Ruvin Feygenberg, Michael Leizerovitz, Sensible Consulting and Management, Inc., and Does 1 through 10, only, and each of them, hereinafter Financial Abuse of an Elder (FAE) Defendants, requested of Plaintiff to lend them money to be repaid in full within 6 months, so that the Property can be acquired.

24.    FAE Defendants, and each of them, at all relevant times, stood in a position of trust to Plaintiff.

25.    FAE Defendants, and each of them, then promised that they (including the Plaintiff) would proportionally share in the profits from the immediate sale of the Property based on the amounts that they were each investing, minus costs, and advance interest paid to Plaintiff as said hereunder.

26.    As security for the short-term entrustment of funds a First Priority Deed of Trust against the Property listing Plaintiff as the beneficiary, the $2,500.00 monthly payment and maturity date (NFPDOT) of the entrustment of funds were to have been provided to the Plaintiff by the FAE Defendants, and each of them, "within days of closing."

27.     The Plaintiff reasonably relied on the representations of FAE
Defendants, and each of them, based on excessive persuasion relying on the social,
religious and historical affinity of the parties.

28.     Each FAE Defendant independent of each of the other promised to
Plaintiff that the NFPDOT would be simultaneous with or within "a day or two" of
Plaintiff's money leaving LTC.

29.     Relying on the representations of each FAE Defendant, the Plaintiff
delivered $300,000 to LTC and instructed that LTC only utilize the money for
acquisition of the Property.

30.     FAE Defendants, and each of them, motivated by malice and greed
and working in concert failed to perform as promised and instead took, secreted,
appropriated, and retained Property of Plaintiff who is an elder for wrongful use
and with the intent to defraud, in that to date FAE Defendants, and each of them,
have failed to deliver the NFPDOT after being asked to.

31.     FAE Defendants, and each of them, took, secreted, appropriated,
obtained and retained Property of an elder for wrongful use and with the intent to
defraud, in that to date FAE Defendants, and each of them failed to make any of
the $2,500.00 per month payment to Plaintiff or share the profit from the Property.

32.     FAE Defendants and each of them took, secreted, appropriated,
obtained and retained Property of an elder by undue influence as defined by Welf.
& Inst. Code § 15610.70, in that FAE Defendants, and each of them used excessive
persuasion relying on the social, religious and historical affinity of the parties to
defraud an elder.

33.     FAE Defendants and each of them knew that what they were doing
would result in, as it has, in financial harm to an elder.

34.     Plaintiff has not only been deprived of her money but also her
expectation of just compensation of the entrustment of her hard-earned cash to
FAE Defendants, and each of them.

35.     The actions of FAE Defendants, and each of them, in taking, secreting, appropriating, obtaining and retaining Plaintiff's funds for a wrongful use especially when coupled with the intent to defraud as described above constitutes FAE as the term is defined by Welfare and Institutions Code §§ 15610.30 and 15657.6.

36.     As a consequence of their actions and inaction and their representations and knowing and reckless misrepresentations of fact, Plaintiff is entitled to the full spectrum of remedies provided by Welfare and Institutions Code §§ 15657.5 and 15657.6.

37.     The Plaintiff is entitled to compensatory damages, special, and general damages, as well as all pretrial remedies that the laws provide to make certain that recovery is not pyrrhic.

38.     The Plaintiff has incurred and will continue to suffer attorney's fees and costs of litigation. Plaintiff, if successful in this Action, is entitled to recover such fees and costs from FAE Defendants, and each of them, under the provisions of Welfare and Institutions Code § 15657.5(a).

39.     In committing the actions and conduct described here, FAE Defendants, and each of them acted with recklessness, oppression, fraud, and malice, and Plaintiff, therefore, is entitled to an award of exemplary or punitive damages according to Welfare and Institutions Code § 15657.5 and Civil Code § 3294.

40.     Furthermore, the conduct of FAE Defendants and each of them must result in the trebling of the damages inflicted on the Plaintiff by each and every FAE Defendant, whether named or unnamed, who is responsible for the harm that Plaintiff is suffering pursuant to Probate Code § 859.

41.     Wherefore, Plaintiff requests for judgment prayed for hereunder.

**SECOND CAUSE OF ACTION FOR CONVERSION**

(Against All Defendants, except Does 1-20, 25-30)

42.    Plaintiff incorporates by reference the allegations of paragraphs 1-41, *supra*, as though fully set forth herein.

43.    At all times herein mentioned, and in particular on or about December 28, 2018, Plaintiff was, and still is, the owner and was, and still is, entitled to the possession of $300,000.

44.    On or about December 28, 2018, Defendants, and each of them converted the same to their own use.

45.    Plaintiff demanded the immediate return of the Property mentioned above but Defendants, and each of them, failed and refused, and continue to fail and refuse, to return the Property to the Plaintiff.

46.    Between the time of conversion by the Defendants, and each of them, of the money and the Property mentioned above for their own exclusive use and the filing of this Action, Plaintiff expended time and expenses in pursuit of the converted money and the Property resulting in further damages to Plaintiff in a sum to be proven at trial.

47.    The acts of Defendants and each of them, alleged above have been willful, malicious, and oppressive and have been undertaken with the intent to defraud an elder justifying an award of exemplary and punitive damages.

48.    Wherefore, Plaintiff prays for judgment, as said hereunder.

## THIRD CAUSE OF ACTION FOR DECLARATORY RELIEF

(Against All Defendants, except Does 1-20)

49.    Plaintiff incorporates by reference the allegations of paragraphs 1-50, *supra*, as though fully set forth herein.

50.    An actual controversy exists between Plaintiff and Defendants, and each of them, regarding their respective rights and obligations regarding the Property and precisely the commitments of Defendants, and each of them, to have provided the promised NFPDOT and payments to Plaintiff for the entrustment of the money beginning on February 1, 2019.

51.    The Plaintiff asserts that Plaintiff was to have been given an NFPDOT evidencing the entrustment of money and interest thereon.

52.    Defendants dispute the allegations mentioned earlier by their inaction and by failure to provide the NFPDOT and the $2,500.00 payment.

53.    The Plaintiff desires a judicial determination of the rights and duties of each named party concerning the Property and the ongoing dispute.

54.    A judicial determination is necessary and appropriate to establish the rights and duties of each party as to the Property and to compel the sale of the Property as told initially to Plaintiff as basis for the need for funds.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a.    For compensatory damages pursuant to Welfare and Institutions Code § 15657.5(a), awarded based on Plaintiff's elder financial abuse claim as defined by Welfare and Institutions Code § 15610.30, in the sum of $300,000 and interest, and other damages in an amount to be determined by the Court;

b.    For the issuance of a writ of attachment against Defendants, and each of them, pursuant to Welfare and Institutions Code § 15657.01 for the collection of damages in an amount to be determined by the Court;

c.    For punitive damages pursuant to Welfare and Institutions Code § 15657.5 and Civil Code § 3294;

d.    For reasonable attorney's fees pursuant to Welfare and Institutions Code § 15657.5(a) in an amount to be determined by the Court;

e.    For costs of suit incurred herein pursuant to Welfare and Institutions Code § 15657.5(a) in an amount to be determined by the Court;

f.    For Probate Code § 859 damages;

g.    For accounting;

h.    For the appointment of receiver;

i.    For specific performance;

j.    For attorney's fees and costs pursuant to Probate Code § 859;

k.    For injunctive relief;

l.    For the promised NFPDOT;

m.    For the value of the Property converted;

n.    For interest at the legal rate on the foregoing sum pursuant to Civil Code § 3336, from and after December 28, 2018;

o.    For damages for the proximate and foreseeable loss resulting from conversion in the amount of to be proven at trial;

p.    For interest at the legal rate on the foregoing amount pursuant to Civil Code § 3287(a), from and after December 28, 2018;

q.    For damages for time and money properly expended in pursuit of the converted Property in the sum to be proven at trial;

r.    For punitive and exemplary damages;

s.    For a declaration of rights and duties of the parties as to the Property;

t.    For judgment to be made for the sale of the Property according to law by a sheriff or marshal or other person appointed by this Court; that the sale proceeds be applied in payment of the amount due Plaintiff;

u.    For damages of $300,000, plus damages in such further sums as may be sustained and as are ascertainable before final judgment in this Action;

v.    For prejudgment interest;

w.    For costs of suit incurred in this Action; and

x.    For such other and further relief as the Court deems just and proper.


Respectfully submitted,

Dated: October 24, 2019        **LAW OFFICES OF HOWARD A. KAPP**


By _____
        Howard A. Kapp, Esquire
        Attorney for Mariya Ayzenberg

COMPLAINT

# EXHIBIT "P"

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement"), made effective as of December __, 2019, is entered into by and between the parties identified below, in consideration for the mutual promises, covenants and obligations contained herein, as follows:

## PARTIES

The parties to this Agreement (collectively, the "Parties" and individually, a "Party") are:

A.    Mariya Ayzenberg, ("Ayzenberg");

B.    Lev Investments, LLC, a California limited liability company, ("Lev");

C.    Dmitri Ludkovski, ("Ludkovski").

## RECITALS

A.    On or about December 28, 2018, Ayzenberg wired $300,000.00 to escrow for the benefit of Lev and Ludkovski (the "Loan"). The Loan was to be made pursuant to a Promissory Note Secured by Deed of Trust (the "Note"). The Note was to be secured by a Deed of Trust and Assignment of Rents (the "Deed of Trust"), and which pertains to the real property common is commonly known as 13854 Albers Street, Sherman Oaks, California 91401, (the "Property"). Lev and Ludkovski allege that at the time of the transfer of funds, they did not understand that the money was coming from Ayzenberg. They allege that they believed that the money was being wired by Gina Lisitsa.

B.    On October 24, 2019, Ayzenberg filed a lawsuit against Lev, Ludkovski, and others in the Los Angeles County Superior Court, entitled *Ayzenberg v. Lev Investments*, Case No. 19STCV38222 (the "Action"). In the Action, Ayzenberg asserted various causes of action against Lev, Ludkovski and others relating to the Property, the Loan, the Note and the Deed of Trust. Lev and Ludkovski dispute the allegations in the Action.

C.    The Parties wish to avoid further attorney's fees, expenses, costs, and the burdens and risks of litigation, have reached an agreement, to fully resolve all issues, claims and disputes between them, including all issues, claims and disputes relating to the Property, the Action, the Loan, the Note and the Deed of Trust, and accordingly, have agreed to fully and completely settle their dispute on the terms set forth in this Agreement.

Now, therefore, in consideration of the mutual promises, covenants and obligations contained herein, the Parties incorporate the above Recitals and agree and covenant as follows:

## SETTLEMENT TERMS

*1.    Payment.* By no later than December 5, 2019, Lev and Ludkovski shall pay to Ayzenberg the total sum of ▓▓▓▓▓ (the "Payment").

*2.    Dismissal.* Within five (5) business days after Ayzenberg's receipt of the Payment and upon receipt of good funds, Ayzenberg's counsel shall execute and file in the Action (and serve

Page 1 of 5

1801694.1 - 32417.0002

on Lev and Ludkovski's counsel of record) a request for dismissal with prejudice of all claims in the Action against all parties. (Judicial Counsel Form CIV-110).

3.    *Mutual Releases.*

a.    Effective upon Ayzenberg's receipt of the Payment, Ayzenberg, on behalf of herself and her officers, directors, owners, members, managers, agents, employees, subsidiaries, affiliated and related companies, parent companies, insurers, attorneys, heirs, executors, administrators, trustees, trustors, conservators, predecessors, successors and assigns, hereby fully, finally and forever release and discharge Lev and Ludkovski, and their officers, directors, owners, members, managers, agents, employees, subsidiaries, affiliated and related companies, parent companies, insurers, attorneys, heirs, executors, administrators, trustees, trustors, predecessors, successors and assigns from any and all claims, demands, liens, actions, suits, causes of action, obligations, controversies, debts, costs, attorneys' fees, expenses, damages, judgments, orders, and liabilities of every kind or nature, in law, equity or otherwise, whether now known or unknown, suspected or unsuspected, and whether or not concealed or hidden, which have existed or may have existed, or which do exist, by reason of any and all acts, omissions, events, circumstances or facts, including without limitation any matters which concern or relate in any way to the Property, the Action, the Loan, the Note and the Deed of Trust.

b.    Effective upon dismissal with prejudice of the Action, Lev and Ludkovski, on behalf of themselves and their officers, directors, owners, members, managers, agents, employees, subsidiaries, affiliates, parent companies, insurers, attorneys, heirs, executors, administrators, trustors, conservators, predecessors, successors and assigns, hereby fully, finally and forever release and discharge Ayzenberg, and, agents, employees, heirs, executors, administrators, trustees, trustors, predecessors, successors and assigns from any and all claims, demands, liens, actions, suits, causes of action, obligations, controversies, debts, costs, attorneys' fees, expenses, damages, judgments, orders, and liabilities of every kind or nature, in law, equity or otherwise, whether now known or unknown, suspected or unsuspected, and whether or not concealed or hidden, which have existed or may have existed, or which do exist, by reason of any and all acts, omissions, events, circumstances or facts, including without limitation any matters which concern or relate in any way to the Property, the Action, the Loan, the Note and the Deed of Trust.

c.    *Waiver of Cal. Civ. Code § 1542.* The Parties acknowledge that there is a possibility that subsequent to the execution of this Agreement they will discover facts, or incur or suffer claims, which were unknown or unsuspected at the time this Agreement was executed and which, if known by them at that time, may have materially affected their decision to execute this Agreement, and that notwithstanding such discovery this Agreement shall remain unmodified and in full force and effect. The Parties acknowledge and agree that by reason of this Agreement, and the releases contained in Paragraph 3.a and 3.b., above, they are assuming the risk of any such unknown and unsuspected facts and claims. The Parties have been advised of the existence of Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT (1) THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT (2) IF KNOWN BY HIM OR HER (3) WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

1801694.1 - 32417.0002

Notwithstanding such provision, the releases contained in this Agreement are intended to be, and shall constitute, full releases in accordance with their terms. In further consideration of this Agreement, and except for those obligations created by, or arising out of, this Agreement, the Parties knowingly and voluntarily waive the provisions of Civil Code § 1542, as well as any other statute, law or rule of similar effect, and acknowledge and agree that this waiver is an essential and material term of this Agreement. The Parties represent that they have been advised by their legal counsel, and that they understand and acknowledge the significance and consequences of this release and the waiver of Section 1542 and other such laws.

4.      *Denial of Liability.* This Agreement is the result of a compromise and shall not at any time for any purpose be construed by the Parties, their attorneys, or by anyone else as an admission by any of the Parties of any liability or responsibility for any injuries and/or damages allegedly suffered.

5.      *Reliance on Own Judgment and Legal Consultation.* Each of the Parties acknowledges, warrants and represents that it relies wholly upon its own (and its own attorney's) judgment, belief and knowledge as to the nature, extent and duration of the issues, claims, defenses, rights and obligations relating to this Agreement, and each of the Parties represents that it has not been influenced to any extent whatsoever in making this Agreement by any representations or statements concerning the subject matter of this Agreement or regarding any other matters made by persons, firms, or corporations who are hereby released, or by any person or persons representing them.

6.      *Acknowledgements, Warranties, and Representations.* The Parties acknowledge, warrant, and represent as follows:

a.      The execution and delivery of this Agreement, and the consummation and performance of the terms and conditions contemplated by this Agreement, do not require any consent, approval or action of, or to make any filing with or to give notice to any person, court, public authority or entity, and the individuals executing this Agreement are duly authorized to enter into this Agreement on behalf of the Parties.

b.      The Parties further represent and warrant that no other person or entity has any interest in the claims, demands, obligations, or causes of action released by this Agreement. The Parties expressly represent that they have not sold, assigned, transferred, conveyed or otherwise disposed of the claims they are releasing in this Agreement.

c.      This Agreement is executed voluntarily, with full knowledge of the Agreement and its contents, and without duress or undue influence on the part of or on behalf of such Parties or any other person or entity.

d.      Each of the parties represents and warrants on behalf of him, her or itself that he, she or it has the full power and authority to enter into his Agreement and to bind the Parties, and that any and all necessary consents and approvals have been obtained, and that no other consent, approval or action is required.

e.      The Parties represent and warrant that they have not assigned, transferred or given any third party the right to pursue any claim or right that they may have against each other,  The Parties further warrant and agree that they will not assign any claim, and have not assigned any claim that they have or may have against the other The Parties further represent and warrant that they are unaware of any claims or potential  claims that exist or may exist against the other.

Page 3 of 5

1801694.1 - 32417.0002

7.    *Legal Capacity.* The Parties acknowledge, warrant, and represent that they are legally competent and authorized to execute this Agreement.

8.    *Entire Agreement/Integration.* This Agreement is the entire understanding and agreement between the Parties relating to the subject matter discussed herein. It is expressly acknowledged and recognized by the Parties that there are no other oral agreements or understandings between the Parties relating to the subject matter of this Agreement.

9.    *Amendments and Modifications.* No supplement, modification or amendment of this Agreement shall be binding unless executed in writing by all the Parties.

10.    *No Waiver.* No waiver of any of the provisions of this Agreement shall be deemed a waiver of, nor shall it constitute a waiver of, any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver.

11.    *Collaborative Drafting.* Neither this Agreement, nor any provision within it, shall be construed against any Party or its attorney because counsel for each of the Parties took part in the negotiation and drafting of this Agreement. The doctrine of *contra proferentem,* to the extent that it is still recognized under California law, shall not be considered with regard to the interpretation of the terms of this Agreement.

12.    *Attorneys' Fees, Expenses, and Costs.* Each of the Parties shall bear their own attorneys' fees and costs incurred in connection with the Action and in connection with the subject matter of this Agreement.

13.    *Confidentiality.* As this Action is an Elder Abuse Case, public policy does not permit that it be confidential but for the amount paid hereunder.  Code of Civ Proc Sect 2017.310 et seq.

14.    *Necessary Action.* Each of the Parties shall do any act or thing necessary to execute any or all documents or instruments necessary or proper to effectuate the provisions and intent of this Agreement.

15.    *Counterparts.* This Agreement may be executed in any number of counterparts, each of which when executed and delivered shall be an original, but all such counterparts shall constitute one and the same agreement. Signatures of this Agreement may be transmitted via electronic means (including facsimile or e-mail PDF scan) and shall be considered an original and binding against the Party who executed and delivered such signature via electronic means.

16.    *Notice.* Any notice or other communication which a Party is required or may desire to give the other under this Agreement shall be in writing and shall be (a) personally delivered, (b) mailed by registered or certified U.S. mail, postage prepaid with return receipt requested, or (c) delivered by Federal Express or similar generally recognized overnight carrier regularly providing proof of delivery, addressed as follows:

To Ayzenberg:

c/o Howard A. Kapp, Esq
LAW OFFICES OF HOWARD A. KAPP
3731 Wilshire Blvd., Suite 514
Los Angeles, California 90010
Telephone: (213) 927-8000
Email: hkapp@kapplaw.com

To Lev and Ludkovski:

c/o James R. Felton, Esq.
G&B LAW, LLC
16000 Ventura Blvd., Suite 1000
Encino, California 91436
Telephone: (818) 382-6200
Email: jfelton@gblawllp.com

Page 4 of 5

17.    *Time of the Essence.* Time is of the essence with respect to all provisions of this Agreement.

18.    *Governing Law and Forum.* The laws of the State of California, without giving effect to choice of law or conflict of law principles, shall govern the validity, construction, performance and effect of this Agreement. Any motion, lawsuit or action to interpret or enforce the terms of this Agreement shall be brought in a court of competent jurisdiction in Los Angeles County, California, and the prevailing Party on such motion, lawsuit or action shall be entitled to recover their reasonable attorney's fees and costs, including any expert witness fees and costs.

19.    *Retention of Jurisdiction.* The Parties agree that the Court in the Action shall retain jurisdiction over this matter pursuant to California Code of Civil Procedure § 664.6 to enforce the terms of this Agreement.

20.    *Full Force and Effect.* This Agreement shall become effective upon its full execution by the Parties.

21.    *Indemnification by Ayzenberg from any claim made by Gina Lisitsa against Lev and Ludkovski: Ayzenberg* hereby represents that she will defend, *Lev and Ludkovski,* and, indemnify and hold them harmless against any claim (if ever made) by Y. Gina Lisitsa in relation to the Loan.

The Parties, intending to be legally bound, execute this Agreement on the dates set forth below.

Dated: December  4 , 2019          **MARIYA AYZENBERG**

By:  _____

Dated: December  4 , 2019          **LEV INVESTMENTS, LLC**

By:  _____

Its:  _____

Dated: December  4 , 2019          **DMITRI LUDKOVSKI**

By:  _____

# EXHIBIT "Q"

Case 1:20-bk-11006-VK    Doc 18    Filed 06/17/20    Entered 06/17/20 12:53:35    Desc
Main Document    Page 271 of 352
Electronically FILED by Superior Court of California, County of Los Angeles on 12/13/2019 03:54 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Elizabeth Allen White

Michael Shemtoub, Esq.    SBN: 253948
LAW OFFICES OF MICHAEL SHEMTOUB
4929 Wilshire Blvd., Suite 702
Los Angeles, CA 90010
T: (310) 552-6959
F: (323) 421-9397

Attorney for FR LLC

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

CENTRAL JUDICIAL DISTRICT

| | |
|---|---|
| FR LLC, | Case No.: 19STCV45132 |
| Plaintiff, | COMPLAINT FOR: |
| vs. | 1. CONVERSION |
| LEV INVESTMENTS, LLC; DMITRI | 2. NEGLIGENT BAILMENT |
| LUDKOVSKI; RUVIN FEYGENBERG; | 3. UNJUST ENRICHMENT |
| MICHAEL LEIZEROVITZ; SENSIBLE | 4. QUIET TITLE |
| CONSULTING AND MANAGEMENT, INC. | DEMAND IN EXCESS OF $25,000.00 |
| and DOES 1 through 100, inclusive, | |
| | REQUEST FOR JURY TRIAL |
| Defendants. | |

Plaintiff, FR LLC, hereinafter Plaintiff, files its Complaint herein against Defendants, Lev Investments, LLC; Dmitri Ludkovski; Ruvin Feygenberg; Michael Leizerovitz; Sensible Consulting and Management, Inc. and DOES 1 through 100, inclusive, hereinafter collectively Defendants, as follows:

## **PARTIES**

1.    Plaintiff is a California limited liability company, and at all relevant times herein, doing business in the county of Los Angeles, state of California.

2.      Upon information and belief, Defendant, Lev Investments, LLC, hereinafter Lev, is a California limited liability company, and at all relevant times herein, doing business in the county of Los Angeles, state of California.

3.      Upon information and belief, Defendant, Dmitri Ludkovski, hereinafter Ludkovski, is an individual, and at all relevant times herein, the Manager and principal of Lev, doing business in the county of Los Angeles, state of California.

4.      Upon information and belief, Defendant, Ruvin Feygenberg, hereinafter Feygenberg, is an individual, and at all relevant times herein, residing and doing business in the county of Los Angeles, state of California.

5.      Upon information and belief, Defendant, Michael Leizerovitz, hereinafter Leizerovitz, is an individual, and at all relevant times herein, doing business in the county of Los Angeles, state of California.

6.      Upon information and belief, Defendant Sensible Consulting and Management, Inc., hereinafter Sensible Consulting, at all times relevant herein, a California corporation that is actively doing business in the county of Los Angeles, state of California.

7.      The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of the defendants named herein as DOE 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names, and Plaintiff will amend this Complaint to set forth their true names and capacities when the same are ascertained.

8.      Plaintiff is informed and believes and thereon alleges that Defendants DOE 1 through 100, inclusive, and each of them, claim some right, title, estate, lien or interest in the Property adverse to Plaintiff's ownership and that such claims constitute clouds on Plaintiff's title thereto.

9.      Plaintiff is informed and believes and thereon alleges that each fictitiously named Defendant is legally responsible in some manner for the events referred to and legally caused the damages to Plaintiff as alleged herein.

10.     Plaintiff is informed and believes and thereon alleges that each DOE Defendant claims some interest in the Property and is responsible in some manner for the occurrences herein alleged, and that Plaintiff hereby names each DOE Defendant as such that its interest, if any, shall be subject to the judgment rendered herein.

11.     Each reference in this Complaint to any defendant refers to all defendants sued under fictitious names.

12.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each of the defendants sued under fictitious names, was the agent or employee of each of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of this agency or employment.

## GENERAL ALLEGATIONS

### (Facts Common to All Causes of Action)

13.     Plaintiff incorporates by reference the allegations of paragraphs 1-12, *supra*, as though fully set forth herein.

14.     This lawsuit concerns the real property commonly known as 13854 Albers Street, Sherman Oaks, California 91401, hereinafter the Property, and legally known as:

> ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:
>
> THE NORTH 190 FEET OF THE EAST 99 FEET OF THE WEST 110 FEET OF LOT 103 TRACT NO. 1000, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 19 PAGES 1 TO 34, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Assessor's Parcel Number: 2247-013-001

15.     Plaintiff alleges that in late December 2018, Defendants, and each of them, approached Plaintiff's assignor for a loan of $119,000 to be secured with the Property. The loan was to be evidenced by a written Note and a Deed of Trust.

16.     Defendants, and each of them, promised that the terms of the loan were for half a year with interest of 10% per annum, interest in the amount of $992 due on the first of every

month beginning on February 1, 2019 and continuing to July 1, 2019, upon which time the principal and interest would be due in total to repay the loan in full.

17.    Defendants, and each of them, further promised that upon the sale of the Property to be no later than half a year from the date of the loan, Plaintiff would receive a proportional share of the profits from the Property minus the interest already paid.

18.    Based on these promises and representations, on or about December 28, 2018, Plaintiff's assignor wired $119,000 to escrow/title for the benefit of Defendants, and each of them.

19.    As of the time of this Complaint, Plaintiff's assignor still has not been provided, though he has requested, the Note and the first priority Deed of Trust evidencing the Loan and to date did not receive any interest payments or profits from the Property.

## FIRST CAUSE OF ACTION FOR CONVERSION

### (Against All Defendants)

20.    Plaintiff incorporates by reference the allegations of paragraphs 1-19, *supra*, as though fully set forth herein.

21.    At all times herein mentioned, and in particular on or about December 28, 2018, Plaintiff's assignor was, and still is, the owner and was, and still is, entitled to the possession of $119,000.

22.    On or about December 28, 2018, Defendants, and each of them, converted the same to their own use.

23.    Plaintiff demanded the immediate return of the above-mentioned property but Defendants, and each of them, failed and refused, and continue to fail and refuse, to return the property to Plaintiff.

24.    Between the time of conversion by the Defendants, and each of them, of the money and the Property mentioned above for their own exclusive use and the filing of this Action, Plaintiff expended time and expenses in pursuit of the converted money and the Property resulting in further damages to Plaintiff in a sum to be proven at trial.

COMPLAINT

25.    The acts of Defendants, and each of them, alleged above have been willful, malicious, and oppressive, and have been undertaken with the intent to defraud justifying, an award of exemplary and punitive damages.

26.    Wherefore, Plaintiff prays for judgment as said hereunder.

## SECOND CAUSE OF ACTION FOR NEGLIGENT BAILMENT

### (Against All Defendants)

27.    Plaintiff incorporates by reference the allegations of paragraphs 1-26, *supra*, as though fully set forth herein.

28.    Plaintiff's assignor is, and at all times herein mentioned was, the owner and entitled to the immediate and exclusive possession of the $119,000.

29.    On or about December 28, 2018, Plaintiff's assignor deposited with Defendants, and each of them, the aforementioned personal property by loaning it for a period of six months. At the end of that period, Defendants and each of them, failed to return the property to Plaintiff's assignor. Plaintiff's assignor then demanded that Defendants, and each of them, return the property to Plaintiff's assignor, but that demand was refused by Defendants, and each of them, and Defendants, and each of them, continue to withhold possession of the property.

30.    Wherefore, Plaintiff requests for judgment prayed for hereunder.

## THIRD CAUSE OF ACTION FOR UNJUST ENRICHMENT

### (Against All Defendants)

31.    Plaintiff incorporates by reference the allegations of paragraphs 1-30, *supra*, as though fully set forth herein.

32.    Defendants, and each of them, have at least $119,000 of Plaintiff assignor's money that they are otherwise not entitled to.

33.    Defendants, and each of them, are retaining the benefits of $119,000 unjustly and to Plaintiff's detriment.

34.    Defendants, and each of them, are unjustly retaining the benefit to Plaintiff's loss, by retaining Plaintiff assignor's money against fundamental principles of justice or equity and good conscience.

35.     Wherefore, Plaintiff prays for judgment against Defendants, and each of them, as more fully set forth below.

## FOURTH CAUSE OF ACTION FOR QUIET TITLE

(Against All Defendants)

36.     Plaintiff incorporates by reference the allegations of paragraphs 1-35, *supra*, as though fully set forth herein.

37.     The basis of Plaintiff's title to or interest in the Property is the conversion of Plaintiff's money for the purchase of the Property and its right to have been declared as the title holder of the Property.

38.     Plaintiff is informed and believes that Defendants, and each of them, claim an interest in the Property adverse to Plaintiff.

39.     Plaintiff is informed and believes and thereby alleges that Defendants, and each of them, claim an interest adverse to Plaintiff in the Property as the holders of deeds without showing of the Deed of Trust that was promised to Plaintiff's assignor. Some of the unknown defendants, as assignees and successors of Defendants, and each of them, claim interests in the Property adverse to Plaintiff's title.

40.     The adverse claims are all without any right whatever, and no such Defendants, and each of them, have any right, title, estate, lien, or interest whatever in the Property or any part of it.

41.     Plaintiff seeks to quiet title to the Property, against all adverse claims of all claimants, known and unknown, as of the date this Complaint was filed.

42.     An actual controversy exists between Plaintiff and Defendants, and each of them, regarding their respective rights and obligations regarding the Property and precisely the commitments of Defendants, and each of them, to have provided the promised Note and Deed of Trust and payments to Plaintiff's assignor for the entrustment of the money beginning on February 1, 2019.

43.     Plaintiff asserts that Plaintiff was to have been given a Note and Deed of Trust evidencing the entrustment of money and interest thereon.

COMPLAINT

44.     Defendants dispute the allegations mentioned earlier by their inaction and by failure to provide the Note and Deed of Trust and the monthly payments.

45.     Plaintiff desires a judicial determination of the rights and duties of each named party in respect to the Property and the ongoing dispute.

46.     A judicial determination is necessary and appropriate in order to establish the rights and duties of each party as to the Property.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a.  For compensatory damages in the sum of $119,000 and interest, and other damages in an amount to be determined by the Court;

b.  For the issuance of a writ of attachment against Defendants, and each of them, for the collection of damages in an amount to be determined by the Court;

c.  For accounting;

d.  For appointment of receiver;

e.  For specific performance;

f.  For injunctive relief;

g.  For restitution;

h.  For the value of the Property converted, but not less than $119,000;

i.  For interest at the legal rate on the foregoing sum pursuant to Civil Code § 3336, from and after December 28, 2018;

j.  For damages for the proximate and foreseeable loss resulting from conversion in the sum of to be proven at trial;

k.  For interest at the legal rate on the foregoing sum pursuant to Civil Code § 3287(a), from and after December 28, 2018;

l.  For damages for time and money properly expended in pursuit of the converted property in the sum to be proven at trial, but not less than $50,000;

m.  For punitive and exemplary damages, but not less than $300,000;

n.   For declaration of rights and duties of the parties as to the Property;

o.   For judgment to be made for sale of the Property according to law by a sheriff or marshal or other person appointed by this Court; that the sale proceeds be applied in payment of the amount due Plaintiff;

p.   For damages in the sum of $119,000, plus damages in such further sums as may be sustained and as are ascertainable before final judgment in this Action, but not less than $200,000;

q.   For prejudgment interest;

r.   For reasonable attorney's fees in an amount to be determined by the Court;

s.   For costs of suit incurred in this Action; and

t.   For such other and further relief as the Court deems just and proper.


                                    Respectfully submitted,

Dated: December 12, 2019            LAW OFFICES OF MICHAEL SHEMTOUB


                            By_____
                                    Michael Shemtoub, Esquire
                                    Attorney for FR LLC

COMPLAINT

# EXHIBIT "R"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE
CONSULTING AND MANAGEMENT, INC.; MING ZHU, LLC; and

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LEV INVESTMENTS, LLC

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA

CASE NUMBER
*(Número del Caso)*

COUNTY OF LOS ANGELES, Van Nuys Courthouse East

6230 Sylmar Avenue, Van Nuys, California 91401

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Thomas Sands, Esq., The Sands Law Group 205 S Broadway Ste 903, Los Angeles, CA 90012 (213) 788-4412

Sherri R. Carter Executive Officer / Clerk of Court

| DATE: 06/20/2019 *(Fecha)* | Clerk, by *(Secretario)* Angelica Salcedo | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

        ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev July 1 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| LEV INVESTMENTS v FEYGENBERG | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

DOES 1 through 100, inclusive

Page  2  of  2

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Electronically FILED by Superior Court of California, County of Los Angeles on 06/20/2019 08:31 AM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Salcedo,Deputy Clerk

Case 1:20-bk-11006-VK    Doc 18    Filed 06/17/20    Entered 06/17/20 12:53:35    Desc
Assigned for all purposes Main Document Courthouse Page 282 of 352ey Cotton

Thomas D. Sands, Esq.    SBN 279020
THE SANDS LAW GROUP, APLC
205 S. Broadway Ste 903
Los Angeles, California 90012
Telephone:    (213) 788-4412
Facsimile:    (888) 623-8382

Attorney for Lev Investments, LLC

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES,

## NORTHWEST JUDICIAL DISTRICT

| | |
|---|---|
| LEV INVESTMENTS, LLC, | Case No.: |
| Plaintiff, | VERIFIED COMPLAINT FOR: |
| vs. | 1. BREACH OF IMPLIED COVENANT AGAINST ENCUMBRANCES |
| RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC.; MING ZHU, LLC; and DOES 1 through 100, inclusive, | 2. QUIET TITLE<br>3. USURY<br>4. DECLARATORY RELIEF |
| Defendants. | DEMAND IN EXCESS OF $25,000.00 |

Plaintiff, Lev Investments, LLC, hereinafter Plaintiff, files its Complaint herein against Defendants, RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC.; MING ZHU, LLC; and DOES 1 through 100, inclusive, hereinafter collectively Defendants, as follows:

## PARTIES

1.    Plaintiff is a California limited liability company, and at all times relevant hereto, was doing business in the county of Los Angeles, state of California.

2.      Upon information and belief, Defendant, RUVIN FEYGENBERG, hereinafter
Feygenberg, is an individual, and at all relevant times herein, doing business in the county of Los
Angeles, state of California.

3.      Upon information and belief, Defendant, MICHAEL LEIZEROVITZ, hereinafter
Leizerovitz, is an individual, and at all relevant times herein, doing business in the county of Los
Angeles, state of California.

4.      Upon information and belief, Defendant SENSIBLE CONSULTING AND
MANAGEMENT, INC., hereinafter Sensible Consulting, at all times relevant hereto, a
California corporation doing business in the county of Los Angeles, state of California.

5.      Upon information and belief, Defendant MING ZHU, LLC, hereinafter Ming
Zhu, at all times relevant hereto, a California limited liability company doing business in the
county of Los Angeles, state of California.

6.      The true names and capacities, whether individual, corporate, associate,
governmental, or otherwise, of the Defendants named herein as DOE 1 through 50, inclusive, are
unknown to Plaintiff, who therefore sues said defendants by such fictitious names, and Plaintiff
will amend this Complaint to set forth their true names and capacities when the same are
ascertained. Plaintiff is informed and believes and thereon alleges that Defendants DOE 1
through 50, inclusive, and each of them, claim some right, title, estate, lien or interest in the
Property adverse to Plaintiff's ownership and that such claims constitute clouds on Plaintiff's
title thereto.

7.      The true names and capacities, whether individual, corporate, associate,
governmental, or otherwise, of Defendants DOE 51 through 100, inclusive, are unknown to
Plaintiff, which therefore sues said defendants by such fictitious names. Plaintiff will amend this
Complaint to allege the true names and capacities of such Defendants when the same are
ascertained. Plaintiff is informed and believes and thereon alleges that each fictitiously named
Defendant is legally responsible in some manner for the events referred to and legally caused the
damages to Plaintiff as alleged herein.

8.      Plaintiff is informed and believes and thereon alleges that each DOE Defendant claims some interest in the Property and is responsible in some manner for the occurrences herein alleged, and that Plaintiff hereby names each DOE Defendant as such that its interest, in any, shall be subject to the judgment rendered herein. Each reference in this Complaint to any Defendant, refers to all Defendants sued under fictitious names.

9.      Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each of the Defendants sued under fictitious names, was the agent or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of this agency or employment.

## JURISDICTION AND VENUE

10.      The amount of controversy herein, exclusive of attorneys' fees, interest and costs, does exceed the sum of $25,000.00.

11.      Venue is proper in this judicial district as the Property that gave rise to this action is located in this judicial district.

## GENERAL ALLEGATIONS

### (Facts Common to All Causes of Action)

12.      Plaintiff incorporates by reference the allegations of paragraphs 1-11, *supra*, as though fully set forth herein.

13.      This lawsuit concerns the real property commonly known as 13854 Albers Street, Sherman Oaks, California 91401, hereinafter the Property, and legally known as:

ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

THE NORTH 190 FEET OF THE EAST 99 FEET OF THE WEST 110 FEET OF LOT 103 TRACT NO. 1000, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 19 PAGES 1 TO 34, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

ASSESSOR'S PARCEL NUMBER: 2247-013-001

14.      Plaintiff alleges that on or about January 31, 2019, Defendants Feygenberg and Leizerovitz signed a Grant Deed, whereby all right, title and interest in the Property was

transferred to Plaintiff. See **Exhibit A**, a true and correct copy of the Grant Deed, attached hereto and incorporated herein by reference.

15.    Feygenberg also gave a loan that is secured with the Property. See **Exhibit B**, a true and correct copy of the Deed of Trust, attached hereto and incorporated herein by reference.

16.    Sensible Consulting, whose principal, on information and belief, is Leizerovitz, also gave a loan that is secured with the Property. See **Exhibit B**, a true and correct copy of the Deed of Trust, attached hereto and incorporated herein by reference.

17.    Under the terms of the contract, interest payment on the principal were to be equivalent to 23.00% per annum.

18.    The interest payment terms of the contract are usurious and violate the California Constitution Article XV, Section 1(2), which prescribes that a contract for a loan for any use other than primarily for personal, family, or household purposes may not provide for an interest rate that exceeds 10.00% per annum.

19.    On information and belief, on or about March 29, 2019, Feygenberg assigned all of his interest in the Deed of Trust to Sensible Consulting. See **Exhibit C**, a true and correct copy of the Assignment, attached hereto and incorporated herein by reference.

## FIRST CAUSE OF ACTION

### (Breach of Implied Covenant against Encumbrances)

(Against All Defendants, except Sensible Consulting and Ming Zhu)

20.    Plaintiff incorporates by reference the allegations of paragraphs 1-19, *supra*, as though fully set forth herein.

21.    Pursuant to Civil Code § 1113, Defendants, and each of them, covenanted that the estate granted by the Grant Deed was at the time of the execution free from encumbrances, done, made or suffered by Defendants, and each of them, or any person claiming under Defendants, and each of them, including taxes, assessments, and all liens on the Property, and that implied covenant was not restrained or in any way affected by any express terms contained in the deed.

22.     At the time of the making and delivery of the Grant Deed, the Property was not free from all encumbrances, but, on the contrary, Defendants, and each of them, before that time owed property taxes and a judgment.

23.     On March 4, 2013, in the Superior Court of California, County of San Francisco, judgment was rendered against Defendants, and each of them, in the sum of $169,885.38, in an action in which Ming Zhu was plaintiff, and Defendants, and each of them, in this action were defendants, that action being entitled *Ming Zhu v. San Francisco Medical Imaging, et al.*, and being numbered CGC-11-516808, which judgment was entered at the same court, at the same time, and which judgment constituted a lien on the Property described above pursuant to the Abstract of Judgment, recorded as instrument number 20130597359 in the Official Records of the County of Los Angeles, on April 22, 2013. See **Exhibit D**, a true and correct copy of the Abstract, attached hereto and incorporated herein by reference.

24.     For a further breach Plaintiff alleges that at the time of the execution and delivery of the Grant Deed from Defendants, and each of them, the Property was subject to taxes duly assessed prior to the execution of the deed, charged and levied on the Property by the City and County of Los Angeles, which tax was then due and unpaid and at the time of the delivery of the Grant Deed constituted a lien and encumbrance by law on the Property.

25.     By reason of the breach of covenant against encumbrances of Defendants, and each of them, Plaintiff is requesting an offset against Defendants, and each of them, and any and all other damages and costs according to proof.

## SECOND CAUSE OF ACTION

### (Quiet Title)

(Against All Defendants)

26.     Plaintiff incorporates by reference the allegations of paragraphs 1-25, *supra*, as though fully set forth herein.

27.     The basis of Plaintiff's title to or interest in the Property is Plaintiff's Grant Deed granting Plaintiff title in fee simple.

28.     Plaintiff is informed and believes that Defendants, and each of them, claim an interest in the Property adverse to Plaintiff.

29.     Plaintiff is informed and believes and thereby alleges that Defendants, and each of them, claim an interest adverse to Plaintiff in the Property as the holder of a lien representing an unsatisfied judgment against Defendants, and each of them, a former owner of the Property. The Abstract of Judgment was recorded on April 22, 2013, in the Official Records of the County of Los Angeles. Some of the unknown defendants, as assignees and successors of Defendants, and each of them, claim interests in the Property adverse to Plaintiff's title.

30.     The adverse claims are all without any right whatever, and no such Defendants, and each of them, have any right, title, estate, lien, or interest whatever in the Property or any part of it.

31.     Plaintiff seeks to quiet title to the Property, against all adverse claims of all claimants, known and unknown, as of the date this Complaint was filed.

## THIRD CAUSE OF ACTION

### (Usury)

(Against All Defendants, except Ming Zhu)

32.     Plaintiff incorporates by reference the allegations of paragraphs 1-31, *supra*, as though fully set forth herein.

33.     Beginning from about March 2019, Plaintiff requested a payoff of the loan, Defendants, and each of them, presented numerous payoff statements demanding repayment of the loan with a usurious interest rate. The payoff demands of Defendants, and each of them, were in excess of the maximum rate of interest allowed by the California Constitution, Article XV, Section 1.

34.     An actual controversy has arisen and now exists between Plaintiff and Defendants, and each of them, concerning their respective rights and duties in that Plaintiff contends that it is only obligated to pay Defendants, and each of them, the principal amount of the loan without interest, and that the interest rate specified in the contract is usurious and should be declared null and void, whereas Defendants, and each of them, disputes this contention and

1  contends that Plaintiff must continue paying both the principal amount and the specified interest

2  rate.

3      35.      Plaintiff desires a judicial determination of its rights and duties, and a declaration

4  that the interest rate provisions of the contract are null and void, pursuant to the California

5  Constitution, Article XV, Section 1 and Section 2 of the Statutes of 1919, page lxxxiii.

6      36.      A judicial declaration is necessary and appropriate at this time under the

7  circumstances in order that Plaintiff may ascertain its rights and duties under the contract.

8                          **FOURTH CAUSE OF ACTION**

9                              **(Declaratory Relief)**

10                            (Against All Defendants)

11     37.      Plaintiff incorporates by reference the allegations of paragraphs 1-36, *supra*, as

12  though fully set forth herein.

13     38.      An actual controversy exists between Plaintiff and Defendants, and each of them,

14  regarding their respective rights and obligations with respect to the Property, Grant Deed, Deed

15  of Trust, Assignment, and Abstract.

16     39.      Plaintiff asserts that Plaintiff's title to the Property is fee simple and Plaintiff

17  holds title free and clear of any liens.

18     40.      Plaintiff is informed and believes and thereon alleges that Defendants, and each of

19  them, deny that Plaintiff holds title free and clear of any liens and, instead, contend that Plaintiff

20  has to repay the judgment evidenced by the Abstract (Exhibit D), pay taxes and pay the usurious

21  interest rate on the loan.

22     41.      Plaintiff desires a judicial determination of the respective rights and liabilities of

23  Plaintiff and Defendants, and each of them, with respect to the Property, which judicial

24  determination is necessary and appropriate in order to permit Plaintiff to proceed to enforce its

25  rights as to the Property.

26

27     WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as

28  follows:

## ON THE FIRST CAUSE OF ACTION

1. For offset;

2. For the sum according to proof, but not less than $300,000;

## ON THE SECOND CAUSE OF ACTION

For a judgment that Plaintiff is the owner in fee simple of the Property, and that no Defendants, and each of them, have any interest in the Property adverse to Plaintiff;

## ON THE THIRD CAUSE OF ACTION

For the assessment of treble damages against Defendants, and each of them, in the sum according to proof, but not less than $355,000.00;

For a declaration that the interest rate provisions of the contract are null and void and of no force and effect;

## ON THE FOURTH CAUSE OF ACTION

For a judgment that Plaintiff's title is fee simple, free of any liens;

For a judgment declaring the validity of the judgment evidenced by the Abstract;

For a judgment declaring that Plaintiff does not owe the judgment evidenced by the Abstract;

For a judgment compelling Defendants, and each of them, to offset the payment of the judgment evidenced by the Abstract and taxes from what is owed to Defendants, and each of them, by Plaintiff;

For a permanent injunction, enjoining Defendants, and each of them, and their agents, servants and employees, and all persons acting under, in concert with, or for them to offset the amount due at payoff from the principal loan amount;

For damages in the sum of $655,000, plus damages in such further sums as may be sustained and as are ascertainable before final judgment in this action.

///

///

///

///

## ON ALL CAUSES OF ACTION

For costs of suit incurred in this action; and

For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: June 19, 2019                         THE SANDS LAW GROUP, APLC

By _____
Thomas D. Sands, Esquire
Attorney for Lev Investments, LLC

## VERIFICATION

I, Dmitri Lioudkovski, am the Manager of the Plaintiff, the current owner of the Property in the above-entitled proceeding. I have read the above Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 19, 2019                         By _____
Dmitri Lioudkovski, Manager

COMPLAINT

**This page is part of your document - DO NOT DISCARD**



# 20190258567



Pages:
0005

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**03/22/19 AT 02:38PM**

| | | |
|---|---|---|
| FEES: | | 51.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| SB2: | | 75.00 |
| PAID: | | 126.00 |

## PCOR SURCHARGE $20.00



LEADSHEET



201903220930027

00016397730

009707986

SEQ:
01

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**



E3M330

# EXHIBIT A

RECORDING REQUESTED BY
Lev Investments, LLC

WHEN RECORDED MAIL TO
AND MAIL TAX STATEMENTS TO

    **Lev Investments, LLC**
    **PO Box 16646**
    **Beverly Hills, CA 90209**



03/22/2019

*20190258567*

# GRANT DEED

**APN NO.      2247-013-001**

THE UNDERSIGNED GRANTOR(s) DECLARE(s)
DOCUMENTARY TRANSFER TAX is $_____0.00_____ CITY TAX $ gift R&T §§ 11911, 11930, *et seq*.
    ☐ computed on full value of property conveyed, or ☐ computed on full value less value of liens or
    encumbrances remaining at time of sale,
    ☐ Unincorporated area:  ☐ City of _____, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

    **Lev Investments, LLC, a California limited liability company, as to an undivided
    50.00% interest, Ruvin Feygeberg, an individual, as to an undivided 25.00% interest
    and Michael Leizerovitz, an individual, as to an undivided 25.00% interest,**

hereby GRANT(S) to

    **Lev Investments, LLC, a California limited liability company**

the following described real property in the County of Los Angeles, State of California:

    SEE **EXHIBIT "A"** ATTACHED HERETO AND MADE A PART HEREOF

Commonly known as 13854 Albers Street, Sherman Oaks, CA 91401

                           Lev Investments, LLC

Dated ___1/31/19___

                        Dmitri Lioudkovski, Manager

Dated ___1-31-19___

                        Ruvin Feygeberg, an individual

Dated ___1/31/19___

                        Michael Leizerovitz, an individual

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached and not the truthfulness, accuracy, or
validity of that document.

State of California

County of Los Angeles

On January 31, 2019 before me Brandon Alexander Guerrero, as Notary Pub (here insert name
and title of the officer), personally appeared Levin Feyadarg and Dimitri Liwslkuvski, who proved to
me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.**

WITNESS my hand and official seal.

Signature _____ (Seal)



BRANDON ALEXANDER GUERRERO
Notary Public – California
Los Angeles County
Commission # 2221730
My Comm. Expires Nov 12, 2021

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached and not the truthfulness, accuracy, or
validity of that document.

State of California

County of Los Angeles

On January 31, 2019 before me Brandon Alexander Guerrero, Notary Public (here insert name
and title of the officer), personally appeared Michael Leizerovitz _____, who proved to
me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.**

WITNESS my hand and official seal.

Signature _____ (Seal)



BRANDON ALEXANDER GUERRERO
Notary Public - California
Los Angeles County
Commission # 2221730
My Comm. Expires Nov 12, 2021

# EXHIBIT "A"

All that certain real property situated in the County of Los Angeles, State of California, described as follows:

THE NORTH 190 FEET OF THE EAST 99 FEET OF THE WEST 110 FEET OF LOT 103 TRACT NO. 1000, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 19 PAGES 1 TO 34, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

ASSESSOR'S PARCEL NUMBER: 2247-013-001

**This page is part of your document - DO NOT DISCARD**



# 20190258568



**Pages:
0004**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**03/22/19 AT 02:38PM**

| FEES: | 53.00 |
|---|---|
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 150.00 |
| PAID: | 203.00 |



**L E A D S H E E T**



201903220930027

**00016397731**



009707986

**SEQ:
02**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

EM2358

# EXHIBIT B

RECORDING REQUESTED BY:
**Ruvin Feygenberg and
Sensible Consulting and Management, Inc.**

WHEN RECORDED MAIL TO:

Ruvin Feygenberg
17777 Ventura Blvd.
Encino, CA 91316



03/22/2019

*20190258568*

ORDER NO.                                                SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

APN: 2247-013-001

**This Deed of Trust**, made this, between Lev Investments, LLC, a California limited liability company, herein called **TRUSTOR**, whose address is PO Box 16646, Beverly Hills, CA 90209,

**Real Property Trustee, Inc.,** a Delaware Corporation, herein called **TRUSTEE,** and

Ruvin Feygenberg, an individual, as to an undivided 50.00% interest, and Sensible Consulting and Management, Inc., a California corporation, as to an undivided 50.00% interest, herein called **BENEFICIARY,**

Witnesseth: That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE,** that property in Los Angeles County, California, described as:

**For complete legal description, see exhibit "A" attached hereto.**

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $1,257,675.00 executed by Trustor in favor of Beneficiary by order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded under date, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glen | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego | Series 2, Book 1961, Page 183887 | | | | |

FOR SIGNATURE(S) SEE SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.

## SHORT FORM DEED OF TRUST SIGNATURE(S) PAGE

ORDER NO.

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

Lev Investments, LLC

X _____          Date: _01/31/19._

Dmitri Lioudkovski, Manager

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA

COUNTY OF ___LOS ANGELES___

On _January 31, 2019_ before me, _Brandon Alexander Guerrero_ , a Notary
Public, personally appeared _Dmitri Lioudkovski._

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

```
BRANDON ALEXANDER GUERRERO
Notary Public – California
Los Angeles County
Commission # 2221730
My Comm. Expires Nov 12, 2021
```

(Seal)

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

# EXHIBIT "A"

All that certain real property situated in the County of Los Angeles, State of California, described as follows:

THE NORTH 190 FEET OF THE EAST 99 FEET OF THE WEST 110 FEET OF LOT 103 TRACT NO. 1000, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 19 PAGES 1 TO 34, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

ASSESSOR'S PARCEL NUMBER: 2247-013-001



This page is part of your document - DO NOT DISCARD

## 20190286165





**Pages:**
**0003**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**04/02/19 AT 01:58PM**

| | |
|---|---|
| FEES: | 23.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 98.00 |



LEADSHEET



201904020930021

00016442086

009728235

**SEQ:**
**03**

DAR - Counter (Upfront Scan)



THIS FORM IS NOT TO BE DUPLICATED

LSFBJM

**EXHIBIT C**

Recording Requested By )

John G. Burgee )

When Recorded, Mail To )

Burgee & Abramoff, PC )
20501 Ventura Boulevard, Suite 262 )
Woodland Hills, California 91364 )

)
04/02/2019

*20190286165*

_(Space above this line for recorder's use)_

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned Ruvin Feygenberg hereby grants, transfers, and assigns to
Sensible Consulting and Management, Inc., a California corporation, all of his beneficial interest under
that certain Deed of Trust dated January 31, 2019 executed by Lev Investments, LLC, a California
limited liability company, to Real Property Trustee, Inc., a Delaware corporation, Trustee, and recorded
as Instrument Number 20190258568, on March 22, 2019, of the Official Records in the County Records
Office of Los Angeles County, State of California, describing the following real property:

THE NORTH 190 FEET OF THE EAST 99 FEET OF THE WEST 110 FEET OF LOT 103 TRACT NO.
1000, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS
PER MAP RECORDED IN BOOK 19 PAGES 1 TO 34, INCLUSIVE, OF MAPS, IN THE OFFICE OF
THE COUNTY RECORDER OF SAID COUNTY.

Commonly known as:    13854 Albers Street, Sherman Oaks, California 91401

APN: 2247-013-001.

TOGETHER WITH the note or notes therein described or referred to, the money due and to become due
thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated: March 29, 2019

Ruvin Feygenberg

MAIL TAX STATEMENTS AS SHOWN ABOVE

1

CERTIFICATE OF ACKNOWLEDGEMENT OF NOTARY PUBLIC

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA

}SS.

COUNTY OF LOS ANGELES

On ___3|29|2019___, before me, _Sandy A. Cordova, Notary Public_ (here insert name and title of the officer), personally appeared _Ruvin Feygenberg_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Sandy A. Cordova_

SANDY A. CORDOVA
Notary Public · California
Los Angeles County
Commission # 2245301
My Comm. Expires Jun 22, 2022

(Seal)

2



**This page is part of your document - DO NOT DISCARD**



# 20130597359

Pages:
0004

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**04/22/13 AT 12:11PM**

| | |
|---|---|
| FEES: | 35.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 35.00 |



LEADSHEET



201304220760110

00007551515



004791120

SEQ:
01

DAR - Mail (Hard Copy)



THIS FORM IS NOT TO BE DUPLICATED



EXHIBIT D

RECORDING REQUESTED BY

*2*

**WHEN RECORDED MAIL TO**

✓ NAME  M. DAVID DeSUTIS

✓ MAILING 1330 BROADWAY, SUITE 1032

✓ CITY, STATE ZIP CODE

OAKLAND, CA  94612



04/22/2013

*20130597359*

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

**TITLE(S)**

$35

✓  ABSTRACT  OF  JUDGMENT

**EJ-001**

3

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, address, State Bar number, and telephone number)

Recording requested by and return to    510-465-5212

M. David DeSantis (132629)
Gianunzio & DeSantis LLP
130 Broadway
Suite 1032
Oakland, CA 94612

[✓] ATTORNEY FOR    [✓] JUDGMENT CREDITOR    [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civil

FOR RECORDER'S USE ONLY

| PLAINTIFF: Ming Zhu, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT: San Francisco Medical Imaging, Inc., et al. | CGC-11-516808 |

| ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS    [ ] Amended | FOR COURT USE ONLY |
|---|---|

1. The [✓] judgment creditor [ ] assignee of record applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address

   ⚹
   RUVIN FEYGENBERG
   18044 VALLEY VISTA BLVD.
   ENCINO, CA 91316

   b. Driver's license no. [last 4 digits] and state: xxxx9366 CA    [ ] Unknown
   c. Social security no. [last 4 digits]: xxx-xx-5670    [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address): Veriza Doe, Sub
      17779 Ventura Blvd., Encino, CA 91316

2. [✓] Information on additional judgment debtors is shown on page 2.

3. Judgment creditor (name and address):
   Ming Zhu, LLC, c/o M. David DeSantis, Esq.
   1330 Broadway, Ste. 1032, Oakland, CA 94612

Date: March 6, 2013
M. David DeSantis
(TYPE OR PRINT NAME)

4. [ ] Information on additional judgment creditors is shown on page 2.

5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

▶                    (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $ 169,885.38

7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on (date): March 4, 2013
   b. Renewal entered on (date):

9. [ ] This judgment is an installment judgment.

10. [ ] An [ ] execution lien [ ] attachment lien is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of (name and address):

11. A stay of enforcement has
    a. [✓] not been ordered by the court.
    b. [ ] been ordered by the court effective until (date):

12. a. [✓] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

CLERK OF THE COURT

This abstract issued on (date):
MAR 1 4 2013

Clerk, by  RAYMOND WONG    Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 (Rev January 1, 2008)

ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS

Page 1 of 2
Code of Civil Procedure, §§ 488.480, 674, 700.190

| PLAINTIFF: Ming Zhu, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT: San Francisco Medical Imaging, Inc., et al. | CGC-11-516808 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address)*:            14. Judgment creditor *(name and address)*:

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.            Name and last known address            17            Name and last known address

San Francisco Medical Imaging, Inc.
815 Hyde Street, Suite 100
San Francisco, CA 94109

Driver's license no. [last 4 digits]
and state:                          ☑ Unknown

Social security no. [last 4 digits]:       ☑ Unknown

Summons was personally served at or mailed to *(address)*:
Max Frid, Agent
8159 Santa Monica Blvd., Suite 200
West Hollywood, CA 90046

Driver's license no. [last 4 digits]
and state:                          ☐ Unknown

Social security no. [last 4 digits]:       ☐ Unknown

Summons was personally served at or mailed to *(address)*:

18.            Name and last known address            19.            Name and last known address

Driver's license no. [last 4 digits]
and state:                          ☐ Unknown

Social security no. [last 4 digits]:       ☐ Unknown

Summons was personally served at or mailed to *(address)*:

Driver's license no. [last 4 digits]
and state:                          ☐ Unknown

Social security no. [last 4 digits]:       ☐ Unknown

Summons was personally served at or mailed to *(address)*:

20. ☐ Continued on Attachment 20.

EJ-001 [Rev. January 1, 2008]            **ABSTRACT OF JUDGMENT—CIVIL**            Page 2 of 2
                                         **AND SMALL CLAIMS**

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Van Nuys Courthouse East
6230 Sylmar Avenue, Van Nuys, CA 91401

## NOTICE OF CASE ASSIGNMENT
### UNLIMITED CIVIL CASE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles
06/20/2019

Sherri R. Carter, Executive Officer / Clerk of Court
By: Angelica Salcedo, Deputy
Angelica Salcedo

**Your case is assigned for all purposes to the judicial officer indicated below.**

CASE NUMBER:
19VECV00878

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Huey P. Cotton | A | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    Sherri R. Carter, Executive Officer / Clerk of Court

on 06/21/2019
(Date)    By Angelica Salcedo    , Deputy Clerk

LACIV 190 (Rev 6/18)    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

# EXHIBIT "S"



*October 13, 2019*

To:    *LEV INVESTMENTS, LLC, LDI VENTURES LLC, DMITRI LIOUDKOVSKI,
REAL PROPERTY TRUSTEE, INC* (cumulatively called "you" hereafter).


**Re:   *Representation in the matter of* GA&TV INC. and COACHELLA VINEYARD
LUXURY RV, LLC, v. LEV INVESTMENTS, LLC, LDI VENTURES LLC,
DMITRI LIOUDKOVSKI, REAL PROPERTY TRUSTEE, INC., Riverside
Superior Court Case No.   RIC1905065**


*Ldi1202@gmail.com*

Dear Mr. Lioudjovski:

California law requires that contracts for legal services (with certain exceptions) be in
writing and contain specified information. *[*Bus. & Prof. Code § 6148*]*. This letter is
intended to satisfy the conditions required by California law by setting forth the
understanding between you and me for the services you want me to perform as your
attorney.


1. I shall provide those legal services reasonably required to represent you and shall take
reasonable steps to keep you informed of progress and to respond to your inquiries. My
services may include and are limited to preparation for and appearance at the October 23,

1

2019, court hearing in the matter of GA&TV INC. and COACHELLA VINEYARD LUXURY RV, LLC, v. LEV INVESTMENTS, LLC, LDI VENTURES LLC, DMITRI LIOUDKOVSKI, REAL PROPERTY TRUSTEE, INC., Riverside Superior Court Case No.  RIC1905065.   This Letter Agreement does not include any work beyond the scope of trial court representation and only to Judgment unless either terminated by you or I.

2. In order to adequately represent you, it is important that you be truthful with me, cooperate with me, keep me informed of developments, abide by this agreement, pay my bills on time and keep me advised of your current address, telephone number, and whereabouts.

3. You agree to pay for legal services based upon my standard legal billing rates in effect at the time I perform the services. Billable time shall include preparation, research, and travel time. My hourly billing rates, at this time, are as follows: $550 per hour. You understand that such rates may increase in the future. Billable time will be charged in minimum 0.1 units of an hour (6 minutes). Your obligation with respect to payment of my fees is not contingent upon completion or success of the proposed matter.

4. In addition to the above fees, you agree to reimburse me for costs and expenses incurred in connection with my representation of you, including fees fixed by law or assessed by public agencies, long distance telephone calls, messenger or delivery fees, postage expenses, in-office photocopying at $$0.50 per page, parking, mileage at $0.45 per mile, investigation expenses, expenses of materials or books particularly related to my representation of you, expenses of consultation with other attorneys, accountants, or other professionals. You authorize me to incur all reasonable costs and to hire any investigators, attorneys, or consultants reasonably necessary in my judgment.

5. You agree to pay my statements within 10 number of days after each statement's date. I shall send you periodic statements for fees and/or costs incurred; I anticipate that these statements will be sent monthly. You may request a statement at intervals of no less than *30* days. On your request I shall provide a statement within *30-* days.

6. At this time, a deposit of $10,000.00 is required as an advance of my retainer. This sum will be deposited in a trust account, to be used to pay costs and expenses and fees for legal services. You authorize me to withdraw sums from your retainer in the trust account to pay the costs and/or fees you incur. Any unused deposit at the conclusion of my services will be refunded. No interest will be paid to you or to me on any moneys

2

deposited into the trust account; all interest being first credited toward account maintenance charges imposed by the bank and thereafter to the State of California by operation of law. The trust account may contain retainer funds deposited by other clients, but I shall account for all funds separately. I reserve the right to require that your retainer amount in the trust account be increased should your billings regularly equal or exceed the amount of the current balance of your retainer in the trust account.

7. You are free to consult with another attorney at any time, and you may discharge me as your attorney at any time. I may withdraw from representing you with your consent or for good cause. Good cause includes your breach of this agreement, your refusal to cooperate with me or to follow my advice on a material matter, or any other fact or circumstance that would render my continuing representation unlawful or unethical.

8. You understand that nothing in this agreement and nothing in my statements to you are to be construed as a promise or guarantee about the outcome of any of your matters. I make no such promises or guarantees. My comments about the outcome of your matters are expressions of opinion only.

9. In the event that any fee is not paid as provided above, I reserve the right to charge you interest at the rate of 10 percent per annum, until payment is received. You agree that if fees are not paid promptly, I shall be able to recover from you attorney's fees and costs in connection with negotiation, settlement, or an action to enforce payment of fees pursuant to this agreement.

10.   Time is of the essence.   I must prepare and file the Opposition to the Preliminary Injunction by the 16th of October 2019 (3-days from now).

11.   The only guarantee that I can give you is based on my experience: in my experience, if the Preliminary Injunction is not granted, the case will customarily end.   If the Preliminary Injunction is granted, the case will take substantial efforts, resources and time to resolve.

12.   I will be against the Retainer that you give me immediately upon competition of each specific task: i.e. when I finish the Opposition to the Motion for Preliminary Injunction, I will bill you for it, and simultaneously move the funds that you have put on Retainer with me (i.e. cashier's check, money order, or cash)(which you must do on or before Noon on October 16, 2019, as I will have to devote considerable resources and

3

staff in preparing a reply (that I have already began on based on good faith)) to be timely filed.

13.    Since Ms. Lisitsa' appearance for you on October 10, 2019, was to address and ex-parte request, she has not made an appearance on your behalf and I do not need "substitution of attorney" forms to make my appearance into the case.

14. I do maintain errors and omissions insurance policy.

15. There will be no obligation by me and there will not be an attorney-client relationship on which you can rely on and I will not be filing any Opposition for you if I do not receive $10,000.00 in certified funds by October 16, 2019, by Noon.  This item is not negotiable.

16.  I will provide you with a Russian translation of this document for you concurrently herewith, but I disavow the exact translation as the translation is software-based.

Very truly yours,

_____
*Thomas D. Sands, Esq.*
Attorney
205 S. Broadway, Suite 903
Los Angeles, CA 90012
213-788-4412
888-623-8382 (facsimile)

Agreed and accepted:
Dated:

_____
Dimitri Lioudjovski
On behalf of Himself and
LEV INVESTMENTS, LLC,
LDI VENTURES LLC,
DMITRI LIOUDKOVSKI,
REAL PROPERTY TRUSTEE, INC.,

4

# EXHIBIT "T"

Страница 1

13 октября 2019 а.

кому: ЛЕВ ИНВЕСПЕНТС, 000, ЛДИ ВЕНТУРЕС, 000, ДМИТРИЙ ЛИОУДКОВСКИЙ,

REAL PROPERTY TRUSTEE, INC' (далее в совокупности называется «вы»).

не: представитетьство 6 дете GA & TV INC. И COACHELLA VINEYARD

000 «ЛЮКС рв», 000 «ЛЕВ ИНВЕСТМЕНТС», 000 «ЛДИ ВЕНТУРЕС»,

DMITRI LIOUDkOVSkI, REAL PROPERTY TRUSTEE, INC., Риверсайд

Дело Верховного Суда RIC190S06S

Ldi1202@gmaii.сот

Уважаемый господин Лпуцжовски!

Закон штата Калифорния требует, чтобы контракты на юр1шпческие услути (за
некоторыми исключениями) заключались в

писать п содержать указанную пнформащ1ю. [ Автобус. & Prof. Code 6148] . Это
письмо

предназначен для удовлетворения условий, требуемых законодательством штата
Калифорния, путем

взаимопонимание между вамп п мной в отношенпп услуг, которые вы хотите, чтобы
я выполнял в качестве вашего

адвокат.

1. Я предоставлю юридические услуги, разумно необходимые для того, чтобы
представлять вас, п возьму на себя

разумные шаги, чтобы держать вас в курсе прогресса п отвечать на ваши
запросы. мой

услуги могут включать п ограничиваются подготовкой п появлением 23 октября,

Страница 2

2019, судебное заседание по делу (ЗА & TV пчс. II COACHELLA VINEYARD

LUXURY RV, 000, с. ЛЕВ ПНВЕСТМЕНТС, 000, ЛДП ВЕНТУРЕС, 000, ШШТРП

ЛПОУДКОВСЮПЛ, REAL PROPERTY TRUSTEE, ПЧС., дело Риверсайда в верховном суде

N2 RIC 1905065. Настоящее Письменное соглашение не включает в себя работы,
выхоцящпе за рамки

представительства в суде первой пнстанщш п только в решеюш, если только вы
плп я не расторгли

2. Для того, чтобы достойно представлять вас, важно, чтобы вы были честны со мной,

сотрудничать со мной, держать меня в курсе событий, соблюдать это соглашение, оплатить моп

своевременно оплачивайте счета и держите меня в курсе вашего текущего адреса, номера телефона п

местопребывание.

3 . Вы соглашаетесь оплачивать юридические услуги, исходя из моих стандартных действующих правовых норм

в то время я выполняю услуги. Оплачиваемое время должно включать подготовку, исследование п

время для путешествий. Мои почасовые тарифы на данный момент следующие: 550 долларов в час. Вы

поюптю, что такие ставки могут увеличиться в будущем. Оплачиваемое время будет взиматься в

минимум единицы часа (6 минут). Ваше обязательство в отношении оплаты

мои гонорары не зависят от завершения или успеха предложенного вопроса.

4. В дополнение к вышеуказанным сборам вы соглашаетесь возместить мне расходы и издержки.

понесенные в связи с моим представлением о вас, включая сборы, установленные законом пли

оценивается государственными органами, междугородние телефонные звонки, посыльные пли стоимость доставки,

почтовые расходы, ксерокопирование в офисе по цене S 0,50 за страницу, парковка, пробег - S 0,45

за милю, расходы на расследование, расходы на материалы пли книги, особенно связанные с

мое представление о вас, расходы на консультации с другими адвокатами, бухгалтерами пли

другие профессионалы. Вы разрешаете мне нести все разумные расходы п нанимать любого

следователи, адвокаты пли консультанты разумно необходимы по моему мнению.

5. Вы соглашаетесь оплачивать моп заявления в течение 10 дней после даты каждого заявления.

Я буцу присылать вам периодические отчеты об оплате п / пли понесенных расходах; Я ожидаю, что эш

Заявления будут отправляться ежемесячно. Вы можете запросить выписку с интервалом не менее

30 дней По вашему запросу я предоставлю заявление в течение 30 дней.

6. В настоящее время требуется аванс в размере 10000 долларов CLIIA в качестве аванса от моего гонорара. Этот

сумма будет зачислена на трастовый счет, который будет использоваться ц.ля оплаты расходов п расходов и сборов за

юридические услуги. Вы разрешаете мне снимать суммы с вашего держателя в трастовом счете

оплатить расходы п пли сборы, которые вы несете. Любой неиспользованный депозит в конце моего

услуги будут возвращены. Никакие проценты не будут выплачены вам или мне ни на какие деньги

2

Страница 3

зачисляется на трастовый счет; все проценты сначала зачисляются на счет

плата за обслуживание, взимаемая банком, а затем в штате Калифорния

действие закона. Трастовый счет может содержать резервные средства, депонированные друтимп клиентами,

но я буду учитывать все средства отдельно. Я оставляю за собой право потребовать, чтобы ваш фиксатор

сумма на трастовом счете должна быть увеличена, если ваши счета регулярно равны или превышают

сумма текущего баланса вашего держателя в трастовом счете.

7. Вы можете в любое время проконсультироваться с другим адвокатом, п вы можете уволить меня, как

Ваш адвокат в любое время. Я могу отказаться от представления вас с вашего согласия пли для

достаточное основание. Хорошая прпчпна включает в себя ваше нарушение этого соглашения, ваш отказ от сотрудничества

со мной или последовать моему совету по материальному вопросу пли любому другому факту или обстоятельству

это сделало бы мое продолжающееся представление незаконным пли неэтичным.

8. Вы понимаете, что ничто в этом соглашении п ничто в моих заявлениях вам

быть истолкованным как обещание или гарантия о решеюш любых ваших вопросов. я

не делайте таких обещаний пли гарантий. Моп комментарпп о результатах вап_ппх цел

являются только выражением мнения.

9. В случае, если какой-либо сбор не уплачен, как указано выше, я оставляю за собой право взимать с вас плату

проценты по ставке 10 процентов годовых, до получения оплаты. Вы согласны с тем, что если

сборы не выплачиваются своевременно, я смогу взыскать с вас расходы на адвоката и расходы в

связь с переговорами, урегумгрованпе или действия по обеспечению оплаты пошлин в соответствии с

к этому соглашению.

10. Время имеет существенное значение. Я должен подготовить п подать оппозицию на предварительный

Предписание от 16 - октября 2019 (3- х дней с этого момента).

11. Единственная гарантия, которую я могу вам дать, основана на моем опыте: по моему опыту,

если предварительный судебный запрет не предоставлен, цело обычно заканчивается. Если

Предварительный судебный запрет предоставляется, цело потребует значительных усилий, ресурсов п

время решить.

12. Я буду против Хранителя, которого вы мне дадите сразу после соревнования

каждая конкретная задача: то есть, когда я заканчиваю оппозицию двпж•ен11ю для предварительного

В судебном порядке я выставлю вам счет п одновременно переведу средства, на которые вы положили

Хранитель со мной (т.е. чек кассира, денежный перевод пли наличные) (который вы должны сделать на пли

цо полудня 16 октября 2019 года, так как мне придется посвятить значительные ресурсы п

Страница 4

сотрудники в подготовке ответа (что я уже начал на основе добросовестности)), чтобы быть своевременным

поданной.

13. С тех пор как г-жа Лисица выступила перед вамп 10 октября 2019 года, она должна была обратиться п

просьба ex-parte, она не выступала от вашего имени и мне не нужна

Бланки «замена адвоката», чтобы я появился в деле.

14. Я сохраняю ошпбю1 п упущения в страховом полисе.

15. У меня не будет никаких обязательств п не будет отношений между адвокатом п клиентом.

на которую вы можете положиться, п я не буду выдвигать против вас какую-либо оппозицию, если я этого не сделаю

получить S 10 000,00 в виде сертифицированных средств цо 16 октября 2019 года, к полудню. Этот предмет не

предметом переговоров.

16. Я предоставлю вам русский перевод этого документа для вас одновременно

при этом, но я отрицаю точный перевод, поскольку перевод основан на программном обеспечении.

Очень искренне ваш,

Томас Д. Сэндс, эсквайр

адвокат

205 S. Broadway, Suite 903

Лос-Анджелес, CA 90012

213-788-4412

888-623-8382 (факсимильный аппарат)

Договорились п приняли:

Датируется:

Дмитрий Лпуцжовскпй

От себя и

ЛЕВ ПНВЕСТМЕНТС, 000,

000 .ЛДП ВЕНТУРЕС,

Щ,'ШТРПЙ .ТПЮУДКОВСКПЙ,

НАСТОЯЩАЯ НЕдвпжпмость, инк.

4

# EXHIBIT "U"

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Northwest District, Van Nuys Courthouse East, Department A

**19VECV00878**                                          November 22, 2019
**LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.**                8:30 AM

Judge: Honorable Huey P. Cotton          CSR: None
Judicial Assistant: J. Szramkowski        ERM: None
Courtroom Assistant: A. Ataryan           Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Thomas D Sands (Telephonic)

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Hearing on Motion to be Relieved as Counsel

The matter is called for hearing.

Counsel submits on the courts tentative ruling.

The Court adopts its tentative ruling as the order of the court.

The Plaintiff's Motion to Be Relieved as Counsel filed by Thomas D Sands, Lev Investments,
LLC on 10/28/2019 is Granted.

# EXHIBIT "V"

**Fill in this information to identify the case:**

Debtor 1    LEV INVESTMENTS, LLC

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Central District of California

Case number   1:20-bk-11006-VK

---

## Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

---

### Part 1:   Identify the Claim

| | |
|---|---|
| 1. **Who is the current creditor?** | The Sands Law Group<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor  Thomas D. Sands, Esq. |
| 2. **Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes.  From whom? _____ |

3. **Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| The Sands Law Group<br>Name | <br>Name |
| 205 S Broadway, Suite 903<br>Number        Street | <br>Number        Street |
| Los Angeles          CA          90012<br>City                State          ZIP Code | <br>City                State          ZIP Code |
| Contact phone (213) 788-4412 | Contact phone _____ |
| Contact email thomas@thesandslawgroup.com | Contact email _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

| | |
|---|---|
| 4. **Does this claim amend one already filed?** | ☑ No<br>☐ Yes.   Claim number on court claims registry (if known) _____        Filed on _____<br>                                                                                          MM  / DD  / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes.  Who made the earlier filing? _____ |

---

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**

$ _____ 10,500.01 . Does this amount include interest or other charges?

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

services performed _____

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate (when case was filed)** _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| | ☐ Yes. Check all that apply: | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

**If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.**

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  06/12/2020
                  MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| Name | Thomas | D | Sands |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | Attorney |
|---|---|

| Company | The Sands Law Group |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 205 S Broadway, Suite 903 | | |
|---|---|---|---|
| | Number    Street | | |
| | Los Angeles | CA | 90012 |
| | City | State | ZIP Code |

| Contact phone | (213) 788-4412 | Email thomas@thesandslawgroup.com |
|---|---|---|



# THE SANDS LAW GROUP
## Los Angeles
### 205 S Broadway, Suite 903
### Los Angeles, California 90012
### O: (213)-788-4412
### F: (888)-623-8382

October 25, 2019
Invoice #: 48

Dmitri  Ludkovsk
Manager
Lev Investments, LLC
8159 SANTA MONICA BLVD., STE 200
LOS ANGELES , CA 90046

| Date | Matter | Staff | Description | Hours | Rate | Total |
|------|--------|-------|-------------|-------|------|-------|
| | | | Previous Balance | | | $0.00 |
| 6/17/2019 | LEV INVESTM LLC VS RUVIN FEYGEN ET AL., | Thomas Sands | L110 Revi liabil ████ | 4.17 | $250.00 | $1,041.67 |
| 6/19/2019 | LEV INVESTM LLC VS RUVIN FEYGEN ET AL., | Thomas Sands | L21 Fina ████ | 5.17 | $250.00 | $1,291.67 |
| 6/20/2019 | LEV INVESTM LLC VS RUVIN FEYGEN ET AL., | Thomas Sands | L21 Pre all d ████ | 2.17 | $250.00 | $541.67 |
| 6/24/2019 | LEV INVESTM LLC VS RUVIN FEYGEN ET AL., | Thomas Sands | A107 Meet about ████ | 0.25 | $250.00 | $62.50 |
| 6/24/2019 | LEV INVESTM LLC VS RUVIN FEYGEN ET AL., | Thomas Sands | L210 Recei compl ████ | 1.00 | $250.00 | $250.00 |

| Date | Matter | Staff | Description | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| 7/22/2019 | LEV INVESTM LLC VS RUVIN FEYGEN ET AL., | Thomas Sands | A107<br>Rece<br>I am<br>Cons<br>to m<br>Com<br><br>The<br><br>First<br><br>Ther<br>whic<br><br>First,<br>cons<br>618,<br>indic<br>a gift<br><br>Seco<br>been<br>basis<br>sust<br><br>Ther<br>is no<br>the p<br>unde<br><br>Seco<br><br>The<br>in titl<br>The<br>How<br>prop<br>factu<br><br>In thi<br>Leiz<br>merit<br><br>Defe<br>purs<br>title<br>on w<br>Loan<br>unde<br>alleg<br>no b<br><br>Third<br><br>The<br>and<br>was<br>of Tr<br>were<br>Your<br>unsu<br>actu<br>vagu<br><br>Four<br><br>Simp<br>suffic<br>(194<br>facts<br>esse<br>title<br>were<br>they<br>Faun<br><br>Sum<br><br>Non<br>and<br>clien<br>plea<br>cros | 1.25 | $250.00 | $312.50 |

| Date | Matter | Staff | Description | Hours | Rate | Total |
|------|--------|-------|-------------|-------|------|-------|
| 7/30/2019 | LEV INVESTM LLC VS RUVIN FEYGEN ET AL., | Thomas Sands | A10 Mee | 0.25 | $250.00 | $62.50 |
| 8/14/2019 | LEV INVESTM LLC VS RUVIN FEYGEN ET AL., | Thomas Sands | L21 Pre CO FEY | 1.17 | $250.00 | $291.67 |
| 8/15/2019 | LEV INVESTM LLC VS RUVIN FEYGEN ET AL., | Thomas Sands | L21 Dem of p ... emo | 3.75 | $250.00 | $937.50 |
| 8/26/2019 | LEV INVESTM LLC VS RUVIN FEYGEN ET AL., | Thomas Sands | L21 Fina | 3.08 | $250.00 | $770.83 |
| 8/28/2019 | LEV INVESTM LLC VS RUVIN FEYGEN ET AL., | Thomas Sands | A10 Rec Mr. | 0.83 | $250.00 | $208.33 |
| 9/9/2019 | LEV INVESTM LLC VS RUVIN FEYGEN ET AL., | Thomas Sands | L21 Rev repl hea | 2.75 | $250.00 | $687.50 |
| 9/10/2019 | LEV INVESTM LLC VS RUVIN FEYGEN ET AL., | | L21 Rev file | 3.75 | $250.00 | $937.50 |

| Date | Matter | Staff | Description | Hours | Rate | Total |
|------|--------|-------|-------------|-------|------|-------|
| 9/26/2019 | LEV INVESTM LLC VS RUVIN FEYGEN ET AL., | | L21 Re | 3.42 | $250.00 | $854.17 |
| 9/27/2019 | LEV INVESTM LLC VS RUVIN FEYGEN ET AL., | | A10 Me Co ...ed. | 0.75 | $250.00 | $187.50 |
| 10/9/2019 | LEV INVESTM LLC VS RUVIN FEYGEN ET AL., | | L23 Pre | 0.75 | $250.00 | $187.50 |

| Date | Matter | Staff | D | | Hours | Rate | Total |
|---|---|---|---|---|---|---|---|
| 10/12/2019 | LEV INVESTM LLC VS RUVIN FEYGEN ET AL., | | | | 1.08 | $250.00 | $270.83 |

| Date | Matter | Staff | Description | | Hours | Rate | Total |
|------|--------|-------|-------------|---|-------|------|-------|
| 10/22/2019 | LEV INVESTM LLC VS RUVIN FEYGEN ET AL., | | L230 Case | | 4.17 | $250.00 | $1,041.67 |
| 10/25/2019 | LEV INVESTM LLC VS RUVIN FEYGEN ET AL., | | L230 Resea Zhu. | ing | 2.25 | $250.00 | $562.50 |
| | | | **Amount Due** | | 42.01 | | **$10,500.01** |

# EXHIBIT "W"

1 | Stella Havkin, SBN: 134334
HAVKIN & SHRAGO
2 | ATTORNEYS AT LAW
5950 Canoga Avenue, Suite 400
3 | Woodland Hills, California 91367
Telephone: (8181) 999-1568
4 | Facsimile: (818) 305-6040
Email: stella@havkinandshrago.com
5 |
6 | Attorneys for Debtor and Plaintiff
NAZARET KECHEJIAN
7 |
8 |
9 | **UNITED STATES BANKRUPTCY COURT**
10 | **CENTRAL DISTRICT OF CALIFORNIA**
11 | **SAN FERNANDO VALLEY DIVISON**
12 |

| | |
|---|---|
| In re | Case No.    1:18-bk-10828-MT |
| NAZARET KECHEJIAN, | Chapter 13 |
| Debtor. | Adv. No.    1:18-ap-01101-MT |
| | **FIRST AMENDED COMPLAINT FOR:** |
| NAZARET KECHEJIAN, | **(1) Violation of California Usury Laws** |
| Plaintiff, | **(2) Violation of California High Cost Mortgage Law** |
| v. | **(3) Violation of TILA** |
| | **(4) Violation of HOEPA** |
| GREG MKRCHYAN, an individual, aka GARIK MKRCHYAN, aka GHEGHAM MKRTCHYAN, aka GHEGHAM TER-MIKRTCHYAN; KIRILL KIZYUK, an individual, PRIME CAPITAL GROUP, INC, a California Corporation; MKRTCHYAN INVESTMENTS, L.P., a California Limited Partnership; ARTHUR ARISTAKESYAN, an individual; PHANTOM PROPERTIES, LLC, a Nevada limited liability company; DMITRI LIOUDKOVSKI, an individual;  LDI VENTURES, LLC., a California limited liability company, | **(5) Violation of California Civil Code §1632** |
| | **(6) Unconscionability (Civil Code §1688 Et Seq).** |
| | **(7) Intentional Misrepresentation** |
| | **(8) Fraud** |
| | **(9) Unfair Business Practices (BPC §17200)** |
| | **(10) Declaratory Relief** |
| Defendants. | |

1    **TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY**

2    **JUDGE, ELIZABETH ROJAS, CHAPTER 13 TRUSTEE, AND ALL INTERESTED**

3    **PARTIES:**

4            Debtor and Plaintiff Nazaret Kechejian ("Plaintiff" or "Debtor") hereby files his First

5    Amended Complaint against Defendants, and each of them, as follows:

6

7                              **JURISDICTION AND PARTIES**

8            1.      This Court has subject matter jurisdiction over this adversary proceeding pursuant to

9    28 U.S.C. §§ 157(b), and 1334(a), in that this proceeding arises under title 11 of the United States

10   Code,  and arises in and is related to a chapter 13 bankruptcy case.

11           2.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (K) and

12   (O).

13           3.      Venue is proper in this Court pursuant to 28 U.S.C. §1409.

14           4.      Plaintiff, Nazaret Kechejian ("Plaintiff") is the Debtor in the bankruptcy estate (the

15   "Estate") created in the instant Chapter 13 bankruptcy case pending in the San Fernando Valley

16   Division of the United States Bankruptcy Court for the Central District of California titles as *In re*

17   *Nazaret Kechejian* , bearing case number 1:18-bk-10828-MT (the Bankruptcy Case") and initiated

18   this case by filing a voluntary petition on April 2, 2018 (the "Petition Date").

19           5.      Plaintiff is informed and believes that Defendant Prime Capital Group ("Prime") is,

20   now, and at all relevant times herein, a corporation duly organized and incorporated under the

21   laws of the State of California, with its principal place of business in Burbank, California.  Prime

22   is a licensed real estate broker with the Bureau of Real Estate (BRE License No. 01920305) and

23   with a Mortgage Loan Originator License Endorsement (NMLS ID No. 964619).

24           6.      Plaintiff is informed and believes that Defendant, Greg Mkrchyan aka Garik

25   Mkrchyan aka Ghegham Mkrtchyan aka Ghegham Ter-Mikrtchyan ("Mkrchyan") is, and at all

26   times herein, an individual residing and conducting business in the Central District of California,

27   and which he did and does business in the State of California relevant hereto and is a licensed

28   salesperson with the Bureau of Real Estate (BRE License No. 01351133). Mkrchyan is employed

1 | by Prime.

2 |     7.    Plaintiff is informed and believes that Defendant Kirill Kizyuk ("Kizyuk") is an
3 | individual residing and conducting business in the Central District of California, and which he did
4 | and does business in the State of California relevant hereto, and is a licensed real estate broker
5 | with the Bureau of Real Estate (BRE License No. 01442158), and with a Mortgage Loan
6 | Originator License Endorsement (NMLS ID No. 396123). Kizyuk is the designated officer for
7 | Prime.

8 |     8.    Plaintiff is informed and believes that Defendant Mkrtchyan Investments, L.P. is,
9 | now, and at all relevant times herein, a limited partnership organized and existing under the laws
10 | of the State of California, with its principal place of business in Granada Hills, California.

11 |     9.    Plaintiff is informed and believes that Defendant Arthur Aristakesyan
12 | ("Aristakesyan") is, and at all times herein, an individual residing in the State of Nevada, who is
13 | not authorized to do business in the Central District of California.

14 |     10.    Plaintiff is informed and believes that Defendant Phantom Properties, LLC
15 | ("Phantom") is now, and at all times herein, a limited liability company under the laws of the State
16 | of Nevada, with its principal place of business in Las Vegas, Nevada, and is not authorized to do
17 | business in the Central District of California.

18 |     11.    Plaintiff is informed and believes that Defendant Dmitri Lioudkovski ("Dmitri") is,
19 | and at all times herein, an individual residing and doing business in the Central District of
20 | California and a managing member of LDI.

21 |     12.    Plaintiff is informed and believes that Defendant LDI Ventures, LLC ("LDI") is now,
22 | and at all times herein, a limited liability company organized and existing under the laws of the
23 | State of California, with its principal place of business in Beverly Hills, California.

24 | **GENERAL ALLEGATIONS**

25 |     13.    This is an action for rescission and damages arising out of three illegal and void
26 | Notes and Deeds of Trust recorded against Plaintiff's residential property. The purported loans
27 | and the actions taken by the Defendants are the product of unfair business and predatory lending
28 | practices.

14.   At all times relevant herein, Plaintiff was the owner of a single-family residence in Los Angeles County whose address is 14725 Marlin Place, Van Nuys, California 91405 (the "Property"). At all times relevant herein, the Property was Plaintiff's primary residence.

15.   In November 2015, Plaintiff was introduced to Kizyuk and Mkrchyan where it was promised Plaintiff would qualify for a good home mortgage loan with a good rate.

16.   In order to obtain the required loan, Prime requested Plaintiff enter into an Agreement to Procure Lender regarding the Property wherein Prime agreed to act as agent for Plaintiff to "find and procure a lender to make Borrower a loan."   About this time, Kizyuk met in person with Plaintiff to complete the loan application and required loan documents (collectively the "Loan Documents"). During the preparation of the Loan Documents, Kizyuk advised the Plaintiff not to list the Property as his primary residence but as investment property.  Plaintiff is unaware the reason he was instructed to complete the Loan Documents in this manner but followed Kizyuk's instructions as Kizyuk was being hired for his expertise.

17.   Plaintiff is foreign born and Armenian is his native language. The Loan Documents were written in English and prepared in English.  While Plaintiff can read English, he is not competent in his understanding or comprehension of either oral or written English language. Kizyuk knew of Plaintiff's limited English language abilities.  The Loan Documents were not provided or translated in Armenian.

18.   On or about November 20, 2015, Prime procured Mktrchyan Investments, L.P. to loan Plaintiff the sum of $50,000 which was memorialized by a promissory note dated November 20, 2015 (the "Mkrtchyan Loan").

19.   Defendants never explained the full terms of the Mkrtchyan Loan, including but not limited to the rate of interest, how the interest rate would be calculated, the payment schedule, the risks and disadvantages of the loan.

20.   Certain fees in obtaining the loan were also not explained to Plaintiff, including but not limited to processing fees, loan origination fees, notary fees, wire transfer fee, documentation preparation fee, credit report fee, appraisal fees, and loan tie fees.

21.   The Mkrtchyan Loan was ambiguous and uncertain regarding the terms but Plaintiff signed them in reliance on representations and the trust and confidence placed in Defendants Prime, Kizyuk, and Mktrchyan Investments, L.P.

22.   As of about November 20, 2015, Plaintiff's understanding of the Mkrtchyan Note was that it was a six (6) month loan term with fully amortized monthly payments of $8,676.65 beginning January 1, 2016.  The Mkrtchyan Note contained a 10% penalty for each payment made more than 10 days after the due date.

23.   Despite the fact the Mkrtchyan Note provided for fully amortized payments, Prime had Plaintiff execute an interest only addendum on the November 20, 2015 which provided that Plaintiff would pay interest only for the first five months with a balloon payment due on June 1, 2016 in the amount of $50,582.92.

24.   At the time, Plaintiff was not knowledgeable about private money lenders or what is colloquially called a hard-money loan, i.e., high cost mortgage based on the equity value secured by a real property.

25.   On or about November 23, 2015, Prime procured Phantom Properties LLC. to loan Plaintiff the sum of $55,000 which was memorialized by a promissory note dated November 23, 2015 (the "Phantom Loan").

26.   Once again, Defendants never explained the full terms of the Phantom Loan, including but not limited to the rate of interest, how the interest rate would be calculated, the payment schedule, the risks and disadvantages of the loan.

27.   Certain fees in obtaining the loan were also not explained to Plaintiff, including but not limited to processing fees, loan origination fees, notary fees, wire transfer fee, documentation preparation fee, credit report fee, appraisal fees, and loan tie fees.

28.   Just like the Mkrtchyan Loan, the Phantom Loan was ambiguous and uncertain regarding the terms but Plaintiff signed them in reliance on representations and the trust and confidence placed in Defendants Prime, Kizyuk, and Phantom Properties, LLC.

29.   As of about November 23, 2015, Plaintiff's understanding of the Phantom Note was that it was a six (6) month loan term with fully amortized monthly payments of $9,544.32

1 │ beginning January 1, 2016. The Phantom Note contained a 10% penalty for each payment made

2 │ more than 10 days after the due date.

3 │      30.    Despite the fact the Phantom Note provided for fully amortized payments, Prime

4 │ had Plaintiff execute an interest only addendum on the November 23, 2015 which provided that

5 │ Plaintiff would pay interest only for the first five months with a balloon payment due on June 1,

6 │ 2016 in the amount of $55,641.21.

7 │      31.    As part of the November 20, 2015 closing, Plaintiff was charged points ant fees

8 │ totaling $6,385 for the $50,000 Mkrtchyan Loan, $5,000 of which was paid to Prime as a

9 │ brokerage commission. This amounted to 10% of the loan amount.

10 │      32.    Additionally, as part of the November 23, 2015 closing on the Phantom Loan,

11 │ Plaintiff was charged points and fees totaling, $6,500, $4,400 of which was paid to Prime as a

12 │ brokerage commission, which amounted to 8.46%.   After all costs were paid, Plaintiff received a

13 │ total of $89,643 from the $105,000 in loans.

14 │      33.    After signing the loan documents for the Mkrtchyan and Phantom Loans, Plaintiff

15 │ discovered a number of loan terms that were contrary to the representations made by Defendants

16 │ and operated to make it impossible for Plaintiff to meet its obligations under the loans, including,

17 │ but not limited to a very high interest rate and short-term balloon payments.

18 │      34.    Plaintiff had no ability to make the balloon payments on June 1, 2016, but that was

19 │ no surprise given the contents of the loan application and considering Plaintiff declared $8,000 per

20 │ month in gross income as a cab driver with an average credit score in the law 500's.

21 │      35.    Defendants knew or should have known that Plaintiff did not have sufficient

22 │ income to repay the Mkrtchyan and Phantom Loans. So it was no surprise on or about June 1,

23 │ 2016, when Mkrchyan offered to extend the loans from June 1, 2016 to March 31, 2017 in

24 │ exchange for extension fees of $12,000, over 10% of the loan balances, and attorneys fees of

25 │ $12,700, also in excess of 10% of the loan balances.

26 │      36.    Recognizing that Plaintiff did not have and never could have the ability to repay the

27 │ $144,319.60 balance due from the Mkrtchyan and Phantom Loans, Mkrchyan and Prime offered

28 │ to originate a consolidated loan.

37. The consolidation loan was dated May 1, 2017 and the lender was LDI in the principal amount of $165,000, which amount included the payoff for the Mkrtchyan and Phantom Loans plus another $15,000 in costs and fess to Prime (the "LDI Loan"). Andrei and Dmitri as managing members of the LDI are responsible for any

38. The LDI Loan had identical repayment terms as the Mkrtchyan and Phantom Loans. The interest rate was 13.990%, a term of 6 months, with fully amortized monthly payments. The LDI note contained a 10% penalty for each payment made more than ten days after the due date. Also, Prime had Plaintiff execute an interest only addendum that same date as the note which provides that interest only will be paid for the first five months with a balloon payment due on December 1, 2017.

39. During March 2018, Plaintiff was willing and able to tender an amount to cure the default. Plaintiff's counsel inquired numerous times of LDI's counsel as to what the exact amount necessary to cure the default and LDI was unable to provide the amount owed on the loan.

40. From the date of origination of the Mkrtchyan Loan, Defendants knew the loan was virtually certain to result in the loss of equity and to end in default as it was predictably unsustainable for Plaintiff on his modest income.

41. Through repeated misrepresentations and inaccurate disclosures, Defendants prevented Plaintiff from comprehending the truly destructive nature of the loan. Moreover, Defendants knew or should have known that the mortgages were unsuitable for Plaintiff, who they knew or should have known lacked the ability to repay the loan.

42. Defendants' fraudulent and deceptive actions violated numerous federal and state consumer protection laws, including but not limited to the Truth in Lending Act; the Home Ownership and Equity Protection Act; and common law doctrines of fraud.

43. Each of the defendants, was the agent, or employee, partner or officer, director or joint venturer of defendant herein, and doing the things herein alleged was acting within the course and scope of said agency, employment, partnership, joint venture, or association and under the direction of, and with the consent and permission, advance knowledge and/or ratification of the other defendants. At all times relevant, the named defendants, and each of

them, formed and operated under a common plan and agreement, with the resulting injuries
and damages to Plaintiff arising from acts done in furtherance of the common design. Further,
at all times relevant, the named defendants, and each of them, aided and abetted the
commission of the torts alleged herein in that: (a) each defendant knew the other defendants'
conduct constituted a breach of duty and gave substantial assistance or encouragement to the
other defendants to so act, or, (b) each defendant gave substantial assistance to the other
defendants in accomplishing a tortious result and that defendant's own conduct, separately
considered, constituted a breach of duty to Plaintiff.

44.     Plaintiff is informed and believes, and thereon alleges, that if any of Defendants
are corporations, such corporations were in mere form only, having no separate existence and
apart from all Defendants, that there exists, and at all times herein existed, a unity of interest
and ownership between all Defendants such that any individuality and separateness between
the Defendants have ceased and all Defendants are the alter ego of each Defendant.

## FIRST CLAIM FOR RELEIF

### (Violation of California Usury Laws Against Defendants Prime, Mktrchyan Investments, L.P. Phantom, LDI)

45.     Plaintiff refers to and, by this reference, incorporates and alleges herein, each and
all the allegations set forth in Paragraphs 1 through 44 inclusive, of this First Amended Complaint
("FAC").

46.     It is unlawful to charge usurious interest rates. A person has violated the usury
laws where (i) the person lends money to another; (ii) interest to be paid must exceed
statutory maximum often percent per annum; (iii) the borrower must repay the loan and
interest; and (iv) lender willfully entered into the usurious transaction. California
Constitution, Article XV; Civil Code §1916-2; *Ghirardo v. Antonioli*, 8 Cal.4th 791 (1994).

47.     All the loans offered by Defendants are usurious and charged interest rates that
exceeded the statutory maximum percent per annum and none of the Defendants are exempt
lenders under California law.

48.     Defendants unilaterally imposed the terms of the loan that included usurious

1 │ interest rates.

2 │     49.    Plaintiff is informed and believe, and thereon alleges, that defendants' actions

3 │ are outrageous and constitute the felony of loan sharking and entitle Plaintiff to attorney's fees

4 │ and costs incurred herein and recover treble damages based on the amount of interest paid.

5 │     50.    Further, as a result of this conduct, Plaintiff was harmed and seeks as damages

6 │ for the usurious transaction by cancelling all interest due under the loan.

7 │ **SECOND CLAIM FOR RELEIF**

8 │ **(Violation of California High Cost Mortgage Law, California Financial Code§ 4970 et seq.)**

9 │ **(Against Defendants Prime, Mktrchyan Investments, L.P. , Phantom)**

10 │     51.    Plaintiff refers to and, by this reference, incorporates and alleges herein, each and

11 │ all the allegations set forth in Paragraphs 1 through 44 inclusive, of this FAC.

12 │     52.    California Fin Code §4970 et seq. mirrors federal statutes including the Truth

13 │ in Lending Act, 15 U.S.C. §1638; Regulation Z, 12 C.F.R. §1026 et seq.; Home Owner

14 │ Equity Protection Act, 15 U.S.C. § 1639 (b)(l), that require borrowers who obtain covered

15 │ loans from a lender, i.e. real estate loan under $250,000 secured by the borrower's principal

16 │ residence, to receive certain mandatory disclosures and that the lender consider the borrower's

17 │ ability to repay the loan. Defendants did neither here.

18 │     53.    As a result of Defendants' failure to comply with California High Cost Mortgage

19 │ Law, Plaintiff is entitled to the remedies set forth in Cal. Fin. Code §4978, namely an avoidance of

20 │ all provisions of the loan that violate the law, actual damages, attorney fees, punitive damages and

21 │ a civil penalty of at least $15,000. Additionally, failure to provide the required disclosures to

22 │ Plaintiff also give him the right to rescind the loan transaction.

23 │ **THIRD CLAIM FOR RELEIF**

24 │ **(Violation of Truth in Lending Act ("TILA"))**

25 │ **(Against All Defendants)**

26 │     54.    Plaintiff refers to and, by this reference, incorporates and alleges herein, each and

27 │ all the allegations set forth in Paragraphs 1 through 44 inclusive, of this FAC.

28 │     55.    Plaintiff is informed and believes, and thereon alleges, that Defendants, in concert

    with its agents, have engaged in acts or practices in violation of the Truth in Lending Act

1  ("TILA"), 15 U.S.C. §§1601 *et seq.,* and its implementing regulations, Federal Reserve Board

2  Regulation Z, 12 C.F.R.§226.

3       56.    Pursuant to TILA § 1602(g), a "creditor" is defined as a person who both (1)

4  regularly extends consumer credit which is payable by agreement in more than four installments

5  or for which the payment of a finance charge is or may be required; and (2) is the person to whom

6  the debt arising from the consumer credit transaction is initially payable on the face of the

7  evidence of indebtedness.

8       57.    In pertinent part, pursuant to Regulation Z, §1026.2(a)(17), a person regularly

9  extends consumer credit if it extended credit more than five times for transactions secured by a

10  dwelling in the preceding calendar year. Pursuant to TILA § 1602(g), a "creditor" also means any

11  person who originates two or more high-cost mortgages in any 12-month period (as defined by

12  TILA § 1602(bb)).

13       58.    TILA §1602(bb)(1)(A) and Regulation Z §1026.32(a)(1) define the term "high cost

14  mortgage" to mean any consumer credit transaction that is secured by the consumer's principal

15  dwelling that meets one of the definitions of "high-cost mortgage."

16       59.    TILA §1602(bb)(1)(A)(i)(II) and Regulation Z §1026.32(a)(1)(i)(c) treat a

17  consumer credit transaction as a "high-cost" mortgage if the transaction secured by a subordinate

18  or junior mortgage on the consumer's principal dwelling, the annual percentage rate at

19  consummation of the transaction will exceed by more than 8.5 percentage points the average

20  prime offer rate, as defined in section 1639c(b)(2)(B) of this title, for a comparable transaction.

21       60.    As a result of the subject transactions, Defendants acquired an interest in the

22  Plaintiff's primary residence that secures payment or performance of an obligation. Plaintiff's

23  annual percentage rate ("APR") for the Mkrtchyan Loan was 42.913%, and the Phantom Loan

24  was 40.809%. The average prime rate on November 23, 2015 was 3.2% and on May 1, 2017 it

25  was 3.41%.[1] Thus, for two of the loans the APR exceeded by more than 8.5% points the average

26  prime offer rate at the time of each loan. Because of the exceedingly high APR, at least two of

27

28

[1] Plaintiff respectfully requests the Court take judicial notice of the rates obtained from the website of the Federal Financial Institutions Examination Council (https://www.ffiec.gov).

1    Plaintiff's loans are considered a "high-cost" mortgage.

2        61.    Plaintiff is informed and believes, and thereon alleges, this consumer credit

3    transaction violated TILA and Regulation Z because it failed to make the required disclosures

4    clearly and conspicuously in writing in violation of 15 U.S.C. §163(a) and Regulation Z

5    §226.17(a) and therefore failed to deliver all "material" disclosures as required by the TILA and

6    Regulation Z, including the following:

7        a.    failing to disclose properly and accurately the "amount financed," in violation of 15

8    U.S.C. §1638(a)(2) and 12 C.F.R. §226.18;

9        b.    failing to disclose properly and accurately the "finance charge," in violation of 15

10   U.S.C. §1638(a)(3) and 12 C.F.R. §226.18;

11       c.    failing to disclose properly and accurately the "annual percentage rate," in violation

12   of 15 U.S.C. §1638(a)(4) and 12 C.F.R. §226.18;

13       d.    failing to disclose properly and accurately the "total of payments," in violation of

14   15 U.S.C. §1638(a)(5) and 12 C.F.R. §226.18(h); and

15       e.    failing to disclose properly and accurately the number, amount, and due dates or

16   period of payments scheduled to repay the obligation, in violation of 15 U.S.C. § 1638(a)(6) and

17   12 C.F.R. § 226.18(g).

18       62.    The TILA violations described at ¶61 above give Plaintiff an extended right to

19   rescind the loan held by Defendants pursuant to 15 U.S.C. §1635 and 12 C.F.R. §226.23.

20   Additionally, Plaintiff has not been provided with the Truth in Lending Disclosure Statement

21   from LDI at Plaintiff's closing.  However, Plaintiff believes that LDI's Loan is a high-cost

22   mortgage like the other loans.

23       63.    As a result of Defendants' violations of TILA §§1632 and 1638 and Regulation Z,

24   Plaintiff is entitled to the (i) the return of any money or property that has been given to anyone in

25   connection with the loan transactions and the termination of Defendants' security interest in the

26   Property; (ii) actual damages in an amount to be determined at trial; (iii) statutory damages  as

27   provided by 15 U.S.C. §1640; and (iv) the costs of the action, together with reasonable attorneys'

28   fees as determined by the court.

         64.    Prime is a "creditor" as defined by TILA because Prime is a mortgage originator,

each of Plaintiff's loans is a high-cost mortgage and Prime originated two or more of the loans in

a 12-month period relevant hereto.

65.    Because Prime is considered a "creditor" under TILA, pursuant to TILA §1631(b)

and Regulation Z §1026.17(d), Prime is liable for any TILA violations in connection with all of

Plaintiff's loans.

66.    TILA §1639c(a)(1) prohibits a creditor from making a residential mortgage loan

unless the creditor makes a reasonable good faith determination based on verified and documented

information that, at the time the loan is consummated, the consumer has a reasonable ability to

repay the loan according to its terms.

67.    Pursuant to TILA §1639c(a)(3), a consumer's ability to repay a residential

mortgage loan must include consideration of the consumer's credit history, current income,

expected income, current obligations, debt-to-income ratio, employment status, and other financial

resources *other than the consumer's equity in the dwelling or real property that secures*

*repayment of the loan*. Pursuant to TILA §1639c(a)(4), a creditor making a residential mortgage

loan must verify amounts of income or assets that a creditor relies on to determine

repaymentability, including expected income or assets, by reviewing the consumer's W-2s, tax

returns, payroll receipts, financial institution records, or other third-party documents that provide

reasonably reliable evidence of the consumer's income or assets.

68. Defendants did not consider Plaintiff's credit history, income, employment, debt-to

-income ratio or financial resources in deciding whether to approve his loan and made such

determination almost entirely on the basis of the equity in his property securing each of the loans.

69.    As a result, Defendants violated the provisions of TILA §1639c(a)(1) because

they made residential mortgage loans to Plaintiff without making a reasonable good faith

determination of his ability to pay.

70.    As a result of Defendants' violations of TILA §1639c(a)(1), Plaintiff is entitled to

the sum of: (i) any actual damages sustained by Plaintiff ; (ii) statutory damages in such amount

as the court may allow; (iii) an amount equal to the sum of all finance charges and fees paid by

Plaintiff; and (iv) the costs of the action, together with reasonable attorneys' fees as determined

by the Court.

**FOURTH CLAIM FOR RELEIF**

**(Violation of Home Ownership and Equity Protection Act ("HOEPA"))**

**(Against All Defendants)**

71.     Plaintiff refers to and, by this reference, incorporates and alleges herein, each and all the allegations set forth in Paragraphs 1 through 44 inclusive, of this FAC.

72.     The Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §1639, is an amendment to TILA and offers further protections for high rate mortgages, as defined by 15 U.S.C. §1602(aa)(1)(B)(i), Federal Reserve Board Regulation Z, 12 C.F.R §226.32. 69.

73.     A mortgage that is a credit transaction secured by the consumer's principal dwelling and whose "total points and fees" exceed eight percent of the total loan amount is a high rate mortgage within the meaning of the HOEPA. 15 U.S.C. §1602(aa)(1)(B)(i). The definition of "points and fees" includes "all compensation paid to mortgage brokers." 12 C.F.R. §226.32(b)(1)(ii) (emphasis added).

74.     The subject consumer credit transaction was secured by Plaintiff's principal residence.

75.     The subject loan transaction is subject to HOEPA because, among other things, the total points and fees payable by Plaintiff exceeded eight percent of the total loan amount. Plaintiff was charged points and fees totaling $6,385 for the Mkrtchyan Loan, $5000 of which was paid to Prime as a brokerage commission – 10% of the loan amount. For the Phantom Loan, Plaintiff was charged points and fees totaling $6500, $4,400 of which was paid to Prime as a brokerage commission – 8.46% of the loan amount. See Official Staff Commentary on Regulation Z §226.32(a)(1)(ii)-1.

76.     The subject consumer credit tradition violated HOEPA and Regulation Z by:

a.      failing to provide Debtor with the disclosures required under HOEPA at least three business days prior to the consummation of the transaction, in violation of 15 U.S.C. § 1639(a) and (b) and 12 C.F.R. §§ 226.32(c); and

b.      extending credit without regard to Debtor's ability to pay the debt, in violation of 15 U.S.C. § 1639(h) and 12 C.R.F. § 226.34(a)(4).

77.     HOEPA §1639(a)(1) requires every creditor extending credit on High Cost

Mortgages to provide the following disclosures, in "conspicuous" type, not less than three
business days prior to closing:

- "You are not required to complete this agreement merely because you
  received these disclosures or have signed a loan application."

- "If you obtain this loan, the lender will have a mortgage on your home.
  You could lose your home and any money you have put into it, if you do
  not meet your obligations under the loan."

78.     Defendants did not furnish the above required disclosures to Plaintiff at any time
prior to Plaintiff entering into any of the loans.

79.     HOEPA § 1639(h) prohibits a creditor from engaging in a pattern or practice of
extending high-cost mortgages to borrowers based upon the borrower's collateral without regard
to repayment ability, including current and expected income, current obligations, and
employment.

80.     Defendants did not consider Plaintiff's credit history, income, employment, debt-
to-income ratio or financial resources in deciding whether to approve his loan and made such
determination almost entirely on the basis of his equity in property that secured the each loan.

81.     As a result, Defendants violated the provisions of HOEPA §1639(h) because
Defendants engaged in a pattern and practice of extending high-cost mortgages to borrowers,
such as Plaintiff, based almost entirely on collateral without regard to repayment ability.

82.     As a result of Defendants' multiple violations of HOEPA, Plaintiff is entitled to the
sum of: (i) any actual damages sustained by Plaintiff; (ii) statutory damages in such amount as the
court may allow; (iii) an amount equal to the sum of all finance charges and fees paid by Plaintiff;
and (iv) the costs of the action, together with reasonable attorneys' fees as determined by the
court.

## FIFTH CLAIM FOR RELEIF

### (Violation of California Civil Code §1632)

### (Against All Defendants)

83.     Plaintiff refers to and, by this reference, incorporates and alleges herein, each and
all the allegations set forth in Paragraphs 1 through 44 inclusive, of this FAC.

84.     Plaintiff is informed and believes, and thereon alleges that Defendants engaged in a trade or business as described in California Civil Code §1632 and negotiated the loan contracts primarily in English, either orally or in writing, and are required to provide said contracts to be translated into Armenian.

85.     Plaintiff's primary language is Armenian and during the course of the loan negotiations, no pertinent documents were provided in Armenian or translated into Armenian.

86.     Based on the foregoing violations, Plaintiff is entitled to rescind it contracts with Defendants.

### SIXTH CLAIM FOR RELEIF

### (Unconscionability -California Civil Code §1688 *et seq.*)

### (Against All Defendants)

87.     Plaintiff refers to and, by this reference, incorporates and alleges herein, each and all the allegations set forth in Paragraphs 1 through 44 inclusive, of this FAC.

88.     Defendants breached their obligations under the law and under the loan agreement through their acts and omissions as alleged herein.

89.     Based on the following:

a.      the state and federal statues implicated by Defendants alleged failure to make mandatory loan disclosures, which, if made, would have allowed Plaintiff to rescind the loan;

b.      the violations of California's high cost mortgage laws, TILA, HOEPA and regulation Z alleged herein;

c.      the loan documents were not provided in Armenian in violation of Civil Code §1632.

The foregoing caused the loan contract to be improperly formed, and effectively the product of mistake and fraud, and unfair business practices and therefore the loan contract under Civil Code §1688 is extinguished ab initio as though it never came into existence; and it terms cease to be enforceable.

90.     Plaintiff seeks rescission of the loan contracts because they are void due to illegality in that it is a contract made in violation of both state and federal regulatory statutes. The

1  loan contract is void as contrary to public policy and courts will not lend their aid to enforcement

2  of an illegal contract.

3  <center>**SEVENTH CLAIM FOR RELEIF**</center>

4  <center>**(Intentional Misrepresentation)**</center>

5  <center>**(Against Defendants Kizyuk, Mkrchyan and Prime)**</center>

6      91.    Plaintiff refers to and, by this reference, incorporates and alleges herein, each and all

7  the allegations set forth in Paragraphs 1 through 44 inclusive, of this FAC.

8      92.    On or about November 2015, Plaintiff refinance his residence in Los Angeles

9  County, located at 14725 Marlin Place, Van Nuys, California 91405

10      93.    Plaintiff utilized the services of Defendant Prime to obtain a loan for the Property.

11  Kizyuk falsely and orally represented to the Plaintiff that he should not to list the Property as his

12  primary residence but as investment property.  Plaintiff was unaware the reason he was instructed

13  to complete the Loan Documents in this manner but followed Kizyuk's instructions.

14      94.    Additionally, Mkrchyan, Kizyuk and Prime encouraged and directed Plaintiff to

15  execute false declarations of non-owner occupancy.

16      95.    Mkrchyan's and Kizyuk's representations and statements to Plaintiff were false, and

17  when both Mkrchyan and Kizyuk made them, when they knew them to be false

18      96.    The representations which Mkrchyan and Kizyuk made were material and were

19  justifiably relied upon by Plaintiff in entering into the Loan Agreement. Plaintiff signee the Loan

20  Documents in reliance on Kizyuk's representations and the trust and confidence placed in

21  Defendants Kizyuk, Mkrchyan and Prime.

22      97.    As a proximate result of Defendants' wrongful conduct, Plaintiff has been damaged

23  in a sum to be determined according to proof at time of trial.

24      98.    In doing the acts herein alleged, Defendants acted with oppression, fraud, and

25  malice, Plaintiff is entitled to punitive damages in amount to be determined at the time of trial.

26  <center>**EIGHTH CLAIM FOR RELEIF**</center>

27  <center>**(Fraud)**</center>

28  <center>**(Against Defendants Mkrchyan, Kizyuk and Prime)**</center>

    99.    Plaintiff refers to and, by this reference, incorporates and alleges herein, each and all

1 | the allegations set forth in Paragraphs 1 through 44 inclusive, of this FAC.

2 |      100.  Defendants fraudulently, intentionally, and knowingly induced Plaintiff to enter into

3 | the subject mortgage transactions by misrepresenting and/or failing to provide material

4 | information, including the following:

5 |         a.  misrepresenting to Plaintiff that he could afford the subject loans;

6 |         b.  misrepresenting to Plaintiff that the declarations of certification of non-  owner

7 |            occupancy were necessary and required;

8 |         c.  misrepresenting to Plaintiff that the declarations that the real property security

9 |            was held as an investment property and is not and would not be occupied by

10 |            Plaintiff:

11 |         d.  misrepresenting to Plaintiff that certificates of business purpose of the loan was

12 |            required;

13 |         e.  misrepresenting to Plaintiff that he would receive the loan but not making the

14 |            loan in the first place and the charging of excessive interest and fees;

15 |         f.  misrepresenting that the subject loans would provide him a benefit.

16 |      101.  Plaintiff suffered serious injury as the proximate result of his reliance on the

17 | Defendants misrepresentations and failures to disclose.

18 |      102.  As a result of the aforesaid fraud, the loan transactions should be declared void, and

19 | the security interest crested under the loans should be terminated.  Based upon the Defendants'

20 | fraudulent conduct, Plaintiff should be entitled to actual damages and punitive damages.

21 | **NINTH CLAIM FOR RELEIF**

22 | **(Unfair Business Practices (Bus. & Prof. Code §17200))**

23 | **(Against All Defendants)**

24 |      103.  Plaintiff refers to and, by this reference, incorporates and alleges herein, each and

25 | all the allegations set forth in Paragraphs 1 through 44 inclusive, of this FAC.

26 |      104.  Plaintiff is informed and believes, and thereon alleges that, at all times herein

27 | mentioned, each of the Defendants sued herein was the agent and/or employee of each of the

28 | remaining Defendants and was at all times acting within the purpose and scope of such agency and

employment.

105.    Beginning in or about November 2015, and continuing to the present time,
Defendants committed acts of unfair competition as defined by Business and Professions Code
§17200 by engaging in acts including the following practices:

    a.  By failing to provide A Mortgage Loan Disclosure Statement (MLDS) (RE 882,
        RE 883, or RE 885), or an alternative that fully complies with §10240(c);

    b.  By engaging in misleading practices to inducing vulnerable borrowers such as
        plaintiff to enter into onerous loans is unlawful and constitute violations of
        Financial Code §4970 *et seq.*;

    c.  By failing to inquire into Plaintiff's ability to repay the loan and further failed take
        into adequate consideration plaintiff's income, obligations, employment status and
        other financial resources in order to form a reasonable belief that plaintiff had the
        ability to repay the loan in violations of Financial Code §4970 *et seq.*;

    d.  In violation of the Financial Code § 4973(I)(1), Defendants, through its agents and
        employees, willfully and intentionally engaged in a predatory practice of asset
        based lending that set up the plaintiff to default and lose his equity in his home; and

    e.  By failing to provide Plaintiff with truthful and accurate disclosure and information
        about the loan.

106.    These acts and practices, as described in the previous paragraphs, violate Business
and Professions Code § 17200 because their policies and practices described above constitute
unlawful business acts within the meaning of Business and Professions Code § 17200.

107.    The harm to Plaintiff and members of the general public outweighs the utility of
Defendants' policy and practices and consequently constitute unlawful business acts within the
meaning of Business and Professions Code §17200.

108.    Further, the foregoing conduct threatens an incipient violation of a consumer law,
including or violates the policy or spirit of such law or otherwise significantly threatens or harms
competition. Defendants' practices described above are likely to mislead the general public, and
therefore, constitute a fraudulent business act of practice within the meaning of Business and
Professions Code §17200.

109.    Plaintiff is informed and believes and thereon alleges that as to these unlawful,

1  unfair and fraudulent business practices, the remedies at law are inadequate. Plaintiff is informed

2  and believes, and thereon alleges that the above unlawful, unfair and fraudulent business practices

3  are of a continuing nature and are widespread practice engaged in by defendants so as to boost

4  profits.

5  110.    Plaintiff requests an injunction against Defendants be issued to enjoin them from

6  continuing to engage in each and every of the unfair, unlawful and fraudulent conduct alleged

7  above.

8  111.    Plaintiff requests that the court order restitution of relief requiring Defendants to

9  disgorge the profits illegally and unfairly earned by Defendants as a result of such unfair business

10  practices, and for an order to cancel any and all Notes and the Deeds of Trust in the possession of

11  Defendants.

12  112.    As a result of the aforesaid conduct of Defendants, Plaintiff has incurred attorney

13  fees and have been harmed and damaged in an amount according to proof and have lost the equity

14  in the Property.

15  113.    Plaintiff further requests an attorney fees award pursuant to Civil Code §1021.5

16  upon prevailing on this cause of action.

17  **TENTH CLAIM FOR RELEIF**

18  **(Declaratory Relief)**

19  **(Against All Defendants)**

20  114.    Plaintiff refers to and, by this reference, incorporates and alleges herein, each and

21  all the allegations set forth in Paragraphs 1 through 44 inclusive, of this FAC.

22  115.    An actual controversy has arisen and now exists between Plaintiff and Defendants

23  concerning their respective rights and duties pertaining to the subject Property and the described

24  transactions. Defendants contend that a breach of obligation secured by the deed of trust has

25  occurred in that Plaintiff failed to make its monthly mortgage payments.  Plaintiff contends that

26  they are able to retain possessory rights to the property based on the intentional misrepresentations

27  as set forth herein and lack of disclosure of material information in the loan application process.

28

116.   Plaintiff requests a judicial determination and declaration of rights of the parties. Such a determination is appropriate at this time so that Plaintiff may determine their rights and duties.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

**ON THE FIRST CLAIM FOR RELIEF**

  1. For a finding that defendants charged usurious interest rates and cancellation of all interest due under the Note and Deed of Trust.

  2. For treble damages in an amount to be proven at trial.

**ON THE SECOND CLAIM FOR RELIEF**

  3. For actual damages in an amount to be proven at trial;

  4. For punitive damages in an amount to be proven at trial.

**ON THE THIRD AND FOURTH CLAIMS FOR RELIEF**

  1. For rescission;

  2. For actual damages in an amount to be proven at trial;

  3. For statutory damages in such amount to be proven at trial;

  4. For an amount equal to the sum of all finance charges and fees paid by Plaintiff;

**ON THE FIFTH CLAIM FOR RELIEF**

  1. For rescission;

  2. For actual damages in an amount to be proven at trial;

**ON THE SIXTH CLAIM FOR RELIEF**

  1. For restitution;

**ON THE SEVENTH CLAIM FOR RELIEF**

  1. For compensatory damages in an amount to be proven at trial;

  2. For general damages in amount to be proven at trial;

  3. For Punitive damages in an amount to be proven at trial;

**ON THE EIGHTH CLAIM FOR RELIEF**

  1. For general and special damages in amount to be proven at trial;

  2. For punitive and exemplary damages;

1  **ON THE NINTH CLAIM FOR RELIEF**

2       1.      For general and special damages in amount to be proven at trial;

3  **ON THE TENTH CLAIM FOR RELIEF**

4       1.      For a declaration of rights of the parties relative to the loans and the Property,

5               including that Defendants have no ownership in the Property.

6  **ON ALL CLAIMS FOR RELIEF**

7       1.      For attorney's fees and costs of suit incurred herein.

8       2.      For such other and further relief as the Court may deem just and proper.

9

   DATED: August 7, 2019                      **HAVKIN & SHRAGO**

10

11

12                                   By: /s/ Stella Havkn_____
                                         STELLA HAVKIN
13                                       Attorneys for Plaintiff
                                         Nazaret Kechejian
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28