Thomas D. Sands, Esq. SBN 279020
THE SANDS LAW GROUP, APLC
205 S Broadway, Ste 903
Los Angeles, California 90012
Telephone:    (213) 788-4412
Facsimile:    (888) 623-8382

Attorney for The Sands Law Group, APLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>LEV INVESTMENTS, LLC,<br><br>Debtor.<br><br>The Sands Law Group, APLC<br><br>Moving Party | Case No.: 1:20-bk-11006-VK<br><br>Chapter 11, Subchapter V<br><br>NOTICE OF MOTION AND MOTION FOR AN ORDER QUASHING "NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE OF THE SANDS LAW GROUP APLC AND REQUEST FOR PRODUCTION OF DOCUMENTS" INITIATED BY THE DEBTOR-IN-POSSESSION AND DMITRI LIOUDKOVSKI AND HIS ATTORNEY DAVID B. GOLUBCHIK; REQUEST FOR SANCTIONS IN THE AMOUNT OF $4500 AGAINST DMITRI LIOUDKOVSKI AND DAVID B. GOLUBCHIK FOR SEEKING DISCOVERY IN A SUBCHAPTER V PROCEEDING WITHOUT ANY AUTHORITY FOR SUCH A DEPOSITION WITHOUT COURT APPROVAL AND FOR NOT SERVING THE MOVING PARTY WITH THE DEPOSITION NOTICE; REQUEST THAT THE COURT MAKE A FINDING THAT BY REQUESTING A DEPOSITION OF A FORMER ATTORNEY FOR THE DEBTOR AND DMITRI LIOUDKOVSKI, THAT THEY HAVE BOTH WAIVED ALL ATTORNEY-CLIENT PRIVILEGES; CAL EVID. CODE § 912<br><br>Date:    July 23, 2020<br>Time:    1:30 p.m. |

|  | ) Location: | Courtroom 301 |
|---|---|---|
|  | ) | 21041 Burbank Blvd. |
|  | ) | Woodland Hills, CA 91367 |
|  | ) | |

TO THE HONORABLE COURT VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY COURT JUDGE, Debtor, ITS COUNSEL OF RECORD, AND ALL INTERESTED PARTIES:

Creditor The Sands Law Group, APLC, hereinafter Creditor or Sands, submits its Motion FOR AN ORDER QUASHING "NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE OF THE SANDS LAW GROUP APLC AND REQUEST FOR PRODUCTION OF DOCUMENTS" INITIATED BY THE DEBTOR-IN-POSSESSION AND DMITRI LIOUDKOVSKI AND HIS ATTORNEY DAVID B. GOLUBCHIK; REQUEST FOR SANCTIONS IN THE AMOUNT OF $4500 AGAINST DMITRI LIOUDKOVSKI AND DAVID B. GOLUBCHIK FOR SEEKING DISCOVERY IN A SUBCHAPTER V PROCEEDING WITHOUT ANY AUTHORITY FOR SUCH A DEPOSITION WITHOUT COURT APPROVAL AND FOR NOT SERVING THE MOVING PARTY WITH THE DEPOSITION NOTICE; REQUEST THAT THE COURT MAKE A FINDING THAT BY REQUESTING A DEPOSITION OF A FORMER ATTORNEY FOR THE DEBTOR AND DMITRI LIOUDKOVSKI, THAT THEY HAVE BOTH WAIVED ALL ATTORNEY-CLIENT PRIVILEGES; CAL EVID. CODE § 912

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Mr. Thomas Sands and Exhibits attached to and any matters that the Court may find just and pertinent for its decision.

Respectfully submitted,

DATED: June 25, 2020        **The Sands Law Group**

By: _____
Thomas Sands, Esq.
Attorney for Creditor The Sands Law Group, APLC

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.    INTRODUCTION**

The nexus for this Motion is that the Debtor-in-Possession (DIP), Dmitri Lioudkovski and his counsel are irritated that The Sands Law Group, APLC, moved the Court on June 16, 2020, under § 1185(a) to remove the DIP as the Debtor-in-Possession and to find this case is not qualified to be treated as a Subchapter V. The Motion for exclusion from the designation of Subchapter V to a regular bankruptcy case as the schedules prepared by the DIP are riddled and bleed perjury and dishonesty with the Court subjection the DIP to be removed under § 1185 and furthermore because the Debtor will never meet the conditions set forth in § 1189(b) which require submission of a plan for confirmation within 90-days of the filing date of this bankruptcy.

During the 341 Meeting, the Debtor admitted that he signed the documents and the schedules not because he understood them or that he was read them by a certified translator, but instead used "Google" for such services. The Debtor is lying about utilizing Google or any other service before he made an executed schedule under penalty of perjury making the scheduled in this case worthless and unredeemable. The audacity of the Debtor to admit that he used Google translate for translation of documents he signed under penalty of perjury is growling and it is fatal to his continued participation in these proceedings as its DIP. Less fantasy is

The 341-meeting revealed that the DIP is honest; he is honestly lying. The Debtor could not account for location of assets, possession of assets, what he paid for assets, how he paid for assets, if he had any employees, if he had any private contractors, etc.... The 341 Meeting of the Debtor should have landed him role in the movie One Flew Over the Cuckoo's Nest, not as the character that Jack Nicholson played but the character played by Dan DeVito in the movie.

Upset that a § 1185 Motion has been filed and set to be adjudicated on July 16, 2020, the Debtor through his attorney emailed (though there is no agreement that email service of Notice of Deposition, (versus a Subpoena, under Rule 45) is acceptable, Mr. Golubchik responded to the meet and confer efforts of the undersigned to set time for a 2004 Exam of the Debtor, emailed a "Notice of Deposition" to the undersigned on June 24, 2020, for a deposition on June 30, 2020. See **Ex. A**

Challenged to provide any authority for the proposition that a § 1185 Motion is a "contested matter" thus triggering § 9014, Mr. Golubchik confidently replied with absolutely nothing; no argument much less authority for such a proposition that a § 1185 is a contested matter.

To maintain respect for the process, given the lawlessness displayed by the DIP, the undersigned has been forced to file this Motion and ask the Court to quash the Notice of Deposition.

## II.   JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. Venue of the Debtor's Chapter 11 case in this district is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).

2. The statutory predicates for the relief sought are Rules 26, 30, 37 and 45 of the Federal Rules of Civil Procedure ("Federal Rules"), Rules 7026, 7030, and 9016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), Rule 7030-1 of the Local Rules of the United States Bankruptcy Court for the Central District of California ("Local Bankruptcy Rules" or "LBR"), and Section 105(a) of the Bankruptcy Code.

## III.   PROCEDURAL STATUS

3. On June 1, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, Subchapter V in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court").

4. The Debtor continues to operate its business as DIP under Sections 1107(a) and 1187 of the Bankruptcy Code. The U.S. Trustee appointed a Ms. Djorn as the Subchapter V Trustee.

## IV.   FACTUAL BACKGROUND

The Movant has moved to remove the DIP under § 1185, and to have Ms. Djorn who has been the acting trustee to assume the role of a Trustee in the Subchapter V matter when the Court determines this case is unfit for a Subchapter V matter.

No Motion has been made for the conversion from the Chapter 11 it is in now. The deception and the misinformation and the perjurious information in the schedules and "alternative facts" were highlighted as the basis for the § 1185 Motion.

To waste the resources of the Estate and engage in a war of attrition with its creditors, the DIP and his attorney have now trained their vexatious litigation tactics towards the objecting party who did nothing other than highlight the factually incorrect and preposterous and plain lies in the declarations of the Debtor / DIP to the Courts attention.

Never contending that any matter in the 1185 Motion is incorrectly alleged to be a fraud, the DIP and his attorney have now engaged in the unauthorized utilization of inapplicable discovery devices in order to……… In order to what? It's not that the DIP contends that the facts in the § 1185 Motion are inaccurate. The only entity that will benefit from taking the deposition of The Sands Law Group would be attorney for the Debtor and no one else as the Debtors attorney would be paid for doing something silly and unproductive. The Debtor is not contending anywhere that any fact proved to be a falsity and / or incorrectly designated in the schedule is a sham.

In the 341 Meeting the Debtor reaffirmed his fraud hat he is perpetrating under the seal of the United States Bankruptcy Court. The Debtor expressly disavowed the oath under which each schedule was executed under penalty of perjury at the 341 Meeting.

The lack of accountability / penal liability for dishonestly prepared and signed schedules is the core of the § 1185 Motion and the DIP freely admitted to that his trusted "translator" was "google." A unicycle with a flat tire is more reliable as a mode of transportation than the Debtor is with telling the truth and the Debtor freely admits this during the 341. The Debtor used the words: "I don't know" so often in Russian during the 341 Meeting that the undersigned learned how to say it. "YA ne znayu" (spelled phonetically).

There is no contested matter or any adversary proceeding and no permission of the Court obtained to take a deposition of the TSLG. Neither a "Notice of Deposition" or a Subpoena has been served (one has been emailed to Mr. Sands, but Mr. Sands does not waive FRCP 4 requirements) on the Movant and there is no basis for the deposition as there are no facts in dispute regarding the § 1185 Motion and therefore the Court should issue a protective order re Deposition Notice dated June 16,

2020, or alternatively quash it and sanction the Debtor, the DIP and Mr. Golubchik for the misuse of the discovery process.

## V.    RELIEF REQUESTED

TSLG respectfully requests this Court quash the Subpoena / Deposition Notice and instruct TSLG that it is under no obligation to appear for a deposition under the Notice of Deposition for two reasons. First, TSLG received less than seven days' notice of the deposition and therefore was not provided reasonable notice under the Local Bankruptcy Rules.

Second, TSLG is a non-party and not and cannot be served under Bankruptcy Rule 9016, which incorporates Federal Rule of Civil Procedure 45. Rather, he must be served through the formally process as required in FRCP 45 (i.e. Subpoena).

Third, the Notice of Deposition violates FRCP (45) as it was not served on any other party in these proceedings as required by FRCP 45: (4) Notice to Other Parties Before Service. If the Subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the Subpoena must be served on each party.

Award of sanctions against the Debtor, the DIP (Mr. Lioudkovski) and Mr. Golubchik their attorney for $4500 to compensate TSLG for the costs associated with drafting and filing this Motion.

## VI.    BASIS FOR RELIEF

**A. Debtor Failed to Provide Reasonable Notice of the Deposition Under the Local Rules**:

The Notice of Deposition is improper because it failed to provide TSLG with reasonable notice. Under the Federal Rules of Civil Procedure, "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." FED. R. CIV. P. 30(b)(1). Unless otherwise ordered by the Court, "'reasonable notice' for the taking of depositions. shall not be less than seven (7) days." LBR 7030-1.

Debtor emailed (but has never served per FRCP 4) TSLG with the Notice of Deposition on Wednesday, June 24, 2020, for a deposition on Tuesday June 30, 2020. Thus, TSLG only received three work days, or less than 72 hours, advanced Notice of the Deposition. Such notice is unreasonable under

any circumstance under the Local Bankruptcy Rules; however, it is particularly unreasonable because there is no "contested matter" that would cause a right to a deposition.

The Court should quash the Subpoena and state that TSLG is under no legal obligation to appear at the deposition on Thursday, June 30, 2020

**B. The Notice of Deposition and the Subpoena Were Not Properly Served on TSLG**

The Notice of Deposition should be disregarded and the Subpoena should be quashed because they were not properly served on TSLG. TSLG, he has not personally served. An email has been sent to Mr. Sands on June 24, 2020. Service of a Subpoena on TSLG under Bankruptcy Rule 9016 is improper.

Bankruptcy Rule 9016, which incorporates Federal Rule 45, governs service of a Subpoena in a bankruptcy case. However, Bankruptcy Rule 9016 only pertains to individuals within the United States or "to a United States national or resident who is in a foreign country." FED. R. CIV. P. 45(b)(3). *See also* 28 U.S.C. § 1783(a) ("A court of the United States may order the issuance of a Subpoena requiring the appearance as a witness before it, or before a person or body designated by it, of a national or resident of the United States who is in a foreign country.").

The Notice of Deposition demonstrates on its face that it was not served as it does not contain a proof of service of any kind.

Sending via email the Notice of Deposition to Mr. Sands on June 24, 2020, for TSLG is improper.

**VII.    SANCTIONS MUST BE AWARDED AGAINST THE DEBTOR, THE DIP AND ITS ATTORNEY, MR. GOLUBCHIK FOR SERVING AN UNAUTHORIZED NOTICE OF DEPOSITION REQUESTING THE ATTENDANCE OF AND PRODUCTION OF DOCUMENTS BY TSLG**

Central Dist. Local Rule (amended effective December 1, 2019) 37-2.3, and LBR, 7026-1(c)(4) require the imposition of sanctions on an attorney who refused to cooperate and meet and confer with the moving party subject of mandatory sanctions. Mr. Golubchik not only did not respond to the request for any authority that would permit the service of a Notice of the Deposition under 9014 and 9016 when the only issue for discussion is a § 1185 disqualification of the DIP in its Subchapter V proceeding. The

insistence on compliance with a never served Subpoena, much less a Notice of Deposition demonstrates the lack of rationality in ever engaging the discovery process in the manner utilized by the Debtor, did it DIP and her lawyer

F.R.C.P. Rule 45(c) two permits sanctions when a Motion to Quash is made necessary by the conduct of the subpoenaing party. *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 427 (9th Cir. 2012). CCP § 1987.2(a) also requires the imposition of sanctions for protecting the procedural due-process rights of the State citizens in the Federal Courts (i.e., Notice to Consumer, etc..). The Erie Doctor nine mandates this Court enforce the substantive due-process rights of the citizens of the State. Absent any Federal statute or rule to the contrary, State procedural rules are deemed "substantive" law that prevail in as Federal rights in Federal Courts. *Erie Railroad Co. v. Tompkins* (1938) 304 U.S. 64. Even where there is a Federal Rule on point, certain state laws, such as CCP §§ 1985.3, 1987.2 are be deemed "substantive" for Erie purposes: "When a State chooses to use a traditionally procedural vehicle as a means of defining the scope of substantive rights or remedies, Federal Courts must recognize and respect that choice." [J. Stevens concur.opn., *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.* (2010) 130 S. Ct. 1431, 1450, *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1109 (9th Cir. 2003) (awarding attorney's fees for successful anti-SLAPP Motion as there was no conflict between the Federal Rules and §§ 425.16(b) and (c); and that adopting California procedural rules serves the purposes of the Erie doctrine).") CCP § 1987.2(a) is no less worthy of cause to award sanctions than a successful anti-SLAPP application.

The Debtor was not only seeking its own records, but also that of Ms. Lisitsa without ever providing her with the Notice to Consumer advisement that subpoenas that may reveal private affairs of the natural person are at stake as they are here. *Ibid.*

Mr. Golubchik attempted to dictate the law as if he held legislative authority in one hand and executive authority on the other making laws as he went. Mr. Golubchik acted in dereliction of the rights of third parties and the rights of the moving party and did so apparently for no other reason than unjustified hubris and a feeling of entitlement.

Main Document    Page 9 of 20

The conduct of Mr. Golubchik has resulted in the expenditure of 10 hours of attorney time at $450 per hour for $4,500 sought against him and his client (Lev Properties, LLC) and its alter-ego (Mr. Lioudkovski) for necessitating the Motion to Quash.

Mr. Golubchik and his Clients must be directed to pay that amount directly to counsel for TSLG within 10 days of the hearing date on this Motion.

The Court must sanction Mr. Golubchik, Lev Properties, LLC, and its alter-ego (Mr. Lioudkovski, jointly and severally for $4500 inculpatory sanctions made payable to TSLG and due within 10-days of the date on which this Motion is adjudicated.

TSLG respectfully requests that the Court enter an order, quashing the Subpoena / Deposition Notice and Order the Debtor, the DIP and Mr. Golubchik pay sanctions for $4500 to TSLG for necessitating this Motion.

## VIII.  **CONCLUSION**

The Court must quash the Notice of Deposition.  Order that the Debtor in Possession, Mr. Lioudkovski and the debtor Lev Properties, LLC and their attorney Mr. Golubchik, jointly and severely pay $4,500 in sanctions to TSLG.

Further, the Court should find that due to the request for a deposition of TSLG who was the former attorney for Lev Properties eradicated the attorney-client privilege that Lev Properties, previously possessed.   Evid Code §912.

Respectfully submitted,

DATED: June 25, 2020                **THE SANDS LAW GROUP**

By: _____
Thomas Sands, Esq.
Attorney for Creditor The Sands Law Group, APLC

---

7
MOTION FOR AN ORDER QUASHING "NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE OF THE SANDS LAW GROUP APLC AND REQUEST FOR PRODUCTION OF DOCUMENTS"

# DECLARATION

## IX.     DECLARATION OF THOMAS D SANDS, ESQUIRE

I, Thomas D Sands, Esq., declare:

1. I am an attorney at law duly licensed to practice before all of the Courts in the State of California and a member of the State Bar of California in-good-standing. I have personally spent countless hours going through the cases that Debtor and Lioudkovski are currently facing, and my knowledge is based on my personal research and studies and of my own and if stated on information and belief, I will declare that to be so, and I do believe that the information I have is true and correct. If called on to do so, I could and would testify to the same.

2. I attempted to meet and confer with Mr. Lubavitch regarding a 2004 exam of the Debtor on June 24, 2020.

3. Instead of acknowledging his duty to appear and produce the documents requested, Mr. Golubchik tried to weasel away from addressing the meet and confer efforts I had initiated regarding his Client.

4. Mr. Golubchik tried to delay the process. Part of the obstructionist effort of the Debtor and Mr. Golubchik was sending me a never before seen Notice of Deposition for TSLG (See **Ex. A**) commanding that TSLG appear and be deposed on June 30, 2020.

5. I was forced to file this Motion after lengthy discussions with Mr. Golubchik both telephonically and through email about his Clients deposition and the Notice Mr. Golubchik proved himself to be an artful and gifted obstructionist.

6. Mr. Golubchik never provided me a definitive response regarding the 2004 of the Debtor that I had initiated the meet and confer calls and emails for.

7. Mr. Golubchik had time to "send" (never serve) me by way of email, to a non-party, a Notice of Deposition date June 18, 2020.

8. The conduct of Mr. Golubchik is unbecoming an officer of the court and reveals an insatiable appetite to run roughshod over rights of others while earning a princely sum for destroying the expectations of lawful creditors to these proceedings.

9. I have spent 10 hours preparing this Motion and I expect to spend an additional hour

reviewing the Opposition and preparing the reply to the Opposition (neither of which is include in the 10 hours I have specifically spent on drafting this Motion).

10. I retained the services of Mr. Thomas Reynolds and Mr. Roodbari to assist in the drafting of this Motion. They each billed TSLG $450 per hour and each of them billed TSLG for 5 hours for a total of 5 hours.

11. TSLG therefore requests that the Court sanction Mr. Mr. Golubchik, Mr. Lioudkovski, and Lev Investments, jointly and severally for 4500 to be payable within 10 days of adjudication of this Motion.

12. The Court should also determine waiver of the attorney-client privilege between the undersigned and Mr. Lioudkovski and his entities including the Debtor because of the requests made that I submit to a deposition by third parties as contemplated by the Notice of Deposition sent to me on June 24, 2024 deposition on June 30, 2020. See **Ex. A**

13. The Debtor has demonstrated them to be possessing zero loyalty to any lawyer or anyone acting on his behalf or with his best interest in mind. I do believe that Mr. Golubchik will be the next in line in a string of attorneys that have been sued, harassed, left unpaid and then tormented by malicious accusations against them by the Debtor and the DIP.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the State of California and the United States.

Executed on June 25, 2020, at Los Angeles, California.

Dated: June 25, 2020

By: _____
Thomas D. Sands, Esq.

Main Document    Page 13 of 20

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:205 South Broadway #903, Los Angeles, CA 90012

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR AN ORDER QUASHING "NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE OF THE SANDS LAW GROUP APLC AND REQUEST FOR PRODUCTION OF DOCUMENTS" INITIATED BY THE DEBTOR-IN-POSSESSION AND DMITRI LIOUDKOVSKI AND HIS ATTORNEY DAVID B. GOLUBCHIK; REQUEST FOR SANCTIONS IN THE AMOUNT OF $4500 AGAINST DMITRI LIOUDKOVSKI AND DAVID B. GOLUBCHIK FOR SEEKING DISCOVERY IN A SUBCHAPTER V PROCEEDING WITHOUT ANY AUTHORITY FOR SUCH A DEPOSITION WITHOUT COURT APPROVAL AND FOR NOT SERVING THE MOVING PARTY WITH THE DEPOSITION NOTICE; REQUEST THAT THE COURT MAKE A FINDING THAT BY REQUESTING A DEPOSITION OF A FORMER ATTORNEY FOR THE DEBTOR AND DMITRI LIOUDKOVSKI, THAT THEY HAVE BOTH WAIVED ALL ATTORNEY-CLIENT PRIVILEGES; CAL EVID. CODE § 912** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 6-25-2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Katherine Bunker kate.bunker@usdoj.gov
☐ John Burgee jburgee@bandalaw.net
☐ Caroline Renee Djang (TR) caroline.djang@bbklaw.com, C190@ecfcbis.com;sansanee.wells@bbklaw.com;wilma.escalante@bbklaw.com
☐ David B Golubchik dbg@lnbyb.com, stephanie@lnbyb.com
☐ Juliet Y Oh jyo@lnbrb.com, jyo@lnbrb.com
☐ Thomas D Sands thomas@thesandslawgroup.com, thomas@thesandslawgroup.com
☐ David A Tilem davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;DianaChau@tilemlaw.com
☐ United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov

                    X    Service information continued on attached page

**2**.  **SERVED BY UNITED STATES MAIL**:
On (*date*) 6-25-2020 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

                    X    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 06/25/2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Hon. Victoria S. Kaufman
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 354 / Courtroom 301
Woodland Hills, CA 91367

                    X Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6-25-2020 | Thomas Sands, Esq. | /s/ Thomas Sands |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                    **F 9013-3.1.PROOF.SERVICE**

```
0973-1
Case 1:20-bk-11006-VK                                                              Franchise Tax Board
Central District of California          LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR   Bankruptcy Section MS: A-340
San Fernando Valley                     ATTN BANKRUPTCY UNIT                       P. O. Box 2952
Tue Jun 16 14:06:24 PDT 2020            PO BOX 54110                               Sacramento, CA 95812-2952
                                        LOS ANGELES CA 90054-0110

Internal Revenue Service
PO Box 7346                                                                        Lev Investments, LLC
Philadelphia, PA 19101-7346                                                        13854 Albers Street
                                                                                   Sherman Oaks, CA 91401-5811


(p)OFFICE OF FINANCE CITY OF LOS ANGELES
200 N SPRING ST RM 101 CITY HALL        Securities & Exchange Commission           San Fernando Valley Division
LOS ANGELES CA 90012-3224               444 South Flower St., Suite 900            21041 Burbank Blvd,
                                        Los Angeles, CA 90071-2934                 Woodland Hills, CA 91367-6606



FR, LLC
c/o Michael Shemtoub, Esq.              Franchise Tax Board                        G&B Law, LLP
4929 Wilshire Blvd., suite 702          Special Procedures                         Attn: James R. Felton
Los Angeles, CA 90010-3824              POB 2952                                   16000 Ventura Blvd., suite 1000
                                        Sacramento, CA 95812-2952                  Encino, CA 91436-2762


(p) INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS       Jeff Nodd, Esq.                            LDI Ventures, LLC
PO BOX 7346                             15250 Ventura Blvd                         423 N Palm dr
PHILADELPHIA PA 19101-7346              Encino, CA 91403-3201                      Beverly Hills, CA 90210-3974



Landmark Land, LLC
Attn Alex Polovinchik                   Michael Leizerovitz                        Michael Masinovsky
860 Via De La Paz, suite E-1            15 Via Monarca St.                         21810 Eaton Place
Pacific Palisades, CA 90272-3668        Dana Point, CA 92629-4082                  Cupertino, CA 95014-1182



Ming Zhou
Thomas Krantz, Esq.                     (p)REAL PROPERTY TRUSTEE  INC              Sensible Consulting & Mgmt Inc
2082 Michelson Drive, Suite 212         ATTN MIKE KEMEL                            c/o John Burgee Esq.
Irvine, CA 92612-1213                   PO BOX 17064                               20501 Ventura Boulevard, Suite 262
                                        BEVERLY HILLS CA 90209-3064                Woodland Hills, CA 91364-6410


Thomas Sands, Esq.
The Sands Law Group, APLC               U.S. Trustee  San Fernando  Valley         United States Trustee (SV)
205 South Broadway, Suite 903           915 Wilshire Blvd.                         915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90012-3618              Suite 1850                                 Los Angeles, CA 90017-3560
                                        Los Angeles, CA 90017-3560


Caroline Renee Djang (TR)
18101 Von Karman Ave., Suite 1000       David B Golubchik                          Juliet Y Oh
Irvine, CA 92612-0164                   Levene Neale Bender Yoo & Brill LLP        10250 Constellation Blvd Ste 1700
                                        10250 Constellation Blvd Ste 1700          Los Angeles, CA 90067-6253
                                        Los Angeles, CA 90067-6253
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bankruptcy Unit
P.O. Box 54110
Los Angeles, CA 90051-0110

Insolvency I Stop 5022
300 N. Los Angeles St., #4062
Los Angeles, CA 90012-9903

(d)Los Angeles County Tax Collector
P.O. Box 54018
Los Angeles, CA 90054-0018

Real Property Trustee, Inc.
P.O. Box 17064
Beverly Hills, CA 90209

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

End of Label Matrix
Mailable recipients    26
Bypassed recipients     1
Total                  27

# EXHIBIT "A"

DAVID B. GOLUBCHIK (SBN 185520)
JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYB.COM; JYO@LNBYB.COM

Proposed Attorneys for Chapter 11 Debtor and
Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No.: 1:20-bk-11006-VK |
| LEV INVESTMENTS, LC, | Chapter 11 |
| Debtor and Debtor in Possession. | **DEBTOR'S NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE OF THE SANDS LAW GROUP APLC AND REQUEST FOR PRODUCTION OF DOCUMENTS** |
| | Deposition Date
Date: June 30, 2020
Time: 10:00 a.m.
Place: Via Zoom or other video format or at
        Levene, Neale, Bender, Yoo
        & Brill L.L.P.
        10250 Constellation Blvd, Suite 1700
        Los Angeles, California 90067 |

1

## Notice

**PLEASE TAKE NOTICE** that, pursuant Rule 9014 of the Federal Rules of Bankruptcy Procedure, Rule 9016 of the Federal Rules of Bankruptcy Procedure which incorporates by reference Rule 45 of the Federal Rules of Civil Procedure, and Rule 7030 of the Federal Rules of Bankruptcy Procedure which incorporates by reference Rule 30 of the Federal Rules of Civil Procedure, in connection with the contested matter initiated by the *Motion To Convert Case To Chapter 11 and Appointment of a Chapter 11 Trustee* (Docket No. 18) filed by The Sands Law Group APLC ("Sands"), the debtor in possession in the above-entitled chapter 11 case will conduct the deposition upon oral examination of Sands on the topics set forth below and for the documents described in the Requests For Production below, on **June 30, 2020 at 10:00 a.m. (Pacific Time)** at the offices of Levene, Neale, Bender, Yoo & Brill, L.L.P., 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067. The deposition will be recorded by stenographic and/or audio-visual means. Sands maintains offices at 205 S. Broadway, Suite 903, Los Angeles, CA 90012.

## Request for Production of Documents

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 34 of the Federal Rules of Civil Procedure, made applicable herein by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, Sands must produce, on or before **June 30, 2020, at 9:00 a.m.[1],** at the offices of Levene, Neale, Bender, Yoo & Brill L.L.P., 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067, or such other time and location as the parties may agree and permit the inspection and copying of any and all documents requested in the Requests for Production of Documents contained below.

## Definitions

---

[1] Although Rule 34 of Federal Rules of Civil Procedure provides that a party must respond to requests for production within 30 days after being served, the Debtor submits that the proposed date for production in this instant request is reasonable given the Debtor's deadline to respond to Sands' motion filed in this case.

2

For purposes of the Requests for Production of Documents, the terms listed below will have the following meanings:

1. "<u>Bankruptcy Case</u>" means the chapter 11 bankruptcy case commenced by the Debtor.

2. "<u>Debtor</u>" means Lev Investments LLC.

3. "<u>Documents</u>" have the meaning the ascribed in the Federal Rules of Civil Procedure, as made applicable by the Federal Rules of Bankruptcy Procedure, and includes, without limitation, all electronically stored information in addition to documents or data maintained in hard copy or other format.

4. "<u>Communications</u>" means all forms of correspondence including, but not limited to e-mail, written, recorded or otherwise documented.

5. "<u>Sands</u>" or "<u>you</u>" or "<u>your</u>" means The Sands Law Group APLC and Thomas Sands, Esq.

**Requests For Production Of Documents**

Please produce the following documents:

1. All Documents, Correspondence and materials between you and the Debtor including, without limitation, any managers or members of the Debtor.

2. All Documents, Correspondence and materials with respect to services which Sands performed on behalf of the Debtor including, without limitation, all files of the Debtor.

3. All Documents, Correspondence and materials with respect to amounts charged by Sands, and payments received by Sands, with respect to the representation of the Debtor.

4. All Documents, Correspondence and materials (including checks, wires, and other proofs of payment) between Sands, on the one hand, and Gina Lisitsa, on the other hand, with respect to the Debtor including, without limitation, any managers or members of the Debtor.

5. All Documents, Correspondence and materials with respect to your "inactive" status with the California State Bar in from 2013-2016 and reinstatement of "active" status in 2016.

3

**Subject Matter for Depositions**

1. Sands' representation of the Debtor.

2. Sands' billing related to representation of the Debtor.

3. Payments received by Sands with respect to the Debtor.

4. Communication between Sands and Gina Lisitsa with respect to the Debtor and its managers and members.

Dated: June 17, 2020                    LEV INVESTMENTS, LLC

                                               By:    /S/ *David B. Golubchik*
                                                    DAVID B. GOLUCHIK
                                                      JULIET Y. OH
                                                      LEVENE, NEALE, BENDER, YOO
                                                          & BRILL L.L.P.
                                                      Proposed Attorneys for Debtor and
                                                     Debtor in Possession