**JOHN G. BURGEE, ESQ. (State Bar No. 132129)**
jburgee@bandalaw.net
**BURGEE & ABRAMOFF, P.C.**
20501 Ventura Boulevard, Suite 262
Woodland Hills, California 91364
T: (818) 264-7575
F: (818)264-7576

Attorneys for Defendants/Cross-Complainants
RUVIN FEYGENBERG, MICHAEL
LEIZEROVITZ and SENSIBLE CONSULTING
AND MANAGEMENT, INC.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No. 1:20-bk-11006-VK |
| LEV INVESTMENTS, LLC, | Chapter 7 |
| Debtor. | Adversarial No. |
| LEV INVESTMENTS, LLC, | NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION PURSUANT TO RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE |
| Plaintiff, | |
| vs. | |
| RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ, SENSIBLE CONSULTING AND MANAGEMENT, INC., MING ZHU, LLC AND DOES 1 THROUGH 100; | [No Hearing Required] |
| Defendants. | |
| AND CROSS-COMPLAINT. | |

PLEASE TAKE NOTICE that Defendants/Cross-Complainants RUVIN

FEYGENBERG, MICHAEL LEIZEROVITZ and SENSIBLE CONSULTING AND

MANAGEMENT, INC., hereby remove to this court the remaining causes of action of

1

the First Amended Complaint and all causes of action of the Cross-Complaint filed by the Removing Parties in the state court action described below, pursuant  pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure ("FRBP") and 28 U.S.C. §§ 157(a), 157(b)(1) and (2), 1334 and 1452,

1.      On June 20, 2019, LEV INVESTMENTS, LLC ("LEV") commenced an action in the Superior Court of California in and for the County of Los Angeles, titled *Lev Investments, LLC v. Fegenberg, et al.* as case number 19VECV00878 (the "State Court Action").

2.      On September 27, 2019, LEV filed its First Amended Complaint in the State Court Action.  This document is LEV's operative pleading.  All of the remaining causes of action of the First Amended Complaint are being removed to this Court.

3.      On March 20, 2020, Defendants RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ and SENSIBLE CONSULTING AND MANAGEMENT, INC. ("SENSIBLE") filed their Answer to the First Amended Complaint and their Cross-Complaint against LEV and others.  All of the causes of action of the Cross-Complaint are being removed to this Court.  (A companion State Court lawsuit titled *Leizerovitz et al. v. Lisitsa etc., et al.*, Case Number 20STCV03696 in which LEV is not a party but which has been found to be related to the Removed State Court Action is not being removed to this Court at this time by this Notice of Removal.)

4.      On or about June 1, 2020, LEV filed for voluntary bankruptcy protection under chapter 11 of title 11 of the United States Code, thereby commencing the above-captioned Chapter 11 bankruptcy case.

5.      The State Court Action is a civil action and is not a proceeding before the United States Tax Code or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power.

6.      The State Court Action involves claims by LEV that seek to diminish SENSIBLE's claim in this action which is based upon a loan secured by real property. The Cross-Complaint against LEV seeks to establish certain claims against LEV by the

1  Removing Parties for which they will be asserting claims in LEV's bankruptcy.

2  Consequently, the adjudication of the claims in the State Court Action is necessary to

3  confirm, determine, and liquidate claims that the Removing Parties have against LEV.

4  The State Court Action is therefore a "core proceeding" under 28 U.S.C. §§ 157(b)(2),

5  including under subsection (B), (C) and (O).

6        7.     This Court has jurisdiction pursuant to 28 U.S.C. § 1334(b).

7        8.     Removal of the State Court Action is timely pursuant to Bankruptcy Rule

8  9027(a)(2).

9        9.     Attached as **Exhibit "1"** hereto are copies of the pleadings and process

10  filed in connection with the State Court Action.

11       **PLEASE TAKE FURTHER NOTICE** that removal of the State Court Action

12  and all claims and causes of action therein was effected upon the filing of a copy of this

13  Notice of Removal with the Clerk of the State Court pursuant to Bankruptcy Rule

14  9027(c). The State Court Action is hereby removed to the United States Bankruptcy Court

15  for the Central District of California, San Fernando Valley Division (the "Bankruptcy

16  Court"), and the parties to the State Court Action shall proceed no further in State Court

17  unless otherwise ordered.

18       **PLEASE TAKE FURTHER NOTICE** that, upon removal of the State Court

19  Action,  Defendant consents to the entry of final orders or judgment by the Bankruptcy

20  Court.

21

22  DATED: June 26, 2020.         BURGEE & ABRAMOFF P.C.

23

24                   By:_____/s/ John G. Burgee_____
                    JOHN G. BURGEE

25                   Attorneys for Defendants RUVIN
                 FEYGENBERG, MICHAEL LEIZEROVITZ,
                 AND SENSIBLE CONSULTING AND

26                   MANAGEMENT, INC.

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

## State Court Pleadings

Electronically FILED by Superior Court of California, County of Los Angeles on 06/10/2020 10:00 AM R. Carter, Executive Officer/Clerk of Court, by D. Williams, Deputy Clerk
19STCV00878

Assigned for all purposes to: Van Nuys Courthouse East, Judicial Officer: Huey Cotton

1    Thomas D. Sands, Esq.     SBN 279020
2    THE SANDS LAW GROUP, APLC
     205 S. Broadway Ste 903
3    Los Angeles, California 90012
     Telephone:    (213) 788-4412
4    Facsimile:    (888) 623-8382

5

6    Attorney for Lev Investments, LLC

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES,

10                    NORTHWEST JUDICIAL DISTRICT

| | |
|---|---|
| LEV INVESTMENTS, LLC, | Case No.: |
| Plaintiff, | VERIFIED COMPLAINT FOR: |
| vs. | 1. BREACH OF IMPLIED COVENANT AGAINST ENCUMBRANCES |
| RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC.; MING ZHU, LLC; and DOES 1 through 100, inclusive, | 2. QUIET TITLE<br>3. USURY<br>4. DECLARATORY RELIEF |
| Defendants. | DEMAND IN EXCESS OF $25,000.00 |

Plaintiff, Lev Investments, LLC, hereinafter Plaintiff, files its Complaint herein against

Defendants, RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING

AND MANAGEMENT, INC.; MING ZHU, LLC; and DOES 1 through 100, inclusive,

hereinafter collectively Defendants, as follows:

## PARTIES

    1.     Plaintiff is a California limited liability company, and at all times relevant hereto,

was doing business in the county of Los Angeles, state of California.

2.    Upon information and belief, Defendant, RUVIN FEYGENBERG, hereinafter Feygenberg, is an individual, and at all relevant times herein, doing business in the county of Los Angeles, state of California.

3.    Upon information and belief, Defendant, MICHAEL LEIZEROVITZ, hereinafter Leizerovitz, is an individual, and at all relevant times herein, doing business in the county of Los Angeles, state of California.

4.    Upon information and belief, Defendant SENSIBLE CONSULTING AND MANAGEMENT, INC., hereinafter Sensible Consulting, at all times relevant hereto, a California corporation doing business in the county of Los Angeles, state of California.

5.    Upon information and belief, Defendant MING ZHU, LLC, hereinafter Ming Zhu, at all times relevant hereto, a California limited liability company doing business in the county of Los Angeles, state of California.

6.    The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of the Defendants named herein as DOE 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names, and Plaintiff will amend this Complaint to set forth their true names and capacities when the same are ascertained. Plaintiff is informed and believes and thereon alleges that Defendants DOE 1 through 50, inclusive, and each of them, claim some right, title, estate, lien or interest in the Property adverse to Plaintiff's ownership and that such claims constitute clouds on Plaintiff's title thereto.

7.    The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of Defendants DOE 51 through 100, inclusive, are unknown to Plaintiff, which therefore sues said defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of such Defendants when the same are ascertained. Plaintiff is informed and believes and thereon alleges that each fictitiously named Defendant is legally responsible in some manner for the events referred to and legally caused the damages to Plaintiff as alleged herein.

8.      Plaintiff is informed and believes and thereon alleges that each DOE Defendant claims some interest in the Property and is responsible in some manner for the occurrences herein alleged, and that Plaintiff hereby names each DOE Defendant as such that its interest, in any, shall be subject to the judgment rendered herein. Each reference in this Complaint to any Defendant, refers to all Defendants sued under fictitious names.

9.      Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each of the Defendants sued under fictitious names, was the agent or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of this agency or employment.

## JURISDICTION AND VENUE

10.      The amount of controversy herein, exclusive of attorneys' fees, interest and costs, does exceed the sum of $25,000.00.

11.      Venue is proper in this judicial district as the Property that gave rise to this action is located in this judicial district.

## GENERAL ALLEGATIONS

### (Facts Common to All Causes of Action)

12.      Plaintiff incorporates by reference the allegations of paragraphs 1-11, *supra*, as though fully set forth herein.

13.      This lawsuit concerns the real property commonly known as 13854 Albers Street, Sherman Oaks, California 91401, hereinafter the Property, and legally known as:

ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

THE NORTH 190 FEET OF THE EAST 99 FEET OF THE WEST 110 FEET OF LOT 103 TRACT NO. 1000, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 19 PAGES 1 TO 34, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

ASSESSOR'S PARCEL NUMBER: 2247-013-001

14.      Plaintiff alleges that on or about January 31, 2019, Defendants Feygenberg and Leizerovitz signed a Grant Deed, whereby all right, title and interest in the Property was

transferred to Plaintiff. See **Exhibit A**, a true and correct copy of the Grant Deed, attached hereto and incorporated herein by reference.

15.     Feygenberg also gave a loan that is secured with the Property. See **Exhibit B**, a true and correct copy of the Deed of Trust, attached hereto and incorporated herein by reference.

16.     Sensible Consulting, whose principal, on information and belief, is Leizerovitz, also gave a loan that is secured with the Property. See **Exhibit B**, a true and correct copy of the Deed of Trust, attached hereto and incorporated herein by reference.

17.     Under the terms of the contract, interest payment on the principal were to be equivalent to 23.00% per annum.

18.     The interest payment terms of the contract are usurious and violate the California Constitution Article XV, Section 1(2), which prescribes that a contract for a loan for any use other than primarily for personal, family, or household purposes may not provide for an interest rate that exceeds 10.00% per annum.

19.     On information and belief, on or about March 29, 2019, Feygenberg assigned all of his interest in the Deed of Trust to Sensible Consulting. See **Exhibit C**, a true and correct copy of the Assignment, attached hereto and incorporated herein by reference.

## FIRST CAUSE OF ACTION

### (Breach of Implied Covenant against Encumbrances)

(Against All Defendants, except Sensible Consulting and Ming Zhu)

20.     Plaintiff incorporates by reference the allegations of paragraphs 1-19, *supra*, as though fully set forth herein.

21.     Pursuant to Civil Code § 1113, Defendants, and each of them, covenanted that the estate granted by the Grant Deed was at the time of the execution free from encumbrances, done, made or suffered by Defendants, and each of them, or any person claiming under Defendants, and each of them, including taxes, assessments, and all liens on the Property, and that implied covenant was not restrained or in any way affected by any express terms contained in the deed.

22.     At the time of the making and delivery of the Grant Deed, the Property was not free from all encumbrances, but, on the contrary, Defendants, and each of them, before that time owed property taxes and a judgment.

23.     On March 4, 2013, in the Superior Court of California, County of San Francisco, judgment was rendered against Defendants, and each of them, in the sum of $169,885.38, in an action in which Ming Zhu was plaintiff, and Defendants, and each of them, in this action were defendants, that action being entitled *Ming Zhu v. San Francisco Medical Imaging, et al.*, and being numbered CGC-11-516808, which judgment was entered at the same court, at the same time, and which judgment constituted a lien on the Property described above pursuant to the Abstract of Judgment, recorded as instrument number 20130597359 in the Official Records of the County of Los Angeles, on April 22, 2013. See **Exhibit D**, a true and correct copy of the Abstract, attached hereto and incorporated herein by reference.

24.     For a further breach Plaintiff alleges that at the time of the execution and delivery of the Grant Deed from Defendants, and each of them, the Property was subject to taxes duly assessed prior to the execution of the deed, charged and levied on the Property by the City and County of Los Angeles, which tax was then due and unpaid and at the time of the delivery of the Grant Deed constituted a lien and encumbrance by law on the Property.

25.     By reason of the breach of covenant against encumbrances of Defendants, and each of them, Plaintiff is requesting an offset against Defendants, and each of them, and any and all other damages and costs according to proof.

## SECOND CAUSE OF ACTION

### (Quiet Title)

(Against All Defendants)

26.     Plaintiff incorporates by reference the allegations of paragraphs 1-25, *supra*, as though fully set forth herein.

27.     The basis of Plaintiff's title to or interest in the Property is Plaintiff's Grant Deed granting Plaintiff title in fee simple.

28.     Plaintiff is informed and believes that Defendants, and each of them, claim an interest in the Property adverse to Plaintiff.

29.     Plaintiff is informed and believes and thereby alleges that Defendants, and each of them, claim an interest adverse to Plaintiff in the Property as the holder of a lien representing an unsatisfied judgment against Defendants, and each of them, a former owner of the Property. The Abstract of Judgment was recorded on April 22, 2013, in the Official Records of the County of Los Angeles. Some of the unknown defendants, as assignees and successors of Defendants, and each of them, claim interests in the Property adverse to Plaintiff's title.

30.     The adverse claims are all without any right whatever, and no such Defendants, and each of them, have any right, title, estate, lien, or interest whatever in the Property or any part of it.

31.     Plaintiff seeks to quiet title to the Property, against all adverse claims of all claimants, known and unknown, as of the date this Complaint was filed.

## THIRD CAUSE OF ACTION

### (Usury)

(Against All Defendants, except Ming Zhu)

32.     Plaintiff incorporates by reference the allegations of paragraphs 1-31, *supra*, as though fully set forth herein.

33.     Beginning from about March 2019, Plaintiff requested a payoff of the loan, Defendants, and each of them, presented numerous payoff statements demanding repayment of the loan with a usurious interest rate. The payoff demands of Defendants, and each of them, were in excess of the maximum rate of interest allowed by the California Constitution, Article XV, Section 1.

34.     An actual controversy has arisen and now exists between Plaintiff and Defendants, and each of them, concerning their respective rights and duties in that Plaintiff contends that it is only obligated to pay Defendants, and each of them, the principal amount of the loan without interest, and that the interest rate specified in the contract is usurious and should be declared null and void, whereas Defendants, and each of them, disputes this contention and

contends that Plaintiff must continue paying both the principal amount and the specified interest rate.

35.     Plaintiff desires a judicial determination of its rights and duties, and a declaration that the interest rate provisions of the contract are null and void, pursuant to the California Constitution, Article XV, Section 1 and Section 2 of the Statutes of 1919, page lxxxiii.

36.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain its rights and duties under the contract.

## FOURTH CAUSE OF ACTION

### (Declaratory Relief)

(Against All Defendants)

37.     Plaintiff incorporates by reference the allegations of paragraphs 1-36, *supra*, as though fully set forth herein.

38.     An actual controversy exists between Plaintiff and Defendants, and each of them, regarding their respective rights and obligations with respect to the Property, Grant Deed, Deed of Trust, Assignment, and Abstract.

39.     Plaintiff asserts that Plaintiff's title to the Property is fee simple and Plaintiff holds title free and clear of any liens.

40.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, deny that Plaintiff holds title free and clear of any liens and, instead, contend that Plaintiff has to repay the judgment evidenced by the Abstract (Exhibit D), pay taxes and pay the usurious interest rate on the loan.

41.     Plaintiff desires a judicial determination of the respective rights and liabilities of Plaintiff and Defendants, and each of them, with respect to the Property, which judicial determination is necessary and appropriate in order to permit Plaintiff to proceed to enforce its rights as to the Property.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

COMPLAINT

## ON THE FIRST CAUSE OF ACTION

1. For offset;

2. For the sum according to proof, but not less than $300,000;

## ON THE SECOND CAUSE OF ACTION

For a judgment that Plaintiff is the owner in fee simple of the Property, and that no Defendants, and each of them, have any interest in the Property adverse to Plaintiff;

## ON THE THIRD CAUSE OF ACTION

For the assessment of treble damages against Defendants, and each of them, in the sum according to proof, but not less than $355,000.00;

For a declaration that the interest rate provisions of the contract are null and void and of no force and effect;

## ON THE FOURTH CAUSE OF ACTION

For a judgment that Plaintiff's title is fee simple, free of any liens;

For a judgment declaring the validity of the judgment evidenced by the Abstract;

For a judgment declaring that Plaintiff does not owe the judgment evidenced by the Abstract;

For a judgment compelling Defendants, and each of them, to offset the payment of the judgment evidenced by the Abstract and taxes from what is owed to Defendants, and each of them, by Plaintiff;

For a permanent injunction, enjoining Defendants, and each of them, and their agents, servants and employees, and all persons acting under, in concert with, or for them to offset the amount due at payoff from the principal loan amount;

For damages in the sum of $655,000, plus damages in such further sums as may be sustained and as are ascertainable before final judgment in this action.

///

///

///

///

COMPLAINT

**ON ALL CAUSES OF ACTION**

For costs of suit incurred in this action; and

For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: June 19, 2019

THE SANDS LAW GROUP, APLC

By _____
Thomas D. Sands, Esquire
Attorney for Lev Investments, LLC

**VERIFICATION**

I, Dmitri Lioudkovski, am the Manager of the Plaintiff, the current owner of the Property in the above-entitled proceeding. I have read the above Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 19, 2019

By _____
Dmitri Lioudkovski, Manager

9

COMPLAINT

**This page is part of your document - DO NOT DISCARD**



## 20190258567

Pages:
0005

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**03/22/19 AT 02:38PM**

| | |
|---|---|
| FEES: | 51.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 126.00 |

**PCOR SURCHARGE $20.00**



LEADSHEET



201903220930027

00016397730



009707986

SEQ:
01

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

EXHIBIT A

RECORDING REQUESTED BY
Lev Investments, LLC

WHEN RECORDED MAIL TO
AND MAIL TAX STATEMENTS TO

**Lev Investments, LLC**
**PO Box 16646**
**Beverly Hills, CA 90209**



03/22/2019

*20190258567*

## GRANT DEED

---

**APN NO.    2247-013-001**

---

THE UNDERSIGNED GRANTOR(s) DECLARE(s)
DOCUMENTARY TRANSFER TAX is $_____0.00_____    CITY TAX $ gift R&T §§ 11911, 11930, *et seq.*
    ☐ computed on full value of property conveyed, or ☐ computed on full value less value of liens or
    encumbrances remaining at time of sale,
    ☐ Unincorporated area: ☐ City of _____, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Lev Investments, LLC, a California limited liability company, as to an undivided**
**50.00% Interest, Ruvin Feygeberg, an individual, as to an undivided 25.00% Interest**
**and Michael Leizerovitz, an individual, as to an undivided 25.00% interest,**

hereby GRANT(S) to

**Lev Investments, LLC, a California limited liability company**

the following described real property in the County of Los Angeles, State of California:

SEE **EXHIBIT "A"** ATTACHED HERETO AND MADE A PART HEREOF

Commonly known as 13854 Albers Street, Sherman Oaks, CA 91401

**Lev Investments, LLC**

Dated ___1/31/19___

_____
Dmitri Lioudkovski, Manager

Dated ___1-31-19___

_____
Ruvin Feygeberg, an individual

Dated ___1/31/19___

_____
Michael Leizerovitz, an individual

> A notary public or other officer completing this
> certificate verifies only the identity of the individual
> who signed the document to which this certificate is
> attached and not the truthfulness, accuracy, or
> validity of that document.

State of California

County of Los Angeles

On ~~January 31, 2019~~ before me, ~~Brandon Alexander Guerrero as Notary Public~~ (here insert name
and title of the officer), personally appeared ~~Quinn Freyberg and Dimitri Loudikevski~~, who proved to
me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.**

WITNESS my hand and official seal.

Signature _____ (Seal)



BRANDON ALEXANDER GUERRERO
Notary Public – California
Los Angeles County
Commission # 2221730
My Comm. Expires Nov 12, 2021

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document.

State of California

County of Los Angeles

On January 31, 2019 __ before me Brandon Alexander Guerrero Notary Public (here insert name and title of the officer), personally appeared Michael Leizerovitz _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

Signature _____ (Seal)



BRANDON ALEXANDER GUERRERO
Notary Public – California
Los Angeles County
Commission # 2221730
My Comm. Expires Nov 12, 2021

# EXHIBIT "A"

All that certain real property situated in the County of Los Angeles, State of California, described as follows:

THE NORTH 190 FEET OF THE EAST 99 FEET OF THE WEST 110 FEET OF LOT 103 TRACT NO. 1000, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 19 PAGES 1 TO 34, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

ASSESSOR'S PARCEL NUMBER: 2247-013-001

**This page is part of your document - DO NOT DISCARD**

## 20190258568





**Pages:**
**0004**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**03/22/19 AT 02:38PM**

| | | |
|---|---|---|
| FEES: | | 53.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| SB2: | | 150.00 |
| PAID: | | 203.00 |



L E A D S H E E T



201903220930027

00016397731

009707986

**SEQ:**
**02**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

EXHIBIT B

RECORDING REQUESTED BY:

**Ruvin Feygenberg and
Sensible Consulting and Management, Inc.**

WHEN RECORDED MAIL TO:

Ruvin Feygenberg
17777 Ventura Blvd.
Encino, CA 91316



03/22/2019

*20190258568*

ORDER NO.

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

APN: 2247-013-001

**This Deed of Trust,** made this, between Lev Investments, LLC, a California limited liability company, herein called **TRUSTOR,** whose address is PO Box 16646, Beverly Hills, CA 90209,

**Real Property Trustee, Inc.,** a Delaware Corporation, herein called **TRUSTEE,** and

Ruvin Feygenberg, an individual, as to an undivided 50.00% interest, and Sensible Consulting and Management, Inc., a California corporation, as to an undivided 50.00% interest, herein called **BENEFICIARY,**

Witnesseth: That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE,** that property in Los Angeles County, California, described as:
**For complete legal description, see exhibit "A" attached hereto.**

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.
**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $1,257,675.00 executed by Trustor in favor of Beneficiary by order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.
**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded under date, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glenn | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego | Series 2, Book 1961, Page 183887 | | | | |

FOR SIGNATURE(S) SEE SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.

**SHORT FORM DEED OF TRUST SIGNATURE(S) PAGE**

ORDER NO.

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

Lev Investments, LLC

X _____          Date: _01/31/19._
   Dmitri Lioudkovski, Manager

┌─────────────────────────────────────────────┐
│ A notary public or other officer completing this certificate │
│ verifies only the identity of the individual who signed the │
│ document to which this certificate is attached and not the │
│ truthfulness, accuracy, or validity of that document. │
└─────────────────────────────────────────────┘

STATE OF CALIFORNIA

COUNTY OF   LOS ANGELES

On January 31, 2019 before me, Brandon Alexander Guerrero _____, a Notary Public, personally appeared Dmitri Lioudkovski _____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

┌──────────────────────────────┐
│ BRANDON ALEXANDER GUERRERO │
│ Notary Public - California │
│ Los Angeles County │
│ Commission # 2221730 │
│ My Comm. Expires Nov 12, 2021 │
└──────────────────────────────┘

(Seal)

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

# EXHIBIT "A"

All that certain real property situated in the County of Los Angeles, State of California, described as follows:

THE NORTH 190 FEET OF THE EAST 99 FEET OF THE WEST 110 FEET OF LOT 103 TRACT NO. 1000, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 19 PAGES 1 TO 34, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

ASSESSOR'S PARCEL NUMBER: 2247-013-001



**This page is part of your document - DO NOT DISCARD**

## 20190286165





**Pages:**
**0003**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**04/02/19 AT 01:58PM**

| | |
|---|---|
| FEES: | 23.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 98.00 |



**L E A D S H E E T**



201904020930021

**00016442086**



009728235

**SEQ:**
**03**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**



# EXHIBIT C

Recording Requested By )
)
John G. Burgee )
)
When Recorded, Mail To )
)
Burgee & Abramoff, PC )
20501 Ventura Boulevard, Suite 262 )
Woodland Hills, California 91364 )
)
_____ )

04/02/2019

*20190286165*

(Space above this line for recorder's use)

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned Ruvin Feygenberg hereby grants, transfers, and assigns to Sensible Consulting and Management, Inc., a California corporation, all of his beneficial interest under that certain Deed of Trust dated January 31, 2019 executed by Lev Investments, LLC, a California limited liability company, to Real Property Trustee, Inc., a Delaware corporation, Trustee, and recorded as Instrument Number 20190258568, on March 22, 2019, of the Official Records in the County Records Office of Los Angeles County, State of California, describing the following real property:

THE NORTH 190 FEET OF THE EAST 99 FEET OF THE WEST 110 FEET OF LOT 103 TRACT NO. 1000, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 19 PAGES 1 TO 34, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Commonly known as:    13854 Albers Street, Sherman Oaks, California 91401

APN: 2247-013-001.

TOGETHER WITH the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated: March 29, 2019

_____
Ruvin Feygenberg

MAIL TAX STATEMENTS AS SHOWN ABOVE

1

CERTIFICATE OF ACKNOWLEDGEMENT OF NOTARY PUBLIC

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA ⎫

⎬SS.

COUNTY OF LOS ANGELES ⎭

On ___3/29/2019___, before me, _Sandy A. Cordova, Notary Public_(here insert name and title of the officer), personally appeared _Ruvin Feygenberg_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Sandy A. Cordova_

SANDY A. CORDOVA
Notary Public - California
Los Angeles County
Commission # 2245301
My Comm. Expires Jun 22, 2022

(Seal)

2

**This page is part of your document - DO NOT DISCARD**

## 20130597359



Pages:
0004



**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**04/22/13 AT 12:11PM**

| | | |
|---|---|---|
| FEES: | | 35.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| PAID: | | 35.00 |



**L E A D S H E E T**



201304220760110

00007551515



004791120

**SEQ:
01**

**DAR - Mail (Hard Copy)**



**THIS FORM IS NOT TO BE DUPLICATED**

EXHIBIT D

RECORDING REQUESTED BY

WHEN RECORDED MAIL TO

✓ NAME  M. DAVID DeSANTIS

✓ MAILING 1230 BROADWAY, SUITE
                                    1032
✓ CITY, STATE ZIP CODE

    OAKLAND, CA  94612

04/22/2013

*20130597359*

✓

2

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

TITLE(S)

#35

✓ ABSTRACT OF JUDGMENT

EJ-001

3

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, address, State Bar number, and telephone number)
Recording requested by and return to     510-465-5212

M. David DeSantis (132629)
Gianunzio & DeSantis LLP
130 Broadway
Suite 1032
Oakland, CA 94612

| ✓ ATTORNEY FOR | ✓ JUDGMENT CREDITOR | ASSIGNEE OF RECORD |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civil

*FOR RECORDER'S USE ONLY*

PLAINTIFF: Ming Zhu, LLC

DEFENDANT: San Francisco Medical Imaging, Inc., et al.

CASE NUMBER: CGC-11-516808

| ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS | ☐ Amended |

*FOR COURT USE ONLY*

1. The ✓ judgment creditor ☐ assignee of record applies for an abstract of judgment and represents the following:
   a. Judgment debtor's

   Name and last known address

   RUVIN FEYGENBERG
   18044 VALLEY VISTA BLVD.
   ENCINO, CA 91316

   b. Driver's license no. (last 4 digits) and state: xxxx9366 CA   ☐ Unknown
   c. Social security no. (last 4 digits): xxx-xx-5670   ☐ Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address): Veriza Doe, Sub
      17779 Ventura Blvd., Encino, CA 91316

2. ✓ Information on additional judgment debtors is shown on page 2.

3. Judgment creditor (name and address):
   Ming Zhu, LLC, c/o M. David DeSantis, Esq.
   1330 Broadway, Ste. 1032, Oakland, CA 94612

Date: March 6, 2013
M. David DeSantis
_____
(TYPE OR PRINT NAME)

4. ☐ Information on additional judgment creditors is shown on page 2.

5. ☐ Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

▶ _____
(SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $ 169,885.38

7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on (date): March 4, 2013
   b. Renewal entered on (date):

9. ☐ This judgment is an installment judgment.

10. An ☐ execution lien ☐ attachment lien is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of (name and address):

11. A stay of enforcement has
    a. ✓ not been ordered by the court.
    b. ☐ been ordered by the court effective until (date):

12. a. ✓ I certify that this is a true and correct abstract of the judgment entered in this action.
    b. ☐ A certified copy of the judgment is attached.

CLERK OF THE COURT

This abstract issued on (date):

MAR 1 4 2013

Clerk, by RAYMOND WONG, Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev January 1, 2008]

**ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480, 674, 700.190

| PLAINTIFF: Ming Zhu, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT: San Francisco Medical Imaging, Inc., et al. | CGC-11-516808 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*

14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.          Name and last known address

San Francisco Medical Imaging, Inc.
815 Hyde Street, Suite 100
San Francisco, CA 94109

Driver's license no. [last 4 digits]
and state:                                    ☑ Unknown

Social security no. [last 4 digits]:          ☑ Unknown

Summons was personally served at or mailed to *(address):*
Max Frid, Agent
8159 Santa Monica Blvd., Suite 200
West Hollywood, CA 90046

17.          Name and last known address

Driver's license no. [last 4 digits]
and state:                                    ☐ Unknown

Social security no. [last 4 digits]:          ☐ Unknown

Summons was personally served at or mailed to *(address):*

18.          Name and last known address

Driver's license no. [last 4 digits]
and state:                                    ☐ Unknown

Social security no. [last 4 digits]:          ☐ Unknown

Summons was personally served at or mailed to *(address):*

19.          Name and last known address

Driver's license no. [last 4 digits]
and state:                                    ☐ Unknown

Social security no. [last 4 digits]:          ☐ Unknown

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

EJ-001 [Rev January 1, 2008]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 2 of 2

1 | **JOHN G. BURGEE, ESQ. (State Bar No. 132129)**
**BURGEE & ABRAMOFF, P.C.**
2 | 20501 Ventura Boulevard, Suite 262
Woodland Hills, California  91364
3 | Tel: (818) 264-7575
Fax: (818) 264-7576
4 |
Attorneys for Defendants MICHAEL LEIZEROVITZ
5 | and SENSIBLE CONSULTING and MANAGEMENT, INC.

6

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF LOS ANGELES

10 | NORTHWEST DISTRICT

11

| | |
|---|---|
| 12  LEV INVESTMENTS, LLC, | )   CASE NO. 19VECV00878 |
| | ) |
| 13          Plaintiff, | )   NOTICE OF HEARING ON DEMURRER; |
| | )   DEMURRER OF DEFENDANTS MICHAEL |
| 14      v. | )   LEIZEROVITZ AND SENSIBLE |
| | )   CONSULTING AND MANAGEMENT, INC. |
| 15  RUVIN FEYGENBERG, MICHAEL | )   TO COMPLAINT; MEMORANDUM OF |
| LEIZEROVITZ, SENSIBLE | )   POINTS AND AUTHORITIES; |
| 16  CONSULTING AND MANAGEMENT, | )   DECLARATION OF JOHN G. BURGEE |
| INC., MING ZHU, LLC, and DOES 1 | ) |
| 17  through 100, inclusive, | )   Date: September 10, 2019 |
| | )   Time: 8:30 a.m. |
| 18          Defendants. | )   Dept.: A |
| | )   **RES ID:** 159855440754 |
| 19  _____ | ) |

20 |         PLEASE TAKE NOTICE that Defendants MICHAEL LEIZEROVITZ and SENSIBLE

21 | CONSULTING AND MANAGEMENT, INC. hereby demur to the Complaint of LEV

22 | INVESTMENTS, LLC, and have set the demurrer for hearing on September 10, 2019, at 8:30

23 | a.m., or as soon thereafter as counsel may be heard, in Department A of the above-titled court.

24 |         This Demurrer is made pursuant to Code of Civil Procedure Section 430.10 on the

25 | grounds that, as a matter of law, the Complaint and Causes of Action asserted fail to properly

26 | plead a claim against the moving Defendants.

27 |         This Demurrer will be based upon the Memorandum of Points and Authorities attached

28 | hereto, the Declaration of John G. Burgee attached hereto (regarding efforts to meet and confer)

1

---

DEMURRER TO COMPLAINT

1    and upon any further oral or documentary evidence that may be presented at the hearing of this

2    Demurrer.

3

4    DATED:  August 6, 2019.                    BURGEE & ABRAMOFF P.C.

5

6
                                              By:_____/s/ John G. Burgee_____
7                                                   JOHN G. BURGEE
                                              Attorneys for Defendants MICHAEL
8                                             LEIZEROVITZ and SENSIBLE CONSULTING
                                              AND MANAGEMENT, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEMURRER TO COMPLAINT

1    **DEMURRER**

2        Defendants MICHAEL LEIZEROVITZ and SENSIBLE CONSULTING AND

3    MANAGEMENT, INC. demur as follows to the Complaint of LEV INVESTMENTS LLC:

4        **GENERAL DEMURRER**

5        1. The First Cause of Action for Breach of Implied Covenant Against Encumbrances fails

6    to set forth facts sufficient to state a cause of action. CCP §430.10(e).

7        2. The Second Cause of Action for Quiet Title fails to set forth facts sufficient to state a

8    cause of action. CCP §430.10(e).

9        3. The Third Cause of Action for Usury fails to set forth facts sufficient to state a cause of

10   action. CCP §430.10(e).

11       4. The Fourth Cause of Action for Declaratory Relief fails to set forth facts sufficient to

12   state a cause of action. CCP §430.10(e).

13

14       WHEREFORE, Defendants respectfully requests that this Demurrer to the Complaint be

15   sustained.

16

17   DATED: August 6, 2019.                    BURGEE & ABRAMOFF P.C.

18

19                                             By:____/s/ John G. Burgee_____
                                                    JOHN G. BURGEE
20                                             Attorneys for Defendants MICHAEL
                                               LEIZEROVITZ and SENSIBLE CONSULTING
21                                             AND MANAGEMENT, INC.

22

23

24

25

26

27

28

DEMURRER TO COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

Plaintiff presentation of the facts resulting in this litigation starts midstream.  The first event alleged by Plaintiff is the execution of a Grant Deed as to a particular piece of real property (the "Property") on January 31, 2019.  Plaintiff does not explain why the parties were executing the Grant Deed or the relationship among the parties that led to Plaintiff being one of the parties executing the Grant Deed with certain Defendants to convey the Property to itself.  Further, there is no explanation why the Grant Deed executed on January 31, 2019 was not recorded until March 22, 2019, and why the Grant Deed states that it was a "gift" and that there was no consideration paid.  (See, Complaint Exhibit A.)  Clearly, there is important back story here that Plaintiff has omitted.

Unfortunately, in the context of a demurrer, Movants cannot properly fill in all of the missing details.  However, it is evident from the subject Grant Deed that Plaintiff was in a business relationship with two of the Defendants, Michael Leizerovitz and Ruvin Feygenberg, which resulted in the joint ownership of the Property at one point.  Moreover, the Court can take judicial notice of the previously recorded Trustee's Deed dated January 30, 2019, whereby those parties were named as the titleholders to the Property one day prior to the subject Grant Deed.  (See, Defendants' Request for Judicial Notice.)  So, Plaintiff, Leizerovitz and Feygenberg had a business relationship whereby they all became titleholders to the Property on January 30, 2019, and on January 31, 2019, they all executed a Grant Deed conveying title solely to Plaintiff as a "gift".  On the same day as the second conveyance of the Property, a Deed of Trust executed by Plaintiff was recorded to secure a $1.2 million loan by Feygenberg and Defendant Sensible Consulting and Management, Inc. (which is alleged to be Leizerovitz's entity).  (See, Complaint Exhibit B.)  Feygenberg's interest in the loan was later conveyed to Sensible which is currently the sole owner of the loan.  (See Complaint Exhibit C.)

The principal genesis of this Complaint is that, unbeknownst to the parties, there was an Abstract of an old judgment against Feygenberg that was recorded in Los Angeles County by

Ming Zhu, LLC.. (Complaint Exhibit D.) Even though Feygenberg was only on title for a day (which Defendants assert was a mistake), Plaintiff claims that the judgment is causing a cloud on title. (Complaint ¶ 23.) Otherwise, Plaintiff also throws in a wholly unsupported claim that Defendants have supposedly claimed usurious interest on a loan. The Complaint provides no details at all to support this claim.

Plaintiff's claims regarding the purported cloud caused by the Abstract has nothing to do with either Movant. Moreover, the claims asserted by Plaintiff with regard to the Abstract are legally deficient. The usury claim is without factual support. Despite meet and confer efforts, Plaintiff refuses to withdraw unsupported causes of action or amend the Complaint. As a result, Movants have brought this Demurrer which should be sustained by the Court.

## II.    DEMURRER STANDARDS.

A complaint, must contain statements of facts constituting a cause of action. CCP § 425.10. The pleading party must allege facts that show he is entitled to relief as a matter of law. *Hill v. Miller* (1966) 64 Cal.2d 757, 759. A general demurrer is proper when the complaint fails to state facts constituting a cause of action. CCP § 430.10(e). On a demurrer, the material facts properly pled are deemed admitted, but not contentions, deductions or conclusions of fact or law. *Countrywide Home Loans, Inc. v. Superior Court* (1999) 69 Cal.App.4th 785, 791. Conclusory allegations therefore will not sustain a cause of action. Further, all doubts as to whether a cause of action is pleaded sufficiently are to be resolved **against the pleader**, as it is presumed that it has stated its case as favorably as possible. *Richmond Redevelopment Agency v. Western Title Guaranty Co.* (1975) 48 Cal.App.3d 343. The presumption on demurrer, therefore, is always against the pleader. *Id.*

## III.   THE FIRST CAUSE OF ACTION FOR BREACH OF IMPLIED COVENANT AGAINST ENCUMBRANCES FAILS TO PLEAD A VIABLE CLAIM.

Plaintiff is claiming that Leizerovitz and Feygenberg clouded title to the Property with monetary obligations during the one day that they were owners thereof. The only supposed cloud

on title pled by Plaintiff is the Ming Zhu Abstract which is a judgment solely against Feygenberg. In order to try to rope in Leizerovitz to this cause of action, Plaintiff makes vague allegations regarding unspecified property taxes. These vague allegations clearly are insufficient to state a viable claim, especially where Leizerovitz was only a titleholder for one day.

The foundation of this cause of action is Civil Code Section 1113. That statute provides:

> IMPLIED COVENANTS. From the use of the word "grant" in any conveyance by which an estate of inheritance or fee simple is to be passed, the following covenants, and none other, on the part of the grantor for himself and his heirs to the grantee, his heirs, and assigns, are implied, unless restrained by express terms contained in such conveyance:
>
> *            *            *
>
> 2. That such estate is at the time of the execution of such conveyance free from encumbrances done, made, or suffered by the grantor, or any person claiming under him.

This cause of action is unmaintainable for the following reasons:

1.      The California Supreme Court has held that the statutory covenant does not apply when there is no consideration for the grant deed. *Estate of Porter* (1903) 138 Cal. 618, 624. The Grant Deed attached to the Complaint as Exhibit A indicates that no consideration was provided and that the transfer was a "gift." *Estate of Porter* is directly on point in holding that no covenant arises when property is conveyed as a gift.

2.      The Complaint does not allege that any actual damages have been incurred by Plaintiff through the payment of any encumbrance. The statutory covenant is considered to be e a promise to indemnify the grantee. *Wright v. Boggess* (1914) 24 Cal.App. 533, 535-36. The Court of Appeal has therefore held that there is no basis to seek relief under Civil Code Section 1113 until actual damages are sustained. *Id.* Actual damages is a necessary element of Plaintiff's claim and not alleged in the Complaint.

3.      Finally, by its language, the covenant extends only to encumbrances caused by the grantor. There is absolutely no allegation in the Complaint that Leizerovitz caused any

DEMURRER TO COMPLAINT

encumbrance to be attached to the Property during the one day he was a titleholder.  Vague

allegations of pre-existing tax obligations are not within the scope of the statutory covenant.

It is abundantly clear that this cause of action is not viable in any respect, particularly as

to Leizerovitz.  This Demurrer should be sustained with prejudice in light of the fact that no

amendment is possible to cure the defects as to this cause of action.

**IV.    THE SECOND CAUSE OF ACTION FOR QUIET TITLE FAILS TO PLEAD A
VIABLE CLAIM FOR RELIEF**.

Quiet title is a statutory form of action.  The required elements of a claim for quiet title as

set forth in Code of Civil Procedure Section 761.020.  One of the required elements is a

statement of "the adverse claims to the title of the plaintiff against which a determination is

sought."  CCP § 761.020.   This element is totally missing from the Complaint.

Plaintiff's quiet title cause of action does not disclose what adverse interest in title

Defendants are allegedly claiming with respect to the Property.  The only allegation of an adverse

interest is the Ming Zhu judgment.  However, there is no information as to what alleged interest

in the Property is claimed by the other defendants.  Consequently, no viable claim is stated as to

either of the Movants.

In this regard, there is nothing in the Complaint showing that Leizerovitz claims any

interest in the property at this time.  There is no merit to including Leizerovitz in this cause of

action.

Sensible does have an security interest in the property pursuant to the Deed of Trust

attached to the Complaint as Exhibit B.  However, "[a] borrower may not . . . quiet title against a

secured lender without first paying the outstanding debt on which the . . . deed of trust is based."

*Lueras v. BAC Homes Loans Servicing, LP* (2013) 221 Cal. App. 4th 49, 86.  The loan

underlying Sensible's interest has not been paid nor are there any allegations that support

extinguishing the Deed of Trust.  There is thus no basis to pursue quiet title against Sensible.

This cause of action lacks merit against either Movant and the Demurrer should be

sustained without leave to amend.

DEMURRER TO COMPLAINT

## V.    THE THIRD CAUSE OF ACTION FOR USURY FAILS TO PLEAD A VIABLE CLAIM FOR RELIEF.

The Complaint alleges that Feygenberg and Sensible made a loan secured by the Property. However, no such contract is attached to the Complaint, nor is there any details provided with respect to the contract regarding its terms or even its nature (oral or written).  Plaintiff only alleges that the interest is "equivalent" to 23 percent per annum, failing to explain what that means.  Clearly, the Complaint does not properly plead any loan contract between the parties.

Further, Plaintiff only vaguely alleges that there would payoff demands made with usurious interest.  This type of conclusory statement is what the Court of Appeal has held to be inadequate to support a claim for relief.  *E.g.*, *Countrywide Home Loans, Inc. v. Superior Court, supra.*  Plaintiff has not pled facts showing that it has a valid cause of action and this Demurrer should be sustained..

Moreover, the vague loan alleged by Plaintiff only refers to Feygenberg and Sensible as the lenders.  This is confirmed by the Exhibits to the Complaint.  Nowhere is there any allegation that Leizerovitz made a loan to Plaintiff.  There is thus clearly no facts to support a claim of usury against Leizerovitz.  The Demurrer should be sustained without leave to amend as to Leizerovitz.

## VI.    THE FOURTH CAUSE OF ACTION FOR DECLARATORY RELIEF FAILS TO PLEAD A VIABLE CLAIM FOR RELIEF.

Simply alleging that there is a controversy between the parties is not sufficient to support a claim for declaratory relief.  *Alturas v. Gloster*  (1940) 16 Cal.2d 46, 48.  A complaint must include an allegation of facts that support grounds for relief.  *Id.*  Here, the Complaint essentially relies upon the same allegations as proffered for the quiet title and usury claims, seeking the same relief.  As such allegations were insufficient to state a claim for relief under either of those legal theories, they also are inadequate to state a claim for declaratory relief.  *Faunce v. Cate* (2013) 222 Cal.App.4th 166, 173.  The declaratory relief claim is therefore not viable (and even if it was, it would be duplicative of the prior causes of action and superfluous)..

DEMURRER TO COMPLAINT

## VII.    CONCLUSION.

None of the claims alleged in the Complaint are legally viable as pled and not legally supported.  When Plaintiff was request to provide "legal support for its position that the pleading is legally sufficient or, in the alternative, how the complaint, ... could be amended to cure any legal insufficiency" pursuant to CCP 430.41, Plaintiff did not do so and it is plainly evident that Plaintiff cannot support the claims alleged in the Complaint.  (See, Burgee Decl.)  The Court should sustain this Demurrer without leave to amend as to Movants Michael Leizerovitz and Sensible Consulting and Management, Inc.

DATED: August 6, 2019.                                  BURGEE & ABRAMOFF P.C.


By:____/s/ John G. Burgee_____
      JOHN G. BURGEE
Attorneys for Defendants MICHAEL
LEIZEROVITZ and SENSIBLE CONSULTING
AND MANAGEMENT, INC.

9

DEMURRER TO COMPLAINT

## DECLARATION OF JOHN G. BURGEE

I, JOHN G. BURGEE declare:

1.     I am an attorney at law duly qualified before the Courts of the State of California. I have personal knowledge of the facts stated herein and if called upon to testify, I can and will competently testify thereto.

2.     This declaration is made in compliance with Code of Civil Procedure Section 430.41.

3.     On July 22, 2019, I sent Plaintiff's counsel an email outlining the objections to the Complaint which form the basis of this Demurrer.  In the email, I requested that Plaintiff's counsel provide me with the "legal support for its position that the pleading is legally sufficient or, in the alternative, how the complaint, ... could be amended to cure any legal insufficiency" and with times for a telephonic meet and confer pursuant to CCP 430.41.  Plaintiff's counsel did not do so, simply rejecting the legal authorities I had cited.  Consequently, no agreements were reached as to any objection raised herein.  A true and correct copy of my email exchange with Plaintiff's counsel is attached hereto as Exhibit A.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on August 6, 2019, at Woodland Hills, California.


                                             ____/s/ John G. Burgee_____
                                             JOHN G. BURGEE

DEMURRER TO COMPLAINT

Exhibit A

## John G. Burgee

**From:**     "Thomas Sands" <thomas@thesandslawgroup.com>
**Date:**     Tuesday, July 23, 2019 4:15 PM
**To:**       "John Burgee" <jburgee@bandalaw.net>
**Subject:**  Re: Lev Investments v Feygenberg

Mr. Burgee,

Legal authorities don't synch with the facts.  BUT I rather save your clients from the inevitable.  I'll get my clients to pay off yours...but with ZERO interest from inception.  Thank you.

Sincerely,

Thomas D. Sands, Esq.



Honolulu
P.O. Box 532
Honolulu, Hawaii 96809
O: (213)-788-4412
F: (888)-623-8382

Los Angeles
205 S Broadway, Suite 903
Los Angeles, California 90012
O: (213)-788-4412
F: (888)-623-8382

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

**FEDERAL FAIR DEBT COLLECTION PRACTICES ACT NOTICE:** In accordance with the Federal Fair Debt Collection Practices Act, if this communication is generated in connection with a debt collection matter, you are advised this office **is attempting to collect a debt, and any information obtained will be used for that purpose.** Debt collection communications are confidential and intended only for the sole use of recipient.

On Mon, Jul 22, 2019 at 2:28 PM John Burgee <jburgee@bandalaw.net> wrote:
 I am counsel for Defendants Feygenberg, Leizerovitz and Sensible Consulting and Management, Inc.  I am

requesting that we set a time to meet and confer regarding defects in the claims alleged in the Complaint pursuant to CCP 430.41.

The defects in the Complaint are as follows:

**First Cause of Action – Breach of Implied Covenants**

There are two general defects with respect to the first cause of action which render it fatally defective:

First, the statutory covenant does not apply when there is no consideration for the grant deed.  Estate of Porter (1903) 138 Cal. 618, 624.  The Grant Deed attached to the Complaint as Exhibit A indicates that no consideration was provided and that the transfer was a gift.

Second, the claim does not allege that any actual damages have been incurred through the payment of any encumbrance.  There is no basis to seek relief under this statute until actual damages are sustained.  *Wright v. Boggess* (1914) 24 Cal.App. 533, 535-36.

There is a further third defect as to Defendant Leizerovitz in that there is no allegation of any encumbrance that he caused to be attached to the property.  There are thus no facts pled that he has any liability under this cause of action.

**Second Cause of Action – Quiet Title**

The quiet title cause of action does not disclose what adverse interest in title Defendants are allegedly claiming with respect to the property.  The only allegation of an adverse interest is the Ming Zhu judgment.  However, there is no information as to what alleged interest in the property is claimed by the other defendants.  The cause of action is factually insufficient.  CCP 761.020.

In this regard, neither Defendant Feygenberg nor Defendant Leizerovitz claim any interest in the property at this time.  There is no merit to including these Defendants in this cause of action.

Defendant Sensible does have a security interest in the property pursuant to a Deed of Trust.  However, "[a] borrower may not . . . quiet title against a secured lender without first paying the outstanding debt on which the . . . deed of trust is based." Lueras *v. BAC Homes Loans Servicing, LP* (2013) 221 Cal. App. 4th 49, 86.  The loan underlying Sensible's interest has not been paid nor are there any allegations that support extinguishing the Deed of Trust.  There is thus no basis to pursue quiet title against Sensible.

**Third Cause of Action – Usury**

The exhibits to the Complaint show that only Defendants Feygenberg and Sensible were beneficiaries of the subject Deed of Trust when it was recorded.  Further, Feygenberg assigned his interest in the Deed of Trust to Sensible on March 29, 2019.  All of the payoff demands were made thereafter and consequently were only made by Sensible.  Your inclusion of other Defendants in the usury cause of action is unsupported and the pleading of that claim without identifying the actual Defendant making the demand renders the cause of action vague and factually deficient.

**Fourth Cause of Action – Declaratory Relief**

Simply alleging that there is a controversy between the parties is not sufficient to support a claim for declaratory relief.  Alturas *v. Gloster* (1940) 16 Cal. 2d 46, 48.  A complaint must include an allegation of facts that support grounds for relief.  Id.  Here, the Complaint essentially relies upon the same allegations as proffered for the quiet title and usury claims, seeking the same relief.  As such allegations were insufficient to state a claim for relief under those legal theories, they also are inadequate to state a claim for declaratory relief.  *Faunce v. Cate* (2013) 222 Cal.App.4th 166, 173.

**Summary**

None of the claims alleged in the Complaint are legally viable as pled and some are not legally supported. Pursuant to CCP 430.41 your client is required to provide "legal support for its position that the pleading is legally sufficient or, in the alternative, how the complaint, cross-complaint, or

8/6/2019

answer could be amended to cure any legal insufficiency." After you provide me with your position, I am available most afternoons to discuss if necessary.

Thank you.


John G. Burgee

Burgee & Abramoff, PC
20501 Ventura Boulevard, Suite 262
Woodland Hills, California 91364
T: (818) 264-7575
F: (818) 264-7576

1

### PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4      I am employed in the County of Los Angeles, State of California.  I am over the age of 18
and not a party to the within action.  My business address is 20501 Ventura Boulevard,
Woodland Hills, California 91364.

5

6      On August 6, 2019, I served the foregoing document described as: NOTICE OF
HEARING ON DEMURRER; DEMURRER OF DEFENDANTS MICHAEL LEIZEROVITZ
AND SENSIBLE CONSULTING AND MANAGEMENT, INC.TO COMPLAINT;
7   MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN G.
BURGEE on the interested parties in this action:

8

/X/      by placing /  / the original /X/ a true copy thereof enclosed in sealed envelopes addressed
9            as follows:

10           Thomas D. Sands, Esq.
             The Sands Law Group, APLC
11           205 S. Broadway, Suite 903
             Los Angeles, California 90012
12           Email:

13   [X]      BY MAIL

14           [X]      As follows:  I am "readily familiar" with the firm's practice of collection and
                      processing correspondence for mailing.  Under that practice it would be deposited
15                    with U.S. postal service on that same day with postage thereon fully prepaid at
                      Woodland Hills, California in the ordinary course of business.  I am aware that on
16                    motion of the party served, service is presumed invalid if postal cancellation date
                      or postage meter date is more than one day after date of deposit for mailing in
17                    affidavit.

18   [  ]      **(BY PERSONAL SERVICE) I delivered such envelope by hand to the office/home of
              the addressee.

19

20           Executed August 6, 2019, at Woodland Hills, California.

21   /X/      (State) I declare under penalty of perjury under the laws of the State of California that the
              above is true and correct.

22

23     John Burgee                                    /s/ John G. Burgee
     Type or Print Name                              Signature

24

25

26

27

28

DEMURRER TO COMPLAINT

# Journal Technologies Court Portal

# Make a Reservation

## LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.

Case Number: 19VECV00878    Case Type: Civil Unlimited    Category: Other Real Property (not eminent domain, landlord/tenant, foreclosure)
Date Filed: 2019-06-20   Location: Van Nuys Courthouse East - Department A

## Reservation

Case Name:
LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.

Case Number:
19VECV00878

Type:
Demurrer - without Motion to Strike

Status:
RESERVED

Filing Party:
Michael Leizerovitz (Defendant)

Location:
Van Nuys Courthouse East - Department A

Date/Time:
09/10/2019 8:30 AM

Number of Motions:
1

Reservation ID:
159855440754

Confirmation Code:
CR-GMV9XBGCFXGZ46KTV

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| First Paper Fees (Unlimited Civil) | 435.00 | 1 | 435.00 |
| Credit Card Percentage Fee (2.75%) | 11.96 | 1 | 11.96 |
| TOTAL | | | $446.96 |

## Payment

Amount:
$446.96

Type:
Visa

Account Number:
XXXX1250

Authorization:
02738D

**🖶 Print Receipt**      **➕ Reserve Another Hearing**

Copyright © Journal Technologies, USA. All rights reserved.

1   **JOHN G. BURGEE, ESQ. (State Bar No. 132129)**
    **BURGEE & ABRAMOFF, P.C.**
2   20501 Ventura Boulevard, Suite 262
    Woodland Hills, California  91364
3   Tel: (818) 264-7575
    Fax: (818) 264-7576
4
    Attorneys for Defendants MICHAEL LEIZEROVITZ
5   and SENSIBLE CONSULTING and MANAGEMENT, INC.

6

7                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                         FOR THE COUNTY OF LOS ANGELES

9                               NORTHWEST DISTRICT

10

11  LEV INVESTMENTS, LLC,                )   CASE NO. 19VECV00878
                                         )
12                      Plaintiff,       )   REQUEST FOR JUDICIAL NOTICE IN
                                         )   SUPPORT OF DEMURRER OF
13       v.                              )   DEFENDANTS MICHAEL LEIZEROVITZ
                                         )   AND SENSIBLE CONSULTING AND
14  RUVIN FEYGENBERG, MICHAEL            )   MANAGEMENT, INC. TO COMPLAINT
    LEIZEROVITZ, SENSIBLE                )
15  CONSULTING AND MANAGEMENT,           )   Date: September 10, 2019
    INC., MING ZHU, LLC, and DOES 1      )   Time: 8:30 a.m.
16  through 100, inclusive,              )   Dept.: A
                                         )   **RES ID:** 159855440754
17                      Defendants.      )
                                         )
18  _____ )

19       PLEASE TAKE NOTICE that Defendants MICHAEL LEIZEROVITZ and SENSIBLE

20  CONSULTING AND MANAGEMENT, INC. request hat the Court take judicial notice of the

21  attached document titled "Trustee's Deed Upon Sale" which is a document recorded with the Los

22  Angeles County Recorder as Document Number 20190099571.

23       This request is made pursuant to Evidence Code Sections 452 and 453.

24  DATED:  August 6, 2019.              BURGEE & ABRAMOFF P.C.

25

26                                      By:_____/s/ John G. Burgee_____
                                              JOHN G. BURGEE
27                                      Attorneys for Defendants MICHAEL
                                        LEIZEROVITZ and SENSIBLE CONSULTING
                                        AND MANAGEMENT, INC.
28

                                        1
_____
                      REQUEST FOR JUDICIAL NOTICE



**This page is part of your document - DO NOT DISCARD**



## 20190099571



**Pages:
0003**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**02/01/19 AT 08:00AM**

| | |
|---|---|
| FEES: | 23.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 98.00 |



**L E A D S H E E T**



**201902010230085**

**00016228014**



**009608547**

**SEQ:
01**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

E08_190201_6-10052

*E493367*

RECORDING REQUESTED BY
**LAWYERS TITLE**

RECORDING REQUESTED BY:
**California TD Specialists**

AND WHEN RECORDED TO:
AND MAIL TAX STATEMENT TO:
**LEV INVESTMENTS, LLC, ET AL**
**P.O. BOX 16646**
**BEVERLY HILLS, CA 90209**
**Forward Tax Statements to**
**the address given above**

TS #: **83173**
Loan #: **399135126**

Order #: **05936537**

SPACE ABOVE LINE FOR RECORDER'S USE

## TRUSTEE'S DEED UPON SALE

A.P.N.: **2247-013-001**          Transfer Tax: **$0.00**
THIS TRANSACTION IS EXEMPT FROM THE REQUIREMENTS OF THE REVENUE AND TAXATION CODE,
SECTION 480.3
The Grantee Herein **was** the Foreclosing Beneficiary.
The Amount of the Unpaid Debt was **$2,302,132.67**
The Amount Paid by the Grantee was **$2,150,000.00**
Said Property is in the City of **LOS ANGELES**, County of **Los Angeles**

**ACCOMMODATION**

**CALIFORNIA TD SPECIALISTS**, as Trustee, (whereas so designated in the Deed of Trust hereunder more
particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to

### Lev Investments, LLC, a California limited liability company, as to an undivided 50.00% Interest, Ruvin Feygenberg, an individual, as to an undivided 25.00% interest and Michael Leizerovitz, an individual, as to an undivided 25.00% interest.

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed
to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of **Los
Angeles**, State of California, described as follows:

**THE NORTH 190 FEET OF THE EAST 99 FEET OF THE WEST 110 FEET OF LOT 103 TRACT NO. 1000, IN THE CITY OF LOS
ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 19 PAGES 1 TO 34,
INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **MANUK
ABOYAN, AN INDIVIDUAL** as Trustor, dated **10/24/2016** of the Official Records in the office of the Recorder of
Los Angeles, California under the authority and powers vested in the Trustee designated in the Deed of Trust or as
the duly appointed Trustee, default having occurred under the Deed of Trust pursuant to the Notice of Default and
Election to Sell under the Deed of Trust recorded on **11/1/2016**, instrument number **20161352625**, Book N/A, Page
N/A of official records. Trustee having complied with all applicable statutory requirements of the State of
California and performed all duties required by the Deed of Trust including sending a Notice of Default and Election
to Sell within ten days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified
mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

Forward Tax Statements to the address given above



TS-TDUS          Trustee's Deed Upon Sale (CA)          131003

# TRUSTEE'S DEED UPON SALE

TS #: **83173**
Loan #: **399135126**
Order #: **05936537**

All requirements per California Statutes regarding the mailing, personal delivery and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with. Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on **1/30/2019**. Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being **$2,150,000.00**, in lawful money of the United States, in pro per, receipt thereof is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust.

In witness thereof, **CALIFORNIA TD SPECIALISTS,** as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation-by-laws.

Date: **1/30/2019**

**CALIFORNIA TD SPECIALISTS, AS TRUSTEE**

By: _____

Patricio S. Ince', Vice President

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF California
COUNTY OF Orange

On 1/30/2019 before me, Teri Snyder Notary Public Personally appeared, Patricio S. Ince', Vice President who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary Public

(Seal)

TERI SNYDER
COMM. # 2185804
NOTARY PUBLIC ● CALIFORNIA
ORANGE COUNTY
Comm. Exp. APRIL 4, 2021

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 20501 Ventura Boulevard, Woodland Hills, California 91364.

      On August 6, 2019, I served the foregoing document described as: REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER OF DEFENDANTS MICHAEL LEIZEROVITZ AND SENSIBLE CONSULTING AND MANAGEMENT, INC. TO COMPLAINT on the interested parties in this action:

/X/  by placing / / the original /X/ a true copy thereof enclosed in sealed envelopes addressed as follows:

      Thomas D. Sands, Esq.
      The Sands Law Group, APLC
      205 S. Broadway, Suite 903
      Los Angeles, California 90012
      Email: thomas@thesandslawgroup.com

[X]    BY MAIL

    [X]    As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **(BY PERSONAL SERVICE) I delivered such envelope by hand to the office/home of the addressee.

      Executed August 6, 2019, at Woodland Hills, California.

/X/    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

  John Burgee               /s/ John G. Burgee
Type or Print Name           Signature

REQUEST FOR JUDICIAL NOTICE

1 | **JOHN G. BURGEE, ESQ. (State Bar No. 132129)**
**BURGEE & ABRAMOFF, P.C.**
2 | 20501 Ventura Boulevard, Suite 262
Woodland Hills, California  91364
3 | Tel: (818) 264-7575
Fax: (818) 264-7576
4 |
5 | Attorneys for Defendant RUVIN FEYGENBERG
6 |
7 | SUPERIOR COURT OF THE STATE OF CALIFORNIA
8 | FOR THE COUNTY OF LOS ANGELES
9 | NORTHWEST DISTRICT
10 |
11 | LEV INVESTMENTS, LLC,                    )  CASE NO. 19VECV00878
                                             )
12 |                       Plaintiff,         )  JOINDER OF DEFENDANT RUVIN
                                             )  FEYGENBERG IN DEMURRER TO
13 |           v.                             )  COMPLAINT
                                             )
14 | RUVIN FEYGENBERG, MICHAEL               )  Date: September 10, 2019
     LEIZEROVITZ, SENSIBLE                   )  Time: 8:30 a.m.
15 | CONSULTING AND MANAGEMENT,              )  Dept.: A
     INC., MING ZHU, LLC, and DOES 1        )  **RES ID:** 159855440754
16 | through 100, inclusive,                  )
                                             )
17 |                       Defendants.        )
                                             )
18 |
19 |        TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:
20 |        PLEASE TAKE NOTICE that Defendant RUVIN FEYGENBERG join in the Demurrer
21 | filed in this action for hearing on September 10, 2019, at 8:30 a.m., or as soon thereafter as
22 | counsel may be heard, in Department A of the above-titled court.
23 |        This Joinder is made on the grounds that:
24 |        1. The First Cause of Action for Breach of Implied Covenant Against Encumbrances fails
25 | to set forth facts sufficient to state a cause of action against Feygenberg for the reasons set forth
26 | in the Demurrer. CCP §430.10(e).
27 |        2. The Second Cause of Action for Quiet Title fails to set forth facts sufficient to state a
28 | cause of action against Feygenberg for the reasons set forth in the Demurrer, particularly since

1

---

JOINDER IN DEMURRER TO COMPLAINT

Feybenberg is no longer the beneficiary of any Deed of Trust encumbering the subject property having assigned his interest in the subject Deed of Trust to Defendant Sensible Consulting and Management, Inc. CCP §430.10(e).  (See, Complaint Exhibit C.)

3. The Third Cause of Action for Usury fails to set forth facts sufficient to state a cause of action against Feygenberg for the reasons set forth in the Demurrer, particularly since Feygenberg is no longer Plaintiff's lender having assigned his interest in the subject loan to Defendant Sensible Consulting and Management, Inc., and is not alleged to have made any payoff demand that includes allegedly usurious interest.  CCP §430.10(e). (See, Complaint Exhibit C.)

4. The Fourth Cause of Action for Declaratory Relief fails to set forth facts sufficient to state a cause of action against Feygenberg for the reasons set forth in the Demurrer. CCP §430.10(e).

This Joinder will be based on this Notice, the papers filed in support of the Demurrer, including the Notice of Hearing on Demurrer, the Demurrer, the Memorandum of Points and Authorities submitted in support of the Demurrer, the Declaration of John G. Burgee and Exhibit A thereto regarding efforts to meet and confer, and the Request for Judicial Notice filed with the Demurrer, as well as such further briefing and evidence as may be presented prior to and in connection with the hearing of the Demurrer.

DATED:  August 9, 2019.                    BURGEE & ABRAMOFF P.C.

By:_____/s/ John G. Burgee_____
JOHN G. BURGEE
Attorneys for Defendant RUVIN FEYGENBERG

2

JOINDER IN DEMURRER TO COMPLAINT

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

  I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 20501 Ventura Boulevard, Woodland Hills, California 91364.

  On August 9, 2019, I served the foregoing document described as: JOINDER OF DEFENDANT RUVIN FEYGENBERG IN DEMURRER TO COMPLAINT on the interested parties in this action:

/X/ by placing / / the original /X/ a true copy thereof enclosed in sealed envelopes addressed as follows:

  Thomas D. Sands, Esq.
  The Sands Law Group, APLC
  205 S. Broadway, Suite 903
  Los Angeles, California 90012
  Email: thomas@thesandslawgroup.com

[X] BY MAIL

  [X] As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **(BY PERSONAL SERVICE) I delivered such envelope by hand to the office/home of the addressee.

  Executed August 9, 2019, at Woodland Hills, California.

/X/ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

  __John Burgee___     ____/s/ John G. Burgee____
  Type or Print Name      Signature

JOINDER IN DEMURRER TO COMPLAINT

Journal Technologies Court Portal

# Make a Reservation

## LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.

Case Number: 19VECV00878    Case Type: Civil Unlimited    Category: Other Real Property (not eminent domain, landlord/tenant, foreclosure)
Date Filed: 2019-06-20   Location: Van Nuys Courthouse East - Department A

### Reservation

| | |
|---|---|
| **Case Name:**<br>LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al. | **Case Number:**<br>19VECV00878 |
| **Type:**<br>Demurrer - without Motion to Strike | **Status:**<br>RESERVED |
| **Filing Party:**<br>Michael Leizerovitz (Defendant) | **Location:**<br>Van Nuys Courthouse East - Department A |
| **Date/Time:**<br>09/10/2019 8:30 AM | **Number of Motions:**<br>1 |
| **Reservation ID:**<br>159855440754 | **Confirmation Code:**<br>CR-GMV9XBGCFXGZ46KTV |

### Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| First Paper Fees (Unlimited Civil) | 435.00 | 1 | 435.00 |
| Credit Card Percentage Fee (2.75%) | 11.96 | 1 | 11.96 |
| TOTAL | | | $446.96 |

### Payment

| | |
|---|---|
| **Amount:**<br>$446.96 | **Type:**<br>Visa |
| **Account Number:**<br>XXXX1250 | **Authorization:**<br>02738D |

🖨 Print Receipt     ➕ Reserve Another Hearing

Copyright © Journal Technologies, USA. All rights reserved.

Thomas D. Sands, Esq.        SBN 279020
THE SANDS LAW GROUP, APLC
205 S. Broadway Ste 903
Los Angeles, California 90012
Telephone:    (213) 788-4412
Facsimile:    (888) 623-8382

Attorney for Lev Investments, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES,

NORTHWEST JUDICIAL DISTRICT

| | |
|---|---|
| LEV INVESTMENTS, LLC, | Case No.: 19VECV00878 |
| Plaintiff, | OPPOSITION TO DEMURRER OF DEFENDANTS MICHAEL LEIZEROVITZ AND SENSIBLE CONSULTING AND MANAGEMENT, INC. TO COMPLAINT |
| vs. | |
| RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC.; MING ZHU, LLC; and DOES 1 through 100, inclusive, | Date:        September 10, 2019<br>Time:        8:30 a.m.<br>Place:        Dept. A<br>Judge:        Huey P. Cotton |
| Defendants. | |
| | Complaint filed:        June 20, 2019<br>Trial date:        None set |

Plaintiff, Lev Investments, LLC, hereinafter Plaintiff or Lev, hereby opposes the Demurrer of Defendants Michael Leizerovitz and Sensible Consulting and Management, Inc., hereinafter collectively Defendants, to Complaint. Also, the Joinder of Defendant Ruvin Feygenberg in Demurrer to Complaint must be struck or disregarded as the Clerk of the Court entered Defendant Ruvin Feygenberg's default on August 14, 2019.

## STATEMENT OF FACTS

The facts of this case are clear and well understood. Lev, Feygenberg and Leizerovitz purchased a Note in default secured with real estate prior to foreclosure. They foreclosed on the

- 1 -

Deed of Trust and at the foreclosure auction the property reverted to them. The Trustee's Deed upon Sale reflected same. After the sale, per their agreement, they separated their interests. Lev became the owner and Leizerovitz's company, Sensible Consulting, with Feygenberg became the lienholders with exorbitant interest of 23% on the money that they gave to purchase the Note. Prior to separating their interest, all the parties made certain implied representations to each other, specifically that there are no outstanding liens against them that will affect the title of the property, including taxes, assessments and judgments. See Complaint ¶ 21. Defendants failed in their representations, as at the time of making and delivering the Grant Deed, in fact there were encumbrances against the property. See Complaint ¶¶ 22-24.

After numerous requests from Lev to Defendants to resolve the encumbrances and give a proper payoff statement to payoff the loan, Defendants failed to do so. Now, Plaintiff's property has clouded title, as well as inability to sell it, refinance it, or do anything with it, as well as incurring daily damages of upkeep, maintenance and property taxes, among others.

Now come Defendants and allege that the Complaint fails to state a cause of action. However, the Complaint is well pled, unambiguous and states all the causes of action against Defendants.

## **DEMURRERS IN GENERAL**

A demurrer cannot allege facts, deny facts, or otherwise allude to extrinsic evidence not subject to judicial notice. *See, e.g., Cook v. de la Guerra* (1864) 24 Cal. 237, 239; *Hayward v. Henderson* (1979) 88 Cal. App. 3d 64, 71, 151 Cal. Rptr. 505; *see also Gould v. Maryland Sound Industries, Inc.* (1995) 31 Cal. App. 4th 1137, 1144 (defendants cannot state facts in their demurrers that, if true, would defeat plaintiff's complaint). A demurrer simply objects to the pleading in question on the ground that the pleading contains a defect that appears from examination of the pleading itself or from examination of the pleading together with judicially noticed facts. *See* CCP § 430.30.

Thus, a demurrer only raises issues of law to be tried by the court. *See* CCP §§ 589, 591; *Pescosolido v. Maddock* (1985) 172 Cal. App. 3d 230, 232, 218 Cal. Rptr. 165. Its primary function is to test the sufficiency of the pleading it challenges by raising these questions of law.

OPPOSITION TO DEMURRER

1   *See E-Fab, Inc. v. Accountants, Inc. Services* (2007) 153 Cal. App. 4th 1308, 1315-1316, 64 Cal.

2   Rptr. 3d 9 (complaint must show on its face that action is barred by statute of limitations; it is not

3   enough for the complaint to show merely that the action may be barred); *see also Salimi v. State*

4   *Comp. Ins. Fund* (1997) 54 Cal. App. 4th 216, 219, 62 Cal. Rptr. 2d 640; *Nordlinger v. Lynch*

5   (1990) 225 Cal. App. 3d 1259, 1271, 275 Cal. Rptr. 684; *see also Boyle v. City of Redondo*

6   *Beach* (1999) 70 Cal. App. 4th 1109, 1114 n.2, 83 Cal. Rptr. 2d 164 (demurrer tests legal

7   sufficiency of factual allegations in complaint); *accord Stevens v. Superior Court* (1999) 75 Cal.

8   App. 4th 594, 608-609, 89 Cal. Rptr. 2d 370. A demurrer is not the appropriate procedure for

9   determining the truth of disputed facts or what inferences should be drawn when competing

10  inferences are possible. *CrossTalk Productions, Inc. v. Jacobson* (1998) 65 Cal. App. 4th 631,

11  635, 76 Cal. Rptr. 2d 615; *see also Ball v. GTE Mobilnet of California* (2000) 81 Cal. App. 4th

12  529, 534-535, 96 Cal. Rptr. 2d 801 (general demurrer challenges only legal sufficiency of

13  complaint, not truth or accuracy of its factual allegations or plaintiff's ability to prove those

14  allegations).

15      "The rules by which the sufficiency of a complaint is tested against a general demurrer

16  are well settled. We not only treat the demurrer as admitting all material facts properly pleaded,

17  but also 'give the complaint a reasonable interpretation, reading it as a whole and its parts in their

18  context. [Citation.]' [Citation.] [¶] If the complaint states a cause of action under any theory,

19  regardless of the title under which the factual basis for relief is stated, that aspect of the

20  complaint is good against a demurrer." *Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19

21  Cal.4th 26, 38 [77 Cal. Rptr. 2d 709, 960 P.2d 513]; *Taxpayers for Improving Public Safety v.*

22  *Schwarzenegger* (2009) 172 Cal.App.4th 749, 768 [91 Cal.Rptr.3d 370].

23                    **THE FIRST CAUSE OF ACTION IS WELL PLED**

24      Defendants concede that the cause of action is well pled, except for three reasons. Below

25  Plaintiff will show that Defendants' three reasons are without merit:

26  1.      Defendants cite *Estate of Porter* (1903) 138 Cal. 618, 624 for the proposition that Cal

27  Civil Code § 1113 does not apply in this case because there was no consideration provided with

28  the Grant Deed and evidence of that is the word "gift" printed on the Grant Deed. First, the

1   *Estate of Porter* case does not stand for the proposition that Defendants cite it for. The *Estate of*

2   *Porter* case is a very simple case that held that the devisee or heir of a mortgage estate cannot

3   claim exoneration out of specified legacies. *In re Estate of Porter* (1903) 138 Cal. 618, 623 [72

4   P. 173]. That's it. There is nothing in that case about gifts or consideration. Second, just because

5   the Grant Deed has a word "gift" printed on it does not mean that there was no consideration for

6   the Grant Deed. In fact, the Grant Deed goes on to state "FOR A VALUABLE

7   CONSIDERATION, receipt of which is hereby acknowledged" meaning there was plenty of

8   consideration for the Grant Deed. See **Exhibit A** to the Complaint. Third, in this case the Grant

9   Deed was gotten with considerable consideration to the tune of well over one million dollars. See

10  **Exhibit B** to the Complaint. Defendants are being facetious and playing tricks with the Court

11  suggesting that Lev received the Grant Deed without consideration. If, with this Demurrer,

12  Defendants are offering to give the property to Lev without consideration, but as a gift, then

13  Plaintiff will gladly take them up on their offer, all they have to do is give Plaintiff a

14  Reconveyance for the Deed of Trust (**Exhibit B** to the Complaint) that Defendants are clouding

15  title with and not providing a complete and proper payoff. Defendants' argument has no merit.

16  2.      Next, Defendants argue that "actual damages is [sic] a necessary element" of the first

17  cause of action. See Demurrer, page 6, lines 21-26. Defendants are not understanding the law. In

18  fact, actual damages are not necessary to plead this cause of action, because a covenant against

19  encumbrances is broken as soon as made by the existence of an encumbrance. *Salmon v. Vallejo*

20  (1871) 41 Cal. 481, 484. Thus, nominal damages are recoverable, no actual damages are

21  necessary. See *Fraser v. Bentel* (1911) 161 Cal. 390, 119 P. 509; *Woods v. Bennett* (1919) 40

22  Cal. App. 34, 180 P. 25; *Haroon, Rickard & McCone v. Wilson, Lyon & Co.* (1906) 4 Cal. App.

23  488, 88 P. 512. Defendants' argument has no merit and simply wrong.

24  3.      Finally, without authority, Defendants propose that "the covenant extends only to

25  encumbrances **caused** by the grantor." See Demurrer, page 6, lines 27-28 (emphasis added).

26  Again, Defendants betray a deep misreading of the statute. The statute is clear on its face, it reads

27  in relevant part: "That such estate is at the time of the execution of such conveyance free from

28  incumbrances **done, made, or suffered** by the grantor." See Ca Civ Code § 1113 (2) (emphasis

- 4 -

added). There is nothing in the statute as to the "cause" of the encumbrance. Defendants'

argument is without authority and without merit.

For all of the above reasons, the Court must overrule the Demurrer and order Defendants

Answer the Complaint.

### THE SECOND CAUSE OF ACTION IS WELL PLED

The Second Cause of Action for Quiet Title is well pled against Defendants. See

Complaint ¶¶ 13-19, 27-31. Defendants are claiming adverse interest through their Deed of Trust

that secures indebtedness that is usurious and are not giving a proper payoff. Plaintiff numerous

times asked for a payoff in order to pay off Defendants, but they refused to give a proper total.

Thus, Defendants are improperly clouding title demanding something they are not entitled to and

not allowing Plaintiff to sell, refinance or do anything else with the Property all to Plaintiff's

detriment while Plaintiff is incurring daily damages, such as upkeep, maintenance, property

taxes, among others.

Defendants argue that without repaying the debt, Plaintiff cannot bring a quiet title action

against Defendants. See Demurrer, page 7, lines 21-26. Defendants' argument is misplaced. Full

tender of the indebtedness is not required if the borrower attacks the validity of the underlying

debt. *Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 112-113 [134 Cal.Rptr.3d 622]; *Lueras*

*v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 87 [163 Cal.Rptr.3d 804]. Here,

Plaintiff is attacking the validity of the underlying debt, specifically that it is usurious.

Furthermore, Plaintiff asked to payoff the loan numerous times, but was presented with wrong

payoff amounts at every turn, and when Plaintiff asked to revise the payoff to a proper amount,

Defendants refused. Full tender is not required in this case. The cause of action is well pled and

the Court must overrule Defendants' Demurrer and order Defendants Answer the Complaint.

### THE THIRD CAUSE OF ACTION IS WELL PLED

The third cause of action for usury is well pled and does not require amendment.

Defendants complain that the contract was not attached to the Complaint but cite no authority

which requires the contract to be attached for this cause of action to state a claim. Defendants

know very well the contract and the transaction and cannot possibly be confused of what is pled.

Without citation to authority for the proposition that Defendants are making, the argument must be disregarded. *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, (the point is waived when a party fails to support the point with reasoned argument **AND** citations to authority).

Further, Defendants argue vagueness as the reason to sustain the third cause of action. See Demurrer, page 8, lines 8 and 13. However, this is not the ground that Defendants' Demurrer was filed (see Demurrer, page 3). Additionally, demurrers for vagueness are strictly construed, because discovery can be used for clarification, and apply where defendants cannot reasonably determine what issues or claims are stated. *Khoury v. Maly's of Cal., Inc.* (1993) 14 Cal.App.4th 612, 616; Weil & Brown, Civ. Pro. Before Trial (The Rutter Group 2011) ¶¶ 7:85-7.86. Defendants can find out everything through discovery if some things are vague to them as they read the Complaint. The cause of action is well pled and the Court must overrule Defendants' Demurrer and order Defendants to Answer the Complaint.

## THE FOURTH CAUSE OF ACTION IS WELL PLED

CCP § 1060 authorizes an action for declaratory relief. "[I]n cases of actual controversy relating to the legal rights and duties of the respective parties," any person may bring an action for a declaration of his or her rights and duties in connection with that controversy. CCP § 1060. "The declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought." (*Ibid.*) *Taxpayers for Improving Public Safety v. Schwarzenegger* (2009) 172 Cal.App.4th 749, 768 [91 Cal.Rptr.3d 370].

"'The fundamental basis of declaratory relief is an actual, present controversy.' [Citation.] An actual controversy is 'one which admits of definitive and conclusive relief by judgment within the field of judicial administration, as distinguished from an advisory opinion upon a particular or hypothetical state of facts. The judgment must decree, not suggest, what the parties may or may not do.'" (*In re Claudia E.* (2008) 163 Cal.App.4th 627, 638 [77 Cal. Rptr. 3d 722].)" *Taxpayers for Improving Public Safety v. Schwarzenegger* (2009) 172 Cal.App.4th 749, 768 [91 Cal.Rptr.3d 370]. It is hard to imagine a better case for a declaratory relief cause of action than this. This case is about a judgment that currently clouds title that Defendants are refusing to resolve between themselves, and Plaintiff needs a declaration of everyone's rights

and responsibilities in regard to the outstanding Judgment or determine even if the Judgment is valid or outstanding. Next, Plaintiff needs a declaration of rights and responsibilities with regard to the payoff of the loan and determine what is the exact amount that is owed. This is a present and actual controversy that cannot be resolved without the Court's determination of rights and responsibilities.

A general demurrer is not an appropriate means of testing the merits of the controversy in a declaratory relief action because plaintiff is entitled to a declaration of his rights even if it be adverse. *Salsbery* v. *Ritter* (1957) 48 Cal.2d 1, 7; *Bennett* v. *Hibernia Bank* (1956) 47 Cal.2d 540, 550. The cause of action is well pled and the Court must overrule Defendants' Demurrer and order Defendants to Answer the Complaint.

## CONCLUSION

For all of the above reasons, the Court must overrule the Demurrer and order Defendants Answer the Complaint.

Respectfully submitted,

Dated: August 26, 2019                    THE SANDS LAW GROUP, APLC


By _____
Thomas D. Sands, Esquire
Attorney for Lev Investments, LLC

OPPOSITION TO DEMURRER

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Thomas D. Sands, Esq.      SBN 279020<br>THE SANDS LAW GROUP, APLC<br>205 S. Broadway Ste 903<br>Los Angeles, CA 90012<br><br>TELEPHONE NO.:(213) 788-4412          FAX NO. *(Optional)*:(888) 623-8382<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*:Lev Investments, LLC | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
  STREET ADDRESS:6230 Sylmar Avenue
  MAILING ADDRESS:6230 Sylmar Avenue
  CITY AND ZIP CODE:Van Nuys 91401
  BRANCH NAME:Northwest Judicial District, Van Nuys Courthouse East

PETITIONER/PLAINTIFF:LEV INVESTMENTS, LLC

RESPONDENT/DEFENDANT:RUVIN FEYGENBERG; MICHAEL
              LEIZEROVITZ; SENSIBLE CONSULTING et al.

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>19VECV00878 |
|---|---|

***(Do not use this Proof of Service to show service of a Summons and Complaint.)***

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   205 S. Broadway Ste 903
   Los Angeles, CA 90012

3. On *(date)*:08/26/2019          I mailed from *(city and state)*:  Los Angeles, California
   the following **documents** *(specify)*:
   OPPOSITION TO DEMURRER OF DEFENDANTS MICHAEL LEIZEROVITZ AND SENSIBLE
   CONSULTING AND MANAGEMENT, INC. TO COMPLAINT

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)*
   (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one)*:
   a. ☑ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this
       business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is
       placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in
       a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served: John G. Burgee, Esq.          Timothy Krantz, Esq.
   b. **Address** of person served:
      BURGEE & ABRAMOFF P.C.                    LAW OFFICE OF TIMOTHY KRANTZ
      20501 Ventura Blvd., Ste 262               2082 Michelson Dr., Ste 212
      Woodland Hills, CA 91364                   Irvine, CA 92612

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service
   by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 26, 2019

Thomas D. Sands, Esq.                                          ▶
_____                    _____
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)          (SIGNATURE OF PERSON COMPLETING THIS FORM)

Form Approved for Optional Use
Judicial Council of California
POS-030 [New January 1, 2005]     **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**
                    **(Proof of Service)**     Code of Civil Procedure, §§ 1013, 1013a
                                              *www.courtinfo.ca.gov*

**JOHN G. BURGEE, ESQ. (State Bar No. 132129)**
**BURGEE & ABRAMOFF, P.C.**
20501 Ventura Boulevard, Suite 262
Woodland Hills, California  91364
Tel: (818) 264-7575
Fax: (818) 264-7576

Attorneys for Defendants MICHAEL LEIZEROVITZ,
RUVIN FEYGENBERG, and SENSIBLE
CONSULTING and MANAGEMENT, INC.

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

### NORTHWEST DISTRICT

| | |
|---|---|
| LEV INVESTMENTS, LLC, | CASE NO. 19VECV00878 |
| Plaintiff, | REPLY TO OPPOSITION TO DEMURRER TO COMPLAINT |
| v. | Date: September 10, 2019 |
| RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ, SENSIBLE CONSULTING AND MANAGEMENT, INC., MING ZHU, LLC, and DOES 1 through 100, inclusive, | Time: 8:30 a.m.<br>Dept.: A<br>**RES ID:** 159855440754 |
| Defendants. | |

Defendants submit the following points and authorities in reply to Plaintiff's Opposition to Defendants' Demurrer to the Complaint:

## I.    INTRODUCTION.

Other than presenting facts found nowhere in the pleading, the Opposition simply carries on the vague rhetoric of the Complaint.  Very simply, the Complaint should contain a statement of *facts* that shows grounds for relief.  As confirmed by Plaintiff's need to reach outside of the pleading, the Complaint is want of facts to support any of the claims alleged.  To wit:

* There is a claim based upon a Grant Deed, but no allegations about the transaction that precipitated the execution of Grant Deed, including any information on

REPLY TO OPPOSITION TO DEMURRER TO COMPLAINT

1   consideration other than what is stated on the document itself which says it was a

2   "gift" for "$0.00".

3   *   There are allegation of offensive encumbrances which supposedly violate an

4   implied warranty as to the condition of title convey the Grant Deed but no

5   information as to what those liens are.

6   *   There is a claim for quiet title but no information as to the adverse claims that

7   constitutes the offensive clouds on title.

8   *   There is a claim for usury based upon a loan agreement, but no information

9   regarding the terms of the alleged offensive loan or a copy of the underlying

10  agreement.

11  If Plaintiff has facts to support these claims, the facts need to be pled. Vague and

12  conclusory statements do not show that Plaintiff is entitled to relief. This is especially true in

13  terms of Plaintiff's tactic of broadly asserting that all Defendants are somehow responsible for

14  everything. That is clearly not true. For example, if the Ming Zhu judgment is going to be the

15  basis for any claim, where are the facts showing that Defendant Leizerovitz has any connection to

16  that judgment?

17  The skeletal causes of action alleged do not comport to pleading requirements and do not

18  state viable claims against Defendants. The Opposition does not demonstrate that these claims

19  can be support by allegations of facts. The Court should sustain this Demurrer without leave to

20  amend.

21

22  **II.   THE OPPOSITION FAILS TO SHOW THAT THE FIRST CAUSE OF ACTION**

23  **FOR BREACH OF IMPLIED COVENANT AGAINST ENCUMBRANCES IS A**

24  **VIABLE CLAIM.**

25  The Opposition fails to cite to any facts alleged in the Complaint that support the claim

26  pursuant to Civil Code Section 1113. It is not enough to survive a demurrer to claim that facts

27  exist outside of the pleading or that, hypothetically, Plaintiffs may sustain damages. Plaintiff's

28  failure to support the complaint with allegations renders this claim defective.

2

REPLY TO OPPOSITION TO DEMURRER TO COMPLAINT

### A.   There was no Consideration for the Grant Deed.

*Estate of Porter* (1903) 138 Cal. 618 involved a claim seeking compensation for an encumbrance attached to property conveyed by a grant deed based upon the implied covenant set forth in Civil Code 1113.  The grant deed was a conveyed to the claimant as a gift.  In rejecting the claim, the California Supreme Court stated: "We do not think there is any consideration for such implied covenant in a deed of gift."  138 Cal. at p. 624.  This case very clearly holds that a conveyance without consideration does not support a claim under Civil Code 1113.

Plaintiff asserts that *Estate of Porter* is not applicable since the Grant Deed states that there was consideration.  However, the Exhibit submitted with the Complaint very clearly states not only that the transaction was a "gift", but that it was exempt from taxation because there was no consideration.  The documentary transfer tax cannot be "$0.00" if any consideration was actually paid.  The fact of the matter was that there was no consideration for execution of the Grant Deed and nothing in the Complaint shows that any money was paid in connection therewith.  In this regard, it is noteworthy that the conveyance was from Plaintiff, Feygenberg and Leizerovitz as grantors to Plaintiff alone as grantee.  There is nothing to indicate which grantors, if any, received the purported consideration and thus nothing to show that either Feygenberg or Leizerovitz received anything of value.

Plaintiff has not shown or alleged that there was any payment or consideration to support the attachment of the implied covenant of Civil Code 1113.  It is extremely telling that Plaintiff is not simply offering to amend to allege such consideration if it exists.  Clearly, there was no consideration and a claim under Civil Code 1113 is unsupported.

### B.   Plaintiff's Claim Is Not Ripe since Plaintiff Has No Actual Damages.

The law is clear that Plaintiff has no claim or cause of action under Civil Code Section 1113 until and unless there are **actual damages**.  *Wright v. Boggess* (1914) 24 Cal.App. 533, 535-536.  In order to state a claim for relief, a plaintiff would need to allege the payment made to remove or extinguish the offensive lien.  *Id*.  If the plaintiff " paid nothing toward removing or extinguishing the lien, they are not entitled to recover the amount thereof."  *Id.,* at p. 536.

REPLY TO OPPOSITION TO DEMURRER TO COMPLAINT

1    [I]t is expressly provided by statute that "the detriment caused by the breach of a

2    covenant against encumbrances in a grant of an estate in real property is deemed

3    to be the amount which has been actually expended by the covenantee in

4    extinguishing either the principal or interest thereof." (Civ. Code, sec. 3305) Since

5    this is true, and the complaint not only is barren of any allegation showing the

6    actual expenditure of any sum in the extinction of the lien, but affirmatively

7    shows the continued existence thereof, it is clear that [the claim] fails...

8    *Id*.

9        The law regarding the requirement of having actual damages in order to state a claim

10   under Civil Code 1113 is consistent with the law regarding other indemnity claims.  "It is well

11   settled that a cause of action for implied indemnity does not accrue or come into existence until

12   the indemnitee has suffered actual loss through payment."  *E. L. White, Inc. v. City of Huntington*

13   *Beach* (1978) 21 Cal.3d 501, 506.

14       The cases cited by Plaintiffs do not vitiate the requirement of actual damages to support a

15   claim based upon Civil Code 1113.  In *Fraser v. Bentel* (1911) 161 Cal. 390, the Supreme Court

16   endorsed a judgment against a claimant that did not have any actual damages.  161 Cal. at p. 569.

17   The Supreme Court stated that the claim was "of no avail without proof that the grantee has

18   suffered damage from the alleged breach."  *Id*.  There was no award of nominal damages in that

19   action nor was a claim based upon nominal damages endorsed.  Rather, the Supreme Court held

20   that there was no claim without actual damages.

21       The other cases cited by Plaintiff have nothing to do with a claim under Civil Code 1113.

22   *Woods v. Bennett* (1919) 40 Cal.App.34 involved claims based upon breach of contract and

23   specifically enforcing the terms of the contract through an injunction.  No claim was alleged

24   under Civil Code 1113.  *Haroon, Rickard & McCone v. Wilson, Lyon & Co.* (1906) 4 Cal.App.

25   488 involved personal property, not real property.  The appeal was from a demurrer sustained to

26   the defendant's answer and counterclaim.  The trial court and Court of Appeal held that the

27   plaintiff's demurrer to the counterclaim was well-taken because there were no allegations

28   supporting the damages claimed by the defendant; the potential for nominal damages was not

4

1    sufficient to state a viable claim.

2        The rule of law requiring actual damages makes sense.  Until payment is made, the claim

3    is only hypothetical: There is no certainty that there ever will be damages.  In this regard, a lien

4    on property such as the judgment lien here, may be extinguished by enforcement and payment

5    that have nothing to do with Plaintiff or the property.  Moreover, there is also no protection

6    against providing Plaintiff a windfall recovery.  Plaintiff is asking the Court for an award in the

7    amount of the encumbrances.  If the Court were to make such an award, there is no protection

8    from encumbrances being otherwise enforced leading to double liability for them.

9        There is clearly no dispute that Plaintiff does not have any actual damages.

10    Consequently, Plaintiff does not have a ripe claim under Civil Code 1113.  It is appropriate for

11    this Court to sustain a demurrer to a cause of action that is not ripe.  *Breneric Associates v. City*

12    *of Del Mar* (1998) 69 Cal.App.4th 166, 188.  The Court should therefore sustain this Demurrer.

13

14    **C.    Plaintiff Has Not Alleged Any Encumbrances Within the Scope of Civil Code**

15    **1113 as to Leizerovitz and Sensible.**

16        Civil Code 1113 clearly does not extend to all encumbrances.  Otherwise, the Legislature

17    would have stated that it does.  Instead, the statute states that it only extends to encumbrances

18    "done, made or suffered" by the grantor.  Essentially, this means that the encumbrances has to be

19    something the grantor know about and be something of the grantor's doing or acquiescence.

20        "Done" – There is no allegation in the Complaint that there was an encumbrance that was

21    "done" by Movants.  There is nothing that Movants did to create an encumbrance.

22        "Made" – There is also no allegation in the Complaint that there was an encumbrance

23    made by Movants in violation of Section 1113.  Sensible's lien on the Property recorded after the

24    Grant Deed was a lien executed by Plaintiff.

25        "Suffered" – Synonyms for "suffered" in this context are "allowed", "let", "permitted",

26    "gave leave to", "gave assent to" – all words and phrases indicating knowledge and acceptance.

27    Once again, there are no facts alleged in the Complaint that Movants allowed any encumbrance

28    to become attached to the Property in their one day of being co-owners of title to the Property.

REPLY TO OPPOSITION TO DEMURRER TO COMPLAINT

1   Plaintiff has not alleged facts showing any grounds for relief under Civil Code 1113.  If

2   there were such facts, Plaintiff should allege them in its pleading.  However, Plaintiff is once

3   again making no suggestion that such facts exist or offer to amend its pleading with such

4   purported facts. The Court should sustain this Demurrer.

5

6   **III.    THE OPPOSITION FAILS TO SHOW THAT THE SECOND CAUSE OF**

7   **ACTION FOR QUIET TITLE IS A VIABLE CLAIM FOR RELIEF**.

8   Plaintiff's Opposition is based wholly upon arguments founded upon facts not alleged in

9   the Complaint.  The Complaint simply alleges that "Defendants ... claim an interest in the

10  Property adverse to Plaintiff."  (Complaint, ¶ 28.)  Otherwise, this Cause of Action solely

11  references the Ming Zhu judgment.  (Complaint, ¶ 29.)   There is no indication in the Complaint

12  that the Deed of Trust is within the purview of this Cause of Action.  Plaintiff certainly has not

13  satisfied the requirements of Code of Civil Procedure Section 761.020 to identify the adverse

14  claims to title (particularly as to Leizerovitz who has never been a beneficiary of the Deed of

15  Trust).

16  Further, Plaintiff argues that it is not required to allege a "full tender" of the amount due

17  that is secured by the Deed of Trust.  Plaintiff does not allege that it made *any* tender to pay

18  anything.  Nor does Plaintiff has any allegations in this Cause of Action supporting any excuse to

19  the tender requirement.  (The allegations regarding payoff demands are made in a different cause

20  of action, not incorporated into this claim.)

21  In this regard, none of the allegations of the Complaint (including those in other causes of

22  action), show that Plaintiff meets any of the exceptions to the tender requirements which are sect

23  forth in *Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 112-113.  Plaintiff claims that it is

24  attacking the validity of the underlying debt.  There is an exception to the tender requirement

25  where it is alleged that the entire debt is invalid.  *Id.*  Such is the case where there are grounds for

26  rescission.  However, Plaintiff's usury claim (which is contested) is not an attack of the debt,

27  only on the interest due.  Plaintiff is therefore not exempt from the tender requirement.  No

28  tender is alleged.  This cause of action is not viable and the Court should sustain this Demurrer.

**REPLY TO OPPOSITION TO DEMURRER TO COMPLAINT**

## IV. THE OPPOSITION FAILS TO SHOW THAT THE THIRD CAUSE OF ACTION FOR USURY IS A VIABLE CLAIM FOR RELIEF.

The pleading standards with regard to a claim founded upon a written contract are well-established.  In order to plead a claim on a written agreement, either the contract must be pled verbatim or a copy of the contract must be attached and incorporated into the pleading.  *E.g., Otworth v. Southern Pacific Transportation Co.* (1985) 166 Cal.App.3d 452, 458.  Even though the usury claim is based upon a contract (see Complaint ¶ 17), Plaintiff does not satisfy either of these pleading requirements.  Nor does Plaintiff plead the effect of any oral agreement.

Plaintiff neither provides any documentation or specific details regarding the allegedly offensive payoff demands.  Plaintiff takes vague pleading to a whole new level – one that is insufficient to state a claim for relief.  As stated in the Moving Papers, reliance upon conclusory statement in insufficient to state a viable cause of action.  *E.g.*, *Countrywide Home Loans, Inc. v. Superior Court, supra.*  Plaintiff has not pled facts showing that it has a valid cause of action and this Demurrer should be sustained..

## V. THE OPPOSITION FAILS TO SHOW THAT THE FOURTH CAUSE OF ACTION FOR DECLARATORY RELIEF IS A VIABLE CLAIM FOR RELIEF.

The Opposition solely references the Ming Zhu judgment as the basis for this claim.  However, the Ming Zhu judgment does not involve either Defendants Leizerovitz of Sensible.  Nothing in the complaint shows that there is any legitimate dispute between Plaintiffs and these Defendants regarding this judgment.  Although Plaintiffs may want these Defendants to pay the judgment, that is not a legitimate legal dispute since nothing in the Complaint shows there are any legal grounds to impose liability for that judgment on these Defendants.

With respect to Defendant Feygenberg, Plaintiffs have alleged no damage relating to the Ming Zhu judgment.  Rather, it is only hypothetically a source of damage to Plaintiffs at this point as discussed previously.  Plaintiffs' allegations were insufficient to state a claim for relief under the other legal theories advanced; those allegations are therefore inadequate to state a claim for declaratory relief.  *Faunce v. Cate* (2013) 222 Cal.App.4th 166, 173.  In this regard, law cited

7

1  by Plaintiffs confirms that hypothetical disputes are not the proper subject of a claim for

2  declaratory relief.

3       The declaratory relief claim does not state a present controversy among the parties and

4  this demurrer should be sustained.

5

6  **VI.    CONCLUSION.**

7       Plaintiffs' failure to plead facts supporting the claims asserted, refusal to amend to plead

8  additional fact or to show in the Opposition that additional facts exist, make it abundantly clear

9  that Plaintiffs cannot amend to support the causes of action asserted.  This is especially true in

10  light of the scattergun approach Plaintiffs have taken to pursuing claims against Defendants.

11  This Demurrer should be sustained and leave to amend denied where it is evident that no viable

12  claim exists.

13

14  DATED: September 3, 2019.        BURGEE & ABRAMOFF P.C.

15

16                         By:_____/s/ John G. Burgee_____

17                           JOHN G. BURGEE
Attorneys for Defendants MICHAEL
18                         LEIZEROVITZ and SENSIBLE CONSULTING
AND MANAGEMENT, INC.

19

20

21

22

23

24

25

26

27

28

8

REPLY TO OPPOSITION TO DEMURRER TO COMPLAINT

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4          I am employed in the County of Los Angeles, State of California.  I am over the age of 18
and not a party to the within action.  My business address is 20501 Ventura Boulevard,
Woodland Hills, California 91364.

5

6          On September 3, 2019, I served the foregoing document described as: REPLY TO
OPPOSITION TO DEMURRER TO COMPLAINT on the interested parties in this action:

7    /X/    by placing / / the original /X/ a true copy thereof enclosed in sealed envelopes addressed
          as follows:

8

9    Thomas D. Sands, Esq.                           Timothy Krantz, Esq.
     The Sands Law Group, APLC                       Law Office of Timothy Krantz
     205 S. Broadway, Suite 903                      2082 Michelson Drive, Suite 212
10   Los Angeles, California 90012                   Irvine, California 92612
     Email: thomas@thesandslawgroup.com              Email:  tkrantz@pacbell.net

11

     [X]    BY MAIL

12

13          [X]    As follows:  I am "readily familiar" with the firm's practice of collection and
                   processing correspondence for mailing.  Under that practice it would be deposited
                   with U.S. postal service on that same day with postage thereon fully prepaid at
14                 Woodland Hills, California in the ordinary course of business.  I am aware that on
                   motion of the party served, service is presumed invalid if postal cancellation date
15                 or postage meter date is more than one day after date of deposit for mailing in
                   affidavit.

16

     [ ]    **(BY PERSONAL SERVICE) I delivered such envelope by hand to the office/home of
17          the addressee.

18

            Executed September 3, 2019, at Woodland Hills, California.

19

20   /X/    (State) I declare under penalty of perjury under the laws of the State of California that the
            above is true and correct.

21

22     John Burgee                          /s/ John G. Burgee
     Type or Print Name                     Signature

23

24

25

26

27

28

9

REPLY TO OPPOSITION TO DEMURRER TO COMPLAINT

1 | Timothy Krantz, Esq., Bar No. 125906
LAW OFFICE OF TIMOTHY KRANTZ
2 | 2082 Michelson Drive, #212,
Irvine, California 92612.
3 | (949) 752-2291; Fax (949) 752-2323

4

5 | Attorney for Defendant Ming Zhu, LLC

6

7 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8 | **COUNTY OF LOS ANGELES, NORTHWEST DISTRICT**

9

10

| | |
|---|---|
| 11  LEV INVESTMENTS, LLC, ) | **CASE NO.:** 19VECV00878 |
| 12                              ) | [Case Assigned to Judge Huey P. Cotton] |
|           Plaintiff,          ) | **NOTICE OF DEMURRER AND** |
| 13                              ) | **DEMURRER BY DEFENDANT MING** |
|                                 ) | **ZHU, LLC; MEMORANDUM OF** |
| 14                              ) | **POINTS AND AUTHORITIES** |
| 15  vs.                        ) | |
|                                 ) | [**Filed with Accompanying Decl. of** |
| 16                              ) | **Timothy Krantz re Meet and Confer** |
|                                 ) | **per CCP 430.41(a)(3)(B)**] |
| 17  RUVIN FEYGENBERG, MICHAEL   ) | |
|     LEIZEROVITZ, SENSIBLE      ) | **Date: Sept. 30, 2019** |
| 18  CONSULTING AND MANAGEMENT,  ) | **Time: 8:30 am** |
|     INC., MING ZHU, LLC,; and DOES 1 through ) | **Place: Dept. A** |
| 19  20,                        ) | |
|                                 ) | Date action filed: June 20, 2018 |
| 20                              ) | Trial Date: not yet set. |
|           Defendants.         ) | |
| 21  _____  ) | **Reservation ID: 580741986437** |

22 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23 |        NOTICE IS HEREBY GIVEN THAT: on September 24, 2019, at 8:30 am. in Department

24 | A in the above-captioned court located at 6230 Sylmar Ave., Van Nuys, CA, Defendant Ming

25 | Zhu, LLC will demur to the Complaint filed by Plaintiff LEV INVESTMENTS, LLC. Said

26 | Demurrer is made on the grounds that the Complaint fails to state facts sufficient to constitute a

27 | cause of action against Cross-Defendant Ming Zhu, LLC as to Second and Fourth causes of

28 | action [CCP § 430.10(e)].

1

---

**DEMURRER BY DEFENDANT MING ZHU, LLC TO COMPLAINT**

1        This Demurrer will be based upon this Notice, the accompanying Demurrer,

2   Memorandum of Points and Authorities, and all documents and records in the court's files and

3   any evidence or argument  presented at the hearing of this motion.

4       This Demurrer is being filed following an attempted meet and confer with Plaintiff's

5   attorney which is detailed in the Declaration of Timothy Krantz which is being filed concurrently

6   with this Demurrer.

7

8

9   Date:   August 30, 2019

10                         Timothy Krantz, Esq.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**DEMURRER BY DEFENDANT MING ZHU, LLC TO COMPLAINT**

## DEMURRER TO COMPLAINT BY DEFENDANT MING ZHU, LLC

### DEMURRER TO SECOND CAUSE OF ACTION OF THE COMPLAINT

1. The Second Cause of Action fails to state facts sufficient to constitute a cause of action. CCP § 430.10(e).

### DEMURRER TO FOURTH CAUSE OF ACTION OF THE COMPLAINT

1. The Fourth Cause of Action fails to state facts sufficient to constitute a cause of action. CCP § 430.10(e).

DATED: August 30, 2019

_____
TIMOTHY KRANTZ, Attorney for Defendant Ming Zhu,
LLC

3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### FACTUAL HISTORY

On 3/04/2013, in the San Francisco Superior Court, case no. CGC-11-516808, Defendant MING ZHU, LLC obtained a money judgment ("Judgment") against Defendant DR. RUVIN FEYGENBERG. Thereafter, an abstract of judgment was recorded in the Los Angeles County Recorder's Office. A copy of the Abstract of Judgment is attached as Exhibit no. 1. That Judgment remains unpaid.

### II

### STANDARD FOR DEMURRER

A demurrer is sustainable if "[t]he pleading does not state facts sufficient to constitute a cause of action." Code Civ. Proc. § 430.10(e). Conclusory assertions are not "facts" that the court must accept as true at this stage. [See *Serrano v Priest* (1971) 5 Cal. 3d. 584, 591 - "we treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law."]. A demurrer can be made to an entire complaint or individual causes of action therein. (CCP § 430.50 (a). A cause of action is subject to demurrer for failure to state a claim if the complaint discloses an affirmative defense on its face, and the plaintiff has not "pleaded around" that defense. See *Gentry v. eBay, Inc.*, 99 Cal. App. 4th 816, 824-25 (2002) (citations omitted). "[A] trial court does not err in sustaining a demurrer without leave to amend where the complaint discloses on its face that the action is barred by the statute of limitations." *Barton v. New United Motor Mfg., Inc.*, 43 Cal. App. 4th 2 1200, 1204 (1996).

Where written documents are the foundation of an action and are attached to the complaint and incorporated therein by reference, they become a part of the complaint and may be considered on demurrer." *Qualcomm, Inc. v. Certain Underwriters at Lloyd's, London*, 161 Cal. App. 4th 184, 191 (2008). A demurrer can also be based on matters subject to judicial notice and is properly based on "any matter of which the court is required to or may take judicial notice." [CCP § 430.30(a)]. Under Evidence Code section 452(d), the court can take judicial notice of the

4

court records of any court of record of the United States. (Evid Code § 452(d). When court records subject to judicial notice disclose an absolute defense to the action or a deficiency in the complaint, the matter can be adjudicated by way of demurrer. *Bistawros v. Greenberg* (1987) 189 Cal.App.3d 189, 192.

## III

### THE SECOND CAUSE OF ACTION FAILS TO STATE A CAUSE OF ACTION

**A. Second Cause of Action Failure to Satisfy all Elements fo Quiet Title Action**

The Second Cause of Action ("SCA") is to quiet title against all defendants. The elements for an action to quiet title are: (1) the plaintiff is the owner and in possession of the land, and (2) the defendant claims an interest therein adverse to the plaintiff. *South Shore Land Co. v. Petersen* (1964) 226 Cal.App.2d 725, 740-741, 38 Cal. Rptr. 392; see also Code Civ. Proc., § 761.020. Civil Code § 761.020 sets forth the requirements for a quiet title action which are: (1) a legal description of the property and its street address or common designation, (2) the title of the plaintiff and the basis of the title, (3) the adverse claims to the title of the plaintiff, (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims.

The SCA fails to specify "the adverse claims to the title of the plaintiff" and the exact "date as of which the determination is sought." Rather, the SCA generally states "Defendants, and each of them, claim an interest adverse to Plaintiff in the Property as the holder of a lien representing an unsatisfied judgment against Defendants, and each of them, a former owner of the Property." [Pg. 6:3-5]. The next sentence in the SCA merely states: The  Abstract of Judgment was recorded on April 22, 2013, in the Official Records of the County of Los Angeles." [Pg. 6:5-7]. Thus, the SCA is unclear as to who are the holders of the "adverse claim" against Plaintiff.

The SCA also fails to specify that Plaintiff is in possession of the real property which is subject to the suit. In an ordinary suit to quiet title it is sufficient for the plaintiff to allege in simple language that he is the owner ***and in possession of the land*** and that the defendant claims an interest therein adverse to him. See 22 Cal. Jur. 146, sec. 28; 17 Cal. Jur. 524, sec. 168). See

5

1  also *Williams v. San Francisco,* (1938) 24 Cal. App. 2d 630, 633.

2  The SCA also fails to state the exact "date as of which the determination is sought."

3  **B. Deficiency of First Cause of Action Vitiates Second Cause of Action**

4  An additional basis for failure to state a cause of action as to the SCA regards the First

5  Cause of Action ("FCA"). In the FCA, the Plaintiff alleges that a breach of an implied covenant

6  against encumbrances against all Defendants (except Sensible and Ming Zhu). However, the

7  Grant Deed (Ex. 1 to Complaint) upon which Plaintiff bases his creation of the implied covenant

8  against encumbrances is lacking because the Grant Deed shows that no consideration was paid by

9  Plaintiff to said Defendants for the transfer of real property. The statutory covenant of CC § 1113

10  does not apply when there is no consideration for the transfer [*Estate of Porter*, 138 Cal. 618,

11  624] and Plaintiff can not assert the same. Therefore, if the statutory covenant re encumbrances

12  does not apply, then the SCA for quiet title must also fail because Plaintiff would have no

13  statutory right to contest any encumbrances in existence at the time of the transfer of the real

14  property and therefore cannot quiet title against any Defendants including Defendant Ming Zhu.

15  **C. Judgment Lien Recorded Before Transfer and Cannot Be Voided or Removed**

16  Finally, the SCA must fail because Defendant Ming Zhu's recorded an Abstract of

17  Judgment which attaches to all interests in real property in the county where it is recorded. CCP §

18  697.310. Under § 697.390(a), "a subsequent conveyance of an interest in real property subject to

19  a judgment lien does not affect the lien." Under California's judgment lien law, a judgment

20  creditor's recordation of an abstract of judgment creates a judgment lien that "attaches to all

21  interests in real property in the county where the lien is created (whether present or future, vested

22  or contingent, legal or equitable) that are subject to enforcement of the money judgment against

23  the judgment debtor . . . at the time lien was created." CCP §§ 697.340(a) & 697.310. If the

24  judgment debtor acquires an interest in real property subsequent to the creation of its judgment

25  lien, the lien attaches to such interest at the time it is acquired. CCP § 697.340(b). Until the

26  judgment lien is satisfied or extinguished, it remains enforceable against the judgment debtor's

27  real property interests regardless of who holds that interest. *Dieden v. Schmidt*, (2002) 128 Cal.

28  Rptr. 2d 365, 369. Ex. No. 1 to the Complaint shows that Feygenberg was a part owner of the

6

**DEMURRER BY DEFENDANT MING ZHU, LLC TO COMPLAINT**

1  subject real property as of Jan. 31, 2019. As such, Ming Zhu's Abstract was attached to the

2  property at the time of the conveyance.

3       Under California's race-notice system, a lien's priority is determined according to the

4  time of its creation and gives priority to the person whose instrument is first recorded.

5  CC § 2897. By statute, knowledge that is imputed by action of law is constructive knowledge.

6  CC § 18. The recording of a judgment affecting title to real property provides constructive notice

7  to all. *Gregg v. Cloney (In re Cloney)* (2001), 110 Cal. Rptr. 2d 615, 621. It is an equally

8  well-established principle of law that *any purchaser of real property **acquires the property***

9  ***subject to prior interests of which he or she has** actual or constructive notice. Hochstein v.*

10  *Romero* (1990) 219 Cal. App. 3d 447, 451-452 [268 Cal. Rptr. 202]; 5 Miller & Starr, Cal. Real

11  Estate, supra, Recording and Priorities, §§ 11:49 to 11:51, pp. 129-138. *Any purchaser of*

12  *property subject to a lien created pursuant to Code of Civil Procedure section 697.320 takes*

13  *title subject to that lien in the amount of the lien at the time of transfer.* A recorded document

14  imparts constructive notice to subsequent purchasers and precludes them from acquiring the

15  property as bona fide purchasers without notice, *because the law conclusively presumes that a*

16  *party acquiring property has notice of the contents of a properly recorded document affecting*

17  *such property*"; Civ. Code, §§ 1213- 1214; Gov. Code, § 27282, subds. (a)(1), (b).)

18       Based upon the above, California law conclusively presumes that Plaintiff had

19  constructive knowledge of Ming Zhu's Abstract of Judgment as to the real property in dispute

20  and, therefore, it is impossible for Plaintiff to allege a quiet title action against Defendant Ming

21  Zhu. Simply put, Plaintiff cannot "quiet title" as to Ming Zhu's Abstract of Judgment. Assuming,

22  arguendo, that the Court ruled that Plaintiff could prevail on its FCA against Defendants

23  Feygenberg and Leizerovitz under CC § 1113 (ie that said Defendants failed to provide notice of

24  Ming Zhu's Abstract of Judgment), *that will not result in Plaintiff's having the Abstract voided*

25  *or being removed as a lien to the real property in dispute. The judgment lien stays with the*

26  *property*. As such, Plaintiff's SCA for quiet title must fail because Ming Zhu's judgment lien

27  stays with the real property no matter what.

28       For all of the above reasons, the SCA fails to state a cause of action against Defendant

7

---

**DEMURRER BY DEFENDANT MING ZHU, LLC TO COMPLAINT**

1 | Ming Zhu, LLC.

2 | **IV**

3 | **THE FOURTH CAUSE OF ACTION FAILS TO STATE A CAUSE OF ACTION**

4 |     The Fourth Cause of Action ("FCA") is for declaratory relief. The elements for a

5 | declaratory relief are: (1) a proper subject of declaratory relief, and (2) an actual controversy

6 | involving justiciable questions relating to [the party's] rights or obligations. *Jolley v. Chase*

7 | *Home Finance, LLC* (2013) 213 Cal.App.4th 872, 909, 153 Cal. Rptr. 3d 546.

8 |     Declaratory relief is not available unless there is a real dispute between parties, involving

9 | justiciable questions relating to their rights and obligations. *Wilson v. Transit Authority* (1962)

10 | 199 Cal.App.2d 716, 722. The fundamental basis of declaratory relief is an actual, present

11 | controversy." *Friends of the Trails v. Blasius* (2000) 78 Cal.App.4th 810, 831. An actual

12 | controversy is one which admits of definitive and conclusive relief by judgment within the field

13 | of judicial administration, as distinguished from an advisory opinion upon a particular or

14 | hypothetical state of facts. The judgment must decree, not suggest, what the parties may or may

15 | not do." *Selby Realty Co. v. City of San Buenaventura* (1973) 10 Cal.3d 110.

16 |     Plaintiff's Complaint relies upon the same allegations set forth in its first three causes of

17 | action in the Complaint (breach of implied covenant against encumbrances, quiet title and usury).

18 | As noted above, those allegations are insufficient to state a claim for relief each of those legal

19 | theories. Specifically, California law conclusively presumes that Plaintiff had constructive notice

20 | of Ming Zhu's Abstract of Judgment and that Abstract remains on the real property and that

21 | Plaintiff, by law, take title to the real property subject to Ming Zhu's Abstract [CCP § 697.320].

22 | Given these deficiencies as to the SCA, Plaintiff's Fourth Cause of Action for Declaratory relief

23 | must fail because there is no "actual controversy involving justiciable questions relating to [the

24 | party's] rights or obligations." The SCA must fail due to the recorded Abstract and California law

25 | re constructive notice and, therefore, there is no "actual controversy" as to title between Plaintiff

26 | and Ming Zhu. If there are deficiencies in one cause of action they also are inadequate to state a

27 | claim for declaratory relief. *Faunce v. Cate* (2013) 222 Cal.App.4th 166, 173.

28 | ///

**DEMURRER BY DEFENDANT MING ZHU, LLC TO COMPLAINT**

# V

## <u>CONCLUSION</u>

The Second Cause of Action fails to state a viable cause of action against Ming Zhu and therefore the Fourth Cause of Action must fail and the Complaint is subject to demurrer. Even if the Court finds that the First Cause of Action is viable against the other Defendants (Ming Zhu is not named in that cause of action), Ming Zhu can still prevail on its Demurrer as to the Second and Fourth Causes of Action. If the Demurrer is sustained as to the SCA (as to Ming Zhu) then the demurrer to the Fourth Cause of Action must also be granted since it is based upon the same facts.

WHEREFORE, Defendant Ming Zhu, LLC requests that the Court order as follows:

1. Sustain this Defendant Demurrer to the Second and Fourth Causes of Action;

2. For such other and further relief as the court deems just and proper.

Dated: August 30, 2019

TIMOTHY KRANTZ

9

**DEMURRER BY DEFENDANT MING ZHU, LLC TO COMPLAINT**

## DECLARATION OF TIMOTHY KRANTZ

I, Timothy Krantz,  hereby declare as follows:

    1.    I am, and was at all times herein mentioned, an attorney duly licensed to practice law in the State of California and am the attorney for MING ZHU, LLC  (hereinafter "Defendant ZHU") in the above-captioned matter.  I have personal knowledge of the following facts set forth herein, and if called upon to testify, I could do so truthfully and competently.

    2.    Defendant ZHU has obtained a money judgment against DR. RUVIN FEYGENBERG on 03/04/2013 from the San Francisco Superior Court, case no. CGC-11-516808. A copy of the Abstract of Judgment that was recorded in the Los Angeles County Recorder's office on 4/22/13 is attached as Ex no. 1. The judgment remains wholly unsatisfied.

    3.    On July 19 and July 24th, I wrote emails to Plaintiff's attorney to try and discuss Plaintiff's Complaint all the allegation therein and possible problems. I asked for counsel to contact me (Ex. 2). On July 24 Mr. Sands wrote me asking when we could meet (bottom of Ex. 3) and I emailed him back telling him that I was available, by phone, the next day, all day (Ex. 3 top of page). Although he promised to contact me, he never did call me by phone.

    4.    On July 30, I sent another email to Plaintiff's attorney and notified him that I was going on vacation for three week and asked for an extension to respond to the Complaint until August 30, 2019 (Ex. 4, middle of pg) which he agreed to (Ex. 4, top of pg).

    5.    On Aug. 28th, I sent Plaintiff's counsel an email outlining stating the attorney for the other Defendants had filed a Demurrer and that I had reviewed the same and thought that the points raised in the Demurrer had merit and indicated that I was inclined to file a demurrer on similar grounds and invited counsel to discuss the same (Ex. 5, pg. 1). Attorney Sands responded that he had filed an Opposition to the Demurrer and that the points raised in the Demurrer were not well taken (Ex. 5, pg 2). I emailed him back and stated that I never received a copy of his Opposition (Ex. 5, pg 3). I assumed that he would email me a copy of his Opposition to the Demurrer but he did not. As a result of Mr. Sands' failure to discuss the issues with me, I

///

///

10

**DEMURRER BY DEFENDANT MING ZHU, LLC TO COMPLAINT**

1 | prepared and filed a Demurrer to Plaintiff's Complaint.

2 |     I declare under penalty of perjury under the laws of the State of California that the

3 | foregoing is true and correct.  Executed on August 30, 2019.

Timothy Krantz

**DEMURRER BY DEFENDANT MING ZHU, LLC TO COMPLAINT**

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA )

) ss.

COUNTY OF ORANGE )

I am a resident of the county of aforesaid, I am over the age of eighteen years and I am not a party to the within entitled action.

My business address is 2082 Michelson Drive, #212, Irvine, California 92612.

On August 30, 2019, I served the foregoing **NOTICE OF DEMURRER AND DEMURRER BY CROSS DEFENDANT DOSHI TO CROSS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** as follows:

[x] by transmitting via electronic transmission service via One Legal the document(s) listed above to the electronic address(es) set forth below on this date at approximately 12:30 pm:

| | |
|---|---|
| Thomas D. Sands, Esq.<br>205 S. Broadway, suite 903<br>Los Angeles, CA 90012<br>thomas@thesandslawgroup.com | Burgee & Abramoff, P. C.<br>Attn: John G. Burgee, Esq<br>20501 Ventura Boulevard, Suite 262<br>Woodland Hills, California 91364<br>jburgee@bandalaw.net |

I am "readily familiar" with firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after deposit for mailing in affidavit. ·

Executed on August 30, 2019 at Irvine, California. I declare under penalty of perjury that the foregoing is true and correct.

_____
Timothy Krantz

12

**DEMURRER BY DEFENDANT MING ZHU, LLC TO COMPLAINT**

# EXHIBIT 1

# EXHIBIT 1



**This page is part of your document - DO NOT DISCARD**



## 20130597359



**Pages:**
**0004**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**04/22/13 AT 12:11PM**

| | |
|---|---|
| FEES: | 35.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 35.00 |



**L E A D S H E E T**



201304220760110

00007551515



004791120

**SEQ:**
**01**

DAR - Mail (Hard Copy)

**THIS FORM IS NOT TO BE DUPLICATED**

RECORDING REQUESTED BY

**WHEN RECORDED MAIL TO**

✓ NAME  M. DAVID DeSOTIS

✓ MAILING 1330 Broadway, Suite
                                    1032
✓ CITY, STATE ZIP CODE
      OAKLAND, CA    94612

04/22/2013

*20130597359*

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

**TITLE(S)**                                                      $35

✓  ABSTRACT  OF  JUDGMENT

EJ-001

3

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, address, State Bar number, and telephone number)*

Recording requested by and return to    510-465-5212

M. David DeSantis (132629)
Gianunzio & DeSantis LLP
130 Broadway
Suite 1032
Oakland, CA 94612

[✓] ATTORNEY FOR    [✓] JUDGMENT CREDITOR    [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
STREET ADDRESS:  400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE:  San Francisco, CA 94102
BRANCH NAME:  Civil

FOR RECORDER'S USE ONLY

PLAINTIFF:  Ming Zhu, LLC

DEFENDANT:  San Francisco Medical Imaging, Inc., et al.

CASE NUMBER:
CGC-11-516808

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**    [ ] Amended

FOR COURT USE ONLY

1. The  [✓] judgment creditor    [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's

   Name and last known address

   RUVIN FEYGENBERG
   18044 VALLEY VISTA BLVD.
   ENCINO, CA 91316

   b. Driver's license no. [last 4 digits] and state: xxxx9366 CA    [ ] Unknown
   c. Social security no. [last 4 digits]: xxx-xx-5670    [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or
      mailed to *(name and address):*  Veriza Doe, Sub
      17779 Ventura Blvd., Encino, CA 91316

2. [✓] Information on additional judgment    4. [ ] Information on additional judgment
       debtors is shown on page 2.                creditors is shown on page 2.

3. Judgment creditor *(name and address):*    5. [ ] Original abstract recorded in this county:
   Ming Zhu, LLC, c/o M. David DeSantis, Esq.       a. Date:
   1330 Broadway, Ste. 1032, Oakland, CA 94612      b. Instrument No.:

Date:  March 6, 2013
M. David DeSantis

(TYPE OR PRINT NAME)    (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:    10. [ ] An [ ] execution lien [ ] attachment lien
   $ 169,885.38                                                   is endorsed on the judgment as follows:
                                                                  a. Amount: $
7. All judgment creditors and debtors are listed on this abstract.    b. In favor of *(name and address):*

8. a. Judgment entered on *(date):*  March 4, 2013
   b. Renewal entered on *(date):*

9. [ ] This judgment is an installment judgment.    11. A stay of enforcement has
                                                       a. [✓] not been ordered by the court.
                                                       b. [ ] been ordered by the court effective until
                                                              *(date):*

CLERK OF THE COURT    12. a. [✓] I certify that this is a true and correct abstract of
                                the judgment entered in this action.
                             b. [ ] A certified copy of the judgment is attached.

This abstract issued on *(date):*

MAR 1 4 2013

Clerk, by  RAYMOND WONG    , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. January 1, 2008]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190

| PLAINTIFF: Ming Zhu, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT: San Francisco Medical Imaging, Inc., et al. | CGC-11-516808 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address)*:                    14. Judgment creditor *(name and address)*:

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.                Name and last known address              17.                Name and last known address

San Francisco Medical Imaging, Inc.
815 Hyde Street, Suite 100
San Francisco, CA 94109

Driver's license no. [last 4 digits]
and state:                                    ☑ Unknown        Driver's license no. [last 4 digits]
and state:                                    ☐ Unknown

Social security no. [last 4 digits]:          ☑ Unknown        Social security no. [last 4 digits]:          ☐ Unknown

Summons was personally served at or mailed to *(address)*:        Summons was personally served at or mailed to *(address)*:

Max Frid, Agent
8159 Santa Monica Blvd., Suite 200
West Hollywood, CA 90046

18.                Name and last known address              19.                Name and last known address

Driver's license no. [last 4 digits]
and state:                                    ☐ Unknown        Driver's license no. [last 4 digits]
and state:                                    ☐ Unknown

Social security no. [last 4 digits]:          ☐ Unknown        Social security no. [last 4 digits]:          ☐ Unknown

Summons was personally served at or mailed to *(address)*:        Summons was personally served at or mailed to *(address)*:

20. ☐ Continued on Attachment 20.

| EJ-001 [Rev January 1, 2008] | **ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS** | Page 2 of 2 |

# EXHIBIT 2

# EXHIBIT 2

**Tim Krantz**

| | |
|---|---|
| **From:** | Tim Krantz <tkrantz@pacbell.net> |
| **Sent:** | Wednesday, July 24, 2019 11:49 AM |
| **To:** | 'thomas@thesandslawgroup.com' |
| **Subject:** | FW: Lev Investments vs Ruvin Feygenberg, case no. 19VECV00878 |

Any response?

Timothy Krantz, Esq.
Law Office of Timothy Krantz
2082 Michelson Drive, Suite 212
Irvine, California 92612
(949) 752-2291 (ph)
(949) 752-2323 (fax)


IMPORTANT NOTICE:
This email is confidential and legally privileged. It is intended only for the recipient. Access, disclosure, copying, distribution, or reliance on any of the contents by anyone else is prohibited and may be a criminal offense.  If this email is obtained in error, please notify the sender and then delete the email.

**From:** Tim Krantz [mailto:tkrantz@pacbell.net]
**Sent:** Friday, July 19, 2019 6:28 PM
**To:** 'thomas@thesandslawgroup.com'
**Subject:** Lev Investments vs Ruvin Feygenberg, case no. 19VECV00878

Mr. Sands:

I represent Ming Zhu LLC. You have filed a lawsuit in the above matter and name my client as a Defendant for two of the four causes of action (quiet title and Decl Relief). I would like to talk to you about this matter. Please let me know when you are available to discuss the same next week.

Timothy Krantz, Esq.
Law Office of Timothy Krantz
2082 Michelson Drive, Suite 212
Irvine, California 92612
(949) 752-2291 (ph)
(949) 752-2323 (fax)


IMPORTANT NOTICE:
This email is confidential and legally privileged. It is intended only for the recipient. Access, disclosure, copying, distribution, or reliance on any of the contents by anyone else is prohibited and may be a criminal offense.  If this email is obtained in error, please notify the sender and then delete the email.

# EXHIBIT 3

# EXHIBIT 3

**Tim Krantz**

| | |
|---|---|
| **From:** | Tim Krantz <tkrantz@pacbell.net> |
| **Sent:** | Wednesday, July 24, 2019 12:00 PM |
| **To:** | 'Thomas Sands' |
| **Subject:** | RE: FW: Lev Investments vs Ruvin Feygenberg, case no. 19VECV00878 |

Available both days except Thursday from 10:45am to 11:45am

Timothy Krantz, Esq.
Law Office of Timothy Krantz
2082 Michelson Drive, Suite 212
Irvine, California 92612
(949) 752-2291 (ph)
(949) 752-2323 (fax)

IMPORTANT NOTICE:
This email is confidential and legally privileged. It is intended only for the recipient. Access, disclosure, copying, distribution, or reliance on any of the contents by anyone else is prohibited and may be a criminal offense.  If this email is obtained in error, please notify the sender and then delete the email.

**From:** Thomas Sands [mailto:thomas@thesandslawgroup.com]
**Sent:** Wednesday, July 24, 2019 11:55 AM
**To:** Tim Krantz
**Subject:** Re: FW: Lev Investments vs Ruvin Feygenberg, case no. 19VECV00878

Hi Tim

I apologize as I have had a heavier than usual week. What does your schedule look like tomorrow or Friday? Thank you

Sincerely,

Thomas D. Sands, Esq.

Honolulu
P.O. Box 532
Honolulu, Hawaii 96809
O: (213)-788-4412
F: (888)-623-8382

Los Angeles
205 S Broadway, Suite 903
Los Angeles, California 90012

1

# EXHIBIT 4

# EXHIBIT 4

**Tim Krantz**

| | |
|---|---|
| **From:** | Thomas Sands <thomas@thesandslawgroup.com> |
| **Sent:** | Tuesday, July 30, 2019 6:13 AM |
| **To:** | Tim Krantz |
| **Subject:** | Re: FW: Lev Investments vs Ruvin Feygenberg, case no. 19VECV00878 |

Mr. Krantz

That is fine. Thank you.

On Tue, Jul 30, 2019, 12:37 AM Tim Krantz <tkrantz@pacbell.net> wrote:

Mr. Sands

You never called. I am going on vacation for three weeks today. Although my client says that he was not properly served, I am not going to pursue that. Per your POS, I believe that the last day for my client to respond is August 12. I don't return to my office until August 26th so please provide me until August 30th in which to respond to your client's complaint. Thank you.

Timothy Krantz, Esq.
Law Office of Timothy Krantz
2082 Michelson Drive, Suite 212
Irvine, California 92612
(949) 752-2291 (ph)
(949) 752-2323 (fax)

IMPORTANT NOTICE:
This email is confidential and legally privileged. It is intended only for the recipient. Access, disclosure, copying, distribution, or reliance on any of the contents by anyone else is prohibited and may be a criminal offense. If this email is obtained in error, please notify the sender and then delete the email.

**From:** Thomas Sands [mailto:thomas@thesandslawgroup.com]
**Sent:** Wednesday, July 24, 2019 11:55 AM
**To:** Tim Krantz
**Subject:** Re: FW: Lev Investments vs Ruvin Feygenberg, case no. 19VECV00878

Hi Tim

# EXHIBIT 5

# EXHIBIT 5

**Tim Krantz**

| | |
|---|---|
| **From:** | Tim Krantz <tkrantz@pacbell.net> |
| **Sent:** | Wednesday, August 28, 2019 5:37 PM |
| **To:** | 'Thomas Sands' |
| **Subject:** | RE: FW: Lev Investments vs Ruvin Feygenberg, case no. 19VECV00878 |

Mr. Sands:

I see that counsel for the other defendants has filed a demurrer to your complaint. I have reviewed the demurrer at it appears to have valid points raised in it as to each cause of action (although my client is only named in two causes of action). As such, I intend to file a demurrer on essentially the same points that counsel for the other defendants has raised in their demurrer.

CCP § 430.41 requires us to meet in person or by phone to discuss the same at least five days before the responsive pleading is due. As you know you gave me until 8/30/19 to respond. Do you wish to discuss these matters further? In the Demurrer by Attorney Burgee, I noticed that you simply emailed him back saying that his legal arguments were not applicable because the "legal authorities don't synch with the facts" and did not confer with him any further than that.

If you would like to discuss further, please let me know when we can do so either tomorrow (Thursday) or Friday.

Thank you.

Timothy Krantz, Esq.
Law Office of Timothy Krantz
2082 Michelson Drive, Suite 212
Irvine, California 92612
(949) 752-2291 (ph)
(949) 752-2323 (fax)


IMPORTANT NOTICE:
This email is confidential and legally privileged. It is intended only for the recipient. Access, disclosure, copying, distribution, or reliance on any of the contents by anyone else is prohibited and may be a criminal offense.  If this email is obtained in error, please notify the sender and then delete the email.

**From:** Thomas Sands [mailto:thomas@thesandslawgroup.com]
**Sent:** Tuesday, July 30, 2019 6:13 AM
**To:** Tim Krantz
**Subject:** Re: FW: Lev Investments vs Ruvin Feygenberg, case no. 19VECV00878

Mr. Krantz

That is fine. Thank you.


On Tue, Jul 30, 2019, 12:37 AM Tim Krantz <tkrantz@pacbell.net> wrote:

Mr. Sands

1

Page 7

**Tim Krantz**

| | |
|---|---|
| **From:** | Thomas Sands <thomas@thesandslawgroup.com> |
| **Sent:** | Thursday, August 29, 2019 11:09 AM |
| **To:** | Tim Krantz; Hiba Adda |
| **Subject:** | Re: FW: Lev Investments vs Ruvin Feygenberg, case no. 19VECV00878 |

Hi Mr. Krantz,

Mr. Burgee's Demurrer is not well taken, I've filed and served you with the Opposition which you can read through for consideration. I suggest you Answer the Complaint or let's talk about how we can resolve the matter quickly without incurring any more fees for our clients. Look forward to hearing from you. Thank you.


Sincerely,

Thomas D. Sands, Esq.

Honolulu
P.O. Box 532
Honolulu, Hawaii 96809
O: (213)-788-4412
F: (888)-623-8382

Los Angeles
205 S Broadway, Suite 903
Los Angeles, California 90012
O: (213)-788-4412
F: (888)-623-8382


CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

**FEDERAL FAIR DEBT COLLECTION PRACTICES ACT NOTICE:** In accordance with the Federal Fair Debt Collection Practices Act, if this communication is generated in connection with a debt collection matter, you are advised this office **is attempting to collect a debt, and any information obtained will be used for that purpose.** Debt collection communications are confidential and intended only for the sole use of recipient.

Page 2

**Tim Krantz**

| | |
|---|---|
| **From:** | Tim Krantz <tkrantz@pacbell.net> |
| **Sent:** | Thursday, August 29, 2019 11:12 AM |
| **To:** | 'Thomas Sands' |
| **Subject:** | RE: FW: Lev Investments vs Ruvin Feygenberg, case no. 19VECV00878 |

I have not received a copy of your Opposition.

Timothy Krantz, Esq.
Law Office of Timothy Krantz
2082 Michelson Drive, Suite 212
Irvine, California 92612
(949) 752-2291 (ph)
(949) 752-2323 (fax)

IMPORTANT NOTICE:
This email is confidential and legally privileged. It is intended only for the recipient. Access, disclosure, copying, distribution, or reliance on any of the contents by anyone else is prohibited and may be a criminal offense.  If this email is obtained in error, please notify the sender and then delete the email.

**From:** Thomas Sands [mailto:thomas@thesandslawgroup.com]
**Sent:** Thursday, August 29, 2019 11:09 AM
**To:** Tim Krantz; Hiba Adda
**Subject:** Re: FW: Lev Investments vs Ruvin Feygenberg, case no. 19VECV00878

Hi Mr. Krantz,

Mr. Burgee's Demurrer is not well taken, I've filed and served you with the Opposition which you can read through for consideration.  I suggest you Answer the Complaint or let's talk about how we can resolve the matter quickly without incurring any more fees for our clients. Look forward to hearing from you. Thank you.

Sincerely,

Thomas D. Sands, Esq.

Honolulu
P.O. Box 532
Honolulu, Hawaii 96809
O: (213)-788-4412
F: (888)-623-8382

1

Page 3

 Journal Technologies Court Portal

# Make a Reservation

## LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.

Case Number: 19VECV00878  Case Type: Civil Unlimited  Category: Other Real Property (not eminent domain, landlord/tenant, foreclosure)
Date Filed: 2019-06-20  Location: Van Nuys Courthouse East - Department A

## Reservation

Case Name:
LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.

Case Number:
19VECV00878

Type:
Demurrer - without Motion to Strike

Status:
RESERVED

Filing Party:
Ming Zhu, LLC (Defendant)

Location:
Van Nuys Courthouse East - Department A

Date/Time:
09/30/2019 8:30 AM

Number of Motions:
1

Reservation ID:
580741986437

Confirmation Code:
CR-THKWROKFR5VN7PVET

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| First Paper Fees (Unlimited Civil) | 435.00 | 1 | 435.00 |
| Credit Card Percentage Fee (2.75%) | 11.96 | 1 | 11.96 |
| TOTAL | | | $446.96 |

## Payment

Amount:
$446.96

Type:
Visa

Account Number:
XXXX2472

Authorization:
09731C

🖨 Print Receipt  ➕ Reserve Another Hearing  👤 View My Reservations

Copyright © Journal Technologies, USA. All rights reserved.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Northwest District, Van Nuys Courthouse East, Department A

**19VECV00878**                                                September 10, 2019
**LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.**                      8:30 AM


Judge: Honorable Huey P. Cotton          CSR: None
Judicial Assistant: R. Redmond           ERM: None
Courtroom Assistant: A. Ataryan          Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Thomas D Sands

For Defendant(s): John G. Burgee


**NATURE OF PROCEEDINGS:** Hearing on Demurrer - without Motion to Strike

The matter is called for hearing.

The Court has read and considered the moving papers, opposition, reply and supporting documents.

All counsel are in receipt of the Court's tentative ruling and submit.

The Court adopts its tentative as the Order of the Court.

The Defendant's Demurrer - without Motion to Strike filed by Sensible Consulting and Management, Inc., Michael Leizerovitz on 08/06/2019 is Sustained with Leave to Amend.

Demurrer to complaint

Date of Hearing: September 10. 2019 Trial Date:
Department:A Case No.: 19VECV00878

Moving Party:Defendants Michael Liezerovitz and Sensible Consulting and Management, Inc.
Responding Party:Plaintiff


TENTATIVE: DEMURRER IS SUSTAINED WITH 30 DAYS LEAVE TO AMEND.

BACKGROUND

Plaintiff alleges that defendants Feygenberg and Liexrovitz transferred a property to plaintiff by grant deed. Feygenberg and defendant Sensible (whose principal is Leizerovitz) gave a loan

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Northwest District, Van Nuys Courthouse East, Department A

**19VECV00878**                                                    September 10, 2019
**LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.**                        8:30 AM

Judge: Honorable Huey P. Cotton              CSR: None
Judicial Assistant: R. Redmond               ERM: None
Courtroom Assistant: A. Ataryan              Deputy Sheriff: None

secured by a deed of trust on the property. The interest rate for the loans was equivalent to 23%. Feygenberg thereafter conveyed his interest in the loan and deed of trust to Sensible, making sensible the sole holder to the loan.

Plaintiff alleges that at the making of the conveyance of property it was not free from encumbrances.

Plaintiff filed a verified complaint on June 20, 2019, alleging:

Breach of Implied Covenant Against Encumbrances
Quiet Title
Usury
Declaratory Relief

Defendants demur to each cause of action. According to defendant he had no part of any cloud on the title, the covenant against encumbrances does not apply in this case and, plaintiff has not suffered actual damages. Further defendant Leizrovitz is not one of the lenders on the allegedly usurious loan and plaintiff has not attached a copy of the loan.

Discussion
1st Cause of Action

Civil Code § 1113 provides:

IMPLIED COVENANTS. From the use of the word "grant" in any conveyance by which an estate of inheritance or fee simple is to be passed, the following covenants, and none other, on the part of the grantor for himself and his heirs to the grantee, his heirs, and assigns, are implied, unless restrained by express terms contained in such conveyance:
1. That previous to the time of the execution of such conveyance, the grantor has not conveyed the same estate, or any right, title, or interest therein, to any person other than the grantee;
2. That such estate is at the time of the execution of such conveyance free from encumbrances done, made, or suffered by the grantor, or any person claiming under him.
Such covenants may be sued upon in the same manner as if they had been expressly inserted in the conveyance.

An encumbrance includes taxes, assessments, and all liens on real property. CC§ 1114. It also includes any charge, burden, obstruction, or impairment of use of an estate in real property. American Title Co. v. Anderson (1975, 2nd Dist) 52 Cal App 3d 255.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Northwest District, Van Nuys Courthouse East, Department A

**19VECV00878**                                                    September 10, 2019
**LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.**                        8:30 AM

| | |
|---|---|
| Judge: Honorable Huey P. Cotton | CSR: None |
| Judicial Assistant: R. Redmond | ERM: None |
| Courtroom Assistant: A. Ataryan | Deputy Sheriff: None |

A deed of gift based on love and affection is not supported by a sufficient consideration to hold property specifically devised liable on an implied covenant against incumbrances.  In re Porter (1903) 138 Cal. 618. In this case the grant deed attached to the complaint on the one hand indicates a gift and on the other, indicates that valuable consideration was provided. Plaintiff states in the opposition the unpled fact that consideration of $1 million was provided. Plaintiff should amend and clarify.

Here plaintiff fails to allege any amount expended. Instead, Plaintiff has opted for the breach of covenant option and thus, can recover damages for the cost to remove encumbrance, if any.

Defendant argues that plaintiff has not alleged an encumbrance "done, made or suffered" by the grantor. Plaintiff has only alleged an encumbrance that is a judgment lien as to co-defendant Feygenberg. Plaintiff fails to explain how that encumbrance was done, made or suffered by demurring defendants.

Quiet Title

The problem with the quiet title action as to defendants, especially Leizerovitz, is that plaintiff fails to state the adverse interest in the property. Plaintiff states that the defendants are claiming an interest in the property as holders of lien representing an unsatisfied judgment. The only unsatisfied judgment is against Feygenberg and held by Ming Zhu, LLC. Plaintiff does not explain how demurring defendants are involved.

Plaintiff alleges a whole new theory in the opposition, that it is trying to pay off the deed of trust but is unable to secure a correct pay off amount. This theory is not pled.

Usury

The court disagrees with defendant that a contract must be attached to the complaint to advance a usury claim. However, it is unclear what interest Leizerovitz has in the loan. To the extent plaintiff wishes to include defendant Leizerovitz, plaintiff must clarify.

Declaratory Relief

This claim is based on the Ming Zhu judgment, with which demurring defendants have no apparent involvement as pled.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Northwest District, Van Nuys Courthouse East, Department A

**19VECV00878**                                                      September 10, 2019
**LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.**                   8:30 AM

Judge: Honorable Huey P. Cotton          CSR: None
Judicial Assistant: R. Redmond           ERM: None
Courtroom Assistant: A. Ataryan          Deputy Sheriff: None

Plaintiff is to give notice.

Thomas D. Sands, Esq.        SBN 279020
THE SANDS LAW GROUP, APLC
205 S. Broadway Ste 903
Los Angeles, California 90012
Telephone:      (213) 788-4412
Facsimile:      (888) 623-8382

Attorney for Lev Investments, LLC


SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES,

NORTHWEST JUDICIAL DISTRICT

| | |
|---|---|
| LEV INVESTMENTS, LLC, ) | Case No.: 19VECV00878 |
| ) | |
| Plaintiff, ) | FIRST AMENDED VERIFIED COMPLAINT |
| ) | FOR: |
| vs. ) | |
| ) | 1.  BREACH OF IMPLIED COVENANT |
| RUVIN FEYGENBERG; MICHAEL ) | AGAINST ENCUMBRANCES |
| LEIZEROVITZ; SENSIBLE CONSULTING ) | 2.  USURY |
| AND MANAGEMENT, INC.; MING ZHU, ) | 3.  QUIET TITLE |
| LLC; and DOES 1 through 100, inclusive, ) | 4.  DECLARATORY RELIEF |
| ) | |
| Defendants. ) | |
| ) | DEMAND IN EXCESS OF $25,000.00 |
| _____ ) | |

Plaintiff, Lev Investments, LLC, hereinafter Plaintiff, files its Complaint herein against

Defendants, RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING

AND MANAGEMENT, INC.; MING ZHU, LLC; and DOES 1 through 100, inclusive,

hereinafter collectively Defendants, and each of them, as follows:

## **PARTIES**

1.      Plaintiff is a California limited liability company, and at all times relevant hereto,

was doing business in the county of Los Angeles, state of California.

1

2.      Upon information and belief, Defendant, RUVIN FEYGENBERG, hereinafter Feygenberg, is an individual, and at all relevant times herein, doing business in the county of Los Angeles, state of California.

3.      Upon information and belief, Defendant, MICHAEL LEIZEROVITZ, hereinafter Leizerovitz, is an individual, and at all relevant times herein, doing business in the county of Los Angeles, state of California.

4.      Upon information and belief, Defendant SENSIBLE CONSULTING AND MANAGEMENT, INC., hereinafter Sensible Consulting, at all times relevant hereto, a California corporation doing business in the county of Los Angeles, state of California.

5.      Upon information and belief, Defendant MING ZHU, LLC, hereinafter Ming Zhu, at all times relevant hereto, a California limited liability company doing business in the county of Los Angeles, state of California.

6.      The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of the Defendants named herein as DOE 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names, and Plaintiff will amend this Complaint to set forth their true names and capacities when the same are ascertained. Plaintiff is informed and believes and thereon alleges that Defendants DOE 1 through 50, inclusive, and each of them, claim some right, title, estate, lien or interest in the Property adverse to Plaintiff's ownership and that such claims constitute clouds on Plaintiff's title thereto.

7.      The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of Defendants DOE 51 through 100, inclusive, are unknown to Plaintiff, which therefore sues said defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of such Defendants when the same are ascertained. Plaintiff is informed and believes and thereon alleges that each fictitiously named Defendant is legally responsible in some manner for the events referred to and legally caused the damages to Plaintiff as alleged herein.

FIRST AMENDED COMPLAINT

8.      Plaintiff is informed and believes and thereon alleges that each DOE Defendant claims some interest in the Property and is responsible in some manner for the occurrences herein alleged, and that Plaintiff hereby names each DOE Defendant as such that its interest, in any, shall be subject to the judgment rendered herein. Each reference in this Complaint to any Defendant, refers to all Defendants sued under fictitious names.

9.      Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each of the Defendants sued under fictitious names, was the agent or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of this agency or employment.

10.      There exists, and at all times herein mentioned there existed, a unity of interest and ownership between Defendants Leizerovitz and Sensible Consulting, such that any individuality and separateness between these defendants have ceased, and Sensible Consulting is the *alter ego* of Defendant Leizerovitz. On information and belief, Sensible Consulting is, and at all times herein mentioned was, a mere shell and sham without capital, assets, stock and/or stockholders. Sensible Consulting was conceived, intended and used by Defendant Leizerovitz as a device to avoid individual liability and for the purpose of substituting a financially insolvent corporation in the place of Defendant Leizerovitz. On information and belief, Defendant Sensible Consulting is, and at all times herein mentioned was, so inadequately capitalized that, compared with the business to be done by the defendant and the risks of loss, its capitalization was illusory or trifling. Adherence to the fiction of the separate existence of Sensible Consulting would permit an abuse of the corporate privilege and would sanction fraud and promote injustice.

## JURISDICTION AND VENUE

11.      The amount of controversy herein, exclusive of attorneys' fees, interest and costs, does exceed the sum of $25,000.00.

12.      Venue is proper in this judicial district as the Property that gave rise to this action is located in this judicial district.

FIRST AMENDED COMPLAINT

## **GENERAL ALLEGATIONS**

### (**Facts Common to All Causes of Action**)

13.　　Plaintiff incorporates by reference the allegations of paragraphs 1-12, *supra*, as though fully set forth herein.

14.　　This lawsuit concerns the real property commonly known as 13854 Albers Street, Sherman Oaks, California 91401, hereinafter the Property, and legally known as:

ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

THE NORTH 190 FEET OF THE EAST 99 FEET OF THE WEST 110 FEET OF LOT 103 TRACT NO. 1000, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 19 PAGES 1 TO 34, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

ASSESSOR'S PARCEL NUMBER: 2247-013-001.

15.　　Plaintiff is in possession of the Property.

16.　　Plaintiff alleges that on or about January 31, 2019, Defendants Feygenberg and Leizerovitz signed a Grant Deed, whereby all right, title and interest in the Property was transferred to Plaintiff. See **Exhibit A**, a true and correct copy of the Grant Deed, attached hereto and incorporated herein by reference. In consideration for the Grant Deed, Plaintiff gave security to Defendants Feygenberg, Leizerovitz and Sensible Consulting, which is evidenced by the Deed of Trust. See **Exhibit B**, a true and correct copy of the Deed of Trust, attached hereto and incorporated herein by reference. The consideration was the promise of repayment of the loan that was over a million dollars (the exact amount is in dispute). The Grant Deed was not a deed of gift based on love and affection.

17.　　Thus, Feygenberg also gave a loan that is secured with the Property. See **Exhibit B**, a true and correct copy of the Deed of Trust, attached hereto and incorporated herein by reference.

18.　　Sensible Consulting, whose principal, on information and belief, is Leizerovitz, also gave a loan that is secured with the Property. See **Exhibit B**, a true and correct copy of the Deed of Trust, attached hereto and incorporated herein by reference.

19.     Under the terms of the loan agreement, interest payment on the principal were to be equivalent to 23.00% per annum.

20.     The interest payment terms of the contract are usurious and violate the California Constitution Article XV, Section 1(2), which prescribes that a contract for a loan for any use other than primarily for personal, family, or household purposes may not provide for an interest rate that exceeds 10.00% per annum.

21.     On information and belief, on or about March 29, 2019, Feygenberg assigned all of his interest in the Deed of Trust to Sensible Consulting. See **Exhibit C**, a true and correct copy of the Assignment, attached hereto and incorporated herein by reference.

## FIRST CAUSE OF ACTION

### (Breach of Implied Covenant against Encumbrances)

(Against All Defendants, except Sensible Consulting and Ming Zhu)

22.     Plaintiff incorporates by reference the allegations of paragraphs 1-21, *supra*, as though fully set forth herein.

23.     Pursuant to Civil Code § 1113, Defendants, and each of them, covenanted that the estate granted by the Grant Deed was at the time of the execution free from encumbrances, done, made or suffered by Defendants, and each of them, or any person claiming under Defendants, and each of them, including taxes, assessments, and all liens on the Property, and that implied covenant was not restrained or in any way affected by any express terms contained in the deed.

24.     At the time of the making and delivery of the Grant Deed, the Property was not free from all encumbrances, but, on the contrary, Defendants, and each of them, before that time owed property taxes and a judgment.

25.     On March 4, 2013, in the Superior Court of California, County of San Francisco, judgment was rendered against Defendants, and each of them, in the sum of $169,885.38, in an action in which Ming Zhu was plaintiff, and Defendants, and each of them, in this action were defendants, that action being entitled *Ming Zhu v. San Francisco Medical Imaging, et al.*, and being numbered CGC-11-516808, which judgment was entered at the same court, at the same time, and which judgment constituted a lien on the Property described above pursuant to the

Abstract of Judgment, recorded as instrument number 20130597359 in the Official Records of the County of Los Angeles, on April 22, 2013. See **Exhibit D**, a true and correct copy of the Abstract, attached hereto and incorporated herein by reference.

26.    For a further breach Plaintiff alleges that at the time of the execution and delivery of the Grant Deed from Defendants, and each of them, the Property was subject to taxes duly assessed prior to the execution of the deed, charged and levied on the Property by the City and County of Los Angeles, which tax was then due and unpaid and at the time of the delivery of the Grant Deed constituted a lien and encumbrance by law on the Property.

27.    By reason of the breach of covenant against encumbrances of Defendants, and each of them, Plaintiff is requesting an offset against Defendants, and each of them, and any and all other damages and costs according to proof.

## SECOND CAUSE OF ACTION

### (**Usury**)

(Against All Defendants, except Ming Zhu)

28.    Plaintiff incorporates by reference the allegations of paragraphs 1-27, *supra*, as though fully set forth herein.

29.    Plaintiff entered into a loan agreement with Defendants, and each of them. Specifically, Defendants Feygenberg and Leizerovitz were parties to this loan agreement.

30.    Beginning from about March 2019, Plaintiff requested a payoff of the loan, Defendants, and each of them, presented numerous payoff statements demanding repayment of the loan with a usurious interest rate. The payoff demands of Defendants, and each of them, were in excess of the maximum rate of interest allowed by the California Constitution, Article XV, Section 1.

31.    An actual controversy has arisen and now exists between Plaintiff and Defendants, and each of them, concerning their respective rights and duties in that Plaintiff contends that it is only obligated to pay Defendants, and each of them, the principal amount of the loan without interest, and that the interest rate specified in the contract is usurious and should be declared null and void, whereas Defendants, and each of them, disputes this contention and

contends that Plaintiff must continue paying both the principal amount and the specified interest rate.

32.    Plaintiff desires a judicial determination of its rights and duties, and a declaration that the interest rate provisions of the contract are null and void, pursuant to the California Constitution, Article XV, Section 1 and Section 2 of the Statutes of 1919, page lxxxiii.

33.    A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain its rights and duties under the contract.

## **THIRD CAUSE OF ACTION**

### (**Quiet Title**)

(Against All Defendants)

34.    Plaintiff incorporates by reference the allegations of paragraphs 1-33, *supra*, as though fully set forth herein.

35.    The basis of Plaintiff's title to or interest in the Property is Plaintiff's Grant Deed granting Plaintiff title in fee simple.

36.    Plaintiff is informed and believes that Defendants, and each of them, claim an interest in the Property adverse to Plaintiff.

37.    Plaintiff is informed and believes and thereby alleges that Defendants, and each of them, claim an interest adverse to Plaintiff in the Property as the holder of a lien representing an unsatisfied judgment against Defendants, and each of them, a former owner of the Property. The Abstract of Judgment was recorded on April 22, 2013, in the Official Records of the County of Los Angeles. See **Exhibit D**. Some of the unknown defendants, as assignees and successors of Defendants, and each of them, claim interests in the Property adverse to Plaintiff's title.

38.    Plaintiff is informed and believes and thereby alleges that Defendants, and each of them, claim an interest adverse to Plaintiff in the Property as the holders of a lien that they are refusing to give the correct payoff amount. The Deed of Trust was recorded on March 22, 2019, in the Official Records of the County of Los Angeles. See **Exhibit B**. Some of the unknown defendants, as assignees and successors of Defendants, and each of them, claim interests in the Property adverse to Plaintiff's title.

FIRST AMENDED COMPLAINT

39.     The adverse claims are all without any right whatever, and no such Defendants, and each of them, have any right, title, estate, lien, or interest whatever in the Property or any part of it.

40.     Plaintiff seeks to quiet title to the Property, against all adverse claims of all claimants, known and unknown, as of the date this Complaint was filed.

## FOURTH CAUSE OF ACTION

### (Declaratory Relief)

(Against All Defendants)

41.     Plaintiff incorporates by reference the allegations of paragraphs 1-40, *supra*, as though fully set forth herein.

42.     An actual controversy exists between Plaintiff and Defendants, and each of them, regarding their respective rights and obligations with respect to the Property, Grant Deed, Deed of Trust, Assignment, and Abstract.

43.     Plaintiff asserts that Plaintiff's title to the Property is fee simple and Plaintiff holds title free and clear of any liens.

44.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, deny that Plaintiff holds title free and clear of any liens and, instead, contend that Plaintiff has to repay the judgment evidenced by the Abstract (Exhibit D), pay taxes and pay the usurious interest rate on the loan that is evidenced by the Deed of Trust (Exhibit B), not giving the correct payoff amount.

45.     Plaintiff desires a judicial determination of the respective rights and liabilities of Plaintiff and Defendants, and each of them, with respect to the Property, which judicial determination is necessary and appropriate in order to permit Plaintiff to proceed to enforce its rights as to the Property.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

FIRST AMENDED COMPLAINT

## ON THE FIRST CAUSE OF ACTION

1.  For offset;

2.  For the sum according to proof, but not less than $300,000;

## ON THE SECOND CAUSE OF ACTION

For the assessment of treble damages against Defendants, and each of them, in the sum according to proof, but not less than $355,000;

For a declaration that the interest rate provisions of the contract are null and void and of no force and effect;

For a declaration that no interest is due;

For a declaration that Plaintiff repay the principal amount only, minus any offset for the judgment and property taxes;

## ON THE THIRD CAUSE OF ACTION

For a judgment that Plaintiff is the owner in fee simple of the Property, and that no Defendants, and each of them, have any interest in the Property adverse to Plaintiff;

## ON THE FOURTH CAUSE OF ACTION

For a judgment that Plaintiff's title is fee simple, free of any liens;

For a judgment declaring the validity of the judgment evidenced by the Abstract;

For a judgment declaring that Plaintiff does not owe the judgment evidenced by the Abstract;

For a judgment compelling Defendants, and each of them, to offset the payment of the judgment evidenced by the Abstract and taxes from what is owed to Defendants, and each of them, by Plaintiff;

For a permanent injunction, enjoining Defendants, and each of them, and their agents, servants and employees, and all persons acting under, in concert with, or for them from seeking repayment of the judgment evidenced by the Abstract from Plaintiff and from seeking usurious interest;

9

FIRST AMENDED COMPLAINT

1       For a permanent injunction, enjoying Defendants, and each of them, and their agents,

2 servants and employees, and all persons acting under, in concert with, or for them to offset the

3 amount due at payoff from the principal loan amount;

4       For damages in the sum of $655,000, plus damages in such further sums as may be

5 sustained and as are ascertainable before final judgment in this action.

6

7                   **ON ALL CAUSES OF ACTION**

8       For costs of suit incurred in this action; and

9       For such other and further relief as the Court deems just and proper.

10

11                   Respectfully submitted,

12 Dated: September 27, 2019       THE SANDS LAW GROUP, APLC

13

14               By *Thomas D. Sands*

15                   Thomas D. Sands, Esquire

                    Attorney for Lev Investments, LLC

16

17

18                   **VERIFICATION**

19       I, Dmitri Lioudkovski, am the Manager of the Plaintiff, the current owner of the Property

20 in the above-entitled proceeding. I have read the above First Amended Verified Complaint and

21 know the contents thereof. The same is true of my own knowledge, except as to those matters

22 which are therein alleged on information and belief, and as to those matters, I believe them to be

23 true.

24       I declare under penalty of perjury under the laws of the State of California that the

25 foregoing is true and correct.

26

27 Date: September 27, 2019       By

28                 Dmitri Lioudkovski, Manager

FIRST AMENDED COMPLAINT



**This page is part of your document - DO NOT DISCARD**

# 20190258567





**Pages:**
**0005**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**03/22/19 AT 02:38PM**

| | |
|---|---|
| FEES: | 51.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 126.00 |

**PCOR SURCHARGE $20.00**



L E A D S H E E T



201903220930027

**00016397730**

009707986

**SEQ:**
**01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

E.528330



EXHIBIT A

RECORDING REQUESTED BY
Lev Investments, LLC

WHEN RECORDED MAIL TO
AND MAIL TAX STATEMENTS TO

**Lev Investments, LLC**
**PO Box 16646**
**Beverly Hills, CA 90209**



03/22/2019

*20190258567*

# GRANT DEED

**APN NO.**     **2247-013-001**

THE UNDERSIGNED GRANTOR(s) DECLARE(s)
DOCUMENTARY TRANSFER TAX is $_____0.00_____ CITY TAX $ gift R&T §§ 11911, 11930, *et seq.*
    ☐ computed on full value of property conveyed, or ☐ computed on full value less value of liens or
    encumbrances remaining at time of sale,
    ☐ Unincorporated area:  ☐ City of _____, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

    **Lev Investments, LLC, a California limited liability company, as to an undivided**
    **50.00% Interest, Ruvin Feygeberg, an individual, as to an undivided 25.00% interest**
    **and Michael Leizerovitz, an individual, as to an undivided 25.00% interest,**

hereby GRANT(S) to

    **Lev Investments, LLC, a California limited liability company**

the following described real property in the County of Los Angeles, State of California:

    SEE **EXHIBIT "A"** ATTACHED HERETO AND MADE A PART HEREOF

Commonly known as 13854 Albers Street, Sherman Oaks, CA 91401

Lev Investments, LLC

Dated _____1/31/19_____

_____
Dmitri Lioudkovski, Manager

Dated _____1-31-19_____

_____
Ruvin Feygeberg, an individual

Dated _____1/31/19_____

_____
Michael Leizerovitz, an individual

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document.

State of California

County of Los Angeles

On January 31, 2019 before me, Brandon Alexander Guerrero as Notary Publ(here insert name and title of the officer), personally appeared Ruvin Feygenberg and Dimitri Lioudkovski , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

Signature _____ (Seal)



BRANDON ALEXANDER GUERRERO
Notary Public – California
Los Angeles County
Commission # 2221730
My Comm. Expires Nov 12, 2021

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document.

State of California

County of Los Angeles

On January 31, 2019 before me Brandon Alexander Guerrero, Notary Public (here insert name and title of the officer), personally appeared Michael Leizerovitz_____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

Signature _____ (Seal)



BRANDON ALEXANDER GUERRERO
Notary Public – California
Los Angeles County
Commission # 2221730
My Comm. Expires Nov 12, 2021

# EXHIBIT "A"

All that certain real property situated in the County of Los Angeles, State of California, described as follows:

THE NORTH 190 FEET OF THE EAST 99 FEET OF THE WEST 110 FEET OF LOT 103 TRACT NO. 1000, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 19 PAGES 1 TO 34, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

ASSESSOR'S PARCEL NUMBER: 2247-013-001



**This page is part of your document - DO NOT DISCARD**

## 20190258568





**Pages:**
**0004**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**03/22/19 AT 02:38PM**

| | |
|---|---|
| FEES: | 53.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 150.00 |
| PAID: | 203.00 |



**LEADSHEET**



201903220930027

**00016397731**

009707986

**SEQ:**
**02**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

EXHIBIT B

RECORDING REQUESTED BY:

**Ruvin Feygenberg and
Sensible Consulting and Management, Inc.**

WHEN RECORDED MAIL TO:

Ruvin Feygenberg
17777 Ventura Blvd.
Encino, CA 91316



03/22/2019

*20190258568*

ORDER NO.

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

APN: 2247-013-001

**This Deed of Trust**, made this, between Lev Investments, LLC, a California limited liability company, herein called **TRUSTOR**, whose address is PO Box 16646, Beverly Hills, CA 90209,

**Real Property Trustee, Inc.,** a Delaware Corporation, herein called **TRUSTEE**, and

Ruvin Feygenberg, an individual, as to an undivided 50.00% interest, and Sensible Consulting and Management, Inc., a California corporation, as to an undivided 50.00% interest, herein called **BENEFICIARY**,

Witnesseth: That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE**, that property in Los Angeles County, California, described as:

**For complete legal description, see exhibit "A" attached hereto.**

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

**For the Purpose of Securing:**  1.  Performance of each agreement of Trustor incorporated by reference or contained herein.  2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $1,257,675.00 executed by Trustor in favor of Beneficiary by order.  3.  Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**  By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded under date,  in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glen | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego | Series 2, Book 1961, Page 183887 | | | | |

FOR SIGNATURE(S) SEE SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.

## SHORT FORM DEED OF TRUST SIGNATURE(S) PAGE

ORDER NO.

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

Lev Investments, LLC

X _____

Dmitri Lioudkovski, Manager

Date: 01/31/19.

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA

COUNTY OF ___LOS ANGELES___

On January 31, 2019 before me, Brandon Alexander Guerrero _____, a Notary Public, personally appeared Dmitri Lioudkovski _____,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

BRANDON ALEXANDER GUERRERO
Notary Public – California
Los Angeles County
Commission # 2221730
My Comm. Expires Nov 12, 2021

(Seal)

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

# EXHIBIT "A"

All that certain real property situated in the County of Los Angeles, State of California, described as follows:

THE NORTH 190 FEET OF THE EAST 99 FEET OF THE WEST 110 FEET OF LOT 103 TRACT NO. 1000, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 19 PAGES 1 TO 34, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

ASSESSOR'S PARCEL NUMBER: 2247-013-001




**This page is part of your document - DO NOT DISCARD**



## 20190286165



**Pages:**
**0003**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**04/02/19 AT 01:58PM**

| | |
|---|---|
| FEES: | 23.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 98.00 |





**L E A D S H E E T**



201904020930021

**00016442086**



009728235

**SEQ:**
**03**

**DAR - Counter (Upfront Scan)**



**THIS FORM IS NOT TO BE DUPLICATED**



E519254

EXHIBIT C

| | |
|---|---|
| Recording Requested By ) | |
| ) | |
| John G. Burgee ) | **04/02/2019** |
| ) | *20190286165* |
| When Recorded, Mail To ) | |
| ) | |
| Burgee & Abramoff, PC ) | |
| 20501 Ventura Boulevard, Suite 262 ) | |
| Woodland Hills, California 91364 ) | |
| ) | |
| ) | (Space above this line for recorder's use) |

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned Ruvin Feygenberg hereby grants, transfers, and assigns to Sensible Consulting and Management, Inc., a California corporation, all of his beneficial interest under that certain Deed of Trust dated January 31, 2019 executed by Lev Investments, LLC, a California limited liability company, to Real Property Trustee, Inc., a Delaware corporation, Trustee, and recorded as Instrument Number 20190258568, on March 22, 2019, of the Official Records in the County Records Office of Los Angeles County, State of California, describing the following real property:

THE NORTH 190 FEET OF THE EAST 99 FEET OF THE WEST 110 FEET OF LOT 103 TRACT NO. 1000, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 19 PAGES 1 TO 34, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Commonly known as:   13854 Albers Street, Sherman Oaks, California 91401

APN: 2247-013-001.

TOGETHER WITH the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated: March 29, 2019

Ruvin Feygenberg

MAIL TAX STATEMENTS AS SHOWN ABOVE

1

CERTIFICATE OF ACKNOWLEDGEMENT OF NOTARY PUBLIC

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA

}
}SS.
}

COUNTY OF LOS ANGELES

On _3|29|20 i9_ , before me, _Sandy A. Cordova, Notary Public_ (here insert name and title of the officer), personally appeared _Ruvin Feygenberg_ , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Sandy A. Cordova_

SANDY A. CORDOVA
Notary Public - California
Los Angeles County
Commission # 2245301
My Comm. Expires Jun 22, 2022

(Seal)

2



**This page is part of your document - DO NOT DISCARD**



## 20130597359

Pages:
0004

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**04/22/13 AT 12:11PM**

| | |
|---|---|
| FEES: | 35.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 35.00 |



**L E A D S H E E T**



201304220760110

00007551515



004791120

**SEQ:
01**

**DAR - Mail (Hard Copy)**



**THIS FORM IS NOT TO BE DUPLICATED**

**EXHIBIT D**

RECORDING REQUESTED BY



04/22/2013

*20130597359*

WHEN RECORDED MAIL TO

NAME   M. DAVID DeSANTIS

MAILING 1330 BROADWAY, SUITE
                                        1032
CITY, STATE ZIP CODE

    OAKLAND, CA    94612

---

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

## TITLE(S)

ABSTRACT  OF  JUDGMENT

**EJ-001**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, State Bar number, and telephone number)*

Recording requested by and return to    510-465-5212

M. David DeSantis (132629)
Gianunzio & DeSantis LLP
130 Broadway
Suite 1032
Oakland, CA 94612

[✓] ATTORNEY FOR    [✓] JUDGMENT CREDITOR    [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civil

*FOR RECORDER'S USE ONLY*

PLAINTIFF: Ming Zhu, LLC

DEFENDANT: San Francisco Medical Imaging, Inc., et al.

CASE NUMBER: CGC-11-516808

ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS    [ ] Amended

*FOR COURT USE ONLY*

1. The [✓] judgment creditor [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's

   Name and last known address

   ┌─────────────────────────────────┐
   │ RUVIN FEYGENBERG                │
   │ 18044 VALLEY VISTA BLVD.        │
   │ ENCINO, CA 91316                │
   └─────────────────────────────────┘

   b. Driver's license no. [last 4 digits] and state: xxxx9366 CA    [ ] Unknown
   c. Social security no. [last 4 digits]: xxx-xx-5670    [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or
      mailed to *(name and address):* Veriza Doe, Sub
      17779 Ventura Blvd., Encino, CA 91316

2. [✓] Information on additional judgment debtors is shown on page 2.

3. Judgment creditor *(name and address):*
   Ming Zhu, LLC, c/o M. David DeSantis, Esq.
   1330 Broadway, Ste. 1032, Oakland, CA 94612
   Date: March 6, 2013
   M. David DeSantis
   _____
   (TYPE OR PRINT NAME)

4. [ ] Information on additional judgment creditors is shown on page 2.

5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

   ▶ _____
   (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $ 169,885.38

7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on *(date):* March 4, 2013
   b. Renewal entered on *(date):*

9. [ ] This judgment is an installment judgment.

10. [ ] An [ ] execution lien [ ] attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of *(name and address):*

11. A stay of enforcement has
    a. [✓] not been ordered by the court.
    b. [ ] been ordered by the court effective until
       *(date):*

12. a. [✓] I certify that this is a true and correct abstract of
       the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

CLERK OF THE COURT

This abstract issued on *(date):*

MAR 1 4 2013

Clerk, by  RAYMOND WONG    Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. January 1, 2008]

ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190

| PLAINTIFF: Ming Zhu, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT: San Francisco Medical Imaging, Inc., et al. | CGC-11-516808 |

4

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*

14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.        Name and last known address

San Francisco Medical Imaging, Inc.
815 Hyde Street, Suite 100
San Francisco, CA 94109

Driver's license no. [last 4 digits]
and state:                                    ☑ Unknown

Social security no. [last 4 digits]:          ☑ Unknown

Summons was personally served at or mailed to *(address):*

Max Frid, Agent
8159 Santa Monica Blvd., Suite 200
West Hollywood, CA 90046

17.        Name and last known address

Driver's license no. [last 4 digits]
and state:                                    ☐ Unknown

Social security no. [last 4 digits]:          ☐ Unknown

Summons was personally served at or mailed to *(address):*

18.        Name and last known address

Driver's license no. [last 4 digits]
and state:                                    ☐ Unknown

Social security no. [last 4 digits]:          ☐ Unknown

Summons was personally served at or mailed to *(address):*

19.        Name and last known address

Driver's license no. [last 4 digits]
and state:                                    ☐ Unknown

Social security no. [last 4 digits]:          ☐ Unknown

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

EJ-001 [Rev. January 1, 2008]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 2 of 2

**POS-030**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Thomas D. Sands, Esq.    SBN 279020<br>THE SANDS LAW GROUP, APLC<br>205 S. Broadway Ste 903<br>Los Angeles, CA 90012<br><br>TELEPHONE NO.: (213) 788-4412    FAX NO. *(Optional):* (888) 623-8382<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Lev Investments, LLC | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES |
|---|
| STREET ADDRESS: 6230 Sylmar Avenue |
| MAILING ADDRESS: 6230 Sylmar Avenue |
| CITY AND ZIP CODE: Van Nuys 91401 |
| BRANCH NAME: Northwest Judicial District, Van Nuys Courthouse East |

| PETITIONER/PLAINTIFF: LEV INVESTMENTS, LLC |
|---|
| RESPONDENT/DEFENDANT: RUVIN FEYGENBERG; MICHAEL<br>LEIZEROVITZ; SENSIBLE CONSULTING et al. |

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>19VECV00878 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1.  I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2.  My residence or business address is:
    205 S. Broadway Ste 903
    Los Angeles, CA 90012

3.  On *(date):* 09/27/2019        I mailed from *(city and state):*  Los Angeles, California
    the following **documents** *(specify):*
    FIRST AMENDED COMPLAINT

☐   The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4.  I served the documents by enclosing them in an envelope and *(check one):*
    a. ☑  **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
    b. ☐  **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5.  The envelope was addressed and mailed as follows:
    a. **Name** of person served:  John G. Burgee, Esq.                    Timothy Krantz, Esq.
    b. **Address** of person served:
       BURGEE & ABRAMOFF P.C.                          LAW OFFICE OF TIMOTHY KRANTZ
       20501 Ventura Blvd., Ste 262                     2082 Michelson Dr., Ste 212
       Woodland Hills, CA 91364                         Irvine, CA 92612

☐   The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: September 27, 2019

Thomas D. Sands, Esq.                                        *Thomas D. Sands*
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)          (SIGNATURE OF PERSON COMPLETING THIS FORM)

Form Approved for Optional Use
Judicial Council of California
POS-030 [New January 1, 2005]     **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**
**(Proof of Service)**     Code of Civil Procedure, §§ 1013, 1013a
www.courtinfo.ca.gov

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Northwest District, Van Nuys Courthouse East, Department A

**19VECV00878**                                                      September 30, 2019
**LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.**                           8:30 AM

Judge: Honorable Huey P. Cotton          CSR: None
Judicial Assistant: R. Redmond           ERM: None
Courtroom Assistant: A. Ataryan          Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Hearing on Demurrer - without Motion to Strike

Matter is taken off calendar as a leave to amended the complaint was granted on 9/10/19.

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Thomas D. Sands, Esq. (SBN 279020)<br>The Sands Law Group, APLC.<br>205 S. Broadway, Suite 903, Los Angeles CA, 90012<br>TELEPHONE NO.: 213-788-4412    FAX NO. *(Optional):* 888-623-8382<br>E-MAIL ADDRESS *(Optional):* Info@thesandslawgroup.com<br>ATTORNEY FOR *(Name):* LEV Investment, Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 6230 Sylmar Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Van Nuys, CA 91401
BRANCH NAME: Northwest District Courthouse

PLAINTIFF/PETITIONER: LEV Investments, LLC
DEFENDANT/RESPONDENT: Ruvin Feygenberger, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*  ☑ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | 19VECV00878 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date: 10/22/2019      Time: 8:30AM      Dept.: A      Div.:      Room:
Address of court *(if different from the address above):*
SAME AS ABOVE
☑ **Notice of Intent to Appear by Telephone,** by *(name):*  Thomas D. Sands, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name):* LEV Investments, LLC
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* 6/24/2019
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in   ☑ complaint      ☐ cross-complaint      *(Describe, including causes of action):*
      Collections Case

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |

CM-110

| PLAINTIFF/PETITIONER: LEV Investments, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ruvin Feygenberger, et al. | 19VECV00878 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
   The party or parties request  ☑ a jury trial  ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☑ hours (short causes) *(specify):* 2

8.  **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial  ☐ by the attorney or party listed in the caption  ☐ by the following:
   a.  Attorney:
   b.  Firm:
   c.  Address:
   d.  Telephone number:                                    f.  Fax number:
   e.  E-mail address:                                       g.  Party represented:
   ☐ Additional representation is described in Attachment 8.

9.  **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
   a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

   (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

   (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

   b.  **Referral to judicial arbitration or civil action mediation** (if available).

   (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

   (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

   (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: LEV Investments, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ruvin Feygenberger, et al. | 19VECV00878 |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or
have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4)  Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5)  Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]　　　　　　　　　　　**CASE MANAGEMENT STATEMENT**　　　　　　　　　　　Page 3 of 5

CM-110

| PLAINTIFF/PETITIONER: | LEV Investments, LLC | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Ruvin Feygenberger, et al. | 19VECV00878 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant | Per Code | Per Code |
| Plaintiff | Per Code | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | LEV Investments, LLC | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Ruvin Feygenberger, et al. | 19VECV00878 |

**17. Economic litigation**

a. ☑ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 10.9.2019

Thomas D. Sands
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY:  STATE BAR NO: 279,020 | FOR COURT USE ONLY |
|---|---|

NAME: Thomas D. Sands, Esq.
FIRM NAME: The Sands Law Group, APLC
STREET ADDRESS: 205 S. Broadway, Suite 903
CITY: Los Angeles          STATE: CA   ZIP CODE: 90012
TELEPHONE NO.: 213-788-4412      FAX NO.: 888-623-8382
E-MAIL ADDRESS: Info@thesandslawgroup.com
ATTORNEY FOR (name): LEV Investments, Plaintiff

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 6230 Sylmar Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Van Nuys, CA 91401
BRANCH NAME: Northwest District Courthouse

Plaintiff/Petitioner: Lev Investments, LLC

Defendant/Respondent: Ruvin Feygenberger, et. al.

CASE NUMBER:
19VECV00878

JUDICIAL OFFICER:

DEPARTMENT:

## PROOF OF SERVICE—CIVIL

**Check method of service** *(only one):*

[ ] By Personal Service   [x] By Mail   [ ] By Overnight Delivery
[ ] By Messenger Service   [ ] By Fax

*Do not use this form to show service of a summons and complaint or for electronic service.*
*See USE OF THIS FORM on page 3.*

1. At the time of service I was over 18 years of age **and not a party to this action.**

2. My residence or business address is:

   205 S. Broadway, Suite 903, Los Angeles, CA 90012

3. [ ] The fax number from which I served the documents is *(complete if service was by fax):*

4. On *(date):* 10.9.2019          I served the following **documents** *(specify):*
   Case Management Conference Statement, Proof of Service

   [ ] The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served: John G. Burgee, Esq.  Burgee & Abramoff, P.C.

   b. [ ] *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*

      Business or residential address where person was served:
      20501 Ventura Blvd. #262  Woodland Hills, CA 91364

   c. [ ] *(Complete if service was by fax.)*

      Fax number where person was served:

   [ ] The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*

   a. [ ] **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
POS-040 [Rev. February 1, 2017]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1011, 1013, 1013a,
2015.5; Cal. Rules of Court, rule 2.306
www.courts.ca.gov

POS-040

| CASE NAME:<br>LEV Investments, LLC | CASE NUMBER:<br>19VECV00878 |
|---|---|

6. b. [x] **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one)*:

    (1) [x] deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) [ ] placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* LOS ANGELES, CALIFORNIA

c. [ ] **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. [ ] **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. [ ] **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  10/9/2019

Cynthia Galindo
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

[ ] **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Northwest District, Van Nuys Courthouse East, Department A

**19VECV00878**                                                            October 22, 2019
**LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.**                        8:30 AM

Judge: Honorable Huey P. Cotton                CSR: None
Judicial Assistant: R. Redmond                 ERM: None
Courtroom Assistant: A. Ataryan                Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Thomas D Sands By Thomas Reynolds

For Defendant(s): John G. Burgee

**NATURE OF PROCEEDINGS:** Case Management Conference

The matter is called for hearing.

First Amended Complaint was filed 9/27/19.

Defendants plan to demur.

Hearing on Demurrer is reserved for December 4, 2019.

On the Court's own motion, the Case Management Conference scheduled for 10/22/2019 is continued to 12/4/19 at 08:30 AM in Department A at Van Nuys Courthouse East.

Notice is waived.

1 | Timothy Krantz, Esq., Bar No. 125906
LAW OFFICE OF TIMOTHY KRANTZ
2 | 2082 Michelson Drive, #212,
Irvine, California 92612.
3 | (949) 752-2291; Fax (949) 752-2323

4 |

5 | Attorney for Defendant Ming Zhu, LLC

6 |

7 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8 | **COUNTY OF LOS ANGELES, NORTHWEST DISTRICT**

9 |

10 |

11 | LEV INVESTMENTS, LLC,                    )   **CASE NO.: 19VECV00878**
                                         )
12 |               Plaintiff,              )   [Case Assigned to Judge Huey P. Cotton]
                                         )
13 |                                       )   **NOTICE OF DEMURRER AND**
                                         )   **DEMURRER BY DEFENDANT MING**
14 |  vs.                                  )   **ZHU, LLC; MEMORANDUM OF**
                                         )   **POINTS AND AUTHORITIES**
15 |                                       )
                                         )   **[Filed with Accompanying Decl. of**
16 |                                       )   **Timothy Krantz re Meet and Confer**
                                         )   **per CCP 430.41(a)(3)(B)]**
17 | RUVIN FEYGENBERG, MICHAEL             )
      LEIZEROVITZ, SENSIBLE                )   **Date:   December 10, 2019**
18 | CONSULTING AND MANAGEMENT,            )   **Time: 8:30 am**
      INC., MING ZHU, LLC,; and DOES 1 through )   **Place: Dept. A**
19 | 20,                                    )
                                         )   Date action filed: June 20, 2018
20 |                                       )   Trial Date: not yet set.
                Defendants.               )
21 | _____ )   **Reservation ID: 351857034503**

22 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23 |        NOTICE IS HEREBY GIVEN THAT: on December 10, 2019, at 8:30 am. in Department

24 | A in the above-captioned court located at 6230 Sylmar Ave., Van Nuys, CA, Defendant Ming

25 | Zhu, LLC will demur to the First Amended Complaint filed by Plaintiff LEV INVESTMENTS,

26 | LLC. Said Demurrer is made on the grounds that the First Amended Complaint fails to state facts

27 | sufficient to constitute a cause of action against Cross-Defendant Ming Zhu, LLC as to Third and

28 | Fourth causes of action [CCP § 430.10(e)].

1

**DEMURRER BY DEFENDANT MING ZHU, LLC TO FIRST AMENDED COMPLAINT**

1    This Demurrer will be based upon this Notice, the accompanying Demurrer,

2 Memorandum of Points and Authorities, and all documents and records in the court's files and

3 any evidence or argument  presented at the hearing of this motion.

4    This Demurrer is being filed following an attempted meet and confer with Plaintiff's

5 attorney which is detailed in the Declaration of Timothy Krantz which is being filed concurrently

6 with this Demurrer.

7

8

9 Date:    October 24, 2019

_____
Timothy Krantz, Esq.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**DEMURRER BY DEFENDANT MING ZHU, LLC TO FIRST AMENDED COMPLAINT**

## DEMURRER TO COMPLAINT BY DEFENDANT MING ZHU, LLC

## DEMURRER TO THIRD CAUSE OF ACTION OF THE COMPLAINT

1. The Third Cause of Action fails to state facts sufficient to constitute a cause of action.
CCP § 430.10(e).

## DEMURRER TO FOURTH CAUSE OF ACTION OF THE COMPLAINT

1. The Fourth Cause of Action fails to state facts sufficient to constitute a cause of action.
CCP § 430.10(e).

DATED: October 24, 2019

TIMOTHY KRANTZ, Attorney for Defendant Ming Zhu,
LLC

3

**DEMURRER BY DEFENDANT MING ZHU, LLC TO FIRST AMENDED COMPLAINT**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### FACTUAL HISTORY

On 3/04/2013, in the San Francisco Superior Court, case no. CGC-11-516808, Defendant MING ZHU, LLC ("Ming Zhu") obtained a money judgment ("Judgment") against Defendant DR. RUVIN FEYGENBERG. Thereafter, on 4/22/13, an abstract of judgment was recorded in the Los Angeles County Recorder's Office (Ex. D to First Amended Complaint). That Judgment remains unpaid.

Plaintiff seeks to quiet title against Defendant Ming Zhu as to the real property commonly known as 13854 Albers Street, Sherman Oaks, CA 91401 ("Albers Property") [pg. 7:8-28; 8:1-5].[1] Plaintiff alleges that Defendants Feygenberg and Leizerovitz conveyed the Albers Property to Plaintiff on Jan. 31, 2019 [pg. 4:15-17].

As set forth above, Ming Zhu's Abstract of Judgment was recorded approximately six years before Plaintiff came into possession of the Albers Property.

### II

### STANDARD FOR DEMURRER

A demurrer is sustainable if "[t]he pleading does not state facts sufficient to constitute a cause of action." Code Civ. Proc. § 430.10(e). Conclusory assertions are not "facts" that the court must accept as true at this stage. [See *Serrano v Priest* (1971) 5 Cal. 3d. 584, 591 - "we treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law."]. A demurrer can be made to an entire complaint or individual causes of action therein. (CCP § 430.50 (a). A cause of action is subject to demurrer for failure to state a claim if the complaint discloses an affirmative defense on its face, and the plaintiff has not "pleaded around" that defense. See *Gentry v. eBay, Inc.*, 99 Cal. App. 4th 816, 824-25 (2002) (citations omitted). "[A] trial court does not err in sustaining a demurrer without leave to amend where the complaint discloses on its face that the action is barred by the statute of limitations."

---

[1]All references are to Plaintiff's First Amended Complaint unless otherwise noted.

---

**DEMURRER BY DEFENDANT MING ZHU, LLC TO FIRST AMENDED COMPLAINT**

*Barton v. New United Motor Mfg., Inc.*, 43 Cal. App. 4th 2 1200, 1204 (1996).

Where written documents are the foundation of an action and are attached to the complaint and incorporated therein by reference, they become a part of the complaint and may be considered on demurrer." *Qualcomm, Inc. v. Certain Underwriters at Lloyd's, London*, 161 Cal. App. 4th 184, 191 (2008). A demurrer can also be based on matters subject to judicial notice and is properly based on "any matter of which the court is required to or may take judicial notice." [CCP § 430.30(a)]. Under Evidence Code section 452(d), the court can take judicial notice of the court records of any court of record of the United States. (Evid Code § 452(d). When court records subject to judicial notice disclose an absolute defense to the action or a deficiency in the complaint, the matter can be adjudicated by way of demurrer. *Bistawros v. Greenberg* (1987) 189 Cal.App.3d 189, 192.

### III

### THE THIRD CAUSE OF ACTION FAILS TO STATE A CAUSE OF ACTION

### A. Third Cause of Action Failure to Satisfy all Elements fo Quiet Title Action

The Third Cause of Action ("TCA") is to quiet title against all defendants. The elements for an action to quiet title are: (1) the plaintiff is the owner and in possession of the land, and (2) the defendant claims an interest therein adverse to the plaintiff. *South Shore Land Co. v. Petersen* (1964) 226 Cal.App.2d 725, 740-741, 38 Cal. Rptr. 392; see also Code Civ. Proc., § 761.020. Civil Code § 761.020 sets forth the requirements for a quiet title action which are: (1) a legal description of the property and its street address or common designation, (2) the title of the plaintiff and the basis of the title, (3) the adverse claims to the title of the plaintiff, (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims.

The TCA fails to specify "the adverse claims to the title of the plaintiff" and the exact "date as of which the determination is sought." Rather, the TCA generally states "Defendants, and each of them, claim an interest adverse to Plaintiff in the Property as the holder of a lien representing an unsatisfied judgment against Defendants, and each of them, a former owner of the Property." [Pg. 7:17-19]. The next sentence in the TCA merely states: The  Abstract of

5

1  Judgment was recorded on April 22, 2013, in the Official Records of the County of Los

2  Angeles." [Pg. 7:19-21]. Thus, the TCA is unclear as to who are the holders of the "adverse

3  claim" against Plaintiff.

4

5  **B. Deficiency of First Cause of Action Vitiates Second Cause of Action**

6       An additional basis for failure to state a cause of action as to the TCA regards the First

7  Cause of Action ("FCA"). In the FCA, the Plaintiff alleges that a breach of an implied covenant

8  against encumbrances against all Defendants (except Sensible and Ming Zhu). However, the

9  Grant Deed (Ex. A to First Amended Complaint) upon which Plaintiff bases his creation of the

10 implied covenant against encumbrances is lacking because the Grant Deed shows that no

11 consideration was paid by Plaintiff to said Defendants for the transfer of real property. The

12 statutory covenant of CC § 1113 does not apply when there is no consideration for the transfer

13 [*Estate of Porter*, 138 Cal. 618, 624] and Plaintiff can not assert the same. Therefore, if the

14 statutory covenant re encumbrances does not apply, then the TCA for quiet title must also fail

15 because Plaintiff would have no statutory right to contest any encumbrances in existence at the

16 time of the transfer of the real property and therefore cannot quiet title against any Defendants

17 including Defendant Ming Zhu.

18 **C. Judgment Lien Recorded Before Transfer and Cannot Be Voided or Removed**

19      The TCA must fail because Defendant Ming Zhu's recorded Abstract of Judgment

20 attached to the Albers Property prior to the conveyance of said property to Plaintiff. A judgment

21 lien on real property is created by recording an abstract of judgment with the county recorder.

22 CCP § 697.310(a).  Upon recording, the abstract of judgment attaches to all real property the

23 judgment debtor owns within that county. CCP § 697.340(a).

24      Under § 697.390(a), "a subsequent conveyance of an interest in real property subject to a

25 judgment lien does not affect the lien." Under California's judgment lien law, a judgment

26 creditor's recordation of an abstract of judgment creates a judgment lien that "attaches to all

27 interests in real property in the county where the lien is created (whether present or future, vested

28 or contingent, legal or equitable) that are subject to enforcement of the money judgment against

6

**DEMURRER BY DEFENDANT MING ZHU, LLC TO FIRST AMENDED COMPLAINT**

the judgment debtor . . . at the time lien was created." CCP §§ 697.340(a) and 697.310. If the judgment debtor acquires an interest in real property subsequent to the creation of its judgment lien, the lien attaches to such interest at the time it is acquired. CCP § 697.340(b). Until the judgment lien is satisfied or extinguished, it remains enforceable against the judgment debtor's real property interests regardless of who holds that interest. *Dieden v. Schmidt*, (2002) 128 Cal. Rptr. 2d 365, 369. Ex. A to the First Amended Complaint shows that Feygenberg was a part owner of the subject real property as of Jan. 31, 2019 (the date the Grant Deed was signed). As such, Ming Zhu's Abstract attached to the Albers Property prior to the recording of the conveyance.

Under California's race-notice system, a lien's priority is determined according to the time of its creation and gives priority to the person whose instrument is first recorded. CC § 2897. By statute, knowledge that is imputed by action of law is constructive knowledge. CC § 18. The recording of a judgment affecting title to real property provides constructive notice to all. *Gregg v. Cloney (In re Cloney)* (2001), 110 Cal. Rptr. 2d 615, 621. It is an equally well-established principle of law that *any purchaser of real property **acquires the property subject to prior interests of which he or she has** actual or **constructive notice.** Hochstein v. Romero* (1990) 219 Cal. App. 3d 447, 451-452 [268 Cal. Rptr. 202]; 5 Miller & Starr, Cal. Real Estate, supra, Recording and Priorities, §§ 11:49 to 11:51, pp. 129-138. ***Any purchaser of property subject to a lien created pursuant to Code of Civil Procedure section 697.320 takes title subject to that lien in the amount of the lien at the time of transfer.*** A recorded document imparts constructive notice to subsequent purchasers and precludes them from acquiring the property as bona fide purchasers without notice, ***because the law conclusively presumes that a party acquiring property has notice of the contents of a properly recorded document affecting such property***"; Civ. Code, §§ 1213- 1214; Gov. Code, § 27282, subds. (a)(1), (b).)

Based upon the above, California law conclusively presumes that Plaintiff had constructive knowledge of Ming Zhu's Abstract of Judgment as to the Albers Property and, therefore, it is impossible for Plaintiff to allege a quiet title action against Defendant Ming Zhu (unless fraud as to the creation of the Abstract is alleged). Simply put, Plaintiff cannot "quiet

7

**DEMURRER BY DEFENDANT MING ZHU, LLC TO FIRST AMENDED COMPLAINT**

title" as to Ming Zhu's Abstract of Judgment. Assuming, arguendo, that the Court ruled that

Plaintiff could prevail on its Breach of Implied Covenant Against Encumbrances (First Cause of

Action) against Defendants Feygenberg and Leizerovitz under CC § 1113 (ie that said

Defendants failed to provide notice of Ming Zhu's Abstract of Judgment), *that will not result in*

*Plaintiff's having the Abstract voided or being removed as a lien to the real property in*

*dispute. The judgment lien stays with the property* [CCP § 697.390(a)]. Once the Abstract of

Judgment is recorded, the judgment creditor becomes a secured creditor and the lien can be

extinguished only by the recording of an acknowledgment of satisfaction of the underlying

judgment or by the judgment creditor's release of the lien. [§§ 697.310(b), 697.400(a) and (c);

*Federal Deposit Ins. Corp. v. Charlton* (1993) 17 Cal.App.4th 1066, 1070). As such, Plaintiff's

TCA for quiet title must fail because Ming Zhu's judgment lien stays with the real property until

paid or released by Ming Zhu. Plaintiff's TCA requests total extinguishment of Ming Zhu's

Abstract without paying for the same. Plaintiff's position has no merit as a matter of law

therefore, Plaintiff cannot state a cause of action against Ming Zhu for quiet title.

For all of the above reasons, the TCA fails to state a cause of action against Defendant

Ming Zhu, LLC.

## IV

## THE FOURTH CAUSE OF ACTION FAILS TO STATE A CAUSE OF ACTION

The Fourth Cause of Action ("FCA") is for declaratory relief. The elements for a

declaratory relief are: (1) a proper subject of declaratory relief, and (2) an actual controversy

involving justiciable questions relating to [the party's] rights or obligations. *Jolley v. Chase*

*Home Finance, LLC* (2013) 213 Cal.App.4th 872, 909, 153 Cal. Rptr. 3d 546.

Declaratory relief is not available unless there is a real dispute between parties, involving

justiciable questions relating to their rights and obligations. *Wilson v. Transit Authority* (1962)

199 Cal.App.2d 716, 722. The fundamental basis of declaratory relief is an actual, present

controversy." *Friends of the Trails v. Blasius* (2000) 78 Cal.App.4th 810, 831. An actual

controversy is one which admits of definitive and conclusive relief by judgment within the field

of judicial administration, as distinguished from an advisory opinion upon a particular or

8

hypothetical state of facts. The judgment must decree, not suggest, what the parties may or may not do." *Selby Realty Co. v. City of San Buenaventura* (1973) 10 Cal.3d 110.

Plaintiff's Complaint relies upon the same allegations set forth in its first three causes of action in the Complaint (breach of implied covenant against encumbrances, usury and quiet title). As noted above, those allegations are insufficient to state a claim for relief for each of those legal theories. Specifically, California law conclusively presumes that Plaintiff had constructive notice of Ming Zhu's Abstract of Judgment and that Abstract remains on the Albers Property and that Plaintiff, by law, take title to the real property subject to Ming Zhu's Abstract [CCP § 697.320].

The FCA states that "Plaintiff asserts that Plaintiff's title to the Property is fee simple and Plaintiff holds title free and clear of any liens." [pg. 8:14-15]. As stated above, Ming Zhu's Abstract of Judgment, by law, attached to the Albers Property before the Grant Deed was recorded on 3/22/19[2] and the Abstract remains attached to the Albers Property.

Based upon the above, Plaintiff's Fourth Cause of Action for Declaratory relief must fail because there is no "actual controversy involving justiciable questions relating to [the party's] rights or obligations" of Ming Zhu's Abstract of Judgment. The FCA must fail due to the recorded Abstract and California law re constructive notice and, therefore, there is no "actual controversy" as to title between Plaintiff and Ming Zhu. Simply put, if there are deficiencies in one cause of action they also are inadequate to state a claim for declaratory relief. *Faunce v. Cate* (2013) 222 Cal.App.4th 166, 173.

## V

## CONCLUSION

The Third Cause of Action fails to state a viable cause of action against Ming Zhu and therefore the Fourth Cause of Action must fail and the Complaint is subject to demurrer. Even if the Court finds that the First Cause of Action is viable against the other Defendants (Ming Zhu is not named in that cause of action), Ming Zhu can still prevail on its Demurrer as to the Third and Fourth Causes of Action. If the Demurrer is sustained as to the TCA (as to Ming Zhu) then the

---

[2]Per Ex. A, Feygenberg was a 25% owner of the Albers Property prior to the recorded Grant Deed on 3/22/19.

9

**DEMURRER BY DEFENDANT MING ZHU, LLC TO FIRST AMENDED COMPLAINT**

1  demurrer to the Fourth Cause of Action must also be granted since it is based upon the same

2  facts.

3        WHEREFORE, Defendant Ming Zhu, LLC requests that the Court order as follows:

4  1. Sustain this Defendant Demurrer to the Third and Fourth Causes of Action;

5  2. For such other and further relief as the court deems just and proper.

6

7

8  Dated: October 24, 2019

9                                              TIMOTHY KRANTZ

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

**DEMURRER BY DEFENDANT MING ZHU, LLC TO FIRST AMENDED COMPLAINT**

## DECLARATION OF TIMOTHY KRANTZ

I, Timothy Krantz,  hereby declare as follows:

     1.     I am, and was at all times herein mentioned, an attorney duly licensed to practice law in the State of California and am the attorney for Ming Zhu, LLC  (hereinafter "Defendant ZHU") in the above-captioned matter.  I have personal knowledge of the following facts set forth herein, and if called upon to testify, I could do so truthfully and competently.

     2.     Defendant ZHU has obtained a money judgment against DR. RUVIN FEYGENBERG on 03/04/2013 from the San Francisco Superior Court, case no. CGC-11-516808. A copy of the Abstract of Judgment that was recorded in the Los Angeles County Recorder's office on 4/22/13 is attached as Exhibit A to Plaintiff's First Amended Complaint. The judgment remains wholly unsatisfied.

     3.     On October 12, , 2019, I wrote an email to Plaintiff's attorney setting forth my client's position on Plaintiff's First Amended Complaint ("FAC"). I asked for counsel to contact me by Oct. 18, 2019 to discuss the same and that if he failed to do so that I would file a demurrer to the FAC. No response was received from Plaintiff's attorney (Thomas Sands). A true and correct copy of my 10/12/19 email to Mr. Sands is attached hereto as Exhibit no. 1

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on October 25, 2019.

 

Timothy Krantz

11

**DEMURRER BY DEFENDANT MING ZHU, LLC TO FIRST AMENDED COMPLAINT**

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF ORANGE             )

I am a resident of the county of aforesaid, I am over the age of eighteen years and I am not a party to the within entitled action.

My business address is 2082 Michelson Drive, #212, Irvine, California 92612.

On October 25, 2019,  I served the foregoing **NOTICE OF DEMURRER AND DEMURRER BY CROSS DEFENDANT DOSHI TO FIRST AMENDED CROSS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** as follows:

[x] by transmitting via electronic transmission service via One Legal the document(s) listed above to the electronic address(es) set forth below on this date at approximately 12:30 pm:

| | |
|---|---|
| Thomas D. Sands, Esq.<br>205 S. Broadway, suite 903<br>Los Angeles, CA 90012<br>thomas@thesandslawgroup.com | Burgee & Abramoff, P. C.<br>Attn: John G. Burgee, Esq<br>20501 Ventura Boulevard, Suite 262<br>Woodland Hills, California 91364<br>jburgee@bandalaw.net |

I am "readily familiar" with firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after deposit for mailing in affidavit.

Executed on October 25, 2019 at Irvine, California. I declare under penalty of perjury that the foregoing is true and correct.

_____
Timothy Krantz

12

# EXHIBIT 1

# EXHIBIT 1

**Tim Krantz**

| | |
|---|---|
| **From:** | Tim Krantz <tkrantz@pacbell.net> |
| **Sent:** | Saturday, October 12, 2019 1:14 PM |
| **To:** | 'Thomas Sands' |
| **Subject:** | Lev Investments vs Ruvin Feygenberg, case no. 19VECV00878 |

Mr. Sands:

I have reviewed your First Amended Complaint and still believes that it fails to state a cause of action against my client as to the third and fourth causes of action.

As to the Third Cause of Action (Quiet Title), you simply cannot quiet title against my client. Simply put, my client's Abstract of Judgment was recorded before the transfer of real property to your client and thus has attaches to the real property when your client came into possession of it. The fact that you may have a claim against Feygenberg for not disclosing the lien to you does not affect my client's judgment lien nor its priority. Assuming that you were to prevail on your First Cause of Action for Breach of Implied Covenant against Feygenberg, you would have a money judgment against him but my client's judgment lien still attaches and has priority and has to be paid. Thus, you cannot "quiet title" against my client.

The recording of a judgment affecting title to real property provides constructive notice to all. *Gregg v. Cloney (In re Cloney)* (2001), 110 Cal. Rptr. 2d 615, 621. It is an equally well-established principle of law that *any purchaser of real property acquires the property subject to prior interests of which he or she has actual or constructive notice.* *Hochstein v. Romero* (1990) 219 Cal. App. 3d 447, 451–452 [268 Cal. Rptr. 202]; 5 Miller & Starr, Cal. Real Estate, supra, Recording and Priorities, §§ 11:49 to 11:51, pp. 129-138. *Any purchaser of property subject to a lien created pursuant to Code of Civil Procedure section 697.320 takes title subject to that lien in the amount of the lien at the time of transfer. A recorded document imparts constructive notice to subsequent purchasers and precludes them from acquiring the property as bona fide purchasers without notice, because the law conclusively presumes that a party acquiring property has notice of the contents of a properly recorded document affecting such property*"; Civ. Code, §§ 1213- 1214; Gov. Code, § 27282, subds. (a)(1), (b).)

Simply put, even if your client prevails against Feygenberg or Leizerovitz, my client's judgment lien remains and has priority to your client's interest and must be paid.

As to the Fourth Cause of Action For Declaratory Relief – given that my client has a valid, recorded judgment lien on the property which attaches to the real property at issue (you do not dispute this) to which your client cannot "quiet title", the Declaratory Relief cause of action must also fail. Your lawsuit is really between your client and all other Defendants and I am not sure why you brought my client into this matter and are making them incur costs and attorney's fees to oppose your lawsuit. Your lawsuit and Declaratory Relief cause of action is really to determine who has to pay my client's recorded judgment lien – you or Feygenberg or one of the other Defendants. My client should be a bystander waiting for a court decision as to who is legally liable to pay my client's judgment lien. To that extent and the reasons mentioned above, your 4th Cause of Action must also fail.

As such, I am requesting that you dismiss my client from the lawsuit immediately. If you fail to do so, then I will file another Demurrer to your First Amended Complaint.

If I do not hear from you by Oct. 18, 2019, I will file a Demurrer to the First Amended Complaint on the grounds above and as previously stated in my client's Demurrer to the initial Complaint.

Timothy Krantz, Esq.
Law Office of Timothy Krantz
2082 Michelson Drive, Suite 212
Irvine, California 92612

1

(949) 752-2291 (ph)
(949) 752-2323 (fax)

IMPORTANT NOTICE:
This email is confidential and legally privileged. It is intended only for the recipient. Access, disclosure, copying, distribution, or reliance on any of the contents by anyone else is prohibited and may be a criminal offense.  If this email is obtained in error, please notify the sender and then delete the email.

Journal Technologies Court Portal

# Make a Reservation

## LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.

Case Number: 19VECV00878    Case Type: Civil Unlimited    Category: Other Real Property (not eminent domain, landlord/tenant, foreclosure)
Date Filed: 2019-06-20   Location: Van Nuys Courthouse East - Department A

## Reservation

| | |
|---|---|
| Case Name:<br>LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al. | Case Number:<br>19VECV00878 |
| Type:<br>Demurrer - without Motion to Strike | Status:<br>RESERVED |
| Filing Party:<br>Ming Zhu, LLC (Defendant) | Location:<br>Van Nuys Courthouse East - Department A |
| Date/Time:<br>12/10/2019 8:30 AM | Number of Motions:<br>1 |
| Reservation ID:<br>351857034503 | Confirmation Code:<br>CR-JW7STXVNXFZZ8N89K |

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Demurrer - without Motion to Strike | 60.00 | 1 | 60.00 |
| Credit Card Percentage Fee (2.75%) | 1.65 | 1 | 1.65 |
| TOTAL | | | **$61.65** |

## Payment

| | |
|---|---|
| Amount:<br>$61.65 | Type:<br>Visa |
| Account Number:<br>XXXX2472 | Authorization:<br>04094C |

🖶 Print Receipt      ✚ Reserve Another Hearing

Copyright © Journal Technologies, USA. All rights reserved.

MC-051

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Thomas D Sands                                             279020
Thomas D Sands, APLC.
205 S Broadway Ste 500
Los Angeles, CA 90012
TELEPHONE NO.: (213) 788-4412    FAX NO.: (888) 623-8382
ATTORNEY FOR *(Name):* LEV INVESTMENTS, LLC

NAME OF COURT: Van Nuys Courthouse East
STREET ADDRESS: 6230 Sylmar Ave
MAILING ADDRESS:
CITY AND ZIP CODE: Van Nuys, CA 91401
BRANCH NAME: North

**Res. Id. No. 121236298837**

CASE NAME:
LEV INVESTMENTS, LLC VS RUVIN FEYGENBERG

CASE NUMBER:
19VECV00878

**NOTICE OF MOTION AND MOTION
TO BE RELIEVED AS COUNSEL-CIVIL**

HEARING DATE: 11-22-2019
DEPT.: 1          TIME: 8:30 a,m
BEFORE HON.: Huey P. Cotton
DATE ACTION FILED: 06/20/2019
TRIAL DATE: None Set

TO *(name and address of client):* LEV INVESTMENTS, LLC, C/O ALEX POLOVINCHIK its agent for service of process
8159 SANTA MONICA BLVD., STE 200, LOS ANGELES CA 90046 and Dmitri Lioudkovski
(Managing Member) PO Box 16646, Beverly Hill, CA 90209

1. **PLEASE TAKE NOTICE** that *(name of withdrawing attorney):*  Thomas D Sands, Esq. and the Sands Law Group, ALPC
moves under California Code of Civil Procedure section 284(2) and California Rules of Court, rule 3.1362, for an order permitting the
attorney to be relieved as attorney of record in this action or proceeding.

2. A hearing on this motion to be relieved as counsel will be held as follows:

   a. Date: 11-22-2019       Time: 8:30 a.m.    Dept.: A              Room:

   b. The address of the court: [X] same as noted above   [ ] other *(specify):*

3. This motion is supported by the accompanying declaration, the papers and records filed in this action or proceeding, and
the following additional documents or evidence *(specify):*

*(This motion does not need to be accompanied by a memorandum of points and authorities. Cal. Rules of Court, rule 3.1362.)*

4. The client presently represented by the attorney is
   a. [ ] an individual.
   b. [X] a corporation.
   c. [ ] a partnership.
   d. [ ] an unincorporated association.
   e. [ ] a guardian.
   f. [ ] a conservator.
   g. [ ] a trustee.
   h. [ ] a personal representative.
   i. [ ] a probate fiduciary.
   j. [ ] a guardian ad litem.
   k. [ ] other *(specify):*

*(Continued on reverse)*

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
MC-051 [Rev. January 1, 2007]

**CEB® Essential Forms**
ceb.com

**NOTICE OF MOTION AND MOTION
TO BE RELIEVED AS COUNSEL-CIVIL**

Code of Civil Procedure, § 284;
Cal. Rules of Court, rule 3.1362
*www.courtinfo.ca.gov*

LEV INVESTMENTS, LLC

MC-051

| CASE NAME: | CASE NUMBER: |
|---|---|
| LEV INVESTMENTS, LLC VS RUVIN FEYGENBERG | 19VECV00878 |

---

**NOTICE TO CLIENT**

**If this motion to be relieved as counsel is granted, your present attorney will no longer be representing you. You may not in most cases represent yourself if you are one of the parties on the following list:**

- A guardian
- A conservator
- A trustee

- A personal representative
- A probate fiduciary
- A corporation

- A guardian ad litem
- An unincorporated association

**If you are one of these parties, YOU SHOULD IMMEDIATELY SEEK LEGAL ADVICE REGARDING LEGAL REPRESENTATION. Failure to retain an attorney may lead to an order striking the pleadings or to the entry of a default judgment.**

---

5.   If this motion is granted and a client is representing himself or herself, the client will be solely responsible for the case.

---

**NOTICE TO CLIENT WHO WILL BE UNREPRESENTED**

**If this motion to be relieved as counsel is granted, you will not have an attorney representing you. You may wish to seek legal assistance. If you do not have a new attorney to represent you in this action or proceeding, and you are legally permitted to do so, you will be representing yourself. It will be your responsibility to comply with all court rules and applicable laws. If you fail to do so, or fail to appear at hearings, action may be taken against you. You may lose your case.**

---

6.   If this motion is granted, the client must keep the court informed of the client's current address.

---

**NOTICE TO CLIENT WHO WILL BE UNREPRESENTED**

**If this motion to be relieved as counsel is granted, the court needs to know how to contact you. If you do not keep the court and other parties informed of your current address and telephone number, they will not be able to send you notices of actions that may affect you, including actions that may adversely affect your interests or result in your losing the case.**

---

Date: 10-25-2019

Thomas D Sands
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF ATTORNEY)

Attorney for (name): LEV INVESTMENTS, LLC

---

MC-051 [Rev. January 1, 2007]



**NOTICE OF MOTION AND MOTION
TO BE RELIEVED AS COUNSEL-CIVIL**

Page 2 of 2

LEV INVESTMENTS, LLC

Journal Technologies Court Portal

# Make a Reservation

### LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.

Case Number: 19VECV00878    Case Type: Civil Unlimited    Category: Other Real Property (not eminent domain, landlord/tenant, foreclosure)
Date Filed: 2019-06-20  Location: Van Nuys Courthouse East - Department A

### Reservation

| | |
|---|---|
| Case Name:<br>LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al. | Case Number:<br>19VECV00878 |
| Type:<br>Motion to Be Relieved as Counsel | Status:<br>RESERVED |
| Filing Party:<br>Lev Investments, LLC (Plaintiff) | Location:<br>Van Nuys Courthouse East - Department A |
| Date/Time:<br>11/22/2019 8:30 AM | Number of Motions:<br>1 |
| Reservation ID:<br>121236298837 | Confirmation Code:<br>CR-6MEGODRAZG5SYR98N |

### Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Motion to Be Relieved as Counsel | 60.00 | 1 | 60.00 |
| Credit Card Percentage Fee (2.75%) | 1.65 | 1 | 1.65 |
| TOTAL | | | **$61.65** |

### Payment

| | |
|---|---|
| Amount:<br>$61.65 | Type:<br>MasterCard |
| Account Number:<br>XXXX8632 | Authorization:<br>958360 |

🖶 Print Receipt    ➕ Reserve Another Hearing    👤 View My Reservations

Copyright © Journal Technologies, USA. All rights reserved.

MC-052

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Thomas D Sands                             279020<br>Thomas D Sands, APLC.<br>205 S Broadway Ste 500<br>Los Angeles, CA 90012<br>TELEPHONE NO.: (213) 788-4412   FAX NO.: (888) 623-8382<br>ATTORNEY FOR *(Name):* LEV INVESTMENTS, LLC | |

NAME OF COURT: Van Nuys Courthouse East
STREET ADDRESS: 6230 Sylmar Ave
MAILING ADDRESS:
CITY AND ZIP CODE: Van Nuys, CA 91401
BRANCH NAME: North

| CASE NAME:<br>LEV INVESTMENTS, LLC VS RUVIN FEYGENBERG | CASE NUMBER:<br>19VECV00878 |
|---|---|

| **DECLARATION IN SUPPORT OF ATTORNEY'S<br>MOTION TO BE RELIEVED AS COUNSEL-CIVIL** | HEARING DATE: 11-22-2019 |
|---|---|
| | DEPT.: A     TIME: 8:30 a.m. |
| | BEFORE HON.: Judge Cotton |
| | DATE ACTION FILED: |
| | TRIAL DATE: None |

1. **Attorney and Represented Party. Attorney** *(name):*   Thomas D Sands, Esq. and the Sands Law Group, ALPC
   is presently counsel of record for *(name of party):*  LEV INVESTMENTS, LLC,
   in the above-captioned action or proceeding.

2. **Reasons for Motion.** Attorney makes this motion to be relieved as counsel under Code of Civil Procedure section 284(2) instead of
   filing a consent under section 284(1) for the following reasons *(describe):*
   The relationship of trust and confidence essential to the attorney /
   client relationship has ceased to exist and irreconcilable differences
   have arisen between client and attorney making it unreasonably
   difficult to carry out the employment effectively by Attorney.

   ☐ Continued on Attachment 2.

3. **Service**
   a. **Attorney has**
      (1) ☐ personally served the client with copies of the motion papers filed with this declaration. A copy of the proof of service
         will be filed with the court at least 5 days before the hearing.
      (2) ☒ served the client by **OVERNIGHT** mail by the United States Postal Service at the client's last known address with
         copies of the motion papers served with this declaration.
   b. If the client has been served by mail at the client's last known address, attorney has
      (1) ☒ confirmed within the past 30 days that the address is current
         (a) ☐ by mail, return receipt requested.
         (b) ☒ by telephone.
         (c) ☒ by conversation.
         (d) ☒ by other means *(specify):*
            LLC-12, Statement of Information filed with the Secretary
            of State on 12-23-2018, and checking the Secretary of
            State Web Site
            https://businesssearch.sos.ca.gov/CBS/Detail on Oct 25,
            2019.

(Continued on reverse)

**Page 1 of 2**

Form Adopted for Mandatory Use
Judicial Council of California
MC-052 [Rev. January 1, 2007]
CEB® Essential Forms
ceb.com

**DECLARATION IN SUPPORT OF ATTORNEY'S
MOTION TO BE RELIEVED AS COUNSEL-CIVIL**

Code of Civil Procedure, § 284;
Cal. Rules of Court, rule 3.1362
*www.courtinfo.ca.gov*

LEV INVESTMENTS, LLC

MC-052

| CASE NAME: | CASE NUMBER: |
|---|---|
| LEV INVESTMENTS, LLC VS RUVIN FEYGENBERG | 19VECV00878 |

3. b. (2) ☐ been unable to confirm that the address is current or to locate a more current address for the client after making the following efforts:

(a) ☐ mailing the motion papers to the client's last known address, return receipt requested.

(b) ☐ calling the client's last known telephone number or numbers.

(c) ☐ contacting persons familiar with the client (specify):

(d) ☐ conducting a search (describe):

(e) ☐ other (specify):

c. Even if attorney has been unable to serve the client with the moving papers, the court should grant attorney's motion to be relieved as counsel of record (explain):

4. The next hearing scheduled in this action or proceeding
   a. ☐ is not yet set.
   b. ☒ is set as follows (specify the date, time, and place):
      There are two hearing dates:  Dec 4 (Cas management conference) and Dec 10, 2019 (Demurrer)
   c. ☒ concerns (describe the subject matter of the hearing):
      The Case  Conf of Dec 4, 2019, will likely get continued as the case is not at issue.  The
      Demurrer which is set to be heard on Dec 10, 2019, is 10-court-days away; additionally the
      Client has been provided the Demurrer on Oct 25, 2019.  Further, on other cases, the
      ☐ Continued on Attachment 4. Client is represented by Mr. Felton, Esq.  and he is fine and able counsel.

5. The following additional hearings and other proceedings (including discovery matters) are presently scheduled in this case (for each, describe the date, time, place, and subject matter):
   NONE

   ☐ Continued on Attachment 5.

6. Trial in this action or proceeding
   a. ☒ is not yet set.
   b. ☐ is set as follows (specify the date, time, and place):

7. **Other.** Other matters that the court should consider in determining whether to grant this motion are the following (explain):
   Client is represented by Mr. Felton, Esq.  and he is fine and able counsel who can
   immediately step in the stead of withdrawing attorney resulting in a vacuum of prejudice
   to the Court, opposing parties, and Client.  I also served the MC-051, MC-052 (this
   Pleading) and MC-053 on Mr. James Richard Felton, Esq, who is counsel for Lev
   Investments, LLC in many other cases that Lev Investments, LLC is currently engaged in.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 10-25-2019

Thomas D Sands, Esq.
(TYPE OR PRINT NAME)                                    ▶                   (SIGNATURE OF DECLARANT)

8. Number of pages attached: _____

---

CEB® Essential Forms
ceb.com

**DECLARATION IN SUPPORT OF ATTORNEY'S
MOTION TO BE RELIEVED AS COUNSEL–CIVIL**

LEV INVESTMENTS, LLC

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY:          STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|
| NAME: Thomas D Sands 279020 | |

FIRM NAME: Thomas D Sands, APLC.
STREET ADDRESS: 205 S Broadway Ste 500
CITY: Los Angeles          STATE: CA ZIP CODE: 90012
TELEPHONE NO.: (213) 788-4412    FAX NO.: (888) 623-8382
E-MAIL ADDRESS: thomas@thesandslawgroup.com
ATTORNEY FOR (name): LEV INVESTMENTS, LLC

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 6230 Sylmar Ave
MAILING ADDRESS:
CITY AND ZIP CODE: Van Nuys, CA 91401
BRANCH NAME: North

Plaintiff/Petitioner:  LEV INVESTMENTS LLC
Defendant/Respondent:  Ruvin Feygenberg, Michael Leizerovitz

**PROOF OF SERVICE-CIVIL**

Check method of service *(only one):*
☐ By Personal Service    ☐ By Mail    ☒ By Overnight Delivery
☐ By Messenger Service    ☐ By Fax

CASE NUMBER:
19VECV00878

JUDICIAL OFFICER:
Cotton

DEPARTMENT:
A

*Do not use this form to show service of a summons and complaint or for electronic service.*
*See USE OF THIS FORM on page 3.*

1. At the time of service I was over 18 years of age **and not a party to this action.**

2. My residence or business address is:
   205 S Broadway Ste 500, Los Angeles, CA 90012

3. ☐ The fax number from which I served the documents is *(complete if service was by fax):*

4. On *(date):* 10/25/2019          I served the following **documents** *(specify):*
   MC-051 - Notice of Motion and Motion to Be Relieved as Counsel; MC-052 - Declaration in
   Support of Attorney's Motion to Be Relieved As Counsel; [PROPOSED] MC-053 - Order
   Granting Attorney's Motion to Be Relieved as Counsel
   ☐ The documents are listed in the *Attachment to Proof of Service-Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a.  Name of person served:
   b. ☐ *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
      Business or residential address where person was served:

   c. ☐ *(Complete if service was by fax.)*
      Fax number where person was served:

   ☒ The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service-Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*
   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and eight in the evening.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
POS-040 [Rev. March 15, 2019]

**PROOF OF SERVICE - CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1011, 1013, 1013a,
2015.5; Cal. Rules of Court, rule 2.306
www.courts.ca.gov

CEB® Essential
ceb.com Forms

LEV INVESTMENTS, LLC

POS-040

| CASE NAME: | CASE NUMBER: |
|---|---|
| LEV INVESTMENTS, LLC VS RUVIN FEYGENBERG | 19VECV00878 |

6. b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one)*:

   (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2) ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state)*:

c. ☒ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 10/25/2019

Thomas D Sands, Esq.
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

POS-040

# INFORMATION SHEET FOR PROOF OF SERVICE-CIVIL

*(This information sheet is not part of the official proof of service form and does not need to be copied, served, or filed.)*

## USE OF THIS FORM

This form is designed to be used to show proof of service of documents by (1) personal service, (2) mail, (3) overnight delivery, (4) messenger service, or (5) fax.

This proof of service form should **not** be used to show proof of service of a summons and complaint. For that purpose, use *Proof of Service of Summons* (form POS-010).

Also, this proof of service form should **not** be used to show proof of electronic service. For that purpose, use *Proof of Electronic Service* (form POS-050).

Certain documents must be personally served. For example, an order to show cause and temporary restraining order generally must be served by personal delivery. You must determine whether a document must be personally delivered or can be served by mail or another method.

## GENERAL INSTRUCTIONS

A person must be over 18 years of age to serve the documents. The person who served the documents must complete the Proof of Service. **A party to the action cannot serve the documents**.

The Proof of Service should be typed or printed. If you have Internet access, a fillable version of this proof of service form is available at *www.courts.ca.gov/forms.htm.*

*Complete the top section of the proof of service form as follows:*

First box, left side: In this box print the name, address, and telephone number of the person for whom you served the documents.
Second box, left side: Print the name of the county in which the legal action is filed and the court's address in this box. The address for the court should be the same as the address on the documents that you served.
Third box, left side: Print the names of the plaintiff/petitioner and defendant/respondent in this box. Use the same names as are on the documents that you served.
Fourth box, left side: Check the method of service that was used. You should check only one method of service and should show proof of only one method on the form. If you served a party by several methods, use a separate form to show each method of service.
First box, top of form, right side: Leave this box blank for the court's use.
Second box, right side: Print the case number in this box. The case number should be the same as the case number on the documents that you served.
Third box, right side: State the judge and department assigned to the case, if known.

*Complete items 1-6:*

1. You are stating that you are over the age of 18.

2. Print your home or business address.

3. If service was by fax service, print the fax number from which service was made.

4. List each document that you served. If you need more space, check the box in item 4, complete the *Attachment to Proof of Service—Civil (Documents Served)* (form POS-040(D)), and attach it to form POS-040.

5. Provide the names, addresses, and other applicable information about the persons served. If more than one person was served, check the box on item 5, complete the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)), and attach it to form POS-040.

6. Check the box before the method of service that was used, and provide any additional information that is required. The law may require that documents be served in a particular manner (such as by personal delivery) for certain purposes. Service by fax generally requires the prior agreement of the parties.

**You must sign and date the proof of service form. By signing, you are stating under penalty of perjury that the information that you have provided on form POS-040 is true and correct.**

---



**PROOF OF SERVICE - CIVIL**
**(Proof of Service)**

LEV INVESTMENTS, LLC

POS-040(P)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| LEV INVESTMENTS, LLC VS RUVIN FEYGENBERG | 19VECV00878 |

## ATTACHMENT TO PROOF OF SERVICE - CIVIL (PERSONS SERVED)
*(This attachment is for use with form POS-040.)*
**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| **Name of Person Served**<br>*(If the person served is an attorney, the party or parties represented should also be stated.)* | **Where Served**<br>*(Provide business or residential address where service was made by personal service, mail, overnight delivery, or messenger service. For service by fax, provide fax number.)* |
|---|---|
| LEV INVESTMENTS, LLC, C/O ALEX POLOVINCHIK its agent for service of process | 8159 SANTA MONICA BLVD., STE 200, LOS ANGELES CA 90046 |
| Dmitri Lioudkovski (Managing Member) | PO Box 16646, Beverly Hill, CA 90209 |
| Timothy Krantz, Esq., | 2082 Michelson Drive, Suite 212 Irvine, California 92612 |
| John G. Burgee, Esq | 20501 Ventura Boulevard, Suite 262 Woodland Hills, California 91364 |
| James Richard Felton, Greenberg & Bass, | 16000 Ventura Blvd Ste 1000, Encino, CA 91436 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Form Approved for Optional Use
Judicial Council of California
POS-040(P) [Rev. February 1, 2017]

**ATTACHMENT TO PROOF OF SERVICE-CIVIL (PERSONS SERVED)**
**(Proof of Service)**

Page_____ of _____
*www.courts.ca.gov*

LEV INVESTMENTS, LLC

CEB® Essential
ceb.com  Forms™

1 | **JOHN G. BURGEE, ESQ. (State Bar No. 132129)**
   | **BURGEE & ABRAMOFF, P.C.**
2 | 20501 Ventura Boulevard, Suite 262
   | Woodland Hills, California  91364
3 | Tel: (818) 264-7575
   | Fax: (818) 264-7576
4 |
   | Attorneys for Defendants MICHAEL LEIZEROVITZ
5 | and SENSIBLE CONSULTING and MANAGEMENT, INC.
6 |
7 |
8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA
9 | FOR THE COUNTY OF LOS ANGELES
10 | NORTHWEST DISTRICT
11 |

| | |
|---|---|
| LEV INVESTMENTS, LLC, | CASE NO. 19VECV00878 |
| Plaintiff, | NOTICE OF HEARING ON DEMURRER; DEMURRER OF DEFENDANTS RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ AND SENSIBLE CONSULTING AND MANAGEMENT, INC. TO FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN G. BURGEE |
| v. | |
| RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ, SENSIBLE CONSULTING AND MANAGEMENT, INC., MING ZHU, LLC, and DOES 1 through 100, inclusive, | |
| Defendants. | Date: Dec. 11, 2019 Time: 8:30 a.m. Dept.: A **RES ID:** 819305287267 |

20 |     PLEASE TAKE NOTICE that Defendants RUVIN FEYGENBERG, MICHAEL

21 | LEIZEROVITZ and SENSIBLE CONSULTING AND MANAGEMENT, INC. hereby demur to

22 | the First Amended Complaint of LEV INVESTMENTS, LLC, and the demurrer has been set for

23 | hearing on December 11, 2019, at 8:30 a.m., or as soon thereafter as counsel may be heard, in

24 | Department A of the above-titled court.

25 |     This Demurrer is made pursuant to Code of Civil Procedure Section 430.10 on the

26 | grounds that, as a matter of law, the First Amended Complaint and Causes of Action asserted fail

27 | to properly plead a claim against the moving Defendants.

28 | //

1

DEMURRER TO FIRST AMENDED COMPLAINT

1    This Demurrer will be based upon the Memorandum of Points and Authorities attached

2    hereto, the Declaration of John G. Burgee attached hereto (regarding efforts to meet and confer)

3    and upon any further oral or documentary evidence that may be presented at the hearing of this

4    Demurrer.

5

6    DATED:  November 1, 2019.                    BURGEE & ABRAMOFF P.C.

7

8
                                                  By:_____/s/ John G. Burgee_____
9                                                       JOHN G. BURGEE
                                                  Attorneys for Defendants RUVIN FEYGENBERG,
10                                               MICHAEL LEIZEROVITZ and SENSIBLE
                                                  CONSULTING AND MANAGEMENT, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

DEMURRER TO FIRST AMENDED COMPLAINT

**DEMURRER**

Defendants RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ and SENSIBLE CONSULTING AND MANAGEMENT, INC. ("Sensible") demur as follows to the First Amended Complaint ("FAC") of LEV INVESTMENTS LLC:

**GENERAL DEMURRER**

1. The First Cause of Action for Breach of Implied Covenant Against Encumbrances fails to set forth facts sufficient to state a cause of action. CCP §430.10(e).

2. The Second Cause of Action for Usury fails to set forth facts sufficient to state a cause of action. CCP §430.10(e).

3. The Second Cause of Action for Usury is uncertain particularly as to the unspecified "loan agreement". CCP §430.10(f).

4. The Third Cause of Action for Quiet Title fails to set forth facts sufficient to state a cause of action. CCP §430.10(e).

5. The Third Cause of Action for Quiet Title is uncertain particularly as to the unspecified "loan agreement". CCP §430.10(f).

6. The Fourth Cause of Action for Declaratory Relief fails to set forth facts sufficient to state a cause of action. CCP §430.10(e).

7. The Fourth Cause of Action for Declaratory Relief is uncertain particularly as to the unspecified "loan agreement". CCP §430.10(f).

WHEREFORE, Defendants respectfully requests that this Demurrer to the First Amended Complaint be sustained.


DATED: November 1, 2019.                    BURGEE & ABRAMOFF P.C.


                                            By:____/s/ John G. Burgee_____
                                               JOHN G. BURGEE
                                            Attorneys for Defendants RUVIN FEYGENBERG,
                                            MICHAEL LEIZEROVITZ and SENSIBLE
                                            CONSULTING AND MANAGEMENT, INC.

3

DEMURRER TO FIRST AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

Although the Court provided a detailed ruling on the Demurrer to the Complaint in this action, Plaintiff has not addressed the issues which were the grounds for the Court's sustaining of the prior Demurrer.  This is simply because Plaintiff cannot fix the defects to the pleading without wholly inventing facts or alleging facts that undermine its claims.

Plaintiff still frames its pleading in vague and conclusory terms rather than present the entire history of the parties dealings with respect to the subject property.  One of Plaintiff's chief complaints is a judgment lien attached to the property for which Plaintiff seeks relief based upon the execution of a Grant Deed.  Interestingly, Plaintiff was also a grantor executing the Grant Deed and half owner of the property subject to the encumbrance before the Grant Deed was executed.  Plaintiff is not some third party buyer with no prior relationship to the property.  Nonetheless, Plaintiff makes no effort to explain why it was also a grantor, and, more importantly, why the Grant Deed states that no consideration was provided for the transfer of the half-interest in the property.

Similarly, Plaintiff's other principal complaint relates to an allegedly usurious loan.  However, again, Plaintiff provides virtually no details concerning the loan.  There is no information as to when the loan was made.  The allegations as to the parties to the loan are inconsistent and conflicting.  No information as to any of the terms of the loan are provided except for the conclusory allegation that the loan is supposedly usurious.  In fact, there is no allegation as to whether the loan agreement is written or oral.  There is also no allegation that any interest or other payment has been made on the loan.

Based upon the substantial pleading deficiencies and lack of factual allegations, the Court sustained the previous demurrer to Plaintiff's pleading.  The amended pleading does little to provide additional information and just adds more vague and conclusory allegations.  As such, the FAC still fails to allege viable causes of action.  This Demurrer should be sustained and leave to amend denied where Plaintiff has made no progress in alleging facts to support its claims.

DEMURRER TO FIRST AMENDED COMPLAINT

1    Plaintiff's claims regarding the purported cloud caused by the Abstract has nothing to do

2  with either Movant.  Moreover, the claims asserted by Plaintiff with regard to the Abstract are

3  legally deficient.  The usury claim is without factual support.  Despite meet and confer efforts,

4  Plaintiff refuses to withdraw unsupported causes of action or amend the Complaint.  As a result,

5  Movants have brought this Demurrer which should be sustained by the Court.

6

7  **II.    DEMURRER STANDARDS.**

8    A complaint, must contain statements of facts constituting a cause of action.  CCP §

9  425.10.  The pleading party must allege facts that show he is entitled to relief as a matter of law.

10  *Hill v. Miller* (1966) 64 Cal.2d 757, 759.  A general demurrer is proper when the complaint fails

11  to state facts constituting a cause of action. CCP § 430.10(e).  On a demurrer, the material facts

12  properly pled are deemed admitted, but not contentions, deductions or conclusions of fact or law.

13  *Countrywide Home Loans, Inc. v. Superior Court* (1999) 69 Cal.App.4th 785, 791.  Conclusory

14  allegations therefore will not sustain a cause of action.  Further, all doubts as to whether a cause

15  of action is pleaded sufficiently are to be resolved **against the pleader,** as it is presumed that it

16  has stated its case as favorably as possible. *Richmond Redevelopment Agency v. Western Title*

17  *Guaranty Co.* (1975) 48 Cal.App.3d 343.  The presumption on demurrer, therefore, is always

18  against the pleader.  *Id.*

19

20  **III.    THE FIRST CAUSE OF ACTION FOR BREACH OF IMPLIED COVENANT**

21        **AGAINST ENCUMBRANCES FAILS TO PLEAD A VIABLE CLAIM.**

22    Plaintiff is claiming that Leizerovitz and Feygenberg clouded title to the Property with

23  monetary obligations during the one day that they were owners thereof.  In ruling on the prior

24  demurrer, the Court found: "Plaintiff has only alleged an encumbrance that is a judgement lien as

25  to co-defendant Feygenberg.  Plaintiff fails to explain how that encumbrance was made, done or

26  suffered by demurring defendants [Leizerovitz and Sensible]."  **Plaintiff has not changed one**

27  **word of this cause of action.**  Consequently, no basis for any claim against Leizerovitz and

28  Sensible have been stated: there is no allegation that this parties caused or precipitated any lien or

DEMURRER TO FIRST AMENDED COMPLAINT

1 | encumbrance to become attached to the property.  As Plaintiff has not amended and it is therefore
2 | clear that Plaintiff has no additional facts to support this claim as to these defendant, this
3 | demurrer should be sustained without leave to amend as to Leizerovitz and Sensible.

4 |     Further, the Court previously ruled that the complaint was devoid of any allegation that
5 | value was provided to defendants in exchange for the subject Grant Deed.  As the Court held, the
6 | statutory covenant does not apply when there is no consideration for the grant deed.  *Estate of*
7 | *Porter* (1903) 138 Cal. 618, 624.  The Court found that the Grant Deed attached to the Complaint
8 | as Exhibit A indicates that no consideration was provided and that the transfer was a "gift."
9 | Although Plaintiff argued that consideration was provided, this was both outside of the facts
10 | alleged and in conflict with the Grant Deed which was part of the pleading.  The Court required
11 | amendment to provide information on the alleged consideration.

12 |     The FAC alleges that an unspecified loan is the consideration for the Grant Deed.
13 | Plaintiff's allegations are wholly vague as to the loan.  Although Plaintiff alleges that there was a
14 | loan agreement, no agreement is provided.  Nor is there any information as to when the loan was
15 | made or who were parties to the loan agreement.  This is no way to plead a contract that is central
16 | not only to this Cause of Action, but also Plaintiff's Cause of Action for Usury.  The failure to
17 | provide the loan agreement or at least details of when and who made the agreement and a
18 | summary of its terms, renders this cause of action insufficient and deficient.

19 |     Moreover, the suggestion that there was a concurrent loan creates a conflict in the
20 | allegations of the pleading which Plaintiff must address.  Either Plaintiff committed tax fraud in
21 | claiming that there was no tax due, or there really was no consideration because the loan was a
22 | pre-existing obligation.  In this regard, Plaintiff is not at all clear about when the loan was made.
23 | The only explanation that reconciles Plaintiff's claim that there was a loan and the Grant Deed's
24 | notation that there was no consideration, is that in fact the loan was pre-existing (which is what
25 | the facts will ultimately show and the reason for Plaintiff's vague and evasive pleading).

26 |     To the extent that the logical conclusion is that the loan is a pre-existing obligation, the
27 | execution and recording of the Deed of Trust does not provide consideration.  Rather it is simply
28 | confirming an existing obligation.  There is thus no consideration provided by Plaintiff for the

DEMURRER TO FIRST AMENDED COMPLAINT

1    Grant Deed and this Cause of Action still fails against all parties.

2    The Court should reject Plaintiff's vague and insufficient pleading regarding the supposed

3    consideration for the Grant Deed.  When forced to provide the details regarding the loan and

4    explain why the Grant Deed states that there was no consideration for the transfer, it will confirm

5    the logical conclusion that the loan was a pre-existing obligation.  This Court should therefore

6    sustain this demurrer to this Cause of Action as to all parties.

7

8    **IV.    THE SECOND CAUSE OF ACTION FOR USURY FAILS TO PLEAD A VIABLE**

9    **CLAIM FOR RELIEF.**

10    The Court previously found that the loan that is the basis for this claim was alleged to be

11    related to the Deed of Trust which since March has been solely held by Sensible.  This cause of

12    action now alleges that Feygenberg and Leizerovitz entered into an unspecified loan agreement

13    with Plaintiff (even though elsewhere in the pleading Plaintiff only alleges a loan with

14    Feygenberg and Sensible).  As with the First Cause of Action, there are absolutely no details

15    provided as to when the loan agreement was made, who are the parties to the agreement or what

16    are its specific terms.  Again, Plaintiff does not provide any loan agreement as an exhibit or even

17    specify whether the agreement is written or oral.  The cause of action is alleged solely in

18    conclusory terms.  Such allegations are not sufficient to state a viable claim for relief.

19    *Countrywide Home Loans, Inc. v. Superior Court, supra.*

20    Further, Plaintiff fails to allege that there was any payment of usurious interest or any

21    payment whatsoever as to the loan.  Plaintiff has only alleged that there have been supposedly

22    usurious payoff demands since March 2019.  Plaintiff does not specify who made the alleged

23    payoff demands, but, as shown by the exhibits to the FAC, only Sensible has been a holder of the

24    Deed of Trust since March 2019.  As such, only Sensible would be a possible party to this claim.

25    In this regard, relief would only be appropriate against Sensible.  The remedy for a

26    usurious loan is to void all interest.  *Gibbo v. Berger* (2004) 123 Cal.App.4th 396, 403.  As no

27    interest has been paid, this would be a prospective remedy as to Sensible only (if there were any

28    merit to this claim, which there is not).  The Civil Code also provides for disgorging interest paid

7

DEMURRER TO FIRST AMENDED COMPLAINT

and treble damages but that is limited to interest actually paid.  Civil Code §§ 1916-2 and 1916-3.  Here, there is no allegation that anything has been paid.  There is thus no basis to seek any recovery of money or penalties.  As the only remedy available based upon the allegations of the FAC is prospective and the only holder of the loan is Sensible, there is no claim stated against Feygenberg or Leizerovitz.  This Demurrer should be sustained and leave to amend denied as to the individual defendants.

## V.      THE THIRD CAUSE OF ACTION FOR QUIET TITLE FAILS TO PLEAD A VIABLE CLAIM FOR RELIEF.

Quiet title is a statutory form of action.  The required elements of a claim for quiet title as set forth in Code of Civil Procedure Section 761.020.  One of the required elements is a statement of "the adverse claims to the title of the plaintiff against which a determination is sought."  CCP § 761.020.  In ruling on the Demurrer to the prior pleading, the Court agreed that the allegation of an adverse claim was not stated except as to Ming Zhu.  Plaintiff has now amended to allege that is seeks to quiet title based upon a lien referencing the Deed of Trust attached to the Complaint.

Based upon the documents attached to the FAC, the Deed of Trust is solely held by Sensible at this point.  There is thus no allegation showing that either Leizerovitz or Feygenberg assert an adverse or any interest in the property.  This Demurrer therefore should be sustained as to these parties without leave to amend.

With respect to Sensible, "[a] borrower may not . . . quiet title against a secured lender without first paying the outstanding debt on which the . . . deed of trust is based."  *Lueras v. BAC Homes Loans Servicing, LP* (2013) 221 Cal. App. 4th 49, 86.  The loan underlying Sensible's interest has not been paid nor are there any allegations that support extinguishing the Deed of Trust.  There is not even any allegation that Plaintiff even made any offer or tender of payment.  Plaintiff has thereby failed to state a viable claim for quiet title against Sensible.  This Demurrer should be sustained without leave to amend.

DEMURRER TO FIRST AMENDED COMPLAINT

## VI.   THE FOURTH CAUSE OF ACTION FOR DECLARATORY RELIEF FAILS TO PLEAD A VIABLE CLAIM FOR RELIEF.

Simply alleging that there is a controversy between the parties is not sufficient to support a claim for declaratory relief. *Alturas v. Gloster* (1940) 16 Cal.2d 46, 48.  A complaint must include an allegation of facts that support grounds for relief. *Id.*  Here, the FAC essentially relies upon the same allegations as proffered for the quiet title and usury claims, seeking the same relief.  As such allegations were insufficient to state a claim for relief under either of those legal theories, they also are inadequate to state a claim for declaratory relief. *Faunce v. Cate* (2013) 222 Cal.App.4th 166, 173.  The declaratory relief claim is therefore not viable.

Moreover, even if viable claims were stated under the prior causes of action, the declaratory relief claim would be duplicative of the prior causes of action and superfluous.  The Court of Appeal has said:

> We believe a comment is in order about the declaratory relief cause of action itself.   The issues invoked in that cause of action already were fully engaged by other causes of action.   Because they were, declaratory relief was unnecessary and superfluous.  (See 5 Witkin, Cal.Procedure (3d ed. 1985) Pleading, § 800, p. 243; *California Ins. Guarantee Assn. v. Superior Court* (1991) 231 Cal.App.3d 1617, 1623, 283 Cal.Rptr. 104.)  "The declaratory relief statute should not be used for the purpose of anticipating and determining an issue which can be determined in the main action.   The object of the statute is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues."  (*General of America Ins. Co. v. Lilly* (1968) 258 Cal.App.2d 465, 470, 65 Cal.Rptr. 750; *California Ins. Guarantee Assn. v. Superior Court, supra,* 231 Cal.App.3d at p. 1624, 283 Cal.Rptr. 104; and see *Regan Roofing Co. v. Superior Court, supra,* 24 Cal.App.4th 425, 29 Cal.Rptr.2d 413.)

*Hood v. United Chambers Administrators Inc*. (1995) 33 Cal.App.4th 321, 324.

//

9

1    Any controversy as to alleged usury is address in the usury cause of action (which only

2    pertains to Sensible as the sole holder of the subject Deed of Trust and beneficiary of the loan).

3    There is thus no basis for a second cause of action against any party related to alleged usury.

4    Any controversy as to the Ming Zhu judgment only pertains to Ming Zhu and

5    Feygenberg.  That judgment has no connection to either Leizerovitz or Sensible.  Moreover, this

6    is addressed in the quiet title cause of action.

7

8    **VII.    CONCLUSION.**

9    Based upon the foregoing, the Court should sustain this Demurrer and deny to amend as

10   to claims Plaintiff has shown an inability to support.

11

12   DATED: November 1, 2019.                    BURGEE & ABRAMOFF P.C.

13

14                                                 By:_____/s/ John G. Burgee_____
                                                        JOHN G. BURGEE
15                                                 Attorneys for Defendants RUVIN FEYGENBERG,
                                                   MICHAEL LEIZEROVITZ and SENSIBLE
16                                                 CONSULTING AND MANAGEMENT, INC.

17

18

19

20

21

22

23

24

25

26

27

28

DEMURRER TO FIRST AMENDED COMPLAINT

**DECLARATION OF JOHN G. BURGEE**

I, JOHN G. BURGEE declare:

1.      I am an attorney at law duly qualified before the Courts of the State of California. I have personal knowledge of the facts stated herein and if called upon to testify, I can and will competently testify thereto.

2.      This declaration is made in compliance with Code of Civil Procedure Section 430.41.

3.      On October 28, 2019, I sent Plaintiff's counsel an email outlining the objections to the First Amended Complaint which form the basis of this Demurrer.   A true and correct copy of my email to Plaintiff's counsel is attached hereto as Exhibit A.   Plaintiff's counsel's response is that he is withdrawing as counsel for Plaintiff.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on November 1, 2019, at Woodland Hills, California.



_____/s/ John G. Burgee_____
                JOHN G. BURGEE

11

Exhibit A

## John G. Burgee

| | |
|---|---|
| **From:** | "John G. Burgee" <jburgee@bandalaw.net> |
| **Date:** | Monday, October 28, 2019 10:39 AM |
| **To:** | <thomas@thesandslawgroup.com> |
| **Subject:** | Re: Lev Investments v Feygenberg |

The First Amended Complaint that you filed does not address any of the issues which would the basis of the Court's sustaining the prior demurrer.  The issues identified below and in the previous demurrer render the new pleading defective.  Among other things:

1. No facts have been alleged as to any encumbrance caused by Leizerovitz.
2. There was no consideration for the Grant Deed.
3. Lev has no damages related to the Grant Deed at this point.
4. There is no basis for quieting title against a lender.
5. There is no allegation that Leizerovitz or Feygenberg have an adverse interest in the property.
6. The current mortgage is held solely be Sensible.
7. The declaratory relief claim does not concern future rights.

The unsupported claims need to be withdrawn.  Unless you agree to do so, I will be filing a demurrer to the First Amended Complaint by the end of the week.

John G. Burgee

Burgee & Abramoff, PC
20501 Ventura Boulevard, Suite 262
Woodland Hills, California 91364
T: (818) 264-7575
F: (818) 264-7576

**From:** John G. Burgee
**Sent:** Monday, July 22, 2019 2:28 PM
**To:** thomas@thesandslawgroup.com
**Subject:** Lev Investments v Feygenberg

I am counsel for Defendants Feygenberg, Leizerovitz and Sensible Consulting and Management, Inc.  I am requesting that we set a time to meet and confer regarding defects in the claims alleged in the Complaint pursuant to CCP 430.41.

The  defects in the Complaint are as follows:

**First Cause of Action – Breach of Implied Covenants**

There are two general defects with respect to the first cause of action which render it fatally defective:

First, the statutory covenant does not apply when there is no consideration for the grant deed.  Estate of Porter (1903) 138 Cal. 618, 624.  The Grant Deed attached to the Complaint as Exhibit A indicates that no consideration was provided and that the transfer was a gift.

Second, the claim does not allege that any actual damages have been incurred through the payment of any encumbrance.  There is no basis to seek relief under this statute until actual damages are sustained.  *Wright v. Boggess* (1914) 24 Cal.App. 533, 535-36.

There is a further third defect as to Defendant Leizerovitz in that there is no allegation of any encumbrance that he caused to be attached to the property.  There are thus no facts pled that he has any liability under this cause of action.

**Second Cause of Action – Quiet Title**

The quiet title cause of action does not disclose what adverse interest in title Defendants are allegedly claiming with respect to the property. The only allegation of an adverse interest is the Ming Zhu judgment. However, there is no information as to what alleged interest in the property is claimed by the other defendants. The cause of action is factually insufficient. CCP 761.020.

In this regard, neither Defendant Feygenberg nor Defendant Leizerovitz claim any interest in the property at this time. There is no merit to including these Defendants in this cause of action.

Defendant Sensible does have an security interest in the property pursuant to a Deed of Trust. However, "[a] borrower may not . . . quiet title against a secured lender without first paying the outstanding debt on which the . . . deed of trust is based." Lueras v. BAC Homes Loans Servicing, LP (2013) 221 Cal. App. 4th 49, 86. The loan underlying Sensible's interest has not been paid nor are there any allegations that support extinguishing the Deed of Trust. There is thus no basis to pursue quiet title against Sensible.

### Third Cause of Action – Usury

The exhibits to the Complaint show that only Defendants Feygenberg and Sensible were beneficiaries of the subject Deed of Trust when it was recorded. Further, Feygenberg assigned his interest in the Deed of Trust to Sensible on March 29, 2019. All of the payoff demands were made thereafter and consequently were only made by Sensible. Your inclusion of other Defendants in the usury cause of action is unsupported and the pleading of that claim without identifying the actual Defendant making the demand renders the cause of action vague and factually deficient.

### Fourth Cause of Action – Declaratory Relief

Simply alleging that there is a controversy between the parties is not sufficient to support a claim for declaratory relief. Alturas v. Gloster (1940) 16 Cal. 2d 46, 48. A complaint must include an allegation of facts that support grounds for relief. Id. Here, the Complaint essentially relies upon the same allegations as proffered for the quiet title and usury claims, seeking the same relief. As such allegations were insufficient to state a claim for relief under those legal theories, they also are inadequate to state a claim for declaratory relief. Faunce v. Cate (2013) 222 Cal.App.4th 166, 173.

### Summary

None of the claims alleged in the Complaint are legally viable as pled and some are not legally supported. Pursuant to CCP 430.41 your client is required to provide "legal support for its position that the pleading is legally sufficient or, in the alternative, how the complaint, cross-complaint, or answer could be amended to cure any legal insufficiency." After you provide me with your position, I am available most afternoons to discuss if necessary.

Thank you.


John G. Burgee

Burgee & Abramoff, PC
20501 Ventura Boulevard, Suite 262
Woodland Hills, California 91364
T: (818) 264-7575
F: (818) 264-7576

11/1/2019

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 20501 Ventura Boulevard, Woodland Hills, California 91364.

On November 1, 2019, I served the foregoing document described as: NOTICE OF HEARING ON DEMURRER; DEMURRER OF DEFENDANTS RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ AND SENSIBLE CONSULTING AND MANAGEMENT, INC.TO FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN G. BURGEE on the interested parties in this action:

/X/ by placing /_/ the original /X/ a true copy thereof enclosed in sealed envelopes addressed as follows:

Thomas D. Sands, Esq.     Timothy Krantz, Esq.
The Sands Law Group, APLC   Law Office of Timothy Krantz
205 S. Broadway, Suite 903    2082 Michelson Drive, Suite 212
Los Angeles, California 90012   Irvine, California 92612

[X] BY MAIL

  [X] As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **(BY PERSONAL SERVICE) I delivered such envelope by hand to the office/home of the addressee.

Executed November 1, 2019, at Woodland Hills, California.

/X/ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

 John Burgee        /s/ John G. Burgee
Type or Print Name      Signature

DEMURRER TO FIRST AMENDED COMPLAINT

# Journal Technologies Court Portal

# Make a Reservation

## LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.

Case Number: 19VECV00878    Case Type: Civil Unlimited    Category: Other Real Property (not eminent domain, landlord/tenant, foreclosure)
Date Filed: 2019-06-20   Location: Van Nuys Courthouse East - Department A

## Reservation

Case Name:
LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.

Case Number:
19VECV00878

Type:
Demurrer - with Motion to Strike (CCP 430.10)

Status:
RESERVED

Filing Party:
Michael Leizerovitz (Defendant)

Location:
Van Nuys Courthouse East - Department A

Date/Time:
12/11/2019 8:30 AM

Number of Motions:
1

Reservation ID:
819305287267

Confirmation Code:
CR-KRQGPTQVSCURUUUPU

## Fees

| Description | Fee | Qty | Amount |
| --- | --- | --- | --- |
| Demurrer - with Motion to Strike (CCP 430.10) | 120.00 | 1 | 120.00 |
| Credit Card Percentage Fee (2.75%) | 3.30 | 1 | 3.30 |
| TOTAL | | | $123.30 |

## Payment

Amount:
$123.30

Type:
Visa

Account Number:
XXXX1250

Authorization:
05322D

🖶 Print Receipt       ➕ Reserve Another Hearing

---

Copyright © Journal Technologies, USA. All rights reserved.

1    **JOHN G. BURGEE, ESQ. (State Bar No. 132129)**
**BURGEE & ABRAMOFF, P.C.**
2    20501 Ventura Boulevard, Suite 262
Woodland Hills, California  91364
3    Tel: (818) 264-7575
Fax: (818) 264-7576
4
Attorneys for Defendants MICHAEL LEIZEROVITZ
5    and SENSIBLE CONSULTING and MANAGEMENT, INC.

6

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF LOS ANGELES

10                          NORTHWEST DISTRICT

11

12   LEV INVESTMENTS, LLC,                    )  CASE NO. 19VECV00878
                                             )
13                  Plaintiff,               )  NOTICE OF MOTION AND MOTION OF
                                             )  DEFENDANTS RUVIN FEYGENBERG,
14        v.                                 )  MICHAEL LEIZEROVITZ AND SENSIBLE
                                             )  CONSULTING AND MANAGEMENT, INC. TO
15   RUVIN FEYGENBERG, MICHAEL              )  STRIKE PORTIONS OF FIRST AMENDED
     LEIZEROVITZ, SENSIBLE                   )  COMPLAINT; MEMORANDUM OF POINTS
16   CONSULTING AND MANAGEMENT,             )  AND AUTHORITIES; DECLARATION OF
     INC., MING ZHU, LLC, and DOES 1        )  JOHN G. BURGEE
17   through 100, inclusive,                )
                                             )  Date: Dec. 11, 2019
18                  Defendants.             )  Time: 8:30 a.m.
                                             )  Dept.: A
19   _____       )  **RES ID:** 819305287267

20        TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:

21        PLEASE TAKE NOTICE that on December 11, 2019, at 8:30 a.m., or as soon thereafter

22   as counsel may be heard, in Department A of the above-titled court, Defendants RUVIN

23   FEYGENBERG, MICHAEL LEIZEROVITZ and SENSIBLE CONSULTING AND

24   MANAGEMENT, INC. will move the Court to strike the following portions of the Complaint:

25        1.        Page 3, lines 10-21, paragraph 10 in its entirety as immaterial and unsupported

26   *alter ego* allegations:

27            "10.    There exists, and at all times herein mentioned there existed, a

28   unity of interest and ownership between Defendants Leizerovitz and Sensible

                                         1

─────────────────────────────────────────────────────────────

          MOTION TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT

Consulting, such that any individuality and separateness between these defendants have ceased, and Sensible Consulting is the *alter ego* of Defendant Leizerovitz. On information and belief, Sensible Consulting is, and at all times herein mentioned was, a mere shell and sham without capital, assets, stock and/or stockholders. Sensible Consulting was conceived, intended and used by Defendant Leizerovitz as a device to avoid individual liability and for the purpose of substituting a financially insolvent corporation in the place of Defendant Leizerovitz. On information and belief, Defendant Sensible Consulting is, and at all times herein mentioned was, so inadequately capitalized that, compared with the business to be done by the defendant and the risks of loss, its capitalization was illusory or trifling. Adherence to the fiction of the separate existence of Sensible Consulting would permit an abuse of the corporate privilege and would sanction fraud and promote injustice."

2.    Page 9, lines 5-6 as unsupported request for treble damages:

"For the assessment of treble damages against Defendants, and each of them, in the sum according to proof, but not less than $355,000;"

3.    Page 9, line 16 to page 10, line 5, as unsupported relief:

"For a judgment that Plaintiff's title is fee simple, free of any liens;

"For a judgment declaring the validity of the judgment evidenced by the Abstract;

"For a judgment declaring that Plaintiff does not owe the judgment evidenced by the Abstract;

"For a judgment compelling Defendants, and each of them, to offset the payment of the judgment evidenced by the Abstract and taxes from what is owed to Defendants, and each of them, by Plaintiff;

"For a permanent injunction, enjoining Defendants, and each of them, and their agents, servants and employees, and all persons acting under, in concert with, or for them from seeking repayment of the judgment evidenced by the Abstract

MOTION TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT

1    from Plaintiff and from seeking usurious interest;

2         "For a permanent injunction, enjoying Defendants, and each of them, and

3    their agents, servants and employees, and all persons acting under, in concert with,

4    or for them to offset the amount due at payoff from the principal loan amount;

5         "For damages in the sum of $655,000, plus damages in such further sums

6    as may be sustained and as arc ascertainable before final judgment in this action."

7    The motion to strike will be made pursuant to <u>Code of Civil Procedure</u> Sections 435 and

8    436 on grounds that the identified portions of the Complaint are not drawn in conformance with

9    law, are irrelevant, false and improper, and seek relief that is not supported by law including

10   punitive damages and attorneys fees.

11   This Motion will be based on this Notice, the attached Memorandum of Points and

12   Authorities, the Declaration of John G. Burgee attached hereto (regarding efforts to meet and

13   confer), the records and files herein and on such oral and documentary evidence as may be

14   presented at the hearing of this Motion.

15

16   DATED: November 1, 2019.          BURGEE & ABRAMOFF P.C.

17

18                                     By:_____/s/ John G. Burgee_____
                                           JOHN G. BURGEE
19                                     Attorneys for Defendants RUVIN FEYGENBERG,
                                       MICHAEL LEIZEROVITZ and SENSIBLE
20                                     CONSULTING AND MANAGEMENT, INC.

21

22

23

24

25

26

27

28

3

MOTION TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

This action is based upon (1) a judgment lien that attached to the subject property, and (2) alleged usurious interest that has not been paid but is supposedly required by a nebulous and unspecified loan agreement.  In amending the complaint after demurrer, Plaintiff has added and included allegations and claims for relief in the First Amended Complaint ("FAC") that are improper and unsupported.  These include:

1.    *Alter ego* allegations that are alleged on information and belief in conclusory terms, and that fail to meet the pleading requirements for *alter ego* liability;

2.    An unsupported claim for treble damages for usury where no interest or any other payment was made on the vaguely referenced and unspecified loan;

3.    Claims for injunctions in connection with Plaintiff's declaratory relief claim which are neither pled nor supported in the pleading; and

4.    A claim for monetary damages in connection with Plaintiff's declaratory relief claim which is, of course, wholly inappropriate.

Defendants therefore seek to strike the improper allegations from the FAC as set forth in the Notice of this Motion.

## II.    THE COURT SHOULD STRIKE THE IRRELEVANT AND IMPROPER ALLEGATIONS FROM THE COMPLAINT.

Code of Civil Procedure Section 435 provides:

"(b)(1)  Any party, within the time allowed to respond to a pleading, may serve and file a notice of motion to strike the whole or any part thereof."

Code of Civil Procedure Section 436 provides:

"The court may, upon a motion made pursuant to Section 435, or at any time in its discretion, and upon terms it deems proper:

//

4

1    "(a)    Strike out any irrelevant, false, or improper matter inserted

2    in any pleading.

3    "(b)    Strike out all or any part of a pleading that is not drawn or

4    filed in conformity with the laws of this state, ..."

5    Code of Civil Procedure Section 431.10 states in subsection (c) that "irrelevant matter"

6    and "immaterial allegation" are synonymous, and defines the term "immaterial allegation" as

7    follows:

8    "(b)    An immaterial allegation in a pleading is any of the following:

9    "(1) An allegation that is not essential to the statement of a claim or

10    defense.

11    "(2) An allegation that is neither pertinent to nor supported by an

12    otherwise sufficient claim or defense.

13    "(3)    A demand for judgment requesting relief not supported by

14    the allegations of the complaint or cross-complaint."

15    The Court should strike all of the irrelevant and improper matters contained in the

16    Complaint as well as the claims not drawn in conformance with California law which are

17    delineated in the Notice of this Motion.

18

19    **A.____The Court Should Strike the *Alter Ego* Allegations as Irrelevant, Improper**

20    **and Immaterial Allegations.**

21    "Ordinarily, a corporation is regarded as a legal entity, separate and distinct from

22    its stockholders, officers and directors, with separate and distinct liabilities and

23    obligations. [Citations.]" (*Sonora Diamond Corp. v. Superior Court* (2000) 83

24    Cal.App.4th 523, 538 ( Sonora Diamond).) "[T]he corporate form will be

25    disregarded only in narrowly defined circumstances and only when the ends of

26    justice so require." (*Mesler v. Bragg Management Co., supra*, 39 Cal.3d at p.

27    301.) Before a corporation's obligations can be recognized as those of a particular

28    person, the requisite unity of interest and inequitable result must be shown.

MOTION TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT

1    (*Arnold v. Browne* (1972) 27 Cal.App.3d 386, 394, disapproved on other grounds

2    in *Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 129.)

3   *Leek v. Cooper* (2011) 194 Cal.App.4th 399, 411.

4         Plaintiff only alleges in conclusory statements asserted on information and belief that

5   Sensible has the attributes of an *alter ego* of Defendant Leizerovitz.  This is not legally sufficient.

6   "To recover on an alter ego theory, a plaintiff ... must allege sufficient facts to show a unity of

7   interest and ownership, and an unjust result if the corporation is treated as the sole actor. (*Vasey*

8   *v. California Dance Co.* (1977) 70 Cal.App.3d 742, 749 ...)"  *Leek v. Cooper, supra,* 194

9   Cal.App.4th at p. 415.  This is not only a matter of ultimately proof; the Court of Appeal was

10  clear that a plaintiff must allege sufficient facts that would establish *alter ego* liability at the

11  pleadings stage.  *Id*. at 412. "When the court is asked to take some action upon an alter ego

12  theory at the pleadings stage," the plaintiff must have alleged sufficient facts to fulfill the two

13  elements stated above in order for an such a claim to survive.  *ld*. at 415.

14        "Purported alter ego allegations held insufficient where all that is alleged is that

15        stockholders, who are not parties to the agreement sued upon, owned the stock of

16        the corporate co-party and no allegations of insolvency of corporate co-party and

17        no allegations of facts from which it appears that justice cannot otherwise be

18        accomplished except by piercing the corporate veil.  The court will not disregard

19        the corporate entity unless it is necessary in order prevent fraud or injustice.  Mere

20        ownership of all of the stock and control and management of the corporation by

21        one or two individuals is not itself sufficient to cause the court to disregard the

22        corporate entity."

23  *Norris Really Co., Inc. v. Consolidated Abstract h Title Guarantee Co.* (1947) 80 Cal.App.2d

24  879, 883.

25        The bare allegations of *alter ego* attributes contained in the FAC are insufficient to meet

26  the requirements established by the decisional authorities.  These allegations are thus immaterial

27  and irrelevant as they do not support any claim for relief.

28  //

MOTION TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT

1   Moreover, there are absolutely no factual allegations that there would injustice or

2   fraud from failing to disregard Sensible as an independent corporate entity. The Court of

3   Appeal held that the failure to allege conduct amounting to bad faith that makes it

4   inequitable to hide behind the corporate form. *Leek v. Cooper, supra,* 194 Cal.App.4th at

5   p. 418. There are no such allegations at all in the FAC. On the contrary, the pleading

6   shows that Sensible is the holder of a $1.2 million Deed of Trust on the subject property.

7   The relief sought in the claims stated is to deny Sensible interest on the loan. There is

8   clearly no justification in this context for pursuing *alter ego* liability. The Court should

9   strike the *alter ego* allegations from the FAC.

10

11   **B.____The Court Should Strike the Claim for Treble Damages as an**

12   **Improper and Unsupported Claim for Relief.**

13   Although the usury Cause of Action only alleges that Plaintiff seeks a declaration

14   that the interest sought by the unspecified loan agreement be voided (which Defendants

15   dispute), in the prayer Plaintiff claims an entitlement to treble damages. Treble damages

16   are awardable on a usurious loan *only* for interest actually paid. Civil Code Sectoin 1916-

17   3; *Liebelt v. Carney* (1931) 213 Cal. 250, 255 ["section 3, by its terms, limits the suit for

18   penalties to a debtor who has paid, against the party who is entitled to receive and does

19   actually receive the payment from him"]. Here there is no allegation that any interest was

20   paid or that any defendant received payment of usurious interest. As such, there is no

21   basis for treble damages which therefore seeks relief that is unsupported by the allegations

22   of the FAC. The claim for treble damages should be stricken.

23

24   **C.____The Court Should Strike the Claims for Injunctions and Monetary**

25   **Damages with Respect to the Declaratory Relief Cause of Action as**

26   **Improper and Unsupported Claims for Relief.**

27   In the Prayer to the FAC, Plaintiff seeks a laundry list of relief. None of the relief

28   sought is appropriate or supported.

MOTION TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT

1.  Plaintiff seeks judicial declarations regarding the unspecified loan.  However, as discussed in the accompanying Demurrer, any dispute regarding interest on the loan is not appropriately part of the declaratory relief claim since it is plead in connection with the usury claim.

2.  Plaintiff seeks a judicial declaration regarding title to the property.  However, this is already the subject of the quiet title claim and therefore not properly included in the declaratory relief claim.  Also, the declaratory relief claim does not contain allegations that would support relief that is essentially quieting title.

3.  Plaintiff seeks a number of injunctions regarding the Ming Zhu judgment.  However, the allegations of the declaratory relief claim do not support injunctive relief.  Among other things, there is no showing of irreparable injury.  Also, as discussed in the Demurrer, the claims regarding the Ming Zhu judgment are unsupported.

4.  Finally, Plaintiff seeks monetary damages.  Such an award is wholly inappropriate and unsupported in connection with a declaratory relief cause of action.  The only remedy supported by declaratory relief is a declaration of rights, not an award of damages.

The Court should therefore strike all of the inappropriate and unsupported claims for relief in the prayer related to the declaratory relief cause of action.

## III.    CONCLUSION.

Based upon the foregoing, the Court is respectfully requested to grant this Motion and strike the claims and allegations as set forth in the Notice of this Motion.

DATED: November 1, 2019.                    BURGEE & ABRAMOFF P.C.


                                            By:_____/s/ John G. Burgee_____
                                               JOHN G. BURGEE
                                            Attorneys for Defendants RUVIN
                                            FEYGENBERG, MICHAEL LEIZEROVITZ
                                            and SENSIBLE CONSULTING AND
                                            MANAGEMENT, INC.

MOTION TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT

# DECLARATION OF JOHN G. BURGEE

I, JOHN G. BURGEE declare:

1.      I am an attorney at law duly qualified before the Courts of the State of California.  I have personal knowledge of the facts stated herein and if called upon to testify, I can and will competently testify thereto.

2.      This declaration is made in compliance with Code of Civil Procedure Section 435.5.

3.      On October 28, 2019, I sent Plaintiff's counsel an email outlining the objections to the First Amended Complaint which form the basis of this Motion.   A true and correct copy of my email to Plaintiff's counsel is attached hereto as Exhibit A. Plaintiff's counsel's response is that he is withdrawing as counsel for Plaintiff.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on November 1, 2019, at Woodland Hills, California.


                              /s/ John G. Burgee
                              JOHN G. BURGEE

MOTION TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT

Exhibit A

## John G. Burgee

| | |
|---|---|
| **From:** | "John G. Burgee" <jburgee@bandalaw.net> |
| **Date:** | Wednesday, October 30, 2019 5:25 PM |
| **To:** | <thomas@thesandslawgroup.com> |
| **Subject:** | Re: Lev Investments v Feygenberg |

In addition to the failure to state proper causes of action, the new pleading also contains improper allegations.

1.  The alter ego allegations are improper as there are insufficient facts pled to establish an alter ego relationship or to show that there would be an unjust result without the application of alter ego liability.  Sensible is the holder of a Deed of Trust securing an interest in the subject property in excess of $1,000,000.  Where is the need for alter ego liability?

2.  Treble damages are not supported since there is no allegation of the payment of interest.  See Civil Code § 1916-3.

3.  The Fourth Cause of Action is for Declaratory Relief.  As such, only a declaration of rights is appropriate and none of the relief demanded is supported.

Please let me know if you will agree to strike the portions of the complaint.  Otherwise, I will move to strike.

John G. Burgee

Burgee & Abramoff, PC
20501 Ventura Boulevard, Suite 262
Woodland Hills, California 91364
T: (818) 264-7575
F: (818) 264-7576

**From:** John G. Burgee
**Sent:** Monday, October 28, 2019 10:39 AM
**To:** thomas@thesandslawgroup.com
**Subject:** Re: Lev Investments v Feygenberg

The First Amended Complaint that you filed does not address any of the issues which would the basis of the Court's sustaining the prior demurrer.  The issues identified below and in the previous demurrer render the new pleading defective.  Among other things:

1.  No facts have been alleged as to any encumbrance caused by Leizerovitz.
2.  There was no consideration for the Grant Deed.
3.  Lev has no damages related to the Grant Deed at this point.
4.  There is no basis for quieting title against a lender.
5.  There is no allegation that Leizerovitz or Feygenberg have an adverse interest in the property.
6.  The current mortgage is held solely be Sensible.
7.  The declaratory relief claim does not concern future rights.

The unsupported claims need to be withdrawn.  Unless you agree to do so, I will be filing a demurrer to the First Amended Complaint by the end of the week.

John G. Burgee

Burgee & Abramoff, PC
20501 Ventura Boulevard, Suite 262
Woodland Hills, California 91364
T: (818) 264-7575
F: (818) 264-7576

11/1/2019

**From:** John G. Burgee
**Sent:** Monday, July 22, 2019 2:28 PM
**To:** thomas@thesandslawgroup.com
**Subject:** Lev Investments v Feygenberg

I am counsel for Defendants Feygenberg, Leizerovitz and Sensible Consulting and Management, Inc.  I am requesting that we set a time to meet and confer regarding defects in the claims alleged in the Complaint pursuant to CCP 430.41.

The  defects in the Complaint are as follows:

**First Cause of Action – Breach of Implied Covenants**

There are two general defects with respect to the first cause of action which render it fatally defective:

First, the statutory covenant does not apply when there is no consideration for the grant deed.  Estate of Porter (1903) 138 Cal. 618, 624.  The Grant Deed attached to the Complaint as Exhibit A indicates that no consideration was provided and that the transfer was a gift.

Second, the claim does not allege that any actual damages have been incurred through the payment of any encumbrance.  There is no basis to seek relief under this statute until actual damages are sustained.  *Wright v. Boggess* (1914) 24 Cal.App. 533, 535-36.

There is a further third defect as to Defendant Leizerovitz in that there is no allegation of any encumbrance that he caused to be attached to the property.  There are thus no facts pled that he has any liability under this cause of action.

**Second Cause of Action – Quiet Title**

The quiet title cause of action does not disclose what adverse interest in title Defendants are allegedly claiming with respect to the property.  The only allegation of an adverse interest is the Ming Zhu judgment.  However, there is no information as to what alleged interest in the property is claimed by the other defendants.  The cause of action is factually insufficient.  CCP 761.020.

In this regard, neither Defendant Feygenberg nor Defendant Leizerovitz claim any interest in the property at this time.  There is no merit to including these Defendants in this cause of action.

Defendant Sensible does have a security interest in the property pursuant to a Deed of Trust.  However, "[a] borrower may not . . . quiet title against a secured lender without first paying the outstanding debt on which the . . . deed of trust is based."  Lueras *v. BAC Homes Loans Servicing, LP* (2013) 221 Cal. App. 4th 49, 86.  The loan underlying Sensible's interest has not been paid nor are there any allegations that support extinguishing the Deed of Trust.  There is thus no basis to pursue quiet title against Sensible.

**Third Cause of Action – Usury**

The exhibits to the Complaint show that only Defendants Feygenberg and Sensible were beneficiaries of the subject Deed of Trust when it was recorded.  Further, Feygenberg assigned his interest in the Deed of Trust to Sensible on March 29, 2019.  All of the payoff demands were made thereafter and consequently were only made by Sensible.  Your inclusion of other Defendants in the usury cause of action is unsupported and the pleading of that claim without identifying the actual Defendant making the demand renders the cause of action vague and factually deficient.

**Fourth Cause of Action – Declaratory Relief**

Simply alleging that there is a controversy between the parties is not sufficient to support a claim for declaratory relief.  Alturas *v. Gloster*  (1940) 16 Cal. 2d 46, 48.  A complaint must include an allegation of facts that support grounds for relief.  Id.  Here, the Complaint essentially relies upon the same allegations as proffered for the quiet title and usury claims, seeking the same relief.  As such allegations were insufficient to state a claim for relief under those legal theories, they also are inadequate to state a claim for declaratory relief.  *Faunce v. Cate* (2013) 222 Cal.App.4th 166, 173.

# John G. Burgee

| | |
|---|---|
| **From:** | "John G. Burgee" <jburgee@bandalaw.net> |
| **Date:** | Wednesday, October 30, 2019 5:25 PM |
| **To:** | <thomas@thesandslawgroup.com> |
| **Subject:** | Re: Lev Investments v Feygenberg |

In addition to the failure to state proper causes of action, the new pleading also contains improper allegations.

1.  The alter ego allegations are improper as there are insufficient facts pled to establish an alter ego relationship or to show that there would be an unjust result without the application of alter ego liability.  Sensible is the holder of a Deed of Trust securing an interest in the subject property in excess of $1,000,000.  Where is the need for alter ego liability?

2.  Treble damages are not supported since there is no allegation of the payment of interest.  See Civil Code § 1916-3.

3.  The Fourth Cause of Action is for Declaratory Relief.  As such, only a declaration of rights is appropriate and none of the relief demanded is supported.

Please let me know if you will agree to strike the portions of the complaint.  Otherwise, I will move to strike.

John G. Burgee

Burgee & Abramoff, PC
20501 Ventura Boulevard, Suite 262
Woodland Hills, California 91364
T: (818) 264-7575
F: (818) 264-7576

**From:** John G. Burgee
**Sent:** Monday, October 28, 2019 10:39 AM
**To:** thomas@thesandslawgroup.com
**Subject:** Re: Lev Investments v Feygenberg

The First Amended Complaint that you filed does not address any of the issues which would the basis of the Court's sustaining the prior demurrer.  The issues identified below and in the previous demurrer render the new pleading defective.  Among other things:

1.  No facts have been alleged as to any encumbrance caused by Leizerovitz.
2.  There was no consideration for the Grant Deed.
3.  Lev has no damages related to the Grant Deed at this point.
4.  There is no basis for quieting title against a lender.
5.  There is no allegation that Leizerovitz or Feygenberg have an adverse interest in the property.
6.  The current mortgage is held solely be Sensible.
7.  The declaratory relief claim does not concern future rights.

The unsupported claims need to be withdrawn.  Unless you agree to do so, I will be filing a demurrer to the First Amended Complaint by the end of the week.

John G. Burgee

Burgee & Abramoff, PC
20501 Ventura Boulevard, Suite 262
Woodland Hills, California 91364
T: (818) 264-7575
F: (818) 264-7576

11/1/2019

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 20501 Ventura Boulevard, Woodland Hills, California 91364.

     On November 1, 2019, I served the foregoing document described as: NOTICE OF MOTION AND MOTION OF  DEFENDANTS RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ AND SENSIBLE CONSULTING AND MANAGEMENT, INC. TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN G. BURGEE on the interested parties in this action:

/X/    by placing /_/ the original /X/ a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Thomas D. Sands, Esq. | Timothy Krantz, Esq. |
| The Sands Law Group, APLC | Law Office of Timothy Krantz |
| 205 S. Broadway, Suite 903 | 2082 Michelson Drive, Suite 212 |
| Los Angeles, California 90012 | Irvine, California 92612 |

[X]    BY MAIL

    [X]    As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **(BY PERSONAL SERVICE) I delivered such envelope by hand to the office/home of the addressee.

    Executed November 1, 2019, at Woodland Hills, California.

/X/    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

  John Burgee                 /s/ John G. Burgee
Type or Print Name            Signature

MOTION TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT

# Journal Technologies Court Portal

# Make a Reservation

## LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.

Case Number: 19VECV00878    Case Type: Civil Unlimited    Category: Other Real Property (not eminent domain, landlord/tenant, foreclosure)
Date Filed: 2019-06-20    Location: Van Nuys Courthouse East - Department A

## Reservation

| | |
|---|---|
| **Case Name:** | |
| LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al. | **Case Number:** 19VECV00878 |
| **Type:** Demurrer - with Motion to Strike (CCP 430.10) | **Status:** RESERVED |
| **Filing Party:** Michael Leizerovitz (Defendant) | **Location:** Van Nuys Courthouse East - Department A |
| **Date/Time:** 12/11/2019 8:30 AM | **Number of Motions:** 1 |
| **Reservation ID:** 819305287267 | **Confirmation Code:** CR-KRQGPTQVSCURUUUPU |

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Demurrer - with Motion to Strike (CCP 430.10) | 120.00 | 1 | 120.00 |
| Credit Card Percentage Fee (2.75%) | 3.30 | 1 | 3.30 |
| TOTAL | | | $123.30 |

## Payment

| | |
|---|---|
| **Amount:** $123.30 | **Type:** Visa |
| **Account Number:** XXXX1250 | **Authorization:** 05322D |

🖨 Print Receipt    ➕ Reserve Another Hearing

Copyright © Journal Technologies, USA. All rights reserved.

11/1/2019, 12:15 PM

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Northwest District, Van Nuys Courthouse East, Department A

**19VECV00878**                                                    November 22, 2019
**LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.**                 8:30 AM

Judge: Honorable Huey P. Cotton          CSR: None
Judicial Assistant: J. Szramkowski        ERM: None
Courtroom Assistant: A. Ataryan           Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Thomas D Sands (Telephonic)

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Hearing on Motion to be Relieved as Counsel

The matter is called for hearing.

Counsel submits on the courts tentative ruling.

The Court adopts its tentative ruling as the order of the court.

The Plaintiff's Motion to Be Relieved as Counsel filed by Thomas D Sands, Lev Investments, LLC on 10/28/2019 is Granted.

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
(LEAVE BLANK IF NOTICE IS BY CLERK OF THE COURT)

Thomas D Sands 279020
Thomas D Sands, APLC.
205 S Broadway Ste 500
Los Angeles, CA 90012
TELEPHONE NO.: (213) 788-4412    FAX NO.: *(Optional)* (888) 623-8382
E-MAIL ADDRESS *(Optional):* thomas@thesandslawgroup.com
ATTORNEY FOR *(Name)* LEV INVESTMENTS, LLC

*RESERVED FOR CLERK'S FILE STAMP*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
6230 Sylmar Ave
Van Nuys, CA 91401

PLAINTIFF:    LEV INVESTMENTS LLC

DEFENDANT:    Ruvin Feygenberg, Michael Leizerovitz
Ming Zhu, LLC

**NOTICE OF ENTRY OF:**    ☐ **JUDGMENT**    ☐ **DISMISSAL**
☒ **OTHER ORDER**

CASE NUMBER:
19VECV00878

To the above named parties and to their attorneys of record, you are hereby given notice of entry of:

☐ Judgment in the above-entitled matter, entered on (date):

☐ Order of Dismissal in the above-entitled matter, filed on (date):

☒ Order    Motion to Be Relieved as Counsel filed by
Thomas D Sands, Lev Investments,LLC on
10/28/2019 is Granted (minute Order attached)    , filed on (date): 11/22/2019

**DECLARATION OF MAILING**

I, (typed or printed name)  Thomas Sands, Esq.    , do hereby *(check one):*
☒ declare under penalty of perjury under the laws of the State of California that I am an active member of the State Bar of California;

☒ declare under penalty of perjury under the laws of the State of California that I am *(check one):*
☒ employed in/ ☒ a resident of  Los Angeles, CA    County,
*(where mailing occurred)*
over the age of 18 years, and not a party to the cause within; that my *(check one):* ☒ business
☐ residence address is as shown above;

and that on the date shown below I served the notice of entry of the above-named document filed and entered herein, by depositing true copies thereof in sealed envelope(s), with postage fully prepaid, in the United States Mail Service located at
Los Angeles    ,    CA
*(city)*    *(state)*
addressed to the parties named below:

See POS-40 (Persons served)
attached.

LEV INVESTMENTS, LLC, C/O ALEX
POLOVINCHIK its agent for
service of process at 8159 SANTA
MONICA BLVD., STE 200,
LOS ANGELES CA 90046

☐ Additional names and addresses on attached sheet.

Dated: 11/22/2019    Signed: _____
*(SIGNATURE OF DECLARANT)*
Typed or printed named of declarant:  Thomas D Sands, Esq.

**NOTICE OF ENTRY OF JUDGMENT/
DISMISSAL/OTHER ORDER**
Code Civ. Proc., §§ 664.5, 1013a
Cal. Rules of Court 8.104 & 8.751

LEV INVESTMENTS, LLC

POS-040(P)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| LEV INVESTMENTS, LLC VS RUVIN FEYGENBERG | 19VECV00878 |

## ATTACHMENT TO PROOF OF SERVICE - CIVIL (PERSONS SERVED)
*(This attachment is for use with form POS-040.)*
**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| **Name of Person Served**<br>*(If the person served is an attorney, the party or parties represented should also be stated.)* | **Where Served**<br>*(Provide business or residential address where service was made by personal service, mail, overnight delivery, or messenger service. For service by fax, provide fax number.)* |
|---|---|
| LEV INVESTMENTS, LLC, C/O ALEX POLOVINCHIK its agent for service of process | 8159 SANTA MONICA BLVD., STE 200, LOS ANGELES CA 90046 |
| Dmitri Lioudkovski (Managing Member) | PO Box 16646, Beverly Hill, CA 90209 |
| Timothy Krantz, Esq., | 2082 Michelson Drive, Suite 212 Irvine, California 92612 |
| John G. Burgee, Esq | 20501 Ventura Boulevard, Suite 262 Woodland Hills, California 91364 |
| James Richard Felton, Greenberg & Bass, | 16000 Ventura Blvd Ste 1000, Encino, CA 91436 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Form Approved for Optional Use
Judicial Council of California
POS-040(P) [Rev. February 1, 2017]

**ATTACHMENT TO PROOF OF SERVICE-CIVIL (PERSONS SERVED)**
**(Proof of Service)**

Page_____ of _____
*www.courts.ca.gov*

CEB® Essential
ceb.com Forms®

LEV INVESTMENTS, LLC

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Northwest District, Van Nuys Courthouse East, Department A

**19VECV00878**                                                         December 4, 2019
**LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.**                      8:30 AM

Judge: Honorable Huey P. Cotton            CSR: None
Judicial Assistant: R. Redmond             ERM: None
Courtroom Assistant: A. Ataryan            Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): John G. Burgee; Tim Krantz By Kari Morris

Other Appearance Notes: By Jeremy H. Rothstein

**NATURE OF PROCEEDINGS:** Case Management Conference

The matter is called for hearing.

Plaintiff's counsel was recently retained and requests a continuance.

Pursuant to the request of plaintiff, the Case Management Conference scheduled for 12/04/2019
is continued to 02/18/20 at 08:30 AM in Department A at Van Nuys Courthouse East.

Pursuant to the request of plaintiff, the Hearing on Demurrer - without Motion to Strike
scheduled for 12/10/2019, and Hearing on Demurrer - with Motion to Strike (CCP 430.10)
scheduled for 12/11/2019 are advanced to this date and continued to 02/18/20 at 08:30 AM in
Department A at Van Nuys Courthouse East.

Notice is waived.

MC–050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number, and address):* | FOR COURT USE ONLY |
|---|---|
| James R. Felton, Esq. (SBN: 138767)<br>G&B Law, LLP<br>16000 Ventura Blvd., Suite 1000<br>Encino, CA 91436<br>TELEPHONE NO.: (818) 382-6200   FAX NO. *(Optional):* (818) 986-6534<br>E-MAIL ADDRESS *(Optional):* jfelton@gblawllp.com<br>ATTORNEY FOR *(Name):* Plaintiff, LEV Investments, LLC | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 6230 Sylmar Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: Van Nuys, 91401
BRANCH NAME: Van Nuys Courthouse East

CASE NAME:
LEV Investments, LLC v. Ruvin Feygenberg, et. al.

| SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | CASE NUMBER:<br>19VECV00878 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name):* LEV Investments, LLC   makes the following substitution:

1. **Former legal representative**  [✓] Party represented self   [ ] Attorney *(name):*
2. **New legal representative**  [ ] Party is representing self*  [✓] Attorney
   a. Name: James R. Felton, Esq.   b. State Bar No. *(if applicable):* 138767
   c. Address *(number, street, city, ZIP, and law firm name, if applicable):*
      16000 Ventura Blvd., Suite 1000
      Encino, CA 91436
   d. Telephone No. *(include area code):* (818) 382-6200
3. The party making this substitution is a  [✓] plaintiff  [ ] defendant  [ ] petitioner  [ ] respondent  [ ] other *(specify):*

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- **Guardian**
- **Conservator**
- **Trustee**
- **Personal Representative**
- **Probate fiduciary**
- **Corporation**
- **Guardian ad litem**
- **Unincorporated association**

**If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.**

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
**A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.**

---

4. I consent to this substitution.
   Date: December 4, 2019
   LEV Investments, LLC
   _____   ▶ _____
   (TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY)

5. [ ]   I consent to this substitution.
   Date:
   _____   ▶ _____
   (TYPE OR PRINT NAME)                       (SIGNATURE OF FORMER ATTORNEY)

6. [✓]   I consent to this substitution.
   Date: December 4, 2019
   James R. Felton, Esq.
   _____   ▶ _____
   (TYPE OR PRINT NAME)                         (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)
Page 1 of 2

Form Adopted For Mandatory Use<br>Judicial Council of California<br>MC-050 [Rev. January 1, 2009]

**SUBSTITUTION OF ATTORNEY—CIVIL**
**(Without Court Order)**

Code of Civil Procedure, §§ 284(1), 285;<br>Cal. Rules of Court, rule 3.1362<br>www.courtinfo.ca.gov

MC–050

| CASE NAME: LEV Investments, LLC v. Ruvin Feygenberg, et. al. | CASE NUMBER: 19VECV00878 |
|---|---|

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An underlined copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1.  I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify):*
    16000 Ventura Blvd., Suite 1000, Encino, CA 91436

2.  I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

    (1) Date of mailing: December 4, 2019    (2) Place of mailing *(city and state):* Encino, CA

3.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 4, 2019

Nora Knadjian
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4.  a. Name of person served: John G. Burgee, Esq.
    b. Address *(number, street, city, and ZIP):*
       BURGEE & ABRAMOFF P.C.
       20501 Ventura Blvd., Suite 262, Woodland Hills, CA 91364
    c. Name of person served: Timothy Krantz, Esq.
    d. Address *(number, street, city, and ZIP):*
       LAW OFFICES OF TIMOTHY KRANTZ
       2082 Michelson Drive., Suite 212, Irvine, CA 92612

    e. Name of person served:
    f. Address *(number, street, city, and ZIP):*

    g. Name of person served:
    h. Address *(number, street, city, and ZIP):*

    i. Name of person served:
    j. Address *(number, street, city, and ZIP):*

    ☐ List of names and addresses continued in attachment.

1  JAMES R. FELTON, ESQ. (State Bar No. 138767)
   jfelton@gblawllp.com
2  JEREMY H. ROTHSTEIN, ESQ. (State Bar No. 316140)
   jrothstein@gblawllp.com
3  G&B LAW, LLP
   16000 Ventura Boulevard, Suite 1000
4  Encino, California 91436
   Tel:  (818) 382-6200 • Fax: (818) 986-6534
5
6  Attorneys for Plaintiff,
   Lev Investments, LLC
7
8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9         **FOR THE COUNTY OF LOS ANGELES, NORTHWEST DISTRICT**
10

| | |
|---|---|
| 11  LEV INVESTMENTS, LLC, | **CASE NO.:** 19VECV00878 |
| 12           Plaintiff, | UNLIMITED JURISDICTION |
| 13      vs. | **LEV INVESTMENTS, LLC'S OPPOSITION TO DEFENDANTS RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ, SENSIBLE CONSULTING AND MANAGEMENT, INC.'S (I) DEMURRER TO FIRST AMENDED COMPLAINT, AND (II) MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 14  RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ, SENSIBLE CONSULTING AND MANAGEMENT, INC., MING ZHU, LLC; and DOES 1 through 20, | |
| 15 | |
| 16           Defendants. | |
| 17 | |
| 18 | |
| 19 | **RES ID:**    819305287267 |
|  | **DATE:**    February 18, 2020 |
| 20 | **TIME:**    8:30 a.m. |
|  | **DEPT:**    A |
| 21 | **ACTION FILED:**    06/20/19 |

22       TO THIS HONORABLE COURT, DEFENDANTS, THEIR COUNSEL OF RECORD AND

23  TO ALL INTERESTED PARTIES:

24       Plaintiff Lev Investments, LLC ("Lev"), hereby opposes, in part, the Demurrer and Motion to

25  Strike filed by Ruvin Feygenberg ("Feygenberg"), Michael Leizerovitz ("Leizerovitz"), and Sensible

26  Consulting and Management, Inc. ("Sensible") (collectively, the "Lenders") to First Amended

27  Verified Complaint (the "FAC").  Lev will consent to the demurrer of Defendant Ming Zhu, LLC

28  ("Ming Zhu").

                                              1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

**A.  This Action.**

This action concerns the residential property at 13854 Albers Street, Sherman Oaks, California 91401 (the "Property").  Lev, Feygenberg and Leizerovitz conveyed the Property to Lev by grant deed executed January 31, 2019 and recorded March 22, 2019 (the "Grant Deed"). (FAC Ex. A.)  Lev also executed a Short Form Deed of Trust and Assignment of Rents (the "Deed of Trust"), which like the Grant Deed, was executed that January 31 and recorded March 22. (Compl. Ex. B.)  Feygenberg and Leizerovitz were beneficiaries under the Deed of Trust, each with a 50% undivided interest. (*Ibid.*)  Ming Zhu had recorded a $169,885.38 Abstract of Judgment against Feygenberg, which constituted a lien on the Property. (FAC ¶ 25.)  In addition, both Feygenberg and Leizerovitz owed property taxes prior to conveying their interests in the Property to Lev. (FAC ¶ 24.)

**B.  The Court sustained demurrers to Lev's initial Complaint, and Lev filed the FAC to address the Court's ruling.**

On June 20, 2019, Lev filed its initial verified complaint (the "Initial Complaint") against Feygenberg, Leizerovitz, Sensible, and Ming Zhu (the "Defendants").  The initial complaint alleged: (i) breach of implied covenant against encumbrances against Feygenberg and Leizerovitz; (ii) quiet title against all Defendants; (iii) usury against Feygenberg, Leizerovitz, and Sensible; and (iv) declaratory relief against all Defendants.  Leizerovitz, Sensible, and Ming Zhu each filed demurrers, with Feygenberg joining.

The Court sustained the demurrers on September 10, 2019 granting Lev leave to amend. Lev filed the FAC on September 27 to address the issues raised in Court's ruling. For the breach of implied covenant against encumbrances, the Court directed Lev to clarify that the Grant Deed was supported by consideration.  The Court also ruled that Lev only alleged that Feygenberg had "done, made or suffered" an encumbrance, not Leizerovitz.  The FAC clarifies that the Grant Deed was in exchange for consideration: the repayment of a loan in an amount over $1 million. (FAC ¶ 16.)  The



Deed of Trust securing that loan, Exhibit B to the FAC, further supports that allegation.  Also, the FAC alleges that Leizerovitz had unpaid property taxes, which created an encumbrance on the Property.

The FAC further alleges that Lev is charged a usurious interest rate under the loan and that the Lenders have refused to provide a payoff statement.  Thus, Lev is entitled to a declaratory judgment as to the amount of the loan, and that amount should exclude any interest.  As it appears Sensible is the only Lender with an interest in the loan or the Deed of Trust, declaratory judgment solely against Sensible will be sufficient.

All four named Defendants demurred to the FAC.  Lev consents to demurrer on all causes of action against Ming Zhu, the quiet title cause of action against all Defendants, and the usury and declaratory judgment causes of action against Feygenberg and Leizerovitz.  For the remaining causes of action, the FAC states a valid claim.

**II.**

**ARGUMENT**

**A.  <u>The Lenders fatally rely on the wrong demurrer standard.</u>**

A demurrer may only be used to challenge defects that appear on the face of the complaint or from matters that are judicially noticeable.  (*See Blank v. Kirwan* (1985) 39 Cal.3d.311, 318.)  In considering a demurrer, a court must treat the material allegations of a challenged pleading as true.  (*Roy Allan Slurry Seal, Inc. v. American Asphalt South, Inc.* (2017) 2 Cal.5th 505, 512 [213 Cal.Rptr.3d 568, 388 P.3d 800].)  "The complaint must be construed liberally by drawing reasonable inferences from the facts pleaded." (*Wilner v. Sunset Life Ins. Co.* (2000) 78 Cal.App.4th 952, 958 [93 Cal.Rptr.2d 413].)  The Court may not consider contentions, deductions or conclusions of fact or law.  (*See Blank*, 231 Cal.App.3d 318.)

The Lenders' Demurrer asserts that the presumption on demurrer should always be against the pleader, citing *Richmond Redevelopment Agency v. Western Title Guaranty Co.* (1975) 48 Cal.App.3d 343, but this misstates the demurrer standard.  *Richmond Redevelopment* does not support a general presumption against the allegations in the pleading, only that that a Court should not insert necessary allegations that are "conspicuously absent." (*Richmond Redevelopment Agency*



3

1823369.1 - 32417.0004

1   48 Cal.App.3d at 349.)  Instead, as described above, the allegations are taken as true and construed

2   liberally.  The Lenders misunderstanding of the proper standard is fatal to their Demurrer, as they

3   repeatedly ask the Court to presume that Lev's allegations are false rather than accepting them as

4   true.

5   **B.  <u>The FAC alleges that Lev provided consideration for the Grant Deed.</u>**

6   The Lenders assert that the Property was conveyed to Lev as a gift, which would mean the

7   implied covenant against encumbrances does not apply. (*Estate of Porter* (1903) 138 Cal. 618, 624.)

8   That assertion is untenable here, because it does not accept the factual allegations in the FAC as true.

9   The FAC specifically states that the consideration for the Grant Deed was the promise to repay a

10  loan of at least $1 million, which was secured by the Deed of Trust.  That is a factual allegation that

11  must be accepted at this stage.  The Lenders also claim that the Grant Deed indicates that it was a

12  gift, ignoring the language stating that the Property was granted to Lev "FOR A [sic] VALUABLE

13  CONSIDERATION." (FAC Ex. A.)  But that language cannot just be ignored, and certainly not in

14  favor of the Lenders' chosen interpretation of the Grant Deed.

15  Next, the Lenders argue that the facts will ultimately show that the loan alleged in the FAC

16  was pre-existing and thus not supported by consideration.  The Lenders' notion of a "pre-existing

17  loan" is not found in the FAC.  So, it is either a separate factual allegation or the Lenders'

18  "deduction" from the allegations in the FAC.  Either way, the notion cannot support a demurrer.

19  Also, even a pre-existing loan obligation suggests that the Grant Deed was not a gift based on love

20  and affection.  The Lenders are simply arguing their case on the merits, because the factual

21  allegations are sufficient to state a cause of action.

22  Finally, Lev does acknowledge that Leizerovitz did not suffer the Ming Zhu lien and is not

23  liable for it.  However, the FAC asserts a breach of the covenant against encumbrances against

24  Leizerovitz for failure to pay property taxes, which the Lenders' Demurrer does not address.  Thus,

25  this cause of action should survive against both Feygenberg and Leizerovitz.

26

27

28

OPPOSITION TO DEMURRER AND MOTION TO STRIKE

1823369.1 - 32417.0004



**C. The FAC alleges sufficient facts for declaratory judgment, including on the usury cause of action.**

The FAC alleges that Feygenberg and Sensible gave a loan to Lev with an interest rate equivalent to 23.00% per annum and therefore seeks a declaratory judgment that it does not owe interest, only principal.[1]  Lev also seeks a declaratory judgment as to the total amount owed under the loan, as Defendants have refused to provide an accurate payoff statement.  As it now appears Sensible is the only Lender with an interest in the loan or the Deed of Trust, declaratory judgment solely against Sensible will be sufficient.

Given that the parties disagree as to the payoff amount of the loan, there is clearly a controversy between the Lev and Sensible as to the amount owed.  While the Lenders criticize Lev for not including the loan terms, they nonetheless allege that such a loan exists.  The lack of clarity surrounding the loan suggests that discovery, not a demurrer, is appropriate here.

**D. Response to Motion to Strike.**

Consistent with the above, Lev consents to striking the portions of the FAC alleged in the Motion to strike, except for the alter ego allegations.

The Lenders argue that the FAC includes only a bare assertion that Sensible is an alter ego of Leizerovitz, but that is incorrect.  The FAC alleges that Sensible is a sham corporation that is inadequately capitalized and that it was created as a device to avoid liability to Lev.  The Lenders acknowledge that Feygenberg and Leizerovitz both transferred their interests in the Deed of Trust to Sensible in the months leading up to this lawsuit.  Independently and together, those facts are sufficient to support an alter ego allegation.

---

[1] The FAC also seeks treble damages, though Lev now concedes that there are no grounds for damages as no interest payments have been made.



OPPOSITION TO DEMURRER AND MOTION TO STRIKE

1823369.1 - 32417.0004

# III.

## **CONCLUSION**

For all the foregoing reasons, Lev respectfully submits that the Court should deny the Lenders' Demurrer and Motion to Strike, except where Lev has consented  herein to them being sustained.

DATED:  February 4, 2020                    G&B LAW, LLP


                                          By: _____
                                              JAMES R. FELTON, ESQ.
                                              JEREMY H. ROTHSTEIN, ESQ.
                                              Attorneys for Plaintiff
                                              Lev Investments, LLC

OPPOSITION TO DEMURRER AND MOTION TO STRIKE

1823369.1 - 32417.0004

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is **16000 Ventura Boulevard, Suite 1000, Encino, California 91436**.

On February 4, 2020, I served the foregoing document described as **LEV INVESTMENTS, LLC'S OPPOSITION TO DEFENDANTS RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ AND SENSIBLE CONSULTING AND MANAGEMENT, INC.'S (I) DEMURRER TO FIRST AMENDED COMPLAINT, AND (II) MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action.

☒    by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐    **BY REGULAR MAIL:** I deposited such envelope in the mail at 16000 Ventura Boulevard, Suite 1000, Encino, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☒    **BY E-MAIL:** I caused the above referenced document to be delivered to the e-mail addresses indicated on the Service List.

☒    **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 16000 Ventura Boulevard, Suite 1000, Encino, California. The envelope was deposited with delivery fees thereon fully prepaid.

☐    **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒    (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐    (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 4, 2020, at Encino, California.

Marleigh Singleman



1

PROOF OF SERVICE

# SERVICE LIST

John G. Burgee, Esq
Burgee & Abramoff, P.C.
20501 Ventura Boulevard, Suite 262
Woodland Hills, California 91364

**Attorneys for Defendants**
Telephone:  (818) 264-7575
Fax:  (818) 264-7576
Email: jburgee@bandalaw.net

Timothy Krantz, Esq.
Law Office of Timothy Krantz
2082 Michelson Drive, #212
Irvine, California 92612

**Attorneys for Defendants**
Telephone:  (949) 752-2291
Fax:  (949) 752-2323
Email: krantzlaw@pacbell.net

PROOF OF SERVICE

1824331.1 - 32417.0004

1 | **JOHN G. BURGEE, ESQ. (State Bar No. 132129)**
**BURGEE & ABRAMOFF, P.C.**
2 | 20501 Ventura Boulevard, Suite 262
Woodland Hills, California  91364
3 | Tel: (818) 264-7575
Fax: (818) 264-7576
4 |
5 | Attorneys for Defendants MICHAEL LEIZEROVITZ
and SENSIBLE CONSULTING and MANAGEMENT, INC.
6 |
7 |
8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA
9 | FOR THE COUNTY OF LOS ANGELES
10 | NORTHWEST DISTRICT
11 |

| | |
|---|---|
| 12  LEV INVESTMENTS, LLC, | )  CASE NO. 19VECV00878 |
| | ) |
| 13              Plaintiff, | )  REPLY TO OPPOSITION TO MOTION OF |
| | )  DEFENDANTS RUVIN FEYGENBERG, |
| 14      v. | )  MICHAEL LEIZEROVITZ AND SENSIBLE |
| | )  CONSULTING AND MANAGEMENT, INC. TO |
| 15  RUVIN FEYGENBERG, MICHAEL | )  STRIKE PORTIONS OF FIRST AMENDED |
| LEIZEROVITZ, SENSIBLE | )  COMPLAINT |
| 16  CONSULTING AND MANAGEMENT, | ) |
| INC., MING ZHU, LLC, and DOES 1 | )  Date: February 18, 2020 |
| 17  through 100, inclusive, | )  Time: 8:30 a.m. |
| | )  Dept.: A |
| 18              Defendants. | )  **RES ID:** 819305287267 |
| | ) |

19 |
20 |     Defendants RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ and SENSIBLE
21 | CONSULTING AND MANAGEMENT, INC. submit the following points and authorities in
22 | reply to the Opposition to their Motion to Strike portions of the First Amended Complaint:
23 |
24 | **I.        INTRODUCTION.**
25 |     Plaintiff has conceded much of Defendants' Motion to Strike.  Plaintiff only contests the
26 | striking of the *alter ego* allegations.  However, as explained in the Moving Papers, the pleading
27 | fails to adequately plead a basis for *alter ego* liability and Plaintiff's reliance upon purely
28 | conclusory allegations is unsupported.  The Court should grant this Motion in its entirety.

1

1  **II.____THE *ALTER EGO* ALLEGATIONS ARE INSUFFICIENT TO SUPPORT A**

2  **BASIS FOR LIABILITY AND SHOULD BE STRICKEN..**

3  As set forth in the Moving Papers, specific facts must be alleged at the pleading stage in

4  order to support a claim for *alter ego* liability.  *Leek v. Cooper* (2011) 194 Cal.App.4th 399, 415.

5  These facts must show both a unity of interest and ownership, and an unjust result.  *Id.*

6  In response to this Motion, Plaintiff relies on the conclusory allegations of their pleading.

7  As explained in the Moving Papers, bare conclusions such as "Sensible is a sham corporation",

8  are not sufficient.

9  Moreover, there are absolutely no allegations of unjust result at all.  Such allegations are

10 essential and an *alter ego* claim is insufficient without them.  *Norris Really Co., Inc. v.*

11 *Consolidated Abstract h Title Guarantee Co.* (1947) 80 Cal.App.2d 879, 883.  Plaintiff does not

12 even address this point.

13

14 **III.    CONCLUSION.**

15 The First Amended Complaint fails to allege a viable basis for *alter ego* liability.  The

16 Court should grant this Motion in its entirety and strike all of the claims and allegations as set

17 forth in the Notice of this Motion.

18

19 DATED: February 7, 2020.                    BURGEE & ABRAMOFF P.C.

20

21                                             By:_____/s/ John G. Burgee_____
                                                   JOHN G. BURGEE
22                                             Attorneys for Defendants RUVIN FEYGENBERG,
                                               MICHAEL LEIZEROVITZ and SENSIBLE
                                               CONSULTING AND MANAGEMENT, INC.
23

24

25

26

27

28

REPLY TO OPPOSITION TO MOTION TO STRIKE PORTIONS OF FAC

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 20501 Ventura Boulevard, Woodland Hills, California 91364.

     On February 7, 2020, I served the foregoing document described as: REPLY TO OPPOSITION TO MOTION OF  DEFENDANTS RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ AND SENSIBLE CONSULTING AND MANAGEMENT, INC. TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT on the interested parties in this action:

/X/    by placing /_/ the original /X/ a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| James R. Felton, Esq. | Timothy Krantz, Esq. |
| G&B Law, LLP | Law Office of Timothy Krantz |
| 16000 Ventura Blvd., Suite 1000 | 2082 Michelson Drive, Suite 212 |
| Encino, California 91436-2730 | Irvine, California 92612 |
| E:  jfelton@gblawllp.com | |
| Fax:  818-986-6534 | |

[X]    BY MAIL

    [X]    As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **(BY PERSONAL SERVICE) I delivered such envelope by hand to the office/home of the addressee.

    Executed February 7, 2020, at Woodland Hills, California.

/X/    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

| | |
|---|---|
|   John Burgee   | /s/ John G. Burgee   |
| Type or Print Name | Signature |

REPLY TO OPPOSITION TO MOTION TO STRIKE PORTIONS OF FAC

1  **JOHN G. BURGEE, ESQ. (State Bar No. 132129)**
   **BURGEE & ABRAMOFF, P.C.**
2  20501 Ventura Boulevard, Suite 262
   Woodland Hills, California  91364
3  Tel: (818) 264-7575
   Fax: (818) 264-7576
4
   Attorneys for Defendants MICHAEL LEIZEROVITZ
5  and SENSIBLE CONSULTING and MANAGEMENT, INC.

6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                  FOR THE COUNTY OF LOS ANGELES

9                         NORTHWEST DISTRICT

10

11 LEV INVESTMENTS, LLC,              )  CASE NO. 19VECV00878
                                      )
12              Plaintiff,            )  REPLY TO OPPOSITION TO DEMURRER OF
                                      )  DEFENDANTS RUVIN FEYGENBERG,
13    v.                              )  MICHAEL LEIZEROVITZ AND SENSIBLE
                                      )  CONSULTING AND MANAGEMENT, INC. TO
14 RUVIN FEYGENBERG, MICHAEL          )  FIRST AMENDED COMPLAINT
   LEIZEROVITZ, SENSIBLE              )
15 CONSULTING AND MANAGEMENT,         )  Date: February 18, 2020
   INC., MING ZHU, LLC, and DOES 1    )  Time: 8:30 a.m.
16 through 100, inclusive,            )  Dept.: A
                                      )  **RES ID:** 819305287267
17              Defendants.           )
                                      )
18 _____)

19       Defendants RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ and SENSIBLE

20 CONSULTING AND MANAGEMENT, INC. submit the following points and authorities in

21 reply to the Opposition to their Demurrer to the First Amended Complaint:

22

23 **I.      INTRODUCTION.**

24       It is a bit unclear as to what is at issue in this Demurrer.  Defendants demurred to the

25 entire First Amended Complaint based upon the failure to allege viable claims and the scattergun

26 approach to including defendants in inappropriate causes of action.  The Opposition to the

27 Demurrer only addresses a portion of the issues raised in the Demurrer so it should be deemed

28 conceded that the unaddressed objections are well taken.

                                        1
─────────────────────────────────────────────────────────────
       REPLY TO OPPOSITION TO DEMURRER TO FIRST AMENDED COMPLAINT

1    Specifically, the Opposition only addresses Feygenberg's and Leizerovitz's alleged

2  encumbrance of the subject property and seeking declaratory relief against Sensible for allegedly

3  usurious interest.  The following portions of the Demurrer have not been addressed in the

4  Opposition:

5         *         Sensible's Demurrer to the First Cause of Action;

6         *         Feygenberg's and Leizerovitz's Demurrer to the Second Cause of Action for

7                   Usury (for which Plaintiff appears to be seeking only a declaratory judgment

8                   against Sensible);

9         *         Defendant's Demurrer to the Third Cause of Action for Quiet Title (which is

10                  wholly unopposed); and

11        *         Feygenberg's and Leizerovitz's Demurrer as to the Fourth Cause of Action for

12                  Declaratory Relief.

13    The foregoing objections to the First Amended Complaint should be sustained without

14  leave to amend.

15    With respect to the challenged claims, the Opposition fails to show that the First Cause of

16  Action has viability against either of the individual defendants (especially Leizerovitz) and that

17  the Fourth Cause of Action is not superfluous.  The Court should therefore sustain this Demurrer

18  as to all claims.

19

20  **II.     THE FIRST AMENDED COMPLAINT FAILED TO FIX THE DEFICIENCIES**

21  **AS TO THE FIRST CAUSE OF ACTION FOR BREACH OF IMPLIED**

22  **COVENANT AGAINST ENCUMBRANCES.**

23    The Opposition ignores the fact that the Court already ruled that the allegations of this

24  Cause of Action were insufficient.  As stated in the Moving Papers, Plaintiff has not changed this

25  cause of action.  Plaintiff is therefore re-arguing points already rejected by the Court.

26    Plaintiff claim that some vague reference to property taxes supports this claim against

27  Leizerovitz.  The Court already found that this allegation, which is the same as the original

28  pleading, did not show that there was a viable claim against Leizerovitz.  The Court stated:

REPLY TO OPPOSITION TO DEMURRER TO FIRST AMENDED COMPLAINT

"Plaintiff fails to explain how that encumbrance was made, done or suffered by demurring

defendants [Leizerovitz and Sensible]."  The Opposition does not show that the First Amended

Complaint contains any such allegations.  The Court should therefore re-sustain this demurrer to

this Cause of Action which has not been modified in any regard.

Further, this Cause of Action still fails to show what valuable consideration was provided

in exchange for the Grant Deed.  It is the Grant Deed itself, not any invention of Movants, that

states that no consideration was provided and that the transfer was a "gift." (See FAC Exhibit A.)

Plaintiff argument that the pleading asserts that there was consideration is contradicted by its

own Exhibit to the Complaint (and if there was consideration, Plaintiff has committed tax fraud).

In this regard, Plaintiff is fast and loose in suggesting that the consideration was a

promise to repay a loan.  The pleading provides no details of the loan so that it is unknown where

it was a contemporaneous loan or a pre-existing obligation which would not constitute

consideration (which would be consistent with the Grant Deed that states that no consideration

was provided).  That is why the allegations of the pleading are insufficient and the Court ruled

that Plaintiff needed to plead additional facts to support this Cause of Action.  Without details of

the loan and the supposed consideration, Plaintiff has not established that there was consideration

for the Grant Deed which is necessary to support this claim.  It is the Plaintiff's burden to plead

facts showing an entitlement to relief.  Plaintiff does not meet this burden with a Grant Deed that

says "no consideration" and no allegations of the details of the supposed consideration in the

complaint.  This Court should therefore sustain this demurrer to this Cause of Action as to all

parties.


**III.    THE FOURTH CAUSE OF ACTION FOR DECLARATORY RELIEF IS
        SUPERFLUOUS.**

Plaintiff asserts that it is seeking the same relief under its usury Cause of Action and its

declaratory relief Cause of Action.  As set forth in the Moving Papers, the Court of Appeal has

disapproved of using a declaratory relief Cause of Action to seek the same relief as available and

being sought elsewhere in a pleading.  In such circumstances, the declaratory relief claim is

REPLY TO OPPOSITION TO DEMURRER TO FIRST AMENDED COMPLAINT

"unnecessary and superfluous" and is a misuse of the declaratory relief statute. *Hood v. United*

*Chambers Administrators Inc*. (1995) 33 Cal.App.4th 321, 324. The Court should therefore

sustain this Demurrer to the Fourth Cause of Action.

**IV.    CONCLUSION.**

Based upon the foregoing, the Court should sustain this Demurrer and deny to amend as

to claims Plaintiff has abandoned and shown an inability to support.

DATED: February 7, 2020.                    BURGEE & ABRAMOFF P.C.


                                            By:_____/s/ John G. Burgee_____
                                                  JOHN G. BURGEE
                                            Attorneys for Defendants RUVIN FEYGENBERG,
                                            MICHAEL LEIZEROVITZ and SENSIBLE
                                            CONSULTING AND MANAGEMENT, INC.

REPLY TO OPPOSITION TO DEMURRER TO FIRST AMENDED COMPLAINT

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 20501 Ventura Boulevard, Woodland Hills, California 91364.

On February 7, 2020, I served the foregoing document described as: REPLY TO OPPOSITION TO DEMURRER OF DEFENDANTS RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ AND SENSIBLE CONSULTING AND MANAGEMENT, INC. TO FIRST AMENDED COMPLAINT on the interested parties in this action:

/X/    by placing /_/ the original /X/ a true copy thereof enclosed in sealed envelopes addressed as follows:

James R. Felton, Esq.                    Timothy Krantz, Esq.
G&B Law, LLP                             Law Office of Timothy Krantz
16000 Ventura Blvd., Suite 1000          2082 Michelson Drive, Suite 212
Encino, California 91436-2730            Irvine, California 92612
E:  jfelton@gblawllp.com
Fax:  818-986-6534

[X]    BY MAIL

[X]    As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **(BY PERSONAL SERVICE) I delivered such envelope by hand to the office/home of the addressee.

Executed February 7, 2020, at Woodland Hills, California.

/X/    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

John Burgee                              /s/ John G. Burgee
Type or Print Name                       Signature

REPLY TO OPPOSITION TO DEMURRER TO FIRST AMENDED COMPLAINT

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Northwest District, Van Nuys Courthouse East, Department A

**19VECV00878**                                                      February 18, 2020
**LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.**                      8:30 AM

Judge: Honorable Huey P. Cotton          CSR: None
Judicial Assistant: R. Redmond           ERM: None
Courtroom Assistant: A. Ataryan          Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): James Felton

For Defendant(s): John G. Burgee; Tim Krantz By Mark Leen

**NATURE OF PROCEEDINGS:** Case Management Conference; Hearing on Demurrer - with
Motion to Strike (CCP 430.10); Hearing on Demurrer - without Motion to Strike

The matter is called for hearing.

The Court has read and considered the moving papers, opposition, reply and supporting
documents.

All counsel are in receipt of the Court's tentative ruling.

The matter is argued.

After arguments, the Court adopts its tentative ruling as the Order of the Court.

The Defendant's Demurrer - with Motion to Strike (CCP 430.10) filed by Ruvin Feygenberg,
Sensible Consulting and Management, Inc., Michael Leizerovitz on 11/01/2019 is Sustained in
Part.

The Defendant's Demurrer - without Motion to Strike filed by Ming Zhu, LLC on 10/25/2019 is
Sustained in Part. DEMURRER TO FIRST AMENDED COMPLAINT AND DEMURRER
WITH MOTION TO STRIKE FIRST AMENDED COMPLAINT

Date of Hearing: February 18, 2020 Trial Date: None set
Department: A Case No.: 19VECV00878

Defendant Ming Zhu, LLC's Demurrer

Moving Party: Defendant Ming Zhu, LLC
Responding Party: Plaintiff Lev Investments, LLC

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Northwest District, Van Nuys Courthouse East, Department A

**19VECV00878**                                          February 18, 2020
**LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.**                    8:30 AM

Judge: Honorable Huey P. Cotton            CSR: None
Judicial Assistant: R. Redmond             ERM: None
Courtroom Assistant: A. Ataryan            Deputy Sheriff: None

Meet and Confer: Yes. (Krantz Decl. ¶3.)

Defendants Feygenberg, Leizerovitz, and Sensible Consulting and Management Inc.'s Demurrer
with Motion to Strike

Moving Party: Defendant Ming Zhu, LLC
Responding Party: Plaintiff Lev Investments, LLC

TENTATIVE RULING:
1. Defendant Ming Zhu, LLC's demurrer to the third and fourth causes of action is SUSTAINED
WITHOUT LEAVE TO AMEND.
2. Defendants Ruvin Feygenberg and Michael Leizerovitz's demurrer to the second, third, and
fourth causes of action is SUSTAINED WITHOUT LEAVE TO AMEND. Defendants
Feygenberg and Leizerovitz's demurrer to the first cause of action is OVERRULED.
3. Defendant Sensible Consulting and Management, Inc.'s demurrer to the first and second
causes of action is OVERRULED. Defendant Sensible's demurrer to the third cause of action is
SUSTAINED WITHOUT LEAVE TO AMEND. Defendant Sensible's demurrer to the fourth
cause of action is SUSTAINED WITH LEAVE TO AMEND.
4. Defendants Ruvin Feygenberg, Michael Leizerovitz's, and Sensible Consulting and
Management, Inc.'s Motion to Strike is DENIED as to the alter ego allegations.


BACKGROUND

Plaintiff alleges that Defendants Feygenberg and Leizerovitz transferred a property to Plaintiff
by grant deed. Defendant Feygenberg and Defendant Sensible Consulting and Management, Inc.
("Sensible") (whose principal is Leizerovitz) gave a loan secured by a deed of trust on the
property. The interest rate for the loan was equivalent to 23%. Defendant Feygenberg thereafter
conveyed his interest in the loan and deed of trust to Sensible, making sensible the sole holder to
the loan.

Plaintiff thereafter alleges that at the making of the conveyance of property, it was not free from
encumbrances. Specifically, a judgment lien in favor of Ming Zhu, LLC resulting from a
judgment against Feygenberg attached to the property during the time Feygenberg owned the
property.

Plaintiff filed a verified complaint on June 20, 2019. After this court sustained a demurrer with
leave to amend, Plaintiff file a First Amended Complaint ("FAC"), alleging:

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Northwest District, Van Nuys Courthouse East, Department A

**19VECV00878**                                                    February 18, 2020
**LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.**                 8:30 AM

| | |
|---|---|
| Judge: Honorable Huey P. Cotton | CSR: None |
| Judicial Assistant: R. Redmond | ERM: None |
| Courtroom Assistant: A. Ataryan | Deputy Sheriff: None |

1. Breach of Implied Covenant Against Encumbrances
2. Usury
3. Quiet Title
4. Declaratory Relief

On October 25, 2019, Defendant Ming Zhu, LLC ("Ming Zhu") demurred to the third and fourth causes of action on the grounds the claims fail to state facts sufficient to constitute a cause of action.

On November 1, 2019, Defendants Feygenberg, Leizerovitz, and Sensible demurred to the first, second, third, and fourth causes of action on the grounds the claims fail to state facts sufficient to state a cause of action and are uncertain.

DISCUSSION

Defendant Ming Zhu, LLC's Demurrer

Defendant Ming Zhu demurs to the third and fourth causes of action on the grounds the claims fail to state facts sufficient to constitute a cause of action against Ming Zhu. In opposition, Plaintiff consents to the demurrer.

As such, the court sustains Defendant Ming Zhu's demurrer to the third and fourth causes of action without leave to amend.

Defendants Ruvin Feygenberg, Michael Leizerovitz, and Sensible Consulting and Management, Inc.'s Demurrer with Motion to Strike

Demurrer

First Cause of Action – Breach of Implied Covenant Against Encumbrances

Defendants demur to the first cause of action on the grounds Plaintiff has failed to allege that Leizerovitz and Sensible caused or precipitated any lien or encumbrance to become attached to the property. Moreover, there is no allegation of consideration as the alleged loan was a pre-existing obligation.

The court notes the first cause of action is not alleged against Defendant Sensible. As such,

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Northwest District, Van Nuys Courthouse East, Department A

**19VECV00878**                                                          February 18, 2020
**LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.**                        8:30 AM

Judge: Honorable Huey P. Cotton          CSR: None
Judicial Assistant: R. Redmond           ERM: None
Courtroom Assistant: A. Ataryan          Deputy Sheriff: None

Defendant Sensible's demurrer to the first cause of action is overruled.

As for Defendants Feygenberg and Leizerovitz, the court overrules their demurrers to the first cause of action as well. Here, Plaintiff has pleaded Defendants Feygenberg and Leizerovitz signed a grant deed, whereby all rights, title, and interest in the property was to be transferred to Plaintiff. (FAC ¶16.) In consideration for the grant deed, Plaintiff gave security to Defendants, which is evidenced by the Deed of Trust. (FAC ¶16.) Plaintiff promised repayment of a loan that was over a million dollars. (FAC ¶16.) Moreover, at the time of delivering the grant deed, the property was not free from all encumbrances. (FAC ¶24.) First, a judgment lien was entered against Defendant Feygenberg in a separate case. (FAC ¶25.) Second, the property was subject to taxes duly assessed prior to the execution of the deed due to Defendants failure to pay property taxes. (FAC ¶26.)

In reading the FAC liberally and in context, it is reasonable to infer that the loan is not regarding a pre-existing loan obligation, but rather a separate loan. (Rodas v. Spiegel (2001) 87 Cal.App.4th 513, 517 [stating that in reviewing a demurrer, the complaint must be construed liberally by drawing reasonable inferences from the facts pleaded.].) Moreover, the FAC now alleges an encumbrance "done, made or suffered" by both Defendants Feygenberg and Leizerovitz.

Based on the foregoing, Defendants Feygenberg, Leizerovitz, and Sensible's demurrer to the first cause of action is overruled.

Second Cause of Action – Usury

Defendants demur to the second cause of action on the grounds the cause of action is alleged solely in conclusory terms as Plaintiff fails to provide any loan agreement. Moreover, there is no allegation that there was any payment of usurious interest or any payment whatsoever as to the loan.

In opposition, Plaintiff consents to the demurrer to the second cause of action against all Defendant Feygenberg and Leizerovitz. As for Defendant Sensible, Plaintiff argues Sensible gave a loan to Plaintiff with an interest rate equivalent to 23% per annum.

"The essential elements of usury are: (1) The transaction must be a loan or forbearance; (2) the interest to be paid must exceed the statutory maximum; (3) the loan and interest must be absolutely repayable by the borrower; and (4) the lender must have a willful intent to enter into a usurious transaction." (Ghirardo v. Antonioli (1994) 8 Cal.4th 791, 798.)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Northwest District, Van Nuys Courthouse East, Department A

**19VECV00878**                                                February 18, 2020
**LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.**                  8:30 AM

Judge: Honorable Huey P. Cotton            CSR: None
Judicial Assistant: R. Redmond             ERM: None
Courtroom Assistant: A. Ataryan            Deputy Sheriff: None

---

Review of the FAC reveals Plaintiff entered into a loan agreement with Defendants. (FAC ¶29.)
Defendant Sensible gave the loan with an interest payment on the principal equivalent to 23%
per annum. (FAC ¶18.) Beginning from about March 2019, Plaintiff requested a payoff of the
loan. (FAC ¶30.) Defendants then presented numerous payoff statements demanding repayment
of the loan with a usurious interest rate, each being in excess of the maximum rate of interest
allowed. (FAC ¶30.) Plaintiff contends the interest rate in the contract should be declared null
and void whereas Defendants contend that Plaintiff must continue paying both the principal
amount and the specified interest rate. (FAC ¶31.) As such, Plaintiff desires a judicial
determination of its rights and duties, and a declaration that the interest rate provisions of the
contract are null and void. (FAC ¶32.)

This usury cause of action is sufficiently plead for the purposes of a demurrer. Defendant
Sensible has failed to show that actual payment of the alleged usurious interest was required in
pleading a cause of action for usury.

As such, the court sustains Defendants Feygenberg and Leizerovitz's demurrer to the second
cause of action without leave to amend.

As for Defendant Sensible, the court overrules the demurrer to the second cause of action.

Third Cause of Action – Quiet Title

Defendants demur to the third cause of action on the grounds the Deed of Trust is solely held by
Defendant Sensible and Plaintiff has failed to state a viable claim for quiet title against Sensible.

In opposition, Plaintiff consents to the demurrer to the third cause of action against all
Defendants.

As such, the court sustains Defendants Feygenberg, Leizerovitz, and Sensible's demurrer to the
third cause of action without leave to amend.

Fourth Cause of Action – Declaratory Relief

Defendants demur to the fourth cause of action on the grounds the allegations are insufficient to
state a claim for relief. Even so, Defendants claim the cause of action for declaratory relief is
duplicative of the prior causes of action and superfluous.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Northwest District, Van Nuys Courthouse East, Department A

**19VECV00878**                                                February 18, 2020
**LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.**                       8:30 AM

| | |
|---|---|
| Judge: Honorable Huey P. Cotton | CSR: None |
| Judicial Assistant: R. Redmond | ERM: None |
| Courtroom Assistant: A. Ataryan | Deputy Sheriff: None |

In opposition, Plaintiff consents to the demurrer to the fourth cause of action against Defendant Feygenberg and Leizerovitz. As for Defendant Sensible, Plaintiff seeks declaratory judgment that it does not owe interest and seeks a declaratory judgment as to the total amount owed under the loan.

A plaintiff is not required to label the complaint one for declaratory relief or allege a separate cause of action for declaratory relief. All that is required is that the plaintiff allege facts showing an "actual controversy" exists and request the court to adjudicate the parties' rights and duties. (Olszewski v. Scripps Health (2003) 30 Cal.4th 798, 807.) However, declaratory relief should not be used to determine issues that are already fully engaged by other causes of action. (Hood v. Superior Court (1995) 33 Cal.App.4th 319, 324.)

In the instant matter, Plaintiff seeks the court to determine issues already alleged in the second cause of action. Both causes of action seek the court's judicial determination in Plaintiff and Defendants rights with respect to the amount obligated to be paid by Plaintiff and the usurious interest rate.

As such, the court sustains Defendants Feygenberg and Leizerovitz's demurrer to the fourth cause of action without leave to amend.

As for Defendant Sensible, the demurrer to the fourth cause of action is sustained with leave to amend, if Plaintiff can articulate other issues it seeks to be determined that are not in the usury cause of action.

Motion to Strike

Defendants Feygenberg, Leizerovitz, and Sensible move the court to strike Plaintiff's alter ego allegations, request for treble damages, and Plaintiff's prayer for relief in the fourth cause of action.

Alter Ego Allegations

"To recover on an alter ego theory, a plaintiff need not use the words "alter ego," but must allege sufficient facts to show a unity of interest and ownership, and an unjust result if the corporation is treated as the sole actor. [Citation.] An allegation that a person owns all of the corporate stock and makes all of the management decisions is insufficient to cause the court to disregard the corporate entity. [Citation.]" (Leek v. Cooper (2011) 194 Cal.App.4th 399, 415.)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Northwest District, Van Nuys Courthouse East, Department A

**19VECV00878**                                                    February 18, 2020
**LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.**                     8:30 AM

Judge: Honorable Huey P. Cotton          CSR: None
Judicial Assistant: R. Redmond           ERM: None
Courtroom Assistant: A. Ataryan          Deputy Sheriff: None

Here, Plaintiff has alleged a unity of interest and ownership between Defendants Leizerovitz and Sensible and that Sensible is the alter ego of Leizerovitz. Moreover, Sensible is a mere shell and sham without any capital, assets, stock, and or stockholders. Sensible was conceived and intended by Leizerovitz as a device to avoid individual liability and for the purpose of substituting a financially insolvent corporation in the place of Leizerovitz.

The court finds the allegations sufficient as Plaintiff has shown that Sensible is inadequately capitalized and was created as a device to avoid liability. Moreover, the "less particularity [of pleading] is required where the defendant may be assumed to possess knowledge of the facts at least equal, if not superior, to that possessed by the plaintiff," which is the case here. (Burks v. Poppy Construction Co. (1962) 57 Cal.2d 463, 474.)

As such, the court denies Defendants motion to strike Plaintiff's alter ego allegations.

Treble Damages

Plaintiff concedes that there are no grounds for treble damages as no interest payments have been made. As such, the court grants Defendants' motion to strike treble damages on page 9 lines 5-6.

Prayer for Relief in the Fourth Cause of Action

Plaintiff concedes to striking the prayer for relief in the fourth cause of action. As such, the court grants Defendants' motion to strike page 9, line 16 to page 10, line 5 of Plaintiff's prayer for relief.

Plaintiff is given 30 days leave to amend.

On the Court's own motion, the Case Management Conference scheduled for 02/18/2020 is continued to 06/11/20 at 08:30 AM in Department A at Van Nuys Courthouse East.

Notice is waived.

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 138767 | FOR COURT USE ONLY |
|---|---|---|
| NAME: James R. Felton, Esq. | | |

FIRM NAME: G&B Law, LLP
STREET ADDRESS: 16000 Ventura Blvd., Suite 1000
CITY: Encino     STATE: CA     ZIP CODE: 91436
TELEPHONE NO: (818) 382-6200     FAX NO.: (818) 986-6534
E-MAIL ADDRESS: jfelton@gblawllp.com
ATTORNEY FOR (Name): Plaintiff, LEV Investments, LLC

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 6230 Sylmar Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: Van Nuys, 91401
BRANCH NAME: Van Nuys Courthouse East

Plaintiff/Petitioner: LEV Investments, LLC

Defendant/Respondent: Ruvin Feygenberg, et. al.

| REQUEST FOR DISMISSAL | CASE NUMBER:<br>19VECV00878 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please **dismiss** this action as follows:
    a. (1) ☐ With prejudice    (2) ☒ Without prejudice
    b. (1) ☐ Complaint    (2) ☐ Petition
       (3) ☐ Cross-complaint filed by (name):                           on (date):
       (4) ☐ Cross-complaint filed by (name):                           on (date):
       (5) ☐ Entire action of all parties and all causes of action
       (6) ☒ Other (specify):* Defendant, Ming Zhu, LLC

2. (Complete in all cases except family law cases.)
    The court ☐ did  ☒ did not  waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: February 19, 2020

James R. Felton, Esq.
_____          ► _____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)          (SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only,
or of specified cross-complaints only, so state and identify the parties, causes of
action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☒ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**

Date:                                                        ► _____
_____          (SIGNATURE)
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

** If a cross-complaint – or Response (Family Law) seeking affirmative
relief – is on file, the attorney for cross-complainant (respondent) must sign
this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross Complainant

(To be completed by clerk)

4. ☐ Dismissal entered as requested on (date):
5. ☐ Dismissal entered on (date):                           as to only (name):
6. ☐ Dismissal **not entered** as requested for the following reasons (specify):


7. a. ☐ Attorney or party without attorney notified on (date):
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
        ☐ a copy to be conformed    ☐ means to return conformed copy

Date:                          Clerk, by _____, Deputy     Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. Jan. 1, 2013] | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.; Gov. Code,<br>§ 68637(c); Cal. Rules of Court, rule 3.1390<br>www.courts.ca.gov |

CIV-110

| Plaintiff/Petitioner: LEV Investments, LLC | CASE NUMBER: |
|---|---|
| Defendant/Respondent: Ruvin Feygenberg, et. al. | 19VECV00878 |

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**
If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below):*
   a. ☐ not recovering anything of value by this action.
   b. ☐ recovering less than $10,000 in value by this action.
   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):*   Yes   No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____         ▶ _____

_____              _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                    (SIGNATURE)

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is **16000 Ventura Boulevard, Suite 1000, Encino, California 91436**.

On February 19, 2020, I served the foregoing document described as **REQUEST FOR DISMISSAL** on the interested parties in this action.

☒    by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒    **BY REGULAR MAIL:** I deposited such envelope in the mail at 16000 Ventura Boulevard, Suite 1000, Encino, California.  The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐    **BY E-MAIL:**  I caused the above referenced document to be delivered to the e-mail addresses indicated on the Service List.

☐    **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 16000 Ventura Boulevard, Suite 1000, Encino, California.  The envelope was deposited with delivery fees thereon fully prepaid.

☐    **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒    (State)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐    (Federal)  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 19, 2020, at Encino, California.

Nora Knadjian

1

PROOF OF SERVICE

1

## SERVICE LIST

2

3    John G. Burgee, Esq            **Attorneys for Defendants**
     Burgee & Abramoff, P.C.        Telephone:  (818) 264-7575
4    20501 Ventura Boulevard, Suite 262   Fax:  (818) 264-7576
     Woodland Hills, California 91364     Email: jburgee@bandalaw.net

5

6    Timothy Krantz, Esq.           **Attorneys for Defendants**
     Law Office of Timothy Krantz   Telephone:  (949) 752-2291
7    2082 Michelson Drive, #212     Fax:  (949) 752-2323
     Irvine, California 92612       Email: krantzlaw@pacbell.net

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

1824331.1 - 32417.0004

1    **JOHN G. BURGEE, ESQ. (State Bar No. 132129)**
     **BURGEE & ABRAMOFF, P.C.**
2    20501 Ventura Boulevard, Suite 262
     Woodland Hills, California  91364
3    Tel: (818) 264-7575
     Fax: (818) 264-7576

4

5    Attorneys for Defendants RUVIN FEYGENBERG,
     MICHAEL LEIZEROVITZ and SENSIBLE
     CONSULTING AND MANAGEMENT, INC.

6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               FOR THE COUNTY OF LOS ANGELES

10                 NORTHWEST DISTRICT

11

12    LEV INVESTMENTS, LLC,         )   CASE NO. 19VECV00878
                                )
13            Plaintiff,         )   ANSWER OF DEFENDANTS RUVIN
                                )   FEYGENBERG, MICHAEL LEIZEROVITZ
14       v.                      )   AND SENSIBLE CONSULTING AND
                                )   MANAGEMENT, INC. TO FIRST AMENDED
15    RUVIN FEYGENBERG, MICHAEL     )   COMPLAINT
     LEIZEROVITZ, SENSIBLE          )
16    CONSULTING AND MANAGEMENT,   )
     INC., MING ZHU, LLC, and DOES 1     )
17    through 100, inclusive,          )
                                )
18            Defendants.       )
                                )
19

20       Defendants RUVIN FEYGENBERG and MICHAEL LEIZEROVITZ, answer the First

21   Cause of Action of the First Amended Complaint, and SENSIBLE CONSULTING AND

22   MANAGEMENT, INC., answers the First and Second Causes of Action of the First Amended

23   Complaint, as follows:

24       1.      Under the provisions of Section 431.30(d) of the California <u>Code of Civil</u>

25   <u>Procedure</u>, these responding defendants deny generally and specifically each and every allegation

26   contained in the First Amended Complaint, and the whole thereof, and denies that Plaintiff has

27   sustained any injury, or loss by reason of any act or omission on the part of these responding

28   defendants, or on the part of any agent, servant, employee or officer of these responding

1

---

ANSWER TO FIRST AMENDED COMPLAINT

defendants, and deny that Plaintiff has been damaged in the amounts mentioned in the First

Amended Complaint, or in any amount whatsoever.

## FIRST AFFIRMATIVE DEFENSE

(By All Defendants As to All Causes of Action Being Answered)

2.    The First Amended Complaint and each purported Cause of Action contained

therein fail to state facts sufficient to constitute a cause of action against these responding

defendants.

## SECOND AFFIRMATIVE DEFENSE

(By All Defendants As to All Causes of Action Being Answered)

3.    Plaintiff is estopped from seeking redress from these responding defendants.

## THIRD AFFIRMATIVE DEFENSE

(By All Defendants As to All Causes of Action Being Answered)

4.    Plaintiff is barred from relief based upon its unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

(By All Defendants As to All Causes of Action Being Answered)

5.    Any and all damages, losses and injuries suffered or to be suffered by Plaintiff

were, and are, due to the conduct of Plaintiff and its agents and attorneys.

## FIFTH AFFIRMATIVE DEFENSE

(By All Defendants As to All Causes of Action Being Answered)

6.    Any and all damages, losses and injuries suffered or to be suffered by Plaintiff

was, and is, due to causes beyond the control or responsibility of these responding defendants.

## SIXTH AFFIRMATIVE DEFENSE

(By All Defendants As to All Causes of Action Being Answered)

7.    Plaintiff has failed to mitigate its damages and its claims for damages that could

have been mitigated are therefore barred.

//

//

//

2

ANSWER TO FIRST AMENDED COMPLAINT

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

(By All Defendants As to All Causes of Action Being Answered)

8.    These responding defendants are entitled to offset any damages recovered by Plaintiff against the claims stated in their Cross-Complaint.

WHEREFORE, these responding defendants pray for judgment as follows:

1.    That Plaintiff take nothing by way of the First Amended Complaint as against these responding defendants;

2.    For costs of suit incurred herein as provided by law; and

3.    For such other and further relief as the Court deems just and proper under the circumstances.

DATED: March 20, 2020.                    BURGEE & ABRAMOFF P.C.

By:_____/s/ John G. Burgee_____
        JOHN G. BURGEE
Attorneys for Defendants RUVIN FEYGENBERG,
MICHAEL LEIZEROVITZ and SENSIBLE
CONSULTING AND MANAGEMENT, INC.

3

<u>ANSWER TO FIRST AMENDED COMPLAINT</u>

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

       I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 20501 Ventura Boulevard, Woodland Hills, California 91364.

       On March 20, 2020, I served the foregoing document described as: ANSWER OF DEFENDANTS RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ AND SENSIBLE CONSULTING AND MANAGEMENT, INC. TO FIRST AMENDED COMPLAINT on the interested parties in this action:

/X/    by placing / / the original /X/ a true copy thereof enclosed in sealed envelopes addressed as follows:

> James R. Felton, Esq.
> G&B Law, LLP
> 16000 Ventura Blvd., Suite 1000
> Encino, California 91436-2730
> E:  jfelton@gblawllp.com
> Fax:  818-986-6534

[X]    BY MAIL

    [X]    As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **(BY PERSONAL SERVICE) I delivered such envelope by hand to the office/home of the addressee.

    Executed March 20, 2020, at Woodland Hills, California.

/X/    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

| John Burgee | /s/ John G. Burgee |
|---|---|
| Type or Print Name | Signature |

ANSWER TO FIRST AMENDED COMPLAINT

Electronically FILED by Superior Court of California, County of Los Angeles on 03/20/2020 08:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Boyadzhyan,Deputy Clerk

Case 1:20-bk-11006-VK    Doc 55    Filed 06/26/20    Entered 06/26/20 21:50:00    Desc
            Main Document      Page 234 of 439

**SUM-110**

# SUMMONS
## Cross-Complaint
### *(CITACION JUDICIAL–CONTRADEMANDA)*

| | FOR COURT USE ONLY |
| --- | --- |
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO CROSS-DEFENDANT:**
*(AVISO AL CONTRA-DEMANDADO):*

LEV INVESTMENTS, LLC, DMITRI LIOUDKOVSKI (aka Dmitri Ludkovski),          (Additional Parties Attachment form is attached)

**YOU ARE BEING SUED BY CROSS-COMPLAINANT:**
*(LO ESTÁ DEMANDANDO EL CONTRADEMANDANTE):*

RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ, and SENSIBLE CONSULTING AND MANAGEMENT, INC.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the cross-complainant. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al contrademandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | SHORT NAME OF CASE *(from Complaint) (Nombre de Caso):* |
| --- | --- |
| *(El nombre y dirección de la corte es):* | LEV Investments, LLC v. Feygenberg |
| Los Angeles Superior Court | CASE NUMBER: *(Número del Caso)* |
| 6230 Sylmar Avenue, Van Nuys, CA 91401 | 19VECV00878 |

The name, address, and telephone number of cross-complainant's attorney, or cross-complainant without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del contrademandante, o del contrademandante que no tiene abogado, es):*
John G. Burgee/Burgee & Abramoff, PC, 20501 Ventura Blvd. #262, Woodland Hills, CA 91364 8182647575

| DATE: 03/20/2020 | Clerk, by | Sherri R. Carter Executive Officer / Clerk of Court | , Deputy |
| --- | --- | --- | --- |
| *(Fecha)* | *(Secretario)* | A. Boyadzhyan | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual cross-defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS—CROSS-COMPLAINT** | Code of Civil Procedure, §§ 412.20, 428.60, 465 |
| --- | --- | --- |
| Judicial Council of California | | *www.courtinfo.ca.gov* |
| SUM-110 [Rev. July 1, 2009] | | |

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| LEV Investments, LLC v. Feygenberg | 19VECV00878 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☐ Defendant    ☐ Cross-Complainant    ☑ Cross-Defendant

YEVGENIYA LISITSA (aka Y. GINA LISITSA), LISITSA LAW, INC., REAL PROPERTY TRUSTEE, INC., MIKE KEMEL, and ROES 1 to 50,

Page __2__ of __2__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1 | **JOHN G. BURGEE, ESQ. (State Bar No. 132129)**
**BURGEE & ABRAMOFF, P.C.**
2 | 20501 Ventura Boulevard, Suite 262
Woodland Hills, California 91364
3 | Tel: (818) 264-7575
Fax: (818) 264-7576
4 |
5 | Attorneys for Defendants RUVIN FEYGENBERG,
MICHAEL LEIZEROVITZ and SENSIBLE
6 | CONSULTING AND MANAGEMENT, INC.

7 |

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF LOS ANGELES

10 | NORTHWEST DISTRICT

11 |

| | |
|---|---|
| 12 LEV INVESTMENTS, LLC, | ) CASE NO. 19VECV00878 |
| 13 Plaintiff, | ) CROSS-COMPLAINT OF RUVIN |
| | ) FEYGENBERG, MICHAEL LEIZEROVITZ |
| 14 v. | ) AND SENSIBLE CONSULTING AND |
| | ) MANAGEMENT, INC. FOR DAMAGES AND |
| 15 RUVIN FEYGENBERG, et al., | ) EQUITABLE RELIEF: |
| | ) |
| 16 Defendants. | ) 1. BREACH OF CONTRACT |
| | ) 2. BREACH OF FIDUCIARY DUTY |
| 17 _____ | ) 3. CONCEALMENT |
| RUVIN FEYGENBERG, MICHAEL | ) 4. INDEMNITY |
| 18 LEIZEROVITZ, and SENSIBLE | ) 5. DECLARATORY RELIEF |
| CONSULTING AND MANAGEMENT, | ) 6. QUIET TITLE |
| 19 INC. | ) 7. CANCELLATION OF INSTRUMENTS |
| | ) 8. WRONGFUL FORECLOSURE |
| 20 Cross-Complainants, | ) 9. DECLARATORY AND INJUNCTIVE |
| | ) RELIEF |
| 21 v. | ) |
| | ) |
| 22 LEV INVESTMENTS, LLC, DMITRI | ) |
| LIOUDKOVSKI (aka Dmitri Ludkovski), | ) |
| 23 YEVGENIYA LISITSA (aka Y. GINA | ) |
| LISITSA), LISITSA LAW, INC., REAL | ) |
| 24 PROPERTY TRUSTEE, INC., MIKE | ) |
| KEMEL, and ROES 1 to 50, | ) |
| 25 | ) |
| Cross-Defendants. | ) |
| 26 _____ | ) |

27 | Cross-Complainants RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ, and SENSIBLE

28 | CONSULTING AND MANAGEMENT, INC. allege:

1

---

CROSS-COMPLAINT

# PARTIES

1.    Cross-Complainants RUVIN FEYGENBERG and MICHAEL LEIZEROVITZ are individuals who reside in the State of California.

2.    Cross-Complainant SENSIBLE CONSULTING AND MANAGEMENT, INC. ("SENSIBLE") is, and was at all times material hereto, a corporation organized and existing under the laws of the State of California.

3.    Cross-Defendants DMITRI LIOUDKOVSKI (also known as Dmitri Ludkovski), YEVGENIYA LISITSA (also known as Y. GINA LISITSA), and MIKE KEMEL are individuals who conducts business in Southern California and the County of Los Angeles.  Cross-Defendants are informed and believe and thereon allege that LIOUSKOVSKI, LISITSA and KEMEL also maintain residences in the County of Los Angeles, State of California.

4.    Cross-Defendant LEV INVESTMENTS, LLC ("LEV") is, and was at all times material hereto, a limited liability company organized and existing under the laws of the State of California.  LIOUDKOVSKI is the sole manager and principal of LEV.

5.    Cross-Defendant LISITSA LAW, INC. is and was at times material hereto, a corporation organized and existing under the laws of the State of California, with its principal place of business in Beverly Hills, California.  Cross-Complainants are informed and believe and thereon allege that LISITSA is and was a shareholder, director and/or officer of LISITSA LAW, INC., and that LISITSA LAW, INC. is LISITSA's law corporation.  (LISITSA and LISITSA LAW, INC. are collectively referred to herein as the "LISITSA PARTIES.")

6.    Cross-Defendant REAL PROPERTY TRUSTEE, INC. (the "TRUSTEE") is, and was at all times material hereto, a Delaware corporation doing business in the County of Los Angeles, and it is currently qualified to do business in the State of California.  Cross-Complainants are informed and believe and thereon allege that KEMEL is the sole officer, director and principal of RPT.

7.    The names and capacities, whether individual, corporate, associate or otherwise, of Cross-Defendants named herein as ROES 1 to 50, inclusive, are unknown to Cross-Complainants, who therefore sue such Cross-Defendants by such fictitious names.  Cross-Complainants will amend

2

1    this Cross-Complaint when the true names and capacities of such Cross-Defendants have been

2    ascertained.  Cross-Complainants further allege that each such Cross-Defendant is responsible in

3    some manner for the actions alleged herein and further for the damages suffered by Cross-

4    Complainants.

5        8.    Cross-Complainants are informed and believe and thereon allege that there exists,

6    and at all times relevant herein there existed, a unity of interest and ownership between Cross-

7    Defendants LIOUDKOVSKI, LEV and ROES 1 to 10 (collectively the "LEV PARTIES"), such that

8    any individuality and separateness between these parties has ceased.  Additionally, Cross-

9    Complainants are informed and believe and thereon allege that LEV and ROES 1 to 5 are

10   undercapitalized, failed to observe corporate formalities, are mere shell entities, and/or are

11   instrumentalities of LIOUDKOVSKI and ROES 6 to 10.  Cross-Complainants therefore are

12   informed and believe and thereon allege that the LEV PARTIES are the alter egos of each other and

13   it would be unjust not to hold each of these parties liable for the claims against any of the other

14   parties alleged herein.

15       9.    Cross-Complainants are informed and believe and thereon allege that there exists,

16   and at all times relevant herein there existed, a unity of interest and ownership between Cross-

17   Defendants KEMEL, RPT and ROES 11 to 20 (collectively the "RPT PARTIES"), such that any

18   individuality and separateness between these parties has ceased.  Additionally, Cross-Complainants

19   are informed and believe and thereon allege that RPT and ROES 11 to 15 are undercapitalized,

20   failed to observe corporate formalities, are mere shell entities, and/or are instrumentalities of

21   KEMEL and ROES 16 to 20.  Cross-Complainants therefore are informed and believe and thereon

22   allege that the RPT PARTIES are the alter egos of each other and it would be unjust not to hold

23   each of these parties liable for the claims against any of the other parties alleged herein.

24                           **GENERAL ALLEGATIONS**

25       10.   In or about December 2018, FEYGENBERG and LEIZEROVITZ entered into a

26   business transaction with LEV for LEV's acquisition of a real property located in Sherman Oaks,

27   California consisting of a single-family dwelling (the "Property").  The parties' plan was to purchase

28   a defaulted Promissory Note secured by a first position Deed of Trust for the Property which was in

                                      3

the process of being foreclosed, and to complete the non-judicial foreclosure in order for LEV to

obtain title to the Property.  FEYGENBERG's and LEIZEROVITZ's role in the transaction was

principally to act as lenders who were initially secured by having an interest in the purchased Note

and after foreclosure, were to be secured by a first-position lien against the Property.  Pursuant the

principal written agreement among the parties for this venture, which was prepared by LISITSA (the

"CONTRACT"), LEV was supposed to contribute $1,022,500 to the purchase of the Note and Deed

of Trust.  The LISITSA PARTIES acted as counsel for all parties to the CONTRACT.

11.      Unbeknownst to FEYGENBERG and LEIZEROVITZ, LIOUDKOVSKI was making

secret deals with others to obtain the funds LEV needed to contribute to the purchase of the Note

and Deed of Trust (the "Secret Loans").  LIOUDKOVSKI purported to make these deals on behalf

of LEV, FEYGENBERG and LEIZEROVITZ, even though FEYGENBERG and LEIZEROVITZ

never gave LIOUDKOVSKI authority to do so and were unaware of the deals he was making.

Cross-Complainants are informed and believe and thereon allege that in order to obtain funds from

third parties, LIOUDKOVSKI promised them first-position liens on the Property.  LIOUDKOVSKI

obtained an unknown amount of funds from the third parties in this manner.  Cross-Complainants

are informed and believe and thereon allege that one of the third parties that provided funds to LEV

based upon LIOUDKOVSKI's promise of a first-position lien against the Property was a relative of

LISITSA and that the LISITSA PARTIES were aware of these Secret Loans obtained by

LIOUDKOVSKI for LEV.

12.      LEV, FEYGENBERG and LEIZEROVITZ acquired the defaulted Promissory Note

on or about December 31, 2018.  During the next month, the owner of the Property engaged in legal

actions in both the Superior Court and the Bankruptcy Court to try to derail the foreclosure.

LISITSA represented Lev, FEYGENBERG and LEIZEROVITZ as counsel of record in these legal

proceedings .  Since they were principally acting as lenders, FEYGENBERG and LEIZEROVITZ

never agreed, expected or were told that they would be responsible for any attorneys fees or legal

costs incurred in order to proceed with the foreclosure.  Nonetheless, they were charged in excess of

$24,000 for their share of Defendants' attorneys fees for these court proceedings.  FEYGENBERG

and LEIZEROVITZ  reluctantly accepted that they were being charged for the LISITSA PARTIES'

1  attorneys fees based upon the understanding and expectation that, as lenders, they would ultimately

2  be reimbursed for costs and expenses related to their loan when the loan was paid-off.

3       13.     The foreclosure sale of the Property occurred on January 30, 2019.  Although the

4  Property was sold based upon a credit bid of the amount due on the Promissory Note, the sale did

5  not proceed as agreed by FEYGENBERG, LEIZEROVITZ and LEV.  Despite the agreement that

6  only LEV would take title to the Property and that FEYGENBERG and LEIZEROVITZ would be

7  provided with a first-position Deed of Trust as soon as the foreclosure occurred, the Trustee

8  conducting the foreclosure sale under the direction and supervision of the LEV PARTIES and

9  LISITSA, issued a Trustee's Deed naming LEV,  FEYGENBERG and LEIZEROVITZ jointly as

10  owners of the Property.  Realizing this mistake, LISITSA prepared a Grant Deed to divest

11  FEYGENBERG and LEIZEROVITZ of ownership of the Property and a Deed of Trust to secure

12  FEYGENBERG's and LEIZEROVITZ's loan as a lien against the Property.  (LEIZEROVITZ

13  assigned his loan to SENSIBLE, his business entity, which became a beneficiary of the Deed of

14  Trust with FEYGENBERG which the Deed of Trust was prepared by LISITSA.)  These documents

15  were executed on January 31, 2019, just one day after the Trustee's sale.  However, the LISITSA

16  PARTIES, who had possession of these instruments, acting at the direction and in concert with the

17  LEV Parties, did not record them until March 22, 2019, after many demands from Cross-

18  Complainants for copies of the recorded documents.

19       14.     In early March 2019, before the Grant Deed and Deed of Trust were recorded to try

20  to conform to the parties' agreement, LEV acting through the LISITSA PARTIES asked Cross-

21  Complainants to provide a pay-off demand for their loan in connection with an escrow for a

22  purported sale of the Property.  In connection with that transaction, Cross-Complainants were told

23  that there was a "problem" with the title to the Property.  That "problem" turned out to be a

24  judgment lien against FEYGENBERG for an old lawsuit that FEYGENBERG believed had been

25  settled and dismissed.  Unbeknownst to FEYGENBERG, the claims against him were not dismissed

26  and a judgment was entered against him for $169,855.38.  This "problem" would have never arisen

27  if the foreclosure on the Property had been handled as agreed where FEYGENBERG would never

28  have been named as a title holder of the Property.  Based upon this "problem", LEV, through its

agents, has demanded that SENSIBLE, which had become the sole holder of the loan initially made by FEYGENBERG and LEIZEROVITZ, agree to a payoff of the loan that is reduced by the amount of the judgment.  When SENSIBLE refused to do so, LEV brought this  action against Cross-Complainants seeking compensation not only for the judgment, but also other for other undisclosed liens against the Property that they supposedly caused.  These claims are based in part upon the execution of a Grant Deed by LEIZEROVITZ and FEYGENBERG to convey the interest that they improperly had in the Property to LEV.

15.    In October 2019, Cross-Complainants first learned about the Secret Loans when they received notice of a lawsuit brought by Mariya Ayzenberg.  Ms. Ayzenberg alleged that she made a $300,000 loan to LEV and Cross-Defendants, and that her loan was supposed to be secured by a Deed of Trust for the Property.  She recorded a Notice of Pendency of Action against the Property clouding title.  Prior to this time, Cross-Complainants had no idea that Ms. Ayzenberg had purportedly loaned any money to LEV related to the acquisition of the Property.

16.    In December 2019, Cross-Complainants learned about another Secret Loan when they received notice of another lawsuit brought against LEV and them, alleging that they borrowed $119,000 from an undisclosed principal for the acquisition of the Property. (The lawsuit was brought by FR LLC as an assignee of the Secret Loan.)  The plaintiff alleged that the loan was supposed to be secured by a first position Deed of Trust for the Property and, according to the court docket, the plaintiff recorded a Notice of Pending Action.  Prior to this time, Cross-Complainants was not aware of this purported loan to LEV related to the acquisition of the Property.

### FIRST CAUSE OF ACTION

(By All Cross-Complainants for Breach of Contract against the LEV PARTIES)

17.    Cross-Complainants incorporate here by reference all of the allegations set forth in paragraphs 1 through 16, inclusive, of this Cross-Complaint.

18.    The CONTRACT is a written contract between the parties.  (Due to a confidentiality provision in the CONTRACT, Cross-Complainants are not attaching the documents as an exhibit, but have pled the essential relevant terms.)  SENSIBLE is a successor-in-interest to the benefits of LEIZEROVITZ and FEYGENBERG under the CONTRACT.

19.    Cross-Complainants performed and were ready, willing and able to perform all obligations required of them pursuant to the CONTRACT except as have been waived, excused or rendered impossible by Cross-Defendants and their conduct.

20.    Cross-Defendants breached the contract by (a) failing to contribute $1,022,500 of their own funds (not borrowed funds) to the acquisition of the Property, (b) not causing the Trustee's foreclosure sale of the Property to be conducted as agreed where title to the Property was vested solely in LEV and Cross-Complainants being provided immediately with a first position Deed of Trust; and ( c) based upon promises made in connection with obtaining the Secret Loans, potentially giving third parties lien rights in the Property superior to those of Cross-Defendants.

21.    Based upon Cross-Defendants' breach of contract, Cross-Complainants have sustained damages in terms of the judgment against FEYGENBERG that has now become a lien against the Property and the claims, clouds on title, and prospective defense costs and liability with respect to the Secret Loans.  Cross-Complainants believes that their damages may exceed $600,000, subject to proof at the time of trial.

### SECOND CAUSE OF ACTION

(By all Cross-Complaints for Breach of Fiduciary Duty

Against the LEV PARTIES, the LISITSA PARTIES and ROES 21 to 30)

22.    Cross-Complainants incorporate here by reference all of the allegations set forth in paragraphs 1 through 16, inclusive, of this Cross-Complaint.

23.    The LEV PARTIES were Cross-Complainants' business partners in connection with the transaction memorialized by the CONTRACT.  Further, the LISITSA PARTIES acted a counsel for Cross-Complainants.  Consequently, Cross-Defendants and each of them owed a fiduciary duty of care to Cross-Complainants.

24.    Defendants breached their fiduciary duty to Cross-Complainants by, among other things, arranging and obtaining the Secret Loans, failing to disclose the Secret Loans to Cross-Complainants, and conducting the foreclosure sale of the Property so as to convey title, in part, to FEYGENBERG and LEIZEROVITZ.

//

7

25.    As the result of Cross-Defendants' breach of fiduciary duty, Cross-Complainants have sustained damages which are believed to be in excess of $600,000.

26.    Cross-Defendants' breach of fiduciary duty was committed with fraud and malice as those terms are defined in Civil Code Section 3294.   Cross-Defendants knew that the Secret Loans were contrary to promises and representations made to Cross-Complainants as well as the CONTRACT, and that Cross-Complainants would sustain harm by virtue of the Secret Loans. Further, Cross-Defendants had a duty to disclose the Secret Loans to Cross-Complainants but failed to do so.  Cross-Complainants are therefore entitled to an award of exemplary damages against Cross-Defendants in an amount deemed appropriate by the trier of fact.

_____**THIRD CAUSE OF ACTION**

(By All Cross-Complainants for Concealment Against

the LEV PARTIES, the LISITSA PARTIES and ROES 21 to 30)

27.    Cross-Complainants incorporate here by reference all of the allegations set forth in paragraphs 1 through 16, inclusive, of this Cross-Complaint.

28.    By The LEV PARTIES were Cross-Complainants' business partners in connection with the transaction memorialized by the CONTRACT.  Further, the LISITSA PARTIES acted a counsel for Cross-Complainants.  By virtue of these relationships, Cross-Defendants and each of them had a duty to disclose the Secret Loans to Cross-Complainants.  However, Cross-Defendants failed to disclose the Secret Loans to Cross-Complainants, purposefully concealing their existence, in order to deceive Cross-Complainants so that they would not know that these loans existed.

29.    Based upon Cross-Defendants' concealment of the Secret Loans, Cross-Complainants were unaware of those Loans and the promises that the LEV PARTIES made to third parties, supposedly on Cross-Complainants' behalf.  Cross-Complainants would not have proceeded with the business transaction with LEV had they known of the Secret Loans.

30.    Cross-Complainants have been damaged by Cross-Defendants' deceit in terms of the claims made by third parties that loaned LEV money pursuant to the Secret Loans which include their placing clouds on title, and prospective defense costs and liability.  Cross-Complainants believes that their damages may exceed $300,000, subject to proof at the time of trial.

CROSS-COMPLAINT

31.     Cross-Defendants' concealment of the Secret Loans was fraudulent and committed with malice as those terms are defined in Civil Code Section 3294.   Cross-Defendants knew that the Secret Loans were contrary to promises and representations made to Cross-Complainants as well as the CONTRACT, and that Cross-Complainants would sustain harm by virtue of the Secret Loans. Further, Cross-Defendants had a duty to disclose the Secret Loans to Cross-Complainants but failed to do so.  Cross-Complainants are therefore entitled to an award of exemplary damages against Cross-Defendants in an amount deemed appropriate by the trier of fact.

**FOURTH CAUSE OF ACTION**

(By All Cross-Complainants for Indemnity Against

the LEV PARTIES, the LISITSA PARTIES and ROES 21 to 30)

32.     Cross-Complainants incorporate here by reference all of the allegations set forth in paragraphs 1 through 16, inclusive, of this Cross-Complaint.

33.     The third parties who made Secret Loans to LEV have brought lawsuits against Cross-Complainants for the breach of such loans.  Cross-Complainants have been named as defendants in these actions based upon the unauthorized and fraudulent representations and promises by Cross-Defendants that they were acting on behalf of Cross-Complainants.  The claims against Cross-Complainants in these actions are thus wholly based upon the misconduct of Cross-Defendants.  Cross-Complainants are therefore entitled to indemnity from Cross-Defendants for any cost and expense in opposing the lawsuits based upon the Secret Loans as well as for any settlement or judgment with respect to those claims that detrimentally impact Cross-Complainants.

**FIFTH CAUSE OF ACTION**

(By All Cross-Complainants for Declaratory Relief Against

the LEV PARTIES, the LISITSA PARTIES and ROES 21 to 30)

34.     Cross-Complainants incorporate here by reference all of the allegations set forth in paragraphs 1 through 16, inclusive, of this Cross-Complaint.

35.     An actual controversy exists among the parties concerning their respective rights and interests in connection with respect to the satisfaction of the judgment against FEYGENBERG and the responsibility for the Secret Loans.  Cross-Complainants contend and Cross-Defendants dispute

1   that: (a) Cross-Complainants have no responsibility to satisfy the judgment against FEYGENBERG;

2   (b) SENSIBLE is entitled to payment of all principal, interest and any other fees and charges on the

3   loan it holds that is secured by the Property without setoff for the judgment against FEYGENBERG;

4   (c) Cross-Defendants are solely responsible for any and all costs and liabilities arising from the

5   Secret Loans; and (d) Cross-Complainants are entitled to indemnity from Cross-Defendants for the

6   claims asserted by the third parties based upon the Secret Loans, including the attorneys fees and

7   costs incurred by Cross-Complainants in defending any action related thereto.  Consequently, a

8   judicial determination of the rights and interest of the parties with respect to these matters is

9   necessary and appropriate.

10              **GENERAL ALLEGATIONS**

11      **AS TO ADDITIONAL CLAIMS AGAINST CROSS-DEFENDANTS BY LEIZEROVITZ**

12          36.    Coachella Vineyard Luxury RV Park, LLC ("RV") owned a real property in

13   Coachella, California which is vacant land that is being developed as a luxury RV park (the "RV

14   Property") .  The RV Property is legally described as follows:

15      LOT 71 OF TRACT 30117-1, IN THE CITY OF COACHELLA, COUNTY OF
        RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN
16      BOOK 331, PAGES 71 AND 78, INCLUSIVE OF MAPS IN THE OFFICE OF THE
        COUNTY RECORDER OF SAID COUNTY.
17
18      EXCEPTING THEREFROM 50% INTEREST IN AND TO ALL OIL, GAS AND
        OTHER HYDROCARBON SUBSTANCES IN AND UNDER SAID LAND AS
        RESERVED BY CANAL WATER LANDOWNERS, A CALIFORNIA
19      CORPORATION IN DEED RECORDED MAY 27, 1954 IN BOOK 1592, PAGE
        201 OF OFFICIAL RECORDS.
20
        EXCEPT THEREFROM THAT PORTION WHICH FALL WITHIN THE
21      BOUNDARIES OF TRACT 328610-1, AS SHOWN ON THE SUBDIVISION MAP
        FILED ON MAY 2,2006 IN BOOK 401 OF MAPS, PAGES 79 TO 88 INCLUSIVE
22      IN THE OFFICE OF THE RIVERSIDE COUNTY RECORDER.

23      APN: 601-620-012-0.

24          37.    Prior to July 2018, LEIZEROVITZ held certain Deeds of Trust securing loans he had

25   made to RV and affiliated entities.  Pursuant to an agreement with RV and others, LEIZEROVITZ

26   agreed to release his Deeds of Trust on the RV Property to allow RV to obtain new financing for the

27   development of that property.  The new financing including a loan made by LEV on or about July

28   31, 2018, purporting to be in the principal amount of $2,000,000 (the "LEV Loan").  The LEV Loan

was secured by a first-position Deed of Trust on the RV Property (the "LEV Deed of Trust") which was recorded on August 7, 2018.

38.    In consideration for releasing his Deeds of Trust against the RV Property, LEIZEROVITZ received, among other things, an unsecured Promissory Note from RV in the amount of $400,000 (the "Unsecured Note") and a Promissory Note (the "Secured Note") which was secured by a Deed of Trust against the RV Property in the amount of $500,000 (the "RV Deed of Trust").

39.    In February 2019, RV agreed that the Unsecured Note would be secured by the RV Deed of Trust as an extension of credit.  Additionally, LEIZEROVITZ agreed to provide RV with a further loan of $50,000 as an extension of the loan secured by the RV Deed of Trust.  The total amount secured by the RV Deed of Trust was therefore $950,000.  The RV Deed of Trust was recorded on February 7, 2019 and constituted a third-position lien on the RV Property.

40.    On June 17, 2019, LEV declared the LEV Loan to be in default.  The Notice of Default was prepared by the RPT PARTIES as the successor Trustee for the LEV Deed of Trust and recorded on June 19, 2019.  The Notice of Default declared that the amount due on the LEV Loan was $2,450,244.27.  The asserted amount of the default was disputed by RV.

41.    LEV recorded a Notice of Sale in connection with its foreclosure on the RV Property on September 19, 2019.   The sale was set for October 15, 2018.

42.    Although LEV ultimately reduced its payoff demand for its loan, RV continued to dispute the amount demanded by LEV and brought a legal action in the Riverside Superior Court seeking a restraining order and preliminary injunction to prevent LEV from completing the foreclosure with the excessive payoff demand (*GA&TV Inc. v. Lev Investments, LLC*, Case Number RIC 1905065) (the "Riverside Acton").  The Riverside Court granted the restraining order on October 10, 2019.  By stipulation of the parties, the hearing on the preliminary injunction was heard on November 6, 2019.  Although the Riverside Court agreed that the Notice of Default and the original demand by LEV was excessive, the Court denied the preliminary injunction sought by RV.  Nonetheless, the Riverside Court specifically stated that the foreclosure sale would need to be based upon LEV's reduced demand.

43.    The expiration of the temporary retraining order and the Court's denial of the preliminary injunction was on November 6, 2019.  Civil Code 2924g(d) imposes an automatic seven day stay upon a foreclosure sale after the expiration of a temporary retraining order and denial of a preliminary injunction, unless there is an express court order waiving the provisions of that statute.  Here, there was no waiver of the stay by the Court.  Hence, pursuant to Civil Code 2924g(d), the earliest date that LEV could proceed with its foreclosure sale of the RV Property was November 13, 2019.

44.    LEIZEROVITZ was following LEV's foreclosure and the Riverside Action as a junior lien holder.   LEIZEROVITZ was interested in the foreclosure and in possibly acquiring the RV Property at the foreclosure sale in order to protect his financial interest in the property by virtue of the RV Deed of Trust.  However, on or about November 12, 2019, LEIZEROVITZ learned that the RPT PARTIES conducted the foreclosure for LEV on November 7, 2019.  The sale was therefore in violation of Civil Code 2924g(d) and LEIZEROVITZ was denied the opportunity to attend the foreclosure and prospectively purchase the RV Property.

45.    Furthermore, the Trustee's Deed from LEV's foreclosure on the RV Property indicates that the foreclosure proceeded based upon an unpaid debt of $2,570,949.36 and that the amount paid by LEV as a credit bid was $2,500,000.00.  This amount appears to be in excess of the amount that the Riverside Court ruled was appropriate so that the foreclosure was in violation of this Court's Order.  In this regard, it is questionable that LEV could have submitted a credit bid for $2,500,000 since that appears to be more than the Riverside Court determined was owed on the loan.

46.    Cross-Complainants are informed and believe and thereon allege that RV demanded that the improper foreclosure sale of the RV Property be set aside.  However, Cross-Defendants have failed to cancel the Trustee's Deed or confirm RV's title to the Property which would restore the RV Deed of Trust and LEIZEROVITZ's secured interest in the property.  As a result, LEIZEROVITZ has lost his security interest in the RV Property which devalues his loans to RV and denies him the opportunity to foreclose on the RV Property if the loans are not repaid.

//

12

CROSS-COMPLAINT

## SIXTH CAUSE OF ACTION

(By LEIZEROVITZ for Quiet Title against the LEV PARTIES)

47.     Cross-Complainants incorporate here by reference all of the allegations set forth in paragraphs 1 through 9, and 36 through 46, inclusive, of this Cross-Complaint.

48.     The foreclosure sale of the RV Property was in violation of law and void based upon the failure of consideration.  The foreclosure was thus ineffective to divest RV of title to the RV Property and extinguish the RV Deed of Trust.

49.     Cross-Defendants claim and assert that LEV is the owner of the RV Property and that the RV Deed of Trust was extinguished pursuant to the improper and unlawful foreclosure sale. Cross-Defendants' claim of title to the RV Property is adverse to the claim of LEIZEROVITZ that the RV Deed of Trust remains a valid encumbrance of title to the property.

50.     LEIZEROVITZ seeks to quiet title as of November 7, 2019 (the date of the unlawful foreclosure) as to the RV Deed of Trust as a valid and existing encumbrance of title to the RV Property free and clear of any liens Cross-Defendants caused to become attached to the property since that date.

51.     LEIZEROVITZ has and will sustain incidental damages, subject to proof at the time of trial.

## SEVENTH CAUSE OF ACTION

(By LEIZEROVITZ for Cancellation of Instruments

against the LEV PARTIES, the RPT PARTIES and ROES 31 to 40)

52.     Cross-Complainants incorporate here by reference all of the allegations set forth in paragraphs 1 through 9, and 36 through 46, inclusive, of this Cross-Complaint.

53.     The RPT PARTIES' foreclosure sale of the RV Property was in violation of law and void based upon the failure of consideration.  The RPT PARTIES therefore did not have legal authority to execute the Trustee's Deed purported conveying title to the RV Property to LEV and the Trustee's Deed is a void instrument.

54.     LEIZEROVITZ has and will sustain serious injury and pecuniary loss based upon LEV's claims of title to the RV Property pursuant to the invalid Trustee's Deed.  Among other

13

things, LEIZEROVITZ has lost security for loans totaling $950,000 in principal.  The Court should therefore declare that the Trustee's Deed is canceled and of no force and effect.

55.     LEIZEROVITZ has and will sustain incidental damages, subject to proof at the time of trial.

### EIGHTH CAUSE OF ACTION

(By LEIZEROVITZ for Wrongful Foreclosure

against the LEV PARTIES, the RPT PARTIES and ROES 31 to 40)

56.     Cross-Complainants incorporate here by reference all of the allegations set forth in paragraphs 1 through 9, and 36 through 46, inclusive, of this Cross-Complaint.

57.     As describe herein, Cross-Defendants caused an illegal foreclosure sale of the RV Property.  The foreclosure was in violation of Civil Code 2924g(d) and this Court's specific order. The sale and the resulting Trustee's Deed are therefore void.

58.     LEIZEROVITZ was following LEV's foreclosure and the Riverside Action as a junior lien holder.   LEIZEROVITZ was interested in possibly acquiring the RV Property at the foreclosure sale in order to protect his financial interest in the property by virtue of the RV Deed of Trust.  However, LEIZEROVITZ was preempting from monitoring the foreclosure and prospectively acquiring the RV Property by Cross-Defendants' action in surreptitiously proceeding with the trustee's sale before it was legal to do so.

59.     LEIZEROVITZ has been substantially damaged based upon the loss of the RV Property as security for his loans.  Without the RV Property as security, LEIZEROVITZ expects to have difficulty in obtaining repayment and his damages could be in excess of $1,000,000.

60.     Even if the Court restores RV's title to the property and LEIZEROVITZ's Deed of Trust, LEIZEROVITZ has and will sustain incidental damages, subject to proof at the time of trial.

### NINTH CAUSE OF ACTION

(By LEIZEROVITZ for Declaratory and Injunctive Relief

against the LEV PARTIES, the RPT PARTIES and ROES 31 to 40)

61.     Cross-Complainants incorporate here by reference all of the allegations set forth in paragraphs 1 through 9, and 36 through 46, inclusive, of this Cross-Complaint.

CROSS-COMPLAINT

62.     A current dispute exists between the parties as to the invalidity of LEV's foreclosure on the RV Property and whether LEIZEROVITZ's Deed of Trust was extinguished. LEIZEROVITZ contends that Cross-Defendants' non-judicial foreclosure sale of the RV Property is void and that the RV Deed of Trust remains a valid encumbrance of the RV Property.  Cross-Defendants deny and dispute these contentions.  LEIZEROVITZ therefore seeks a judicial determination of this controversy which is necessary and appropriate to determine ownership of the RV Property and prevent Cross-Defendants from depriving LEIZEROVITZ of security for his loans to RV and its affiliates.

63.     LEIZEROVITZ is informed and believes and thereon alleges that Cross-Defendants plan to encumber, hypothecate, transfer, and/or sell the RV Property.  Such action will potentially prevent LEIZEROVITZ from obtaining the relief sought through this action and cause irreparable damage to LEIZEROVITZ.  LEIZEROVITZ is owed over $1,000,000 that is supposed to be secured by the RV Property.  The Court should therefore issue a temporary restraining order and preliminary injunction enjoining Cross-Defendants from encumbering, hypothecating, transferring, and/or selling the RV Property during the pendency of this action as well as a permanent injunction once the parties' rights are determined by the Court.

**PRAYER**

WHEREFORE, Cross-Complainants pray for judgment against Cross-Defendants, and each of them, as follows:

**ON THE FIRST CAUSE OF ACTION:**

1.     For compensatory damages of $600,000.00, according to proof;

**ON THE SECOND CAUSE OF ACTION:**

2.     For compensatory damages of $600,000.00, according to proof;

3.     For punitive damages;

**ON THE THIRD CAUSE OF ACTION:**

4.     For compensatory damages of $300,000.00, according to proof;

5.     For punitive damages;

//

CROSS-COMPLAINT

**ON THE FOURTH OF ACTION:**

6.    For an order that Cross-Defendants indemnify Cross-Complainants for any cost and expense in opposing the lawsuits based upon the Secret Loans as well as for any settlement or judgment with respect to those claims that detrimentally impact Cross-Complainants;

**ON THE FIFTH CAUSE OF ACTION:**

7.    For a judicial determination and declaration that: (a) Cross-Complainants have no responsibility to satisfy the judgment against FEYGENBERG; (b) SENSIBLE is entitled to payment of all principal, interest and any other fees and charges on the loan it holds that is secured by the Property without setoff for the judgment against FEYGENBERG; (c) Cross-Defendants are solely responsible for any and all costs and liabilities arising from the Secret Loans; and (d) Cross-Complainants are entitled to indemnity from Cross-Defendants for the claims asserted by the third parties based upon the Secret Loans, including the attorneys fees and costs incurred by Cross-Complainants in defending any action related thereto;

**ON THE SIXTH CAUSE OF ACTION:**

8.    For a judgment quieting LEIZEROVITZ'S Deed of Trust to the RV Property senior to any liens created by LEV since November 7, 2019;

9.    For incidental damages subject to proof at the time of trial;

**ON THE SEVENTH CAUSE OF ACTION:**

10.    For cancellation of the Trustee's Deed purporting to convey title to the RV Property to LEV;

11.    For incidental damages subject to proof at the time of trial;

**ON THE EIGHTH CAUSE OF ACTION:**

12.    For compensatory damages of $1,000,000.00, according to proof;

**ON THE NINTH CAUSE OF ACTION:**

13.    For a permanent injunction enjoining Cross-Defendants from encumbering, hypothecating, transferring, and/or selling the RV Property;

14.    For a temporary restraining order and preliminary injunction enjoining Cross-Defendants from encumbering, hypothecating, transferring, and/or selling the RV Property during

16

the pendency of this action;

**ON ALL CAUSES OF ACTION:**

15.    For prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288;

16.    For costs of suit; and

17.    For such further relief as the Court deems just and proper.

DATED: March 20, 2020.                    BURGEE & ABRAMOFF P.C.


By:_____/s/ John G. Burgee_____
        JOHN G. BURGEE
Attorneys for Defendants and Cross-Complainants
RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ
and SENSIBLE CONSULTING AND
MANAGEMENT, INC.

CROSS-COMPLAINT

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 20501 Ventura Boulevard, Woodland Hills, California 91364.

On March 20, 2020, I served the foregoing document described as: CROSS-COMPLAINT OF RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ AND SENSIBLE CONSULTING AND MANAGEMENT, INC. FOR DAMAGES AND EQUITABLE RELIEF on the interested parties in this action:

/X/    by placing /_/ the original /X/ a true copy thereof enclosed in sealed envelopes addressed as follows:

James R. Felton, Esq.
G&B Law, LLP
16000 Ventura Blvd., Suite 1000
Encino, California 91436-2730
E: jfelton@gblawllp.com
Fax: 818-986-6534

[X]    BY MAIL

[X]    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **(BY PERSONAL SERVICE) I delivered such envelope by hand to the office/home of the addressee.

Executed March 20, 2020, at Woodland Hills, California.

/X/    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

| John Burgee | /s/ John G. Burgee |
|---|---|
| Type or Print Name | Signature |

CROSS-COMPLAINT

1  **JOHN G. BURGEE, ESQ. (State Bar No. 132129)**
   **BURGEE & ABRAMOFF, P.C.**
2  20501 Ventura Boulevard, Suite 262
   Woodland Hills, California  91364
3  Tel: (818) 264-7575
   Fax: (818) 264-7576
4
   Attorneys for Defendants RUVIN FEYGENBERG,
5  MICHAEL LEIZEROVITZ and SENSIBLE
   CONSULTING AND MANAGEMENT, INC.
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10                        NORTHWEST DISTRICT

11

12 LEV INVESTMENTS, LLC,              )  CASE NO. 19VECV00878
                                      )
13              Plaintiff,            )  NOTICE OF PENDING ACTION
                                      )
14    v.                             )  (APN 697-330-002-4)
                                      )
15 RUVIN FEYGENBERG, MICHAEL          )
   LEIZEROVITZ, SENSIBLE             )
16 CONSULTING AND MANAGEMENT,         )
   INC., MING ZHU, LLC, and DOES 1   )
17 through 100, inclusive,            )
                                      )
18              Defendants.           )
   _____ )
19                                    )
   AND CROSS-COMPLAINT.               )
20 _____ )

21        NOTICE IS HEREBY GIVEN that on March 20, 2020, Defendant/Cross-Complainant

22 MICHAEL LEIZEROVITZ filed a Cross-Complaint in this action pending in the Superior Court

23 of the State of California for the County of Los Angeles with the above-stated case number,

24 which concerns and affects the title to real property legally described as follows:

25        LOT 71 OF TRACT 30117-1, IN THE CITY OF COACHELLA, COUNTY OF
          RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN
26        BOOK 331, PAGES 71 AND 78, INCLUSIVE OF MAPS IN THE OFFICE OF
          THE COUNTY RECORDER OF SAID COUNTY.
27
          EXCEPTING THEREFROM 50% INTEREST IN AND TO ALL OIL, GAS
28        AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER SAID

                                       1
   ─────────────────────────────────────────────────────────
            NOTICE OF PENDING ACTION (APN 697-330-002-4)

LAND AS RESERVED BY CANAL WATER LANDOWNERS, A CALIFORNIA CORPORATION IN DEED RECORDED MAY 27, 1954 IN BOOK 1592, PAGE 201 OF OFFICIAL RECORDS.

EXCEPT THEREFROM THAT PORTION WHICH FALL WITHIN THE BOUNDARIES OF TRACT 328610-1, AS SHOWN ON THE SUBDIVISION MAP FILED ON MAY 2,2006 IN BOOK 401 OF MAPS, PAGES 79 TO 88 INCLUSIVE IN THE OFFICE OF THE RIVERSIDE COUNTY RECORDER

(APN 697-330-002-4)

Among other things, Cross-Complainant LEIZEROVITZ claims that the Trustee's Deed dated November 7, 2019 and recorded on November 9, 2019 as Document Number 2019-0463223, with the County Recorder for Riverside County, that purports to convey title to the Property to Defendant LEV INVESTMENTS, LLC, is invalid, void and ineffective to invalidate Cross-Complainant LEIZEROVITZ's Deed of Trust recorded against the Property on February 7, 2019.

All persons who hereafter seek to acquire any interest in the real property shall acquire such interest or title subject to this Notice of Pending Action and the March 20, 2020 Cross-Complaint herein which seeks confirm Cross-Complainant LEIZEROVITZ lien on the Property.

DATED: April 8, 2020.                    BURGEE & ABRAMOFF P.C.


By:_____/s/ John G. Burgee_____
                    JOHN G. BURGEE
                    Attorneys for Defendants RUVIN FEYGENBERG,
                    MICHAEL LEIZEROVITZ and SENSIBLE
                    CONSULTING AND MANAGEMENT, INC.

2

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

  I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 20501 Ventura Boulevard, Woodland Hills, California 91364.

  On April 8, 2020, I served the foregoing document described as: NOTICE OF PENDING ACTION on the interested parties in this action:

/X/ by placing / / the original /X/ a true copy thereof enclosed in sealed envelopes addressed as follows:

  James R. Felton, Esq.     Counsel of record for Lev Investments, LLC
  G&B Law, LLP
  16000 Ventura Blvd., Suite 1000
  Encino, California 91436-2730
  E:  jfelton@gblawllp.com
  Fax:  818-986-6534

[X]  BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED

  [X]  As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  **(BY PERSONAL SERVICE) I delivered such envelope by hand to the office/home of the addressee.

  Executed April 8, 2020, at Woodland Hills, California.

/X/  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

 John Burgee       /s/ John G. Burgee
Type or Print Name      Signature

NOTICE OF PENDING ACTION (APN 697-330-002-4)

1  JAMES R. FELTON, ESQ. (State Bar No. 138767)
   jfelton@gblawllp.com
2  JEREMY H. ROTHSTEIN, ESQ. (State Bar No. 316140)
   jrothstein@gblawllp.com
3  G&B LAW, LLP
   16000 Ventura Boulevard, Suite 1000
4  Encino, California 91436
   Tel: (818) 382-6200 • Fax: (818) 986-6534
5
   Attorneys for Plaintiff and Cross-Defendant
6  LEV Investments, LLC

7

8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9           **FOR THE COUNTY OF LOS ANGELES, NORTHWEST DISTRICT**

10

| | |
|---|---|
| 11  LEV INVESTMENTS, LLC, | **CASE NO.:** 19VECV00878 |
| 12              Plaintiff, | **JUDGE:**  Hon. Huey P. Cotton<br>Dept. A |
| 13      vs. | **NOTICE OF CONTINUANCE OF CASE MANAGEMENT CONFERENCE** |
| 14  RUVIN FEYGENBERG, MICHAEL<br>LEIZEROVITZ, SENSIBLE CONSULTING<br>15  AND MANAGEMENT, INC., MING ZHU,<br>LLC; and DOES 1 through 20, | |
| 16 | **DATE:**  September 21, 2020 |
|     Defendants. | **TIME:**  8:30 a.m. |
| 17 | **DEPT:**  A |
| 18 | |
| 19  RUVIN FEYGENBERG, MICHAEL<br>LEIZEROVITZ, and SENSIBLE<br>CONSULTING AND MANAGEMENT, INC. | |
| 20 | |
|     Cross-Complainants, | |
| 21 | |
|     v. | |
| 22 | |
| 23  LEV INVESTMENTS, LLC, DIMITRI<br>LIOUDKOVSKI (aka Dimitri Ludkovski),<br>YEVGENIYA LISITSA (aka Y. GINA<br>24  LISITSA), LISITSA LAW, INC., REAL<br>PROPERTY TRUSTEE, INC., MIKE KEMEL,<br>25  and ROES 1 to 50, | |
| 26              Cross-Defendants | |
| 27 | |
| 28 | |

1

1858558.1 - 32417.0004

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE THAT the Case Management Conference for the above-entitled

3    case previously set for June 11, 2020 at 8:30 a.m., has been continued to **September 21, 2020** at

4    **8:30 a.m.** in the above-entitled court located at 6230 Sylmar Avenue, Van Nuys, CA 91401.

5    Dated:  April 15, 2020                              G&B LAW, LLP

6

7                                                        By: _____
                                                            JAMES R. FELTON, ESQ.
8                                                           JEREMY H. ROTHSTEIN, ESQ.
                                                            Attorneys for  Plaintiff and Cross-Defendant,
9                                                           LEV Investments, LLC

10

11

12

13



14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1858558.1 - 32417.0004

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is **16000 Ventura Boulevard, Suite 1000, Encino, California 91436.**

On April 15, 2020, I served the foregoing document described as **NOTICE OF CONTINUANCE OF CASE MANAGEMENT CONFERENCE** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 16000 Ventura Boulevard, Suite 1000, Encino, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY E-MAIL:** I caused the above referenced document to be delivered to the e-mail addresses indicated on the Service List.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 16000 Ventura Boulevard, Suite 1000, Encino, California. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 15, 2020, at Encino, California.

Nora Knadjian

1

PROOF OF SERVICE

1

## SERVICE LIST

2

3  John G. Burgee, Esq                  **Attorneys for Defendants**
   Burgee & Abramoff, P.C.              Telephone:  (818) 264-7575
4  20501 Ventura Boulevard, Suite 262   Fax:  (818) 264-7576
   Woodland Hills, California 91364     Email: jburgee@bandalaw.net

5

6  Timothy Krantz, Esq.                 **Attorneys for Defendants**
   Law Office of Timothy Krantz         Telephone:  (949) 752-2291
7  2082 Michelson Drive, #212           Fax:  (949) 752-2323
   Irvine, California 92612             Email: krantzlaw@pacbell.net

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

1824331.1 - 32417.0004

Michael Shemtoub, Esq.   SBN 253948
BEVERLY LAW
4929 Wilshire Boulevard, Suite 702
Los Angeles, California 90010
Telephone:     (310) 552-6921
Facsimile:      (323) 421-9397

Attorney for Real Property Trustee, Inc.
and Mike Kemel

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

NORTHWEST JUDICIAL DISTRICT

| | |
|---|---|
| LEV INVESTMENTS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC.; MING ZHU, LLC; and DOES 1 through 100, inclusive, <br><br> Defendants. <br><br> RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC. <br><br> Cross-Complainants, <br><br> vs. <br><br> LEV INVESTMENTS, LLC, DMITRI LIOUDKOVSKI (aka Dmitri Ludkovski), YEVGENIYA LISITSA (aka Y. GINA LISITSA), LISITSA LAW, INC., REAL PROPERTY TRUSTEE, INC., MIKE KEMEL, and ROES 1 to 50, <br><br> Cross-Defendants. | Case No.: 19VECV00878 <br><br> DECLARATION OF NON-MONETARY STATUS OF DEFENDANTS REAL PROPERTY TRUSTEE, INC. AND MIKE KEMEL <br><br> Place:        Dept. A <br> Judge:       Hon. Huey P. Cotton <br><br> Complaint Filed:    June 20, 2019 <br> Trial Date:         Not set |

- 1 -

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF

RECORD:

NOTICE IS HEREBY GIVEN THAT Defendants Real Property Trustee, Inc. and Mike

Kemel, hereinafter collectively Defendants, hereby submit the attached Declaration of Trustee's

Non-Monetary status pursuant to California Civil Code § 2924*l*.

California Civil Code § 2924*l*(a) provides in pertinent part that:

In the event that a trustee under a deed of trust is named in an action or proceeding
in which that deed of trust is the subject, and in the event that the trustee maintains
a reasonable belief that it has been named in the action or proceeding solely in its
capacity as trustee, and not arising out of any wrongful acts or omissions on its part
in the performance of its duties as trustee, then, at any time, the trustee may file a
declaration of nonmonetary status.
California Civil Code § 2924*l*(a).

Defendants believe that they have been named in this case solely in their capacity as

Trustee under the Deed of Trust dated July 31, 2018 executed by **Abraham Gottlieb, Managing**

**Member of Coachella Vineyard Luxury RV Park LLC, a California Limited Liability**

**Company,** Trustor, **North American Title Company, a California Corporation**, Trustee, **Lev**

**Investments, LLC, a California Limited Liability Company**, Beneficiary/Lender, and

recorded as Instrument No. **2018-0317977** on **August 7, 2018**, in book ___, page ____, of

Official Records in the County Recorder's office of Riverside County, California, as described in

said deed of trust, against the vacant land in Coachella, California, 92236, APN: 697-330-002-4.

Respectfully submitted,

Dated: May 8, 2020                    BEVERLY LAW

By _____
Michael Shemtoub, Esq.
Attorney for Real Property Trustee, Inc.
and Mike Kemel

DECLARATION OF NON-MONETARY STATUS OF DEFENDANTS REAL PROPERTY TRUSTEE, INC.
AND MIKE KEMEL

## DECLARATION OF MIKE KEMEL

I, Mike Kemel, declare as follows:

1.  I am the principal of Real Property Trustee, Inc., hereinafter RPT, and the Defendant in this case and as such have personal knowledge of the facts contained herein and if called as a witness, I could and would competently testify thereto.

2.  I submit this declaration pursuant to California Civil Code § 2924*l*.

3.  RPT was the substitute/successor trustee under the Deed of Trust dated July 31, 2018 executed by **Abraham Gottlieb, Managing Member of Coachella Vineyard Luxury RV Park LLC, a California Limited Liability Company,** Trustor, **North American Title Company, a California Corporation**, Trustee, **Lev Investments, LLC, a California Limited Liability Company**, Beneficiary/Lender, and recorded as Instrument No. **2018-0317977** on **August 7, 2018**, in book ___, page ____, of Official Records in the County Recorder's office of Riverside County, California, as described in said deed of trust, hereinafter trust deed. That trust deed is the subject of this action.

4.  At all relevant times, I was the trustee sale officer acting on behalf of RPT under the trust deed.

5.  RPT and I maintain a reasonable belief that we have been named as defendants in this case solely in our capacity as a trustee under that trust deed. Furthermore, it is our reasonable belief that we have not been named as defendants because of any acts or omissions on our part in the performance of our duties as trustee.

6.  The basis for our belief is the language of the Cross-Complaint ¶ 40.

7.  We agree to be bound by whatever order or non-monetary judgment is issued by the Court regarding the trust deed.

Executed this 8th day of May, 2020 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

/s/ _____
Mike Kemel

DECLARATION OF NON-MONETARY STATUS OF DEFENDANTS REAL PROPERTY TRUSTEE, INC.
AND MIKE KEMEL

POS-050/EFS-050

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO: 253,948<br>NAME: Michael Shemtoub, Esq.<br>F RM NAME: BEVERLY LAW<br>STREET ADDRESS: 4929 Wilshire Boulevard, Suite 702<br>CITY: Los Angeles    STATE: CA    ZIP CODE: 90010<br>TELEPHONE NO.: (310) 552-6921    FAX NO. : (323) 421-9397<br>E-MAIL ADDRESS: michaelshemtoub@gmail.com<br>ATTORNEY FOR (name): Real Property Trustee, Inc. and Mike Kemel | FOR COURT USE ONLY |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>  STREET ADDRESS:  6230 Sylmar Ave.<br>  MAILING ADDRESS:  6230 Sylmar Ave.<br>  CITY AND ZIP CODE:     Van Nuys 91401<br>    BRANCH NAME:  Van Nuys Courthouse East | |
| PLAINTIFF/PETITIONER: LEV INVESTMENTS, LLC | CASE NUMBER:<br>19VECV00878 |
| DEFENDANT/RESPONDENT: RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ, et al. | JUDICIAL OFFICER:<br>Hon. Huey P. Cotton |
| **PROOF OF ELECTRONIC SERVICE** | DEPARTMENT:<br>A |

1.  I am at least 18 years old.

   a.  My residence or business address is *(specify):*
      4929 Wilshire Boulevard, Suite 702
      Los Angeles, California 90010

   b.  My electronic service address is *(specify):*
      michaelshemtoub@gmail.com

2.  I electronically served the following documents *(exact titles):*
   DECLARATION OF NON-MONETARY STATUS OF DEFENDANTS REAL PROPERTY TRUSTEE, INC. AND MIKE KEMEL

   ☐  The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3.  I electronically served the documents listed in 2 as follows:

   a.  Name of person served: John G. Burgee, Esq. and James R. Felton, Esq.

      On behalf of *(name or names of parties represented, if person served is an attorney):*
      Feygenberg, Leizerovitz, Sensible Consulting and Management, Inc., Lev Investments, LLC

   b.  Electronic service address of person served :
      jburgee@bandalaw.net; jfelton@gblawllp.com

   c.  On *(date):*  May 8, 2020

      ☐  The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
      *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date: May 8, 2020

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Michael Shemtoub, Esq.
_____
(TYPE OR PRINT NAME OF DECLARANT)    ▶    _____
(SIGNATURE OF DECLARANT)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050 [Rev. February 1, 2017]

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251
*www.courts.ca.gov*

For your protection and privacy, please press the Clear
This Form button after you have printed the form.    | Print this form |    | Save this form |    | Clear this form |

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| Michael Shemtoub, Esq.<br>BEVERLY LAW<br>4929 Wilshire Boulevard, Suite 702<br>Los Angeles, California 90010<br>Telephone: (310) 552-6921 Facsimile: (323) 421-9397 | 253948 | **FILED**<br>Superior Court of California<br>County Of Los Angeles<br><br>MAY 11 2020<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____, Deputy<br>Florian Rodriguez |

ATTORNEY FOR (Name):Real Property Trustee, Inc.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
6230 Sylmar Ave., Van Nuys, CA 91401

PLAINTIFF/PETITIONER:
LEV INVESTMENTS, LLC

DEFENDANT/RESPONDENT:
RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; et al.

| PEREMPTORY CHALLENGE TO JUDICIAL OFFICER<br>(Code Civ. Proc., § 170.6) | CASE NUMBER:<br>19VECV00878 |
|---|---|

| Name of Judicial Officer: (PRINT)<br><br>Huey P. Cotton | Dept. Number:<br><br>A | REC'D BY U.S. MAIL<br><br>MAY 11 2020<br><br>L.A.S.C.-Northwest East |
|---|---|---|
| ☑ Judge | ☐ Commissioner | ☐ Referee |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

---

## DECLARATION

**I declare under penalty of perjury, under the laws of the State of California, that the information entered on this form is true and correct.**

Filed on behalf of: Real Property Trustee
          Name of Party

☐ Plaintiff/Petitioner      ☐ Cross Complainant
☐ Defendant/Respondent    ☑ Cross Defendant
☐ Other: _____

Dated: 5/8/2020

_____
Signature of Declarant

Michael Shemtoub, Esq.
_____
Printed Name

*Timely. Judge Virginia Keeny*

VIRGINIA KEENY

| Print | Save | | Clear |
|---|---|---|---|

LACIV 015 (Rev. 12-14)
LASC Approved 04-04
For Optional Use

**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**
**(Code Civ. Proc., § 170.6)**

Code Civ. Proc., § 170.6

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Northwest District, Van Nuys Courthouse East, Department A

**19VECV00878**                                                          May 13, 2020
**LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.**        10:30 AM

Judge: Honorable Virginia Keeny                    CSR: None
Judicial Assistant: V. Aparicio                    ERM: None
Courtroom Assistant: None                          Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order (Re: Peremptory Challenge Pursuant to Code of
Civil Procedure Section 170.6)

The matter is not called for hearing.

Based on current conditions, including, but not limited to, the spread of COVID-19, the need for
social distancing, and a state of emergency having been declared by Governor Newsom,
department A is dark on this date.

The matter is specially reviewed by the Honorable Judge Virginia Keeny in chambers.

The Court reviews the Peremptory Challenge filed by REAL PROPERTY TRUSTEE, INC.
(Cross-Defendant) on 05/11/2020 pursuant to Code of Civil Procedure section 170.6 and finds
that it was timely filed, in proper format, and is accepted.

Good cause appearing and on order of the Court, the above matter is reassigned to Judge Theresa
M. Traber in Department U at the Van Nuys Courthouse East for all further proceedings.

If any appearing party has not yet exercised a peremptory challenge under Code of Civil
Procedure section 170.6, peremptory challenges by them to the newly assigned judge must be
timely filed within the 15 day period specified in Code of Civil Procedure section 170.6, with
extensions of time pursuant to Code of Civil Procedure section 1013 if service is by mail.
Previously non-appearing parties, if any, have a 15-day statutory period from first appearance to
file a peremptory challenge (Government Code section 68616(1)).

Case Management Conference on 09/21/2020 8:30 AM in Department A at Van Nuys
Courthouse East is advanced and continued to 09/21/2020 8:30 AM in Department U at Van

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Northwest District, Van Nuys Courthouse East, Department A

**19VECV00878**                                                   May 13, 2020
**LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.**              10:30 AM

Judge: Honorable Virginia Keeny          CSR: None
Judicial Assistant: V. Aparicio          ERM: None
Courtroom Assistant: None                Deputy Sheriff: None

Nuys Courthouse East.

The parties/counsel are directed to contact the newly assigned department by phone forthwith to reset their respective motion hearings (if any) in the newly assigned department.

Certificate of Mailing is attached.

Minute Order                                                     Page 2 of 2

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:

Van Nuys Courthouse East
6230 Sylmar Avenue, Van Nuys, CA 91401

**FILED**
Superior Court of California
County of Los Angeles
05/13/2020
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ V. Aparicio _____ Deputy

PLAINTIFF(S):

Lev Investments, LLC

DEFENDANT(S):

Ruvin Feygenberg et al

**NOTICE OF CASE REASSIGNMENT AND ORDER FOR
PLAINTIFF TO GIVE NOTICE (Dates Remain)**

CASE NUMBER:

19VECV00878

TO THE PLAINTIFF(S) AND PLAINTIFF'S ATTORNEY OF RECORD OR PLAINTIFF(S) IN PROPRIA PERSONA:

You are hereby notified that effective 05/13/2020_____, an order was made that the above-entitled action, previously assigned to Huey P. Cotton_____, is now and shall be assigned to Theresa M. Traber_____ as an Individual Calendar (IC), direct calendaring judge for all purposes, including trial, in department __U___ at Van Nuys Courthouse East_____. (See Chapter 3, Los Angeles Court Rules) All matters on calendar in this case will remain set on the dates previously noticed, in the department indicated above unless otherwise ordered by the court.

Notice is further given that plaintiff in propria persona or counsel for the plaintiff is ordered to give notice of this all-purpose case assignment by serving a copy of the notice on all parties to this action within 10 days of service of this notice by the court, and file proof of service thereof within 12 days of this notice. Failure to timely give notice and file proof of service may lead to imposition of sanctions pursuant to Code of Civil Procedure section 177.5 or otherwise.

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 05/13/2020_____          By V. Aparicio_____
                                            Deputy Clerk

**NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE
(Dates Remain)**

(Proposed LACIV 252)

LASC Approved 00-00

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
Van Nuys Courthouse East
6230 Sylmar Avenue, Van Nuys, CA 91401

**FILED**
Superior Court of California
County of Los Angeles
05/13/2020
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ V. Aparicio _____ Deputy

PLAINTIFF/PETITIONER:
Lev Investments, LLC

DEFENDANT/RESPONDENT:
Ruvin Feygenberg et al

## CERTIFICATE OF MAILING

CASE NUMBER:
19VECV00878

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order (Re: Peremptory Challenge Pursuant to Code of Civ...) of 05/13/2020  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Van Nuys, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

John G. Burgee
Burgee & Abramoff, P.C.
20501 Ventura Boulevard, Suite 262
Woodland Hills, CA  91364

James  Felton
G&B Law, LLP
16000 Ventura Boulevard Suite 1000
Encino, CA  91436

Tim  Krantz
Law Office of Timothy Krantz
2082 Michelson Drive Suite 212
Irvine, CA  92612

Michael Shemtoub
4929 Wilshire Blvd., Suite 702
Los Angeles, CA  90010

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 05/13/2020

By:  V. Aparicio
Deputy Clerk

## CERTIFICATE OF MAILING

**JOHN G. BURGEE, ESQ. (State Bar No. 132129)**
**BURGEE & ABRAMOFF, P.C.**
20501 Ventura Boulevard, Suite 262
Woodland Hills, California  91364
Tel: (818) 264-7575
Fax: (818) 264-7576

Attorneys for Defendants RUVIN FEYGENBERG,
MICHAEL LEIZEROVITZ and SENSIBLE
CONSULTING AND MANAGEMENT, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

NORTHWEST DISTRICT

| | |
|---|---|
| LEV INVESTMENTS, LLC, | CASE NO. 19VECV00878 |
| Plaintiff, | OBJECTION TO DECLARATION OF NON-MONETARY STATUS OF CROSS-DEFENDANT REAL PROPERTY TRUSTEE, INC. |
| v. | |
| RUVIN FEYGENBERG, et al., | |
| Defendants. | |
| RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ, and SENSIBLE CONSULTING AND MANAGEMENT, INC. | |
| Cross-Complainants, | |
| v. | |
| LEV INVESTMENTS, LLC, DMITRI LIOUDKOVSKI (aka Dmitri Ludkovski), YEVGENIYA LISITSA (aka Y. GINA LISITSA), LISITSA LAW, INC., REAL PROPERTY TRUSTEE, INC., MIKE KEMEL, and ROES 1 to 50, | |
| Cross-Defendants. | |

Cross-Complainant MICHAEL LEIZEROVITZ objects to the Declaration of Non-Monetary

Status of Cross-Defendant Real Property Trustee, Inc. ("RPT") on the following grounds:

1

1.     The claims against RPT in this action are not brought simply because RPT acted as

the trustee for a foreclosure sale of the real property identified in the Cross-Complaint as the RV

Property.  Rather, RPT's sale of the subject property was conducted in violation of Civil Code

2924g(d).

2.     RPT was aware that an action had been brought in the Superior Court for the County

of Riverside titled *GA&TV Inc. v. Lev Investments, LLC*, Case Number RIC 1905065 (the

"Riverside Acton").  In that action, the Riverside Court granted a restraining order on October 10,

2019, that prevented RPT from proceeding with a foreclosure sale of the RV Property.  As the direct

result of the restraining order, RPT continued the date set for its foreclosure sale at least once and

likely more than once.

3.     At the time that the restraining order was issued in the Riverside Action, the

defendants in that action (which included RPT) were ordered to show cause why a preliminary

injunction should not be issued as to the foreclosure sale of the RV Property.  The Riverside Court

held a hearing on the preliminary injunction on November 6, 2019.  The Riverside Court denied the

preliminary injunction with instructions regarding the amount of the debt that could be claimed as

secured by the RV Property.

4.     The expiration of the temporary retraining order and the Court's denial of the

preliminary injunction was on November 6, 2019.  Civil Code 2924g(d) imposes an automatic seven

day stay upon a foreclosure sale after the expiration of a temporary retraining order and denial of a

preliminary injunction, unless there is an express court order waiving the provisions of that statute.

There was no waiver of the stay by the Court.  Hence, pursuant to Civil Code 2924g(d), the earliest

date that the foreclosure sale of the RV Property could lawfully be conducted by RPT was

November 13, 2019.

5.     Despite the statutory stay precluding the foreclosure sale of the RV Property until

November 13, 2019, RPT conducted the foreclosure on November 7, 2019.  The sale was therefore

in violation of Civil Code 2924g(d).

6.     RPT is responsible for violating the statutory stay in connection with foreclosure sale

of the RV Property.  In this action, Cross-Complainant Leizerovitz is pursuing a claim against RPT

OBJECTION TO DECL. OF NON-MONETARY STATUS REAL PROPERTY TRUSTEE, INC.

1    for the wrongful foreclosure which prejudiced Cross-Complainant and caused him to sustain

2    damages, among other things.  RPT is not merely the trustee for the wrongful foreclosure but the

3    party that conducted the wrongful sale.  RPT is therefore responsible for Cross-Complainant's

4    damages as alleged in the Cross-Complaint due to its wrongful acts.

5          7.    Civil Code 2924l provide that a declaration of nonmonetary status is not appropriate

6    where a trustee has been named as a defendant "due to any acts or omissions on its part in the

7    performance of its duties as trustee."  Here, the Cross-Complaint clearly alleges that RPT is be sued

8    based upon its wrongful acts in conducting the foreclosure on the RV Property in violation of Civil

9    Code 2924g(d).  The Declaration of Non-Monetary Status by RPT is thus unsupported and should

10   be rejected.

11

12   DATED: May 15, 2020.                    BURGEE & ABRAMOFF P.C.

13
                                            By:____/s/ John G. Burgee_____
14                                                JOHN G. BURGEE
                                            Attorneys for Defendants and Cross-Complainants
15                                          RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ
                                            and SENSIBLE CONSULTING AND
16                                          MANAGEMENT, INC.

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTION TO DECL. OF NON-MONETARY STATUS REAL PROPERTY TRUSTEE, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 20501 Ventura Boulevard, Woodland Hills, California 91364.

On May 15, 2020, I served the foregoing document described as: OBJECTION TO DECLARATION OF NON-MONETARY STATUS OF CROSS-DEFENDANT REAL PROPERTY TRUSTEE, INC. on the interested parties in this action:

/X/    by placing /_/ the original /X/ a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| James R. Felton, Esq. | Michael Shemtoub, Esq. |
| G&B Law, LLP | Beverly Law |
| 16000 Ventura Blvd., Suite 1000 | 4929 Wilshire Boulevard, Suite 402 |
| Encino, California 91436-2730 | Los Angeles, California 90010 |
| E: jfelton@gblawllp.com | Fax: (323) 421-9397 |
| Fax:  818-986-6534 | |

[X]    BY MAIL

     [X]    As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **(BY PERSONAL SERVICE) I delivered such envelope by hand to the office/home of the addressee.

Executed May 15, 2020, at Woodland Hills, California.

/X/    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

| | |
|---|---|
|   John Burgee | /s/ John G. Burgee |
| Type or Print Name | Signature |

4

OBJECTION TO DECL. OF NON-MONETARY STATUS REAL PROPERTY TRUSTEE, INC.

1    **JOHN G. BURGEE, ESQ. (State Bar No. 132129)**
    **BURGEE & ABRAMOFF, P.C.**
2    20501 Ventura Boulevard, Suite 262
    Woodland Hills, California  91364
3    Tel: (818) 264-7575
    Fax: (818) 264-7576
4
    Attorneys for Defendants RUVIN FEYGENBERG,
5    MICHAEL LEIZEROVITZ and SENSIBLE
    CONSULTING AND MANAGEMENT, INC.
6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF LOS ANGELES

10                            NORTHWEST DISTRICT

11

12    LEV INVESTMENTS, LLC,              )    CASE NO. 19VECV00878
                                          )
13              Plaintiff,                )    OBJECTION TO DECLARATION OF NON-
                                          )    MONETARY STATUS OF CROSS-
14         v.                             )    DEFENDANT MIKE KEMEL
                                          )
15    RUVIN FEYGENBERG, et al.,           )
                                          )
16              Defendants.               )
    _____      )
17                                        )
    RUVIN FEYGENBERG, MICHAEL            )
18    LEIZEROVITZ, and SENSIBLE           )
    CONSULTING AND MANAGEMENT,           )
19    INC.                                )
                                          )
20              Cross-Complainants,       )
                                          )
21         v.                             )
                                          )
22    LEV INVESTMENTS, LLC, DMITRI        )
    LIOUDKOVSKI (aka Dmitri Ludkovski),  )
23    YEVGENIYA LISITSA (aka Y. GINA      )
    LISITSA), LISITSA LAW, INC., REAL    )
24    PROPERTY TRUSTEE, INC., MIKE        )
    KEMEL, and ROES 1 to 50,             )
25                                        )
              Cross-Defendants.           )
26    _____    )

27         Cross-Complainant MICHAEL LEIZEROVITZ objects to the Declaration of Non-Monetary

28    Status of Cross-Defendant MIKE KEMEL ("KEMEL") on the following grounds:

                                          1
    _____
              OBJECTION TO DECL. OF NON-MONETARY STATUS OF MIKE KEMEL

1.     The claims against KEMEL in this action are not brought simply because KEMEL is and was a material times the principal and alter ego of Real Property Trustee, Inc. ("RPT") which acted as the trustee for a foreclosure sale of the real property identified in the Cross-Complaint as the RV Property.  Rather, KEMEL was responsible for RPT's sale of the subject property in violation of Civil Code 2924g(d).

2.     KEMEL was aware that an action had been brought in the Superior Court for the County of Riverside titled *GA&TV Inc. v. Lev Investments, LLC*, Case Number RIC 1905065 (the "Riverside Acton").  In that action, the Riverside Court granted a restraining order on October 10, 2019, that prevented KEMEL/RPT from proceeding with a foreclosure sale of the RV Property.  As the direct result of the restraining order, KEMEL/RPT continued the date set for its foreclosure sale at least once and likely more than once.

3.     At the time that the restraining order was issued in the Riverside Action, the defendants in that action (which included RPT) were ordered to show cause why a preliminary injunction should not be issued as to the foreclosure sale of the RV Property.  The Riverside Court held a hearing on the preliminary injunction on November 6, 2019.  The Riverside Court denied the preliminary injunction with instructions regarding the amount of the debt that could be claimed as secured by the RV Property.

4.     The expiration of the temporary retraining order and the Court's denial of the preliminary injunction was on November 6, 2019.  Civil Code 2924g(d) imposes an automatic seven day stay upon a foreclosure sale after the expiration of a temporary retraining order and denial of a preliminary injunction, unless there is an express court order waiving the provisions of that statute. There was no waiver of the stay by the Court.  Hence, pursuant to Civil Code 2924g(d), the earliest date that the foreclosure sale of the RV Property could lawfully be conducted was November 13, 2019.

5.     Despite the statutory stay precluding the foreclosure sale of the RV Property until November 13, 2019, KEMEL caused RPT to conduct the foreclosure on November 7, 2019.  The sale was therefore in violation of Civil Code 2924g(d).

//

2

6.      KEMEL is personally responsible for violating the statutory stay in connection with foreclosure sale of the RV Property.  In this action, Cross-Complainant Leizerovitz is pursuing a claim against KEMEL and RPT for the wrongful foreclosure which prejudiced Cross-Complainant and caused him to sustain damages, among other things.  KEMEL was not merely the principal of RPT, but the party that is responsible for conducting the wrongful sale.  KEMEL is therefore responsible for Cross-Complainant's damages as alleged in the Cross-Complaint due to its wrongful acts.

7.      Civil Code 2924l provide that a declaration of nonmonetary status is not appropriate where a trustee has been named as a defendant "due to any acts or omissions on its part in the performance of its duties as trustee."  Here, the Cross-Complaint clearly alleges that KEMEL, is be sued based upon its wrongful acts in conducting the foreclosure on the RV Property in violation of Civil Code 2924g(d).  The Declaration of Non-Monetary Status by KEMEL is thus unsupported and should be rejected.

DATED: May 15, 2020.                    BURGEE & ABRAMOFF P.C.


                                        By:_____/s/ John G. Burgee_____
                                            JOHN G. BURGEE
                                        Attorneys for Defendants and Cross-Complainants
                                        RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ
                                        and SENSIBLE CONSULTING AND
                                        MANAGEMENT, INC.

OBJECTION TO DECL. OF NON-MONETARY STATUS OF MIKE KEMEL

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 20501 Ventura Boulevard, Woodland Hills, California 91364.

On May 15, 2020, I served the foregoing document described as: OBJECTION TO DECLARATION OF NON-MONETARY STATUS OF CROSS-DEFENDANT MIKE KEMEL on the interested parties in this action:

/X/    by placing /_/ the original /X/ a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| James R. Felton, Esq.<br>G&B Law, LLP<br>16000 Ventura Blvd., Suite 1000<br>Encino, California 91436-2730<br>E:  jfelton@gblawllp.com<br>Fax:  818-986-6534 | Michael Shemtoub, Esq.<br>Beverly Law<br>4929 Wilshire Boulevard, Suite 402<br>Los Angeles, California 90010<br>Fax: (323) 421-9397 |

[X]    BY MAIL

[X]    As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **(BY PERSONAL SERVICE) I delivered such envelope by hand to the office/home of the addressee.

Executed May 15, 2020, at Woodland Hills, California.

/X/    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

| | |
|---|---|
| __John Burgee_____ | ___/s/ John G. Burgee_____ |
| Type or Print Name | Signature |

4

OBJECTION TO DECL. OF NON-MONETARY STATUS OF MIKE KEMEL

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John G. Burgee (132129)<br>Burgee & Abramoff, PC<br>20501 Ventura Boulevard, Suite 262<br>Woodland Hills, CA 91364<br>TELEPHONE NO.: 818-264-7575    FAX NO. *(Optional):* 818-264-7576<br>E-MAIL ADDRESS *(Optional):* jburgee@bandalaw.net<br>ATTORNEY FOR *(Name):* Feygenberg, Leizerovitz, Sensible Man. & Cons., Inc. | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**05/15/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Duron _____ Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
  STREET ADDRESS: 6230 Sylmar Avenue
  MAILING ADDRESS:
  CITY AND ZIP CODE: Van Nuys, CA 91401
  BRANCH NAME: Northwest District

| PLAINTIFF/PETITIONER: Lev Investments, LLC | CASE NUMBER:<br>19VECV00878 |
|---|---|
| DEFENDANT/RESPONDENT: Ruvin Feygenberg, et al. | JUDICIAL OFFICER:<br>The Hon. Huey P. Cotton |
| **NOTICE OF RELATED CASE** | DEPT.:<br>A |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a.  Title: Leizerovitz v. Lisitsa
    b.  Case number: 20STCV03696
    c.  Court: [✓] same as above
        [ ] other state or federal court *(name and address):* Stanley Mosk Courthouse
    d.  Department: 68
    e.  Case type: [ ] limited civil  [✓] unlimited civil  [ ] probate  [ ] family law  [ ] other *(specify):*
    f.  Filing date: Jan. 29, 2020
    g.  Has this case been designated or determined as "complex?"  [ ] Yes  [✓] No
    h.  Relationship of this case to the case referenced above *(check all that apply):*
        [✓]  involves the same parties and is based on the same or similar claims.
        [✓]  arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
        [✓]  involves claims against, title to, possession of, or damages to the same property.
        [ ]  is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
        [ ]  Additional explanation is attached in attachment 1h
    i.  Status of case:
        [✓]  pending
        [ ]  dismissed  [ ] with  [ ] without prejudice
        [ ]  disposed of by judgment

2.  a.  Title:
    b.  Case number:
    c.  Court: [ ] same as above
        [ ] other state or federal court *(name and address):*
    d.  Department:

Electronically Received 05/15/2020 04:58 PM

Page 1 of 3

| Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007] | **NOTICE OF RELATED CASE** | Cal. Rules of Court, rule 3.300<br>*www.courtinfo.ca.gov* |
|---|---|---|

CM-015

| PLAINTIFF/PETITIONER: Lev Investments, LLC | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Ruvin Feygenberg, et al. | 19VECV00878 |

2. *(continued)*

    e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

    f. Filing date:

    g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

    h. Relationship of this case to the case referenced above *(check all that apply):*

        ☐ involves the same parties and is based on the same or similar claims.

        ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of
        the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

            ☐ Additional explanation is attached in attachment 2h

    i. Status of case:

        ☐ pending

        ☐ dismissed ☐ with ☐ without prejudice

        ☐ disposed of by judgment

3.   a. Title:

    b. Case number:

    c. Court: ☑ same as above

        ☐ other state or federal court *(name and address):*

    d. Department:

    e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

    f. Filing date:

    g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

    h. Relationship of this case to the case referenced above *(check all that apply):*

        ☐ involves the same parties and is based on the same or similar claims.

        ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of
        the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

            ☐ Additional explanation is attached in attachment 3h

    i. Status of case:

        ☐ pending

        ☐ dismissed ☐ with ☐ without prejudice

        ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached:

Date: May 15, 2020

John G. Burgee

    (TYPE OR PRINT NAME OF PARTY OR ATTORNEY)     ▶     (SIGNATURE OF PARTY OR ATTORNEY)

CM-015 [Rev. July 1, 2007]     **NOTICE OF RELATED CASE**     Page 2 of 3

**CM-015**

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: Lev Investments, LLC | |
| DEFENDANT/RESPONDENT: Ruvin Feygenberg, et al. | 19VECV00878 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service.  The notice must be served on all known parties in each related action or proceeding.)*

1.  I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify)*:

    20501 Ventura Boulevard, Suite 262, Woodland Hills, CA 91364

2.  I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one)*:

    a. ☐ deposited the sealed envelope with the United States Postal Service.

    b. ☑ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3.  The *Notice of Related Case* was mailed:

    a. on *(date):* May 15, 2020

    b. from *(city and state):* Woodland Hills, CA

4.  The envelope was addressed and mailed as follows:

    a. Name of person served:
       James R. Felton, Esq.
       Street address: 16000 Ventura Blvd, Ste 1000
       City: Encino
       State and zip code: CA 91436-2730

    c. Name of person served:
       Michael Shemtoub, Esq.
       Street address: 4929 Wilshire Boulevard, Suite 402
       City: Los Angeles
       State and zip code: CA 90010

    b. Name of person served:

       Street address:
       City:
       State and zip code:

    d. Name of person served:

       Street address:
       City:
       State and zip code:

    ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 15, 2020

John G. Burgee
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Northwest District, Van Nuys Courthouse East, Department U

**19VECV00878**                                                                    May 22, 2020
**LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.**                                  2:47 PM

Judge: Honorable Theresa M. Traber          CSR: None
Judicial Assistant: R. Duron                ERM: None
Courtroom Assistant: E. Vince Cruz          Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Non-Appearance Case Review

On May 8, 2020, Cross-Defendants REAL PROPERTY TRUSTEE, INC. and MIKE KEMEL
filed a declaration of non-monetary status pursuant to California Civil Code section 2924l,
declaring their "reasonable belief that [they had] been named in the action or proceeding solely
in [their] capacity as trustee, and not arising out of any wrongful acts or omissions on [their] part
in the performance of [their] duties as trustee." (Cal. Civil Code section 2924l(a).) In response,
Defendants and Cross-complainants RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ and
SENSIBLE CONSULTING AND MANAGEMENT, INC. timely filed on May 15, 2020 an
objection to Cross-Defendants' declaration pursuant to subdivision (c) of section 2924l. The
Court finds that the objection is timely filed and in proper format and, thus, pursuant to
subdivision (e) of section 2924l, Cross-defendants are required to participate in the ongoing
action. Pursuant to section 2924l(f) and Code of Civil Procedure section 1013(a), Cross-
defendants have until June 19, 2020 to file an answer or other responsive pleading to the cross-
complaint.

Defendants are order to provide notice of the Court's ruling.

Certificate of Mailing is attached.

---

Minute Order                                                               Page 1 of 1

Electronically FILED by Superior Court of California, County of Los Angeles on 05/22/2020 04:25 PM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Marquez,Deputy Clerk

Case 1:20-bk-11006-VK    Doc 55    Filed 06/26/20    Entered 06/26/20 21:50:00    Desc
Main Document         Page 282 of 439

JAMES R. FELTON, ESQ. (State Bar No. 138767)
jfelton@gblawllp.com
JEREMY H. ROTHSTEIN, ESQ. (State Bar No. 316140)
jrothstein@gblawllp.com
G&B LAW, LLP
16000 Ventura Boulevard, Suite 1000
Encino, California 91436
Tel: (818) 382-6200 • Fax: (818) 986-6534

Attorneys for Plaintiff and Cross-Defendant
Lev Investments, LLC and Dimitri Lioudkovski

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, NORTHWEST DISTRICT

| | |
|---|---|
| LEV INVESTMENTS, LLC, | **CASE NO.:** 19VECV00878 |
| Plaintiff, | UNLIMITED JURISDICTION |
| vs. | **PLAINTIFF/CROSS-DEFENDANTS LEV INVESTMENTS, LLC AND DMITRI LIOUDKOVSKI'S ANSWER TO CROSS-COMPLAINT** |
| RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ, SENSIBLE CONSULTING AND MANAGEMENT, INC., MING ZHU, LLC; and DOES 1 through 20, | |
| Defendants. | **ACTION FILED:**    06/20/19 |
| RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ, and SENSIBLE CONSULTING AND MANAGEMENT, INC. | |
| Cross-Complainants, | |
| v. | |
| LEV INVESTMENTS, LLC, DIMITRI LIOUDKOVSKI (aka Dimitri Ludkovski), YEVGENIYA LISITSA (aka Y. GINA LISITSA), LISITSA LAW, INC., REAL PROPERTY TRUSTEE, INC., MIKE KEMEL, and ROES 1 to 50, | |
| Cross-Defendants | |

1
**PLAINTIFF/CROSS-DEFENDANTS' ANSWER TO CROSS-COMPLAINT**

1894973.1 - 32417.0004

Plaintiff/Cross-Defendants LEV Investments, LLC and Dmitri Lioudkovski (collectively "Cross-Defendants"), appearing for themselves only, answer the allegations of Defendants/Cross-Complainants Ruvin Feygenberg, Michael Leizerovitz and Sensible Consulting and Management, Inc. (collectively "Cross-Complainants") in their Cross-Complaint as follows:

## GENERAL DENIAL

1.    Pursuant to Section 431.30(d) of the California Code of Civil Procedure, the answering Cross-Defendants deny generally and specifically, singularly and conjunctively, each and every allegation of the Cross-Complaint and each cause of action contained therein

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

2.    As a separate and affirmative defense to the Cross-Complaint herein and to each purported cause of action thereof, these answering Cross-Defendants allege that the Cross-Complaint herein, and each purported cause of action thereof, fails to state facts sufficient to constitute a cause of action against these answering Cross-Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

3.    As a separate and affirmative defense to the Cross-Complaint herein and to each purported cause of action thereof, these answering Cross-Defendants allege that Cross-Complainants have failed to mitigate their damages although they have a legal duty to do so.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

4.    As a separate and affirmative defense to the Cross-Complaint herein and to each purported cause of action thereof, these answering Cross-Defendants allege that Cross-Complainants, by their conduct and that of their agents, have waived any claims they have against these answering Cross-Defendants.

///

///

2

**PLAINTIFF/CROSS-DEFENDANTS' ANSWER TO CROSS-COMPLAINT**

1894973.1 - 32417.0004

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

5.     As a separate and affirmative defense to the Cross-Complaint herein and to each purported cause of action thereof, these answering Cross-Defendants allege that Cross-Complainants, by their conduct and that of their agents, are estopped from pursuing any claims against these answering Cross-Defendants.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Join)

6.     Cross-Complainants have failed to join indispensable parties such that the Cross-Complaint is defective, and Cross-Complainants are thereby precluded from any recovery whatsoever.

## SIXTH AFFIRMATIVE DEFENSE

### (Comparative Fault of Cross-Complainants)

7.     Cross-Complainants own negligence proximately caused and contributed to the damages arising from the allegations in the Cross-Complaint, thereby barring or reducing their recovery.

## SEVENTH AFFIRMATIVE DEFENSE

### (Comparative Fault of Third Parties)

8.     The negligence or other tortious conduct of other persons or entities proximately caused and contributed to the damages arising from the allegations in the Cross-Complaint. Any damages recoverable by Cross-Complainants must be diminished in proportion to the amount of fault attributable to those persons, and those damages must be apportioned among the answering Defendants and those persons.

## EIGHTH AFFIRMATIVE DEFENSE

### (Superseding Cause)

9.     Any loss, injury or damage to Cross-Complainants was not proximately or legally caused by the answering Cross-Defendants because of superseding or intervening causes arising from

1  the negligent or willful acts or omissions of other parties that the answering Cross-Defendants did not

2  control

3  ### NINTH AFFIRMATIVE DEFENSE

4  **(Failure to State a Claim for Punitive Damages)**

5  10.  The Cross-Complaint does not state sufficient facts to support a claim for punitive or

6  exemplary damages against the answering Cross-Defendants, or for the answering Cross-Defendants'

7  alleged fraud, oppression, or malice.

8  ### TENTH AFFIRMATIVE DEFENSE

9  **(Unverified Complaint)**

10  11.  The Cross-Complaint is not verified, and therefore cannot state a claim for quiet title.

11  ### ELEVENTH AFFIRMATIVE DEFENSE

12  **(Right to Assert Additional Defenses)**

13  12.  As a separate and affirmative defense to the Cross-Complaint herein and to each

14  purported cause of action thereof, these answering Cross-Defendants have insufficient knowledge or

15  information upon which to form a belief as to whether or not they may have additional affirmative

16  defenses.  These answering Cross-Defendants thus reserve the right to assert additional affirmative

17  defenses upon acquiring such information or knowledge.

18  WHEREFORE, Cross-Defendants pray judgment against Cross-Complainants as follows:

19  1.  That Cross-Complainants take nothing by way of their Cross-Complaint herein;

20  2.  For all costs of suit incurred herein; and

21  3.  For such other and further relief as the Court may deem just and proper.

22  DATED:  May 22, 2020                    G&B LAW, LLP

23

24

25  By: _____
    JAMES R. FELTON, ESQ.
26  JEREMY H. ROTHSTEIN, ESQ.
    Attorneys for Plaintiff and Cross-Defendant,
27  Lev Investments, LLC and Dmitri Lioudkovski

28

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is **16000 Ventura Boulevard, Suite 1000, Encino, California 91436**.

    On May 22, 2020, I served the foregoing document described as **PLAINTIFF/CROSS-DEFENDANTS LEV INVESTMENTS, LLC AND DMITRI LIOUDKOVSKI'S ANSWER TO CROSS- COMPLAINT** on the interested parties in this action.

☒    by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐    **BY REGULAR MAIL:** I deposited such envelope in the mail at 16000 Ventura Boulevard, Suite 1000, Encino, California. The envelope was mailed with postage thereon fully prepaid.

    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☒    **BY E-MAIL:** I caused the above referenced document to be delivered to the e-mail addresses indicated on the Service List.

☐    **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 16000 Ventura Boulevard, Suite 1000, Encino, California. The envelope was deposited with delivery fees thereon fully prepaid.

☐    **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒    (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐    (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 22, 2020, at Encino, California.

_____
Nora Knadjian

1
PROOF OF SERVICE

# SERVICE LIST

John G. Burgee, Esq
Burgee & Abramoff, P.C.
20501 Ventura Boulevard, Suite 262
Woodland Hills, California 91364

**Attorneys for Defendants**
Telephone:  (818) 264-7575
Fax:  (818) 264-7576
Email: jburgee@bandalaw.net

2

1824331.1 - 32417.0004

1   Michael Shemtoub, Esq. SBN 253948
    BEVERLY LAW
2   4929 Wilshire Boulevard, Suite 702
3   Los Angeles, California 90010
    Telephone:    (310) 552-6921
4   Facsimile:    (323) 421-9397

5   Attorney for Real Property Trustee, Inc.
6   and Mike Kemel

7
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10                    NORTHWEST JUDICIAL DISTRICT

11  LEV INVESTMENTS, LLC,                 )  Case No.: 19VECV00878
                                          )
12              Plaintiff,                )  **NOTICE OF MOTION AND MOTION TO**
                                          )  **COMPEL THE DEPOSITIONS OF**
13       vs.                              )       **1.  RUVIN FEYGENBERG**
                                          )       **2.  MICHAEL LEIZEROVITZ;**
14                                        )       **3.  SENSIBLE CONSULTING AND**
    RUVIN FEYGENBERG; MICHAEL             )  **MANAGEMENT, INC;**
15  LEIZEROVITZ; SENSIBLE CONSULTING      )       **4.  REQUEST FOR SANCTIONS**
    AND MANAGEMENT, INC.; MING ZHU,       )  **AGAINST RUVIN FEYGENBERG;**
16  LLC; and DOES 1 through 100, inclusive, )  **MICHAEL LEIZEROVITZ; SENSIBLE**
                                          )  **CONSULTING AND MANAGEMENT,**
17              Defendants.               )  **INC, AND JOHN GERARD BURGEE,**
    _____     )  **JOINTLY AND SEVERALLY IN THE**
18                                        )  **AMOUNT OF $8,610.00, MEMORANDUM**
    RUVIN FEYGENBERG; MICHAEL             )  **OF POINTS AND AUTHORITIES;**
19  LEIZEROVITZ; SENSIBLE CONSULTING      )  **DECLARATION OF MICHAEL**
    AND MANAGEMENT, INC.                  )  **SHEMTOUB, ESQ., EXHIBITS**
20                                        )
21              Cross-Complainants,       )
                                          )  Date: TBD
22       vs.                              )  Time: 8:30 a.m.
                                          )  Place: Department U at 6230 Sylmar Ave.,
23  LEV INVESTMENTS, LLC, DMITRI          )  Van Nuys, CA 91401
24  LIOUDKOVSKI (aka Dmitri Ludkovski),   )
    YEVGENIYA LISITSA (aka Y. GINA        )
25  LISITSA), LISITSA LAW, INC., REAL     )
    PROPERTY TRUSTEE, INC., MIKE          )  Complaint Filed:    June 20, 2019
26  KEMEL, and ROES 1 to 50,             )  Trial Date:         Not set
                                          )
27              Cross-Defendants.         )
    _____     )
28

TO CROSS-COMPLAINANTS RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC. AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that on a date to be set by the Court, at 8:30 a.m., or as soon as thereafter as the matter may be heard, in Department U of the above-entitled Court, at 6230 Sylmar Ave, Van Nuys, CA, 90401 Cross-Defendants Real Property Trustee, Inc. and Mike Kemel, ("Movant" or "Kemel" hereafter) will move this Court to compel the Depositions of (along with productions of documents) of these parties:

1. **RUVIN FEYGENBERG**
2. **MICHAEL LEIZEROVITZ;**
3. **SENSIBLE CONSULTING AND MANAGEMENT, INC;**
4. **REQUEST FOR SANCTIONS AGAINST RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC, AND JOHN GERARD BURGEE, JOINTLY AND SEVERALLY IN THE AMOUNT OF $8,610.00.**

This Motion is brought under *Code of Civil Procedure* §§ 1987.1, 2020.240, 2023.010, 2025.440, 2025.450, 2025.480, et seq because **RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ and SENSIBLE CONSULTING AND MANAGEMENT, INC** failed to appear at their duly noticed depositions on June 1, 2020, and have resisted all efforts to secure their testimony.

This Motion is made upon the grounds that Cross-Defendants Real Property Trustee, Inc. and Mike Kemel, provided **RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ and SENSIBLE CONSULTING AND MANAGEMENT, INC** with a proper Notice of Deposition under *Code of Civil Procedure* §§ 2025.220, 2025.250, 2025.510, 2025.6210 and 2020.510 and **RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ and SENSIBLE**

**CONSULTING AND MANAGEMENT, INC** did not appear at their Deposition on June 1, 2020, and failed to produce documents requested of them.

The Court must Order that **RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ and SENSIBLE CONSULTING AND MANAGEMENT, INC** appear at a deposition within 10-days of adjudicating this Motion, Order them to produce the documents requested of them and to Order sanctions against them jointly and severally, along with their attorney John Gerard Burgee for $8,610.00 ($900 for stenographer (at $300 each), $60 for filing this Motion, $7,650.00 for the 17 hours of attorney time at $450 per hour (5.5-hours traveling to and from Orange County to take the depositions) 11.5 hours preparing this Motion (8 hours), reviewing the Opposition (1 hour Est.) and preparing a reply (2 hours Est.) and appearing at the hearing on the Motion (0.5hour Est.)).

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, Declaration of Michael Shemtoub, Esq. and Exhibits, and upon such oral and documentary evidence as presented to the Court at the hearing.

Respectfully submitted,

Dated: June 12, 2020                        BEVERLY LAW


By_____
            Michael Shemtoub, Esq.
            Attorney for Real Property
            Trustee, Inc. and Mike Kemel

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENTS OF FACTS

In the initial days of the pandemic, (March 20, 2020) Ruvin Feygenberg, Michael Leizerovitz and Sensible Consulting and Management, Inc., through their attorney, Mr. Burgee filed a Cross-complaint against the Movants (who are only foreclosure trustees') claiming damages as under eight causes of action: Breach of Contract, Breach of Fiduciary Duty, Concealment, Indemnity, Declaratory Relief, Quiet Title, Cancellation of Instruments, Wrongful Foreclosure, Declaratory and Injunctive Relief.

On May 8, 2020, the Movants filed and served the Declaration of Non-Monetary Status as disinterested.

On May 15, 2020, Ruvin Feygenberg, Michael Leizerovitz, and Sensible Consulting and Management, Inc., through their attorney, Mr. Burgee, filed objections to the Declaration of Non-Monetary Status of Movants.

On May 21, 2020, Movants personally served Notice of Taking the Depositions of Ruvin Feygenberg, Michael Leizerovitz, and Sensible Consulting and Management, Inc., through their attorney, Mr. Burgee, utilizing Code of Civ Proc § 1011 (which permits the personal service of documents on a law office which permits "service may be made by leaving them between the hours of 9 a.m. and 5 p.m., in a conspicuous place in the office[.]" and) See **Ex. A**, attached.

No objection to the Deposition Notice was received nor a Motion for a Protective Order, or a motion to quash, filed.

On May 29, 2020, at 8:24 a.m., Mr. Shemtoub, on behalf of the Movants, sent a deposition confirmation letter to Mr. Burgee. See **Ex. B**

On Friday, May 29, 2020, at 4:30 p.m., Mr. Burgee fax served a letter stating that neither he nor his Clients would appear at their duly notice depositions. See **Ex. C**

1    Mr. Burgee cited COVID-19 as the cause for him and his Clients disobeying

2  a rightfully and lawfully served Deposition Notice.

3    At 5:38 p.m., Mr. Shemtoub responded to Mr. Burgee and stated that his

4  Clients' were unafraid of COVID-19 when they sued the Movants and they should

5  likewise not fear COVID-19 as the restrictions of Judicial Council detailed in

6  Emergency Rule 11 had been taken into consideration and concerns with COVID-

7  19 issues were likewise a concern of the Movants. Mr. Burgee was provided a

8  detailed method of how the Deposition was to occur (with the deponent / his

9  counsel in one conference room, the stenographer in another and the deposition

10 officer in yet another adjoining conference room) on June 1, 2020. See **Ex. D**

11 Attached to the Meet and Confer letter was also the discovery propounded and

12 served the same day upon Mr. Burgee (See **Ex. D**).

13    On June 1, 2020, Mr. Shemtoub drove to Orange County, and Mr.

14 Feygenberg, whose Deposition was slated to begin at 8:30 a.m., did not appear.

15    Likewise, Mr. Leizerovitz, whose Deposition was set to begin at 11:00 a.m.,

16 failed to appear.

17    Likewise, no person most qualified from Sensible Consulting and

18 Management, Inc. appeared at the 3:00 p.m. set Deposition.

19    Mr. Shemtoub phoned Mr. Burgee on June 1, 2020, at 10:30 a.m. and once

20 again on June 3, 2020, at 8:45 a.m. and then again on June 4, 2020, at 2:15 p.m.

21 and then again on June 5, 2020, at 1:00 p.m., and none of his calls and messages

22 were returned.

23    On June 6, 2020, a detailed Meet and Confer letter was drafted by Mr.

24 Shemtoub and sent to Mr. Burgee, demanding a new deposition date for his Clients

25 to appear and give their testimony and produce documents requested of them. See

26 **Ex. E.**

27

28

Mr. Burgee never responds to the Meet and Confer letter of June 6, 2020, leaving the Movants with no alternative but to file a Motion to Compel the Depositions of the Cross-Complainants.

## ARGUMENT

## THE COURT MUST ORDER THAT RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ AND SENSIBLE CONSULTING AND MANAGEMENT, INC., APPEAR FOR THEIR DEPOSITIONS

Code of Civil Procedure §§ 2020.240, 2023.010, 2025.440, 2025.450, 2025.480, et seq and specifically CCP §§ 2025.450 and 2025.480, provide the Court with authority to order compliance with a request they submit to a deposition where they have been served with a Notice of Deposition commanding their appearance and production of documents that the Notice of Deposition required them to.

"If, after service of a deposition notice, a party to the action... fails to appear for examination, or to proceed with it, or to produce for inspection any document or tangible thing described in the deposition notice, the party giving the notice may move for an order compelling the deponent's attendance and testimony, and the production for inspection of any document or tangible thing described in the deposition notice." Code of Civ. Proc., § 2025.450(a).

The Legislature's use of the word "or" reflects it intended to establish three disjunctive categories of conduct with corresponding remedies. *Eddie E. v. Super. Ct.* (2015) 234 Cal. App.4th 319, 327. If a deponent fails to appear or appears and refuses to proceed, a court may compel the deponent's attendance and testimony. Code Civ. Proc., § 2025.450(a). If a deponent fails to produce documents, production will be compelled as a remedy. Code Civ. Proc., § 2025.450(a).

The 8:24 a.m. letter of May 29, 2020, from Mr. Shemtoub to Mr. Burgee (**Ex D**) confirming the Deposition of June 1, 2020, was specifically done to conform to the leading treatise's instructions. "***PRACTICE POINTER***: To avoid

slipups, it is always a good idea for deposing counsel to contact deponent's counsel the day before a scheduled deposition to make sure the deponent plans to appear. Doing so strengthens a motion for sanctions in the event of nonappearance. (But it is still necessary to file a declaration that you contacted deponent's counsel to 'inquire' about the nonappearance.)" Rutter Civ Proc Before Trial 2020 § 8:813.3 (emphasis in original)

The Cross-Complainants are not privileged to randomly sue innocent parties during a pandemic and then use the very vice they employed to digress from their duty of compliance with lawful requests made on them.

"Learned Hand is reputed to have said that as a litigant, I should dread a lawsuit beyond almost anything else short of sickness and of death." *Merenda v. Superior Court* 3 Cal. App.4th 1, *11, 4 Cal. Rptr.2d 87, **92 (Cal. App. 3 Dist.,1992) (disapproved by *Ferguson v. Lieff, Cabraser, Heimann & Bernstein* on other grounds) 30 Cal.4th 1037 (Cal.,2003) (internal quotations omitted).

Mr. Burgee engages in hypocrisy when he sues third parties and timely objects to the Declaration of Non-Monetary Status enforcing his Clients' rights but then acts deplorably for respecting the rights of the very people whom he has unjustly and vexatiously dragged into litigation.

California allows every party to an action the right to take depositions as a matter of right. See *Greyhound v. Superior Court* (1961), 56 Cal.2d 355, 388; *see also Kramer v. Superior Court* (1965), 237 Cal. App.2d 753, 755; and *Goodman v. Citizens Life & Cas. Ins. Co.* (1967), 253 Cal. App.2d 807, 819.

A fundamental principle of the common law is that "the public … has a right to every man's evidence." *Trammel v. United States* (1980) 445 U.S. 40, 50, 100 S. Ct. 906, 63 L. Ed. 2d 186.

The Court must Order that Ruvin Feygenberg, Michael Leizerovitz, and Sensible Consulting and Management, Inc., must be Ordered to appear for their depositions within 10-days of the adjudication. Ruvin Feygenberg, Michael

1
2
3
4
5
6

Leizerovitz and Sensible Consulting and Management, Inc., and their attorney, Mr. Burgee their attorney, Mr. Burgee, must jointly and severally be sanctioned for $8,610.00 for failing to appear as required by the Deposition Notice and ignoring their duty to engage in motion practice (i.e. motion to quash or a motion for protective order) if they believed that they were being unjustly subjected to a deposition.

7
8
9

The Cross-Complainants and their attorney were not privileged to simply ignore their duty of compliance and instead engage in the dishonest act of demolition the Cross-Defendants' rights to discovery.

10
11

## THERE IS GOOD CAUSE FOR THE REQUEST FOR PRODUCTION OF DOCUMENTS

12
13
14
15

Showing "good cause" is required on motions to compel document discovery from a party under Ca Civ Pro § 2025.450(b)(1) (depositions) or § 2031.310(b)(1) (inspection demands) if there is a timely objection to the production of documents.

16
17
18

As the Court can see from the untimely objection of the Cross-Complainants to the Deposition Notice (See **Ex C**), there is nay an objection to the series of documents requested.

19
20
21
22

Mr. Shemtoub provides in his declaration, which is attached detailed reasons for the production of each category of items requested to be produced so Cross-Defendants prophylactically discourage any Opposition based on a claim of lack of good cause for production.

23
24

The Court must Order that the Cross-Complainants appear at their depositions and produce all documents requested of them.

25
26

## THE CROSS-DEFENDANTS IN VAIN TRIED TO MEET AND CONFER AND GET NEW DEPOSITION DATES FROM THE CROSS-

27
28

## COMPLAINTS EVEN THOUGH NO MEET AND CONFER IS REQUIRED FOR A FAILURE TO APPEAR AT A DEPOSITION

No "Meet and Confer" is required where the deponent "fails to attend the Deposition and produce the documents... described in the deposition notice.' In such cases, all that is required is a declaration by the moving party he or she has contacted the deponent 'to inquire about the nonappearance." Ca Civ Pro § 2025.450(b)(2). Although the statute appears to apply only if the deponent fails to both appear and produce documents, it has been held to apply simply on a deponent's failure to appear. *Leko v. Cornerstone Building Inspection Service* (2001) 86 Cal. App.4th 1109, 1124, 103 Cal. Rptr.2d 858, 869.

Mr. Shemtoub phoned Mr. Burgee on June 1, 2020, at 10:30 a.m. and once again on June 3, 2020 at 8:45 a.m. and then again on June 4, 2020 at 2:15 p.m. and then again on June 5, 2020 at 1:00 p.m., and none of his calls and messages were returned.

On June 6, 2020 a detailed Meet and Confer letter was drafted by Mr. Shemtoub and sent to Mr. Burgee demanding a new deposition date for his Clients to appear and give their testimony and produce documents requested of them. See **Ex. E.**

None of the efforts of the Cross-Defendants bore fruit or was even acknowledged. There is nothing more that the Cross-Defendants could do to obtain deposition dates. The rule requiring parties to meet and confer is designed " 'to encourage the parties to work out their differences informally so as to avoid the necessity for a formal order' " which, "in turn, will lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants through the promotion of informal, extrajudicial resolution of discovery disputes." (*Townsend v. Super. Ct.* (1998) 61 Cal. App.4th 1431, 1435.) The level of effort at an informal resolution that satisfies the "reasonable and good faith attempt" standard depends on the circumstances. (*Obregon v. Super. Ct.* (1998) 67 Cal. App.4th 424, 431

(*Obregon*).) Generally, a "'reasonable and good faith attempt at informal resolution … requires that counsel attempt to talk the matter over, compare their views, consult, and deliberate.' [Citation.]" (*Clement v. Alegre* (2009) 177 Cal. App.4th 1277, 1294.) "A determination of whether an attempt at informal resolution is adequate … involves the exercise of discretion." *Obregon*, *supra*, 67 Cal. App.4th at p. 431.

The Court must Order that Ruvin Feygenberg, Michael Leizerovitz, and Sensible Consulting and Management, Inc., must be Ordered to appear for their depositions within 10-days of the adjudication of this Motion. Ruvin Feygenberg, Michael Leizerovitz and Sensible Consulting and Management, Inc., and their attorney, Mr. Burgee their attorney, Mr. Burgee, must jointly and severally be sanctioned for $8,610.00 for failing to appear to comply with the Deposition Notice and ignoring their duty to engage in motion practice (i.e. motion to quash or a motion for protective order) if they believed that they were being unjustly subjected to a deposition.

## THE COURT MUST IMPOSE THE FULL AMOUNT OF SANCTIONS SOUGHT AGAINST THE CROSS-COMPLAINANTS IN ORDER TO COMPENSATE THE CROSS-DEFENDANTS FOR THE COSTS AND FEES THAT THEY WERE UNJUSTLY MADE TO INCUR WHEN THE CROSS-COMPLAINANT FAILED TO APPEAR FOR THEIR DEPOSITION

The court "shall" impose monetary sanctions against the losing party and/or counsel advising that party_._._._unless it finds the losing party "acted with substantial justification" or other circumstances make the imposition of sanctions "unjust." Ca Civ Pro §§ 2025.450(g)(1), 2025.480(j). The losing party may be ordered to pay the reasonable expenses, including attorney fees, incurred by the party prevailing on the motion. Ca Civ Pro § 2023.030(a). As the deponents are a party or "party-affiliated" witness (officer, director, managing agent or employee

of party), monetary sanctions must be imposed against them for their failure to appear for their depositions. Ca Civ Pro § 2023.030(a)-(d)

The Cross-Complaints must be made to compensate the Cross-Defendants for their willful disobedience with their duty to appear for their Deposition. Further aggravating the situation by not acknowledging the Meet and Confer efforts that occurred postdeposition.

The Court must Order that Ruvin Feygenberg, Michael Leizerovitz, and Sensible Consulting and Management, Inc., must be Ordered to appear for their depositions within 10-days of the adjudication of this Motion. Ruvin Feygenberg, Michael Leizerovitz and Sensible Consulting and Management, Inc., and their attorney, Mr. Burgee their attorney, Mr. Burgee, must jointly and severally be sanctioned for $8,610.00 for failing to appear as the Deposition Notice required them to and ignoring their duty to engage in motion practice (i.e. motion to quash or a motion for protective order) if they believed that they were being unjustly subjected to a deposition.

## **CONCLUSION**

The objection to the Deposition because of a pandemic is patently offensive when during the very same pandemic, the Cross-Complainants sued the Cross-Defendants and effortlessly objected to the Declaration of Non-Monetary Status, throttling the Cross-Defendants into a lawsuit where they do not belong and where they assert no interest in the outcome of.

The Court should not countenance the disrespect that the Cross-Complainants and their attorney have shown for the very process they have employed against the Cross-Defendants. The law is not a one-sided sword for the enjoyment and unilateral use by the Cross-Complainants. The law is a double-edged sword that cuts all litigants equally when they run afoul of it.

The Court must Order that Ruvin Feygenberg, Michael Leizerovitz, and Sensible Consulting and Management, Inc., must be Ordered to appear for their

depositions within 10-days of the adjudication of this Motion. Ruvin Feygenberg, Michael Leizerovitz and Sensible Consulting and Management, Inc., and their attorney, Mr. Burgee, their attorney, Mr. Burgee, must jointly and severally be sanctioned for $8,610.00 for failing to appear for their deposition as required by the Deposition Notice.

Respectfully submitted,

Dated: June 12, 2020                          BEVERLY LAW

By_____

Michael Shemtoub, Esq.
Attorney for Real Property
Trustee, Inc. and Mike Kemel

# DECLARATION

## DECLARATION OF MICHAEL SHEMTOUB

I, Michael Shemtoub, do declare that:

1.      I am a member of the State Bar of California and a member in good standing. I am the attorney for the Cross-Defendants, Mr. Kemel and Real Property Trustee, Inc., and every matter in these papers is true of my own knowledge, and if called on by a court to testify to the same, I could and would.

2.      In the initial days of the pandemic, (March 20, 2020) Ruvin Feygenberg, Michael Leizerovitz, and Sensible Consulting and Management, Inc., through their attorney, Mr. Burgee filed a Cross-complaint against the Movants (who are only foreclosure trustees') claiming damages as under eight causes of action: Breach of Contract, Breach of Fiduciary Duty, Concealment, Indemnity, Declaratory Relief, Quiet Title, Cancellation of Instruments, Wrongful Foreclosure, Declaratory and Injunctive Relief.

3.      On May 8, 2020, the Movants filed and served the Declaration of Non-Monetary Status as disinterested.

4.      On May 15, 2020, Ruvin Feygenberg, Michael Leizerovitz, and Sensible Consulting and Management, Inc., through their attorney, Mr. Burgee, filed objections to the Declaration of Non-Monetary Status of Movants.

5.      On May 21, 2020, Movants personally served Notice of Taking the Depositions of Ruvin Feygenberg, Michael Leizerovitz and Sensible Consulting and Management, Inc., through their attorney, Mr. Burgee, utilizing Code of Civ Proc § 1011 (which permits the personal service of documents on a law office which permits "service may be made by leaving them between the hours of 9 a.m. and 5 p.m., in a conspicuous place in the office[.]" and) See **Ex. A**, attached.

6.      No objection to the Deposition Notice was received nor a Motion for a Protective Order, or a motion to quash, filed.

**7.**      On May 29, 2020, at 8:24 a.m., I, on behalf of the Movants, sent a deposition confirmation letter to Mr. Burgee. See **Ex. B**

**8.**     On Friday, May 29, 2020, at 4:30 p.m., Mr. Burgee fax served a letter stating that neither he nor his Clients would appear at their duly notice depositions. See **Ex. C**

9.     Mr. Burgee cited COVID-19 as the cause for him and his Clients disobeying a rightfully and lawfully served Deposition Notice.

10.     At 5:38 p.m., I responded to Mr. Burgee and stated that his Clients' were unafraid of COVID-19 when they sued the Movants and they should likewise not fear COVID-19 as the restrictions of Judicial Council detailed in Emergency Rule 11 had been taken into consideration and concerns with COVID-19 issues were also a concern of the Movants. Mr. Burgee was provided a detailed method of how the Deposition was to occur (with the deponent / his counsel in one conference room, the stenographer in another and the deposition officer in yet another adjoining conference room) on June 1, 2020. See **Ex. D** Attached to the Meet and Confer letter was also the discovery propounded and served the same day upon Mr. Burgee (See **Ex. D**).

11.     On June 1, 2020, I drove to Orange County, and Mr. Feygenberg, whose Deposition was slated to begin at 8:30 a.m., did not appear.

12.     Likewise, Mr. Leizerovitz, whose Deposition was set to begin at 11:00 a.m., failed to appear.

13.     Likewise, no person most qualified from Sensible Consulting and Management, Inc. appeared at the 3:00 p.m. set Deposition.

14.     I phoned Mr. Burgee on June 1, 2020, at 10:30 a.m. and once again on June 3, 2020, at 8:45 a.m. and then again on June 4, 2020 at 2:15 p.m. and then again on June 5, 2020 at 1:00 p.m., and none of my calls and messages were returned.

**15.**     On June 6, 2020, I drafted a detailed Meet and Confer letter and sent it to Mr. Burgee, demanding a new deposition date for his Clients to appear and give their testimony and produce documents requested of them. See **Ex. E.**

16.     Mr. Burgee never responds to the Meet and Confer letter of June 6, 2020, leaving the Movants with no alternative but to file a Motion to Compel the Depositions of the Cross-Complainants.

17.     I drafted the Notice of Deposition and had arranged for the Deposition to be conducted in full compliance with Emergency Rule 11, is attached as **Ex F**

18.     I requested 14 categories of documents to be produced by the Cross-Complainants at the Deposition.

19.     The document requests were laser-like probative as to each Cross-Complainant and his damages and the breaches that each alleged against the Cross-Defendants.

20.     In category one, I requested all documents relating to the Cross-Defendants in possession of the Cross-Complainants. The Cross-Defendants are nonjudicial foreclosure trustees, and they did nothing to cause the Cross-Complainants any damages and had no communication with them. The extent of any document that the Cross-Complainants rely on to have sued my client was requested, and no document was produced.

21.     In category two, I requested all documents that evidence the loan foreclosed on. This is an essential item that is asked for because the Cross-Complainants have recklessly sued my Clients when they are in default of their obligations under a security instrument.

22.     In categories 3, I requested all checks, cashier's checks, money orders showing that evidence payment for the loan that led to the foreclosure. This category of items will reflect that the property was rightfully foreclosed on.

23.     In category number 4, I request the production of all documents that evidence the liability of the Cross-Defendants in conducting the foreclosure of the property they have alleged in their pleadings. The Cross-Complainants must produce documents that would demonstrate any liability on my client's behalf.

Motion to Compel Deposition and Sanctions

24.    In category number 5, I requested the production of all documents that would evidence any damages sustained because of the foreclosure that the Cross-Complainants are suing my client for. This is an essential item of data I will need to prove that my client caused no damages to the Cross-Complainants.

25.    In category 6, I requested all documents relating to damages that the Cross-Complainants suffered because of any omission by my Clients versus any act by my Clients. Again, and natural piece of evidence required to prove that my Clients did not fail to do anything that they should have otherwise done.

26.    In category number 7, I requested all documents that would prove an accounting of the loan that the Cross-Complainants have that would show that the mortgage was unjustly foreclosed upon.

27.    In category number 8, I requested all documents relating to the liability of my corporate entity client (Real Property Trustee Inc.) that the Cross-Complainants allegedly suffered because of any act by the corporate entity.

28.    In category number 9, I requested all documents relating to the liability of Mr. Kemel that the Cross-Complainants allege he caused them to incur.

29.    In category number 10, I requested all documents relating to any damages the Cross-Complainants suffered because of any act of my corporate entity client.

30.    In category number 11, I requested all documents relating to damages caused by Mr. Kemel to the Cross-Complainants as alleged against him.

31.    In category number 12, I requested all documents relating to the foreclosure sale of the property that the Cross-Complainants have about the foreclosure sale as those documents may not be legitimate, and the Cross-Complainants may be suffering under some misimpression, and that is why they sued my Clients.

32.     In category number 13, I requested all documents relating to the underlying loan that the Cross-Complainants allege were wrongfully foreclosed upon. Maybe those documents do not have the power of sale as a remedy.

33.     In category number 14, I requested all documents that the Cross-Complainant Michael Leizerovitz claims led to his damages because of any act or omission by the Cross-Defendants.

34.     Every category of item for which I requested documents is a specific and laser-like set of documents I need to defend my client against the vexatious lawsuit they are facing.

35.     My client has suffered damages in the amount of $8610 because of the Cross-Complainants failure to appear for their Deposition. The $8610 is based on the following breakdown of costs and fees associated with the motion practice and the failed Deposition of June 1, 2020.

36.     The amount of $8,610.00 is based on: $900 for stenographer (at $300 each), $60 for filing this Motion, $7,650.00 for the 17 hours of my time at $450 per hour. On June 1, 2020, I spent 5.5-hours traveling to and from Orange County to take the depositions. I have spent 11.5 hours preparing this Motion and estimate I will spend for review of the Opposition, preparation of a Reply and appearance at the hearing on the Motion: 8 hours for drafting this Motion; I estimate I will spend one hour in reviewing the Opposition and I further estimate I will spend 2 hours in preparing a reply and estimate I will spend half an hour appearing at the hearing on this Motion.

///

///

///

Motion to Compel Deposition and Sanctions

37.    I am very cost-conscious when it comes to utilizing my client's resources. The Cross-Complainants are receiving a very conservative demand for compensation as other attorneys customarily charge a full days' worth of fees as to each Deposition when I arranged for three depositions to occur on one day.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Los Angeles California on June 12, 2020

_____

Michael Shemtoub, Esq.

Motion to Compel Deposition and Sanctions

I.**PROOF OF SERVICE**

     I am employed in the County of Los Angeles, the state of California. I am over the age of 18 and a party to the within action; my business address is 4929 Wilshire Blvd. Suite 702 Los Angeles, CA 90010.

     On, June 12, 2020, I served the foregoing documents described as:

**NOTICE OF MOTION AND MOTION TO COMPEL THE DEPOSITIONS OF**
**1.**    **RUVIN FEYGENBERG**
**2.**    **MICHAEL LEIZEROVITZ;**
**3.**    **SENSIBLE CONSULTING AND MANAGEMENT, INC;**
**4.**    **REQUEST FOR SANCTIONS AGAINST RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC, AND JOHN GERARD BURGEE, JOINTLY AND SEVERALLY IN THE AMOUNT OF $8,610.00, MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL SHEMTOUB, ESQ., EXHIBITS** on the interested parties in this action by sending via email, the document addressed to as follows:

Felton, James jfelton@greenbass.com

Burgee, John G., jburgee@bandalaw.net

X___ by way of electronic service by ESP AAA Green pursuant to Emergency Rule 12, suspending Code of Civ Proc § 1010.6, concerning service of pleadings during COVID-19 (adopted on April 16, 2020 effective April 17, 2020).

__X__ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on this 12th day of June 2020 in Los Angeles, California.

_____

Michael Shemtoub, Esquire

# EXHIBIT "A"

Michael Shemtoub, Esq.   SBN 253948
BEVERLY LAW
4929 Wilshire Boulevard, Suite 702
Los Angeles, California 90010
Telephone:     (310) 552-6921
Facsimile:     (323) 421-9397

Attorney for Real Property Trustee, Inc.
and Mike Kemel


SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

NORTHWEST JUDICIAL DISTRICT

| | |
|---|---|
| LEV INVESTMENTS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC.; MING ZHU, LLC; and DOES 1 through 100, inclusive, <br><br> Defendants. <br>_____ <br> RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC. <br><br> Cross-Complainants, <br><br> vs. <br><br> LEV INVESTMENTS, LLC, DMITRI LIOUDKOVSKI (aka Dmitri Ludkovski), YEVGENIYA LISITSA (aka Y. GINA LISITSA), LISITSA LAW, INC., REAL PROPERTY TRUSTEE, INC., MIKE KEMEL, and ROES 1 to 50, <br><br> Cross-Defendants. <br>_____ | Case No.: 19VECV00878 <br><br> NOTICE OF TAKING DEPOSITION OF CROSS-COMPLAINANTS RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ AND PERSON MOST QUALIFIED OF SENSIBLE CONSULTING AND MANAGEMENT, INC. ON ORAL EXAMINATION AND FOR PRODUCTION OF WRITINGS, ELECTRONICALLY STORED INFORMATION AND OTHER TANGIBLE THINGS <br><br> Date:        June 1, 2020 <br> Time:        8:30 a.m. – Feygenberg <br> Time:        11:00 a.m. – Leizerovitz <br> Time:        3:00 p.m. – Sensible Consulting <br> Place:       Aptus Court Reporting <br>                2601 Main St., Ste 330 <br>                Irvine, CA 92614 <br><br> Complaint Filed:      June 20, 2019 <br> Trial Date:             Not set |

TO CROSS-COMPLAINANTS RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC. AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that Cross-Defendants Real Property Trustee, Inc. and Mike Kemel, hereinafter collectively Cross-Defendants, will take the deposition, on oral examination, of Cross-Complainants Ruvin Feygenberg, Michael Leizerovitz and the personal most qualified of Sensible Consulting and Management, Inc., hereinafter collectively Cross-Complainants. The depositions will be taken on June 1, 2020, commencing at 8:30 a.m., at Aptus Court Reporting, 2601 Main St., Ste 330, Irvine, CA 92614:

| **Date and Times** | **Deponent** |
| --- | --- |
| June 1, 2020 at 8:30 a.m. | Ruvin Feygenberg |
| June 1, 2020 at 11:00 a.m. | Michael Leizerovitz |
| June 1, 2020 at 3:00 p.m. | Sensible Consulting and Management, Inc. |

NOTICE IS FURTHER GIVEN that the matters on which examination is requested as to the personal most qualified of Sensible Consulting and Management, Inc. are as follows: the loan given to Coachella Vineyard Luxury RV Park, LLC (the RV) secured with the vacant land in Coachella, California, APN 601-620-012-0, (the Property), hereinafter the Loan; the source of funds of the Loan, damages sustained after the foreclosure sale of the Property on or about November 7, 2019, liability of Cross-Defendants in conducting the foreclosure sale of the Property on or about November 7, 2019. Pursuant to the provisions of CCP § 2025.230, Sensible Consulting and Management, Inc. shall designate and produce at the deposition one or more of its officers, directors, managing agents, employees, or agents who are most qualified to testify on its behalf as to the above-described matters to the extent of any information known or reasonably available to the deponent. It is hereby requested that Sensible Consulting and Management, Inc. provide prompt notification in writing to the undersigned as to the name, address, telephone number, capacity, and job title of each person so designated to testify and the matters on which this person will testify.

NOTICE IS FURTHER GIVEN that Cross-Complainants shall bring and produce at the deposition, at the time and place set out above, the writings and other tangible things in paper form as described in Attachment 1, attached hereto and incorporated herein by reference.

NOTICE IS FURTHER GIVEN that Cross-Defendants intend to record the testimony at the above-described deposition by audio and video recording, in addition to recording the testimony by the stenographic method.

NOTICE IS FURTHER GIVEN that Cross-Defendants intend to record the testimony at the above-described deposition by stenographic method, through instant visual display of testimony.

NOTICE IS FURTHER GIVEN that Cross-Defendants intend to reserve the right to use at trial the video recording of the deposition testimony, under CCP § 2025.620(d), *et seq*.

NOTICE IS FURTHER GIVEN that Cross-Defendants may appear and take the depositions by telephone, videoconference or other remote electronic means.

The depositions will be taken before a deposition officer who is authorized to administer an oath. If the depositions are not completed on the date set out above, the taking of the deposition will be continued from day to day thereafter, except for Sundays and holidays, at the same place, until completed.

Respectfully submitted,

Dated: May 21, 2020                    BEVERLY LAW

By_____
                    Michael Shemtoub, Esq.
                    Attorney for Real Property Trustee, Inc.
                    and Mike Kemel

# NOTICE OF TAKING DEPOSITION

## ATTACHMENT 1

## <u>DEFINITIONS</u>

The terms "**DOCUMENT**" or "**DOCUMENTS**" shall mean and include the original and every non-identical copy of or attachment to any printed, typewritten, or handwritten matter of whatever character, including but not limited to "writings" as defined by California Evidence Code § 250, and any other tangible thing known to Responding Party in its possession, custody or control, whether printed, recorded, reproduced by any process or written or produced by hand, and whether or not claimed to be privileged or exempt from production for any reason. Set forth in this definition is a list of examples of writings and tangible things which are included within this definition. The list is not exclusive but is intended to aid Responding Party in the identification and production of **DOCUMENTS**. Examples of **DOCUMENTS** are: correspondence, letters, memoranda, notes, charts, transcripts, minutes of meetings, inter-office and intra-office communications, reports, forecasts, estimates, requests, summaries, instructions, descriptions, analyses, statements, recommendations, inventories, certificates, notices, return receipts, contracts, agreements, certifications, approvals, authorizations, lists, diagrams, diaries, desk calendar notations, microfilm, microfiche, photographs, magnetic tape recordings, compact disks or other digital recordings, computer disks and diskettes, teletype mes but is that the whole name is the heirs RV sages, films, computer printouts, telegrams, news releases, newspapers, periodicals, books, bulletins, circulars, pamphlets, manuals, affidavits, waivers, accounting work sheets, bills, invoices, financial statements, statements of account, ledger sheets, statistical statements, appraisals, credit files, evidences of indebtedness, checks, promissory notes, receipts, instruments, or material similar to any of the foregoing, however denominated.

The terms "**RELATE TO**," "**RELATES TO**," and "**RELATING TO**" shall mean and include referring to, alluding to, responding to, pertaining to, connected with, commenting on, reviewing any aspects of, about, regarding, discussing, showing, describing, mentioning, respecting, analyzing, evidencing, constituting, concerning, memorializing, leading up to, or having any impact on.

The term "**CROSS-DEFENDANTS**" shall mean **CROSS-DEFENDANTS** Real Property Trustee, Inc. and Mike Kemel.

The term "**LOAN**" shall refer to the **LOAN** allegedly given by CROSS-COMPLAINANT MICHAEL LEIZEROVITZ to the Coachella Vineyard Luxury RV Park, LLC secured with the Property.

The term "**RV**" shall mean Coachella Vineyard Luxury RV Park, LLC.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

1.    All **DOCUMENTS RELATING TO CROSS-DEFENDANTS**.

2.    All **DOCUMENTS** evidencing the **LOAN**.

3.    Any and all front and back of checks, cashier's checks, money orders, showing that the **LOAN** was given.

4.    All **DOCUMENTS RELATING TO** liability of **CROSS-DEFENDANTS** in conducting the foreclosure of the Property on or about November 7, 2019.

5.    All **DOCUMENTS RELATING TO** damages of **CROSS-DEFENDANTS** in conducting the foreclosure of the Property on or about November 7, 2019.

6.    All **DOCUMENTS RELATING TO** damages of **CROSS-DEFENDANTS** by any omission in conducting the foreclosure of the Property on or about November 7, 2019.

7.    All **DOCUMENTS RELATING TO** accounting of the **LOAN**.

8.    All **DOCUMENTS RELATING TO** liability of REAL PROPERTY TRUSTEE, INC. alleged in the Cross-Complaint of March 20, 2020.

9.    ALL **DOCUMENTS RELATING TO** liability of MIKE KEMEL alleged in the Cross-Complaint of March 20, 2020.

10.    ALL **DOCUMENTS RELATING TO** damages of REAL PROPERTY TRUSTEE, INC. alleged in the Cross-Complaint of March 20, 2020.

11.    ALL **DOCUMENTS RELATING TO** damages of MIKE KEMEL alleged in the Cross-Complaint of March 20, 2020.

12.    ALL **DOCUMENTS RELATING TO** the foreclosure sale of the Property.

13.    ALL **DOCUMENTS RELATING TO** the **LOAN**.

NOTICE OF DEPOSITION OF FEYGENBERG, LEIZEROVITZ AND SENSIBLE CONSULTING

14.    ALL **DOCUMENTS RELATING TO** the cause of damages to CROSS-

COMPLAINANT MICHAEL LEIZEROVITZ.

NOTICE OF DEPOSITION OF FEYGENBERG, LEIZEROVITZ AND SENSIBLE CONSULTING

POS-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Michael Shemtoub, Esq.  SBN 253948<br>BEVERLY LAW<br>4929 Wilshire Boulevard, Suite 702<br>Los Angeles, California 90010<br><br>TELEPHONE NO.: (310) 552-6921          FAX NO. *(Optional)*: (323) 421-9397<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Real Property Trustee, Inc. and Mike Kemel | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 6230 Sylmar Avenue
MAILING ADDRESS: 6230 Sylmar Avenue
CITY AND ZIP CODE: Van Nuys 91401
BRANCH NAME: Van Nuys Courthouse East

PETITIONER/PLAINTIFF: LEV INVESTMENTS, LLC
RESPONDENT/DEFENDANT: RUVIN FEYGENBERG, et al.

| PROOF OF PERSONAL SERVICE—CIVIL | CASE NUMBER:<br>19VECV00878 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action**.

2. I served the following **documents** *(specify)*:
NOTICE OF TAKING DEPOSITION OF CROSS-COMPLAINANTS RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ AND PERSON MOST QUALIFIED OF SENSIBLE CONSULTING AND MANAGEMENT, INC. ON ORAL EXAMINATION AND FOR PRODUCTION OF WRITINGS, ELECTRONICALLY STORED INFORMATION AND OTHER TANGIBLE THINGS

☐ The documents are listed in the *Attachment to Proof of Personal Service—Civil (Documents Served)* (form POS-020(D)).

3. I personally served the following **persons** at the address, date, and time stated:
   a. Name: John G. Burgee, Esq. c/o BURGEE & ABRAMOFF, P.C.          James Richard Felton Greenberg & Bass, 16000
   b. Address: 20501 Ventura Blvd., Ste 262, Woodland Hills, CA 91364    Ventura Blvd Ste 1000, Encino, CA 91436
   c. Date: 5/21/2020
   d. Time:

   ☒ The persons are listed in the *Attachment to Proof of Personal Service—Civil (Persons Served)* (form POS-020(P)).

4. I am
   a. ☐ not a registered California process server.
   b. ☐ a registered California process server.
   c. ☐ an employee or independent contractor of a registered California process server.
   d. ☒ exempt from registration under Business & Professions Code section 22350(b).

5. My name, address, telephone number, and, if applicable, county of registration and number are *(specify)*:
Eric Figueroa
BEVERLY LAW
4929 Wilshire Boulevard, Suite 702
Los Angeles, California 90010
(310) 552-6921

6. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

7. ☐ I am a California sheriff or marshal and certify that the foregoing is true and correct.

Date: 5/21/2020

Eric Figueroa
(TYPE OR PRINT NAME OF PERSON WHO SERVED THE PAPERS)

▶ _____
(SIGNATURE OF PERSON WHO SERVED THE PAPERS)

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-020 [New January 1, 2005] | **PROOF OF PERSONAL SERVICE—CIVIL** | Code of Civil Procedure, § 1011<br>www.courts.ca.gov |
|---|---|---|

# EXHIBIT "B"

# Fax



| TO: | John Gerard Burgee | FROM: | Michael Shemtoub |
|---|---|---|---|
| COMPANY: | Burgee & Abramoff | COMPANY: | Beverly Law |
| FAX: | 8182647576 | FAX: | 2063090945 |
| SUBJECT: | Confirmation of Depositions for Michael Leizerovitz, Ruvin Feygenberg, and Sensible Consulting and Management Inc. for Monday, June 1, 2020, starting at 8:30 AM at 2601 Main St #330, Irvine, CA 92614 | DATE: | Friday, May 29, 2020 |

URGENT-DELIVER IMMEDIATELY

*RE: Confirmation of Depositions for Michael Leizerovitz, Ruvin Feygenberg, and Sensible Consulting and Management Inc. for Monday, June 1, 2020, starting at 8:30 AM at 2601 Main St #330, Irvine, CA 92614;*  **Case Number:**   19VECV00878
LEV INVESTMENTS, LLC VS RUVIN FEYGENBERG, ET AL.

---

**Real-time Fax Status**

Real-time Fax Status: **Successfully Sent**

**Fax Info**
Date: 5/29/2020 8:24:46 AM PDT
Receiver Name: John Gerard Burgee
Receiver Company: Burgee & Abramoff
Receiver Fax #: 8182647576
Subject: Confirmation of Depositions for Michael Leizerovitz, Ruvin Feygenberg, and Sensible Consulting and Management Inc. for Monday, June 1, 2020, starting at 8:30 AM at 2601 Main St #330, Irvine, CA 92614
Page Count: 3 (including cover page)

Click Here to Send another Fax



**John Gerard Burgee**
**Attorney at Law**
**Burgee & Abramoff**
**20501 Ventura Blvd Ste 262**
**Woodland Hills, CA 91364**
**(818) 264-7575**
**(818) 264-7576(Fax)**

May 29,
2020

*Sent by Facsimile and Email and US Mail*

*RE: Confirmation of Depositions for Michael Leizerovitz, Ruvin Feygenberg, and Sensible Consulting and Management Inc. for Monday, June 1, 2020, starting at 8:30 AM at 2601 Main St #330, Irvine, CA 92614*

**BEVERLY LAW**
http://www.kingofpersonalinjurylaw.com/

4929 Wilshire Blvd
Suite 702
Los Angeles, CA  90010

Phone:      310-552-6929
Facsimile:  206-309-0945

Dear Ms. Burgee,

I have not received any objections to the deposition notices and the depositions are one business day away.  I write to confirm the appeareances of your Clients Michael Leizerovitz, Ruvin Feygenberg, and Sensible Consulting and Management Inc. for Monday, June 1, 2020, starting at 8:30 AM at 2601 Main St #330, Irvine, CA 92614.

Social distancing guidelines and the rules promplugated in response to COVID-19 will be observed and the deposition will be taken in accordanc with Emergency Rule 11 guidelines.

Thank you for your time and attention in your cooperation in this matter. I do not belive that I will need more than 2 hours (per each deponent) to accomplish what I need to cement on Monday.

Looking forward to meeting your acquaintance and concluding this matter in haste.

Respectfully,

Michael Shemtoub, Esq.

# EXHIBIT "C"



**BURGEE &**
**ABRAMOFF**
PROFESSIONAL CORPORATION

*JOHN G. BURGEE*

May 29, 2020

BY TELEFAX – (206) 309-0945

Michael Shemtoub, Esq.
Beverly Law
4929 Wilshire Boulevard, Suite 402
Los Angeles, California 90010

   Re: *Lev Investments v. Feygenberg et al.*

Dear Mr. Shemtoub:

  Please find enclosed the Objections to Notice of Deposition served yesterday which you may have received in the mail. Unfortunately, I do not have the facilities to scan or fax from home nor do I have your email.

  Among other things, the Proof of Service suggesting that I was personally served with the Notice is incorrect. My office has generally been closed since March, although we are working on a limited re-opening.

       Very truly yours,

       JOHN G. BURGEE
        of
      BURGEE & ABRAMOFF, P.C.

1 | **JOHN G. BURGEE, ESQ. (State Bar No. 132129)**
**BURGEE & ABRAMOFF, P.C.**
2 | 20501 Ventura Boulevard, Suite 262
Woodland Hills, California 91364
3 | Tel: (818) 264-7575
Fax: (818) 264-7576

4 |
Attorneys for Defendants RUVIN FEYGENBERG,
5 | MICHAEL LEIZEROVITZ and SENSIBLE
CONSULTING AND MANAGEMENT, INC.
6 |

7 |

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF LOS ANGELES

10 | NORTHWEST DISTRICT

11 |

12 | LEV INVESTMENTS, LLC,                    )   CASE NO. 19VECV00878
                                            )
13 |              Plaintiff,                 )   OBJECTION TO NOTICE OF DEPOSITIONS
                                            )
14 |     v.                                  )
                                            )
15 | RUVIN FEYGENBERG, et al.,               )
                                            )
16 |              Defendants.                )
                                            )
17 |                                         )
    AND CROSS-COMPLAINT.                     )
18 |                                         )

19 | Defendants/Cross-Complainants Ruvin Feygenberg, Michael Leizerovitz and Sensible

20 | Consulting and Management, Inc. object to the Notice for their depositions by Cross-Defendants

21 | Real Property Trustee, Inc. and Mike Kemel as follows:

22 | Objections to Notice

23 | 1.     The Notice was not properly served.

24 | 2.     The Notice was not timely served.

25 | 3.     The Notice does not specify a reasonable time to obtain and produce documents.

26 | 4.     The Notice does not provide for a means for the remote appearance of the deponents

27 | and counsel. Due to the global pandemic, the deponents and counsel object to any in-person

28 | appearance as unduly endangering their health and well-being.

1

1

2          5.      Due to the global pandemic, the deponents and/or their counsel do not have access to

3    the persons and/or files to provide a full and complete production of documents.

4          6.      The Notice fails to provide sufficient time for the depositions.

5          7.      The deposition is noticed for a date and time that the deponents and/or their counsel

6    are unavailable.

7                                      No Appearance

8          Based upon the foregoing, there will be **no appearance** pursuant to Notice of Deposition.

9

10   DATED: May 28, 2020.                        BURGEE & ABRAMOFF P.C.

11
                                       By:____/s/ John G. Burgee_____
12                                          JOHN G. BURGEE
                                       Attorneys for Defendants and Cross-Complainants
13                                     RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ
                                       and SENSIBLE CONSULTING AND
14                                     MANAGEMENT, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                       2

1              PROOF OF SERVICE

2
       STATE OF CALIFORNIA, COUNTY OF LOS ANGELES
3
              I am employed in the County of Los Angeles, State of California. I am over the age of 18
4      and not a party to the within action. My business address is 20501 Ventura Boulevard, Woodland
       Hills, California 91364.
5
              On May 28, 2020, I served the foregoing document described as: OBJECTION TO NOTICE
6      OF DEPOSITIONS on the interested parties in this action:

7      /X/    by placing /_/ the original /X/ a true copy thereof enclosed in sealed envelopes addressed as
              follows:
8
              James R. Felton, Esq.                    Michael Shemtoub, Esq.
9             G&B Law, LLP                             Beverly Law
              16000 Ventura Blvd., Suite 1000          4929 Wilshire Boulevard, Suite 402
10            Encino, California 91436-2730            Los Angeles, California 90010
              E: jfelton@gblawllp.com                  Fax: (323) 421-9397
11            Fax: 818-986-6534

12     [X]    BY MAIL

13            [X]    As follows: I am "readily familiar" with the firm's practice of collection and
                     processing correspondence for mailing. Under that practice it would be deposited
14                   with U.S. postal service on that same day with postage thereon fully prepaid at
                     Woodland Hills, California in the ordinary course of business. I am aware that on
15                   motion of the party served, service is presumed invalid if postal cancellation date or
                     postage meter date is more than one day after date of deposit for mailing in affidavit.
16
       [ ]    **(BY PERSONAL SERVICE) I delivered such envelope by hand to the office/home of the
17            addressee.

18
              Executed May 28, 2020, at Woodland Hills, California.
19
       /X/    (State) I declare under penalty of perjury under the laws of the State of California that the
20            above is true and correct.

21
       John Burgee                              /s/ John G. Burgee
22     Type or Print Name                       Signature

23

24

25

26

27

28
                                        3

# EXHIBIT "D"



**John Gerard Burgee**
**Attorney at Law**
**Burgee & Abramoff**
**20501 Ventura Blvd Ste 262**
**Woodland Hills, CA 91364**
**(818) 264-7575**
**(818) 264-7576(Fax)**

May 29,
2020

*Sent by Facsimile and Email and US Mail*

*RE: Depositions for Michael Leizerovitz, Ruvin Feygenberg, and Sensible Consulting and Management Inc. for Monday, June 1, 2020, starting at 8:30 AM at 2601 Main St #330, Irvine, CA 92614---* ***discovery delivered to Burgee & Abramoff on May 29, 2020***

**BEVERLY LAW**
http://www.kingofpersonalinjurylaw.com/

4929 Wilshire Blvd
Suite 702
Los Angeles, CA  90010

Phone:      310-552-6929
Facsimile:  206-309-0945

Dear Mr. Burgee,

Your letter of even date regarding the depositions is attached hereto for ease of reference.

As your concerns regarding COVID-19 impact of Emeregency Rule 11: that should be no concern at all. Your client will be in a video conference room with a camera pointed on them with a video screen; you may attend via video conference or in person. The conference room is quite large and can accomodate nearly 20 people. I will be appearing via video from the same facility but in a different conferene room. The stenographer will also be at the facility in yet another conference room. I will question your Clients' in turn as noticed and in a stacatoo fashion. There is another conference room available for Mr. Felton to be in and observe via video. Emergency Rule 11 has been most appreciatably complied with.

As to issue of service: the representenation that you make in your letter are simply untrue and irrelevent. The deposition notices were delivered to your office at 2:04 PM on May 21, 2020. Code of Civil Procedure §1011 is specific that service of process is complete even if the attorney is not in the office; so long as that the documnets are left in a "conspicuous place."

Furthermore, I caused to be served on your office this afternoon at 4:03 p.m. discovery demands (attached hereto for your convinience).

COVID-19 is a fact of life. It is something that one must accept as a fact of life and be conscientious of. It is not some excuse to be utilized as a means to violate the public policy and the rigors of litigation.

You did not harbor any reservation when you filed the objection to the Declaration of Nonmonetary Status of the Client.  You did not raise COVID-19 as cause for maliciously pursuing my Clients for damages.

My Clients livelihood cannot be left with the cloud that the litigation impacts them with.

Therefore, I expect and will proceed with the Depositions as timely Noticed and untimely objected to.  Further, I demand that the discovery be that was propounded today be timely responded to.

You have opened the door to litigation.  I expect and the law demands that expediant resolution of disputes- COVID-19 or not.

Looking forward to meeting your acquaintance and concluding this matter in haste.

Respectfully,

Michael Shemtoub, Esq.



## BURGEE & ABRAMOFF

PROFESSIONAL CORPORATION

*JOHN G. BURGEE*

May 29, 2020

BY TELEFAX – (206) 309-0945

Michael Shemtoub, Esq.
Beverly Law
4929 Wilshire Boulevard, Suite 402
Los Angeles, California 90010

        Re:    *Lev Investments v. Feygenberg et al.*

Dear Mr. Shemtoub:

        Please find enclosed the Objections to Notice of Deposition served yesterday which you
may have received in the mail. Unfortunately, I do not have the facilities to scan or fax from
home nor do I have your email.

        Among other things, the Proof of Service suggesting that I was personally served with the
Notice is incorrect. My office has generally been closed since March, although we are working
on a limited re-opening.

                                Very truly yours,

                                JOHN G. BURGEE
                                    of
                                BURGEE & ABRAMOFF, P.C.

1 | **JOHN G. BURGEE, ESQ. (State Bar No. 132129)**
  | **BURGEE & ABRAMOFF, P.C.**
2 | 20501 Ventura Boulevard, Suite 262
  | Woodland Hills, California 91364
3 | Tel: (818) 264-7575
  | Fax: (818) 264-7576
4 |
  | Attorneys for Defendants RUVIN FEYGENBERG,
5 | MICHAEL LEIZEROVITZ and SENSIBLE
  | CONSULTING AND MANAGEMENT, INC.
6 |
7 |
8 |         SUPERIOR COURT OF THE STATE OF CALIFORNIA
9 |              FOR THE COUNTY OF LOS ANGELES
10 |                   NORTHWEST DISTRICT
11 |
12 | LEV INVESTMENTS, LLC,            ) CASE NO. 19VECV00878
   |                                  )
13 |              Plaintiff,          ) OBJECTION TO NOTICE OF DEPOSITIONS
   |                                  )
14 |     v.                          )
   |                                  )
15 | RUVIN FEYGENBERG, et al.,        )
   |                                  )
16 |              Defendants.         )
   |                                  )
17 |                                  )
   | AND CROSS-COMPLAINT.             )
18 |                                  )
19 |     Defendants/Cross-Complainants Ruvin Feygenberg, Michael Leizerovitz and Sensible
20 | Consulting and Management, Inc. object to the Notice for their depositions by Cross-Defendants
21 | Real Property Trustee, Inc. and Mike Kemel as follows:
22 |                        Objections to Notice
23 |     1.    The Notice was not properly served.
24 |     2.    The Notice was not timely served.
25 |     3.    The Notice does not specify a reasonable time to obtain and produce documents.
26 |     4.    The Notice does not provide for a means for the remote appearance of the deponents
27 | and counsel. Due to the global pandemic, the deponents and counsel object to any in-person
28 | appearance as unduly endangering their health and well-being.

1

1

2        5.       Due to the global pandemic, the deponents and/or their counsel do not have access to

3    the persons and/or files to provide a full and complete production of documents.

4        6.       The Notice fails to provide sufficient time for the depositions.

5        7.       The deposition is noticed for a date and time that the deponents and/or their counsel

6    are unavailable.

7                                          No Appearance

8        Based upon the foregoing, there will be **no appearance** pursuant to Notice of Deposition.

9

10   DATED: May 28, 2020.                          BURGEE & ABRAMOFF P.C.

11
                                                   By:____/s/ John G. Burgee_____
12                                                      JOHN G. BURGEE
                                                   Attorneys for Defendants and Cross-Complainants
13                                                 RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ
                                                   and SENSIBLE CONSULTING AND
14                                                 MANAGEMENT, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                   2

1                              PROOF OF SERVICE

2

3    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4        I am employed in the County of Los Angeles, State of California. I am over the age of 18
     and not a party to the within action. My business address is 20501 Ventura Boulevard, Woodland
     Hills, California 91364.
5

6        On May 28, 2020, I served the foregoing document described as: OBJECTION TO NOTICE
     OF DEPOSITIONS on the interested parties in this action:

7    /X/    by placing // the original /X/ a true copy thereof enclosed in sealed envelopes addressed as
            follows:
8

9        James R. Felton, Esq.                      Michael Shemtoub, Esq.
         G&B Law, LLP                               Beverly Law
         16000 Ventura Blvd., Suite 1000            4929 Wilshire Boulevard, Suite 402
10       Encino, California 91436-2730              Los Angeles, California 90010
         E: jfelton@gblawllp.com                    Fax: (323) 421-9397
11       Fax: 818-986-6534

12   [X]    BY MAIL

13         [X]    As follows: I am "readily familiar" with the firm's practice of collection and
                  processing correspondence for mailing. Under that practice it would be deposited
14                with U.S. postal service on that same day with postage thereon fully prepaid at
                  Woodland Hills, California in the ordinary course of business. I am aware that on
15                motion of the party served, service is presumed invalid if postal cancellation date or
                  postage meter date is more than one day after date of deposit for mailing in affidavit.
16

     [ ]    **(BY PERSONAL SERVICE) I delivered such envelope by hand to the office/home of the
17          addressee.

18
         Executed May 28, 2020, at Woodland Hills, California.
19

     /X/    (State) I declare under penalty of perjury under the laws of the State of California that the
20          above is true and correct.

21
         John Burgee                          /s/ John G. Burgee
22       Type or Print Name                   Signature

23

24

25

26

27

28
                                        3

To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of the form when finished.

**DISC-001**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Michael Shemtoub, Esq.    SBN 253948
BEVERLY LAW
4929 Wilshire Blvd., Suite 702
Los Angeles, CA 90010
TELEPHONE NO.:  (310) 552-6921
FAX NO. *(Optional):*  (323) 421-9397
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*  Real Property Trustee, Inc. and Mike Kemel

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
6230 Sylmar Avenue, Van Nuys, CA 91401
Northwest Judicial District, Van Nuys Courthouse East

SHORT TITLE OF CASE:
LEV INVESTMENTS v. FEYGENBERG, et al.

| **FORM INTERROGATORIES—GENERAL**<br>**Asking Party:** REAL PROPERTY TRUSTEE, INC.<br><br>**Answering Party:** DMITRI LIOUDKOVSKI<br>**Set No.:** ONE | CASE NUMBER:<br>19VECV00878 |
|---|---|

**Sec. 1.  Instructions to All Parties**

(a)  Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b)  For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c)  These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

**Sec. 2.  Instructions to the Asking Party**

(a)  These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, Form *Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b)  Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c)  You may insert your own definition of **INCIDENT** in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d)  The interrogatories in section 16.0, Defendant's Contentions–Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e)  Additional interrogatories may be attached.

**Sec. 3.  Instructions to the Answering Party**

(a)  An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b)  As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c)  Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d)  If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e)  Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f)  Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g)  If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h)  Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____     _____
*(DATE)*                                    *(SIGNATURE)*

**Sec. 4.  Definitions**

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

☑  (1)  **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Page 1 of 8

**DISC-001**

☐ **(2)    INCIDENT** means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):*

**(b)  YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

**(c)  PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

**(d)  DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

**(e)  HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

**(f)  ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5.  Interrogatories**

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

## CONTENTS

1.0 Identity of Persons Answering These Interrogatories
2.0 General Background Information—Individual
3.0 General Background Information—Business Entity
4.0 Insurance
5.0 *[Reserved]*
6.0 Physical, Mental, or Emotional Injuries
7.0 Property Damage
8.0 Loss of Income or Earning Capacity
9.0 Other Damages
10.0 Medical History
11.0 Other Claims and Previous Claims
12.0 Investigation—General
13.0 Investigation—Surveillance
14.0 Statutory or Regulatory Violations
15.0 Denials and Special or Affirmative Defenses
16.0 Defendant's Contentions Personal Injury
17.0 Responses to Request for Admissions
18.0 *[Reserved]*
19.0 *[Reserved]*
20.0 How the Incident Occurred—Motor Vehicle
25.0 *[Reserved]*
30.0 *[Reserved]*
40.0 *[Reserved]*
50.0 Contract
60.0 *[Reserved]*
70.0 Unlawful Detainer *[See separate form DISC-003]*
101.0 Economic Litigation *[See separate form DISC-004]*
200.0 Employment Law *[See separate form DISC-002]*
    Family Law *[See separate form FL-145]*

**1.0 Identity of Persons Answering These Interrogatories**

☑ 1.1 State the name, **ADDRESS,** telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. (*Do not identify anyone who simply typed or reproduced the responses.*)

**2.0 General Background Information—individual**

☑ 2.1 State:
(a)  your name;
(b)  every name you have used in the past; and
(c)  the dates you used each name.

☑ 2.2 State the date and place of your birth.

☑ 2.3 At the time of the **INCIDENT,** did you have a driver's license? If so state:
(a)  the state or other issuing entity;
(b)  the license number and type;
(c)  the date of issuance; and
(d)  all restrictions.

☑ 2.4 At the time of the **INCIDENT,** did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a)  the state or other issuing entity;
(b)  the license number and type;
(c)  the date of issuance; and
(d)  all restrictions.

☑ 2.5 State:
(a)  your present residence **ADDRESS;**
(b)  your residence **ADDRESSES** for the past five years; and
(c)  the dates you lived at each **ADDRESS.**

☑ 2.6 State:
(a)  the name, **ADDRESS,** and telephone number of your present employer or place of self-employment; and

(b)  the name, **ADDRESS,** dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

☑ 2.7 State:
(a)  the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
(b)  the dates you attended;
(c)  the highest grade level you have completed; and
(d)  the degrees received.

☑ 2.8 Have you ever been convicted of a felony? If so, for each conviction state:
(a)  the city and state where you were convicted;
(b)  the date of conviction;
(c)  the offense; and
(d)  the court and case number.

☑ 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

☑ 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

DISC-001

☑ 2.11 At the time of the **INCIDENT** were you acting as an agent or employee for any **PERSON?** If so, state:
(a) the name, **ADDRESS,** and telephone number of that **PERSON:** and
(b) a description of your duties.

☑ 2.12 At the time of the **INCIDENT** did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the **INCIDENT?** If so, for each person state:
(a) the name, **ADDRESS,** and telephone number;
(b) the nature of the disability or condition; and
(c) the manner in which the disability or condition contributed to the occurrence of the **INCIDENT.**

☑ 2.13 Within 24 hours before the **INCIDENT** did you or any person involved in the **INCIDENT** use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
(a) the name, **ADDRESS,** and telephone number;
(b) the nature or description of each substance;
(c) the quantity of each substance used or taken;
(d) the date and time of day when each substance was used or taken;
(e) the **ADDRESS** where each substance was used or taken;
(f) the name, **ADDRESS,** and telephone number of each person who was present when each substance was used or taken; and
(g) the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

### 3.0 General Background Information—Business Entity

☐ 3.1 Are you a corporation? If so, state:
(a) the name stated in the current articles of incorporation;
(b) all other names used by the corporation during the past 10 years and the dates each was used;
(c) the date and place of incorporation;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

☐ 3.2 Are you a partnership? If so, state:
(a) the current partnership name;
(b) all other names used by the partnership during the past 10 years and the dates each was used;
(c) whether you are a limited partnership and, if so, under the laws of what jurisdiction;
(d) the name and **ADDRESS** of each general partner; and
(e) the **ADDRESS** of the principal place of business.

☐ 3.3 Are you a limited liability company? If so, state:
(a) the name stated in the current articles of organization;
(b) all other names used by the company during the past 10 years and the date each was used;
(c) the date and place of filing of the articles of organization;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

☐ 3.4 Are you a joint venture? If so, state:
(a) the current joint venture name;
(b) all other names used by the joint venture during the past 10 years and the dates each was used;
(c) the name and **ADDRESS** of each joint venturer; and
(d) the **ADDRESS** of the principal place of business.

☐ 3.5 Are you an unincorporated association? If so, state:
(a) the current unincorporated association name;
(b) all other names used by the unincorporated association during the past 10 years and the dates each was used; and
(c) the **ADDRESS** of the principal place of business.

☐ 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
(a) the name;
(b) the dates each was used;
(c) the state and county of each fictitious name filing; and
(d) the **ADDRESS** of the principal place of business.

☐ 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
(a) identify the license or registration;
(b) state the name of the public entity; and
(c) state the dates of issuance and expiration.

### 4.0 Insurance

☑ 4.1 At the time of the **INCIDENT,** was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, for each policy state:
(a) the kind of coverage;
(b) the name and **ADDRESS** of the insurance company;
(c) the name, **ADDRESS,** and telephone number of each named insured;
(d) the policy number;
(e) the limits of coverage for each type of coverage contained in the policy;
(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
(g) the name, **ADDRESS,** and telephone number of the custodian of the policy.

☑ 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, specify the statute.

### 5.0 *[Reserved]*

### 6.0 Physical, Mental, or Emotional Injuries

☑ 6.1 Do you attribute any physical, mental, or emotional injuries to the **INCIDENT?** *(If your answer is "no," do not answer interrogatories 6.2 through 6.7).*

☑ 6.2 Identify each injury you attribute to the **INCIDENT** and the area of your body affected.

**DISC-001**

☑ 6.3   Do you still have any complaints that you attribute to the **INCIDENT?** If so, for each complaint state:
(a)  a description;
(b)  whether the complaint is subsiding, remaining the same, or becoming worse; and
(c)  the frequency and duration.

☑ 6.4  Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT?** If so, for each **HEALTH CARE PROVIDER** state:
(a)  the name, **ADDRESS,** and telephone number;
(b)  the type of consultation, examination, or treatment provided;
(c)  the dates you received consultation, examination, or treatment; and
(d)  the charges to date.

☑ 6.5  Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **INCIDENT?** If so, for each medication state:
(a)  the name;
(b)  the **PERSON** who prescribed or furnished it;
(c)  the date it was prescribed or furnished;
(d)  the dates you began and stopped taking it; and
(e)  the cost to date.

☑ 6.6   Are there any other medical services necessitated by the injuries that you attribute to the **INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a)  the nature;
(b)  the date;
(c)  the cost; and
(d)  the name, **ADDRESS,** and telephone number of each provider.

☑ 6.7  Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT?** If so, for each injury state:
(a)  the name and **ADDRESS** of each **HEALTH CARE PROVIDER;**
(b)  the complaints for which the treatment was advised; and
(c)  the nature, duration, and estimated cost of the treatment.

**7.0  Property Damage**

☑ 7.1  Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT**?  If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;

(c)  state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d)  if the property was sold, state the name, **ADDRESS,** and telephone number of the seller, the date of sale,  and  the sale price.

☑ 7.2  Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a)  the  name,  **ADDRESS,**  and  telephone  number  of  the **PERSON** who prepared it and the date prepared;
(b)  the name, **ADDRESS,** and telephone number of each **PERSON** who has a copy of it; and
(c)  the amount of damage stated.

☑ 7.3  Has any item of property referred  to  in  your  answer  to interrogatory 7.1 been repaired? If so, for each item state:
(a)  the date repaired;
(b)  a description of the repair;
(c)  the repair cost;
(d)  the name, **ADDRESS,** and telephone number of the **PERSON** who repaired it;
(e)  the name, **ADDRESS,** and telephone number of the **PERSON** who paid for the repair.

**8.0  Loss of Income or Earning Capacity**

☑ 8.1  Do you attribute any loss of income or earning capacity to the **INCIDENT?**  *(If your answer is  "no," do not answer interrogatories 8.2 through 8.8).*

☑ 8.2  State:
(a)  the nature of your work;
(b)  your job title at the time of the **INCIDENT;** and
(c)  the date your employment began.

☑ 8.3   State  the  last  date  before  the  **INCIDENT**  that  you worked for compensation.

☑ 8.4  State your monthly income at the time of the **INCIDENT** and how the amount was calculated.

☑ 8.5  State  the date you returned to work at each place of employment following the **INCIDENT.**

☑ 8.6  State the dates you did not work and for which you lost income as a result of the **INCIDENT.**

☑ 8.7  State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

☑ 8.8  Will you lose income in the future as a result of the **INCIDENT?** If so, state:
(a)  the facts upon which you base this contention;
(b)  an estimate of the amount;
(c)  an estimate of how long you will be unable  to  work;  and
(d)  how the claim for future income is calculated.

DISC-001

## 9.0 Other Damages

☑ 9.1  Are there any other damages that you attribute to the **INCIDENT?** If so, for each item of damage state:
(a)  the nature;
(b)  the date it occurred;
(c)  the amount; and
(d)  the name, **ADDRESS,** and telephone number of each **PERSON** to whom an obligation was incurred.

☑ 9.2  Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

## 10.0 Medical History

☑ 10.1  At any time before the **INCIDENT** did you have complaints or injuries that involved the same part of your body claimed to have been injured in the **INCIDENT?** If so, for each state:

(a)  a description of the complaint or injury;
(b)  the dates it began and ended; and
(c)  the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** whom you consulted or who examined or treated you.

☑ 10.2  List all physical, mental, and emotional disabilities you had immediately before the **INCIDENT.** *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)*

☑ 10.3  At any time after the **INCIDENT,** did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:

(a)  the date and the place it occurred;
(b)  the name, **ADDRESS,** and telephone number of any other **PERSON** involved;
(c)  the nature of any injuries you sustained;
(d)  the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** who you consulted or who examined or treated you; and
(e)  the nature of the treatment and its duration.

## 11.0 Other Claims and Previous Claims

☑ 11.1  Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:

(a)  the date, time, and place and location (closest street **ADDRESS** or intersection) of the **INCIDENT** giving rise to the action, claim, or demand;
(b)  the name, **ADDRESS,** and telephone number of each **PERSON** against whom the claim or demand was made or the action filed;

(c)  the court, names of the parties, and case number of any action filed;
(d)  the name, **ADDRESS,** and telephone number of any attorney representing you;
(e)  whether the claim or action has been resolved or is pending; and
(f)  a description of the injury.

☑ 11.2  In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:

(a)  the date, time, and place of the **INCIDENT** giving rise to the claim;
(b)  the name, **ADDRESS,** and telephone number of your employer at the time of the injury;
(c)  the name, **ADDRESS,** and telephone number of the workers' compensation insurer and the claim number;
(d)  the period of time during which you received workers' compensation benefits;
(e)  a description of the injury;
(f)  the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who provided services; and
(g)  the case number at the Workers' Compensation Appeals Board.

## 12.0 Investigation—General

☑ 12.1  State the name, **ADDRESS,** and telephone number of each individual:
(a)  who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT;**
(b)  who made any statement at the scene of the **INCIDENT;**
(c)  who heard any statements made about the **INCIDENT** by any individual at the scene; and

(d)  who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure section 2034).

☑ 12.2  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **INCIDENT?** If so, for each individual state:

(a)  the name, **ADDRESS,** and telephone number of the individual interviewed;
(b)  the date of the interview; and
(c)  the name, **ADDRESS,** and telephone number of the **PERSON** who conducted the interview.

☑ 12.3  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **INCIDENT?** If so, for each statement state:

(a)  the name, **ADDRESS,** and telephone number of the individual from whom the statement was obtained;
(b)  the name, **ADDRESS,** and telephone number of the individual who obtained the statement;
(c)  the date the statement was obtained; and
(d)  the name, **ADDRESS,** and telephone number of each **PERSON** who has the original statement or a copy.

☑ 12.4  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

(a) the number of photographs or feet of film or videotape;

(b) the places, objects, or persons photographed, filmed, or videotaped;

(c) the date the photographs, films, or videotapes were taken;

(d) the name, **ADDRESS,** and telephone number of the individual taking the photographs, films, or videotapes; and

(e) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

☑ 12.5  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) concerning the **INCIDENT?** If so, for each item state:

(a) the type (i.e., diagram, reproduction, or model);

(b) the subject matter; and

(c) the name, **ADDRESS,** and telephone number of each **PERSON** who has it.

☑ 12.6  Was a report made by any **PERSON** concerning the **INCIDENT?** If so, state:

(a) the name, title, identification number, and employer of the **PERSON** who made the report;

(b) the date and type of report made;

(c) the name, **ADDRESS,** and telephone number of the **PERSON** for whom the report was made; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the report.

☑ 12.7  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT?** If so, for each inspection state:

(a) the name, **ADDRESS,** and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and

(b) the date of the inspection.

## 13.0  Investigation—Surveillance

☑ 13.1  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance state:

(a) the name, **ADDRESS,** and telephone number of the individual or party;

(b) the time, date, and place of the surveillance;

(c) the name, **ADDRESS,** and telephone number of the individual who conducted the surveillance; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

13.2  Has a written report been prepared on the surveillance? If so, for each written report state:

(a) the title;

(b) the date;

(c) the name, **ADDRESS,** and telephone number of the individual who prepared the report; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy.

## 14.0  Statutory or Regulatory Violations

☑ 14.1  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT?** If so, identify the name, **ADDRESS,** and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

☑ 14.2  Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT?** If so, for each **PERSON** state:

(a) the name, **ADDRESS,** and telephone number of the **PERSON;**

(b) the statute, ordinance, or regulation allegedly violated;

(c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and

(d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

## 15.0  Denials and Special or Affirmative Defenses

☑ 15.1  Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:

(a) state all facts upon which you base the denial or special or affirmative defense;

(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

## 16.0  Defendant's Contentions—Personal Injury

☐ 16.1  Do you contend that any **PERSON,** other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON:**

(a) state the name, **ADDRESS,** and telephone number of the **PERSON;**

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.2  Do you contend that plaintiff was not injured in the **INCIDENT?** If so:

(a) state all facts upon which you base your contention;

(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

DISC-001

☐ **16.3** Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the **INCIDENT**? If so, for each injury:

(a) identify it;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ **16.4** Do you contend that any of the services furnished by any **HEALTH CARE PROVIDER** claimed by plaintiff in discovery proceedings thus far in this case were not due to the **INCIDENT**? If so:

(a) identify each service;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ **16.5** Do you contend that any of the costs of services furnished by any **HEALTH CARE PROVIDER** claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:

(a) identify each cost;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ **16.6** Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the **INCIDENT**? If so:

(a) identify each part of the loss;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ **16.7** Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the **INCIDENT**? If so:

(a) identify each item of property damage;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ **16.8** Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:

(a) identify each cost item;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ **16.9** Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the **INCIDENT** by a plaintiff in this case? If so, for each plaintiff state:

(a) the source of each **DOCUMENT;**
(b) the date each claim arose;
(c) the nature of each claim; and
(d) the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

☐ **16.10** Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a **HEALTH CARE PROVIDER** not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)? If so, for each plaintiff state:

(a) the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER;**
(b) a description of each **DOCUMENT**; and
(c) the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**17.0 Responses to Request for Admissions**

☑ **17.1** Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a) state the number of the request;
(b) state all facts upon which you base your response;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**18.0** *[Reserved]*

**19.0** *[Reserved]*

**20.0 How the Incident Occurred—Motor Vehicle**

☑ **20.1** State the date, time, and place of the **INCIDENT** (closest street **ADDRESS** or intersection).

☐ **20.2** For each vehicle involved in the **INCIDENT,** state:

(a) the year, make, model, and license number;
(b) the name, ADDRESS, and telephone number of the driver;

**DISC-001**

(c) the name, **ADDRESS,** and telephone number of each occupant other than the driver;

(d) the name, **ADDRESS,** and telephone number of each registered owner;

(e) the name, **ADDRESS,** and telephone number of each lessee;

(f) the name, **ADDRESS,** and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

☐ 20.3 State the **ADDRESS** and location where your trip began and the **ADDRESS** and location of your destination.

☐ 20.4 Describe the route that you followed from the beginning of your trip to the location of the **INCIDENT,** and state the location of each stop, other than routine traffic stops, during the trip leading up to the **INCIDENT.**

☐ 20.5 State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the **INCIDENT** for the 500 feet of travel before the **INCIDENT.**

☐ 20.6 Did the **INCIDENT** occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

☐ 20.7 Was there a traffic signal facing you at the time of the **INCIDENT?** If so, state:
(a) your location when you first saw it;
(b) the color;
(c) the number of seconds it had been that color; and
(d) whether the color changed between the time you first saw it and the **INCIDENT.**

☐ 20.8 State how the **INCIDENT** occurred, giving the speed, direction, and location of each vehicle involved:
(a) just before the **INCIDENT;**
(b) at the time of the **INCIDENT;** and (c) just
after the **INCIDENT.**

☐ 20.9 Do you have information that a malfunction or defect in a vehicle caused the **INCIDENT**? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS,** and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and
(d) state the name, **ADDRESS,** and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the **INCIDENT**? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS,** and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS,** and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.11 State the name, **ADDRESS,** and telephone number of each owner and each **PERSON** who has had possession since the **INCIDENT** of each vehicle involved in the **INCIDENT.**

**25.0** *[Reserved]*

**30.0** *[Reserved]*

**40.0** *[Reserved]*

**50.0 Contract**

☑ 50.1 For each agreement alleged in the pleadings:
(a) identify each **DOCUMENT** that is part of the agreement and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(b) state each part of the agreement not in writing, the name, **ADDRESS,** and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;
(c) identify all **DOCUMENTS** that evidence any part of the agreement not in writing and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(d) identify all **DOCUMENTS** that are part of any modification to the agreement, and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(e) state each modification not in writing, the date, and the name, **ADDRESS,** and telephone number of each **PERSON** agreeing to the modification, and the date the modification was made;
(f) identify all **DOCUMENTS** that evidence any modification of the agreement not in writing and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT.**

☑ 50.2 Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

☑ 50.3 Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

☑ 50.4 Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

☑ 50.5 Is any agreement alleged in the pleadings unenforce-able? If so, identify each unenforceable agreement and state why it is unenforceable.

☑ 50.6 Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**60.0** *[Reserved]*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Save This Form     Print This Form     Clear This Form

DISC-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | |
|---|---|
| Michael Shemtoub, Esq.   SBN 253948 | **To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of the form when finished.** |

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Michael Shemtoub, Esq.   SBN 253948
BEVERLY LAW
4929 Wilshire Blvd., Suite 702, Los Angeles, CA 90010
TELEPHONE NO.: (310) 552-6921        FAX NO. *(Optional)* (323) 421-9397
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Real Property Trustee, Inc. and Mike Kemel

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 6230 Sylmar Avenue
MAILING ADDRESS: 6230 Sylmar Avenue
CITY AND ZIP CODE: Van Nuys 91401
BRANCH NAME: Northwest Judicial District, Van Nuys Courthouse East

SHORT TITLE:
LEV INVESTMENTS v. FEYGENBERG, et al.

| **REQUESTS FOR ADMISSION** | CASE NUMBER: |
|---|---|
| ☑ **Truth of Facts**    ☐ **Genuineness of Documents** | 19VECV00878 |
| Requesting Party: REAL PROPERTY TRUSTEE, INC. | |
| Answering Party: DMITRI LIOUDKOVSKI | |
| Set No.: ONE | |

## INSTRUCTIONS

Requests for admission are written requests by a party to an action requiring that any other party to the action either admit or deny, under oath, the truth of certain facts or the genuineness of certain documents. For information on timing, the number of admissions a party may request from any other party, service of requests and responses, restrictions on the style, format, and scope of requests for admission and responses to requests, and other details, see Code of Civil Procedure sections 94–95, 1013, and 2033.010–2033.420 and the case law relating to those sections.

An answering party should consider carefully whether to admit or deny the truth of facts or the genuineness of documents. With limited exceptions, an answering party will not be allowed to change an answer to a request for admission. There may be penalties if an answering party fails to admit the truth of any fact or the genuineness of any document when requested to do so and the requesting party later proves that the fact is true or that the document is genuine. These penalties may include, among other things, payment of the requesting party's attorney's fees incurred in making that proof.

Unless there is an agreement or a court order providing otherwise, the answering party must respond in writing to requests for admission within 30 days after they are served, or within 5 days after service in an unlawful detainer action. There may be significant penalties if an answering party fails to provide a timely written response to each request for admission. These penalties may include, among other things, an order that the facts in issue are deemed true or that the documents in issue are deemed genuine for purposes of the case.

Answers to *Requests for Admission* must be given under oath. The answering party should use the following language at the end of the responses:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____        _____
*(DATE)*                                *(SIGNATURE)*

These instructions are only a summary and are not intended to provide complete information about requests for admission. This *Requests for Admission* form does not change existing law relating to requests for admissions, nor does it affect an answering party's right to assert any privilege or to make any objection.

## REQUESTS FOR ADMISSION

You are requested to admit within 30 days after service, or within 5 days after service in an unlawful detainer action, of this *Requests for Admission* that:

1. ☑    Each of the following facts is true *(if more than one, number each fact consecutively):*

    ☑ Continued on Attachment 1

2. ☐    The original of each of the following documents, copies of which are attached, is genuine *(if more than one, number each document consecutively):*

    ☐ Continued on Attachment 2

Michael Shemtoub, Esq.
(TYPE OR PRINT NAME)                              ▶ *(SIGNATURE OF PARTY OR ATTORNEY)*

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
DISC-020 [Rev. January 1, 2008]

**REQUESTS FOR ADMISSION**

Code of Civil Procedure,
§§ 94–95, 2033.010–2033.420, 2033.710

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Save This Form    Print This Form    Clear This Form

## REQUESTS FOR ADMISSION, SET ONE

## ATTACHMENT 1

1.      Admit that DMITRI LIOUDKOVSKI on behalf of LEV INVESTMENTS, LLC and RUVIN FEYGENBERG and MICHAEL LEIZEROVITZ were partners in the purchase of the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001.

2.      Admit that RPT was not a partner with DMITRI LIOUDKOVSKI in the purchase of the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001 (the term RPT shall refer to Cross-Defendant Real Property Trustee, Inc.).

3.      Admit that DMITRI LIOUDKOVSKI purchased the NOTE on or about December 31, 2018 (the term the NOTE shall refer to the defaulted Promissory Note secured by a first position Deed of Trust for the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001).

4.      Admit that DMITRI LIOUDKOVSKI paid $2,039,127.95 to The Evergreen Advantage, LLC for the NOTE.

5.      Admit that DMITRI LIOUDKOVSKI, after foreclosure of the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001, became the legal owner in fee of the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001.

6.      Admit that DMITRI LIOUDKOVSKI, after foreclosure of the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001, was not the only equitable owner in fee of the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001.

7.      Admit that DMITRI LIOUDKOVSKI borrowed purchase money to purchase the NOTE.

8.      Admit that DMITRI LIOUDKOVSKI owes money to RPT.

9.     Admit that DMITRI LIOUDKOVSKI hired RPT to foreclose on defaulted deeds of trust and failed to pay for RPT's services.

10.    Admit that RUVIN FEYGENBERG owes the JUDGMENT (the term the JUDGMENT refers to the Judgment evidenced by the Abstract of Judgment recorded as instrument number 20130597959 in the Office Records of the County of Los Angeles, on April 22, 2013).

11.    Admit that RUVIN FEYGENBERG failed to pay the JUDGMENT.

12.    Admit that DMITRI LIOUDKOVSKI did not know about the JUDGMENT.

13.    Admit that DMITRI LIOUDKOVSKI does not have any claim against RPT.

14.    Admit that DMITRI LIOUDKOVSKI does not make any allegations against RPT.

15.    Admit that DMITRI LIOUDKOVSKI does not have any causes of action against RPT.

16.    Admit that DMITRI LIOUDKOVSKI does not have any pending litigation against RPT.

17.    Admit that DMITRI LIOUDKOVSKI failed to repay the debt to RPT.

18.    Admit that DMITRI LIOUDKOVSKI did not suffer any special damages as a result of any act of RPT.

19.    Admit that DMITRI LIOUDKOVSKI did not suffer any special damages as a result of any omission of RPT.

20.    Admit that DMITRI LIOUDKOVSKI did not suffer any general damages as a result of any act of RPT.

21.    Admit that DMITRI LIOUDKOVSKI did not suffer any general damages as a result of any omission of RPT.

22.    Admit that DMITRI LIOUDKOVSKI does not have any evidence that he suffered any special damages as a result of any act of RPT.

23.    Admit that DMITRI LIOUDKOVSKI does not have any evidence that he suffered any special damages as a result of any omission of RPT.

24.    Admit that DMITRI LIOUDKOVSKI does not have any evidence that he suffered any general damages as a result of any act of RPT.

25.    Admit that DMITRI LIOUDKOVSKI does not have any evidence that he suffered any general damages as a result of any omission of RPT.

26.     Admit that RPT did not breach any fiduciary duty to DMITRI LIOUDKOVSKI.

27.     Admit that RPT did not breach any contract to DMITRI LIOUDKOVSKI.

28.     Admit that RPT did not conceal any act against DMITRI LIOUDKOVSKI.

29.     Admit that DMITRI LIOUDKOVSKI has no claim against RPT in relation to the
allegations of wrongful foreclosure of the LAND (the term the LAND shall refer to the vacant
land that is being developed as a luxury RV park in Coachella, California with APN 601-620-
012-0).

30.     Admit that DMITRI LIOUDKOVSKI holds no title to the LAND.

31.     Admit that DMITRI LIOUDKOVSKI holds to liens against the LAND.

32.     Admit that RPT has no right or duty to cancel any instrument recorded against the
LAND.

33.     Admit that RPT did not wrongfully foreclose on the LAND.

34.     Admit that DMITRI LIOUDKOVSKI must indemnify RPT related to the foreclosure of
the LAND.

35.     Admit that DMITRI LIOUDKOVSKI instructed RPT to conduct the foreclosure sale of
the LAND on November 7, 2019.

RPT's RFAs, SET ONE TO LIOUDKOVSKI

Michael Shemtoub, Esq.   SBN 253948
BEVERLY LAW
4929 Wilshire Boulevard, Suite 702
Los Angeles, California 90010
Telephone:     (310) 552-6921
Facsimile:     (323) 421-9397

Attorney for Real Property Trustee, Inc.
and Mike Kemel

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

NORTHWEST JUDICIAL DISTRICT

| | |
|---|---|
| LEV INVESTMENTS, LLC,<br><br>               Plaintiff,<br><br>     vs.<br><br>RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC.; MING ZHU, LLC; and DOES 1 through 100, inclusive,<br><br>               Defendants.<br>_____<br>RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC.<br><br>               Cross-Complainants,<br><br>     vs.<br><br>LEV INVESTMENTS, LLC, DMITRI LIOUDKOVSKI (aka Dmitri Ludkovski), YEVGENIYA LISITSA (aka Y. GINA LISITSA), LISITSA LAW, INC., REAL PROPERTY TRUSTEE, INC., MIKE KEMEL, and ROES 1 to 50,<br><br>               Cross-Defendants.<br>_____ | Case No.: 19VECV00878<br><br>REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE<br><br>Place:        Dept. U<br>Judge:       Theresa M. Traber<br><br><br>Complaint Filed:     June 20, 2019<br>Trial Date:            Not set |

- 1 -

PROPOUNDING PARTY:   REAL PROPERTY TRUSTEE, INC.

RESPONDING PARTY:   DMITRI LIOUDKOVSKI

SET NUMBER:          ONE

      Cross-Defendant Real Property Trustee, Inc., hereinafter Cross-Defendant or Propounding Party or RPT, hereby requests that Cross-Defendant DMITRI LIOUDKOVSKI, hereinafter LIOUDKOVSKI or Responding Party, produce on **June 30, 2020 at 10:00 a.m.** the documents and things described below for examination and copying at the offices of Beverly Law which address is 4929 Wilshire Boulevard, Suite 702, Los Angeles, California 90010. You also may comply with this request by mailing or hand-delivering copies of the requested documents and things to Cross-Defendant's counsel at the above-address, so that the documents are received on or before **June 30, 2020 at 10:00 a.m.** Any such production of documents is without prejudice to Cross-Defendant's right to inspect and copy the original of each document at a future date.

## **DOCUMENTS TO BE PRODUCED**

1.     The contract between RUVIN FEYGENBERG and MICHAEL LEIZEROVITZ and LEV INVESTMENTS, LLC.

2.     All DOCUMENTS which RELATE TO MICHAEL LEIZEROVITZ (the terms "DOCUMENT" or "DOCUMENTS" shall mean and include the original and every non-identical copy of or attachment to any printed, typewritten, or handwritten matter of whatever character, including but not limited to "writings" as defined by California Evidence Code § 250, and any other tangible thing known to Responding Party in its possession, custody or control, whether printed, recorded, reproduced by any process or written or produced by hand, and whether or not claimed to be privileged or exempt from production for any reason. Set forth in this definition is a list of examples of writings and tangible things which are included within this definition. The list is not exclusive but is intended to aid Responding Party in the identification and production of DOCUMENTS. Examples of DOCUMENTS are: correspondence, letters, memoranda, notes, charts, transcripts, minutes of meetings, inter-office and intra-office communications, reports,

forecasts, estimates, requests, summaries, instructions, descriptions, analyses, statements, recommendations, inventories, certificates, notices, return receipts, contracts, agreements, certifications, approvals, authorizations, lists, diagrams, diaries, desk calendar notations, microfilm, microfiche, photographs, magnetic tape recordings, compact disks or other digital recordings, computer disks and diskettes, teletype messages, films, computer printouts, telegrams, news releases, newspapers, periodicals, books, bulletins, circulars, pamphlets, manuals, affidavits, waivers, accounting work sheets, bills, invoices, financial statements, statements of account, ledger sheets, statistical statements, appraisals, credit files, evidences of indebtedness, checks, promissory notes, receipts, instruments, or material similar to any of the foregoing, however denominated. The terms DOCUMENT or DOCUMENTS shall not include any DOCUMENTS previously produced by Responding Party in this case; the terms "RELATE TO," "RELATES TO," and "RELATING TO" shall mean and include referring to, alluding to, responding to, pertaining to, connected with, commenting on, reviewing any aspects of, about, regarding, discussing, showing, describing, mentioning, respecting, analyzing, evidencing, constituting, concerning, memorializing, leading up to, or having any impact on).

3.      All DOCUMENTS which RELATE TO the SUBJECT PROPERTY for the last 5 years (the term the SUBJECT PROPERTY shall refer to the real property commonly known as 13854 Albers Street, Sherman Oaks, California 91401, APN 2247-013-001).

4.      All COMMUNICATIONS between MICHAEL LEIZEROVITZ and LEV INVESTMENTS, LLC (the term "COMMUNICATION" or "COMMUNICATIONS" shall mean and refer to any oral, written or electronic transmittal of information, opinion, belief, idea or statement, whether made in person, by telephone, electronic mail, fax, mail, or by any other means).

5.      All COMMUNICATIONS between DMITRI LIOUDKOVSKI and REAL PROPERTY TRUSTEE, INC.

6.      All COMMUNICATIONS between DMITRI LIOUDKOVSKI and MIKE KEMEL.

7.      All COMMUNICATIONS between DMITRI LIOUDKOVSKI, on one hand, and any other PERSON, on the other hand, RELATING TO the SUBJECT PROPERTY within the last 5

years (the term "PERSON" and "PERSONS" shall mean and include any natural person, individual, firm, association, organization, partnership, business, trust, corporation, joint venture, governmental body, governmental agency, or other form of legal or public entity).

8.      All COMMUNICATIONS between DMITRI LIOUDKOVSKI, on one hand, and any other PERSON, on the other hand, RELATING TO REAL PROPERTY TRUSTEE, INC.

9.      All COMMUNICATIONS between DMITRI LIOUDKOVSKI, on one hand, and any other PERSON, on the other hand, RELATING TO RUVIN FEYGENBERG.

10.     All COMMUNICATIONS between DMITRI LIOUDKOVSKI, on one hand, and any other PERSON, on the other hand, RELATING TO the LAND (the term the LAND shall refer to the vacant land that is being developed as a luxury RV park in Coachella, California with APN 601-620-012-0).

11.     All DOCUMENTS identified in DMITRI LIOUDKOVSKI's responses to REAL PROPERTY TRUSTEE's Form Interrogatories, Set One served concurrently herewith.

12.     All DOCUMENTS RELATING TO the source of funds for the purchase of the SUBJECT PROPERTY.

13.     All DOCUMENTS that show that LEV INVESTMENTS, LLC is entitled to title of the SUBJECT PROPERTY.

14.     ALL DOCUMENTS that show the amount paid by LEV INVESTMENTS, LLC for the SUBJECT PROPERTY.

15.     All DOCUMENTS that show all notices that DMITRI LIOUDKOVSKI received from any government agency that RELATE TO THE SUBJECT PROPERTY from 2018 to present.

16.     All DOCUMENTS that show the fair market value of the SUBJECT PROPERTY.

17.     ALL DOCUMENTS that show the fair market value of the SUBJECT PROPERTY between 2018 and present.

18.     All DOCUMENTS between RUVIN FEYGENBERG and DMITRI LIOUDKOVSKI, including but not limited all emails, letters and text messages, RELATED TO the SUBJECT PROPERTY.

19.     All DOCUMENTS between MICHAEL LEIZEROVITZ and DMITRI LIOUDKOVSKI, including but not limited all emails, letters and text messages, RELATED TO the LAND.

20.     All DOCUMENTS between DMITRI LIOUDKOVSKI and Prime Capital Group, Inc. RELATED TO the SUBJECT PROPERTY.

21.     All DOCUMENTS between DMITRI LIOUDKOVSKI and Prime Capital Group, Inc. RELATED TO the LAND.

22.     All DOCUMENTS showing accounting of the money spent for the SUBJECT PROPERTY.

23.     All DOCUMENTS showing foreclosure process RELATED TO the SUBJECT PROPERTY.

24.     The escrow file RELATED TO the purchase of the SUBJECT PROPERTY.

25.     The title file RELATED TO the purchase of the SUBJECT PROPERTY.

26.     All Final Closing Statements RELATED TO the purchase of the SUBJECT PROPERTY.

27.     All DOCUMENTS showing any and all payoff statements of the loan against the SUBJECT PROPERTY.

28.     All DOCUMENTS evidencing the total contribution towards the purchase of the SUBJECT PROPERTY.

29.     All DOCUMENTS evidencing money given, such as checks, wire transfer receipts, cashier's checks, towards the purchase of the SUBJECT PROPERTY.

30.     All DOCUMENTS evidencing payments to RPT.

                                     Respectfully submitted,

Dated: May 29, 2020              BEVERLY LAW

                                     By
                                        Michael Shemtoub, Esq.
                                        Attorney for Real Property Trustee, Inc.
                                        and Mike Kemel

To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of the form when finished.

**DISC-001**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Michael Shemtoub, Esq.    SBN 253948
BEVERLY LAW
4929 Wilshire Blvd., Suite 702
Los Angeles, CA 90010
TELEPHONE NO.: (310) 552-6921
FAX NO. *(Optional):* (323) 421-9397
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Real Property Trustee, Inc. and Mike Kemel

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
6230 Sylmar Avenue, Van Nuys, CA 91401
Northwest Judicial District, Van Nuys Courthouse East

SHORT TITLE OF CASE:
LEV INVESTMENTS v. FEYGENBERG, et al.

**FORM INTERROGATORIES—GENERAL**
Asking Party: REAL PROPERTY TRUSTEE, INC.

Answering Party: RUVIN FEYGENBERG
Set No.: ONE

CASE NUMBER:
19VECV00878

### Sec. 1. Instructions to All Parties

(a) Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b) For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c) These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

### Sec. 2. Instructions to the Asking Party

(a) These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, Form *Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b) Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c) You may insert your own definition of **INCIDENT** in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d) The interrogatories in section 16.0, Defendant's Contentions–Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e) Additional interrogatories may be attached.

### Sec. 3. Instructions to the Answering Party

(a) An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b) As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c) Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d) If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e) Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f) Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g) If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h) Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____    _____
*(DATE)*    *(SIGNATURE)*

### Sec. 4. Definitions

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

☑ (1) **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Page 1 of 8

Form Approved for Optional Use
Judicial Council of California
DISC-001 [Rev. January 1, 2008]

**FORM INTERROGATORIES—GENERAL**

Code of Civil Procedure,
§§ 2030 010-2030.410, 2033.710
*www.courtinfo.ca.gov*

**DISC-001**

☐ **(2)   INCIDENT** means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):*

**(b)  YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

**(c)  PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

**(d)  DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

**(e)  HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

**(f)   ADDRESS** means the street address, including the city, state, and zip code.

### Sec. 5.  Interrogatories

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

## CONTENTS

1.0 Identity of Persons Answering These Interrogatories
2.0 General Background Information—Individual
3.0 General Background Information—Business Entity
4.0 Insurance
5.0 *[Reserved]*
6.0 Physical, Mental, or Emotional Injuries
7.0 Property Damage
8.0 Loss of Income or Earning Capacity
9.0 Other Damages
10.0 Medical History
11.0 Other Claims and Previous Claims
12.0 Investigation—General
13.0 Investigation—Surveillance
14.0 Statutory or Regulatory Violations
15.0 Denials and Special or Affirmative Defenses
16.0 Defendant's Contentions Personal Injury
17.0 Responses to Request for Admissions
18.0 *[Reserved]*
19.0 *[Reserved]*
20.0 How the Incident Occurred—Motor Vehicle
25.0 *[Reserved]*
30.0 *[Reserved]*
40.0 *[Reserved]*
50.0 Contract
60.0 *[Reserved]*
70.0 Unlawful Detainer *[See separate form DISC-003]*
101.0 Economic Litigation *[See separate form DISC-004]*
200.0 Employment Law *[See separate form DISC-002]*
    Family Law *[See separate form FL-145]*

**1.0 Identity of Persons Answering These Interrogatories**

☑ 1.1 State the name, **ADDRESS**, telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. (*Do not identify anyone who simply typed or reproduced the responses.*)

**2.0 General Background Information—individual**

☑ 2.1 State:
(a)  your name;
(b)  every name you have used in the past; and
(c)  the dates you used each name.

☑ 2.2 State the date and place of your birth.

☑ 2.3 At the time of the **INCIDENT,** did you have a driver's license? If so state:
(a)  the state or other issuing entity;
(b)  the license number and type;
(c)  the date of issuance; and
(d)  all restrictions.

☑ 2.4 At the time of the **INCIDENT,** did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a)  the state or other issuing entity;
(b)  the license number and type;
(c)  the date of issuance; and
(d)  all restrictions.

☑ 2.5 State:
(a)  your present residence **ADDRESS;**
(b)  your residence **ADDRESSES** for the past five years; and
(c)  the dates you lived at each **ADDRESS.**

☑ 2.6 State:
(a)  the name, **ADDRESS,** and telephone number of your present employer or place of self-employment; and
(b)  the name, **ADDRESS,** dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

☑ 2.7 State:
(a)  the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
(b)  the dates you attended;
(c)  the highest grade level you have completed; and
(d)  the degrees received.

☑ 2.8 Have you ever been convicted of a felony? If so, for each conviction state:
(a)  the city and state where you were convicted;
(b)  the date of conviction;
(c)  the offense; and
(d)  the court and case number.

☑ 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

☑ 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

DISC-001

☑ 2.11 At the time of the **INCIDENT** were you acting as an agent or employee for any **PERSON?** If so, state:
(a) the name, **ADDRESS,** and telephone number of that **PERSON:** and
(b) a description of your duties.

☑ 2.12 At the time of the **INCIDENT** did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the **INCIDENT?** If so, for each person state:
(a) the name, **ADDRESS,** and telephone number;
(b) the nature of the disability or condition; and
(c) the manner in which the disability or condition contributed to the occurrence of the **INCIDENT.**

☑ 2.13 Within 24 hours before the **INCIDENT** did you or any person involved in the **INCIDENT** use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
(a) the name, **ADDRESS,** and telephone number;
(b) the nature or description of each substance;
(c) the quantity of each substance used or taken;
(d) the date and time of day when each substance was used or taken;
(e) the **ADDRESS** where each substance was used or taken;
(f) the name, **ADDRESS,** and telephone number of each person who was present when each substance was used or taken; and
(g) the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

### 3.0 General Background Information—Business Entity

☐ 3.1 Are you a corporation? If so, state:
(a) the name stated in the current articles of incorporation;
(b) all other names used by the corporation during the past 10 years and the dates each was used;
(c) the date and place of incorporation;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

☐ 3.2 Are you a partnership? If so, state:
(a) the current partnership name;
(b) all other names used by the partnership during the past 10 years and the dates each was used;
(c) whether you are a limited partnership and, if so, under the laws of what jurisdiction;
(d) the name and **ADDRESS** of each general partner; and
(e) the **ADDRESS** of the principal place of business.

☐ 3.3 Are you a limited liability company? If so, state:
(a) the name stated in the current articles of organization;
(b) all other names used by the company during the past 10 years and the date each was used;
(c) the date and place of filing of the articles of organization;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

☐ 3.4 Are you a joint venture? If so, state:
(a) the current joint venture name;
(b) all other names used by the joint venture during the past 10 years and the dates each was used;
(c) the name and **ADDRESS** of each joint venturer; and
(d) the **ADDRESS** of the principal place of business.

☐ 3.5 Are you an unincorporated association?
If so, state:
(a) the current unincorporated association name;
(b) all other names used by the unincorporated association during the past 10 years and the dates each was used; and
(c) the **ADDRESS** of the principal place of business.

☐ 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
(a) the name;
(b) the dates each was used;
(c) the state and county of each fictitious name filing; and
(d) the **ADDRESS** of the principal place of business.

☐ 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
(a) identify the license or registration;
(b) state the name of the public entity; and
(c) state the dates of issuance and expiration.

### 4.0 Insurance

☑ 4.1 At the time of the **INCIDENT,** was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, for each policy state:
(a) the kind of coverage;
(b) the name and **ADDRESS** of the insurance company;
(c) the name, **ADDRESS,** and telephone number of each named insured;
(d) the policy number;
(e) the limits of coverage for each type of coverage contained in the policy;
(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
(g) the name, **ADDRESS,** and telephone number of the custodian of the policy.

☑ 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, specify the statute.

### 5.0 *[Reserved]*

### 6.0 Physical, Mental, or Emotional Injuries

☑ 6.1 Do you attribute any physical, mental, or emotional injuries to the **INCIDENT?** *(If your answer is "no," do not answer interrogatories 6.2 through 6.7).*

☑ 6.2 Identify each injury you attribute to the **INCIDENT** and the area of your body affected.

**DISC-001**

☑ 6.3   Do you still have any complaints that you attribute to the **INCIDENT?** If so, for each complaint state:
(a)  a description;
(b)  whether the complaint is subsiding, remaining the same, or becoming worse; and
(c)  the frequency and duration.

☑ 6.4  Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT?** If so, for each **HEALTH CARE PROVIDER** state:
(a)  the name, **ADDRESS,** and telephone number;
(b)  the type of consultation, examination, or treatment provided;
(c)  the dates you received consultation, examination, or treatment; and
(d)  the charges to date.

☑ 6.5  Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **INCIDENT?** If so, for each medication state:
(a)  the name;
(b)  the **PERSON** who prescribed or furnished it;
(c)  the date it was prescribed or furnished;
(d)  the dates you began and stopped taking it; and
(e)  the cost to date.

☑ 6.6   Are there any other medical services necessitated by the injuries that you attribute to the **INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a)  the nature;
(b)  the date;
(c)  the cost; and
(d)  the name, **ADDRESS,** and telephone number of each provider.

☑ 6.7  Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT?** If so, for each injury state:
(a)  the name and **ADDRESS** of each **HEALTH CARE PROVIDER;**
(b)  the complaints for which the treatment was advised; and
(c)  the nature, duration, and estimated cost of the treatment.

**7.0  Property Damage**

☑ 7.1  Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT**?  If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;

(c)  state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d)  if the property was sold, state the name, **ADDRESS,** and telephone number of the seller, the date of sale,  and  the sale price.

☑ 7.2  Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a)  the name, **ADDRESS,** and telephone number of the **PERSON** who prepared it and the date prepared;
(b)  the name, **ADDRESS,** and telephone number of each **PERSON** who has a copy of it; and
(c)  the amount of damage stated.

☑ 7.3  Has any item of property referred  to  in  your answer to interrogatory 7.1 been repaired? If so, for each item state:
(a)  the date repaired;
(b)  a description of the repair;
(c)  the repair cost;
(d)  the name, **ADDRESS,** and telephone number of the **PERSON** who repaired it;
(e)  the name, **ADDRESS,** and telephone number of the **PERSON** who paid for the repair.

**8.0  Loss of Income or Earning Capacity**

☑ 8.1  Do you attribute any loss of income or earning capacity to the **INCIDENT**?  *(If your answer is  "no," do not answer interrogatories 8.2 through 8.8).*

☑ 8.2  State:
(a)  the nature of your work;
(b)  your job title at the time of the **INCIDENT;** and
(c)  the date your employment began.

☑ 8.3   State the last date before the **INCIDENT** that you worked for compensation.

☑ 8.4  State your monthly income at the time of the **INCIDENT** and how the amount was calculated.

☑ 8.5   State the date you returned to work at each place of employment following the **INCIDENT.**

☑ 8.6  State the dates you did not work and for which you lost income as a result of the **INCIDENT.**

☑ 8.7  State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

☑ 8.8  Will you lose income in the future as a result of the **INCIDENT?** If so, state:
(a)  the facts upon which you base this contention;
(b)  an estimate of the amount;
(c)  an estimate of how long you will be unable  to  work;  and
(d)  how the claim for future income is calculated.

**DISC-001**

### 9.0 Other Damages

☑ **9.1** Are there any other damages that you attribute to the **INCIDENT?** If so, for each item of damage state:
(a) the nature;
(b) the date it occurred;
(c) the amount; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** to whom an obligation was incurred.

☑ **9.2** Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

### 10.0 Medical History

☑ **10.1** At any time before the **INCIDENT** did you have complaints or injuries that involved the same part of your body claimed to have been injured in the **INCIDENT?** If so, for each state:

(a) a description of the complaint or injury;
(b) the dates it began and ended; and
(c) the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** whom you consulted or who examined or treated you.

☑ **10.2** List all physical, mental, and emotional disabilities you had immediately before the **INCIDENT.** *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)*

☑ **10.3** At any time after the **INCIDENT,** did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:

(a) the date and the place it occurred;
(b) the name, **ADDRESS,** and telephone number of any other **PERSON** involved;
(c) the nature of any injuries you sustained;
(d) the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** who you consulted or who examined or treated you; and
(e) the nature of the treatment and its duration.

### 11.0 Other Claims and Previous Claims

☑ **11.1** Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:

(a) the date, time, and place and location (closest street **ADDRESS** or intersection) of the **INCIDENT** giving rise to the action, claim, or demand;
(b) the name, **ADDRESS,** and telephone number of each **PERSON** against whom the claim or demand was made or the action filed;

(c) the court, names of the parties, and case number of any action filed;
(d) the name, **ADDRESS,** and telephone number of any attorney representing you;
(e) whether the claim or action has been resolved or is pending; and
(f) a description of the injury.

☑ **11.2** In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:

(a) the date, time, and place of the **INCIDENT** giving rise to the claim;
(b) the name, **ADDRESS,** and telephone number of your employer at the time of the injury;
(c) the name, **ADDRESS,** and telephone number of the workers' compensation insurer and the claim number;
(d) the period of time during which you received workers' compensation benefits;
(e) a description of the injury;
(f) the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who provided services; and
(g) the case number at the Workers' Compensation Appeals Board.

### 12.0 Investigation—General

☑ **12.1** State the name, **ADDRESS,** and telephone number of each individual:
(a) who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT;**
(b) who made any statement at the scene of the **INCIDENT;**
(c) who heard any statements made about the **INCIDENT** by any individual at the scene; and

(d) who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure section 2034).

☑ **12.2** Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **INCIDENT?** If so, for each individual state:
(a) the name, **ADDRESS,** and telephone number of the individual interviewed;
(b) the date of the interview; and
(c) the name, **ADDRESS,** and telephone number of the **PERSON** who conducted the interview.

☑ **12.3** Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **INCIDENT?** If so, for each statement state:
(a) the name, **ADDRESS,** and telephone number of the individual from whom the statement was obtained;
(b) the name, **ADDRESS,** and telephone number of the individual who obtained the statement;
(c) the date the statement was obtained; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original statement or a copy.

**DISC-001**

☑ 12.4  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

(a) the number of photographs or feet of film or videotape;

(b) the places, objects, or persons photographed, filmed, or videotaped;

(c) the date the photographs, films, or videotapes were taken;

(d) the name, **ADDRESS,** and telephone number of the individual taking the photographs, films, or videotapes; and

(e) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

☑ 12.5  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) concerning the **INCIDENT?** If so, for each item state:

(a) the type (i.e., diagram, reproduction, or model);

(b) the subject matter; and

(c) the name, **ADDRESS,** and telephone number of each **PERSON** who has it.

☑ 12.6  Was a report made by any **PERSON** concerning the **INCIDENT?** If so, state:

(a) the name, title, identification number, and employer of the **PERSON** who made the report;

(b) the date and type of report made;

(c) the name, **ADDRESS,** and telephone number of the **PERSON** for whom the report was made; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the report.

☑ 12.7  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT?** If so, for each inspection state:

(a) the name, **ADDRESS,** and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and

(b) the date of the inspection.

## 13.0  Investigation—Surveillance

☑ 13.1  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance state:

(a) the name, **ADDRESS,** and telephone number of the individual or party;

(b) the time, date, and place of the surveillance;

(c) the name, **ADDRESS,** and telephone number of the individual who conducted the surveillance; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

☑ 13.2 Has a written report been prepared on the surveillance? If so, for each written report state:

(a) the title;

(b) the date;

(c) the name, **ADDRESS,** and telephone number of the individual who prepared the report; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy.

## 14.0  Statutory or Regulatory Violations

☑ 14.1  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT?** If so, identify the name, **ADDRESS,** and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

☑ 14.2  Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT?** If so, for each **PERSON** state:

(a) the name, **ADDRESS,** and telephone number of the **PERSON;**

(b) the statute, ordinance, or regulation allegedly violated;

(c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and

(d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

## 15.0  Denials and Special or Affirmative Defenses

☑ 15.1  Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:

(a) state all facts upon which you base the denial or special or affirmative defense;

(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

## 16.0  Defendant's Contentions—Personal Injury

☐ 16.1  Do you contend that any **PERSON,** other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON:**

(a) state the name, **ADDRESS,** and telephone number of the **PERSON;**

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.2  Do you contend that plaintiff was not injured in the **INCIDENT?** If so:

(a) state all facts upon which you base your contention;

(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

DISC-001

**16.3**  Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the **INCIDENT**? If so, for each injury:

(a) identify it;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.4** Do you contend that any of the services furnished by any **HEALTH CARE PROVIDER** claimed by plaintiff in discovery proceedings thus far in this case were not due to the **INCIDENT**? If so:

(a) identify each service;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.5**  Do you contend that any of the costs of services furnished by any **HEALTH CARE PROVIDER** claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:

(a) identify each cost;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.6**  Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the **INCIDENT**? If so:

(a) identify each part of the loss;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.7**  Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the **INCIDENT**? If so:

(a) identify each item of property damage;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.8**  Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:

(a) identify each cost item;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.9**  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the **INCIDENT** by a plaintiff in this case? If so, for each plaintiff state:

(a) the source of each **DOCUMENT;**
(b) the date each claim arose;
(c) the nature of each claim; and
(d) the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**16.10**  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a **HEALTH CARE PROVIDER** not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)? If so, for each plaintiff state:

(a) the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER;**
(b) a description of each **DOCUMENT**; and
(c) the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**17.0 Responses to Request for Admissions**

☑ **17.1**  Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a) state the number of the request;
(b) state all facts upon which you base your response;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**18.0**  *[Reserved]*

**19.0**  *[Reserved]*

**20.0 How the Incident Occurred—Motor Vehicle**

☑ **20.1**  State the date, time, and place of the **INCIDENT** (closest street **ADDRESS** or intersection).

☐ **20.2**  For each vehicle involved in the **INCIDENT,** state:

(a) the year, make, model, and license number;
(b) the name, ADDRESS, and telephone number of the driver;

(c) the name, **ADDRESS**, and telephone number of each occupant other than the driver;

(d) the name, **ADDRESS**, and telephone number of each registered owner;

(e) the name, **ADDRESS**, and telephone number of each lessee;

(f) the name, **ADDRESS**, and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

☐ 20.3 State the **ADDRESS** and location where your trip began and the **ADDRESS** and location of your destination.

☐ 20.4 Describe the route that you followed from the beginning of your trip to the location of the **INCIDENT**, and state the location of each stop, other than routine traffic stops, during the trip leading up to the **INCIDENT**.

☐ 20.5 State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the **INCIDENT** for the 500 feet of travel before the **INCIDENT**.

☐ 20.6 Did the **INCIDENT** occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

☐ 20.7 Was there a traffic signal facing you at the time of the **INCIDENT**? If so, state:
(a) your location when you first saw it;
(b) the color;
(c) the number of seconds it had been that color; and
(d) whether the color changed between the time you first saw it and the **INCIDENT**.

☐ 20.8 State how the **INCIDENT** occurred, giving the speed, direction, and location of each vehicle involved:
(a) just before the **INCIDENT**;
(b) at the time of the **INCIDENT**; and (c) just after the **INCIDENT**.

☐ 20.9 Do you have information that a malfunction or defect in a vehicle caused the **INCIDENT**? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS**, and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and
(d) state the name, **ADDRESS**, and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the **INCIDENT**? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS**, and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS**, and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.11 State the name, **ADDRESS**, and telephone number of each owner and each **PERSON** who has had possession since the **INCIDENT** of each vehicle involved in the **INCIDENT**.

**25.0** *[Reserved]*
**30.0** *[Reserved]*
**40.0** *[Reserved]*

**50.0 Contract**

☑ 50.1 For each agreement alleged in the pleadings:
(a) identify each **DOCUMENT** that is part of the agreement and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(b) state each part of the agreement not in writing, the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;
(c) identify all **DOCUMENTS** that evidence any part of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(d) identify all **DOCUMENTS** that are part of any modification to the agreement, and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(e) state each modification not in writing, the date, and the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to the modification, and the date the modification was made;
(f) identify all **DOCUMENTS** that evidence any modification of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**.

☑ 50.2 Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

☑ 50.3 Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

☑ 50.4 Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

☑ 50.5 Is any agreement alleged in the pleadings unenforceable? If so, identify each unenforceable agreement and state why it is unenforceable.

☑ 50.6 Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**60.0** *[Reserved]*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Save This Form    Print This Form    Clear This Form

DISC-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | |
|---|---|
| Michael Shemtoub, Esq.   SBN 253948<br>BEVERLY LAW<br>4929 Wilshire Blvd., Suite 702, Los Angeles, CA 90010<br>TELEPHONE NO.: (310) 552-6921          FAX NO. *(Optional)* (323) 421-9397<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Real Property Trustee, Inc. and Mike Kemel | **To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of the form when finished.** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   LOS ANGELES
STREET ADDRESS: 6230 Sylmar Avenue
MAILING ADDRESS: 6230 Sylmar Avenue
CITY AND ZIP CODE: Van Nuys 91401
BRANCH NAME: Northwest Judicial District, Van Nuys Courthouse East

SHORT TITLE:
LEV INVESTMENTS v. FEYGENBERG, et al.

| **REQUESTS FOR ADMISSION**<br>☑ **Truth of Facts**     ☐ **Genuineness of Documents**<br>Requesting Party: REAL PROPERTY TRUSTEE, INC.<br>Answering Party: RUVIN FEYGENBERG<br>Set No.: ONE | CASE NUMBER:<br>19VECV00878 |
|---|---|

## INSTRUCTIONS

Requests for admission are written requests by a party to an action requiring that any other party to the action either admit or deny, under oath, the truth of certain facts or the genuineness of certain documents. For information on timing, the number of admissions a party may request from any other party, service of requests and responses, restrictions on the style, format, and scope of requests for admission and responses to requests, and other details, see Code of Civil Procedure sections 94–95, 1013, and 2033.010–2033.420 and the case law relating to those sections.

An answering party should consider carefully whether to admit or deny the truth of facts or the genuineness of documents. With limited exceptions, an answering party will not be allowed to change an answer to a request for admission. There may be penalties if an answering party fails to admit the truth of any fact or the genuineness of any document when requested to do so and the requesting party later proves that the fact is true or that the document is genuine. These penalties may include, among other things, payment of the requesting party's attorney's fees incurred in making that proof.

Unless there is an agreement or a court order providing otherwise, the answering party must respond in writing to requests for admission within 30 days after they are served, or within 5 days after service in an unlawful detainer action. There may be significant penalties if an answering party fails to provide a timely written response to each request for admission. These penalties may include, among other things, an order that the facts in issue are deemed true or that the documents in issue are deemed genuine for purposes of the case.

Answers to *Requests for Admission* must be given under oath. The answering party should use the following language at the end of the responses:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____          _____
          *(DATE)*                              *(SIGNATURE)*

These instructions are only a summary and are not intended to provide complete information about requests for admission. This *Requests for Admission* form does not change existing law relating to requests for admissions, nor does it affect an answering party's right to assert any privilege or to make any objection.

## REQUESTS FOR ADMISSION

You are requested to admit within 30 days after service, or within 5 days after service in an unlawful detainer action, of this *Requests for Admission* that:

1. ☑   Each of the following facts is true *(if more than one, number each fact consecutively)*:

    ☑ Continued on Attachment 1

2. ☐   The original of each of the following documents, copies of which are attached, is genuine *(if more than one, number each document consecutively)*:

    ☐ Continued on Attachment 2

Michael Shemtoub, Esq.                              ► _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 1

| Form Approved for Optional Use<br>Judicial Council of California<br>DISC-020 [Rev. January 1, 2008] | **REQUESTS FOR ADMISSION** | Code of Civil Procedure,<br>§§ 94–95, 2033.010–2033.420, 2033.710 |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Save This Form      Print This Form      Clear This Form

## REQUESTS FOR ADMISSION, SET ONE

## ATTACHMENT 1

1.    Admit that RUVIN FEYGENBERG and LEV INVESTMENTS, LLC were partners in the purchase of the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001.

2.    Admit that RPT was not a partner with RUVIN FEYGENBERG in the purchase of the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001 (the term RPT shall refer to Cross-Defendant Real Property Trustee, Inc.).

3.    Admit that RUVIN FEYGENBERG purchased the NOTE on or about December 31, 2018 (the term the NOTE shall refer to the defaulted Promissory Note secured by a first position Deed of Trust for the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001).

4.    Admit that RUVIN FEYGENBERG paid $2,039,127.95 to The Evergreen Advantage, LLC for the NOTE.

5.    Admit that RUVIN FEYGENBERG, after foreclosure of the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001, became the first position lien holder against the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001.

6.    Admit that RUVIN FEYGENBERG knew that LEV INVESTMENTS, LLC borrowed purchase money to purchase the NOTE.

7.    Admit that RUVIN FEYGENBERG owes money to RPT.

8.    Admit that RUVIN FEYGENBERG hired RPT to foreclose on defaulted deeds of trust and failed to pay for RPT's services.

9.    Admit that RUVIN FEYGENBERG owes the JUDGMENT (the term the JUDGMENT refers to the Judgment evidenced by the Abstract of Judgment recorded as instrument number 20130597959 in the Office Records of the County of Los Angeles, on April 22, 2013).

10.    Admit that RUVIN FEYGENBERG failed to pay the JUDGMENT.

11.    Admit that RUVIN FEYGENBERG failed to disclose the JUDGMENT to LEV INVESTMENTS, LLC.

12.    Admit that RUVIN FEYGENBERG failed to inform LEV INVESTMENTS, LLC of the JUDGMENT.

13.    Admit that RUVIN FEYGENBERG does not have any claim against RPT.

14.    Admit that RUVIN FEYGENBERG does not make any allegations against RPT.

15.    Admit that RUVIN FEYGENBERG does not have any causes of action against RPT.

16.    Admit that RUVIN FEYGENBERG does not have any pending litigation against RPT.

17.    Admit that RUVIN FEYGENBERG failed to repay the debt to RPT.

18.    Admit that RUVIN FEYGENBERG did not suffer any special damages as a result of any act of RPT.

19.    Admit that RUVIN FEYGENBERG did not suffer any special damages as a result of any omission of RPT.

20.    Admit that RUVIN FEYGENBERG did not suffer any general damages as a result of any act of RPT.

21.    Admit that RUVIN FEYGENBERG did not suffer any general damages as a result of any omission of RPT.

22.    Admit that RUVIN FEYGENBERG does not have any evidence that he suffered any special damages as a result of any act of RPT.

23.    Admit that RUVIN FEYGENBERG does not have any evidence that he suffered any special damages as a result of any omission of RPT.

24.    Admit that RUVIN FEYGENBERG does not have any evidence that he suffered any general damages as a result of any act of RPT.

25.    Admit that RUVIN FEYGENBERG does not have any evidence that he suffered any general damages as a result of any omission of RPT.

26.    Admit that RPT did not breach any fiduciary duty to RUVIN FEYGENBERG.

27.    Admit that RPT did not breach any contract to RUVIN FEYGENBERG.

28.    Admit that RPT did not conceal any act against RUVIN FEYGENBERG.

29.    Admit that RUVIN FEYGENBERG has no claim against RPT in relation to the allegations of wrongful foreclosure of the LAND (the term the LAND shall refer to the vacant land that is being developed as a luxury RV park in Coachella, California with APN 601-620-012-0).

30.    Admit that RUVIN FEYGENBERG holds no title to the LAND.

31.    Admit that RUVIN FEYGENBERG holds to liens against the LAND.

32.    Admit that RPT has no right or duty to cancel any instrument recorded against the LAND.

33.    Admit that RPT did not wrongfully foreclose on the LAND.

RPT's RFAs, SET ONE TO FEYGENBERG

Michael Shemtoub, Esq.   SBN 253948
BEVERLY LAW
4929 Wilshire Boulevard, Suite 702
Los Angeles, California 90010
Telephone:    (310) 552-6921
Facsimile:    (323) 421-9397

Attorney for Real Property Trustee, Inc.
and Mike Kemel

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

NORTHWEST JUDICIAL DISTRICT

| | |
|---|---|
| LEV INVESTMENTS, LLC,<br><br>   Plaintiff,<br><br>  vs.<br><br>RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC.; MING ZHU, LLC; and DOES 1 through 100, inclusive,<br><br>   Defendants.<br>_____<br>RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC.<br><br>   Cross-Complainants,<br><br>  vs.<br><br>LEV INVESTMENTS, LLC, DMITRI LIOUDKOVSKI (aka Dmitri Ludkovski), YEVGENIYA LISITSA (aka Y. GINA LISITSA), LISITSA LAW, INC., REAL PROPERTY TRUSTEE, INC., MIKE KEMEL, and ROES 1 to 50,<br><br>   Cross-Defendants.<br>_____ | Case No.: 19VECV00878<br><br>REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE<br><br>Place:  Dept. U<br>Judge:  Theresa M. Traber<br><br>Complaint Filed: June 20, 2019<br>Trial Date:  Not set |

PROPOUNDING PARTY:   REAL PROPERTY TRUSTEE, INC.

RESPONDING PARTY:   RUVIN FEYGENBERG

SET NUMBER:   ONE

       Cross-Defendant Real Property Trustee, Inc., hereinafter Cross-Defendant or Propounding Party or RPT, hereby requests that Cross-Complainant Ruvin Feygenberg, hereinafter Cross-Complainant or Responding Party, produce on **June 30, 2020 at 10:00 a.m.** the documents and things described below for examination and copying at the offices of Beverly Law which address is 4929 Wilshire Boulevard, Suite 702, Los Angeles, California 90010. You also may comply with this request by mailing or hand-delivering copies of the requested documents and things to Cross-Defendant's counsel at the above-address, so that the documents are received on or before **June 30, 2020 at 10:00 a.m.** Any such production of documents is without prejudice to Cross-Defendant's right to inspect and copy the original of each document at a future date.

## **DOCUMENTS TO BE PRODUCED**

1.     The contract between RUVIN FEYGENBERG and LEV INVESTMENTS, LLC.

2.     All DOCUMENTS which RELATE TO LEV INVESTMENTS, LLC (the terms "DOCUMENT" or "DOCUMENTS" shall mean and include the original and every non-identical copy of or attachment to any printed, typewritten, or handwritten matter of whatever character, including but not limited to "writings" as defined by California Evidence Code § 250, and any other tangible thing known to Responding Party in its possession, custody or control, whether printed, recorded, reproduced by any process or written or produced by hand, and whether or not claimed to be privileged or exempt from production for any reason.  Set forth in this definition is a list of examples of writings and tangible things which are included within this definition. The list is not exclusive but is intended to aid Responding Party in the identification and production of DOCUMENTS. Examples of DOCUMENTS are: correspondence, letters, memoranda, notes, charts, transcripts, minutes of meetings, inter-office and intra-office communications, reports, forecasts, estimates, requests, summaries, instructions, descriptions, analyses, statements,

recommendations, inventories, certificates, notices, return receipts, contracts, agreements, certifications, approvals, authorizations, lists, diagrams, diaries, desk calendar notations, microfilm, microfiche, photographs, magnetic tape recordings, compact disks or other digital recordings, computer disks and diskettes, teletype messages, films, computer printouts, telegrams, news releases, newspapers, periodicals, books, bulletins, circulars, pamphlets, manuals, affidavits, waivers, accounting work sheets, bills, invoices, financial statements, statements of account, ledger sheets, statistical statements, appraisals, credit files, evidences of indebtedness, checks, promissory notes, receipts, instruments, or material similar to any of the foregoing, however denominated. The terms DOCUMENT or DOCUMENTS shall not include any DOCUMENTS previously produced by Responding Party in this case; the terms "RELATE TO," "RELATES TO," and "RELATING TO" shall mean and include referring to, alluding to, responding to, pertaining to, connected with, commenting on, reviewing any aspects of, about, regarding, discussing, showing, describing, mentioning, respecting, analyzing, evidencing, constituting, concerning, memorializing, leading up to, or having any impact on).

3.      All DOCUMENTS which RELATE TO the SUBJECT PROPERTY for the last 5 years (the term the SUBJECT PROPERTY shall refer to the real property commonly known as 13854 Albers Street, Sherman Oaks, California 91401, APN 2247-013-001).

4.      All COMMUNICATIONS between RUVIN FEYGENBERG and LEV INVESTMENTS, LLC (the term "COMMUNICATION" or "COMMUNICATIONS" shall mean and refer to any oral, written or electronic transmittal of information, opinion, belief, idea or statement, whether made in person, by telephone, electronic mail, fax, mail, or by any other means).

5.      All COMMUNICATIONS between RUVIN FEYGENBERG and REAL PROPERTY TRUSTEE, INC.

6.      All COMMUNICATIONS between RUVIN FEYGENBERG and MIKE KEMEL.

7.      All COMMUNICATIONS between RUVIN FEYGENBERG, on one hand, and any other PERSON, on the other hand, RELATING TO the SUBJECT PROPERTY within the last 5 years (the term "PERSON" and "PERSONS" shall mean and include any natural person, individual,

firm, association, organization, partnership, business, trust, corporation, joint venture, governmental body, governmental agency, or other form of legal or public entity).

8.     All COMMUNICATIONS between RUVIN FEYGENBERG, on one hand, and any other PERSON, on the other hand, RELATING TO REAL PROPERTY TRUSTEE, INC.

9.     All COMMUNICATIONS between RUVIN FEYGENBERG, on one hand, and any other PERSON, on the other hand, RELATING TO LEV INVESTMENTS, LLC.

10.     All COMMUNICATIONS between RUVIN FEYGENBERG, on one hand, and any other PERSON, on the other hand, RELATING TO the LAND (the term the LAND shall refer to the vacant land that is being developed as a luxury RV park in Coachella, California with APN 601-620-012-0).

11.     All DOCUMENTS identified in RUVIN FEYGENBERG's responses to REAL PROPERTY TRUSTEE's Form Interrogatories, Set One served concurrently herewith.

12.     All DOCUMENTS RELATING TO the source of funds for the purchase of the SUBJECT PROPERTY.

13.     All DOCUMENTS RELATING TO RUVIN FEYGENBERG foreclosure of the real property located at 23315 Calvert St., Woodland Hills, California 91367.

14.     All DOCUMENTS RELATING TO RUVIN FEYGENBERG foreclosure of the real property located at 6439 Deep Dell Place, Los Angeles, California 90068.

15.     All DOCUMENTS RELATING TO all loans given secured with the real property located at 23315 Calvert St., Woodland Hills, California 91367.

16.     All DOCUMENTS RELATING TO the source of funds of the loans given secured with the real property located at 23315 Calvert St., Woodland Hills, California 91367.

17.     All DOCUMENTS RELATING TO the source of funds of the loans given secured with the real property located at 6439 Deep Dell Place, Los Angeles, California 90068.

18.     All DOCUMENTS that show that RUVIN FEYGENBERG is entitled to foreclosure of the SUBJECT PROPERTY.

19.     ALL DOCUMENTS that show the amount due to RUVIN FEYGENBERG on the loan secured with the SUBJECT PROPERTY.

20.    All DOCUMENTS that show all notices that RUVIN FEYGENBERG received from any government agency that RELATE TO the SUBJECT PROPERTY from 2018 to present.

21.    All DOCUMENTS that show the fair market value of the SUBJECT PROPERTY.

22.    ALL DOCUMENTS that show the fair market value of the SUBJECT PROPERTY between 2018 and present.

23.    All DOCUMENTS between RUVIN FEYGENBERG and MICHAEL LEIZEROVITZ, including but not limited all emails, letters and text messages, RELATED TO the SUBJECT PROPERTY.

24.    All DOCUMENTS between RUVIN FEYGENBERG and MICHAEL LEIZEROVITZ, including but not limited all emails, letters and text messages, RELATED TO the LAND.

25.    All DOCUMENTS between RUVIN FEYGENBERG and Prime Capital Group, Inc. RELATED TO the SUBJECT PROPERTY.

26.    All DOCUMENTS between RUVIN FEYGENBERG and Prime Capital Group, Inc. RELATED TO the LAND.

27.    All DOCUMENTS showing consideration for the assignment to SENSIBLE CONSULTING AND MANAGEMENT, INC. against the SUBJECT PROPERTY.

28.    All cleared checks, cashier's checks, wire transfers, and any and all other DOCUMENTS showing consideration for the assignment to SENSIBLE CONSULTING AND MANAGEMENT, INC. against the SUBJECT PROPERTY.

29.    All DOCUMENTS showing accounting of the loan against the SUBJECT PROPERTY.

30.    All DOCUMENTS showing foreclosure process RELATED TO the SUBJECT PROPERTY.

31.    The escrow file RELATED TO the assignment to SENSIBLE CONSULTING AND MANAGEMENT, INC. against the SUBJECT PROPERTY.

32.    The title file RELATED TO the assignment to SENSIBLE CONSULTING AND MANAGEMENT, INC. against the SUBJECT PROPERTY.

33.    All Final Closing Statements RELATED TO the assignment to SENSIBLE CONSULTING AND MANAGEMENT, INC. against the SUBJECT PROPERTY.

34.    All DOCUMENTS showing any and all payoff statements of the loan against the
SUBJECT PROPERTY.

35.    All DOCUMENTS showing damages RUVIN FEYGENBERG sustained RELATED to
the loan secured with the SUBJECT PROPERTY.

36.    All DOCUMENTS showing damages RUVIN FEYGENBERG sustained RELATED to
the LAND.


                                        Respectfully submitted,

Dated: May 29, 2020                     BEVERLY LAW


                               By_____
                                        Michael Shemtoub, Esq.
                                        Attorney for Real Property Trustee, Inc.
                                        and Mike Kemel

To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of the form when finished.

Case 1:20-bk-11006-VK    Doc 55    Filed 06/26/20    Entered 06/26/20 21:50:00    Desc
Main Document    Page 368 of 439

**DISC-001**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Michael Shemtoub, Esq.    SBN 253948
BEVERLY LAW
4929 Wilshire Blvd., Suite 702
Los Angeles, CA 90010
TELEPHONE NO.: (310) 552-6921
FAX NO. *(Optional):* (323) 421-9397
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Real Property Trustee, Inc. and Mike Kemel

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
6230 Sylmar Avenue, Van Nuys, CA 91401
Northwest Judicial District, Van Nuys Courthouse East

SHORT TITLE OF CASE:
LEV INVESTMENTS v. FEYGENBERG, et al.

| **FORM INTERROGATORIES—GENERAL** | CASE NUMBER: |
|---|---|
| **Asking Party:** REAL PROPERTY TRUSTEE, INC.<br><br>**Answering Party:** LEV INVESTMENTS, LLC<br>**Set No.:** ONE | 19VECV00878 |

### Sec. 1. Instructions to All Parties

(a)  Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b)  For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c)  These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

### Sec. 2. Instructions to the Asking Party

(a)  These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, Form *Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b)  Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c)  You may insert your own definition of **INCIDENT** in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d)  The interrogatories in section 16.0, Defendant's Contentions—Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e)  Additional interrogatories may be attached.

### Sec. 3. Instructions to the Answering Party

(a)  An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b)  As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c)  Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d)  If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e)  Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f)  Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g)  If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h)  Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____    _____
*(DATE)*    *(SIGNATURE)*

### Sec. 4. Definitions

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

☑ (1)  **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Page 1 of 8

Form Approved for Optional Use
Judicial Council of California
DISC-001 [Rev. January 1, 2008]

**FORM INTERROGATORIES—GENERAL**

Code of Civil Procedure,
§§ 2030.010-2030.410, 2033.710
*www.courtinfo.ca.gov*

**DISC-001**

(2)  **INCIDENT** means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):*

**(b)  YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(c)  **PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

(d)  **DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

(e)  **HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

(f)  **ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5.  Interrogatories**

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

## CONTENTS

1.0 Identity of Persons Answering These Interrogatories
2.0 General Background Information—Individual
3.0 General Background Information—Business Entity
4.0 Insurance
5.0 *[Reserved]*
6.0 Physical, Mental, or Emotional Injuries
7.0 Property Damage
8.0 Loss of Income or Earning Capacity
9.0 Other Damages
10.0 Medical History
11.0 Other Claims and Previous Claims
12.0 Investigation—General
13.0 Investigation—Surveillance
14.0 Statutory or Regulatory Violations
15.0 Denials and Special or Affirmative Defenses
16.0 Defendant's Contentions Personal Injury
17.0 Responses to Request for Admissions
18.0 *[Reserved]*
19.0 *[Reserved]*
20.0 How the Incident Occurred—Motor Vehicle
25.0 *[Reserved]*
30.0 *[Reserved]*
40.0 *[Reserved]*
50.0 Contract
60.0 *[Reserved]*
70.0 Unlawful Detainer *[See separate form DISC-003]*
101.0 Economic Litigation *[See separate form DISC-004]*
200.0 Employment Law *[See separate form DISC-002]*
     Family Law *[See separate form FL-145]*

**1.0 Identity of Persons Answering These Interrogatories**

☑ 1.1 State the name, **ADDRESS,** telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. (*Do not identify anyone who simply typed or reproduced the responses.*)

**2.0 General Background Information—individual**

☐ 2.1 State:
(a)  your name;
(b)  every name you have used in the past; and
(c)  the dates you used each name.

☐ 2.2 State the date and place of your birth.

☐ 2.3 At the time of the **INCIDENT,** did you have a driver's license? If so state:
(a)  the state or other issuing entity;
(b)  the license number and type;
(c)  the date of issuance; and
(d)  all restrictions.

☐ 2.4 At the time of the **INCIDENT,** did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a)  the state or other issuing entity;
(b)  the license number and type;
(c)  the date of issuance; and
(d)  all restrictions.

☐ 2.5 State:
(a)  your present residence **ADDRESS;**
(b)  your residence **ADDRESSES** for the past five years; and
(c)  the dates you lived at each **ADDRESS.**

☐ 2.6 State:
(a)  the name, **ADDRESS,** and telephone number of your present employer or place of self-employment; and
(b)  the name, **ADDRESS,** dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

☐ 2.7 State:
(a)  the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
(b)  the dates you attended;
(c)  the highest grade level you have completed; and
(d)  the degrees received.

☐ 2.8 Have you ever been convicted of a felony? If so, for each conviction state:
(a)  the city and state where you were convicted;
(b)  the date of conviction;
(c)  the offense; and
(d)  the court and case number.

☐ 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

☐ 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

☑ 2.11 At the time of the **INCIDENT** were you acting as an agent or employee for any **PERSON?** If so, state:
  (a) the name, **ADDRESS,** and telephone number of that **PERSON:** and
  (b) a description of your duties.

☐ 2.12 At the time of the **INCIDENT** did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the **INCIDENT?** If so, for each person state:
  (a) the name, **ADDRESS,** and telephone number;
  (b) the nature of the disability or condition; and
  (c) the manner in which the disability or condition contributed to the occurrence of the **INCIDENT.**

☐ 2.13 Within 24 hours before the **INCIDENT** did you or any person involved in the **INCIDENT** use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
  (a) the name, **ADDRESS,** and telephone number;
  (b) the nature or description of each substance;
  (c) the quantity of each substance used or taken;
  (d) the date and time of day when each substance was used or taken;
  (e) the **ADDRESS** where each substance was used or taken;
  (f) the name, **ADDRESS,** and telephone number of each person who was present when each substance was used or taken; and
  (g) the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

### 3.0 General Background Information—Business Entity

☑ 3.1 Are you a corporation? If so, state:
  (a) the name stated in the current articles of incorporation;
  (b) all other names used by the corporation during the past 10 years and the dates each was used;
  (c) the date and place of incorporation;
  (d) the **ADDRESS** of the principal place of business; and
  (e) whether you are qualified to do business in California.

☑ 3.2 Are you a partnership? If so, state:
  (a) the current partnership name;
  (b) all other names used by the partnership during the past 10 years and the dates each was used;
  (c) whether you are a limited partnership and, if so, under the laws of what jurisdiction;
  (d) the name and **ADDRESS** of each general partner; and
  (e) the **ADDRESS** of the principal place of business.

☑ 3.3 Are you a limited liability company? If so, state:
  (a) the name stated in the current articles of organization;
  (b) all other names used by the company during the past 10 years and the date each was used;
  (c) the date and place of filing of the articles of organization;
  (d) the **ADDRESS** of the principal place of business; and
  (e) whether you are qualified to do business in California.

☑ 3.4 Are you a joint venture? If so, state:
  (a) the current joint venture name;
  (b) all other names used by the joint venture during the past 10 years and the dates each was used;
  (c) the name and **ADDRESS** of each joint venturer; and
  (d) the **ADDRESS** of the principal place of business.

☑ 3.5 Are you an unincorporated association?
If so, state:
  (a) the current unincorporated association name;
  (b) all other names used by the unincorporated association during the past 10 years and the dates each was used; and
  (c) the **ADDRESS** of the principal place of business.

☑ 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
  (a) the name;
  (b) the dates each was used;
  (c) the state and county of each fictitious name filing; and
  (d) the **ADDRESS** of the principal place of business.

☑ 3.7 Within the past five years has any public entity regis-tered or licensed your business? If so, for each license or registration:
  (a) identify the license or registration;
  (b) state the name of the public entity; and
  (c) state the dates of issuance and expiration.

### 4.0 Insurance

☑ 4.1 At the time of the **INCIDENT,** was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, for each policy state:
  (a) the kind of coverage;
  (b) the name and **ADDRESS** of the insurance company;
  (c) the name, **ADDRESS,** and telephone number of each named insured;
  (d) the policy number;
  (e) the limits of coverage for each type of coverage con-tained in the policy;
  (f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
  (g) the name, **ADDRESS,** and telephone number of the custodian of the policy.

☑ 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, specify the statute.

### 5.0 [Reserved]

### 6.0 Physical, Mental, or Emotional Injuries

☐ 6.1 Do you attribute any physical, mental, or emotional injuries to the **INCIDENT?** *(If your answer is "no," do not answer interrogatories 6.2 through 6.7).*

☐ 6.2 Identify each injury you attribute to the **INCIDENT** and the area of your body affected.

6.3   Do you still have any complaints that you attribute to the **INCIDENT?** If so, for each complaint state:
(a) a description;
(b) whether the complaint is subsiding, remaining the same, or becoming worse; and
(c) the frequency and duration.

6.4   Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT?** If so, for each **HEALTH CARE PROVIDER** state:
(a) the name, **ADDRESS,** and telephone number;
(b) the type of consultation, examination, or treatment provided;
(c) the dates you received consultation, examination, or treatment; and
(d) the charges to date.

6.5   Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **INCIDENT?** If so, for each medication state:
(a) the name;
(b) the **PERSON** who prescribed or furnished it;
(c) the date it was prescribed or furnished;
(d) the dates you began and stopped taking it; and
(e) the cost to date.

6.6   Are there any other medical services necessitated by the injuries that you attribute to the **INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a) the nature;
(b) the date;
(c) the cost; and
(d) the name, **ADDRESS,** and telephone number of each provider.

6.7   Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT?** If so, for each injury state:
(a) the name and **ADDRESS** of each **HEALTH CARE PROVIDER;**
(b) the complaints for which the treatment was advised; and
(c) the nature, duration, and estimated cost of the treatment.

**7.0  Property Damage**

☑ 7.1   Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT?**  If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;

(c) state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d) if the property was sold, state the name, **ADDRESS,** and telephone number of the seller, the date of sale, and the sale price.

☑ 7.2   Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a) the name, **ADDRESS,** and telephone number of the **PERSON** who prepared it and the date prepared;
(b) the name, **ADDRESS,** and telephone number of each **PERSON** who has a copy of it; and
(c) the amount of damage stated.

☑ 7.3   Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:
(a) the date repaired;
(b) a description of the repair;
(c) the repair cost;
(d) the name, **ADDRESS,** and telephone number of the **PERSON** who repaired it;
(e) the name, **ADDRESS,** and telephone number of the **PERSON** who paid for the repair.

**8.0  Loss of Income or Earning Capacity**

☑ 8.1   Do you attribute any loss of income or earning capacity to the **INCIDENT?**  (If your answer is "no," do not answer interrogatories 8.2 through 8.8).

☑ 8.2   State:
(a) the nature of your work;
(b) your job title at the time of the **INCIDENT;** and
(c) the date your employment began.

☑ 8.3   State the last date before the **INCIDENT** that you worked for compensation.

☑ 8.4   State your monthly income at the time of the **INCIDENT** and how the amount was calculated.

☑ 8.5   State the date you returned to work at each place of employment following the **INCIDENT.**

☑ 8.6   State the dates you did not work and for which you lost income as a result of the **INCIDENT.**

☑ 8.7   State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

☑ 8.8   Will you lose income in the future as a result of the **INCIDENT?** If so, state:
(a) the facts upon which you base this contention;
(b) an estimate of the amount;
(c) an estimate of how long you will be unable to work; and
(d) how the claim for future income is calculated.

DISC-001

## 9.0 Other Damages

☑ 9.1 Are there any other damages that you attribute to the **INCIDENT?** If so, for each item of damage state:
(a) the nature;
(b) the date it occurred;
(c) the amount; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** to whom an obligation was incurred.

☑ 9.2 Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

## 10.0 Medical History

☐ 10.1 At any time before the **INCIDENT** did you have complaints or injuries that involved the same part of your body claimed to have been injured in the **INCIDENT?** If so, for each state:

(a) a description of the complaint or injury;
(b) the dates it began and ended; and
(c) the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** whom you consulted or who examined or treated you.

☐ 10.2 List all physical, mental, and emotional disabilities you had immediately before the **INCIDENT.** *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)*

☐ 10.3 At any time after the **INCIDENT,** did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:

(a) the date and the place it occurred;
(b) the name, **ADDRESS,** and telephone number of any other **PERSON** involved;
(c) the nature of any injuries you sustained;
(d) the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** who you consulted or who examined or treated you; and
(e) the nature of the treatment and its duration.

## 11.0 Other Claims and Previous Claims

☐ 11.1 Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:

(a) the date, time, and place and location (closest street **ADDRESS** or intersection) of the **INCIDENT** giving rise to the action, claim, or demand;
(b) the name, **ADDRESS,** and telephone number of each **PERSON** against whom the claim or demand was made or the action filed;

(c) the court, names of the parties, and case number of any action filed;
(d) the name, **ADDRESS,** and telephone number of any attorney representing you;
(e) whether the claim or action has been resolved or is pending; and
(f) a description of the injury.

☐ 11.2 In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:

(a) the date, time, and place of the **INCIDENT** giving rise to the claim;
(b) the name, **ADDRESS,** and telephone number of your employer at the time of the injury;
(c) the name, **ADDRESS,** and telephone number of the workers' compensation insurer and the claim number;
(d) the period of time during which you received workers' compensation benefits;
(e) a description of the injury;
(f) the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who provided services; and
(g) the case number at the Workers' Compensation Appeals Board.

## 12.0 Investigation—General

☑ 12.1 State the name, **ADDRESS,** and telephone number of each individual:
(a) who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT;**
(b) who made any statement at the scene of the **INCIDENT;**
(c) who heard any statements made about the **INCIDENT** by any individual at the scene; and
(d) who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure section 2034).

☑ 12.2 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **INCIDENT?** If so, for each individual state:
(a) the name, **ADDRESS,** and telephone number of the individual interviewed;
(b) the date of the interview; and
(c) the name, **ADDRESS,** and telephone number of the **PERSON** who conducted the interview.

☑ 12.3 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **INCIDENT?** If so, for each statement state:
(a) the name, **ADDRESS,** and telephone number of the individual from whom the statement was obtained;
(b) the name, **ADDRESS,** and telephone number of the individual who obtained the statement;
(c) the date the statement was obtained; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original statement or a copy.

**DISC-001**

☑ 12.4  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

(a) the number of photographs or feet of film or videotape;

(b) the places, objects, or persons photographed, filmed, or videotaped;

(c) the date the photographs, films, or videotapes were taken;

(d) the name, **ADDRESS,** and telephone number of the individual taking the photographs, films, or videotapes; and

(e) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

☑ 12.5  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) concerning the **INCIDENT?** If so, for each item state:

(a) the type (i.e., diagram, reproduction, or model);

(b) the subject matter; and

(c) the name, **ADDRESS,** and telephone number of each **PERSON** who has it.

☑ 12.6  Was a report made by any **PERSON** concerning the **INCIDENT?** If so, state:

(a) the name, title, identification number, and employer of the **PERSON** who made the report;

(b) the date and type of report made;

(c) the name, **ADDRESS,** and telephone number of the **PERSON** for whom the report was made; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the report.

☑ 12.7  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT?** If so, for each inspection state:

(a) the name, **ADDRESS,** and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and

(b) the date of the inspection.

**13.0  Investigation—Surveillance**

☑ 13.1  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each sur- veillance state:

(a) the name, **ADDRESS,** and telephone number of the individual or party;

(b) the time, date, and place of the surveillance;

(c) the name, **ADDRESS,** and telephone number of the individual who conducted the surveillance; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

☑ 13.2  Has a written report been prepared on the surveillance? If so, for each written report state:

(a) the title;

(b) the date;

(c) the name, **ADDRESS,** and telephone number of the individual who prepared the report; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy.

**14.0  Statutory or Regulatory Violations**

☑ 14.1  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT?** If so, identify the name, **ADDRESS,** and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

☑ 14.2  Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT?** If so, for each **PERSON** state:

(a) the name, **ADDRESS,** and telephone number of the **PERSON;**

(b) the statute, ordinance, or regulation allegedly violated;

(c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and

(d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

**15.0  Denials and Special or Affirmative Defenses**

☑ 15.1  Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:

(a) state all facts upon which you base the denial or special or affirmative defense;

(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**16.0  Defendant's Contentions—Personal Injury**

☐ 16.1  Do you contend that any **PERSON,** other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON:**

(a) state the name, **ADDRESS,** and telephone number of the **PERSON;**

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.2  Do you contend that plaintiff was not injured in the **INCIDENT?** If so:

(a) state all facts upon which you base your contention;

(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

DISC-001

☐ 16.3   Do you contend that the injuries or the extent  of  the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the **INCIDENT**? If so, for each injury:

(a)  identify it;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone  numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.4  Do you contend that any of the services furnished by any **HEALTH CARE PROVIDER** claimed by plaintiff in discovery proceedings thus far in this case were not due to the **INCIDENT**? If so:

(a)  identify each service;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone  numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other  tangible  things  that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.5   Do you contend that any of the costs of services furnished by any **HEALTH CARE PROVIDER** claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:

(a)  identify each cost;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone  numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all  **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.6  Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the **INCIDENT**? If so:

(a)  identify each part of the loss;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone  numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other  tangible  things  that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.7    Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the **INCIDENT**? If so:

(a)  identify each item of property damage;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone  numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other  tangible  things  that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.8  Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:

(a)  identify each cost item;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS**  and  other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.9   Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the **INCIDENT** by a plaintiff in this case? If so, for each plaintiff state:

(a)  the source of each **DOCUMENT;**
(b)  the date each claim arose;
(c)  the nature of each claim; and
(d)  the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

☐ 16.10  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a **HEALTH CARE PROVIDER** not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)? If so, for each plaintiff state:

(a)  the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER;**
(b)  a description of each **DOCUMENT**; and
(c)  the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**17.0 Responses to Request for Admissions**

☑ 17.1  Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a)  state the number of the request;
(b)  state all facts upon which you base your response;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**18.0**  *[Reserved]*

**19.0**  *[Reserved]*

**20.0 How the Incident Occurred—Motor Vehicle**

☑ 20.1  State the date, time, and place of the **INCIDENT** (closest street **ADDRESS** or intersection).

☐ 20.2   For each vehicle involved in the **INCIDENT,** state:

(a)  the year, make, model, and license number;
(b)  the name, ADDRESS, and telephone number of  the driver;

(c) the name, **ADDRESS,** and telephone number of each occupant other than the driver;

(d) the name, **ADDRESS,** and telephone number of each registered owner;

(e) the name, **ADDRESS,** and telephone number of each lessee;

(f) the name, **ADDRESS,** and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

☐ 20.3 State the **ADDRESS** and location where your trip began and the **ADDRESS** and location of your destination.

☐ 20.4 Describe the route that you followed from the beginning of your trip to the location of the **INCIDENT,** and state the location of each stop, other than routine traffic stops, during the trip leading up to the **INCIDENT.**

☐ 20.5 State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the **INCIDENT** for the 500 feet of travel before the **INCIDENT.**

☐ 20.6 Did the **INCIDENT** occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

☐ 20.7 Was there a traffic signal facing you at the time of the **INCIDENT?** If so, state:
(a) your location when you first saw it;
(b) the color;
(c) the number of seconds it had been that color; and
(d) whether the color changed between the time you first saw it and the **INCIDENT.**

☐ 20.8 State how the **INCIDENT** occurred, giving the speed, direction, and location of each vehicle involved:
(a) just before the **INCIDENT;**
(b) at the time of the **INCIDENT;** and (c) just after the **INCIDENT.**

☐ 20.9 Do you have information that a malfunction or defect in a vehicle caused the **INCIDENT**? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS,** and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and
(d) state the name, **ADDRESS,** and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the **INCIDENT**? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS,** and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS,** and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.11 State the name, **ADDRESS,** and telephone number of each owner and each **PERSON** who has had possession since the **INCIDENT** of each vehicle involved in the **INCIDENT.**

**25.0** *[Reserved]*

**30.0** *[Reserved]*

**40.0** *[Reserved]*

**50.0 Contract**

☑ 50.1 For each agreement alleged in the pleadings:
(a) identify each **DOCUMENT** that is part of the agreement and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(b) state each part of the agreement not in writing, the name, **ADDRESS,** and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;
(c) identify all **DOCUMENTS** that evidence any part of the agreement not in writing and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(d) identify all **DOCUMENTS** that are part of any modification to the agreement, and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(e) state each modification not in writing, the date, and the name, **ADDRESS,** and telephone number of each **PERSON** agreeing to the modification, and the date the modification was made;
(f) identify all **DOCUMENTS** that evidence any modification of the agreement not in writing and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT.**

☑ 50.2 Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

☑ 50.3 Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

☑ 50.4 Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

☑ 50.5 Is any agreement alleged in the pleadings unenforceable? If so, identify each unenforceable agreement and state why it is unenforceable.

☑ 50.6 Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**60.0** *[Reserved]*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Save This Form    Print This Form    Clear This Form

DISC-020

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Michael Shemtoub, Esq.   SBN 253948<br>BEVERLY LAW<br>4929 Wilshire Blvd., Suite 702, Los Angeles, CA 90010<br>TELEPHONE NO.: (310) 552-6921      FAX NO. *(Optional)* (323) 421-9397<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name):* Real Property Trustee, Inc. and Mike Kemel | **To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of the form when finished.** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 6230 Sylmar Avenue
MAILING ADDRESS: 6230 Sylmar Avenue
CITY AND ZIP CODE: Van Nuys 91401
BRANCH NAME: Northwest Judicial District, Van Nuys Courthouse East

SHORT TITLE:
LEV INVESTMENTS v. FEYGENBERG, et al.

| | |
|---|---|
| **REQUESTS FOR ADMISSION**<br>  ✔ **Truth of Facts**   ☐ **Genuineness of Documents**<br>Requesting Party: REAL PROPERTY TRUSTEE, INC.<br>Answering Party: LEV INVESTMENTS, LLC<br>Set No.: ONE | CASE NUMBER:<br>19VECV00878 |

## INSTRUCTIONS

Requests for admission are written requests by a party to an action requiring that any other party to the action either admit or deny, under oath, the truth of certain facts or the genuineness of certain documents. For information on timing, the number of admissions a party may request from any other party, service of requests and responses, restrictions on the style, format, and scope of requests for admission and responses to requests, and other details, see Code of Civil Procedure sections 94–95, 1013, and 2033.010–2033.420 and the case law relating to those sections.

An answering party should consider carefully whether to admit or deny the truth of facts or the genuineness of documents. With limited exceptions, an answering party will not be allowed to change an answer to a request for admission. There may be penalties if an answering party fails to admit the truth of any fact or the genuineness of any document when requested to do so and the requesting party later proves that the fact is true or that the document is genuine. These penalties may include, among other things, payment of the requesting party's attorney's fees incurred in making that proof.

Unless there is an agreement or a court order providing otherwise, the answering party must respond in writing to requests for admission within 30 days after they are served, or within 5 days after service in an unlawful detainer action. There may be significant penalties if an answering party fails to provide a timely written response to each request for admission. These penalties may include, among other things, an order that the facts in issue are deemed true or that the documents in issue are deemed genuine for purposes of the case.

Answers to *Requests for Admission* must be given under oath. The answering party should use the following language at the end of the responses:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____        _____
*(DATE)*                                                      *(SIGNATURE)*

These instructions are only a summary and are not intended to provide complete information about requests for admission. This *Requests for Admission* form does not change existing law relating to requests for admissions, nor does it affect an answering party's right to assert any privilege or to make any objection.

## REQUESTS FOR ADMISSION

You are requested to admit within 30 days after service, or within 5 days after service in an unlawful detainer action, of this *Requests for Admission* that:

1.  ☑   Each of the following facts is true *(if more than one, number each fact consecutively)*:


     ☑ Continued on Attachment 1

2.  ☐   The original of each of the following documents, copies of which are attached, is genuine *(if more than one, number each document consecutively)*:


     ☐ Continued on Attachment 2

Michael Shemtoub, Esq.                          ▶   *[signature]*
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
DISC-020 [Rev. January 1, 2008]   **REQUESTS FOR ADMISSION**   Code of Civil Procedure,
§§ 94–95, 2033.010–2033.420, 2033.710

For your protection and privacy, please press the Clear This Form button after you have printed the form.      **Save This Form**   **Print This Form**   **Clear This Form**

## REQUESTS FOR ADMISSION, SET ONE

## ATTACHMENT 1

1.      Admit that LEV INVESTMENTS, LLC and RUVIN FEYGENBERG and MICHAEL LEIZEROVITZ were partners in the purchase of the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001.

2.      Admit that RPT was not a partner with LEV INVESTMENTS, LLC in the purchase of the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001 (the term RPT shall refer to Cross-Defendant Real Property Trustee, Inc.).

3.      Admit that LEV INVESTMENTS, LLC purchased the NOTE on or about December 31, 2018 (the term the NOTE shall refer to the defaulted Promissory Note secured by a first position Deed of Trust for the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001).

4.      Admit that LEV INVESTMENTS, LLC paid $2,039,127.95 to The Evergreen Advantage, LLC for the NOTE.

5.      Admit that LEV INVESTMENTS, LLC, after foreclosure of the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001, became the legal owner in fee of the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001.

6.      Admit that LEV INVESTMENTS, LLC, after foreclosure of the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001, was not the only equitable owner in fee of the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001.

7.      Admit that LEV INVESTMENTS, LLC borrowed purchase money to purchase the NOTE.

8.      Admit that LEV INVESTMENTS, LLC owes money to RPT.

9.      Admit that LEV INVESTMENTS, LLC hired RPT to foreclose on defaulted deeds of trust and failed to pay for RPT's services.

10.     Admit that RUVIN FEYGENBERG owes the JUDGMENT (the term the JUDGMENT refers to the Judgment evidenced by the Abstract of Judgment recorded as instrument number 20130597959 in the Office Records of the County of Los Angeles, on April 22, 2013).

11.     Admit that RUVIN FEYGENBERG failed to pay the JUDGMENT.

12.     Admit that LEV INVESTMENTS, LLC did not know about the JUDGMENT.

13.     Admit that LEV INVESTMENTS, LLC does not have any claim against RPT.

14.     Admit that LEV INVESTMENTS, LLC does not make any allegations against RPT.

15.     Admit that LEV INVESTMENTS, LLC does not have any causes of action against RPT.

16.     Admit that LEV INVESTMENTS, LLC does not have any pending litigation against RPT.

17.     Admit that LEV INVESTMENTS, LLC failed to repay the debt to RPT.

18.     Admit that LEV INVESTMENTS, LLC did not suffer any special damages as a result of any act of RPT.

19.     Admit that LEV INVESTMENTS, LLC did not suffer any special damages as a result of any omission of RPT.

20.     Admit that LEV INVESTMENTS, LLC did not suffer any general damages as a result of any act of RPT.

21.     Admit that LEV INVESTMENTS, LLC did not suffer any general damages as a result of any omission of RPT.

22.     Admit that LEV INVESTMENTS, LLC does not have any evidence that it suffered any special damages as a result of any act of RPT.

23.     Admit that LEV INVESTMENTS, LLC does not have any evidence that it suffered any special damages as a result of any omission of RPT.

24.     Admit that LEV INVESTMENTS, LLC does not have any evidence that it suffered any general damages as a result of any act of RPT.

25.    Admit that LEV INVESTMENTS, LLC does not have any evidence that it suffered any general damages as a result of any omission of RPT.

26.    Admit that RPT did not breach any fiduciary duty to LEV INVESTMENTS, LLC.

27.    Admit that RPT did not breach any contract to LEV INVESTMENTS, LLC.

28.    Admit that RPT did not conceal any act against LEV INVESTMENTS, LLC.

29.    Admit that LEV INVESTMENTS, LLC has no claim against RPT in relation to the allegations of wrongful foreclosure of the LAND (the term the LAND shall refer to the vacant land that is being developed as a luxury RV park in Coachella, California with APN 601-620-012-0).

30.    Admit that LEV INVESTMENTS, LLC holds no title to the LAND.

31.    Admit that LEV INVESTMENTS, LLC holds to liens against the LAND.

32.    Admit that RPT has no right or duty to cancel any instrument recorded against the LAND.

33.    Admit that RPT did not wrongfully foreclose on the LAND.

34.    Admit that LEV INVESTMENTS, LLC must indemnify RPT related to the foreclosure of the LAND.

35.    Admit that LEV INVESTMENTS, LLC instructed RPT to conduct the foreclosure sale of the LAND on November 7, 2019.

Michael Shemtoub, Esq.   SBN 253948
BEVERLY LAW
4929 Wilshire Boulevard, Suite 702
Los Angeles, California 90010
Telephone:      (310) 552-6921
Facsimile:      (323) 421-9397

Attorney for Real Property Trustee, Inc.
and Mike Kemel

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

NORTHWEST JUDICIAL DISTRICT

| | |
|---|---|
| LEV INVESTMENTS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC.; MING ZHU, LLC; and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants.<br>_____<br>RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC.<br><br>　　　　　Cross-Complainants,<br><br>　　vs.<br><br>LEV INVESTMENTS, LLC, DMITRI LIOUDKOVSKI (aka Dmitri Ludkovski), YEVGENIYA LISITSA (aka Y. GINA LISITSA), LISITSA LAW, INC., REAL PROPERTY TRUSTEE, INC., MIKE KEMEL, and ROES 1 to 50,<br><br>　　　　　Cross-Defendants.<br>_____ | Case No.: 19VECV00878<br><br>REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE<br><br>Place:　　　Dept. U<br>Judge:　　　Theresa M. Traber<br><br>Complaint Filed:　　June 20, 2019<br>Trial Date:　　　　Not set |

- 1 -

PROPOUNDING PARTY:    REAL PROPERTY TRUSTEE, INC.

RESPONDING PARTY:     LEV INVESTMENTS, LLC

SET NUMBER:           ONE

Cross-Defendant Real Property Trustee, Inc., hereinafter Cross-Defendant or Propounding Party or RPT, hereby requests that Cross-Defendant LEV INVESTMENTS, LLC, hereinafter LEV or Responding Party, produce on **June 30, 2020 at 10:00 a.m.** the documents and things described below for examination and copying at the offices of Beverly Law which address is 4929 Wilshire Boulevard, Suite 702, Los Angeles, California 90010. You also may comply with this request by mailing or hand-delivering copies of the requested documents and things to Cross-Defendant's counsel at the above-address, so that the documents are received on or before **June 30, 2020 at 10:00 a.m.** Any such production of documents is without prejudice to Cross-Defendant's right to inspect and copy the original of each document at a future date.

## **<u>DOCUMENTS TO BE PRODUCED</u>**

1.    The contract between RUVIN FEYGENBERG and MICHAEL LEIZEROVITZ and LEV INVESTMENTS, LLC.

2.    All DOCUMENTS which RELATE TO MICHAEL LEIZEROVITZ (the terms "DOCUMENT" or "DOCUMENTS" shall mean and include the original and every non-identical copy of or attachment to any printed, typewritten, or handwritten matter of whatever character, including but not limited to "writings" as defined by California Evidence Code § 250, and any other tangible thing known to Responding Party in its possession, custody or control, whether printed, recorded, reproduced by any process or written or produced by hand, and whether or not claimed to be privileged or exempt from production for any reason. Set forth in this definition is a list of examples of writings and tangible things which are included within this definition. The list is not exclusive but is intended to aid Responding Party in the identification and production of DOCUMENTS. Examples of DOCUMENTS are: correspondence, letters, memoranda, notes, charts, transcripts, minutes of meetings, inter-office and intra-office communications, reports, forecasts, estimates, requests, summaries, instructions, descriptions, analyses, statements,

recommendations, inventories, certificates, notices, return receipts, contracts, agreements, certifications, approvals, authorizations, lists, diagrams, diaries, desk calendar notations, microfilm, microfiche, photographs, magnetic tape recordings, compact disks or other digital recordings, computer disks and diskettes, teletype messages, films, computer printouts, telegrams, news releases, newspapers, periodicals, books, bulletins, circulars, pamphlets, manuals, affidavits, waivers, accounting work sheets, bills, invoices, financial statements, statements of account, ledger sheets, statistical statements, appraisals, credit files, evidences of indebtedness, checks, promissory notes, receipts, instruments, or material similar to any of the foregoing, however denominated. The terms DOCUMENT or DOCUMENTS shall not include any DOCUMENTS previously produced by Responding Party in this case; the terms "RELATE TO," "RELATES TO," and "RELATING TO" shall mean and include referring to, alluding to, responding to, pertaining to, connected with, commenting on, reviewing any aspects of, about, regarding, discussing, showing, describing, mentioning, respecting, analyzing, evidencing, constituting, concerning, memorializing, leading up to, or having any impact on).

3.      All DOCUMENTS which RELATE TO the SUBJECT PROPERTY for the last 5 years (the term the SUBJECT PROPERTY shall refer to the real property commonly known as 13854 Albers Street, Sherman Oaks, California 91401, APN 2247-013-001).

4.      All COMMUNICATIONS between MICHAEL LEIZEROVITZ and LEV INVESTMENTS, LLC (the term "COMMUNICATION" or "COMMUNICATIONS" shall mean and refer to any oral, written or electronic transmittal of information, opinion, belief, idea or statement, whether made in person, by telephone, electronic mail, fax, mail, or by any other means).

5.      All COMMUNICATIONS between LEV INVESTMENTS, LLC and REAL PROPERTY TRUSTEE, INC.

6.      All COMMUNICATIONS between LEV INVESTMENTS, LLC and MIKE KEMEL.

7.      All COMMUNICATIONS between LEV INVESTMENTS, LLC, on one hand, and any other PERSON, on the other hand, RELATING TO the SUBJECT PROPERTY within the last 5 years (the term "PERSON" and "PERSONS" shall mean and include any natural person,

individual, firm, association, organization, partnership, business, trust, corporation, joint venture, governmental body, governmental agency, or other form of legal or public entity).

8.      All COMMUNICATIONS between LEV INVESTMENTS, LLC, on one hand, and any other PERSON, on the other hand, RELATING TO REAL PROPERTY TRUSTEE, INC.

9.      All COMMUNICATIONS between LEV INVESTMENTS, LLC, on one hand, and any other PERSON, on the other hand, RELATING TO RUVIN FEYGENBERG.

10.     All COMMUNICATIONS between LEV INVESTMENTS, LLC, on one hand, and any other PERSON, on the other hand, RELATING TO the LAND (the term the LAND shall refer to the vacant land that is being developed as a luxury RV park in Coachella, California with APN 601-620-012-0).

11.     All DOCUMENTS identified in LEV INVESTMENTS, LLC's responses to REAL PROPERTY TRUSTEE's Form Interrogatories, Set One served concurrently herewith.

12.     All DOCUMENTS RELATING TO the source of funds for the purchase of the SUBJECT PROPERTY.

13.     All DOCUMENTS that show that LEV INVESTMENTS, LLC is entitled to title of the SUBJECT PROPERTY.

14.     ALL DOCUMENTS that show the amount paid by LEV INVESTMENTS, LLC for the SUBJECT PROPERTY.

15.     All DOCUMENTS that show all notices that LEV INVESTMENTS, LLC received from any government agency that RELATE TO the SUBJECT PROPERTY from 2018 to present.

16.     All DOCUMENTS that show the fair market value of the SUBJECT PROPERTY.

17.     ALL DOCUMENTS that show the fair market value of the SUBJECT PROPERTY between 2018 and present.

18.     All DOCUMENTS between RUVIN FEYGENBERG and LEV INVESTMENTS, LLC, including but not limited all emails, letters and text messages, RELATED TO the SUBJECT PROPERTY.

19.     All DOCUMENTS between MICHAEL LEIZEROVITZ and LEV INVESTMENTS, LLC, including but not limited all emails, letters and text messages, RELATED TO the LAND.

20.     All DOCUMENTS between LEV INVESTMENTS, LLC and Prime Capital Group, Inc. RELATED TO the SUBJECT PROPERTY.

21.     All DOCUMENTS between LEV INVESTMENTS, LLC and Prime Capital Group, Inc. RELATED TO the LAND.

22.     All DOCUMENTS showing accounting of the money spent for the SUBJECT PROPERTY.

23.     All DOCUMENTS showing foreclosure process RELATED TO the SUBJECT PROPERTY.

24.     The escrow file RELATED TO the purchase of the SUBJECT PROPERTY.

25.     The title file RELATED TO the purchase of the SUBJECT PROPERTY.

26.     All Final Closing Statements RELATED TO the purchase of the SUBJECT PROPERTY.

27.     All DOCUMENTS showing any and all payoff statements of the loan against the SUBJECT PROPERTY.

28.     All DOCUMENTS evidencing the total contribution towards the purchase of the SUBJECT PROPERTY.

29.     All DOCUMENTS evidencing money given, such as checks, wire transfer receipts, cashier's checks, towards the purchase of the SUBJECT PROPERTY.

30.     All DOCUMENTS evidencing payments to RPT.

Respectfully submitted,

Dated: May 29, 2020                    BEVERLY LAW

By_____
                Michael Shemtoub, Esq.
                Attorney for Real Property Trustee, Inc.
                and Mike Kemel

To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of the form when finished.

Case 1:20-bk-11006-VK    Doc 55    Filed 06/26/20    Entered 06/26/20 21:50:00    Desc
Main Document    Page 385 of 439

**DISC-001**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Michael Shemtoub, Esq.    SBN 253948
BEVERLY LAW
4929 Wilshire Blvd., Suite 702
Los Angeles, CA 90010
TELEPHONE NO.: (310) 552-6921
FAX NO. *(Optional):* (323) 421-9397
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Real Property Trustee, Inc. and Mike Kemel

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
6230 Sylmar Avenue, Van Nuys, CA 91401
Northwest Judicial District, Van Nuys Courthouse East

SHORT TITLE OF CASE:
LEV INVESTMENTS v. FEYGENBERG, et al.

| FORM INTERROGATORIES—GENERAL | CASE NUMBER: |
|---|---|
| **Asking Party:** REAL PROPERTY TRUSTEE, INC.<br><br>**Answering Party:** MICHAEL LEIZEROVITZ<br>**Set No.:** ONE | 19VECV00878 |

### Sec. 1. Instructions to All Parties

(a)  Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b)  For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c)  These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

### Sec. 2. Instructions to the Asking Party

(a)  These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, Form *Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b)  Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c)  You may insert your own definition of **INCIDENT** in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d)  The interrogatories in section 16.0, Defendant's Contentions—Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e)  Additional interrogatories may be attached.

### Sec. 3. Instructions to the Answering Party

(a)  An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b)  As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c)  Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d)  If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e)  Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f)  Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g)  If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h)  Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____    _____
*(DATE)*                              *(SIGNATURE)*

### Sec. 4. Definitions

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

  ☑ (1)  **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Page 1 of 8

Form Approved for Optional Use
Judicial Council of California
DISC-001 [Rev. January 1, 2008]

**FORM INTERROGATORIES—GENERAL**

Code of Civil Procedure,
§§ 2030.010-2030.410, 2033.710
www.courtinfo.ca.gov

**DISC-001**

☐ **(2)** **INCIDENT** means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):*

**(b)  YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

**(c)  PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

**(d)  DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

**(e)  HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

**(f)  ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5.  Interrogatories**

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

## CONTENTS

1.0 Identity of Persons Answering These Interrogatories
2.0 General Background Information—Individual
3.0 General Background Information—Business Entity
4.0 Insurance
5.0 *[Reserved]*
6.0 Physical, Mental, or Emotional Injuries
7.0 Property Damage
8.0 Loss of Income or Earning Capacity
9.0 Other Damages
10.0 Medical History
11.0 Other Claims and Previous Claims
12.0 Investigation—General
13.0 Investigation—Surveillance
14.0 Statutory or Regulatory Violations
15.0 Denials and Special or Affirmative Defenses
16.0 Defendant's Contentions Personal Injury
17.0 Responses to Request for Admissions
18.0 *[Reserved]*
19.0 *[Reserved]*
20.0 How the Incident Occurred—Motor Vehicle
25.0 *[Reserved]*
30.0 *[Reserved]*
40.0 *[Reserved]*
50.0 Contract
60.0 *[Reserved]*
70.0 Unlawful Detainer *[See separate form DISC-003]*
101.0 Economic Litigation *[See separate form DISC-004]*
200.0 Employment Law *[See separate form DISC-002]*
Family Law *[See separate form FL-145]*

**1.0 Identity of Persons Answering These Interrogatories**

☑ 1.1 State the name, **ADDRESS,** telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. (*Do not identify anyone who simply typed or reproduced the responses.*)

**2.0 General Background Information—individual**

☑ 2.1 State:
(a)  your name;
(b)  every name you have used in the past; and
(c)  the dates you used each name.

☑ 2.2 State the date and place of your birth.

☑ 2.3 At the time of the **INCIDENT,** did you have a driver's license? If so state:
(a)  the state or other issuing entity;
(b)  the license number and type;
(c)  the date of issuance; and
(d)  all restrictions.

☑ 2.4 At the time of the **INCIDENT,** did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a)  the state or other issuing entity;
(b)  the license number and type;
(c)  the date of issuance; and
(d)  all restrictions.

☑ 2.5 State:
(a)  your present residence **ADDRESS;**
(b)  your residence **ADDRESSES** for the past five years; and
(c)  the dates you lived at each **ADDRESS.**

☑ 2.6 State:
(a)  the name, **ADDRESS,** and telephone number of your present employer or place of self-employment; and
(b)  the name, **ADDRESS,** dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

☑ 2.7 State:
(a)  the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
(b)  the dates you attended;
(c)  the highest grade level you have completed; and
(d)  the degrees received.

☑ 2.8 Have you ever been convicted of a felony? If so, for each conviction state:
(a)  the city and state where you were convicted;
(b)  the date of conviction;
(c)  the offense; and
(d)  the court and case number.

☑ 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

☑ 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

**DISC-001**

☑ 2.11 At the time of the **INCIDENT** were you acting as an agent or employee for any **PERSON?** If so, state:
(a) the name, **ADDRESS,** and telephone number of that **PERSON:** and
(b) a description of your duties.

☑ 2.12 At the time of the **INCIDENT** did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the **INCIDENT?** If so, for each person state:
(a) the name, **ADDRESS,** and telephone number;
(b) the nature of the disability or condition; and
(c) the manner in which the disability or condition contributed to the occurrence of the **INCIDENT.**

☑ 2.13 Within 24 hours before the **INCIDENT** did you or any person involved in the **INCIDENT** use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
(a) the name, **ADDRESS,** and telephone number;
(b) the nature or description of each substance;
(c) the quantity of each substance used or taken;
(d) the date and time of day when each substance was used or taken;
(e) the **ADDRESS** where each substance was used or taken;
(f) the name, **ADDRESS,** and telephone number of each person who was present when each substance was used or taken; and
(g) the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

**3.0  General Background Information—Business Entity**

☐ 3.1 Are you a corporation? If so, state:
(a) the name stated in the current articles of incorporation;
(b) all other names used by the corporation during the past 10 years and the dates each was used;
(c) the date and place of incorporation;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

☐ 3.2 Are you a partnership? If so, state:
(a) the current partnership name;
(b) all other names used by the partnership during the past 10 years and the dates each was used;
(c) whether you are a limited partnership and, if so, under the laws of what jurisdiction;
(d) the name and **ADDRESS** of each general partner; and
(e) the **ADDRESS** of the principal place of business.

☐ 3.3 Are you a limited liability company? If so, state:
(a) the name stated in the current articles of organization;
(b) all other names used by the company during the past 10 years and the date each was used;
(c) the date and place of filing of the articles of organization;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

☐ 3.4 Are you a joint venture? If so, state:
(a) the current joint venture name;
(b) all other names used by the joint venture during the past 10 years and the dates each was used;
(c) the name and **ADDRESS** of each joint venturer; and
(d) the **ADDRESS** of the principal place of business.

☐ 3.5 Are you an unincorporated association? If so, state:
(a) the current unincorporated association name;
(b) all other names used by the unincorporated association during the past 10 years and the dates each was used; and
(c) the **ADDRESS** of the principal place of business.

☐ 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
(a) the name;
(b) the dates each was used;
(c) the state and county of each fictitious name filing; and
(d) the **ADDRESS** of the principal place of business.

☐ 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
(a) identify the license or registration;
(b) state the name of the public entity; and
(c) state the dates of issuance and expiration.

**4.0  Insurance**

☑ 4.1 At the time of the **INCIDENT,** was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, for each policy state:
(a) the kind of coverage;
(b) the name and **ADDRESS** of the insurance company;
(c) the name, **ADDRESS,** and telephone number of each named insured;
(d) the policy number;
(e) the limits of coverage for each type of coverage contained in the policy;
(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
(g) the name, **ADDRESS,** and telephone number of the custodian of the policy.

☑ 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, specify the statute.

**5.0** *[Reserved]*

**6.0  Physical, Mental, or Emotional Injuries**

☑ 6.1 Do you attribute any physical, mental, or emotional injuries to the **INCIDENT?** *(If your answer is "no," do not answer interrogatories 6.2 through 6.7).*

☑ 6.2 Identify each injury you attribute to the **INCIDENT** and the area of your body affected.

**DISC-001**

☑ 6.3  Do you still have any complaints that you attribute to the **INCIDENT?** If so, for each complaint state:
(a)  a description;
(b)  whether the complaint is subsiding, remaining the same, or becoming worse; and
(c)  the frequency and duration.

☑ 6.4  Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT?** If so, for each **HEALTH CARE PROVIDER** state:
(a)  the name, **ADDRESS,** and telephone number;
(b)  the type of consultation, examination, or treatment provided;
(c)  the dates you received consultation, examination, or treatment; and
(d)  the charges to date.

☑ 6.5  Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **INCIDENT?** If so, for each medication state:
(a)  the name;
(b)  the **PERSON** who prescribed or furnished it;
(c)  the date it was prescribed or furnished;
(d)  the dates you began and stopped taking it; and
(e)  the cost to date.

☑ 6.6  Are there any other medical services necessitated by the injuries that you attribute to the **INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a)  the nature;
(b)  the date;
(c)  the cost; and
(d)  the name, **ADDRESS,** and telephone number of each provider.

☑ 6.7  Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT?** If so, for each injury state:
(a)  the name and **ADDRESS** of each **HEALTH CARE PROVIDER;**
(b)  the complaints for which the treatment was advised; and
(c)  the nature, duration, and estimated cost of the treatment.

**7.0  Property Damage**

☑ 7.1  Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT?**  If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;

(c)  state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d)  if the property was sold, state the name, **ADDRESS,** and telephone number of the seller, the date of sale,  and  the sale price.

☑ 7.2  Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a)  the name, **ADDRESS,** and telephone number of the **PERSON** who prepared it and the date prepared;
(b)  the name, **ADDRESS,** and telephone number of each **PERSON** who has a copy of it; and
(c)  the amount of damage stated.

☑ 7.3  Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:
(a)  the date repaired;
(b)  a description of the repair;
(c)  the repair cost;
(d)  the name, **ADDRESS,** and telephone number of the **PERSON** who repaired it;
(e)  the name, **ADDRESS,** and telephone number of the **PERSON** who paid for the repair.

**8.0  Loss of Income or Earning Capacity**

☑ 8.1  Do you attribute any loss of income or earning capacity to the **INCIDENT?**  *(If your answer is  "no," do not answer interrogatories 8.2 through 8.8).*

☑ 8.2  State:
(a)  the nature of your work;
(b)  your job title at the time of the **INCIDENT;** and
(c)  the date your employment began.

☑ 8.3  State the last date before the **INCIDENT** that you worked for compensation.

☑ 8.4  State your monthly income at the time of the **INCIDENT** and how the amount was calculated.

☑ 8.5  State the date you returned to work at each place of employment following the **INCIDENT.**

☑ 8.6  State the dates you did not work and for which you lost income as a result of the **INCIDENT.**

☑ 8.7  State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

☑ 8.8  Will you lose income in the future as a result of the **INCIDENT?** If so, state:
(a)  the facts upon which you base this contention;
(b)  an estimate of the amount;
(c)  an estimate of how long you will be unable  to  work;  and
(d)  how the claim for future income is calculated.

**DISC-001**

**9.0  Other Damages**

☑ 9.1  Are there any other damages that you attribute to the **INCIDENT?** If so, for each item of damage state:
(a)  the nature;
(b)  the date it occurred;
(c)  the amount; and
(d)  the name, **ADDRESS,** and telephone number of each **PERSON** to whom an obligation was incurred.

☑ 9.2  Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**10.0  Medical History**

☑ 10.1  At any time before the **INCIDENT** did you have complaints or injuries that involved the same part of your body claimed to have been injured in the **INCIDENT?** If so, for each state:

(a)  a description of the complaint or injury;
(b)  the dates it began and ended; and
(c)  the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** whom you consulted or who examined or treated you.

☑ 10.2  List all physical, mental, and emotional disabilities you had immediately before the **INCIDENT.** *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)*

☑ 10.3  At any time after the **INCIDENT,** did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:

(a)  the date and the place it occurred;
(b)  the name, **ADDRESS,** and telephone number of any other **PERSON** involved;
(c)  the nature of any injuries you sustained;
(d)  the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** who you consulted or who examined or treated you; and
(e)  the nature of the treatment and its duration.

**11.0  Other Claims and Previous Claims**

☑ 11.1  Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:

(a)  the date, time, and place and location (closest street **ADDRESS** or intersection) of the **INCIDENT** giving rise to the action, claim, or demand;
(b)  the name, **ADDRESS,** and telephone number of each **PERSON** against whom the claim or demand was made or the action filed;

(c)  the court, names of the parties, and case number of any action filed;
(d)  the name, **ADDRESS,** and telephone number of any attorney representing you;
(e)  whether the claim or action has been resolved or is pending; and
(f)  a description of the injury.

☑ 11.2  In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:

(a)  the date, time, and place of the **INCIDENT** giving rise to the claim;
(b)  the name, **ADDRESS,** and telephone number of your employer at the time of the injury;
(c)  the name, **ADDRESS,** and telephone number of the workers' compensation insurer and the claim number;
(d)  the period of time during which you received workers' compensation benefits;
(e)  a description of the injury;
(f)  the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who provided services; and
(g)  the case number at the Workers' Compensation Appeals Board.

**12.0  Investigation—General**

☑ 12.1  State the name, **ADDRESS,** and telephone number of each individual:
(a)  who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT;**
(b)  who made any statement at the scene of the **INCIDENT;**
(c)  who heard any statements made about the **INCIDENT** by any individual at the scene; and
(d)  who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure section 2034).

☑ 12.2  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **INCIDENT?** If so, for each individual state:
(a)  the name, **ADDRESS,** and telephone number of the individual interviewed;
(b)  the date of the interview; and
(c)  the name, **ADDRESS,** and telephone number of the **PERSON** who conducted the interview.

☑ 12.3  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **INCIDENT?** If so, for each statement state:
(a)  the name, **ADDRESS,** and telephone number of the individual from whom the statement was obtained;
(b)  the name, **ADDRESS,** and telephone number of the individual who obtained the statement;
(c)  the date the statement was obtained; and
(d)  the name, **ADDRESS,** and telephone number of each **PERSON** who has the original statement or a copy.

**DISC-001**

☑ 12.4  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

(a)  the number of photographs or feet of film or videotape;

(b)  the places, objects, or persons photographed, filmed, or videotaped;

(c)  the date the photographs, films, or videotapes were taken;

(d)  the name, **ADDRESS,** and telephone number of the individual taking the photographs, films, or videotapes; and

(e)  the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

☑ 12.5  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) concerning the **INCIDENT?** If so, for each item state:

(a)  the type (i.e., diagram, reproduction, or model);

(b)  the subject matter; and

(c)  the name, **ADDRESS,** and telephone number of each **PERSON** who has it.

☑ 12.6  Was a report made by any **PERSON** concerning the **INCIDENT?** If so, state:

(a)  the name, title, identification number, and employer of the **PERSON** who made the report;

(b)  the date and type of report made;

(c)  the name, **ADDRESS,** and telephone number of the **PERSON** for whom the report was made; and

(d)  the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the report.

☑ 12.7  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT?** If so, for each inspection state:

(a)  the name, **ADDRESS,** and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and

(b)  the date of the inspection.

**13.0 Investigation—Surveillance**

☑ 13.1  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance state:

(a)  the name, **ADDRESS,** and telephone number of the individual or party;

(b)  the time, date, and place of the surveillance;

(c)  the name, **ADDRESS,** and telephone number of the individual who conducted the surveillance; and

(d)  the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

☑ 13.2 Has a written report been prepared on the surveillance? If so, for each written report state:

(a)  the title;

(b)  the date;

(c)  the name, **ADDRESS,** and telephone number of the individual who prepared the report; and

(d)  the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy.

**14.0 Statutory or Regulatory Violations**

☑ 14.1  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT?** If so, identify the name, **ADDRESS,** and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

☑ 14.2  Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT?** If so, for each **PERSON** state:

(a)  the name, **ADDRESS,** and telephone number of the **PERSON;**

(b)  the statute, ordinance, or regulation allegedly violated;

(c)  whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and

(d)  the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

**15.0 Denials and Special or Affirmative Defenses**

☑ 15.1  Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:

(a) state all facts upon which you base the denial or special or affirmative defense;

(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**16.0 Defendant's Contentions—Personal Injury**

☐ 16.1  Do you contend that any **PERSON,** other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON:**

(a)  state the name, **ADDRESS,** and telephone number of the **PERSON;**

(b)  state all facts upon which you base your contention;

(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.2  Do you contend that plaintiff was not injured in the **INCIDENT?** If so:

(a)  state all facts upon which you base your contention;

(b)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(c)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

DISC-001

16.3   Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the **INCIDENT**? If so, for each injury:

(a) identify it;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.4 Do you contend that any of the services furnished by any **HEALTH CARE PROVIDER** claimed by plaintiff in discovery proceedings thus far in this case were not due to the **INCIDENT**? If so:

(a) identify each service;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.5   Do you contend that any of the costs of services furnished by any **HEALTH CARE PROVIDER** claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:

(a) identify each cost;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.6  Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the **INCIDENT**? If so:

(a) identify each part of the loss;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.7   Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the **INCIDENT**? If so:

(a) identify each item of property damage;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.8   Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:

(a) identify each cost item;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.9   Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the **INCIDENT** by a plaintiff in this case? If so, for each plaintiff state:

(a) the source of each **DOCUMENT;**
(b) the date each claim arose;
(c) the nature of each claim; and
(d) the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

16.10   Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a **HEALTH CARE PROVIDER** not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)? If so, for each plaintiff state:

(a) the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER;**
(b) a description of each **DOCUMENT**; and
(c) the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**17.0 Responses to Request for Admissions**

☑ 17.1   Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a) state the number of the request;
(b) state all facts upon which you base your response;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**18.0** *[Reserved]*

**19.0** *[Reserved]*

**20.0 How the Incident Occurred—Motor Vehicle**

☑ 20.1   State the date, time, and place of the **INCIDENT** (closest street **ADDRESS** or intersection).

20.2   For each vehicle involved in the **INCIDENT,** state:

(a) the year, make, model, and license number;
(b) the name, ADDRESS, and telephone number of the driver;

**DISC-001**

(c) the name, **ADDRESS**, and telephone number of each occupant other than the driver;

(d) the name, **ADDRESS**, and telephone number of each registered owner;

(e) the name, **ADDRESS**, and telephone number of each lessee;

(f) the name, **ADDRESS**, and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

☐ 20.3 State the **ADDRESS** and location where your trip began and the **ADDRESS** and location of your destination.

☐ 20.4 Describe the route that you followed from the beginning of your trip to the location of the **INCIDENT**, and state the location of each stop, other than routine traffic stops, during the trip leading up to the **INCIDENT**.

☐ 20.5 State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the **INCIDENT** for the 500 feet of travel before the **INCIDENT**.

☐ 20.6 Did the **INCIDENT** occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

☐ 20.7 Was there a traffic signal facing you at the time of the **INCIDENT**? If so, state:
(a) your location when you first saw it;
(b) the color;
(c) the number of seconds it had been that color; and
(d) whether the color changed between the time you first saw it and the **INCIDENT**.

☐ 20.8 State how the **INCIDENT** occurred, giving the speed, direction, and location of each vehicle involved:
(a) just before the **INCIDENT**;
(b) at the time of the **INCIDENT**; and (c) just after the **INCIDENT**.

☐ 20.9 Do you have information that a malfunction or defect in a vehicle caused the **INCIDENT**? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS**, and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and
(d) state the name, **ADDRESS**, and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the **INCIDENT**? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS**, and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS**, and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.11 State the name, **ADDRESS**, and telephone number of each owner and each **PERSON** who has had possession since the **INCIDENT** of each vehicle involved in the **INCIDENT**.

**25.0** *[Reserved]*

**30.0** *[Reserved]*

**40.0** *[Reserved]*

**50.0 Contract**

☑ 50.1 For each agreement alleged in the pleadings:
(a) identify each **DOCUMENT** that is part of the agreement and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(b) state each part of the agreement not in writing, the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;
(c) identify all **DOCUMENTS** that evidence any part of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(d) identify all **DOCUMENTS** that are part of any modification to the agreement, and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(e) state each modification not in writing, the date, and the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to the modification, and the date the modification was made;
(f) identify all **DOCUMENTS** that evidence any modification of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**.

☑ 50.2 Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

☑ 50.3 Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

☑ 50.4 Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

☑ 50.5 Is any agreement alleged in the pleadings unenforceable? If so, identify each unenforceable agreement and state why it is unenforceable.

☑ 50.6 Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**60.0** *[Reserved]*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Save This Form    Print This Form    Clear This Form

**DISC-020**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Michael Shemtoub, Esq.  SBN 253948<br>BEVERLY LAW<br>4929 Wilshire Blvd., Suite 702, Los Angeles, CA 90010<br>TELEPHONE NO.: (310) 552-6921   FAX NO. *(Optional)* (323) 421-9397<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Real Property Trustee, Inc. and Mike Kemel | **To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of the form when finished.** |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES |
| STREET ADDRESS:  6230 Sylmar Avenue |
| MAILING ADDRESS:  6230 Sylmar Avenue |
| CITY AND ZIP CODE:  Van Nuys 91401 |
| BRANCH NAME:  Northwest Judicial District, Van Nuys Courthouse East |

| |
|---|
| SHORT TITLE:<br>LEV INVESTMENTS v. FEYGENBERG, et al. |

| | |
|---|---|
| **REQUESTS FOR ADMISSION**<br>[✔] **Truth of Facts**  [ ] **Genuineness of Documents**<br>Requesting Party: REAL PROPERTY TRUSTEE, INC.<br>Answering Party: MICHAEL LEIZEROVITZ<br>Set No.: ONE | CASE NUMBER:<br>19VECV00878 |

## INSTRUCTIONS

Requests for admission are written requests by a party to an action requiring that any other party to the action either admit or deny, under oath, the truth of certain facts or the genuineness of certain documents. For information on timing, the number of admissions a party may request from any other party, service of requests and responses, restrictions on the style, format, and scope of requests for admission and responses to requests, and other details, see Code of Civil Procedure sections 94–95, 1013, and 2033.010–2033.420 and the case law relating to those sections.

An answering party should consider carefully whether to admit or deny the truth of facts or the genuineness of documents. With limited exceptions, an answering party will not be allowed to change an answer to a request for admission. There may be penalties if an answering party fails to admit the truth of any fact or the genuineness of any document when requested to do so and the requesting party later proves that the fact is true or that the document is genuine. These penalties may include, among other things, payment of the requesting party's attorney's fees incurred in making that proof.

Unless there is an agreement or a court order providing otherwise, the answering party must respond in writing to requests for admission within 30 days after they are served, or within 5 days after service in an unlawful detainer action. There may be significant penalties if an answering party fails to provide a timely written response to each request for admission. These penalties may include, among other things, an order that the facts in issue are deemed true or that the documents in issue are deemed genuine for purposes of the case.

Answers to *Requests for Admission* must be given under oath. The answering party should use the following language at the end of the responses:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____    _____
*(DATE)*     *(SIGNATURE)*

These instructions are only a summary and are not intended to provide complete information about requests for admission. This *Requests for Admission* form does not change existing law relating to requests for admissions, nor does it affect an answering party's right to assert any privilege or to make any objection.

## REQUESTS FOR ADMISSION

You are requested to admit within 30 days after service, or within 5 days after service in an unlawful detainer action, of this *Requests for Admission* that:

1. [✔]   Each of the following facts is true *(if more than one, number each fact consecutively)*:

   [✔] Continued on Attachment 1

2. [ ]   The original of each of the following documents, copies of which are attached, is genuine *(if more than one, number each document consecutively)*:

   [ ] Continued on Attachment 2

Michael Shemtoub, Esq.                    ▶            _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 1

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>DISC-020 [Rev. January 1, 2008] | **REQUESTS FOR ADMISSION** | Code of Civil Procedure,<br>§§ 94–95, 2033.010–2033.420, 2033.710 |

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Save This Form ]  [ Print This Form ]  [ Clear This Form ]

# REQUESTS FOR ADMISSION, SET ONE

## ATTACHMENT 1

1.      Admit that MICHAEL LEIZEROVITZ and LEV INVESTMENTS, LLC were partners in the purchase of the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001.

2.      Admit that RPT was not a partner with MICHAEL LEIZEROVITZ in the purchase of the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001 (the term RPT shall refer to Cross-Defendant Real Property Trustee, Inc.).

3.      Admit that MICHAEL LEIZEROVITZ purchased the NOTE on or about December 31, 2018 (the term the NOTE shall refer to the defaulted Promissory Note secured by a first position Deed of Trust for the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001).

4.      Admit that MICHAEL LEIZEROVITZ paid $2,039,127.95 to The Evergreen Advantage, LLC for the NOTE.

5.      Admit that MICHAEL LEIZEROVITZ, after foreclosure of the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001, became the first position lien holder against the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001.

6.      Admit that MICHAEL LEIZEROVITZ knew that LEV INVESTMENTS, LLC borrowed purchase money to purchase the NOTE.

7.      Admit that RUVIN FEYGENBERG owes money to RPT.

8.      Admit that RUVIN FEYGENBERG hired RPT to foreclose on defaulted deeds of trust and failed to pay for RPT's services.

9.      Admit that RUVIN FEYGENBERG owes the JUDGMENT (the term the JUDGMENT refers to the Judgment evidenced by the Abstract of Judgment recorded as instrument number 20130597959 in the Office Records of the County of Los Angeles, on April 22, 2013).

10.    Admit that RUVIN FEYGENBERG failed to pay the JUDGMENT.

11.    Admit that RUVIN FEYGENBERG failed to disclose the JUDGMENT to LEV INVESTMENTS, LLC.

12.    Admit that RUVIN FEYGENBERG failed to inform LEV INVESTMENTS, LLC of the JUDGMENT.

13.    Admit that MICHAEL LEIZEROVITZ did not suffer any special damages as a result of any act of RPT.

14.    Admit that MICHAEL LEIZEROVITZ did not suffer any special damages as a result of any omission of RPT.

15.    Admit that MICHAEL LEIZEROVITZ did not suffer any general damages as a result of any act of RPT.

16.    Admit that MICHAEL LEIZEROVITZ did not suffer any general damages as a result of any omission of RPT.

17.    Admit that MICHAEL LEIZEROVITZ does not have any evidence that he suffered any special damages as a result of any act of RPT.

18.    Admit that MICHAEL LEIZEROVITZ does not have any evidence that he suffered any special damages as a result of any omission of RPT.

19.    Admit that MICHAEL LEIZEROVITZ does not have any evidence that he suffered any general damages as a result of any act of RPT.

20.    Admit that MICHAEL LEIZEROVITZ does not have any evidence that he suffered any general damages as a result of any omission of RPT.

21.    Admit that RPT did not breach any fiduciary duty to MICHAEL LEIZEROVITZ.

22.    Admit that RPT did not breach any contract to MICHAEL LEIZEROVITZ.

23.    Admit that RPT did not conceal any act against MICHAEL LEIZEROVITZ.

24.    Admit that MICHAEL LEIZEROVITZ has no claim against RPT in relation to the allegations of wrongful foreclosure of the LAND (the term the LAND shall refer to the vacant land that is being developed as a luxury RV park in Coachella, California with APN 601-620-012-0).

25.     Admit that MICHAEL LEIZEROVITZ holds no title to the LAND.

26.     Admit that MICHAEL LEIZEROVITZ holds to liens against the LAND.

27.     Admit that RPT has no right or duty to cancel any instrument recorded against the LAND.

28.     Admit that RPT did not wrongfully foreclose on the LAND.

29.     Admit that MICHAEL LEIZEROVITZ has no standing to bring a wrong foreclosure claim against RPT.

30.     Admit that RPT is the agent of LEV INVESTMENTS, LLC.

31.     Admit that MIKE KEMEL is the agent of RPT.

32.     Admit that MICHAEL LEIZEROVITZ did not make a loan secured with the LAND.

33.     Admit that MICHAEL LEIZEROVITZ did not tender the total due before the foreclosure of the LAND.

34.     Admit that MICHAEL LEIZEROVITZ had no intention to purchase the LAND at the foreclosure sale.

1   Michael Shemtoub, Esq.   SBN 253948
    BEVERLY LAW
2   4929 Wilshire Boulevard, Suite 702
3   Los Angeles, California 90010
    Telephone:      (310) 552-6921
4   Facsimile:      (323) 421-9397

5
    Attorney for Real Property Trustee, Inc.
6   and Mike Kemel

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF LOS ANGELES

10                      NORTHWEST JUDICIAL DISTRICT

11  LEV INVESTMENTS, LLC,                )   Case No.: 19VECV00878
                                         )
12              Plaintiff,               )   REQUESTS FOR PRODUCTION OF
                                         )   DOCUMENTS, SET ONE
13                                       )
         vs.                             )
14                                       )   Place:       Dept. U
15  RUVIN FEYGENBERG; MICHAEL            )   Judge:       Theresa M. Traber
    LEIZEROVITZ; SENSIBLE CONSULTING     )
16  AND MANAGEMENT, INC.; MING ZHU,      )
    LLC; and DOES 1 through 100, inclusive, )   Complaint Filed:   June 20, 2019
17                                       )   Trial Date:        Not set
18              Defendants.              )
                                         )
19  _____  )
    RUVIN FEYGENBERG; MICHAEL            )
20  LEIZEROVITZ; SENSIBLE CONSULTING     )
    AND MANAGEMENT, INC.                 )
21                                       )
22              Cross-Complainants,      )
                                         )
23       vs.                             )
                                         )
24  LEV INVESTMENTS, LLC, DMITRI         )
25  LIOUDKOVSKI (aka Dmitri Ludkovski),  )
    YEVGENIYA LISITSA (aka Y. GINA       )
26  LISITSA), LISITSA LAW, INC., REAL    )
    PROPERTY TRUSTEE, INC., MIKE         )
27  KEMEL, and ROES 1 to 50,            )
                                         )
28              Cross-Defendants.        )
    _____  )

                                    - 1 -

PROPOUNDING PARTY:    REAL PROPERTY TRUSTEE, INC.

RESPONDING PARTY:      MICHAEL LEIZEROVITZ

SET NUMBER:                   ONE

     Cross-Defendant Real Property Trustee, Inc., hereinafter Cross-Defendant or Propounding Party or RPT, hereby requests that Cross-Complainant Michael Leizerovitz, hereinafter Cross-Complainant or Responding Party, produce on **June 30, 2020 at 10:00 a.m.** the documents and things described below for examination and copying at the offices of Beverly Law which address is 4929 Wilshire Boulevard, Suite 702, Los Angeles, California 90010. You also may comply with this request by mailing or hand-delivering copies of the requested documents and things to Cross-Defendant's counsel at the above-address, so that the documents are received on or before **June 30, 2020 at 10:00 a.m.** Any such production of documents is without prejudice to Cross-Defendant's right to inspect and copy the original of each document at a future date.

## DOCUMENTS TO BE PRODUCED

1.     The contract between MICHAEL LEIZEROVITZ and LEV INVESTMENTS, LLC.

2.     All DOCUMENTS which RELATE TO LEV INVESTMENTS, LLC (the terms "DOCUMENT" or "DOCUMENTS" shall mean and include the original and every non-identical copy of or attachment to any printed, typewritten, or handwritten matter of whatever character, including but not limited to "writings" as defined by California Evidence Code § 250, and any other tangible thing known to Responding Party in its possession, custody or control, whether printed, recorded, reproduced by any process or written or produced by hand, and whether or not claimed to be privileged or exempt from production for any reason.  Set forth in this definition is a list of examples of writings and tangible things which are included within this definition. The list is not exclusive but is intended to aid Responding Party in the identification and production of DOCUMENTS. Examples of DOCUMENTS are: correspondence, letters, memoranda, notes, charts, transcripts, minutes of meetings, inter-office and intra-office communications, reports, forecasts, estimates, requests, summaries, instructions, descriptions, analyses, statements,

recommendations, inventories, certificates, notices, return receipts, contracts, agreements, certifications, approvals, authorizations, lists, diagrams, diaries, desk calendar notations, microfilm, microfiche, photographs, magnetic tape recordings, compact disks or other digital recordings, computer disks and diskettes, teletype messages, films, computer printouts, telegrams, news releases, newspapers, periodicals, books, bulletins, circulars, pamphlets, manuals, affidavits, waivers, accounting work sheets, bills, invoices, financial statements, statements of account, ledger sheets, statistical statements, appraisals, credit files, evidences of indebtedness, checks, promissory notes, receipts, instruments, or material similar to any of the foregoing, however denominated. The terms DOCUMENT or DOCUMENTS shall not include any DOCUMENTS previously produced by Responding Party in this case; the terms "RELATE TO," "RELATES TO," and "RELATING TO" shall mean and include referring to, alluding to, responding to, pertaining to, connected with, commenting on, reviewing any aspects of, about, regarding, discussing, showing, describing, mentioning, respecting, analyzing, evidencing, constituting, concerning, memorializing, leading up to, or having any impact on).

3.     All DOCUMENTS which RELATE TO the SUBJECT PROPERTY for the last 5 years (the term the SUBJECT PROPERTY shall refer to the real property commonly known as 13854 Albers Street, Sherman Oaks, California 91401, APN 2247-013-001).

4.     All COMMUNICATIONS between MICHAEL LEIZEROVITZ and LEV INVESTMENTS, LLC (the term "COMMUNICATION" or "COMMUNICATIONS" shall mean and refer to any oral, written or electronic transmittal of information, opinion, belief, idea or statement, whether made in person, by telephone, electronic mail, fax, mail, or by any other means).

5.     All COMMUNICATIONS between MICHAEL LEIZEROVITZ and REAL PROPERTY TRUSTEE, INC.

6.     All COMMUNICATIONS between MICHAEL LEIZEROVITZ and MIKE KEMEL.

7.     All COMMUNICATIONS between MICHAEL LEIZEROVITZ, on one hand, and any other PERSON, on the other hand, RELATING TO the SUBJECT PROPERTY within the last 5 years (the term "PERSON" and "PERSONS" shall mean and include any natural person,

individual, firm, association, organization, partnership, business, trust, corporation, joint venture, governmental body, governmental agency, or other form of legal or public entity).

8.      All COMMUNICATIONS between MICHAEL LEIZEROVITZ, on one hand, and any other PERSON, on the other hand, RELATING TO REAL PROPERTY TRUSTEE, INC.

9.      All COMMUNICATIONS between MICHAEL LEIZEROVITZ, on one hand, and any other PERSON, on the other hand, RELATING TO LEV INVESTMENTS, LLC.

10.      All COMMUNICATIONS between MICHAEL LEIZEROVITZ, on one hand, and any other PERSON, on the other hand, RELATING TO the LAND (the term the LAND shall refer to the vacant land that is being developed as a luxury RV park in Coachella, California with APN 601-620-012-0).

11.      All DOCUMENTS identified in MICHAEL LEIZEROVITZ's responses to REAL PROPERTY TRUSTEE's Form Interrogatories, Set One served concurrently herewith.

12.      All DOCUMENTS RELATING TO the source of funds for the purchase of the SUBJECT PROPERTY.

13.      All DOCUMENTS that show that MICHAEL LEIZEROVITZ is entitled to foreclosure of the SUBJECT PROPERTY.

14.      ALL DOCUMENTS that show the amount due to MICHAEL LEIZEROVITZ on the loan secured with the SUBJECT PROPERTY.

15.      All DOCUMENTS that show all notices that MICHAEL LEIZEROVITZ received from any government agency that RELATE TO the SUBJECT PROPERTY from 2018 to present.

16.      All DOCUMENTS that show the fair market value of the SUBJECT PROPERTY.

17.      ALL DOCUMENTS that show the fair market value of the SUBJECT PROPERTY between 2018 and present.

18.      All DOCUMENTS between RUVIN FEYGENBERG and MICHAEL LEIZEROVITZ, including but not limited all emails, letters and text messages, RELATED TO the SUBJECT PROPERTY.

19.      All DOCUMENTS between RUVIN FEYGENBERG and MICHAEL LEIZEROVITZ, including but not limited all emails, letters and text messages, RELATED TO the LAND.

20.     All DOCUMENTS between MICHAEL LEIZEROVITZ and Prime Capital Group, Inc. RELATED TO the SUBJECT PROPERTY.

21.     All DOCUMENTS between MICHAEL LEIZEROVITZ and Prime Capital Group, Inc. RELATED TO the LAND.

22.     All DOCUMENTS showing consideration for the assignment to SENSIBLE CONSULTING AND MANAGEMENT, INC. against the SUBJECT PROPERTY.

23.     All cleared checks, cashier's checks, wire transfers, and any and all other DOCUMENTS showing consideration for the assignment to SENSIBLE CONSULTING AND MANAGEMENT, INC. against the SUBJECT PROPERTY.

24.     All DOCUMENTS showing accounting of the loan against the SUBJECT PROPERTY.

25.     All DOCUMENTS showing foreclosure process RELATED TO the SUBJECT PROPERTY.

26.     The escrow file RELATED TO the assignment to SENSIBLE CONSULTING AND MANAGEMENT, INC. against the SUBJECT PROPERTY.

27.     The title file RELATED TO the assignment to SENSIBLE CONSULTING AND MANAGEMENT, INC. against the SUBJECT PROPERTY.

28.     All Final Closing Statements RELATED TO the assignment to SENSIBLE CONSULTING AND MANAGEMENT, INC. against the SUBJECT PROPERTY.

29.     All DOCUMENTS showing all payoff statements of the loan against the SUBJECT PROPERTY.

30.     All DOCUMENTS showing damages MICHAEL LEIZEROVITZ sustained RELATED to the loan secured with the SUBJECT PROPERTY.

31.     All DOCUMENTS showing damages MICHAEL LEIZEROVITZ sustained RELATED to the LAND.

32.     All DOCUMENTS showing source of funds of the loan for the LAND.

33.     All DOCUMENTS evidencing the loan against the LAND.

34.     All DOCUMENTS showing tender to stop the foreclosure of the LAND.

35.    All DOCUMENTS showing that MICHAEL LEIZEROVITZ has money to pay off the

amount due to LEV INVESTMENTS, LLC at the time of the foreclosure of the LAND.


                                        Respectfully submitted,

Dated: May 29, 2020                     BEVERLY LAW



                                    By_____
                                        Michael Shemtoub, Esq.
                                        Attorney for Real Property Trustee, Inc.
                                        and Mike Kemel

To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of the form when finished.

Case 1:20-bk-11006-VK    Doc 55    Filed 06/26/20    Entered 06/26/20 21:50:00    Desc
Main Document    Page 403 of 439

**DISC-001**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Michael Shemtoub, Esq.    SBN 253948
BEVERLY LAW
4929 Wilshire Blvd., Suite 702
Los Angeles, CA 90010
TELEPHONE NO.: (310) 552-6921
FAX NO. *(Optional):* (323) 421-9397
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Real Property Trustee, Inc. and Mike Kemel

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
6230 Sylmar Avenue, Van Nuys, CA 91401
Northwest Judicial District, Van Nuys Courthouse East

SHORT TITLE OF CASE:
LEV INVESTMENTS v. FEYGENBERG, et al.

| FORM INTERROGATORIES—GENERAL | CASE NUMBER: |
|---|---|
| Asking Party: REAL PROPERTY TRUSTEE, INC.<br><br>Answering Party: SENSIBLE CONSULTING AND MANAGEMENT,<br>Set No.: ONE | 19VECV00878 |

## Sec. 1. Instructions to All Parties

(a) Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b) For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c) These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

## Sec. 2. Instructions to the Asking Party

(a) These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, Form *Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b) Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c) You may insert your own definition of **INCIDENT** in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d) The interrogatories in section 16.0, Defendant's Contentions—Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e) Additional interrogatories may be attached.

## Sec. 3. Instructions to the Answering Party

(a) An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b) As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c) Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d) If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e) Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f) Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g) If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h) Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____        _____
*(DATE)*                                    *(SIGNATURE)*

## Sec. 4. Definitions

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

☑ (1) **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Form Approved for Optional Use
Judicial Council of California
DISC-001 [Rev. January 1, 2008]

**FORM INTERROGATORIES—GENERAL**

Code of Civil Procedure,
§§ 2030.010-2030.410, 2033.710
*www.courtinfo.ca.gov*

**DISC-001**

(2) **INCIDENT** means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):*

**(b) YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

**(c) PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

**(d) DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

**(e) HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

**(f) ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

## CONTENTS

1.0 Identity of Persons Answering These Interrogatories
2.0 General Background Information—Individual
3.0 General Background Information—Business Entity
4.0 Insurance
5.0 *[Reserved]*
6.0 Physical, Mental, or Emotional Injuries
7.0 Property Damage
8.0 Loss of Income or Earning Capacity
9.0 Other Damages
10.0 Medical History
11.0 Other Claims and Previous Claims
12.0 Investigation—General
13.0 Investigation—Surveillance
14.0 Statutory or Regulatory Violations
15.0 Denials and Special or Affirmative Defenses
16.0 Defendant's Contentions Personal Injury
17.0 Responses to Request for Admissions
18.0 *[Reserved]*
19.0 *[Reserved]*
20.0 How the Incident Occurred—Motor Vehicle
25.0 *[Reserved]*
30.0 *[Reserved]*
40.0 *[Reserved]*
50.0 Contract
60.0 *[Reserved]*
70.0 Unlawful Detainer *[See separate form DISC-003]*
101.0 Economic Litigation *[See separate form DISC-004]*
200.0 Employment Law *[See separate form DISC-002]*
    Family Law *[See separate form FL-145]*

**1.0 Identity of Persons Answering These Interrogatories**

☑ 1.1 State the name, **ADDRESS,** telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. (*Do not identify anyone who simply typed or reproduced the responses.*)

**2.0 General Background Information—individual**

☐ 2.1 State:
(a) your name;
(b) every name you have used in the past; and
(c) the dates you used each name.

☐ 2.2 State the date and place of your birth.

☐ 2.3 At the time of the **INCIDENT,** did you have a driver's license? If so state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☐ 2.4 At the time of the **INCIDENT,** did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☐ 2.5 State:
(a) your present residence **ADDRESS;**
(b) your residence **ADDRESSES** for the past five years; and
(c) the dates you lived at each **ADDRESS.**

☐ 2.6 State:
(a) the name, **ADDRESS,** and telephone number of your present employer or place of self-employment; and

(b) the name, **ADDRESS,** dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

☐ 2.7 State:
(a) the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
(b) the dates you attended;
(c) the highest grade level you have completed; and
(d) the degrees received.

☐ 2.8 Have you ever been convicted of a felony? If so, for each conviction state:
(a) the city and state where you were convicted;
(b) the date of conviction;
(c) the offense; and
(d) the court and case number.

☐ 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

☐ 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

DISC-001

☑ 2.11 At the time of the **INCIDENT** were you acting as an agent or employee for any **PERSON?** If so, state:
(a) the name, **ADDRESS,** and telephone number of that **PERSON:** and
(b) a description of your duties.

☐ 2.12 At the time of the **INCIDENT** did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the **INCIDENT?** If so, for each person state:
(a) the name, **ADDRESS,** and telephone number;
(b) the nature of the disability or condition; and
(c) the manner in which the disability or condition contributed to the occurrence of the **INCIDENT.**

☐ 2.13 Within 24 hours before the **INCIDENT** did you or any person involved in the **INCIDENT** use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
(a) the name, **ADDRESS,** and telephone number;
(b) the nature or description of each substance;
(c) the quantity of each substance used or taken;
(d) the date and time of day when each substance was used or taken;
(e) the **ADDRESS** where each substance was used or taken;
(f) the name, **ADDRESS,** and telephone number of each person who was present when each substance was used or taken; and
(g) the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

**3.0  General Background Information—Business Entity**

☑ 3.1 Are you a corporation? If so, state:
(a) the name stated in the current articles of incorporation;
(b) all other names used by the corporation during the past 10 years and the dates each was used;
(c) the date and place of incorporation;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

☑ 3.2 Are you a partnership? If so, state:
(a) the current partnership name;
(b) all other names used by the partnership during the past 10 years and the dates each was used;
(c) whether you are a limited partnership and, if so, under the laws of what jurisdiction;
(d) the name and **ADDRESS** of each general partner; and
(e) the **ADDRESS** of the principal place of business.

☑ 3.3 Are you a limited liability company? If so, state:
(a) the name stated in the current articles of organization;
(b) all other names used by the company during the past 10 years and the date each was used;
(c) the date and place of filing of the articles of organization;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

☑ 3.4 Are you a joint venture? If so, state:
(a) the current joint venture name;
(b) all other names used by the joint venture during the past 10 years and the dates each was used;
(c) the name and **ADDRESS** of each joint venturer; and
(d) the **ADDRESS** of the principal place of business.

☑ 3.5 Are you an unincorporated association?
If so, state:
(a) the current unincorporated association name;
(b) all other names used by the unincorporated association during the past 10 years and the dates each was used; and
(c) the **ADDRESS** of the principal place of business.

☑ 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
(a) the name;
(b) the dates each was used;
(c) the state and county of each fictitious name filing; and
(d) the **ADDRESS** of the principal place of business.

☑ 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
(a) identify the license or registration;
(b) state the name of the public entity; and
(c) state the dates of issuance and expiration.

**4.0  Insurance**

☑ 4.1 At the time of the **INCIDENT,** was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, for each policy state:
(a) the kind of coverage;
(b) the name and **ADDRESS** of the insurance company;
(c) the name, **ADDRESS,** and telephone number of each named insured;
(d) the policy number;
(e) the limits of coverage for each type of coverage contained in the policy;
(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
(g) the name, **ADDRESS,** and telephone number of the custodian of the policy.

☑ 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, specify the statute.

**5.0**  *[Reserved]*

**6.0  Physical, Mental, or Emotional Injuries**

☐ 6.1 Do you attribute any physical, mental, or emotional injuries to the **INCIDENT?** *(If your answer is "no," do not answer interrogatories 6.2 through 6.7).*

☐ 6.2 Identify each injury you attribute to the **INCIDENT** and the area of your body affected.

DISC-001

6.3   Do you still have any complaints that you attribute to the **INCIDENT?** If so, for each complaint state:
(a)  a description;
(b)  whether the complaint is subsiding, remaining the same, or becoming worse; and
(c)  the frequency and duration.

6.4   Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT?** If so, for each **HEALTH CARE PROVIDER** state:
(a)  the name, **ADDRESS,** and telephone number;
(b)  the type of consultation, examination, or treatment provided;
(c)  the dates you received consultation, examination, or treatment; and
(d)  the charges to date.

6.5   Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **INCIDENT?** If so, for each medication state:
(a)  the name;
(b)  the **PERSON** who prescribed or furnished it;
(c)  the date it was prescribed or furnished;
(d)  the dates you began and stopped taking it; and
(e)  the cost to date.

6.6   Are there any other medical services necessitated by the injuries that you attribute to the **INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a)  the nature;
(b)  the date;
(c)  the cost; and
(d)  the name, **ADDRESS,** and telephone number of each provider.

6.7   Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT?** If so, for each injury state:
(a)  the name and **ADDRESS** of each **HEALTH CARE PROVIDER;**
(b)  the complaints for which the treatment was advised; and
(c)  the nature, duration, and estimated cost of the treatment.

**7.0  Property Damage**

☑ 7.1   Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT**?  If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;

(c)  state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d)  if the property was sold, state the name, **ADDRESS,** and telephone number of the seller, the date of sale,  and the sale price.

☑ 7.2   Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a)  the name, **ADDRESS,** and telephone number of the **PERSON** who prepared it and the date prepared;
(b)  the name, **ADDRESS,** and telephone number of each **PERSON** who has a copy of it; and
(c)  the amount of damage stated.

☑ 7.3   Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:
(a)  the date repaired;
(b)  a description of the repair;
(c)  the repair cost;
(d)  the name, **ADDRESS,** and telephone number of the **PERSON** who repaired it;
(e)  the name, **ADDRESS,** and telephone number of the **PERSON** who paid for the repair.

**8.0  Loss of Income or Earning Capacity**

☑ 8.1   Do you attribute any loss of income or earning capacity to the **INCIDENT?**  *(If your answer is  "no," do not answer interrogatories 8.2 through 8.8).*

☑ 8.2   State:
(a)  the nature of your work;
(b)  your job title at the time of the **INCIDENT;** and
(c)  the date your employment began.

☑ 8.3   State the last date before the **INCIDENT** that you worked for compensation.

☑ 8.4   State your monthly income at the time of the **INCIDENT** and how the amount was calculated.

☑ 8.5   State the date you returned to work at each place of employment following the **INCIDENT.**

☑ 8.6   State the dates you did not work and for which you lost income as a result of the **INCIDENT.**

☑ 8.7   State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

☑ 8.8   Will you lose income in the future as a result of the **INCIDENT?** If so, state:
(a)  the facts upon which you base this contention;
(b)  an estimate of the amount;
(c)  an estimate of how long you will be unable  to work;  and
(d)  how the claim for future income is calculated.

**DISC-001**

## 9.0 Other Damages

☑ 9.1  Are there any other damages that you attribute to the **INCIDENT?** If so, for each item of damage state:
(a)  the nature;
(b)  the date it occurred;
(c)  the amount; and
(d)  the name, **ADDRESS,** and telephone number of each **PERSON** to whom an obligation was incurred.

☑ 9.2  Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

## 10.0 Medical History

☐ 10.1  At any time before the **INCIDENT** did you have complaints or injuries that involved the same part of your body claimed to have been injured in the **INCIDENT?** If so, for each state:

(a)  a description of the complaint or injury;
(b)  the dates it began and ended; and
(c)  the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** whom you consulted or who examined or treated you.

☐ 10.2  List all physical, mental, and emotional disabilities you had immediately before the **INCIDENT.** *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)*

☐ 10.3  At any time after the **INCIDENT,** did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:

(a)  the date and the place it occurred;
(b)  the name, **ADDRESS,** and telephone number of any other **PERSON** involved;
(c)  the nature of any injuries you sustained;
(d)  the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** who you consulted or who examined or treated you; and
(e)  the nature of the treatment and its duration.

## 11.0 Other Claims and Previous Claims

☐ 11.1  Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:

(a)  the date, time, and place and location (closest street **ADDRESS** or intersection) of the **INCIDENT** giving rise to the action, claim, or demand;
(b)  the name, **ADDRESS,** and telephone number of each **PERSON** against whom the claim or demand was made or the action filed;

(c)  the court, names of the parties, and case number of any action filed;
(d)  the name, **ADDRESS,** and telephone number of any attorney representing you;
(e)  whether the claim or action has been resolved or is pending; and
(f)  a description of the injury.

☐ 11.2  In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:
(a)  the date, time, and place of the **INCIDENT** giving rise to the claim;
(b)  the name, **ADDRESS,** and telephone number of your employer at the time of the injury;
(c)  the name, **ADDRESS,** and telephone number of the workers' compensation insurer and the claim number;
(d)  the period of time during which you received workers' compensation benefits;
(e)  a description of the injury;
(f)  the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who provided services; and
(g)  the case number at the Workers' Compensation Appeals Board.

## 12.0 Investigation—General

☑ 12.1  State the name, **ADDRESS,** and telephone number of each individual:
(a)  who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT;**
(b)  who made any statement at the scene of the **INCIDENT;**
(c)  who heard any statements made about the **INCIDENT** by any individual at the scene; and
(d)  who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure section 2034).

☑ 12.2  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **INCIDENT?** If so, for each individual state:
(a)  the name, **ADDRESS,** and telephone number of the individual interviewed;
(b)  the date of the interview; and
(c)  the name, **ADDRESS,** and telephone number of the **PERSON** who conducted the interview.

☑ 12.3  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **INCIDENT?** If so, for each statement state:
(a)  the name, **ADDRESS,** and telephone number of the individual from whom the statement was obtained;
(b)  the name, **ADDRESS,** and telephone number of the individual who obtained the statement;
(c)  the date the statement was obtained; and
(d)  the name, **ADDRESS,** and telephone number of each **PERSON** who has the original statement or a copy.

**DISC-001**

☑ 12.4 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

(a) the number of photographs or feet of film or videotape;

(b) the places, objects, or persons photographed, filmed, or videotaped;

(c) the date the photographs, films, or videotapes were taken;

(d) the name, **ADDRESS,** and telephone number of the individual taking the photographs, films, or videotapes; and

(e) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

☑ 12.5 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) concerning the **INCIDENT?** If so, for each item state:

(a) the type (i.e., diagram, reproduction, or model);

(b) the subject matter; and

(c) the name, **ADDRESS,** and telephone number of each **PERSON** who has it.

☑ 12.6 Was a report made by any **PERSON** concerning the **INCIDENT?** If so, state:

(a) the name, title, identification number, and employer of the **PERSON** who made the report;

(b) the date and type of report made;

(c) the name, **ADDRESS,** and telephone number of the **PERSON** for whom the report was made; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the report.

☑ 12.7 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT?** If so, for each inspection state:

(a) the name, **ADDRESS,** and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and

(b) the date of the inspection.

## 13.0 Investigation—Surveillance

☑ 13.1 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance state:

(a) the name, **ADDRESS,** and telephone number of the individual or party;

(b) the time, date, and place of the surveillance;

(c) the name, **ADDRESS,** and telephone number of the individual who conducted the surveillance; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

☐ 13.2 Has a written report been prepared on the surveillance? If so, for each written report state:

(a) the title;

(b) the date;

(c) the name, **ADDRESS,** and telephone number of the individual who prepared the report; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy.

## 14.0 Statutory or Regulatory Violations

☑ 14.1 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT?** If so, identify the name, **ADDRESS,** and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

☑ 14.2 Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT?** If so, for each **PERSON** state:

(a) the name, **ADDRESS,** and telephone number of the **PERSON;**

(b) the statute, ordinance, or regulation allegedly violated;

(c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and

(d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

## 15.0 Denials and Special or Affirmative Defenses

☑ 15.1 Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:

(a) state all facts upon which you base the denial or special or affirmative defense;

(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

## 16.0 Defendant's Contentions—Personal Injury

☐ 16.1 Do you contend that any **PERSON,** other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON:**

(a) state the name, **ADDRESS,** and telephone number of the **PERSON;**

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.2 Do you contend that plaintiff was not injured in the **INCIDENT?** If so:

(a) state all facts upon which you base your contention;

(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

DISC-001

**16.3**  Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the **INCIDENT**? If so, for each injury:

(a)  identify it;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.4**  Do you contend that any of the services furnished by any **HEALTH CARE PROVIDER** claimed by plaintiff in discovery proceedings thus far in this case were not due to the **INCIDENT**? If so:

(a)  identify each service;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.5**  Do you contend that any of the costs of services furnished by any **HEALTH CARE PROVIDER** claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:

(a)  identify each cost;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.6**  Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the **INCIDENT**? If so:

(a)  identify each part of the loss;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.7**  Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the **INCIDENT**? If so:

(a)  identify each item of property damage;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.8**  Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:

(a)  identify each cost item;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.9**  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the **INCIDENT** by a plaintiff in this case? If so, for each plaintiff state:

(a)  the source of each **DOCUMENT;**
(b)  the date each claim arose;
(c)  the nature of each claim; and
(d)  the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**16.10**  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a **HEALTH CARE PROVIDER** not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)? If so, for each plaintiff state:

(a)  the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER;**
(b)  a description of each **DOCUMENT**; and
(c)  the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**17.0 Responses to Request for Admissions**

☑ **17.1**  Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a)  state the number of the request;
(b)  state all facts upon which you base your response;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**18.0**  *[Reserved]*

**19.0**  *[Reserved]*

**20.0 How the Incident Occurred—Motor Vehicle**

☑ **20.1**  State the date, time, and place of the **INCIDENT** (closest street **ADDRESS** or intersection).

☐ **20.2**  For each vehicle involved in the **INCIDENT,** state:

(a)  the year, make, model, and license number;
(b)  the name, ADDRESS, and telephone number of the driver;

**DISC-001**

(c) the name, **ADDRESS**, and telephone number of each occupant other than the driver;

(d) the name, **ADDRESS**, and telephone number of each registered owner;

(e) the name, **ADDRESS**, and telephone number of each lessee;

(f) the name, **ADDRESS**, and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

☐ 20.3 State the **ADDRESS** and location where your trip began and the **ADDRESS** and location of your destination.

☐ 20.4 Describe the route that you followed from the beginning of your trip to the location of the **INCIDENT**, and state the location of each stop, other than routine traffic stops, during the trip leading up to the **INCIDENT**.

☐ 20.5 State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the **INCIDENT** for the 500 feet of travel before the **INCIDENT**.

☐ 20.6 Did the **INCIDENT** occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

☐ 20.7 Was there a traffic signal facing you at the time of the **INCIDENT**? If so, state:
(a) your location when you first saw it;
(b) the color;
(c) the number of seconds it had been that color; and
(d) whether the color changed between the time you first saw it and the **INCIDENT**.

☐ 20.8 State how the **INCIDENT** occurred, giving the speed, direction, and location of each vehicle involved:
(a) just before the **INCIDENT**;
(b) at the time of the **INCIDENT**; and (c) just after the **INCIDENT**.

☐ 20.9 Do you have information that a malfunction or defect in a vehicle caused the **INCIDENT**? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS**, and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and
(d) state the name, **ADDRESS**, and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the **INCIDENT**? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS**, and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS**, and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.11 State the name, **ADDRESS**, and telephone number of each owner and each **PERSON** who has had possession since the **INCIDENT** of each vehicle involved in the **INCIDENT**.

**25.0** *[Reserved]*

**30.0** *[Reserved]*

**40.0** *[Reserved]*

**50.0 Contract**

☑ 50.1 For each agreement alleged in the pleadings:
(a) identify each **DOCUMENT** that is part of the agreement and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(b) state each part of the agreement not in writing, the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;
(c) identify all **DOCUMENTS** that evidence any part of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(d) identify all **DOCUMENTS** that are part of any modification to the agreement, and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(e) state each modification not in writing, the date, and the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to the modification, and the date the modification was made;
(f) identify all **DOCUMENTS** that evidence any modification of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**.

☑ 50.2 Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

☑ 50.3 Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

☑ 50.4 Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

☑ 50.5 Is any agreement alleged in the pleadings unenforceable? If so, identify each unenforceable agreement and state why it is unenforceable.

☑ 50.6 Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**60.0** *[Reserved]*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Save This Form    Print This Form    Clear This Form

DISC-020

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

Michael Shemtoub, Esq.   SBN 253948
BEVERLY LAW
4929 Wilshire Blvd., Suite 702, Los Angeles, CA 90010
TELEPHONE NO.: (310) 552-6921      FAX NO. *(Optional)*: (323) 421-9397
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Real Property Trustee, Inc. and Mike Kemel

To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of the form when finished.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 6230 Sylmar Avenue
MAILING ADDRESS: 6230 Sylmar Avenue
CITY AND ZIP CODE: Van Nuys 91401
BRANCH NAME: Northwest Judicial District, Van Nuys Courthouse East

SHORT TITLE:
LEV INVESTMENTS v. FEYGENBERG, et al.

| REQUESTS FOR ADMISSION | CASE NUMBER: |
|---|---|
| [✔] **Truth of Facts**    [ ] **Genuineness of Documents** | 19VECV00878 |

Requesting Party: REAL PROPERTY TRUSTEE, INC.
Answering Party: SENSIBLE CONSULTING AND MANAGEMENT, I
Set No.: ONE

## INSTRUCTIONS

Requests for admission are written requests by a party to an action requiring that any other party to the action either admit or deny, under oath, the truth of certain facts or the genuineness of certain documents. For information on timing, the number of admissions a party may request from any other party, service of requests and responses, restrictions on the style, format, and scope of requests for admission and responses to requests, and other details, see Code of Civil Procedure sections 94–95, 1013, and 2033.010–2033.420 and the case law relating to those sections.

An answering party should consider carefully whether to admit or deny the truth of facts or the genuineness of documents. With limited exceptions, an answering party will not be allowed to change an answer to a request for admission. There may be penalties if an answering party fails to admit the truth of any fact or the genuineness of any document when requested to do so and the requesting party later proves that the fact is true or that the document is genuine. These penalties may include, among other things, payment of the requesting party's attorney's fees incurred in making that proof.

Unless there is an agreement or a court order providing otherwise, the answering party must respond in writing to requests for admission within 30 days after they are served, or within 5 days after service in an unlawful detainer action. There may be significant penalties if an answering party fails to provide a timely written response to each request for admission. These penalties may include, among other things, an order that the facts in issue are deemed true or that the documents in issue are deemed genuine for purposes of the case.

Answers to *Requests for Admission* must be given under oath. The answering party should use the following language at the end of the responses:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____          _____
*(DATE)*                                              *(SIGNATURE)*

These instructions are only a summary and are not intended to provide complete information about requests for admission. This *Requests for Admission* form does not change existing law relating to requests for admissions, nor does it affect an answering party's right to assert any privilege or to make any objection.

## REQUESTS FOR ADMISSION

You are requested to admit within 30 days after service, or within 5 days after service in an unlawful detainer action, of this *Requests for Admission* that:

1. [✔]  Each of the following facts is true *(if more than one, number each fact consecutively)*:

   [✔] Continued on Attachment 1

2. [ ]  The original of each of the following documents, copies of which are attached, is genuine *(if more than one, number each document consecutively)*:

   [ ] Continued on Attachment 2

Michael Shemtoub, Esq.                                ▶       *(signature)*
_____                          _____
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
DISC-020 [Rev. January 1, 2008]

**REQUESTS FOR ADMISSION**

Code of Civil Procedure,
§§ 94–95, 2033.010–2033.420, 2033.710

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Save This Form      Print This Form      Clear This Form

## REQUESTS FOR ADMISSION, SET ONE

## ATTACHMENT 1

1.      Admit that SENSIBLE CONSULTING AND MANAGEMENT, INC. and LEV INVESTMENTS, LLC were partners in the purchase of the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001.

2.      Admit that RPT was not a partner with SENSIBLE CONSULTING AND MANAGEMENT, INC. in the purchase of the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001 (the term RPT shall refer to Cross-Defendant Real Property Trustee, Inc.).

3.      Admit that SENSIBLE CONSULTING AND MANAGEMENT, INC. purchased the NOTE on or about December 31, 2018 (the term the NOTE shall refer to the defaulted Promissory Note secured by a first position Deed of Trust for the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001).

4.      Admit that SENSIBLE CONSULTING AND MANAGEMENT, INC. paid $2,039,127.95 to The Evergreen Advantage, LLC for the NOTE.

5.      Admit that SENSIBLE CONSULTING AND MANAGEMENT, INC., after foreclosure of the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001, became the first position lien holder against the REAL PROPERTY COMMONLY KNOWN AS 13854 ALBERS STREET, SHERMAN OAKS, CALIFORNIA 91401, APN 2247-013-001.

6.      Admit that SENSIBLE CONSULTING AND MANAGEMENT, INC. knew that LEV INVESTMENTS, LLC borrowed purchase money to purchase the NOTE.

7.      Admit that RUVIN FEYGENBERG owes the JUDGMENT (the term the JUDGMENT refers to the Judgment evidenced by the Abstract of Judgment recorded as instrument number 20130597959 in the Office Records of the County of Los Angeles, on April 22, 2013).

8.      Admit that RUVIN FEYGENBERG failed to pay the JUDGMENT.

- 1 -

RPT's RFAs, SET ONE TO SENSIBLE CONSULTING AND MANAGEMENT, INC.

9.      Admit that RUVIN FEYGENBERG failed to disclose the JUDGMENT to LEV INVESTMENTS, LLC.

10.     Admit that RUVIN FEYGENBERG failed to inform LEV INVESTMENTS, LLC of the JUDGMENT.

11.     Admit that SENSIBLE CONSULTING AND MANAGEMENT, INC. does not have any claim against RPT.

12.     Admit that SENSIBLE CONSULTING AND MANAGEMENT, INC. does not make any allegations against RPT.

13.     Admit that SENSIBLE CONSULTING AND MANAGEMENT, INC. does not have any causes of action against RPT.

14.     Admit that SENSIBLE CONSULTING AND MANAGEMENT, INC. does not have any pending litigation against RPT.

15.     Admit that SENSIBLE CONSULTING AND MANAGEMENT, INC. did not suffer any special damages as a result of any act of RPT.

16.     Admit that SENSIBLE CONSULTING AND MANAGEMENT, INC. did not suffer any special damages as a result of any omission of RPT.

17.     Admit that SENSIBLE CONSULTING AND MANAGEMENT, INC. did not suffer any general damages as a result of any act of RPT.

18.     Admit that SENSIBLE CONSULTING AND MANAGEMENT, INC. did not suffer any general damages as a result of any omission of RPT.

19.     Admit that SENSIBLE CONSULTING AND MANAGEMENT, INC. does not have any evidence that it suffered any special damages as a result of any act of RPT.

20.     Admit that SENSIBLE CONSULTING AND MANAGEMENT, INC. does not have any evidence that it suffered any special damages as a result of any omission of RPT.

21.     Admit that SENSIBLE CONSULTING AND MANAGEMENT, INC. does not have any evidence that it suffered any general damages as a result of any act of RPT.

22.     Admit that SENSIBLE CONSULTING AND MANAGEMENT, INC. does not have any evidence that it suffered any general damages as a result of any omission of RPT.

RPT's RFAs, SET ONE TO SENSIBLE CONSULTING AND MANAGEMENT, INC.

23.    Admit that RPT did not breach any fiduciary duty to SENSIBLE CONSULTING AND

MANAGEMENT, INC..

24.    Admit that RPT did not breach any contract to SENSIBLE CONSULTING AND

MANAGEMENT, INC..

25.    Admit that RPT did not conceal any act against SENSIBLE CONSULTING AND

MANAGEMENT, INC..

26.    Admit that SENSIBLE CONSULTING AND MANAGEMENT, INC. has no claim

against RPT in relation to the allegations of wrongful foreclosure of the LAND (the term the

LAND shall refer to the vacant land that is being developed as a luxury RV park in Coachella,

California with APN 601-620-012-0).

27.    Admit that SENSIBLE CONSULTING AND MANAGEMENT, INC. holds no title to

the LAND.

28.    Admit that SENSIBLE CONSULTING AND MANAGEMENT, INC. holds to liens

against the LAND.

29.    Admit that RPT has no right or duty to cancel any instrument recorded against the

LAND.

30.    Admit that RPT did not wrongfully foreclose on the LAND.

1  Michael Shemtoub, Esq.   SBN 253948
2  BEVERLY LAW
   4929 Wilshire Boulevard, Suite 702
3  Los Angeles, California 90010
   Telephone:    (310) 552-6921
4  Facsimile:    (323) 421-9397
5
   Attorney for Real Property Trustee, Inc.
6  and Mike Kemel
7
8               SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                   FOR THE COUNTY OF LOS ANGELES
10                  NORTHWEST JUDICIAL DISTRICT
11
   LEV INVESTMENTS, LLC,                  )  Case No.: 19VECV00878
12                                        )
              Plaintiff,                   )  REQUESTS FOR PRODUCTION OF
13                                        )  DOCUMENTS, SET ONE
                                          )
14       vs.                              )
                                          )  Place:       Dept. U
15 RUVIN FEYGENBERG; MICHAEL              )  Judge:       Theresa M. Traber
   LEIZEROVITZ; SENSIBLE CONSULTING       )
16 AND MANAGEMENT, INC.; MING ZHU,        )
   LLC; and DOES 1 through 100, inclusive,)  Complaint Filed:    June 20, 2019
17                                        )  Trial Date:         Not set
                                          )
18            Defendants.                  )
                                          )
19 _____   )
   RUVIN FEYGENBERG; MICHAEL              )
20 LEIZEROVITZ; SENSIBLE CONSULTING       )
   AND MANAGEMENT, INC.                   )
21                                        )
                                          )
22            Cross-Complainants,          )
                                          )
23       vs.                              )
                                          )
24 LEV INVESTMENTS, LLC, DMITRI           )
   LIOUDKOVSKI (aka Dmitri Ludkovski),    )
25 YEVGENIYA LISITSA (aka Y. GINA         )
   LISITSA), LISITSA LAW, INC., REAL      )
26 PROPERTY TRUSTEE, INC., MIKE           )
   KEMEL, and ROES 1 to 50,               )
27                                        )
                                          )
28            Cross-Defendants.            )
   _____   )

                              - 1 -
   RPT'S RFPDs, SET ONE TO SENSIBLE CONSULTING AND MANAGEMENT, INC.

PROPOUNDING PARTY:    REAL PROPERTY TRUSTEE, INC.

RESPONDING PARTY:     SENSIBLE CONSULTING AND MANAGEMENT, INC.

SET NUMBER:           ONE

      Cross-Defendant Real Property Trustee, Inc., hereinafter Cross-Defendant or Propounding Party or RPT, hereby requests that Cross-Complainant SENSIBLE CONSULTING AND MANAGEMENT, INC., hereinafter Cross-Complainant or Responding Party, produce on **June 30, 2020 at 10:00 a.m.** the documents and things described below for examination and copying at the offices of Beverly Law which address is 4929 Wilshire Boulevard, Suite 702, Los Angeles, California 90010. You also may comply with this request by mailing or hand-delivering copies of the requested documents and things to Cross-Defendant's counsel at the above-address, so that the documents are received on or before **June 30, 2020 at 10:00 a.m.** Any such production of documents is without prejudice to Cross-Defendant's right to inspect and copy the original of each document at a future date.

## DOCUMENTS TO BE PRODUCED

1.    The contract between SENSIBLE CONSULTING AND MANAGEMENT, INC. and LEV INVESTMENTS, LLC.

2.    All DOCUMENTS which RELATE TO LEV INVESTMENTS, LLC (the terms "DOCUMENT" or "DOCUMENTS" shall mean and include the original and every non-identical copy of or attachment to any printed, typewritten, or handwritten matter of whatever character, including but not limited to "writings" as defined by California Evidence Code § 250, and any other tangible thing known to Responding Party in its possession, custody or control, whether printed, recorded, reproduced by any process or written or produced by hand, and whether or not claimed to be privileged or exempt from production for any reason. Set forth in this definition is a list of examples of writings and tangible things which are included within this definition. The list is not exclusive but is intended to aid Responding Party in the identification and production of DOCUMENTS. Examples of DOCUMENTS are: correspondence, letters, memoranda, notes, charts, transcripts, minutes of meetings, inter-office and intra-office communications, reports,

forecasts, estimates, requests, summaries, instructions, descriptions, analyses, statements, recommendations, inventories, certificates, notices, return receipts, contracts, agreements, certifications, approvals, authorizations, lists, diagrams, diaries, desk calendar notations, microfilm, microfiche, photographs, magnetic tape recordings, compact disks or other digital recordings, computer disks and diskettes, teletype messages, films, computer printouts, telegrams, news releases, newspapers, periodicals, books, bulletins, circulars, pamphlets, manuals, affidavits, waivers, accounting work sheets, bills, invoices, financial statements, statements of account, ledger sheets, statistical statements, appraisals, credit files, evidences of indebtedness, checks, promissory notes, receipts, instruments, or material similar to any of the foregoing, however denominated. The terms DOCUMENT or DOCUMENTS shall not include any DOCUMENTS previously produced by Responding Party in this case; the terms "RELATE TO," "RELATES TO," and "RELATING TO" shall mean and include referring to, alluding to, responding to, pertaining to, connected with, commenting on, reviewing any aspects of, about, regarding, discussing, showing, describing, mentioning, respecting, analyzing, evidencing, constituting, concerning, memorializing, leading up to, or having any impact on).

3.      All DOCUMENTS which RELATE TO the SUBJECT PROPERTY for the last 5 years (the term the SUBJECT PROPERTY shall refer to the real property commonly known as 13854 Albers Street, Sherman Oaks, California 91401, APN 2247-013-001).

4.      All COMMUNICATIONS between SENSIBLE CONSULTING AND MANAGEMENT, INC. and LEV INVESTMENTS, LLC (the term "COMMUNICATION" or "COMMUNICATIONS" shall mean and refer to any oral, written or electronic transmittal of information, opinion, belief, idea or statement, whether made in person, by telephone, electronic mail, fax, mail, or by any other means).

5.      All COMMUNICATIONS between SENSIBLE CONSULTING AND MANAGEMENT, INC. and REAL PROPERTY TRUSTEE, INC.

6.      All COMMUNICATIONS between SENSIBLE CONSULTING AND MANAGEMENT, INC. and MIKE KEMEL.

7.      All COMMUNICATIONS between SENSIBLE CONSULTING AND MANAGEMENT, INC., on one hand, and any other PERSON, on the other hand, RELATING TO the SUBJECT PROPERTY within the last 5 years (the term "PERSON" and "PERSONS" shall mean and include any natural person, individual, firm, association, organization, partnership, business, trust, corporation, joint venture, governmental body, governmental agency, or other form of legal or public entity).

8.      All COMMUNICATIONS between SENSIBLE CONSULTING AND MANAGEMENT, INC., on one hand, and any other PERSON, on the other hand, RELATING TO REAL PROPERTY TRUSTEE, INC.

9.      All COMMUNICATIONS between SENSIBLE CONSULTING AND MANAGEMENT, INC., on one hand, and any other PERSON, on the other hand, RELATING TO LEV INVESTMENTS, LLC.

10.      All COMMUNICATIONS between SENSIBLE CONSULTING AND MANAGEMENT, INC., on one hand, and any other PERSON, on the other hand, RELATING TO the LAND (the term the LAND shall refer to the vacant land that is being developed as a luxury RV park in Coachella, California with APN 601-620-012-0).

11.      All DOCUMENTS identified in SENSIBLE CONSULTING AND MANAGEMENT, INC.'s responses to REAL PROPERTY TRUSTEE's Form Interrogatories, Set One served concurrently herewith.

12.      All DOCUMENTS RELATING TO the source of funds for the purchase of the SUBJECT PROPERTY.

13.      All DOCUMENTS that show that SENSIBLE CONSULTING AND MANAGEMENT, INC. is entitled to foreclosure of the SUBJECT PROPERTY.

14.      ALL DOCUMENTS that show the amount due to SENSIBLE CONSULTING AND MANAGEMENT, INC. on the loan secured with the SUBJECT PROPERTY.

15.      All DOCUMENTS that show all notices that SENSIBLE CONSULTING AND MANAGEMENT, INC. received from any government agency that RELATE TO the SUBJECT PROPERTY from 2018 to present.

16.     All DOCUMENTS that show the fair market value of the SUBJECT PROPERTY.

17.     ALL DOCUMENTS that show the fair market value of the SUBJECT PROPERTY between 2018 and present.

18.     All DOCUMENTS between RUVIN FEYGENBERG and SENSIBLE CONSULTING AND MANAGEMENT, INC., including but not limited all emails, letters and text messages, RELATED TO the SUBJECT PROPERTY.

19.     All DOCUMENTS between RUVIN FEYGENBERG and SENSIBLE CONSULTING AND MANAGEMENT, INC., including but not limited all emails, letters and text messages, RELATED TO the LAND.

20.     All DOCUMENTS between SENSIBLE CONSULTING AND MANAGEMENT, INC. and Prime Capital Group, Inc. RELATED TO the SUBJECT PROPERTY.

21.     All DOCUMENTS between SENSIBLE CONSULTING AND MANAGEMENT, INC. and Prime Capital Group, Inc. RELATED TO the LAND.

22.     All DOCUMENTS showing consideration for the assignment to SENSIBLE CONSULTING AND MANAGEMENT, INC. against the SUBJECT PROPERTY.

23.     All cleared checks, cashier's checks, wire transfers, and any and all other DOCUMENTS showing consideration for the assignment to SENSIBLE CONSULTING AND MANAGEMENT, INC. against the SUBJECT PROPERTY.

24.     All DOCUMENTS showing accounting of the loan against the SUBJECT PROPERTY.

25.     All DOCUMENTS showing foreclosure process RELATED TO the SUBJECT PROPERTY.

26.     The escrow file RELATED TO the assignment to SENSIBLE CONSULTING AND MANAGEMENT, INC. against the SUBJECT PROPERTY.

27.     The title file RELATED TO the assignment to SENSIBLE CONSULTING AND MANAGEMENT, INC. against the SUBJECT PROPERTY.

28.     All Final Closing Statements RELATED TO the assignment to SENSIBLE CONSULTING AND MANAGEMENT, INC. against the SUBJECT PROPERTY.

29.     All DOCUMENTS showing any and all payoff statements of the loan against the SUBJECT PROPERTY.

30.     All DOCUMENTS showing damages SENSIBLE CONSULTING AND MANAGEMENT, INC. sustained RELATED to the loan secured with the SUBJECT PROPERTY.

31.     All DOCUMENTS showing damages SENSIBLE CONSULTING AND MANAGEMENT, INC. sustained RELATED to the LAND.

                                            Respectfully submitted,

Dated: May 29, 2020                         BEVERLY LAW


                                    By_____
                                            Michael Shemtoub, Esq.
                                            Attorney for Real Property Trustee, Inc.
                                            and Mike Kemel

# EXHIBIT "E"



**BEVERLY LAW FIRM**

LAW GROUP

**John Gerard Burgee**                                          June 6,
**Attorney at Law**                                                2020
**Burgee & Abramoff**
**20501 Ventura Blvd Ste 262**
**Woodland Hills, CA 91364**
**(818) 264-7575**
**(818) 264-7576(Fax)**

*Sent by Facsimile and US Mail and ESP Provided Service*

*RE: Depositions for Michael Leizerovitz, Ruvin Feygenberg, and Sensible Consulting and Management Inc. for Monday, June 1, 2020, starting at 8:30 AM at 2601 Main St #330, Irvine, CA 92614--- **discovery delivered to Burgee & Abramoff on May 29, 2020; Failure to appear at Depositions of June 1, 2020.***

**BEVERLY LAW**
http://www.kingofpersonalinjurylaw.com/

4929 Wilshire Blvd
Suite 702
Los Angeles, CA  90010

Phone:      310-552-6929
Facsimile:  206-309-0945

Dear Mr. Burgee,

I have called you on countless occasions since 9:15 a.m. on June 1, 2020, when your Clients and you failed to appear for their respective depositions (Ruvin Feygenberg (8:30 a.m.) Michael Leizerovitz (11:00 a.m.) and Sensible Consulting and Management, Inc. (3:00 p.m.)). My last phone call to you on June 1, 2020, was at 3:15 p.m. when Sensible Consulting and Management, Inc. did not appear for its deposition).

I phoned you again on June 2, 2020 at 10:30 AM attempting to meet and confer so I may learn the basis for the nonappearance on June 1, 2020, and my phone call was left unanswered and unresponded to.

I phoned you again on June 3, 2020 at 8:45 AM attempting to meet and confer so I may learn the basis for the nonappearance on June 1, 2020, and my phone call was left unanswered and unresponded to.

I phoned you again on June 4 2020 at 2:15 PM attempting to meet and confer so I may learn the basis for the nonappearance on June 1, 2020, and my phone call was left unanswered and unresponded to.

I phoned you again on June 5, 2020 at 1:00 PM attempting to meet and confer so I may learn the basis for the nonappearance on June 1, 2020, and my phone call was left unanswered and unresponded to.

This is my last and final attempt to discover the basis for the non-appearance (Code Civ. Proc. §2025.450(b)(2)). *Leko v. Cornerstone Building Inspection Service* (2001) 86 Cal.App.4th 1109, 1124, 103 Cal.Rptr.2d 858, 869.

If I do not receive a objectively reasonable reason for the failures to appear at the depositions which cost my client in the thousands to arrange and prepare for, along with proposed dates and the next 7 days for the depositions to occur, then I will file Motions to Compel the Depositions of all your Clients and also seek sanctions against you and your Clients, jointly and severally.

The reckless attitude you display by your conduct in the litigation you initiate is appalling.  I am advising you that I will not tolerate flagrant disregard of legal obligations you and your Clients are all under.


Respectfully,


Michael Shemtoub, Esq.

# EXHIBIT "F"

1    action to trial is extended by six months for a total time of five years and six
2    months.

4    **(b)**    **Extension of three years in which to bring a new trial**

6    Notwithstanding any other law, including Code of Civil Procedure section 583.320,
7    for all civil actions filed on or before April 6, 2020, if a new trial is granted in the
8    action, the three years provided in section 583.320 in which the action must again
9    be brought to trial is extended by six months for a total time of three years and six
10   months. Nothing in this subdivision requires that an action must again be brought
11   to trial before expiration of the time prescribed in (a).

14   **Emergency rule 11. Depositions through remote electronic means**

16   **(a)**    **Deponents appearing remotely**

18   Notwithstanding any other law, including Code of Civil Procedure section
19   2025.310(a) and (b), and rule 3.1010(c) and (d), a party or nonparty deponent, at
20   their election or the election of the deposing party, is not required to be present
21   with the deposition officer at the time of the deposition.

23   **(b)**    **Sunset of rule**

25   This rule will remain in effect until 90 days after the Governor declares that the
26   state of emergency related to the COVID-19 pandemic is lifted, or until amended or
27   repealed by the Judicial Council.

30   **Emergency rule 12. Electronic service**

32   **(a)**    **Application**

34    (1)    Notwithstanding any other law, including Code of Civil Procedure section
35          1010.6, Probate Code section 1215, and rule 2.251, this rule applies in all
36          general civil cases and proceedings under the Family and Probate Codes,
37          unless a court orders otherwise.

39    (2)    Notwithstanding (1), the rule does not apply in cases where parties are
40          already required by court order or local rule to provide or accept notices and
41          documents by electronic service, and is not intended to prohibit electronic
42          service in cases not addressed by this rule.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Northwest District, Van Nuys Courthouse East, Department U

**19VECV00878**                                                                June 15, 2020
**LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.**                            3:15 PM

Judge: Honorable Theresa M. Traber          CSR: None
Judicial Assistant: R. Duron                ERM: None
Courtroom Assistant: L. Vince Cruz          Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Non-Appearance Case Review

The matter is not called for hearing.

Pursuant to the Motion to Compel filed by the Cross-Defendants on June 15, 2020, the Court sets:

Hearing on Motion to Compel the Depositions is scheduled for 08/13/2020 at 08:30 AM in Department U at Van Nuys Courthouse East.

Certificate of Mailing is attached.

1   JAMES R. FELTON, ESQ. (State Bar No. 138767)
    jfelton@gblawllp.com
2   JEREMY H. ROTHSTEIN, ESQ. (State Bar No. 316140)
    jrothstein@gblawllp.com
3   G&B LAW, LLP
    16000 Ventura Boulevard, Suite 1000
4   Encino, California 91436
    Tel: (818) 382-6200 • Fax: (818) 986-6534
5
    Attorneys for Plaintiff and Cross-Defendant
6   Lev Investments, LLC and Dimitri Lioudkovski

7

8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **FOR THE COUNTY OF LOS ANGELES, NORTHWEST DISTRICT**

10

11  LEV INVESTMENTS, LLC,                    | **CASE NO.:** 19VECV00878

12           Plaintiff,                      | UNLIMITED JURISDICTION

13       vs.                                 | **NOTICE OF BANKRUPTCY FILING**

14  RUVIN FEYGENBERG, MICHAEL
    LEIZEROVITZ, SENSIBLE CONSULTING
15  AND MANAGEMENT, INC., MING ZHU,
    LLC; and DOES 1 through 20,              | **ACTION FILED:** 06/20/19
16
             Defendants.
17

18
    RUVIN FEYGENBERG, MICHAEL
19  LEIZEROVITZ, and SENSIBLE
    CONSULTING AND MANAGEMENT, INC.
20
             Cross-Complainants,
21
         v.
22
    LEV INVESTMENTS, LLC, DIMITRI
23  LIOUDKOVSKI (aka Dimitri Ludkovski),
    YEVGENIYA LISITSA (aka Y. GINA
24  LISITSA), LISITSA LAW, INC., REAL
    PROPERTY TRUSTEE, INC., MIKE KEMEL,
25  and ROES 1 to 50,

26           Cross-Defendants

27

28

1907175.1 - 32417.0004

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on or about June 1, 2020 Defendant Lev Investments, LLC filed a Chapter 11 Bankruptcy proceeding in the United States Bankruptcy Court, Central District of California, Case No. 1:20-bk-1106-VK.

A true and correct copy of the docket (or notice of bankruptcy filing from the bk docket) for the filing is attached hereto as Exhibit "A."

DATED:  June 15, 2020                           G&B LAW, LLP

                                                By: _____
                                                    JAMES R. FELTON, ESQ.
                                                    JEREMY H. ROTHSTEIN, ESQ.
                                                    Attorneys for Plaintiff and Cross-Defendant,
                                                    Lev Investments, LLC and Dmitri Lioudkovski

1907175.1 - 32417.0004

EXHIBIT A

# U.S. Bankruptcy Court
## Central District of California (San Fernando Valley)
### Bankruptcy Petition #: 1:20-bk-11006-VK

|  |  |
|---|---|
| *Assigned to:* Victoria S. Kaufman | *Date filed:* 06/01/2020 |
| Chapter 11 | *341 meeting:* 06/23/2020 |
| Voluntary | *Deadline for filing claims:* 08/10/2020 |
| Asset | *Deadline for filing claims (govt.):* 11/30/2020 |
|  | *Deadline for objecting to discharge:* 08/24/2020 |

**Debtor**
**Lev Investments, LLC**
13854 Albers Street
Sherman Oaks, CA 91401
LOS ANGELES-CA
Tax ID / EIN: 47-3833674

represented by **David B Golubchik**
Levene Neale Bender Yoo & Brill
LLP
10250 Constellation Blvd Ste
1700
Los Angeles, CA 90067
310-229-1234
Email: dbg@lnbyb.com

**Juliet Y Oh**
10250 Constellation Blvd Ste
1700
Los Angeles, CA 90067
310-229-1234
Email: jyo@lnbrb.com

**Trustee**
**Caroline Renee Djang (TR)**
18101 Von Karman Ave., Suite 1000
Irvine, CA 92612
949-263-6586

**U.S. Trustee**
**United States Trustee (SV)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

represented by **Katherine Bunker**
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017
213-894-3326
Fax : 213-894-0276
Email: kate.bunker@usdoj.gov

| **Filing Date** | **#** | **Docket Text** |
|---|---|---|
| 06/01/2020 | <u>1</u><br>(54 pgs; 2 docs) | Chapter 11 Subchapter V Voluntary Petition Non-Individual. Fee Amount $1717 Filed by Lev Investments, LLC Statement of Financial Affairs (Form 107 or 207) due 06/15/2020. Incomplete Filings due by 06/15/2020. Chapter 11 Plan Small Business Subchapter V Due by 08/31/2020. (Golubchik, David) (Entered: 06/01/2020) |

| 06/01/2020 | | Receipt of Voluntary Petition (Chapter 11)(1:20-bk-11006) [misc,volp11] (1717.00) Filing Fee. Receipt number 51189748. Fee amount 1717.00. (re: Doc# 1) (U.S. Treasury) (Entered: 06/01/2020) |
| --- | --- | --- |
| 06/02/2020 | 2 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Burgee, John. (Burgee, John) (Entered: 06/02/2020) |
| 06/02/2020 | 3 | Request for a Certified Copy Fee Amount $11. The document will be sent via email to :stephanie@lnbyb.com: Filed by Debtor Lev Investments, LLC (RE: related document(s)1 Voluntary Petition (Chapter 11)). (Oh, Juliet) (Entered: 06/02/2020) |
| 06/02/2020 | | Receipt of Request for a Certified Copy(1:20-bk-11006-VK) [misc,paycert] ( 11.00) Filing Fee. Receipt number 51195497. Fee amount 11.00. (re: Doc# 3 ) (U.S. Treasury) (Entered: 06/02/2020) |
| 06/02/2020 | 4 (2 pgs) | Meeting of Creditors 341(a) meeting to be held on 6/23/2020 at 10:00 AM at UST-SVND2, TELEPHONIC MEETING. CONFERENCE LINE:1-866-820-9498, PARTICIPANT CODE:6468388. Last day to oppose discharge or dischargeability is 8/24/2020. Proofs of Claims due by 8/10/2020. Government Proof of Claim due by 11/30/2020. (Remy, Johanne) (Entered: 06/02/2020) |
| 06/02/2020 | 5 | Certified Copy Emailed to stephanie@lnbyb.com (Entered: 06/02/2020) |
| 06/03/2020 | 6 (6 pgs) | Notice of appointment and acceptance of trustee *Subchapter V Caroline Djang with a proof of service* Filed by U.S. Trustee United States Trustee (SV). (united states trustee (kcb)) (Entered: 06/03/2020) |
| 06/04/2020 | 7 (4 pgs) | BNC Certificate of Notice (RE: related document(s)4 Meeting of Creditors Chapter 11 (Corporations or Partnerships under Subchapter V) (309F2)) No. of Notices: 14. Notice Date 06/04/2020. (Admin.) (Entered: 06/04/2020) |
| 06/04/2020 | 8 (2 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Lev Investments, LLC) No. of Notices: 1. Notice Date 06/04/2020. (Admin.) (Entered: 06/04/2020) |
| 06/05/2020 | 9 (128 pgs; 2 docs) | Adversary case 1:20-ap-01060. Notice of Removal by FR LLC. (Attachments: # 1 Adversary Proceeding Cover Sheet) Nature of Suit: (01 (Determination of removed claim or cause),(14 (Recovery of money/property - other)),(21 (Validity, priority or extent of lien or other interest in property)) (Oh, Juliet) (Entered: 06/05/2020) |

| | | |
|---|---|---|
| 06/10/2020 | <u>10</u><br>(58 pgs) | Application to Employ Levene, Neale, Bender, Yoo & Brill L.L.P. as Bankruptcy Counsel; *Declaration of Juliet Y. Oh, Esq. in Support Thereof* Filed by Debtor Lev Investments, LLC (Oh, Juliet) (Entered: 06/10/2020) |
| 06/10/2020 | <u>11</u><br>(6 pgs) | Notice of motion/application - *Notice of Application to Employ Levene, Neale, Bender, Yoo & Brill L.L.P. as Bankruptcy Counsel* Filed by Debtor Lev Investments, LLC (RE: related document(s)<u>10</u> Application to Employ Levene, Neale, Bender, Yoo & Brill L.L.P. as Bankruptcy Counsel; *Declaration of Juliet Y. Oh, Esq. in Support Thereof* Filed by Debtor Lev Investments, LLC). (Oh, Juliet) (Entered: 06/10/2020) |
| 06/12/2020 | <u>12</u><br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Sands, Thomas. (Sands, Thomas) (Entered: 06/12/2020) |
| 06/12/2020 | <u>13</u><br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Tilem, David. (Tilem, David) (Entered: 06/12/2020) |
| 06/12/2020 | <u>14</u><br>(6 pgs) | Supplemental / *Supplement To Application Of Debtor And Debtor In Possession To Employ Levene, Neale, Bender, Yoo & Brill L.L.P. As Bankruptcy Counsel; Supplemental Declaration Of Juliet Y. Oh And Declaration Of Dmitri Lioudkouski In Support Thereof* Filed by Debtor Lev Investments, LLC. (Oh, Juliet). Related document(s) <u>10</u> Application to Employ Levene, Neale, Bender, Yoo & Brill L.L.P. as Bankruptcy Counsel; *Declaration of Juliet Y. Oh, Esq. in Support Thereof* filed by Debtor Lev Investments, LLC. (Entered: 06/12/2020) |
| 06/12/2020 | <u>15</u><br>(25 pgs; 2 docs) | Adversary case 1:20-ap-01062. Notice of Removal *of State Court Civil Action Pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure* by MARIYA AYZENBERG. (Attachments: # <u>1</u> Adversary Proceeding Cover Sheet) Nature of Suit: (01 (Determination of removed claim or cause)),(14 (Recovery of money/property - other)),(21 (Validity, priority or extent of lien or other interest in property)) (Oh, Juliet) (Entered: 06/12/2020) |
| 06/12/2020 | <u>16</u><br>(2 pgs) | Disclosure of Compensation of Attorney for Debtor (Official Form 2030) Filed by Debtor Lev Investments, LLC. (Golubchik, David) (Entered: 06/12/2020) |
| 06/12/2020 | <u>17</u><br>(15 pgs) | Statement of Financial Affairs for Non-Individual Filing for Bankruptcy (Official Form 107 or 207) Filed by Debtor Lev Investments, LLC (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 11)). (Golubchik, David) (Entered: 06/12/2020) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/15/2020 15:38:13 | | | |
| **PACER Login:** | atty138767:4405723:0 | **Client Code:** | 32417.0003 |
| **Description:** | Docket Report | **Search Criteria:** | 1:20-bk-11006-VK Fil or Ent: filed From: 3/17/2020 To: 6/15/2020 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is **16000 Ventura Boulevard, Suite 1000, Encino, California 91436.**

On June 15, 2020, I served the foregoing document described as **NOTICE OF BANKRUPTCY FILING** on the interested parties in this action.

☒  by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒  **BY REGULAR MAIL:** I deposited such envelope in the mail at 16000 Ventura Boulevard, Suite 1000, Encino, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐  **BY E-MAIL:** I caused the above referenced document to be delivered to the e-mail addresses indicated on the Service List.

☐  **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 16000 Ventura Boulevard, Suite 1000, Encino, California. The envelope was deposited with delivery fees thereon fully prepaid.

☐  **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒  (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐  (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 15, 2020, at Encino, California.

_____
Nora Knadjian

1

1824331.1 - 32417.0004

1

**SERVICE LIST**

2

3    John G. Burgee, Esq        **Attorneys for Defendants**
     Burgee & Abramoff, P.C.      Telephone:  (818) 264-7575
4    20501 Ventura Boulevard, Suite 262    Fax:  (818) 264-7576
     Woodland Hills, California 91364    Email: jburgee@bandalaw.net

5

6    Michael Shemtoub, Esq.        **Attorney for Cross-Defendants**
     BEVERLY LAW
7    4929 Wilshire Blvd., Suite 702
     Los Angeles, CA 90010

8

9    David B. Golubchik, Esq.
     LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10   10250 Constellation Blvd., Suite 1700
     Los Angeles, CA 90067

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1824331.1 - 32417.0004

CIV-141

| ATTORNEY OR PARTY WITHOUT ATTORNEY:          STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME: Michael Shemtoub 253948 | |

FIRM NAME: Law Offices of Michael Shemtoub
STREET ADDRESS: 4929 Wilshire Boulevard, Suite 702
CITY: Los Angeles        STATE: CA ZIP CODE: 90010
TELEPHONE NO.: (310) 552-6921   FAX NO.: (206) 309-0945
E-MAIL ADDRESS:
ATTORNEY FOR (Name): Real Property Trustee, Inc.  Mike Kemel

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
 STREET ADDRESS: 6230 Sylmar Ave
 MAILING ADDRESS:
 CITY AND ZIP CODE: Van Nuys, CA 91401
 BRANCH NAME: North

PLAINTIFF/PETITIONER: LEV INVESTMENTS LLC

DEFENDANT/REPSONDENT: Ruvin Feygenberg, Michael Leizerovitz
Ming Zhu, LLC; and cross-actions

| **DECLARATION OF DEMURRING OR MOVING PARTY IN SUPPORT OF AUTOMATIC EXTENSION** | CASE NUMBER:<br>19VECV00878 (related to 20STCV03696) |
|---|---|

1. *(Name of party)*: Real Property Trustee, Inc.  Mike Kemel   was served with

  ☐ a complaint   ☐ an amended complaint   ☒ a cross-complaint
  ☐ an answer   ☒ other (specify): Ordered to file a responsive pleading by 6-19-2020 to
in the above-titled action. cross-complaint on May 22, 2020, by Judge Traber and Cross-Complainants have gone MIA

2. For a demurrer or motion to strike, a responsive pleading is due on *(date)*: 6/19/2020

**DECLARATION**

I intend to file a demurrer, motion to strike, or motion for judgment on the pleadings in this action. Before I can do so, I am required to meet and confer with the party who filed the pleading that I am responding to at least five days before the date when the responsive pleading is due (if I am filing a demurrer or motion to strike) and at least five days before the last day a motion for judgment on the pleadings may be filed (if I am filing a motion for judgment on the pleadings). We have not been able to meet and confer. I have not previously requested an automatic extension of time. Therefore, on timely filing and serving a declaration that meets the requirements of Code of Civil Procedure sections 430.41, 435.5, or 439, I am entitled to an automatic 30-day extension of time within which to file a responsive pleading or motion for judgment on the pleadings.

I made a good faith attempt to meet and confer with the party who filed the pleading at least five days before the date the responsive pleading was due (if I am filing a demurrer or motion to strike) and at least five days before the last day a motion for judgment on the pleadings may be filed (if I am filing a motion for judgment on the pleadings). I was unable to meet with that party because *(the reasons why the parties could not meet and confer are stated)*:
  ☒ below     ☐ on form MC-031, Attached Declaration

Pursuant to the Order of the Court dated May 22, 2020, I have been consistently trying to get in touch with Mr. Burgee so that I could discuss the cross-complaint and why it is lacking on all elements of every cause of action that is pled. I have tried to comply with CCP 430.41 so as to not need to file a demurrer.  Mr. Burgee has not returned any of my phone calls or acknowledge that I have been trying to contact him. He has forced me to file this Declaration instead of a responsive pleading. He undertook the same type of conduct when he didn't appear for the depositions of his clients on June 1, 2020.  Mr. Burgee forced me to file a Motion to Compel when he did not acknowledge my meet and confer efforts. Mr. Burgee has obstructed his clients' from submitting to depositions and produce documents and has demonstrated that he is deft at obstructionism.   That motion to compel has been set for August 13, 2020 to be adjudicated Judge Traber.

  I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: 6/18/2020

Michael Shemtoub, Esq.                        ▶
_____                _____
(NAME OF PARTY OR ATTORNEY FOR PARTY)            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
CIV-141 [Rev. January 1, 2019]
CEB  Essential Forms
ceb.com

**DECLARATION OF DEMURRING OR MOVING PARTY
IN SUPPORT OF AUTOMATIC EXTENSION**

Code of Civil Procedure,
§§ 430.41, 435.5, 439
www.courts.ca.gov

LEV INVESTMENTS, LLC

POS-050/EFS-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY:          STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME: Michael Shemtoub 253948 | |

FIRM NAME: Law Offices of Michael Shemtoub

STREET ADDRESS: 4929 Wilshire Boulevard, Suite 702

CITY: Los Angeles          STATE: CA  ZIP CODE: 90010

TELEPHONE NO.: (310) 552-6921    FAX NO.: (206) 309-0945

E-MAIL ADDRESS:

ATTORNEY FOR *(name):* Real Property Trustee, Inc.  Mike Kemel

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles

STREET ADDRESS: 6230 Sylmar Ave

MAILING ADDRESS:

CITY AND ZIP CODE: Van Nuys, CA 91401

BRANCH NAME: North

PLAINTIFF/PETITIONER: LEV INVESTMENTS LLC

DEFENDANT/RESPONDENT: Ruvin Feygenberg,  Michael Leizerovitz
Ming Zhu, LLC; and cross-actions

**PROOF OF ELECTRONIC SERVICE**

CASE NUMBER:
19VECV00878 (related to 20STCV03696)

JUDICIAL OFFICER:
Traber

DEPARTMENT:
U

1.   I am at least 18 years old.

    a.   My residence or business address is *(specify):*

       4929 Wilshire Boulevard, Suite 702, Los Angeles ,CA 90010

    b.   My electronic service address is *(specify):*
       Michael@LexingtonLG.com

2.   I electronically served the following documents *(exact titles):*
    CIV-141 Declaration of Demurring party for automatic extension.

    ☐ The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3.   I electronically served the documents listed in 2 as follows:

    a.   Name of person served:  James Felton, John Burgee
       On behalf of *(name or names of parties represented, if person served is an attorney):*
       Lev Investments, LLC,Sensible Consulting and Management, Inc., Ruvin Feygenberg Michael Leizerovitz

    b.   Electronic service address of person served:  nknadjian@gblawllp.com, jburgee@bandalaw.net

    c.   On *(date):*  6/18/2020

    ☐ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
      *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date:   6/18/2020

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Michael Shemtoub, Esq.

    (TYPE OR PRINT NAME OF DECLARANT)    ▶    (SIGNATURE OF DECLARANT)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050 [Rev. February 1, 2017]

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251
www.courts.ca.gov

CEB ceb.com  Essential Forms

LEV INVESTMENTS, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

20501 Ventura Boulevard, Suite 262, Woodland Hills, CA 91364

A true and correct copy of the foregoing document entitled (*specify*): _____
NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION PURSUANT TO RULE 9027 OF THE FEDERAL
CRULES OF BANKRUPTCY PROCEDURE
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 06/26/2020_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Katherine Bunker kate.bunker@usdoj.gov;  United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov;
Caroline Renee Djang (TR) caroline.djang@bbklaw.com; Thomas D Sands thomas@thesandslawgroup.com;
David A Tilem davidtilem@tilemlaw.com, DianaChau@tilemlaw.com, JoanFidelson@ecf.inforuptcy.com;
David B Golubchik dbg@lnbyb.com, stephanie@lnbyb.com; Juliet Y Oh jyo@lnbrb.com, jyo@lnbrb.com

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*) ___06/26/2020_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Michael Shemtoub, Esq., Law Offices of Michael Shemtoub, 4929 Wilshire Blvd., Suite 702, Los Angeles, CA 90010
Kelly Hayes, Esq., Murchison & Cumming, LLP, 750 B Street, Suite 2550, San Diego CA 92101
Hon. Victoria S. Kaufman, U.S. Bankruptcy Court, 21041 Burbank Blvd, Suite 354/Ctrm 301, Woodland Hills, CA 91367

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u> (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/26/2020 | John G. Burgee | | /s/ John G. Burgee |
|---|---|---|---|
| *Date* | *Printed Name* | | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**