Michael Shemtoub, Esq. (SBN 253948)
BEVERLY LAW
4929 Wilshire Blvd Suite 915
Los Angeles CA 90010
Telephone: (310) 552 6959
Facsimile: (323) 421 9397

Attorney for Mike Kemel, Mariya Ayzenberg

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | ) Case No.: 1:20-bk-11006-VK |
| | ) |
| LEV INVESTMENTS, LLC, | ) Chapter 11, subchapter V |
| | ) |
| Debtor. | ) **EMERGENCY MOTION TO RECUSE** |
| | ) **DAVID GOLUBCHIK AND THE LAW** |
| | ) **FIRM OF LEVENE, NEALE, BENDER,** |
| | ) **YOO & BRILL LLP, FROM ALL** |
| | ) **FURTHER PARTICIPATION IN THIS** |
| | ) **CASE, ALL RELATED CASES, AND FOR** |
| | ) **AN ORDER DISGORGING ALL FUNDS** |
| | ) **RECEIVED BY THE FIRM DUE TO** |
| | ) **UNDISCLOSED CONFLICTED** |
| | ) **REPRESENTATION OF THE DEBTOR IN** |
| | ) **RE WEIBEL, INC. (9TH CIR. BAP 1994) 176** |
| | ) **B.R. 209; DECLARATION OF MARIYA** |
| | ) **AYZENBERG AND MIKE KEMEL;** |
| | ) **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES; EXHIBITS; OBJECTION** |
| | ) **TO EMPLOYMENT DAVID GOLUBCHIK** |
| | ) **AND THE LAW FIRM OF LEVENE,** |
| | ) **NEALE, BENDER, YOO & BRILL LLP** |
| | ) **[DOC 10, 11, 30] (SET TO BE HEARD ON** |
| | ) **JULY 16, 2020, AT \1:30 P.M. BY THE** |
| | ) **COURT)** |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**TO THE HON. VICTORIA KAUFMAN, UNITED STATES BANKRUPTCY COURT JUDGE, AT THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL OTHER PARTIES IN INTEREST**

**PLEASE TAKE NOTICE** that Mike Kemel, Mariya Ayzenberg hereby move to disqualify David Golubchik and the law firm of Levene, Neale, Bender, Yoo & Brill LLP, from all further participation in the main bankruptcy proceeding and all of the related removed actions. They further objects to the employment of David Golubchik and the law firm of Levene, Neale, Bender, Yoo & Brill LLP [DOC 10-11, 30]. They further request that David Golubchik and the law firm of Levene, Neale, Bender, Yoo & Brill LLP be Ordered to disgorge all funds entrusted to them in advance of their employment.

This Emergency Motion has been necessitated by the fact that Mr. Golubchik has utilized information and data obtained from his Clients Mike Kemel and Mariya Ayzenberg in confidence as their lawyer and utilized that information to the benefit of the Debtor and the Debtor in possession Mr. Lioudkovski.

This Motion was not filed earlier as the parties were engaged in a global settlement discussion that should have led to all creditors being paid in full and all disputes put to a rest; settlement was essentially achieved on June 25, 2020. However, Mr. Golubchik took aim at a friend of Mr. Kemel (Mr. Moda) (in of all pleadings, in a pleading to obstruct the 2004 exam of Nikita Lyudkovskiy, the son of the DIP, Mr. Lioudkovski) and displayed conduct that was not one in keeping with a person who is earnestly seeking to quall disputes, but rather in one who is aching for warfare. DOC 53

Mr. Moda has never been a shadowy figure and he examined the Debtor at the 341-Meeting. Mr. Moda's examination of the Debtor at the 341-Meeting was pointed and quite uncomfortable for the DIP.

For instance, while the US Trustee had asked the DIP if DIP had any employees, the DIP responded "no" and the Trustee moved on. When it came to Mr. Moda, he delved into the gaps that the US Trustee had not asked[1]. While the Trustee had asked questions about employees, Mr. Moda asked about "Independent Contractors" that the Debtor / DIP had paid in the past 180-days. To which the Debtor / DIP responded in Russian: "I wasn't ready for that."

---

[1] Maybe for no other reason than no one's patience is endless. The US Trustee was by all accounts the most remarkably patient examiner; displaying humanity and giving the DIP the benefit of doubt when others would have been without any doubt)

EMERGENCY MOTION TO RECUSE DAVID GOLUBCHIK AND THE LAW FIRM OF LEVENE, NEALE, BENDER, YOO & BRILL LLP, FROM ALL FURTHER PARTICIPATION IN THIS CASE, ALL RELATED CASES

Mr. Moda was given latitude by the Trustee to examine the DIP and Mr. Moda utilized that time most effectively. Mr. Moda cornered the DIP into admitting that there were four investors in the Albers Property and that Ms. Ayzenberg was one of them.

Mr. Golubchik attended the 341-meeting and plainly understood what Mr. Moda had accomplished (while the fact was lost to all others attending the 341-Meeting as none of them knew that Mr. Golubchik was simultaneously representing Ms. Ayzenberg and Mr. Kemel). Mr. Moda had quite literally obtained an admission from the DIP that irrefutably cemented Mr. Golubchik's disqualification based on his irremediable conflict.

From that day forward, Mr. Golubchik had taken petty shots at Mr. Moda. Mr. Golubchik had failed to appreciate that Mr. Moda does not ghost anything. If any Court is aware of the fact that Mr. Moda is bold (and at times uncomfortably abrasive at times), undoubtedly assertive and quite able to communicate his thoughts to a Court, it is this Court.

The amateurish shots taken at Mr. Moda did not faze Mr. Moda. The Debtor is in need of a release from Mr. Moda as Mr. Moda possess priority claim against the Estate for acts that have bettered the Estate to the detriment of its insiders and the DIP. When asked how much he wanted to be paid to provide the release requested of him, he selflessly and out of loyalty to Mr. Kemel, FR, Ms. Ayzenberg, Mr. Sands, and Ms. Lisitsa said he did not want anything and that he would provide the release and walk away uncompensated for all the work that he had done and for arranging the monetary transaction leading to the purchase of the Note for Albers.

On June 25, 2020, FR too agreed to a walkaway and accepting the $119,000.00 that it advanced toward the purchase of the Note on Albers.

However, all that changed when Mr. Golubchik disemboweled the nearly done deal on June 26, 2020.

Reciprocating the conduct of Mr. Golubchik, FR provided a window of 30 minutes to have its offer of $119,000 raised to $169,000.00 in order to settle the matter; that time period expired at 4:30 p.m. on June 26, 2020.

FR thus withdrew from all settlement talks and will seek to have the Court abstain from the removed action in preference for the state actions that have been pending since 2019 between the parties.

When the prospect of resolution disintegrated, Ms. Ayzenberg and Mr. Kemel knew that they would have

EMERGENCY MOTION TO RECUSE DAVID GOLUBCHIK AND THE LAW FIRM OF LEVENE, NEALE, BENDER, YOO & BRILL LLP, FROM ALL FURTHER PARTICIPATION IN THIS CASE, ALL RELATED CASES

to defend against their own strategies that they had disclosed to Mr. Golubchik as his Clients. They have

immediately moved to recuse Mr. Golubchik from further participation in these proceedings. Ms. Ayzenberg and

Mr. Kemel know that Mr. Golubchik must be disqualified as the adversarial system would not be fair to them

when the Debtors Quarterback has listened to all of their huddles.

Respectfully submitted,

DATED: June 26, 2020

By: _____

Michael Shemtoub, Esq.
Attorney for Mr. Kemel and Ms. Ayzenberg

EMERGENCY MOTION TO RECUSE DAVID GOLUBCHIK AND THE LAW FIRM OF LEVENE, NEALE, BENDER,
YOO & BRILL LLP, FROM ALL FURTHER PARTICIPATION IN THIS CASE, ALL RELATED CASES

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

Ms. Ayzenberg and Mr. Kemel are the Clients of Mr. Golubchik.

Mr. Golubchik knew that the irremediable conflict between he and Mr. Kemel and his representation of the Debtor and the DIP would be exposed if he removed the *Coachella Valley Vineyard Luxury RV Park LLC v. Lev Properties, LLC, Dimitri Lioudkovski, Real Property Trustees Incorporated Case No*. PSC200222 (PSC200222) and the *Lev Investments, LLC v. Ruvin Fygenberg* et al and related cross action of *Fygenberg v. Lev Properties, LLC, Dimitri Lioudkovski, Real Property Trustees Incorporated* Case No. 19VECV00878, actions to this Court.

Mr. Golubchik abdicated his duty of candor owed to the Court and instead let the two cases remain in State Court and did not advise the Court of his actions.

Conversely, Mr. Golubchik cheekily removed the *Ayzenberg v. Lev Properties, LLC* LASC Case No. 19STCV38222 matter to this Court, because he could not leave the case in State Court (though the case has been settled and dismissed) because that was the only way he could remove the *FR, LLC v. Lev Properties, LLC* LASC 19STCV45132 action as the cases were ordered related and ordered joined by Judge Recana on January 16, 2020. See **Ex. E**

For personal gain and to cloak his conflicted representation of the Debtor, Mr. Golubchik split mother from son presidentially like the Trump Administration.

## ARGUMENT

## MR. GOLUBCHIK SERVED AND IS SERVING TWO MASTERS WITH COMPETING INTERESTS IN THE SAME CASE IN DEROGATION OF THE DISCLOSURE REQUIREMENTS MANDATED BY THE BANKRUPTCY CODE AND IN COMPLETE OBLIVION TO THE DUTIES THAT HE OWES HIS ORIGINAL CLIENTS

Mr. Golubchik owes an unrevoked and unwaived duty to abstain from participating in this Action that pits one of his Clients against another one. The fact that Ms. Ayzenberg and Mr. Kemel retained and paid Mr. Golubchik for his skills is undisputed.

The fact that Ms. Ayzenberg and Mr. Kemel confided in Mr. Golubchik and shared with him secrets and thoughts and strategies is equally undisputed.

The fact that the property that is central to this case (Albers) was discussed and a topic covered by the attorney–client privilege between Ms. Ayzenberg, Mr. Kemel and Ms. Lisitsa with Mr. Golubchik before any dispute arose between the parties is equally undisputed. Attached as **Exhibit G**, is an email from Ms. Lisitsa to Mr. Golubchik dated September 18, 2018, with a link. https://medium.com/@ninaandtito/a-511m-fuel-tax-credit-fraud-indictment-in-utah-connects-a-polygamous-mormon-cult-to-mike-flynn-402e1f7a0fb5

The link leads to a massive article on an Armenian Crime Lord being prosecuted in Utah by the United States Department of Justice (DOJ). See **Ex. H**. The attorney for the Crime Lord is / was Mr. Edger Sargsyan, Esq. (SBN 308998). Mr. Sargsyan stole millions from his boss, Mr. Dermen. Mr. Sargsyan bought Albers with Mr. Dermen's money.

Two forces both competed to put an end to Mr. Sargsyan's' life of crime; his former boss and the DOJ. The DOJ prevailed and Mr. Sargsyan became an informant for the DOJ and exposed not only his former bosses' holdings, but also agents within the FBI and ICE.

It was based on advice that Mr. Golubchik gave to Mr. Kemel and Ms. Ayzenberg regarding methodology and security perfection that led to the investment that Ms. Ayzenberg made in the purchase of the Note for Albers.

These facts should have been disclosed to the Court in Mr. Golubchik' s employment application and were not. The lack of disclosure is uncontestably the exact same as a fraudulent disclosure. The lack of disclosure coupled with the fact that Mr. Golubchik has abridged his duty as an attorney to all of the parties involved in this case renders him hopelessly unqualified to proceed in this Action in any capacity.

"Pursuant to § 327, a professional has a duty to make full, candid and complete disclosure of all facts concerning his transactions with the debtor. Professionals must disclose ***all connections with*** the debtor, ***creditors*** and ***parties in interest***, ***no matter how irrelevant or trivial those connections may***

*seem.* The **disclosure rules are not discretionary**. *Mehdipour v. Marcus & Millichap* (In re Mehdipour), 202 B.R. 474, 480 (9th Cir. BAP 1996)" *Movitz v. Baker* (In re Triple Star Welding, Inc.) (Bankr.9th Cir. 2005) 324 B.R. 778, 789.

Mr. Golubchik not only failed to disclose facts to the Court, he proceeded to act in derogation of his sworn oath of allegiance and confidentiality as an attorney and must be disqualified immediately.

## MR. GOLUBCHIK IS IRREMEDIABLY CONFLICTED AND CANNOT CONTINUED REPRESENTATION OF ANY ENTITY IN THIS ACTION AND ALL OTHERS RELATED TO IT

LBR 2090-2(a) provides: "An attorney who appears for any purpose in this court is subject to the standards of professional conduct set forth in Local Civil Rule 83-3."

LFRCP 83-3.1.2 in turn provides: "In order to maintain the effective administration of justice and the integrity of the Court, each attorney shall be familiar with and comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and the decisions of any court applicable thereto. These statutes, rules and decisions are hereby adopted as the standards of professional conduct, and any breach or violation thereof may be the basis for the imposition of discipline. The Model Rules of Professional Conduct of the American Bar Association may be considered as guidance."

At best, Mr. Golubchik has dropped his former Clients (Ms. Ayzenberg and Mr. Kemel) in preference for representing the Debtor and the DIP. Realistically, Mr. Golubchik is representing the Debtor, the DIP, Ms. Ayzenberg and Mr. Kemel simultaneously on the same subject matter and nuclei of facts and issues.

Taking the more restrictive approach, Mr. Golubchik is representing a current client against a former client. While general practitioners may on one day represent a client on a slip and fall matter and the next day represent another in a homeowner's issue matter, the likes of Mr. Golubchik cannot. His practice is laser like and it is all bankruptcy law and issues.

1

2

Mr. Golubchik admits as much in the Retainer Agreement. See Ex. B

3

Mr. Golubchik cannot escape the fact that he is re-immediately conflicted and unfit to participate

4

in these proceedings in any capacity. Successive representation of clients is strictly prohibited absent

5

informed client consents. Representation of a client whose interests are averse to a former client is

6

permitted with the former client's "informed written consent." Ca Professional Conduct Rule 1.7; *City &*

7

*County of San Francisco v. Cobra Solutions, Inc.* (2006) 38 Cal.4th 839, 847, 43 Cal. Rptr.3d 771, 776

8

Mr. Golubchik was duty bound to obtain the permissions of both Ms. Ayzenberg and Mr. Kemel

9

even if Ms. Ayzenberg and Mr. Kemel are categorized as "former" rather than "current" Clients. A

10

former client must agree in writing to the representation following counsel's full written disclosure of the

11

"relevant circumstances" and the "actual and reasonably foreseeable adverse consequences to the. ..

12

former client." Ca Professional Conduct Rule 1.7(b).

13

Mr. Golubchik would be disqualified even if he had written consent. Despite the clients'

14

purported "informed written consents," an attorney may not accept or continue representation of a client

15

in a matter where the representation would result in violation of the Ca Professional Conduct Rule or

16

State Bar Act. Ca Professional Conduct Rule 1.16

17

Absent client consent, a lawyer may not "accept employment adverse to the client or former

18

client where, by reason of the representation of the client or former client, the member has obtained

19

confidential information material to the employment" Ca Professional Conduct Rule 1.7 *H.F. Ahmanson*

20

*& Co. v. Salomon Bros., Inc.* (1991) 229 Cal. App.3d 1445, 1459, 280 Cal. Rptr. 614, 622; *Beltran v.*

21

*Avon Products, Inc.* (C.D. Cal. 2012) 867 F. Supp. 2d 1068, 1077; Los Angeles Bar Ass'n Form. Opn.

22

501 (1999).

23

The fiduciary duties of loyalty and confidentiality continue even after the representation ends. A

24

lawyer may not do anything that will injuriously affect a former client. Nor may the lawyer use or

25

disclose the former client's confidential information to the former client's disadvantage. *People ex rel.*

26

*Deukmejian v. Brown* (1981) 29 Cal.3d 150, 155, 172 Cal. Rptr. 478, 480; *Wutchumna Water Co. v.*

27

*Bailey* (1932) 216 Cal. 564, 571, > 15 P.2d 505, 508; see *Oasis West Realty, LLC v. Goldman* (2011) 51

28

Cal.4th 811, 821-823, 124 Cal. Rptr.3d 256, 263-265.

EMERGENCY MOTION TO RECUSE DAVID GOLUBCHIK AND THE LAW FIRM OF LEVENE, NEALE, BENDER,
YOO & BRILL LLP, FROM ALL FURTHER PARTICIPATION IN THIS CASE, ALL RELATED CASES

Mr. Golubchik is engaging in exactly the conduct that the Rules of Prof conduct proscribe. Successive representation conflicts results in attorney disqualification where any of the following elements are satisfied:· the lawyer's current representation is against a former or current client; · the lawyer's current representation is adverse to the current or former client; · the lawyer obtained confidential information while representing the former client; · the confidential information is material to the current representation.

Subject matter of the representation customarily is the key factor in disqualifying a lawyer from representation of a later client against a former. Mr. Golubchik practices only one subject: bankruptcy. Mr. Golubchik cannot deny that he does anything else but bankruptcy law. Mr. Golubchik cannot escape the fact that he is representing the Debtor and the DIP against another set of Clients: Ms. Ayzenberg and Mr. Kemel. Mr. Golubchik is thus doomed as a representative in this Action and all those related to him and he must be removed on an exigent basis. If the same "subject matter" is shown to be involved, the length of time since the former representation is irrelevant. *Brand v. 20th Century Ins. Co./21st Century Ins. Co.* (2004) 124 Cal. App.4th 594, 607, 21 Cal. Rptr.3d 380, 387—(subject matter was insurance claims and representation of one against the other was 13-years spaced).

The prohibition is in the disjunctive: the attorney may not use information or do anything which will injuriously affect his former client. *People ex rel. Deukmejian v. Brown* (1981) 29 Cal. 3d 150, 155, 172 Cal. Rptr. 478, 624 P.2d 1206, quoting Wutchumna *Water Co. v. Bailey* (1932) 216 Cal. 564, 573-574, 15 P.2d 505.

Mr. Golubchik is irremediably conflicted and must be removed from further representing any entity in this Action and all those related to it.

## **CONCLUSION**

Mr. Golubchik must be removed from further representation of any party in this case and be immediately declared disqualified.

Mr. Golubchik has wandered out loud why Mr. Sands has exhibited an extreme attitude toward litigating this case and has rather paltry claim. The reason for Mr. Sands apparent distaste for this case and its participants need no longer be shielded. Mr. Sands is a man engrained with honor, self-sacrifice,

EMERGENCY MOTION TO RECUSE DAVID GOLUBCHIK AND THE LAW FIRM OF LEVENE, NEALE, BENDER, YOO & BRILL LLP, FROM ALL FURTHER PARTICIPATION IN THIS CASE, ALL RELATED CASES

allegiance to his oaths, and scrupulously obedient to his contracts and observant of his obligations. Mr. Sands core fibers were ablaze watching Mr. Golubchik flaunt the sacred oath that all lawyers take to adhering to the obligations imposed by the profession of law.

Mr. Sands had from beginning of June 2020 implored on Mr. Kemel to sue Mr. Golubchik for the radical breaches of loyalty that Mr. Golubchik was engaging in. Breaches that are physically painful for the elder Ms. Ayzenberg to bear.

It is readily apparent to the undersigned that the ties that have grounded Mr. Sands and upset him so will no longer restrain him. It is the undersigned's firm belief that Mr. Golubchik will find himself on the defense side of a malpractice and breach of fiduciary duty complaint where Ms. Ayzenberg will seek to personally impose on Mr. Golubchik the costs that he has visited on her and seek redress for the pain and suffering and mental anguish that he, her lawyer, has viciously practiced on her.

Other attorneys of the Debtor and the DIP are abandoning him. See Ex. I. The difference between Mr. Fenton and Mr. Golubchik is that Mr. Fenton has already seen the approaching iceberg and Mr. Golubchik soon will too, but only when it is too late for him to avoid the catastrophe that awaits him.

Respectfully submitted,

DATED: June 26, 2020

By: _____

Michael Shemtoub, Esq.
Attorney for Mr. Kemel and Ms. Ayzenberg

EMERGENCY MOTION TO RECUSE DAVID GOLUBCHIK AND THE LAW FIRM OF LEVENE, NEALE, BENDER, YOO & BRILL LLP, FROM ALL FURTHER PARTICIPATION IN THIS CASE, ALL RELATED CASES

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 4929 Wilshire Blvd, Suite 702, Los Angeles, CA 90010

A true and correct copy of the foregoing document entitled (*specify*): **EMERGENCY MOTION TO RECUSE DAVID GOLUBCHIK AND THE LAW FIRM OF LEVENE, NEALE, BENDER, YOO & BRILL LLP, FROM ALL FURTHER PARTICIPATION IN THIS CASE, ALL RELATED CASES, AND FOR AN ORDER DISGORGING ALL FUNDS RECEIVED BY THE FIRM DUE TO UNDISCLOSED CONFLICTED REPRESENTATION OF THE DEBTOR IN RE WEIBEL, INC. (9TH CIR. BAP 1994) 176 B.R. 209; DECLARATION OF MARIYA AYZENBERG AND MIKE KEMEL; MEMORANDUM OF POINTS AND AUTHORITIES; EXHIBITS; OBJECTION TO EMPLOYMENT DAVID GOLUBCHIK AND THE LAW FIRM OF LEVENE, NEALE, BENDER, YOO & BRILL LLP [DOC 10, 11, 30] (SET TO BE HEARD ON JULY 16, 2020, AT 1:30 P.M. BY THE COURT)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 6-26-2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Katherine Bunker kate.bunker@usdoj.gov
☐ John Burgee jburgee@bandalaw.net
☐ Caroline Renee Djang (TR) caroline.djang@bbklaw.com,
C190@ecfcbis.com;sansanee.wells@bbklaw.com;wilma.escalante@bbklaw.com
☐ David B Golubchik dbg@lnbyb.com, stephanie@lnbyb.com
☐ Juliet Y Oh jyo@lnbrb.com, jyo@lnbrb.com
☐ Thomas D Sands thomas@thesandslawgroup.com, thomas@thesandslawgroup.com
☐ David A Tilem davidtilem@tilemlaw.com,
DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;
DianaChau@tilemlaw.com
☐ United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov

                                                    X   Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 6-26-2020 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

                                                    X   Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 06/25/2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
Hon. Victoria S. Kaufman
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 354 / Courtroom 301
Woodland Hills, CA 91367

                                                    X Service information continued on attached page
I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6-26-2020 | Michael Shemtoub, Esq. | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                          **F 9013-3.1.PROOF.SERVICE**

0973-1
Case 1:20-bk-11006-VK
Central District of California
San Fernando Valley
Tue Jun 16 14:06:24 PDT 2020

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346


(p)OFFICE OF FINANCE CITY OF LOS ANGELES
200 N SPRING ST RM 101 CITY HALL
LOS ANGELES CA 90012-3224



FR, LLC
c/o Michael Shemtoub,Esq.
4929 Wilshire Blvd., suite 702
Los Angeles, CA 90010-3824


(p) INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346


Landmark Land, LLC
Attn Alex Polovinchik
860 Via De La Paz, suite E-1
Pacific Palisades, CA 90272-3668


Ming Zhou
Thomas Krantz,Esq.
2082 Michelson Drive, Suite 212
Irvine, CA 92612-1213


Thomas Sands, Esq.
The Sands Law Group, APLC
205 South Broadway, Suite 903
Los Angeles, CA 90012-3618


Caroline Renee Djang (TR)
18101 Von Karman Ave., Suite 1000
Irvine, CA 92612-0164

---

Franchise Tax Board
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110




Securities & Exchange Commission
444 South Flower St., Suite 900
Los Angeles, CA 90071-2934



Franchise Tax Board
Special Procedures
POB 2952
Sacramento, CA 95812-2952


Jeff Nodd, Esq.
15250 Ventura Blvd
Encino, CA 91403-3201



Michael Leizerovitz
15 Via Monarca St.
Dana Point, CA 92629-4082



(p)REAL PROPERTY TRUSTEE  INC
ATTN MIKE KEMEL
PO BOX 17064
BEVERLY HILLS CA 90209-3064


U.S. Trustee  San Fernando  Valley
915 Wilshire Blvd.
Suite 1850
Los Angeles, CA 90017-3560


David B Golubchik
Levene Neale Bender Yoo & Brill LLP
10250 Constellation Blvd Ste 1700
Los Angeles, CA 90067-6253

---

Franchise Tax Board
Bankruptcy Section MS: A-340
P. O. Box 2952
Sacramento, CA 95812-2952




Lev Investments, LLC
13854 Albers Street
Sherman Oaks, CA 91401-5811



San Fernando Valley Division
21041 Burbank Blvd,
Woodland Hills, CA 91367-6606



G&B Law, LLP
Attn:  James R. Felton
16000 Ventura Blvd., suite 1000
Encino, CA 91436-2762


LDI Ventures, LLC
423 N Palm dr
Beverly Hills, CA 90210-3974



Michael Masinovsky
21810 Eaton Place
Cupertino, CA 95014-1182



Sensible Consulting & Mgmt Inc
c/o John Burgee Esq.
20501 Ventura Boulevard, Suite 262
Woodland Hills, CA 91364-6410


United States Trustee (SV)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560



Juliet Y Oh
10250 Constellation Blvd Ste 1700
Los Angeles, CA 90067-6253




The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bankruptcy Unit
P.O. Box 54110
Los Angeles, CA 90051-0110

Insolvency I Stop 5022
300 N. Los Angeles St., #4062
Los Angeles, CA 90012-9903

(d)Los Angeles County Tax Collector
P.O. Box 54018
Los Angeles, CA 90054-0018

Real Property Trustee, Inc.
P.O. Box 17064
Beverly Hills, CA 90209

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

End of Label Matrix
Mailable recipients     26
Bypassed recipients      1
Total                   27

# DECLARATION

1

## DECLARATION OF MARIYA AYZENBERG

2

I, Mariya Ayzenberg, declare:

3

1.      I am the former client of David B. Golubchik, Esquire and the law firm of

4

Levene, Neale, Bender, Yoo & Brill LLP, the ("firm"), and they both are suing me in the

5

adversary complaint styled *Ayzenberg v. Lev Investments*, 1:20-ap-01062-VK, and as such I

6

personally know of the facts stated herein. If called on to do so, I could and would testify to the

7

same.

8

2.      I make this Declaration because I do not want my former attorney, who advised

9

and counseled me regarding the purchase of the property (13854 Albers Street), whom I

10

discussed my investment strategy about the same property with and who gave me rather

11

astonishing advice (given all that has happened), now being part of the team that tried to rob me.

12

3.      Mr. Golubchik and his firm also represented my interest in a case called *in re*

13

*Kamleshwar Upadhya*, 2:19-bk-12043-VZ.  David B. Golubchik was my attorney, and now he is

14

trying to damage me!  He removed to this Court my settled action with the thief Lioudkovski,

15

and he is forcing me to incur more legal fees because I told him how I deal with litigation.

16

4.      Mr. Golubchik learned facts, personal, confidential, private information, and like

17

a judo-master utilizes that information to turn my world upside down!

18

5.      Mr. Golubchik not had only access to the cases that he litigated but also **_has_**

19

access to other confidential data, which include my finances and lending practices.

20

6.      I asked for strategy, guidance, techniques, and advice on handling my other legal

21

concerns and outstanding debts owed and though he gave me woeful advice, he nevertheless

22

possesses data of mine that he is now utilizing to benefit another of his clients at my direct

23

expense!  It is easy to guess what the other side will do when the other side quarterback has been

24

listening to my huddle! Why else remove an already settled case with the Crook Lioudkovski to

25

the bankruptcy court months after I gave up on making the money I had intended on making

26

when I gave that Crook Lioudkovski my money?!

27

7.      I also asked for tax consequences and concerns if the debts are not repaid or lost

28

and now I feel he has probably shared my data with that Crook Lioudkovski.

- 1 -

8.      Mr. Golubchik and his firm vacuum cleaned my chest of private matters and have now apparently are selling my data to the highest and dirtiest bidder.

9.      If Mr. Golubchik does not immediately recuse himself from further representation of Crook Lioudkovski and his set of firebrand thief companies, I will file a complaint against him with the State Bar of California.

10.     If Mr. Golubchik does not immediately recuse himself from further representation of Crook Lioudkovski, I respectfully ask that the Court impose all remedies that it has to punish attorneys who betray their clients as Mr. Golubchik has betrayed me, on Mr. Golubchik.

11.     I also had to pay a bankruptcy attorney $5000 to look over this notice of removal and advise me. I want up $5000 paid by Mr. Golubchik.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the State of California and the United States.

Executed on June 25, 2020, at Los Angeles, California.

By_____
        Mariya Ayzenberg

- 2 -
DECLARATION OF MARIYA AYZENBERG

# DECLARATION

## DECLARATION OF MIKE KEMEL

I, Mike Kemel, declare:

1.      I am the former client of David B. Golubchik, Esquire and the law firm of Levene, Neale, Bender, Yoo & Brill LLP, hereinafter the firm, and they currently both are suing my mother in the adversary complaint styled *Ayzenberg v. Lev Investments*, 1:20-ap-01062-VK, and are planning to sue me in this case and as such I have personal knowledge of the facts stated herein. If called on to do so, I could and would testify to the same.

2.      I am requesting that the Court immediately remove David B. Golubchik, Esquire and the law firm of Levene, Neale, Bender, Yoo & Brill LLP, from further representation of the Debtor in this case.

3.      In or about March 2019, after the firm conducted a conflict's check, I retained Mr. Golubchik and the firm to represent the interests of my mother and I in *re Kamleshwar Upadhya*, 2:19-bk-12043-VZ.

4.      During this representation, I shared personal, confidential, private information with Mr. Golubchik and candidly revealed every aspect of the business operations of ours (my mother and I) that are currently being exploited for the benefit of Mr. Lioudkovski and Lev Investments, LLC.

5.      Real Property Trustee, Inc., is my corporation. I discussed its operations, tactics, strategies and trade secrets with Mr. Golubchik. There were a myriad of reasons why I did, including the fact that I am in the business of foreclosing on real property throughout California and the people / companies that I foreclose on customary and regularly utilize the bankruptcy process as a last-ditch effort to evade foreclosure.

6.      Our (my mother and I) discussions with Mr. Golubchik occurred not years, but months, prior to the recent conflicted interaction between Mr. Golubchik, Lev Investments, LLC and Mr. Lioudkovski.

7.      Mr. Golubchik was readily aware of my business involvement with LDI Ventures LLC, Lev Investments, LLC (the list of companies goes on and on) and Mr. Lioudkovski that has existed for years now.

8.      My disclosures to Mr. Golubchik about my involvement with Lev Investments, LLC and Mr. Lioudkovski were expressly made to Mr. Golubchik by me.

9.      I attach hereto the Retainer Agreement that I signed with Mr. Golubchik on March 20, 2019, as **Exhibit B**, a true and correct copy, attached hereto and incorporated herein by reference.

10.     In ¶6 of the Retainer Agreement, it states:

> 6. CONFLICT OF INTEREST. LNBYB's employment shall be limited to the representation of the Client, separate and distinct from Client's companies, agents, employees, family members and others. LNBYB cannot represent or advise others in connection with the matters for which it is being retained. Therefore, such parties as partnerships, corporations, guarantors and affiliates, for example, should consider retaining separate counsel to represent and provide such advice as may be necessary or appropriate from time to time.
>
> Client has been advised that LNBYB, because of the specialized nature of its practice, may from time to time concurrently represent one client in a particular case and the adversary of that client in an unrelated case. For example, it is possible that LNBYB may have represented one or more of the parties with whom you ordinarily do business in the past or at present in connection with other matters. We have not undertaken an extensive review of your business or financial affairs and thus we are not aware if this pertains. Please be assured that, despite such potential conflicting representation, LNBYB strictly preserves all client confidences and zealously pursues the interest of each client, including in those circumstances in which LNBYB represents the adversary of an existing client. Client specifically waives any objections to any such present concurrent representation.

11.     Nowhere in the Retainer Agreement do I or my mother waive any "unrelated case" conflicts, much less directly conflicted case conflicts such as Mr. Golubchik has engaged in this case.

12.     I have never been presented with a conflict waiver regarding representation of Lev Investments, LLC and Mr. Lioudkovski by Mr. Golubchik and I would not agree to such a waiver.

13.     The money that went for the purchase of the Note of the Albers property from my mother came from the same bank account that Mr. Golubchik was paid from – the account of Akyem, LLC.

14.     Akyem, LLC was incorporated by my mother in the State of Delaware on June 23, 2015, and domesticated in California on December 2, 2019. See **Exhibit C**, a true and correct copy, attached hereto and incorporated herein by reference.

15.     The domestication of Akyem, LLC, in December 2, 2019, was not coincidental to advice / recommendations of Mr. Golubchik to my mother and I.

16.     Mr. Golubchik is aware of my litigation tactics, is aware of how I analyze litigation; the formula that I utilize when faced with litigation and he obtained those secrets from me when representing me and my mother.

17.     Mr. Golubchik's conduct and the breach of the confidences reposed in him are and have been intentional and deviant in this case.

18.     Mr. Golubchik, cognizant of the fact that the conflicts would be plain intentionally did not remove from state court to this Court certain actions that clearly reveal that he was ethically barred from representing the Debtor and the DIP in these proceedings that involve me and my company and my mother. Those actions are as follows:

    a.     *Coachella Valley Vineyard Luxury RV Park LLC v. Lev Investments, LLC, Dmitri Lioudkovski, Real Property Trustee, Inc.*  Nos. RIC1905065 **&** PSC200222; See **Ex. F**

    b.     *Lev Investments, LLC v. Ruvin Faygenberg et al* and related cross action of *Faygenberg* v. *Lev Investments, LLC, Dmitri Lioudkovski, Real Property Trustee, Inc.* Case No. 19VECV00878. See **Exhibit A**, a true and correct copy, attached hereto and incorporated herein by reference.

19.     Attached hereto as **Exhibit D**, is an email dated April 16, 2019 from Ms. Lisitsa to Mr. Golubchik that had as an attachment the Revised Demand for Payoff that my mother signed. Both the email and the attachment are in **Exhibit D**, a true and correct copy, attached hereto and incorporated herein by reference.

DECLARATION OF MIKE KEMEL

20.    I shared my ongoing issues and concerns with other debts and situations with non-judicial foreclosures which were to percolate into bankruptcy cases.

21.    I asked for strategy, guidance, techniques and advise on handling my legal concerns and outstanding non-judicial foreclosure matters pending at the time.

22.    I also asked for tax consequences and concerns if the debts are not repaid or lost.

23.    Mr. Golubchik and the firm were my confidants and know my deep personal and business confidential information.

24.    Now comes, Mr. Golubchik and the firm and bring an adversary proceeding against my mother for the facts and events which I confided to Mr. Golubchik.

25.    They also come now and claim that they will prosecute me "re wrongful foreclosure advise re Coachella property." Doc 1, page 40. The same events I confided and sought legal advice from Mr. Golubchik about are now being utilized to batter us.

26.    I am shocked and deeply disturbed that an attorney with whom I confided about my legal affairs now plans to sue me about the same and represents someone I have a conflict with.

27.    The fact that I ask that this Court disqualify Mr. Golubchik and his Firm from participating in this case should not be understood as the only remedies that I will seek against Mr. Golubchik. The conduct that has been on display by Mr. Golubchik warrants investigation and a referral to the State Bar of California and I ask that the Court make such a referral.

Executed on June 26, 2020, at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the State of California and the United States.

By_____

Mike Kemel

# EXHIBIT "A"

1  Michael Shemtoub, Esq. SBN 253948
   BEVERLY LAW
2  4929 Wilshire Boulevard, Suite 702
3  Los Angeles, California 90010
   Telephone:    (310) 552-6921
4  Facsimile:    (323) 421-9397

5  Attorney for Real Property Trustee, Inc.
6  and Mike Kemel

7
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10                 NORTHWEST JUDICIAL DISTRICT

11 LEV INVESTMENTS, LLC,                    )  Case No.: 19VECV00878
                                            )
12             Plaintiff,                   )  NOTICE OF MOTION AND MOTION TO
13                                          )  COMPEL THE DEPOSITIONS OF
   vs.                                      )      1.   RUVIN FEYGENBERG
14                                          )      2.   MICHAEL LEIZEROVITZ;
   RUVIN FEYGENBERG; MICHAEL               )      3.   SENSIBLE CONSULTING AND
15 LEIZEROVITZ; SENSIBLE CONSULTING        )  MANAGEMENT, INC;
   AND MANAGEMENT, INC.; MING ZHU,         )      4.   REQUEST FOR SANCTIONS
16 LLC; and DOES 1 through 100, inclusive, )  AGAINST RUVIN FEYGENBERG;
                                            )  MICHAEL LEIZEROVITZ; SENSIBLE
17                                          )  CONSULTING AND MANAGEMENT,
             Defendants.                    )  INC, AND JOHN GERARD BURGEE,
18 _____ )  JOINTLY AND SEVERALLY IN THE
19 RUVIN FEYGENBERG; MICHAEL               )  AMOUNT OF $8,610.00, MEMORANDUM
20 LEIZEROVITZ; SENSIBLE CONSULTING        )  OF POINTS AND AUTHORITIES;
   AND MANAGEMENT, INC.                    )  DECLARATION OF MICHAEL
21                                          )  SHEMTOUB, ESQ., EXHIBITS
             Cross-Complainants,            )
22                                          )
23 vs.                                      )  Date: TBD
                                            )  Time: 8:30 a.m.
24 LEV INVESTMENTS, LLC, DMITRI            )  Place: Department U at 6230 Sylmar Ave.,
   LIOUDKOVSKI (aka Dmitri Ludkovski),     )  Van Nuys, CA 91401
25 YEVGENIYA LISITSA (aka Y. GINA          )
   LISITSA), LISITSA LAW, INC., REAL       )
26 PROPERTY TRUSTEE, INC., MIKE            )  Complaint Filed:   June 20, 2019
27 KEMEL, and ROES 1 to 50,                )  Trial Date:        Not set
                                            )
28           Cross-Defendants.              )
   _____ )

1    TO CROSS-COMPLAINANTS RUVIN FEYGENBERG; MICHAEL

2   LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC. AND

3   ALL INTERESTED PARTIES:

4         PLEASE TAKE NOTICE that on a date to be set by the Court, at 8:30 a.m.,

5   or as soon as thereafter as the matter may be heard, in Department U of the above-

6   entitled Court, at 6230 Sylmar Ave, Van Nuys, CA, 90401 Cross-Defendants Real

7   Property Trustee, Inc. and Mike Kemel, ("Movant" or "Kemel" hereafter) will

8   move this Court to compel the Depositions of (along with productions of

9   documents) of these parties:

10    **1. RUVIN FEYGENBERG**

11    **2. MICHAEL LEIZEROVITZ;**

12    **3. SENSIBLE CONSULTING AND MANAGEMENT, INC;**

13    **4. REQUEST FOR SANCTIONS AGAINST RUVIN FEYGENBERG;**

14       **MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND**

15       **MANAGEMENT, INC, AND JOHN GERARD BURGEE, JOINTLY**

16       **AND SEVERALLY IN THE AMOUNT OF $8,610.00.**

17         This Motion is brought under *Code of Civil Procedure* §§ 1987.1, 2020.240,

18   2023.010, 2025.440, 2025.450, 2025.480, et seq because **RUVIN**

19   **FEYGENBERG, MICHAEL LEIZEROVITZ and SENSIBLE**

20   **CONSULTING AND MANAGEMENT, INC** failed to appear at their duly

21   noticed depositions on June 1, 2020, and have resisted all efforts to secure their

22   testimony.

23         This Motion is made upon the grounds that Cross-Defendants Real Property

24   Trustee, Inc. and Mike Kemel, provided **RUVIN FEYGENBERG, MICHAEL**

25   **LEIZEROVITZ and SENSIBLE CONSULTING AND MANAGEMENT,**

26   **INC** with a proper Notice of Deposition under *Code of Civil Procedure*

27   §§ 2025.220, 2025.250, 2025.510, 2025.6210 and 2020.510 and **RUVIN**

28   **FEYGENBERG, MICHAEL LEIZEROVITZ and SENSIBLE**

1  **CONSULTING AND MANAGEMENT, INC** did not appear at their Deposition
2  on June 1, 2020, and failed to produce documents requested of them.

3      The Court must Order that **RUVIN FEYGENBERG, MICHAEL**
4  **LEIZEROVITZ and SENSIBLE CONSULTING AND MANAGEMENT,**
5  **INC** appear at a deposition within 10-days of adjudicating this Motion, Order
6  them to produce the documents requested of them and to Order sanctions against
7  them jointly and severally, along with their attorney John Gerard Burgee for
8  $8,610.00 ($900 for stenographer (at $300 each), $60 for filing this Motion,
9  $7,650.00 for the 17 hours of attorney time at $450 per hour (5.5-hours traveling
10 to and from Orange County to take the depositions) 11.5 hours preparing this
11 Motion (8 hours), reviewing the Opposition (1 hour Est.) and preparing a reply (2
12 hours Est.) and appearing at the hearing on the Motion (0.5hour Est.)).

13     This Motion is based upon this Notice, the attached Memorandum of Points
14 and Authorities, Declaration of Michael Shemtoub, Esq. and Exhibits, and upon
15 such oral and documentary evidence as presented to the Court at the hearing.

16                 Respectfully submitted,
17 Dated: June 12, 2020            BEVERLY LAW

18

19                By_____
20                    Michael Shemtoub, Esq.
21                    Attorney for Real Property
                   Trustee, Inc. and Mike Kemel

22

23

24

25

26

27

28

# EXHIBIT "B"

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

LAW OFFICES

# L N B Y & B

March 20, 2019

Aykem, LLC
Mike Kemel, Manager
██████████████

       **Re:**     **Engagement Agreement**

Dear Mr. Kemel:

It is our practice and to our mutual benefit to have a written understanding setting forth
████████████████████████████████████████████████
████████████████████████████████████████████████
█████████████████████████████████████

     This legal services agreement ("Agreement") is entered into by and between the
Client and Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB").

    1.   ██████████  ████████████████████████
████████████████████████████████████

    2.   ████████████  ████████████████████
████████████████████████████████████████████████
█████████████████████████████████

    Because LNBYB's practice is limited exclusively to matters of bankruptcy,
insolvency and business reorganization, LNBYB will not be required to render
substantive legal advice beyond those areas. ██████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████████.

---

DAVID B. GOLUBCHIK  ATTORNEY AT LAW  ▪  EMAIL: DBG@LNBYB.COM  ▪  DIRECT: 310.229.3393
10250 CONSTELLATION BLVD., STE 1700, LOS ANGELES, CA 90067  ▪  TEL: 310.229.1234  FAX: 310.229.1244  WWW.LNBYB.COM

Aykem, LLC
Mike Kemel, Manager
March 20, 2019
Page 2



L N B Y & B

Aykem, LLC
Mike Kemel, Manager
March 20, 2019
Page 3

     6.    **CONFLICT OF INTEREST.** LNBYB's employment shall be limited to the representation of the Client, separate and distinct from Client's companies, agents, employees, family members and others. LNBYB cannot represent or advise others in connection with the matters for which it is being retained. Therefore, such parties as partnerships, corporations, guarantors and affiliates, for example, should consider retaining separate counsel to represent and provide such advice as may be necessary or appropriate from time to time.

     Client has been advised that LNBYB, because of the specialized nature of its practice, may from time to time concurrently represent one client in a particular case and the adversary of that client in an unrelated case. For example, it is possible that LNBYB may have represented one or more of the parties with whom you ordinarily do business in the past or at present in connection with other matters. We have not undertaken an extensive review of your business or financial affairs and thus we are not aware if this pertains. Please be assured that, despite such potential conflicting representation, LNBYB strictly preserves all client confidences and zealously pursues the interest of each client, including in those circumstances in which LNBYB represents the adversary of an existing client. Client specifically waives any objections to any such present concurrent representation.



LNBY&B

Aykem, LLC
Mike Kemel, Manager
March 20, 2019
Page 4



L N B Y & B

Aykem, LLC
Mike Kemel, Manager
March 20, 2019
Page 5

     If you are in agreement with the foregoing, please execute this Agreement in the space provided below and return it to me; if not, kindly contact us immediately.

            Very truly yours,

            LEVENE, NEALE, BENDER, YOO
            & BRILL L.L.P.

By:

            DAVID B. GOLUBCHIK, Partner

     You acknowledge that you have read and fully understood all of the terms and conditions of this Agreement before you signed it.  You acknowledge that you have had an opportunity to ask any questions and seek any clarification necessary to understand and approve this Agreement.  You are entitled to and encouraged to seek the advice of independent counsel (at your own expense) if you have any questions or concerns regarding the terms of this Agreement.  By executing below, you agree to all the terms and conditions of this Agreement.

THE FOREGOING IS APPROVED AND
AGREED TO:

Aykem, LLC

By:

     Mike Kemel
     Its Manager

# EXHIBIT "C"



**Secretary of State
Application to Register a Foreign Limited
Liability Company (LLC)**

LLC-5

**2 0 1 9 3 4 5 1 0 1 2 4**

**FILED**
**Secretary of State**
**State of California**

**DEC 0 2 2019**

IPC

This Space For Office Use Only

**IMPORTANT — Read Instructions before completing this form.**

Must be submitted with a current Certificate of Good Standing issued by the government agency where the LLC was formed. See Instructions.

**Filing Fee** - **$70.00**

**Copy Fees** - First page $1.00; each attachment page $0.50;
Certification Fee - $5.00

*Note:* Registered LLCs in California may have to pay minimum $800 tax to the California Franchise Tax Board each year. For more information, go to *https://www.ftb.ca.gov.*

**1a. LLC Name** (Enter the exact name of the LLC as listed on your attached Certificate of Good Standing.)

AYKEM, LLC

**1b. California Alternate Name, If Required** (See Instructions – Only enter an alternate name if the LLC name in 1a not available in California.)

**2. LLC History** (See Instructions – Ensure that the formation date and jurisdiction match the attached Certificate of Good Standing.)

| a. Date LLC was formed in home jurisdiction (MM/DD/YYYY) | b. Jurisdiction (State, foreign country or place where this LLC is formed.) |
|---|---|
| 6 / 23 / 2015 | DE |

**c. Authority Statement** (Do not alter Authority Statement)

This LLC currently has powers and privileges to conduct business in the state, foreign country or place entered in Item 2b.

**3. Business Addresses** (Enter the **complete** business addresses. Items 3a and 3b cannot be a P.O. Box or "in care of" an individual or entity.)

| a. Street Address of Principal Executive Office - **Do not enter a P.O. Box** | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 4923 Lindley Ave | Tarzana | CA | 91356 |
| b. Street Address of Principal Office in California, **if any - Do not enter a P.O. Box** | City (no abbreviations) | State | Zip Code |
| 4923 Lindley Ave | Tarzana | CA | 91356 |
| c. Mailing Address of Principal Executive Office, **if different than item 3a** | City (no abbreviations) | State | Zip Code |

**4. Service of Process** (Must provide either Individual OR Corporation.)

**INDIVIDUAL** – Complete Items 4a and 4b only. Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is **not** a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Mariya | | Ayzenberg | |
| b. Street Address (if agent is **not** a corporation) - **Do not enter a P.O. Box** | City (no abbreviations) | State | Zip Code |
| 4923 Lindley Ave | Tarzana | CA | 91356 |

**CORPORATION** – Complete Item 4c only. Only include the name of the registered agent Corporation.

| c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 4a or 4b |
|---|
| |

**5. Read and Sign Below** (See Instructions. Title not required.)

By signing, I affirm under penalty of perjury that the information herein is true and correct and that I am authorized to sign on behalf of the foreign LLC.

_M Ayzenberg_

Signature

Mariya Ayzenberg

Type or Print Name

LLC-5 (REV 08/2019)

2019 California Secretary of State
bizfile.sos.ca.gov

# Delaware

Page 1

### The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "AYKEM, LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE TWELFTH DAY OF AUGUST, A.D. 2019.

AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "AYKEM, LLC" WAS FORMED ON THE TWENTY-THIRD DAY OF JUNE, A.D. 2015.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL TAXES HAVE BEEN PAID TO DATE.

Jeffrey W. Bullock, Secretary of State

5772425  8300

SR# 20196454169

You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 203389266

Date: 08-12-19

2019345 10124

# EXHIBIT "D"

**From:** Gina Lisitsa
**Sent:** Tuesday, April 16, 2019 3:34 PM
**To:** Edith Figueroa <edith@maximoslending.com>; David B. Golubchik <DBG@lnbyb.com>; Colleen
Herman <colleen@emeraldescrow.com>
**Cc:** Kamleshwar Upadhya <ukamleshwar@gmail.com>; jerry maximos
<jmaximos@maximoslending.com>
**Subject:** RE: UPADHYA, KAMLESHWAR-3256 CAMINO DEL SUR LANCASTER

Please see attached.

Thank you,

Y. Gina Lisitsa, Esq.
**gina@lisitsalaw.com**

T: (310) 272-7766

Notice: This message and any included attachments contain information that may be confidential and privileged. Unless you
are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any
information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this
message. Nothing in this message should be interpreted as a digital or electronic signature that can be used to authenticate a contract or
other legal document. IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform
you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for
the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any
transaction or matter addressed herein.

**From:** Edith Figueroa <edith@maximoslending.com>
**Sent:** Tuesday, April 16, 2019 3:09 PM
**To:** David B. Golubchik <DBG@lnbyb.com>; Colleen Herman <colleen@emeraldescrow.com>
**Cc:** Kamleshwar Upadhya <ukamleshwar@gmail.com>; jerry maximos
<jmaximos@maximoslending.com>; Gina Lisitsa <gina@lisitsalaw.com>
**Subject:** Re: UPADHYA, KAMLESHWAR-3256 CAMINO DEL SUR LANCASTER

Hello,

Following up on yesterdays request.  We need a rush please on the sign demand and the original note
that will need to be surrendered to title at close of escrow.



**Edith Figueroa**
*Senior Loan Processor*
200 S. Main St Suite #150
Corona, CA 92882
(p)951-667-4302
(f)951-667-7455
edith@maximoslending.com

On Mon, Apr 15, 2019 at 1:14 PM Edith Figueroa <edith@maximoslending.com> wrote:
Great, thank you for your help :)



**Edith Figueroa**
*Senior Loan Processor*
200 S. Main St Suite #150
Corona, CA 92882
(p)951-667-4302
(f)951-667-7455
edith@maximoslending.com

On Mon, Apr 15, 2019 at 1:10 PM David B. Golubchik <DBG@lnbyb.com> wrote:

Edith,

I'm copying Gina Lisitsa, counsel for the lender, with this email.  She has the documents you seek and will provide them to you.

**DAVID B. GOLUBCHIK,** Esq.

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**

10250 Constellation Blvd.    |    Suite 1700    |    Los Angeles, CA   90067

Phone   310 229 1234    |    Direct   310 229 3393    |    Fax   310 229 1244

dbg@lnbyb.com    |    **www.lnbyb.com**

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill  L.L.P.'s
email policies which can be found at http://www.lnbyb.com/disclaimers.htm.

🌎  Please consider the environment before printing this email

**From:** Edith Figueroa [mailto:edith@maximoslending.com]
**Sent:** Monday, April 15, 2019 12:52 PM
**To:** David B. Golubchik <DBG@lnbyb.com>
**Cc:** Kamleshwar Upadhya <ukamleshwar@gmail.com>; jerry maximos
<jmaximos@maximoslending.com>
**Subject:** UPADHYA, KAMLESHWAR-3256 CAMINO DEL SUR LANCASTER

Hello,

Please provide a copy of the signed demand with the new 
copy of the unsigned demand.  Also, do you have a copy of the original note? I have a copy of the note
but we'll need the original. It will need to be surrendered to title at close of escrow.



**Edith Figueroa**

*Senior Loan Processor*

200 S. Main St Suite #150

Corona, CA 92882

(p)951-667-4302

(f)951-667-7455

edith@maximoslending.com

4/10/2019

**California TD Specialists**

███████████████████████
███████████

## REVISED DEMAND FOR PAYOFF

Borrower: KAMLESHWAR UPADHYA-Emerald Escrow, Inc. Fax # 951-737-0378

Property Address:     3256 ██████████████, LANCASTER CA 93536

IMPORTANT NOTICE: IF YOU OR YOUR ACCOUNT ARE SUBJECT TO PENDING BANKRUPTCY PROCEEDINGS, OR IF YOU RECEIVED A BANKRUPTCY DISCHARGE ON THIS DEBT, THIS STATEMENT IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT. IF YOU ARE NOT IN BANKRUPTCY OR DISCHARGED OF THIS DEBT, BE ADVISED THAT CALIFORNIA TD SPECIALISTS IS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

The amount to pay off the above referenced loan as of █████████ as follows:

### Interest Information

| From | Through | Payment Amount | Payments | Late Charge | Interest Rate | Interest on UPB |
|------|---------|----------------|----------|-------------|---------------|-----------------|
| 9/1/2018 | | $3,900.00 | 8 | $0.00 | 18 | $34,490.96 |

Unpaid Principal Balance: ████████████████

Please be advised that this figure is subject to change due to escrow disbursements and advances.  Please contact this office to verify that these figures have not changed.  Upon Payment California TD Specialists will record Deed of Reconveyance.

Thank you,

Patricio S. Ince', Vice President



LENDER AGREES WITH THE AMOUNT ABOVE
*m Hydeu R G*
AYKEM, LLC

171215

# EXHIBIT "E"

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 45

19STCV45132                                                    January 16, 2020
**FR LLC vs LEV INVESTMENTS, LLC, et al.**                       2:46 PM

Judge: Honorable Mel Red Recana          CSR: None
Judicial Assistant: J. Marquez           ERM: None
Courtroom Assistant: J. Baltazar         Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:**  Ruling on Notice of Related Cases

The Court finds that the following cases, 19STCV38222 and 19STCV45132, are related within
the meaning of California Rules of Court, rule 3.300(a). 19STCV38222 is the lead case. For
good cause shown, said cases are assigned to Judge Mel Red Recana in Department 45 at Stanley
Mosk Courthouse for all purposes.

All hearings in cases other than the lead case are placed off calendar. This order is made without
prejudice to the parties making a motion to consolidate in the newly assigned department. The
moving party is ordered to serve notice of this order (including hearings vacated, if necessary) by
mail forthwith on all interested parties within ten (10) days of the receipt of this minute order.

Certificate of Mailing is attached.

---

Minute Order                                                    Page 1 of 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 45

**19STCV38222**
**MARIYA AYZENBERG vs LEV INVESTMENTS, LLC, et al.**

January 16, 2020
2:46 PM



Judge: Honorable Mel Red Recana          CSR: None
Judicial Assistant: J. Marquez            ERM: None
Courtroom Assistant: J. Baltazar          Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Ruling on Notice of Related Cases

The Court finds that the following cases, 19STCV38222 and 19STCV45132, are related within the meaning of California Rules of Court, rule 3.300(a). 19STCV38222 is the lead case. For good cause shown, said cases are assigned to Judge Mel Red Recana in Department 45 at Stanley Mosk Courthouse for all purposes.

All hearings in cases other than the lead case are advanced and taken off calendar. This order is made without prejudice to the parties making a motion to consolidate in the newly assigned department. The moving party is ordered to serve notice of this order (including hearings vacated, if necessary) by mail forthwith on all interested parties within ten (10) days of the receipt of this minute order.

Certificate of Mailing is attached.

# EXHIBIT "F"

JOHN G. BURGEE, ESQ. (State Bar No. 132129)
jburgee@bandalaw.net
BURGEE & ABRAMOFF P.C.
20501 Ventura Boulevard, Suite 262
Woodland Hills, California 91364
(818) 264-7575

Attorneys for Plaintiffs GA&TV, INC. and
COACHELLA VINEYARD LUXURY RV PARK, LLC

**FILED**
Superior Court of California
County of Riverside

**1/8/2020**
**M. Allen**
Electronically Filed

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE

PALM SPRINGS COURTHOUSE

| | |
|---|---|
| COACHELLA VINEYARD LUXURY RV PARK, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> LEV INVESTMENTS, LLC, DMITRI LIOUDKOVSKI, REAL PROPERTY TRUSTEE, INC., and DOES 1 to 20, <br><br> Defendants. | CASE NO. **PSC2000222** <br><br> VERIFIED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF: <br><br> 1. QUIET TITLE <br> 2. CANCELLATION OF INSTRUMENTS <br> 3. WRONGFUL FORECLOSURE <br> 4. SLANDER OF TITLE <br> 5. DECLARATORY AND INJUNCTIVE RELIEF |

Plaintiff COACHELLA VINEYARD LUXURY RV PARK, LLC alleges as follows:

**PARTIES**

1.    Plaintiff COACHELLA VINEYARD LUXURY RV PARK, LLC ("RV") is, and was at all times material hereto, a limited liability company organized and existing under the laws of the State of California.

2.    Defendants LEV INVESTMENTS, LLC ("LEV") is, and was at all times material hereto, a limited liability company organized and existing under the laws of the State of California.

//

1 | JOHN G. BURGEE, ESQ. (State Bar No. 132129)
jburgee@bandalaw.net
2 | BURGEE & ABRAMOFF P.C.
20501 Ventura Boulevard, Suite 262
3 | Woodland Hills, California 91364
(818) 264-7575
4 |
Attorneys for Plaintiffs GA&TV, INC. and
5 | COACHELLA VINEYARD LUXURY RV PARK, LLC

**FILED**
Superior Court of California
County of Riverside
**10/4/2019**
**P. Hills**
Electronically Filed

6

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF RIVERSIDE

10 | HISTORIC COURTHOUSE

11

12

13 | GA&TV INC. and COACHELLA
VINEYARD LUXURY RV, LLC,

14 | Plaintiff,

15

16 | vs.

17 | LEV INVESTMENTS, LLC, LDI
VENTURES LLC, DMITRI
18 | LIOUDKOVSKI, REAL PROPERTY
TRUSTEE, INC., and DOES 1 to 20,

19 | Defendants.

20

CASE NO. RIC1905065

VERIFIED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF:

1. BREACH OF CONTRACT
2. SPECIFIC PERFORMANCE
3. BREACH OF WARRANTY [CC § 1113]
4. FRAUD AND CONCEALMENT
5. NEGLIGENT MISREPRESENTATION
6. QUIET TITLE
7. CANCELLATION OF INSTRUMENTS
8. DECLARATORY AND INJUNCTIVE
   RELIEF

21 |     Plaintiffs GA&TV INC. and COACHELLA VINEYARD LUXURY RV, LLC allege as

22 | follows:

23 | **PARTIES**

24 |     1.    Plaintiff GA&TV INC. ("GA&TV") is, and was at all times material hereto, a

25 | corporation organized and existing under the laws of the State of California.

26 |     2.    Plaintiff COACHELLA VINEYARD LUXURY RV, LLC ("RV") is, and was at

27 | all times material hereto, a limited liability company organized and existing under the laws of the

28 | State of California.

1

COMPLAINT

# EXHIBIT "G"

**From:** David B. Golubchik <DBG@lnbyb.com>
**Sent:** Tuesday, September 18, 2018 1:56 PM
**To:** Koko <koko@koloeinc.com>
**Cc:** Gina Lisitsa <gina@lisitsalaw.com>
**Subject:** RE: MEET ONE ANOTHER

Nice meeting you, Gina.

Koko, crazy story.  Although I think I heard before that you and Lev used to hang out together at Carousel

**DAVID B. GOLUBCHIK,** Esq.

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
10250 Constellation Blvd.   **|**   Suite 1700   **|**   Los Angeles, CA   90067
Phone  310 229 1234   **|**   Direct  310 229 3393   **|**   Fax  310 229 1244
dbg@lnbyb.com   **|**   **www.lnbyb.com**

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill  L.L.P.'s
email policies which can be found at http://www.lnbyb.com/disclaimers.htm.

 Please consider the environment before printing this email

**From:** Koko [mailto:koko@koloeinc.com]
**Sent:** Tuesday, September 18, 2018 1:34 PM
**To:** David B. Golubchik <DBG@lnbyb.com>
**Cc:** gina@lisitsalaw.com
**Subject:** MEET ONE ANOTHER

Hi David-

Thank you for taking the call.  I appreciate you investing the time to speaking to us.

Please meet one another and save each other's contact information.  Let's stay in touch to see how we can get you and your firm involved if this evolves further.



CHECK THIS ARTICLE OUT 😊
https://medium.com/@ninaandtito/a-511m-fuel-tax-credit-fraud-indictment-in-utah-connects-a-polygamous-mormon-cult-to-mike-flynn-402e1f7a0fb5

Thank you and sincerely,

STANDARD HOME LENDING, INC.

Koko Polosajian
Broker
13223 Ventura Blvd
Suite G
Studio City, CA 91604
kpolosajian@mrmortgage.com
818.379.9585 ph
310.350.0306 mobile
818.379.9586 fax

# EXHIBIT "H"

# You Can't Make This Shit Up: A $511M Fuel Tax Credit Fraud Indictment in Utah Connects a Polygamous Mormon Cult to Mike Flynn, TrumpRussia, and Transnational Organized Crime

 K. Louise Neufeld   Follow
Aug 26, 2018 · 10 min read

## The Kingston Group in Utah is in bed with the Russian/Armenian mob. They do business together in Turkey and connect to the Special Counsel's investigation into the 2016 election and other investigations.

*Note: This piece was written with the help of crowdsourced research by these Tweeters: @stephaniefishm4 @brazencapital @peaceful_411 @agenthades1 and @thomass4217.*

On August 24, 2018, the United States Department of Justice announced a federal indictment had been unsealed. Three men were charged with a $511,000,000 tax credit fraud scheme involving biofuels. Jacob Kingston, Isaiah Kingston, and Lev Aslan Dermen (aka Levon Termendzhyan) were charged in the District of Utah. The indictment was filed August 1, 2018, and ordered sealed.

> *"[The men] allegedly schemed to file false claims for renewable fuel tax credits, which caused the IRS to issue over $511 million to WRE….From 2010 through 2016, as part of their fraud to obtain the fuel tax credits, the defendants allegedly created false production records and other paperwork routinely created in qualifying renewable fuel transactions along with other false documents. To make it falsely appear that qualifying fuel transactions were occurring, the defendants rotated products through places in the United States and through at least one foreign country."*

Note: the indictment mentions Panama. In addition to the tax credit scam, the

> "indictment further charges that the defendants laundered part of the scheme proceeds
> through a series of financial transactions related to the purchase of a $3 million personal
> residence for Jacob Kingston. Jacob and Isaiah Kingston are separately alleged to have
> laundered approximately $1.72 million in scheme proceeds to purchase a 2010 Bugatti
> Veyron. Jacob Kingston and Lev Aslan Dermen are separately charged with money
> laundering related to an $11.2 million loan funded by scheme proceeds."

Case 2:18-cr-00365-JNP   Document 1   Filed 08/01/18   Page 1 of 21

JOHN W. HUBER, United States Attorney (#7226)
LESLIE A. GOEMAAT, Special Assistant United States Attorney (MA #676695)
RICHARD M. ROLWING, Special Assistant United States Attorney (OH #0062368)
ARTHUR J. EWENCZYK, Special Assistant United States Attorney (NY #5263783)
JOHN E. SULLIVAN, Senior Litigation Counsel, Tax Division (WI #1088889)
Attorneys for the United States of America
111 South Main Street, #1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: leslie.a.goemaat@usdoj.gov
  richard.m.rolwing@usdoj.gov
  arthur.j.ewenczyk@usdoj.gov
  john.e.sullivan@usdoj.gov

FILED

SEALED

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. |
| Plaintiff, | : | INDICTMENT |
| v. | : | Viols. |
| JACOB ORTELL KINGSTON, ISAIAH ELDEN KINGSTON, and LEV ASLAN DERMEN, a/k/a Leven Termendzhyan, | : | **Counts 1 thru 9** – 26 U.S.C. § 7206(2) (Aiding and Assisting in the Filing of a False Return) |
| Defendants. | : | **Counts 10 thru 14** – 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2 (Money Laundering) |
| | : | **Count 15** – 18 U.S.C. §§ 1957 and 2 (Money Laundering) |
| | : | Forfeiture Allegation |

The Grand Jury charges:

At times relevant to this Indictment:

Case: 2:18-cr-00365
Assigned To : Parrish Jill N.
Assign. Date : 8/1/2018
Description: USA v. SEALED

1

**Defendants and Their Companies**

1.    Defendant JACOB ORTELL KINGSTON was a resident of Utah and owned 50% of Washakie Renewable Energy, LLC ("Washakie"). He was the chief executive officer of Washakie.

2.    Defendant ISAIAH ELDEN KINGSTON was a resident of Utah and owned 50% of Washakie. He was the chief financial officer of Washakie.

3.    Washakie was a limited liability company with corporate offices in Salt Lake City, Utah. As of January 7, 2013, Washakie described itself on its website as "Utah's largest producer of clean burning and sustainable biodiesel." As of November 10, 2013, Washakie described itself on its website as "the largest producer of biodiesel and chemicals in the intermountain west."

4.    United Fuel Supply ("UFS") was a limited liability company with corporate offices in Salt Lake City, Utah. UFS was controlled by Defendants JACOB ORTELL KINGSTON and ISAIAH ELDEN KINGSTON.

5.    Defendant LEV ASLAN DERMEN, a/k/a Leven Termendzhyan, was a resident of California. He controlled several fuel-related companies in the United States, including Noil Energy Group, a corporation with offices in California.

6.    SBK Holdings, Inc., later SBK Holdings USA, Inc., was a corporation formed in California in December 2013 initially owned by Defendants JACOB ORTELL KINGSTON and LEV ASLAN DERMEN, a/k/a Leven Termendzhyan. Defendant DERMEN had signatory authority over SBK Holdings USA, Inc.'s bank accounts and

2

source: PACER.gov

Jacob Kingston is the CEO of Washakie Renewable Energy, and Isaiah Kingston is the CFO. The Kingstons are sons of John Daniel Kingston, the partiarch of the Kingston Group, "a Utah-based polygamous church with fundamentalist Mormon beliefs." Journalist Jesse Hyde wrote about the group in his brilliant article **"Inside 'The Order,' One Mormon Cult's Secret Empire,"** published June 15, 2011, in Rolling Stone. The Southern Poverty Law Center declared the Kingston Group a hate group in their August 8, 2017 expose, **"Blood Cult."** The Salt Lake Tribune's Nate Carlisle reported August 4, 2018, "**Girls in polygamous Kingston Group continue to marry as young as 15,**

**records show, sometimes leaving Utah to marry cousins.**" All three articles are essential reading to get a sense of who the Kingston group really is-and the scope of their crimes and abuses.

According to the federal indictment dated August 1, 2018 (available on PACER), Lev Aslan Dermen *aka* Levon Termendzhyan, is a California resident who controls

> "*several fuel-related companies in the United States, including Noil Energy Group, a corporation with offices in California. SBK Holdings, Inc., later SBK Holdings USA, Inc., was a corporation formed in California in December 2013 initially owned by Defendants Jacob Ortell Kingston and Lev Aslan Dermen, a/k/a Levon Termendzhyan.*"

On September 29, 2017, Isaac Arnsdorf of ProPublica published a brilliant piece of journalism, **"Robert Mueller Subpoenas an Associate of the Man Who Hired Michael Flynn as a Lobbyist,"** about Sezgin Baran Korkmaz, who is a *"close ally of Ekim Alptekin, the 40-year-old Turkish businessman who hired Flynn to lobby for Turkish interests shortly before the election."* In the article, Arnsdorf writes Termendzhyn's SBK Holdings USA is *"the U.S. sister company"* of Sezgin Baran Korkmaz's Turkish company, SBK Holding. SBK Holding

> "*has "major investments" in the Russian energy sector, a September 2016 announcement by a Turkish government agency said. The company's website shows operations in Russia but doesn't specify what they are.*"

On October 5, 2017, The Real Deal reported former SBK Holdings USA's President and Legal Counsel, Edgar Sargosyan had stated in a legal declaration that Termendzhyan was "under investigation by the Department of Homeland Security for money laundering, tax evasion and stolen petroleum." I found several other companies connected to Termendzhyan (see charts below), and he and his family members appear in the Offshore Leaks Database.

source: www.corporationwiki.com

## Things Get Crazier, Because We are Witnessing the Unravelling of Decades of Transnational Organized Crime

Edgar Sargsyan, who is the ex-President and ex-Legal Counsel for SBK Holdings USA, stated in his declaration filed in court on July 14, 2017:

> "On information and belief, I have learned from conversations with law enforcement that Levon Termendzhyan is the head of a criminal organization, and is the person referred to as "co-conspirator 1" in FBI Special Agent Brian Adkins' affidavit. Attached herto as Exhibit G is a true and correct copy of this affidavit filed in the case United States of America v. Felix Cisneros, Case №17MJ00620."

Felix Cisneros is a former ICE agent who was convicted on April 24, 2018, of criminal charges related to helping a Mexican national enter the United States. Cisneros was arrested on March 23, 2017 and in the affidavit of Brian Adkins (see Exhibit G), footnote 2 states,

> "'Co-Conspirator 1'" refers to an unindicted co-conspirator who, as described more fully below, directed Cisneros to aid and assist the CHS (Confidential Human Source) in illicitly entering the United States on September 7, 2013, despite being inadmissible at the time under 8 USC 1182."

Adkins' affidavit further states,

> "During the CHS (Confidential Human Source) Interviews, the CHS informed me that the CHS was working in the oil and gas industry in 2013, and that, at the time, Co-Conspirator 1 was negotiating an oil and gas deal in Mexico involving several individuals and companies. The CHS was assisting Co-Conspirator 1 in negotiating that deal, which included travel to Mexico to engage in negotiations…I have spoken with the FBI Supervisory Special Agent for the FBI's Transnational Organized Crime-Eastern Hemisphere squad, who informed me that, based on his squad's investigations, the FBI believes that Co-Conspirator 1 holds a leadership role with a criminal organization located in Southern California, and has held this role since at least 2013."

6/26/2020 Case 1:20-bk-11006-VK $511M Fuel Tax Credit Fraud Indictment in Utah Connects a Polygamous Mormon Cult to Mike Flynn, Tr…

Case 1:20-bk-11006-VK Doc 56 Filed 06/26/20 Entered 06/26/20 23:47:07 Desc
Main Document Page 55 of 67

If Edward Sargsyan's declaration is correct and Levon Termendzhyan is indeed Co-Conspirator 1 in Special Agent Brian Adkins' affidavit, then Termenzhyan is potentially in trouble for bribery and obstruction of justice. And so are a "local politician" and a "state prosecution agency." *Remember- I'm not a lawyer-but I can read, and the Summary of Probable Cause, particularly Paragraph 6C, is a shocker:*




source: Complaint filed 3/21/17, available on PACER.gov

## A (Brief) Timeline of Treason: How this connects to Trump-Russia and Mueller's investigation

6/26/2020  Case 1:20-bk-11006-VK A $5:0.6-56 Tax Credit Fraud mant in LittleCone 0t26/202b. Morron Cult06 Mike Flynn, Tr...

Case 1:20-bk-11006-VK  Doc 56  Filed 06/26/20  Entered 06/26/20 23:47:07  Desc
Main Document    Page 56 of 67



Note the jacket on the left in the photo (hat tip @jbadomics on Twitter for pointing it out). Now does #AbolishICE as a provocation tactic make sense in the grand scheme of things?

1. February 10, 2016: Several of the Kingston's properties were raided by the FBI on February 10, 2016, and on February 13, 2016, a former employee explained aspects of the Kingstons' fuel tax scam to KUTV in Utah.

2. August 2016: Alptekin's Dutch consulting company Inovo BV hired Mike Flynn's Flynn Intel Group to do opposition research on Fethullah Gulen, a Turkish cleric who lives in Pennsylvania, and who Turkish President Erdogan blames for a "coup attempt" in July 2016.

3. August 18, 2016: Ex-CIA Director James Woolsey's wife, Nancy Miller emailed Woolsey a proposal which Woolsey printed out and showed to Korkmaz, who forwarded it to Alptekin.

4. Sometime in August 2016, but likely after the proposal was emailed: Woolsey proposed a $10,000,000 project to Korkmaz at a meeting in California. The project was " a lobbying and public relations campaign targeting Fethullah Gulen."

5. September 9, 2016: The government of Turkey issued a press release: "**$950M Cash Flow Slated to Arrive in Total Future Investments:** Noil Energy Group Inc., US-Based Washakie Renewable Energy and SBK Holding LLC are Set to Start a $450M Equity Fund." The press release states that Noil Energy Group's *"collaboration with SBK Holding Inc. was kick-started in 2013…**Total investments made since 2013 in collaboration with and under the management of SBK Holding Inc. have reached $500 million**…NEG has established a new $450 million equity fund for the new investments it is poised to flow into Turkey until the end of 2016. On top of this equity fund, NEG has established a $500 million recovery fund to leverage M&A operations in Turkey due to get well underway in 2 years."* [emphasis mine]

6. September 19, 2016: Michael Flynn met with two Turkish Ministers regarding a proposal to kidnap Fetullah Gulen and send him to Turkey. The meeting was arranged by Alptekin.

7. September 20, 2016: Woolsey & his wife had lunch in New York City with Alptekin & Korkmaz regarding their Gulen proposal.

8. October 2016: The "*American-Turkish Council, a group devoted to building up business connections between the two countries (and the conference's other organizer), booked the Trump hotel in downtown DC, a short walk from the White House*" for a May 2017 conference.

9. November 8, 2016: Election day. Flynn publishes an Op-Ed in The Hill about Gulen.

10. February 13, 2017: Flynn resigns/is forced out as National Security Advisor.

11. March 23, 2017: Former ICE Agent Felix Cisneros was arrested for helping a Mexican National enter the United States illegally. The Affidavit of FBI Special Agent Brian Adkins (see Exhibit G) states Cisneros was directed by "Co-Conspirator 1" to assist the Mexican National in entering the country.

12. May 16–17, 2017: Erdogan visits Trump. Erdogan's bodyguards beat up protestors on American soil.

13. May 21–23, 2017: 36th Annual Conference on US-Turkey Relations at Trump hotel in Washington DC. Korkmaz and Alptekin both gave keynote speeches. Newt Gingrich spoke at a luncheon.

14. May 2017: Alptekin was interviewed by Mueller's team. After the interview, Mueller's team sent Alptekin a subpoena, and told his lawyers they believed he was lying about the source of the money he paid to Flynn. As of October 6, 2017, he had still refused to comply with the subpoena. *(Added to the timeline 12:30 PM EDT Sunday August 26, 2018; thank you Tweeter @RubyWorms for reminding me of the Alptekin subpoena after I initially published this story!)*

15. July 14, 2017: Edward Sargsyan files declaration stating Termendzhyan is "Co-Conspirator 1," in FBI Special Agent Adkin's Affidavit in the Felix Cisneros case, which says Co-Conspirator 1 is believed by FBI to be a leader of a criminal organization.

16. September 22, 2017: per Arnsdorf's reporting, this is the date that Sezgin Baran Korkmaz was to testify to a federal grand jury, per a subpoena ordering the testimony. The subpoena was sent with a letter *"signed by Robert Mueller and Zainab Ahmad, a senior assistant special counsel who specializes in prosecuting terrorism."* The letter stated, *"The grand jury is conducting an investigation of possible violations of federal criminal laws involving the Foreign Agents Registration Act [FARA], among other offenses."*

17. December 1, 2017: Flynn pleaded guilty to lying to the FBI about his conversations with Sergey Lavrov. Additionally, per Politco's Josh Gerstein, Matthew Nussbaum and Theodoric Meyer, *"Flynn admitted to making "materially false statements and omissions" in his retroactive registration, including **lying about the fact that the Turkish government officials were supervising and directing the work. He also misrepresented his lobbying work by stating that it was "focused on improving U.S. business organizations' confidence regarding doing business in Turkey,"** and lied about an op-ed he published in The Hill on Election Day in which he compared Gulen to Iran's Ayatollah Khomeini. Flynn stated in the registration in March that he'd written the op-ed voluntarily and not on behalf of Turkey or anyone else."* [emphasis mine]

18. April 24, 2018: Former ICE Agent Felix Cisneros convicted for illegally helping a Mexican National enter the United States.

19. August 1, 2018: Indictment of Jacob Kingston, Isiaih Kingston, and Levon Termendzhyan for $511,000,000 tax credit fraud scheme and money laundering, is

filed in federal court, and sealed.

20. August 24, 2018: Indictment of the Kingston brothers and Termendzhyn is
    announced by the Department of Justice. The connections of this polygamous cult to
    the Mueller investigation, associates of Mike Flynn, and Transnational Organized
    Crime, are not mentioned in the DoJ's press release, or in any of the mainstream
    media articles about the indictment.

## Additional Rabbit Holes

As with all people and companies connected to the Trump-Russia-Transnational
Organized Crime nexus of corruption, there are other rabbit holes that I haven't had
time to dig into. I'll list some of them here.

1. The current CEO of Termendzhyan's Viscon International, Inc., and former COO of
   Noil Energy Group from 2007–2014, is Daniel McDyre. He's Richard Nixon's former
   Presidential pilot.

2. Levon Termendzhyan has a joint venture with a Native American tribe in Yakima,
   Washington via First American Petroleum. Given recent "rent-a-tribe" payday
   lending scandals, and Termendzhyn's apparent connections to organized crime, this
   is worth investigating further.

3. Levon Termendzhyan was arrested in 1993 for a gas tax scam. In the article, his
   name is spelled Termendjian. His brother Grigor was also arrested. The Russian
   mafia and the Italian Mafia were actively involved in gas tax scams in the 1980s-
   1990s.

4. According to Levon Termendzhyan's blog, he owns a Fixed Base Operation (FBO).
   *"FBOs provide various services to private jet pilots at established airports. Most of these
   entities are run by commercial companies and typically offer self-pump or full-service
   fueling options."* Private jets + organized crime makes me wonder if Termendzhyn
   has any connection to Jetsmarter.

5. There are a lot of names and companies listed on a civil suit brought by SBK
   Holdings USA, Inc. The Termendzhyans have several trademarks. These all need to
   be explored.

There's much more to dig into, but that's enough for now.

Mike Flynn    Mueller    Kingston Cult    Levon Termendzhyan    Sbk Holding

About    Help    Legal

Get the Medium app

    

# EXHIBIT "I"

JAMES R. FELTON, ESQ. (State Bar No. 138767)
jfelton@gblawllp.com
YI SUN KIM, ESQ. (State Bar No. 252303)
ykim@gblawllp.com
G&B LAW, LLP
16000 Ventura Boulevard, Suite 1000
Encino, California 91436
Tel: (818) 382-6200 • Fax: (818) 986-6534

Attorneys for Defendants
Dmitri Lioudkovski and LDI Ventures, LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No.: 1:18-bk-10828-MT |
| NAZARET KECHEJIAN, | Adv. No.: 1:18-ap-01101-MT |
| Debtor. | (Chapter 13) |
| | **G&B LAW LLP'S NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS DMITRI LIOUDKOVSKI AND LDI VENTURES, LLC; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JAMES R. FELTON IN SUPPORT THEREOF** |
| NAZARET KECHEJIAN, | |
| Plaintiff, | |
| v. | Date: No hearing date required |
| GREG MKRCHYAN; an individual, aka GARIK MKRCHYAN, aka GHEGHAM TER-MIKRTCHYAN; KIRILL KIZYUK, an individual, PRIME CAPITAL GROUP, INC., a California Corporation; MKRTCHYAN INVESTMENTS, L.P., a California Limited Partnership; ARTHUR ARISTAKESYAN, an individual; PHANTOM PROPERTIES, LLC, a Nevada limited liability company; DMITRI LIOUDKOVSKI, an individual; ANDREI LUDKOVSKY, an individual; LDI VENTURES, LLC, a California limited liability company, | Time: [Per LBR 9013-1(p)(4)]<br>Ctrm: 302<br>21041 Burbank Blvd.<br>Woodland Hills, CA 91367 |
| Defendants. | |

///

1

TO THE HONORABLE MAUREEN A. TIGHE, DEBTOR, THE UNITED STATES

TRUSTEE, AND ALL PARTIES/COUNSEL ENTITLED TO RECEIVE NOTICE:

PLEASE TAKE NOTICE THAT G&B Law LLP ("**G&B**"), attorneys of record for Dmitri

Lioudkovski and LDI Ventures, LLC, who are Defendants ("herein "Defendants"), shall move this

Court (the "**Motion**") for an order permitting G&B to withdraw as Defendants' attorneys of record

in the above-captioned adversary proceedings, Adv. Proc. No. 1:18-ap-01101-MT.

This Motion is made pursuant to Local Bankruptcy Rules ("LBR") 2091-1(a) and 9013-

1(p)(4) on the grounds that there has been a breakdown in the attorney-client relationship. Pursuant

to California Rules of Professional Conduct, Rule 1.16(b), a state bar member may withdraw from

representation if, among other things: (1) the client by his/her/its conduct renders it unreasonably

difficult for the lawyer to carry out the representation effectively; or (2) the client breaches a

material term of an agreement with, or obligation to, the lawyer relating to the representation.

This Motion is based upon this Notice and the attached Memorandum of Points &

Authorities, the Declaration of James R. Felton attached hereto, and upon further notice or argument

as may be required by the Court, so that an Order based hereon may be duly entered by the Court.

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Bankruptcy Rule 9013-1(h),

the Court may deem the failure of a party in interest to file a timely response to the Motion to

constitute consent to the granting by the Court of the relief requested in the Motion.

DATED: June 26, 2020                    G&B LAW, LLP


By: _____
    JAMES R. FELTON
    YI SUN KIM
    Attorneys for Defendants
    Dmitri Lioudkovski and LDI Ventures, LLC

MOTION TO WITHDRAW AS COUNSEL

1913644.1 - 32417.0003

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION/STATEMENT OF FACTS

By this Motion, G&B seeks to withdraw as counsel of record for Dmitri Lioudkovski and LDI Ventures, LLC ("Defendants"). G&B represents Defendants as Defendants in the adversary action.

In connection with Defendants employment of G&B, both parties entered into a written retainer agreement (the **"Agreement"**) setting forth the terms of such employment. The Agreement provided that G&B has the right to withdraw as counsel under certain circumstances. Specifically, paragraph 7 of the Agreement provides:

> If at any time during the course of the Firm's representation any portion of your outstanding balance is more than sixty (60) days in arrears or if you otherwise fail to fulfill any of your obligations under this Letter Agreement, you hereby agree that the Firm shall have the absolute right to substitute out as your attorney of record or to otherwise withdraw from representing you in connection with this matter. You hereby agree to sign whatever documents and to perform whatever other acts may be necessary or appropriate, in the Firm's sole discretion, to effectuate such substitution or withdrawal, including a form Substitution of Attorney.

Significant differences have arisen between Defendants and G&B including, but not limited to, non-payment of legal fees and costs. Other than reference to the current amount owed, details of those differences cannot be revealed in this Motion out of concern that such disclosure would violate the attorney-client privilege as provided under both state and federal law.

Given these facts, it makes it impossible for G&B to continue with the representation of the Defendants under these circumstances.

G&B has never previously filed a motion to withdraw as counsel.

The following matters are scheduled for this matter:

The next scheduled deadlines in this matter are as follows:

1.  6/30/20: L/D to Exchange List of Proposed Mediators

2.  8/14/20: Mediation Completion Date and L/D for Dispositive Motions to be Filed

3.  9/16/20: Deadline for Pretrial Stipulation

4.  9/30/20- Pretrial Conference.

1913644 1 - 32417.0003

1       G&B believes that Defendants will not be prejudiced by G&B's withdrawal of its

2   representation at this time.

3   **II.**

4   <u>**THE COURT MAY PERMIT G&B TO WITHDRAW FROM THE THESE PROCEEDINGS**</u>

5       LBR 2091-1(a) provides in pertinent part that leave of court is required for an "attorney who

6   has appeared on behalf of an entity in any matter concerning the administration of the case, in one or

7   more proceedings, or both, to withdraw as counsel . . ." Such leave may be granted by the

8   Bankruptcy Court, so long as withdrawal is consistent with the California Rules of Professional

9   Conduct. *Value Property Trust v. Zim Co. (IN re Mortgage Realty Trust)*, 195 B.R. 740, 747

10  (Bankr. C.D. Cal. 1996) (stating that the applicable professional conduct standards for attorneys

11  practicing in the Bankruptcy Court for the Central District of California are provided by the rules of

12  professional conduct promulgated by the California state bar). Moreover, withdrawal is permitted

13  when it will impose no undue prejudice on the client's interests regardless of the existence of good

14  cause. *Ramirez v. Sturdevant*, 21 Cal. App. 4th 904, 915 (1994) ("We see no basis in law or logic,

15  for a conclusion that an attorney never may withdraw from a case except for cause").

16      According to California Rules of Professional Conduct, Rule 1.16(b), a state bar member

17  may withdraw from representation if, among other things: (1) the client by his/her/its conduct

18  renders it unreasonably difficult for the lawyer to carry out the representation effectively; or (2) the

19  client breaches a material term of an agreement with, or obligation to, the lawyer relating to the

20  representation.

21      Good cause exists for G&B to withdraw based upon material breakdowns in the attorney-

22  client relationship that may not be discussed here without potentially violating the attorney-client

23  privilege.

24  ///

25  ///

26  ///

27  ///

28  ///

1913644 1 - 32417.0003

## III.

## <u>CONCLUSION</u>

Based upon the foregoing, G&B requests the Court to issue an order which permits G&B to withdraw as attorneys of record for the Defendants in the adversary proceeding.

DATED:  June 26, 2020                    G&B LAW, LLP


By: _____
       JAMES R. FELTON
       YI SUN KIM
       Attorneys for Defendants
       Dmitri Lioudkovski and LDI Ventures, LLC

MOTION TO WITHDRAW AS COUNSEL

1913644 1 - 32417 0003

1

## DECLARATION OF JAMES R. FELTON

2 I, JAMES R. FELTON, declare as follows:

3 1. I am the managing partner at the law firm of G&B Law, a Registered Limited

4 Liability Partnership ("**G&B**"). I am an attorney at law licensed to practice before all of the Courts

5 of the State of California and before the United States District Court, Central District of California.

6 If called as a witness in this action, I am competent to testify of my own personal knowledge, to the

7 best of my recollection, as to the matters set forth in this Declaration.

8 2. As of the filing of this Motion, Defendants currently owe a receivable in this matter.

9 3. In connection with the Defendants employment of G&B, both parties entered into a

10 written retainer agreement (the "**Agreement**") setting forth the terms of such employment. The

11 Agreement provided that G&B had the right to withdraw as counsel under certain circumstances.

12 Specifically, the Agreement provides:

13
> If at any time during the course of the Firm's representation any portion of your
> outstanding balance is more than sixty (60) days in arrears or if you otherwise fail to
14 > fulfill any of your obligations under this Letter Agreement, you hereby agree that the
> Firm shall have the absolute right to substitute out as your attorney of record or to
15 > otherwise withdraw from representing you in connection with this matter. You
> hereby agree to sign whatever documents and to perform whatever other acts may be
16 > necessary or appropriate, in the Firm's sole discretion, to effectuate such substitution
> or withdrawal, including a form Substitution of Attorney.
17

18 4. I do not believe that Defendants will be unduly prejudiced if this Motion is granted.

19 Defendants have been fully apprised of all pending issues and hearings.

20 I declare under penalty of perjury under the laws of the United States of America that the

21 foregoing is true and correct, and that this declaration is executed on June 26, 2020 in Encino,

22 California.

23

24 _____
JAMES R. FELTON

25

26

27

28



I

DECLARATION OF JAMES R. FELTON, ESQ.

1913644.1 - 32417.0003