Michael Shemtoub, Esq. (SBN 253948)
BEVERLY LAW
4929 Wilshire Blvd Suite 915
Los Angeles CA 90010
Telephone: (310) 552 6959
Facsimile: (323) 421 9397

Attorney for Mike Kemel, Mariya Ayzenberg

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>    LEV INVESTMENTS, LLC,<br><br>              Debtor. | Case No.: 1:20-bk-11006-VK<br><br>Chapter 11, subchapter V<br><br>**RESPONSE AND CONCURRENCE WITH [DOC 58] OPPOSITION TO EMPLOYMENT OF NODD LAW GROUP FILED BY THE SANDS LAW GROUP; SUPPLEMENTAL TO EMERGENCY MOTION [DOC-56] TO RECUSE DAVID GOLUBCHIK AND THE LAW FIRM OF LEVENE, NEALE, BENDER, YOO & BRILL LLP, FROM ALL FURTHER PARTICIPATION IN THIS CASE, ALL RELATED CASES** |

RESPONSE AND CONCURRENCE WITH [DOC 58] OPPOSITION TO EMPLOYMENT OF NODD LAW GROUP FILED BY THE SANDS LAW GROUP; SUPPLEMENTAL TO EMERGENCY MOTION [DOC-56] TO RECUSE DAVID GOLUBCHIK AND THE LAW FIRM OF LEVENE, NEALE, BENDER, YOO & BRILL LLP, FROM ALL FURTHER PARTICIPATION IN THIS CASE, ALL RELATED CASES

**TO THE HON. VICTORIA KAUFMAN, UNITED STATES BANKRUPTCY COURT JUDGE, AT THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL OTHER PARTIES IN INTEREST**

**PLEASE TAKE NOTICE** that Mike Kemel, Mariya Ayzenberg hereby submitted an additional issue in support of their Emergency Motion to disqualify David Golubchik and the law firm of Levene, Neale, Bender, Yoo & Brill LLP, from all further participation in the main bankruptcy proceeding and all of the related removed actions. They further objects to the employment of David Golubchik and the law firm of Levene, Neale, Bender, Yoo & Brill LLP [DOC 10-11, 30]. They further request that David Golubchik and the law firm of Levene, Neale, Bender, Yoo & Brill LLP be Ordered to disgorge all funds entrusted to them in advance of their employment.

## SUPPLEMENTAL POINT IN SUPPORT OF EMERGENCY MOTION TO REMOVE DAVID GOLUBCHIK AND HIS LAW FIRM FROM ANY PARTICIPATION IN THIS AND RELATED CASES BY THEIR CLIENTS MIKE KEMEL, MARIYA AYZENBERG

It should be made clear that the Law Firm Levene, Neale, Bender, Yoo & Brill LLP is uncriticized.  In fact, just today the undersigned was asked if a creditors committee in another case should move to have Mr. Yoo and his firm disqualified at a upcoming 341-Meeting where the creditors will / may nominate (as is their right per §702, *In re Oxborrow* (9th Cir. 1990) 913 F.2d 751, 753) another trustee as the Interim Trustee has elected to be represented by Mr. Yoo.

The immediate, without hesitation response was "NO", from me.  Neither my Client who is the one was the largest claim or I would like to see Mr. Yoo go; he is ethical, firm and diligent.  One doesn't cut down a tree because of a bad apple.

The "bad apple," Mr. Golubchik, is cause for the supplemental paper.  One thing that was not emphasized as it should have been is that by way of his interaction and obtainment of confidences and secrets from Mr. Kemel and Mrs. Ayzenberg is the fact that Mr. Golubchik understands and precisely knows what the singular most important issued to any of the litigation is about the people who he is litigating against and those are his own clients.

To be clear, but the undersigned is speaking about is "money to fight."

Mr. Golubchik, knows how much money have and possess in their war chest because he is representing them.  any lawyer in the business of lawn knows the wealth of his client more precisely than the Internal Revenue Service and such knowledge is fatally potent in litigation as it is though one singular point/issue that without fail will control the outcome of %99.9999999 percent of all litigation. When one runs out of money, one cannot longer defend oneself in what has come to be known as the Battle of Kings i.e. litigation. *Global Van Lines, Inc. v. Sup.Ct.* (V.I.P. Movers, Inc.) (1983) 144 Cal.App.3d 483, 489, 192 Cal.Rptr. 609, 613]

There is   also a presumption that Mr. Golubchik, has obtained substantial secrets of Mr. Kemel and Ms. Ayzenberg that he is currently using against them.  The presumption can only be rebutted with clear and convincing evidence and as such avoids the ironic result of disclosing the former client's confidences and secrets through inquiry into the actual state of the lawyer's knowledge in proceedings to disqualify the attorney. *H.F. Ahmanson & Co. v. Salomon Bros., Inc*. (1991) 229 Cal.App.3d 1445, 1453, 280 Cal.Rptr. 614, 618.

Mr. Golubchik, and his firm must be disqualified and disqualified immediately.

## **CONCURRENCE WITH THE OBJECTION AND REQUEST FOR A HEARING REGARDING JEFF NODD'S EMPLOYMENT FILED BY MR. SANDS ON JUNE 27, 2020 [DOC 58]**

Mr. Nodd, has a disqualifying charging lien embedded in his Retainer Agreement.  Mr. Nodd recognizes that the charging lien contained in his Retainer agreement is fatal to his application for employment as it asserts a prepetition claim against the assets of the Estate and thus renders him undeniably disqualified to be employed by the Estate post-petition.

Manufacturing an exception to the automatic disqualification rule is attempted by Mr. Nodd in his application where he disowns the charging lien through his declaration.  The conduct is in bad faith and it is fraudulent for it essentially says that Mr. Nodd is disowning the charging lien because he is getting paid in full if employed by the Estate directly from the proceeds of the Settlement.

There would be no need for a charging lien in a retainer agreement if payment was assured by some other means that is as ironclad as a charging lien.

Furthermore, Mr. Nodd and the Debtor are challenged to bring forth any case that provide authorities that a contract in writing can be unilaterally renegotiated by one party to the contract.

Additionally, Mr. Nodd and the Debtor are challenged to bring forth any case that provides authority that a disqualifying clause in the contract of a professional entitling him to prepetition claim against the Estate can be disowned so that the professional could do then exactly what the statute prohibits him to do, which is to gain employment and receive money from the estate. *In re Mehdipour,* 202 B.R. 474, 478 (B.A.P. 9th Cir. 1996) ("Section 327(a) prohibits the employment of professionals who hold or represent an interest adverse to the estate and who are not disinterested. The bankruptcy court does not have authority to allow the employment of a professional in violation of § 327, and the employment is void ab initio. *In re EWC, Inc.*, 138 B.R. 276, 281 (Bankr. W.D.Okla. 1992).")

Additionally, Mr. Nodd would show himself to be the selfless advocate that he wants to impress the Court with by disowning his charging lien. However, there is a much better and efficient and legal way of demonstrating disinterest in the assets of the Estate: by Mr. Nodd disowning any right to any payment for any work that was done between June 11, 2019, to June 1, 2020. By presenting such a waiver, Mr. Nodd would certainly qualify to be retained and certainly entitled to nothing else as his employment objectives were completed before the bankruptcy case was filed, by how own account, on May 26, 2020. The conclusion of what was essential to consummating a deal occurred prepetition and therefore Mr. Nodd must disown right to that money as a condition of any employment. *In re Madera Roofing, Inc.*, No. 13-16954-B-11, at *9 (Bankr. E.D. Cal. Sep. 25, 2014) ("*U.S. Tr. v. S.S. Retail Stores Corp. (In re S.S. Retail Stores Corp.)*, 211 B.R. 699, 703 (9th Cir. BAP 1997) (The attorney "is not prevented from representing the Debtor under the California Rules, but is prevented, as a non-disinterested party, from representing the Debtor pursuant to section 327 of the Bankruptcy Code which provides for no such waiver."), appeal dismissed *per curiam*, 162 F.3d 1230 (9th Cir. 1998).")

Furthermore, my letter of May 19, 2020, to Locke Lord, LLP was transmitted to Mr. Popham at 4:50 p.m. Mr. Nodd in his Dec of June 25, 2020, states that the mediation session regarding the claim with Mr. Popham concluded at "2:30 p.m." on May 19, 2020, no claim is made that Mr. Popham possesses Nostradamus like figure who posses the ability to predict future events. The under penalty of

perjury assertion that an event that occurred at 4:50 p.m. disrupted an event occurring at 2:30 p.m. is on its face a perjurious statement. The undeniable perjury disqualifies Mr. Nodd from all employment in this case for any matter. *In re Madera Roofing, Inc*., No. 13-16954-B-11, at *11 (Bankr. E.D. Cal. Sep. 25, 2014) ("Fed.R.Bankr.P. 2014(a) requires disclosure under penalty of perjury of all relevant facts necessary for the court to determine the applicant's ability to meet the criteria of § 327(a)." Lying under penalty of perjury does not meet the requirements of candor that a statement made under penalty of perjury requires.)

The gamesmanship employed here by both the Debtor and Mr. Nodd is an unfortunate but a typical example of conduct that should not be tolerated or countenanced by any court, especially a Court of the United States.

## **CONCLUSION**

Mr. Sands literally dramatizes the sad way that the Debtor has gone about trying to discredit Mr. Bobritsky in Doc 58.  Though the undersigned understands the frustration to Mr. Sands is suffering by the unorthodox method of attacking evidence by Mr. Golubchik, Mr. Golubchik nevertheless deserves the opportunity to properly discredit Mr. Bobritsky and his representations under penalty of perjury to the Court.  Mr. Golubchik could undeniably discredit Mr. Bobritsky by obtaining the 341-Meeting recording from the United States Trustees' Office and having the recording translated by a court certified translationist and presenting that transcript to the Court; that is unless Mr. Golubchik who too speaks "fluent Russian" knows what a disastrous outcome that would be for the Debtor.  Nothing as wars for a criminal defendant than to ask for a DNA analysis of long ago committed a crime only to have that DNA turn out to be authentically his.

Mr. Nodd cannot be employed by the Estate for any reason.

Mr. Golubchik, must be disqualified as he is incompetent, dishonest, unprofessional, and utterly conflicted. Mr. Golubchik has proved himself to be the Court's jester rather than a Court Officer.  Mr. Golubchik has likewise demonstrated that he is more a Walter Mitty with "facts" than a "officer of the Court".

The undersigned does not relish impugning counsels' (both Mr. Nodd and Mr. Golubchik), but one must in light of the deplorable acts that they have both undertaken in this case and the disrespect that they have shown the Court by lying to it. *U.S. v. Kojayan,* 8 F.3d 1315, 1321 (9th Cir. 1993) ("Impugning opposing counsel's integrity is a very serious matter; it should be undertaken only after careful analysis[.]")

The DIP owes a fiduciary duty to the creditors of the estate. It is simply irreconcilable and offensive for Mr. Golubchik, acting as the agent / attorney for the Estate to engage this litigation when he cannot reconcile the duty owed to the Creditors with the duties he owes to Mike Kemel and Mariya Ayzenberg. *In re McConville* (9th Cir. 1997) 110 F.3d 47, 50; *In re Woodson* (9th Cir. 1988) 839 F.2d 610, 614; *Wolf v. Weinstein* (1963) 372 U.S. 633, 649-650, 83 S.Ct. 969, 979-980.

Mr. Golubchik must be immediately recused and ordered to disgorge all monies paid to him under the authority of In re Sundance Self Storage-El Dorado LP (BC ED CA 2012) 482 B.R. 613, 630-635.

The only thing that Mr. Golubchik must be trusted with is a one-way ticket away from this litigation.

Respectfully submitted,

DATED: June 28, 2020

By: _____
Michael Shemtoub, Esq.
Attorney for Mr. Kemel and Ms. Ayzenberg

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 4929 Wilshire Blvd, Suite 702, Los Angeles, CA 90010

A true and correct copy of the foregoing document entitled (*specify*): **RESPONSE AND CONCURRENCE WITH [DOC 58] OPPOSITION TO EMPLOYMENT OF NODD LAW GROUP FILED BY THE SANDS LAW GROUP; SUPPLEMENTAL TO EMERGENCY MOTION [DOC-56] TO RECUSE DAVID GOLUBCHIK AND THE LAW FIRM OF LEVENE, NEALE, BENDER, YOO & BRILL LLP, FROM ALL FURTHER PARTICIPATION IN THIS CASE, ALL RELATED CASES**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 6-28-2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Katherine Bunker kate.bunker@usdoj.gov
☐ John Burgee jburgee@bandalaw.net
☐ Caroline Renee Djang (TR) caroline.djang@bbklaw.com, C190@ecfcbis.com;sansanee.wells@bbklaw.com;wilma.escalante@bbklaw.com
☐ David B Golubchik dbg@lnbyb.com, stephanie@lnbyb.com
☐ Juliet Y Oh jyo@lnbrb.com, jyo@lnbrb.com
☐ Thomas D Sands thomas@thesandslawgroup.com, thomas@thesandslawgroup.com
☐ David A Tilem davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com; DianaChau@tilemlaw.com
☐ United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov

X    Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**:
On (*date*) 6-28-2020 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

X    Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 06/28/2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Hon. Victoria S. Kaufman
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 354 / Courtroom 301
Woodland Hills, CA 91367

X Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6-28-2020 | Michael Shemtoub, Esq. | *(signature)* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

```
0973-1                                                                              Franchise Tax Board
Case 1:20-bk-11006-VK            ATTN BANKRUPTCY UNIT                              Bankruptcy Section MS: A-340
Central District of California   PO BOX 54110                                      P. O. Box 2952
San Fernando Valley              LOS ANGELES CA 90054-0110                         Sacramento, CA 95812-2952
Tue Jun 16 14:06:24 PDT 2020

Internal Revenue Service
PO Box 7346                                                                        Lev Investments, LLC
Philadelphia, PA 19101-7346                                                        13854 Albers Street
                                                                                   Sherman Oaks, CA 91401-5811


(p)OFFICE OF FINANCE CITY OF LOS ANGELES
200 N SPRING ST RM 101 CITY HALL          Securities & Exchange Commission         San Fernando Valley Division
LOS ANGELES CA 90012-3224                 444 South Flower St., Suite 900          21041 Burbank Blvd,
                                          Los Angeles, CA 90071-2934               Woodland Hills, CA 91367-6606


FR, LLC
c/o Michael Shemtoub, Esq.                Franchise Tax Board                      G&B Law, LLP
4929 Wilshire Blvd., suite 702            Special Procedures                       Attn: James R. Felton
Los Angeles, CA 90010-3824                POB 2952                                 16000 Ventura Blvd., suite 1000
                                          Sacramento, CA 95812-2952                Encino, CA 91436-2762


(p) INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS         Jeff Nodd, Esq.                          LDI Ventures, LLC
PO BOX 7346                               15250 Ventura Blvd                       423 N Palm dr
PHILADELPHIA PA 19101-7346                Encino, CA 91403-3201                    Beverly Hills, CA 90210-3974


Landmark Land, LLC
Attn Alex Polovinchik                     Michael Leizerovitz                      Michael Masinovsky
860 Via De La Paz, suite E-1              15 Via Monarca St.                       21810 Eaton Place
Pacific Palisades, CA 90272-3668          Dana Point, CA 92629-4082                Cupertino, CA 95014-1182


Ming Zhou
Thomas Krantz, Esq.                       (p)REAL PROPERTY TRUSTEE  INC            Sensible Consulting & Mgmt Inc
2082 Michelson Drive, Suite 212           ATTN MIKE KEMEL                          c/o John Burgee Esq.
Irvine, CA 92612-1213                     PO BOX 17064                             20501 Ventura Boulevard, Suite 262
                                          BEVERLY HILLS CA 90209-3064              Woodland Hills, CA 91364-6410


Thomas Sands, Esq.
The Sands Law Group, APLC                 U.S. Trustee  San Fernando  Valley       United States Trustee (SV)
205 South Broadway, Suite 903             915 Wilshire Blvd.                       915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90012-3618                Suite 1850                               Los Angeles, CA 90017-3560
                                          Los Angeles, CA 90017-3560


Caroline Renee Djang (TR)
18101 Von Karman Ave., Suite 1000         David B Golubchik                        Juliet Y Oh
Irvine, CA 92612-0164                     Levene Neale Bender Yoo & Brill LLP      10250 Constellation Blvd Ste 1700
                                          10250 Constellation Blvd Ste 1700        Los Angeles, CA 90067-6253
                                          Los Angeles, CA 90067-6253
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bankruptcy Unit
P.O. Box 54110
Los Angeles, CA 90051-0110

Insolvency I Stop 5022
300 N. Los Angeles St., #4062
Los Angeles, CA 90012-9903

(d)Los Angeles County Tax Collector
P.O. Box 54018
Los Angeles, CA 90054-0018

Real Property Trustee, Inc.
P.O. Box 17064
Beverly Hills, CA 90209


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Courtesy NEF

End of Label Matrix
Mailable recipients    26
Bypassed recipients     1
Total                  27