Michael Shemtoub, Esq. (SBN 253948)
BEVERLY LAW
4929 Wilshire Blvd Suite 915
Los Angeles CA 90010
Telephone: (310) 552 6959
Facsimile: (323) 421 9397

Attorney for Mike Kemel, Mariya Ayzenberg

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No.: 1:20-bk-11006-VK |
| LEV INVESTMENTS, LLC, | Chapter 11, subchapter V |
| Debtor. | RESPONSE TO DECLARATION OF DAVID GOLUBCHIK IN RESPONSE TO EMERGENCY MOTION TO RECUSE DAVID GULUBCHIK AND THE LAW FIRM OF LEVEN, NEALE, BENDER, YOO & BRILL LLP [DOC 61] DISABLLING ANY FURTHER ACT BY DAVID GOLUBCHIK |
| | [No Hearing Set] |

**TO THE HON. VICTORIA KAUFMAN, UNITED STATES BANKRUPTCY COURT JUDGE, AT THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that Mike Kemel, Mariya Ayzenberg hereby submitted their response to Declaration of David Golubchik in support of their Emergency Motion to Disqualify David Golubchik and the law firm of Levene, Neale, Bender, Yoo & Brill LLP, from all further participation in the main bankruptcy proceeding and all of the related removed actions. They further objects to the employment of David Golubchik and the law firm of Levene, Neale, Bender, Yoo & Brill LLP [DOC

1
RESPONSE TO DECLARATION OF DAVID GOLUBCHIK TO EMERGENCY MOTION TO RECUSE DAVID
GOLUBCHIK AND THE FIRM

10-11, 30]. They further request that David Golubchik and the law firm of Levene, Neale, Bender, Yoo & Brill LLP be Ordered to disgorge all funds entrusted to them in advance of their employment.

## THE DECLARATION OF DAVID GOLUBCHIK ONLY CONFIRMS THAT THERE IS A DIRECT CONFLICT AND INSTEAD OF BOWING OUT GRACEFULLY MR. GOLUBCHIK IS ON A RAMPAGE TO DESTROY EVERYTHING IN HIS SIGHTS

Mr. Golubchik admits to representing the moving parties. The relationship goes back to December 2018. Denying the same and threating "criminal referral investigation," to gain an advantage in a civil forum only proves how corrupt Mr. Golubchik really is and that greed is the driving factor in this case, not fiduciary duties.

To call his own client's "interlopers" is a disgrace and a shame. Instead of apologizing to the Court and the creditors for stepping into a case, he should have never stepped foot it, Mr. Golubchik doubles down on the assertion that even though he represented the moving parties and holds their confidences, he can still sue them. The gall is appalling.

There is case after case that the proposed general bankruptcy counsel must disclose all prior interests with anyone in the case. Pursuant to § 327, a professional has a duty to make full, candid and complete disclosure of all facts concerning his transactions with the debtor. Professionals must disclose all connections with the debtor, creditors and parties in interest, no matter how irrelevant or trivial those connections may seem. The disclosure rules are not discretionary. *Mehdipour v. Marcus & Millichap* (*In re Mehdipour*), 202 B.R. 474, 480 (9th Cir. BAP 1996) (citations omitted, emphasis added). *Movitz v. Baker* (*In re Triple Star Welding, Inc.*) (Bankr.9th Cir. 2005) 324 B.R. 778, 789.

To hold adverse interest within meaning of 11 USCS § 327 means: (1) to possess or assert any economic interest that would tend to lessen value of bankrupt estate or that would create either actual or potential dispute in which estate is rival claimant; or (2) to possess predisposition under circumstances that render such bias against estate; to represent adverse interest means to serve as agent or attorney for entities holding such adverse interest; if there is any doubt as to existence of conflict, that doubt should be resolved in favor of disqualification; negligence does not excuse failure to disclose possible conflict of interest. *In re Lee*, 94 B.R. 172, 18 Bankr. Ct. Dec. (LRP) 874, 20 Collier Bankr. Cas. 2d (MB) 510 (Bankr. C.D. Cal. 1988).

In determining whether attorney is disqualified under 11 USCS § 327(a) court should examine totality of circumstances on case-by-case basis, keeping in mind that requirement of disinterestedness and lack of adverse interest are intended to address not only actual and potential conflicts, but also appearance of impropriety or conflict irrespective of integrity of person or firm under consideration; disinterested person should be divested of any scintilla of personal interest which might be reflected in attorney's decision concerning estate matters. *In re Watson*, 94 B.R. 111 (Bankr. S.D. Ohio 1988).

Law firm which accepted prepetition retainer of $15,000 prior to being denied employment under 11 USCS § 327 for failure to show disinterestedness and freedom from adverse interest may not keep retainer, where it did not advance any reasons why it should be entitled to keep funds; since firm was never employed under § 327 or 11 USCS § 1103, bankruptcy court had no discretion to allow it professional compensation; nor may firm now obtain payment for professional work it performed before court denied it compensation under 11 USCS § 503(b)(3)(D), since to do so would render § 327(a) nugatory and contravene Congress's intent in providing for prior approval. *In re Stoico Rest. Group*, 271 B.R. 655, 38 Bankr. Ct. Dec. (LRP) 258 (Bankr. D. Kan. 2002).

Definition of "disinterested" in 11 USCS § 101(14) is broadly construed to disqualify anyone who might have slightest decree of interest or relationship with debtor that would color independent and impartial judgment required by Bankruptcy Code. In re Sauer, 191 B.R. 402 (Bankr. D. Neb. 1995).

Case law after case law shows that Mr. Golubchik and his firm are disqualified and cannot represent the Debtor in this case. But instead of apologizing before the Court and the creditors, Mr. Golubchik goes on a rampage against his very own clients for bringing to the Court's attention Mr. Golubchik's violations of the most sacred duty that of upholding the attorney-client privilege. To call his own clients "interlopers" when they confided in him and asked for advise about exactly the same issues that are before the Court today. And just because Mr. Golubchik made less money with the moving parties, does not give him a right to use them and their confidences to make more money with the Debtor on the other side. What Mr. Golubchik engaged in is unheard of. He must be recused from this case immediately. Mr. Golubchik makes an absurd request for "discovery" from his own clients?! How does he envision this going? Even though Mr. Golubchik completely betrayed his oath and profession

3
RESPONSE TO DECLARATION OF DAVID GOLUBCHIK TO EMERGENCY MOTION TO RECUSE DAVID GOLUBCHIK AND THE FIRM

for a bigger buck, the moving parties still hold their attorney-client privilege. They are not and will not let Mr. Golubchik use them anymore than he already has.

One thing that is emphasized is that by way of his interaction and obtainment of confidences and secrets from Mr. Kemel and Mrs. Ayzenberg is the fact that Mr. Golubchik understands and precisely knows what the singular most important issued to any of the litigation is about the people who he is litigating against and those are his own clients. To be clear, but the undersigned is speaking about is "money to fight."

Mr. Golubchik, knows how much money have and possess in their war chest because he is representing them.  any lawyer in the business of lawn knows the wealth of his client more precisely than the Internal Revenue Service and such knowledge is fatally potent in litigation as it is though one singular point/issue that without fail will control the outcome of 99.99 percent of all litigation. When one runs out of money, one cannot longer defend oneself in what has come to be known as the Battle of Kings i.e., litigation. *Global Van Lines, Inc. v. Sup.Ct.* (V.I.P. Movers, Inc.) (1983) 144 Cal.App.3d 483, 489, 192 Cal.Rptr. 609, 613].

There is also a presumption that Mr. Golubchik, has obtained substantial secrets of Mr. Kemel and Ms. Ayzenberg that he is currently using against them.  The presumption can only be rebutted with clear and convincing evidence and as such avoids the ironic result of disclosing the former client's confidences and secrets through inquiry into the actual state of the lawyer's knowledge in proceedings to disqualify the attorney. *H.F. Ahmanson & Co. v. Salomon Bros., Inc*. (1991) 229 Cal.App.3d 1445, 1453, 280 Cal.Rptr. 614, 618.

Mr. Golubchik, and his firm must be disqualified and disqualified immediately.

## CONCLUSION

The DIP owes a fiduciary duty to the creditors of the estate.  It is simply irreconcilable and offensive for Mr. Golubchik, acting as the agent / attorney for the Estate to engage this litigation when he cannot reconcile the duty owed to the Creditors with the duties he owes to Mike Kemel and Mariya Ayzenberg. *In re McConville* (9th Cir. 1997) 110 F.3d 47, 50; *In re Woodson* (9th Cir. 1988) 839 F.2d 610, 614; *Wolf v. Weinstein* (1963) 372 U.S. 633, 649-650, 83 S.Ct. 969, 979-980.

Mr. Golubchik must be immediately recused and ordered to disgorge all monies paid to him under the authority of §330.

The only thing that Mr. Golubchik must be trusted with is a one-way ticket away from this litigation. The man is faced with indisputable evidence of a Retainer Agreement between he and Mr. Kemel and then has the audacity to call Mr. Kemel and his mother, Ms. Ayzenberg, "interlopers"?!

Mr. Kemel and Ms. Ayzenberg are not "interlopers" ; and Mr. Golubchik is no "fiduciary."

Mr. Golubchik attacks his own Clients' for the sake of the sake of making another dollar from another client. The conduct of Mr. Golubchik is not only not commendable, his actions are proscribed by the rules of the profession of law. "As we held in our decision in *American Airlines, Inc. v. Sheppard, Mullin, Richter Hampton* (2002) 96 Cal.App.4th 1017 [ 117 Cal.Rptr.2d 685] ( *American Airlines*), a breach of duty of loyalty based on violation of these rules occurs whether or not confidences are actually revealed in the adverse action." *Benasra v. Mitchell Silberberg Knupp,* 123 Cal.App.4th 1179, 1187 (Cal. Ct. App. 2004)

What Mr. Golubchik fails to appreciate is that by attacking Mr. Kemel and Ms. Ayzenberg, he seals his own fate. If there may have been a "probability for his disqualification, Mr. Golubchik cemented the obligation of the Court to recuse him a mandatory duty. *Benasra v. Mitchell Silberberg Knupp,* 123 Cal.App.4th 1179, 1188 (Cal. Ct. App. 2004) ("The actual use or misuse of confidential information is not determinative; it is the possibility of the breach of confidence which controls. [Citation.]' ( *David Welch Co. v. Erskine Tulley* (1988) 203 Cal.App.3d 884, 891 [ 250 Cal.Rptr. 339].) It was not necessary for American to establish that [the attorney] answered the questions, thus revealing confidential information, in order to prove that [the attorney] breached his fiduciary duty to American. He placed the noose around American's neck, without its consent, promising all the while not to kick over the chair on which it stood, blithely ignoring the sweat forming on the corporate brow. He may have been confident in his ability to resist the temptation to favor ADO's interests, but the State Bar Rules of Professional Conduct exist to prevent clients like American from being placed in such a precarious position. `Nor does it matter that the intention and motives of the attorney are honest. The rule is designed not alone to prevent the dishonest practitioner from fraudulent conduct, but as well to preclude the honest practitioner from putting himself in a position where he may be required to choose

between conflicting duties, or be led to an attempt to reconcile conflicting interests, rather than to enforce to their full extent the rights of the interest which he should alone represent.' ( *Anderson v. Eaton* [(1930)] 211 Cal. 113, 116 [ 293 P. 788].) We do not doubt that the attorney believed he could maintain his client's confidence, but American simply does not have to take his word for it.' ( *American Airlines*, supra, 96 Cal.App.4th at p. 1043.)")

    The Court is left with no alternative but to exercise its discretion in the only manner in which that discretion may be exercised in light of the circumstances and in light of Mr. Golubchik caustic venom towards those who share undeniable written instruments evidencing an attorney-client relationship with he.

    The Court must order the immediate recusal of Mr. Golubchik.

Respectfully submitted,

DATED: June 29, 2020          BEVERLY LAW

By: ___/s/ Michael Shemtoub_____
    Michael Shemtoub, Esq.
    Attorney for Mr. Kemel and Ms. Ayzenberg

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 4929 Wilshire Blvd, Suite 702, Los Angeles, CA 90010

A true and correct copy of the foregoing document entitled (*specify*): **RESPONSE TO DECLARATION OF DAVID GOLUBCHIK IN RESPONSE TO EMERGENCY MOTION TO RECUSE DAVID GULUBCHIK AND THE LAW FIRM OF LEVEN, NEALE, BENDER, YOO & BRILL LLP [DOC 61] DISABLLING ANY FURTHER ACT BY DAVID GOLUBCHIK** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.** **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 6-28-2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Katherine Bunker kate.bunker@usdoj.gov
☐ John Burgee jburgee@bandalaw.net
☐ Caroline Renee Djang (TR) caroline.djang@bbklaw.com, C190@ecfcbis.com;sansanee.wells@bbklaw.com;wilma.escalante@bbklaw.com
☐ David B Golubchik dbg@lnbyb.com, stephanie@lnbyb.com
☐ Juliet Y Oh jyo@lnbrb.com, jyo@lnbrb.com
☐ Thomas D Sands thomas@thesandslawgroup.com, thomas@thesandslawgroup.com
☐ David A Tilem davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com; DianaChau@tilemlaw.com
☐ United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov

                    X    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 6-29-2020 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

                    X    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 06/29/2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Hon. Victoria S. Kaufman
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 354 / Courtroom 301
Woodland Hills, CA 91367

                    X Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6-29-2020 | Michael Shemtoub, Esq. | *[signature]* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

```
0973-1
Case 1:20-bk-11006-VK                  LOS ANGELES COUNTY TREASURER AND TAX COLL   Franchise Tax Board
Central District of California         ATTN BANKRUPTCY UNIT                        Bankruptcy Section MS: A-340
San Fernando Valley                    PO BOX 54110                                P. O. Box 2952
Tue Jun 16 14:06:24 PDT 2020           LOS ANGELES CA 90054-0110                   Sacramento, CA 95812-2952

Internal Revenue Service
PO Box 7346                                                                        Lev Investments, LLC
Philadelphia, PA 19101-7346                                                        13854 Albers Street
                                                                                   Sherman Oaks, CA 91401-5811


(p)OFFICE OF FINANCE CITY OF LOS ANGELES
200 N SPRING ST RM 101 CITY HALL       Securities & Exchange Commission            San Fernando Valley Division
LOS ANGELES CA 90012-3224              444 South Flower St., Suite 900             21041 Burbank Blvd,
                                       Los Angeles, CA 90071-2934                  Woodland Hills, CA 91367-6606


FR, LLC
c/o Michael Shemtoub, Esq.             Franchise Tax Board                         G&B Law, LLP
4929 Wilshire Blvd., suite 702         Special Procedures                          Attn: James R. Felton
Los Angeles, CA 90010-3824             POB 2952                                    16000 Ventura Blvd., suite 1000
                                       Sacramento, CA 95812-2952                   Encino, CA 91436-2762


(p) INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS      Jeff Nodd, Esq.                             LDI Ventures, LLC
PO BOX 7346                            15250 Ventura Blvd                          423 N Palm dr
PHILADELPHIA PA 19101-7346             Encino, CA 91403-3201                       Beverly Hills, CA 90210-3974


Landmark Land, LLC
Attn Alex Polovinchik                  Michael Leizerovitz                         Michael Masinovsky
860 Via De La Paz, suite E-1           15 Via Monarca St.                          21810 Eaton Place
Pacific Palisades, CA 90272-3668       Dana Point, CA 92629-4082                   Cupertino, CA 95014-1182


Ming Zhou
Thomas Krantz, Esq.                    (p)REAL PROPERTY TRUSTEE  INC               Sensible Consulting & Mgmt Inc
2082 Michelson Drive, Suite 212        ATTN MIKE KEMEL                             c/o John Burgee Esq.
Irvine, CA 92612-1213                  PO BOX 17064                                20501 Ventura Boulevard, Suite 262
                                       BEVERLY HILLS CA 90209-3064                 Woodland Hills, CA 91364-6410


Thomas Sands, Esq.
The Sands Law Group, APLC              U.S. Trustee  San Fernando  Valley          United States Trustee (SV)
205 South Broadway, Suite 903          915 Wilshire Blvd.                          915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90012-3618             Suite 1850                                  Los Angeles, CA 90017-3560
                                       Los Angeles, CA 90017-3560


Caroline Renee Djang (TR)
18101 Von Karman Ave., Suite 1000      David B Golubchik                           Juliet Y Oh
Irvine, CA 92612-0164                  Levene Neale Bender Yoo & Brill LLP         10250 Constellation Blvd Ste 1700
                                       10250 Constellation Blvd Ste 1700           Los Angeles, CA 90067-6253
                                       Los Angeles, CA 90067-6253
```

                The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
                by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bankruptcy Unit
P.O. Box 54110
Los Angeles, CA 90051-0110

Insolvency I Stop 5022
300 N. Los Angeles St., #4062
Los Angeles, CA 90012-9903

(d)Los Angeles County Tax Collector
P.O. Box 54018
Los Angeles, CA 90054-0018

Real Property Trustee, Inc.
P.O. Box 17064
Beverly Hills, CA 90209

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

End of Label Matrix
Mailable recipients    26
Bypassed recipients     1
Total                  27