1  DAVID B. GOLUBCHIK (SBN 185520)
   JULIET Y. OH (SBN 211414)
2  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
3  10250 Constellation Boulevard, Suite 1700
   Los Angeles, California 90067
4  Telephone:  (310) 229-1234
   Facsimile:  (310) 229-1244
5  Email:  DBG@LNBYB.COM; JYO@LNBYB.COM

6  Proposed Attorneys for Chapter 11 Debtor and
   Debtor in Possession
7

8                  UNITED STATES BANKRUPTCY COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                 SAN FERNANDO VALLEY DIVISION

11

12  In re:                              Case No. 1:20-bk-11006-VK

13                                      Chapter 11
   LEV INVESTMENTS, LLC,
14                                      **OPPOSITION TO, AND REQUEST FOR
                                        ENTRY OF ORDER ALLOWING ORAL
15                    Debtor.           EXAMINATIONS OF DECLARANTS AT
                                        HEARING ON, *EMERGENCY MOTION TO
16                                      RECUSE DAVID GOLUBCHIK AND THE
                                        LAW FIRM OF LEVENE, NEALE, BENDER,
17                                      YOO & BRILL LLP, FROM ALL FURTHER
                                        PARTICIPATION IN THIS CASE, ALL
18                                      RELATED CASES, AND FOR AN ORDER
                                        DISGORGING ALL FUNDS RECEIVED BY
19                                      THE FIRM DUE TO UNDISCLOSED
                                        CONFLICTED REPRESENTATION OF THE
20                                      DEBTOR IN RE WEIBEL, INC. (9TH CIR.
                                        BAP 1994) 176 B.R. 209;* DECLARATION OF
21                                      DAVID B. GOLUBCHIK IN SUPPORT
                                        THEREOF**
22
23                                      [RELATES TO DOC. NO. 56]

24                                      [Hearing Requested]
25

26

27

28

**TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE SUBCHAPTER V TRUSTEE, MOVANTS MARIYA AYZENBERG AND MIKE KEMEL, AND ALL PARTIES REQUESTING SPECIAL NOTICE:**

Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB"), proposed counsel for Lev Investments, LLC, the debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case (the "Debtor"), respectfully files this opposition to, and request for the entry of a Court order requiring all declarants to appear for oral examination at the hearing to be set (the "Hearing") on, that certain *Emergency Motion To Recuse David Golubchik And The Law Firm Of Levene, Neale, Bender, Yoo & Brill LLP, From All Further Participation In This Case, All Related Cases, And For An Order Disgorging All Funds Received By The Firm Due To Undisclosed Conflicted Representation Of The Debtor In Re Weibel, Inc. (9th Cir. BAP 1994) 176 B.R. 209*" [Doc. No. 56] (the "Recusal Motion").

The Recusal Motion is styled as an "emergency motion." However, it appears that the movants, Mariya Ayzenberg and Mike Kemel (together, the "Movants"), and their counsel, Michael Shemtoub, Esq., have not complied with the provisions of Local Bankruptcy Rule 9075-1, which govern the filing and requesting of hearings on emergency motions and motions set for hearing on shortened notice. Indeed, a review of the docket for the Debtor's case reflects that the Recusal Motion has yet to be set for hearing.

In addition, while the Recusal Motion and the supporting declarations from the Movants contend that the Movants were clients of LNBYB and Mr. Golubchik (which is false) in a matter unrelated to the Debtor, the Recusal Motion does not address the Movants' roles or standing in the ***Debtor's bankruptcy case***. To the best of LNBYB"s knowledge, Mr. Kemel is not a creditor of the Debtor or a party in interest in the Debtor's case, and therefore has no standing to object to LNBYB's employment as bankruptcy counsel for the Debtor or seek the recusal of LNBYB as bankruptcy counsel for the Debtor. In addition, to the best of LNBYB's knowledge, Ms. Ayzenberg is not a creditor of the Debtor as any and all claims asserted by Ms. Ayzenberg against the Debtor in state court litigation were resolved pursuant to a pre-petition written settlement agreement that has now been fully consummated by the parties. Although the Debtor recently removed the underlying state

court action involving the Debtor and Ms. Ayzenberg to this Court, such action was removed solely to facilitate the filing of a motion to expunge the lis pendens recorded against the Debtor's real property by Ms. Ayzenberg at the commencement of the state court action, which lis pendens should have been released following the parties' settlement but for some reason was not. There are no remaining issues to be litigated in that action, and there is no remaining basis for Ms. Ayzenberg to assert a claim against the Debtor and its bankruptcy estate. Accordingly, Ms. Ayzenberg does not appear to have standing to object to LNBYB's employment as bankruptcy counsel for the Debtor or seek the recusal of LNBYB as bankruptcy counsel for the Debtor.

LNBYB submits that the Recusal Motion should be denied based upon its procedural deficiencies and/or the Movants' lack of standing to bring such a motion. However, if the Recusal Motion is not denied on the foregoing bases, and assuming that the Movants comply with the provisions of Local Bankruptcy Rule 9013-1 and set the Recusal Motion for hearing, LNBYB requests that this Court enter an order requiring all parties who have submitted declarations in support of, or in opposition to, the Recusal Motion to appear for oral examination at the Hearing on the Recusal Motion.

The Recusal Motion includes declarations submitted by the Movants (*i.e.*, Mariya Ayzenberg and Mike Kemel) and accuses LNBYB and one of its partners, David B. Golubchik, Esq., of an alleged conflict of interest which the Movants argue disqualify LNBYB and Mr. Golubchik from representing the Debtor in this bankruptcy case. LNBYB and Mr. Golubchik strongly dispute these accusations and take such accusations very seriously. Mr. Golubchik has already filed a declaration in response to the Recusal Motion [Doc. No. 61] (the "Golubchik Declaration"), and will appear for oral examination at the Hearing on the Recusal Motion.

Local Bankruptcy Rule 9013-1(i)(1) provides that "[t]he court may, at its discretion, in addition to or in lieu of declaratory evidence, require or allow oral examination of any declarant or any other witness in accordance with FRBP 9017." L. Bankr. R. 9013-1(i)(1).

Rule 9017 of the Federal Rules of Bankruptcy Procedure makes the provisions of Rules 43, 44 and 44.1 of the Federal Rules of Civil Procedure ("Civil Rules") applicable herein. Civil Rule 43(a) provides that "[a]t trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide

1    otherwise.  For good cause in compelling circumstances and with appropriate safeguards, the court

2    may permit testimony in open court by contemporaneous transmission from a different location." *See*

3    F. R. Civ. P. Rule 43(a).

4      Given the seriousness of the accusations made against Mr. Golubchik and LNBYB by the

5    Movants in the Recusal Motion and in their individual declarations, the extent of the factual

6    discrepancies between the written testimony provided by the Movants in their declarations and the

7    written testimony provided by Mr. Golubchik in the Golubchik Declaration, and LNBYB's concerns

8    about the Movants' actual knowledge of the contents of the declarations that have been submitted by

9    their counsel (which knowledge should be verified), LNBYB believes that the entry of an order

10    compelling all declarants to appear for oral examination at the Hearing on the Recusal Motion is

11    warranted so that the Court may evaluate the credibility of the declarants and veracity of their

12    respective testimony.

13      WHEREFORE, LNBYB respectfully requests that the Court enter an order, in substantially

14    the form lodged concurrently herewith, requiring all declarants, including the Movants and Mr.

15    Golubchik, to appear for oral examination at the Hearing to be set on the Recusal Motion.

16    Dated:  June 30, 2020     LEV INVESTMENTS, LLC

17

18

19    By:_____

20        DAVID B. GOLUBCHIK
    JULIET Y. OH

21        LEVENE, NEALE, BENDER, YOO
     && BRILL L.L.P.

22        Proposed Attorneys for Chapter 11 Debtor and
    Debtor in Possession

23

24

25

26

27

28

## **DECLARATION OF DAVID B. GOLUBCHIK**

I, DAVID B. GOLUBCHIK, hereby declare as follows:

1.      I am the Manager of Lev Investments, LLC, the debtor and debtor-in-possession herein (the "Debtor"), and I am therefore familiar with the financial affairs of the Debtor.  I have personal knowledge of the facts set forth below and, if called to testify as a witness, I could and would competently testify thereto.

2.      I am over 18 years of age.  Except where otherwise stated, I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

3.      I am licensed to practice law in California state courts and before this Court.  I am a partner of the law firm of Levene, Neale, Bender, Yoo & Brill L.L.P ("LNBYB"), proposed counsel to Lev Investments, LLC, the Debtor and debtor in possession herein (the "Debtor").

4.      I submit this declaration in support of LNBYB's opposition to, and request for the entry of a Court order requiring all declarants to appear for oral examination at the hearing to be set (the "Hearing") on, that certain *Emergency Motion To Recuse David Golubchik And The Law Firm Of Levene, Neale, Bender, Yoo & Brill LLP, From All Further Participation In This Case, All Related Cases, And For An Order Disgorging All Funds Received By The Firm Due To Undisclosed Conflicted Representation Of The Debtor In Re Weibel, Inc. (9th Cir. BAP 1994) 176 B.R. 209"* [Doc. No. 56] (the "Recusal Motion") filed by Mariya Ayzenberg and Mike Kemel (together, the "Movants").

5.      The Recusal Motion includes declarations submitted by the Movants and accuses LNBYB and me of an alleged conflict of interest which the Movants argue disqualify LNBYB and me from representing the Debtor in its bankruptcy case.  LNBYB and I strongly dispute these accusations and take such accusations very seriously.  I have already filed a declaration in response to the Recusal Motion [Doc. No. 61] (the "Initial Declaration") explaining that the accusations made by the Movants are false.

6.      I have reviewed the docket for the Debtor's bankruptcy case.  Based upon my review of the docket, it appears that the Recusal Motion has yet to be set for hearing.

5

7.    As discussed in the Initial Declaration, I have reviewed LNBYB"s internal records, including, without limitation, case memos and conflict memos, for the names of the Movants.  Neither of the Movants has ever been a client of mine or of LNBYB.

8.    Based upon my review of LNBYB's internal records, to the best of my knowledge, Mr. Kemel is not a creditor of the Debtor or a party in interest in the Debtor's case.

9.    In addition, based upon my review of LNBYB's internal records and review of the Debtor's litigation documents relating to Ms. Ayzenberg, to the best of my knowledge, Ms. Ayzenberg is not a creditor of the Debtor as any and all claims asserted by Ms. Ayzenberg against the Debtor in state court litigation were resolved pursuant to a pre-petition written settlement agreement that has now been fully consummated by the Debtor and Ms. Ayzenberg.  Although the Debtor recently removed the underlying state court action involving the Debtor and Ms. Ayzenberg to this Court, such action was removed solely to facilitate the filing of a motion to expunge the lis pendens recorded against the Debtor's real property by Ms. Ayzenberg at the commencement of the state court action, which lis pendens should have been released following the parties' settlement but for some reason was not.  To the best of my knowledge, there are no remaining issues to be litigated in that action, and there is no remaining basis for Ms. Ayzenberg to assert a claim against the Debtor and its bankruptcy estate.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

10.     Given the seriousness of the accusations made against LNBYB and me by the Movants in the Recusal Motion and in their individual declarations in support of the Recusal Motion, the extent of the factual discrepancies between the written testimony provided by the Movants in their declarations and the written testimony I provided in the Initial Declaration, and my concerns about the Movants' actual knowledge of the contents of the declarations that have been submitted by their counsel (which knowledge I believe should be verified), I believe that the entry of an order compelling all declarants to appear for oral examination at the Hearing on the Recusal Motion is warranted so that the Court may evaluate the credibility of the declarants and veracity of their respective testimony.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 30th day of June, 2020, at Los Angeles, California.

_____

DAVID B. GOLUBCHIK

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **OPPOSITION TO, AND REQUEST FOR ENTRY OF ORDER ALLOWING ORAL EXAMINATIONS OF DECLARANTS AT HEARING ON, *EMERGENCY MOTION TO RECUSE DAVID GOLUBCHIK AND THE LAW FIRM OF LEVENE, NEALE, BENDER, YOO & BRILL LLP, FROM ALL FURTHER PARTICIPATION IN THIS CASE, ALL RELATED CASES, AND FOR AN ORDER DISGORGING ALL FUNDS RECEIVED BY THE FIRM DUE TO UNDISCLOSED CONFLICTED REPRESENTATION OF THE DEBTOR IN RE WEIBEL, INC. (9TH CIR. BAP 1994) 176 B.R. 209;* DECLARATION OF DAVID B. GOLUBCHIK IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 30, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Katherine Bunker     kate.bunker@usdoj.gov
- John Burgee     jburgee@bandalaw.net
- Caroline Renee Djang (TR)     caroline.djang@bbklaw.com, C190@ecfcbis.com;sansanee.wells@bbklaw.com;wilma.escalante@bbklaw.com
- James R Felton     jfelton@gblawllp.com, nknadjian@gblawllp.com
- David B Golubchik     dbg@lnbyb.com, stephanie@lnbyb.com
- Juliet Y Oh     jyo@lnbrb.com, jyo@lnbrb.com
- Thomas D Sands     thomas@thesandslawgroup.com, thomas@thesandslawgroup.com
- Michael Shemtoub     michael@lexingtonlg.com
- David A Tilem     davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com; DianaChau@tilemlaw.com
- United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov

**2.  <u>SERVED BY UNITED STATES MAIL</u>**: On **June 30, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  *Service information continued on attached page*

**3.  <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 30, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

***Served by Overnight Mail***
Hon. Victoria S. Kaufman
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 354 / Ctrm 301
Woodland Hills, CA 91367

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                              **F 9013-3.1.PROOF.SERVICE**

1  I declare under penalty of perjury under the laws of the United States of America that the foregoing is
   true and correct.

2

3  | June 30, 2020 | Stephanie Reichert | /s/ Stephanie Reichert |
   |---|---|---|
   | Date | Type Name | Signature |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                    **F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-1
Case 1:20-bk-11006-VK
Central District of California
San Fernando Valley
Tue Jun 30 11:34:51 PDT 2020

FR, LLC
c/o Michael Shemtoub, Esq.
4929 Wilshire Blvd., suite 702
Los Angeles, CA 90010-3824

Franchise Tax Board
Special Procedures
POB 2952
Sacramento, CA 95812-2952

G&B Law, LLP
Attn:  James R. Felton
16000 Ventura Blvd., suite 1000
Encino, CA 91436-2762

Greenday Capital LLC
1616 W 218th St
Torrance, CA 90501-3861

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Jeff Nodd, Esq.
15250 Ventura Blvd
Encino, CA 91403-3201

LDI Ventures, LLC
423 N Palm dr
Beverly Hills, CA 90210-3974

(p)LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

Landmark Land, LLC
Attn Alex Polovinchik
860 Via De La Paz, suite E-1
Pacific Palisades, CA 90272-3668

MGF Developing, Inc.
23679 Calabasas Rd. #774
Calabasas, CA 91302-1502

Michael Leizerovitz
15 Via Monarca St.
Dana Point, CA 92629-4082

Michael Masinovsky
21810 Eaton Place
Cupertino, CA 95014-1182

Ming Zhou
Thomas Krantz, Esq.
2082 Michelson Drive, Suite 212
Irvine, CA 92612-1213

(p)REAL PROPERTY TRUSTEE  INC
ATTN MIKE KEMEL
PO BOX 17064
BEVERLY HILLS CA 90209-3064

Sensible Consulting & Mgmt Inc
c/o John Burgee Esq.
20501 Ventura Boulevard, Suite 262
Woodland Hills, CA 91364-6410

Thomas Sands, Esq.
The Sands Law Group, APLC
205 South Broadway, Suite 903
Los Angeles, CA 90012-3618

U.S. Trustee  San Fernando  Valley
915 Wilshire Blvd.
Suite 1850
Los Angeles, CA 90017-3560

Caroline Renee Djang (TR)
18101 Von Karman Ave., Suite 1000
Irvine, CA 92612-0164

Mariya Ayzenberg
4923 Lindley Avenue
Tarzana, CA 91356-4319