United States Bankruptcy Court
Central District of California

In re:  
Lev Investments, LLC  
     Debtor

Case No. 20-11006-VK  
Chapter 11

## CERTIFICATE OF NOTICE

District/off: 0973-1     User: admin     Page 1 of 1     Date Rcvd: Jun 29, 2020  
                         Form ID: pdf042     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 01, 2020.  
db          +Lev Investments, LLC,    13854 Albers Street,    Sherman Oaks, CA 91401-5811

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                                                     TOTAL: 0

           ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 01, 2020                                                Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 29, 2020 at the address(es) listed below:

           Caroline Renee Djang (TR)    caroline.djang@bbklaw.com,  
            C190@ecfcbis.com;sansanee.wells@bbklaw.com;wilma.escalante@bbklaw.com  
           David A Tilem    on behalf of Interested Party    Courtesy NEF davidtilem@tilemlaw.com,  
            DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;DianaChau@tilemlaw.com  
           David B Golubchik    on behalf of Debtor    Lev Investments, LLC dbg@lnbyb.com,    stephanie@lnbyb.com  
           David B Golubchik    on behalf of Defendant    Lev Investments, LLC dbg@lnbyb.com, stephanie@lnbyb.com  
           John Burgee    on behalf of Interested Party    Courtesy NEF jburgee@bandalaw.net  
           John Burgee    on behalf of Defendant    SENSIBLE CONSULTING AND MANAGEMENT, INC. jburgee@bandalaw.net  
           John Burgee    on behalf of Defendant RUVIN FEYGENBERG jburgee@bandalaw.net  
           John Burgee    on behalf of Defendant MICHAEL LEIZEROVITZ jburgee@bandalaw.net  
           Juliet Y Oh    on behalf of Debtor    Lev Investments, LLC jyo@lnbrb.com,    jyo@lnbrb.com  
           Juliet Y Oh    on behalf of Defendant    Lev Investments, LLC jyo@lnbrb.com,    jyo@lnbrb.com  
           Katherine Bunker    on behalf of U.S. Trustee    United States Trustee (SV) kate.bunker@usdoj.gov  
           Michael Shemtoub    on behalf of Interested Party Mikhail Kemel michael@lexingtonlg.com  
           Michael Shemtoub    on behalf of Interested Party Mariya Ayzenberg michael@lexingtonlg.com  
           Thomas D Sands    on behalf of Creditor Thomas D Sands thomas@thesandslawgroup.com,    thomas@thesandslawgroup.com  
           Thomas D Sands    on behalf of Interested Party    Courtesy NEF thomas@thesandslawgroup.com,    thomas@thesandslawgroup.com  
           United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

                                                                                                                                 TOTAL: 16

**FILED & ENTERED**

JUN 29 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Bever     DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

In re:

Lev Investments, LLC,

Debtor(s).

Case No.: 1:20-bk-11006-VK

Chapter 11

**ORDER GRANTING DEBTOR'S *EX PARTE* MOTION, PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 AND LOCAL BANKRUPTCY RULE 2004-1, FOR THE PRODUCTION OF DOCUMENTS AND ORAL EXAMINATIONS**

[No Hearing Required]

Document Production Date/Time
Date:     July 17, 2020
Time:    10:00 a.m.
Place: Levene, Neale, Bender, Yoo & Brill L.L.P.
         10250 Constellation Blvd., Suite 1700
         Los Angeles, CA 90067

Examination Date, Time, and Location:[1]
Date/Time: July 24, 2020 @ 10:00 a.m.
Place:  Levene, Neale, Bender, Yoo & Brill L.L.P.
          10250 Constellation Blvd., Suite 1700
          Los Angeles, CA 90067

---

[1] In regard to the place for the examinations, the Debtor's counsel has agreed to use reasonable efforts to conduct the examinations via video conferencing with a court reporter.

-1-

On June 1, 2020, Lev Investments, LLC (the "Debtor"), filed a voluntary chapter 11 petition. On June 22, 2020, the Debtor filed an *Ex Parte Motion, Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Bankruptcy Rule 2004-1, for the Production of Documents and Oral Examination* (the "Motion") [doc. 34]. In the Motion, the Debtor requests that the Court grant the Debtor leave to serve a request for production of documents and to conduct a Fed. R. Bankr. P. 2004 examination of Gina Lisitsa, Esq.

On June 23, 2020, The Sands Law Group, APLC (the "Sands Group"), an alleged creditor of the Debtor's estate, filed an objection to the Motion (the "Objection") [doc. 35]. In the Objection, the Sands Group provides no authority regarding its standing to object to the Motion. On June 25, 2020, the Debtor filed a reply to the Objection [doc. 47].

Pursuant to Local Bankruptcy Rule ("LBR") 2004-1—

(a) Conference Required. Prior to filing a motion for examination or for production of documents under FRBP 2004, the moving party must attempt to confer (in person or telephonically) *with the entity to be examined*, or its counsel, to arrange for a mutually agreeable date, time, place, and scope of an examination or production.

(b) Motion. A motion for examination under FRBP 2004 must be filed stating the name, place of residence, and the place of employment *of the entity to be examined*, if known. The motion must include a declaration of counsel stating whether the required conference was held and the efforts made to obtain an agreeable date, time, place, and scope of an examination or production. The motion must also explain why the examination cannot proceed under FRBP 7030 or 9014.

(c) Notice and Service. The motion must be served on the debtor, debtor's attorney (if any), the trustee (if any), the United States trustee, *and the entity to be examined*. Not less than 21 days notice of the examination must be provided, calculated from the date of service of the motion, unless otherwise ordered by the court.

(d) Order. Unless otherwise ordered by the court, a motion for examination will be ruled on *without a hearing* pursuant to LBR 9013-1(p).
. . .

(f) Protective Order. *The party whose examination is requested* may file a motion for protective order if grounds exist under FRBP 7026 and F.R.Civ.P. 26(c). A motion for protective order must be filed and served not less than 14 days before the date of the examination, and set for hearing not less than 2 days before the scheduled examination, unless an order setting hearing on shortened notice is granted by the court pursuant to LBR 9075-1. The parties may stipulate, or the court may order, that

    the examination be postponed so that the motion for protective order can be heard on regular notice under LBR 9013-1(d).

 (g) Disputes. The parties must seek to resolve any dispute arising under this rule in accordance with LBR 7026-1(c).

LBR 2004-1 (emphasis added). The Motion complies with the requirements of LBR 2004-1. The Motion states the name and the place of employment of Ms. Lisitsa. The Motion includes a declaration of counsel stating that the required conference was held and the efforts made to obtain an agreeable date, time, place, and scope of an examination or production. Additionally, the Motion explains why the examination cannot proceed under Fed. R. Bankr. P. 7030 or 9014. Finally, the Motion was timely served on Ms. Lisitsa, her apparent counsel and the United States Trustee.

 The Sands Group is not the entity to be examined. Moreover, the Sands Group does not appear to be representing Ms. Lisitsa. Accordingly, the Sands Group does not have standing to object to the Motion. The Court will overrule the Objection. If Ms. Lisitsa files a motion for a protective order, the Court will evaluate any such motion in accordance with LBR 2004-1(f).

 The Court having considered the Motion, Ms. Lisitsa having not yet filed a motion for a protective order, the Court having authority to rule on the Motion without a hearing pursuant to LBR 2004-1(d), and for good cause appearing, it is hereby

 ORDERED, that the Motion is granted; and it is further

 ORDERED, that Gina Lisitsa, Esq. is hereby directed to produce or make available for inspection the documents listed in Exhibit "A" hereto by no later than July 17, 2020, at 10:00 a.m., at the offices of Levene, Neale, Bender, Yoo & Brill L.L.P., 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067 (the "LNBYB Office"), which documents may also be produced via email; and it is further

 ORDERED, that Gina Lisitsa, Esq. shall appear for a Fed. R. Bankr. P 2004 examination on July 24, 2020, at 10:00 a.m., at the LNBYB Office, provided that the Debtor's counsel shall exercise reasonable efforts to arrange to conduct the subject Examination via video conferencing with a court reporter; and it is further

-3-

1  ORDERED, that the Debtor is hereby authorized to issue a subpoena to compel the
2  foregoing document production and examination and serve such subpoena on Gina Lisitsa, Esq.
3  or Murchison & Cummings LLP, as counsel to Gina Lisitsa, Esq.

# # #

Date: June 29, 2020

Victoria S. Kaufman
United States Bankruptcy Judge

-4-

# EXHIBIT "A"

# REQUEST FOR PRODUCTION OF DOCUMENTS

# DEFINITIONS

As used in the following document requests (the "Requests") and in each individual document request therein ("Request"), the following terms shall have the following meanings:

1. The term "GINA," "YOU," and "YOUR" as used herein means Gina Lisitsa, Esq., and any of her employees, partners, joint venturers and affiliates, and any PERSON employed by, or working on behalf of, Gina.

2. The term "COMMUNICATION" or "COMMUNICATIONS" as used herein means any transfer of information, oral or written, be it in the form of facts, ideas, inquiries, opinions, or otherwise, by any means, including but not limited to, letter, facsimile, email, memorandum, voicemail, text messages, instant messages, social media communications (Facebook, Twitter, LinkedIn, etc.), and/or other any other type or form of communication.

3. The term "DEBTOR" as used herein means Lev Investments, LLC.

4. The term "DOCUMENT" or "DOCUMENTS" as used herein means all written, printed, typed, recorded, or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made in any form, including, but not limited to, letters, correspondence, emails, text messages, instant messages, social media communications (Facebook, Twitter, LinkedIn, etc.) telegrams, telexes, memoranda, records, minutes, contracts, agreements, intra- and interoffice communications, microfilm, bulletins, circulars, pamphlets, studies, reports, notices, diaries, calendar entries, summaries, books, messages, instructions, work assignments, notes, writeups, notebooks, drafts, data sheets, data compilations, computer data compilation and computer runs, worksheets, statistics, speeches, tapes, tape recordings, press releases, public statements and public announcements, public and governmental filings, financial statements, opinions and other writings and other magnetic, photographic, electronic and sound recordings.

5. The term "PERSON" or "PERSONS" as used herein shall mean all natural persons and all entities, including without limitation, associations, companies, partnerships, joint ventures, corporations, limited liability companies, trusts, estates, agencies or governmental entities. Where an artificial (*e.g.*, a corporation, partnership, governmental entity or agency, etc.) person is involved, PERSON or PERSONS includes all natural persons acting or purporting to act on behalf of the artificial person.

6. The term "PROPERTY" or "PROPERTIES" as used herein shall mean and refer to the following real properties, individually and collectively, however the case may be:

    i. 1063 Kildonan dr., Glendale, California 91207
    ii. 433 Diamond dr., Lake Elsinore, CA 92530

      iii. 13854 Albers St, Sherman Oaks, CA 91401
      iv. APN: 697-330-002-4 located in Coachella, California, 92236, described as LOT 71 OF TRACT 30117-1, IN THE CITY OF COACHELLA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 331, PAGES 71 AND 78, INCLUSIVE OF MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. EXCEPTING THEREFROM 50% INTEREST IN AND TO AL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER SAID LAND AS RESERVED BY CANAL WATER LANDOWNERS, A CALIFORNIA CORPORATION IN DEED RECORDED MAY 27, 1954 IN BOOK 1592, PAGE 201 OF OFFICIAL RECORDS. EXCEPT THEREFROM THAT PORTION WHICH FALL WITHIN THE BOUNDARIES OF TRACT 32860-1, AS SHOWN ON THE SUBDIVISION MAP FILED ON MAY 2, 2006 IN BOOK 401 OF MAPS, PAGES 79 TO 88 INCLUSIVE IN THE OFFICE OF THE RIVERSIDE COUNTY RECORDER

7. The term "RELATING TO" as used herein means referring to, alluding to, responding to, pertaining to, connected with, commenting on, including, containing, regarding, discussing, showing, illustrating, constituting, consisting of, describing, mentioning, respecting, analyzing, evidencing, concerning, memorializing, supporting, negating, detracting from, indicating, corroborating, reviewing any aspect of, leading up to, or having any impact, bearing, or relation to in any way.

8. Whenever appropriate, the singular form of a word shall be interpreted in the plural, or vice versa; verb tenses shall be interpreted to include past, present, and future tenses, and the terms "and" as well as "or" shall be construed either disjunctively or conjunctively, so as to make the Request inclusive rather than exclusive.

9. Unless specifically defined herein, all words and terms used herein shall be construed and interpreted according to their ordinary usage and meaning.

**TIME PERIOD**

The time period with respect to the Requests herein is January 1, 2018 to the present.

**DOCUMENT REQUESTS**

**REQUEST NO. 1**

All COMMUNICATIONS and DOCUMENTS relating to the DEBTOR including, without limitation all trust account(s), escrow account(s) and financial records relating thereto.

**REQUEST NO. 2**

All COMMUNICATIONS and DOCUMENTS relating to the PROPERTIES.

**REQUEST NO. 3**

All COMMUNICATIONS and DOCUMENTS relating to FR LLC.

**REQUEST NO. 4**

All COMMUNICATIONS and DOCUMENTS relating to Mariya Ayzenberg.

**REQUEST NO. 5**

All COMMUNICATIONS and DOCUMENTS relating to Thomas Sands.

**REQUEST NO. 6**

All COMMUNICATIONS and DOCUMENTS relating to Michael Shemtoub with respect to the DEBTOR or any of the PROPERTIES.

**REQUEST NO. 7**

All COMMUNICATIONS and DOCUMENTS relating to financial records, including, without limitation, bank statements, trust account statements, escrows, registers, with respect to all moneys coming in and out with respect to the DEBTOR and any of the PROPERTIES, including all funds received and disbursed as well as all compensation received by YOU or any of your affiliates.

**REQUEST NO. 8**

All COMMUNICATIONS and DOCUMENTS with owners or borrowers of any of the PROPERTIES including, without limitation, extension fees, forbearance fees, default interest, fees, costs.

**REQUEST NO. 9**

All bills, invoices and statement of account issued by YOU with respect to the DEBTOR or any of the PROPERTIES.