DAVID B. GOLUBCHIK (SBN 185520)
JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYB.COM; JYO@LNBYB.COM

Proposed Attorneys for Chapter 11 Debtor and
Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>LEV INVESTMENTS, LC,<br><br>    Debtor and Debtor in Possession. | Case No.: 1:20-bk-11006-VK<br><br>Chapter 11<br><br>**OPPOSITION TO MOTION TO DISQUALIFY DEBTOR AS A DEBTOR IN POSSESSION AND TO DISQUALIFY CASE AS A CHAPTER SUBCHAPTER V CASE; DECALRATION OF DMITRI LIOUDKOUSKI IN SUPPORT THEREOF**<br><br>[Evidentiary Objections filed concurrently herewith]<br><br>Hearing:<br>Date: July 16, 2020<br>Time: 1:30 p.m.<br>Place: Courtroom "301"<br>       21041 Burbank Boulevard<br>       Woodland Hills, California 91367 |

1

1       Lev Investments, LLC, the debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case ("Debtor"), hereby files its Opposition to the Motion To Disqualify Debtor As A Debtor In Possession And To Disqualify Case As A Chapter Subchapter V Case (the "Motion") filed by The Sands Law Group, APLC ("Sands Law").

      Sands Law was hired by Gina Lisitsa, Debtor's former counsel, as an appearance attorney related to a case that Ms. Lisitsa was prosecuting on behalf of the Debtor. Sands Law was paid for its appearance services. As a result, the Debtor believes that Sands Law holds no valid claim against the Debtor. Counsel for the Debtor has requested that Sands Law turn over to the Debtor any engagement agreements, accounting of bills issued and funds received and time records and bills. Sands Law has refused to do so.

      In addition to the foregoing, the Debtor filed its evidentiary objections to the Declaration of Thomas Sands, which is the only declaration filed in support of the Motion. Subject to the foregoing, and without delving into the myriad of baseless and false accusations, which are not supported by evidence and are irrelevant to these proceedings other than to attempt to muddy the waters and paint a false picture of the Debtor and its manager, the Debtor submits that no "cause" has been show to grant the Motion.

## I.

## LEGAL BASIS

      The debtor, as debtor in possession, remains in possession of assets of the estate unless the Debtor is removed under 11 U.S.C. § 1185(a). 11 U.S.C. § 1186(b). A sub V debtor in possession has the rights, powers, and duties of a trustee that a standard chapter 11 debtor in possession has, including the operation of the debtor's business. 11 U.S.C. § 1184.

      11 U.S.C. § 1185(a) provides for removal of a debtor in possession, for cause, on request of a party in interest and after notice and hearing. "Cause" includes "fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor, either before or after the date

of commencement of the case." This language is identical to § 1104(a)[1], which provides for appointment of a trustee in a standard or non-sub V chapter 11 case, and to § 1204(a), which provides for removal of the debtor in possession in a chapter 12 case.

"Cause" for appointment of Chapter 11 trustee must be established by clear and convincing evidence, and not just by preponderance of the evidence; debtor's presumptive right to maintain possession over the reorganizing business is an important interest justifying the heightened standard of proof. In re Munoz, 544 B.R. 266 (Bankr.D.P.R. 2016), *affirmed* 553 B.R. 179, *affirmed* 866 F.3d 487; In re Colorado-Ute Elec. Ass'n, Inc., 120 B.R. 164 (Bankr.D.Co.1990) (Burden is on party moving for appointment of Chapter 11 trustee to show by clear and convincing evidence that there is cause to appoint trustee); In re Paolino, 53 B.R. 399 (Bankr. E.D.Pa. 1985) (There is a "strong" presumption against appointment of a Chapter 11 trustee; factual averments governing appointment of trustee must be proved by clear and convincing evidence rather than by the more common standard of preponderance of the evidence).

As discussed below, while Debtor submits that Sands Law has offered absolutely no credible evidenced-based "cause" for the relief requested, certainly, no "cause" has been shown to support removing the Debtor based on a "clear and convincing" standard.

## II.

## NO "CAUSE" EXISTS TO WARRANT REMOVAL OF THE DEBTOR

The Motion contains numerous rhetoric and inflammatory statements by Sands Law with respect to the Debtor and its manager. Other than personal rants of Mr. Sands, no evidence has been offered to support such "allegations". Once parsed down to the core, it appears that Sands Law disagrees with certain disclosures and schedules of the Debtor. While none of the assertions result in "cause", the Debtor nevertheless addresses them hereinbelow.

The Motion asserts that listing "LDI Ventures and Landmark Land, which are entities

---

[1] Section 1104 does not apply in a sub V case. 11 U.S.C. § 1181(a).

3

1  controlled by Lioudkovski and which operate from the same residential address as Lioudkovski
2  lives, reveals the badges of fraud common to those who lack more fiber to ever be a viable DIP."
3  See Motion at page 8, lines 26-28.  As testified at the 11 U.S.C. § 341(a) meeting of creditors,
4  and the accompanying declaration, the foregoing entities are insiders of the Debtor.  There is no
5  dispute.  And there is no prohibition against insiders being creditors of a debtor.  This is not a
6  basis to displace the Debtor.

7      The Motion next argues that "listing the two entities as part of the 20 largest unsecured
8  creditors dilutes the recovery of the honest creditors owed money like the undersigned."  See
9  Motion at page 9, lines 4-5.  While it is true that more debt, by definition, results in dilution of
10 recovery, that is simply a mathematical concept and not "cause" to displace a debtor.  Contrary
11 to Sands Law's implication, there is no evidence or support for the attempt to suggest that assets
12 were transferred to the "insiders" for "inadequate or nonexistent consideration."  See Motion at
13 page 9, lines 6-7.  A creditor claim is based on a debt owed to a creditor.  That is the case herein.
14 Of course, Sands Law and others have the right to investigate the nature, validity and extent of
15 any claims asserted against the estate.

16     The Motion further argues that the Debtor "fails to disclose the Riverside property."  See
17 Motion at page 10, line 15.  It is accurate that the Debtor did not disclose the Riverside Property.
18 The reason for the foregoing is that the Debtor does not own the Riverside Property.  Rather, due
19 to a faulty foreclosure sale pre-petition, the Debtor rescinded the trustee's deed on May 29, 2020,
20 as a result of which the Debtor only holds a note receivable on such property.  That note
21 receivable is disclosed in Schedule B.

22     The Motion goes on to suggest that a trustee should be appointed because the Debtor did
23 not pay property taxes with respect to the Sherman Oaks property.  See Motion at page 10, lines
24 16-17.  The Motion is accurate that property taxes are outstanding, as also disclosed in Schedule
25 D.  Certainly, an outstanding debt does not constitute "cause" to displace a debtor.  If this would
26 constitute "cause", every bankruptcy would warrant a trustee.

27     The Motion permeates with the overarching argument that the Debtor does not speak,
28

1  read or write English, as a result of which, he cannot execute declarations absent a certification

2  of an interpreter and his executions are a fraud. <u>See</u> e.g. Motion at page 10, lines 18-20; page 11,

3  lines 9-13. The only authority cited in the Motion is how to properly introduce translations,

4  which is inapplicable herein. As the Debtor testified at his 11 U.S.C. § 341(a) meeting of

5  creditors, he obtains assistance from Google Translate, counsel and others if he has questions or

6  does not understand certain concepts or terms. However, the Debtor is competent and knows

7  what he is testifying to under oath and properly executed all declarations and affidavits in this

8  case.

9  The next section of the Motion argues that the Debtor does not qualify as a Subchapter V

10 debtor because, according to Sands Law, if one really considers the potential exposure to liability

11 in the various lawsuits that the Debtor is a party to, the total debt may be in excess of the limit.

12 <u>See</u> Motion at page 12, lines 20-22. Such a statement lacks foundation or basis of any kind.

13 Absolutely no rational reason or explanation has been offered for such a bold and conclusory

14 statement. A response does not appear warranted other than reference to 11 U.S.C. § 1182(1)(A)

15 which defines a debtor as "a person engaged in commercial or business activities (including any

16 affiliate of such person that is also a debtor under this title and excluding a person whose primary

17 activity is the business of owning single asset real estate) that has aggregate **noncontingent**

18 **liquidated** secured and unsecured debts as of the date of the filing of the petition or the date of

19 the order for relief in an amount not more than $7,500,000 (excluding debts owed to 1 or more

20 affiliates or insiders) not less than 50 percent of which arose from the commercial or business

21 activities of the debtor . . .." The Debtor's noncontingent liquidated secured and unsecured debts

22 are less than the statutory limit. The Debtor qualifies for a Subchapter V designation.

### III.

### CONCLUSION

26 The Motion makes it clear that Mr. Sands is unhappy with pre-petition communication or

27 relationship between Sands Law and the Debtor. However, that is not sufficient to displace the

5

Debtor and appoint a trustee.

WHEREFORE, based on the foregoing, the Debtor respectively requests that the Court deny the Motion in its entirety and grant such further and additional relief as the Court deems just and proper.

Dated:  July 2, 2020

LEVENE, NEALE, BENDER, YOO
  & BRILL L.L.P.

By:  /S/ *David B. Golubchik*
    DAVID B. GOLUBCHIK
    JULIET Y. OH
    LEVENE, NEALE, BENDER,
    YOO & BRILL L.L.P.
    Proposed Attorneys for Chapter 11 Debtor
    and Debtor-in-Possession

## DECLARATION OF DMITRI LIOUDKOUSKI

I, DMITRI LIOUDKOUSKI, hereby declare as follows:

1. I am the Manager of Lev Investments, LLC, the debtor and debtor-in-possession herein (the "Debtor"), and I am therefore familiar with the financial affairs of the Debtor. I have personal knowledge of the facts set forth below and, if called to testify as a witness, I could and would competently testify thereto.

2. I am an immigrant from Russia and now live in the United States. I am a U.S. citizen. My English comprehension skills are poor. I am able to read very slowly. When I have questions about certain terms, I use Google Translate or ask someone for assistance. In this case, I have asked people around me to translate certain words or phrases that I did not understand. Similarly, my bankruptcy counsel, David Golubchik, is fluent in Russian and has been able to assist me if I have any questions. However, when I sign a declaration or affidavit, I make sure that I understand it and agree with it before I sign it.

3. When I am in a stressful situation or one that does not allow me sufficient time to understand words or phrases in English, I use an interpreter. Here, at the Debtor's meeting of creditors, I requested an interpreter. All my testimony at the meeting was true and correct.

4. I am the manager of the Debtor. My wife, who resides out of the country, is the sole member of the Debtor.

5. Prior to the bankruptcy filing, my former counsel, Gina Lisitsa, advised me that she is hiring Mr. Sands as an appearance attorney for litigation she was pursuing on the Debtor's behalf. To the best of my knowledge, Mr. Sands made appearances. At Mr. Lisitsa's instructions, I caused the Debtor to pay to Mr. Sands $250.00 on one occasion, which was delivered through Ms. Lisitsa, and an additional $500.00 on a second occasion, which I personally delivered to Mr. Sands while in court. Other than the foregoing time, I never spoke with Mr. Sands and never saw Mr. Sands. In addition, I learned from Ms. Lisitsa that Mr. Sands wanted the Debtor to hire him for additional work, but the Debtor decided not to hire him. Other than the one email with his engagement agreement in English and Russian, there were no email

1 or other written communications with Mr. Sands.  Mr. Sands was not counsel to the Debtor other than assisting Ms. Lisitsa with certain appearances.

6. The Motion makes numerous inappropriate allegations against the Debtor and against me.  I will not respond to those matters that, I am advised, are not relevant to this proceeding, other to state that numerous statements are false while others are inappropriate disclosure of attorney-client communications which the Debtor has not waived.

7. I am the sole member of LDI Ventures, which is also in the business of providing loans secured by real property.  LDI extended a credit line to the Debtor for access to funds when needed.  Based on outstanding loans, LDI is a creditor of the Debtor.

8. One of the loans outstanding by the Debtor is an approximately $2,800,000 loan for an RV park development in Coachella, CA, which the Motion refers to as the Riverside property.  Based on borrower default, the Debtor proceeded with foreclosure of the property.  The Debtor received incorrect advice on foreclosure from Ms. Lisitsa and foreclosure trustee Mike Kemel, who is an associate or partner of Gina Lisitsa and son of Mariya Ayzenberg.  Based on such advice, the Debtor did not conduct the foreclosure sale as required under applicable laws, thereby causing the former owner to commence a lawsuit against, among others, the Debtor.  The Debtor rescinded the trustee's deed upon sale prior to the bankruptcy filing, thereby placing the Debtor back in the shoes of a secured creditor.  See Exhibit "A" hereto.  The bankruptcy documents disclose this loan.

9. Upon commencement of this bankruptcy case, I reviewed each document that I signed in detail. I discussed any concerns or changes I had with Debtor's counsel. To the best of my knowledge, the filings are true and correct and fully disclose the Debtor's assets and liabilities.

1  under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct.
3       Executed on this 2nd day of July, 2020, at Beverly Hills, California.

                                                        _____
                                                        DMITRI LIOUDKOUSKI

# EXHIBIT "A"

RECORDING REQUESTED BY
LEV Investment, LLC

AND WHEN RECORDED MAIL TO

LEV Investments, LLC
c/o G&B Law, LLP
16000 Ventura Blvd., Suite 16000
Encino, CA 91436

2020-0228097
05/29/2020 10:55 AM Fee: $ 89.00
Page 1 of 1
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

248

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# RESCISSION OF TRUSTEE'S DEED

APN: 697-330-002-4

LEV Investments, LLC, as BENEFICIARY, DECLARES that the Trustee's Deed Upon Sale, recorded on November 8, 2019 as Document No. 2019-0463223, in the Official Records of Riverside County, California is hereby rescinded because the Trustee's sale was conducted before the seventh day after the termination of the temporary restraining order issued by the Superior Court of the State of California for the County of Riverside in Case No. RIC1905065.

The Deed of Trust which was the subject of the Trustee's Deed Upon Sale, recorded on August 7, 2018 as Document 2018-0317977 in the Official Records of Riverside County, California showed Coachella Vineyard Luxury RV Park, LLC, as sole Trustor and Lev Investments, LLC, as sole Beneficiary. It described the following property:

LOT 71 OF TRACT 30117-1, IN THE CITY OF COACHELLA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 331, PAGES 71 AND 78, INCLUSIVE OF MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. EXCEPTING THEREFROM 50% INTEREST IN AND TO ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER SAID LAND AS RESERVED BY CANAL WATER LANDOWNERS, A CALIFORNIA CORPORATION IN DEED RECORDED MAY 27, 1954 IN BOOK 1592, PAGE 201 OF OFFICIAL RECORDS. EXCEPT THEREFROM THAT PORTION WHICH FALL WITHIN THE BOUNDARIES OF TRACT 32860-1, AS SHOWN ON THE SUBDIVISION MAP FILED ON MAY 2, 2006 IN BOOK 401 OF MAPS, PAGES 79 TO 88 INCLUSIVE IN THE OFFICE OF THE RIVERSIDE COUNTY RECORDER.

Dated 5-12-2020

LEV INVESTMENTS, LLC

Dmitri Lioudkovsky, Manager

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF Los Angeles

On May 12th 2020 before me, Cesar Peña Andrade, Notary Public
(here insert name and title of the officer)

, notary public, personally appeared Dmitri Lioudkovsky, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the state of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature

CESAR PENA ANDRADE
Notary Public - California
Los Angeles County
Commission # 2253230
My Comm. Expires Aug 9, 2022

(This area for official notarial seal)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **OPPOSITION TO MOTION TO DISQUALIFY DEBTOR AS A DEBTOR IN POSSESSION AND TO DISQUALIFY CASE AS A CHAPTER SUBCHAPTER V CASE; DECALRATION OF DMITRI LIOUDKOUSKI IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 2, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Katherine Bunker    kate.bunker@usdoj.gov
- John Burgee    jburgee@bandalaw.net
- Caroline Renee Djang (TR)    caroline.djang@bbklaw.com, C190@ecfcbis.com;sansanee.wells@bbklaw.com;wilma.escalante@bbklaw.com
- James R Felton    jfelton@gblawllp.com, nknadjian@gblawllp.com
- David B Golubchik    dbg@lnbyb.com, stephanie@lnbyb.com
- Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
- Thomas D Sands    thomas@thesandslawgroup.com, thomas@thesandslawgroup.com
- Michael Shemtoub    michael@lexingtonlg.com
- David A Tilem    davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com; DianaChau@tilemlaw.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **July 2, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*None.*

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 2, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*None.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 2, 2020 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**