

**FILED & ENTERED**

**JUL 02 2020**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** Bever    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Lev Investments, LLC,<br><br><br><br>            Debtor. | Case No.: 1:20-bk-11006-VK<br><br>CHAPTER 11<br><br>**ORDER (1) DENYING REQUEST TO ADVANCE STATUS CONFERENCE; AND (2) REQUIRING CERTAIN INDIVIDUALS TO APPEAR BY VIDEO AT INITIAL STATUS CONFERENCE**<br><br>Date:   July 16, 2020<br>Time:   1:30 p.m.<br>Place:  Courtroom 301<br>            21041 Burbank Blvd.<br>            Woodland Hills, CA 91367 |

On June 1, 2020, Lev Investments, LLC ("Debtor") filed a voluntary petition under subchapter V of chapter 11. Caroline Djang was appointed the subchapter V trustee (the "Trustee"). On June 29, 2020, Debtor filed an ex parte motion to advance the hearing on the initial status conference (the "Ex Parte Motion") [doc. 62]. In the Ex Parte Motion, Debtor also requested that the Court order "all parties that have filed pleadings and declarations to date" to attend the initial status conference. On June 29, 2020, the Trustee filed a joinder to the Ex Parte

-1-

Motion [doc. 66], expressing concern over the nature of certain filings and supporting Debtor's request that certain individuals appear at the initial status conference. The concern appears to stem from several filings by attorney Thomas Sands, who represents himself as a purported creditor of the estate, and attorney Michael Shemtoub, who represents individuals named Mike Kemel and Mariya Ayzenberg.

Previously, Debtor stated that an individual named Kevin Moda, who has been deemed a vexatious litigant by a California court, is utilizing Mr. Sands' name and bar number to practice law [doc. 53, pp. 2-3]. The pleadings bearing Mr. Sands' name and bar number contain derogatory and inappropriate language. *See, e.g.* [doc. 28, pp. 3, 8, 9] (referring to Debtor's principal, Dmitri Lioudkovski, as a "non-English speaking, uneducated…boor" and Debtor's proposed counsel as "a poor excuse for an attorney" and "no less than an utter dunce"); [doc. 21, p. 16] (mocking Mr. Lioudkovski's son); [doc. 35, pp. 3, 7, 8] (calling Mr. Lioudkovski "an ignorant crook, who does not speak English, led by [a] money hungry lawyer," a "Weinstein type boor" who attended the "School of Cosby" and "a fraud, a shyster, a con, a crook"); [doc. 52, p. 5] (referring to Mr. Lioudkovski's hometown as a "slum" and again mocking Mr. Lioudkovski's son); [doc. 58, pp. 2, 6, 7] (referring to Mr. Lioudkovski as "uneducated, illiterate, dismal," fabricating an insulting dialogue between Debtor's proposed counsel and the Trustee, calling Debtor's proposed counsel "the utmost incompetent litigator that one has ever seen" and stereotyping people of Russian origin as having "Russian bear appetite for fraud by omission"); and [doc. 67, pp. 1-2] (questioning the Trustee's integrity).

In addition, Debtor has noted that Mr. Kemel and Ms. Ayzenberg are not creditors of the estate, and it is unclear why they are involved with Debtor's case [doc. 71, p. 2]. In light of Debtor's and the Trustee's contentions regarding Mr. Sands, Mr. Kemel and Ms. Ayzenberg, the nature of the pleadings filed by Mr. Sands and good cause appearing, it is hereby

ORDERED, that the Court may issue an Order to Show Cause why Mr. Sands should not be sanctioned pursuant to Federal Rule of Bankruptcy Procedure 9011, 11 U.S.C. § 105(a) and the inherent authority of the Court for the nature of his filings and/or, if applicable, allowing the use of his name and California bar number by an unlicensed individual; and it is further

ORDERED, that the Court denies Debtor's and the Trustee's requests to advance the status conference; and it is further

ORDERED, that the initial status conference will be held using ZoomGov, which provides a live video connection with the Court. The following instructions will apply to the ZoomGov hearing:

(1) Meeting Information:

Meeting URL:    https://cacb.zoomgov.com/j/1601814433

Meeting ID:    160 181 4433

Password:    549488

(2) Hearing participants and members of the public may view and listen to the hearing through ZoomGov **free of charge**. Individuals may connect by ZoomGov video and audio using a personal computer (equipped with camera, microphone and speaker), or a handheld mobile device (such as an iPhone). Neither a Zoom nor a ZoomGov account is necessary to participate and no pre-registration is required.

(3) The audio portion of each hearing will be recorded electronically by the Court and constitute its official record.

(4) All persons (other than Court staff creating the official record of the hearing) are strictly prohibited from making any audio or video recording of the proceedings.

(5) Participants should read the "Tips for a Successful ZoomGov Court Experience" attached to this Order.

ORDERED, that, unless an individual is incapable of participating by ZoomGov video, and timely files evidence, including a declaration, signed under penalty of perjury, attesting to his or her inability to do so, the following individuals **must appear by video**, pursuant to the instructions below, for the initial status conference set for **1:30 p.m. on July 16, 2020**:

(A) the U.S. Trustee;

(B) the Trustee;

(C) Debtor's proposed counsel;

(D) Mr. Sands; and

(E) Mr. Shemtoub; and it is further

ORDERED, that, if any individual is unable to appear by video, the individual **must appear in person** at the initial status conference and **must inform chambers** of his or her intent to appear in person no later than **July 10, 2020**; and it is further

###

Date: July 2, 2020

Victoria S. Kaufman
United States Bankruptcy Judge

**Tips for a Successful ZoomGov Court Experience**

1. Test the video and audio capabilities of your computer or mobile device in advance of the hearing (i.e., at least one day in advance).
2. If you intend to speak at the hearing, please find a quiet place from which to participate.
3. If you are connecting to the hearing using a wireless device, you should situate yourself in a location with a strong wireless signal.
4. Unless and until it is your turn to speak, please mute your audio to minimize your background noise.
5. When you first speak – and each time you speak after someone else has spoken – please say your name. This may seem awkward but is essential to making a good court record. The only part of the hearing being recorded is the audio. If a transcript is requested, it is sometimes difficult for the transcriber to know who is speaking.
6. Try to avoid having a window or bright background behind you. If you cannot avoid the bright background, try using a desk lamp or other light source to brighten your face.
7. If available, a headset-microphone often provides better sound quality for listening and speaking.
8. Participants and members of the public should at all times remember that, although conducted remotely, these hearings are official court proceedings, and individuals should act accordingly.
9. ZoomGov video participants are permitted to specify a display name. If using video, please specify your complete name to assist the Court in creating a record of the proceedings.