1  Michael Shemtoub, Esq.   SBN: 253948
2  BEVERLY LAW
   4929 Wilshire Blvd., Suite 702
3  Los Angeles, CA 90010
   T: (310) 552-6959
4  F: (323) 421-9397

5  Attorney for Mike Kemel and Mariya Ayzenberg

6

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                   **SAN FERNANDO VALLEY DIVISION**

11  In re                                    )   Case No.: 1:20-bk-11006-VK
12                                           )
    LEV INVESTMENTS, LLC,                    )   Chapter 11, subchapter V
13                                           )
                             Debtor.         )   EMERGENCY MOTION TO ADVANCE
14                                           )   THE HEARING ON MOTION TO
                                             )   DISQUALIFY DAVID GOLUBCHIK AND
15                                           )   HIS FIRM [DOC 56]; MEMORANDUM OF
                                             )   POINTS AND AUTHORITIES, IN
16                                           )   SUPPORT THEREOF, DECLARATION OF
                                             )   MICHAEL SHEMTOUB FILED
17                                           )   CONCURRENTLY HEREWITH
18                                           )
                                             )
19                                           )
                                             )
20                                           )   Date:      TBD
                                             )   Time:      TBD
21                                           )   Place:     Courtroom 301
                                             )              21041 Burbank Blvd.
22                                           )              Woodland Hills, CA 91367
23

24      **TO THE HONORABLE COURT AND ALL PARTIES ENTITLED TO NOTICE:**

25      **PLEASE TAKE NOTICE THAT** on a TBD at TBD (if a hearing is deemed

26  appropriate) in courtroom 301 of the United States Bankruptcy Court for the Central District

27  California, San Fernando Valley Division, located at 21041 Burbank Blvd., Woodland Hills, CA

28  91367, Mike Kemel and Mariya Ayzenberg will and hereby do, move for an Order advancing the

    hearing date of the Motion to Disqualify David Golubchik and his firm filed on   6-26-2020

    [DOC 56] currently set to be heard on August 27, 2020.

                                             1
    EMERGENCY MOTION TO ADVANCE THE MOTION TO DISQUALIFY GOLUBCHIK

The need for this emergency motion has arisen because counsel for Mr. Kemel, Real Property Trustee, Inc. and Ms. Ayzenberg, cannot advocate for them while an attorney who is aware of their secrets and is actively advising the Opponent of how to maximize the damages on his shortly-before this litigation current clients, and now former (as a result of recent actions by Mr. Golubchik since June 1, 2020) clients, Mr. Kemel, Real Property Trustee, Inc. and Ms. Ayzenberg.

To state it quite bluntly, and to borrow from sports, counsel for Mr. Kemel, Real Property Trustee, Inc. and Ms. Ayzenberg cannot implement any tactic, assert any claim, advance any right, defend on any basis, advocate any legal theory that is either strategic or merit based as the Opposing side has the undersigned Clients' playbook.

The undersigned shares his concerns in the accompanying Declaration, and neither the law, equities nor justice permit the further exploitation of the undersigned's clients by the Opposing party.

This motion is based on this notice of motion and motion, the attached memorandum of points and authority, the declaration of Michael Shemtoub, as well as such other and further grounds as may be properly presented to the court.

CD CA LBR 9075-1(a)(1) controls the timelines of this Motion; it must be decided within 48-hours. Any response, written or oral, to the moving papers may be presented at the time of the hearing on the motion. CD CA LBR 9075-1(a)(7).

The moving parties have already been damaged by what has occurred in this case. There is not reason to let the injury metastasize into being incurable and fatal to the litigants. The recusal that is sought is not discretionary but mandatory. There exists a direct relationship between Movants and Mr. Golubchik.

The Court on July 16, 2020, continued the hearing so to determine if matters percolated in a fashion where recusal may be avoided. However, the undersigned cannot file a claim, file a motion for remand, utilize other strategies that are part and parcel of any litigation strategist as no matter how well the undersigned plays the Movants' hands, they will be defeated as he will know what cards the Movants really hold; he will know if they are bluffing, he will know where

2

1    to aim the most destructive shot against the Movants and neither the law nor the ethics of the

2    profession continence what the Movants are suffering through.

3           The Court must grant the Emergency Motion, and once it is satisfied that there *exists* or

4    even *existed* a direct relationship between the Movants and Mr. Golubchik, to disqualify Mr.

5    Golubchik and his firm immediately from the Action and anything related to it.

6

7                                              Respectfully submitted,

8    Dated: July 21, 2020                      BEVERLY LAW

9

10                                     By:_____
                                             Michael Shemtoub, Esquire
11                                           Attorney for Mike Kemel and Mariya
                                             Ayzenberg
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EMERGENCY MOTION TO ADVANCE THE MOTION TO DISQUALIFY GOLUBCHIK

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## STATEMENT OF FACTS

3      Movants and Mr. Golubchik have / had a direct relationship; the retainer agreement

4    between the Movants and Mr. Golubchik is dated March 2019. The only type of law that Mr.

5    Golubchik practices is bankruptcy. This is a bankruptcy action. Once the direct relationship is

6    shown, the presumptions which are implicated (as discussed below) mandate recusal.

7      The involvement of Mr. Golubchik in this Action has caused counsel for the Movants to

8    restrain from undertaking significant steps on behalf of the Movants out of fear of Mr. Golubchik

9    in service of his new client, while possessing confidential information from his past clients,

10   destroy the later for the benefit of the former.

11      The Movants are hamstrung. The bar date on this case is fast upcoming. Delay in the

12   recusal will cause irremediable prejudice to the Movants; Movants who are creditors of the

13   estate, defendants in removed actions to this Court and adversaries to the very client that Mr.

14   Golubchik serves.

15      What is occurring is not only unfair, it is inimical to the orderly administration of justice.

16   To reveal more than the fact that there was/is a direct attorney-client relationship between

17   Movants and Mr. Golubchik would be to do damage and lead to the exposure of the very

18   confidences of the Movants that they desire remain private.

19

## ARGUMENT

20   **THE COURT IS DUTY BOUND TO IMMEDIATELY ADJUDICATE THE MOTION**

21   **FOR RECUSAL FORTHWITH; THE MOTION TO RECUSE WAS FILED ON JUNE 26,**

22   **2020 [DOC 56]**

23      A former client is entitled as a matter of law to disqualify an attorney from successive

24   representation of another client by showing a "substantial relationship'" between the subjects of

25   the prior and the current representations." *City and County of San Francisco v. Cobra Solutions,*

26   *Inc.* (2006) 38 Cal.4th 839, 847.

27      "Substantial relationship" is synonymous with a direct relationship for recusal purposes.

28   "Subject" is synonymous with the term "person," "company" and "client" for recusal purposes

(i.e., if an attorney represented a Coca Cola, and Mr. Kemel was an hourly employee of Coca

4

EMERGENCY MOTION TO ADVANCE THE MOTION TO DISQUALIFY GOLUBCHIK

1  Cola, he would not have cause to recuse that attorney if a dispute between Mr. Kemel and Coca

2  Cola arose as then there would not be a "substantial relationship" between the attorney and

3  "Subject" Kemel; however if that attorney represented Mr. Kemel in a car accident some years

4  back and he was injured on the job with Coca Cola and sued Coca Cola, then that attorney that

5  represented Mr. Kemel in the car accident (even though the representations were decades apart,

6  because that attorney possesses information about Mr. Kemel that he obtained during the course

7  of his direct representation of Mr. Kemel would disqualify the attorney).

8        The retainer agreement between Movants and Mr. Golubchik was penned only last

9  March; last March (2019) was the date when employment started; the representation by Mr.

10  Golubchik of Mr. Kemel and Ms. Ayzenberg is not years apart, but rather days apart.

11        The impartiality of the Court is unquestioned and the Court will determine the results of

12  this litigation on the merits; however, our system of justice is a system of justice which is based

13  on an adversarial nature. The entire landscape of what "fair and impartial adjudication" is

14  abridged and this Court will be disabled from administrating fair justice when the opponents of

15  the undersigned's clients are being advised by the dealer who has stacked the deck against them.

16        Litigation is a sport of Kings, but how much of the sport can litigation be when the

17  opponent is tied to a tree. Mr. Golubchik did himself no favor when on July 16, 2020, he

18  (knowing that Mr. Kemel was watching the proceedings on Zoom) espoused an uncanny

19  familiarity with the Court. Though the impartiality of the Court is unquestioned, to the objective

20  observer, the body language, the tone, the colloquially, the conversation, the courtesies that are

21  normally extended between litigators and a court seem to an objective observer like walking a

22  plank because an objective observers will interpret the grace of the Court and the

23  accommodations that the Court extended and offered to extend to Mr. Golubchik appear as

24  favoritism.

25        The due process rights of Ms. Ayzenberg and Mr. Kemel appear in jeopardy to them and

26  their concerns are well founded. *Wersal v. Sexton*, 674 F.3d 1010, 1020-21 (8th Cir. 2012) ("The

27  rule laid down in *Tumey v. Ohio*, 273 U.S. 510, 523, 47 S.Ct. 437, 71 L.Ed. 749 (1927), makes

28  clear that the partiality of a judge as it relates to a party [or an attorney] to a case violates due

process protections: 'It certainly violates the Fourteenth Amendment, and deprives a person of

EMERGENCY MOTION TO ADVANCE THE MOTION TO DISQUALIFY GOLUBCHIK

1    due process of law, to subject his liberty or property to the judgment of a court the judge of

2    which has a direct, personal, substantial, pecuniary interest in reaching a conclusion against him

3    in his case.' In *Bracy v. Gramley*, 520 U.S. 899, 904-05, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997),

4    the Court reiterated that 'the floor established by the Due Process Clause clearly requires a fair

5    trial in a fair tribunal, before a judge with no actual bias against the defendant or interest in the

6    outcome of his particular case.' 416 F.3d at 753 (internal citation omitted).")

7        Mr. Golubchik thought that it wise that he takes a super active role at the July 16, 2020

8    hearing. Using a term read in a recent email exchange and borrowing from that, Mr. Golubchik

9    acted as the "border patrol agent" of the Court on July 16 when he pointed out Mr. Shemtoub's

10   difficulty with Zoom.gov as a failure to attend the hearing as Ordered by the Court.

11       This Court is sharp; it does not forget its own Orders. Yet, Mr. Golubchik acted as the

12   "self-appointed Court hall-monitor" so to illuminate an issue for the Court that the Court had

13   already addressed with Mr. Sands. Mr. Golubchik wanted a pound of flesh but "his pound of

14   flesh" from Mr. Shemtoub who is now representing, Mr. Kemel, Ms. Ayzenberg, and Real

15   Property Trustee, in this Action, and related APs. The conduct did not prevail in the Merchant of

16   Venice[1] nor did it in this Court. However, Mr. Golubchik still poisoned the confidence of the

17   Movants in a "fair adjudication of their dispute" so long as Mr. Golubchik is the captain of the

18   opponent's ship and has in his control the maps that reveal the secrets of Mr. Kemel, Ms.

19   Ayzenberg, Real Property Trustee and AYKEM, LLC.

20       The Court must advance the hearing or hold no hearing and simply disqualify Mr.

21   Golubchik and his firm. Mr. Shemtoub cannot confidentially prosecute the intent of his Clients

22   when his Opponent is weaponized with confidences of Mr. Shemtoub's clients. If the Court does

23   not act, then neither can Mr. Shemtoub for fear of an Opposition that will reveal confidences

24   reposed in Mr. Golubchik by Mr. Shemtoub's Clients.

---

[1] As the court granted Shylock his bond and Antonio prepares for Shylock's knife, Portia deftly
appropriates Shylock's argument for "specific performance." She says that the contract allows
Shylock to remove only the flesh, not the blood, of Antonio. Thus, if Shylock were to shed any
drop of Antonio's blood, his "lands and goods" would be forfeited under Venetian laws. She tells
him that he must cut precisely one pound of flesh, no more, no less; she advises him that "if the
scale do turn, But in the estimation of a hair, Thou diest and all thy goods are confiscate."

EMERGENCY MOTION TO ADVANCE THE MOTION TO DISQUALIFY GOLUBCHIK

## THE LAW AS WELL AS PROFESSIONAL STANDARDS OF THE PRACTICE OF LAW MANDATE RECUSAL

Movants and Mr. Golubchik have presented the Engagement Agreement between them dated March 20, 2019. The advice given based on the information received concerned bankruptcy; that is the only law that Mr. Golubchik practices. *Jessen v. Hartford Casualty Ins. Co.* (2003) 111 Cal.App.4th 698, 710-711. The Engagement Agreement establishes a "direct relationship." The Engagement Agreement is *ipso facto* basis for immediate removal.

In a direct professional relationship, the attorney is ***presumed*** to possess confidential information as the attorney as a fiduciary occupied a position of trust in which confidences material to the current representation have been imparted to him. *Ibid*. When a substantial relationship is established, by presumption or otherwise, the attorney must be disqualified from representing the second client. *Ibid*. The subject of the prior representation—the negotiation and preparation of the resolving the matter—puts Mr. Golubchik "in a position in which confidences material to the current representation normally would have been imparted to counsel." *City & County of San Francisco v. Cobra Solutions, Inc.,* 38 Cal.4th 839, 846 (Cal. 2006) ("That is true because the duty to preserve client confidences (Bus. Prof. Code, § 6068, subd. (e)) survives the termination of the attorney's representation.")

"That enduring duty to preserve client confidences precludes an attorney from later agreeing to represent an adversary of the attorney's former client unless the former client provides an "informed written consent" waiving the conflict. (Rules Prof. Conduct, rule 3-310(E).)" *City & County of San Francisco v. Cobra Solutions, Inc*., 38 Cal.4th 839, 847 (Cal. 2006)

In *Cobra*, the Supreme Court affirmed an order recusing the entire City Attorney's Office. The entire San Francisco City Attorney's office was vicariously disqualified from representing the city in a civil action because City Attorney Dennis Herrera formerly represented one of the defendants while he worked in private practice. Though Herrera screened himself from the litigation, the California Supreme Court concluded that Herrera's subordinates would not be entirely insulated from their boss's policy decisions. The court disqualified the entire City Attorney's office.

7

EMERGENCY MOTION TO ADVANCE THE MOTION TO DISQUALIFY GOLUBCHIK

1   The presumption accordingly applied to Mr. Herrera and must equally result in recusal of

2   Mr. Golubchik. Mr. Golubchik cannot zealously represent his current client without utilizing the

3   secrets of a former client. Mr. Golubchik has involved himself in a conflicted representation that

4   is prohibited by the most zealously guarded laws of the profession. Mr. Golubchik cannot

5   properly advocate in this case. His appearance in this case damages the ability of the other

6   attorneys, including the undersigned, from engaging in litigation on the merits at a fear of what

7   Mr. Golubchik will reveal to further its current client's interest and earn more money. See

8   *Tucker Ellis LLP v. Superior Court* (2017) 12 Cal.App.5th 1233, 1247 [discussing the

9   "sacrosanct duty of a law firm to zealously represent the interests of its clients with undivided

10   loyalty"].) Continued participation in these proceedings by Mr. Golubchik would also impugn

11   the integrity of the judicial process, a consideration the trial court was entitled to weigh heavily.

12   (See *Smith*, *supra*, 60 Cal.App.4th at p. 580.)

13                                    **CONCLUSION**

14   The undersigned is unequivocally stating to this Court that the Fourth Amendment rights,

15   and the Sixth Amendment rights of the Movants are being abridged and the Court must advance

16   the hearing date on the Motion to Disqualify David Golubchik and his firm, to any day and

17   adjudicate that Motion on the papers. Once a direct relationship is established, the

18   disqualification at the request of the Movants is mandatory; waiting to Aug 27, 2020, will

19   irremediably damage movants.  Motion was filed on 6-26-2020 [DOC 56] currently set to be

20   heard on August 27, 2020.

21   Dated: July 21, 2020                          Respectfully submitted,

22                                                 BEVERLY LAW

23                                          By_____

24                                                 Michael Shemtoub, Esquire
                                                   Attorney for Mike Kemel and Mariya
25                                                 Ayzenberg

26

27

28

                                          8

1

## **DECLARATION OF MICHAEL SHEMTOUB, ESQUIRE**

2

I, Michael Shemtoub, Esq., declare:

3

1.    I am an attorney at law duly licensed to practice before all courts in the State of

4

California and a member of the State Bar of California in-good-standing. I am the attorney for

5

Mike Kemel and Mariya Ayzenberg and as such I have personal knowledge of the facts stated

6

herein. If called on to do so, I could and would testify to the same.

7

2.    I make this Declaration in support of the Emergency Motion to Advance the

8

hearing date on the Motion to Disqualify David Golubchik and his firm.

9

3.    I cannot file a claim on behalf of my Clients and I cannot execute on motions

10

while Mr. Golubchik continues to represent a party in this case.

11

4.    The Court has GRANTED the Motion of the Debtor to examine Lisitsa.

12

5.    Lisitsa has been Mr. Kemel's attorney on countless occasions past and present;

13

litigation attorney no less in current active litigation.

14

6.    I need to file Motions to Quash those deposition and demand that Lisitsa be

15

dismissed if she cannot defend herself if my clients' secrets are at stake pursuant to *Solin v.*

16

*O'Melveny & Myers* (2001) 89 Cal.App.4th 451, 107 Cal.Rptr.2d 456 (*Solin*); and *Prakashpalan*

17

*v. Engstrom, Lipscomb & Lack*, 223 Cal.App.4th 1105, 1117 (Cal. Ct. App. 2014), and I cannot

18

because the more information I put before the Court while Mr. Golubchik is present and

19

advocating for the opponent will lead him to connect more dots that will lead to revelation of

20

more and more and more secrets of my clients.

21

7.    I cannot file a claim as the claim will be challenged by an attorney who possesses

22

secrets and trial strategies of my clients.

23

8.    I would have undertaken acts completely different if the Court had granted my

24

emergency motion in June when I filed it as an emergency motion.

25

9.    Mr. Golubchik and Ms. Djang[2] falsely represented to the Court on July 16 that the

26

issues will be resolved amicably. They will not. I am going to pursue the Debtor and the DIP and

27

28

---

[2] I am not saying that Ms. Djang knew that she was making a false representation to the Court; I am saying that she does not know the playbook that lays ahead.

9

Mr. Leizerovitz and Mr. Feygenberg, and Mr. Felton and Mr. Burgee (after I obtain Civil Code §

1714.10 leave) for conspiring with one another in suppressing facts (i.e., the rescission of the

deed of trust on sale of the Coachella property) and suing my client and demanding that he pay

for damages to another one of Mr. Burgee clients.

10.     I stayed silent at the July 16, 2020, hearing mainly because Mr. Golubchik was

captivating to watch. He took principal-party control over the hearing, espoused familiarity with

the participants and even others who were merely "observing" and then he requested an

evidentiary hearing on the Motion to Disqualify.

11.     I was frankly amazed that Mr. Golubchik was providing substantial evidence of

breach of duty in light of the recent California Court of Appeal decision in *Coley v. Eskaton,*

(July 8, 2020) 2020 Cal. App. LEXIS 629, that presumes damages for breach of fiduciary duty.

12.     I began strategizing the case going forward after the Court's determination of

remand issued in the FR matter, and Proof of Claim filing deadline.

13.     After much thought and deliberation and discussions with Clients' and others, it

became obvious to me that my strategy would not work unless and until the Court resolves the

Motion to Disqualify.   Waiting to Aug 27, 2020, will irremediably damage movants.  Motion

was filed on 6-26-2020 [DOC 56] currently set to be heard on August 27, 2020.

14.     The Motion to Disqualify is the proverbial fork in the road. If the Court grants it,

the Clients will proceed in one fashion; if the Court does not, then the Clients will have to rethink

strategy and proceed in an entirely unconventional methods to progress the case and their claims

going forward.

15.     The importance of the immediate resolution of the Motion (doc 56) cannot be

overstated and my Clients are disabled and their action will be based on speculation till

resolution of the Motion. Mr. Golubchik must be recused/disqualified/removed.

I declare under penalty of perjury that the foregoing is true and correct under the laws of

the State of California and the United States.

Executed on July 21, 2020, at Los Angeles, California.

By: _____

Michael Shemtoub, Esq.

10

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 4929 Wilshire Blvd. Suite 702 Los Angeles, CA 90010

A true and correct copy of the foregoing document entitled (*specify*): EMERGENCY MOTION TO ADVANCE THE HEARING ON MOTION TO DISQUALIFY DAVID GOLUBCHIK AND HIS FIRM; MEMORANDUM OF POINTS AND AUTHORITIES, IN SUPPORT THEREOF, DECLARATION OF MICHAEL SHEMTOUB FILED CONCURRENTLY HEREWITHwill be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 7-22-2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Katherine Bunker kate.bunker@usdoj.gov
☐ John Burgee jburgee@bandalaw.net
☐ Caroline Renee Djang (TR) caroline.djang@bbklaw.com,
C190@ecfcbis.com;sansanee.wells@bbklaw.com;wilma.escalante@bbklaw.com
☐ David B Golubchik dbg@lnbyb.com, stephanie@lnbyb.com
☐ Juliet Y Oh jyo@lnbrb.com, jyo@lnbrb.com
☐ Thomas D Sands thomas@thesandslawgroup.com, thomas@thesandslawgroup.com
☐ David A Tilem davidtilem@tilemlaw.com,
DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;
DianaChau@tilemlaw.com
☐ United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov

                                                            X    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 7-22--2020 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Gina Lisitsa, Esq.
9107 Wilshire Boulevard, Suite 450
Beverly Hills, California 90210
Telephone: (310) 272-7766
Facsimile: (424) 744-4141
Email: glisitsa@gmail.com

**Lisitsa COUNSEL:**
Lisa D. Angelo
Murchison & Cummings LLP
801 South Grand Avenue, 9th Floor,
Los Angeles, CA 90017

Michael Masinovsky +
Winterhuder weg 110
22085 Hamburg, Germany
Telephone: +49 176 47179099
Email: mmasinovsky@aol.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Telephone: (213) 630-1023
Facsimile: (213) 623-6336
Email: langelo@murchisonlaw.com

                                                          X   Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 7-22-2020 I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Victoria S. Kaufman
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 354 / Courtroom 301
Woodland Hills, CA 91367

Michael Masinovsky +
Winterhuder weg 110
22085 Hamburg, Germany
Telephone: +49 176 47179099

                                                X Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

 7-22--2020 Michael Shemtoub, Esq.
*Date*                    *Printed Name*                                        *Signature*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                       **F 9013-3.1.PROOF.SERVICE**

0973-1
Case 1:20-bk-11006-VK
Central District of California
San Fernando Valley
Tue Jun 16 14:06:24 PDT 2020

LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

Franchise Tax Board
Bankruptcy Section MS: A-340
P. O. Box 2952
Sacramento, CA 95812-2952

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Lev Investments, LLC
13854 Albers Street
Sherman Oaks, CA 91401-5811

(p)OFFICE OF FINANCE CITY OF LOS ANGELES
200 N SPRING ST RM 101 CITY HALL
LOS ANGELES CA 90012-3224

Securities & Exchange Commission
444 South Flower St., Suite 900
Los Angeles, CA 90071-2934

San Fernando Valley Division
21041 Burbank Blvd,
Woodland Hills, CA 91367-6606

FR, LLC
c/o Michael Shemtoub,Esq.
4929 Wilshire Blvd., suite 702
Los Angeles,CA 90010-3824

Franchise Tax Board
Special Procedures
POB 2952
Sacramento, CA 95812-2952

G&B Law, LLP
Attn:  James R. Felton
16000 Ventura Blvd., suite 1000
Encino, CA 91436-2762

(p) INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Jeff Nodd, Esq.
15250 Ventura Blvd
Encino, CA 91403-3201

LDI Ventures, LLC
423 N Palm dr
Beverly Hills, CA 90210-3974

Landmark Land, LLC
Attn Alex Polovinchik
860 Via De La Paz, suite E-1
Pacific Palisades,CA 90272-3668

Michael Leizerovitz
15 Via Monarca St.
Dana Point, CA 92629-4082

Michael Masinovsky
21810 Eaton Place
Cupertino, CA 95014-1182

Ming Zhou
Thomas Krantz,Esq.
2082 Michelson Drive,Suite 212
Irvine, CA 92612-1213

(p)REAL PROPERTY TRUSTEE  INC
ATTN MIKE KEMEL
PO BOX 17064
BEVERLY HILLS CA 90209-3064

Sensible Consulting & Mgmt Inc
c/o John Burgee Esq.
20501 Ventura Boulevard, Suite 262
Woodland Hills, CA 91364-6410

Thomas Sands, Esq.
The Sands Law Group, APLC
205 South Broadway, Suite 903
Los Angeles, CA 90012-3618

U.S. Trustee  San Fernando  Valley
915 Wilshire Blvd.
Suite 1850
Los Angeles, CA 90017-3560

United States Trustee (SV)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Caroline Renee Djang (TR)
18101 Von Karman Ave.,Suite 1000
Irvine, CA 92612-0164

David B Golubchik
Levene Neale Bender Yoo & Brill LLP
10250 Constellation Blvd Ste 1700
Los Angeles, CA 90067-6253

Juliet Y Oh
10250 Constellation Blvd Ste 1700
Los Angeles, CA 90067-6253

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bankruptcy Unit
P.O. Box 54110
Los Angeles, CA 90051-0110

Insolvency I Stop 5022
300 N. Los Angeles St., #4062
Los Angeles, CA 90012-9903

(d)Los Angeles County Tax Collector
P.O. Box 54018
Los Angeles, CA 90054-0018

Real Property Trustee, Inc.
P.O. Box 17064
Beverly Hills, CA 90209

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

End of Label Matrix
Mailable recipients    26
Bypassed recipients     1
Total                  27