DAVID B. GOLUBCHIK (SBN 185520)
JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYB.COM; JYO@LNBYB.COM

Proposed Attorneys for Chapter 11 Debtor and
Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re: | Case No.: 1:20-bk-11006-VK |
| LEV INVESTMENTS, LC, | Chapter 11 |
| Debtor and Debtor in Possession. | **DEBTOR'S OPPOSITION TO EMERGENCY MOTION TO ADVANCE THE HEARING ON MOTION TO DISQUALIFY DAVID GOLUBCHIK AND HIS FIRM; DECLARATION OF JULIET Y. OH IN SUPPORT THEREOF** |
| | Hearing: <br> Date: [To be set] <br> Time: [To be set] <br> Place: Courtroom "301" <br>      21041 Burbank Boulevard <br>      Woodland Hills, California 91367 |

1

Lev Investments, LLC, the debtor and debtor-in-possession in the above-captioned Chapter 11 bankruptcy case (the "Debtor"), hereby files its opposition to that certain *Emergency Motion To Advance The Hearing On Motion To Disqualify David Golubchik And His Firm* [Doc. No. 104] (the "Motion") filed on July 22, 2020 by Mariya Ayzenberg and Mike Kemel (together, the "Movants").

Pursuant to the Motion, the Movants request that the Court "advance" the hearing on the Movants' previously filed *Emergency Motion To Recuse David Golubchik And The Law Firm Of Levene, Neale, Bender, Yoo & Brill LLP, From All Further Participation In This Case, All Related Cases, And For An Order Disgorging All Funds Received By The Firm Due To Undisclosed Conflicted Representation Of The Debtor In Re Weibel, Inc. (9th Cir. BAP 1994) 176 B.R. 209* [Doc. No. 56] (the "Recusal Motion"), which hearing is currently set for August 27, 2020 at 1:30 p.m.

The Debtor opposes the Motion as it fails to articulate a legitimate basis for holding a hearing on the Motion on an emergency basis, and fails to demonstrate why the underlying relief requested in the Motion is required or appropriate given the circumstances of this case.

The Recusal Motion was filed as an emergency motion by the Movants on June 26, 2020. However, the Movants and their counsel failed to comply with the provisions of the Local Bankruptcy Rules governing emergency motions and failed to take any steps to set a hearing on the Recusal Motion. At the Chapter 11 status conference conducted in the Debtor's case on July 16, 2020 (the "Status Conference"), the Court noted that the Movants had never set a hearing and ordered that the hearing on the Recusal Motion be set for August 27, 2020 at 1:30 p.m.[1] Counsel for the Movants, Michael Shemtoub, as well as one of his clients, Mike Kemel, were both present at the Status Conference, and **did not object** to the setting of the hearing on the Recusal Motion on August 27, 2020 at 1:30 p.m.

---

[1] The Movants' claim in the Motion that the Court "on July 16, 2020, continued the hearing [on the Recusal Motion] so to determine if matters percolated in a fashion where recusal may be avoided" is wholly inaccurate. *See* Motion, p. 2, lines 24-25. The Movants never set a hearing on the Recusal Motion, so there was no continuance of the hearing. After noting that a hearing had not been set, the Court took the initiative to set a hearing on the Recusal Motion.

2

There are no new facts and no new events which have arisen since June 26, 2020, when the Movants filed the Recusal Motion, to warrant the relief requested in the Emergency Motion. The Movants claim in their Motion that "[t]he need for this emergency motion has arisen because counsel for Mr. Kemel, Real Property Trustee, Inc. and Ms. Ayzenberg, cannot advocate for them while an attorney is aware of their secrets and is actively advising the Opponent of how to maximize the damages on his shortly-before this litigation current clients, and now former (as a result of recent actions by Mr. Golubchik since June 1, 2020) clients, Mr. Kemel, Real Property Trustee, Inc. and Ms. Ayzenberg." *See* Motion, p. 2, lines 1-6. Even if the foregoing statements were true, which the Debtor and its proposed counsel, Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB"), strongly dispute, such statements clearly illustrate that there is no "emergency" and that any alleged basis for the relief requested in the Recusal Motion remains unchanged since the Recusal Motion was filed (or even prior to such date).

In the Motion, the Movants claim that they and their counsel "cannot file a claim, file a motion for remand, utilize other strategies that are part and parcel of any litigation strategist as no matter how well the undersigned plays the Movants' hands, they will be defeated as he will know what cards the Movants really hold[.]" *See* Motion, p. 2, lines 25-28. The foregoing claims make no sense and are belied by the record before this Court. There is no reason why the Movants cannot file a claim in the Debtor's case at any time. Even if the Court were to require the Debtor to change counsel, such change in counsel would not prevent or otherwise affect the Movants' ability to file a claim in the Debtors' case. Although the Movants claim that they cannot file a motion for remand, the Movants and their counsel have, in fact, filed a brief in support of remand of the sole adversary proceeding in which they are currently involved[2] – *Mariya Ayzenberg v. Lev Investments, LLC, et al.*, Adversary Proceeding No. 1:20-ap-01062-VK (the "Ayzenberg Proceeding"). Moreover, as the record of this case reflects, the Movants and

---

[2] *See*, *Memorandum Of Points And Authorities In Support Of Remand In Response To The Order To Show Cause Re Remand And Status Conference* filed by Mr. Shemtoub, Esq., on behalf of plaintiff Mariya Ayzenberg. [Adv. Pro. No. 1:20-ap-01062-VK, Doc. No. 7].

3

their counsel, Mr. Shemtoub, have filed numerous pleadings in connection with the Debtor's chapter 11 bankruptcy case and the Ayzenberg Proceeding, and have presumably utilized the very litigation strategies that they claim they are being prevented from employing.

The timing of the Motion appears to be in response to the Debtor's notices of deposition and requests for production of documents relating to the Recusal Motion (the "Depo Notices"), which were served on both of the Movants on July 16, 2020 immediately after the Status Conference. The Depo Notices require that responsive documents be produced by the Movants by August 17, 2020 and that the Movants appear at depositions scheduled on August 18, 2020 (both of which dates are at least 30 days after the date of service of the Depo Notices). The dates set forth in the Depo Notices will provide the Debtor with an opportunity to obtain discovery in connection with the Recusal Motion prior to the hearing on the Recusal Motion scheduled on August 27, 2020. While the Motion is devoid of any mention of the Depo Notices, the timing of the Motion and the relief requested therein suggest that the Movants are attempting to avoid their obligations to produce documents and appear for depositions (or render such discovery efforts moot) by trying to "advance" the hearing on the Recusal Motion. If this is, in fact, the Movants' strategy and/or goal, it is improper (particularly where, as here, the Debtor is seeking to conduct discovery in connection with a motion that the *Movants* filed) and procedurally incorrect, and the Motion should be denied.

Based on the foregoing, the Debtor respectfully requests that the Court enter an order denying the Motion in its entirety.

Dated: July 22, 2020    LEV INVESTMENTS, LLC

By: _____
DAVID B. GOLUBCHIK
JULIET Y. OH
LEVENE, NEALE, BENDER, YOO
    & BRILL L.L.P.
Proposed Attorneys for Debtor and
Debtor-in-Possession

4

# DECLARATION OF JULIET Y. OH

I, JULIET Y. OH, hereby declare as follows:

1. I am over 18 years of age. Except where otherwise stated, I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2. I am licensed to practice law in California state courts and before this Court. I am a partner of the law firm of Levene, Neale, Bender, Yoo & Brill L.L.P ("LNBYB"), proposed counsel to Lev Investments, LLC, the debtor and debtor in possession herein (the "Debtor").

3. On July 16, 2020, LNBYB caused notices of deposition and requests for production of documents (the "Depo Notices") to be served on Mariya Ayzenberg and Mike Kemel (together, the "Movants") in connection with that certain *Emergency Motion To Recuse David Golubchik And The Law Firm Of Levene, Neale, Bender, Yoo & Brill LLP, From All Further Participation In This Case, All Related Cases, And For An Order Disgorging All Funds Received By The Firm Due To Undisclosed Conflicted Representation Of The Debtor In Re Weibel, Inc. (9th Cir. BAP 1994) 176 B.R. 209* [Doc. No. 56] (the "Recusal Motion") filed by the Movants on June 26, 2020.

4. The Depo Notices require that responsive documents be produced by the Movants by August 17, 2020 and that the Movants appear at depositions scheduled on August 18, 2020. The dates set forth in the Depo Notices will provide the Debtor and LNBYB with an opportunity to obtain discovery in connection with the Recusal Motion prior to the hearing on the Recusal Motion scheduled on August 27, 2020.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 22nd day of July, 2020, at Los Angeles, California.

*/s/ Juliet Oh*

_____
JULIET Y. OH

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **DEBTOR'S OPPOSITION TO EMERGENCY MOTION TO ADVANCE THE HEARING ON MOTION TO DISQUALIFY DAVID GOLUBCHIK AND HIS FIRM; DECLARATION OF JULIET Y. OH IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 22, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Lisa D Angelo    langelo@murchisonlaw.com, cthomas@murchisonlaw.com
- Katherine Bunker    kate.bunker@usdoj.gov
- John Burgee    jburgee@bandalaw.net
- Caroline Renee Djang (TR)    caroline.djang@bbklaw.com, C190@ecfcbis.com;sansanee.wells@bbklaw.com;wilma.escalante@bbklaw.com
- James R Felton    jfelton@gblawllp.com, nknadjian@gblawllp.com
- David B Golubchik    dbg@lnbyb.com, stephanie@lnbyb.com
- Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
- Thomas D Sands    thomas@thesandslawgroup.com, thomas@thesandslawgroup.com
- Michael Shemtoub    michael@lexingtonlg.com
- David A Tilem    davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;DianaChau@tilemlaw.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **July 22, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 22, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*None.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 22, 2020 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                               **F 9013-3.1.PROOF.SERVICE**