DAVID B. GOLUBCHIK (SBN 185520)
JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYB.COM; JYO@LNBYB.COM

Proposed Attorneys for Chapter 11 Debtor and
Debtor-in-Possession

**FILED & ENTERED**

**AUG 04 2020**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Bever    DEPUTY CLERK

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>LEV INVESTMENTS, *L*LC,<br><br>    Debtor and Debtor in Possession. | Case No.: 1:20-bk-11006-VK<br><br>Chapter 11<br><br>**ORDER DENYING MOTION FOR AN ORDER QUASHING "NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE OF THE SANDS LAW GROUP APLC AND REQUEST FOR PRODUCTION OF DOCUMENTS" INITIATED BY THE DEBTOR IN POSSESSION AND DMITRI LIOUDKOVSKI AND HIS ATTORNEY DAVID B. GOLUBCHIK; REQUEST FOR SANCTIONS IN THE AMOUNT OF $4500 AGAINST DMITRI LIOUDKOVSKI AND DAVID B. GOLUBCHIK FOR SEEKING DISCOVERY IN A SUBCHAPTER V PROCEEDING WITHOUT ANY AUTHORITY FOR SUCH A DEPOSITION WITHOUT COURT APPROVAL AND FOR NOT SERVING THE MOVING PARTY WITH THE DEPOSITION NOTICE; REQUEST THAT THE COURT MAKE A FINDING THAT BY REQUESTING A** |

1

**DEPOSITION OF A FORMER ATTORNEY FOR THE DEBTOR AND DMITRI LIOUDKOVSKI, THAT THEY HAVE BOTH WAIVED ALL ATTORNEY CLIENT PRIVILEGES; CAL EVID. CODE § 912**

[RELATES TO DOC. NO. 51]

Hearing:
Date:  July 23, 2020
Time:  1:30 p.m.
Place: Courtroom "301"
          21041 Burbank Boulevard
          Woodland Hills, California 91367

A hearing was held on July 23, 2020 at 1:30 p.m. (the "Hearing") before the Honorable Victoria S. Kaufman, United States Bankruptcy Judge for the Central District of California, San Fernando Valley Division, in Courtroom "301" located at 21041 Burbank Boulevard, Woodland Hills, California 91367, for the Court to consider that certain *Motion For An Order Quashing "Notice Of Deposition Of Person Most Knowledgeable Of The Sands Law Group APLC And Request For Production Of Documents" Initiated By The Debtor In Possession And Dmitri Lioudkovski And His Attorney David B. Golubchik; Request For Sanctions In The Amount Of $4500 Against Dmitri Lioudkovski And David B. Golubchik For Seeking Discovery In A Subchapter V Proceeding Without Any Authority For Such A Deposition Without Court Approval And For Not Serving The Moving Party With The Deposition Notice; Request That The Court Make A Finding That By Requesting A Deposition Of A Former Attorney For The Debtor And Dmitri Lioudkovski, That They Have Both Waived All Attorney Client Privileges; Cal Evid. Code §* 912 [Doc. No. 51] (the "Motion") filed on June 25, 2020 by The Sands Law Group, APLC in the chapter 11 bankruptcy case of Lev Investments, LLC, the debtor and debtor in possession in herein ("Debtor").  Appearances at the Hearing on the Motion were made as set forth on the record of the Court.

2

1 | The Court, having considered the Motion, the opposition to the Motion filed by the
2 | Debtor [Doc. No. 91], and all matters of record in the Debtor's chapter 11 bankruptcy case, and
3 | for the reasons set forth in the ~~tentative~~ ruling of the Court *[doc. 113]* (a true and correct copy of
4 | which is attached as **Exhibit "A"** hereto), ~~which is adopted as the final ruling of the Court.~~

5 | IT IS HEREBY ORDERED that the Motion is denied in its entirety.

6 | # # #

23 | Date: August 4, 2020

Victoria S. Kaufman
United States Bankruptcy Judge

3

## United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Thursday, July 23, 2020**　　　　　　　　　　　　　　　　　　　　　　　　**Hearing Room　301**

<u>1:30 PM</u>
**1:20-11006　　Lev Investments, LLC**　　　　　　　　　　　　　　　　　　　　　　　　**Chapter 11**

#### #6.00
Motion for an order quashing "Notice of deposition, of person most knowledeable of The Sands Law Group APLC and request for production of documents" Initiated by the Debtor-In-Possession and Dmitri Lioudkovski and his attorney David B. Golubchik

　　　　　　　　　　　　Docket　　　51

**Tentative Ruling:**

　　Deny.

　　Given that the Court resolved the contested matter from which this discovery dispute arose, the debtor's notice of deposition and the motion to quash that notice are moot.

　　The movant did not timely file a reply to the debtor's opposition. To the extent the movant is still requesting sanctions against the debtor, the request is denied. The movant requests sanctions on two bases: (A) failure to comply with Local Bankruptcy Rule ("LBR") 7026-1(c); and (B) failure to send a notice to Gina Lisitsa under California Code of Civil Procedure ("CCP") § 1987.2.

　　Pursuant to LBR 7026-1(c)(1):

　　　　Unless excused from complying with this rule by order of the court for
　　　　good cause shown, a party must seek to resolve any dispute arising
　　　　under FRBP 7026-7037 or FRBP 2004 in accordance with this rule.

　　LBR 7026-1(c)(2) requires the following:

　　　　Prior to the filing of any motion relating to discovery, counsel for the
　　　　parties must meet in person or by telephone in a good faith effort to
　　　　resolve a recovery dispute. *It is the responsibility of counsel for the
　　　　moving party to arrange the conference.* Unless altered by agreement
　　　　of the parties or by order of the court for cause shown, counsel for the
　　　　opposing party must meet with the counsel for the moving party within
　　　　7 days of service upon counsel of a letter requesting such meeting and

# United States Bankruptcy Court
# Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Thursday, July 23, 2020**                                                                                   **Hearing Room    301**

<u>1:30 PM</u>
**CONT...    Lev Investments, LLC                                                                                      Chapter 11**
specifying the terms of the discovery order to be sought.

(emphasis added). Should no resolution be reached, LBR 7026-1(c)(3) requires the parties provide a joint stipulation between the parties setting forth the disputed issues.

The movant contends that the debtor did not respond to its efforts to meet and confer. However, in a declaration attached to the motion, Thomas Sands appears to state that the debtor did not respond to meet and confer requests regarding the movant's unrelated request for an examination under Federal Rule of Bankruptcy Procedure 2004. There is nothing in the record demonstrating that the movant attempted to meet and confer with the debtor regarding this discovery dispute.

The movant cites CCP § 1987.2 as an alternative basis for sanctions, asserting that the debtor sought to obtain private information about Ms. Lisitsa, and that the debtor should have sent a consumer notice to Ms. Lisitsa regarding the debtor's discovery requests. However, under CCP § 1985.3(a)(3), the debtor does not qualify as a "subpoenaing party" required to send such a notice because a "subpoenaing party" is defined as "the person or persons causing a subpoena duces tecum to be issued or served *in connection with any civil action or proceeding pursuant to this code….*" (emphasis added). "[T]his code" refers to the CCP. Given that the contested matter at issue was the Motion to Disqualify, which was based entirely on federal law, the CCP is inapplicable. *See, e.g. Kaur v. City of Lodi*, 2016 WL 10679575, at *1 (E.D. Cal. Jan. 28, 2016) ("Cal. Civ. Proc. Code § 1985.3(a) is, by its terms, inapplicable to subpoenas issued in federal court cases.").

In addition, a consumer entitled to such notice "means any individual, partnership of five or fewer persons, association, or trust which has transacted business with, or has used the services of, the witness or for whom the witness has acted as agent or fiduciary." CCP § 1985.3(a)(2). Nothing in the record before the Court suggests that the movant acted as an agent or fiduciary for Ms. Lisitsa.

Finally, the notice of deposition requested production of documents, correspondence and materials between the movant and Ms. Lisitsa "*with respect to the Debtor including, without limitation, any managers or members of the Debtor.*" Notice of Deposition, p. 3 (emphasis added). Given that the request pertains solely to materials related to the debtor and/or its members, it is unclear which of Ms. Lisitsa's "private

# United States Bankruptcy Court
## Central District of California
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

**Thursday, July 23, 2020**                                                                 **Hearing Room    301**

### 1:30 PM
**CONT...      Lev Investments, LLC**                                                                **Chapter 11**

affairs" were at risk of exposure.  Consequently, the movant has not provided cause to sanction the debtor.

The Court will deny the movant's request for sanctions and will deny as moot the movant's request to quash the notice of deposition.

The debtor must submit an order within seven (7) days.

|  | **Party Information** |  |
| --- | --- | --- |

**Debtor(s):**

   Lev Investments, LLC                              Represented By
                                                                      David B Golubchik
                                                                     Juliet Y Oh

**Trustee(s):**

   Caroline Renee Djang (TR)                         Pro Se

# EXHIBIT "A"