United States Bankruptcy Court
Central District of California

In re:                                                                  Case No. 20-11006-VK
Lev Investments, LLC                                                    Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0973-1          User: admin          Page 1 of 2          Date Rcvd: Aug 04, 2020
                              Form ID: pdf042      Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 06, 2020.
db             +Lev Investments, LLC,   13854 Albers Street,   Sherman Oaks, CA 91401-5811

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                           TOTAL: 0

     ***** BYPASSED RECIPIENTS *****
NONE.                                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 06, 2020                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 4, 2020 at the address(es) listed below:
     Caroline Renee Djang (TR)    caroline.djang@bbklaw.com,
      C190@ecfcbis.com;sansanee.wells@bbklaw.com;wilma.escalante@bbklaw.com
     David A Tilem    on behalf of Interested Party David   Tilem davidtilem@tilemlaw.com,
      DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;DianaChau@tilemlaw.com
     David A Tilem    on behalf of Interested Party    Courtesy NEF davidtilem@tilemlaw.com,
      DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;DianaChau@tilemlaw.com
     David B Golubchik    on behalf of Interested Party    Courtesy NEF dbg@lnbyb.com,
      stephanie@lnbyb.com
     David B Golubchik    on behalf of Defendant    Lev Investments, LLC dbg@lnbyb.com,
      stephanie@lnbyb.com
     David B Golubchik    on behalf of Debtor    Lev Investments, LLC dbg@lnbyb.com,   stephanie@lnbyb.com
     James R Felton    on behalf of Interested Party    Courtesy NEF jfelton@gblawllp.com,
      nknadjian@gblawllp.com
     John   Burgee    on behalf of Interested Party    Courtesy NEF jburgee@bandalaw.net
     John   Burgee    on behalf of Cross-Claimant Michael   Leizerovitz jburgee@bandalaw.net
     John   Burgee    on behalf of Defendant    SENSIBLE CONSULTING AND MANAGEMENT, INC.
      jburgee@bandalaw.net
     John   Burgee    on behalf of Defendant RUVIN   FEYGENBERG jburgee@bandalaw.net
     John   Burgee    on behalf of Defendant MICHAEL   LEIZEROVITZ jburgee@bandalaw.net
     Juliet Y Oh    on behalf of Defendant    Lev Investments, LLC jyo@lnbrb.com,   jyo@lnbrb.com
     Juliet Y Oh    on behalf of Interested Party    Courtesy NEF jyo@lnbrb.com,   jyo@lnbrb.com
     Juliet Y Oh    on behalf of Plaintiff    Lev Investments, LLC jyo@lnbrb.com,   jyo@lnbrb.com
     Juliet Y Oh    on behalf of Debtor    Lev Investments, LLC jyo@lnbrb.com,   jyo@lnbrb.com
     Katherine   Bunker    on behalf of U.S. Trustee    United States Trustee (SV) kate.bunker@usdoj.gov
     Lisa D Angelo    on behalf of Cross Defendant Lisa   Lisitsa langelo@murchisonlaw.com,
      cthomas@murchisonlaw.com
     Lisa D Angelo    on behalf of Cross Defendant    Lisitsa Law, Inc. langelo@murchisonlaw.com,
      cthomas@murchisonlaw.com
     Lisa D Angelo    on behalf of Creditor Gina   Lisitsa langelo@murchisonlaw.com,
      cthomas@murchisonlaw.com
     Lisa D Angelo    on behalf of Creditor    Lisitsa Law, Inc. langelo@murchisonlaw.com,
      cthomas@murchisonlaw.com
     Michael   Shemtoub    on behalf of Interested Party Mariya   Ayzenberg michael@lexingtonlg.com
     Michael   Shemtoub    on behalf of Plaintiff MARIYA   AYZENBERG michael@lexingtonlg.com
     Michael   Shemtoub    on behalf of Plaintiff    FR LLC michael@lexingtonlg.com
     Michael   Shemtoub    on behalf of Interested Party Mikhail   Kemel michael@lexingtonlg.com
     Michael   Shemtoub    on behalf of Cross Defendant Mikhail   Kemel michael@lexingtonlg.com
     Michael   Shemtoub    on behalf of Cross Defendant    Real Property Trustee, Inc.
      michael@lexingtonlg.com
     Michael   Shemtoub    on behalf of Creditor Thomas D Sands michael@lexingtonlg.com

```
District/off: 0973-1           User: admin              Page 2 of 2              Date Rcvd: Aug 04, 2020
                               Form ID: pdf042          Total Noticed: 1
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

           Thomas D Sands    on behalf of Cross Defendant    Real Property Trustee, Inc. thomas@thesandslawgroup.com, thomas@thesandslawgroup.com
           Thomas D Sands    on behalf of Interested Party Mariya  Ayzenberg thomas@thesandslawgroup.com, thomas@thesandslawgroup.com
           Thomas D Sands    on behalf of Cross Defendant Mikhail  Kemel thomas@thesandslawgroup.com, thomas@thesandslawgroup.com
           Thomas D Sands    on behalf of Creditor Thomas D Sands thomas@thesandslawgroup.com, thomas@thesandslawgroup.com
           Thomas D Sands    on behalf of Interested Party    Courtesy NEF thomas@thesandslawgroup.com, thomas@thesandslawgroup.com
           Thomas D Sands    on behalf of Interested Party Mikhail  Kemel thomas@thesandslawgroup.com, thomas@thesandslawgroup.com
           United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

                                                                                                                                                             TOTAL: 35

DAVID B. GOLUBCHIK (SBN 185520)
JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244
Email:   DBG@LNBYB.COM; JYO@LNBYB.COM

Proposed Attorneys for Chapter 11 Debtor and
Debtor-in-Possession

**FILED & ENTERED**

AUG 04 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Bever       DEPUTY CLERK

**CHANGES MADE BY COURT**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| In re: | Case No.: 1:20-bk-11006-VK |
|---|---|
| LEV INVESTMENTS, *L*LC, | Chapter 11 |
| Debtor and Debtor in Possession. | **ORDER DENYING MOTION FOR AN ORDER QUASHING "NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE OF THE SANDS LAW GROUP APLC AND REQUEST FOR PRODUCTION OF DOCUMENTS" INITIATED BY THE DEBTOR IN POSSESSION AND DMITRI LIOUDKOVSKI AND HIS ATTORNEY DAVID B. GOLUBCHIK; REQUEST FOR SANCTIONS IN THE AMOUNT OF $4500 AGAINST DMITRI LIOUDKOVSKI AND DAVID B. GOLUBCHIK FOR SEEKING DISCOVERY IN A SUBCHAPTER V PROCEEDING WITHOUT ANY AUTHORITY FOR SUCH A DEPOSITION WITHOUT COURT APPROVAL AND FOR NOT SERVING THE MOVING PARTY WITH THE DEPOSITION NOTICE; REQUEST THAT THE COURT MAKE A FINDING THAT BY REQUESTING A** |

1

|   |   |
|---|---|
| 1 | **DEPOSITION OF A FORMER ATTORNEY FOR THE DEBTOR AND DMITRI LIOUDKOVSKI, THAT THEY HAVE BOTH WAIVED ALL ATTORNEY CLIENT PRIVILEGES; CAL EVID. CODE § 912** |
| 2 | |
| 3 | |
| 4 | |
| 5 | [RELATES TO DOC. NO. 51] |
| 6 | Hearing: |
| 7 | Date:   July 23, 2020<br>Time:   1:30 p.m. |
| 8 | Place:  Courtroom "301"<br>21041 Burbank Boulevard |
| 9 | Woodland Hills, California 91367 |

A hearing was held on July 23, 2020 at 1:30 p.m. (the "Hearing") before the Honorable Victoria S. Kaufman, United States Bankruptcy Judge for the Central District of California, San Fernando Valley Division, in Courtroom "301" located at 21041 Burbank Boulevard, Woodland Hills, California 91367, for the Court to consider that certain *Motion For An Order Quashing "Notice Of Deposition Of Person Most Knowledgeable Of The Sands Law Group APLC And Request For Production Of Documents" Initiated By The Debtor In Possession And Dmitri Lioudkovski And His Attorney David B. Golubchik; Request For Sanctions In The Amount Of $4500 Against Dmitri Lioudkovski And David B. Golubchik For Seeking Discovery In A Subchapter V Proceeding Without Any Authority For Such A Deposition Without Court Approval And For Not Serving The Moving Party With The Deposition Notice; Request That The Court Make A Finding That By Requesting A Deposition Of A Former Attorney For The Debtor And Dmitri Lioudkovski, That They Have Both Waived All Attorney Client Privileges; Cal Evid. Code §* 912 [Doc. No. 51] (the "Motion") filed on June 25, 2020 by The Sands Law Group, APLC in the chapter 11 bankruptcy case of Lev Investments, LLC, the debtor and debtor in possession in herein ("Debtor"). Appearances at the Hearing on the Motion were made as set forth on the record of the Court.

2

The Court, having considered the Motion, the opposition to the Motion filed by the Debtor [Doc. No. 91], and all matters of record in the Debtor's chapter 11 bankruptcy case, and for the reasons set forth in the ~~tentative~~ ruling of the Court *[doc. 113]* (a true and correct copy of which is attached as **Exhibit "A"** hereto), ~~which is adopted as the final ruling of the Court,~~

IT IS HEREBY ORDERED that the Motion is denied in its entirety.

###

Date: August 4, 2020

Victoria S. Kaufman
United States Bankruptcy Judge

3

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Thursday, July 23, 2020**  **Hearing Room    301**

<u>1:30 PM</u>
**1:20-11006    Lev Investments, LLC**  **Chapter 11**

#6.00    Motion for an order quashing "Notice of deposition,
of person most knowledeable of The Sands Law Group APLC and
request for production of documents" Initiated by the Debtor-In-Possession
and Dmitri Lioudkovski and his attorney David B. Golubchik

Docket    51

**Tentative Ruling:**

Deny.

Given that the Court resolved the contested matter from which this discovery dispute arose, the debtor's notice of deposition and the motion to quash that notice are moot.

The movant did not timely file a reply to the debtor's opposition. To the extent the movant is still requesting sanctions against the debtor, the request is denied. The movant requests sanctions on two bases: (A) failure to comply with Local Bankruptcy Rule ("LBR") 7026-1(c); and (B) failure to send a notice to Gina Lisitsa under California Code of Civil Procedure ("CCP") § 1987.2.

Pursuant to LBR 7026-1(c)(1):

Unless excused from complying with this rule by order of the court for good cause shown, a party must seek to resolve any dispute arising under FRBP 7026-7037 or FRBP 2004 in accordance with this rule.

LBR 7026-1(c)(2) requires the following:

Prior to the filing of any motion relating to discovery, counsel for the parties must meet in person or by telephone in a good faith effort to resolve a recovery dispute. *It is the responsibility of counsel for the moving party to arrange the conference.* Unless altered by agreement of the parties or by order of the court for cause shown, counsel for the opposing party must meet with the counsel for the moving party within 7 days of service upon counsel of a letter requesting such meeting and

# United States Bankruptcy Court
# Central District of California
**San Fernando Valley**
**Judge Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

**Thursday, July 23, 2020**                                                                                           **Hearing Room    301**

<u>1:30 PM</u>
**CONT...        Lev Investments, LLC                                                                                                   Chapter 11**
specifying the terms of the discovery order to be sought.

(emphasis added).  Should no resolution be reached, LBR 7026-1(c)(3) requires the parties provide a joint stipulation between the parties setting forth the disputed issues.

The movant contends that the debtor did not respond to its efforts to meet and confer.  However, in a declaration attached to the motion, Thomas Sands appears to state that the debtor did not respond to meet and confer requests regarding the movant's unrelated request for an examination under Federal Rule of Bankruptcy Procedure 2004.  There is nothing in the record demonstrating that the movant attempted to meet and confer with the debtor regarding this discovery dispute.

The movant cites CCP § 1987.2 as an alternative basis for sanctions, asserting that the debtor sought to obtain private information about Ms. Lisitsa, and that the debtor should have sent a consumer notice to Ms. Lisitsa regarding the debtor's discovery requests.  However, under CCP § 1985.3(a)(3), the debtor does not qualify as a "subpoenaing party" required to send such a notice because a "subpoenaing party" is defined as "the person or persons causing a subpoena duces tecum to be issued or served *in connection with any civil action or proceeding pursuant to this code….*" (emphasis added).  "[T]his code" refers to the CCP.  Given that the contested matter at issue was the Motion to Disqualify, which was based entirely on federal law, the CCP is inapplicable. *See, e.g. Kaur v. City of Lodi*, 2016 WL 10679575, at *1 (E.D. Cal. Jan. 28, 2016) ("Cal. Civ. Proc. Code § 1985.3(a) is, by its terms, inapplicable to subpoenas issued in federal court cases.").

In addition, a consumer entitled to such notice "means any individual, partnership of five or fewer persons, association, or trust which has transacted business with, or has used the services of, the witness or for whom the witness has acted as agent or fiduciary." CCP § 1985.3(a)(2).  Nothing in the record before the Court suggests that the movant acted as an agent or fiduciary for Ms. Lisitsa.

Finally, the notice of deposition requested production of documents, correspondence and materials between the movant and Ms. Lisitsa "*with respect to the Debtor including, without limitation, any managers or members of the Debtor*." Notice of Deposition, p. 3 (emphasis added).  Given that the request pertains solely to materials related to the debtor and/or its members, it is unclear which of Ms. Lisitsa's "private

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Thursday, July 23, 2020**                                                                 **Hearing Room    301**

<u>1:30 PM</u>
**CONT...        Lev Investments, LLC                                                                    Chapter 11**

affairs" were at risk of exposure.  Consequently, the movant has not provided cause to sanction the debtor.

The Court will deny the movant's request for sanctions and will deny as moot the movant's request to quash the notice of deposition.

The debtor must submit an order within seven (7) days.

| Party Information |
|---|

**Debtor(s):**

Lev Investments, LLC                            Represented By
                                                David B Golubchik
                                                Juliet Y Oh

**Trustee(s):**

Caroline Renee Djang (TR)                       Pro Se

# EXHIBIT "A"