DAVID B. GOLUBCHIK (SBN 185520)
JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYB.COM; JYO@LNBYB.COM

Proposed Attorneys for Chapter 11 Debtor and
Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re: | Case No.: 1:20-bk-11006-VK |
| LEV INVESTMENTS, LC, | Chapter 11 |
| Debtor and Debtor in Possession. | **NOTICE OF MOTION AND MOTION FOR ORDER DISALLOWING CLAIM NO. 11 FILED BY KEVIN MODA; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF DAVID B. GOLUBCHIK AND DMITRI LIOUDKOUSKI IN SUPPORT THEREOF** |
| | Hearing:<br>Date: September 10, 2020<br>Time: 1:30 p.m.<br>Place: Courtroom "301"<br>21041 Burbank Boulevard<br>Woodland Hills, California 91367 |

1

**TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE SUBCHAPTER V TRUSTEE, AND ALL PARTIES REQUESTING SPECIAL NOTICE:**

**PLEASE TAKE NOTICE** that a hearing will be held on September 10, 2020 at 1:30 p.m., before the Honorable Victoria S. Kaufman, United States Bankruptcy Judge for the Central District of California, San Fernando Valley Division, in Courtroom "301" located at 21041 Burbank Boulevard, Woodland Hills, California 91367, for the Court to consider the motion (the "Motion") filed by Lev Investments, LLC (the "Debtor"), for an order disallowing Claim No. 11 ("Claim") filed in the Debtor's bankruptcy case by Kevin Moda.

**PLEASE READ THIS DOCUMENT CAREFULLY TO DETERMINE THE BASIS FOR THE DEBTOR'S OBJECTION TO YOUR CLAIM.** The specific grounds for the Motion are set forth in detail in the attached Memorandum of Points and Authorities.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rules 3007-1(b)(3)(A) and 9013-1(f), any response to the Motion must be in writing and filed with the Clerk of the Bankruptcy Court and served upon the United States Trustee and counsel for the Debtor at the address set forth in the upper left-hand corner of the first page hereof <u>not later than fourteen (14) days prior to the scheduled hearing date set forth above</u>.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 3007-1(b)(3)(B), the Court may deem the failure of a party in interest to file a timely response to the Motion to constitute consent to the granting by the Court of the relief requested by the Debtor in the Motion without further notice or hearing.

Dated: August 10, 2020

LEV INVESTMENTS, LLC

By: */s/ David B. Golubchik*
DAVID B. GOLUBCHIK
JULIET Y. OH
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Proposed Attorneys for Chapter 11 Debtor and Debtor-in-Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

**A.  Background.**

1. Lev Investments, LLC, the Chapter 11 debtor and debtor-in-possession herein (the "<u>Debtor</u>") commenced this bankruptcy case by filing a Voluntary Petition for relief under chapter 11 of the Bankruptcy Code on June 1, 2020 (the "<u>Petition Date</u>").  Since the Petition Date, the Debtor has managed its financial affairs and operated its bankruptcy estate as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtor has elected to proceed under Subchapter V of chapter 11 of the Bankruptcy Code.  Accordingly, on or about June 3, 2020, the United States Trustee ("<u>UST</u>") appointed Caroline Djang as the Subchapter V Trustee in the Debtor's bankruptcy case.

3. The Debtor is in the business of acquiring real estate, selling real estate, and providing loans secured by real estate.

4. As of the Petition Date, the Debtor's primary asset was the residential real property located at 13854 Albers Street, Sherman Oaks, California 91401-5811 [APN 2247-013-001] (the "<u>Property</u>").

5. The Court scheduled August 10, 2020 as the deadline for creditors to assert claims in this case.

**B.  The Claim.**

6. On August 7, 2020, Kevin Moda ("<u>Claimant</u>") filed his proof of claim, designated as Claim No. 11, in the amount of $13,314.40 (the "<u>Claim</u>").  A true and correct copy of the Claim is attached hereto as **Exhibit "A"**.  No documents or other evidentiary support is attached to the Claim.

7. On August 7, 2020, an email was sent to Claimant's counsel (Michael Shemtoub) seeking documents supporting the claim but received a response to refer to the claim with no

further information or documentation.  A true and correct copy of the email exchange is attached hereto as **Exhibit "B"**.  No documents or other response were provided.

**C.    Objection to Claim.**

8.    The Debtor did not engage in any business dealings with Claimant.  The Debtor has no record of any amounts which may be owed to Claimant.

9.    The Claim should be disallowed in its entirety.

## II.    LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 3001(a) provides that a proof of claim is a written statement setting forth a creditor's claim.  Federal Rule of Bankruptcy Procedure 3001(f) provides that a proof of claim executed and filed in accordance with "these rules" shall constitute *prima facie* evidence of the validity and amount of the claim.  Fed. R. Bankr. P. 3001(f); In re Southern Cal. Plastics, Inc., 165 F.3d 1243, 1247-48 (9th Cir. 1999); In re Garner, 246 B.R. 617, 620-21 (9th Cir. BAP 2000).

However, Federal Rule of Bankruptcy Procedure 3001(f) "operates merely as an evidentiary presumption that is rebuttable."  In re Garvida, 347 B.R. 697, 706 (9th Cir. BAP 2006).  Once the debtor satisfies its burden of going forward by rebutting the presumption with counter-evidence, the burden of going forward shifts to the claimant.  In re Lundell, 223 F.3d 1035, 1039 (9th Cir. 2000); Garvida, 347 B.R. at 706-708.  While the "burden of going forward is primarily a procedural matter pertaining to the order of presenting evidence", the substantive burden of proof remains at all times upon the claimant.  Garvida, 347 B.R. at 706; Lundell, 223 F.3d at 1039 (ultimate burden of persuasion remains at all times upon the claimant); So. Cal. Plastics, 165 F.3d at 1248.

A claimant must establish by a preponderance of the evidence that its claim should be allowed.  Lundell, 223 F.3d at 1039.  The objecting party is not required to disprove the claim.  In re Kahn, 114 B.R. 40 (Bankr. S.D. N.Y. 1990).  The Bankruptcy Court has the power to "sift" the circumstances surrounding any claim to see that injustice or unfairness is not done in the

administration of the bankruptcy estate. <u>Pepper vs. Litton</u>, 308 U.S. 295, 304, 60 S.Ct. 238, 244 (1939).

In <u>In re Circle J. Dairy, Inc.</u>, 112 B.R. 297 (W.D. Ark. 1989), the Court held that:

> A claim, to be legally sufficient and, therefore, to be prima facie valid, under the Bankruptcy Rules, must:
> 1)   be in writing;
> 2)   make a demand on the debtor's estate;
> 3)   express the intent to hold the debtor liable for the debt;
> 4)   be properly filed; and
> 5)   be based upon facts which would allow, as a matter of equity, to have the document accepted as a proof of claim.

<u>Id.</u> at 299-300 (citation omitted).

> Under the fifth requirement, the allegations of the proof of claim must set forth all the necessary facts to establish a claim and must not be self-contradictory. The prima facie validity of the claim does not attach unless the claim is in compliance with the Federal Rules of Bankruptcy Procedure ("Rules"), including Rule 3001, and sets forth the facts necessary to support the claim. These requirements for legal sufficiency are consistent with the idea that the proof of claim itself is to be scrutinized with an eye to credibility.

<u>In re Circle J. Dairy, Inc.</u>, 112 B.R. at 299-300 (citations omitted).

The 9th Circuit B.A.P has held that if a creditor does not provide information regarding its proof of claim in response to a request, or if a creditor is unable to support its claim, then that in itself may raise an evidentiary basis to object to unsupported aspects of creditor's claim, or even a basis for evidentiary sanctions. <u>In re Heath</u>, 331 B.R. 424 (B.A.P. 9th Cir. 2005). Specifically, the Court stated:

> …creditors have an obligation to respond to formal or informal requests for information. That request could even come in the form of a claims objection, if it is sufficiently specific about the information required. This obligation to respond applies regardless whether Creditors have met their obligation to provide a summary under Rule 3001(c).
>
> If the creditor does not provide information or is unable to support its claim, then that in itself may raise an evidentiary basis to object to the unsupported aspects of the claim, or even a basis for evidentiary sanctions, thereby coming within Section 502(b)'s grounds to disallow the claim.

Id. at 436–37 (B.A.P. 9th Cir. 2005) (citations omitted).

### III. OBJECTION TO CLAIM

The Debtor did not engage in any business or other dealings with Claimant. The Debtor has no record of any amounts which may be owed to Claimant.

In an overabundance of caution, a request for information was made but no response was received. In addition, no documents supporting the basis and amount of the claim were provided.

The Claim lacks merit and should be disallowed in its entirety.

### IV. CONCLUSION

For the reasons set forth above, the Debtor respectfully requests that the Court enter an order (i) granting the Motion in its entirety; (ii) sustaining the objection to the Claim; and (iii) granting such other and further relief the Court deems just and proper.

Dated: August 10, 2020                LEV INVESTMENTS, LLC

By: /s/ David B. Golubchik
DAVID B. GOLUBCHIK
JULIET Y. OH
LEVENE, NEALE, BENDER,
YOO & BRILL L.L.P.
Proposed Attorneys for Chapter 11 Debtor
and Debtor-in-Possession

## DECLARATION OF DAVID B. GOLUBCHIK

I, David B. Golubchik, hereby declare as follows:

1. I am over 18 years of age. Except where otherwise stated, I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2. I am licensed to practice law in California state courts and before this Court. I am a partner of the law firm of Levene, Neale, Bender, Yoo & Brill L.L.P ("LNBYB"), proposed counsel to Lev Investments, LLC, the Debtor and debtor in possession ("Debtor") herein.

3. Based on my review of the Court's claims register, I determined that on August 7, 2020, Kevin Moda ("Claimant") filed his proof of claim, designated as Claim No. 11, in the amount of $13,314.40 (the "Claim"). A true and correct copy of the Claim is attached hereto as **Exhibit "A"**. No documents or other evidentiary support is attached to the Claim.

4. On August 7, 2020, I sent an email to Claimant's counsel (Michael Shemtoub) seeking documents supporting the claim. A true and correct copy of the email exchange attached hereto as **Exhibit "B"**. No documents or other response were provided.

Executed on this 10th day of August 2020, at Los Angeles, California.

                                             */s/ David B. Golubchik*
                                             DAVID B. GOLUBCHIK

## DECLARATION OF DMITRI LIOUDKOUSKI

I, DMITRI LIOUDKOUSKI, hereby declare as follows:

1. I am the Manager of Lev Investments, LLC, the debtor and debtor-in-possession herein (the "<u>Debtor</u>"), and I am therefore familiar with the financial affairs of the Debtor. I have personal knowledge of the facts set forth below and, if called to testify as a witness, I could and would competently testify thereto.

2. The Debtor commenced its bankruptcy case by filing a Voluntary Petition for relief under chapter 11 of the Bankruptcy Code on June 1, 2020.

3. The Debtor is in the business of acquiring real estate, selling real estate, and providing loans secured by real estate.

4. As of the Petition Date, the Debtor's primary asset was the residential real property located at 13854 Albers Street, Sherman Oaks, California 91401-5811 [APN 2247-013-001] (the "<u>Property</u>").

5. The Debtor did not engage in any business dealings with Claimant. The Debtor has no record of any amounts which may be owed to Claimant.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 10th day of August, 2020, at Beverly Hills, California.

_____
DMITRI LIOUDKOUSKI

# EXHIBIT "A"

**Fill in this information to identify the case:**

Debtor 1: Lev Properties, LLC

Debtor 2: _____
(Spouse, if filing)

United States Bankruptcy Court for the: Central District of California

Case number: 1:20-bk-11006-VK

Official Form 410

# Proof of Claim 04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Kevin Moda
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

C/O Micheal Shemtoub, Esq.
Name
4929 Wilshire Blvd, Suite 702
Number       Street
Los Angeles,     CA     90010
City       State     ZIP Code

Contact phone  310-880-1529
Contact email  moda@msn.com

Where should payments to the creditor be sent? (if different)

Name
Number       Street
City       State     ZIP Code

Contact phone _____
Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**
☐ No
☒ Yes. Claim number on court claims registry (if known) _____     Filed on ___/___/___
                                                                              MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☐ No
☒ Yes. Who made the earlier filing? _____

Official Form 410            **Proof of Claim**            page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $_____13,314.40__.

**Does this amount include interest or other charges?**
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

___Arranging funds for purchase of Albers Property___

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property**: $_____
**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

Official Form 410      **Proof of Claim**      page 2

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☒ No
☐ Yes. Check all that apply:

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  08/07/2020
                  MM / DD / YYYY

_[signature]_
Signature

**Print the name of the person who is completing and signing this claim:**

| | | |
|---|---|---|---|
| Name | Kevin | | Moda |
| | First name | Middle name | Last name |
| Title | C/O M. Shemtoub, Esq. | | |
| Company | Beverly Law | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 4929 Wilshire Blvd, Suite 702 | | |
| | Number    Street | | |
| | Los Angeles, | CA | 90010 |
| | City | State | ZIP Code |
| Contact phone | 3108801529 (Kevin Moda) | Email | moda@msn.com |

Official Form 410    **Proof of Claim**    page 3

**Debt Information (Required)**

| Amount Due | Interest Rate | Due Date | End Date |
|---|---|---|---|
| $11,467.08 | 10.0000 % | 12/28/2018 | 08/07/2020 |

**Payment and/or Cost (Optional)** — Show

| Date | Payment Amount | Cost | |
|---|---|---|---|
| | | | Add |

Calculate | Print | Start Over | Exit

**Results**

| | | | | | |
|---|---|---|---|---|---|
| Amount Principal | $11,467.08 | Daily Interest | $3.1417 | Days | 588 |
| Reduction Principal | $0.00 | Interest Accrued | $0.00 | | |
| Balance Costs After | $11,467.08 | Interest to Date | $1,847.32 | GRAND TOTAL | |
| Sub Total | $11,467.08 | Total Interest | $1,847.32 | | $13,314.40 |

# EXHIBIT "B"

**From:** **David B. Golubchik**  DBG@lnbyb.com
**Subject:** Re: Lev - Kevin Moda
**Date:** August 7, 2020 at 4:27 PM
**To:** Michael Shemtoub  Michael@beverlylaw.org
**Cc:** Juliet Y. Oh  jyo@lnbyb.com



No additional documents to support claim?

**DAVID B. GOLUBCHIK,** Esq.

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**

10250 Constellation Blvd. **I** Suite 1700 **I** Los Angeles, CA 90067

Phone 310 229 1234 **I** Direct 310 229 3393 **I** Fax 310 229 1244

dbg@lnbyb.com **I** www.lnbyb.com


**From:** Michael Shemtoub
**Sent:** Friday, August 7, 2020 4:23 PM
**To:** David B. Golubchik
**Cc:** Juliet Y. Oh
**Subject:** Re: Lev - Kevin Moda

Please look to part 2, para 8, of the POC and the attachment thereto.

On Fri, Aug 7, 2020 at 12:37 PM David B. Golubchik <DBG@lnbyb.com> wrote:

> Michael,
>
> You just filed a proof of claim on behalf of Kevin Moda, which is attached hereto. The claim does not include basis. Please let me know when you will provide the supporting documents to support the basis for the claim and amount of the claim.
>
> Thank you
>
> **DAVID B. GOLUBCHIK,** Esq.
>
> **LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
>
> 10250 Constellation Blvd. **I** Suite 1700 **I** Los Angeles, CA 90067
>
> Phone 310 229 1234 **I** Direct 310 229 3393 **I** Fax 310 229 1244
>
> dbg@lnbyb.com **I** www.lnbyb.com

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **NOTICE OF MOTION AND MOTION FOR ORDER DISALLOWING CLAIM NO. 11 FILED BY KEVIN MODA; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF DAVID B. GOLUBCHIK AND DMITRI LIOUDKOUSKI IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 10, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Lisa D Angelo    langelo@murchisonlaw.com, cthomas@murchisonlaw.com
- Katherine Bunker    kate.bunker@usdoj.gov
- John Burgee    jburgee@bandalaw.net
- Caroline Renee Djang (TR)    caroline.djang@bbklaw.com, C190@ecfcbis.com;sansanee.wells@bbklaw.com;wilma.escalante@bbklaw.com
- James R Felton    jfelton@gblawllp.com, nknadjian@gblawllp.com
- David B Golubchik    dbg@lnbyb.com, stephanie@lnbyb.com
- Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
- Thomas D Sands    thomas@thesandslawgroup.com, thomas@thesandslawgroup.com
- Michael Shemtoub    michael@lexingtonlg.com
- David A Tilem    davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;DianaChau@tilemlaw.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **August 10, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Kevin Moda
c/o Michael Shemtoub, Esq.
4929 Wilshire Blvd, Suite 702
Los Angeles, CA 90010

Caroline Renee Djang (TR)
18101 Von Karman Ave., Suite 1000
Irvine, CA 92612

United States Trustee
Katherine Bunker
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017

☐ *Service information continued on attached page*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 10, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*None.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 10, 2020 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                       **F 9013-3.1.PROOF.SERVICE**