DAVID B. GOLUBCHIK (SBN 185520)
JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244
Email:  DBG@LNBYB.COM; JYO@LNBYB.COM

Proposed Attorneys for Chapter 11 Debtor and
Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>LEV INVESTMENTS, LLC,<br><br><br>                    Debtor. | Case No. 1:20-bk-11006-VK<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION SEEKING TO COMPEL MARIYA AYZENBERG AND MIKE KEMEL TO PRODUCE REQUESTED DOCUMENTS AND APPEAR FOR NOTICED DEPOSITIONS OR, ALTERNATIVELY, SEEKING SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JULIET Y. OH IN SUPPORT THEREOF**<br><br>[RELATES TO DOC. NO. 56]<br><br>[APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE FILED CONCURRENTLY HEREWITH]<br><br>Hearing:<br>Date:  [To be set]<br>Time:  [To be set]<br>Place:  Courtroom "301"<br>            21041 Burbank Boulevard<br>            Woodland Hills, California 91367 |

**TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE SUBCHAPTER V TRUSTEE, MARIYA AYZENBERG AND MIKE KEMEL AND THEIR COUNSEL OF RECORD, AND ALL PARTIES REQUESTING SPECIAL NOTICE:**

**PLEASE TAKE NOTICE** that Lev Investments, LLC, the debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case (the "Debtor"), by and through its proposed bankruptcy counsel, Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB"), hereby respectfully files this motion seeking: (A) to compel Mariya Ayzenberg and Mike Kemel to produce documents which are responsive to the requests made by the Debtor in *Debtor's Notice Of Deposition Of Mariya Ayzenberg And Request For Production Of Documents* (the "Ayzenberg Depo Notice") and *Debtor's Notice Of Deposition Of Mike Kemel And Request For Production Of Documents* (the "Kemel Depo Notice," and together with the Ayzenberg Depo Notice, the "Depo Notices"); (B) to compel Ms. Ayzenberg and Mr. Kemel to appear for depositions noticed by the Debtor in connection with that certain *Emergency Motion To Recuse David Golubchik And The Law Firm Of Levene, Neale, Bender, Yoo & Brill LLP, From All Further Participation In This Case, All Related Cases, And For An Order Disgorging All Funds Received By The Firm Due To Undisclosed Conflicted Representation Of The Debtor In Re Weibel, Inc. (9th Cir. BAP 1994) 176 B.R. 209* [Doc. No. 56] (the "Recusal Motion") filed by Ms. Ayzenberg and Mr. Kemel; and/or (C) sanctions, specifically, terminating sanctions to dismiss the Recusal Motion with prejudice, and monetary sanctions in an amount equal to the amount of expenses caused by the failure of Ms. Ayzenberg, Mr. Kemel, and Michael Shemtoub (their counsel of record), including attorneys' fees. The complete relief requested and the bases for this Motion are set forth in the Memorandum of Points and Authorities and the Declaration of Juliet Y. Oh annexed hereto (the "Oh Declaration").

Ms. Ayzenberg and Mr. Kemel filed the Recusal Motion on June 26, 2020. Pursuant to the Recusal Motion, Ms. Ayzenberg and Mr. Kemel seek the entry of a Court order disqualifying LNBYB as counsel for the Debtor in this case and other related relief. The Debtor filed a declaration from David B. Golubchik, Esq. [Doc. No. 61] opposing the relief requested in the Recusal Motion on June 29, 2020, followed by a written opposition to the Recusal Motion [Doc. No. 71] on June 30, 2020.

Ms. Ayzenberg and Mr. Kemel filed a response to Mr. Golubchik's declaration on June 29, 2020 [Doc. No. 65]. On July 29, 2020, the Court entered a scheduling order [Doc. No. 116] ("Scheduling Order"), pursuant to which the Court set a hearing on the Recusal Motion on August 27, 2020 at 1:30 p.m. and set the deadline for the Debtor to file a written opposition to the Recusal Motion on August 20, 2020.

On July 16, 2020, the Debtor served the Depo Notices on Michael Shemtoub, who is counsel of record for Ms. Ayzenberg and Mr. Kemel. The Depo Notices required Ms. Ayzenberg and Mr. Kemel to produce the documents requested therein by 10:00 a.m. on August 17, 2020, and to appear for depositions (by video) on August 18, 2020. Ms. Ayzenberg and Mr. Kemel did not produce any documents and did not appear for their noticed depositions on August 18, 2020. In addition, Mr. Shemtoub (counsel for Ms. Ayzenberg and Mr. Kemel) did not respond to any of the written requests sent to him by LNBYB to prepare for his clients' depositions and to arrange for a telephone conference to meet and confer prior to the filing of this Motion. As a result, the Debtor has been unable to make appropriate arrangements for the depositions and is unable to obtain the information and testimony required to prepare and file the Debtor's opposition to the Recusal Motion, which is currently due on August 20, 2020. Given the pending August 20, 2020 deadline for the Debtor to file its opposition to the Recusal Motion (which opposition the Debtor cannot prepare until it obtains the documents and testimony requested from Ms. Ayzenberg and Mr. Kemel), **the Debtor has filed concurrently herewith an application for an order setting the hearing on this Motion on shortened notice, pursuant to which the Debtor is seeking to have the Motion heard by August 20, 2020 or as soon as practicable for the Court thereafter**.

The Motion is based upon Local Bankruptcy Rules 7026-1, Rules 7005, 7026, 7030, 7034, 7037 and 9014(c) of the Federal Rules of Bankruptcy Procedure, this Notice of Motion and Motion, the attached Memorandum of Points and Authorities and the Oh Declaration, the entire record in the Debtor's bankruptcy case, the statements, arguments and representations of counsel to be made at the hearing on the Motion, and any other evidence properly presented to the Court at or prior to the hearing on the Motion.

1    WHEREFORE, the Debtor respectfully requests that the Court enter an order:

2    (1)    compelling Ms. Ayzenberg and Mr. Kemel to appear for their respective depositions

3 and to produce documents responsive to the requests made in the Depo Notice by dates to be

4 determined by the Court, and correspondingly continuing the hearing on the Recusal Motion; or

5    (2)    in the alternative, dismissing the Recusal Motion with prejudice and requiring Ms.

6 Ayzenberg, Mr. Kemel and/or Mr. Shemtoub (and his law firm, Beverly Law) to pay the reasonable

7 expenses caused by their failure to act, including the attorneys' fees incurred by the Debtor to prepare

8 and file this Motion (and the accompanying application for an order setting the hearing on this Motion

9 on shortened notice).

10 Dated:  August 18, 2020                LEV INVESTMENTS, LLC

11

12

13                                        By:_____
                                              DAVID B. GOLUBCHIK
14                                            JULIET Y. OH
                                              LEVENE, NEALE, BENDER, YOO
15                                                & BRILL L.L.P.
                                              Proposed Attorneys for Chapter 11 Debtor and
16                                            Debtor in Possession

17

18

19

20

21

22

23

24

25

26

27

28

                                          4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

1. Lev Investments, LLC, the debtor and debtor-in-possession herein (the "Debtor"), commenced its chapter 11 bankruptcy case by filing a Voluntary Petition for relief under chapter 11 of the Bankruptcy Code on June 1, 2020 (the "Petition Date"). Since the Petition Date, the Debtor has managed its financial affairs and operated its bankruptcy estate as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. On June 10, 2020, the Debtor filed an application seeking to employ the law firm of Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB") as the Debtor's bankruptcy counsel in its chapter 11 bankruptcy case [Doc. No. 10] (the "Employment Application").

3. On June 26, 2020, Mariya Ayzenberg and Mike Kemel filed a joint objection to the Employment Application [Doc. No. 57].

4. Also on June 26, 2020, Ms. Ayzenberg and Mr. Kemel filed that certain *Emergency Motion To Recuse David Golubchik And The Law Firm Of Levene, Neale, Bender, Yoo & Brill LLP, From All Further Participation In This Case, All Related Cases, And For An Order Disgorging All Funds Received By The Firm Due To Undisclosed Conflicted Representation Of The Debtor In Re Weibel, Inc. (9th Cir. BAP 1994) 176 B.R. 209* [Doc. No. 56] (the "Recusal Motion"). Pursuant to the Recusal Motion, Ms. Ayzenberg and Mr. Kemel seek the entry of a Court order disqualifying LNBYB as counsel for the Debtor in this case and other related relief.

5. The Debtor filed a declaration from David B. Golubchik, Esq. [Doc. No. 61] opposing the relief requested in the Recusal Motion on June 29, 2020, followed by a written opposition to the Recusal Motion [Doc. No. 71] on June 30, 2020.

6. Ms. Ayzenberg and Mr. Kemel filed a response to Mr. Golubchik's declaration on June 29, 2020 [Doc. No. 65].

7. At the hearing on the Employment Application held on July 16, 2020, the Court set a hearing on the Recusal Motion for August 27, 2020 at 1:30 p.m., and continued the hearing on the

Employment Application to the same date and time so that the Employment Application could be considered concurrently with the Recusal Motion.

8. On July 29, 2020, the Court entered a written scheduling order [Doc. No. 116] ("Scheduling Order") setting the hearing on the Recusal Motion for August 27, 2020 at 1:30 p.m. and setting the deadline for the Debtor to file a written opposition to the Recusal Motion on August 20, 2020.

9. On July 16, 2020, immediately following the hearing on the Employment Application, the Debtor served *Debtor's Notice Of Deposition Of Mariya Ayzenberg And Request For Production Of Documents* (the "Ayzenberg Depo Notice") and *Debtor's Notice Of Deposition Of Mike Kemel And Request For Production Of Documents* (the "Kemel Depo Notice," and together with the Ayzenberg Depo Notice, the "Depo Notices") on Michael Shemtoub, who is counsel of record for Ms. Ayzenberg and Mr. Kemel. The Depo Notices were served by personal delivery and overnight mail to Mr. Shemtoub at his office address. True and correct copies of the Depo Notices, together with the amended proof of service[1], are attached as **Exhibit "A"** to the Declaration of Juliet Y. Oh annexed hereto (the "Oh Declaration").

10. The Depo Notices relate solely to the Recusal Motion, and require Ms. Azyenberg and Mr. Kemel to produce the documents requested therein (the "Requested Documents") by 10:00 a.m. on August 17, 2020, and to appear for depositions (by video) on August 18, 2020.

11. LNBYB reached out to Mr. Shemtoub by e-mail, on numerous occasions, to confirm whether Ms. Ayzenberg and Mr. Kemel would be producing the requested documents and appearing at their respectively noticed depositions. True and correct copies of such e-mails are attached as **Exhibit "B"** to the Oh Declaration. Mr. Shemtoub did not respond to any of the foregoing e-mails. As a result, the Debtor and LNBYB has been unable to make the arrangements necessary for the video depositions of Ms. Ayzenberg and Mr. Kemel.

12. Late in the evening on Friday, August 14, 2020, nearly *one month* after the service of the Depo Notices, Ms. Ayzenberg and Mr. Kemel filed a motion seeking to quash the Depo Notices

---

[1] The proof of service for each of the Depo notices was amended to correct a typographical error in the date of service, from "June 16, 2020" to "July 16, 2020."

1 and requesting sanctions against the Debtor, LNBYB and Mr. Golubchik [Doc. No. 138] (the "Motion

2 to Quash"). The Motion to Quash has been set for hearing on September 10, 2020 at 1:30 p.m.

3        13.    Ms. Ayzenberg and Mr. Kemel did not file any response or objection to the Depo

4 Notices (other than the Motion to Quash), did not produce any of the Requested Documents, and did

5 not provide any cooperation to arrange for their respective (video) depositions on August 18, 2020.

6        14.    After the deadline for producing the Requested Documents passed, LNBYB sent

7 another e-mail to Mr. Shemtoub seeking to arrange a telephone conference to meet and confer prior to

8 the filing of this Motion. A true and correct copy of the foregoing e-mail is attached as **Exhibit "C"**

9 to the Oh Declaration. LNBYB received no response to the foregoing e-mail.

10        15.    Due to the failure by Ms. Ayzenberg and Mr. Kemel to produce the Requested

11 Documents or appear at their respectively noticed depositions, and Mr. Shemtoub's lack of response

12 to correspondence from LNBYB regarding such documents and depositions, the Debtor is unable to

13 obtain the information and testimony required to prepare and file the Debtor's opposition to the

14 Recusal Motion, which is currently due on August 20, 2020.

15        16.    Given the pending August 20, 2020 deadline for the Debtor to file its opposition to the

16 Recusal Motion (which opposition the Debtor cannot prepare until it obtains the documents and

17 testimony requested from Ms. Ayzenberg and Mr. Kemel), **the Debtor has filed concurrently**

18 **herewith an application for an order setting the hearing on this Motion on shortened notice,**

19 **pursuant to which the Debtor is seeking to have the Motion heard by August 20, 2020 or as soon**

20 **as practicable for the Court thereafter**.

21                                **II.**

22                            **DISCUSSION**

23 A.    **The Depo Notices Were Properly Served Upon Reasonable Notice, And The Discovery**

24        **Sought Pursuant To The Depo Notices Is Appropriate And Permissible.**

25        The Recusal Motion constitutes a contested matter since it was filed by Ms. Ayzenberg and

26 Mr. Kemel, and is opposed by the Debtor and LNBYB. *See*, Fed. R. Bankr. P. 9014, Notes of Advisory

27 Committee on Rules—1983 ("Whenever there is an actual dispute, other than an adversary proceeding,

28 before the bankruptcy court, the litigation to resolve that dispute is a contested matter.").

1    Rule 9014(c) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") makes

2    certain Bankruptcy Rules governing adversary proceedings applicable to contested matters. *See* Fed.

3    R. Bankr. P. 9014(c). For example, Bankruptcy Rule 9014(c) makes Bankruptcy Rule 7026 applicable

4    to contested matters, with the exception of the following subdivisions of Rule 26 of the Federal Rules

5    of Civil Procedure ("Civil Rules"), as incorporated by Bankruptcy Rule 7026, which do not apply in

6    a contested matter unless the court directs otherwise: 26(a)(1) (mandatory disclosure), 26(a)(2)

7    (disclosures regarding expert testimony), 26(a)(3) (additional pre-trial disclosures), and 26(f)

8    (mandatory meeting before scheduling conference/discovery plan). *Id.* In addition, Bankruptcy Rule

9    9014(c) makes Bankruptcy Rules 7028-7037 applicable to contested matters. *Id.*

10    As discussed in detail below, the Depo Notices were properly served on Ms. Ayzenberg and

11    Mr. Kemel (through their counsel of record) upon reasonable notice, and the discovery sought by the

12    Debtor pursuant to the Depo Notices is appropriate and permissible under the applicable Civil Rules

13    and Bankruptcy Rules.

14    Civil Rule 5, as incorporated by Bankruptcy Rule 7005, dictates the service and filing of

15    pleadings and other papers in adversary proceedings and contested matters. Specifically, Civil Rule

16    5(b)(1) provides that "[i]f a party is represented by any attorney, service under this rule [for a pleading

17    and other papers, including discovery papers] be must be made on the attorney unless the court orders

18    otherwise. Fed. R. Civ. P. 5(b)(1). Civil Rule 5(b)(2) provides that a paper is served under this rule

19    by, among other methods, "leaving it…at the person's office with a clerk or other person in charge or,

20    if no one is in charge, in a conspicuous place in the office" or "mailing it to the person's last known

21    address – in which event service is complete upon mailing[.]" Fed. R. Civ. P. 5(b)(2)(B) and (C). As

22    reflected in the Depo Notices attached as **Exhibit "A"** to the Oh Declaration, the Depo Notices were

23    served by personal delivery *and* overnight mail to Mr. Shemtoub at his office address. Accordingly,

24    service of the Depo Notices was proper and in full compliance with Civil Rule 5.

25    A party to a contested matter (or adversary proceeding) is not required to use a subpoena to

26    obtain evidence from another party. It can instead use any of the discovery devices contained in Civil

27    Rules 26 through 37.

28

1    Civil Rule 26, as incorporated by Bankruptcy Rule 7026, establishes the permissible scope and

2    limits of discovery in adversary proceedings and contested matters.    Specifically, Civil Rule 26

3    provides, in pertinent part, that "[u]nless otherwise limited by court order, the scope of discovery is as

4    follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

5    party's claim or defense and proportional to the needs of the case, considering the importance of the

6    issues at stake in the action, the amount in controversy, the parties' relative access to relevant

7    information, the parties' resources, the importance of the discovery in resolving the issues, and

8    whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ.

9    P. 26(b).  The Requested Documents are directly relevant to the relief requested by Ms. Ayzenberg

10   and Mr. Kemel in the Recusal Motion and are directly relevant to the Debtor's opposition thereto.  As

11   set forth in the Depo Notices, the sole subject of the noticed depositions are Ms. Azyenberg's and Mr.

12   Keme's "testimony in support of the [Recusal] Motion."   Without the documents and testimony

13   requested in the Depo Notices, which can only be obtained from Ms. Ayzenberg and Mr. Kemel, the

14   Debtor and LNBYB cannot adequately respond to the allegations made in the Recusal Motion and

15   related pleadings.  The Debtor is not seeking to obtain discovery regarding any privileged matter.  In

16   addition, both Ms. Ayzenberg and Mr. Kemel are represented by counsel who has been very active in

17   the Debtor's bankruptcy case, so they presumably have sufficient resources to produce the Requested

18   Documents  and  provide  testimony  at  their  depositions  with  the  assistance  of  their  counsel.

19   Accordingly,  the  scope  of  discovery  requested  by  the  Debtor  pursuant  to  the  Depo  Notices  falls

20   squarely within the permissible parameters of Civil Rule 26(b).

21   Civil  Rule  30,  as  incorporated  by  Bankruptcy  Rule  7030,  governs  depositions  by  oral

22   examination.  Specifically, Civil Rule 30 provides that "[a] party may, by oral questions, depose any

23   person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P.

24   30(a)(1).  Civil Rule 30 provides further that "[a] party who wants to depose a person by oral questions

25   must give reasonable written notice to every other party.  The notice must state the time and place of

26   the deposition and, if known, the deponent's name and address."  Fed. R. Civ. P. 30(b)(1).  The Depo

27   Notice was served on Mr. Shemtoub on July 16, 2020 and provided for the depositions of Ms.

28   Ayzenberg and Mr. Kemel to go forward over one month later, on August 18, 2020.  The Depo Notices

stated the time and place of the depositions.  Based on the foregoing, the Debtor is permitted to conduct

depositions of Ms. Ayzenberg and Mr. Kemel (who are parties to the contested matter herein) without

leave of the Court, and the Debtor provided notice of such depositions in full compliance with Civil

Rule 30.

Civil Rule 34, as incorporated by Bankruptcy Rule 7034, governs, among other things, the

production of documents.  Specifically, Civil Rule 34 permits a party to "serve on any other party a

request within the scope of [Civil] Rule 26(b)."  Fed. R. Civ. P. 34(a).  As discussed above, the

Requested Documents are directly relevant to the relief requested by Ms. Ayzenberg and Mr. Kemel

in the Recusal Motion (and to the Debtor's opposition thereto) and therefore fall within the scope of

Civil Rule 26(b).  Civil Rule 34 also provides that "[t]he party to whom the request is directed must

respond in writing within 30 days after being served."  Fed. R. Civ. P. 34(b)(2)(A).  The Depo Notices

required Ms. Ayzenberg and Mr. Kemel to respond to the document production request set forth in the

Depo Notices by August 17, 2020 (more than 30 days after the date of service of the Depo Notices).

Accordingly, pursuant to Civil Rule 34(b)(2)(A), Ms. Ayzenberg and Mr. Kemel were required to

respond to the Debtor's document production request by August 17, 2020.

**B.** **Ms. Ayzenberg And Mr. Kemel Should Be Compelled To Appear At Their Noticed Depositions And Provide The Requested Documents.**

As discussed above, the Depo Notices were properly served on Ms. Ayzenberg and Mr. Kemel

upon reasonable notice, and the discovery sought by the Debtor pursuant to the Depo Notices is

appropriate and permissible under the applicable Civil Rules and Bankruptcy Rules.  Notwithstanding

the foregoing, Ms. Ayzenberg and Mr. Kemel failed to produce the Requested Documents by August

17, 2020 (or even file a response) and failed to provide the cooperation necessary to arrange and set

up their respective (video) depositions on August 18, 2020.

Civil Rule 37, as incorporated by Bankruptcy Rule 7037, permits a party to move for an order

compelling disclosure or discovery.  Specifically, Civil Rule 37 provides that "[o]n notice to other

parties and all affected persons, a party may move for an order compelling disclosure or discovery."

Fed. R. Civ. P. 37(a)(1).  Civil Rule 37 further provides that "[a] party seeking discovery may move

for an order compelling an answer, designation, production, or inspection" and that such "motion may

1    be made if…a party fails to produce documents…as requested under Rule 34." Fed. R. Civ. P.

2    37(a)(3).

3          Given the failure of Ms. Ayzenberg and Mr. Kemel to respond to the document production

4    request set forth in the Depo Notices and/or to cooperate to arrange for their duly noticed (video)

5    depositions, and given Mr. Shemtoub's lack of response to the attempts made by LNBYB to meet and

6    confer regarding such matters, the Debtor respectfully requests that the Court compel Ms. Ayzenberg

7    and Mr. Kemel to produce the Requested Documents and to appear for their respective depositions

8    pursuant to Civil Rule 37.  In the event that Ms. Ayzenberg and Mr. Kemel are compelled by this

9    Court accordingly, the Debtor requests that the hearing on the Recusal Motion (and, if appropriate, the

10   hearing on the Employment Application) be continued to a later date so that the Debtor has sufficient

11   time to prepare and file its opposition to the Recusal Motion after receiving the Requested Documents

12   and conducting the depositions of Ms. Ayzenberg and Mr. Kemel.

13   **C.    In The Alternative, The Court Should Order Dismiss The Recusal Motion With Prejudice**

14        **And Order Monetary Sanctions.**

15          Civil Rule 37 as incorporated by Bankruptcy Rule 7037, provides the Court with authority to

16   order sanctions if "a party…fails, after being served with proper notice, to appear for that person's

17   deposition" or if "a party, after being served with…a request for inspection under Rule 34, fails to

18   serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(i)-(ii).  Civil Rule

19   37(d)(3) states that "[s]anctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

20   Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney

21   advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the

22   failure, unless the failure was substantially justified or other circumstances make an award of expenses

23   unjust." Fed. R. Civ. P. 37(d)(3).  Civil Rule 37(b)(2)(A) lists different sanctions including, among

24   others, "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

25          Given the failure of Ms. Ayzenberg and Mr. Kemel to respond to the document production

26   request set forth in the Depo Notices and/or to cooperate to arrange for their duly noticed (video)

27   depositions, and given Mr. Shemtoub's lack of response to the attempts made by LNBYB to meet and

28   confer regarding such matters, the Debtor respectfully requests, as an alternative to an order

11

1  compelling Ms. Ayzenberg and Mr. Kemel to produce the Requested Documents and to appear for

2  their respective depositions, that the Court order sanctions, specifically, terminating sanctions to

3  dismiss the Recusal Motion with prejudice, and monetary sanctions to be paid jointly by Ms.

4  Ayzenberg, Mr. Kemel, and Mr. Shemtoub in an amount (to be determined) equal to the amount of

5  reasonable expenses caused by their failure to act, including the attorneys' fees incurred by the Debtor

6  to prepare and file this Motion and the accompanying application for an order setting the hearing on

7  this Motion on shortened notice.

8  <center>**III.**</center>

9  <center>**<u>CERTIFICATION</u>**</center>

10       As set forth in the Oh Declaration annexed hereto, LNBYB certifies, pursuant to Civil Rules

11  37(a)(1) and 37(d)(1)(B) (which are made applicable herein by Bankruptcy Rule 7037), that LNBYB

12  has in good faith conferred or attempted to confer with Mr. Shemtoub, who is counsel of record for

13  Ms. Ayzenberg and Mr. Kemel, in an effort to resolve this dispute without Court action.

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

<center>12</center>

# IV.

## CONCLUSION

Based on all of the foregoing, the Debtor respectfully requests that the Court enter an order:

(1)    compelling Ms. Ayzenberg and Mr. Kemel to appear for their respective depositions and to produce documents responsive to the requests made in the Depo Notice by dates to be determined by the Court, and correspondingly continuing the hearing on the Recusal Motion; or

(2)    in the alternative, dismissing the Recusal Motion with prejudice and requiring Ms. Ayzenberg, Mr. Kemel and/or Mr. Shemtoub (and his law firm, Beverly Law) to pay the reasonable expenses caused by their failure to act, including the attorneys' fees incurred by the Debtor to prepare and file this Motion (and the accompanying application for an order setting the hearing on this Motion on shortened notice).

Dated:  August 18, 2020           LEV INVESTMENTS, LLC

By: _____
DAVID B. GOLUBCHIK
JULIET Y. OH
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Proposed Attorneys for Chapter 11 Debtor in Possession

# DECLARATION OF JULIET Y. OH

I, Juliet Y. Oh, hereby declare as follows:

1.      I am over 18 years of age.  Except where otherwise stated, I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.      I am licensed to practice law in California state courts and before this Court.  I am a partner of the law firm of Levene, Neale, Bender, Yoo & Brill L.L.P ("LNBYB"), proposed counsel to Lev Investments, LLC, the Debtor and debtor in possession herein (the "Debtor").

3.      I submit this declaration in support of the Debtor's motion to compel (the "Motion") to which this declaration is attached.  All capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Motion.

4.      The Debtor commenced its chapter 11 bankruptcy case by filing a Voluntary Petition for relief under chapter 11 of the Bankruptcy Code on June 1, 2020 (the "Petition Date").  Since the Petition Date, the Debtor has managed its financial affairs and operated its bankruptcy estate as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5.      On June 10, 2020, the Debtor filed an application seeking to employ LNBYB as the Debtor's bankruptcy counsel in its chapter 11 bankruptcy case (the "Employment Application").

6.      On June 26, 2020, Mariya Ayzenberg and Mike Kemel filed a joint objection to the Employment Application.

7.      Also on June 26, 2020, Ms. Ayzenberg and Mr. Kemel filed that certain *Emergency Motion To Recuse David Golubchik And The Law Firm Of Levene, Neale, Bender, Yoo & Brill LLP, From All Further Participation In This Case, All Related Cases, And For An Order Disgorging All Funds Received By The Firm Due To Undisclosed Conflicted Representation Of The Debtor In Re Weibel, Inc. (9th Cir. BAP 1994) 176 B.R. 209* (the "Recusal Motion").  Pursuant to the Recusal Motion, Ms. Ayzenberg and Mr. Kemel seek the entry of a Court order disqualifying LNBYB as counsel for the Debtor in this case and other related relief.

8.      The Debtor filed a declaration from my partner, David B. Golubchik, Esq., opposing the relief requested in the Recusal Motion on June 29, 2020, followed by a written opposition to the Recusal Motion on June 30, 2020.

15

9.      Ms. Ayzenberg and Mr. Kemel filed a response to Mr. Golubchik's declaration on June 29, 2020.

10.     At the hearing on the Employment Application held on July 16, 2020, which I personally attended, the Court set a hearing on the Recusal Motion for August 27, 2020 at 1:30 p.m., and continued the hearing on the Employment Application to the same date and time so that the Employment Application could be considered concurrently with the Recusal Motion.

11.     On July 29, 2020, the Court entered a written scheduling order ("Scheduling Order") setting the hearing on the Recusal Motion for August 27, 2020 at 1:30 p.m. and setting the deadline for the Debtor to file a written opposition to the Recusal Motion on August 20, 2020.

12.     On July 16, 2020, immediately following the hearing on the Employment Application, LNBYB caused the Debtor to serve *Debtor's Notice Of Deposition Of Mariya Ayzenberg And Request For Production Of Documents* (the "Ayzenberg Depo Notice") and *Debtor's Notice Of Deposition Of Mike Kemel And Request For Production Of Documents* (the "Kemel Depo Notice," and together with the Ayzenberg Depo Notice, the "Depo Notices") on Michael Shemtoub, who is counsel of record for Ms. Ayzenberg and Mr. Kemel.  The Depo Notices were served by personal delivery and overnight mail to Mr. Shemtoub at his office address.  True and correct copies of the Depo Notices, together with the amended proof of service[2], are attached as **Exhibit "A"** hereto.

13.     The Depo Notices relate solely to the Recusal Motion, and require Ms. Azyenberg and Mr. Kemel to produce the documents requested therein (the "Requested Documents") by 10:00 a.m. on August 17, 2020, and to appear for depositions (by video) on August 18, 2020.

14.     I reached out to Mr. Shemtoub by e-mail, on August 12, 2020 and August 14, 2020, to confirm whether Ms. Ayzenberg and Mr. Kemel would be producing the requested documents and appearing at their respectively noticed depositions.  True and correct copies of such e-mails are attached as **Exhibit "B"** hereto.  Mr. Shemtoub did not respond to any of the foregoing e-mails (by e-mail or telephone).  As a result, the Debtor and LNBYB were unable to make the arrangements necessary for the video depositions of Ms. Ayzenberg and Mr. Kemel.

---

[2] The proof of service for each of the Depo notices was amended to correct a typographical error in the date of service, from "June 16, 2020" to "July 16, 2020."

15.     Late in the evening on Friday, August 14, 2020, nearly *one month* after the service of the Depo Notices, Ms. Ayzenberg and Mr. Kemel filed a motion seeking to quash the Depo Notices and requesting sanctions against the Debtor, LNBYB and Mr. Golubchik (the "Motion to Quash"). The Motion to Quash has been set for hearing on September 10, 2020 at 1:30 p.m.

16.     Ms. Ayzenberg and Mr. Kemel did not file any response or objection to the Depo Notices (other than the Motion to Quash), did not produce any of the Requested Documents, and did not provide any cooperation to enable the Debtor and LNBYB to make arrangements for and set up the video depositions of Ms. Ayzenberg and Mr. Kemel on August 18, 2020.

17.     After the deadline for producing the Requested Documents passed, I sent another e-mail to Mr. Shemtoub seeking to arrange a telephone conference to meet and confer prior to the filing of this Motion.  A true and correct copy of the foregoing e-mail is attached as **Exhibit "C"** hereto.  I received no response (by e-mail or telephone) to the foregoing e-mail.

18.     Due to the failure by Ms. Ayzenberg and Mr. Kemel to produce the Requested Documents or to cooperate to arrange for their respectively noticed (video) depositions, and Mr. Shemtoub's lack of response to correspondence from LNBYB regarding such documents and depositions, the Debtor is unable to obtain the information and testimony required to prepare and file the Debtor's opposition to the Recusal Motion, which is currently due on August 20, 2020.

19.     Given the pending August 20, 2020 deadline for the Debtor to file its opposition to the Recusal Motion (which opposition the Debtor cannot prepare until it obtains the documents and testimony requested from Ms. Ayzenberg and Mr. Kemel), the Debtor has filed concurrently with this Motion an application for an order setting the hearing on this Motion on shortened notice, pursuant to which the Debtor is seeking to have the Motion heard by August 20, 2020 or as soon as practicable for the Court thereafter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on this 18th day of August, 2020, at Los Angeles, California.

_____
JULIET Y. OH

17

# EXHIBIT "A"

1  DAVID B. GOLUBCHIK (SBN 185520)
   JULIET Y. OH (SBN 211414)
2  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
3  10250 Constellation Boulevard, Suite 1700
   Los Angeles, California 90067
4  Telephone:  (310) 229-1234
   Facsimile:  (310) 229-1244
5  Email:  DBG@LNBYB.COM; JYO@LNBYB.COM

6  Proposed Attorneys for Chapter 11 Debtor and
   Debtor-in-Possession
7

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                   SAN FERNANDO VALLEY DIVISION

11

12  In re:                                    Case No.: 1:20-bk-11006-VK

13  LEV INVESTMENTS, LC,                      Chapter 11

14           Debtor and Debtor in  Possession.    **AMENDED PROOF OF SERVICE OF:**
                                                 **DEBTOR'S NOTICE OF DEPOSITION OF**
15                                               **MARIYA AYZENBERG AND REQUEST**
                                                 **FOR PRODUCTION OF DOCUMENTS**
16

17                                               Deposition Date
                                                 Date:  August 18, 2020
18                                               Time: 10:00 a.m.
                                                 Place: Via Zoom or other video format or at
19                                                    Levene, Neale, Bender, Yoo
                                                     & Brill L.L.P.
20                                                   10250 Constellation Blvd, Suite 1700
                                                     Los Angeles, California 90067
21

22                                               Document Production Date:
23                                               Date:  August 17, 2020
                                                 Time: 10:00 a.m.
24                                               Place: Levene, Neale, Bender, Yoo
                                                     & Brill L.L.P.
25                                                   10250 Constellation Blvd, Suite 1700
                                                     Los Angeles, California 90067
26

27

28

                                    1

1        **PLEASE TAKE NOTICE** that, pursuant Rule 9014 of the Federal Rules of

2    Bankruptcy Procedure and Rule 7030 of the Federal Rules of Bankruptcy Procedure which

3    incorporates by reference Rule 30 of the Federal Rules of Civil Procedure, in connection with

4    the contested matter initiated by the "*Emergency Motion To Recuse David Golubchik And The*

5    *Law Firm Of Levene, Neale, Bender, Yoo & Brill LLP, From All Further Participation In This*

6    *Case, All Related Cases, And For An Order Disgorging All Funds Received By The Firm Due To*

7    *Undisclosed Conflicted Representation Of The Debtor In Re Weibel, Inc. (9th Cir. BAP 1994)*

8    *176 B.R. 209*" (Docket No. 56) (the "**Motion**") filed by Mariya Ayzenberg ("**Ayzenberg**") and

9    Mike Kemel ("**Kemel**"), Lev Investments, LLC, the debtor in possession in the above-entitled

10   chapter 11 case, will conduct the deposition upon oral examination of Ayzenberg on the topics

11   set forth below and for the documents described in the Requests For Production below, on

12   **August 18, 2020 at 10:00 a.m. (Pacific Time)** at the offices of Levene, Neale, Bender, Yoo &

13   Brill, L.L.P., 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067. The

14   deposition will be recorded by stenographic and/or audio-visual means. Ayzenberg is

15   represented by counsel, Michael Shemtoub, Esq. of Beverly Law, who maintains offices at

16   4929 Wilshire Blvd Suite 915, Los Angeles, CA 90010.

17                                                 **Request for Production of Documents**

18       **PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 34 of the Federal Rules of

19   Civil Procedure, made applicable herein by Rules 7034 and 9014 of the Federal Rules of

20   Bankruptcy Procedure, Ayzenberg must produce, on or before **August 17, 2020, at 10:00 a.m.,** at

21   the offices of Levene, Neale, Bender, Yoo & Brill L.L.P., 10250 Constellation Boulevard, Suite

22   1700, Los Angeles, California 90067, or such other time and location as the parties may agree and

23   permit the inspection and copying of any and all documents requested in the Requests for

24   Production of Documents contained below.

25                                                         **Definitions**

26       For purposes of the Requests for Production of Documents, the terms listed below will

27   have the following meanings:

28

1.      "<u>Bankruptcy Case</u>" means the chapter 11 bankruptcy case commenced by the Debtor.

2.      "<u>David</u>" means and refers to David Golubchik and Levene, Neale, Bender, Yoo & Brill L.L.P.

3.      "<u>Debtor</u>" means Lev Investments LLC.

4.      "<u>Documents</u>" have the meaning the ascribed in the Federal Rules of Civil Procedure, as made applicable by the Federal Rules of Bankruptcy Procedure, and includes, without limitation, all electronically stored information in addition to documents or data maintained in hard copy or other format.

5.      "<u>Communications</u>" means all forms of correspondence including, but not limited to e-mail, written, recorded or otherwise documented.

6.      "<u>Motion</u>" means and refers to that certain "*Emergency Motion To Recuse David Golubchik And The Law Firm Of Levene, Neale, Bender, Yoo & Brill LLP, From All Further Participation In This Case, All Related Cases, And For An Order Disgorging All Funds Received By The Firm Due To Undisclosed Conflicted Representation Of The Debtor In Re Weibel, Inc. (9th Cir. BAP 1994) 176 B.R. 209*" (Docket No. 56).

7.      "<u>Ayzenberg</u>" or "<u>you</u>" or "<u>your</u>" means Mariya Ayzenberg including, without limitation, her agents, representatives, employees and partners.

**Requests For Production Of Documents**

Please produce the following documents:

1.      All Documents, Correspondence and materials between YOU and DAVID during the period of January 1, 2017 to June 1, 2020.

2.      All Documents, Correspondence and materials with respect to services which YOU contend that DAVID performed on YOUR behalf or for YOUR benefit during the period of January 1, 2017 to June 1, 2020.

3.      All Documents, Correspondence and materials which support YOUR statements in YOUR declaration executed on June 25, 2020 in support of the Motion.

4.    A copy of your driver's license and United States Passport which evidences your signature – you are welcome to redact all personal information other than your name, your photo, your signature and date of document.

### **Subject Matter for Depositions**

1.    YOUR testimony in support of the Motion.

Dated: July 16, 2020                    LEV INVESTMENTS, LLC

                                        By:____/S/ *David B. Golubchik*_____
                                              DAVID B. GOLUCHIK
                                              JULIET Y. OH
                                              LEVENE, NEALE, BENDER, YOO
                                                    & BRILL L.L.P.
                                              Proposed Attorneys for Debtor and
                                              Debtor in Possession

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **DEBTOR'S NOTICE OF DEPOSITION OF MARIYA AYZENBERG AND REQUEST FOR PRODUCTION OF DOCUMENTS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:   Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

N/A

**2.   SERVED BY UNITED STATES MAIL**: On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*None.*

☐ *Service information continued on attached page*

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 16, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

***Served by Overnight Mail***
Michael Shemtoub, Esq.
Beverly Law
4929 Wilshire Blvd, Suite 915
Los Angeles, CA 90010

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 16, 2020 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                       **F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **DEBTOR'S NOTICE OF DEPOSITION OF MARIYA AYZENBERG AND REQUEST FOR PRODUCTION OF DOCUMENTS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

N/A

**2. SERVED BY UNITED STATES MAIL**: On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*None.*

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 16, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

***Served by Personal Delivery on July 16, 2020 at 4:50 p.m.***
Jessica Flores accepted service on behalf of:
Michael Shemtoub, Esq.
Beverly Law
4929 Wilshire Blvd, Suite 702
Los Angeles, CA 90010

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 17, 2020 | Andy Torres | |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                   **F 9013-3.1.PROOF.SERVICE**

1 | DAVID B. GOLUBCHIK (SBN 185520)
2 | JULIET Y. OH (SBN 211414)
  | LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
3 | 10250 Constellation Boulevard, Suite 1700
  | Los Angeles, California 90067
4 | Telephone:  (310) 229-1234
  | Facsimile:  (310) 229-1244
5 | Email:  DBG@LNBYB.COM; JYO@LNBYB.COM

6 | Proposed Attorneys for Chapter 11 Debtor and
  | Debtor-in-Possession
7 |

8 |                 **UNITED STATES BANKRUPTCY COURT**

9 |                 **CENTRAL DISTRICT OF CALIFORNIA**

10 |                **SAN FERNANDO VALLEY DIVISION**

11 |

12 | In re:

13 | LEV INVESTMENTS, LC,

14 |          Debtor and Debtor in  Possession.

Case No.: 1:20-bk-11006-VK

Chapter 11

**AMENDED PROOF OF SERVICE OF:
DEBTOR'S NOTICE OF DEPOSITION OF
MIKE KEMEL AND REQUEST FOR
PRODUCTION OF DOCUMENTS**

<u>Deposition Date</u>
Date:  August 18, 2020
Time: 1:00 p.m.
Place: Via Zoom or other video format or at
         Levene, Neale, Bender, Yoo
         & Brill L.L.P.
         10250 Constellation Blvd, Suite 1700
         Los Angeles, California 90067

<u>Document Production Date:</u>
Date:  August 17, 2020
Time: 10:00 a.m.
Place: Levene, Neale, Bender, Yoo
         & Brill L.L.P.
         10250 Constellation Blvd, Suite 1700
         Los Angeles, California 90067

15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

1

1    **PLEASE TAKE NOTICE** that, pursuant Rule 9014 of the Federal Rules of

2    Bankruptcy Procedure and Rule 7030 of the Federal Rules of Bankruptcy Procedure which

3    incorporates by reference Rule 30 of the Federal Rules of Civil Procedure, in connection with

4    the contested matter initiated by the "*Emergency Motion To Recuse David Golubchik And The*

5    *Law Firm Of Levene, Neale, Bender, Yoo & Brill LLP, From All Further Participation In This*

6    *Case, All Related Cases, And For An Order Disgorging All Funds Received By The Firm Due To*

7    *Undisclosed Conflicted Representation Of The Debtor In Re Weibel, Inc. (9th Cir. BAP 1994)*

8    *176 B.R. 209*" (Docket No. 56) (the "**Motion**") filed by Mariya Ayzenberg ("**Ayzenberg**") and

9    Mike Kemel ("**Kemel**"), Lev Investments, LLC, the debtor in possession in the above-entitled

10   chapter 11 case, will conduct the deposition upon oral examination of Ayzenberg on the topics

11   set forth below and for the documents described in the Requests For Production below, on

12   **August 18, 2020 at 1:00 p.m. (Pacific Time)** at the offices of Levene, Neale, Bender, Yoo &

13   Brill, L.L.P., 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067. The

14   deposition will be recorded by stenographic and/or audio-visual means. Kemel is represented by

15   counsel, Michael Shemtoub, Esq. of Beverly Law, who maintains offices at 4929 Wilshire Blvd

16   Suite 915, Los Angeles, CA 90010.

17                                        **Request for Production of Documents**

18   **PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 34 of the Federal Rules of

19   Civil Procedure, made applicable herein by Rules 7034 and 9014 of the Federal Rules of

20   Bankruptcy Procedure, Kemel must produce, on or before **August 17, 2020, at 10:00 a.m.,** at the

21   offices of Levene, Neale, Bender, Yoo & Brill L.L.P., 10250 Constellation Boulevard, Suite 1700,

22   Los Angeles, California 90067, or such other time and location as the parties may agree and permit

23   the inspection and copying of any and all documents requested in the Requests for Production of

24   Documents contained below.

25                                                  **Definitions**

26   For purposes of the Requests for Production of Documents, the terms listed below will

27   have the following meanings:

28

2

1       1.     "<u>Bankruptcy Case</u>" means the chapter 11 bankruptcy case commenced by the

2  Debtor.

3       2.     "<u>David</u>" means and refers to David Golubchik and Levene, Neale, Bender, Yoo

4  & Brill L.L.P.

5       3.     "<u>Debtor</u>" means Lev Investments LLC.

6       4.     "<u>Documents</u>" have the meaning the ascribed in the Federal Rules of Civil

7  Procedure, as made applicable by the Federal Rules of Bankruptcy Procedure, and includes,

8  without limitation, all electronically stored information in addition to documents or data

9  maintained in hard copy or other format.

10      5.     "<u>Communications</u>" means all forms of correspondence including, but not limited

11  to e-mail, written, recorded or otherwise documented.

12      6.     "<u>Motion</u>" means and refers to that certain "*Emergency Motion To Recuse David*

13  *Golubchik And The Law Firm Of Levene, Neale, Bender, Yoo & Brill LLP, From All Further*

14  *Participation In This Case, All Related Cases, And For An Order Disgorging All Funds*

15  *Received By The Firm Due To Undisclosed Conflicted Representation Of The Debtor In Re*

16  *Weibel, Inc. (9th Cir. BAP 1994) 176 B.R. 209*" (Docket No. 56).

17      7.     "<u>Kemel</u>" or "<u>you</u>" or "<u>your</u>" means Mike Kemel including, without limitation,

18  his agents, representatives, employees and partners.

19       **Requests For Production Of Documents**

20  Please produce the following documents:

21      1.     All Documents, Correspondence and materials between YOU and DAVID during

22  the period of January 1, 2017 to June 1, 2020.

23      2.     All Documents, Correspondence and materials with respect to services which

24  YOU contend that DAVID performed on YOUR behalf or for YOUR benefit during the period

25  of January 1, 2017 to June 1, 2020.

26      3.     All Documents, Correspondence and materials which support YOUR statements

27  in YOUR declaration executed on June 26, 2020 in support of the Motion.

28

4.    A copy of your driver's license and United States Passport which evidences your signature – you are welcome to redact all personal information other than your name, your photo, your signature and date of document.

### **Subject Matter for Depositions**

1.    YOUR testimony in support of the Motion.

Dated: July 16, 2020                    LEV INVESTMENTS, LLC

By:____/S/ *David B. Golubchik*_____
                    DAVID B. GOLUCHIK
                    JULIET Y. OH
                    LEVENE, NEALE, BENDER, YOO
                        & BRILL L.L.P.
                    Proposed Attorneys for Debtor and
                    Debtor in Possession

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **DEBTOR'S NOTICE OF DEPOSITION OF MIKE KEMEL AND REQUEST FOR PRODUCTION OF DOCUMENTS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

N/A

**2.  SERVED BY UNITED STATES MAIL**: On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*None.*

☐ *Service information continued on attached page*

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 16, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

***Served by Overnight Mail***
Michael Shemtoub, Esq.
Beverly Law
4929 Wilshire Blvd, Suite 915
Los Angeles, CA 90010

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 16, 2020 | Stephanie Reichert | */s/ Stephanie Reichert* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **DEBTOR'S NOTICE OF DEPOSITION OF MIKE KEMEL AND REQUEST FOR PRODUCTION OF DOCUMENTS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

N/A

**2. SERVED BY UNITED STATES MAIL**: On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*None.*

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 16, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

***Served by Personal Delivery on July 16, 2020 at 4:50 p.m.***
Jessica Flores accepted service on behalf of:
Michael Shemtoub, Esq.
Beverly Law
4929 Wilshire Blvd, Suite 702
Los Angeles, CA 90010

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 17, 2020 | Andy Torres | |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

# EXHIBIT "B"

**Juliet Y. Oh**

| | |
|---|---|
| **From:** | Juliet Y. Oh |
| **Sent:** | Wednesday, August 12, 2020 3:53 PM |
| **To:** | 'Michael@beverlylaw.org' |
| **Cc:** | David B. Golubchik |
| **Subject:** | In re Lev Investments LLC - Deposition of Mike Kemel on Tuesday, August 18, 2020 |

Mr. Shemtoub,

I will be conducting the depositions of Ms. Ayzenberg and Mr. Kemel on Tuesday, August 18, 2020.  Currently, Ms. Ayzenberg's deposition is scheduled to begin at 10:00 a.m., and Mr. Kemel's deposition is scheduled to being at 1:00 p.m.  I have a Court hearing that has been scheduled for 1:00 p.m. that day, so I am requesting that Mr. Kemel's deposition be pushed to 2:00 p.m.  Will you please confirm whether that is acceptable to you and Mr. Kemel?  Also, please confirm that both of your clients will be able to attend their respective depositions by videoconference/Zoom as we are making those arrangements now.

Thank you,
Juliet

**JULIET Y. OH,** Esq.

**LEVENE, NEALE, BENDER, YOO & BRILL  L.L.P.**
10250 Constellation Blvd.  **|**  Suite 1700  **|**  Los Angeles, CA   90067
Phone  310 229 1234  **|**  Direct  310 229 3348  **|**  Fax  310 229 1244
JYO@lnbyb.com  **|**  **www.lnbyb.com**

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill  L.L.P.'s
email policies which can be found at http://www.lnbyb.com/disclaimers.htm.

🌍 Please consider the environment before printing this email

**Juliet Y. Oh**

| | |
|---|---|
| **From:** | Juliet Y. Oh |
| **Sent:** | Friday, August 14, 2020 12:14 PM |
| **To:** | David B. Golubchik; 'Michael@beverlylaw.org'; Michael@LexingtonLG.com |
| **Subject:** | RE: In re Lev Investments LLC - Deposition of Mike Kemel on Tuesday, August 18, 2020 |

Michael,

In addition to the email addresses for you, Ms. Ayzenberg and Mr. Kemel, and the request for an interpreter (if one is necessary), the court reporter will need the city/state location for you, Ms. Ayzenberg and Mr. Kemel.  Please provide this info as soon as possible today so we can finalize the arrangements for the video depositions.

Thank you,
Juliet

---

**From:** David B. Golubchik <DBG@lnbyb.com>
**Sent:** Friday, August 14, 2020 12:02 PM
**To:** 'Michael@beverlylaw.org' <Michael@beverlylaw.org>; Michael@LexingtonLG.com
**Cc:** Juliet Y. Oh <jyo@lnbyb.com>
**Subject:** RE: In re Lev Investments LLC - Deposition of Mike Kemel on Tuesday, August 18, 2020

Michael,

The court reporter needs email addresses to set up the virtual depositions for Tuesday.  Please send emails to use for you (we have 2 emails but let me know which you prefer), for Ms. Ayzenberg and Mr. Kemel.  Also, please advise if anyone requires an interpreter.

As you can see, there are numerous questions outstanding to which we have received no responses.  Please respond as soon as possible.

Thank you

**DAVID B. GOLUBCHIK,** Esq.
**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
10250 Constellation Blvd.  **|**  Suite 1700  **|**  Los Angeles, CA  90067
Phone  310 229 1234  **|**  Direct  310 229 3393  **|**  Fax  310 229 1244
dbg@lnbyb.com  **|**  **www.lnbyb.com**

---

**From:** David B. Golubchik <DBG@lnbyb.com>
**Sent:** Thursday, August 13, 2020 1:46 PM
**To:** Juliet Y. Oh <jyo@lnbyb.com>; 'Michael@beverlylaw.org' <Michael@beverlylaw.org>; Michael@LexingtonLG.com
**Subject:** RE: In re Lev Investments LLC - Deposition of Mike Kemel on Tuesday, August 18, 2020

Michael,

For the document production on Monday (8/17/20), please advise whether it will be provided electronically or delivered in person.  If delivered in person, we need to coordinate with our office due to COVID.  And please respond to Juliet with respect to the time of Mr. Kemel's deposition on Tuesday, 8/18/20.

Please advise.

**DAVID B. GOLUBCHIK,** Esq.

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
10250 Constellation Blvd.  |  Suite 1700  |  Los Angeles, CA  90067
Phone  310 229 1234  |  Direct  310 229 3393  |  Fax  310 229 1244
dbg@lnbyb.com  |  **www.lnbyb.com**

---

**From:** Juliet Y. Oh <jyo@lnbyb.com>
**Sent:** Wednesday, August 12, 2020 3:53 PM
**To:** 'Michael@beverlylaw.org' <Michael@beverlylaw.org>
**Cc:** David B. Golubchik <DBG@lnbyb.com>
**Subject:** In re Lev Investments LLC - Deposition of Mike Kemel on Tuesday, August 18, 2020

Mr. Shemtoub,

I will be conducting the depositions of Ms. Ayzenberg and Mr. Kemel on Tuesday, August 18, 2020.  Currently, Ms. Ayzenberg's deposition is scheduled to begin at 10:00 a.m., and Mr. Kemel's deposition is scheduled to being at 1:00 p.m.  I have a Court hearing that has been scheduled for 1:00 p.m. that day, so I am requesting that Mr. Kemel's deposition be pushed to 2:00 p.m.  Will you please confirm whether that is acceptable to you and Mr. Kemel?  Also, please confirm that both of your clients will be able to attend their respective depositions by videoconference/Zoom as we are making those arrangements now.

Thank you,
Juliet

**JULIET Y. OH,** Esq.

**LEVENE, NEALE, BENDER, YOO & BRILL  L.L.P.**
10250 Constellation Blvd.  |  Suite 1700  |  Los Angeles, CA  90067
Phone  310 229 1234  |  Direct  310 229 3348  |  Fax  310 229 1244
JYO@lnbyb.com  |  **www.lnbyb.com**

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill  L.L.P.'s email policies which can be found at http://www.lnbyb.com/disclaimers.htm.

 Please consider the environment before printing this email

# EXHIBIT "C"

## Juliet Y. Oh

| | |
|---|---|
| **From:** | Juliet Y. Oh |
| **Sent:** | Monday, August 17, 2020 12:06 PM |
| **To:** | 'Michael@beverlylaw.org' |
| **Cc:** | David B. Golubchik |
| **Subject:** | RE: In re Lev Investments LLC - Deposition of Mike Kemel on Tuesday, August 18, 2020 |

Mr. Shemtoub,

I have not received responses from you – by email, telephone, or otherwise – to any of my emails regarding the scheduled depositions of Ms. Ayzenberg and Mr. Kemel (and the related document production requests), including my most recent email sent yesterday to you which is copied below.  Given your lack of response and the motion to quash notices of deposition filed by your office late Friday evening, the Debtor has no choice other than to file a motion to compel the depositions of both Ms. Ayzenberg and Mr. Kemel (and the related document productions).  The Debtor intends to request terminating sanctions and other appropriate sanctions in such motion.  In accordance with LBR 7026-1(c)(2), **I request that we conduct a telephone conference today, Monday, August 17 (anytime before 4:00 pm, or anytime after 6:00 pm) or anytime before 10:00 am tomorrow morning, Tuesday, August 18.**  Please advise of your availability for such telephone conference as soon as possible.

I can be reached by cell at (310) 497-4602.

Thank you,
Juliet Oh

---

**From:** Juliet Y. Oh
**Sent:** Wednesday, August 12, 2020 3:53 PM
**To:** 'Michael@beverlylaw.org' <Michael@beverlylaw.org>
**Cc:** David B. Golubchik <DBG@lnbyb.com>
**Subject:** In re Lev Investments LLC - Deposition of Mike Kemel on Tuesday, August 18, 2020

Mr. Shemtoub,

I will be conducting the depositions of Ms. Ayzenberg and Mr. Kemel on Tuesday, August 18, 2020.  Currently, Ms. Ayzenberg's deposition is scheduled to begin at 10:00 a.m., and Mr. Kemel's deposition is scheduled to being at 1:00 p.m.  I have a Court hearing that has been scheduled for 1:00 p.m. that day, so I am requesting that Mr. Kemel's deposition be pushed to 2:00 p.m.  Will you please confirm whether that is acceptable to you and Mr. Kemel?  Also, please confirm that both of your clients will be able to attend their respective depositions by videoconference/Zoom as we are making those arrangements now.

Thank you,
Juliet

**JULIET Y. OH,** Esq.

**LEVENE, NEALE, BENDER, YOO & BRILL  L.L.P.**
10250 Constellation Blvd.  |  Suite 1700  |  Los Angeles, CA   90067
Phone  310 229 1234  |  Direct  310 229 3348  |  Fax  310 229 1244
JYO@lnbyb.com  |  www.lnbyb.com

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill  L.L.P.'s
email policies which can be found at http://www.lnbyb.com/disclaimers.htm.

Please consider the environment before printing this email

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **NOTICE OF MOTION AND MOTION SEEKING TO COMPEL MARIYA AYZENBERG AND MIKE KEMEL TO PRODUCE REQUESTED DOCUMENTS AND APPEAR FOR NOTICED DEPOSITIONS OR, ALTERNATIVELY, SEEKING SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JULIET Y. OH IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 18, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Lisa D Angelo    langelo@murchisonlaw.com, cthomas@murchisonlaw.com**
- **Katherine Bunker    kate.bunker@usdoj.gov**
- **John Burgee    jburgee@bandalaw.net**
- **Caroline Renee Djang (TR)    caroline.djang@bbklaw.com, C190@ecfcbis.com;sansanee.wells@bbklaw.com;wilma.escalante@bbklaw.com**
- **James R Felton    jfelton@gblawllp.com, nknadjian@gblawllp.com**
- **David B Golubchik    dbg@lnbyb.com, stephanie@lnbyb.com**
- **Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com**
- **Thomas D Sands    thomas@thesandslawgroup.com, thomas@thesandslawgroup.com**
- **Michael Shemtoub    michael@lexingtonlg.com**
- **David A Tilem    davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;DianaChau@tilemlaw.com**
- **United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov**

**2.  SERVED BY UNITED STATES MAIL**: On **August 18, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  *Service information continued on attached page*

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 18, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*None.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 18, 2020 | Stephanie Reichert | */s/ Stephanie Reichert* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                      **F 9013-3.1.PROOF.SERVICE**

Office of the United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

Caroline Renee Djang (TR)
18101 Von Karman Ave., Suite 1000
Irvine, CA 92612-0164

Michael Shemtoub, Esq.
Beverly Law
4929 Wilshire Blvd., Suite 915
Los Angeles, CA 90010