Thomas D. Sands, Esq. SBN 279020
THE SANDS LAW GROUP, APLC
205 S Broadway, Ste 903
Los Angeles, California 90012
Telephone:    (213) 788-4412
Facsimile:    (888) 623-8382

Attorney for The Sands Law Group, APLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>LEV INVESTMENTS, LLC,<br><br>Debtor. | Case No.: 1:20-bk-11006-VK<br><br>Chapter 11, subchapter V<br><br>**OPPOSITION TO APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY CENTRAL REALTY ADVISORS AND FAIR REALTY INC. AS REAL ESTATE BROKER [DOC 127]**<br><br>**HEARING:**<br><br>DATE: SEPTEMBER 10, 2020<br>TIME: 1:30 P.M.<br>PLACE: COURTROOM "301"<br>21041 BURBANK BOULEVARD<br>WOODLAND HILLS, CALIFORNIA 91367 |

**PLEASE TAKE NOTICE** that The Sands Law Group, APLC (the "Creditor"), hereby opposes the Application to Employ Central Realty Advisors and Fair Realty Inc. on the terms proposed by the Debtor, the DIP and their counsel.

---

1
OPPOSITION TO APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY CENTRAL REALTY
ADVISORS AND FAIR REALTY INC. AS REAL ESTATE BROKER [DOC 127]

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. STATEMENT OF FACTS

#### 1. BACKGROUND

This Bankruptcy proceeding was initiated on June 1, 2020, by voluntary petition invoking Chapter 11 of the United States Bankruptcy Code, Subchapter V.

On August 7, 2020, the Debtor filed an Application to Employ Central Realty Advisors and Fair Realty Inc. to assist in the sale of the single asset of the Debtor.

The Debtor requests that the Court endorse employment of Central Realty Advisors and Fair Realty Inc. on an "exclusive" basis for a period of 6-months.

Central Realty Advisors and Fair Realty Inc. in turn promises to make a posting on an MLS advertising the Property for sale at the price of $2,999,999.00. In exchange, Central Realty Advisors and Fair Realty Inc. requests that the Court approve that for the MLS listing that costs $30, fees in the projected amount of $149,999.95 (which is 5% of the sale price).

Further, there is no requirement that Central Realty Advisors and Fair Realty Inc. be "the procuring cause" for a sale. The deal struck by the Debtor is that no matter how or why the property is sold, that Central Realty Advisors and Fair Realty Inc. still receive the full commission even though it was not the procuring cause for the sale (i.e a drive-by unsolicited offer by a neighbor).

### B. LEGAL AUTHORITY

11 USC § 327 guidelines control employment of professionals including real estate brokers. Real estate brokers selling bankruptcy estate property on commission are 'professional persons' subject to § 327. *In re Cummins* (BC CD CA 1981) 8 B.R. 701, 702, rev'd on other grounds (9th Cir. BAP 1981) 15 B.R. 893.

Central Realty Advisors and Fair Realty Inc. do not admit any familiarity with the bankruptcy process. Central Realty Advisors and Fair Realty Inc. does not claim nor is there any evidence that it has conducted or even assisted in sale of real estate through the bankruptcy court system. Central Realty

Advisors and Fair Realty Inc. does not declare that it possesses someone familiar with the bankruptcy court system on how to facilitate transactions through the bankruptcy court.

An additional significant shortcoming of Central Realty Advisors and Fair Realty Inc. is that it is requiring that payment be made it no matter if it is the "procuring cause" for the sale of the property or not. The Estate would have to tender roughly $150,000 simply because of a $30 MLS posting. The Court should not approve an application that does not require that Central Realty Advisors and Fair Realty Inc. establish that it is the "procuring cause" before it is entitled to any renumeration. *F/S Airlease II, Inc. v. Simon* (3rd Cir. 1988) 844 F.2d 99, 108-109--leasing agent who "procured" lessee for debtor's aircraft would have been entitled to some compensation but denied for failure to obtain court approval of employment.

Further, Central Realty Advisors and Fair Realty Inc. does not state that it is going to undertake anything substantial in order to justify an "exclusive listing." An exclusive listing has benefits but has attenuating duties as well and Central Realty Advisors and Fair Realty Inc. does not announce that it will do anything above and beyond posting the property for sale on the MLS.

Law and common sense prohibits an exclusive listing that brings no extra advantages to the Estate. "Exclusive agency contracts are commonplace in the real estate field. Real estate sales brokers almost invariably ask owners desiring to sell for an exclusive listing period. In return, the broker expressly or impliedly contracts to exert special efforts to secure an acceptable buyer. To this end, he is expected to expend time and money in advertising and promoting the property. If he fails to secure a buyer, the agent loses not only his time but his money. Owners generally sign exclusive real estate "listing" contracts because they provide valuable benefits to the owner. The expense of advertising and promoting is shifted to the broker. During the exclusive period, the owner is assured that the broker will spend a significant amount of time and effort that is specifically calculated to sell the owner's property. In short, an exclusive listing contract provides benefits to and places corresponding burdens on both parties." *Browning v. Johnson,* 729 S.W.2d 331, 336-37 (Tex. App. 1987).

Central Realty Advisors and Fair Realty Inc. provides no assurance that it is qualified to conduct a transaction in the bankruptcy court, justify its request for an exclusive listing, or provide a business

judgment exemption that would make sense to pay Central Realty Advisors and Fair Realty Inc. whether or not it was the procuring cause for the sale of the property.

The Court should DENY the Application of Employment of Central Realty Advisors and Fair Realty Inc. on the terms provided.

## C.  THE LISTING AGREEMENT DOES NOT MAKE SENSE AS THE CASE MUST BE CONVERTED OR DISMISSED BY THE TIME THAT THE MOTION TO APPROVE EMPLOYMENT IS HEARD

Subchapter V does not provide for any proceeding to last past 90-days without a substantial showing of good cause; the Debtor has shown no cause.

"Subchapter V, [] requires a debtor to file a plan not later than 90 days after the order for relief [which was on June 1, 2020; §1188(a)]. [] Here, the order for relief was entered on [June] 1, 2020. By the time that the Application is heard, the Debtor will be in default of the requirements of both Sections 1188(a) and 1189(b)." *In re Seven Stars On Hudson Corp.*, No. 19-17544-SMG, at *5 (Bankr. S.D. Fla. Aug. 7, 2020).  The case must thereafter be converted or dismissed.

"Further, Bankruptcy Code section 1112(b)(4)(J) provides that a debtor's failure to file a disclosure statement or to file or confirm a plan within the time fixed by the Bankruptcy Code constitutes cause for dismissal of this case." 11 U.S.C. § 1112(b)(4)(J).  *In re Seven Stars On Hudson Corp.,* , at *6 (Bankr. S.D. Fla. Aug. 7, 2020).

> "Subchapter V by its very nature is intended to be an expedited process. It
> provides qualifying debtors with some powerful and cost-saving
> restructuring tools not otherwise available to Chapter 11 debtors. Among
> these benefits are: (1) elimination of the absolute priority rule, which allows
> equity holders to retain their ownership interests without paying all
> creditors in full; (2) no mandatory appointment of a creditors committee; (3)
> no mandatory requirement to file a disclosure statement; (4) appointment of
> a Subchapter V trustee to assist in developing a consensual plan, while
> leaving the debtor in possession of its assets and in control of its business;

(5) the exclusive right (which cannot be terminated) to file a plan; (6) the ability to modify a claim secured only by a security interest in the debtor's principal residence, if new value received in connection with granting the security interest was used primarily in connection with the debtor's business and not primarily to acquire the property; (7) the ability to confirm a plan even if all classes reject the plan; (8) the ability to pay administrative expenses over time under a plan; (9) modification of the disinterestedness requirements of Section 327(a) for a professional that holds a prepetition claim of less than $10,000; and (10) elimination of the requirement to pay quarterly U.S. Trustee fees.

These extraordinary powers and cost-saving provisions granted to small business debtors are certainly laudable and are both helpful and necessary in making Chapter 11 more affordable for small businesses. But 'the overall purpose and function of the Bankruptcy Code is to strike a balance between creditor protection and debtor relief.' And to balance the special new powers available to small business debtors, Congress granted creditors a very important protection: the requirement that a Subchapter V case proceed expeditiously. In furtherance of that creditor protection, Subchapter V requires the court to conduct a status conference within 60 days of the order for relief; requires the debtor to file a status report 14 days before that status conference; and requires the debtor to file a plan within 90 days of the order for relief. As with many other deadlines in the Bankruptcy Code, these deadlines can be extended. But, for a court to grant an extension, the court must find that the "need for the extension is attributable to circumstances for which the debtor should not justly be held accountable."

*In re Seven Stars On Hudson Corp.*, at 9, quoting *In re Travel 2000, Inc.,* 264 B.R. 444, 448 (Bankr. W.D. Mich. 2001).

**D. CONCLUSION**

    **WHEREFORE**, the Creditor respectfully requests that the Court deny the Application to Employ as it is unjustified.  The undersigned will gladly list the Property for Sale on the MLS for $30 and save the Estate $149,969.95.

                                          Respectfully submitted,

DATED: August 20, 2020                THE SANDS LAW GROUP, APLC

                                          By: _____
                                              Thomas D. Sands, Esq.
                                              Attorney for Creditor THE SANDS LAW GROUP, APLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:205 South Broadway #903, Los Angeles, CA 90012

A true and correct copy of the foregoing document entitled (*specify*): OPPOSITION TO APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY CENTRAL REALTY ADVISORS AND FAIR REALTY
INC. AS REAL ESTATE BROKER [DOC 127] will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 8-20-2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Katherine Bunker kate.bunker@usdoj.gov
☐ John Burgee jburgee@bandalaw.net
☐ Caroline Renee Djang (TR) caroline.djang@bbklaw.com,
C190@ecfcbis.com;sansanee.wells@bbklaw.com;wilma.escalante@bbklaw.com
☐ David B Golubchik dbg@lnbyb.com, stephanie@lnbyb.com
☐ Juliet Y Oh jyo@lnbrb.com, jyo@lnbrb.com
☐ Thomas D Sands thomas@thesandslawgroup.com, thomas@thesandslawgroup.com
☐ David A Tilem davidtilem@tilemlaw.com,
DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;
DianaChau@tilemlaw.com
☐ United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov

                                                                                    X    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 8-20--2020 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Gina Lisitsa, Esq.
9107 Wilshire Boulevard, Suite 450
Beverly Hills, California 90210
Telephone: (310) 272-7766
Facsimile: (424) 744-4141
Email: glisitsa@gmail.com

**Lisitsa COUNSEL:**
Lisa D. Angelo
Murchison & Cummings LLP
801 South Grand Avenue, 9th Floor,
Los Angeles, CA 90017
Telephone: (213) 630-1023

Michael Masinovsky +
Winterhuder weg 110
22085 Hamburg, Germany
Telephone: +49 176 47179099
Email: mmasinovsky@aol.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                              **F 9013-3.1.PROOF.SERVICE**

Facsimile: (213) 623-6336
Email: langelo@murchisonlaw.com

          X   Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 8-20-2020 I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Victoria S. Kaufman
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 354 / Courtroom 301
Woodland Hills, CA 91367

Michael Masinovsky +
Winterhuder weg 110
22085 Hamburg, Germany
Telephone: +49 176 47179099

          X Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8-20--2020 | Thomas Sands, Esq. | *[signature]* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                           **F 9013-3.1.PROOF.SERVICE**