DAVID B. GOLUBCHIK (SBN 185520)
JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYB.COM; JYO@LNBYB.COM

Proposed Attorneys for Chapter 11 Debtor and
Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>LEV INVESTMENTS, LLC,<br><br>    Debtor. | Case No. 1:20-bk-11006-VK<br><br>Chapter 11<br><br>**SUPPLEMENTAL OPPOSITION TO "*EMERGENCY MOTION TO RECUSE DAVID GOLUBCHIK AND THE LAW FIRM OF LEVENE, NEALE, BENDER, YOO & BRILL LLP, FROM ALL FURTHER PARTICIPATION IN THIS CASE, ALL RELATED CASES, AND FOR AN ORDER DISGORGING ALL FUNDS RECEIVED BY THE FIRM DUE TO UNDISCLOSED CONFLICTED REPRESENTATION OF THE DEBTOR IN RE WEIBEL, INC. (9TH CIR. BAP 1994) 176 B.R. 209*" AND REQUEST TO STRIKE DECLARATIONS; DECLARATION OF DAVID B. GOLUBCHIK IN SUPPORT THEREOF**<br><br><u>Status Conference:</u><br>Date:  September 10, 2020<br>Time:  1:30 p.m.<br>Place:  Courtroom "301"<br>         21041 Burbank Boulevard<br>         Woodland Hills, California 91367 |

Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB"), proposed counsel for Lev Investments, LLC, the debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case (the "Debtor"), respectfully files this supplemental opposition to that certain *Emergency Motion To Recuse David Golubchik And The Law Firm Of Levene, Neale, Bender, Yoo & Brill LLP, From All Further Participation In This Case, All Related Cases, And For An Order Disgorging All Funds Received By The Firm Due To Undisclosed Conflicted Representation Of The Debtor In Re Weibel, Inc. (9th Cir. BAP 1994) 176 B.R. 209"* [Doc. No. 56] (the "Recusal Motion"), and request to strike the declarations of Mariya Ayzenberg and Mike Kemel filed in support of the Recusal Motion.

The Recusal Motion was based on the allegations that LNBYB and David Golubchik (a partner of LNBYB) represented Mariya Ayzenberg and Mike Kemel, individually, and based on such representation, an actual conflict exists, warranting immediate recusal of LNBYB as counsel to the Debtor.  The "evidence" submitted in support of the Recusal Motion consists of declarations of Ms. Ayzenberg and Mr. Kemel alleging the foregoing, as well as attaching an engagement agreement pursuant to which a company by the name of Aykem, LLC engaged LNBYB to represent it in connection with a Chapter 13 bankruptcy case before the Honorable Vincent P. Zurzolo, although the name "Aykem, LLC" was conveniently redacted from the engagement agreement.

LNBYB filed an opposition to the Recusal Motion [Doc. No. 71] and a declaration from Mr. Golubchik [Doc. No. 61] providing evidence that LNBYB never represented Ms. Ayzenberg or Mr. Kemel based on a review of LNBYB emails, conflict searches, client files and other communications and documents.  Ms. Ayzenberg and Mr. Kemel did not set or request a hearing on the Recusal Motion at the time such motion was filed.  At a hearing conducted in the Debtor's case on July 16, 2020, the Court set a hearing on the Recusal Motion for August 27, 2020 at 1:30 p.m. so that the Recusal Motion could be heard concurrently with the Debtor's pending application to employ LNBYB as bankruptcy counsel (to which application Ms. Ayzenberg and Mr. Kemel have also objected).  At the July 16, 2020 hearing, LNBYB advised the Court that LNBYB intended to conduct discovery in connection with the Recusal Motion.  The Court advised all parties that, notwithstanding such discovery, the hearing on the Recusal Motion set for August 27, 2020 would not be an evidentiary hearing and no live testimony would be provided.

2

Immediately after the July 16, 2020 hearing, LNBYB prepared deposition notices which included document production requests to Ms. Ayzenberg and Mr. Kemel, and such notices were personally served on Michael Shemtoub, counsel for Ms. Ayzenberg and Mr. Kemel (as well as served via overnight mail). The requested documents were required to be produced to LNBYB by August 17, 2020 and the depositions were scheduled to proceed on August 18, 2020. No objections to the document production requests were asserted, thereby waiving any and all objections, and no documents were provided. On August 18, 2020, LNBYB promptly filed its motion to compel discovery (the "Motion to Compel") and sought a hearing on the Motion to Compel on shortened time based upon the fact that LNBYB's further response to the Recusal Motion was required to be filed on August 20, 2020. The Court denied the application for a hearing on shortened notice and set the hearing on the Motion to Compel for September 10, 2020. The Court's order denying the application for a hearing on shortened notice did not address the current August 20, 2020 deadline to respond to the Recusal Motion. As a result, LNBYB files this supplemental opposition without the benefit of the discovery that it properly noticed and sought from Ms. Ayzenberg and Mr. Kemel, which discovery LNBYB submits it is still entitled to.

While LNBYB has addressed the relevant issues in its prior pleadings, LNBYB seeks to point out the threshold question which the moving parties appear to have ignored – if LNBYB does not represent an interest adverse to the moving parties, there is no need to consider whether LNBYB ever represented the moving parties in the past (which LNBYB nevertheless submits it did not). Specifically, if LNBYB did not represent the Debtor against Ms. Ayzenberg or Mr. Kemel, the alleged conflict is nothing more than a "red herring" that is totally irrelevant to the Debtor's case.

As the Court is aware, prior to the Petition Date, and prior to LNBYB's involvement, the Debtor and Ms. Ayzenberg were parties to litigation, which was settled with prejudice. As a result, Ms. Ayzenberg was not a creditor of, or adverse party to, the Debtor when this case was commenced. LNBYB removed that state court lawsuit to remove the *lis pendens* recorded by Ms. Ayzenberg against the Debtor's real property and not to pursue claims against, or defend claims by, Ms. Ayzenberg, since no such claims existed. When the Debtor learned that the *lis pendens* was

finally removed, the Debtor consented to remand. No position was taken adverse to Ms. Ayzenberg. As a result, an analysis of whether Ms. Ayzenberg was a client of LNBYB is not necessary.

Mr. Kemel does not even have the history that Ms. Ayzenberg has. The Debtor has never been in litigation with Mr. Kemel. Mr. Kemel was not a creditor of the Debtor and did not assert any claims against the Debtor. To the extent that Mr. Kemel is named in any litigation, it is litigation commenced by parties other than the Debtor. Based on the foregoing, an analysis of whether Mr. Kemel was ever a client of LNBYB is also not necessary.

After the July 16, 2020 hearing (when the Court set the hearing on the Recusal Motion), both Ms. Ayzenberg and Mr. Kemel filed proofs of claim in the Debtor's case, but both proofs of claim lack any evidentiary support or explanation. As a result, the Debtor has filed objections to such proofs of claim. However, at the time that the Debtor's case was commenced and at the time that the Recusal Motion was filed, neither Ms. Ayzenberg nor Mr. Kemel had any adverse relationship with the Debtor.

Even if the two individuals are creditors of the Debtor (which the Debtor disputes) or adverse parties of the Debtor, such positions still do not disqualify LNBYB as bankruptcy counsel to the Debtor. The previously filed declaration of David Golubchik and LNBYB's initial opposition to the Recusal Motion discuss in detail the analysis and research conducted by LNBYB and the findings made with respect to Ms. Ayzenberg and Mr. Kemel. Specifically, a thorough search of LNBYB's email server, client records, client correspondence, pleadings and conflict records revealed that LNBYB never represented Ms. Ayzenberg or Mr. Kemel and never provided any legal advice of any kind to the two individuals.

The only connection of any kind is Gina Lisitsa's request that LNBYB represent Aykem, LLC in connection with an unrelated Chapter 13 bankruptcy case. A true and correct copy of the engagement agreement with Aykem, LLC (unredacted) is attached hereto as **Exhibit "A"**. The introductory paragraph of the engagement agreement clearly identifies Aykem, LLC as the "Client". Paragraph 2 of the engagement agreement clearly limits that scope of representation to a Chapter 13 bankruptcy case before Judge Zurzolo. Paragraph 6 of the engagement agreement clearly provides that LNBYB's employment is limited to the Client and separate and distinct from agents, employees

and family members.  There can be no conclusion or even inference from the engagement agreement that LNBYB agreed to represent Ms. Ayzenberg or Mr. Kemel in addition to Aykem, LLC when the agreement expressly states the contrary.  Consistent with the agreement, Aykem, LLC funded a $5,000 retainer payment to LNBYB via an Aykem, LLC check with specific reference to the Chapter 13 case at issue.  *See* **Exhibit "B"** hereto.  Again, there is no reference to any other representation.

LNBYB is entitled to conduct discovery, including the depositions of, and production of documents that it requested from, Ms. Azyenberg and Mr. Kemel.  Although properly initiated, the moving parties have failed to comply with their obligations to respond to such discovery.  Based on the foregoing, it would be appropriate to strike the declarations submitted by Ms. Ayzenberg and Mr. Kemel in support of the Recusal Motion and to not consider them for any purposes.  Alternatively, such moving parties and declarants should be compelled to comply with their discovery obligations in connection with a contested matter that they themselves initiated.  Finally, even based on the current record, the moving parties have not carried their burden of proof and the Recusal Motion should therefore be denied.

**WHEREFORE**, LNBYB respectfully requests that the Court enter an order:

(1)  Striking the declarations of Mariya Ayzenberg and Mike Kemel submitted in support of the Recusal Motion;

(2)  Denying the Recusal Motion in its entirety; and

(3)  Granting such further and additional relief as the Court deems just and proper.

Dated: August 20, 2020         LEV INVESTMENTS, LLC

By:    /S/ *David B. Golubchik*
     DAVID B. GOLUBCHIK
     JULIET Y. OH
     LEVENE, NEALE, BENDER, YOO
       & BRILL L.L.P.
     Proposed Attorneys for Chapter 11 Debtor and
     Debtor in Possession

### DECLARATION OF DAVID B. GOLUBCHIK

I, DAVID B. GOLUBCHIK, hereby declare as follows:

1. I am the Manager of Lev Investments, LLC, the debtor and debtor-in-possession herein (the "Debtor"), and I am therefore familiar with the financial affairs of the Debtor. I have personal knowledge of the facts set forth below and, if called to testify as a witness, I could and would competently testify thereto.

2. I am over 18 years of age. Except where otherwise stated, I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

3. I am licensed to practice law in California state courts and before this Court. I am a partner of the law firm of Levene, Neale, Bender, Yoo & Brill L.L.P ("LNBYB"), proposed counsel to Lev Investments, LLC, the Debtor and debtor in possession herein (the "Debtor").

4. I submit this declaration in support of the supplemental opposition (the "Supplemental Opposition") to that certain *Emergency Motion To Recuse David Golubchik And The Law Firm Of Levene, Neale, Bender, Yoo & Brill LLP, From All Further Participation In This Case, All Related Cases, And For An Order Disgorging All Funds Received By The Firm Due To Undisclosed Conflicted Representation Of The Debtor In Re Weibel, Inc. (9th Cir. BAP 1994) 176 B.R. 209"* (the "Recusal Motion") and request to strike the supporting declarations of Mariya Ayzenberg and Mike Kemel, to which Supplemental Opposition this declaration is attached. I have reviewed the Supplemental Opposition and submit that the facts and statements set forth therein of which I have personal knowledge are true and accurate.

5. A true and correct copy of LNBYB's engagement agreement with Aykem, LLC is attached hereto as **Exhibit "A"**. A true and correct copy of the check used by Aykem, LLC to fund the retainer is attached hereto as **Exhibit "B"**.

6. At no time was LNBYB requested to, nor did LNBYB agree to, represent Mariya Ayzenberg or Mike Kemel. At no time did LNBYB receive any personal or confidential information from Mariya Ayzenberg or Mike Kemel. At no time did LNBYB provide any advice of any kind to Mariya Ayzenberg or Mike Kemel.

1 | I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 20th day of August, 2020, at Los Angeles, California.

                                                    */S/ David B. Golubchik*
                                            DAVID B. GOLUBCHIK

# EXHIBIT "A"

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
LAW OFFICES

**LNBY&B**

March 20, 2019

Aykem, LLC
Mike Kemel, Manager
PO Box 16353
Encino, CA 91416

   Re: **Engagement Agreement**

Dear Mr. Kemel:

It is our practice and to our mutual benefit to have a written understanding setting forth the basis of the services that we are expected to provide to Aykem, LLC (the "Client"), and the basis for the payment of our fees, so that there may be no misunderstanding of the nature and scope of our employment and method of compensation. In addition, this letter is intended to ensure that the Client has sufficient information to make an informed decision as to whether to consent to the terms and conditions set forth below.

  This legal services agreement ("Agreement") is entered into by and between the Client and Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB").

  1. **CONDITIONS.** This Agreement will not take effect and LNBYB will have no obligation to provide legal services, until Client returns a signed copy of this Agreement and the initial retainer payment provided for in Section 3 below.

  2. **SCOPE AND DUTIES.** LNBYB is to serve as counsel to advise Client and to render such ordinary and necessary legal services as may be required in connection with representing Client in the Chapter 13 bankruptcy case of Kamieshwar Upadhya, Case No. 2-19-bk-12049 (the "Case").

  Because LNBYB's practice is limited exclusively to matters of bankruptcy, insolvency and business reorganization, LNBYB will not be required to render substantive legal advice beyond those areas. Moreover, LNBYB may require more legal staffing assistance than its manpower availability permits internally. Therefore, it may be necessary for the Client, subject to the agreement of the Client, to retain such additional counsel as may be necessary in order to assist LNBYB in connection with matters which LNBYB feels are beyond its substantive legal expertise and/or staffing capability.

---

DAVID B. GOLUBCHIK ATTORNEY AT LAW ■ EMAIL: DBG@LNBYB.COM ■ DIRECT: 310.229.3393
10250 CONSTELLATION BLVD., STE 1700, LOS ANGELES, CA 90067 ■ TEL: 310.229.1234 FAX: 310.229.1244 WWW.LNBYB.COM

LNBY & B

Aykem, LLC
Mike Kemel, Manager
March 20, 2019
Page 2

Finally, LNBYB is being employed by the Client, and not any other parties such as any partnerships, corporations or their officers, directors, shareholders, employees and/or guarantors; such other parties should consult their own independent counsel.

3. **FEE PROCEDURES.** A retainer in the amount of $5,000 will be required. Notwithstanding the foregoing, Client hereby agrees that Client will be liable and obligated to LNBYB for the full amount of the fees and expenses incurred by LNBYB in connection with representing Client and will promptly pay bills received from LNBYB. Client hereby agree to pay directly any expenses that LNBYB actually incurs on Client's behalf through use of outside services including, but not limited to, filing fees, mailing labels, outside photocopying and postage charges, title searches and county recorder searches. LNBYB will forward to Client any invoices received from such third parties which Client hereby agree to pay promptly.

If LNBYB is required or requested by Client to make use of third party service providers, including, without limitation, court reporters, appraisers, copy services, data management companies or financial printers, LNBYB shall advise such service providers that the services to be rendered shall be for Client's account and on Client's behalf, and that Client should be billed directly for such services. Any invoices received by LNBYB from third party service providers shall immediately be forwarded to Client for payment, and Client agrees that such invoices shall be promptly paid.

4. **STATEMENTS.** LNBYB shall send to Client at the address set forth above monthly statements reflecting the fees and costs incurred in connection with the services rendered on behalf of the Client. Statements will contain a concise, meaningful description of the services rendered; the name, rate and hours billed for each lawyer or other person whose rates compose the fee; and a list of disbursements and the charge. You shall have the opportunity to review all such fees and costs and, if following such review, you do not notify LNBYB of any questions or concerns regarding the fees and costs reflected on a particular monthly statement, you shall be deemed to have approved the fees and costs reflected on each such monthly statement.

5. **HOURLY RATES.** Client hereby agrees to pay the fees and costs incurred by LNBYB on your behalf as computed in accordance with LNBYB's standard billing practices. LNBYB's fees will be calculated in part using its guideline hourly rates for attorneys and paraprofessionals which currently range from $100 to $625 per hour and are subject to change from time to time. My hourly rate is $625. LNBYB will give prior notice to Client of changes in billing rates. Costs chargeable to Client include, but are not limited to, 20 cents per page for in-house photocopying, $1 dollar per page for sending telecopies and 20 cents per page for receiving telecopies, LNBYB's actual out-of-pocket cost for use of on-line computerized legal research, messenger service and court reporters, and $40 per hour for LNBYB's use of its bankruptcy CD Rom data base.

Aykem, LLC
Mike Kemel, Manager
March 20, 2019
Page 3

      6.    **CONFLICT OF INTEREST.** LNBYB's employment shall be limited to the representation of the Client, separate and distinct from Client's companies, agents, employees, family members and others. LNBYB cannot represent or advise others in connection with the matters for which it is being retained. Therefore, such parties as partnerships, corporations, guarantors and affiliates, for example, should consider retaining separate counsel to represent and provide such advice as may be necessary or appropriate from time to time.

      Client has been advised that LNBYB, because of the specialized nature of its practice, may from time to time concurrently represent one client in a particular case and the adversary of that client in an unrelated case. For example, it is possible that LNBYB may have represented one or more of the parties with whom you ordinarily do business in the past or at present in connection with other matters. We have not undertaken an extensive review of your business or financial affairs and thus we are not aware if this pertains. Please be assured that, despite such potential conflicting representation, LNBYB strictly preserves all client confidences and zealously pursues the interest of each client, including in those circumstances in which LNBYB represents the adversary of an existing client. Client specifically waives any objections to any such present concurrent representation.

      7.    **DISCHARGE AND WITHDRAWAL.** Client may discharge LNBYB at any time on written notice; however, Client's discharge of LNBYB shall not relieve Client of the obligation to pay any of the amounts owing to LNBYB as set forth in paragraphs 3 and 5, above, for services rendered prior to such discharge. LNBYB may withdraw with Client's consent or for good cause. Good cause includes, but is not limited to, breach of this Agreement by Client, Client's refusal to cooperate with LNBYB or to follow LNBYB's advice on a material matter, or any other fact or circumstance that would render LNBYB's continuing representation unlawful, unethical or otherwise inconsistent with what LNBYB believes to be appropriate under the circumstances. In addition, during the term of LNBYB's retention by Client, Client shall be truthful with LNBYB, cooperate with LNBYB, and keep LNBYB informed of all developments affecting Client that are relevant to the matters for which LNBYB has been retained. Client shall provide LNBYB with all relevant financial, legal or other requested documentation, abide by this Agreement and keep LNBYB advised of Client's current address, telephone number and whereabouts.

      8.    **INSURANCE COVERAGE.** As required under California Business and Professions Code § 6148, Client is hereby advised that LNBYB maintains errors and omissions insurance coverage to the extent applicable to the services to be rendered as described herein.



Aykem, LLC
Mike Kemel, Manager
March 20, 2019
Page 4

9. **DISCLAIMER OF WARRANTY.** Nothing in this Agreement and nothing in LNBYB's statements to Client will be construed as a promise or warranty about the outcome of Client's matter. LNBYB makes no such promise or warranty as to the results to be accomplished in any legal proceeding involving Client. Client further acknowledges and agrees that no estimate of the fees and charges to be incurred on Client's behalf shall be binding, or in any way limiting, upon LNBYB, and Client understands and agrees that Client shall be liable for all fees and costs incurred by LNBYB under this Agreement on Client's behalf.

10. **ENTIRE AGREEMENT.** This Agreement constitutes the complete agreement between LNBYB and Client concerning the terms of Client's employment of LNBYB, and supersedes all prior or contemporaneous statements, discussions and agreements between you and LNBYB.

11. **ARBITRATION**. The parties hereto agree that any dispute relating to the fees and/or costs charged by LNBYB under this Agreement shall be submitted to binding arbitration before the Los Angeles County Bar Association pursuant to California Business and Professions Code § 6200, et seq., or, should that organization decline to arbitrate the dispute, before the State Bar of California pursuant to California Business and Professions Code § 6200, et seq. Any other dispute (other than with respect to the fees and/or costs charged by LNBYB under this Agreement) between the parties hereto arising out of or relating to this Agreement or LNBYB's professional services rendered to or for Client, shall be resolved by binding arbitration before the American Arbitration Association in Los Angeles, California, in accordance with the Commercial Rules of the American Arbitration Association prevailing at the time of the arbitration.

12. **ATTORNEYS FEES AND PREVAILING LAW.** If there is litigation or arbitration to enforce this Agreement, the prevailing party will be entitled to reasonable attorneys' fees and costs. California law shall apply in connection with this Agreement.

LNBYB has advised you to obtain independent legal advice regarding this Agreement. By executing this Agreement, you hereby acknowledge that you have either obtained such independent legal advice or knowingly waived the benefit of such independent legal advice.

LNBY&B

Aykem, LLC
Mike Kemel, Manager
March 20, 2019
Page 5

      If you are in agreement with the foregoing, please execute this Agreement in the space provided below and return it to me; if not, kindly contact us immediately.

                Very truly yours,

                LEVENE, NEALE, BENDER, YOO
                    & BRILL L.L.P.

By: _____
        DAVID B. GOLUBCHIK, Partner

      You acknowledge that you have read and fully understood all of the terms and conditions of this Agreement before you signed it. You acknowledge that you have had an opportunity to ask any questions and seek any clarification necessary to understand and approve this Agreement. You are entitled to and encouraged to seek the advice of independent counsel (at your own expense) if you have any questions or concerns regarding the terms of this Agreement. By executing below, you agree to all the terms and conditions of this Agreement.

THE FOREGOING IS APPROVED AND
AGREED TO:

Aykem, LLC

By: _____
    Mike Kemel
    Its Manager

**EXHIBIT "B"**

| | | |
|---|---|---|
| Rec# 6181 Seq# 1 Banker mcemedyan | | |

**DEPOSIT**  FIRST REPUBLIC BANK
It's a privilege to serve you®

| | | DOLLARS | CENTS |
|---|---|---|---|
| DATE 3/21/2019 | NAME Levene, Neale, Bender, Yoo & Brill LLP | CASH | |
| ADDRESS / CITY / STATE / ZIP | | On-Us CHECKS | |
| SIGN HERE ONLY IF CASH IS RECEIVED X | | Checks | $5,000.00 |
| | | SUBTOTAL | $5,000.00 |
| | | LESS CASH RECEIVED | |
| ACCOUNT NUMBER 99700014931 | | TOTAL $ | $5,000.00 |

⑆5100⑆1669⑉    997000⑆4931⑈    ⑆500000⑆

03/21/2019   997000149   $5,000.00
41310000013794

---

**AYKEM LLC**
4923 LINDLEY AVE
TARZANA, CA 91356                                         1072

DATE 3/20/19                                              90-7172/3222

PAY TO THE ORDER OF  Levene, Neale, Bender, Yoo & Brill LLP    $ 5,000 00

Five Thousand ————————————————————————— DOLLARS

citibank®
CITIBANK, N.A.

FOR BK 2:19-bk-12043-VZ

⑆001072⑆  ⑈322271724⑈  20696658 2⑈

03/21/2019   1072   $5,000.00
41310000013795

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **SUPPLEMENTAL OPPOSITION TO "*EMERGENCY MOTION TO RECUSE DAVID GOLUBCHIK AND THE LAW FIRM OF LEVENE, NEALE, BENDER, YOO & BRILL LLP, FROM ALL FURTHER PARTICIPATION IN THIS CASE, ALL RELATED CASES, AND FOR AN ORDER DISGORGING ALL FUNDS RECEIVED BY THE FIRM DUE TO UNDISCLOSED CONFLICTED REPRESENTATION OF THE DEBTOR IN RE WEIBEL, INC. (9TH CIR. BAP 1994) 176 B.R. 209*" AND REQUEST TO STRIKE DECLARATIONS; DECLARATION OF DAVID B. GOLUBCHIK IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 20, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Lisa D Angelo**  langelo@murchisonlaw.com, cthomas@murchisonlaw.com
- **Katherine Bunker**  kate.bunker@usdoj.gov
- **John Burgee**  jburgee@bandalaw.net
- **Caroline Renee Djang (TR)**  caroline.djang@bbklaw.com, C190@ecfcbis.com;sansanee.wells@bbklaw.com;wilma.escalante@bbklaw.com
- **James R Felton**  jfelton@gblawllp.com, nknadjian@gblawllp.com
- **David B Golubchik**  dbg@lnbyb.com, stephanie@lnbyb.com
- **Juliet Y Oh**  jyo@lnbrb.com, jyo@lnbrb.com
- **Thomas D Sands**  thomas@thesandslawgroup.com, thomas@thesandslawgroup.com
- **Michael Shemtoub**  michael@lexingtonlg.com
- **David A Tilem**  davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;DianaChau@tilemlaw.com
- **United States Trustee (SV)**  ustpregion16.wh.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **August 20, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 20, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*None.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 20, 2020 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          **F 9013-3.1.PROOF.SERVICE**