DAVID B. GOLUBCHIK (SBN 185520)
JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYB.COM; JYO@LNBYB.COM

Attorneys for Chapter 11 Debtor and
Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>LEV INVESTMENTS, LLC.,<br><br>Debtor. | Case No. 1:20-bk-11006-VK<br><br>Chapter 11<br>(Subchapter V)<br><br>**DEBTOR'S SECOND CHAPTER 11 STATUS REPORT; DECLARATION OFF DMITRI LIOUDKOUSKI IN SUPPORT THEREOF**<br><br>Status Conference:<br>Date: September 17, 2019<br>Time: 1:30 p.m.<br>Place: Courtroom "301"<br>       21041 Burbank Boulevard<br>       Woodland Hills, California 91367 |

1

TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE, THE SUBCHAPTER V TRUSTEE, THE OFFICE OF THE UNITED STATES TRUSTEE, ALL SECURED CREDITORS, TWENTY LARGEST UNSECURED CREDITORS, AND ALL PARTIES WHO HAVE REQUESTED SPECIAL NOTICE IN THIS CASE:

Lev Investments, LLC, the debtor and debtor-in-possession in the above-captioned chapter 11 bankruptcy case (the "Debtor"), hereby files this second status report ("Status Report") in advance of the continued chapter 11 status conference scheduled on September 17, 2020.

## I.

## BACKGROUND AND POST-PETITION OPERATIONS

The Debtor commenced this bankruptcy case by filing a Voluntary Petition for relief under chapter 11 of the Bankruptcy Code and elected subchapter V on June 1, 2020 (the "Petition Date"). Since the Petition Date, the Debtor has managed its financial affairs and operated its bankruptcy estate as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

The Debtor is a hard money lender whose debts are secured by real properties. When necessary, the Debtor proceeds with foreclosures and sale of properties which serve as collateral for its loans.

As of the Petition Date, the Debtor had two primary assets. First, the Debtor is the holder and beneficiary of a deed of trust (the "Coachella Deed") recorded against real property (vacant land) located in Coachella, California [APN 697-330-002-4] (the "Coachella Property"), which is owned by Coachella Vineyard Luxury RV Park, LLC ("Coachella Vineyard"). The Coachella Deed secures Coachella Vineyard's obligations to repay a loan provided by the Debtor in the principal sum of $2,000,000. The current balance of the loan secured by the Coachella Property is in excess of $2,500,000. Pre-petition, the Debtor foreclosed on the Coachella Property. Learning that the foreclosure by the foreclosure trustee was effectuated improperly, the Debtor

1  rescinded its trustee's deed upon foreclosure and has renewed its foreclosure efforts. The Debtor
2  believes that the Coachella Property has a value in excess of the debt owed to the Debtor and that
3  the obligation secured by the Coachella Deed will either be repaid in full at the foreclosure sale
4  or the Debtor will foreclose on the Coachella Property and, thereafter, sell it.
5        The Debtor's second primary asset is the residential real property located at 13854 Albers
6  Street, Sherman Oaks, California 91401-5811 [APN 2247-013-001] (the "Albers Property").

## II.

## COMPLIANCE AND OTHER ADMINISTRATIVE MATTERS

9        The Debtor timely filed its bankruptcy schedules and Statement of Financial Affairs, and
10 subsequently filed amendments to Schedule F and the List of Creditors Who Have the 20 Largest
11 Unsecured Claims And Are Not Insiders. The Debtor also timely filed its 7-Day Package with
12 the Office of the United States Trustee, and subsequently filed three supplements thereto. The
13 Debtor believes that it is in compliance with all applicable requirements under 11 U.S.C. §§ 521,
14 1116, and 1187.
15       The Debtor appeared at the Section 341(a) meeting of creditors conducted in its case on
16 June 23, 2020.
17       Shortly after the Petition Date, the Debtor opened its debtor-in-possession general
18 operating bank account at 1st Century Bank (the "DIP Account"). All of the funds contained in
19 the Debtor's pre-petition bank accounts as of the Petition Date, in the total sum of $49,484.10,
20 have been deposited into the Debtor's DIP Account. Following the Petition Date, the Debtor has
21 not generated any income and has not received any monies other than a $250,000 Court-
22 approved settlement payment received from Certain Underwriters of Lloyd's of London (the
23 "Settlement Payment"). The Debtor paid the sum of $75,000 from the Settlement Payment to
24 Nodd Law Group (the Debtor's Court-approved special litigation counsel), which sum represents
25 the 30% contingency fee that was approved by the Court. Other than the foregoing payment to
26 Nodd Law Group, the Debtor has not made any disbursements following the Petition Date.

3

Case 1:20-bk-11006-VK Doc 162 Filed 09/02/20 Entered 09/02/20 13:28:48 Desc
Main Document Page 4 of 16

1  The Debtor has obtained an extension to file its 2019 income tax return, and intends to
2  file such income tax return by the extended deadline of October 15, 2020.
3  The Debtor has paid the secured property taxes due for the Albers Property and is
4  therefore current on the payment of such property taxes.

## III.

## EMPLOYMENT OF PROFESSIONALS

On June 10, 2020, the Debtor filed an application seeking to employ Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB") as its bankruptcy counsel. Objections to such application were filed by Sands Law Group, APLC ("Sands Law") and Mariya Ayzenberg and Mike Kemel (together, the "Kemel Parties"). At a hearing held on August 27, 2020, the Court overruled the objections filed by Sands Law and the Kemel Parties, and approved the Debtor's application to employ LNBYB as bankruptcy counsel. A written order approving LNBYB's employment has been lodged with the Court.

On June 19, 2020, the Debtor filed an application seeking to employ Nodd Law Group as its special litigation counsel. Objections to such application were filed by Sands Law and the Kemel Parties. At a hearing held on July 16, 2020, the Court overruled the objections filed by Sands Law and the Kemel Parties, and approved the Debtor's application to employ Nodd Law Group as special litigation counsel. A written order approving Nodd Law Group's employment was entered by the Court on July 29, 2020.

On August 7, 2020, the Debtor filed an application seeking to employ Central Realty Advisors and Fair Realty Inc. (together, the "Proposed Brokers") as the Debtor's exclusive co-listing real estate brokers with respect to the marketing and sale of the Albers Property. An objection to such application was filed by Sands Law. The hearing on the Debtor's application to employ the Proposed Brokers is set for September 10, 2020.

///
///
///

4

## IV.

## CLAIMS

At the outset of the Debtor's bankruptcy case, a claims bar date of August 10, 2020 ("Claims Bar Date") was established as the deadline for all creditors (other than governmental units) to file a proof of claim in the Debtor's case.

The Debtor has begun evaluating the proofs of claim that have been filed in its bankruptcy case to determine which claims are objectionable. On August 10, 2020, the Debtor filed motions to disallow the proofs of claim filed by Sands Law, Mike Kemel, Mariya Ayzenberg, and Kevin Moda (collectively, the "Motions to Disallow Claims"). The hearings on the Motions to Disallow Claims are set for September 10, 2020. Sands Law, Mike Kemel, and Mariya Ayzenberg have filed oppositions to the Debtor's motions to disallow their respective proofs of claim, but Kevin Moda has not filed an opposition to the Debtor's motion to disallow Mr. Moda's proof of claim. The Debtor anticipates that it will be filing objections to a number of other proofs of claim filed in its case. The Debtor's current analysis of all scheduled and filed claims in its case is attached as **Exhibit "A"** to the Declaration of Dmitri Lioudkouski annexed hereto.

## V.

## PLAN OF REORGANIZATION

On August 28, 2020, the Debtor filed the *Debtor's Chapter 11, Subchapter V Plan, Dated August 28, 2020* [Doc. No. 156] (the "Plan"). The proposed Plan includes the following components to ensure maximum payment on account of allowed claims:

1. On the Effective Date, LDI Ventures, LLC ("LDI"), an insider of the Debtor, will provide a cash loan in the sum of $700,000 to the Debtor and its estate, which funds will be used to pay $722,675 to Sensible Consulting & Management, LLC ("Sensible"), which holds a first priority lien against the Albers Property, on account of the undisputed portion of Sensible's secured claim, which is calculated as follows:

```
Asserted Principal Amount       -    $1,257,675
Less Refund To Sensible         -    <$235,000>
```

|  |  |
|---|---|
| Less Ming Zhu, LLC secured claim - | <$300,000> |
| Amount to be paid | $722,675 |

1. LDI's $700,000 loan and lien will be junior in priority to existing liens and will bear interest at 8% per annum, which is substantially less than the current interest rate asserted by Sensible, thereby benefitting the Debtor's estate and creditors.

2. LDI will agree to subordinate its general unsecured claim against the Debtor, in the amount of $2,800,000, to all other allowed general unsecured claims against the Debtor and its estate. Based on the foregoing, the total allowed amount of general unsecured claims is estimated by the Debtor to be less than $500,000.

3. The Debtor will continue with its efforts to sell the Albers Property, which the Debtor believes has a market value of approximately $3,000,000. Based on the equity in the Albers Property, which is estimated to be approximately $1,500,000, and without taking into account the Coachella Property, the Debtor believes that there will be sufficient funds to pay all allowed claims in full. While the amount of asserted claims is substantially higher, the Debtor believes that certain of the asserted claims will be reduced or eliminated in their entirety. Nevertheless, the Plan provides for payment of all such claims up to the value of estate assets.

4. The Debtor intends to proceed with foreclosure of the Coachella Property and to use the proceeds of the sale of the Coachella Property to pay allowed claims, to the extent such allowed claims remain unpaid.

5. The Debtor shall also proceed with other potential and/or pending estate claims and will pursue such additional estate claims and causes of action as may be appropriate.

///
///
///
///
///
///

1   The Debtor has not yet requested or set hearing dates for the Court to consider approval
2   and/or confirmation of the Plan.

3   Dated: September 2, 2020               LEV INVESTMENTS, LLC

By: *(signature)*
DAVID B. GOLUBCHIK
JULIET Y. OH
LEVENE, NEALE, BENDER, YOO
& BRILL L.L.P.
Attorneys for Debtor and
Debtor-in-Possession

## DECLARATION OF DMITRI LIOUDKOUSKI

I, Dmitri Lioudkouski, hereby declare as follows:

1. I am over 18 years of age. I am the Manager of Lev Investments, LLC, the debtor and debtor-in-possession herein (the "Debtor"), and I am therefore familiar with the financial affairs of the Debtor. I have personal knowledge of the facts set forth below and, if called to testify as a witness, I could and would competently testify thereto

2. I have access to the Debtor's books and records. As the Manager of the Debtor, I am familiar with the history, operations and financial condition of the Debtor. The records and documents referred to in this Declaration constitute writings taken, made, or maintained in the regular or ordinary course of the Debtor's business at or near the time of act, condition or event to which they relate by persons employed by the Debtor who had a business duty to the Debtor to accurately and completely take, make, and maintain such records and documents. The statements set forth in this declaration are based upon my own personal knowledge and my review of the Debtor's books and records.

3. I make this declaration in support of the Debtor's second status report (the "Status Report") to which this declaration is attached. All capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Status Report.

4. I have reviewed the Status Report and believe that the facts and statements set forth in the Status Report are true and accurate to the best of my knowledge.

5. The Debtor commenced this bankruptcy case by filing a Voluntary Petition for relief under chapter 11 of the Bankruptcy Code and elected subchapter V on June 1, 2020 (the "Petition Date"). Since the Petition Date, the Debtor has managed its financial affairs and operated its bankruptcy estate as a debtor in possession.

6. The Debtor is a hard money lender whose debts are secured by real properties. When necessary, the Debtor proceeds with foreclosures and sale of properties which serve as collateral for its loans.

7. As of the Petition Date, the Debtor had two primary assets. First, the Debtor is the

8

Case 1:20-bk-11006-VK   Doc 162   Filed 09/02/20   Entered 09/02/20 13:28:48   Desc
Correct PDF    Page 9 of 16

holder and beneficiary of a deed of trust (the "Coachella Deed") recorded against real property (vacant land) located in Coachella, California [APN 697-330-002-4] (the "Coachella Property"), which is owned by Coachella Vineyard Luxury RV Park, LLC ("Coachella Vineyard"). The Coachella Deed secures Coachella Vineyard's obligations to repay a loan provided by the Debtor in the principal sum of $2,000,000. The current balance of the loan secured by the Coachella Property is in excess of $2,500,000. Pre-petition, the Debtor foreclosed on the Coachella Property. Learning that the foreclosure by the foreclosure trustee was effectuated improperly, the Debtor rescinded its trustee's deed upon foreclosure and has renewed its foreclosure efforts. I believe that the Coachella Property has a value in excess of the debt owed to the Debtor and that the obligation secured by the Coachella Deed will either be repaid in full at the foreclosure sale or the Debtor will foreclose on the Coachella Property and, thereafter, sell it.

8. The Debtor's second primary asset is the residential real property located at 13854 Albers Street, Sherman Oaks, California 91401-5811 [APN 2247-013-001] (the "Albers Property").

9. The Debtor timely filed its bankruptcy schedules and Statement of Financial Affairs, and subsequently filed amendments to Schedule F and the List of Creditors Who Have the 20 Largest Unsecured Claims And Are Not Insiders. The Debtor also timely filed its 7-Day Package with the Office of the United States Trustee, and subsequently filed three supplements thereto. To the best of my knowledge, I believe that the Debtor is in compliance with all applicable requirements under the Bankruptcy Code.

10. I appeared telephonically, on behalf of the Debtor, at the Debtor's Section 341(a) meeting of creditors conducted on June 23, 2020.

11. Shortly after the Petition Date, the Debtor opened its debtor-in-possession general operating bank account at 1st Century Bank (the "DIP Account"). All of the funds contained in the Debtor's pre-petition bank accounts as of the Petition Date, in the total sum of $49,484.10, have been deposited into the Debtor's DIP Account.

12. Following the Petition Date, the Debtor has not generated any income and has not

received any monies other than a $250,000 Court-approved settlement payment received from Certain Underwriters of Lloyd's of London (the "Settlement Payment"). The Debtor paid the sum of $75,000 from the Settlement Payment to Nodd Law Group (the Debtor's Court-approved special litigation counsel), which sum represents the 30% contingency fee that was approved by the Court. Other than the foregoing payment to Nodd Law Group, the Debtor has not made any disbursements following the Petition Date.

13. The Debtor has obtained an extension to file its 2019 income tax return, and intends to file such income tax return by the extended deadline of October 15, 2020.

14. The Debtor has paid the secured property taxes due for the Albers Property and is therefore current on the payment of such property taxes.

15. The Debtor has begun evaluating the proofs of claim that have been filed in its bankruptcy case to determine which claims are objectionable.

16. On August 10, 2020, the Debtor filed motions to disallow the proofs of claim filed by Sands Law, Mike Kemel, Mariya Ayzenberg, and Kevin Moda (collectively, the "Motions to Disallow Claims"). I am advised and believe that the hearings on the Motions to Disallow Claims are set for September 10, 2020. I am advised and believe that Sands Law, Mike Kemel, and Mariya Ayzenberg have filed oppositions to the Debtor's motions to disallow their respective proofs of claim, but Kevin Moda has not filed an opposition to the Debtor's motion to disallow Mr. Moda's proof of claim.

17. I anticipate that the Debtor will be filing objections to a number of other proofs of claim filed in its case. The Debtor's current analysis of all scheduled and filed claims in its case is attached as **Exhibit "A"** hereto.

///
///
///
///
///

*Dated August 28, 2020* (the "Plan"). The summary of the components of the proposed Plan set forth in the Status Report is true and accurate.

I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 2nd day of September, 2020, at Beverly Hills, California.

_____
DMITRI LIOUDKOUSKI

# EXHIBIT "A"

[Claims Analysis]

| Name | \multicolumn{4}{c|}{Proofs of Claim} | | | \multicolumn{3}{c|}{Scheduled Claims} | Obj? | \multicolumn{2}{c|}{Maximum Allowed Cl} |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Claim No. | Date Claim Filed | Secured | Priority | Unsecured | C/U/D | Sch. D (Secured) | Sch. E (Priority) | Sch. F (Unsecured) | | Secured | Priority |
| Maria Ayzenberg | 9 | 8/6/2020 | 35,000.00 | | | | | | | Yes | 35,000.00 | |
| Los Angeles County Tax Collector | 3 | 6/25/2020 | 58,203.26 | | | | 18,000.00 | | | | 58,203.26 | |
| FR, LLC | 5 | 7/18/2020 | 195,621.39 | | | U/D | | | Unk | Yes | 195,621.39 | |
| Ming Zhou | 4 | 7/3/2020 | 286,291.67 | | | C/U/D | 0.00 | | | Yes | 286,291.67 | |
| Sensible Consulting & Mgmt Inc | 12 | 8/10/2020 | 1,586,286.14 | | | U/D | 1,047,675.00 | | | Yes | 1,586,286.14 | |
| Franchise Tax Board | 1 | 6/12/2020 | | 800.00 | 4,017.12 | | | 0.00 | | | | 800.00 |
| Coachella Vineyard Luxury RV Park LLC | 16 | 8/10/2020 | | | 3,500,000.00 | | | | | Yes | | |
| G&B Law, LLP | 6 | 7/28/2020 | | | 23,535.81 | | | | Unk | | | |
| GA&TV Inc. | 15 | 8/10/2020 | | | 500,000.00 | | | | | Yes | | |
| Greenday Capital LLC | | | | | | | | | 300,000.00 | | | |
| Internal Revenue Service | | | | | | | | 0.00 | | | | |
| Jeff Nodd, Esq. | | | | | | U | | | Unk | | | |
| Kevin Moda | 11 | 8/7/2020 | | | 13,314.40 | | | | | Yes | | |
| Landmark Land, LLC* | | | | | | U | | | 50,000.00 | | | |
| LDI Ventures, LLC* | | | | | | | | | 2,800,000.00 | | | |
| Lisitsa Law, Inc. | 7 | 8/4/2020 | | | 139,266.89 | | | | | Yes | | |
| MGF Developing, Inc. | | | | | | | | | 6,900.11 | | | |
| Michael Leizerovitz | 13 | 8/10/2020 | | | 1,316,441.36 | | | | | Yes | | |
| Michael Masinovsky | 10 | 8/7/2020 | | | 661,200.00 | U | | | 228,860.00 | Yes | | |
| Mike Kemel | 8 | 8/4/2020 | | | 24,500.00 | | | | | Yes | | |
| Real Property Trustee, Inc. | | | | | | D | | | Unk | | | |
| Ruvin Feygenberg | 14 | 8/10/2020 | | | 430,000.00 | | | | | Yes | | |
| The Sands Law Group, APLC | 2 | 6/12/2020 | | | 10,500.01 | | | | | Yes | | |
| TOTAL: | | | 2,161,402.46 | 800.00 | 6,622,775.59 | | 1,065,675.00 | 0.00 | 3,385,760.11 | | 2,161,402.46 | 800.00 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **DEBTOR'S SECOND CHAPTER 11 STATUS REPORT; DECLARATION OF DMITRI LIOUDKOUSKI IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 2, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Lisa D Angelo    langelo@murchisonlaw.com, cthomas@murchisonlaw.com
- Richard T Baum    rickbaum@hotmail.com, rickbaum@ecf.inforuptcy.com
- Katherine Bunker    kate.bunker@usdoj.gov
- John Burgee    jburgee@bandalaw.net
- Caroline Renee Djang (TR)    caroline.djang@bbklaw.com, C190@ecfcbis.com;sansanee.wells@bbklaw.com;lesley.vaquerano@bbklaw.com;wilma.escalante@bbklaw.com
- James R Felton    jfelton@gblawllp.com, pstruntz@gblawllp.com
- David B Golubchik    dbg@lnbyb.com, stephanie@lnbyb.com
- Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
- Thomas D Sands    thomas@thesandslawgroup.com, thomas@thesandslawgroup.com
- Michael Shemtoub    michael@lexingtonlg.com
- David A Tilem    davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;DianaChau@tilemlaw.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **September 2, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 2, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

None.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 2, 2020 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    **F 9013-3.1.PROOF.SERVICE**

```
Label Matrix for local noticing          Lev Investments, LLC                      Lisitsa Law, Inc.
0973-1                                   13854 Albers Street                       Lisitsa Law, Inc.
Case 1:20-bk-11006-VK                    Sherman Oaks, CA 91401-5811                5455 Wilshire Blvd., Suite 901
Central District of California                                                     Los Angeles, CA 90036-4276
San Fernando Valley
Fri Aug 28 12:17:49 PDT 2020
                                         Coachella Vineyard Luxury RV Park LLC     FR, LLC
                                         18325 Domino Street                       c/o Michael Shemtoub, Esq.
                                         Tarzana, CA 91335-7021                    4929 Wilshire Blvd., suite 702
                                                                                   Los Angeles, CA 90010-3824


Franchise Tax Board                      G&B Law, LLP                              GA&TV Inc.
Special Procedures                       Attn: James R. Felton                     18325 Domino Street
POB 2952                                 16000 Ventura Blvd., suite 1000           Tarzana, CA 91335-7021
Sacramento, CA 95812-2952                Encino, CA 91436-2762



Greenday Capital LLC                     (p)INTERNAL REVENUE SERVICE               Jeff Nodd, Esq.
1616 W 218th St                          CENTRALIZED INSOLVENCY OPERATIONS         15250 Ventura Blvd
Torrance, CA 90501-3861                  PO BOX 7346                               Encino, CA 91403-3201
                                         PHILADELPHIA PA 19101-7346



LDI Ventures, LLC                        (p)LOS ANGELES COUNTY TREASURER AND TAX COLLE   Landmark Land, LLC
423 N Palm dr                            ATTN BANKRUPTCY UNIT                      Attn Alex Polovinchik
Beverly Hills, CA 90210-3974             PO BOX 54110                              860 Via De La Paz, suite E-1
                                         LOS ANGELES CA 90054-0110                 Pacific Palisades, CA 90272-3668



Lisitsa Law, Inc.                        MGF Developing, Inc.                      Maria Ayzenberg
9107 Wilshire Blvd., Suite 450           23679 Calabasas Rd. #774                  C/O Michael Shemtoub, Esq.
Beverly Hills, CA 90210-5535             Calabasas, CA 91302-1502                  4929 Wilshire Blvd. Suite 702
                                                                                   Los Angeles, CA 90010-3824



Michael Leizerovitz                      Michael Masinovsky                        Michael Masinovsky
15 Via Monarca St.                       21810 Eaton Place                         c/o Matthew A. Lesnick
Dana Point, CA 92629-4082                Cupertino, CA 95014-1182                  Lesnick Prince & Pappas LLP
                                                                                   315 W. Ninth St., Suite 705
                                                                                   Los Angeles, CA 90015-4212


Ming Zhou                                Ming Zhu, LLC                             (p)REAL PROPERTY TRUSTEE  INC
Thomas Krantz, Esq.                      c/o Timothy Krantz, Esq.                  ATTN MIKE KEMEL
2082 Michelson Drive, Suite 212          2082 Michelson Drive, #212                PO BOX 17064
Irvine, CA 92612-1213                    Irvine, CA 92612-1213                     BEVERLY HILLS CA 90209-3064



Ruvin Feygenberg                         Sensible Consulting & Mgmt Inc            Thomas Sands, Esq.
17777 Ventura Boulevard, Suite 210       c/o John Burgee Esq.                      The Sands Law Group, APLC
Encino, CA 91316-3748                    20501 Ventura Boulevard, Suite 262        205 South Broadway, Suite 903
                                         Woodland Hills, CA 91364-6410             Los Angeles, CA 90012-3618



                                         United States Trustee (SV)                Caroline Renee Djang (TR)
                                         915 Wilshire Blvd, Suite 1850             18101 Von Karman Ave., Suite 1000
                                         Los Angeles, CA 90017-3560                Irvine, CA 92612-0164
```

Gina Lisitsa
5455 Wilshire Blvd., Suite 901
Los Angeles, CA 90036-4276


Mariya Ayzenberg
4923 Lindley Avenue
Tarzana, CA 91356-4319