Kevin Moda
C/O  BEVERLY LAW
4929 Wilshire Blvd., Suite 702
Los Angeles, CA 90010
T: (310) 880-1529
moda@msn.com

Kevin Moda, Pro Se

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No.: 1:20-bk-11006-VK |
| | ) | |
| LEV INVESTMENTS, LLC, | ) | Chapter 11, subchapter V |
| | ) | |
| Debtor. | ) | **OPPOSITION OF KEVIN MODA TO MOTION TO STRIKE [DOC 166] AND REPLY TO OPPOSITION TO MOTION [DOC 133] FOR ORDER DISALLOWING CLAIM NO. 11 FILED BY KEVIN MODA** |
| | ) | |
| | ) | **Date:** September 10, 2020 |
| | ) | **Time:** 1:30 p.m. |
| | ) | **Location:** Courtroom 301 |
| | ) | 21041 Burbank Blvd. |
| | ) | Woodland Hills, CA 91367 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

On September 2, 2020, Mr. Moda filed his Opposition to have his claim struck, for many reasons, including the fact that the Motion to Challenge the Claim was untimely as to him since he was served by mail. LBR-3007-1(b)(1) requires a claim objection to be set for a hearing "on notice of not less than 30-days." *In re Hunt*, Case No.: 2:11-bk-58222-ER, at *2 (Bankr. C.D. Cal. Nov. 14, 2016) ("Bankruptcy Rule 9006(f) provides in relevant part: 'When there is a right or requirement to act or undertake some proceedings within a prescribed period after service and that service is by mail ..., three days are added after the prescribed period would otherwise expire under Rule 9006(a).").

As a result of being exposed by a pro per, Mr. Golubchik has elected himself to bench and has enacted a Rule that says that when a Motion to Challenge a Claim is untimely and thus fatally defective and objection is raised by the person whose claim is challenged on said basis, that Mr. Golubchik can file a "Motion to Strike" the Objection; otherwise, Mr. Golubchik confirms what was espoused in the Opposition to the Claim challenge: Mr. Golubchik should be charging the Estate pro bono rates as any other rate is more than his talent / work product is worth.

## ARGUMENT

## DEBTOR HAS NOT AUTHORITY TO FILE A "MOTION TO STRIKE" THAT IS FOUNDED IN FANTASY AND NO WHERE ELSE IN ORDER TO JUSTIFY THE FATALLY DEFECTIVE CLAIM CHALLENGE

Mr. Golubchik fails to appreciate that he must have filed a proper and timely challenge to the claim before Mr. Moda had any duty to respond to the challenge. A untimely claim challenge that lacks compliance with the rules that govern the procedure do not amount to a valid challenge meriting any response; a response stating the obvious (that the challenge is inane and untimely) does not provide a springboard for the debtor to enact legislation and rules entitling him to bring a "motion to strike" what displeases him.

The untimely challenge to Mr. Moda's claims by the Debtor does not empower him to enact rules that are governed by Fed Rules of Bankruptcy, Rule 9029 (which provides:

"(a) Local Bankruptcy Rules.

(1) Each district court acting by a majority of its district judges may make and amend rules governing practice and procedure in all cases and proceedings within the district court's bankruptcy jurisdiction which are consistent with—but not duplicative of—Acts of Congress and these rules and which do not prohibit or limit the use of the Official Forms. Rule 83 F.R.Civ.P. governs the procedure for making local rules. A district court may authorize the bankruptcy judges of the district, subject to any limitation or condition it may prescribe and the requirements of 83 F.R.Civ.P., to make and amend rules of practice and procedure which are consistent with—but not duplicative of—Acts of Congress and these rules and which do not prohibit or limit the use of the Official Forms. Local rules shall conform to any uniform numbering system prescribed by the Judicial Conference of the United States. (2) A local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement. (b) Procedure When There is No Controlling Law. A judge may regulate practice in any manner consistent with federal law, these rules, Official Forms, and local rules of the district. No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, Official Forms, or the local rules of the district unless the alleged violator has been furnished in the particular case with actual notice of the requirement."

Mr. Golubchik is not a Judge and cannot enact Rules on his own. The motion he filed requesting that Opposition [DOC 163] be struck finds solace in mind of a person who has clearly left the reservation.

**CONCLUSION**

The Motion challenging the Claim of Moda [DOC 133] is untimely and unfounded and must be denied. The Motion to Strike and the Reply [DOC 166] is legally unprecedented and wholly unfounded and must be denied.

Only a timely, properly served, and factually plausible paper requires a response. One's day would be consumed by the waste generated by the Debtor and his counsel if it were otherwise. *County of San Diego V, Gorham* (2010) 186 Cal.App.4"' 1215, 1226.

> "Although courts have often also distinguished between a judgment void on its face, i.e., when the defects appear without going outside the record or judgment roll, versus a judgment shown by extrinsic evidence to be invalid for lack of jurisdiction, the latter is still a void judgment with all the same attributes of a judgment void on its face. (Citation omitted.) "**Whether the want of jurisdiction appears on the face of the judgment or is shown by evidence aliunde, in either case the judgment is for all purposes a nullity—past, present and future**. [Citation.] '… All acts performed under it and all claims flowing out of it are void … [.] No action upon the part of the plaintiff, no inaction upon the part of the defendant, no resulting equity in the hands of third persons, no power residing in any legislative or other department of the government, can invest it with any of the elements of power or of vitality.' [Citation.]" (Id. at p. 732.) **In such cases, the judgment or order is wholly void**, although described as "voidable" because court action is required to determine the voidness as a matter of law, and is distinguishable from those judgments merely voidable due to being in excess of the court's jurisdiction. (Ibid.) Consequently, **once proof is made that the judgment is void based on extrinsic evidence, the judgment is said to be equally ineffective and unenforceable as if the judgment [or order] were void on its face because it violates constitutional due process**. (Citation omitted.)
>
> Consistent with these general principles, "**[a] judgment [or order depriving one of property without due process of law] is void for lack of jurisdiction of the person where there is no proper service of process on or appearance by a party to the proceedings**." (Citation omitted.) Knowledge by a defendant of an action will not satisfy the requirement of adequate service of [process]. (Citations omitted.)" *County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1226-1227 (bold emphasis added).

September 3, 2020

Respectfully submitted,

By: /s/ K. Moda
Kevin Moda.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.

My business address is: 11600 Washington Place, Suite 116B Los Angeles, California 90066

A true and correct copy of the foregoing document entitled (*specify*):

**OPPOSITION OF KEVIN MODA TO MOTION TO STRIKE [DOC 166] AND REPLY TO OPPOSITION TO MOTION [DOC 133] FOR ORDER DISALLOWING CLAIM NO. 11 FILED BY KEVIN MODA** be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**2. SERVED BY UNITED STATES MAIL**:

On (*date*) 09/3/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the Document is filed.

Caroline Renee Djang (TR)

18101 Von Karman Ave., Suite 1000

Irvine, CA 92612

United States Trustee

Katherine Bunker

915 Wilshire Blvd., Ste. 1850

Los Angeles, CA 90017

Caroline Renee Djang (TR)

18101 Von Karman Ave., Suite 1000

Irvine, CA 92612

United States Trustee

Katherine Bunker

915 Wilshire Blvd., Ste. 1850

Los Angeles, CA 90017

Hon. Victoria S. Kaufman United States Bankruptcy Court 21041 Burbank Boulevard, Suite 354 / Courtroom 301 Woodland Hills, CA 91367    ☒    Service information continued on attached page on persons who were served by Electronic Filings is attached.

I declare under penalty of perjury under the Laws of the United States that the foregoing is true and correct.

| 9/3/2020 | Eric Figueroa | *Eric Figueroa* (signature) |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |