DAVID B. GOLUBCHIK (SBN 185520)
JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYB.COM; JYO@LNBYB.COM

Attorneys for Chapter 11 Debtor and
Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No.: 1:20-bk-11006-VK |
| LEV INVESTMENTS, LC, | Chapter 11 |
| Debtor and Debtor in Possession. | **NOTICE OF MOTION AND MOTION TO APPROVE THE PAYMENT AND SATISFACTION OF GENERAL UNSECURED CLAIM WITH NON-ESTATE FUNDS PURSUANT TO 11 U.S.C. § 105(A); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF DMITRI LIOUDKOUSKI AND DAVID GOLUBCHIK IN SUPPORT THEREOF** |
| | Hearing:<br>Date: October 8, 2020<br>Time: 2:30 p.m.<br>Place: Courtroom "301"<br>      21041 Burbank Boulevard<br>      Woodland Hills, California 91367 |

1

**TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE SUBCHAPTER V TRUSTEE, AND ALL PARTIES REQUESTING SPECIAL NOTICE:**

**PLEASE TAKE NOTICE** that a hearing will be held on October 8, 2020 at 2:30 p.m., before the Honorable Victoria S. Kaufman, United States Bankruptcy Judge for the Central District of California, San Fernando Valley Division, in Courtroom "301" located at 21041 Burbank Boulevard, Woodland Hills, California 91367, for the Court to consider this motion (the "Motion") filed by Lev Investments, LLC (the "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case, for the entry of an order, pursuant to 11 U.S.C. § 105(a), to approve the payment and satisfaction of an allowed general unsecured claim with non-estate funds pursuant to 11 U.S.C. § 105(a).

In summary, pre-petition, The Sands Law Group, APLC ("Sands Law") provided certain legal services for the Debtor. Sands Law filed a Proof of Claim in the Debtor's case asserting a general unsecured claim in the amount of $10,500. In addition, Sands Law has taken an extremely active and aggressive role in the Debtor's case, filing a myriad of pleadings asserting claims which the Debtor contends are not well founded in law or in fact. Although virtually all of the motions and requests made by Sands Law have been denied, Sands Law's actions have been time consuming and costly for the Debtor as well as for the other constituents in the Debtor's case.

The Debtor filed an objection to the Proof of Claim filed by Sands Law. At a hearing held on September 10, 2020, this Court ruled that Sands Law is entitled to a general unsecured claim in the amount of $9,750.01. Promptly after the hearing, the Debtor reached out to Sands Law and offered payment of the allowed claim in full, subject to Court approval. The proposal was rejected by Sands Law. The Debtor believes that such rejection is an indication the Sands Law will continue in the path it has pursued since the commencement of the Debtor's case.

Based on the foregoing, the Debtor seeks an order to authorize the manager of the Debtor, Dmitri Lioudkouski, to advance to the Debtor's estate cash in the sum of $9,750.01 for the

1  purpose of making immediate and full payment to Sands Law on account of its allowed claim.
2  Mr. Lioudkouski has agreed to waive any claim or right to repayment of such amount from the
3  Debtor's estate so that the advance is, essentially, a gift to the Debtor's estate.  The payment will
4  benefit Sands Law since it will immediately satisfy Sands Law's allowed claim in full.  All other
5  creditors of the estate will also benefit because the claims pool will be reduced by the amount of
6  the Sands Law claim.  Based on the fact that this is an unusual situation which likely never, or
7  almost never, arises, the Debtor seeks the requested relief pursuant to 11 U.S.C. § 105(a).

8  **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-
9  1(f), any opposition to the Motion must be in writing, filed with the Court and served upon the
10 United States Trustee as well as counsel for the Debtor at the address set forth in the upper left-
11 hand corner of the first page of this Notice and Motion by no later than fourteen (14) days before
12 the date of the hearing on the Motion.

13 **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-
14 1(h), the failure to file and serve a timely opposition to the Motion may be deemed by the Court
15 to constitute consent to the granting of the relief requested in the Motion.

16 **WHEREFORE**, the Debtor respectfully requests that the Court enter an Order:

17     1.    granting the Motion in its entirety;

18     2.    authorizing Dmitri Lioudkouski to advance cash in the sum of $9,750.01 to the
19 Debtor's estate for the purpose of making immediate and full payment to Sands Law on account
20 of its allowed claim, on the condition that Mr. Lioudkouski waives any claim or right to
21 repayment for such advance;

22     3.    authorizing the Debtor to pay to Sands Law the sum of $9,750.01 on account of
23 its allowed claim, upon which payment the allowed claim of Sands Law shall be deemed
24 satisfied in full; and

25 ///
26 ///
27 ///
28

4. granting such other and further relief as may be necessary or appropriate under the circumstances.

Dated:  September 17, 2020

LEV INVESTMENTS, LLC

By:  */s/ David B. Golubchik*
 DAVID B. GOLUBCHIK
 JULIET Y. OH
 LEVENE, NEALE, BENDER,
 YOO & BRILL L.L.P.
 Attorneys for Chapter 11 Debtor
 and Debtor-in-Possession

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF RELEVANT FACTS

1. Lev Investments, LLC, the Chapter 11 debtor and debtor-in-possession herein (the "Debtor"), commenced this bankruptcy case by filing a Voluntary Petition for relief under chapter 11 of the Bankruptcy Code on June 1, 2020 (the "Petition Date"). Since the Petition Date, the Debtor has managed its financial affairs and operated its bankruptcy estate as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtor has elected to proceed under Subchapter V of chapter 11 of the Bankruptcy Code. Accordingly, on or about June 3, 2020, the United States Trustee appointed Caroline Djang as the Subchapter V Trustee in the Debtor's bankruptcy case.

3. The Debtor is in the business of acquiring real estate, selling real estate, and providing loans secured by real estate.

4. Pre-petition, The Sands Law Group, APLC ("Sands Law") provided certain legal services for the Debtor. Sands Law filed a Proof of Claim in the Debtor's bankruptcy case asserting a general unsecured claim in the amount of $10,500.

5. Sands Law has taken an extremely active and aggressive role in the Debtor's bankruptcy case, filing a myriad of pleadings asserting claims which the Debtor contends are not well founded in law or in fact. Although virtually all of the motions and requests made by Sands Law have been denied, Sands Law's actions have been time consuming and costly for the Debtor as well as for the other constituents in the Debtor's case.

6. The Debtor filed an objection to the Proof of Claim filed by Sands Law in the Debtor's bankruptcy case. At a hearing held on September 10, 2020, this Court ruled that Sands Law is entitled to a general unsecured claim in the amount of $9,750.01.

7. Promptly after the hearing, the Debtor reached out to Sands Law and offered payment of its allowed claim in full, subject to Court approval. The proposal was rejected by

Sands Law. The Debtor believes that such rejection is an indication the Sands Law will continue in the path it has pursued since the commencement of the Debtor's case.

8.   Based on the foregoing, the Debtor proposes that its manager, Dmitri Lioudkouski, advance to the Debtor's estate cash in the sum of $9,750.01 for the purpose of making immediate and full payment to Sands Law on account of its allowed claim. Mr. Lioudkouski has agreed to waive any claim or right to repayment of such amount from the Debtor's estate so that the advance is, essentially, a gift to the Debtor's estate.

9.   The payment will benefit Sands Law since it will immediately satisfy Sands Law's allowed claim in full. All other creditors of the estate will also benefit because the claims pool will be reduced by the amount of the Sands Law claim.

## II.

## DISCUSSION

Section 105(a) of the Bankruptcy Code provides that the bankruptcy court "may issue any order, process, or a judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) of the Bankruptcy Code thus empowers the Court to grant injunctive relief to prevent harm to the debtor, its estate, and its creditors. See In re Chateaugay Corp., 109 B.R. 613, 622 (S.D.N.Y. 1990). Courts have repeatedly held that a bankruptcy court "may use its equitable powers to assure the orderly conduct of the reorganization proceedings." See In re Baldwin-United Corp. Lit., 765 F.2d 343, 348 (2nd Cir. 1985) (emphasis added); In re Chateaugay Corp., 93 B.R. 26, 29 (S.D.N.Y. 1988).

In this case, Sands Law has relayed in open court Mr. Sands' frustration for not being paid for services allegedly rendered. Based on the Court's allowance of a general unsecured claim in the amount of $9,750.01 in favor of Sands Law, the Debtor is prepared to facilitate the immediate and full payment of Sands Law's allowed claim using non-estate funds. However, Sands Law has refused such payment.

Ordinarily, once full payment is tendered by the obligor, the debt is deemed discharged. Cal.Civ.Code § 1485. Here, due to the pending bankruptcy proceeding, the Debtor's estate

cannot pay pre-petition claims absent Court approval. While non-debtors theoretically may utilize non-estate funds for the payment and satisfaction of the Debtor's obligations, it is not clear whether such payment constitutes proper tender for purposes of extinguishing the claim against the Debtor. Based on the foregoing, this Motion is necessary and appropriate.

As set forth above, non-estate funds will be advanced to the Debtor for payment of Sands Law's allowed claim in full, thereby extinguishing such claim. There will be no resulting claim or right to reimbursement against the Debtor's estate for the foregoing advance. The Debtor's remaining creditors will also benefit from (a) reduction in the claims pool; and (b) reduction in administrative claims associated with litigation with Sands Law.

## III.

## **CONCLUSION**

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order:

1. granting the Motion in its entirety;

2. authorizing Dmitri Lioudkouski to advance cash in the sum of $9,750.01 to the Debtor's estate for the purpose of making immediate and full payment to Sands Law on account of its allowed claim, on the condition that Mr. Lioudkouski waives any claim or right to repayment for such advance;

3. authorizing the Debtor to pay to Sands Law the sum of $9,750.01 on account of its allowed claim, upon which payment the allowed claim of Sands Law shall be deemed satisfied in full; and

4. granting such other and further relief as may be necessary or appropriate under the circumstances.

Dated: September 15, 2020           LEV INVESTMENTS, LLC

By: */s/ David B. Golubchik*
    DAVID B. GOLUBCHIK
    JULIET Y. OH
    LEVENE, NEALE, BENDER,
    YOO & BRILL L.L.P.
    Attorneys for Chapter 11 Debtor
    and Debtor-in-Possession

7

**DECLARATION OF DMITRI LIOUDKOUSKI**

I, DMITRI LIOUDKOUSKI, hereby declare as follows:

1. I am the Manager of Lev Investments, LLC, the debtor and debtor-in-possession herein (the "Debtor"), and I am therefore familiar with the financial affairs of the Debtor. I have personal knowledge of the facts set forth below and, if called to testify as a witness, I could and would competently testify thereto.

2. The Debtor commenced its bankruptcy case by filing a Voluntary Petition for relief under chapter 11 of the Bankruptcy Code on June 1, 2020 (the "Petition Date"). Since the Petition Date, the Debtor has managed its financial affairs and operated its bankruptcy estate as a debtor in possession.

3. The Debtor has elected to proceed under Subchapter V of chapter 11 of the Bankruptcy Code. Accordingly, I am advised and believe that, on or about June 3, 2020, the United States Trustee appointed Caroline Djang as the Subchapter V Trustee in the Debtor's bankruptcy case.

4. The Debtor is in the business of acquiring real estate, selling real estate, and providing loans secured by real estate.

5. Pre-petition, The Sands Law Group ("Sands Law") provided certain legal services for the Debtor. Sands Law filed a Proof of Claim in the Debtor's bankruptcy case asserting a general unsecured claim in the amount of $10,500. Sands Law has taken an extremely active and aggressive role in the Debtor's bankruptcy case, filing a myriad of pleadings asserting claims which the Debtor contends are not well founded in law or in fact. Although virtually all of the motions and requests made by Sands Law have been denied, Sands Law's actions have been time consuming and costly for the Debtor as well as for the other constituents in the Debtor's case.

6. I caused the Debtor to file an objection to the Proof of Claim field by Sands Law in the Debtor's case. I am advised and believe that, at a hearing held on September 10, 2020, the Court ruled that Sands Law is entitled to a general unsecured claim in the amount of $9,750.01.

the purpose of making immediate and full payment to Sands Law on account of its allowed claim. I agree to waive any claim or right to repayment of such amount from the Debtor's estate so that the advance is, essentially, a gift to the Debtor's estate.

8. I believe that my proposed advance to the Debtor's estate will benefit Sands Law since it will satisfy Sands Law's allowed claim in full. I also believe that all other creditors of the Debtor and its estate will also benefit because the claims pool will be reduced by the amount of Sands Law's claim. Moreover, the exorbitant litigation costs associated with Sands Law's actions in the Debtor's bankruptcy case will be eliminated or significantly reduced.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 15th day of September, 2020, at Beverly Hills, California.

_____
DMITRI LIOUDKOUSKI

# DECLARATION OF DAVID GOLUBCHIK

I, David Golubchik, hereby declare as follows:

1. I am over 18 years of age. Except where otherwise stated, I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2. I am licensed to practice law in California state courts and before this Court. I am a partner of the law firm of Levene, Neale, Bender, Yoo & Brill L.L.P ("LNBYB"), counsel to Lev Investments, LLC, the debtor and debtor in possession ("Debtor") herein.

3. On September 10, 2020, after the Court hearing on the Debtor's objection to the Proof of Claim filed by The Sands Law Group, APLC ("Sands Law") in the Debtor's bankruptcy case, I sent an email to Thomas Sands, the principal of Sands Law. and offered payment of Sands Law's allowed general unsecured claim in full, subject to Court approval. This proposal was rejected by Sands Law. Rather, Mr. Sands advised me that he intends to pursue additional litigation against, among others, the Debtor. Based on the fact that the communication was sent pursuant to FRE 408, I am not submitting the e-mail exchange as an exhibit hereto.

Executed on this 17th day of September 2020, at Los Angeles, California.

*/s/ David B. Golubchik*
DAVID B. GOLUBCHIK

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **NOTICE OF MOTION AND MOTION TO APPROVE THE PAYMENT AND SATISFACTION OF GENERAL UNSECURED CLAIM WITH NON-ESTATE FUNDS PURSUANT TO 11 U.S.C. § 105(A); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF DMITRI LIOUDKOUSKI AND DAVID GOLUBCHIK IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 17, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Lisa D Angelo**    langelo@murchisonlaw.com, cthomas@murchisonlaw.com
- **Richard T Baum**    rickbaum@hotmail.com, rickbaum@ecf.inforuptcy.com
- **Katherine Bunker**    kate.bunker@usdoj.gov
- **John Burgee**    jburgee@bandalaw.net
- **Caroline Renee Djang (TR)**    caroline.djang@bbklaw.com, C190@ecfcbis.com;sansanee.wells@bbklaw.com;lesley.vaquerano@bbklaw.com;wilma.escalante@bbklaw.com
- **James R Felton**    jfelton@gblawllp.com, pstruntz@gblawllp.com
- **David B Golubchik**    dbg@lnbyb.com, stephanie@lnbyb.com
- **Timothy Krantz**    krantzlaw@pacbell.net
- **Juliet Y Oh**    jyo@lnbrb.com, jyo@lnbrb.com
- **Thomas D Sands**    thomas@thesandslawgroup.com, thomas@thesandslawgroup.com
- **Michael Shemtoub**    michael@lexingtonlg.com
- **David A Tilem**    davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;DianaChau@tilemlaw.com
- **United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **September 17, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 17, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*None.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 17, 2020 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**