

**FILED & ENTERED**

**OCT 20 2021**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** fisherl    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Lev Investments, LLC<br><br>Debtor(s). | Case No.: 1:20-bk-11006-VK<br><br>CHAPTER 11<br><br>**MEMORANDUM OF DECISION ON EMERGENCY MOTION TO STRIKE THE OBJECTION TO CLAIM No. 5, etc. and ON REORGANIZED DEBTOR'S MOTION FOR TERMINATING SANCTIONS**<br>**[DKT. 464; DKT. 468]**<br><br>Date:        October 19, 2021<br>Time:        10:00 AM<br>Courtroom: 301 |

Kevin Moda, the holder of claim #5, and Reorganized Debtor Lev Investments, LLC each filed a motion as described below.  The Court prepared the following as its tentative ruling and hereby adopts it as its memorandum of decision on both motions as modified.  Modifications are set forth in *italics.*

Kevin Moda filed an emergency motion to strike the objection to claim #5 and order conversion of the case from Chapter 11 to Chapter 7. He also sought to disqualify

me as the judge and requested a protective order until that matter was adjudicated. The disqualification motion under 28 USC section 455 has been ruled on and thus there is no need for a protective order.  [dkt. 480]

As a newcomer to the case, I am not aware of most or all of the facts and contentions set forth by the parties. Apparently, this involves the purchase of a note that was secured by a deed of trust on a piece of real property and the issues involved concern who has paid toward that purchase and in what amount. There is a connected contention of malpractice by the attorney for some or all of these parties and that error led to major problems.

As discovery is completed and the court is called on to make evidentiary findings, I will be able to sort out the facts. But we're not there yet. At this point the issues before me concern the attempt by the reorganized debtor's counsel to obtain discovery from the holder of claim number five. Claim number five was filed by FR LLC , of which Kevin Moda is the most knowledgeable person for discovery purposes. Recently, the claim has been transferred to Mr. Moda [dkt. 462, 489 ].

Mr. Moda filed his emergency motion to strike this objection to claim #5. [dkt. 464] Shortly thereafter the reorganized debtor filed its motion for terminating sanctions for violation of this court's discovery orders. [ dkt. 468] Both are intertwined and will be handled together.

In short, Mr. Moda alleges that the debtor and its counsel have engaged in perjury and deception and that these actions have eroded the confidence of fairness in the judiciary process. He states that because the alleged deception and perjury have become the norm in this case and have corrupted the process, the entire matter is tainted and dismissal is an appropriate sanction for that perjury.  In his reply to the opposition to dismiss, he now asks that Mr. Golubchik and his firm be removed as counsel for the reorganized debtor. [dkt. 491]

While Mr. Moda describes a set of comments or actions that he contends show that Mr. Golubchik has perjured himself, the triggering event for this motion is that Mr.

Golubchik identified Mr. Moda in a series of pictures taken of someone who purchased the lambs' heads from a market or butcher shop. Mr. Moda contends that the pictures are not of him and that Mr. Golubchik knew that at the time that he filed his declaration. Mr. Moda also reports a purported discussion between Mr. Golubchik and counsel for FR LLC in which Mr. Golubchik apparently demanded that FR settle its claim.

In his Reply to Opposition for Terminating Sanctions [dkt. 491], Mr. Moda spends pages attacking Mr. Golubchik and elaborates on many of the issues that he described in his earlier opposition to the motion for terminating sanctions [dkt. 483] that this bankruptcy case should be dismissed. The Court has already dealt with the dismissal/conversion issues in its order of October 13, 2021 [dkt. 494]. Pursuant to my Order *as to how to properly bring these issues before the Court*, on October 14, 2021 Mr. Moda filed a motion that the court dismiss the chapter 11 case, recuse general counsel, order disgorgement of all fees paid, and revoke confirmation. [dkt. 497]. This is pending before Judge Kaufman.

As to whether Mr. Golubchik's alleged misidentification of the man in the photos [dkt. 451] is sufficient to overrule the reorganized debtor's objection to claim #5, this is dealt with below.

The motion filed on behalf of the reorganized debtor focuses on the failure of Mr. Moda to appear at his court-ordered deposition and to produce the documents which were ordered to be produced on September 24, 2021.

These two competing motions are not really competing. The motion by Mr. Moda asks the court to determine the validity of a claim that he now holds without providing any admissible evidence as to its validity. The basis of his motion is that counsel for the reorganized debtor acted unethically and perhaps illegally in his dealings with the claimant. This has nothing to do with the substance of the claim itself. The proper method for sanctioning an attorney for alleged perjury or other actions deals only with the attorney himself and not with the subject matter or his client. If the objection to claim

is overruled on the grounds that counsel for the reorganized debtor misbehaved, the ones who are punished are the other creditors in the case whose pro rata share is being reduced by an improper distribution to the claimant who was not entitled to that distribution *or, as seems to be the situation in this surplus case, the reduction would be from the remainder of funds that are to go to the reorganized debtor or its shareholder(s)*. Therefore, the motion by Mr. Moda to dismiss the objection to claim #5 will be denied.

It is imperative upon the holder of claim #5 to comply with the discovery necessary to prove that claim. The claim itself would be a prima facie showing of the money owed, however it was not filed with a copy of the promissory note or any proof of the actual transfer of money. As I believe Judge Kaufman has previously held (and I fully agree with this finding), the burden is on the claimant and not on the reorganized debtor as to the validity or non-validity of this claim. Mr. Reid filed a copy of a promissory note, which I believe Mr. Moda previously filed. Mr. Reid also attached a somewhat lesser redacted copy of the alleged accounting that was attached to claim #5. This one at least shows that the holder of the Control Account at CitiEscrow Control Checking was held by Lisitsa Law, Inc., but there are no copies of the actual checks and wire transfers [dkt. 489]. Authenticity is an issue and the basis of this discovery has been twofold: to examine the original promissory note and to trace the money to show that it was actually transferred to the maker of the note. FR LLC and Mr. Moda have apparently been attempting to be relieved of any responsibility to produce these documents.

The motion by the reorganized debtor goes to the very heart of the claim. It is the refusal of the claimant to produce the documents that support the claim and that the person most knowledgeable (in this case Mr. Moda) shall appear at the deposition to be examined about those documents and other matters that impact on the validity of the claim and of its amount.

Although both Mr. Moda and FR LLC have been represented by counsel, the court is willing to allow a certain leeway to Mr. Moda about his failure to produce and to appear. The court has now determined the issues that he raised in his emergency motion and in his letter and unless he successfully appeals my orders of September 21, 2021 [dkt. 456, 457], those orders are effective with the following modifications:

(1) all deadlines in docket number 456 will be modified so that the deposition of Kevin Moda (both individually and as the holder of claim #5) will take place on *November 2, 2021 at 10:00 a.m. in courtroom 302* and that the documents are to be produced, except the original promissory note, to the office of Levene, Neale, Bender, Yoo & Brill, LLP no later than *October 28, 2021 at 5:00 p.m.*.

(2) The original promissory note is to be produced at the time and place of the deposition.

(3) The procedure set forth in docket number 457 will remain in effect for the deposition.

(4) *As to documents that Mr. Moda may claim are subject to attorney-client privilege or any other privilege, on October 28, 2021 he may produce redacted copies as set forth above and a "privilege list" identifying each document with sufficient description and state the claim of privilege that he is asserting. For example: "memo dated July 4, 1776 from Thomas Jefferson to George Washington – attorney client privilege." Mr. Moda is to bring unredacted copies to his deposition on November 2, 2021 so that the Court can review them in camera and determine whether they are privileged. Both parties are to recall that the claimant is FR LLC, not Mr. Moda – although the claim has to transferred to him.*

Should Mr. Moda or the owner of claim #5 (should the claim be again transferred) fail to comply with the orders as modified, the Court will sustain the objection to claim #5.

1  Other issues have been raised in the various responses and oppositions filed.  Mr. Golubchik contends that Mr. Moda cannot file papers because he is represented by counsel.  This was dealt with in the notice to Mr. Moda and the various counsel to clarify who is participating in this case and to provide proof of the transfer of claim #5. [dkt. 481]  On October 12, Mr. Reid filed his declaration that Kevin Moda is the sole member of FR, LLC and included a copy of the transfer of the FR, LLC claim to Mr. Moda.  Attached to the assignment is a copy of a promissory note and of a list of wire transfers. [dkt. 489].  Mr. Reid no longer considers himself to represent FR, LLC or Mr. Moda.  If Mr. Moda agrees, he needs to file a substitution of attorney removing Mr. Reid from this case.  Mr. Robinson filed a statement that he does represent Mr. Moda, but only for purposes of advising him as to his deposition. [dkt. 492]  As a matter of courtesy, Mr. Robinson will remain on the service list and will be deemed to be a proper recipient of service on behalf of Mr. Moda on all matters concerning discovery.  Mr. Moda is also to be individually served on all matters as to claim #5.

  Mr. Golubchik has raised the question of whether Mr. Moda can represent himself given the determination of his status as a vexatious litigant by the state court.  I have found no specific case granting or denying the collateral estoppel effect of a vexatious litigant finding in the state court system.  In this case, the state court matters do not seem to relate to Lev Investments or the parties to this bankruptcy.  Therefor the requirements for collateral estoppel would not apply.  Beyond that, the behavior complained of in the state court concerned the filing of various matters, not defending them.  And its only limitation requires that Mr. Moda have an attorney to commence an action, not to continue with one.  While I have issued a few vexatious litigant orders in past cases, in general they have required that the litigant have counsel throughout.  This is not the requirement of this state court order.  Therefore, it will have no effect in this bankruptcy case.

  Finally, Mr. Moda has sought to use this rather straightforward discovery process to raise superfluous issues.  I am focused on only one thing at this time --- that the

production of documents take place without objection and in a complete fashion and that the deposition of Mr. Moda go forward with no further delays. I will not be sidetracked from this by being asked to determine other matters. As to the alleged past promises may by FR's counsel, etc. and the apparent failure to live up to them, I will overlook those – at least for the moment. Until discovery is complete, for me the clock started at the hearing on September 20, 2021 and has been ticking ever since. My order for discovery is simple and clear. Failure to comply with it as modified ~~to set future dates~~ will result in sustaining the objection to claim #5.

###

Date: October 20, 2021

_____
Geraldine Mund
United States Bankruptcy Judge